17- C626308
#1 JE
AC39

2302-13-007899

# CITATION

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC
ET AL**  Er·'n
(Defendant)

NUMBER  C626308 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**TO:  THOMAS E RYAN II
37414 PROVENCE POINTE AVE.
PRAIRIEVILLE, LA.  70769-4397**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 16-DEC-2013.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: EDWARD J LAPEROUSE

*The following documents are attached:
PETITION FOR DAMAGES, REQUEST FOR NOTICE, FIRST SET OF INTERROGATORIES TO DEFENDANT THOMAS E RYAN, II, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FO DEFENDANT, URS, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, URS , FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, L. O'NEAL JOHNSON , ETC.

**SERVICE INFORMATION:**
Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____ , by leaving the same at his domicile in this parish in the hands of _____ 
_____ .

**DUE AND DILIGENT:**  After diligent search and inq his domicile, or anyone legally authorized to represent

**RETURNED:** Parish of _____

SERVICE:   $ _____
MILEAGE:   $ _____
TOTAL:     $ _____

(17)C626308 - 1.00 -- C
Served DOM on
THOMAS E RYAN II at
37414 Provence Pointe AV, PRAIRIEVILLE
Service Date & Time: 1/7/2014  2:07:37PM
ON WIFE (Erin)

1504 - EDMONSTON, SSG  JODY. Ascension Parish
Deputy

INT: 



NON CERTIFIED COPY

EBR2098700

EBR2162006



# MAPP
## CONSTRUCTION, LLC

601 Poydras Street, Suite 1715
New Orleans, LA, 70130
504.833.6277
504.833.6074

RFI# ___54___

## *REQUEST FOR INFORMATION*
### H and E Equipment Services - Kenner
### MAPP Job 52079-

| | | | |
|---|---|---|---|
| Date: | 01/15/2013 | | |
| Attn: | **Thomas Ryan** | Drawing Ref.: | |
| Company: | **URS Corporation** | Spec. Sect. Ref.: | |
| Fax: | 225.922.5866 | From: | **Brad Reese** |

Subject: *Expansion Joints at Concrete Paving*

---

**Question/Request:**                                     **Response Required By:** *01/18/2013*

As discussed in previous OAC meetings onsite, the expansion joints in the concrete paving appear to be failing because of regular wear and debris around the lot.  Please confirm the acceptable material and methods to use for making these repairs.

**Suggestion:**

Signed:_____
**Brad Reese**

**Response Received:**

Signed:_____
**URS Corporation**

EBR2115650

# Exhibit "A"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Monday, March 18, 2013 1:37 PM
To: Frankie Wynn; Ryan, Thomas E
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

We have forwarded the data to our civil engineering consultant for this project. I am concerned that the list is presented as a CPR and not a repair to a construction defect.  A CPR is typically a cost proposal.
Neal

# Exhibit "B"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Thursday, June 06, 2013 10:21 AM
To: Frankie Wynn
Cc: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg
(ggauthier@mjwomack.com); pbonner@mjwomack.com; Ryan, Thomas E; Sanders, Debra; John
Jones; Murray L. McCullough (murray@benchmarkgroupllc.com); Hill, Terry
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Frankie:
We will review the recommendation with Benchmark Group (our civil engineer of record) and
request their opinion.
Regarding the request that URS participate in the cost of this work, this request will be forwarded
to URS management for their directive.
Sincerely,
Neal Johnson

# Exhibit "C"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Tuesday, June 11, 2013 12:26 PM
To: Frankie Wynn
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

URS management is having a conference all this afternoon about the H&E Baton Rouge Branch pavement.
If I am directed, I will share the outcome.  If not, I will let you know that I do not know.
Neal

# Exhibit "D"

NON-CERTIFIED COPY

**From:** Johnson, Neal [mailto:neal.johnson@urs.com]
**Sent:** Monday, July 08, 2013 11:39 AM
**To:** Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; Frankie Wynn
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High

Our pay application worksheet through #15 is attached. Our records show that we have certified a total amount of $3,743,235.61 of a current contract amount of $3,835,645.00 leaving the current balance of $92,409.39 which is based on $77,409.39 retainage and $15,000 punch list value.  Given you have obtained a clear lien certificate you can invoice for the balance on the retainage.  The $15,000 punch list is based on the line item for pavement joints.  We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

Regarding Change Order 005, we show an amount that H&E has agreed to be $34,499.00 (copy enclosed).  This was sent to you in early May of this year for signature.

# Exhibit "E"

NON-CERTIFIED COPY

Call me after you have a chance to review this information. We all wish to bring this project to closure.
Neal



**Neal Johnson, AIA**
Program Manager – Facilities
Mountain South Central Group

7389 Florida Boulevard,
Suite 300
Baton Rouge, LA 70806
Office  225.922.5700
Direct  225.231.6343
Cell    225.324.5848

Neal.johnson@urs.com

NON-CERTIFIED COPY



# MAPP
### CONSTRUCTION, LLC

601 Poydras Street, Suite 1715
New Orleans, LA, 70130
504.833.6277
504.833.6074

RFI#    54

## *REQUEST FOR INFORMATION*
### H and E Equipment Services - Kenner
### MAPP Job 52079-

| | | | |
|---|---|---|---|
| Date: | 01/15/2013 | | |
| Attn: | **Thomas Ryan** | Drawing Ref.: | |
| Company: | **URS Corporation** | Spec. Sect. Ref.: | |
| Fax: | 225.922.5866 | From: | **Brad Reese** |

Subject: *Expansion Joints at Concrete Paving*

---

**Question/Request:**                    Response Required By: *01/18/2013*

As discussed in previous OAC meetings onsite, the expansion joints in the concrete paving appear to be failing because of regular wear and debris around the lot.  Please confirm the acceptable material and methods to use for making these repairs.


**Suggestion:**

Signed:_____

**Brad Reese**

---

**Response Received:**


Signed:_____

**URS Corporation**

EBR2115656

# Exhibit "A"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Monday, March 18, 2013 1:37 PM
To: Frankie Wynn; Ryan, Thomas E
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

We have forwarded the data to our civil engineering consultant for this project. I am concerned that the list is presented as a CPR and not a repair to a construction defect.  A CPR is typically a cost proposal.
Neal

Exhibit "B"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Thursday, June 06, 2013 10:21 AM
To: Frankie Wynn
Cc: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg
(ggauthier@mjwomack.com); pbonner@mjwomack.com; Ryan, Thomas E; Sanders, Debra; John
Jones; Murray L. McCullough (murray@benchmarkgroupllc.com); Hill, Terry
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Frankie:
We will review the recommendation with Benchmark Group (our civil engineer of record) and
request their opinion.
Regarding the request that URS participate in the cost of this work, this request will be forwarded
to URS management for their directive.
Sincerely,
Neal Johnson

# Exhibit "C"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Tuesday, June 11, 2013 12:26 PM
To: Frankie Wynn
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

URS management is having a conference all this afternoon about the H&E Baton Rouge Branch pavement.
If I am directed, I will share the outcome.  If not, I will let you know that I do not know.
Neal

# Exhibit "D"

NON-CERTIFIED COPY

**From:** Johnson, Neal [mailto:neal.johnson@urs.com]
**Sent:** Monday, July 08, 2013 11:39 AM
**To:** Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; Frankie Wynn
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High

Our pay application worksheet through #15 is attached. Our records show that we have certified a total amount of $3,743,235.61 of a current contract amount of $3,835,645.00 leaving the current balance of $92,409.39 which is based on $77,409.39 retainage and $15,000 punch list value.  Given you have obtained a clear lien certificate you can invoice for the balance on the retainage.  The $15,000 punch list is based on the line item for pavement joints.  We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

Regarding Change Order 005, we show an amount that H&E has agreed to be $34,499.00 (copy enclosed).  This was sent to you in early May of this year for signature.

# Exhibit "E"

NON-CERTIFIED COPY

Call me after you have a chance to review this information. We all wish to bring this project to closure.
Neal



**Neal Johnson, AIA**
Program Manager – Facilities
Mountain South Central Group

7389 Florida Boulevard,
Suite 300
Baton Rouge, LA 70806
Office   225.922.5700
Direct   225.231.6343
Cell      225.324.5848

Neal.johnson@urs.com

NON-CERTIFIED COPY



# MAPP
### CONSTRUCTION, LLC

601 Poydras Street, Suite 1715
New Orleans, LA, 70130
504.833.6277
504.833.6074

RFI#  __54__

## *REQUEST FOR INFORMATION*
### H and E Equipment Services - Kenner
### MAPP Job 52079-

| | | | |
|---|---|---|---|
| Date: | 01/15/2013 | | |
| Attn: | **Thomas Ryan** | Drawing Ref.: | |
| Company: | **URS Corporation** | Spec. Sect. Ref.: | |
| Fax: | 225.922.5866 | From: | **Brad Reese** |

Subject: *Expansion Joints at Concrete Paving*

---

**Question/Request:**                                    **Response Required By:** *01/18/2013*

As discussed in previous OAC meetings onsite, the expansion joints in the concrete paving appear to be failing because of regular wear and debris around the lot.  Please confirm the acceptable material and methods to use for making these repairs.

**Suggestion:**

Signed:_____
                                        **Brad Reese**

---

**Response Received:**

Signed:_____
                                        **URS Corporation**

EBR2115658

# Exhibit "A"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Monday, March 18, 2013 1:37 PM
To: Frankie Wynn; Ryan, Thomas E
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

We have forwarded the data to our civil engineering consultant for this project. I am concerned that the list is presented as a CPR and not a repair to a construction defect.  A CPR is typically a cost proposal.
Neal

Exhibit "B"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Thursday, June 06, 2013 10:21 AM
To: Frankie Wynn
Cc: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg
(ggauthier@mjwomack.com); pbonner@mjwomack.com; Ryan, Thomas E; Sanders, Debra; John
Jones; Murray L. McCullough (murray@benchmarkgroupllc.com); Hill, Terry
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Frankie:
We will review the recommendation with Benchmark Group (our civil engineer of record) and
request their opinion.
Regarding the request that URS participate in the cost of this work, this request will be forwarded
to URS management for their directive.
Sincerely,
Neal Johnson

# Exhibit "C"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Tuesday, June 11, 2013 12:26 PM
To: Frankie Wynn
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

URS management is having a conference all this afternoon about the H&E Baton Rouge Branch pavement.
If I am directed, I will share the outcome.  If not, I will let you know that I do not know.
Neal

Exhibit "D"

NON-CERTIFIED COPY

**From:** Johnson, Neal [mailto:neal.johnson@urs.com]
**Sent:** Monday, July 08, 2013 11:39 AM
**To:** Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; Frankie Wynn
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High

Our pay application worksheet through #15 is attached. Our records show that we have certified a total amount of $3,743,235.61 of a current contract amount of $3,835,645.00 leaving the current balance of $92,409.39 which is based on $77,409.39 retainage and $15,000 punch list value.  Given you have obtained a clear lien certificate you can invoice for the balance on the retainage.  The $15,000 punch list is based on the line item for pavement joints.  We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

Regarding Change Order 005, we show an amount that H&E has agreed to be $34,499.00 (copy enclosed).  This was sent to you in early May of this year for signature.

# Exhibit "E"

NON-CERTIFIED COPY

Call me after you have a chance to review this information. We all wish to bring this project to closure.
Neal



**Neal Johnson, AIA**
Program Manager – Facilities
Mountain South Central Group

7389 Florida Boulevard,
Suite 300
Baton Rouge, LA 70806
Office  225.922.5700
Direct  225.231.6343
Cell    225.324.5848

Neal.johnson@urs.com

NON-CERTIFIED COPY



# MAPP
## CONSTRUCTION, LLC

601 Poydras Street, Suite 1715
New Orleans, LA, 70130
504.833.6277
504.833.6074

RFI#    54

## *REQUEST FOR INFORMATION*
### H and E Equipment Services - Kenner
### MAPP Job 52079-

| | | | |
|---|---|---|---|
| Date: | 01/15/2013 | | |
| Attn: | **Thomas Ryan** | Drawing Ref.: | |
| Company: | **URS Corporation** | Spec. Sect. Ref.: | |
| Fax: | 225.922.5866 | From: | **Brad Reese** |

Subject: *Expansion Joints at Concrete Paving*

---

**Question/Request:**                    **Response Required By:** *01/18/2013*

As discussed in previous OAC meetings onsite, the expansion joints in the concrete paving appear to be failing because of regular wear and debris around the lot.  Please confirm the acceptable material and methods to use for making these repairs.

**Suggestion:**

Signed:_____
                                **Brad Reese**

---

**Response Received:**

Signed:_____
                                **URS Corporation**

EBR2115652

# Exhibit "A"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Monday, March 18, 2013 1:37 PM
To: Frankie Wynn; Ryan, Thomas E
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

We have forwarded the data to our civil engineering consultant for this project. I am concerned that the list is presented as a CPR and not a repair to a construction defect.  A CPR is typically a cost proposal.
Neal

# Exhibit "B"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Thursday, June 06, 2013 10:21 AM
To: Frankie Wynn
Cc: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg
(ggauthier@mjwomack.com); pbonner@mjwomack.com; Ryan, Thomas E; Sanders, Debra; John
Jones; Murray L. McCullough (murray@benchmarkgroupllc.com); Hill, Terry
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Frankie:
We will review the recommendation with Benchmark Group (our civil engineer of record) and
request their opinion.
Regarding the request that URS participate in the cost of this work, this request will be forwarded
to URS management for their directive.
Sincerely,
Neal Johnson

# Exhibit "C"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Tuesday, June 11, 2013 12:26 PM
To: Frankie Wynn
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

URS management is having a conference all this afternoon about the H&E Baton Rouge Branch
pavement.
If I am directed, I will share the outcome.  If not, I will let you know that I do not know.
Neal

Exhibit "D"

NON-CERTIFIED COPY

**From:** Johnson, Neal [mailto:neal.johnson@urs.com]
**Sent:** Monday, July 08, 2013 11:39 AM
**To:** Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; Frankie Wynn
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High

Our pay application worksheet through #15 is attached. Our records show that we have certified a total amount of $3,743,235.61 of a current contract amount of $3,835,645.00 leaving the current balance of $92,409.39 which is based on $77,409.39 retainage and $15,000 punch list value. Given you have obtained a clear lien certificate you can invoice for the balance on the retainage. The $15,000 punch list is based on the line item for pavement joints. We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

Regarding Change Order 005, we show an amount that H&E has agreed to be $34,499.00 (copy enclosed). This was sent to you in early May of this year for signature.

# Exhibit "E"

NON-CERTIFIED COPY

Call me after you have a chance to review this information. We all wish to bring this project to closure.
Neal



**Neal Johnson, AIA**
Program Manager – Facilities
Mountain South Central Group

7389 Florida Boulevard,
Suite 300
Baton Rouge, LA 70806
Office  225.922.5700
Direct  225.231.6343
Cell    225.324.5848

Neal.johnson@urs.com

NON-CERTIFIED COPY



# MAPP
### CONSTRUCTION, LLC

601 Poydras Street, Suite 1715
New Orleans, LA, 70130
504.833.6277
504.833.6074

RFI#    54

## *REQUEST FOR INFORMATION*
### H and E Equipment Services - Kenner
### MAPP Job 52079-

| | | | | |
|---|---|---|---|---|
| Date: | 01/15/2013 | | | |
| Attn: | **Thomas Ryan** | Drawing Ref.: | | |
| Company: | **URS Corporation** | Spec. Sect. Ref.: | | |
| Fax: | 225.922.5866 | From: | **Brad Reese** | |

Subject: *Expansion Joints at Concrete Paving*

---

**Question/Request:**                    Response Required By:  *01/18/2013*

As discussed in previous OAC meetings onsite, the expansion joints in the concrete paving appear to be failing because of regular wear and debris around the lot.  Please confirm the acceptable material and methods to use for making these repairs.

**Suggestion:**

Signed:_____
                                                                 **Brad Reese**

---

**Response Received:**

Signed:_____
                                                                 **URS Corporation**

EBR2115660

# Exhibit "A"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Monday, March 18, 2013 1:37 PM
To: Frankie Wynn; Ryan, Thomas E
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

We have forwarded the data to our civil engineering consultant for this project. I am concerned that the list is presented as a CPR and not a repair to a construction defect.  A CPR is typically a cost proposal.
Neal

# Exhibit "B"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Thursday, June 06, 2013 10:21 AM
To: Frankie Wynn
Cc: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg
(ggauthier@mjwomack.com); pbonner@mjwomack.com; Ryan, Thomas E; Sanders, Debra; John
Jones; Murray L. McCullough (murray@benchmarkgroupllc.com); Hill, Terry
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Frankie:
We will review the recommendation with Benchmark Group (our civil engineer of record) and
request their opinion.
Regarding the request that URS participate in the cost of this work, this request will be forwarded
to URS management for their directive.
Sincerely,
Neal Johnson

Exhibit "C"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Tuesday, June 11, 2013 12:26 PM
To: Frankie Wynn
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

URS management is having a conference all this afternoon about the H&E Baton Rouge Branch pavement.
If I am directed, I will share the outcome.  If not, I will let you know that I do not know.
Neal

# Exhibit "D"

NON-CERTIFIED COPY

**From:** Johnson, Neal [mailto:neal.johnson@urs.com]
**Sent:** Monday, July 08, 2013 11:39 AM
**To:** Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; Frankie Wynn
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High

Our pay application worksheet through #15 is attached. Our records show that we have certified a total amount of $3,743,235.61 of a current contract amount of $3,835,645.00 leaving the current balance of $92,409.39 which is based on $77,409.39 retainage and $15,000 punch list value.  Given you have obtained a clear lien certificate you can invoice for the balance on the retainage.  The $15,000 punch list is based on the line item for pavement joints.  We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

Regarding Change Order 005, we show an amount that H&E has agreed to be $34,499.00 (copy enclosed).  This was sent to you in early May of this year for signature.

# Exhibit "E"

NON-CERTIFIED COPY

Call me after you have a chance to review this information. We all wish to bring this project to closure.
Neal



**Neal Johnson, AIA**
Program Manager – Facilities
Mountain South Central Group

7389 Florida Boulevard,
Suite 300
Baton Rouge, LA 70806
Office  225.922.5700
Direct  225.231.6343
Cell    225.324.5848

Neal.johnson@urs.com

NON-CERTIFIED COPY



# MAPP
### CONSTRUCTION, LLC

601 Poydras Street, Suite 1715
New Orleans, LA, 70130
504.833.6277
504.833.6074

RFI#    54

## *REQUEST FOR INFORMATION*
### H and E Equipment Services - Kenner
### MAPP Job 52079-

Date:        01/15/2013

Attn:        **Thomas Ryan**                    Drawing Ref.:

Company:  **URS Corporation**                Spec. Sect. Ref.:

Fax:         225.922.5866                    From:    **Brad Reese**

Subject:  *Expansion Joints at Concrete Paving*

---

**Question/Request:**                    **Response Required By:** *01/18/2013*

As discussed in previous OAC meetings onsite, the expansion joints in the concrete paving appear to be failing because of regular wear and debris around the lot. Please confirm the acceptable material and methods to use for making these repairs.

**Suggestion:**

Signed:_____

**Brad Reese**

---

**Response Received:**

Signed:_____

**URS Corporation**



tes:

# Exhibit "A"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Monday, March 18, 2013 1:37 PM
To: Frankie Wynn; Ryan, Thomas E
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

We have forwarded the data to our civil engineering consultant for this project. I am concerned that the list is presented as a CPR and not a repair to a construction defect.  A CPR is typically a cost proposal.
Neal

# Exhibit "B"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Thursday, June 06, 2013 10:21 AM
To: Frankie Wynn
Cc: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg
(ggauthier@mjwomack.com); pbonner@mjwomack.com; Ryan, Thomas E; Sanders, Debra; John
Jones; Murray L. McCullough (murray@benchmarkgroupllc.com); Hill, Terry
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Frankie:
We will review the recommendation with Benchmark Group (our civil engineer of record) and
request their opinion.
Regarding the request that URS participate in the cost of this work, this request will be forwarded
to URS management for their directive.
Sincerely,
Neal Johnson

# Exhibit "C"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Tuesday, June 11, 2013 12:26 PM
To: Frankie Wynn
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

URS management is having a conference all this afternoon about the H&E Baton Rouge Branch pavement.
If I am directed, I will share the outcome.  If not, I will let you know that I do not know.
Neal

# Exhibit "D"

NON-CERTIFIED COPY

**From:** Johnson, Neal [mailto:neal.johnson@urs.com]
**Sent:** Monday, July 08, 2013 11:39 AM
**To:** Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; Frankie Wynn
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High

Our pay application worksheet through #15 is attached. Our records show that we have certified a total amount of $3,743,235.61 of a current contract amount of $3,835,645.00 leaving the current balance of $92,409.39 which is based on $77,409.39 retainage and $15,000 punch list value.  Given you have obtained a clear lien certificate you can invoice for the balance on the retainage.  The $15,000 punch list is based on the line item for pavement joints.  We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

Regarding Change Order 005, we show an amount that H&E has agreed to be $34,499.00 (copy enclosed).  This was sent to you in early May of this year for signature.

# Exhibit "E"

NON-CERTIFIED COPY

Call me after you have a chance to review this information. We all wish to bring this project to closure.
Neal



**Neal Johnson, AIA**
Program Manager – Facilities
Mountain South Central Group

7389 Florida Boulevard,
Suite 300
Baton Rouge, LA 70806
Office  225.922.5700
Direct  225.231.6343
Cell     225.324.5848

Neal.johnson@urs.com

NON-CERTIFIED COPY



# MAPP
### CONSTRUCTION, LLC

601 Poydras Street, Suite 1715
New Orleans, LA, 70130
504.833.6277
504.833.6074

RFI#  __54__

## *REQUEST FOR INFORMATION*
### H and E Equipment Services - Kenner
### MAPP Job 52079-

| | | | |
|---|---|---|---|
| Date: | 01/15/2013 | | |
| Attn: | **Thomas Ryan** | Drawing Ref.: | |
| Company: | **URS Corporation** | Spec. Sect. Ref.: | |
| Fax: | 225.922.5866 | From: | **Brad Reese** |

Subject:  *Expansion Joints at Concrete Paving*

---

**Question/Request:**                          Response Required By:  *01/18/2013*

As discussed in previous OAC meetings onsite, the expansion joints in the concrete paving appear to be failing because of regular wear and debris around the lot.  Please confirm the acceptable material and methods to use for making these repairs.


**Suggestion:**

Signed:_____

                                     **Brad Reese**

---

**Response Received:**

Signed:_____

                                     **URS Corporation**

EBR2115664

# Exhibit "A"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Monday, March 18, 2013 1:37 PM
To: Frankie Wynn; Ryan, Thomas E
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

We have forwarded the data to our civil engineering consultant for this project. I am concerned that the list is presented as a CPR and not a repair to a construction defect.  A CPR is typically a cost proposal.
Neal

# Exhibit "B"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Thursday, June 06, 2013 10:21 AM
To: Frankie Wynn
Cc: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg
(ggauthier@mjwomack.com); pbonner@mjwomack.com; Ryan, Thomas E; Sanders, Debra; John
Jones; Murray L. McCullough (murray@benchmarkgroupllc.com); Hill, Terry
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Frankie:
We will review the recommendation with Benchmark Group (our civil engineer of record) and
request their opinion.
Regarding the request that URS participate in the cost of this work, this request will be forwarded
to URS management for their directive.
Sincerely,
Neal Johnson

Exhibit "C"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Tuesday, June 11, 2013 12:26 PM
To: Frankie Wynn
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

URS management is having a conference all this afternoon about the H&E Baton Rouge Branch pavement.
If I am directed, I will share the outcome.  If not, I will let you know that I do not know.
Neal

Exhibit "D"

NON-CERTIFIED COPY

**From:** Johnson, Neal [mailto:neal.johnson@urs.com]
**Sent:** Monday, July 08, 2013 11:39 AM
**To:** Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; Frankie Wynn
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High

Our pay application worksheet through #15 is attached. Our records show that we have certified a total amount of $3,743,235.61 of a current contract amount of $3,835,645.00 leaving the current balance of $92,409.39 which is based on $77,409.39 retainage and $15,000 punch list value.  Given you have obtained a clear lien certificate you can invoice for the balance on the retainage.  The $15,000 punch list is based on the line item for pavement joints.  We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

Regarding Change Order 005, we show an amount that H&E has agreed to be $34,499.00 (copy enclosed).  This was sent to you in early May of this year for signature.

# Exhibit "E"

NON-CERTIFIED COPY

Call me after you have a chance to review this information. We all wish to bring this project to closure.
Neal



**Neal Johnson, AIA**
Program Manager – Facilities
Mountain South Central Group

7389 Florida Boulevard,
Suite 300
Baton Rouge, LA 70806
Office  225.922.5700
Direct  225.231.6343
Cell   225.324.5848

Neal.johnson@urs.com

NON-CERTIFIED COPY

**NINETEENTH JUDICIAL DISTRICT COURT**

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | : | **NUMBER:** _____ |
| | : | |
| **Plaintiff** | : | **DIVISION:** _____ |
| | : | |
| **VERSUS** | : | |
| | : | |
| **URS CORPORATION ARCHITECTURE,** | : | |
| **P.C., URS CORPORATION, L. O'NEAL** | : | |
| **JOHNSON, AND THOMAS E. RYAN, II,** | : | |
| | : | |
| **Defendants** | : | |

**FIRST SET OF INTERROGATORIES BY PLAINTIFF, H&E EQUIPMENT SERVICES, INC., TO DEFENDANT, URS CORPORATION**

To:     URS Corporation,
        through its Agent for Service of Process:
        CT Corporation System
        5615 Corporate Blvd., Suite 400B
        Baton Rouge, LA  70808

      **PLEASE TAKE NOTICE** that Plaintiff, H&E Equipment Services, Inc., on authority of Louisiana Code of Civil Procedure, propounds the following First Set of Interrogatories to Defendant, URS Corporation.  You are hereby notified and required to have answered separately, fully, and in writing under oath the interrogatories attached to this notice and served herewith, within thirty (30) days of service hereof, together with the petition, in accordance with the terms of Articles 1457, et seq., of the Louisiana Code of Civil Procedure.

      The information sought by this First Set of Interrogatories includes any and all information in the possession of Defendant, URS Corporation, its attorneys, and any other persons acting on its behalf.  In accordance with Louisiana Code of Civil Procedure Article 1428, these interrogatories are deemed to be continuing and supplementation of your responses is requested as the information changes or becomes available.

**DEFINITIONS AND INSTRUCTIONS**

A.     "**Any**" means "**all**" and vice versa.

B.     "**Document**" means the original or copy of any written, printed, typed, other graphic matter of any kind or nature, however produced or reproduced, electronic mail or other electronic data compilation, and the original of any stenographic, mechanical, electrical, electronic, computer, or other recording, as well as

NON-CERTIFIED COPY

656907.1

EBR2115651

transcriptions thereof, and the original of any other thing from which information can be obtained, translated if necessary, by you or through detection. If a document has been prepared in several copies or additional copies have been made that are not identical (or are no longer identical by reason of any subsequent notation on, or other modification of), each non-identical copy is to be construed as a separate document.

C.    "**Plaintiff**" means H&E Equipment Services, Inc.

D.    "**H&E**" means H&E Equipment Services, Inc.

E.    "**You**" and "**Your**" means "**Defendant**".

F.    "**Johnson**" means Defendant, L. O'Neal Johnson.

G.    "**Ryan**" means Defendant, Thomas E. Ryan, II.

H.    "**URS Architecture**" means Defendant, URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, investigators, and independent contractors.

I.    "**URS Corp**" means, Defendant URS Corporation, and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

J.    "**Person**" or "**Persons**" mean any individual, partnership, firm, corporation, association, trust, joint venture, creditor or any other business or legal entity.

K.    "**Defendant**" means URS Corporation, and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

L.    "**Possession, custody, or control**" includes the joint or several possession, custody, or control not only by the person to whom these Interrogatories are addressed, but also the joint or several possession, custody, or control by each or any other person acting or purporting to act in or on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesperson, or otherwise.

M.    "**Relates to**" means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

656907.1

NON-CERTIFIED COPY

N.     "**Identify**," "**identity**," and "**identification**," when used to refer to a natural person, mean to state the following:

    a.    The person's full name and present or last known home address, home telephone number, business address, and business telephone number;

    b.    The person's present title and employer or other business affiliation;

    c.    The person's home address, home telephone number, business address and business telephone number at the time of the actions at which each Interrogatory is directed; and

    d.    His/her employer and title at the time of the actions at which each Interrogatory is directed.

O.     "**Identify**," "**identity**," and "**identification**," when used to refer to a juridical person, mean to state the following:

    a.    The person's full name and address, including telephone number; and

    b.    The person's full name and address at the time of the actions at which each Interrogatory is directed.

P.     "**RFI#54**" means that request for information dated January 15, 2013, from MAPP Construction, LLC to URS Corporation, Attention:  Thomas Ryan, a copy of which is attached hereto as Exhibit "A".

Q.     "**Johnson Email of March 18, 2013**" means that email from Johnson dated March 18, 2013, to Frankie Wynn and Thomas E. Ryan, a copy of which is attached hereto as Exhibit "B".

R.     "**Johnson Email of June 6, 2013**" means that email from Johnson dated June 6, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "C".

S.     "**Johnson Email of June 11, 2013**" means that email from Johnson dated June 11, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "D".

T.     "**Johnson Email of July 8, 2013**" means that email from Johnson dated July 8, 2013, to Brad Reese, a copy of which is attached hereto as Exhibit "E".

Except as otherwise defined herein, all terms used in these interrogatories shall be given their usual and customary meaning.

NON-CERTIFIED COPY

656907.1

## INTERROGATORIES

**INTERROGATORY NO. 1:**

**STATE** whether You responded to RFI#54/Exhibit "A"?

**INTERROGATORY NO. 2:**

With reference to RFI#54/Exhibit "A", **STATE** whether You "confirm[ed to MAPP Construction, LLC] the acceptable material and methods to use for making these repairs."

**INTERROGATORY NO. 3:**

**IDENTIFY** all documents relating to RFI#54/Exhibit "A".

**INTERROGATORY NO. 4:**

**IDENTIFY** all persons who were consulted about RFI#54/Exhibit "A".

**INTERROGATORY NO. 5:**

With reference to Johnson Email of March 18, 2013/Exhibit "B", **STATE** whether You "forwarded the data to [Your] civil engineer and consultant for this project."

**INTERROGATORY NO. 6:**

**IDENTIFY** all documents relating to Johnson Email of March 18, 2013/Exhibit "B".

**INTERROGATORY NO. 7:**

**IDENTIFY** all persons who were consulted about Johnson Email of March 18, 2013/Exhibit "B".

**INTERROGATORY NO. 8:**

With reference to Johnson Email of June 6, 2013/Exhibit "C", **STATE** whether You "review[ed] with Benchmark Group ([Your] civil engineer of record) and request their opinion."

**INTERROGATORY NO. 9:**

Referencing Johnson Email of June 6, 2013/Exhibit "C", **STATE** whether You requested the opinion of Benchmark Group, and if so, **STATE** the opinion of Benchmark Group.

**INTERROGATORY NO. 10:**

**IDENTIFY** all documents relating to Johnson Email of June 6, 2013/Exhibit "C".

**INTERROGATORY NO. 11:**

**IDENTIFY** all persons who were consulted about Johnson Email of June 6, 2013/Exhibit "C".

656907.1

NON-CERTIFIED COPY

**INTERROGATORY NO. 12:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **IDENTIFY** all documents relating to "URS management [ ] having a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**INTERROGATORY NO. 13:**

With referenced to Johnson Email of June 11, 2013/Exhibit "D", **IDENTIFY** all persons of "URS management" who participated in "a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**INTERROGATORY NO. 14:**

Referencing Johnson Email of June 11, 2013/Exhibit "D", **STATE** Johnson's directions about sharing the outcome.

**INTERROGATORY NO. 15:**

**IDENTIFY** all documents relating to the H&E Baton Rouge Branch pavement.

**INTERROGATORY NO. 16:**

**IDENTIFY** all documents relating to the H&E Kenner Branch pavement.

**INTERROGATORY NO. 17:**

**IDENTIFY** all documents relating to Johnson Email of July 8, 2013/Exhibit "E".

**INTERROGATORY NO. 18:**

**IDENTIFY** all persons who were consulted about Johnson Email of July 8, 2013/Exhibit "E".

NON-CERTIFIED COPY

656907.1

By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By: _____
Edward J. Laperouse, II, LBRN 29310
John Ashley Moore, LBRN 9635
L. Adam Thames, LBRN 32722
Megan F. Bice, LBRN 35042
451 Florida Street, 8th floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821
Telephone:  (225) 387-3221
Facsimile:  (225) 346-8049
Email:  ted.laperouse@taylorporter.com
Email:  ashley.moore@taylorporter.com
Email:  adam.thames@taylorporter.com
Email:  megan.bice@taylorporter.com

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*

**PLEASE SERVE**
**with the petition**



656907.1

NON-CERTIFIED COPY

## NINETEENTH JUDICIAL DISTRICT COURT

## STATE OF LOUISIANA

## PARISH OF EAST BATON ROUGE

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | : | **NUMBER:** _____ |
| | : | |
| **Plaintiff** | : | **DIVISION:** _____ |
| | : | |
| **VERSUS** | : | |
| | : | |
| **URS CORPORATION ARCHITECTURE,** | : | |
| **P.C., URS CORPORATION, L. O'NEAL** | : | |
| **JOHNSON, AND THOMAS E. RYAN, II,** | : | |
| | : | |
| **Defendants** | : | |

### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF, H&E EQUIPMENT SERVICES, INC., TO DEFENDANT, THOMAS E. RYAN, II

To:    Thomas E. Ryan, II,
       621 Highland Creek Parkway
       Baton Rouge, LA 70808

**PLEASE TAKE NOTICE** that Plaintiff, H&E Equipment Services, Inc., on authority of the Louisiana Code of Civil Procedure, propounds the following First Set of Requests for Production of Documents. You are hereby notified and required to have answered separately, fully, and in writing under oath the requests for production of documents attached to this notice and served herewith. H&E Equipment Services, Inc. requests the production of the following documents for inspection and photocopying in the offices of Edward J. "Ted" Laperouse, II, Taylor, Porter, Brooks & Phillips L.L.P., P.O. Box 2471, Baton Rouge, LA 70821, within thirty (30) days of service hereof, together with the petition, in accordance with the terms of Articles 1461 and 1462 of the Louisiana Code of Civil Procedure.

The information sought by this Frist Set of Request for Production of Documents includes any and all information in the possession of Defendant, Thomas E. Ryan, II, his attorneys, and any other persons acting on his behalf. In accordance with Louisiana Code of Civil Procedure Article 1428, this First Set of Requests for Production of Documents is deemed to be continuing and supplementation of your responses is requested as the information changes or becomes available.

EBR2115663

NON-CERTIFIED COPY

656918.1

## DEFINITIONS AND INSTRUCTIONS

A.  "**Any**" means "**all**" and vice versa.

B.  "**Document**" means the original or copy of any written, printed, typed, other graphic matter of any kind or nature, however produced or reproduced, electronic mail or other electronic data compilation, and the original of any stenographic, mechanical, electrical, electronic, computer, or other recording, as well as transcriptions thereof, and the original of any other thing from which information can be obtained, translated if necessary, by you or through detection. If a document has been prepared in several copies or additional copies have been made that are not identical (or are no longer identical by reason of any subsequent notation on, or other modification of), each non-identical copy is to be construed as a separate document.

C.  "**Plaintiff**" means H&E Equipment Services, Inc.

D.  "**H&E**" means H&E Equipment Services, Inc.

E.  "**You**" and "**Your**" means "**Defendant**".

F.  "**Johnson**" means Defendant, L. O'Neal Johnson.

G.  "**Ryan**" means Defendant, Thomas E. Ryan, II.

H.  "**URS Architecture**" means Defendant, URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

I.  "**URS Corp.**" means Defendant, URS Corporation, and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

J.  "**Person**" or "**Persons**" mean any individual, partnership, firm, corporation, association, trust, joint venture, creditor or any other business or legal entity.

K.  "**Defendant**" means Thomas E. Ryan, II.

L.  "**Possession, custody, or control**" includes the joint or several possession, custody, or control not only by the person to whom these Interrogatories are addressed, but also the joint or several possession, custody, or control by each or

NON-CERTIFIED COPY

656918.1

any other person acting or purporting to act in or on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesperson, or otherwise.

M.   **"Relates to"** means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

N.   **"Identify,"** **"identity,"** and **"identification,"** when used to refer to a natural person, mean to state the following:

    a.   The person's full name and present or last known home address, home telephone number, business address, and business telephone number;

    b.   The person's present title and employer or other business affiliation;

    c.   The person's home address, home telephone number, business address and business telephone number at the time of the actions at which each Request is directed; and

    d.   His/her employer and title at the time of the actions at which each Request is directed.

O.   **"Identify,"** **"identity,"** and **"identification,"** when used to refer to a juridical person, mean to state the following:

    a.   The person's full name and address, including telephone number; and

    b.   The person's full name and address at the time of the actions at which each Request is directed.

P.   **"RFI#54"** means that Request For Information dated January 15, 2013, from MAPP Construction, LLC to URS Corporation, Attention: Thomas Ryan, a copy of which is attached hereto as Exhibit "A".

Q.   **"Johnson Email of March 18, 2013"** means that email from Johnson dated March 18, 2013, to Frankie Wynn and Thomas E. Ryan, a copy of which is attached hereto as Exhibit "B".

R.   **"Johnson Email of June 6, 2013"** means that email from Johnson dated June 6, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "C".

S.   **"Johnson Email of June 11, 2013"** means that email from Johnson dated June 11, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "D".

656918.1   NON-CERTIFIED COPY

T.    "**Johnson Email of July 8, 2013**" means that email from Johnson dated July 8, 2013, to Brad Reese, a copy of which is attached hereto as Exhibit "E".

Except as otherwise defined herein, all terms used in this First Set of Requests for Production of Documents shall be given their usual and customary meaning.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

**PRODUCE** all documents relating to RFI#54/Exhibit "A".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

**PRODUCE** all documents responding to RFI#54/Exhibit "A".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

**PRODUCE** minutes of OAC meetings onsite referenced in RFI#54/Exhibit "A".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

With reference to RFI#54/Exhibit "A", **PRODUCE** all documents whereby URS Architecture "confirm[ed] the acceptable material and methods to use for making these repairs."

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

**PRODUCE** all documents relating to Johnson Email of March 18, 2013/Exhibit "B".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

With reference to Johnson Email of March 18, 2013/Exhibit "B", **PRODUCE** all documents relating to response by Your "civil engineering consultant for this project."

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

**PRODUCE** all documents relating to Johnson Email of June 6, 2013/Exhibit "C".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

**PRODUCE** all documents received from Benchmark Group relating to Johnson Email of June 6, 2013/Exhibit "C".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:

**PRODUCE** all documents to and from "URS management" relating to Johnson Email of June 6, 2013/Exhibit "C".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:

**PRODUCE** all documents relating to Johnson Email of June 11, 2013/Exhibit "D".

NON-CERTIFIED COPY

656918.1

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **PRODUCE** all documents relating to "a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **PRODUCE** all documents relating to directions to Johnson about sharing (or not) the outcome of the conference.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

**PRODUCE** all documents relating to the H&E Baton Rouge Branch pavement.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

**PRODUCE** all documents relating to the H&E Kenner Branch pavement.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

**PRODUCE** all documents relating to Johnson Email of July 8, 2013/Exhibit "E".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

With reference to Johnson Email of July 8, 2013/Exhibit "E", **PRODUCE** all documents tending to indicate "this is a maintenance issue given the conditions that have been observed."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

**PRODUCE** all policies of liability insurance, whether general liability, professional liability, or other, which may provide coverage to You for the acts and/or omissions alleged in the petition herein.

NON-CERTIFIED COPY

656918.1

By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By: _____

Edward J. Laperouse, II, LBRN 29310
John Ashley Moore, LBRN 9635
L. Adam Thames, LBRN 32722
Megan F. Bice, LBRN 35042
451 Florida Street, 8th floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821
Telephone:  (225) 387-3221
Facsimile:  (225) 346-8049
Email:  ted.laperouse@taylorporter.com
Email:  ashley.moore@taylorporter.com
Email:  adam.thames@taylorporter.com
Email:  megan.bice@taylorporter.com

**PLEASE SERVE**
**with the petition**

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*



NON-CERTIFIED COPY

656918.1

- 6 -

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | : | NUMBER: _____ |
| | : | |
| **Plaintiff** | : | DIVISION: _____ |
| | : | |
| VERSUS | : | |
| | : | |
| URS CORPORATION ARCHITECTURE, | : | |
| P.C., URS CORPORATION, L. O'NEAL | : | |
| JOHNSON, AND THOMAS E. RYAN, II, | : | |
| | : | |
| **Defendants** | : | |

FIRST SET OF INTERROGATORIES BY PLAINTIFF, H&E EQUIPMENT
SERVICES, INC., TO DEFENDANT, L. O'NEAL JOHNSON

To:   L. O'Neal Johnson
      1544 La Annie Dr.
      Baton Rouge, LA  70815

**PLEASE TAKE NOTICE** that Plaintiff, H&E Equipment Services, Inc., on authority of Louisiana Code of Civil Procedure, propounds the following First Set of Interrogatories to Defendant, L. O'Neal Johnson.   You are hereby notified and required to have answered separately, fully, and in writing under oath the interrogatories attached to this notice and served herewith, within thirty (30) days of service hereof, together with the petition, in accordance with the terms of Articles 1457, et seq., of the Louisiana Code of Civil Procedure.

The information sought by this First Set of Interrogatories includes any and all information in the possession of Defendant, L. O'Neal Johnson, his attorneys, and any other persons acting on his behalf.   In accordance with Louisiana Code of Civil Procedure Article 1428, these interrogatories are deemed to be continuing and supplementation of your responses is requested as the information changes or becomes available.

DEFINITIONS AND INSTRUCTIONS

A.      "**Any**" means "**all**" and vice versa.

B.      "**Document**" means the original or copy of any written, printed, typed, other
        graphic matter of any kind or nature, however produced or reproduced, electronic
        mail or other electronic data compilation, and the original of any stenographic,
        mechanical, electrical, electronic, computer, or other recording, as well as
        transcriptions thereof, and the original of any other thing from which information

EBR2115653

656908.1

NON-CERTIFIED COPY

can be obtained, translated if necessary, by you or through detection. If a document has been prepared in several copies or additional copies have been made that are not identical (or are no longer identical by reason of any subsequent notation on, or other modification of), each non-identical copy is to be construed as a separate document.

C.    "**Plaintiff**" means H&E Equipment Services, Inc.

D.    "**H&E**" means H&E Equipment Services, Inc.

E.    "**You**" and "**Your**" means "**Defendant**".

F.    "**Johnson**" means Defendant, L. O'Neal Johnson.

G.    "**Ryan**" means Defendant, Thomas E. Ryan, II.

H.    "**URS Architecture**" means Defendant, URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

I.    "**URS Corp**" means Defendant, URS Corporation, and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

J.    "**Person**" or "**Persons**" mean any individual, partnership, firm, corporation, association, trust, joint venture, creditor or any other business or legal entity.

K.    "**Defendant**" means L. O'Neal Johnson

L.    "**Possession, custody, or control**" includes the joint or several possession, custody, or control not only by the person to whom these Interrogatories are addressed, but also the joint or several possession, custody, or control by each or any other person acting or purporting to act in or on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesperson, or otherwise.

M.    "**Relates to**" means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

N.    "**Identify**," "**identity**," and "**identification**," when used to refer to a natural person, mean to state the following:

NON-CERTIFIED COPY

656908.1

    a.     The person's full name and present or last known home address, home telephone number, business address, and business telephone number;

    b.     The person's present title and employer or other business affiliation;

    c.     The person's home address, home telephone number, business address and business telephone number at the time of the actions at which each Interrogatory is directed; and

    d.     His/her employer and title at the time of the actions at which each Interrogatory is directed.

O.     "**Identify**," "**identity**," and "**identification**," when used to refer to a juridical person, mean to state the following:

    a.     The person's full name and address, including telephone number; and

    b.     The person's full name and address at the time of the actions at which each Interrogatory is directed.

P.     "**RFI#54**" means that request for information dated January 15, 2013, from MAPP Construction, LLC to URS Corporation, Attention: Thomas Ryan, a copy of which is attached hereto as Exhibit "A".

Q.     "**Johnson Email of March 18, 2013**" means that email from Johnson dated March 18, 2013, to Frankie Wynn and Thomas E. Ryan, a copy of which is attached hereto as Exhibit "B".

R.     "**Johnson Email of June 6, 2013**" means that email from Johnson dated June 6, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "C".

S.     "**Johnson Email of June 11, 2013**" means that email from Johnson dated June 11, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "D".

T.     "**Johnson Email of July 8, 2013**" means that email from Johnson dated July 8, 2013, to Brad Reese, a copy of which is attached hereto as Exhibit "E".

Except as otherwise defined herein, all terms used in these interrogatories shall be given their usual and customary meaning.

NON-CERTIFIED COPY

656908.1

## INTERROGATORIES

**INTERROGATORY NO. 1:**

**STATE** whether You responded to RFI#54/Exhibit "A"?

**INTERROGATORY NO. 2:**

With reference to RFI#54/Exhibit "A", **STATE** whether You "confirm[ed to MAPP Construction, LLC] the acceptable material and methods to use for making these repairs."

**INTERROGATORY NO. 3:**

**IDENTIFY** all documents relating to RFI#54/Exhibit "A".

**INTERROGATORY NO. 4:**

**IDENTIFY** all persons who were consulted about RFI#54/Exhibit "A".

**INTERROGATORY NO. 5:**

With reference to Johnson Email of March 18, 2013/Exhibit "B", **STATE** whether You "forwarded the data to [Your] civil engineer and consultant for this project."

**INTERROGATORY NO. 6:**

**IDENTIFY** all documents relating to Johnson Email of March 18, 2013/Exhibit "B".

**INTERROGATORY NO. 7:**

**IDENTIFY** all persons who were consulted about Johnson Email of March 18, 2013/Exhibit "B".

**INTERROGATORY NO. 8:**

With reference to Johnson Email of June 6, 2013/Exhibit "C", **STATE** whether You "review[ed] with Benchmark Group ([Your] civil engineer of record) and request their opinion."

**INTERROGATORY NO. 9:**

Referencing Johnson Email of June 6, 2013/Exhibit "C", **STATE** whether You requested the opinion of Benchmark Group, and if so, **STATE** the opinion of Benchmark Group.

**INTERROGATORY NO. 10:**

**IDENTIFY** all documents relating to Johnson Email of June 6, 2013/Exhibit "C".

**INTERROGATORY NO. 11:**

**IDENTIFY** all persons who were consulted about Johnson Email of June 6, 2013/Exhibit "C".

NON-CERTIFIED COPY

656908.1

**INTERROGATORY NO. 12:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **IDENTIFY** all documents relating to "URS management [ ] having a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**INTERROGATORY NO. 13:**

With referenced to Johnson Email of June 11, 2013/Exhibit "D", **IDENTIFY** all persons of "URS management" who participated in "a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**INTERROGATORY NO. 14:**

Referencing Johnson Email of June 11, 2013/Exhibit "D", **STATE** Johnson's directions about sharing the outcome.

**INTERROGATORY NO. 15:**

**IDENTIFY** all documents relating to the H&E Baton Rouge Branch pavement.

**INTERROGATORY NO. 16:**

**IDENTIFY** all documents relating to the H&E Kenner Branch pavement.

**INTERROGATORY NO. 17:**

**IDENTIFY** all documents relating to Johnson Email of July 8, 2013/Exhibit "E".

**INTERROGATORY NO. 18:**

**IDENTIFY** all persons who were consulted about Johnson Email of July 8, 2013/Exhibit "E".

NON-CERTIFIED COPY

656908.1

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By: _____

Edward J. Laperouse, II, LBRN 29310
John Ashley Moore, LBRN 9635
L. Adam Thames, LBRN 32722
Megan F. Bice, LBRN 35042
451 Florida Street, 8th floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821
Telephone:  (225) 387-3221
Facsimile:  (225) 346-8049
Email:  ted.laperouse@taylorporter.com
Email:  ashley.moore@taylorporter.com
Email:  adam.thames@taylorporter.com
Email:  megan.bice@taylorporter.com

**PLEASE SERVE**
**with the petition**

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*



NON-CERTIFIED COPY

656908.1

- 6 -



# MAPP
## CONSTRUCTION, LLC

601 Poydras Street, Suite 1715
New Orleans, LA, 70130
504.833.6277
504.833.6074

RFI#    54

## *REQUEST FOR INFORMATION*
### H and E Equipment Services - Kenner
### MAPP Job 52079-

Date:    01/15/2013

Attn:    **Thomas Ryan**                     Drawing Ref.: _____

Company:   **URS Corporation**              Spec. Sect. Ref.: _____

Fax:    225.922.5866                        From:    **Brad Reese** _____

Subject:  *Expansion Joints at Concrete Paving*

---

**Question/Request:**                          Response Required By:  *01/18/2013*

As discussed in previous OAC meetings onsite, the expansion joints in the concrete paving appear to be failing because of regular wear and debris around the lot.  Please confirm the acceptable material and methods to use for making these repairs.

**Suggestion:**

_____

Signed:_____

**Brad Reese**

---

**Response Received:**

_____

Signed:_____

**URS Corporation**

EBR2115654

# Exhibit "A"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Monday, March 18, 2013 1:37 PM
To: Frankie Wynn; Ryan, Thomas E
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

We have forwarded the data to our civil engineering consultant for this project. I am concerned that the list is presented as a CPR and not a repair to a construction defect.  A CPR is typically a cost proposal.
Neal

Exhibit "B"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Thursday, June 06, 2013 10:21 AM
To: Frankie Wynn
Cc: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg
(ggauthier@mjwomack.com); pbonner@mjwomack.com; Ryan, Thomas E; Sanders, Debra; John
Jones; Murray L. McCullough (murray@benchmarkgroupllc.com); Hill, Terry
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Frankie:
We will review the recommendation with Benchmark Group (our civil engineer of record) and
request their opinion.
Regarding the request that URS participate in the cost of this work, this request will be forwarded
to URS management for their directive.
Sincerely,
Neal Johnson

# Exhibit "C"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Tuesday, June 11, 2013 12:26 PM
To: Frankie Wynn
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

URS management is having a conference all this afternoon about the H&E Baton Rouge Branch pavement.
If I am directed, I will share the outcome.  If not, I will let you know that I do not know.
Neal

# Exhibit "D"

NON-CERTIFIED COPY

**From:** Johnson, Neal [mailto:neal.johnson@urs.com]
**Sent:** Monday, July 08, 2013 11:39 AM
**To:** Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; Frankie Wynn
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High

Our pay application worksheet through #15 is attached. Our records show that we have certified a total amount of $3,743,235.61 of a current contract amount of $3,835,645.00 leaving the current balance of $92,409.39 which is based on $77,409.39 retainage and $15,000 punch list value.  Given you have obtained a clear lien certificate you can invoice for the balance on the retainage.  The $15,000 punch list is based on the line item for pavement joints.  We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

Regarding Change Order 005, we show an amount that H&E has agreed to be $34,499.00 (copy enclosed).  This was sent to you in early May of this year for signature.

# Exhibit "E"

NON-CERTIFIED COPY

Call me after you have a chance to review this information. We all wish to bring this project to closure.
Neal



**Neal Johnson, AIA**
Program Manager – Facilities
Mountain South Central Group

7389 Florida Boulevard,
Suite 300
Baton Rouge, LA 70806
Office  225.922.5700
Direct  225.231.6343
Cell     225.324.5848

Neal.johnson@urs.com

NON-CERTIFIED COPY

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | : | **NUMBER:** _____ |
| | : | |
| **Plaintiff** | : | **DIVISION:** _____ |
| | : | |
| **VERSUS** | : | |
| | : | |
| **URS CORPORATION ARCHITECTURE,** | : | |
| **P.C., URS CORPORATION, L. O'NEAL** | : | |
| **JOHNSON, AND THOMAS E. RYAN, II,** | : | |
| | : | |
| **Defendants** | : | |

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
BY PLAINTIFF, H&E EQUIPMENT SERVICES, INC.,
TO DEFENDANT, URS CORPORATION ARCHITECTURE, P.C.**

To:    URS Corporation Architecture, P.C.,
       through its Agent for Service of Process:
       CT Corporation System
       5615 Corporate Blvd., Suite 400B
       Baton Rouge, LA  70808

**PLEASE TAKE NOTICE** that Plaintiff, H&E Equipment Services, Inc., on authority of

the Louisiana Code of Civil Procedure, propounds the following First Set of Requests for

Production of Documents.  You are hereby notified and required to have answered separately,

fully, and in writing under oath the requests for production of documents attached to this notice

and served herewith.  H&E Equipment Services, Inc. requests the production of the following

documents for inspection and photocopying in the offices of Edward J. "Ted" Laperouse, II,

Taylor, Porter, Brooks & Phillips L.L.P., P.O. Box 2471, Baton Rouge, LA  70821, within thirty

(30) days of service hereof, together with the petition, in accordance with the terms of Articles

1461 and 1462 of the Louisiana Code of Civil Procedure.

The information sought by this First Set of Requests for Production of Documents

includes any and all information in the possession of Defendant, URS Corporation Architecture,

P.C., its attorneys, and any other persons acting on its behalf.  In accordance with Louisiana

Code of Civil Procedure Article 1428, this First Set of Requests for Production of Documents is

deemed to be continuing and supplementation of your responses is requested as the information

changes or becomes available.

NON-CERTIFIED COPY

656874.1

EBR2115667

## DEFINITIONS AND INSTRUCTIONS

A.      "**Any**" means "**all**" and vice versa.

B.      "**Document**" means the original or copy of any written, printed, typed, other graphic matter of any kind or nature, however produced or reproduced, electronic mail or other electronic data compilation, and the original of any stenographic, mechanical, electrical, electronic, computer, or other recording, as well as transcriptions thereof, and the original of any other thing from which information can be obtained, translated if necessary, by you or through detection.  If a document has been prepared in several copies or additional copies have been made that are not identical (or are no longer identical by reason of any subsequent notation on, or other modification of), each non-identical copy is to be construed as a separate document.

C.      "**Plaintiff**" means H&E Equipment Services, Inc.

D.      "**H&E**" means H&E Equipment Services, Inc.

E.      "**You**" and "**Your**" means "**Defendant**".

F.      "**Johnson**" means Defendant, L. O'Neal Johnson.

G.      "**Ryan**" means Defendant, Thomas E. Ryan, II.

H.      "**URS Architecture**" means Defendant, URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

I.      "**URS Corp.**" means Defendant, URS Corporation, and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

J.      "**Person**" or "**Persons**" mean any individual, partnership, firm, corporation, association, trust, joint venture, creditor or any other business or legal entity.

K.      "**Defendant**" means URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

NON-CERTIFIED COPY

656874.1

- 2 -

L.    "**Possession, custody, or control**" includes the joint or several possession, custody, or control not only by the person to whom these Interrogatories are addressed, but also the joint or several possession, custody, or control by each or any other person acting or purporting to act in or on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesperson, or otherwise.

M.    "**Relates to**" means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

N.    "**Identify**," "**identity**," and "**identification**," when used to refer to a natural person, mean to state the following:

   a.    The person's full name and present or last known home address, home telephone number, business address, and business telephone number;

   b.    The person's present title and employer or other business affiliation;

   c.    The person's home address, home telephone number, business address and business telephone number at the time of the actions at which each Request is directed; and

   d.    His/her employer and title at the time of the actions at which each Request is directed.

O.    "**Identify**," "**identity**," and "**identification**," when used to refer to a juridical person, mean to state the following:

   a.    The person's full name and address, including telephone number; and

   b.    The person's full name and address at the time of the actions at which each Request is directed.

P.    "**RFI#54**" means that Request For Information dated January 15, 2013, from MAPP Construction, LLC to URS Corporation, Attention: Thomas Ryan, a copy of which is attached hereto as Exhibit "A".

Q.    "**Johnson Email of March 18, 2013**" means that email from Johnson dated March 18, 2013, to Frankie Wynn and Thomas E. Ryan, a copy of which is attached hereto as Exhibit "B".

656874.1

NON-CERTIFIED COPY

R.    **"Johnson Email of June 6, 2013"** means that email from Johnson dated June 6, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "C".

S.    **"Johnson Email of June 11, 2013"** means that email from Johnson dated June 11, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "D".

T.    **"Johnson Email of July 8, 2013"** means that email from Johnson dated July 8, 2013, to Brad Reese, a copy of which is attached hereto as Exhibit "E".

Except as otherwise defined herein, all terms used in this First Set of Requests for Production of Documents shall be given their usual and customary meaning.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

**PRODUCE** all documents relating to RFI#54/Exhibit "A".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

**PRODUCE** all documents responding to RFI#54/Exhibit "A".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

**PRODUCE** minutes of OAC meetings onsite referenced in RFI#54/Exhibit "A".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

With reference to RFI#54/Exhibit "A", **PRODUCE** all documents whereby URS Architecture "confirm[ed] the acceptable material and methods to use for making these repairs."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

**PRODUCE** all documents relating to Johnson Email of March 18, 2013/Exhibit "B".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

With reference to Johnson Email of March 18, 2013/Exhibit "B", **PRODUCE** all documents relating to response by Your "civil engineering consultant for this project."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

**PRODUCE** all documents relating to Johnson Email of June 6, 2013/Exhibit "C".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

**PRODUCE** all documents received from Benchmark Group relating to Johnson Email of June 6, 2013/Exhibit "C".

656874.1

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

**PRODUCE** all documents to and from "URS management" relating to Johnson Email of June 6, 2013/Exhibit "C".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

**PRODUCE** all documents relating to Johnson Email of June 11, 2013/Exhibit "D".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **PRODUCE** all documents relating to "a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **PRODUCE** all documents relating to directions to Johnson about sharing (or not) the outcome of the conference.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

**PRODUCE** all documents relating to the H&E Baton Rouge Branch pavement.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

**PRODUCE** all documents relating to the H&E Kenner Branch pavement.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

**PRODUCE** all documents relating to Johnson Email of July 8, 2013/Exhibit "E".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

With reference to Johnson Email of July 8, 2013/Exhibit "E", **PRODUCE** all documents tending to indicate "this is a maintenance issue given the conditions that have been observed."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

**PRODUCE** all policies of liability insurance, whether general liability, professional liability, or other, which may provide coverage to You for the acts and/or omissions alleged in the petition herein.

NON-CERTIFIED COPY

656874.1

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By: _____
Edward J. Laperouse, II, LBRN 29310
John Ashley Moore, LBRN 9635
L. Adam Thames, LBRN 32722
Megan F. Bice, LBRN 35042
451 Florida Street, 8th floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821
Telephone:  (225) 387-3221
Facsimile:  (225) 346-8049
Email:  ted.laperouse@taylorporter.com
Email:  ashley.moore@taylorporter.com
Email:  adam.thames@taylorporter.com
Email:  megan.bice@taylorporter.com

**PLEASE SERVE**
**with the petition**

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*



656874.1

NON-CERTIFIED COPY

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | : | NUMBER: _____ |
|     **Plaintiff** | : | |
| | : | DIVISION: _____ |
| VERSUS | : | |
| | : | |
| URS CORPORATION ARCHITECTURE, | : | |
| P.C., URS CORPORATION, L. O'NEAL | : | |
| JOHNSON, AND THOMAS E. RYAN, II, | : | |
| | : | |
|     **Defendants** | : | |

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF, H&E EQUIPMENT SERVICES, INC., TO DEFENDANT, URS CORPORATION**

To:    URS Corporation,
            through its Agent for Service of Process:
            CT Corporation System
            5615 Corporate Blvd., Suite 400B
            Baton Rouge, LA  70808

      **PLEASE TAKE NOTICE** that Plaintiff, H&E Equipment Services, Inc., on authority of the Louisiana Code of Civil Procedure, propounds the following First Set of Requests for Production of Documents.  You are hereby notified and required to have answered separately, fully, and in writing under oath the requests for production of documents attached to this notice and served herewith.  H&E Equipment Services, Inc. requests the production of the following documents for inspection and photocopying in the offices of Edward J. "Ted" Laperouse, II, Taylor, Porter, Brooks & Phillips L.L.P., P.O. Box 2471, Baton Rouge, LA  70821, within thirty (30) days of service hereof, together with the petition, in accordance with the terms of Articles 1461 and 1462 of the Louisiana Code of Civil Procedure.

      The information sought by this First Set of Requests for Production of Documents includes any and all information in the possession of Defendant, URS Corporation, its attorneys, and any other persons acting on its behalf.  In accordance with Louisiana Code of Civil Procedure Article 1428, this First Set of Requests for Production of Documents is deemed to be continuing and supplementation of your responses is requested as the information changes or becomes available.

EBR2115659

656915.1

NON-CERTIFIED COPY

## DEFINITIONS AND INSTRUCTIONS

A.    "**Any**" means "**all**" and vice versa.

B.    "**Document**" means the original or copy of any written, printed, typed, other graphic matter of any kind or nature, however produced or reproduced, electronic mail or other electronic data compilation, and the original of any stenographic, mechanical, electrical, electronic, computer, or other recording, as well as transcriptions thereof, and the original of any other thing from which information can be obtained, translated if necessary, by you or through detection.  If a document has been prepared in several copies or additional copies have been made that are not identical (or are no longer identical by reason of any subsequent notation on, or other modification of), each non-identical copy is to be construed as a separate document.

C.    "**Plaintiff**" means H&E Equipment Services, Inc.

D.    "**H&E**" means H&E Equipment Services, Inc.

E.    "**You**" and "**Your**" means "**Defendant**".

F.    "**Johnson**" means Defendant, L. O'Neal Johnson.

G.    "**Ryan**" means Defendant, Thomas E. Ryan, II.

H.    "**URS Architecture**" means Defendant, URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

I.    "**URS Corp.**" means Defendant, URS Corporation, and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

J.    "**Person**" or "**Persons**" mean any individual, partnership, firm, corporation, association, trust, joint venture, creditor or any other business or legal entity.

K.    "**Defendant**" means URS Corporation, and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

NON-CERTIFIED COPY

656915.1

L.    "**Possession, custody, or control**" includes the joint or several possession, custody, or control not only by the person to whom these Interrogatories are addressed, but also the joint or several possession, custody, or control by each or any other person acting or purporting to act in or on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesperson, or otherwise.

M.    "**Relates to**" means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

N.    "**Identify**," "**identity**," and "**identification**," when used to refer to a natural person, mean to state the following:

    a.    The person's full name and present or last known home address, home telephone number, business address, and business telephone number;

    b.    The person's present title and employer or other business affiliation;

    c.    The person's home address, home telephone number, business address and business telephone number at the time of the actions at which each Request is directed; and

    d.    His/her employer and title at the time of the actions at which each Request is directed.

O.    "**Identify**," "**identity**," and "**identification**," when used to refer to a juridical person, mean to state the following:

    a.    The person's full name and address, including telephone number; and

    b.    The person's full name and address at the time of the actions at which each Request is directed.

P.    "**RFI#54**" means that Request For Information dated January 15, 2013, from MAPP Construction, LLC to URS Corporation, Attention: Thomas Ryan, a copy of which is attached hereto as Exhibit "A".

Q.    "**Johnson Email of March 18, 2013**" means that email from Johnson dated March 18, 2013, to Frankie Wynn and Thomas E. Ryan, a copy of which is attached hereto as Exhibit "B".

656915.1

NON-CERTIFIED COPY

R.   **"Johnson Email of June 6, 2013"** means that email from Johnson dated June 6, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "C".

S.   **"Johnson Email of June 11, 2013"** means that email from Johnson dated June 11, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "D".

T.   **"Johnson Email of July 8, 2013"** means that email from Johnson dated July 8, 2013, to Brad Reese, a copy of which is attached hereto as Exhibit "E".

Except as otherwise defined herein, all terms used in this First Set of Requests for Production of Documents shall be given their usual and customary meaning.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

**PRODUCE** all documents relating to RFI#54/Exhibit "A".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

**PRODUCE** all documents responding to RFI#54/Exhibit "A".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

**PRODUCE** minutes of OAC meetings onsite referenced in RFI#54/Exhibit "A".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

With reference to RFI#54/Exhibit "A", **PRODUCE** all documents whereby URS Architecture "confirm[ed] the acceptable material and methods to use for making these repairs."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

**PRODUCE** all documents relating to Johnson Email of March 18, 2013/Exhibit "B".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

With reference to Johnson Email of March 18, 2013/Exhibit "B", **PRODUCE** all documents relating to response by Your "civil engineering consultant for this project."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

**PRODUCE** all documents relating to Johnson Email of June 6, 2013/Exhibit "C".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

**PRODUCE** all documents received from Benchmark Group relating to Johnson Email of June 6, 2013/Exhibit "C".

NON-CERTIFIED COPY

656915.1

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

**PRODUCE** all documents to and from "URS management" relating to Johnson Email of June 6, 2013/Exhibit "C".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

**PRODUCE** all documents relating to Johnson Email of June 11, 2013/Exhibit "D".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **PRODUCE** all documents relating to "a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **PRODUCE** all documents relating to directions to Johnson about sharing (or not) the outcome of the conference.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

**PRODUCE** all documents relating to the H&E Baton Rouge Branch pavement.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

**PRODUCE** all documents relating to the H&E Kenner Branch pavement.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

**PRODUCE** all documents relating to Johnson Email of July 8, 2013/Exhibit "E".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

With reference to Johnson Email of July 8, 2013/Exhibit "E", **PRODUCE** all documents tending to indicate "this is a maintenance issue given the conditions that have been observed."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

**PRODUCE** all policies of liability insurance, whether general liability, professional liability, or other, which may provide coverage to You for the acts and/or omissions alleged in the petition herein.

656915.1

By Attorneys,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By: 

Edward J. Laperouse, II, LBRN 29310
John Ashley Moore, LBRN 9635
L. Adam Thames, LBRN 32722
Megan F. Bice, LBRN 35042
451 Florida Street, 8th floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
Email: ted.laperouse@taylorporter.com
Email: ashley.moore@taylorporter.com
Email: adam.thames@taylorporter.com
Email: megan.bice@taylorporter.com

**PLEASE SERVE
with the petition**

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*

FILED
E. BATON ROUGE PARISH, LA
2013 NOV 20 PM 3: 00

656915.1

NON-CERTIFIED COPY

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

| | |
|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | : **NUMBER:** _____ |
| **Plaintiff** | : **DIVISION:** _____ |
| **VERSUS** | : |
| **URS CORPORATION ARCHITECTURE,** | : |
| **P.C., URS CORPORATION, L. O'NEAL** | : |
| **JOHNSON, AND THOMAS E. RYAN, II,** | : |
| **Defendants** | : |

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF,
H&E EQUIPMENT SERVICES, INC., TO DEFENDANT, L. O'NEAL JOHNSON**

To:    L. O'Neal Johnson,
       1544 La Annie Dr.
       Baton Rouge, LA 70815

**PLEASE TAKE NOTICE** that Plaintiff, H&E Equipment Services, Inc., on authority of

the Louisiana Code of Civil Procedure, propounds the following First Set of Requests for

Production of Documents.  You are hereby notified and required to have answered separately,

fully, and in writing under oath the requests for production of documents attached to this notice

and served herewith.  H&E Equipment Services, Inc. requests the production of the following

documents for inspection and photocopying in the offices of Edward J. "Ted" Laperouse, II,

Taylor, Porter, Brooks & Phillips L.L.P., P.O. Box 2471, Baton Rouge, LA 70821, within thirty

(30) days of service hereof, together with the petition, in accordance with the terms of Articles

1461 and 1462 of the Louisiana Code of Civil Procedure.

The information sought by this First Set of Requests for Production of Documents

includes any and all information in the possession of Defendant, URS Corporation Architecture,

P.C., its attorneys, and any other persons acting on its behalf.  In accordance with Louisiana

Code of Civil Procedure Article 1428, this First Set of Requests for Production of Documents is

deemed to be continuing and supplementation of your responses is requested as the information

changes or becomes available.

EBR2115661

656917.1

NON-CERTIFIED COPY

## DEFINITIONS AND INSTRUCTIONS

A.      "**Any**" means "**all**" and vice versa.

B.      "**Document**" means the original or copy of any written, printed, typed, other graphic matter of any kind or nature, however produced or reproduced, electronic mail or other electronic data compilation, and the original of any stenographic, mechanical, electrical, electronic, computer, or other recording, as well as transcriptions thereof, and the original of any other thing from which information can be obtained, translated if necessary, by you or through detection.   If a document has been prepared in several copies or additional copies have been made that are not identical (or are no longer identical by reason of any subsequent notation on, or other modification of), each non-identical copy is to be construed as a separate document.

C.      "**Plaintiff**" means H&E Equipment Services, Inc.

D.      "**H&E**" means H&E Equipment Services, Inc.

E.      "**You**" and "**Your**" means "**Defendant**".

F.      "**Johnson**" means Defendant, L. O'Neal Johnson.

G.      "**Ryan**" means Defendant, Thomas E. Ryan, II.

H.      "**URS Architecture**" means Defendant, URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

I.      "**URS Corp.**" means Defendant, URS Corporation, and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

J.      "**Person**" or "**Persons**" mean any individual, partnership, firm, corporation, association, trust, joint venture, creditor or any other business or legal entity.

K.      "**Defendant**" means L. O'Neal Johnson.

L.       "**Possession, custody, or control**" includes the joint or several possession, custody, or control not only by the person to whom these Interrogatories are addressed, but also the joint or several possession, custody, or control by each or

NON-CERTIFIED COPY
656917.1

any other person acting or purporting to act in or on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesperson, or otherwise.

M.    **"Relates to"** means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

N.    **"Identify," "identity,"** and **"identification,"** when used to refer to a natural person, mean to state the following:

    a.    The person's full name and present or last known home address, home telephone number, business address, and business telephone number;

    b.    The person's present title and employer or other business affiliation;

    c.    The person's home address, home telephone number, business address and business telephone number at the time of the actions at which each Request is directed; and

    d.    His/her employer and title at the time of the actions at which each Request is directed.

O.    **"Identify," "identity,"** and **"identification,"** when used to refer to a juridical person, mean to state the following:

    a.    The person's full name and address, including telephone number; and

    b.    The person's full name and address at the time of the actions at which each Request is directed.

P.    **"RFI#54"** means that Request For Information dated January 15, 2013, from MAPP Construction, LLC to URS Corporation, Attention: Thomas Ryan, a copy of which is attached hereto as Exhibit "A".

Q.    **"Johnson Email of March 18, 2013"** means that email from Johnson dated March 18, 2013, to Frankie Wynn and Thomas E. Ryan, a copy of which is attached hereto as Exhibit "B".

R.    **"Johnson Email of June 6, 2013"** means that email from Johnson dated June 6, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "C".

S.    **"Johnson Email of June 11, 2013"** means that email from Johnson dated June 11, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "D".

NON-CERTIFIED COPY

656917.1

T.    "**Johnson Email of July 8, 2013**" means that email from Johnson dated July 8, 2013, to Brad Reese, a copy of which is attached hereto as Exhibit "E".

Except as otherwise defined herein, all terms used in this First Set of Requests for Production of Documents shall be given their usual and customary meaning.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

**PRODUCE** all documents relating to RFI#54/Exhibit "A".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

**PRODUCE** all documents responding to RFI#54/Exhibit "A".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

**PRODUCE** minutes of OAC meetings onsite referenced in RFI#54/Exhibit "A".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

With reference to RFI#54/Exhibit "A", **PRODUCE** all documents whereby URS Architecture "confirm[ed] the acceptable material and methods to use for making these repairs."

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

**PRODUCE** all documents relating to Johnson Email of March 18, 2013/Exhibit "B".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

With reference of Johnson Email of March 18, 2013/Exhibit "B", **PRODUCE** all documents relating to response by Your "civil engineering consultant for this project."

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

**PRODUCE** all documents relating to Johnson Email of June 6, 2013/Exhibit "C".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

**PRODUCE** all documents received from Benchmark Group relating to Johnson Email of June 6, 2013/Exhibit "C".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:

**PRODUCE** all documents to and from "URS management" relating to Johnson Email of June 6, 2013/Exhibit "C".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:

**PRODUCE** all documents relating to Johnson Email of June 11, 2013/Exhibit "D".

NON-CERTIFIED COPY
656917.1

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **PRODUCE** all documents relating to "a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **PRODUCE** all documents relating to directions to Johnson about sharing (or not) the outcome of the conference.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

**PRODUCE** all documents relating to the H&E Baton Rouge Branch pavement.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

**PRODUCE** all documents relating to the H&E Kenner Branch pavement.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

**PRODUCE** all documents relating to Johnson Email of July 8, 2013/Exhibit "E".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

With reference to Johnson Email of July 8, 2013/Exhibit "E", **PRODUCE** all documents tending to indicate "this is a maintenance issue given the conditions that have been observed."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

**PRODUCE** all policies of liability insurance, whether general liability, professional liability, or other, which may provide coverage to You for the acts and/or omissions alleged in the petition herein.

NON-CERTIFIED COPY

656917.1

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By: _____

Edward J. Laperouse, II, LBRN 29310
John Ashley Moore, LBRN 9635
L. Adam Thames, LBRN 32722
Megan F. Bice, LBRN 35042
451 Florida Street, 8th floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821
Telephone:  (225) 387-3221
Facsimile:  (225) 346-8049
Email:  ted.laperouse@taylorporter.com
Email:  ashley.moore@taylorporter.com
Email:  adam.thames@taylorporter.com
Email:  megan.bice@taylorporter.com

**PLEASE SERVE**
**with the petition**

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*



FILED
EAST BATON ROUGE PARISH, LA
20 3 NOV 20 PM 3: 40
DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

656917.1

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

| H&E EQUIPMENT SERVICES, INC. | : | NUMBER: _____ |
|---|---|---|
| | : | |
| **Plaintiff** | : | DIVISION: _____ |
| | : | |
| VERSUS | : | |
| | : | |
| URS CORPORATION ARCHITECTURE, | : | |
| P.C., URS CORPORATION, L. O'NEAL | : | |
| JOHNSON, AND THOMAS E. RYAN, II, | : | |
| | : | |
| **Defendants** | : | |

**FIRST SET OF INTERROGATORIES BY PLAINTIFF, H&E EQUIPMENT SERVICES, INC., TO DEFENDANT, URS CORPORATION ARCHITECTURE, P.C.**

To:     URS Corporation Architecture, P.C.,
        through its Agent for Service of Process:
        CT Corporation System
        5615 Corporate Blvd., Suite 400B
        Baton Rouge, LA 70808

**PLEASE TAKE NOTICE** that Plaintiff, H&E Equipment Services, Inc., on authority of Louisiana Code of Civil Procedure, propounds the following First Set of Interrogatories to Defendant, URS Corporation. You are hereby notified and required to have answered separately, fully, and in writing under oath the interrogatories attached to this notice and served herewith, within thirty (30) days of service hereof, together with the petition, in accordance with the terms of Articles 1457, et seq., of the Louisiana Code of Civil Procedure.

The information sought by this First Set of Interrogatories includes any and all information in the possession of Defendant, URS Corporation Architecture, P.C., its attorneys, and any other persons acting on its behalf. In accordance with Louisiana Code of Civil Procedure Article 1428, these interrogatories are deemed to be continuing and supplementation of your responses is requested as the information changes or becomes available.

### DEFINITIONS AND INSTRUCTIONS

A.     "**Any**" means "**all**" and vice versa.

B.     "**Document**" means the original or copy of any written, printed, typed, other graphic matter of any kind or nature, however produced or reproduced, electronic mail or other electronic data compilation, and the original of any stenographic, mechanical, electrical, electronic, computer, or other recording, as well as

EBR2115649

656881.1

NON-CERTIFIED COPY

transcriptions thereof, and the original of any other thing from which information can be obtained, translated if necessary, by you or through detection.  If a document has been prepared in several copies or additional copies have been made that are not identical (or are no longer identical by reason of any subsequent notation on, or other modification of), each non-identical copy is to be construed as a separate document.

C.    "**Plaintiff**" means H&E Equipment Services, Inc.

D.    "**H&E**" means H&E Equipment Services, Inc.

E.    "**You**" and "**Your**" means "**Defendant**".

F.    "**Johnson**" means Defendant, L. O'Neal Johnson.

G.    "**Ryan**" means Defendant, Thomas E. Ryan, II.

H.    "**URS Architecture**" means Defendant, URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

I.    "**URS Corp**" means Defendant, URS Corporation, and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

J.    "**Person**" or "**Persons**" mean any individual, partnership, firm, corporation, association, trust, joint venture, creditor or any other business or legal entity.

K.    "**Defendant**" means URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, investigators, and independent contractors.

L.    "**Possession, custody, or control**" includes the joint or several possession, custody, or control not only by the person to whom these Interrogatories are addressed, but also the joint or several possession, custody, or control by each or any other person acting or purporting to act in or on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesperson, or otherwise.

M.    "**Relates to**" means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

NON-CERTIFIED COPY

656881.1

N.    "**Identify**," "**identity**," and "**identification**," when used to refer to a natural person, mean to state the following:

    a.    The person's full name and present or last known home address, home telephone number, business address, and business telephone number;

    b.    The person's present title and employer or other business affiliation;

    c.    The person's home address, home telephone number, business address and business telephone number at the time of the actions at which each Interrogatory is directed; and

    d.    His/her employer and title at the time of the actions at which each Interrogatory is directed.

O.    "**Identify**," "**identity**," and "**identification**," when used to refer to a juridical person, mean to state the following:

    a.    The person's full name and address, including telephone number; and

    b.    The person's full name and address at the time of the actions at which each Interrogatory is directed.

P.    "**RFI#54**" means that request for information dated January 15, 2013, from MAPP Construction, LLC to URS Corporation, Attention: Thomas Ryan, a copy of which is attached hereto as Exhibit "A".

Q.    "**Johnson Email of March 18, 2013**" means that email from Johnson dated March 18, 2013, to Frankie Wynn and Thomas E. Ryan, a copy of which is attached hereto as Exhibit "B".

R.    "**Johnson Email of June 6, 2013**" means that email from Johnson dated June 6, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "C".

S.    "**Johnson Email of June 11, 2013**" means that email from Johnson dated June 11, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "D".

T.    "**Johnson Email of July 8, 2013**" means that email from Johnson dated July 8, 2013, to Brad Reese, a copy of which is attached hereto as Exhibit "E".

Except as otherwise defined herein, all terms used in these interrogatories shall be given their usual and customary meaning.

NON-CERTIFIED COPY

656881.1

## INTERROGATORIES

**INTERROGATORY NO. 1:**

**STATE** whether You responded to RFI#54/Exhibit "A"?

**INTERROGATORY NO. 2:**

With reference to RFI#54/Exhibit "A", **STATE** whether You "confirm[ed to MAPP Construction, LLC] the acceptable material and methods to use for making these repairs."

**INTERROGATORY NO. 3:**

**IDENTIFY** all documents relating to RFI#54/Exhibit "A".

**INTERROGATORY NO. 4:**

**IDENTIFY** all persons who were consulted about RFI#54/Exhibit "A".

**INTERROGATORY NO. 5:**

With reference to Johnson Email of March 18, 2013/Exhibit "B", **STATE** whether You "forwarded the data to [Your] civil engineer and consultant for this project."

**INTERROGATORY NO. 6:**

**IDENTIFY** all documents relating to Johnson Email of March 18, 2013/Exhibit "B".

**INTERROGATORY NO. 7:**

**IDENTIFY** all persons who were consulted about Johnson Email of March 18, 2013/Exhibit "B".

**INTERROGATORY NO. 8:**

With reference to Johnson Email of June 6, 2013/Exhibit "C", **STATE** whether You "review[ed] with Benchmark Group ([Your] civil engineer of record) and request their opinion."

**INTERROGATORY NO. 9:**

Referencing Johnson Email of June 6, 2013/Exhibit "C", **STATE** whether You requested the opinion of Benchmark Group, and if so, **STATE** the opinion of Benchmark Group.

**INTERROGATORY NO. 10:**

**IDENTIFY** all documents relating to Johnson Email of June 6, 2013/Exhibit "C".

**INTERROGATORY NO. 11:**

**IDENTIFY** all persons who were consulted about Johnson Email of June 6, 2013/Exhibit "C".

NON-CERTIFIED COPY

656881.1

**INTERROGATORY NO. 12:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **IDENTIFY** all documents relating to "URS management [ ] having a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**INTERROGATORY NO. 13:**

With referenced to Johnson Email of June 11, 2013/Exhibit "D", **IDENTIFY** all persons of "URS management" who participated in "a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**INTERROGATORY NO. 14:**

Referencing Johnson Email of June 11, 2013/Exhibit "D", **STATE** Johnson's directions about sharing the outcome.

**INTERROGATORY NO. 15:**

**IDENTIFY** all documents relating to the H&E Baton Rouge Branch pavement.

**INTERROGATORY NO. 16:**

**IDENTIFY** all documents relating to the H&E Kenner Branch pavement.

**INTERROGATORY NO. 17:**

**IDENTIFY** all documents relating to Johnson Email of July 8, 2013/Exhibit "E".

**INTERROGATORY NO. 18:**

**IDENTIFY** all persons who were consulted about Johnson Email of July 8, 2013/Exhibit "E".

NON-CERTIFIED COPY

656881.1

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By:  _____

Edward J. Laperouse, II, LBRN 29310
John Ashley Moore, LBRN 9635
L. Adam Thames, LBRN 32722
Megan F. Bice, LBRN 35042
451 Florida Street, 8th floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821
Telephone:  (225) 387-3221
Facsimile:  (225) 346-8049
Email:  ted.laperouse@taylorporter.com
Email:  ashley.moore@taylorporter.com
Email:  adam.thames@taylorporter.com
Email:  megan.bice@taylorporter.com

**PLEASE SERVE
with the petition**

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*

NON-CERTIFIED COPY

656881.1

- 6 -

# TAYLOR PORTER
### ATTORNEYS AT LAW
*Founded 1912*

EDWARD J. LAPEROUSE II
*Partner*

(225) 381-0210  TELEPHONE
(225) 346-8049  FACSIMILE
ted.laperouse@taylorporter.com

November 20, 2013

**VIA HAND DELIVERY**

Honorable Doug Welborn
Clerk of Court
Nineteenth Judicial District Court
300 North Boulevard
Baton Rouge, LA  70801

Re:  **H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, II**, 19th Judicial District Court, State of Louisiana, Parish of East Baton Rouge; My File No. 3270/33292

Dear Mr. Welborn:

On behalf of H&E Equipment Services, Inc., please find enclosed an original and six (6) copies each of the following:

1. Petition for Damages,

2. Request for Notice,

3. First Set of Requests for Production of Documents to Defendant, URS Corporation Architecture, P.C.,

4. First Set of Requests for Production of Documents to Defendant, URS Corporation,

5. First Set of Requests for Production of Documents to Defendant, L. O'Neal Johnson, and

6. First Set of Requests for Production of Documents to Defendant, Thomas E. Ryan, II.

7. First Set of Interrogatories to Defendant, URS Corporation Architecture, P.C.,

8. First Set of Interrogatories to Defendant, URS Corporation,

9. First Set of Interrogatories to Defendant, L. O'Neal Johnson, and

10. First Set of Interrogatories to Defendant, Thomas E. Ryan, II.

EBR2115646

REC'D C.P.
NOV 21 2013

TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.     | POST OFFICE BOX 2471        | 8TH FLOOR CHASE TOWER SOUTH   | (225) 387-3221  TELEPHONE
6567 www.taylorporter.com                      | BATON ROUGE, LOUISIANA 70821 | 451 FLORIDA STREET (70801)    | (225) 346-8049  FACSIMILE

NON-CERTIFIED COPY

Honorable Doug Welborn
November 20, 2013
Page 2

Please file the originals and return a stamped, filed copy to me.

Please have served as indicated.

My firm check for services performed is also enclosed.

Thank you for your assistance.

Should you have any questions, please contact me directly.

With best wishes, I remain

Very truly yours,

Edward J. Laperouse II

EJL:dvj

cc via email:    Mr. Alan M. Cohen
                 Counsel
                 URS Corporation
                 9400 Amberglen Blvd.
                 Austin, TX 78729
                 Telephone:  (512) 419-6790
                 Facsimile:  (512) 454-8807
                 Email:  alan.cohen@urs.com

656712.1

NON-CERTIFIED COPY

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | : | NUMBER: 026308 |
| **Plaintiff,** | : | DIVISION |
| | : | |
| VERSUS | : | |
| | : | |
| URS CORPORATION ARCHITECTURE, | : | COST OK $ 1390.00 |
| P.C., URS CORPORATION, L. O'NEAL | : | |
| JOHNSON, AND THOMAS E. RYAN, II | : | NOV 20 2013 |
| | : | CH 00227740 |
| **Defendants** | : | DEPUTY CLERK OF COURT |

**D**

## PETITION FOR DAMAGES

H&E Equipment Services, Inc. ("**H&E**" or "**Plaintiff**"), by and through its undersigned

counsel, and for its petition against Defendants, URS Corporation Architecture, PC, URS

Corporation, L. O'Neal Johnson, and Thomas E. Ryan, II, hereby states the following action

based on breaches of contract and professional duty, negligence and other tortious acts, and

unfair trade practices in violation of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401,

*et seq.*

1.

Plaintiff H&E is a Delaware corporation with its principal business in East Baton Rouge

Parish, Louisiana.

2.

Defendants are URS Corporation Architecture, P.C. ("**URS Architecture**"), a North

Carolina corporation authorized to do and doing business in Louisiana, URS Corporation ("**URS

Corp.**"), a Nevada corporation authorized to do and doing business in Louisiana, L. O'Neal

Johnson ("**Johnson**"), an individual domiciled in East Baton Rouge Parish, Louisiana, and

Thomas E. Ryan, II ("**Ryan**"), an individual domiciled in East Baton Rouge Parish, Louisiana.

3.

Jurisdiction and venue are both proper in this Court pursuant to the Louisiana Code of

Civil Procedure.

4.

Plaintiff H&E is a business that sells, services, and rents heavy equipment for use on

construction and industrial projects. H&E owns and operates facilities in various locations in

EBR2115647

NON-CERTIFIED COPY

654890.1

REC'D.C.P.
NOV 2 0 2013

Louisiana and around the United States.  H&E's facilities in Baton Rouge, Kenner and Belle Chasse, Louisiana, are made the subject of this lawsuit.

5.

Defendants URS Architecture and URS Corp. are together an architectural and engineering design firm that advertises and holds itself out as an international leader in providing program management, planning, engineering, architectural design, environmental and construction phase services to a wide range of commercial and industrial clients worldwide. Defendant Johnson is a registered professional architect licensed by the State of Louisiana and employed by URS Architecture and/or URS Corp., who served as lead architect for URS Architecture and/or URS Corp. on the projects made subject of this lawsuit.  Defendant Ryan is a registered professional architect licensed by the State of Louisiana and employed by URS Architecture and/or URS Corp., who also provided architectural services on behalf of URS Architecture and/or URS Corp. on the projects made subject of this lawsuit.

6.

In or around August of 2006, H&E entered into an Agreement for Professional Services with URS Architecture, whereby URS Architecture agreed to furnish, among other things, professional design and construction administration services to H&E in connection with the construction of its new headquarters building and dealership facility to be located on Pecue Lane in Baton Rouge, Louisiana ("**Baton Rouge Project**").

7.

In or around August of 2009, H&E contracted with URS Architecture, whereby URS Architecture agreed to provide "a proposal for professional services for assistance with determining a legitimate budget for the renovations and additions to [H&E's] facility located at 125 East Airline Drive in Kenner LA", which proposal thereafter expanded to include professional design and construction administration services to H&E ("**Kenner Project**").

8.

The professional services agreement between H&E and URS Architecture was also expanded to include delivery of professional design and construction administration services in connection with the renovation and relocation of H&E's "Crane Remanufacturing Facility" located in Belle Chasse, Louisiana ("**Belle Chasse Project**").  The Baton Rouge Project, the

2

NON-CERTIFIED COPY

Kenner Project and the Belle Chasse Project shall collectively be referred to hereinafter as the **"Projects."**

9.

Pursuant to its agreement with H&E, URS Architecture agreed to furnish all design-related and construction administration-related services for each of the Projects in exchange for a certain specified lump-sum price, or alternatively, a reasonable and customary price based upon certain hourly rates. Moreover, Defendant URS Corp. participated in contract performance and delivery of services, and thereby assumed responsibility for the acts and omissions of Defendants URS Architecture, Johnson and Ryan. URS Architecture and URS Corp. shall together be referred to hereinafter as **"URS."**

10.

The construction work for each of the Projects was put out for bid, and general contractors were selected under the guidance and management of URS. Being parts of the Baton Rouge Project, construction of the **"BR Branch Building"** was substantially completed on November 21, 2012, and construction of the **"Headquarters Building"** was substantially completed on December 14, 2012. The Kenner Project construction was substantially completed on March 5, 2013. The Belle Chasse Project remains under construction at the time of the filing of this petition.

11.

During the course of construction of each of the Projects, certain design deficiencies in the plans and specifications for each of the respective Projects began to manifest themselves, which required additional and/or changed work by the contractors and for which H&E incurred significant additional costs.

12.

With respect to the Baton Rouge Project, such design deficiencies include, but are not limited to, the parking lot, mailroom and executive conference room of the Headquarters Building. With respect to the Belle Chasse Project, such design deficiencies regard, but are not limited to, site elevations and roof misalignment.

13.

In addition, shortly after completion of the Baton Rouge Project and the Kenner Project, major portions of the concrete parking aprons and staging areas for H&E's heavy equipment at

NON-CERTIFIED COPY

654890.1

both facilities began experiencing a substantial and unanticipated amount of cracking, spalling and deterioration.   Upon information and belief, the occurrence of such immediate cracking, spalling and deterioration is the result of errors and defects in the design of the parking and staging areas.  Specifically, the design deficiencies relate to the defective and negligent design of the concrete pad, the expansion joints, the control joints, the specified concrete strength, and/or the specified surface of the parking and staging areas.  The damaged and deteriorated areas of the parking and staging area are in need of repair and/or replacement at substantial cost to H&E.

14.

Despite the continuing professional relationship and obligation to recommend remedial action, URS has failed and refused to address with H&E the concrete deficiencies in Baton Rouge and Kenner in order to gain an unfair economic advantage over H&E.

15.

For example, by Request for Information dated January 15, 2013, URS Corp. and Ryan were asked to "confirm the acceptable material and methods to use for making these repairs" to the Kenner Project concrete, to which Defendants URS Corp. and Ryan never responded.  For another example, Johnson emailed H&E's Frankie Wynn on June 11, 2013:  "URS management is having a conference all this afternoon about the H&E Baton Rouge Branch pavement.  If I am directed, I will share the outcome.  If not, I will let you know what I do not know."  Defendants Johnson and URS failed or refused to "share the outcome" of this critical URS management meeting with H&E.  Simply put, Defendants URS, Johnson, and Ryan have actively suppressed the truth about the concrete deficiencies in Baton Rouge and Kenner, have continued to stonewall H&E, and have prejudiced H&E by its silence and inaction.

16.

URS has breached its agreement with H&E by, among other things, failing to design the Projects in accordance with appropriate industry standards and/or in accordance with the required standard of care ordinarily exercised by others in the same profession. As a result of such breaches and failures, H&E has suffered damages in a yet to be determinable amount.

17.

All conditions precedent to the enforcement of the agreement between H&E and URS have been satisfied.

654890.1

NON-CERTIFIED COPY

18.

Additionally, and/or alternatively, URS, as the architectural and engineering firm of record for the design of the Projects, owed H&E a legal duty to exercise the ordinary skill, care and diligence exercised by other architects and engineers in the same or similar circumstances. URS, however, knowingly, recklessly and/or grossly failed to exercise the ordinary skill, care and diligence in designing and managing the construction of the Projects. Such negligent acts and/or omissions constitute a direct and proximate cause of damages to H&E.

19.

In addition, Defendant Johnson, as a design professional and the lead architect of record for the design of the Projects, owed H&E a professional duty to exercise a special degree of skill, care and diligence exercised by other architects in the same or similar circumstances. Johnson, however, knowingly, recklessly and/or grossly failed to exercise the required standard of care in performing his professional services on the Projects. Such negligent acts and/or omissions constitute a direct and proximate cause of damages to H&E.

20.

Defendant Ryan, as a design professional and architect performing professional services on the Projects, owed H&E a professional duty to exercise a special degree of skill, care and diligence exercised by other architects in the same or similar circumstances. Ryan, however, knowingly, recklessly and/or grossly failed to exercise the required standard of care in performing his professional services on the Projects. Such negligent acts and/or omissions constitute a direct and proximate cause of damages to H&E.

**DAMAGES**

21.

H&E does not know the full extent of its damages due to defendants' breaches of contract and duty, delictual acts and deceptive trade practices; however, H&E believes its damages currently exceed $3,000,000.00. H&E may seek leave to amend to more clearly articulate the extent of its damages, as ascertained.

**JURY DEMAND**

22.

Plaintiff H&E requests a trial by civil jury on all issues so triable.

654890.1

NON-CERTIFIED COPY

## REQUEST FOR NOTICE

### 23.

Plaintiff H&E requests written notice to its counsel ten (10) days in advance of the date fixed for trial or hearing on any exception, motion, or rule in this proceeding pursuant to La. Code Civ. P. art. 1572, and Plaintiff further requests pursuant to La. Code Civ. P. arts. 1913 and 1914 immediate notice to its counsel of all interlocutory and final orders and judgments on any exceptions, motions, rules or trial on the merits in these proceedings.

## PRAYER

**WHEREFORE**, Plaintiff, H&E Equipment Services, Inc. prays that Defendants, URS Corporation Architecture, PC, URS Corporation,  L. O'Neal Johnson, and Thomas E. Ryan, II, be served with a copy of this petition, and duly cited to appear and answer same, and that after the lapse of all legal delays and due proceedings are had, there be judgment rendered herein in favor of Plaintiff for all sums reasonable in the premises, including damages, together with legal interest thereon at the maximum legal rate from the date the obligation became due until paid, attorney's fees on the account determined due, penalties, court costs, and such additional relief as is just and to which it may be entitled.  Moreover, Plaintiff, H&E Equipment Services, Inc., specifically requests that Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, II, be cited to the Louisiana Attorney General for their violations of the Louisiana Unfair Trade Practices Act and that there be judgment against Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, II, for damages and attorney's fees thereunder.

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

BY: _____

**Edward J. Laperouse, II, #29310**
**John Ashley Moore, #9635**
**L. Adam Thames, #32722**
**Megan F. Bice, #35042**
**451 Florida Street, 8th Floor (70801)**
**P. O. Box 2471**
**Baton Rouge, LA 70821**
**Telephone:  (225) 387-3221**
**Facsimile:  (225) 346-8049**
**Email:  ted.laperouse@taylorporter.com**
**Email:  ashley.moore@taylorporter.com**
**Email:  adam.thames@taylorporter.com**
**Email:  megan.bice@taylorporter.com**

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*

FILED
EAST BATON ROUGE PARISH, LA
2017 NOV 20  PM 3: 37
DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

654890.1

**PLEASE SERVE:**

**URS Corporation Architecture, P.C.**
through its Registered Agent for service:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA  70808

**URS Corporation**
through its Registered Agent for service:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

**L. O'Neal Johnson**
1544 La Annie Dr.
Baton Rouge, LA 70815

**Thomas E. Ryan, II**
621 Highland Creek Parkway
Baton Rouge, LA 70808

**PLEASE ALSO SERVE:**

**Louisiana Attorney General**
**Consumer Protection Division**
Livingston Building
1885 Third Street
Baton Rouge, LA 70802

NON-CERTIFIED COPY

654890.1

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

| H&E EQUIPMENT SERVICES, INC. | : | NUMBER: _____ |
| | : | |
| **Plaintiff,** | : | DIVISION: _____ |
| | : | |
| VERSUS | : | |
| | : | |
| URS CORPORATION ARCHITECTURE, | : | |
| P.C., URS CORPORATION, L. O'NEAL | : | |
| JOHNSON, AND THOMAS E. RYAN, II | : | |
| | : | |
| **Defendants** | : | |

### REQUEST FOR NOTICE

On behalf of **H&E Equipment Services, Inc.**, plaintiff herein, and in accordance with the provision of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are hereby requested to give the undersigned counsel of record immediate written notice of any order or judgment made or rendered in this case, upon entry of all such orders or judgments whether on the merits, exceptions, rules or amendments thereof.

You are further requested to give the undersigned counsel of record notice, at least ten (10) days advance notice in accordance with Louisiana Code of Civil Procedure Article 1572, of any trial, hearing, rule, pre-trial conference, or other assignment in the captioned matter.

Respectfully submitted by,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**



By: _____
    Edward J. Laperouse, II, LBRN 29310
    John Ashley Moore, LBRN 9635
    L. Adam Thames, LBRN 32722
    Megan F. Bice, LBRN 35042
    451 Florida Street, 8th floor (70801)
    P.O. Box 2471
    Baton Rouge, LA 70821
    Telephone:  (225) 387-3221
    Facsimile:  (225) 346-8049
    Email:  ted.laperouse@taylorporter.com
    Email:  ashley.moore@taylorporter.com
    Email:  adam.thames@taylorporter.com
    Email:  megan.bice@taylorporter.com

**PLEASE SERVE**
**with the petition**

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*

EBR2115648

656692.1

NON-CERTIFIED COPY

2425-13-002058

# CITATION

**H&E EQUIPMENT SERVICES, INC.**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE, P.C., ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:  **URS CORPORATION ARCHITECTURE, P.C.**
**THROUGH ITS REGISTERED AGENT FOR SERVICE:**
**CT CORPORATION SYSTEM**

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **26-NOV-2013**.

*Dianna J. Mahan*
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

**Requesting Attorney: EDWARD J LAPEROUSE**

Also attached are the following documents:
**PETITION FOR DAMAGES; REQUEST FOR NOTICE;**
**INTERROGATORIES; REQUEST FOR PRODUCTION OF**
**DOCUMENTS**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**CT CORPORATION SYSTEMS:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

| | | |
|---|---|---|
| SERVICE: | $_____ | |
| MILEAGE | $_____ | _____ |
| TOTAL: | $_____ | Deputy Sheriff |

**CITATION - 2425**



NON-CERTIFIED COPY

EBR2131483

2425-13-002059                                        1

# CITATION

**H&E EQUIPMENT SERVICES, INC.**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE,
P.C., ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19ᵗʰ JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   URS CORPORATION
      THROUGH ITS REGISTERED AGENT FOR SERVICE:
      CT CORPORATION SYSTEM

GREETINGS:

        Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

        You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

        If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

        This citation was issued by the Clerk of Court for East Baton Rouge Parish on **26-NOV-2013**.

*Deanna J. Mahan*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: EDWARD J LAPEROUSE**

Also attached are the following documents:
**PETITION FOR DAMAGES; REQUEST FOR NOTICE;
INTERROGATORIES; REQUEST FOR PRODUCTION OF
DOCUMENTS**

---

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**CT CORPORATION SYSTEMS:**  By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:     $_____            _____
MILEAGE:     $_____                      Deputy Sheriff
TOTAL:       $_____

**CITATION - 2425**



EBR2131494

NON-CERTIFIED COPY

2402-13-020832

# CITATION

**H&E EQUIPMENT SERVICES, INC.**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE, P.C., ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **L. O'NEAL JOHNSON**
        **1544 LA ANNIE DR.**
        **BATON ROUGE, LA 70815**

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **26-NOV-2013.**

*Deanna J. Mahan*
—————————————————
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: EDWARD J LAPEROUSE**

*The following documents are attached:
**PETITION FOR DAMAGES; REQUEST FOR NOTICE;
INTERROGATORIES; REQUEST FOR PRODUCTION OF
DOCUMENTS**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:**  On the party herein named at _____.

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:**  By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:**  Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:    $_____
MILEAGE    $_____         _____
TOTAL:       $_____                    Deputy Sheriff
                                    Parish of East Baton Rouge

**CITATION - 2402**



NON-CERTIFIED COPY

EBR2131497

2402-13-020833

# CITATION

**H&E EQUIPMENT SERVICES, INC.**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE,
P.C., ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **THOMAS E. RYAN, II
        621 IGHLAND CREEK PARKWAY
        BATON ROUGE, LA 70808**

GREETINGS:

    Attached to this citation is a certified copy of the petition\*.  The petition tells you what you are being sued for.

    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

    This citation was issued by the Clerk of Court for East Baton Rouge Parish on **26-NOV-2013.**

*Deanna J. Mahan*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: EDWARD J LAPEROUSE**

\*The following documents are attached:
**PETITION FOR DAMAGES; REQUEST FOR NOTICE;
INTERROGATORIES; REQUEST FOR PRODUCTION OF
DOCUMENTS**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:**  By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:    $_____
MILEAGE    $_____        _____
TOTAL:        $_____             Deputy Sheriff
                                  Parish of East Baton Rouge

**CITATION - 2402**


NON-CERTIFIED COPY
EBR2131502

6004-13-006570

# NOTICE OF SERVICE

**H&E EQUIPMENT SERVICES, INC.**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE,
P.C., ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **LOUISIANA ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION
LIVINGSOTN BUILDING
1885 THIRD STREET
BATON ROUGE, LA  70802**

GREETINGS:

You are hereby served with PETITION FOR DAMAGES; REQUEST FOR NOTICE;

INTERROGATORIES'; REQUEST FOR PRODUCTION OF DOCUMENTS'.   Certified copy(s) is(are)

attached hereto, as requested by **EDWARD J LAPEROUSE**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **26-NOV-2013**.



_Deanna J. Mahan_
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served
on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____.

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:**  Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:        $_____
MILEAGE        $_____                          _____
TOTAL:          $_____                                        Deputy Sheriff

**NOTICE OF SERVICE –6004**

NON-CERTIFIED COPY

EBR2131505

2402-13-020832

# CITATION

**H&E EQUIPMENT SERVICES, INC.**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE,**
**P.C., ET AL**
(Defendant)

TO:   **L. O'NEAL JOHNSON**
 **1544 LA ANNIE DR.**
 **BATON ROUGE, LA 70815**

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**FILED**

**NOV 27 2013**

**DEPUTY CLERK OF COURT**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 26-NOV-2013.

_Deanna J. Mahan_
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

**Requesting Attorney: EDWARD J LAPEROUSE**

*The following documents are attached:
**PETITION FOR DAMAGES; REQUEST FOR NOTICE;**
**INTERROGATORIES; REQUEST FOR PRODUCTION OF**
**DOCUMENTS**

---

## SERVICE INFORMATION:

Received on the ___26___ day of ___Nov___, 20_13_ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _Lonnel Johnson_ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this ___27___ day of ___Nov___, 20_13_.

SERVICE:   $_____
MILEAGE:   $_____
TOTAL:   $_____

Deputy Sheriff
Parish of East Baton Rouge

**CITATION - 2402**

_E. Oneal Johnson lives_
_here  L. Oneal Johnson_
_Don't live here_

EBR1842025

EBR2131497

NON-CERTIFIED COPY

2425-13-002059

# CITATION

| | |
|---|---|
| **H&E EQUIPMENT SERVICES, INC.**<br>(Plaintiff)<br><br>vs.<br><br>**URS CORPORATION ARCHITECTURE,**<br>**P.C., ET AL**<br>(Defendant) | **NUMBER  C626308 Division D**<br><br>**19th JUDICIAL DISTRICT COURT**<br><br>**PARISH OF EAST BATON ROUGE**<br><br>**STATE OF LOUISIANA** |

TO:   URS CORPORATION
      THROUGH ITS REGISTERED AGENT FOR SERVICE:
      CT CORPORATION SYSTEM

GREETINGS:

    Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

    If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

    This citation was issued by the Clerk of Court for East Baton Rouge Parish on **26-NOV-2013**.

*Deanna J. Mahan*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: EDWARD J LAPEROUSE**

Also attached are the following documents:
**PETITION FOR DAMAGES; REQUEST FOR NOTICE;**
**INTERROGATORIES; REQUEST FOR PRODUCTION OF**
**DOCUMENTS**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**CT CORPORATION SYSTEMS:**  By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

| | |
|---|---|
| SERVICE: $_____<br>MILEAGE $_____<br>TOTAL: $_____ | _____<br>Deputy Sheriff |

CITATION - 2425

**FILED**
**NOV 27 2013**
**DEPUTY CLERK OF COURT**

EBR2131494

EBR1842033

2425-13-002058

# CITATION

**H&E EQUIPMENT SERVICES, INC.**
(Plaintiff)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

vs.

**PARISH OF EAST BATON ROUGE**

**URS CORPORATION ARCHITECTURE, P.C., ET AL**
(Defendant)

**STATE OF LOUISIANA**

NOV 27 2013

TO:   URS CORPORATION ARCHITECTURE, P.C.
THROUGH ITS REGISTERED AGENT FOR SERVICE
CT CORPORATION SYSTEM

*made service on the named party through the CT Corporation*

*by tendering a copy of this document to*
☐ CHASITY CAILLOUET   ☐ TREVOR GAROUTTE   ☒ ANTOINE PIERCE

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells what you are being sued for.

*C. Simmons*
*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **26-NOV-2013**.

*Dianna J. Mahan*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: EDWARD J LAPEROUSE**

Also attached are the following documents:
**PETITION FOR DAMAGES; REQUEST FOR NOTICE;
INTERROGATORIES; REQUEST FOR PRODUCTION OF
DOCUMENTS**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**CT CORPORATION SYSTEMS:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:   $_____
MILEAGE:   $_____        _____
TOTAL:     $_____              Deputy Sheriff

**CITATION - 2425**

**FILED**
**NOV 27 2013**
_____
DEPUTY CLERK OF COURT

EBR1842032

EBR2131483

NON-CERTIFIED COPY

2402-13-020833

# CITATION

199

H&E EQUIPMENT SERVICES, INC.
(Plaintiff)

vs.

URS CORPORATION ARCHITECTURE,
P.C., ET AL
(Defendant)

NUMBER  C626308 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**FILED**

DEC 0 2 2013

DEPUTY CLERK OF COURT

TO:   THOMAS E. RYAN, II
      621 IGHLAND CREEK PARKWAY
      BATON ROUGE, LA 70808

GREETINGS:

     Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

     You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

     This citation was issued by the Clerk of Court for East Baton Rouge Parish on **26-NOV-2013.**



*Dianna J. Mahan*
Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

**Requesting Attorney: EDWARD J LAPEROUSE**

*The following documents are attached:
**PETITION FOR DAMAGES; REQUEST FOR NOTICE;
INTERROGATORIES; REQUEST FOR PRODUCTION OF
DOCUMENTS**

---

**SERVICE INFORMATION:**

Received on the _02_ day of _DCC_ , 20 _13_ and on the _02_ day of _DCC_ , 20 _13_ , served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____ .

**DOMICILIARY SERVICE:** On the within named _____ , by leaving the same at his domicile in this parish in the hands of _____ , a person of suitable age and discretion residing in the said domicile at _____ .

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _02_ day of _DCC_ , 20 _13_ .

SERVICE:     $_____
MILEAGE     $_____
TOTAL:       $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION - 2402**

EBR2099802

EBR2131502

NON-CERTIFIED COPY

# TAYLOR PORTER
### ATTORNEYS AT LAW
*Founded 1912*

JOHN ASHLEY MOORE
*Partner*

(225) 381-0218  TELEPHONE
(225) 346-8049  FACSIMILE
ashley.moore@taylorporter.com

December 6, 2013

**VIA HAND DELIVERY**

Honorable Doug Welborn
Clerk of Court
Nineteenth Judicial District Court
300 North Boulevard
Baton Rouge, LA 70801

COST OK $ [handwritten]

DEC - 6 2013

DEPUTY CLERK OF COURT

Re:     **H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, II**, Suit No. 626,308, Division "D", 19th Judicial District Court, State of Louisiana, Parish of East Baton Rouge; My File No. 3270/33292

Dear Mr. Welborn:

On behalf of H&E Equipment Services, Inc., please find enclosed to (2) copies of the following:

1.  Petition for Damages,

2.  Request for Notice,

3.  First Set of Requests for Production of Documents to Defendant, URS Corporation Architecture, P.C.,

4.  First Set of Requests for Production of Documents to Defendant, URS Corporation,

5.  First Set of Requests for Production of Documents to Defendant, L. O'Neal Johnson,

6.  First Set of Requests for Production of Documents to Defendant, Thomas E. Ryan, II,

7.  First Set of Interrogatories to Defendant, URS Corporation Architecture, P.C.,

8.  First Set of Interrogatories to Defendant, URS Corporation,

9.  First Set of Interrogatories to Defendant, L. O'Neal Johnson, and

10. First Set of Interrogatories to Defendant, Thomas E. Ryan, II.



REC'D C.P.

TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.
6580 www.taylorporter.com

| POST OFFICE BOX 2471
| BATON ROUGE, LOUISIANA 70821

| 8TH FLOOR CHASE TOWER SOUTH
| 451 FLORIDA STREET (70801)

[225] 387-3221  TELEPHONE
[225] 346-8049  FACSIMILE

NON-CERTIFIED COPY

Honorable Doug Welborn
December 6, 2013
Page 2

Please have service re-attempted as follows:

1.     Thomas E. Ryan, II
       37414 Provence Pointe Ave.
       Prairieville, LA  70769-4397
       [Ascension Parish]

2.     L. O'Neal Johnson
       7389 Florida Blvd.
       Baton Rouge, LA  70806

       Or

       12328 Lake Sherwood Ave. N
       Baton Rouge, LA  70816-4349

My firm check for services performed is also enclosed.

Thank you for your assistance.

Should you have any questions, please contact me directly.

With best wishes, I remain

Very truly Yours,

John Ashley Moore

JAM:dvj

658039.1

NON-CERTIFIED COPY

2402-13-021150

# CITATION

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**vs.**

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:    L. O'NEAL JOHNSON
7389 FLORIDA BLVD.
BATON ROUGE, LA 70806
OR
12328 LAKE SHERWOOD AVE. N.
BATON ROUGE, LA.   70816-4349**

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **16-DEC-2013.**

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

**Requesting Attorney: EDWARD J LAPEROUSE**

*The following documents are attached:
PETITION FOR DAMAGES, REQUEST FOR NOTICE, FIRST SET OF INTERROGATORIES TO DEFENDANT L. O'NEAL JOHNSON,  FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FO DEFENDANT, URS, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, URS , FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, L. O'NEAL JOHNSON, ETC.

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:**  On the party herein named at _____ .

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:**  By tendering same to the within named, by handing same to _____ .

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:**  Parish of East Baton Rouge, this _____ day of _____, 20 _____ .

SERVICE:      $_____          _____
MILEAGE      $_____               Deputy Sheriff
TOTAL:         $_____          Parish of East Baton Rouge

**CITATION - 2402**



NON-CERTIFIED COPY

EBR2162008

2302-13-007899

# CITATION

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **THOMAS E RYAN II
37414 PROVENCE POINTE AVE.
PRAIRIEVILLE, LA.  70769-4397**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **16-DEC-2013.**

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

**Requesting Attorney: EDWARD J LAPEROUSE**

*The following documents are attached:
PETITION FOR DAMAGES, REQUEST FOR NOTICE, FIRST SET OF INTERROGATORIES TO DEFENDANT THOMAS E RYAN, II, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FO DEFENDANT, URS, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, URS , FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, L. O'NEAL JOHNSON, ETC.

**SERVICE INFORMATION:**
Received on the _____ day of _____, 20____ and on the _____ day of _____, 20 _____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20 ____.

SERVICE:    $_____
MILEAGE   $_____          _____
TOTAL:      $_____              Deputy Sheriff
                    **CITATION (OOP) - 2302**

NON-CERTIFIED COPY

EBR2162006

2402-13-021150

# CITATION

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **L. O'NEAL JOHNSON
7389 FLORIDA BLVD.
BATON ROUGE, LA 70806
OR
12328 LAKE SHERWOOD AVE. N.
BATON ROUGE, LA.   70816-4349**

GREETINGS:

      Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

      You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

      This citation was issued by the Clerk of Court for East Baton Rouge Parish on 16-DEC-2013.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

**Requesting Attorney: EDWARD J LAPEROUSE**

*The following documents are attached:
PETITION FOR DAMAGES, REQUEST FOR NOTICE, FIRST SET OF INTERROGATORIES TO DEFENDANT L. O'NEAL JOHNSON,  FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FO DEFENDANT, URS, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, URS , FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, L. O'NEAL JOHNSON, ETC.

| SERVICE INFORMATION: |
|---|

Received on the _17_ day of _DEC_, 20 _13_ and on the _19_ day of _DEC_, 20 _13_, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _7389 Florida Blvd_.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _19_ day of _DEC_, 20 _13_.

_Reese #1594_

**Deputy Sheriff
Parish of East Baton Rouge**

FILED
DEC 1 9 2013

DEPUTY CLERK OF COURT

SERVICE:  $_____
MILEAGE  $_____
TOTAL:  $_____

**CITATION - 2402**

NON CERTIFIED COPY

EBR207393927
EBR2162008

COST OK $ 176.00

JAN 1 0 2014

DEPUTY CLERK OF COURT

H&E EQUIPMENT SERVICES                    *        SUIT NO. 626,308      DIV.: D

                                         *        19TH JUDICIAL DISTRICT COURT

VERSUS                                   *

                                         *        PARISH OF EAST BATON ROUGE

URS CORPORATION                          *

ARCHITECTURE, P.C., URS                  POSTED   STATE OF LOUISIANA

CORPORATION, L. O'NEAL                    JAN 13 2014

JOHNSON AND THOMAS E. RYAN

III

---

### ANSWER, AFFIRMATIVE DEFENSES AND RECONVENTIONAL DEMAND ON BEHALF OF DEFENDANTS

---

NOW INTO COURT, through undersigned counsel, come URS CORPORATION

ARCHITECTURE, P.C. ("URS Architecture"), URS CORPORATION ("URS

Corporation"), L. O'NEAL JOHNSON ("Johnson") AND THOMAS E. RYAN, III,

("Ryan") (all collectively referred to hereinafter as "Defendants"), who respond to

Plaintiff, H&E Equipment Services, Inc.'s ("H&E") Petition for Damages (the

"Petition"), as follows:

## I.  AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendants affirmatively assert and plead that, at all times pertinent hereto they

have diligently performed all duties owed under any and all applicable agreements

with H&E.

### SECOND DEFENSE

In the event that Defendants are found liable to H&E for the damages alleged in

this lawsuit, Defendants affirmatively assert and plead the limitation of liability and

damages pursuant to the August 13, 2009 "Short Form Master Agreement for

Professional Service" ("2009 Agreement") which, by its terms, superseded "all prior

written and/or oral contracts and agreements that may have been made or entered into

between [H&E] and [URS-Architecture]," which includes but is not limited to the

REC'D.C.P.

JAN 13 2014

1

EBR2168647

NON-CERTIFIED COPY

August 28, 2006 "Agreement for Professional Services." **Exhibit "A"-** Short Form Master Agreement for Professional Service, at p.4, Sec. 18.1.

### THIRD DEFENSE

Defendants affirmatively assert and plead that, under the express terms of the 2009 Agreement any alleged liability they may have is limited by virtue of the "Warranty" found in Paragraph 4 of the 2009 Agreement which provides, in pertinent part, that: "Consultant's sole liability to Client for any non-conforming Services shall be to re-perform the non-conforming Services…" Exhibit "A", p.1, Sec. 4.1.

### FOURTH DEFENSE

Defendants affirmatively assert and plead that, under the express terms of the 2009 Agreement any alleged liability they may have is limited by virtue of Section 8.1 of the 2009 Agreement which provides a reciprocal waiver of, *inter alia,* "any consequential, special, incidental, indirect, punitive, or exemplary damages…" Exhibit "A", p.2, Sec. 8.1.

### FIFTH DEFENSE

Defendants affirmatively assert and plead that, H&E's alleged damages are capped and are otherwise limited by the express terms of the 2009 Agreement which expressly limits Defendants' liability "arising from or in connection with the performance or non-performance of any or all Services or other obligations under a Work Authorization…" to a maximum of "$250,000 or ten percent (10%) of the compensation paid Consultant (URS Architecture) pursuant to such Work Authorization, whichever is greater…" Exhibit "A", p.3, Sec. 9.1.

### SIXTH DEFENSE

Defendants affirmatively assert and plead that H&E's claims under the Trade Practices and Consumer Protection Law, La. R.S. La. R.S. 51:1401, et seq. ("LUTPA") fail to state a cause of action where the allegations are of a breach of contract.

2

NON-CERTIFIED COPY

## SEVENTH DEFENSE

Defendants affirmatively assert and plead the defense of offset. As set forth more fully in the Reconventional Demand, *infra.*, H&E is justly and duly indebted to Defendants for amounts owed under the 2009 agreement for professional services rendered.

## EIGHTH DEFENSE

Defendants assert that Plaintiff has failed to mitigate its damages and thus any recovery to which it may be entitled must be reduced accordingly.

## NINTH DEFENSE

H&E's claims are barred by the doctrines of waiver and estoppel.

## TENTH DEFENSE

Defendants affirmatively assert and plead that any and all obligations owed under any of the several agreements between URS Architects and H&E were extinguished by performance of the same.

## ELEVENTH DEFENSE

Defendants affirmatively assert and plead that, at all times pertinent hereto, they acted in good faith in performance of its duties under all agreements with H&E.

## TWELFTH DEFENSE

Defendants affirmatively assert and plead that any and all damages allegedly suffered by H&E were caused by H&E's lack of maintenance and/or normal wear with regard to the surfaces at issue herein.

## THIRTEENTH DEFENSE

Defendants affirmatively assert and plead that any and all damages allegedly suffered by H&E were caused by the actions or fault of others for which Defendants are not responsible.

NON-CERTIFIED COPY

## II.   <u>ANSWER</u>

AND NOW, in response to the specific allegations in the Petition for Damages, Defendants aver:

Defendants deny all allegations contained in Plaintiff's Petition for Damages unless specifically admitted herein.

1.

The allegations contained in Paragraph 1 of Plaintiff's Petition are admitted.

2.

The allegations contained in Paragraph 2 of Plaintiff's Petition are admitted.

3.

The allegations contained in Paragraph 3 of Plaintiff's Petition are admitted.

4.

The allegations contained in Paragraph 4 of Plaintiff's Petition are admitted.

5.

The allegations contained in Paragraph 5 of Plaintiff's Petition are denied as written. Further answering that it is admitted that L. O'Neal Johnson is a registered professional architect, and that he served as architect of record on the projects made subject of this lawsuit (the "Projects") as opposed to "lead architect" as stated in Paragraph 5. It is also admitted that Thomas E. Ryan, III is a registered professional architect who provided architectural services on the Projects.

6.

The allegations contained in Paragraph 6 of Plaintiff's Petition are admitted. However, the 2006 "Agreement for Professional Services" was superseded by the August 13, 2009 "Short Form Master Agreement for Professional Service" ("2009 Agreement"). The 2009 Agreement speaks for itself and is the best evidence of its contents and any allegations relative to any subject matter covered by said Agreement that are inconsistent therewith are denied.

4

NON-CERTIFIED COPY

7.

The allegations contained in Paragraph 7 of Plaintiff's Petition are denied, except to admit that parties entered into the 2009 Agreement which speaks for itself and is the best evidence of its contents and any allegations relative to any subject matter covered by said contract that are inconsistent therewith are denied.

8.

The allegations contained in Paragraph 8 of Plaintiff's Petition are denied, except to admit that parties entered into the 2009 Agreement which speaks for itself and is the best evidence of its contents and any allegations relative to any subject matter covered by said contract that are inconsistent therewith are denied.

9.

The allegations contained in Paragraph 9 of Plaintiff's Petition are denied.  The 2009 Agreement speaks for itself and is the best evidence of its contents and any allegations relative to any subject matter covered by said Agreement that are inconsistent therewith are denied.

10.

The allegations contained in Paragraph 10 of Plaintiff's Petition are admitted. Further answering that H&E had the ultimate decision as to which contractors to hire and H&E issued its final approval of all work performed on the projects listed in Paragraph 10.  At no time did H&E withhold approval, make complaints or otherwise express concerns with regard to the work performed.

11.

The allegations contained in Paragraph 11 of Plaintiff's Petition are denied.

12.

The allegations contained in Paragraph 12 of Plaintiff's Petition are denied.

NON-CERTIFIED COPY

13.

The allegations contained in Paragraph 13 of Plaintiff's Petition are denied. Defendants admit that issues have arisen with the concrete staging areas for H&E's heavy equipment, but Defendants deny that the conditions described in Paragraph 13 of Plaintiff's Petition are in any way attributable to design deficiencies and Defendants further assert that these problems were caused by other factors and/or parties, outside of Defendants' control.

14.

The allegations contained in Paragraph 14 of Plaintiff's Petition are denied. Further answering that Defendants owe no "obligation to recommend remedial action", since, as stated in Paragraph 13 *supra.*, the "concrete deficiencies" were not caused by any design defect or factor within Defendants' control.

15.

The allegations contained in Paragraph 15 of Plaintiff's Petition are denied except to admit that parties entered into the 2009 Agreement which speaks for itself and is the best evidence of its contents and any allegations relative to any subject matter covered by said contract that are inconsistent therewith are denied. Specifically answering that Defendants owe no obligation to recommend remedial action under the 2009 Agreement, or otherwise, since the "concrete deficiencies" were not caused by any design defect or factor within Defendants' control.

16.

The allegations contained in Paragraph 16 of Plaintiff's Petition are denied. Defendants, at all times acted in accordance with the applicable standard of care. Defendants' liability, if any, and H&E's damages arising therefrom, if any, are expressly limited under the terms of the 2009 Agreement.

17.

The allegations contained in Paragraph 17 of Plaintiff's Petition are denied.

NON-CERTIFIED COPY

18.

The allegations contained in Paragraph 18 of Plaintiff's Petition are denied.

19.

The allegations contained in Paragraph 19 of Plaintiff's Petition are denied.

20.

The allegations contained in Paragraph 20 of Plaintiff's Petition are denied.

21.

The allegations contained in Paragraph 21 of Plaintiff's Petition are denied. Further answering that Defendants' liability, if any, and H&E's damages arising therefrom, if any, are expressly limited under the terms of the 2009 Agreement.

22.

The allegations contained in Paragraph 22 of Plaintiff's Petition do not require an answer of Defendants.

23.

The allegations contained in Paragraph 23 of Plaintiff's Petition do not require an answer of Defendants.

24.

Any and all unnumbered paragraphs of Plaintiff's Petition for Damages, including but not limited to the Prayer for Relief and Introduction are denied.

25.

Defendants hereby give notice that they intend to assert any additional claims and rely upon any additional defenses that may become available or appear during the discovery proceedings in this case and hereby reserve the right to amend this Answer to assert any such claims or defenses.

WHEREFORE, the Defendants, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL JOHNSON and THOMAS E. RYAN, III, pray that this Answer be deemed good and sufficient and that after due proceedings, there be

7

NON-CERTIFIED COPY

judgment herein in favor of Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, and against Plaintiff, H&E Equipment Services, Inc. dismissing all claims herein at the sole cost and expense of Plaintiff; and for all other equitable relief the Court deems just and proper under these premises.

## III.   RECONVENTIONAL DEMAND

AND NOW, assuming the role of Plaintiffs-in-Reconvention, come URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture") a foreign corporation authorized to do and doing business in Louisiana and URS CORPORATION a foreign corporation authorized to do and doing business in Louisiana ("URS Corporation") (collectively referenced as "URS") assert the following Reconventional Demand:

### COUNT I- SUIT ON OPEN ACCOUNT

I.

Made Defendant-in-Reconvention herein is:

**H&E EQUIPMENT SERVICES, INC.** ("H&E"), upon information and belief, a foreign corporation with its principal place of business in Baton Rouge, Louisiana, which may be served through its counsel of record.

II.

On or about August 13, 2009 H&E entered into a "Short Form Master Agreement for Professional Service" ("2009 Agreement") with URS Architecture[1], under which URS Architecture was to provide professional services to H&E in connection with several construction projects. A true and correct copy of the 2009 Agreement is attached hereto as Exhibit "A".

III.

URS Architecture and L. O'Neal Johnson and Thomas Ryan, III performed professional services under the 2009 Agreement for H&E in connection with the construction projects in Baton Rouge, Kenner and Belle Chase (the "Projects").

---

[1] The 2009 Agreement superseded the August 28, 2006 "Agreement for Professional Services."

8

NON-CERTIFIED COPY

IV.

H&E has since failed and/or refused to pay URS' invoices in full for the professional services rendered in connection with the Projects and under the applicable agreement, having made no payments on its account since December, 2012.

V.

As of January 7, 2014, H&E's balance, currently due and owing, for professional services rendered is TWO HUNDRED THIRTY-TWO THOUSAND NINE HUNDRED THIRTY-NINE AND 14/100 ($232,939.14) DOLLARS. A true and correct copy of the Accounts Receivable Ledger for H&E's Account is attached hereto as Exhibit B.

VI.

The amounts due and owing from H&E to URS are amounts due on an "open account" as defined under La. R.S. 9:2781(D) as "a part or all of the balance is past due," and also as these debts were "incurred for professional services."

VII.

By citation and service of this Reconventional Demand, URS makes written demand as required under La. R.S. 9:2781(A) and if H&E fails to pay the amounts due on their account after fifteen (15) days from service of this Reconventional Demand, then URS shall be entitled to attorney fees for the prosecution and collection of this claim once judgment on the claim is rendered in URS' favor.

VIII.

Additionally, pursuant to Article 2 of the 2009 Agreement, H&E is responsible for interest at the rate of one percent (1%) per month. Additionally, Article 2 of the 2009 Agreement requires H&E to pay attorneys' fees, court costs and other related expenses to URS, if URS is successful in this action for unpaid invoice amounts. Exhibit "A", Sec. 2.1, p.1.

NON-CERTIFIED COPY

## COUNT II- BREACH OF CONTRACT

IX.

URS incorporates by reference Paragraphs I through VIII of its Reconventional Demand as if fully set forth herein.

X.

Alternatively, H&E is liable to URS for all amounts that may be proven at trial in this matter on the theory of breach of contract based on H&E's failure to pay URS for the professional services rendered under the 2009 Agreement, plus interest at one percent (1%) per month until paid in full, plus reasonable attorneys' fees as agreed upon by the parties, plus all costs of these proceedings through collection of all amounts due and owing and for all just

## COUNT III- ENRICHMENT WITHOUT CAUSE

XI.

URS incorporates by reference Paragraphs I through X of its Reconventional Demand as if fully set forth herein.

XII.

Alternatively, in the event that this Court finds that no other remedy is available, because H&E received a valuable benefit in the form of professional services rendered by URS, without payment and URS has been damaged and thus, H&E is liable to URS for all amounts due and owing on the alternative ground of enrichment without cause.

WHEREFORE, Plaintiffs-in-Reconvention, URS Corporation Architecture, P.C. and URS Corporation respectfully pray that Defendant-in-Reconvention, H&E Equipment Services, Inc. be served with a copy of this pleading, and that it be duly cited to appear and answer same; and that after all legal delays and due proceedings are had, there be judgment herein in favor of URS Corporation Architecture, P.C. and URS Corporation and against H&E Equipment Services, Inc. in the amount of TWO HUNDRED THIRTY-TWO THOUSAND NINE HUNDRED THIRTY-NINE AND

10

NON-CERTIFIED COPY

14/100 ($232,939.14) DOLLARS on its account, plus interest at one percent (1%) per month until paid in full, plus reasonable attorneys' fees as agreed upon by the parties, and provided under La. R.S. 9: 2781, plus all costs of these proceedings through collection of all amounts due and owing and for all just and equitable relief available under these premises.

Alternatively, Plaintiffs-in-Reconvention, URS Corporation Architecture, P.C. and URS Corporation respectfully pray that in the event that Plaintiffs-in-Reconvention are found not to be entitled to relief pursuant to LSA-R.S. 9:2781, that there be judgment in favor of URS Corporation Architecture, P.C. and URS Corporation and against H&E for all amounts that may be proven at trial based on the grounds of breach of contract or for all amounts that may be proven at trial based on the grounds of enrichment without cause and for all just and equitable relief available under these premises.

### COUNT IV- BAD FAITH LUTPA CLAIM

AND NOW, assuming the role of Plaintiffs-in-Reconvention, come URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture") a foreign corporation authorized to do and doing business in Louisiana, URS CORPORATION a foreign corporation authorized to do and doing business in Louisiana ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") and THOMAS E. RYAN, III, ("Ryan") (collectively referenced herein as "URS Plaintiffs-in-Reconvention") and assert the following Reconventional Demand:

XIII.

URS Plaintiffs-in-Reconvention incorporate by reference Paragraphs 1 through 25 of their Answer as if fully set forth herein.

11

NON-CERTIFIED COPY

XIV.

H&E, in its Petition for Damages, asserts that the URS Plaintiffs-in-Reconvention

violated the "Louisiana Unfair Trade Practices Act"[2] La. R.S. 51:1401, et seq. ("LUTPA").

XV.

URS Plaintiffs-in-Reconvention assert that H&E's LUTPA claim is groundless

and was brought in bad faith or for purposes of harassment.

XVI.

Thus, pursuant to La. R.S. 51:1409, URS Plaintiffs-in-Reconvention are entitled to

an award to reasonable attorney fees and costs.

WHEREFORE, Plaintiffs-in-Reconvention, pray that after all legal delays and due

proceedings are had, there be judgment herein in favor of URS Corporation

Architecture, P.C.; URS Corporation; L. O'Neal Johnson and Thomas E. Ryan, III,

finding that the claim under the LUTPA, La. R.S. 51:1401, *et seq.* by H&E Equipment

Services, Inc. was groundless and brought in bad faith or for purposes of harassment

and for an award of reasonable attorney fees in connection with the defense of these

claims and for all just and equitable relief available under these premises.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

*Attorneys for Defendants, URS Corporation
Architecture, P.C.; URS Corporation; L. O'Neal
Johnson and Thomas E. Ryan, III*

---

[2] Properly cited as the Trade Practices and Consumer Protection Law.

12

NON-CERTIFIED COPY

FILED
EAST BATON ROUGE PARISH, LA
2014 JAN 10 PM 3: 08
DEPUTY CLERK OF COURT

**PLEASE SERVE:**
H&E Equipment Services, Inc.
Through its Attorney of Record
Edward J Lapeyrouse, II
Taylor, Porter, Brooks & Phillips, LLP
451 Florida St., 8th Floor
Baton Rouge, Louisiana 70801

<strong><u>CERTIFICATE OF SERVICE</u></strong>

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email and by placing same in the United States Mail, postage pre-paid, this 10TH day of January, 2014.

Kellen J. Mathews



NON-CERTIFIED COPY



**URS**

SHORT FORM MASTER AGREEMENT FOR PROFESSIONAL SERVICES
BETWEEN
**H&E Equipment Services, Inc.**
AND
**URS Corporation Architecture PC**

**THIS AGREEMENT** ("Agreement") for Professional Services, (together with the attachments hereto) dated and effective as of August 13, 2009 (the "Effective Date"), is hereby made and entered into by and between H&E Equipment Services, Inc., a Delaware corporation, (hereinafter "Client") having a place of business located at 11100 Mead Road, Suite 200, Baton Rouge, Louisiana 70816 and URS Corporation Architecture PC, a North Carolina corporation (hereinafter "Consultant") having a place of business located at 7389 Florida Blvd, Suite 300, Baton Rouge, Louisiana, 70806 Consultant and Client are each individually referred to as a "Party" and collectively as the "Parties".

The Parties agree as follows:

**1.    WORK AUTHORIZATIONS**

1.1    Consultant agrees to undertake and perform certain consulting and professional engineering services ("Services") in accordance with the terms and conditions contained herein, as may be requested by Client from time to time.  The Services to be performed, Consultant's compensation, and the schedule for performance for each task shall be described in one or more authorizations issued to Consultant by Client, the form of which is attached hereto as Attachment 1 ("Work Authorization").  A Work Authorization shall be valid and binding upon the Parties only if accepted in writing by Client and Consultant.  Each duly executed Work Authorization shall be subject to the terms and conditions of this Agreement, except to the extent expressly modified by the Work Authorization.

1.2    It is the expressed intent of the parties that this Agreement shall be made available to subsidiaries and affiliated companies of Consultant.  For the purposes of this Agreement, as it applies to each Work Authorization, the term "Consultant" shall mean either Consultant as defined above or the subsidiary or affiliate of Consultant identified in the Work Authorization.  The applicable Work Authorization shall clearly identify the legal name of the entity accepting the Work Authorization.

**2.    PAYMENTS FOR SERVICES**

2.1    Unless otherwise stated in a Work Authorization, payment shall be on a time and materials basis under the Schedule of Fees and Charges in effect when the Services are performed.  Client shall pay undisputed portions of each progress invoice within thirty (30) days of the date of the invoice.  If payment is not received within thirty (30) days from the due date of such payment, Consultant may suspend further performance under one or more Work Authorizations until payments are current.  Client shall notify URS of any disputed amount within fifteen (15) days from date of the invoice, give reasons for the objection, and promptly pay the undisputed amount.  Client shall pay an additional charge of one percent (1%) per month or the maximum percentage allowed by law, whichever is the lesser, for any past due amount.  In the event of a legal action for invoice amounts not paid, attorneys' fees, court costs, and other related expenses shall be paid to the prevailing party.

2.2    Client shall reimburse Consultant for all taxes, duties and levies such as Sales, Use, Value Added Taxes, Deemed Profits Taxes, and other similar taxes which are added to or deducted from the value of Consultant's Services.  For the purpose of this Article such taxes shall not include taxes imposed on Consultant's net income, and employer or employee payroll taxes levied by any United States taxing authority, or the taxing authorities of the countries or any agency or subdivision thereof in which URS subsidiaries, affiliates, or divisions are permanently domiciled.  It is agreed and understood that these net income, employer or employee payroll taxes are included in the unit prices or lump sum to be paid Consultant under the applicable Work Authorization.

2.3    Where charges are "not to exceed" a specified sum, Consultant shall notify Client before such sum is exceeded and shall not continue to provide the Services beyond such sum unless Client authorizes an increase in the sum.  If a "not to exceed" sum is broken down into budgets for specific tasks, the task budget may be exceeded without Client authorization as long as the total sum is not exceeded.  Changes in conditions, including, without limitation, changes in laws or regulations occurring after the budget is established, or other circumstances beyond URS control, shall be a basis for equitable adjustments in the budget and schedule.

**3.    CONFIDENTIALITY**

3.1    For a period commencing with the disclosure of any confidential information under this Agreement and/or a Work Authorization(s) and ending on the second anniversary such disclosure was first made, Consultant and Client each agree not to disclose to third parties, including also subcontractors and vendors (unless such subcontractors and vendors have a need to know and are bound to similar obligations of confidentiality), any information that is identified as confidential in writing on the materials made available to the other Party hereunder

**4.    WARRANTY**

4.1    Consultant warrants that any consulting and professional engineering Services performed by it under a Work Authorization shall be performed in accordance with that degree of care and skill ordinarily exercised by members of Consultant's profession practicing at the same time in the same location. Consultant's sole liability to Client for any non-conforming Services shall be to re-perform the non-conforming or defective Services, written notice of which must be promptly given by Client to Consultant. Consultant's obligation for re-performance of non-conforming Services as set



I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

1

Exhibit "A"

NON-CERTIFIED COPY

# URS

forth in the preceding sentence shall extend for a term commencing at the substantial completion of such Services under a Work Authorization and ending one year later.

4.2    THE WARRANTY SET FORTH IN THIS ARTICLE 4 IS EXCLUSIVE, AND IN LIEU OF ANY AND ALL OTHER WARRANTIES RELATING TO THE SERVICES, WHETHER STATUTORY, EXPRESS OR IMPLIED, AND CONSULTANT DISCLAIMS ANY SUCH OTHER WARRANTIES, INCLUDING BUT NOT LIMITED TO ANY AND ALL WARRANTIES OF MERCHANTABILITY AND/OR FITNESS FOR A PARTICULAR PURPOSE AND ANY AND ALL WARRANTIES ARISING FROM COURSE OF DEALING AND/OR USAGE OF TRADE.  ANY OTHER STATEMENTS OF FACT OR DESCRIPTIONS EXPRESSED IN THE AGREEMENT OR ANY WORK AUTHORIZATION SHALL NOT BE DEEMED TO CONSTITUTE A WARRANTY OF THE SERVICES OR ANY PART THEREOF.  CONSULTANT'S REPERFORMANCE OF DEFECTIVE OR NON-CONFORMING SERVICES THROUGH THE ONE YEAR PERIOD PROVIDED FOR IN THIS ARTICLE 4 SHALL CONSTITUTE COMPLETE FULFILLMENT OF, AND CLIENT'S EXCLUSIVE REMEDY FOR, ALL THE LIABILITIES OR RESPONSIBILITIES OF CONSULTANT TO CLIENT FOR NON-CONFORMING OR DEFECTIVE SERVICES, WHETHER THE CLAIMS OF CLIENT ARE BASED ON DELAY, CONTRACT, TORT, NEGLIGENCE, STRICT LIABILITY, WARRANTY, INDEMNITY, ERROR AND OMISSION OR ANY OTHER CAUSE WHATSOEVER.

5.    WORK BY OTHERS

5.1    The performance by Consultant of Services under a Work Authorization shall not constitute an assumption by Consultant of the obligations of Client or its other contractors.  Consultant shall not control or have charge of, and shall not be responsible for, construction means, methods, techniques, sequences, procedures of construction, health or safety programs, or precautions connected with the work of Client or its other contractors, and shall not manage, supervise, control or have charge of construction.  Client shall require Consultant to be named as an additional insured along with Client on any liability insurance policies provided by Client's construction contractors.  To the fullest extent permitted by law, Client shall defend Consultant against any claim, suit or proceeding asserted by one of its other contractors and indemnify, defend and save Consultant harmless from any and all actual or alleged claims and losses (including, without limitation, attorney's fees) sustained by such contractor in connection with the Services, regardless or whether or not any of the foregoing arose out of the negligent acts or omissions of Consultant.

6.    INSURANCE

6.1    In the event Consultant performs Services under any Work Authorization in connection with a project for which Client or another party with which Client has contracted obtains all-risk or builder's risk property insurance, Client, as the case may be, shall name, or shall cause such other party to name, Consultant as an additional insured on such all risk or builder's risk property insurance.  Client acknowledges that Consultant has an insurable interest in such all risk or builder's risk property insurance.

6.2    Consultant and Client each waive all rights of recovery and subrogation against each other with respect to a loss occurring to property of the other, to the extent that such waivers do not invalidate the property insurance of either.

7.    INDEMNITY

7.1    Each Party shall indemnify, defend and save the other Party, its officers, directors, employees and affiliates harmless from any loss, cost or expense claimed by third parties, excluding employees of either Party, for property damage and/or bodily injury, including death, to the proportionate extent such loss, cost or expense arises from the negligence or willful misconduct of the indemnifying Party, its employees or affiliates in connection with the Services.

7.2    Notwithstanding any other provision contained elsewhere in this Agreement to the contrary and to the fullest extent permitted by law, Client shall be liable for and indemnify, defend and save Consultant, its officers, directors, employees and affiliates harmless from and against any and all actual or alleged claims, damages (including incidental, consequential, indirect and special damages), losses, and expenses (including, without limitation, all penalties, attorney's fees, fines and administrative or civil sanctions arising out of or related to such claim) (collectively "Losses") arising out of: (1) economic loss suffered by third parties; and/or (2) investment decisions of Client or third parties in reliance upon the results of the Services, regardless of whether or not any of the foregoing arose out of the negligent acts or omissions of Consultant.

7.3    The indemnity and save harmless obligations of Consultant and Client under this Article 7 shall not apply with respect to any Hazardous Material, as Consultant's and Client's rights and obligations with respect thereto are set forth in Article 10.

8.    WAIVER OF CONSEQUENTIAL DAMAGES

8.1    Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, neither Client nor Consultant shall be liable, whether based on contract, tort, negligence, strict liability, warranty, indemnity, error and omission or any other cause whatsoever, for any consequential, special, incidental, indirect, punitive or exemplary damages, or damages arising from or in connection with loss of power, loss of use, loss of revenue or profit (actual or anticipated), loss by reason of shutdown or non-operation, increased cost of construction, cost of capital, cost of replacement power or customer claims, and Consultant hereby releases Client and Client hereby releases Consultant from any such liability.

9.    LIMITATION OF LIABILITY

9.1    Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, in no

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

2

Exhibit "A"

NON-CERTIFIED COPY



event shall the total cumulative aggregate liability of Consultant, its subconsultants, and their respective partners, officers, directors, shareholders, employees, and agents (referred to collectively in this Article as "Consultant") to Client resulting from, arising out of or in connection with the performance or nonperformance of any or all Services or other obligations under a Work Authorization, exceed $250,000 or ten percent (10%) of the compensation paid Consultant pursuant to such Work Authorization, whichever is greater, or extend beyond the expiration of the warranty period under Article 4 for the Services performed under the Work Authorization, regardless of the legal theory under which such liability is imposed. The remedies stated in the Agreement are Client's sole and exclusive remedies for any failure by Consultant to comply with obligations to Client, and Client hereby irrevocably waives any right to assert a claim against Consultant based on a legal theory that a remedy provided herein fails of its essential purpose.

10.    **HAZARDOUS MATERIAL**

10.1    Nothing in this Agreement shall be construed or interpreted as requiring Consultant to assume the status of, and Client acknowledges that Consultant does not act in the capacity nor assume the status of, Client or others as a "generator," "operator," "transporter," or "arranger" in the treatment, storage, disposal, or transportation of any hazardous substance or waste as those terms are understood within the meaning of the Resource Conservation and Recovery Act (RCRA), Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), or any other similar federal, state, or local law, regulation, or ordinance. Client acknowledges further that Consultant has played no part in and assumes no responsibility for generation or creation of any hazardous waste, pollution condition, nuisance, or chemical or industrial disposal problem, if any, which may exist at any site that may be the subject matter of any Work Authorization.

10.2    It is acknowledged by both parties that the Services do not include services related to regulated substances, pollutants, or hazardous or toxic wastes ("Hazardous Material"). In the event Consultant or any other party encounters undisclosed Hazardous Materials, Consultant shall notify Client and, to the extent required by law or regulation, the appropriate governmental officials, and Consultant may, at its option and without liability for delay, consequential or any other damages to Client, suspend performance of Services on that portion of the project affected by Hazardous Material until Client: (i) retains appropriate specialist consultant(s) or contractor(s) to identify and, as appropriate, abate, remediate, or remove the Hazardous material; and (ii) warrants that the project site is in full compliance with all applicable laws and regulations. Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, Client shall indemnify, defend and save Consultant and its affiliates, subconsultants, agents, and suppliers of any tier, and any and all employees, officers, directors of any of the foregoing, if any, from and against any and all Losses which arise out of the performance of the Services and relating to the regulation and/or protection of the environment, including, without limitation, Losses incurred in connection with characterization, handling, transportation, storage, removal, remediation, disturbance or disposal of Hazardous Material, whether above or below ground and not brought to a Client site or other proposed project site by Consultant in the performance of the Services without Client's approval.

11.    **CHANGES**

11.1    The Parties may from time to time by mutual agreement seek to modify, extend or enlarge the Services under a Work Authorization ("Modification"). In the event the Parties agree to a Modification to add additional Services, or to make other modifications to the Services, Consultant's compensation, the schedule and any other relevant terms and conditions of the applicable Work Authorization shall be equitably adjusted prior to performance of such Services.

12.    **OWNERSHIP OF DOCUMENTS**

12.1    Consultant grants to Client a transferable, irrevocable and perpetual royalty-free license to retain and use all work products delivered to Client for any purpose in connection with the project specified in each Work Authorization, upon full payment by Client for Consultant's Services. Client also may use such work product for other purposes with Consultant's written consent. Re-use of any such work product by Client on any extension of the project or on any other project without the written authorization of Consultant shall be at Client's sole risk and Client shall indemnify, defend and save Consultant and its affiliates, consultants, agents, subcontractors and suppliers of any tier, and any and all employees, officers and directors of any of the foregoing, if any, from and against any and all Losses suffered as a result of, or arising out of, or in connection with such re-use. Consultant shall have the right to retain copies of all such work product. Consultant retains the right of ownership with respect to any patentable concepts or copyrightable materials arising from its Services.

13.    **TERMINATION/SUSPENSION**

13.1    Client may terminate all or any portion of the Services under one or more Work Authorizations for convenience, at its option, by sending a written notice to Consultant. Either party can terminate this Agreement or a Work Authorization for cause if the other commits a material, uncured breach of this Agreement or becomes insolvent. Termination for cause shall be effective twenty (20) days after receipt of a notice of termination, unless a later date is specified in the notice. The notice of termination for cause shall contain specific reasons for termination and both parties shall cooperate in good faith to cure the causes for termination stated in the notice. Termination shall not be effective if reasonable action to cure the breach has been taken before the effective date of the termination. Client shall pay Consultant upon invoice for Services performed and charges incurred prior to termination, plus reasonable termination charges. Any suspension of Services by Client shall result in an equitable adjustment to Consultant's compensation, time for performance, or any of its other obligations under a Work Authorization.

14.    **FORCE MAJEURE**

14.1    Any delay or failure of Consultant in performing its required obligations hereunder shall be excused if and to the extent such delay or failure is caused by a Force Majeure Event. A "Force Majeure Event" means an event due to any cause or causes beyond the reasonable control of Consultant and shall include, but not be limited to, acts of God, strike, labor dispute fire, storm, flood, windstorm, unusually severe weather, sabotage, embargo,

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

3

Exhibit "A"

NON-CERTIFIED COPY

# URS

terrorism, energy shortage, accidents or delay in transportation, accidents in the handling and rigging of heavy equipment, explosion, riot, war, court injunction or order, delays by acts or orders of any governmental body or changes in laws or government regulations or the interpretations or application thereof or the acts or omissions of the Client or its other contractors, vendors or suppliers. In the event of a Force Majeure Event, Consultant shall receive an equitable adjustment extending Consultant's time for performance for such Services sufficient to overcome the effects of any delay, and an increase(s) to Consultant's compensation sufficient to account for any increased cost in performance or loss or damage suffered by Consultant.

**15.    RESPONSIBILITIES OF CLIENT**

15.1    Without limiting any express or implied obligations of Client under applicable law, Client shall: (1) provide Consultant, in writing, all information relating to Client's requirements for the project; (2) correctly identify to Consultant the location of subsurface structures, such as pipes, tanks, cables, and utilities; (3) notify Consultant of any potential hazardous substances or other health and safety hazard or condition known to Client existing on or near the project site; (4) give Consultant prompt written notice of any suspected deficiency in the Services; (5) with reasonable promptness, provide required approvals and decisions; and (6) furnish or cause to be furnished to Consultant full, unrestricted and legal access to, and use of, the site and all necessary rights of way and easements, in order to perform the Services. In the event Consultant is requested by Client or is required by subpoena to produce documents or give testimony in any action or proceeding to which Client is a party and Consultant is not a party, Client shall pay Consultant for any time and expenses required in connection therewith, including reasonable attorney's fees.

15.2    Consultant may rely upon and use in the performance of any Services information supplied to it by Client without independent verification and Consultant shall not be responsible for defects in its Services attributable to its reliance upon or use of such information.

**17.    TERM**

17.1    Unless otherwise specified, the term of this Agreement shall run from the Effective Date until Consultant has completed the Services and received all payments due under the Agreement.

**18.    GENERAL**

18.1    Client and Consultant each represent and warrant that this Agreement has been duly authorized, executed and delivered and constitutes its binding agreement enforceable against it. This Agreement and any executed Work Authorizations supersede all prior written and/or oral contracts and agreements that may have been made or entered into between Client and Consultant regarding the subject matter hereof, including but not limited to any and all proposals, oral or written, and all communications between the Parties relating to this Agreement or any Work Authorization(s), and constitute the entire agreement between the Parties hereto with respect to the subject matter hereof.

18.2    This Agreement and Work Authorization(s) may not be assigned by Consultant or Client in any way, including by operation of law, unless otherwise mutually agreed to in writing, any such attempted non-authorized assignment shall be null and void and of no force or effect.

18.3    Any cost opinions or estimates provided by Consultant will be on a basis of experience and judgment, but since Consultant has no control over market conditions or bidding procedures, Consultant cannot and does not warrant that bids, ultimate construction cost, or project economics will not vary from such opinions or estimates. Neither this Agreement nor any of the Services provided hereunder shall constitute or provide for, and Consultant shall not be considered to have rendered, any legal or financial opinion(s) regarding the feasibility of this project or any other or regarding any other matter. Unless otherwise expressly included in a Work Authorization, Consultant shall under no circumstances provide as part of the Services a consent, opinion or similar document, or act as a qualified person or expert, in connection with any filing by Client with the United States Securities and Exchange Commission, or similar non-United States agency, authority or commission.

18.4    Notices shall be effective hereunder as follows only if in writing and addressed to the authorized representative designated in applicable Work Authorizations: (1) upon delivery, if delivered personally to the person; (2) upon transmission, if transmitted to the facsimile number of the person; and (3) upon posting, if by first class or overnight mail (postage prepaid).

18.5    All contract issues and matters of law will be adjudicated in accordance with the laws of the state where the project is located, excluding any provisions or principles thereof which would require the application of the laws of a different jurisdiction; provided, however that if the project is located outside the United States, the laws of the State of California shall govern. Venue for any litigation shall be any state court or United States District Court having jurisdiction over the parties and subject matter.

18.6    The terms and conditions of this Agreement shall prevail, notwithstanding any variance with any purchase order or other written instrument submitted by Client whether formally rejected by Consultant or not. This Agreement may be modified only by amendment when signed by each Party. In the event that any one or more of the provisions of this Agreement shall be found to be illegal or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect, and such term or provision shall be deemed stricken to the extent and in the jurisdictions necessary for compliance with applicable law.

18.7    Nothing in this Agreement shall be construed to give any rights or benefits to anyone other than the Client or Consultant.

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100 Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

4

Exhibit "A"

NON-CERTIFIED COPY

**URS**

18.8    The headings in this Agreement are for convenience only, and shall not affect the interpretation hereof. The terms "hereof", "herein," "hereto" and similar words refer to the entire Agreement and not to any particular Article, Section, Attachment, Exhibit or any other subdivision of this Agreement. References to "day" or "days" shall mean calendar days unless specified otherwise.

18.9    The provisions of this Agreement which by their nature are intended to survive the termination, cancellation, completion, or expiration of the Agreement, including, but not limited to, indemnities and any expressed limitations of or releases from liability, shall continue as valid and enforceable obligations of the parties notwithstanding any such termination, cancellation, completion, or expiration.

18.10    It is understood and agreed that any delay, waiver or omission by Consultant or Client to exercise any right or power arising from any breach or default by Client or Consultant in any of the terms, provisions or covenants of this Agreement or any Work Authorization shall not be construed to be a waiver by Consultant or Client of any subsequent breach or default of the same or other terms, provisions or covenants on the part of Consultant or Client.

19.    **ATTACHMENTS AND EXHIBITS**

The following attachments and exhibits, which are attached hereto, are part of this Agreement.

Attachment 1 – Work Authorization

Attachment 2 – Fee Proposal, Scope of Work, Schedule

Attachment 3 – URS 2009 Schedule of Fees and Charges

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be duly executed by their duly authorized representatives, effective as of the day and year first above mentioned.

**H&E Equipment Services, Inc.**

By:    _____
         (Signature)

Name:    _Lerner l Se· Germain_ _____
         (Printed)

Title:    _V.P. Operation_ _____

**URS Corporation Architecture PC**

By:    _Craig W. Gordon_ _____
         (Signature)

Name:    _Craig W. Gordon_ _____
         (Printed)

Title:    _VP / OM_ _____

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

5

Exhibit "A"

NON-CERTIFIED COPY

URS Corporation - Default Co.
Accounts Receivable Ledger Report
As of 7 January 2014

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Office:   1540   Baton Rouge | | | | | | | | | | | | |
| Job :     19229626     H&E Kenner Phase II | | | | | | | | | | | | |
| Project Manager :     Larry O  Johnson Jr | | | | | | | | | | | | |
| Sub Project Manager :     Thomas  E  Ryan | | | | | | | | | | | | |
| Site :   19229626   H & E Equipment Services Inc | | | | | | | | | | | | |
| 01/13/2011 | 01/13/2011 | RI | 4565656 | | | 20,590.97 | | | | | | 20,590.97 |
| 02/07/2011 | 02/07/2011 | RC | 4565656 | 1049738 | | | 20,590.97- | | | | | 0.00 |
| 03/23/2011 | 03/23/2011 | RI | 4632117 | | | 27,922.44 | | | | | | 27,922.44 |
| 04/04/2011 | 04/04/2011 | RC | 4632117 | 1059827 | | | 27,922.44- | | | | | 0.00 |
| 04/27/2011 | 04/27/2011 | RI | 4666056 | | | 19,721.59 | | | | | | 19,721.59 |
| 05/09/2011 | 05/09/2011 | RC | 4666056 | 1066100 | | | 19,721.59- | | | | | 0.00 |
| 05/27/2011 | 05/27/2011 | RI | 4691265 | | | 5,345.90 | | | | | | 5,345.90 |
| 06/20/2011 | 06/20/2011 | RC | 4691265 | 1073672 | | | 5,345.90- | | | | | 0.00 |
| 06/29/2011 | 06/29/2011 | RI | 4730382 | | | 19,532.38 | | | | | | 19,532.38 |
| 07/11/2011 | 07/11/2011 | RC | 4730382 | 1077759 | | | 19,532.38- | | | | | 0.00 |
| 07/22/2011 | 07/22/2011 | RI | 4767979 | | | 4,882.98 | | | | | | 4,882.98 |
| 08/08/2011 | 08/08/2011 | RC | 4767979 | 1082738 | | | 4,882.98- | | | | | 0.00 |
| 08/26/2011 | 08/29/2011 | RI | 4797997 | | | 23,520.53 | | | | | | 23,520.53 |
| 09/19/2011 | 09/19/2011 | RC | 4797997 | 1090049 | | | 23,520.53- | | | | | 0.00 |
| 09/23/2011 | 09/26/2011 | RI | 4827162 | | | 5,523.64 | | | | | | 5,523.64 |
| 10/11/2011 | 10/11/2011 | RC | 4827162 | 1093743 | | | 5,523.64- | | | | | 0.00 |
| 10/31/2011 | 10/31/2011 | RI | 4862273 | | | 2,604.74 | | | | | | 2,604.74 |
| 11/14/2011 | 11/14/2011 | RC | 4862273 | 1100431 | | | 2,604.74- | | | | | 0.00 |
| 11/23/2011 | 11/28/2011 | RI | 4896187 | | | 1,905.35 | | | | | | 1,905.35 |
| 12/12/2011 | 12/12/2011 | RC | 4896187 | 1105501 | | | 1,905.35- | | | | | 0.00 |
| 12/02/2011 | 11/21/2011 | RI | 4915772 | 1101820 | | | 71,712.98- | | | | | 71,712.98 |
| 12/02/2011 | 12/02/2011 | RC | 4915772 | | | 71,712.98 | | | | | | 0.00 |
| 01/27/2012 | 01/27/2012 | RI | 4967328 | | | 2,044.56 | | | | | | 2,044.56 |
| 02/02/2012 | 01/27/2012 | RI Void | 4967328 | | | 2,044.56- | | | | | | 0.00 |
| 02/02/2012 | 02/02/2012 | RI | 4989752 | | | 695.49 | | | | | | 695.49 |
| 02/13/2012 | 02/13/2012 | RC | 4989752 | 1116067 | | | 695.49- | | | | | 0.00 |
| 03/11/2012 | 03/11/2012 | RI | 5005769 | | | 3,234.64 | | | | | | 3,234.64 |
| 03/26/2012 | 03/26/2012 | RC | 5005769 | 1123670 | | | 3,234.64- | | | | | 0.00 |
| 04/10/2012 | 04/11/2012 | RI | 5040716 | | | 2,092.99 | | | | | | 2,092.99 |
| 04/23/2012 | 04/23/2012 | RC | 5040716 | 1128595 | | | 2,092.99- | | | | | 0.00 |
| 05/08/2012 | 05/09/2012 | RI | 5077729 | | | 4,799.89 | | | | | | 4,799.89 |
| 05/29/2012 | 05/29/2012 | RC | 5077729 | 1134726 | | | 4,799.89- | | | | | 0.00 |
| 07/27/2012 | 07/30/2012 | RI | 5181584 | | | 1,033.14 | | | | | | 1,033.14 |
| 08/13/2012 | 08/13/2012 | RC | 5181584 | 1148356 | | | 1,033.14- | | | | | 0.00 |
| 08/22/2012 | 08/23/2012 | RI | 5215627 | | | 1,415.15 | | | | | | 1,415.15 |
| 09/10/2012 | 09/10/2012 | RC | 5215627 | 1153360 | | | 1,415.15- | | | | | 0.00 |

**Exhibit "B"**

NON-CERTIFIED COPY

R5651030
AAAB0007

URS Corporation - Default Co.
Accounts Receivable Ledger Report
As of 7 January 2014

01/07/2014  15:27:57
Page -    2  of 5

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/22/2013 | 02/25/2013 | RI | 5424151 | | | 6,175.53 | | | | | | 6,175.53 |
| 07/17/2013 | 02/25/2013 | RI Void | 5424151 | | | 6,175.53- | | | | | | 0.00 |
| 07/26/2013 | 07/29/2013 | RI | 5591796 | | | 231.48 | | | | | | 231.48 |
| 12/20/2013 | 12/23/2013 | RI | 5744512 | | | 481.93 | | | | | | 713.41 |
| Total Job:  19229626   H&E Kenner Phase II | | | | | USD | 145,535.23 | 144,821.82- | 0.00 | 0.00 | 0.00 | 0.00 | 713.41 |

Job :    19229775    H&E Phase IV BN & CA
Project Manager :    Larry O  Johnson Jr
Sub Project Manager :    Thomas  E  Ryan
Site :   19229775  H A E Equipment Services Inc

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/27/2011 | 04/27/2011 | RI | 4666064 | | | 34,000.00 | | | | | | 34,000.00 |
| 05/09/2011 | 05/09/2011 | RC | 4666064 | 1066100 | | | 34,000.00- | | | | | 0.00 |
| 06/30/2011 | 06/30/2011 | RI | 4740688 | | | 4,000.00 | | | | | | 4,000.00 |
| 07/11/2011 | 07/11/2011 | RC | 4740688 | 1077759 | | | 4,000.00- | | | | | 0.00 |
| 08/26/2011 | 08/29/2011 | RI | 4798015 | | | 7,980.00 | | | | | | 7,980.00 |
| 09/19/2011 | 09/19/2011 | RC | 4798015 | 1090049 | | | 7,980.00- | | | | | 0.00 |
| 09/23/2011 | 09/26/2011 | RI | 4827179 | | | 8,320.00 | | | | | | 8,320.00 |
| 10/11/2011 | 10/11/2011 | RC | 4827179 | 1093743 | | | 8,320.00- | | | | | 0.00 |
| 11/02/2011 | 11/02/2011 | RI | 4862290 | | | 25,700.00 | | | | | | 25,700.00 |
| 11/14/2011 | 11/14/2011 | RC | 4862290 | 1100431 | | | 25,700.00- | | | | | 0.00 |
| 12/22/2011 | 12/27/2011 | RI | 4925100 | | | 12,000.00 | | | | | | 12,000.00 |
| 01/09/2012 | 01/09/2012 | RC | 4925100 | 110237 | | | 12,000.00- | | | | | 0.00 |
| 08/27/2012 | 01/09/2012 | RC | 4925100 | 1110237 | | | 12,000.00- | | | | | 12,000.00- |
| 08/27/2012 | 01/09/2012 | RO | 4925100 | 110237 | | | 12,000.00 | | | | | 0.00 |
| 01/27/2012 | 01/27/2012 | RI | 4967345 | | | 11,300.00 | | | | | | 11,300.00 |
| 02/13/2012 | 02/13/2012 | RC | 4967345 | 1116067 | | | 11,300.00- | | | | | 0.00 |
| 03/15/2012 | 03/16/2012 | RI | 5005779 | | | 7,860.00 | | | | | | 7,860.00 |
| 03/26/2012 | 03/26/2012 | RC | 5005779 | 1123670 | | | 7,860.00- | | | | | 0.00 |
| 04/10/2012 | 04/11/2012 | RI | 5043003 | | | 16,240.00 | | | | | | 16,240.00 |
| 04/23/2012 | 04/23/2012 | RC | 5043003 | 1128595 | | | 16,240.00- | | | | | 0.00 |
| 05/08/2012 | 05/09/2012 | RI | 5077738 | | | 19,520.00 | | | | | | 19,520.00 |
| 05/21/2012 | 05/21/2012 | RC | 5077738 | 1133564 | | | 19,520.00- | | | | | 0.00 |
| 05/23/2012 | 05/24/2012 | RI | 5111473 | | | 13,640.00 | | | | | | 13,640.00 |
| 06/04/2012 | 06/04/2012 | RC | 5111473 | 1135865 | | | 13,640.00- | | | | | 0.00 |
| 06/27/2012 | 06/28/2012 | RI | 5145876 | | | 27,000.00 | | | | | | 27,000.00 |
| 07/09/2012 | 07/09/2012 | RC | 5145876 | 1142070 | | | 27,000.00- | | | | | 0.00 |
| 07/27/2012 | 07/30/2012 | RI | 5181590 | | | 15,220.00 | | | | | | 15,220.00 |
| 08/13/2012 | 08/13/2012 | RC | 5181590 | 1148356 | | | 15,222.00- | | | 2.00 | | 0.00 |
| 08/22/2012 | 08/23/2012 | RI | 5215634 | | | 7,880.00 | | | | | | 7,880.00 |
| 09/10/2012 | 09/10/2012 | RC | 5215634 | 1153360 | | | 7,880.00- | | | | | 0.00 |
| 09/20/2012 | 09/21/2012 | RI | 5251679 | | | 5,420.00 | | | | | | 5,420.00 |
| 10/01/2012 | 10/01/2012 | RC | 5251679 | 1157297 | | | 5,420.00- | | | | | 0.00 |
| 11/20/2012 | 11/26/2012 | RI | 5319531 | | | 1,192.00 | | | | | | 1,192.00 |

Exhibit "B"

NON-CERTIFIED COPY

R5651030
AAAB0007

URS Corporation - Default Co.
Accounts Receivable Ledger Report
As of 7 January 2014

01/07/2014  15:27:57
Page -    3  of 5

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/20/2012 | 11/26/2012 | RI Void | 5319531 | | | 1,192.00- | | | | | | 0.00 |
| 11/20/2012 | 11/26/2012 | RI | 5332684 | | | 11,920.00 | | | | | | 11,920.00 |
| 12/10/2012 | 12/10/2012 | RC | 5332684 | 1170294 | | | 11,920.00- | | | | | 0.00 |
| 12/18/2012 | 12/19/2012 | RI | 5357940 | | | 66,001.45 | | | | | | 66,001.45 |
| 08/23/2013 | 08/23/2013 | RS | 5357940 | ADJ 08 2013 | | | 8,618.22- | | | | | 57,383.23 |
| 03/20/2013 | 03/21/2013 | RI | 5456789 | | | 2,100.55 | | | | | | 59,483.78 |
| 08/21/2013 | 08/21/2013 | RI | 5626064 | | | 8,618.22- | | | | | | 50,865.56 |
| 08/23/2013 | 08/23/2013 | RS | 5626064 | ADJ 08 2013 | | | 8,618.22 | | | | | 59,483.78 |
| **Total Job:** | **19229775** | **H&E Phase IV BN & CA** | | | **USD** | **287,483.78** | **228,002.00-** | **0.00** | **2.00** | **0.00** | **0.00** | **59,483.78** |

Job :   19229873    H&E Phase V FF&E
Project Manager :   Larry O Johnson Jr
Sub Project Manager :   Thomas E Ryan
Site :   19229873   H & E Equipment Services Inc

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/01/2011 | 09/01/2011 | RI | 4798022 | | | 9,000.00 | | | | | | 9,000.00 |
| 09/12/2011 | 09/01/2011 | RI Void | 4798022 | | | 9,000.00- | | | | | | 0.00 |
| 09/12/2011 | 09/12/2011 | RI | 4826938 | | | 9,240.00 | | | | | | 9,240.00 |
| 09/26/2011 | 09/26/2011 | RC | 4826938 | 1091372 | | | 9,240.00- | | | | | 0.00 |
| 11/02/2011 | 11/02/2011 | RI | 4862297 | | | 13,860.00 | | | | | | 13,860.00 |
| 11/14/2011 | 11/14/2011 | RC | 4862297 | 1100431 | | | 13,860.00- | | | | | 0.00 |
| 01/27/2012 | 01/27/2012 | RI | 4967351 | | | 9,900.00 | | | | | | 9,900.00 |
| 02/13/2012 | 02/13/2012 | RC | 4967351 | 1116067 | | | 9,900.00- | | | | | 0.00 |
| 10/25/2012 | 10/26/2012 | RI | 5286088 | | | 3,000.00 | | | | | | 3,000.00 |
| 11/13/2012 | 11/13/2012 | RC | 5286088 | 1165072 | | | 3,000.00- | | | | | 0.00 |
| 01/11/2013 | 01/14/2013 | RI | 5357942 | | | 28,882.00 | | | | | | 28,882.00 |
| **Total Job:** | **19229873** | **H&E Phase V FF&E** | | | **USD** | **64,882.00** | **36,000.00-** | **0.00** | **0.00** | **0.00** | **0.00** | **28,882.00** |

Job :   19229964    H&E Design Changes
Project Manager :   Larry O Johnson Jr
Sub Project Manager :   Thomas E Ryan
Site :   19229964   H & E Equipment Services Inc

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/22/2011 | 12/27/2011 | RI | 4925116 | | | 1,550.00 | | | | | | 1,550.00 |
| 01/09/2012 | 01/09/2012 | RC | 4925116 | 110237 | | | 1,550.00- | | | | | 0.00 |
| 08/27/2012 | 01/09/2012 | RC | 4925116 | 1110237 | | | 1,550.00- | | | | | 1,550.00- |
| 08/27/2012 | 01/09/2012 | RO | 4925116 | 110237 | | | 1,550.00 | | | | | 0.00 |
| 01/27/2012 | 01/27/2012 | RI | 4967362 | | | 5,975.00 | | | | | | 5,975.00 |
| 02/13/2012 | 02/13/2012 | RC | 4967362 | 1116067 | | | 5,975.00- | | | | | 0.00 |
| 03/11/2012 | 03/11/2012 | RI | 5005795 | | | 4,613.00 | | | | | | 4,613.00 |
| 03/26/2012 | 03/26/2012 | RC | 5005795 | 1123670 | | | 4,613.00- | | | | | 0.00 |
| 06/27/2012 | 06/28/2012 | RI | 5145885 | | | 3,000.00 | | | | | | 3,000.00 |
| 07/16/2012 | 07/16/2012 | RC | 5145885 | 1143206 | | | 3,000.00- | | | | | 0.00 |
| 07/27/2012 | 07/30/2012 | RI | 5181594 | | | 8,249.00 | | | | | | 8,249.00 |
| 08/13/2012 | 08/13/2012 | RC | 5181594 | 1148356 | | | 8,249.00- | | | | | 0.00 |
| 08/22/2012 | 08/23/2012 | RI | 5215639 | | | 11,834.25 | | | | | | 11,834.25 |
| 09/10/2012 | 09/10/2012 | RC | 5215639 | 1153360 | | | 11,834.25- | | | **Exhibit "B"** | | | 0.00 |

NON-CERTIFIED COPY

R5651030
AAAB0007

URS Corporation - Default Co.
Accounts Receivable Ledger Report
As of 7 January 2014

01/07/2014  15:27:57
Page -    4   of 5

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/20/2012 | 09/21/2012 | RI | 5251683 | | | 7,013.50 | | | | | | 7,013.50 |
| 10/01/2012 | 10/01/2012 | RC | 5251683 | 1157297 | | | 7,013.50- | | | | | 0.00 |
| 10/25/2012 | 10/26/2012 | RI | 5286089 | | | 13,311.25 | | | | | | 13,311.25 |
| 11/13/2012 | 11/13/2012 | RC | 5286089 | 1165072 | | | 13,311.25- | | | | | 0.00 |
| 11/20/2012 | 11/26/2012 | RI | 5319533 | | | 3,137.50 | | | | | | 3,137.50 |
| 12/10/2012 | 12/10/2012 | RC | 5319533 | 1170294 | | | 3,137.50- | | | | | 0.00 |
| 12/18/2012 | 12/19/2012 | RI | 5357943 | | | 3,487.50 | | | | | | 3,487.50 |
| 01/30/2013 | 01/31/2013 | RI | 5391813 | | | 9,852.02 | | | | | | 13,339.52 |
| 06/24/2013 | 01/31/2013 | RI  Void | 5391813 | | | 9,852.02- | | | | | | 3,487.50 |
| 06/18/2013 | 06/19/2013 | RI | 5555403 | | | 975.00 | | | | | | 4,462.50 |
| 06/24/2013 | 06/25/2013 | RI | 5565894 | | | 1,202.50 | | | | | | 5,665.00 |
| 07/23/2013 | 07/24/2013 | RI | 5588906 | | | 2,450.00 | | | | | | 8,115.00 |
| 10/23/2013 | 10/24/2013 | RI | 5681317 | | | 950.00 | | | | | | 9,065.00 |
| Total Job:   19229964   H&E Design Changes | | | | | USD | 67,748.50 | 58,683.50- | 0.00 | 0.00 | 0.00 | 0.00 | 9,065.00 |

Job :   19230060   H&E Belle Chasse Phase II
Project Manager :   Larry O  Johnson Jr
Sub Project Manager :   Thomas  E  Ryan
Site :   19230060   H & E Equipment Services Inc

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/11/2012 | 04/11/2012 | RI | 5074843 | | | 97,796.49 | | | | | | 97,796.49 |
| 04/23/2012 | 04/23/2012 | RC | 5074843 | 1128595 | | | 97,796.49- | | | | | 0.00 |
| 05/09/2012 | 05/10/2012 | RI | 5107711 | | | 48,898.25 | | | | | | 48,898.25 |
| 12/10/2012 | 12/10/2012 | RC | 5107711 | 1170294 | | | 48,898.25- | | | | | 0.00 |
| 05/23/2012 | 05/24/2012 | RI | 5118412 | | | 16,299.41 | | | | | | 16,299.41 |
| 06/11/2012 | 06/11/2012 | RC | 5118412 | 1137041 | | | 16,299.41- | | | | | 0.00 |
| 11/20/2012 | 11/26/2012 | RI | 5332662 | | | 14,817.65 | | | | | | 14,817.65 |
| 12/10/2012 | 12/10/2012 | RC | 5332662 | 1170294 | | | 14,817.65- | | | | | 0.00 |
| 05/24/2013 | 05/24/2013 | RI | 5531264 | | | 11,854.12 | | | | | | 11,854.12 |
| 06/18/2013 | 06/19/2013 | RI | 5563141 | | | 10,668.71 | | | | | | 22,522.83 |
| 07/29/2013 | 07/29/2013 | RI | 5599459 | | | 40,043.22 | | | | | | 62,566.05 |
| 08/19/2013 | 08/20/2013 | RI | 5624795 | | | 20,412.79 | | | | | | 82,978.84 |
| 09/24/2013 | 09/25/2013 | RI | 5657774 | | | 15,967.40 | | | | | | 98,946.24 |
| 10/23/2013 | 10/24/2013 | RI | 5688671 | | | 13,987.96 | | | | | | 112,934.20 |
| 11/15/2013 | 11/18/2013 | RI | 5713835 | | | 5,607.00 | | | | | | 118,541.20 |
| Total Job:   19230060   H&E Belle Chasse Phase II | | | | | USD | 296,353.00 | 177,811.80- | 0.00 | 0.00 | 0.00 | 0.00 | 118,541.20 |

Job :   19230248   H&E BR HQ Interior Design
Project Manager :   Larry O  Johnson Jr
Sub Project Manager :   Thomas  E  Ryan
Site :   19230248   H & E Equipment Services Inc

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/18/2012 | 12/19/2012 | RI | 5357991 | | | 858.75 | | | | | | 858.75 |
| 02/22/2013 | 02/25/2013 | RI | 5424197 | | | 6,605.00 | | | | | | 7,463.75 |
| 06/18/2013 | 06/19/2013 | RI | 5555428 | | | 5,190.00 | | | | | | 12,653.75 |
| 07/24/2013 | 07/25/2013 | RI | 5588931 | | | 3,050.00 | | | | | | 15,703.75 |
| 10/23/2013 | 10/24/2013 | RI | 5681338 | | | 550.00 | | | | | | 16,253.75 |

**Exhibit "B"**

NON-CERTIFIED COPY

RS651030
AAAB0007

URS Corporation - Default Co.
Accounts Receivable Ledger Report
As of 7 January 2014

01/07/2014  15:27:57
Page -     5  of 5

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Job:  19230248   H&E BR HQ Interior Design | | | | | USD | 16,253.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16,253.75 |
| Total Office 1540  Baton Rouge | | | | | USD | 878,256.26 | 645,319.12- | 0.00 | 2.00 | 0.00 | 0.00 | 232,939.14 |
| Grand Totals | | | | | USD | 878,256.26 | 645,319.12- | 0.00 | 2.00 | 0.00 | 0.00 | 232,939.14 |

Exhibit "B"

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON |
| URS CORPORATION | * | ROUGE |
| ARCHITECTURE, P.C., URS | * | |
| CORPORATION, L. O'NEAL | | STATE OF LOUISIANA |
| JOHNSON AND THOMAS E. RYAN, III | | |

## REQUEST FOR NOTICE

Pursuant to the Louisiana Code of Civil Procedure, we hereby request written notice of the dates set for trial of the above numbered and entitled cause, or the dates set for hearing of any pleadings or motions therein, at least ten (10) days before any hearing date.

We also request notice of signing of any final judgment or the rendition of any interlocutory order of judgment in said cause, as provided by the Louisiana Code of Civil Procedure.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

*Attorneys for Defendants, URS Corporation Architecture, P.C.; URS Corporation; L. O'Neal Johnson and Thomas E. Ryan, III*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email and by placing same in the United States Mail, postage pre-paid, this 10th day of January, 2014.

Kellen J. Mathews

14

NON-CERTIFIED COPY

2414-14-000005

# ANSWER AND RECONVENTIONAL DEMAND CITATION

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**vs.**

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **H&E EQUIPMENT SERVICES INC
THRU EDWARD J PAEROUSE II
451 FLORIDA ST., 8TH FLOOR
BATON ROUGE, LA 70801**

GREETINGS:

   The defendant has filed an ANSWER, AFFRIMATIVE DEFENSES  AND RECONVENTIONAL DEMANDON BEHALF OF DEFENDANTS.  A certified copy is attached.

   You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

   If you do not do what the Reconventional Demand asks or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

   This citation was issued by the Clerk of Court for East Baton Rouge Parish on 15-JAN-2014.

*Also attached are the following documents.*

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

## SERVICE INFORMATION:

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:**  By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

| | | |
|---|---|---|
| SERVICE: | $_____ | _____ |
| MILEAGE | $_____ | Deputy Sheriff |
| TOTAL: | $_____ | Parish of East Baton Rouge |

**ANSWER AND RECONVENTIONAL DEMAND CITATION - 2414**

NON CERTIFIED COPY

EBR2185667

COST OK $ 35.00
2290
FEB 19 2014
DEPUTY CLERK OF COURT

## NINETEENTH JUDICIAL DISTRICT COURT

## STATE OF LOUISIANA

## PARISH OF EAST BATON ROUGE

H&E EQUIPMENT SERVICES, INC.              :    NUMBER: 626,308

    Plaintiff,                                          :    DIVISION

VERSUS                                                    :

URS CORPORATION ARCHITECTURE,       :
P.C., URS CORPORATION, L. O'NEAL        :
JOHNSON, AND THOMAS E. RYAN, II        :

    Defendants                                        :

POSTED
FEB 20 2014

### H&E EQUIPMENT SERVICES, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES
### TO RECONVENTIONAL DEMAND

    **NOW INTO COURT**, through undersigned counsel, comes H&E Equipment Services,

Inc. ("H&E") who files this Answer and Affirmative Defenses to the Reconventional Demand of

URS Corporation Architecture, P.C. ("URS Architecture"), URS Corporation ("URS Corp."),

O'Neal Johnson ("Johnson") and Thomas E. Ryan ("Ryan") (hereinafter collectively referred to

as "Defendants"), and respectfully represents as follows:

1.

    The allegations contained in paragraph I of the Reconventional Demand are admitted

with respect to name and domicile.

2.

    The allegations contained in paragraph II of the Reconventional Demand are denied as

written.

3.

    The allegations contained in paragraph III of the Reconventional Demand are denied as

written.

4.

    The allegations contained in paragraph IV of the Reconventional Demand are admitted as

to the fact that H&E has made no payments to URS Architecture since December 2012, but

denies that the "2009 Agreement" as defined in the Reconventional Demand is the "applicable

agreement," to the extent such allegation is being asserted in this paragraph.  Furthermore, H&E

states that no payments were due URS Architecture, or URS Corp. for that matter, and, in fact,


EBR2214814

NON-CERTIFIED COPY

663991.1

such entities are liable to H&E for damages, and/or offsets and credits, as a result of URS Architecture's and/or URS Corp.'s breach of contract, breach of warranty, negligence and/or other tortious misconduct.

5.

The allegations contained in paragraph V of the Reconventional Demand are denied.

6.

The allegations contained in paragraph VI of the Reconventional Demand are denied.

7.

The allegations contained in paragraph VII of the Reconventional Demand are denied.

8.

The allegations contained in paragraph VIII of the Reconventional Demand are denied.

9.

The allegations contained in paragraph IX of the Reconventional Demand are denied to the extent a response is required.

10.

The allegations contained in paragraph X of the Reconventional Demand are denied.

11.

The allegations contained in paragraph XI of the Reconventional Demand are denied to the extent a response is required.

12.

The allegations contained in paragraph XII (and the immediately following un-numbered paragraphs) of the Reconventional Demand are denied.

13.

The allegations contained in paragraph XIII of the Reconventional Demand are denied to the extent a response is required.

14.

The allegations contained in paragraph XIV of the Reconventional Demand are admitted.

15.

The allegations contained in paragraph XV of the Reconventional Demand are denied.

16.

The allegations contained in paragraph XVI of the Reconventional Demand are denied.

663991 1    NON-CERTIFIED COPY

## AFFIRMATIVE DEFENSES

17.

In further response to the Reconventional Demand, H&E avers, alleges, and pleads as follows:

H&E has denied liability to URS Architecture and URS Corp. on their claims in this lawsuit against H&E for, among other things, open account, breach of contract and enrichment without cause as alleged. However, out of an abundance of caution, H&E further pleads the following affirmative defenses. Furthermore, H&E reserves the right to amend this Answer to assert additional affirmative defenses and claims as may be appropriate upon further investigation and discovery.

18.

### FIRST DEFENSE

H&E pleads that URS Architecture breached its contract(s) with H&E.

19.

### SECOND DEFENSE

By way of further defense, if such be necessary, H&E pleads that URS Architecture breached its express and/or implied warranties to H&E to perform its services in a reasonable and prudent manner, and in a professional manner.

20.

### THIRD DEFENSE

By way of further defense, if such be necessary, H&E pleads that URS Architecture, URS Corp., Johnson and/or Thomas breached their professional duties to provide architectural and engineering services to H&E with the appropriate level of care.

21.

### FOURTH DEFENSE

By way of further defense, if such be necessary, H&E pleads offsets and credits.

22.

### FIFTH DEFENSE

By way of further defense, if such be necessary, H&E pleads negligence, gross negligence and/or professional negligence on the part of URS Architecture, URS Corp., Johnson and/or Thomas.

3

NON-CERTIFIED COPY

23.

## SIXTH DEFENSE

By way of further defense, if such be necessary, H&E pleads URS Architecture's and URS Corp.'s claims are barred in whole or in part by the equitable doctrines of unclean hands, laches, waiver, and estoppel.

24.

## SEVENTH DEFENSE

By way of further defense, if such be necessary, H&E pleads failure of consideration.

25.

## EIGHTH DEFENSE

By way of further defense, if such be necessary, H&E pleads that Defendants' claims are barred in whole or in part by vice of consent.

26.

## NINTH DEFENSE

By way of further defense, if such be necessary, H&E pleads extinguishment of obligation.

27.

## TENTH DEFENSE

By way of further defense, if such be necessary, H&E pleads violations of the Louisiana Unfair Trade Practices Act by the Defendants, the specifics of which are contained in Plaintiff's Petition for Damages.

28.

## ELEVENTH DEFENSE

By way of further defense, if such be necessary, H&E pleads that URS Corporation has no cause of action and/or right of action against H&E on its Reconventional Demand.

## **PRAYER**

**WHEREFORE**, Plaintiff/Defendant-in-Reconvention, H&E Equipment Services, Inc. prays that its Answer to the Reconventional Demand of Defendants, URS Corporation Architecture, PC, URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, II, be deemed good and sufficient and that after due proceedings are had, there be judgment entered in its favor

663991.1

NON-CERTIFIED COPY

and against the Defendants, dismissing their Reconventional Demand with prejudice, and at the

cost of Defendants.

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

BY: _____
Edward J. Laperouse, II, #29310
Eugene R. Groves, #6358
John Ashley Moore, #9635
L. Adam Thames, #32722
Megan F. Bice, #35042
451 Florida Street, 8th Floor (70801)
P. O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
Email: ted.laperouse@taylorporter.com
Email: eugene.groves.@taylorporter.com
Email: ashley.moore@taylorporter.com
Email: adam.thames@taylorporter.com
Email: megan.bice@taylorporter.com

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing was served by e-mail and/or U.S. Mail, this

19th day of February, 2014 on the following:

Philip A. Franco
Adams and Reese LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139
philip.franco@arlaw.com

Kellen J. Mathews
Adams and Reese LLP
450 Laurel Street
Suite 1900
Baton Rouge, LA 70801
kellen.mathews@arlaw.com

Edward J. Laperouse II

5

NON-CERTIFIED COPY

663991.1



**BAKER**
**DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:  504.566.5200
FAX:  504.636.4000

www.bakerdonelson.com

ROY C. CHEATWOOD
SHAREHOLDER
**Direct Dial:** 504.566.5266
**Direct Fax:** 504.636.3966
rcheatwood@bakerdonelson.com

April 3, 2014

*POSTED*
*APR 09 2014*

*Ok per John 4-8-14*

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:    H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.
       19th JDC No. 626308, Division "D", Section XX1

Dear Mr. Welborn:

Enclosed please find the originals and copies of a Motion and Order to Substitute Counsel of Record and Request for Notice that we ask you file in the referenced matter on behalf of H&E Equipment Services, Inc.  Please return conformed copies of all pleadings to us in the enclosed self-addressed envelope.

We have also enclosed our firm's check in the amount of $46.00 to cover the filing fees associated with this request.

Very truly yours,

Roy C. Cheatwood

RCC/dep
Enclosures

cc:    Mr. Philip A. Franco (w/enc.)
       Mr. Edward J. Laperouse II (w/enc.)

*REC'D C.P.*
*APR 09 2014*

EBR2255936

NO RCC 535
2919213-000

*REC'D C.P.*
*APR 15 2014*

NON-CERTIFIED COPY

COST OK $ 46 00

APR 08 2014

DEPUTY CLERK OF COURT

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | : | NUMBER 626308 |
| | : | |
| Plaintiff, | : | DIVISION 'D' |
| | : | |
| VERSUS | : | |
| | : | |
| URS CORPORATION ARCHITECTURE, | : | |
| P.C., URS CORPORATION, L. O'NEAL | : | |
| JOHNSON, AND THOMAS E. RYAN, II | : | |
| | : | |
| Defendants. | : | |

## MOTION TO SUBSTITUTE COUNSEL OF RECORD

**NOW INTO COURT**, through undersigned counsel, comes the plaintiff, H&E Equipment Services, Inc., and moves this Honorable Court for an order substituting Roy C. Cheatwood, Anne Derbes Wittmann, M. David Kurtz, and Matthew C. Juneau of the law firm of Baker Donelson Bearman Caldwell & Berkowitz, PC as its counsel of record in place of Edward J. Laperouse, II, John Ashley Moore, L. Adam Thames, and Megan F. Bice of the law firm Taylor, Porter, Brooks & Phillips L.L.P.

**WHEREFORE**, the plaintiff, H&E Equipment Services, Inc., respectfully requests that the Court grant its motion and enter the attached proposed Order substituting Roy C. Cheatwood, Anne Derbes Wittmann, M. David Kurtz, and Matthew C. Juneau of the law firm of Baker Donelson Bearman Caldwell & Berkowitz, PC as its counsel of record in place of Edward J. Laperouse, II, John Ashley Moore, L. Adam Thames, and Megan F. Bice of the law firm Taylor, Porter, Brooks & Phillips L.L.P.



NON-CERTIFIED COPY

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ, PC**

By: _____

Roy C. Cheatwood (#4010)
Anne Derbes Wittmann (#20584)
M. David Kurtz (#23821)
Matthew C. Juneau (#33210)
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR PLAINTIFF, H&E EQUIPMENT SERVICES, INC.**

and

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P**

By: _____

Edward J. Laperouse, II (#29310)
John Ashley Moore (#9635)
L. Adam Thames (#32722)
Megan F. Bice (#35042)
451 Florida Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049

FILED
EAST BATON ROUGE PARISH, LA
2014 APR -8 PM 3: 59
DEPUTY CLERK OF COURT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been forwarded to all counsel of record via email on this the ___ day of April, 2014.

_____

2

NON-CERTIFIED COPY

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

H&E EQUIPMENT SERVICES, INC.        :        NUMBER 626308

    Plaintiff,        :        DIVISION 'D'

                    :

VERSUS        :

                    :

URS CORPORATION ARCHITECTURE,        :
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, II        :

    Defendants.        :

## O R D E R

Considering the Motion to Substitute Counsel of Record by plaintiff, H&E Equipment Services, Inc.;

IT IS HEREBY ORDERED that the Motion is GRANTED and that Roy C. Cheatwood, Anne Derbes Wittmann, M. David Kurtz, and Matthew C. Juneau of the law firm of Baker Donelson Bearman Caldwell & Berkowitz, PC are substituted as counsel of record for plaintiff, H&E Equipment Services, Inc., in place of Edward J. Laperouse, II, John Ashley Moore, L. Adam Thames, and Megan F. Bice of the law firm Taylor, Porter, Brooks & Phillips L.L.P.

Baton Rouge, Louisiana, this ___14___ day of April, 2014.

_____
JUDGE

FILED
EAST BATON ROUGE PARISH, LA
2014 APR -8 PM 3:59
DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

**19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO. 626308

DIVISION "D"
SECTION 21

**H&E EQUIPMENT SERVICES, INC.**

**VERSUS**

**URS CORPORATION ARCHITECTURE, P.C.,
URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, II**

FILED: _____    _____

DEPUTY CLERK

## REQUEST FOR NOTICE

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, H&E Equipment Services, Inc., and, with full reservation of all rights, pursuant to Louisiana Code of Civil Procedure article 1572, requests written notice ten (10) days in advance of the date fixed for the trial or hearing on any exception, motion, rule or trial on the merits in the captioned proceeding, and, pursuant to Louisiana Code of Civil Procedure articles 1913 and 1914, requests immediate notice of all interlocutory and final orders and judgments on any exceptions, motion, rules or the trial on the merits in the captioned proceeding.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

By: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
MATTHEW C. JUNEAU (33210)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR PLAINTIFF,
H&E EQUIPMENT SERVICES, INC.**



FILED
EAST BATON ROUGE PARISH, LA
2014 APR -8 PM 4:00
DEPUTY CLERK OF COURT

EBR2255938

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 3RD day of April, 2014, served a copy of the foregoing pleading on all known counsel to this proceeding, via email.

_____

NO. RCC 535383 v1
2919213-000024 04/03/2014

NON-CERTIFIED COPY



COST OK $

AUG 18 2017

DEPUTY CLERK OF COURT

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * | STATE OF LOUISIANA |

---

### DEFENDANTS' MOTION TO SET TRIAL DATE
### AND INCORPORATED MEMORANDUM IN SUPPORT

---

Defendants URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON and THOMAS E. RYAN, III ("Defendants") move this Court to set a new trial date, for the following reasons:

    1.    This case was set for trial on August 16, 2017.

    2.    On August 14, 2017, the Court of Appeal, First Circuit, granted a writ application filed by Defendants, vacating this Court's prior denial of motions in limine relating to Plaintiff's experts (Mr. Wallace Drennan, III and Dr. James R. Bailey) and "remand[ing] this matter to the trial court to conduct hearings and to provide all information as required under La. C.C.P. art. 1425(F)." Accordingly, this Court notified counsel that this matter was passed for trial on August 16, 2017.

    3.    Accordingly, Defendants move this Court to set a new trial date. Defendants anticipate that this matter can be tried before the jury in 7 days. To comply with La. Code Civ. Proc. art. 1425(F)(2), the trial date must be one which will allow this Court to hold a new hearing and rule on Defendants' motions in limine relating to Mr. Drennan and Dr. Bailey not less than 30 days prior to the trial date.



EBR4258888

NON-CERTIFIED COPY

4.    Defendants request that this Court not set this trial on the following dates, which would directly conflict with currently set trials requiring the participation of Defendants' lead trial counsel over the next few months: October 3-4, 2017; October 11-13, 2017; October 23-27, 2017; December 18-20, 2017; and January 22-24, 2018.

**WHEREFORE**, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III, respectfully request that this Honorable Court grant their Motion to Set Trial Date and set this matter for a jury trial.

Respectfully submitted,

ADAMS AND REESE LLP

_____
Philip A. Franco (Bar #5819), TA
Ron Sholes (Bar # 14436)
Jeffrey E. Richardson (Bar # 23273)
Don S. McKinney (Bar # 26685)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210
**Attorneys for Defendants,**
**URS Corporation Architecture, P.C.;**
**URS Corporation; L. O'Neal Johnson**
**and Thomas E. Ryan, III**



FILED
EAST BATON ROUGE PARISH, L...
2017 AUG 18  AM 11: 45

2

NON-CERTIFIED COPY

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served upon all counsel of record via e-mail and/or United States Mail, postage prepaid and properly addressed, this 18th day of August, 2017.



_____
Kellen J. Mathews

3

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES         *     SUIT NO. 626,308      DIV.: D

                               *     19ᵀᴴ JUDICIAL DISTRICT COURT

VERSUS                         *

                               *     PARISH OF EAST BATON ROUGE

URS CORPORATION ARCHITECTURE,
P.C., URS CORPORATION, L. O'NEAL     *     STATE OF LOUISIANA
JOHNSON AND THOMAS E. RYAN, III

## PRIVILEGE LOG OF DEFENDANTS

| # | Date | Bates Number | Document | Privilege Asserted |
|---|------|-------------|----------|-------------------|
| 1 | 4/5/2013 | URS-1172-75 | E-mail from Tim Gaines to Thomas Ryan, RE: H&E Kenner RFI #54 &55 (CJ, EJ Crack Repairs) | Work Product |
| 2 | 4/5/2013 | URS-1176-78 | E-mail from Tim Gaines to Thomas Ryan, RE: Crack Repair H&E Kenner | Work Product |
| 3 | 4/5/2013 | URS-1179-82 | E-mail from Tim Gaines to Thomas Ryan, RE: H&E Kenner RFI #54 &55 (CJ, EJ Crack Repairs) | Work Product |
| 4 | 6/6/2013 | URS-1183-84 | E-mail from Neal Johnson to Murray McCullough Re: H&E Equipment Services, Inc. Expansion/Contraction Joint Issues w/ attachments | Work Product |
| 5 | 6/11/2013 | URS-1192-93 | E-mail from Neal Johnson to Alan Cohen RE: H&E Branch pavement issues w/ attachments | Attorney/Client |
| 6 | 6/24/2013 | URS-1235 | Drawing /Schematic by Murray McCullough | Work Product |
| 7 | 6/24/2013 | URS-1236-37 | E-mail from Neal Johnson to Thomas Ryan Re: forwarding message from Murray McCullough addressing paving joints w/attachments | Work Product |
| 8 | 6/24/2013 | URS-1240-41 | E-mail from Neal Johnson to Thomas Ryan Re: forwarding message from Murray McCullough addressing paving joints w/attachments | Work Product |
| 9 | 7/18/2013 | URS-1244-52 | E-mail from Neal Johnson to Tim Gaines and Thomas Ryan Re: URS' position on joints w/ attachments | Work Product |
| 10 | 7/18/2013 | URS-1256-57 | E-mail from Tim Gaines to Thomas Ryan Re: Kenner paving fix | Work Product |
| 11 | 9/23/2013 | URS-1258-59 | E-mail from Tim Gaines to Thomas Ryan Re: H&E Kenner | Work Product |

EBR2862097


EXHIBIT
"1"

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III

2

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel by placing same in the United States Mail, postage pre-paid, this 10th day of December, 2014.

_____
KELLEN J. MATHEWS

3

NON-CERTIFIED COPY



# MAPP
## CONSTRUCTION, LLC

RFI#   **54**

601 Poydras Street, Suite 1715
New Orleans, LA, 70130
504.833.6277
504.833.6074

## *REQUEST FOR INFORMATION*
### H and E Equipment Services - Kenner
### MAPP Job 52079-

Date:        01/15/2013

Attn:        **Thomas Ryan**                    Drawing Ref.:

Company:   **URS Corporation**                  Spec. Sect. Ref.:

Fax:         225.922.5866                        From:      **Brad Reese**

Subject:  *Expansion Joints at Concrete Paving*

| **Question/Request:** | **Response Required By:** *01/18/2013* |
|---|---|

As discussed in previous OAC meetings onsite, the expansion joints in the concrete paving appear to be failing because of regular wear and debris around the lot.  Please confirm the acceptable material and methods to use for making these repairs.

**Suggestion:**

Signed:
**Brad Reese**

**Response Received:**

Signed:
**URS Corporation**

<u>Notes:</u>

<u>CC:</u>

### EXHIBIT "2"

URS-00081

NON-CERTIFIED COPY

| | |
|---|---|
| **From:** | Johnson, Neal <neal.johnson@urs.com> |
| **Sent:** | Monday, March 18, 2013 1:37 PM |
| **To:** | Frankie Wynn; Ryan, Thomas E |
| **Subject:** | RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs) |
| **Attachments:** | image005.jpg; image006.jpg; image007.jpg; image008.jpg; image009.jpg |

We have forwarded the data to our civil engineering consultant for this project. I am concerned that the list is presented as a CPR and not a repair to a construction defect.  A CPR is typically a cost proposal.
Neal

From: Frankie Wynn [fwynn@he-equipment.com]
Sent: Monday, March 18, 2013 1:09 PM
To: 'Brad Reese'; Johnson, Neal; Ryan, Thomas E
Cc: Patrick Solomon; Casey Ginder
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

Since I am not familiar with any of these products or the process, I cannot give an opinion.

Frankie Wynn
Director of Facilities/Risk/Compliance Management
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA 70809  (New Address)
Office:  225-298-5229
Mobile:  225-603-4438
Fax:  225-298-5376
fwynn@he-equipment.com<mailto:fwynn@he-equipment.com>
www.HE-Equipment.com<http://www.he-equipment.com/>
[Description: HE Equipment Services-ETS with 50th anniversay logo for email_medium res]

From: Brad Reese [mailto:breese@mappconstruction.com]
Sent: Monday, March 18, 2013 11:29 AM
To: Frankie Wynn; 'Johnson, Neal'; Thomas Ryan (thomas.e.ryan@urs.com)
Cc: Patrick Solomon; Casey Ginder
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

Frankie – we need to make sure that H&E and the Design Team agree with our recommendations....which are outlined in the email below.  There are different products to use at each instance (i.e. Control Joints, Cracking, Expansion Joints and Building Slab Transition).

Brad Reese, LEED AP BD+C :: Sr. Project Manager

[Description: Description: cid:3424084961_75301094]
[Description: Description: Description: facebook]<http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299> [Description: Description: Description: Twitter] <http://twitter.com/mappconstructn>
[Description: Description: Description: LinkedIn] <http://www.linkedin.com/company/118121>  M A P P C O N S T R U C
T I O N . C O M

1

NON-CERTIFIED COPY

EXHIBIT
"3"

From: Frankie Wynn [mailto:fwynn@he-equipment.com]<mailto:[mailto:fwynn@he-equipment.com]>
Sent: Monday, March 18, 2013 11:02 AM
To: Brad Reese; 'Johnson, Neal'; Thomas Ryan (thomas.e.ryan@urs.com<mailto:thomas.e.ryan@urs.com>)
Cc: Patrick Solomon; Casey Ginder
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

I would not be comfortable approving your proposal.  You need to pick a solution that will solve the issues.

Frankie Wynn
Director of Facilities/Risk/Compliance Management
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA 70809 (New Address)
Office: 225-298-5229
Mobile: 225-603-4438
Fax: 225-298-5376
fwynn@he-equipment.com<mailto:fwynn@he-equipment.com>
www.HE-Equipment.com<http://www.he-equipment.com/>
[Description: HE Equipment Services-ETS with 50th anniversay logo for email_medium res]

From: Brad Reese [mailto:breese@mappconstruction.com]
Sent: Friday, March 15, 2013 8:51 AM
To: Frankie Wynn; 'Johnson, Neal'; Thomas Ryan (thomas.e.ryan@urs.com<mailto:thomas.e.ryan@urs.com>)
Cc: Patrick Solomon; Casey Ginder
Subject: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

FYI – our subcontractor proposes the following solution to the concrete areas in need of repair:

Control Joint Repairs in Paving

·    Remove existing elastomeric sealant

·    Clean joints

·    Apply Sikadur 51SL to fill joints

Crack Repairs in Paving

·    Rout cracks

·    Clean cracks

·    Apply Sikadur 55SLV to refusal

Building Slab Transition (New Warehouse Slab to Existing Warehouse Slab)

·    Chip areas to a depth of +/-2" in depth

·    Place Sikadur 321FS

NON-CERTIFIED COPY

Expansion Joints in Paving

·     Chip areas to a depth of +/-2" in depth

·     Place Sikadur 321FS

Attached is the product data for each. Please review and advise if this solution is acceptable. If so, we can perform a sample and determine which joints/cracks/etc. need the repair so that we can accurately create a formal CPR.

Feel free to contact me with any questions.

Thanks

**Brad Reese, LEED AP BD+C :: Sr. Project Manager**

[Description: Description: cid:3424084961_75301094]
[Description: Description: Description: facebook]<http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299> [Description: Description: Description: Twitter] <http://twitter.com/mappconstructn>
[Description: Description: Description: LinkedIn] <http://www.linkedin.com/company/118121>  M A P P C O N S T R U C
T I O N . C O M

From: Brad Reese
Sent: Monday, March 04, 2013 10:34 AM
To: Frankie Wynn (fwynn@he-equipment.com<mailto:fwynn@he-equipment.com>); Johnson, Neal
Cc: Patrick Solomon; Casey Ginder
Subject: FW: 52079 - H&E Kenner - RFI #54 & 55

Frankie/Neal – do you have time this week to review action items for the paving joint repairs. I met with a sub that can perform the work, but would like to sit down with you to review their proposed solutions. I am available any day this week except for today and Wednesday. We can meet at the site or I can drive to Baton Rouge and meet at your office....whichever is more convenient.

Please let me know.

thanks

Brad Reese, LEED AP BD+C :: Sr. Project Manager

[Description: Description: cid:3424084961_75301094]
[Description: Description: Description: facebook]<http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299> [Description: Description: Description: Twitter] <http://twitter.com/mappconstructn>
[Description: Description: Description: LinkedIn] <http://www.linkedin.com/company/118121>  M A P P C O N S T R U C
T I O N . C O M

From: Brad Reese
Sent: Wednesday, January 23, 2013 1:03 PM
To: Johnson, Neal; Thomas Ryan (thomas.e.ryan@urs.com<mailto:thomas.e.ryan@urs.com>)
Cc: Patrick Solomon; Casey Ginder
Subject: FW: 52079 - H&E Kenner - RFI #54 & 55

3

NON-CERTIFIED COPY

Neal/Thomas – have you had a chance to review this? I would like to get this work completed quickly to finish up this project for H&E.

thanks


Brad Reese, LEED AP BD+C :: Sr. Project Manager

[Description: Description: cid:3424084961_75301094]
[Description: Description: Description: facebook]<http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299> [Description: Description: Description: Twitter] <http://twitter.com/mappconstructn>
[Description: Description: Description: LinkedIn] <http://www.linkedin.com/company/118121>  M A P P C O N S T R U C T I O N . C O M


From: Brad Reese
Sent: Tuesday, January 15, 2013 12:32 PM
To: Johnson, Neal; Thomas Ryan (thomas.e.ryan@urs.com<mailto:thomas.e.ryan@urs.com>)
Cc: Patrick Solomon; Casey Ginder
Subject: 52079 - H&E Kenner - RFI #54 & 55

Neal/Thomas – please see the attached RFI's. We spoke to the concrete sub and they would feel more comfortable having something from the Architect of Record on how to make these repairs. Is this something you can handle? If you have a product/procedure in mind, we don't mind meeting with a rep or different sub to make sure the application will work as intended.

Let me know your thoughts.

thanks


Brad Reese, LEED AP BD+C :: Sr. Project Manager

504 234 9200 W I R E L E S S

[Description: Description: Description: cid:3424084961_75301094]
........................................................................................
601 POYDRAS ST., STE. 1715 :: NEW ORLEANS
P 504 833 6277 ::  F 504 833 6074

[Description: Description: Description: Description: facebook]<http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299> [Description: Description: Description: Description: Twitter] <http://twitter.com/mappconstructn>
[Description: Description: Description: Description: LinkedIn] <http://www.linkedin.com/company/118121>  M A P P C O N S T R U C T I O N . C O M


This e-mail and any attachments contain URS Corporation confidential information that may be proprietary or privileged. If you receive this message in error or are not the intended recipient, you should not retain, distribute, disclose or use any of this information and you should destroy the e-mail and any attachments or copies.

NON-CERTIFIED COPY

| From: | Frankie Wynn <fwynn@he-equipment.com> |
|---|---|
| To: | "Johnson, Neal" <neal.johnson@urs.com> |
| CC: | 1. "Dorsey, Stephan" <sdorsey@mjwomack.com> |
| | 2. "Ryan, Thomas E" <thomas.e.ryan@urs.com> |
| | 3. John Jones <jjones@he-equipment.com> |
| | 4. Murray L. McCullough (murray@benchmarkgroupllc.com) |
| Subject: | RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues |
| Sent: | 6/11/2013 4:17:17 PM +00:00 |

Do you know when we will have an answer? We need to move forward on getting this issues addressed.

Frankie Wynn
Director of Facilities/Risk/Compliance Management
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA 70809  (New Address)
Office:  225-298-5229
Mobile:  225-603-4438
Fax:  225-298-5376
fwynn@he-equipment.com
www.HE-Equipment.com

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Thursday, June 06, 2013 10:21 AM
To: Frankie Wynn
Cc: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg (ggauthier@mjwomack.com);
pbonner@mjwomack.com; Ryan, Thomas E; Sanders, Debra; John Jones; Murray L. McCullough (murray@benchmarkgroupllc.com);
Hill, Terry
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Frankie:
We will review the recommendation with Benchmark Group (our civil engineer of record) and request their opinion.
Regarding the request that URS participate in the cost of this work, this request will be forwarded to URS management for their directive.
Sincerely,
Neal Johnson

-----Original Message-----
From: Frankie Wynn [mailto:fwynn@he-equipment.com]
Sent: Thursday, June 06, 2013 7:56 AM
To: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg (ggauthier@mjwomack.com);
pbonner@mjwomack.com; Ryan, Thomas E; Johnson, Neal; Sanders, Debra; John Jones
Subject: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Attached is the latest recommendation to remedy the Expansion/Construction Joint issues at the H&E Baton Rouge Branch.  This recommendation is unacceptable to H&E for several reasons, not the least of which is the cost.  As the cause of this problem cannot be agreed upon by Womack or URS, I would suggest that both parties agree to share the costs equally.  All parties knew well in advance of design and installation of the paved area, the intended use.  All parties were asked throughout the project for any and all suggestions in all areas of design and construction to voice any and all concerns and make recommendations.  I do not recall any alternatives to the design and installation that were not followed by H&E.

As this issue will not correct itself and by its very nature grows worse each day, time is of the essence.
Let me know your solution as soon as possible.

Thank you

Frankie Wynn
Director of Facilities/Risk/Compliance Management H&E Equipment Services, Inc.
7500 Pecue Lane

EXHIBIT
"4"

URS-00012

NON-CERTIFIED COPY

Baton Rouge, LA  70809  (New Address)
Office:  225-298-5229
Mobile:  225-603-4438
Fax:  225-298-5376
fwynn@he-equipment.com
www.HE-Equipment.com

This e-mail and any attachments contain URS Corporation confidential information that may be proprietary or privileged. If you receive this message in error or are not the intended recipient, you should not retain, distribute, disclose or use any of this information and you should destroy the e-mail and any attachments or copies.

URS-00013

NON-CERTIFIED COPY

| | |
|---|---|
| **From:** | Brad Reese <breese@mappconstruction.com> |
| **Sent:** | Monday, July 08, 2013 9:24 PM |
| **To:** | Frankie Wynn; 'Johnson, Neal' |
| **Cc:** | Ryan, Thomas E; Vern Anderson; Crystal Faulkner; John Jones |
| **Subject:** | RE: Detail of Work Completed - Kenner |
| **Attachments:** | 52079 - Mtg Follow Up & Revised CPRs (50, 54, 57); Pay app work sheet.pdf; H&E Kenner CO 5 - Final.pdf; H&E Kenner CO 05 - attachment 1.pdf |

Neal – thanks for the info.  However, CO #5 was revised based on the  meeting at H&E's office on 5-22-13 (see attached email for reference).

Please let me know what we can do to collect the outstanding payments so that we can pay our subs and vendors.

Thanks

BRR


**Brad Reese, LEED AP BD+C** :: Sr. Project Manager

**MAPP**CONSTRUCTION
⬛⬛⬛ MAPPCONSTRUCTION.COM


**From:** Frankie Wynn [mailto:fwynn@he-equipment.com]
**Sent:** Monday, July 08, 2013 1:15 PM
**To:** 'Johnson, Neal'; Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; John Jones
**Subject:** RE: Detail of Work Completed - Kenner

The $15,000 punch list is based on the line item for pavement joints.  We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

I do not agree that this is a maintenance issue.  I have not seen anything to substantiate that this is not a design issue.  On March 18, 2013, I was told by URS  "We have forwarded the data to our civil engineering consultant for this project."  I do not recall seeing a written report after that.


Frankie Wynn
Director of Facilities/Risk/Compliance Management
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA  70809  (New Address)
Office:  225-298-5229
Mobile:  225-603-4438

1



**EXHIBIT "5"**

NON-CERTIFIED COPY

**Fax:** 225-298-5376
fwynn@he-equipment.com
www.HE-Equipment.com


**From:** Johnson, Neal [mailto:neal.johnson@urs.com]
**Sent:** Monday, July 08, 2013 11:39 AM
**To:** Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; Frankie Wynn
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High


Our pay application worksheet through #15 is attached. Our records show that we have certified a total amount of $3,743,235.61 of a current contract amount of $3,835,645.00 leaving the current balance of $92,409.39 which is based on $77,409.39 retainage and $15,000 punch list value.  Given you have obtained a clear lien certificate you can invoice for the balance on the retainage.  The $15,000 punch list is based on the line item for pavement joints.  We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

Regarding Change Order 005, we show an amount that H&E has agreed to be $34,499.00 (copy enclosed).  This was sent to you in early May of this year for signature.
Call me after you have a chance to review this information. We all wish to bring this project to closure.
Neal



**Neal Johnson, AIA**
Program Manager – Facilities
Mountain South Central Group

7389 Florida Boulevard,
Suite 300
Baton Rouge, LA 70806
Office 225.922.5700
Direct 225.231.6343
Cell  225.324.5848

Neal.johnson@urs.com

**ARCHITECTS**
**ENGINEERS**
**PLANNERS**


**From:** Brad Reese [mailto:breese@mappconstruction.com]
**Sent:** Monday, July 08, 2013 8:20 AM
**To:** 'Frankie Wynn'; Johnson, Neal
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High


Neal – can you confirm that you have processed all other pay apps?  My breakdown below shows what is outstanding.  We need to get these items resolved today.

- $ 80,000.00       Pay App #13
- $ 92,409.39       Balance of Retainage
- $ 46,052.00       Change Order #5 (MAPP has not received a copy of this CO)
- $218,461.39       Total Owed to MAPP, Material Suppliers and Subcontractors

NON-CERTIFIED COPY

Thanks

BRR


**Brad Reese, LEED AP BD+C** :: Sr. Project Manager

**MAPP**CONSTRUCTION
▯ ▯ ▯  M A P P C O N S T R U C T I O N . C O M


**From:** Frankie Wynn [mailto:fwynn@he-equipment.com]
**Sent:** Wednesday, July 03, 2013 9:34 AM
**To:** Brad Reese; 'Johnson, Neal'
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner
**Subject:** RE: Detail of Work Completed - Kenner

My numbers are attached



Frankie Wynn
Director of Facilities/Risk/Compliance Management
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA  70809  (New Address)
Office:  225-298-5229
Mobile:  225-603-4438
Fax:  225-298-5376
fwynn@he-equipment.com
www.HE-Equipment.com

 


**From:** Brad Reese [mailto:breese@mappconstruction.com]
**Sent:** Wednesday, July 03, 2013 8:34 AM
**To:** 'Johnson, Neal'; Frankie Wynn
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner
**Subject:** RE: Detail of Work Completed - Kenner

Neal/Frankie - has this been resolved?  I looked through our records and show that we were short paid $80,000 on pay app #13.  Currently, MAPP is owed the following:

- $ 80,000.00      Pay App #13
- $ 92,409.39      Balance of Retainage
- $ 46,052.00      Change Order #5 (MAPP has not received a copy of this CO)
- $218,461.39      Total Owed to MAPP, Material Suppliers and Subcontractors

3

NON-CERTIFIED COPY

On April 2, 2013, we submitted photos indicating the punch list items were previously addressed/completed.

On June 28, 2013, we submitted a copy of the clear lien certificate.

We are unaware of any issues relating to construction that could be holding up the $218,461.39.  Please let us know what can be done to put closure to this project.

thanks

BRR


Brad Reese, LEED AP BD+C :: Sr. Project Manager


M A P P C O N S T R U C T I O N . C O M


-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Monday, July 01, 2013 8:09 PM
To: Brad Reese; 'Frankie Wynn'
Cc: Ryan, Thomas E; Vern Anderson; Crystal Faulkner
Subject: RE: Detail of Work Completed - Kenner

Thomas - get with me on the outstanding punch list Thanks Neal


-----Original Message-----
From: Brad Reese [mailto:breese@mappconstruction.com]
Sent: Friday, June 28, 2013 2:24 PM
To: 'Frankie Wynn'; Johnson, Neal
Cc: Ryan, Thomas E; Vern Anderson; Crystal Faulkner
Subject: RE: Detail of Work Completed - Kenner

Sounds good.  We will send someone over on Monday (mid-morning) to pick it up.

Neal/Thomas - we previously submitted a letter and photos addressing the punch list items as complete.  Please let me know if you need us to resend.

Thanks

BRR


Brad Reese, LEED AP BD+C :: Sr. Project Manager


M A P P C O N S T R U C T I O N . C O M


4

NON-CERTIFIED COPY

-----Original Message-----
From: Frankie Wynn [mailto:fwynn@he-equipment.com]
Sent: Friday, June 28, 2013 2:22 PM
To: Johnson, Neal
Cc: Brad Reese; Ryan, Thomas E; Vern Anderson; Crystal Faulkner
Subject: Re: Detail of Work Completed - Kenner

I have a $100,000.00 check that can be picked up Monday when I get back on the office.

Sent from my iPhone

On Jun 28, 2013, at 2:18 PM, "Johnson, Neal" <neal.johnson@urs.com<mailto:neal.johnson@urs.com>> wrote:

This certificate appears to be in compliance for release of the contract balance less the value of any outstanding deficiencies to the completion of the contract (punch list items).
I assume the pay request will need to be modified in order to process this payment.

Thomas - please review all of this and get with me next Tuesday (I am out on Monday).
Thanks
Neal

<image006.jpg>

From: Brad Reese [mailto:breese@mappconstruction.com]
Sent: Friday, June 28, 2013 2:10 PM
To: Johnson, Neal; 'Frankie Wynn'
Cc: 'Brandon McWilliams'; Ryan, Thomas E; Vern Anderson; Crystal Faulkner
Subject: RE: Detail of Work Completed - Kenner

Neal/Frankie - please see the attached document to this email which is the Clear Lien Certificate for the project. This supersedes the previous lien waiver that we submitted for partial retainage. Please advise when the check (for full retainage) is ready for pick up.

Also - we are still waiting to receive Change Order #5, as well as approval of CPR #053.

Thanks

BRR


Brad Reese, LEED AP BD+C :: Sr. Project Manager

<image009.jpg>
<image010.jpg><https://urldefense.proofpoint.com/v1/url?u=http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BGcUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzIFkcrZi%2BbK3r0gRuw%3D%0A&s=6c80d95365975510cb6c16715398f937ed8ec93be49209ee7aac2fe8d0745ad7> <image011.jpg><https://urldefense.proofpoint.com/v1/url?u=http://twitter.com/mappconstructn&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BGcUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzIFkcrZi%2BbK3r0gRuw%3D%0A&s=ef650785899f4ffe7f9fa644f3feea4866f6b58453f5435b48b037c14141c970> <image012.jpg><https://urldefense.proofpoint.com/v1/url?u=http://www.linkedin.com/company/118121&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BG

5

NON-CERTIFIED COPY

cUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=b
4f22d0a9acace6719c000497c0a4645b82f504a9f126017f1c23b958fa13cc2> M A P P C O N S T R U C T I O N . C O M


From: Brad Reese
Sent: Monday, June 17, 2013 10:06 AM
To: Johnson, Neal; 'Frankie Wynn'
Cc: Brandon McWilliams; Ryan, Thomas E; Vern Anderson
Subject: RE: Detail of Work Completed - Kenner

Attached is a copy of the lien waiver.  Frankie - please advise as to what time we can come by and pick up the check.

Thanks

BRR


**Brad Reese, LEED AP BD+C :: Sr. Project Manager**

<image009.jpg>
<image010.jpg><https://urldefense.proofpoint.com/v1/url?u=http://www.facebook.com/pages/MAPP-Construction-
LLC/129547004299&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BGcUnipk6wHOY3PDYe8yQB
Bbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=6c80d95365975510cb6c167
15398f937ed8ec93be49209ee7aac2fe8d0745ad7> <image011.jpg><https://urldefense.proofpoint.com/v1/url?u=http:/
/twitter.com/mappconstructn&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BGcUnipk6wHOY3
PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=ef650785899f4ffe
7f9fa644f3feea4866f6b58453f5435b48b037c14141c970> <image012.jpg><https://urldefense.proofpoint.com/v1/url?u
=http://www.linkedin.com/company/118121&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BG
cUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=b
4f22d0a9acace6719c000497c0a4645b82f504a9f126017f1c23b958fa13cc2> M A P P C O N S T R U C T I O N . C O M


From: Vern Anderson
Sent: Wednesday, June 12, 2013 2:22 PM
To: Johnson, Neal
Cc: Brandon McWilliams; Brad Reese; 'Frankie Wynn'; Ryan, Thomas E
Subject: RE: Detail of Work Completed - Kenner

NJ,
Confirmed.  We will have the lien document sent over in a few


**Vern Anderson ::  Project Executive**

<image013.jpg>
M A P P C O N S T R U C T I O N . C O M

225 408 7722 D I R E C T
225 522 0009 W I R E L E S S


From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Wednesday, June 12, 2013 2:20 PM

NON-CERTIFIED COPY

To: Brad Reese; 'Frankie Wynn'; Ryan, Thomas E
Cc: Brandon McWilliams; Vern Anderson
Subject: RE: Detail of Work Completed - Kenner

The lien release was only to process payment for partial release of retainage prior to having a clear lien certificate. Please call me if you have any questions Neal <image006.jpg>

From: Brad Reese [mailto:breese@mappconstruction.com]
Sent: Wednesday, June 12, 2013 11:21 AM
To: 'Frankie Wynn'; Ryan, Thomas E; Johnson, Neal
Cc: Brandon McWilliams; Vern Anderson
Subject: RE: Detail of Work Completed - Kenner

Neal indicated that the lien release document was to allow H&E to release funding, not execute a change order.

Change order #5 should not require a lien release.

PS - The lien release is forthcoming.

Thanks

BRR


Brad Reese, LEED AP BD+C :: Sr. Project Manager

<image009.jpg>
<image010.jpg><https://urldefense.proofpoint.com/v1/url?u=http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BGcUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=6c80d95365975510cb6c16715398f937ed8ec93be49209ee7aac2fe8d0745ad7> <image011.jpg><https://urldefense.proofpoint.com/v1/url?u=http:/twitter.com/mappconstructn&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BGcUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=ef650785899f4ffe7f9fa644f3feea4866f6b58453f5435b48b037c14141c970> <image012.jpg><https://urldefense.proofpoint.com/v1/url?u=http://www.linkedin.com/company/118121&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BGcUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=b4f22d0a9acace6719c000497c0a4645b82f504a9f126017f1c23b958fa13cc2>  M A P P C O N S T R U C T I O N . C O M


From: Frankie Wynn [mailto:fwynn@he-equipment.com]
Sent: Wednesday, June 12, 2013 11:14 AM
To: Brad Reese; Ryan, Thomas E; Johnson, Neal (neal.johnson@urs.com<mailto:neal.johnson@urs.com>)
Cc: Brandon McWilliams; Vern Anderson
Subject: RE: Detail of Work Completed - Kenner

We need the lien release document.

Frankie Wynn
Director of Facilities/Risk/Compliance Management H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA 70809 (New Address)
Office: 225-298-5229

NON-CERTIFIED COPY

Mobile: 225-603-4438
Fax: 225-298-5376
fwynn@he-equipment.com<mailto:fwynn@he-equipment.com>
www.HE-Equipment.com<http://www.he-equipment.com/>
<image014.jpg>

From: Brad Reese [mailto:breese@mappconstruction.com]
Sent: Tuesday, June 11, 2013 5:28 PM
To: Frankie Wynn; Dorsey, Stephan; Ryan, Thomas E
Cc: Brandon McWilliams
Subject: RE: Detail of Work Completed -

Frankie - we need change order #5 so that we can complete our billing.

Please advise when we will receive this.

thanks


Brad Reese, LEED AP BD+C :: Sr. Project Manager

<image009.jpg>
<image010.jpg><https://urldefense.proofpoint.com/v1/url?u=http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYl6mw82BGcUnipk6wHOY3PDYe8yQB
Bbgblo%3D%0A&m=JeDPrZHwkAzLu7msFUicZkGD%2F48P0KMbY1iawsuaf4w%3D%0A&s=c957df1a49422385974b67e23
b605ac7544c43495bc5cb198a0ed77cd87c21fb> <image011.jpg><https://urldefense.proofpoint.com/v1/url?u=http://t
witter.com/mappconstructn&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYl6mw82BGcUnipk6wHOY3P
DYe8yQBBbgblo%3D%0A&m=JeDPrZHwkAzLu7msFUicZkGD%2F48P0KMbY1iawsuaf4w%3D%0A&s=c8d2914e462c8d124
08eca9002589677cf5510e9cb590260d98e9acbc74dfabf> <image012.jpg><https://urldefense.proofpoint.com/v1/url?u
=http://www.linkedin.com/company/118121&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYl6mw82BG
cUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=JeDPrZHwkAzLu7msFUicZkGD%2F48P0KMbY1iawsuaf4w%3D%0A&s=d7e
315a5dc38bffe4199fd0ad5ca939a4ffdfa99510d1e9613b8ca59bc2163be> M A P P C O N S T R U C T I O N . C O M


From: Frankie Wynn [mailto:fwynn@he-equipment.com]<mailto:[mailto:fwynn@he-equipment.com]>
Sent: Tuesday, June 11, 2013 3:42 PM
To: Dorsey, Stephan; Brad Reese; Ryan, Thomas E
Cc: Brandon McWilliams
Subject: FW: Detail of Work Completed -
Importance: High

Have I received all billings through 5/31?

Frankie Wynn
Director of Facilities/Risk/Compliance Management H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA  70809  (New Address)
Office:  225-298-5229
Mobile:  225-603-4438
Fax:  225-298-5376
fwynn@he-equipment.com<mailto:fwynn@he-equipment.com>
www.HE-Equipment.com<http://www.he-equipment.com/>

NON-CERTIFIED COPY

From: Brandon McWilliams
Sent: Friday, June 07, 2013 1:06 PM
To: Frankie Wynn
Cc: Toni R. Ruemker
Subject: RE: Detail of Work Completed - URS Pay App 20
Importance: High

Good afternoon Frankie - can you please provide an updated amount for anticipated costs through May 31st for Corporate and Kenner when they're available?

Thanks,

Brandon McWilliams
Senior Accountant - Corporate
7500 Pecue Lane
Baton Rouge, LA  70809
Direct:  225.298.5249
Fax:  225.298.5329
Email:  bmcwilliams@he-equipment.com<mailto:bmcwilliams@he-equipment.com>
Website:  http://www.he-equipment.com<http://www.he-equipment.com/>
<image015.jpg>


This e-mail and any attachments contain URS Corporation confidential information that may be proprietary or privileged. If you receive this message in error or are not the intended recipient, you should not retain, distribute, disclose or use any of this information and you should destroy the e-mail and any attachments or copies.

9

NON-CERTIFIED COPY

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

H&E EQUIPMENT SERVICES, INC. :  NUMBER: _____

  **Plaintiff**      :  DIVISION: _____

**VERSUS**         :

URS CORPORATION ARCHITECTURE, :
P.C., URS CORPORATION, L. O'NEAL :
JOHNSON, AND THOMAS E. RYAN, II, :

  **Defendants**      :

**FIRST SET OF INTERROGATORIES BY PLAINTIFF, H&E EQUIPMENT SERVICES, INC., TO DEFENDANT, URS CORPORATION ARCHITECTURE, P.C.**

To: URS Corporation Architecture, P.C.,
  through its Agent for Service of Process:
  CT Corporation System
  5615 Corporate Blvd., Suite 400B
  Baton Rouge, LA 70808

   **PLEASE TAKE NOTICE** that Plaintiff, H&E Equipment Services, Inc., on authority of Louisiana Code of Civil Procedure, propounds the following First Set of Interrogatories to Defendant, URS Corporation. You are hereby notified and required to have answered separately, fully, and in writing under oath the interrogatories attached to this notice and served herewith, within thirty (30) days of service hereof, together with the petition, in accordance with the terms of Articles 1457, et seq., of the Louisiana Code of Civil Procedure.

   The information sought by this First Set of Interrogatories includes any and all information in the possession of Defendant, URS Corporation Architecture, P.C., its attorneys, and any other persons acting on its behalf. In accordance with Louisiana Code of Civil Procedure Article 1428, these interrogatories are deemed to be continuing and supplementation of your responses is requested as the information changes or becomes available.

**DEFINITIONS AND INSTRUCTIONS**

A.  "**Any**" means "**all**" and vice versa.

B.  "**Document**" means the original or copy of any written, printed, typed, other graphic matter of any kind or nature, however produced or reproduced, electronic mail or other electronic data compilation, and the original of any stenographic, mechanical, electrical, electronic, computer, or other recording, as well as

656881.1

NON-CERTIFIED COPY

**EXHIBIT
"6"**

transcriptions thereof, and the original of any other thing from which information can be obtained, translated if necessary, by you or through detection. If a document has been prepared in several copies or additional copies have been made that are not identical (or are no longer identical by reason of any subsequent notation on, or other modification of), each non-identical copy is to be construed as a separate document.

C.    "**Plaintiff**" means H&E Equipment Services, Inc.

D.    "**H&E**" means H&E Equipment Services, Inc.

E.    "**You**" and "**Your**" means "**Defendant**".

F.    "**Johnson**" means Defendant, L. O'Neal Johnson.

G.    "**Ryan**" means Defendant, Thomas E. Ryan, II.

H.    "**URS Architecture**" means Defendant, URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

I.    "**URS Corp**" means Defendant, URS Corporation, and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

J.    "**Person**" or "**Persons**" mean any individual, partnership, firm, corporation, association, trust, joint venture, creditor or any other business or legal entity.

K.    "**Defendant**" means URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, investigators, and independent contractors.

L.    "**Possession, custody, or control**" includes the joint or several possession, custody, or control not only by the person to whom these Interrogatories are addressed, but also the joint or several possession, custody, or control by each or any other person acting or purporting to act in or on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesperson, or otherwise.

M.    "**Relates to**" means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

656881.1

NON-CERTIFIED COPY

N.    **"Identify," "identity,"** and **"identification,"** when used to refer to a natural person, mean to state the following:

    a.    The person's full name and present or last known home address, home telephone number, business address, and business telephone number;

    b.    The person's present title and employer or other business affiliation;

    c.    The person's home address, home telephone number, business address and business telephone number at the time of the actions at which each Interrogatory is directed; and

    d.    His/her employer and title at the time of the actions at which each Interrogatory is directed.

O.    **"Identify," "identity,"** and **"identification,"** when used to refer to a juridical person, mean to state the following:

    a.    The person's full name and address, including telephone number; and

    b.    The person's full name and address at the time of the actions at which each Interrogatory is directed.

P.    **"RFI#54"** means that request for information dated January 15, 2013, from MAPP Construction, LLC to URS Corporation, Attention: Thomas Ryan, a copy of which is attached hereto as Exhibit "A".

Q.    **"Johnson Email of March 18, 2013"** means that email from Johnson dated March 18, 2013, to Frankie Wynn and Thomas E. Ryan, a copy of which is attached hereto as Exhibit "B".

R.    **"Johnson Email of June 6, 2013"** means that email from Johnson dated June 6, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "C".

S.    **"Johnson Email of June 11, 2013"** means that email from Johnson dated June 11, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "D".

T.    **"Johnson Email of July 8, 2013"** means that email from Johnson dated July 8, 2013, to Brad Reese, a copy of which is attached hereto as Exhibit "E".

Except as otherwise defined herein, all terms used in these interrogatories shall be given their usual and customary meaning.

656881.1

NON-CERTIFIED COPY

## INTERROGATORIES

**INTERROGATORY NO. 1:**

STATE whether You responded to RFI#54/Exhibit "A"?

**INTERROGATORY NO. 2:**

With reference to RFI#54/Exhibit "A", **STATE** whether You "confirm[ed to MAPP Construction, LLC] the acceptable material and methods to use for making these repairs."

**INTERROGATORY NO. 3:**

IDENTIFY all documents relating to RFI#54/Exhibit "A".

**INTERROGATORY NO. 4:**

IDENTIFY all persons who were consulted about RFI#54/Exhibit "A".

**INTERROGATORY NO. 5:**

With reference to Johnson Email of March 18, 2013/Exhibit "B", **STATE** whether You "forwarded the data to [Your] civil engineer and consultant for this project."

**INTERROGATORY NO. 6:**

IDENTIFY all documents relating to Johnson Email of March 18, 2013/Exhibit "B".

**INTERROGATORY NO. 7:**

IDENTIFY all persons who were consulted about Johnson Email of March 18, 2013/Exhibit "B".

**INTERROGATORY NO. 8:**

With reference to Johnson Email of June 6, 2013/Exhibit "C", **STATE** whether You "review[ed] with Benchmark Group ([Your] civil engineer of record) and request their opinion."

**INTERROGATORY NO. 9:**

Referencing Johnson Email of June 6, 2013/Exhibit "C", **STATE** whether You requested the opinion of Benchmark Group, and if so, **STATE** the opinion of Benchmark Group.

**INTERROGATORY NO. 10:**

IDENTIFY all documents relating to Johnson Email of June 6, 2013/Exhibit "C".

**INTERROGATORY NO. 11:**

IDENTIFY all persons who were consulted about Johnson Email of June 6, 2013/Exhibit "C".

636881.1

NON-CERTIFIED COPY

**INTERROGATORY NO. 12:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **IDENTIFY** all documents relating to "URS management [ ] having a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**INTERROGATORY NO. 13:**

With referenced to Johnson Email of June 11, 2013/Exhibit "D", **IDENTIFY** all persons of "URS management" who participated in "a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**INTERROGATORY NO. 14:**

Referencing Johnson Email of June 11, 2013/Exhibit "D", **STATE** Johnson's directions about sharing the outcome.

**INTERROGATORY NO. 15:**

**IDENTIFY** all documents relating to the H&E Baton Rouge Branch pavement.

**INTERROGATORY NO. 16:**

**IDENTIFY** all documents relating to the H&E Kenner Branch pavement.

**INTERROGATORY NO. 17:**

**IDENTIFY** all documents relating to Johnson Email of July 8, 2013/Exhibit "E".

**INTERROGATORY NO. 18:**

**IDENTIFY** all persons who were consulted about Johnson Email of July 8, 2013/Exhibit "E".

656881.1

NON-CERTIFIED COPY

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By: _____

Edward J. Laperouse, II, LBRN 29310
John Ashley Moore, LBRN 9635
L. Adam Thames, LBRN 32722
Megan F. Bice, LBRN 35042
451 Florida Street, 8th floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821
Telephone:  (225) 387-3221
Facsimile:  (225) 346-8049
Email:  ted.laperouse@taylorporter.com
Email:  ashley.moore@taylorporter.com
Email:  adam.thames@taylorporter.com
Email:  megan.bice@taylorporter.com

**PLEASE SERVE**
**with the petition**

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*

NON-CERTIFIED COPY



# MAPP
CONSTRUCTION, LLC

601 Poydras Street, Suite 1715
New Orleans, LA, 70130
504.833.6277
504.833.6074

RFI#    54

## *REQUEST FOR INFORMATION*
### H and E Equipment Services - Kenner
### MAPP Job 52079-

| | | | |
|---|---|---|---|
| Date: | 01/15/2013 | | |
| Attn: | Thomas Ryan | Drawing Ref.: | |
| Company: | URS Corporation | Spec. Sect. Ref.: | |
| Fax: | 225.922.5866 | From: | Brad Reese |

Subject: *Expansion Joints at Concrete Paving*

---

**Question/Request:**                                        Response Required By:  *01/18/2013*

As discussed in previous OAC meetings onsite, the expansion joints in the concrete paving appear to be failing because of regular wear and debris around the lot. Please confirm the acceptable material and methods to use for making these repairs.

**Suggestion:**

Signed:_____

Brad Reese

**Response Received:**

Signed:_____

URS Corporation

Notes:

CC:

Exhibit "A"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Monday, March 18, 2013 1:37 PM
To: Frankie Wynn; Ryan, Thomas E
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

We have forwarded the data to our civil engineering consultant for this project. I am concerned that the list is presented as a CPR and not a repair to a construction defect.  A CPR is typically a cost proposal.
Neal

Exhibit "B"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Thursday, June 06, 2013 10:21 AM
To: Frankie Wynn
Cc: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg
(ggauthier@mjwomack.com); pbonner@mjwomack.com; Ryan, Thomas E; Sanders, Debra; John
Jones; Murray L. McCullough (murray@benchmarkgroupllc.com); Hill, Terry
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Frankie:
We will review the recommendation with Benchmark Group (our civil engineer of record) and
request their opinion.
Regarding the request that URS participate in the cost of this work, this request will be forwarded
to URS management for their directive.
Sincerely,
Neal Johnson

Exhibit "C"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Tuesday, June 11, 2013 12:26 PM
To: Frankie Wynn
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

URS management is having a conference all this afternoon about the H&E Baton Rouge Branch pavement.
If I am directed, I will share the outcome.  If not, I will let you know that I do not know.
Neal

Exhibit "D"

NON-CERTIFIED COPY

**From:** Johnson, Neal [mailto:neal.johnson@urs.com]
**Sent:** Monday, July 08, 2013 11:39 AM
**To:** Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; Frankie Wynn
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High

Our pay application worksheet through #15 is attached. Our records show that we have certified a total amount of $3,743,235.61 of a current contract amount of $3,835,645.00 leaving the current balance of $92,409.39 which is based on $77,409.39 retainage and $15,000 punch list value. Given you have obtained a clear lien certificate you can invoice for the balance on the retainage. The $15,000 punch list is based on the line item for pavement joints. We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

Regarding Change Order 005, we show an amount that H&E has agreed to be $34,499.00 (copy enclosed). This was sent to you in early May of this year for signature.

Exhibit "E"


NON-CERTIFIED COPY

Call me after you have a chance to review this information. We all wish to bring this project to closure. Neal



**Neal Johnson, AIA**
Program Manager- Facilities
Mountain South Central Group

7389 Florida Boulevard,
Suite 300
Baton Rouge, LA 70806
Office 225.922.5700
Direct 225.231.6343
Cell 225.324.5848

Neal.johnson@urs.com

NON-CERTIFIED COPY

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

H&E EQUIPMENT SERVICES, INC.　　　: NUMBER: _____

　　　Plaintiff　　　　　　　　　　　: DIVISION: _____

VERSUS　　　　　　　　　　　　　　:

URS CORPORATION ARCHITECTURE,　:
P.C., URS CORPORATION, L. O'NEAL　:
JOHNSON, AND THOMAS E. RYAN, II,　:

　　　Defendants　　　　　　　　　　:

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
BY PLAINTIFF, H&E EQUIPMENT SERVICES, INC.,
TO DEFENDANT, URS CORPORATION ARCHITECTURE, P.C.**

To:　URS Corporation Architecture, P.C.,
　　　through its Agent for Service of Process:
　　　CT Corporation System
　　　5615 Corporate Blvd., Suite 400B
　　　Baton Rouge, LA  70808

　　　**PLEASE TAKE NOTICE** that Plaintiff, H&E Equipment Services, Inc., on authority of

the Louisiana Code of Civil Procedure, propounds the following First Set of Requests for

Production of Documents.  You are hereby notified and required to have answered separately,

fully, and in writing under oath the requests for production of documents attached to this notice

and served herewith.  H&E Equipment Services, Inc. requests the production of the following

documents for inspection and photocopying in the offices of Edward J. "Ted" Laperouse, II,

Taylor, Porter, Brooks & Phillips L.L.P., P.O. Box 2471, Baton Rouge, LA  70821, within thirty

(30) days of service hereof, together with the petition, in accordance with the terms of Articles

1461 and 1462 of the Louisiana Code of Civil Procedure.

　　　The information sought by this First Set of Requests for Production of Documents

includes any and all information in the possession of Defendant, URS Corporation Architecture,

P.C., its attorneys, and any other persons acting on its behalf.  In accordance with Louisiana

Code of Civil Procedure Article 1428, this First Set of Requests for Production of Documents is

deemed to be continuing and supplementation of your responses is requested as the information

changes or becomes available.

656874.1



EXHIBIT
"7"

NON-CERTIFIED COPY

## DEFINITIONS AND INSTRUCTIONS

A.    **"Any"** means **"all"** and vice versa.

B.    **"Document"** means the original or copy of any written, printed, typed, other graphic matter of any kind or nature, however produced or reproduced, electronic mail or other electronic data compilation, and the original of any stenographic, mechanical, electrical, electronic, computer, or other recording, as well as transcriptions thereof, and the original of any other thing from which information can be obtained, translated if necessary, by you or through detection.   If a document has been prepared in several copies or additional copies have been made that are not identical (or are no longer identical by reason of any subsequent notation on, or other modification of), each non-identical copy is to be construed as a separate document.

C.    **"Plaintiff"** means H&E Equipment Services, Inc.

D.    **"H&E"** means H&E Equipment Services, Inc.

E.    **"You"** and **"Your"** means **"Defendant"**.

F.    **"Johnson"** means Defendant, L. O'Neal Johnson.

G.    **"Ryan"** means Defendant, Thomas E. Ryan, II.

H.    **"URS Architecture"** means Defendant, URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

I.    **"URS Corp."** means Defendant, URS Corporation, and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

J.    **"Person"** or **"Persons"** mean any individual, partnership, firm, corporation, association, trust, joint venture, creditor or any other business or legal entity.

K.    **"Defendant"** means URS Corporation Architecture, P.C., and any affiliated entity or predecessor in interest, its officers, directors, employees, agents, representatives, attorneys, and anyone acting on its behalf.

656874.1

NON-CERTIFIED COPY

L.   **"Possession, custody, or control"** includes the joint or several possession, custody, or control not only by the person to whom these Interrogatories are addressed, but also the joint or several possession, custody, or control by each or any other person acting or purporting to act in or on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesperson, or otherwise.

M.   **"Relates to"** means supports, evidences, describes, mentions, refers to, contradicts, or comprises.

N.   **"Identify," "identity,"** and **"identification,"** when used to refer to a natural person, mean to state the following:

a.   The person's full name and present or last known home address, home telephone number, business address, and business telephone number;

b.   The person's present title and employer or other business affiliation;

c.   The person's home address, home telephone number, business address and business telephone number at the time of the actions at which each Request is directed; and

d.   His/her employer and title at the time of the actions at which each Request is directed.

O.   **"Identify," "identity,"** and **"identification,"** when used to refer to a juridical person, mean to state the following:

a.   The person's full name and address, including telephone number; and

b.   The person's full name and address at the time of the actions at which each Request is directed.

P.   **"RFI#54"** means that Request For Information dated January 15, 2013, from MAPP Construction, LLC to URS Corporation, Attention: Thomas Ryan, a copy of which is attached hereto as Exhibit "A".

Q.   **"Johnson Email of March 18, 2013"** means that email from Johnson dated March 18, 2013, to Frankie Wynn and Thomas E. Ryan, a copy of which is attached hereto as Exhibit "B".

- 3 -

656874.1

NON-CERTIFIED COPY

R.    "**Johnson Email of June 6, 2013**" means that email from Johnson dated June 6, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "C".

S.    "**Johnson Email of June 11, 2013**" means that email from Johnson dated June 11, 2013, to Frankie Wynn, a copy of which is attached hereto as Exhibit "D".

T.    "**Johnson Email of July 8, 2013**" means that email from Johnson dated July 8, 2013, to Brad Reese, a copy of which is attached hereto as Exhibit "E".

Except as otherwise defined herein, all terms used in this First Set of Requests for Production of Documents shall be given their usual and customary meaning.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

**PRODUCE** all documents relating to RFI#54/Exhibit "A".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

**PRODUCE** all documents responding to RFI#54/Exhibit "A".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

**PRODUCE** minutes of OAC meetings onsite referenced in RFI#54/Exhibit "A".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

With reference to RFI#54/Exhibit "A", **PRODUCE** all documents whereby URS Architecture "confirm[ed] the acceptable material and methods to use for making these repairs."

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

**PRODUCE** all documents relating to Johnson Email of March 18, 2013/Exhibit "B".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

With reference to Johnson Email of March 18, 2013/Exhibit "B", **PRODUCE** all documents relating to response by Your "civil engineering consultant for this project."

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

**PRODUCE** all documents relating to Johnson Email of June 6, 2013/Exhibit "C".

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

**PRODUCE** all documents received from Benchmark Group relating to Johnson Email of June 6, 2013/Exhibit "C".

- 4 -

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

PRODUCE all documents to and from "URS management" relating to Johnson Email of June 6, 2013/Exhibit "C".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

PRODUCE all documents relating to Johnson Email of June 11, 2013/Exhibit "D".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **PRODUCE** all documents relating to "a conference all this afternoon about the H&E Baton Rouge Branch pavement."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

With reference to Johnson Email of June 11, 2013/Exhibit "D", **PRODUCE** all documents relating to directions to Johnson about sharing (or not) the outcome of the conference.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

PRODUCE all documents relating to the H&E Baton Rouge Branch pavement.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

PRODUCE all documents relating to the H&E Kenner Branch pavement.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

PRODUCE all documents relating to Johnson Email of July 8, 2013/Exhibit "E".

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

With reference to Johnson Email of July 8, 2013/Exhibit "E", **PRODUCE** all documents tending to indicate "this is a maintenance issue given the conditions that have been observed."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

PRODUCE all policies of liability insurance, whether general liability, professional liability, or other, which may provide coverage to You for the acts and/or omissions alleged in the petition herein.

656874.1

NON-CERTIFIED COPY

By Attorneys,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By: _____

Edward J. Laperouse, II, LBRN 29310
John Ashley Moore, LBRN 9635
L. Adam Thames, LBRN 32722
Megan F. Bice, LBRN 35042
451 Florida Street, 8th floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821
Telephone:  (225) 387-3221
Facsimile:  (225) 346-8049
Email:  ted.laperouse@taylorporter.com
Email:  ashley.moore@taylorporter.com
Email:  adam.thames@taylorporter.com
Email:  megan.bice@taylorporter.com

**PLEASE SERVE**
with the petition

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*

NON-CERTIFIED COPY



# MAPP
## CONSTRUCTION, LLC

601 Poydras Street, Suite 1715
New Orleans, LA, 70130
504.833.6277
504.833.6074

RFI#  __54__

## *REQUEST FOR INFORMATION*
### H and E Equipment Services - Kenner
### MAPP Job 52079-

| | | | |
|---|---|---|---|
| Date: | 01/15/2013 | | |
| Attn: | **Thomas Ryan** | Drawing Ref.: | |
| Company: | **URS Corporation** | Spec. Sect. Ref.: | |
| Fax: | 225.922.5866 | From: | **Brad Reese** |

Subject: *Expansion Joints at Concrete Paving*

---

**Question/Request:**                      Response Required By:  *01/18/2013*

As discussed in previous OAC meetings onsite, the expansion joints in the concrete paving appear to be failing because of regular wear and debris around the lot.  Please confirm the acceptable material and methods to use for making these repairs.

**Suggestion:**

Signed:_____

**Brad Reese**

---

**Response Received:**

Signed:_____

**URS Corporation**

Notes:

CC:

## Exhibit "A"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Monday, March 18, 2013 1:37 PM
To: Frankie Wynn; Ryan, Thomas E
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

We have forwarded the data to our civil engineering consultant for this project. I am concerned that the list is presented as a CPR and not a repair to a construction defect.  A CPR is typically a cost proposal.
Neal

Exhibit "B"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Thursday, June 06, 2013 10:21 AM
To: Frankie Wynn
Cc: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg
(ggauthier@mjwomack.com); pbonner@mjwomack.com; Ryan, Thomas E; Sanders, Debra; John
Jones; Murray L. McCullough (murray@benchmarkgroupllc.com); Hill, Terry
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Frankie:
We will review the recommendation with Benchmark Group (our civil engineer of record) and
request their opinion.
Regarding the request that URS participate in the cost of this work, this request will be forwarded
to URS management for their directive.
Sincerely,
Neal Johnson

Exhibit "C"

NON-CERTIFIED COPY

-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Tuesday, June 11, 2013 12:26 PM
To: Frankie Wynn
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

URS management is having a conference all this afternoon about the H&E Baton Rouge Branch pavement.
If I am directed, I will share the outcome.  If not, I will let you know that I do not know.
Neal

Exhibit "D"

NON-CERTIFIED COPY

**From:** Johnson, Neal [mailto:neal.johnson@urs.com]
**Sent:** Monday, July 08, 2013 11:39 AM
**To:** Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; Frankie Wynn
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High

Our pay application worksheet through #15 is attached. Our records show that we have certified a total amount of $3,743,235.61 of a current contract amount of $3,835,645.00 leaving the current balance of $92,409.39 which is based on $77,409.39 retainage and $15,000 punch list value.  Given you have obtained a clear lien certificate you can invoice for the balance on the retainage.  The $15,000 punch list is based on the line item for pavement joints.  We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

Regarding Change Order 005, we show an amount that H&E has agreed to be $34,499.00 (copy enclosed).  This was sent to you in early May of this year for signature.

Exhibit "E"


NON-CERTIFIED COPY

Call me after you have a chance to review this information. We all wish to bring this project to closure.
Neal



**Neal Johnson, AIA**
Program Manager – Raci hes
(Ro)rrt in Storm Central Group

**7389 Florida Boulevard,**
**Suite 300**
**Baton Rouge, LA 70806**
Office  225.922.5700
Direct  225.231.6343
Cell     225.324.5848

Neal.johnson@urs.com

NON-CERTIFIED COPY

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO: 626308                                                    DIV. "D"

H&E EQUIPMENT SERVICES, INC.

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION,
L. O'NEAL JOHNSON, AND THOMAS E. RYAN, II

**DEFENDANTS' ANSWERS TO THE FIRST SET OF INTERROGATORIES BY
PLAINTIFF, H&E EQUIPMENT SERVICES, INC.**

TO:    H&E Equipment Services, Inc.
       Through its Counsel of Record
       Edward Laperouse
       Taylor, Porter, Brooks & Phillips, LLP
       451 Florida Street, 8th Floor
       Baton Rouge, LA 70821

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"), URS

CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND THOMAS

E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as "Defendants"), answer the

Interrogatories of Plaintiff as follows:

## I. GENERAL OBJECTIONS

1.    Defendants object to the Interrogatories to the extent they seek disclosure of information

       protected from discovery by the attorney-client privilege, the work product doctrine, or

       otherwise protected as confidential or privileged by any other applicable privilege or

       exemption.

2.    Defendants object to the Interrogatories to the extent that they are overly broad, unduly

       burdensome, seek documents which are not described with reasonable particularity and

       seek information that is not relevant to the subject matter involved in the pending action

       and are not reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendants object to the Interrogatories to the extent that they purport to require searches

       of files and the production of documents in the possession or at the control of another

       party.

4.    Defendants object to the Interrogatories to the extent that they seek information not

       reasonably available to Defendants or that is obtainable by Plaintiff from some other

       source that is more convenient, less burdensome, or less expensive; or seeks to impose

NON-CERTIFIED COPY

EXHIBIT
"8"

unreasonable and oppressive obligations to compile and present information in a form and manner other than that in which it is customarily prepared or maintained.

5. Defendants object to the Interrogatories to the extent that that may be construed to seek personal or proprietary information.

6. Defendants object to the Interrogatories to the extent that they purport to impose definitions that differ from normal English usage.

7. By responding to an Interrogatory with a defined term, Defendants are not by implication agreeing with any such definition.

8. Defendants' responses are made without in any way waiving the right to object, on grounds of competency, relevancy, materiality, privilege, admissibility, or any other ground, to the use of its responses or produced documents in any proceeding in this action or any other action.

9. Defendants object to the Interrogatories to the extent they seek information outside the scope of permissible discovery.

10. Defendants object to the Interrogatories to the extent they seek irrelevant information the production of which would needlessly increase the costs of this litigation.

11. These general objections shall be deemed continuing to each Interrogatory and are not waived, nor in any way limited, by the following responses:

## II. ANSWERS TO INTERROGATORIES

Interrogatory No. 1:
State whether you responded to RFI #54/Exhibit A?

Answer to Interrogatory No. 1:

No.  No response was required by Defendants.  Specifically, RFI #54 states that the "expansion joints in the concrete paving appear to be failing *because of regular wear and debris around the lot.*"  Regular wear and maintenance do not fall within the scope of Defendants' obligations under the agreement with H&E and as such, no response was required.

Interrogatory No. 2:
With reference to RFI #54/Exhibit A, state whether you "confirmed to MAPP Construction LLC the acceptable material and methods to use for making these repairs."

Answer to Interrogatory No. 2:

No.

Interrogatory No. 3:
Identify all documents relating to RFI #54/Exhibit A.

NON-CERTIFIED COPY

<u>Answer to Interrogatory No. 3:</u>

<u>**OBJECTION.**</u>  Defendants object to Interrogatory No. 3 as overbroad, unduly burdensome, where it requests "all documents relating to" the subject matter.  This Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Further answering and without waiving any objection, please see Defendants' Response to Plaintiff's Request for Production of Documents No. 1.

<u>Interrogatory No. 4:</u>
Identify all persons who were consulted about RFI #54/Exhibit A.

<u>Answer to Interrogatory No. 4:</u>

<u>**OBJECTION.**</u>  Defendants object to Interrogatory No. 4 as vague and overbroad, where the term "consulted" is broad and undefined and subject to interpretation. See also, Defendants' Response to Interrogatory No. 1, *supra.* Further answering and without waiving any objection, RFI #54 was discussed by the following individuals:

1. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

2. Tim Gaines
   Senior Civil Engineer
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

3. Neal Johnson
   Program Manager- Facilities
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

4. Brad Reese
   Sr. Project Manager
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

5. Otis Seaborn
   Project Superintendent
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

NON-CERTIFIED COPY

Interrogatory No. 5:
With reference to Johnson Email of March 18, 2013/Exhibit B, state whether you "forwarded the data to [your] civil engineer and consultant for this project."

Answer to Interrogatory No. 5:

Yes.

Interrogatory No. 6:
Identify all documents relating to Johnson Email of March 18, 2013/Exhibit B.

Answer to Interrogatory No. 6:

**OBJECTION.** Defendants object to Interrogatory No. 6 as overbroad, unduly burdensome, where it requests "all documents relating to" the subject matter and to the extent that it seeks information about communications obtained or prepared in anticipation of litigation, which are protected by the work product privilege.. Defendants identify e-mail communications between various URS personnel and consultants, which are subject to the aforementioned privilege.

Interrogatory No. 7:
Identify all persons who were consulted about Johnson Email of March 18,2013/Exhibit B.

Answer to Interrogatory No. 7:

**OBJECTION.** Defendants object to Interrogatory No. 7 as vague and overbroad, where the term "consulted" is broad and undefined and subject to interpretation. Further answering and without waiving any objection, the subject matter of the e-mail referenced in Interrogatory No.7 was discussed by:

1. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

2. Tim Gaines
   Senior Civil Engineer
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

3. Brad Reese
   Sr. Project Manager
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

4. Otis Seaborn
   Project Superintendent
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

4

NON-CERTIFIED COPY

Interrogatory No. 8:
With reference to Johnson Email of June 6, 2013/Exhibit C, state whether you "review[ed] with Benchmark Group ([your] civil engineer of record) and request their opinion."

Answer to Interrogatory No. 8:

Yes. Defendants reviewed the subject matter with Benchmark Group and did request an opinion.

Interrogatory No. 9:
Referencing Johnson Email of June 6, 2013/Exhibit C, state whether you requested the opinion of Benchmark Group, and if so, state the opinion of Benchmark Group.

Answer to Interrogatory No. 9:

**OBJECTION.** Defendants object to Interrogatory No. 9 to the extent that it seeks information about communications with counsel and/or communications obtained at the advice of counsel or in anticipation of litigation, which are protected by the attorney-client and/or work product privileges. Further answering and without waiving any objection, Defendants did request and receive an opinion of Benchmark Group. Defendants also identify e-mail communications between various URS personnel, counsel and consultants, which are subject to the aforementioned privileges.

Interrogatory No. 10:
Identify all documents relating to Johnson Email of June 6, 2013/Exhibit C.

Answer to Interrogatory No. 10:

**OBJECTION.** Defendants object to Interrogatory No. 10 to as vague, overbroad, and unduly burdensome, where it requests "all documents relating to" this subject matter and to the extent that it seeks information about communications with counsel, which are protected by the attorney-client and/or work product privileges. This Interrogatory does not appear reasonably calculated to lead to the discovery of admissible evidence. Moreover, this Interrogatory seeks information which Defendants believe should already be in possession of Plaintiff or that is in the possession of third parties, not controlled by Defendants. Further answering and without waiving any objection, See Defendants' Response to Plaintiff's Request for Production of Documents No. 7. Defendants also identify e-mail communications between various URS personnel and counsel, which are subject to the aforementioned privileges.

Interrogatory No. 11:
Identify all persons who were consulted about Johnson Email of June 6, 2013/Exhibit C.

Answer to Interrogatory No. 11:

**OBJECTION.** Defendants object to Interrogatory No. 11 as vague and overbroad, where the term "consulted" is broad and undefined and subject to interpretation. Further answering and

5

NON-CERTIFIED COPY

without waiving any objection, the subject matter of the e-mail referenced in Interrogatory No.11

was discussed by:

1. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225)922-5700

2. Alan M. Cohen
   Counsel
   URS Corporation
   9400 Amberglen Blvd.
   Austin, Texas 78729
   (512) 454-4797

3. Debra Sanders
   Vice President
   Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

4. John Jones
   Vice President- Corporate Services
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

5. Murray McCullough
   Senior Partner
   Benchmark Group
   11328 Pennywood Ave.
   Baton Rouge, Louisiana 70809
   (225) 368-2475

Interrogatory No. 12:
With reference to Johnson Email of June 11, 2013/Exhibit D, identify all documents relating to "URS management having a conference call about the H&E Baton Rouge Branch payment."

Answer to Interrogatory No. 12:

**OBJECTION.** Defendants object to Interrogatory No. 12 to the extent that it vague, overbroad,

and unduly burdensome, where it requests "all documents relating to" the subject matter and to

the extent that it seeks information about communications with counsel, which are protected by

the attorney-client and/or work product privileges.  .  Further answering and without waiving any

objection, Defendants identify e-mail communications between various URS personnel and

counsel, which are subject to the aforementioned privileges.

Interrogatory No. 13:
With reference to Johnson Email of June 11, 2013/Exhibit D, identify all persons of "URS management" who participated in a "conference call this afternoon about the H&E Baton Rouge Branch pavement."

6

NON-CERTIFIED COPY

Answer to Interrogatory No. 13:

    1.  Alan M. Cohen
       Counsel
       URS Corporation
       9400 Amberglen Blvd.
       Austin, Texas 78729
       (512) 454-4797

    2.  Debra Sanders
       Vice President
       Baton Rouge Office Manager
       URS Corporation
       7389 Florida Blvd., Ste. 300
       Baton Rouge, Louisiana 70808
       (225) 922-5700

    3.  Neal Johnson
       Program Manager- Facilities
       URS Corporation
       7389 Florida Blvd., Ste. 300
       Baton Rouge, Louisiana 70808
       (225) 922-5700

    4.  Vincent Provenza
       Senior Vice President
       3500 N. Causeway Blvd.
       Suite 900
       Metairie, Louisiana 70002
       (504) 837-6326

    5.  Scott B. Hillman
       Group Counsel
       URS Corporation
       9400 Amberglen Blvd.
       Austin, Texas 78729
       (512) 419-6373

Interrogatory No. 14:
Referencing Johnson Email of June 11, 2013/Exhibit D, state Johnson's directions about sharing the outcome.

Answer to Interrogatory No. 14:

**OBJECTION.** Defendants object to Interrogatory No. 14 to the extent that it is seeks information about communications with counsel, which are protected by the attorney-client and/or work product privileges.

Interrogatory No. 15:
Identify all documents relating to the H&E Baton Rouge Branch pavement.

Answer to Interrogatory No. 15:

**OBJECTION.** Defendants object to Interrogatory No. 15 to as vague, overbroad, and unduly burdensome where it requests "all documents relating to" the subject matter. Moreover, this Interrogatory does not appear reasonably calculated to lead to the discovery of admissible evidence. Additionally, this Interrogatory seeks information which Defendants believe should

7

NON-CERTIFIED COPY

already be in possession of Plaintiff or that is in the possession of third parties, not controlled by Defendants. Further answering and without waiving any objection, See Defendants' Response to Plaintiff's Request for Production of Documents No. 13.

Interrogatory No. 16:
Identify all documents relating to the H&E Kenner Branch pavement.

Answer to Interrogatory No. 16:

**OBJECTION.** Defendants object to Interrogatory No. 16 to the extent that it vague, overbroad, and unduly burdensome, where it requests "all documents relating to" the subject matter and to the extent that it seeks information about communications with counsel, which are protected by the attorney-client and/or work product privileges. Moreover, this Interrogatory does not appear reasonably calculated to lead to the discovery of admissible evidence. Additionally, this Interrogatory seeks information which Defendants believe should already be in possession of Plaintiff or that is in the possession of third parties, not controlled by Defendants. Further answering and without waiving any objection, See Defendants' Response to Plaintiff's Request for Production of Documents No. 14.

Interrogatory No. 17:
Identify all documents relating to Johnson Email of July 8, 2013/Exhibit E.

Answer to Interrogatory No. 17:

**OBJECTION.** Defendants object to Interrogatory No. 17 to the extent that it vague, overbroad, and unduly burdensome, where it requests "all documents relating to" the subject matter and to the extent that it seeks information about communications with counsel, which are protected by the attorney-client and/or work product privileges. Moreover, this Interrogatory does not appear reasonably calculated to lead to the discovery of admissible evidence. Additionally, this Interrogatory seeks information which Defendants believe should already be in possession of Plaintiff or that is in the possession of third parties, not controlled by Defendants. Further answering and without waiving any objection, See Defendants' Response to Plaintiff's Request for Production of Documents No. 15.

Interrogatory No. 18:
Identify all persons who were consulted about Johnson Email of July 8, 2013/Exhibit E.

Answer to Interrogatory No. 18:

**OBJECTION.** Defendants object to Interrogatory No. 18 as vague and overbroad, where the term "consulted" is broad and undefined and subject to interpretation. Further answering and

8

NON-CERTIFIED COPY

without waiving any objection, the substance of the e-mail was discussed by the following individuals:

1.  Thomas Ryan
    Senior Architect
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70806
    (225)922-5700

2.  Tim Gaines
    Senior Civil Engineer
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70806
    (225)922-5700

3.  Brad Reese
    Senior Project Manager
    MAPP Construction
    601 Poydras St., Ste. 1715
    New Orleans, Louisiana
    (504) 833-6277

4.  Vern Anderson
    Project Executive
    MAPP Construction
    344 3rd St.
    Baton Rouge, LA 70801
    (225) 408-7722

The foregoing Responses are based upon the information that Defendants currently have in their possession and Defendants reserve the right to supplement or amend their Responses as additional information becomes available. Additionally, Responses to Plaintiff's Interrogatories in no way represent waivers of any privileges that might be applicable.

Respectfully submitted,

**ADAMS AND REESE LLP**

Philip A. Franco (La. Bar #5819), T.A.
Kellen Mathews (La Bar #31860)
4500 One Shell Square
New Orleans, LA   70139
Telephone:  (504) 581-3234
Facsimile:   (504) 566-0210
*Counsel for Defendants*

9

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served upon

all counsel of record via e-mail and hand delivery, this 10th day of February, 2014.

_____
Kellen J. Mathews

NON-CERTIFIED COPY

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO: 626308                                             DIV. "D"

H&E EQUIPMENT SERVICES, INC.

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION,
L. O'NEAL JOHNSON, AND THOMAS E. RYAN, II

DFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS

TO:    H&E Equipment Services, Inc.
       Through their Counsel of Record
       Edward Laperouse
       Taylor, Porter, Brooks & Phillips, LLP
       451 Florida Street, 8th Floor
       Baton Rouge, LA 70821

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"), URS

CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND THOMAS

E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as "Defendants"), answer the

Requests for Production of Documents of Plaintiff as follows:

I. GENERAL OBJECTIONS

1.   Defendants object to the Requests for Production to the extent they seek disclosure of

     information protected from discovery by the attorney-client privilege, the work product

     doctrine, or otherwise protected as confidential or privileged by any other applicable

     privilege or exemption.

2.   Defendants object to the Requests for Production to the extent that they are overly broad,

     unduly burdensome, seek documents which are not described with reasonable

     particularity and seek information that is not relevant to the subject matter involved in the

     pending action and are not reasonably calculated to lead to the discovery of admissible

     evidence.

3.   Defendants object to the Requests for Production to the extent that they purport to require

     searches of files and the production of documents in the possession or at the control of

     another party.

4.   Defendants object to the Requests for Production to the extent that they seek information

     not reasonably available to Defendants or that is obtainable by Plaintiff from some ot

1

NON-CERTIFIED COPY

EXHIBIT
"9"

source that is more convenient, less burdensome, or less expensive; or seeks to impose unreasonable and oppressive obligations to compile and present information in a form and manner other than that in which it is customarily prepared or maintained.

5. Defendants object to the Requests for Production to the extent that that may be construed to seek personal or proprietary information.

6. Defendants object to the Requests for Production to the extent that they purport to impose definitions that differ from normal English usage.

7. By responding to a Request for Production with a defined term, Defendants are not by implication agreeing with any such definition.

8. Defendants' responses are made without in any way waiving the right to object, on grounds of competency, relevancy, materiality, privilege, admissibility, or any other ground, to the use of its responses or produced documents in any proceeding in this action or any other action.

9. Defendants object to the Requests for Production to the extent they seek information outside the scope of permissible discovery.

10. Defendants object to the Requests for Production to the extent they seek irrelevant information the production of which would needlessly increase the costs of this litigation.

11. These general objections shall be deemed continuing to each discovery request and are not waived, nor in any way limited, by the following responses:

## II. RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Request for Production No. 1:
Produce all documents relating to RFI #54/Exhibit A.

Response to Request for Production No. 1:

**OBJECTION.** Defendants object to request No. 1 as overbroad, unduly burdensome, where it requests "all documents relating to" the subject matter. This Request is not reasonably calculated to lead to the discovery of admissible evidence. Further answering and without waiving any objection, please see attached materials. **(URS 00079 – URS 00089).**

Request for Production No. 2:
Produce all documents responding to RFI #54/Exhibit A

Response to Request for Production No. 2:

See Defendants' Answer to Plaintiff's Interrogatory No. 1.

Request for Production No. 3:
Produce minutes of OAC meetings onsite referenced in RFI #54/Exhibit A.

2

NON-CERTIFIED COPY

<u>Response to Request for Production No. 3:</u>

Defendants are not in possession of materials responsive to this Request. Further answering, upon information and belief responsive materials may be in possession of Plaintiff or third parties, not controlled by Defendants.

<u>Request for Production No. 4:</u>
With reference to RFI #54/Exhibit A, produce all documents whereby URS Architecture "confirm[ed] the acceptable material and methods to use for making these repairs."

<u>Response to Request for Production No. 4:</u>

See Defendants' Answer to Plaintiff's Interrogatory No. 2.

<u>Request for Production No. 5:</u>
Produce all documents relating to Johnson Email of March 18, 2013/Exhibit B.

<u>Response to Request for Production No. 5:</u>

**OBJECTION.** Defendants object to Request No. 5 as overbroad, unduly burdensome, where it requests "all documents relating to" the subject matter, and to the extent that it seeks information about communications in anticipation of litigation, which are protected by the work product privilege. Moreover, this Request does not appear reasonably calculated to lead to the discovery of admissible evidence.

<u>Request for Production No. 6:</u>
With reference to Johnson Email of March 18, 2013/Exhibit B, produce all documents relating to response by your "civil engineering consultant for this project."

<u>Response to Request for Production No. 6:</u>

**OBJECTION.** Defendants object to Request No. 6 to the extent that it seeks information about communications with counsel and/or communications obtained at the advice of counsel or in anticipation of litigation, which are protected by the attorney-client and/or work product privileges.

<u>Request for Production No. 7:</u>
Produce all documents relating to Johnson Email of June 6, 2013/Exhibit C.

<u>Response to Request for Production No. 7:</u>

**OBJECTION.** Defendants object to Request No. 7 to as vague, overbroad, and unduly burdensome, where it requests "all documents relating to" this subject matter and to the extent that it seeks information about communications with counsel, which are protected by the attorney-client and/or work product privileges. This Request does not appear reasonably calculated to lead to the discovery of admissible evidence. Moreover, this Request seeks information which Defendants believe should already be in possession of Plaintiff or that is in

3

NON-CERTIFIED COPY

the possession of third parties, not controlled by Defendants. Further answering and without waiving any objection, please see attached materials. (**URS 00001– URS 00013).**

Request for Production No. 8:
Produce all documents received from Benchmark Group relating to Johnson Email of June 6, 2013/Exhibit C.

Response to Request for Production No. 8:

**OBJECTION.** Defendants object to Request No. 8 to as vague, overbroad, and unduly burdensome, and to the extent that it seeks information about communications with counsel and/or materials obtained and prepared in anticipation of litigation, which are protected by the attorney-client and/or work product privileges.

Request for Production No. 9:
Produce all documents to and from "URS management" relating to Johnson Email of June 6 2013/Exhibit C.

Response to Request for Production No. 9:

**OBJECTION.** Defendants object to Request No. 9 to the extent that it vague, overbroad, and unduly burdensome, where it requests "all documents to and from 'URS management' relating to" the subject matter and to the extent that it seeks information about communications with counsel, which are protected by the attorney-client and/or work product privileges.

Request for Production No.10:
Produce all documents relating to Johnson Email of June 11, 2013/Exhibit D.

Response to Request for Production No. 10:

**OBJECTION.** Defendants object to Request No. 10 to as vague, overbroad, and unduly burdensome, where it requests "all documents relating to" this subject matter and to the extent that it seeks information about communications with counsel, which are protected by the attorney-client and/or work product privileges. This Request does not appear reasonably calculated to lead to the discovery of admissible evidence. Moreover, this Request seeks information which Defendants believe should already be in possession of Plaintiff or that is in the possession of third parties, not controlled by Defendants.

Request for Production No. 11:
With reference to Johnson Email of June 11, 2013/Exhibit D, produce all documents relating to "a conference call this afternoon about the H&E Baton Rouge Branch payment."

Response to Request for Production No. 11:

**OBJECTION.** Defendants object to Request No. 11 to the extent that it is seeks information about communications with counsel, which are protected by the attorney-client and/or work product privileges.

NON-CERTIFIED COPY

Request for Production No. 12:
With reference to Johnson Email of June 11, 2013/Exhibit D, produce all documents relating to the directions to Johnson about sharing (or not) the outcome of the conference.

Response to Request for Production No. 12:

**OBJECTION.** Defendants object to Request No. 12 to the extent that it is seeks information about communications with counsel, which are protected by the attorney-client and/or work product privileges.

Request for Production No. 13:
Produce all documents relating to the H&E Baton Rouge Branch pavement.

Response to Request for Production No. 13:

**OBJECTION.** Defendants object to Request No. 13 to as vague, overbroad, and unduly burdensome where it requests "all documents relating to" the subject matter. Moreover, this Request does not appear reasonably calculated to lead to the discovery of admissible evidence. Additionally, this Request seeks information which Defendants believe should already be in possession of Plaintiff or that is in the possession of third parties, not controlled by Defendants. Further answering and without waiving any objection, please see attached materials. **(URS 00871- URS 01167).**

Request for Production No. 14:
Produce all documents relating to the H&E Kenner Branch pavement.

Response to Request for Production No. 14:

**OBJECTION.** Defendants object to Request No. 14 as vague, overbroad, and unduly burdensome where it requests "all documents relating to" the subject matter. Moreover, this Request does not appear reasonably calculated to lead to the discovery of admissible evidence. Additionally, this Request seeks information which Defendants believe should already be in possession of Plaintiff or that is in the possession of third parties, not controlled by Defendants. Further answering and without waiving any objection, please see attached materials. **(URS00014- URS00078; URS00090- URS00870).**

Request for Production No. 15:
Produce all documents relating to Johnson Email of July 8, 2013/Exhibit E.

Response to Request for Production No. 15:

**OBJECTION.** Defendants object to Request No. 15 as vague, overbroad, and unduly burdensome where it requests "all documents relating to" the subject matter. Moreover, this Request does not appear reasonably calculated to lead to the discovery of admissible evidence. Additionally, this Request seeks information which Defendants believe should already be in

NON-CERTIFIED COPY

possession of Plaintiff or that is in the possession of third parties, not controlled by Defendants.

Further answering and without waiving any objection, please see attached materials. **(URS 00061).**

Request for Production No. 16:
With reference to Johnson Email of July 8, 2013/Exhibit E, produce all documents tending to indicate "this is a maintenance issue given the conditions that have been observed."

Response to Request for Production No. 16:

**OBJECTION.** Defendants object to Request No. 16 to the extent that it is seeks information about communications with counsel and/or materials obtained at the advice of counsel in anticipation of litigation, which are protected by the attorney-client and/or work product privileges.

Request for Production No. 17:
Produce all policies of liability insurance, whether general liability, professional liability, or other, which may provide coverage to you for the acts and/or omissions alleged in the petition herein.

Response to Request for Production No. 17:

**OBJECTION.** Defendants object to Request No. 17 on the grounds that it seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Further answering and without waiving any objection, Defendant, URS, states that URS's self-insured retention under the insurance policies that may provide coverage for the acts and/or omissions alleged in the petition herein far exceeds the damages alleged by plaintiff, as such, URS is self-insured with respect to the claims made in the petition herein.

    The foregoing Responses are based upon the information that Defendants currently have in their possession and Defendants reserve the right to supplement or amend their Responses as additional information becomes available. Additionally, Responses to Plaintiff's Requests for Production in no way represent waivers of any privileges that might be applicable.

Respectfully submitted,

ADAMS AND REESE LLP

Philip A. Franco (La. Bar #5819), T.A.
Kellen Mathews (La Bar #31860)
4500 One Shell Square
New Orleans, LA  70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210
*Counsel for Defendants*

6

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served upon

all counsel of record via e-mail and hand delivery, this 10TH day of February, 2014.

_____
Kellen J. Mathews

NON-CERTIFIED COPY

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

**201 ST. CHARLES AVENUE**
SUITE 3600
NEW ORLEANS, LOUISIANA 70170

ROY C. CHEATWOOD
Direct Dial: (504) 566-5266
Direct Fax: (504) 636-3966
rcheatwood@bakerdonelson.com

PHONE:  504.566.5200
FAX:      504.636.4000

www.bakerdonelson.com

November 10, 2014

**VIA FACSIMILE AND U.S. MAIL**

Philip A. Franco
Kellen Matthews
Adams and Reese, LLP
4500 One Shell Square
New Orleans, Louisiana 70139

Re:    *H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
        19th Judicial District Court, Case No. 626308, Division "D"

Dear Counselors:

As you may know, we have assumed representation of H&E Equipment Services, Inc. ("H&E") in connection with the captioned matter. Please direct all future correspondence and filings to our attention.

I write in reference to the discovery responses received from your clients, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "Defendants"), on or about February 10, 2014. Please allow this correspondence to highlight several areas of concern with respect to your clients' written answers and objections and related document productions. Please note that I have not attempted to delineate every concern with respect to the defendants' responses, and you should not construe this letter as such.

In light of the discussion below, I hope that we can resolve any issues concerning the requested materials without the need for a Motion to Compel. And, I would ask that you provide the requested information and documents **within 14 days, or by Monday, November 24, 2014**. Should you disagree and wish to maintain the objections asserted by your clients, please allow this correspondence to set a Rule 10.1 conference for the following **Monday, December 1, 2014, at 11:00 a.m.** I will contact you at that time to discuss any outstanding issues.

At the outset, the defendants objected to a number of requests and refused to identify or produce a number of documents and communications based on the documents and communications having been prepared in anticipation of litigation and/or being protected by the

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS •


EXHIBIT
"10"

NON-CERTIFIED COPY

Philip A. Franco, Esq.
Kellen Matthews, Esq.
November 10, 2014
Page 2

attorney-client privilege and/or work product doctrine. H&E disagrees with the assertion of privilege with respect to most if not all of the items withheld, but, in any event, your clients did not provide a privilege log or meaningful description of the documents and information withheld as required by Louisiana Code of Civil Procedure article 1422. While the defendant's responses include vague references to "communications between various URS personnel and consultants"; "communications between various URS personnel, counsel and consultants"; and "communications between various URS personnel and counsel" as being withheld, these responses do not describe the nature of the documents and information withheld in such a way as to allow H&E to meaningfully evaluate the applicability of the privilege or protection asserted. Accordingly, I would ask that your clients supplement their responses to include a proper privilege log or description of each document or communication withheld, including without limitation, the names of the persons involved and/or party to the communication, the date of the communication or document, the basis for withholding the item, and a brief description of the item that does not reveal privileged information but nonetheless allows H&E to assess the applicability of the protection or privilege asserted.

More substantively, we disagree with the defendants' assertion that certain documents and communications are protected as materials prepared in anticipation of litigation and/or on the basis of the attorney-client privilege and/or work product doctrine. In this regard, I would bring your attention to Interrogatory Nos. 6, 9, 10, 12, 14, and 17 and Request for Production Nos. 5, 6, 7, 8, 9, 10, 11, 12, and 16.

Interrogatory No. 6 and Request for Production Nos. 5 and 6 requested information and documents pertaining to an email authored by Neal Johnson and dated March 18, 2013, which represented that the defendants had forwarded certain data regarding the pavement at H&E's Kenner project to URS' "civil engineering consultant" and were presumably awaiting a response. The defendants refused to identify or produce documents or communications related to this March 18, 2013 email as materials prepared or obtained in anticipation of litigation. We disagree. H&E did not file its Petition for Damages until November 20, 2013, *over eight months after* the date of the March 18, 2013 email. The email was authored during the course of the parties' ongoing contractual relationship and in the course of URS' performance of its duties with respect to the Kenner project; it was not prepared for the *purpose* of litigation or trial as required by Article 1422. *See generally, e.g., Kimpton Hotel & Restaurant Group, Inc. v. Liberty Mutual Fire Ins. Company*, No. 07-1310, p. 8 (La. App. App. 4 Cir. 12/19/07), 974 So. 2d 72, 78. As such, I would ask that your clients review their responses and objections to these requests and identify and produce all documents evidencing or related to your "civil engineering consultant['s]" response, as contemplated by Mr. Johnson's March 18, 2013 email, and any communications with your "civil engineering consultant" regarding the referenced data.

We similarly disagree with the defendants' objections and refusal to produce documents in response to Interrogatory Nos. 9 and 10 and Request for Production Nos. 7, 8, and 9, all of which pertain to an email from Mr. Johnson to Frankie Wynn on June 6, 2013 stating that URS

NON-CERTIFIED COPY

Philip A. Franco, Esq.
Kellen Matthews, Esq.
November 10, 2014
Page 3

would be reviewing H&E's proposal regarding repair costs in connection with pavement issues at H&E's Baton Rouge project site with its civil engineer of record and soliciting an opinion from that engineer, as well as forwarding the proposal to URS management for review. While acknowledging that URS received an "opinion" from its engineer regarding the pavement problems at the Baton Rouge site, the defendants refused to produce that opinion and related documents on the grounds that such documents and communications were prepared in anticipation of litigation and/or are protected by the attorney-client privilege and/or work product doctrine. For the reasons set forth above, we disagree that an opinion prepared by URS' civil engineer of record over five months prior to H&E's initiation of suit was prepared in anticipation of litigation or for the purpose of litigation, or that communications or documents exchanged with the engineer are confidential, privileged communications. Indeed, per your clients' response to Interrogatory No. 11, an H&E representative was consulted in connection with the referenced opinion. In any event, please have your clients review their objections and responses to these requests and supplement their production accordingly with the "opinion" referenced in Mr. Johnson's June 6, 2013 email and all correspondence and documents exchanged between URS and its engineer of record, as well as all correspondence and documents exchanged with and among URS management as contemplated by the email. To the extent any communications are in fact subject to the attorney-client privilege and/or attorney work product doctrine, I would ask that you properly specify and describe such communications in the manner discussed above.

The defendants also objected to Interrogatory Nos. 12 and 14 and Request for Production Nos. 10, 11, and 12, all of which pertain to a URS management meeting regarding the H&E Baton Rouge project, as seeking information and documents protected by the attorney-client privilege. As noted above, please have your clients specify and properly describe all documents and communications withheld as privileged so that H&E can assess the applicability of the privilege to the requested documents and communications. To the extent any responsive communications referencing or related to the management meeting or any management meeting notes, management directives, or other related documents do not constitute confidential communications with counsel, I would ask that you produce such documents and information; and if no such non-privileged materials exist, please confirm. To the extent any communications and documents can be redacted without waiving the asserted privilege, I would also ask that your clients produce the redacted materials.

Finally, Interrogatory No. 17 and Request for Production No. 16 requested information and documents relating to a July 8, 2013 email from Mr. Johnson to Brad Reese of MAPP Construction, LLC stating that URS intended to ask H&E to accept certain problems with the pavement at the Kenner project site as "in place" and consider such problems a "maintenance issue." Among other things, your clients objected to Interrogatory No. 17 and Request for Production No. 16, both of which requested documents relating to the July 8, 2013 email, as seeking information not reasonably calculated to lead to the discovery of admissible evidence and/or that is privileged and protected from disclosure. We respectfully disagree.

NON-CERTIFIED COPY

Philip A. Franco, Esq.
Kellen Matthews, Esq.
November 10, 2014
Page 4


First, considering that URS' defense in this litigation is partly based on the notion that problems with the pavement at H&E's various project sites, including the Kenner site, are maintenance issues and not the result of deficiencies in the design and specifications for the projects, information and documents pertaining to URS' intention to request that H&E accept problems with the pavement as "in place" and consider the problems a maintenance issue are clearly relevant and reasonably calculated to lead to the discovery of admissible evidence in this matter.  Second, as to the assertion of privilege, Mr. Johnson's July 8, 2013 email was sent to Brad Reese, a third party, and copied Frankie Wynn, an H&E employee.  There is no indication that the email was part of or the result of confidential attorney-client communications. Furthermore, H&E's request for "all documents tending to indicate 'this is a maintenance issue given the conditions that have been observed' " is clearly a request for factual and/or documentary support for your clients' argument that problems with the pavement were a maintenance issue – in other words, the facts at issue and evidence tending to support, or refute, your client's defense.  Such information is simply not privileged and is fully within the scope of permissible discovery.  Accordingly, I would ask that your clients also review their responses and objections to these requests and amend and/or supplement their responses and production as appropriate.  To the extent any communications or other materials do in fact constitute confidential attorney-client communications or attorney work product, please have your clients specify and properly describe the materials withheld.

Please reconsider your positions as noted above or give me a call to discuss at your earliest convenience.  Otherwise, I will call you on November 24, 2014, at 11:00 a.m.

Finally, I enclose H&E Equipment Services' second sets of requests for production of documents and interrogatories.  Please respond within the delays allowed by law.

With best regards, I remain


Sincerely,


Roy C. Cheatwood


Enclosures

cc:    M. David Kurtz (*via email*)
       Anne Derbes Wittmann (*via email*)
       Laura E. Carlisle (*via email*)

NON-CERTIFIED COPY

## Carlisle, Laura

| | |
|---|---|
| **From:** | Kurtz, Dave |
| **Sent:** | Tuesday, November 18, 2014 10:21 AM |
| **To:** | philip.franco@arlaw.com |
| **Cc:** | Cheatwood, Roy; Carlisle, Laura; Wittmann, Anne; kellen.mathews@arlaw.com |
| **Subject:** | H&E v URS - discovery issues |

Phil:

Thanks for taking the time to speak with me yesterday concerning our discovery issues. I am writing to confirm our path forward and would invite your comment if you feel I have omitted anything.

With regard to our second set of discovery, you indicated that URS has certain "project files" such as plans and specifications that you would like for us to review in hard copy and designate those that we wish to copy. That is agreeable to us. Please let us know when and where you will make those files available.

With regard to the ESI responsive to our second set, you proposed to provide us with a list of individuals who are potential custodians because they billed some time to H&E projects at issue. We will then tell you which of those people are the ones whose emails we would like you to search. We will also provide you with a list of search terms and a specific date range for you to use. You will then produce the documents found by this method as they are stored. Both sides' productions will be subject to a clawback agreement, which you and we will work out separately. This is agreeable to us, and we will anticipate using a similar protocol with regard to H&E's production, once you issue discovery to us.

Please note that yesterday, our conversation regarding ESI was confined largely to emails. We need to discuss how you might find other ESI, such as spreadsheets or drawings stored on network drives. I would guess that URS has a shared drive structure that stores project files in folders (or equivalent) that are associated with each of the projects, so finding the responsive non-email ESI may be easy. However the precise determination of how you will go about that is something that you will have to determine with URS and let us know the most efficient way to go about it. We await your advices in that regard.

With regard to the Rule 10.1 conference mentioned in Roy's correspondence of November 10, we agreed to disagree. I understand that URS is maintaining its work product objections notwithstanding the points made in Roy's letter. We discussed that you believed that all of the documents at issue had been generated after H&E indicated that it would be withholding payment from URS, and that you believed that withholding payment meant that the parties were anticipating litigation, regardless of when or whether a litigation hold was issued. We disagree with that assertion as a legal matter, but I did agree to alert you if we find information suggesting that your factual predicate is incorrect. Leaving that possibility aside, however, I believe that we find ourselves at an impasse on this particular point, and I consider that we have discharged our obligation to confer with you prior to filing a motion to compel. Should you feel that any further discussion of these issues might be fruitful, please do not hesitate to contact me.

I neglected to mention this, but it is imperative that we receive from you a specific listing of the documents that you are withholding on this basis. Please provide us with an appropriate privilege log within two weeks, or by December 2, 2014.

Thanks
Dave

**David Kurtz**
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
201 St. Charles Ave., Suite 3600


**EXHIBIT "11"**

NON-CERTIFIED COPY

New Orleans, LA  70170
Direct:  504.566.5259
Fax:  504.636.3959
E-mail:  dkurtz@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz PC represents clients across the U.S. and abroad
from offices in Alabama, Florida, Georgia, Louisiana, Mississippi, Tennessee, Texas and Washington, D.C.

Please consider the environment before printing this e-mail.

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

### DEFENDANTS' ANSWERS TO SECOND SET OF INTERROGATORIES OF H&E EQUIPMENT SERVICES, INC.

TO:    H&E Equipment Services, Inc.
       Through its Counsel of Record
       Roy C. Cheatwood
       Baker Donelson Bearman Caldwell & Berkowitz
       201 St. Charles Avenue, Suite 3600
       New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), answer the Second Set of Interrogatories of Plaintiff as follows:

### GENERAL OBJECTIONS

1.    Defendants object to the Interrogatories to the extent they seek disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise protected as confidential or privileged by any other applicable privilege or exemption.

2.    Defendants object to the Interrogatories to the extent that they are overly broad, unduly burdensome, seek documents which are not described with reasonable particularity and seek information that is not relevant to the subject matter involved in the pending action and are not reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendants object to the Interrogatories to the extent that they purport to require searches of files and the production of documents in the possession or at the control of another party.



NON-CERTIFIED COPY

4.    Defendants object to the Interrogatories to the extent that they seek information not reasonably available to Defendants or that is obtainable by Plaintiff from some other source that is more convenient, less burdensome, or less expensive; or seeks to impose unreasonable and oppressive obligations to compile and present information in a form and manner other than that in which it is customarily prepared or maintained.

5.    Defendants object to the Interrogatories to the extent that that may be construed to seek personal or proprietary information.

6.    Defendants object to the Interrogatories to the extent that they purport to impose definitions that differ from normal English usage.

7.    By responding to an Interrogatory with a defined term, Defendants are not by implication agreeing with any such definition.

8.    Defendants' responses are made without in any way waiving the right to object, on grounds of competency, relevancy, materiality, privilege, admissibility, or any other ground, to the use of its responses or produced documents in any proceeding in this action or any other action.

9.    Defendants object to the Interrogatories to the extent they seek information outside the scope of permissible discovery.

10.   Defendants object to the Interrogatories to the extent they seek irrelevant information the production of which would needlessly increase the costs of this litigation.

11.   These general objections shall be deemed continuing to each discovery request and are not waived, nor in any way limited, by the following responses:

12.   In addition to the general objections of Defendants, Defendants object on the grounds that Plaintiff has served more than thirty-five interrogatories and Plaintiff has failed to seek leave to serve additional interrogatories, requiring a contradictory hearing and good cause shown for why the additional interrogatories are necessary. La. Code Civ. Proc. Art. 1457(B).

### ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify each person answering or assisting in answering these Interrogatories and the Requests for Production of Documents served contemporaneously herewith.

NON-CERTIFIED COPY

## ANSWER TO INTERROGATORY NO. 1:

1. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

2. Debra Sanders
   Vice President/Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

3. Philip A. Franco
   Adams and Reese LLP
   4500 One Shell Square
   New Orleans, LA 70139
   (504) 581-3234

4. Kellen J. Mathews
   Adams and Reese LLP
   450 Laurel St., Suite 1900
   Baton Rouge, LA 70801
   (225)336-5200

## INTERROGATORY NO. 2:

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's new headquarters and dealership facility in Baton Rouge, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation and/or bidding on the project and/or negotiation of services to be provided by URS and the fees to be paid to URS.

## ANSWER TO INTERROGATORY NO. 2:

1. Craig Gardner
   1728 Great Oak Dr.
   Baton Rouge, Louisiana   70810
   (225)766-7219

2. Mark Howard
   18723 Manchac
   Prairieville, Louisiana  70769
   (225)673-2368

3

NON-CERTIFIED COPY

3.  Chad Herndon
    514 East Oak Haven St.
    Gonzales, Louisiana  70737
    (225)405-6046

4.  Cody Lewis
    9415 Magnolia Crossing
    Central, Louisiana  70739
    (985)768-0460

5.  Debra Sanders
    Vice President/Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana  70808
    (225) 922-5700

6.  Neal Johnson
    2328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

7.  Leonard St. Germain
    Vice President-Operations
    H&E Equipment Services
    7500 Pecue Lane
    Baton Rouge, Louisiana 70809
    (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 3:</u>

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its headquarters and dealership facility in Baton Rouge, Louisiana.

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 3:</u>

1. Mark Howard
   18723 Manchac
   Prairieville, Louisiana   70769
   (225)673-2368

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana   70737
   (225)405-6046

3. Thomas Van Hattum
   Vice President/ Facilities Practice Leader
   URS Corporation
   3950 Sparks Drive SE
   Grand Rapids, MI 49546
   (616) 574-8500

4. Ryan Archer
   4 East Fulton Street, Suite 200
   Grand Rapids, MI 49503
   (616)456-9944

5. John Jones
   Vice President- Corporate Services
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

6. Brad Reese
   Senior Project Manager
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

7. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

8. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

NON-CERTIFIED COPY

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 4:**

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2006, including any amendments or expansions thereof.

**ANSWER TO INTERROGATORY NO. 4:**

See Answer to Interrogatory No.2, *supra*.  Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 5:**

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's facility in Kenner, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid by URS.

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 5:</u>

1. Neal Johnson
   2328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana 70737
   (225)405-6046

3. Cody Lewis
   9415 Magnolia Crossing
   Central, Louisiana 70739
   (985)768-0460

4. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70808
   (225) 922-5700

5. Craig Gardner
   1728 Great Oak Dr.
   Baton Rouge, Louisiana 70810
   (225)766-7219

6. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

7. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for

7

NON-CERTIFIED COPY

Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 6:**

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its facility in Kenner, Louisiana.

**ANSWER TO INTERROGATORY NO. 6:**

1. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

2. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

3. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

4. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may

be derived or ascertained in large part from URS's business records, including

electronically stored information or from an examination, audit, or inspection of these

business records, including a compilation, abstract, or summary based thereon, and the

burden of deriving or ascertaining the answer will be substantially the same for

Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

8

NON-CERTIFIED COPY

## INTERROGATORY NO. 7:

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2009, including any amendments or expansions thereof.

## ANSWER TO INTERROGATORY NO. 7:

1.  Neal Johnson
    2328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

2.  Chad Herndon
    514 East Oak Haven St.
    Gonzales, Louisiana  70737
    (225)405-6046

3.  Debra Sanders
    Vice President/ Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana  70808
    (225) 922-5700

4.  Craig Gardner
    1728 Great Oak Dr.
    Baton Rouge, Louisiana  70810
    (225)766-7219

5.  Leonard St. Germain
    Vice President-Operations
    H&E Equipment Services
    7500 Pecue Lane
    Baton Rouge, Louisiana 70809
    (225) 298-5223

6.  Frankie Wynn
    H&E Equipment Services
    7500 Pecue Lane
    Baton Rouge, Louisiana 70809
    (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for

9

NON-CERTIFIED COPY

Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 8:**

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the renovation and relocation of H&E's crane manufacturing facility in Belle Chasse, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid by URS.

**ANSWER TO INTERROGATORY NO. 8:**

1. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

3. Lee Vampran
   Project Administrator
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

4. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may

be derived or ascertained in large part from URS's business records, including

electronically stored information or from an examination, audit, or inspection of these

business records, including a compilation, abstract, or summary based thereon, and the

burden of deriving or ascertaining the answer will be substantially the same for

10

NON-CERTIFIED COPY

Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 9:**

Please identify all persons involved in and/or having knowledge regarding the administration of the construction contracts executed in connection with H&E's Baton Rouge, Louisiana headquarters and dealership facility; H&E's Kenner, Louisiana, and/or H&E's Belle Chasse, Louisiana facility.

**ANSWER TO INTERROGATORY NO. 9:**

1. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

3. Kim Nunez
   11731 D Morganhill Ct.
   Baton Rouge, Louisiana  70818

Additionally, Defendants submit that further answers to this interrogatory may

be derived or ascertained in large part from URS's business records, including

electronically stored information or from an examination, audit, or inspection of these

business records, including a compilation, abstract, or summary based thereon, and the

burden of deriving or ascertaining the answer will be substantially the same for

Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 10:**

Please identify all communications and correspondence between you and any contractor or potential contractor regarding the installation of concrete at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities, whether during actual construction, pre-construction, post-construction, or during the contract bidding process; and for each such communication or correspondence, please specify: the name of the contractor, the date and medium of the communication or correspondence, the

NON-CERTIFIED COPY

nature or subject matter of the communication or correspondence, including who said what, and the outcome of the communication or correspondence.

ANSWER TO INTERROGATORY NO. 10:

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

INTERROGATORY NO. 11:

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana, and/or Kenner, Louisiana facilities, and for each such communication or correspondence, please specify: the date and medium of the communication and correspondence, the specific individuals who were party to the communication or correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

ANSWER TO INTERROGATORY NO. 11:

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

INTERROGATORY NO. 12:

Please identify all persons involved in and/or having knowledge related to any complaints, discussions, or communications regarding spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities.

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 12:</u>

1. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

2. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

3. Vincent Provenza
   Senior Vice President
   URS Corporation
   3500 N. Causeway Blvd., Suite 900
   Metairie, Louisiana 70002
   (504) 837-6326

4. Tim Gaines
   1140 Fairwinds Ave.
   Zachary, Louisiana  70791
   (225)247-9499

5. Bruce Adams
   URS Corporation
   3500 N. Causeway Blvd., Suite 900
   Metairie, Louisiana 70002
   (504) 837-6326

6. Alan Cohen
   7320 N. MoPac, Suite 211
   Austin, TX 78731
   (512)346-5558

7. Scott Hillman
   Group Counsel
   URS Corporation
   9400 Amberglen Blvd.
   Austin, Texas  78729
   (512) 419-6373

8. Brad Reese
   Senior Project Manager
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

NON-CERTIFIED COPY

9.  Bruce Lelong
    3500 N. Causeway Blvd., Suite 900
    Metairie, Louisiana 70002
    (504) 837-6326

10. Debra Sanders
    Vice President/Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana  70808
    (225) 922-5700

**INTERROGATORY NO. 13:**

Please identify all persons involved in and/or having knowledge regarding URS' decision not to repair or pay for repairs to the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities as a result of spalling and/or other concrete deterioration.

**ANSWER TO INTERROGATORY NO. 13:**

1.  Debra Sanders
    Vice President/ Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana  70808
    (225) 922-5700

2.  Vincent Provenza
    Senior Vice President
    3500 N. Causeway Blvd., Suite 900
    Metairie, Louisiana 70002
    (504) 837-6326

3.  Alan Cohen
    7320 N. MoPac, Suite 211
    Austin, TX 78731
    (512)346-5558

4.  Neal Johnson
    12328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

5.  Thomas Ryan
    Senior Architect
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70806
    (225) 922-5700

14

NON-CERTIFIED COPY

INTERROGATORY NO. 14:

Please identify the name and employer of the "civil engineering consultant" identified the Neal Johnson's March 18, 2013 email correspondence to Frankie Wynn, to whom Mr. Johnson purportedly forwarded a CPR in connection with H&E's Kenner, Louisiana project.

ANSWER TO INTERROGATORY NO. 14:

Tim Gaines
1140 Fairwinds Ave.
Zachary, Louisiana  70791
(225)247-9499

INTERROGATORY NO. 15:

Please identify all persons involved in the certification of and/or having knowledge regarding the substantial completion of H&E's Baton Rouge, Louisiana facility and/or Kenner, Louisiana facility, including without limitation the submission and resolution of any punch list items.

ANSWER TO INTERROGATORY NO. 15:

1.  Neal Johnson
    12328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

2.  Thomas Ryan
    Senior Architect
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70806
    (225) 922-5700

Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

NON-CERTIFIED COPY

**INTERROGATORY NO. 16:**

Please identify all persons present at any walk-thrus or inspections conducted at H&E's Baton Rouge, Louisiana facility site and/or Kenner, Louisiana facility site in response to or in connection with concerns or issues regarding the concrete lots at the facilities.

**ANSWER TO INTERROGATORY NO. 16:**

1. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70808
   (225) 922-5700

2. Alan Cohen
   7320 N. MoPac, Suite 211
   Austin, TX 78731
   (512)346-5558

3. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

4. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

5. Tim Gaines
   1140 Fairwinds Ave.
   Zachary, Louisiana 70791
   (225)247-9499

6. John Schexnayder
   4908 Legend Dr.
   Baton Rouge, Louisiana 70817
   (225)910-1736

7. Murray McCullough
   11328 Pennywood Ave.
   Baton Rouge, Louisiana 70809
   (225)368-2475

Defendants submit that further answers to this interrogatory may be derived or

ascertained in large part from URS's business records, including electronically stored

information or from an examination, audit, or inspection of these business records,

16

NON-CERTIFIED COPY

including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 17:</u>

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed problems or deficiencies in the design and/or construction of H&E's Baton Rouge, Louisiana facility; Kenner, Louisiana facility; and/or Belle Chasse, Louisiana facility, and for each such communication or correspondence, please specify: the date and medium of the communication and correspondence, the specific individuals who were party to the communications or correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

<u>ANSWER TO INTERROGATORY NO. 17:</u>

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 18:</u>

Please identify and fully explain the factual basis of your allegation that H&E failed to maintain the properties and/or improvements at issue in this litigation, as alleged in the Twelfth Defense of your Answer, Affirmative Defenses and Reconventional Demand on Behalf of All Defendants.

<u>ANSWER TO INTERROGATORY NO. 18:</u>

<u>OBJECTION.</u>  Defendants object to Interrogatory No. 18 as premature as discovery in this matter is ongoing and others who may be at fault for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving the same, Defendants contend that H&E's failure to keep the joints in the Paved Surfaces free and clear of

17

NON-CERTIFIED COPY

debris, mud, gravel, etc. causing and greatly contributing to the conditions complained of by H&E.   Defendants reserve the right to supplement their answer to this Interrogatory as discovery progresses.

## INTERROGATORY NO. 19:

Please identify and fully explain the factual basis of your allegation that the damages alleged in this litigation were caused by "normal wear with regard to the surfaces at issue herein," as alleged in the Twelfth Defense of your Answer, Affirmative Defenses and Reconventional Demand on Behalf of All Defendants.

## ANSWER TO INTERROGATORY NO. 19:

**OBJECTION.**   Defendants object to Interrogatory No. 19 as premature as discovery in this matter is ongoing and others who may be at fault for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving the same, Defendants contend that H&E's activities on the Paved Surfaces have caused the damages that H&E alleges in this litigation. Defendants reserve the right to supplement their answer to this Interrogatory as discovery progresses.

## INTERROGATORY NO. 20:

Please identify all "others" whose actions or fault caused H&E's alleged damages in this litigation, as alleged in the Thirteenth Defense of your Answer, Affirmative Defenses and Reconventional Demand on Behalf of All Defendants.

## ANSWER TO INTERROGATORY NO. 20:

**OBJECTION.**   Defendants object to Interrogatory No. 20 as premature as discovery in this matter is ongoing and others who may be at fault for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving the same, Defendants contend that H&E is at fault in causing the damage by virtue of its lack of maintenance and care of the Paved Surfaces.   Defendants reserve the right to supplement their answer to this Interrogatory as discovery progresses.

## INTERROGATORY NO. 21:

Please identify by customer and address all other facilities constructed for use as yards for the storage and/or maintenance of tracked construction equipment for which you have provided professional design and/or contract administration services.

NON-CERTIFIED COPY

**ANSWER TO INTERROGATORY NO. 21:**

**OBJECTION.**  Defendants object to Interrogatory No. 21 as vague and overbroad and seeking irrelevant information, where the Interrogatory does not differentiate between paved and unpaved yards for the storage and/or maintenance of tracked construction equipment and is further not limited to any branch or division of URS, a global company. Further answering and without waiving any objection, relative to paved yards for to the storage and/or maintenance of tracked construction equipment, this information has been requested and will be provided upon receipt.

**INTERROGATORY NO. 22:**

Please identify the date(s) of any discovery hold communication(s) issued in connection with this matter.

**ANSWER TO INTERROGATORY NO. 22:**

A litigation hold was issued on September, 2013 and remains in place at the present.

**INTERROGATORY NO. 23:**

To the extent not encompassed by the requests above, please identify by name, position or title, address and phone number each person who has or may have knowledge regarding the events and allegations at issue in this litigation, and provide for each such person a brief description of his or her testimony.

**ANSWER TO INTERROGATORY NO. 23:**

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 24:**

Please identify each document, communication, and/or exhibit you intend to offer at the trial of this matter.

19

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 24:</u>

<u>OBJECTION.</u>  Defendants object to Interrogatory No. 24 as premature as discovery is ongoing and Defendants have yet to determine each and every witness that they may call at any trial or hearing in this matter. Defendants further object to the extent that the Interrogatory requires information as to the mental impressions and work-product of Defendants' attorneys.

<u>INTERROGATORY NO. 25:</u>

Please identify each person who may or will offer testimony on your behalf at the trial of this matter as a fact or expert witness, and provide for each such person a description of his or her anticipated testimony.

<u>ANSWER TO INTERROGATORY NO. 25:</u>

<u>OBJECTION.</u>  Defendants object to Interrogatory No. 25 as premature as discovery is ongoing and Defendants have yet to determine each and every witness that they may call at any trial or hearing in this matter. Additionally, Defendants object to this Interrogatory to the extent that it calls for speculation as to the testimony of others. Defendants further object to the extent that the Interrogatory calls for speculation as to the testimony of others and to the extent that the Interrogatory requires information as to the mental impressions and work-product of Defendants' attorneys.

The foregoing Responses are based upon the information that Defendants currently have in their possession and Defendants reserve the right to supplement or amend their Responses as additional information becomes available. Additionally, Responses to Plaintiff's Interrogatories in no way represent waivers of any privileges that might be applicable.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE LLP

Philip A. Franco (La. Bar #5819), T.A.
Kellen Matthews (La Bar #31860)
4500 One Shell Square
New Orleans, LA  70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210

COUNSEL FOR DEFENDANTS, URS
CORPORATION  ARCHITECTURE,
P.C.;  URS  CORPORATION;  L.
O'NEAL  RYAN  AND  THOMAS  E.
RYAN, III

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served upon all counsel of record via e-mail and/or United States Mail, postage prepaid and properly addressed, this _10th_ day of December, 2014.

_____

Kellen J. Mathews

NON-CERTIFIED COPY

**Carlisle, Laura**

| | |
|---|---|
| **From:** | Kurtz, Dave |
| **Sent:** | Monday, December 15, 2014 1:26 PM |
| **To:** | Kellen Mathews |
| **Cc:** | Carlisle, Laura |
| **Subject:** | RE: H&E Equipment v. URS Corporation, et al.- Discovery Responses |

No problem, and thanks Kellen.

Dave

**From:** Kellen Mathews [mailto:Kellen.Mathews@arlaw.com]
**Sent:** Monday, December 15, 2014 9:26 AM
**To:** Kurtz, Dave
**Subject:** RE: H&E Equipment v. URS Corporation, et al.- Discovery Responses

Dave:

Sorry about that. I will revise and send that revision but just so you have it; that date should be September 20, 2013.

I have these ready and you should be getting them out to you either later today or tomorrow. The only reason I can't say definitively today is that I'm in depositions all day and Phil is in trial. Thanks for your courtesies in this regard.

Best,
Kellen

**From:** Kurtz, Dave [mailto:dkurtz@bakerdonelson.com]
**Sent:** Saturday, December 13, 2014 3:56 PM
**To:** Kellen Mathews; Cheatwood, Roy; Wittmann, Anne; Carlisle, Laura
**Cc:** Phil Franco
**Subject:** RE: H&E Equipment v. URS Corporation, et al.- Discovery Responses

Kellen:

Your response to interrogatory 22 contains a typographical error. Please revise your response to that interrogatory.

Also, you did not include responses to our second set of document requests. In my prior discussions with Phil, we agreed that each party would provide written responses to discovery 30 days after the requests, knowing that the actual production of documents would wait until later. Under that agreement, your responses were due December 9. I don't mind you taking a bit longer, as long as we get a day-for-day extension. When will you respond?

Thanks
Dave

**EXHIBIT "13"**

NON-CERTIFIED COPY

**From:** Kellen Mathews [mailto:Kellen.Mathews@arlaw.com]
**Sent:** Wednesday, December 10, 2014 5:15 PM
**To:** Cheatwood, Roy; Wittmann, Anne; Carlisle, Laura; Kurtz, Dave
**Cc:** Phil Franco
**Subject:** H&E Equipment v. URS Corporation, et al.- Discovery Responses

Counselors:

Please find attached Defendants' responses to H&E's Second Set of Interrogatories as well as a Privilege Log relative to materials withheld in connection with Defendants' responses to H&E's First Set of Production only.

Best,
Kellen

**Kellen J. Mathews**
Adams and Reese LLP
450 Laurel, Suite 1900
Baton Rouge, LA 70801
Office: (225) 336-5200
Direct: (225) 378-3243
Fax:   (225) 336-5220
kellen.mathews@arlaw.com
www.adamsandreese.com



Baton Rouge | Birmingham | Columbia | Houston | Jackson | Jacksonville | Memphis | Mobile | Nashville | New Orleans | Sarasota | St. Petersburg | Tallahassee | Tampa | Washington, D.C.

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

NON-CERTIFIED COPY

Benchmark Group, L.L.C.
Baton Rouge, LA 70809

Phone # 225/368-2475
Fax #   225/368-2476

**Invoice**

# 1008529

Bill To

John Jones
H & E Equipment Services
7500 Pecue Lane
Baton Rouge, LA 70809

| Date | 12/21/2012 |
|---|---|
| Invoice # | 6829 |

| BMG W.O. No. | | | | | Rep | Terms | |
|---|---|---|---|---|---|---|---|
| 06-151E  H & E Phase IV BN & CA | | | | | MLM | Due on receipt | |
| Description | Contract | Prior Inv. | Prior % | Rate | Curr % | Total % | Amount |
| URS WORK AUTHORIZATION NO. 253865.US VENDOR.NO. 1317301 PROJECT NO. 19229775 H & E PHASE IV BN & CA | | | | | | | |
| CIVIL ENGINEERING SERVICES Includes:  Attend Pre-Construction Conference Provide submittal/shop drawing reviews Provide support during construction relative to contractors RFI's Attend Construction Progress Meetings (limit 14) Provide review of construction relative to compliance w\construction documents during periodic field reviews Provide review for Architect's approval of General Contractor's payment request Attend one (1) year warranty inspection | 23,400.00 | 22679.62 | 96.92% | 23,400.00 | 3.08% | 100.00% | 720.72 |

✓ AC 122.0817

COPY

| | |
|---|---|
| If not disputed within 30 days, this invoice is considered to be ratified.  Visa, Master Card payments are accepted. | |
| If you have any comments or questions about this invoice, please contact Project Manager. | |
| Thank you for your business. | |

| Payments/Credits | $0.00 |
|---|---|
| Balance Due | $720.72 |

EXHIBIT
"14"

NON-CERTIFIED COPY

NON-CERTIFIED COPY

Vendor          1008529
Company Code    MEES

Name            BENCHMARK GROUP LLC
City            BATON ROUGE

| | | | | | | | | | | | | 0001220817 | 09/18/2013 | DDMLATTE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6829 | 1900178920 | KR | 12/21/2012 | 09/11/2013 | 720.72- | M030 | 01/20/2013 | 2000223030 | 09/12/2013 | | | | | |
| | | | | | 0.00 | | | | | | | | | |
| ** Account 1008529 | | | | | 0.00 | | | | | | | | | |

Document type : Disbursement Check                                03/25/2015 4:18 PM





| Tag | Serial Number | Note Payee Name | Item Date Volume ID | Account Number | Amount |
|-----|---------------|-----------------|---------------------|----------------|--------|
| No  |               | No              | 09/16/2013          | 3299116469     | 720.72 |
|     | 1220817       |                 | 13100150058901      |                |        |

Bank of America Merrill Lynch                                          Page  1/1

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |
| FILED:_____ | | _____ |
| | | DEPUTY CLERK |

### LOCAL RULE 10.1 CERTIFICATE

In compliance with Local Rule 10.1, counsel for plaintiff, H&E Equipment Services, Inc., conferred with counsel for the defendants and attempted to resolve the discovery dispute that is the subject of the attached Motion to Compel. The parties, however, have been unable to resolve the discovery dispute at issue.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 27th day of March, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
M. DAVID KURTZ

-1-

NON-CERTIFIED COPY

EBR2862096

FILED
EAST BATON ROUGE PARISH, LA
2015 MAR 30  AM 10: 25
DEPUTY CLERK OF COURT

| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |
| FILED:_____ | | _____ |
| | | DEPUTY CLERK |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this Memorandum in Support of its Motion to Compel the production of documents by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"). More specifically, H&E requests that the Court enter an Order compelling URS to produce communications and documents identified in its Privilege Log[1] but improperly withheld on the basis of the work-product doctrine and/or attorney-client privilege, and to otherwise provide a complete privilege log as required by Louisiana Code of Civil Procedure article 1424(C).

### I.  Factual and Procedural Background

This suit stems from alleged damages suffered by H&E as a result of deficient designs and specifications prepared by URS for the construction and renovation of H&E facilities in Baton Rouge, Kenner, and Belle Chasse, Louisiana between 2006 and 2013. Among other things, H&E has alleged, and URS has denied, that URS breached its contractual and professional duties with regard to its design for concrete pads constructed to URS's specifications at H&E's Baton Rouge and Kenner, Louisiana facilities, and that URS further failed to address and remedy observed crumbling and spalling in the concrete, which began to occur in 2012 and continues to this day.

### A.  *The Parties' Pre-Litigation Communications and Troubleshooting Efforts*

H&E's Baton Rouge and Kenner facilities reached substantial completion in late 2012 and early March 2013, respectively. Among other things, the punch lists for both sites identified apparent cracking, spalling, and other signs of deterioration in the newly constructed concrete pads at the facilities. In the context of closing out the two projects, H&E and the project

---

[1] A copy of the defendants' Privilege Log is attached for the Court's reference as Exhibit "1."

-1-

NON-CERTIFIED COPY

contractors contacted URS to have URS recommend appropriate repairs.[2]  By email dated March 18, 2013, Mr. Johnson of URS assured H&E facilities director Frankie Wynn that URS was aware of the concrete problems at the Kenner site and that it was troubleshooting the issues with its "engineering consultant"[3] (such troubleshooting is a normal part of the construction process and is not an indication of threatened litigation).  URS continued to troubleshoot the issues through September 2013 with respect to both the Kenner and Baton Rouge sites.[4]  URS, H&E, and the project contractors remained in contact regarding the concrete issues and appropriate remediation as the parties worked to resolve this and other outstanding punch list items.[5]  But, URS never shared what it and its engineering consultants concluded about the concrete problem, and the concrete pads were never fixed.  Eventually, on November 20, 2013, H&E filed suit, and one of the principal issues in this case is the extent of URS's responsibility for the concrete issues that URS was troubleshooting earlier in 2013.

B.    *H&E's First Sets of Interrogatories and Requests for Production*

On or about November 20, 2013, H&E filed its Petition for Damages and concurrently served its First Set of Interrogatories and First Set of Requests for Production on the defendants.[6]  Among other things, H&E specifically requested information and documents related to URS's apparent efforts to troubleshoot observed problems with the concrete pads and respond to H&E's concerns about those problems, including:

- Information and documents pertaining to an email authored by defendant, Neal Johnson, dated March 18, 2013, which represented that URS had forwarded certain data regarding the pavement at H&E's Kenner project to URS' "civil engineering consultant" and was awaiting a response, as well as all communications and documents exchanged between URS and this "civil engineering consultant"[7];

---

[2] *See, e.g.*, Mapp Construction, LLC RFI #54, dated 1/15/13, attached as Exhibit "2"; *see also*, Emails between B. Reese, F. Wynn, N. Johnson, T. Ryan, and Others, dated 1/15/13-3/15/13, attached as part of Exhibit "3."

[3] *See* Email from N. Johnson to F. Wynn and T. Ryan, dated 3/18/2013, attached as part of Exhibit "3."

[4] *See, e.g.*, Emails between N. Johnson, F. Wynn, and Others, dated 6/6/13-6/11/13, attached as Exhibit "4"; URS's Privilege Log (Exhibit "1") indicates that this process extended into September.

[5] *See, e.g.*, Emails between N. Johnson, F. Wynn, B. Reese, and Others, dated 6/7/13-7/8/13, attached as Exhibit "5."

[6] H&E initially served an identical First Set of Interrogatories and First Set of Requests for Production of Documents on each of the four named defendants, individually.  The defendants responded to the requests collectively.  In the interest of not inundating the Court with duplicative sets of discovery requests, H&E attaches and hereinafter refers to its First Set of Interrogatories to Defendant, URS Corporation Architecture, P.C. (hereinafter "First Set of Interrogatories") as representative of the interrogatories served on each and all of the defendants, and its First Set of Requests for Production of Documents to Defendant, URS Corporation Architecture, P.C. (hereinafter, "First Set of Requests for Production") as representative of the requests for production served on each and all of the defendants.  H&E's First Set of Interrogatories is attached as Exhibit "6."  H&E's First Set of Requests for Production is attached as Exhibit "7."

-2-

NON-CERTIFIED COPY

- Information and documents pertaining to an email from Mr. Johnson to H&E employee Frankie Wynn dated June 6, 2013, which represented that URS would be reviewing an H&E proposal regarding repair costs in connection with pavement issues at H&E's Baton Rouge project site with its civil engineer of record and soliciting an opinion from that engineer, as well as forwarding the proposal to URS management for review[8];

- Information and documents pertaining to a URS management meeting in mid-2013 regarding the H&E Baton Rouge project[9]; and

- Information and documents related to the July 8, 2013, email from Mr. Johnson to a third-party contractor stating that URS intended to ask H&E to accept certain problems with the pavement at H&E's Kenner, Louisiana facility as "in place" and consider such problems a "maintenance issue."[10]

### C.   *URS Refuses To Provide the Requested Information and Documents*

URS provided initial responses and objections to H&E's First Set of Interrogatories and First Set of Requests for Production of Documents on February 10, 2014.[11] Notwithstanding the obvious relevancy of the above information and documents, URS refused to produce the information and documents as requested, asserting in conclusory fashion that the requested items were protected from disclosure by the attorney-client privilege and/or work product doctrine and/or that H&E's requests were not reasonably calculated to lead to the discovery of admissible evidence. *See* Exhibits "8" and "9." Contrary to Louisiana Code of Civil Procedure art. 1424, URS did not identify the documents and information withheld based on privilege.

Accordingly, by letter dated November 10, 2014, undersigned counsel requested that URS: (1) provide a complete privilege log for any documents withheld and the basis therefor, and (2) review its written responses and objections to the interrogatories and requests for production corresponding with the above-referenced subjects and supplement its responses and production with non-privileged information and documents. H&E specifically contested the assertion of any privilege with respect to documents and communications prepared in connection with URS's efforts to troubleshoot observed problems with the concrete at the Baton Rouge and Kenner facilities – all of which were believed to have occurred in advance of any threat of

---

[7] *See* Ex. "6," First Set of Interrogatories No. 6; Ex. "7," First Set of Requests for Production Nos. 5-6.

[8] *See* Ex. "6," First Set of Interrogatories Nos. 9-10; Ex. "7," First Set of Requests for Production Nos. 7-9.

[9] *See* Ex. "6," First Set of Interrogatories Nos. 12, 14; Ex. "7," First Set of Requests for Production Nos. 10-12.

[10] *See* Ex. "6," First Set of Interrogatories No. 17; Ex. "7," First Set of Requests for Production No. 16.

[11] *See* Defendants' Answers to the First Set of Interrogatories by Plaintiff, H&E Equipment Services, Inc. ("Answers to First Set of Interrogatories"), attached as Exhibit "8," and Defendants' Responses to Plaintiff's First Requests for Production of Documents ("Responses to First Requests for Production"), attached as Exhibit "9."

NON-CERTIFIED COPY

litigation between the parties.[12]    Undersigned counsel requested a Rule 10.1 conference to discuss any unresolved issues.[13]

On November 17, 2014, counsel for URS contacted counsel for H&E by phone to discuss various discovery issues in the case, at which time he also indicated that URS intended to maintain its assertion of privilege with respect to the above-requested information and documents.[14]    By email dated November 18, 2014, counsel for H&E memorialized this conversation and confirmed that H&E had fulfilled its Rule 10.1 obligations with respect to the withheld documents and discovery requests at issue.[15]

### D.    *URS's Belated Privilege Log*

On December 10, 2014, URS provided a Privilege Log identifying documents withheld in response to H&E's First Set of Requests for Production.[16]    URS did not identify the specific requests to which its withheld documents correspond, but generally identified the following as withheld based on the work-product doctrine and/or attorney-client privilege:

- Email from Tim Gaines to Thomas Ryan, re: H&E Kenner RFI #54 and 55 (CJ, EJ Crack Repairs), dated April 5, 2013, Bates No. URS-1172-75;

- Email from Tim Gaines to Thomas Ryan, re: Crack Repair H&E Kenner, dated April 5, 2013, Bates No. URS-1176-78;

- Email from Tim Gaines to Thomas Ryan, re: H&E Kenner RFI #54 and 55 (CJ, EJ, Crack Repairs), dated April 5, 2013, Bates No. URS-1179-82;

- Email from Neal Johnson to Murray McCullough, re: H&E Equipment Services, Inc. Expansion/Contraction Joint Issues w/ attachments, dated June 6, 2013, Bates No. URS-1183-84;

- Email from Neal Johnson to Alan Cohen, re: H&E Branch Pavement Issues w/ attachments, dated June 11, 2013, Bates No. URS-1192-93;

- Drawing w/ Schematic by Murray McCullough, dated June 24, 2013, Bates No. URS-1235;

- Email from Neal Johnson to Thomas Ryan re: forwarding message from Murray McCullough addressing paving joints w/ attachments, dated June 24, 2013, Bates No. URS-1236-37;

- Email from Neal Johnson to Thomas Ryan re: forwarding message from Murray McCullough addressing paving joints w/ attachments, dated June 24, 2013, Bates No. URS-1240-41;

---

[12] *See* Letter to P. Franco, dated November 10, 2014, attached as Exhibit "10."

[13] *Id.*

[14] *See* Email between D. Kurtz and P. Franco, dated November 18, 2014, attached as Ex. "11."

[15] *Id.*

[16] *See* Ex. "1," Privilege Log.

NO LEC 584588 v4
2919213-000024

NON-CERTIFIED COPY

- Email from Neal Johnson to Tim Gaines and Thomas Ryan, re: URS' position on joints w/ attachments, dated July 18, 2013; Bates No. URS-1244-52;

- Email from Tim Gaines to Thomas Ryan, re: Kenner paving fix, dated July 18, 2013, Bates No. URS-1256-57; and

- Email from Tim Gaines to Thomas Ryan, re: H&E Kenner, dated September 23, 2013, Bates No. URS-1258-59.[17]

The work-product is entirely misplaced with respect to any of these documents and communications.  Moreover, URS's Privilege Log is incomplete because it does not fully describe the withheld documents.  Among other things, the Privilege Log does not identify who was copied on any of the withheld communications – information that it is necessary to allow H&E to assess the asserted privilege as well as whether that privilege may have been waived.  In addition, with respect to the one communication involving in-house counsel, Mr. Cohen, and identified as allegedly protected by the attorney-client privilege, the Privilege Log does not provide sufficient details to allow H&E to evaluate Mr. Cohen's role and capacity with respect to that communication.  In light of these deficiencies, and more notably URS's refusal to produce non-privileged, relevant information and documents, H&E is forced to file this Motion to Compel.

## II.    Law and Analysis

A basic principle of Louisiana's discovery rules is that these rules should be liberally construed to allow discovery whenever possible.  *See Succession of Norton*, 351 So. 2d 107, 111 (La. 1977); *Simmons v. Transit Mgmt. of Se. La., Inc.*, 2000-2530, p. 3 (La. App. 4 Cir. 2/7/01), 780 So. 2d 1074, 1077.  The scope of discovery in Louisiana is broad, and parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action, including matters inadmissible as evidence at trial if such matters appear reasonably calculated to lead to the discovery of admissible evidence.  La. Code Civ. P. art. 1422; *see, e.g., Guy v. Tonglet*, 379 So. 2d 744, 745-46 (La. 1980); *Succession of Norton*, 351 So. 2d at 111.  Any party seeking to avoid discovery of documents on the grounds that they were prepared or obtained in anticipation of litigation or in preparation of trial bears the burden of proving that the exception applies.  *See, e.g., Simmons*, 780 So. 2d at 1077.

To the extent URS seeks to maintain any objection to the requested information and documents based on relevancy, that objection is clearly unfounded, as the requested information

---

[17] *Id.*

-5-

NON-CERTIFIED COPY

and documents fall squarely within the bounds of permissible discovery.  Furthermore, URS's

assertion of privilege with respect to these documents and information is clearly misplaced.

> A.   *The Information and Documents Identified in URS's*
> *Privilege Log are Not Work-Product Materials, and URS*
> *Should be Compelled to Produce Them Immediately.*

URS's Privilege Log identifies Items 1-4 and 6-11 as withheld on the basis of the work-

product doctrine.  The doctrine is inapplicable to all of these documents and communications.

Article 1424 of the Louisiana Code of Civil Procedure grants a narrow, qualified

privilege to "any writing, or electronically stored information, obtained or prepared by the

adverse party, his attorney, surety, indemnitor, or agent ***in anticipation of litigation*** or in

preparation of trial." La. Code Civ. P. art. 1424(A) (emphasis added).  However, this protection

does not apply when a court is "satisfied that denial of production or inspection will unfairly

prejudice the party seeking the production or inspection in preparing his claim or defense or will

cause him undue hardship or injustice." *Id.; see also, e.g., Simmons*, 780 So. 2d at 1077.

The work-product privilege should be extended only so far as necessary to serve the

purposes underlying the privilege, that is, to provide an attorney a "zone of privacy" within

which he is free to evaluate and prepare his case without scrutiny by his adversary and/or to

assist clients in obtaining complete legal advice. *Simmons*, 780 So. 2d at 1077-78; *see also,*

*Hodges v. So. Farm Bureau Cas. Ins*. Co., 433 So.2d 125, 131–32 (La.1983).  To that end,

materials prepared by a non-lawyer in the regular course of business are not prepared in

anticipation of litigation. *See, e.g., Simmons*, 780 So. 2d at 1077.   Nor are materials that were

not prepared *for the purpose of* litigation.  *See generally, Kimpton Hotel & Restaurant Group,*

*Inc. v. Liberty Mut. Fire Ins. Co*., 07-1310, p. 8 (La. App. 4 Cir. 12/19/07), 974 So. 2d 72, 78.

The documents and communications listed in URS's Privilege Log at Items 1-4 and 6-11

do not fall within the scope of the work-product doctrine for a number of reasons.  Most

obviously, the documents and communications were all created months before litigation

commenced between the parties, and, in fact, as early as *eight months prior* to H&E's filing of its

Petition for Damages.  Further, by its own admission, URS did not institute any kind of internal

litigation hold until September 20, 2013, indicating that it did not anticipate possible litigation

NON-CERTIFIED COPY

with H&E until that date.[18]  URS simply cannot argue that communications and documents generated and/or obtained months prior were generated *for the purpose of* litigation.

In fact, the majority of the documents and communications identified in URS's Privilege Log were generated in the normal course of the contractual relationship between the parties and URS' regular efforts to troubleshoot and address observed problems arising during the final stages of project completion. *See generally, e.g., Simmons*, 780 So. 2d at 1077 (report prepared by non-lawyer during the course of regular business was not protected work-product material). Even more, at least several of the documents and communications were created by and/or exchanged with Murray McCullough, an employee of a third-party subcontractor whose invoices were submitted directly to and paid *by H&E*, not URS.[19]

Notwithstanding URS's assertions to the contrary, the communications and documents identified in its Privilege Log as protected by the work-product doctrine were not created or obtained *for the purpose of* litigation and are not otherwise entitled to be shielded from disclosure.  Accordingly, URS should be ordered to produce these items immediately.

      B.      <u>URS's Privilege Log is Also Incomplete.</u>

As an additional matter, where a party seeks to avoid discovery of information on the basis of privilege, he must make the claim expressly and "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." La. Code Civ. P. art. 1424(C).

URS first violated this rule in its initial responses by failing to give any indication of what it was withholding.  *See* Exhibits "8" and "9."  Only prodding from undersigned counsel forced URS to generate the Privilege Log.  Yet, URS's Privilege Log is incomplete because, among other omissions, it fails to identify all persons and/or entities copied on any of the email communications withheld.  As the identity of such persons, or a certification from URS that no other persons were copied, is necessary to evaluate any asserted privilege and/or the waiver of

---

[18] *See* Defendants' Answers to Second Set of Interrogatories of H&E Equipment Services, Inc., Answer to Interrogatory No. 22, attached as Exhibit "12."  Counsel for URS subsequently corrected the typographical error contained in URS' response to clarify that URS implemented a litigation hold effective September 20, 2013.  *See* Email, dated December 15, 2014, attached as Exhibit "13."  Notably, only one document on the Privilege Log was created after that date.

[19] *See, e.g.*, Benchmark Invoice to H&E, dated 12/21/12, and Associated Check, attached *in globo* as Exhibit "14."

NO LEC 584588 v4
2919213-000024

NON-CERTIFIED COPY

any privilege, H&E requests that the Court require URS to revise and supplement its Privilege Log to identify all persons and entities copied on any withheld communications and documents.

Furthermore, with respect to Item 5, the one communication withheld on the basis of the attorney-client privilege, in addition to not identifying any persons copied on the communication, URS's Privilege Log provides insufficient details and information to allow H&E – and this Court – to evaluate Mr. Cohen's capacity and role with respect to the communication and whether he was in fact providing legal advice. As such information is necessary to assess the validity of any privilege asserted, *see, e.g., Hasty v. Lockheed Martin Corp.*, No. 98-1950, 1999 WL 600322, at *2 (E.D. La. Aug. 6, 1999), H&E requests that the Court require URS to revise and supplement its Privilege Log to provide sufficient information regarding the nature of Item 5 and Mr. Cohen's role with respect to that communication.

Additionally, Item 5 reflects that the email to Mr. Cohen contained attachments. Obviously, sending an attachment to a lawyer does not make the attachments privileged, even if the cover email itself is privileged. (URS provided no information about what the attachments might be.) Therefore, URS should be ordered to produce the attachments.

    *C.    H&E Should Be Awarded Attorney's Fees and*
        <u>*Costs Incurred in Bringing this Motion to Compel.*</u>

Pursuant to Article 1469(4) of the Louisiana Code of Civil Procedure, if a motion to compel is granted, the court "shall" require the party whose conduct necessitated the motion, or his attorney, or both, to pay the moving party the reasonable expenses incurred in obtaining the discovery order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make such an award unjust. *See* La. Code Civ. P. art. 1469(4). URS has had every opportunity to obviate the need for this Motion but has been entirely unwilling to do so. As such, H&E should be awarded its reasonable costs and attorney's fees incurred in connection with this Motion to Compel.

### III.    <u>Conclusion</u>

For all of the foregoing reasons, H&E respectfully requests that this Court enter an Order compelling URS to produce the documents identified in its Privilege Log and improperly withheld on the basis of the work-product doctrine and/or attorney-client privilege, and otherwise to provide a complete Privilege Log for any documents and information withheld.

NO LEC 584588 v4
2919213-000024

NON-CERTIFIED COPY

Pursuant to Article 1469(4) of the Louisiana Code of Civil Procedure, H&E further prays that it be awarded its reasonable costs and attorney's fees incurred in bringing this motion to compel.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY:  _Anne Wittmann_

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 27th day of March, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_Anne Wittmann_

ANNE DERBES WITTMANN

FILED
EAST BATON ROUGE PARISH, LA
2015 MAR 30  AM 10:25
DEPUTY CLERK OF COURT

-9-

NO LEC 584588 v4
2919213-000024

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.              *     CASE NO. C626308, SECTION D

VERSUS                                    *     19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,             *     PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III          *     STATE OF LOUISIANA

FILED:_____          COST OK $ 260. ω
                                                 DEPUTY CLERK
                                                 MAR 3 0 2015
                                                 ND
                                                 DEPUTY CLERK OF COURT

## MOTION TO COMPEL

     **NOW INTO COURT**, through undersigned counsel, comes plaintiff, H&E Equipment

Services, Inc. ("H&E"), and, pursuant to Article 1469(2) of the Louisiana Code of Civil

Procedure, respectfully requests that this Court order defendants, URS Corporation Architecture,

P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"), to

produce documents withheld on the alleged basis of the work-product doctrine and/or attorney-

client privilege and otherwise provide a complete, meaningful privilege log as required by

Louisiana Code of Civil Procedure article 1424(C).  As set forth in the accompanying

Memorandum in Support, URS's assertion of privilege is misplaced, and the withheld documents

are clearly relevant to this litigation.  Furthermore, URS's previously produced privilege log is

incomplete and fails to identify withheld documents and communications in a way that enables

H&E to assess the applicability of any asserted privilege.

     **WHEREFORE**, plaintiff, H&E Equipment Services, Inc., prays that this Court order

URS to produce documents improperly withheld on the basis of the work-product doctrine

and/or attorney-client privilege and otherwise provide a complete privilege log, and that the

Court set this Motion to Compel for hearing.  H&E further prays, pursuant to Article 1469(4) of

the Louisiana Code of Civil Procedure, that it be awarded reasonable costs and attorneys' fees

incurred in connection with this Motion to Compel.

EBR2862094

REC'D C.P.

MAR 3 0 2015

NO LEC 584588 v4
2919213-000024

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 27th day of March, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
ANNE DERBES WITTMANN

FILED
EAST BATON ROUGE PARISH, LA
2015 MAR 30 AM 10:25
DEPUTY CLERK OF COURT

NO LEC 584588 v4
2919213-000024

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | * | **CASE NO. C626308, SECTION D** |
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| **URS CORPORATION ARCHITECTURE,** | * | **PARISH OF EAST BATON ROUGE** |
| **P.C., URS CORPORATION, L. O'NEAL** | | |
| **JOHNSON, AND THOMAS E. RYAN, III** | * | **STATE OF LOUISIANA** |
| **FILED:**_____ | | |
| | | _____ |
| | | **DEPUTY CLERK** |

<u>**RULE TO SHOW CAUSE**</u>

Considering the foregoing Motion to Compel ("Motion") filed by plaintiff, H&E

Equipment Services, Inc.;

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that defendants, URS

Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III

(collectively, "URS"), show cause, if any they may have, on the 1 5 day of June,

2015, at 1 ᎅᎅ a.m./p.m.) why the Motion to Compel should not be granted;

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that defendants, URS

Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III

(collectively, "URS"), show cause, if any they may have, why H&E Equipment Services, Inc.

should not be awarded reasonable attorneys' fees and costs incurred in bringing this Motion to

Compel.

Baton Rouge, Louisiana, this the 1st day of April, 2015.

_Janice Clark_
JUDGE

FILED
EAST BATON ROUGE PARISH, LA
2015 MAR 30 AM 10: 25
DEPUTY CLERK OF COURT

<u>**PLEASE SERVE:**</u>

**URS Corporation Architecture, P.C., URS Corporation,**
**L. O'Neal Johnson, and Thomas E. Ryan, III,**
Through their counsel of record,
Philip A. Franco
Kellen Matthews
Adams and Reese, LLP
4500 One Shell Square
New Orleans, Louisiana 70139

NON-CERTIFIED COPY

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170

PHONE:   504.566.5200
FAX:      504.636.4000

www.bakerdonelson.com

ANNE DERBES WITTMANN, OF COUNSEL
Direct Dial: 504.566.5286
Direct Fax: 504.636.3986
E-Mail Address: awittmann@bakerdonelson.com

March 27, 2015



**BY FEDERAL EXPRESS**
Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:   *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
      19th JDC No. 626308, Division "D", Section XX1

Dear Mr. Welborn:

Enclosed please find the originals and copies of a Motion To Compel and associated pleadings that we ask you file in the referenced matter on behalf of H&E Equipment Services, Inc. Please return conformed copies of all pleadings to us in the enclosed self-addressed envelope.

We have also enclosed our firm's check in the amount of $260.00 to cover the filing and service fees associated with this request.

Very truly yours,

*Anne W. Wittmann*

Anne Derbes Wittmann

LEC/lec
Enclosures

cc:   Mr. Philip A. Franco (by email and U.S. Mail w/encl.)
      Mr. Kellen J. Mathews (by email and U.S. Mail w/encl.)

REC'D C.P.

MAR 3 0 2015

EBR2862093

NO LEC 850548 v1
2919213-000024 03/27/2015

ALABAMA    FLORIDA    GEORGIA    LOUISIANA    MISSISSIPPI    TENNESSEE    TEXAS    WASHINGTON, D.C.

NON-CERTIFIED COPY

3/27/2015

FedEx Ship Manager - Print Your Label(s)

From:    (504) 566-5200
M. David Kurtz
Baker, Donelson
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170

Origin ID: NEWA



FedEx
Express

J151215022303uv

Ship Date: 27MAR15
ActWgt: 2.0 LB
CAD: 105453073/INET3610

**Delivery Address Bar Code**



Ref # 010251 2919213-000024
Invoice #
PO #
Dept #

SHIP TO:  (225) 389-3000        BILL SENDER

**Doug Welborn, Clerk of Court**
**19th JDC**
**300 North Boulevard**
**Room 3301**
**BATON ROUGE, LA 70801**

TRK#  **7732 3570 7888**
0201

**MON - 30 MAR 10:30A**
**PRIORITY OVERNIGHT**

**70801**
LA-US
**MSY**

**42 OPLA**





NON-CERTIFIED COPY

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
### Parish of East Baton Rouge
### 300 North Boulevard
### Baton Rouge, LA 70801
### Phone  (225)389-3960

NO.   C626308 Division D                06-APR-2015


TO:   ORLEANS PARISH SHERIFFS OFFICE
      CIVIL DEPARTMENT
      421 LOYOLA AVE
      NEW ORLEANS, LA 70112


Please find attached RULE NISI to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X    note the enclosed check for payment of service;

ﻗ    send us your bill for service;

ﻗ    note that this is a pauper suit and no funds are available; or

ﻗ    note that this is a government suit and no funds are necessary.


Thank You,

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:  ANNE DERBES WITTMANN

_____

REPLY:                    DATE:_____

_____

_____

_____

_____

_____

                    By:_____

                    Deputy Sheriff, Parish of _____


**Letter to Out Of Parish Sheriff - 5213**


EBR2514615

NON-CERTIFIED COPY

6709-15-000321

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

vs.

**PARISH OF EAST BATON ROUGE**

 **URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**STATE OF LOUISIANA**

TO:   **URS CORPORATION ARCHITECTURE PC.
URS CORPORATION, L.O'NEAL JOHNSON AND
THOMAS E. RYAN, III
THRU PHILIP  A. FRANCO, KELLEN MATTHEWS
ADAMS AND REESE, LLP
4500 ONE SHELL SQUARE
NEW ORLEANS, LA. 70139**

The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

MOTION TO COMPEL

You MUST come to Court at 1:00 PM, on JUNE 15, 2015 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

**\* \* \* \* \* SEE ATTACHED ORDER \* \* \* \* \***

 **YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.**

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **06-APR-2015**.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:
ANNE DERBES WITTMANN

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____.

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**      After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of _____

**RULE NISI (OOP) - 6709**


EBR2914087

NON-CERTIFIED COPY

Attachment 1



## SHORT FORM MASTER AGREEMENT FOR PROFESSIONAL SERVICES
## BETWEEN
## H&E Equipment Services, Inc.
## AND

## URS Corporation Architecture PC

**THIS AGREEMENT** ("Agreement") for Professional Services, (together with the attachments hereto) dated and effective as of August 13, 2009 (the "Effective Date"), is hereby made and entered into by and between H&E Equipment Services, Inc., a Delaware corporation, (hereinafter "Client") having a place of business located at 11100 Mead Road, Suite 200, Baton Rouge, Louisiana 70816 and URS Corporation Architecture PC, a North Carolina corporation (hereinafter "Consultant") having a place of business located at 7389 Florida Blvd, Suite 300, Baton Rouge, Louisiana, 70806 Consultant and Client are each individually referred to as a "Party" and collectively as the "Parties".

The Parties agree as follows:

### 1.    WORK AUTHORIZATIONS

1.1    Consultant agrees to undertake and perform certain consulting and professional engineering services ("Services") in accordance with the terms and conditions contained herein, as may be requested by Client from time to time. The Services to be performed, Consultant's compensation, and the schedule for performance for each task shall be described in one or more authorizations issued to Consultant by Client, the form of which is attached hereto as Attachment 1 ("Work Authorization"). A Work Authorization shall be valid and binding upon the Parties only if accepted in writing by Client and Consultant. Each duly executed Work Authorization shall be subject to the terms and conditions of this Agreement, except to the extent expressly modified by the Work Authorization.

1.2    It is the expressed intent of the parties that this Agreement shall be made available to subsidiaries and affiliated companies of Consultant. For the purposes of this Agreement, as it applies to each Work Authorization, the term "Consultant" shall mean either Consultant as defined above or the subsidiary or affiliate of Consultant identified in the Work Authorization. The applicable Work Authorization shall clearly identify the legal name of the entity accepting the Work Authorization.

### 2.    PAYMENTS FOR SERVICES

2.1    Unless otherwise stated in a Work Authorization, payment shall be on a time and materials basis under the Schedule of Fees and Charges in effect when the Services are performed. Client shall pay undisputed portions of each progress invoice within thirty (30) days of the date of the invoice. If payment is not received within thirty (30) days from the due date of such payment, Consultant may suspend further performance under one or more Work Authorizations until payments are current. Client shall notify URS of any disputed amount within fifteen (15) days from date of the invoice, give reasons for the objection, and promptly pay the undisputed amount. Client shall pay an additional charge of one percent (1%) per month or the maximum percentage allowed by law, whichever is the lesser, for any past due amount. In the event of a legal action for invoice amounts not paid, attorneys' fees, court costs, and other related expenses shall be paid to the prevailing party.

2.2    Client shall reimburse Consultant for all taxes, duties and levies such as Sales, Use, Value Added Taxes, Deemed Profits Taxes, and other similar taxes which are added to or deducted from the value of Consultant's Services. For the purpose of this Article such taxes shall not include taxes imposed on Consultant's net income, and employer or employee payroll taxes levied by any United States taxing authority, or the taxing authorities of the countries or any agency or subdivision thereof in which URS subsidiaries, affiliates, or divisions are permanently domiciled. It is agreed and understood that these net income, employer or employee payroll taxes are included in the unit prices or lump sum to be paid Consultant under the applicable Work Authorization.

2.3    Where charges are "not to exceed" a specified sum, Consultant shall notify Client before such sum is exceeded and shall not continue to provide the Services beyond such sum unless Client authorizes an increase in the sum. If a "not to exceed" sum is broken down into budgets for specific tasks, the task budget may be exceeded without Client authorization as long as the total sum is not exceeded. Changes in conditions, including, without limitation, changes in laws or regulations occurring after the budget is established, or other circumstances beyond URS control, shall be a basis for equitable adjustments in the budget and schedule.

### 3.    CONFIDENTIALITY

3.1    For a period commencing with the disclosure of any confidential information under this Agreement and/or a Work Authorization(s) and ending on the second anniversary such disclosure was first made, Consultant and Client each agree not to disclose to third parties, including also subcontractors and vendors (unless such subcontractors and vendors have a need to know and are bound to similar obligations of confidentiality), any information that is identified as confidential in writing on the materials made available to the other Party hereunder

### 4.    WARRANTY

4.1    Consultant warrants that any consulting and professional engineering Services performed by it under a Work Authorization shall be performed in accordance with that degree of care and skill ordinarily exercised by members of Consultant's profession practicing at the same time in the same location. Consultant's sole liability to Client for any non-conforming Services shall be to re-perform the non-conforming or defective Services, written notice of which must be promptly given by Client to Consultant. Consultant's obligation for re-performance of non-conforming Services as set

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

EBR2862841

NON-CERTIFIED COPY

# URS

forth in the preceding sentence shall extend for a term commencing at the substantial completion of such Services under a Work Authorization and ending one year later.

4.2    THE WARRANTY SET FORTH IN THIS ARTICLE 4 IS EXCLUSIVE, AND IN LIEU OF ANY AND ALL OTHER WARRANTIES RELATING TO THE SERVICES, WHETHER STATUTORY, EXPRESS OR IMPLIED, AND CONSULTANT DISCLAIMS ANY SUCH OTHER WARRANTIES, INCLUDING BUT NOT LIMITED TO ANY AND ALL WARRANTIES OF MERCHANTABILITY AND/OR FITNESS FOR A PARTICULAR PURPOSE AND ANY AND ALL WARRANTIES ARISING FROM COURSE OF DEALING AND/OR USAGE OF TRADE.  ANY OTHER STATEMENTS OF FACT OR DESCRIPTIONS EXPRESSED IN THE AGREEMENT OR ANY WORK AUTHORIZATION SHALL NOT BE DEEMED TO CONSTITUTE A WARRANTY OF THE SERVICES OR ANY PART THEREOF.  CONSULTANT'S REPERFORMANCE OF DEFECTIVE OR NON-CONFORMING SERVICES THROUGH THE ONE YEAR PERIOD PROVIDED FOR IN THIS ARTICLE 4 SHALL CONSTITUTE COMPLETE FULFILLMENT OF, AND CLIENT'S EXCLUSIVE REMEDY FOR, ALL THE LIABILITIES OR RESPONSIBILITIES OF CONSULTANT TO CLIENT FOR NON-CONFORMING OR DEFECTIVE SERVICES, WHETHER THE CLAIMS OF CLIENT ARE BASED ON DELAY, CONTRACT, TORT, NEGLIGENCE, STRICT LIABILITY, WARRANTY, INDEMNITY, ERROR AND OMISSION OR ANY OTHER CAUSE WHATSOEVER.

## 5.    WORK BY OTHERS

5.1    The performance by Consultant of Services under a Work Authorization shall not constitute an assumption by Consultant of the obligations of Client or its other contractors.  Consultant shall not control or have charge of, and shall not be responsible for, construction means, methods, techniques, sequences, procedures of construction, health or safety programs, or precautions connected with the work of Client or its other contractors, and shall not manage, supervise, control or have charge of construction.  Client shall require Consultant to be named as an additional insured along with Client on any liability insurance policies provided by Client's construction contractors.  To the fullest extent permitted by law, Client shall defend Consultant against any claim, suit or proceeding asserted by one of its other contractors and indemnify, defend and save Consultant harmless from any and all actual or alleged claims and losses (including, without limitation, attorney's fees) sustained by such contractor in connection with the Services, regardless or whether or not any of the foregoing arose out of the negligent acts or omissions of Consultant.

## 6.    INSURANCE

6.1    In the event Consultant performs Services under any Work Authorization in connection with a project for which Client or another party with which Client has contracted obtains all-risk or builder's risk property insurance, Client, as the case may be, shall name, or shall cause such other party to name, Consultant as an additional insured on such all risk or builder's risk property insurance.  Client acknowledges that Consultant has an insurable interest in such all risk or builder's risk property insurance.

6.2    Consultant and Client each waive all rights of recovery and subrogation against each other with respect to a loss occurring to property of the other, to the extent that such waivers do not invalidate the property insurance of either.

## 7.    INDEMNITY

7.1    Each Party shall indemnify, defend and save the other Party, its officers, directors, employees and affiliates harmless from any loss, cost or expense claimed by third parties, excluding employees of either Party, for property damage and/or bodily injury, including death, to the proportionate extent such loss, cost or expense arises from the negligence or willful misconduct of the indemnifying Party, its employees or affiliates in connection with the Services.

7.2    Notwithstanding any other provision contained elsewhere in this Agreement to the contrary and to the fullest extent permitted by law, Client shall be liable for and indemnify, defend and save Consultant, its officers, directors, employees and affiliates harmless from and against any and all actual or alleged claims, damages (including incidental, consequential, indirect and special damages), losses, and expenses (including, without limitation, all penalties, attorney's fees, fines and administrative or civil sanctions arising out of or related to such claim) (collectively "Losses") arising out of: (1) economic loss suffered by third parties; and/or (2) investment decisions of Client or third parties in reliance upon the results of the Services, regardless of whether or not any of the foregoing arose out of the negligent acts or omissions of Consultant.

7.3    The indemnity and save harmless obligations of Consultant and Client under this Article 7 shall not apply with respect to any Hazardous Material, as Consultant's and Client's rights and obligations with respect thereto are set forth in Article 10.

## 8.    WAIVER OF CONSEQUENTIAL DAMAGES

8.1    Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, neither Client nor Consultant shall be liable, whether based on contract, tort, negligence, strict liability, warranty, indemnity, error and omission or any other cause whatsoever, for any consequential, special, incidental, indirect, punitive or exemplary damages, or damages arising from or in connection with loss of power, loss of use, loss of revenue or profit (actual or anticipated), loss by reason of shutdown or non-operation, increased cost of construction, cost of capital, cost of replacement power or customer claims, and Consultant hereby releases Client and Client hereby releases Consultant from any such liability.

## 9.    LIMITATION OF LIABILITY

9.1    Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, in no

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

NON-CERTIFIED COPY

# URS

event shall the total cumulative aggregate liability of Consultant, its subconsultants, and their respective partners, officers, directors, shareholders, employees, and agents (referred to collectively in this Article as "Consultant") to Client resulting from, arising out of or in connection with the performance or nonperformance of any or all Services or other obligations under a Work Authorization, exceed $250,000 or ten percent (10%) of the compensation paid Consultant pursuant to such Work Authorization, whichever is greater, or extend beyond the expiration of the warranty period under Article 4 for the Services performed under the Work Authorization, regardless of the legal theory under which such liability is imposed. The remedies stated in the Agreement are Client's sole and exclusive remedies for any failure by Consultant to comply with obligations to Client, and Client hereby irrevocably waives any right to assert a claim against Consultant based on a legal theory that a remedy provided herein fails of its essential purpose.

10.    HAZARDOUS MATERIAL

10.1    Nothing in this Agreement shall be construed or interpreted as requiring Consultant to assume the status of, and Client acknowledges that Consultant does not act in the capacity nor assume the status of, Client or others as a "generator", "operator", "transporter", or "arranger" in the treatment, storage, disposal, or transportation of any hazardous substance or waste as those terms are understood within the meaning of the Resource Conservation and Recovery Act (RCRA), Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), or any other similar federal, state, or local law, regulation, or ordinance. Client acknowledges further that Consultant has played no part in and assumes no responsibility for generation or creation of any hazardous waste, pollution condition, nuisance, or chemical or industrial disposal problem, if any, which may exist at any site that may be the subject matter of any Work Authorization.

10.2    It is acknowledged by both parties that the Services do not include services related to regulated substances, pollutants, or hazardous or toxic wastes ("Hazardous Material"). In the event Consultant or any other party encounters undisclosed Hazardous Materials, Consultant shall notify Client and, to the extent required by law or regulation, the appropriate governmental officials, and Consultant may, at its option and without liability for delay, consequential or any other damages to Client, suspend performance of Services on that portion of the project affected by Hazardous Material until Client: (i) retains appropriate specialist consultant(s) or contractor(s) to identify and, as appropriate, abate, remediate, or remove the Hazardous material; and (ii) warrants that the project site is in full compliance with all applicable laws and regulations. Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, Client shall indemnify, defend and save Consultant and its affiliates, subconsultants, agents, and suppliers of any tier, and any and all employees, officers, directors of any of the foregoing, if any, from and against any and all Losses which arise out of the performance of the Services and relating to the regulation and/or protection of the environment, including, without limitation, Losses incurred in connection with characterization, handling, transportation, storage, removal, remediation, disturbance or disposal of Hazardous Material, whether above or below ground and not brought to a Client site or other proposed project site by Consultant in the performance of the Services without Client's approval.

11.    CHANGES

11.1    The Parties may from time to time by mutual agreement seek to modify, extend or enlarge the Services under a Work Authorization ("Modification"). In the event the Parties agree to a Modification to add additional Services, or to make other modifications to the Services, Consultant's compensation, the schedule and any other relevant terms and conditions of the applicable Work Authorization shall be equitably adjusted prior to performance of such Services.

12.    OWNERSHIP OF DOCUMENTS

12.1    Consultant grants to Client a transferable, irrevocable and perpetual royalty-free license to retain and use all work products delivered to Client for any purpose in connection with the project specified in each Work Authorization, upon full payment by Client for Consultant's Services. Client also may use such work product for other purposes with Consultant's written consent. Re-use of any such work product by Client on any extension of the project or on any other project without the written authorization of Consultant shall be at Client's sole risk and Client shall indemnify, defend and save Consultant and its affiliates, consultants, agents, subcontractors and suppliers of any tier, and any and all employees, officers and directors of any of the foregoing, if any, from and against any and all Losses suffered as a result of, or arising out of, or in connection with such re-use. Consultant shall have the right to retain copies of all such work product. Consultant retains the right of ownership with respect to any patentable concepts or copyrightable materials arising from its Services.

13.    TERMINATION/SUSPENSION

13.1    Client may terminate all or any portion of the Services under one or more Work Authorizations for convenience, at its option, by sending a written notice to Consultant. Either party can terminate this Agreement or a Work Authorization for cause if the other commits a material, uncured breach of this Agreement or becomes insolvent. Termination for cause shall be effective twenty (20) days after receipt of a notice of termination, unless a later date is specified in the notice. The notice of termination for cause shall contain specific reasons for termination and both parties shall cooperate in good faith to cure the causes for termination stated in the notice. Termination shall not be effective if reasonable action to cure the breach has been taken before the effective date of the termination. Client shall pay Consultant upon invoice for Services performed and charges incurred prior to termination, plus reasonable termination charges. Any suspension of Services by Client shall result in an equitable adjustment to Consultant's compensation, time for performance, or any of its other obligations under a Work Authorization.

14.    FORCE MAJEURE

14.1    Any delay or failure of Consultant in performing its required obligations hereunder shall be excused if and to the extent such delay or failure is caused by a Force Majeure Event. A "Force Majeure Event" means an event due to any cause or causes beyond the reasonable control of Consultant and shall include, but not be limited to, acts of God, strike, labor dispute fire, storm, flood, windstorm, unusually severe weather, sabotage, embargo,

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100 Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

3

NON-CERTIFIED COPY

**URS**

terrorism, energy shortage, accidents or delay in transportation, accidents in the handling and rigging of heavy equipment, explosion, riot, war, court injunction or order, delays by acts or orders of any governmental body or changes in laws or government regulations or the interpretations or application thereof or the acts or omissions of the Client or its other contractors, vendors or suppliers. In the event of a Force Majeure Event, Consultant shall receive an equitable adjustment extending Consultant's time for performance for such Services sufficient to overcome the effects of any delay, and an increase(s) to Consultant's compensation sufficient to account for any increased cost in performance or loss or damage suffered by Consultant.

**15.    RESPONSIBILITIES OF CLIENT**

15.1    Without limiting any express or implied obligations of Client under applicable law, Client shall: (1) provide Consultant, in writing, all information relating to Client's requirements for the project; (2) correctly identify to Consultant the location of subsurface structures, such as pipes, tanks, cables, and utilities; (3) notify Consultant of any potential hazardous substances or other health and safety hazard or condition known to Client existing on or near the project site; (4) give Consultant prompt written notice of any suspected deficiency in the Services; (5) with reasonable promptness, provide required approvals and decisions; and (6) furnish or cause to be furnished to Consultant full, unrestricted and legal access to, and use of, the site and all necessary rights of way and easements, in order to perform the Services. In the event Consultant is requested by Client or is required by subpoena to produce documents or give testimony in any action or proceeding to which Client is a party and Consultant is not a party, Client shall pay Consultant for any time and expenses required in connection therewith, including reasonable attorney's fees.

15.2    Consultant may rely upon and use in the performance of any Services information supplied to it by Client without independent verification and Consultant shall not be responsible for defects in its Services attributable to its reliance upon or use of such information.

**17.    TERM**

17.1    Unless otherwise specified, the term of this Agreement shall run from the Effective Date until Consultant has completed the Services and received all payments due under the Agreement.

**18.    GENERAL**

18.1    Client and Consultant each represent and warrant that this Agreement has been duly authorized, executed and delivered and constitutes its binding agreement enforceable against it. This Agreement and any executed Work Authorizations supersede all prior written and/or oral contracts and agreements that may have been made or entered into between Client and Consultant regarding the subject matter hereof, including but not limited to any and all proposals, oral or written, and all communications between the Parties relating to this Agreement or any Work Authorization(s), and constitute the entire agreement between the Parties hereto with respect to the subject matter hereof.

18.2    This Agreement and Work Authorization(s) may not be assigned by Consultant or Client in any way, including by operation of law, unless otherwise mutually agreed to in writing, any such attempted non-authorized assignment shall be null and void and of no force or effect.

18.3    Any cost opinions or estimates provided by Consultant will be on a basis of experience and judgment, but since Consultant has no control over market conditions or bidding procedures, Consultant cannot and does not warrant that bids, ultimate construction cost, or project economics will not vary from such opinions or estimates. Neither this Agreement nor any of the Services provided hereunder shall constitute or provide for, and Consultant shall not be considered to have rendered, any legal or financial opinion(s) regarding the feasibility of this project or any other or regarding any other matter. Unless otherwise expressly included in a Work Authorization, Consultant shall under no circumstances provide as part of the Services a consent, opinion or similar document, or act as a qualified person or expert, in connection with any filing by Client with the United States Securities and Exchange Commission, or similar non-United States agency, authority or commission.

18.4    Notices shall be effective hereunder as follows only if in writing and addressed to the authorized representative designated in applicable Work Authorizations: (1) upon delivery, if delivered personally to the person; (2) upon transmission, if transmitted to the facsimile number of the person; and (3) upon posting, if by first class or overnight mail (postage prepaid).

18.5    All contract issues and matters of law will be adjudicated in accordance with the laws of the state where the project is located, excluding any provisions or principles thereof which would require the application of the laws of a different jurisdiction; provided, however that if the project is located outside the United States, the laws of the State of California shall govern. Venue for any litigation shall be any state court or United States District Court having jurisdiction over the parties and subject matter.

18.6    The terms and conditions of this Agreement shall prevail, notwithstanding any variance with any purchase order or other written instrument submitted by Client whether formally rejected by Consultant or not. This Agreement may be modified only by amendment when signed by each Party. In the event that any one or more of the provisions of this Agreement shall be found to be illegal or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect, and such term or provision shall be deemed stricken to the extent and in the jurisdictions necessary for compliance with applicable law.

18.7    Nothing in this Agreement shall be construed to give any rights or benefits to anyone other than the Client or Consultant.

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

4

NON-CERTIFIED COPY

# URS

18.8    The headings in this Agreement are for convenience only, and shall not affect the interpretation hereof. The terms "hereof", "herein," "hereto" and similar words refer to the entire Agreement and not to any particular Article, Section, Attachment, Exhibit or any other subdivision of this Agreement. References to "day" or "days" shall mean calendar days unless specified otherwise.

18.9    The provisions of this Agreement which by their nature are intended to survive the termination, cancellation, completion, or expiration of the Agreement, including, but not limited to, indemnities and any expressed limitations of or releases from liability, shall continue as valid and enforceable obligations of the parties notwithstanding any such termination, cancellation, completion, or expiration.

18.10    It is understood and agreed that any delay, waiver or omission by Consultant or Client to exercise any right or power arising from any breach or default by Client or Consultant in any of the terms, provisions or covenants of this Agreement or any Work Authorization shall not be construed to be a waiver by Consultant or Client of any subsequent breach or default of the same or other terms, provisions or covenants on the part of Consultant or Client.

19.    **ATTACHMENTS AND EXHIBITS**

The following attachments and exhibits, which are attached hereto, are part of this Agreement.

Attachment 1 – Work Authorization

Attachment 2 – Fee Proposal, Scope of Work, Schedule

Attachment 3 – URS 2009 Schedule of Fees and Charges

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be duly executed by their duly authorized representatives, effective as of the day and year first above mentioned.

**H&E Equipment Services, Inc.**

By: _____
     (Signature)

Name: _____
        (Printed)

Title: _____

**URS Corporation Architecture PC**

By: _____
     (Signature)

Name: _____
        (Printed)

Title: _____

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

5

NON-CERTIFIED COPY

EXHIBIT

A

# URS

## SHORT FORM MASTER AGREEMENT FOR PROFESSIONAL SERVICES
### BETWEEN
### H&E Equipment Services, Inc.
### AND
### URS Corporation Architecture PC

**THIS AGREEMENT** ("Agreement") for Professional Services, (together with the attachments hereto) dated and effective as of August 13, 2009 (the "Effective Date"), is hereby made and entered into by and between H&E Equipment Services, Inc., a Delaware corporation, (hereinafter "Client") having a place of business located at 11100 Mead Road, Suite 200, Baton Rouge, Louisiana 70816 and URS Corporation Architecture PC, a North Carolina corporation (hereinafter "Consultant") having a place of business located at 7389 Florida Blvd, Suite 300, Baton Rouge, Louisiana, 70806 Consultant and Client are each individually referred to as a "Party" and collectively as the "Parties".

The Parties agree as follows:

### 1.    WORK AUTHORIZATIONS

1.1    Consultant agrees to undertake and perform certain consulting and professional engineering services ("Services") in accordance with the terms and conditions contained herein, as may be requested by Client from time to time.  The Services to be performed, Consultant's compensation, and the schedule for performance for each task shall be described in one or more authorizations issued to Consultant by Client, the form of which is attached hereto as Attachment 1 ("Work Authorization").  A Work Authorization shall be valid and binding upon the Parties only if accepted in writing by Client and Consultant.  Each duly executed Work Authorization shall be subject to the terms and conditions of this Agreement, except to the extent expressly modified by the Work Authorization.

1.2    It is the expressed intent of the parties that this Agreement shall be made available to subsidiaries and affiliated companies of Consultant.  For the purposes of this Agreement, as it applies to each Work Authorization, the term "Consultant" shall mean either Consultant as defined above or the subsidiary or affiliate of Consultant identified in the Work Authorization.  The applicable Work Authorization shall clearly identify the legal name of the entity accepting the Work Authorization.

### 2.    PAYMENTS FOR SERVICES

2.1    Unless otherwise stated in a Work Authorization, payment shall be on a time and materials basis under the Schedule of Fees and Charges in effect when the Services are performed.  Client shall pay undisputed portions of each progress invoice within thirty (30) days of the date of the invoice.  If payment is not received within thirty (30) days from the due date of such payment, Consultant may suspend further performance under one or more Work Authorizations until payments are current.  Client shall notify URS of any disputed amount within fifteen (15) days from date of the invoice, give reasons for the objection, and promptly pay the undisputed amount.  Client shall pay an additional charge of one percent (1%) per month or the maximum percentage allowed by law, whichever is the lesser, for any past due amount.  In the event of a legal action for invoice amounts not paid, attorneys' fees, court costs, and other related expenses shall be paid to the prevailing party.

2.2    Client shall reimburse Consultant for all taxes, duties and levies such as Sales, Use, Value Added Taxes, Deemed Profits Taxes, and other similar taxes which are added to or deducted from the value of Consultant's Services.  For the purpose of this Article such taxes shall not include taxes imposed on Consultant's net income, and employer or employee payroll taxes levied by any United States taxing authority, or the taxing authorities of the countries or any agency or subdivision thereof in which URS subsidiaries, affiliates, or divisions are permanently domiciled.  It is agreed and understood that these net income, employer or employee payroll taxes are included in the unit prices or lump sum to be paid Consultant under the applicable Work Authorization.

2.3    Where charges are "not to exceed" a specified sum, Consultant shall notify Client before such sum is exceeded and shall not continue to provide the Services beyond such sum unless Client authorizes an increase in the sum.  If a "not to exceed" sum is broken down into budgets for specific tasks, the task budget may be exceeded without Client authorization as long as the total sum is not exceeded.  Changes in conditions, including, without limitation, changes in laws or regulations occurring after the budget is established, or other circumstances beyond URS control, shall be a basis for equitable adjustments in the budget and schedule.

### 3.    CONFIDENTIALITY

3.1    For a period commencing with the disclosure of any confidential information under this Agreement and/or a Work Authorization(s) and ending on the second anniversary such disclosure was first made, Consultant and Client each agree not to disclose to third parties, including also subcontractors and vendors (unless such subcontractors and vendors have a need to know and are bound to similar obligations of confidentiality), any information that is identified as confidential in writing on the materials made available to the other Party hereunder

### 4.    WARRANTY

4.1    Consultant warrants that any consulting and professional engineering Services performed by it under a Work Authorization shall be performed in accordance with that degree of care and skill ordinarily exercised by members of Consultant's profession practicing at the same time in the same location.  Consultant's sole liability to Client for any non-conforming Services shall be to re-perform the non-conforming or defective Services, written notice of which must be promptly given by Client to Consultant.  Consultant's obligation for re-performance of non-conforming Services as set

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

1


EBR2862839

NON-CERTIFIED COPY

# URS

forth in the preceding sentence shall extend for a term commencing at the substantial completion of such Services under a Work Authorization and ending one year later.

4.2   THE WARRANTY SET FORTH IN THIS ARTICLE 4 IS EXCLUSIVE, AND IN LIEU OF ANY AND ALL OTHER WARRANTIES RELATING TO THE SERVICES, WHETHER STATUTORY, EXPRESS OR IMPLIED, AND CONSULTANT DISCLAIMS ANY SUCH OTHER WARRANTIES, INCLUDING BUT NOT LIMITED TO ANY AND ALL WARRANTIES OF MERCHANTABILITY AND/OR FITNESS FOR A PARTICULAR PURPOSE AND ANY AND ALL WARRANTIES ARISING FROM COURSE OF DEALING AND/OR USAGE OF TRADE. ANY OTHER STATEMENTS OF FACT OR DESCRIPTIONS EXPRESSED IN THE AGREEMENT OR ANY WORK AUTHORIZATION SHALL NOT BE DEEMED TO CONSTITUTE A WARRANTY OF THE SERVICES OR ANY PART THEREOF. CONSULTANT'S REPERFORMANCE OF DEFECTIVE OR NON-CONFORMING SERVICES THROUGH THE ONE YEAR PERIOD PROVIDED FOR IN THIS ARTICLE 4 SHALL CONSTITUTE COMPLETE FULFILLMENT OF, AND CLIENT'S EXCLUSIVE REMEDY FOR, ALL THE LIABILITIES OR RESPONSIBILITIES OF CONSULTANT TO CLIENT FOR NON-CONFORMING OR DEFECTIVE SERVICES, WHETHER THE CLAIMS OF CLIENT ARE BASED ON DELAY, CONTRACT, TORT, NEGLIGENCE, STRICT LIABILITY, WARRANTY, INDEMNITY, ERROR AND OMISSION OR ANY OTHER CAUSE WHATSOEVER.

## 5.   WORK BY OTHERS

5.1   The performance by Consultant of Services under a Work Authorization shall not constitute an assumption by Consultant of the obligations of Client or its other contractors. Consultant shall not control or have charge of, and shall not be responsible for, construction means, methods, techniques, sequences, procedures of construction, health or safety programs, or precautions connected with the work of Client or its other contractors, and shall not manage, supervise, control or have charge of construction. Client shall require Consultant to be named as an additional insured along with Client on any liability insurance policies provided by Client's construction contractors. To the fullest extent permitted by law, Client shall defend Consultant against any claim, suit or proceeding asserted by one of its other contractors and indemnify, defend and save Consultant harmless from any and all actual or alleged claims and losses (including, without limitation, attorney's fees) sustained by such contractor in connection with the Services, regardless or whether or not any of the foregoing arose out of the negligent acts or omissions of Consultant.

## 6.   INSURANCE

6.1   In the event Consultant performs Services under any Work Authorization in connection with a project for which Client or another party with which Client has contracted obtains all-risk or builder's risk property insurance, Client, as the case may be, shall name, or shall cause such other party to name, Consultant as an additional insured on such all risk or builder's risk property insurance. Client acknowledges that Consultant has an insurable interest in such all risk or builder's risk property insurance.

6.2   Consultant and Client each waive all rights of recovery and subrogation against each other with respect to a loss occurring to property of the other, to the extent that such waivers do not invalidate the property insurance of either.

## 7.   INDEMNITY

7.1   Each Party shall indemnify, defend and save the other Party, its officers, directors, employees and affiliates harmless from any loss, cost or expense claimed by third parties, excluding employees of either Party, for property damage and/or bodily injury, including death, to the proportionate extent such loss, cost or expense arises from the negligence or willful misconduct of the indemnifying Party, its employees or affiliates in connection with the Services.

7.2   Notwithstanding any other provision contained elsewhere in this Agreement to the contrary and to the fullest extent permitted by law, Client shall be liable for and indemnify, defend and save Consultant, its officers, directors, employees and affiliates harmless from and against any and all actual or alleged claims, damages (including incidental, consequential, indirect and special damages), losses, and expenses (including, without limitation, all penalties, attorney's fees, fines and administrative or civil sanctions arising out of or related to such claim) (collectively "Losses") arising out of: (1) economic loss suffered by third parties; and/or (2) investment decisions of Client or third parties in reliance upon the results of the Services, regardless of whether or not any of the foregoing arose out of the negligent acts or omissions of Consultant.

7.3   The indemnity and save harmless obligations of Consultant and Client under this Article 7 shall not apply with respect to any Hazardous Material, as Consultant's and Client's rights and obligations with respect thereto are set forth in Article 10.

## 8.   WAIVER OF CONSEQUENTIAL DAMAGES

8.1   Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, neither Client nor Consultant shall be liable, whether based on contract, tort, negligence, strict liability, warranty, indemnity, error and omission or any other cause whatsoever, for any consequential, special, incidental, indirect, punitive or exemplary damages, or damages arising from or in connection with loss of power, loss of use, loss of revenue or profit (actual or anticipated), loss by reason of shutdown or non-operation, increased cost of construction, cost of capital, cost of replacement power or customer claims, and Consultant hereby releases Client and Client hereby releases Consultant from any such liability.

## 9.   LIMITATION OF LIABILITY

9.1   Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, in no

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

2

NON-CERTIFIED COPY

# URS

event shall the total cumulative aggregate liability of Consultant, its subconsultants, and their respective partners, officers, directors, shareholders, employees, and agents (referred to collectively in this Article as "Consultant") to Client resulting from, arising out of or in connection with the performance or nonperformance of any or all Services or other obligations under a Work Authorization, exceed $250,000 or ten percent (10%) of the compensation paid Consultant pursuant to such Work Authorization, whichever is greater, or extend beyond the expiration of the warranty period under Article 4 for the Services performed under the Work Authorization, regardless of the legal theory under which such liability is imposed. The remedies stated in the Agreement are Client's sole and exclusive remedies for any failure by Consultant to comply with obligations to Client, and Client hereby irrevocably waives any right to assert a claim against Consultant based on a legal theory that a remedy provided herein fails of its essential purpose.

## 10.    HAZARDOUS MATERIAL

10.1    Nothing in this Agreement shall be construed or interpreted as requiring Consultant to assume the status of, and Client acknowledges that Consultant does not act in the capacity nor assume the status of, Client or others as a "generator," "operator," "transporter," or "arranger" in the treatment, storage, disposal, or transportation of any hazardous substance or waste as those terms are understood within the meaning of the Resource Conservation and Recovery Act (RCRA), Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), or any other similar federal, state, or local law, regulation, or ordinance. Client acknowledges further that Consultant has played no part in and assumes no responsibility for generation or creation of any hazardous waste, pollution condition, nuisance, or chemical or industrial disposal problem, if any, which may exist at any site that may be the subject matter of any Work Authorization.

10.2    It is acknowledged by both parties that the Services do not include services related to regulated substances, pollutants, or hazardous or toxic wastes ("Hazardous Material"). In the event Consultant or any other party encounters undisclosed Hazardous Materials, Consultant shall notify Client and, to the extent required by law or regulation, the appropriate governmental officials, and Consultant may, at its option and without liability for delay, consequential or any other damages to Client, suspend performance of Services on that portion of the project affected by Hazardous Material until Client: (i) retains appropriate specialist consultant(s) or contractor(s) to identify and, as appropriate, abate, remediate, or remove the Hazardous material; and (ii) warrants that the project site is in full compliance with all applicable laws and regulations. Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, Client shall indemnify, defend and save Consultant and its affiliates, subconsultants, agents, and suppliers of any tier, and any and all employees, officers, directors of any of the foregoing, if any, from and against any and all Losses which arise out of the performance of the Services and relating to the regulation and/or protection of the environment, including, without limitation, Losses incurred in connection with characterization, handling, transportation, storage, removal, remediation, disturbance or disposal of Hazardous Material, whether above or below ground and not brought to a Client site or other proposed project site by Consultant in the performance of the Services without Client's approval.

## 11.    CHANGES

11.1    The Parties may from time to time by mutual agreement seek to modify, extend or enlarge the Services under a Work Authorization ("Modification"). In the event the Parties agree to a Modification to add additional Services, or to make other modifications to the Services, Consultant's compensation, the schedule and any other relevant terms and conditions of the applicable Work Authorization shall be equitably adjusted prior to performance of such Services.

## 12.    OWNERSHIP OF DOCUMENTS

12.1    Consultant grants to Client a transferable, irrevocable and perpetual royalty-free license to retain and use all work products delivered to Client for any purpose in connection with the project specified in each Work Authorization, upon full payment by Client for Consultant's Services. Client also may use such work product for other purposes with Consultant's written consent. Re-use of any such work product by Client on any extension of the project or on any other project without the written authorization of Consultant shall be at Client's sole risk and Client shall indemnify, defend and save Consultant and its affiliates, consultants, agents, subcontractors and suppliers of any tier, and any and all employees, officers and directors of any of the foregoing, if any, from and against any and all Losses suffered as a result of, or arising out of, or in connection with such re-use. Consultant shall have the right to retain copies of all such work product. Consultant retains the right of ownership with respect to any patentable concepts or copyrightable materials arising from its Services.

## 13.    TERMINATION/SUSPENSION

13.1    Client may terminate all or any portion of the Services under one or more Work Authorizations for convenience, at its option, by sending a written notice to Consultant. Either party can terminate this Agreement or a Work Authorization for cause if the other commits a material, uncured breach of this Agreement or becomes insolvent. Termination for cause shall be effective twenty (20) days after receipt of a notice of termination, unless a later date is specified in the notice. The notice of termination for cause shall contain specific reasons for termination and both parties shall cooperate in good faith to cure the causes for termination stated in the notice. Termination shall not be effective if reasonable action to cure the breach has been taken before the effective date of the termination. Client shall pay Consultant upon invoice for Services performed and charges incurred prior to termination, plus reasonable termination charges. Any suspension of Services by Client shall result in an equitable adjustment to Consultant's compensation, time for performance, or any of its other obligations under a Work Authorization.

## 14.    FORCE MAJEURE

14.1    Any delay or failure of Consultant in performing its required obligations hereunder shall be excused if and to the extent such delay or failure is caused by a Force Majeure Event. A "Force Majeure Event" means an event due to any cause or causes beyond the reasonable control of Consultant and shall include, but not be limited to, acts of God, strike, labor dispute fire, storm, flood, windstorm, unusually severe weather, sabotage, embargo,

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

3

NON-CERTIFIED COPY

# URS

terrorism, energy shortage, accidents or delay in transportation, accidents in the handling and rigging of heavy equipment, explosion, riot, war, court injunction or order, delays by acts or orders of any governmental body or changes in laws or government regulations or the interpretations or application thereof or the acts or omissions of the Client or its other contractors, vendors or suppliers. In the event of a Force Majeure Event, Consultant shall receive an equitable adjustment extending Consultant's time for performance for such Services sufficient to overcome the effects of any delay, and an increase(s) to Consultant's compensation sufficient to account for any increased cost in performance or loss or damage suffered by Consultant.

## 15.    RESPONSIBILITIES OF CLIENT

15.1    Without limiting any express or implied obligations of Client under applicable law, Client shall: (1) provide Consultant, in writing, all information relating to Client's requirements for the project; (2) correctly identify to Consultant the location of subsurface structures, such as pipes, tanks, cables, and utilities; (3) notify Consultant of any potential hazardous substances or other health and safety hazard or condition known to Client existing on or near the project site; (4) give Consultant prompt written notice of any suspected deficiency in the Services; (5) with reasonable promptness, provide required approvals and decisions; and (6) furnish or cause to be furnished to Consultant full, unrestricted and legal access to, and use of, the site and all necessary rights of way and easements, in order to perform the Services. In the event Consultant is requested by Client or is required by subpoena to produce documents or give testimony in any action or proceeding to which Client is a party and Consultant is not a party, Client shall pay Consultant for any time and expenses required in connection therewith, including reasonable attorney's fees.

15.2    Consultant may rely upon and use in the performance of any Services information supplied to it by Client without independent verification and Consultant shall not be responsible for defects in its Services attributable to its reliance upon or use of such information.

## 17.    TERM

17.1    Unless otherwise specified, the term of this Agreement shall run from the Effective Date until Consultant has completed the Services and received all payments due under the Agreement.

## 18.    GENERAL

18.1    Client and Consultant each represent and warrant that this Agreement has been duly authorized, executed and delivered and constitutes its binding agreement enforceable against it. This Agreement and any executed Work Authorizations supersede all prior written and/or oral contracts and agreements that may have been made or entered into between Client and Consultant regarding the subject matter hereof, including but not limited to any and all proposals, oral or written, and all communications between the Parties relating to this Agreement or any Work Authorization(s), and constitute the entire agreement between the Parties hereto with respect to the subject matter hereof.

18.2    This Agreement and Work Authorization(s) may not be assigned by Consultant or Client in any way, including by operation of law, unless otherwise mutually agreed to in writing, any such attempted non-authorized assignment shall be null and void and of no force or effect.

18.3    Any cost opinions or estimates provided by Consultant will be on a basis of experience and judgment, but since Consultant has no control over market conditions or bidding procedures, Consultant cannot and does not warrant that bids, ultimate construction cost, or project economics will not vary from such opinions or estimates. Neither this Agreement nor any of the Services provided hereunder shall constitute or provide for, and Consultant shall not be considered to have rendered, any legal or financial opinion(s) regarding the feasibility of this project or any other or regarding any other matter. Unless otherwise expressly included in a Work Authorization, Consultant shall under no circumstances provide as part of the Services a consent, opinion or similar document, or act as a qualified person or expert, in connection with any filing by Client with the United States Securities and Exchange Commission, or similar non-United States agency, authority or commission.

18.4    Notices shall be effective hereunder as follows only if in writing and addressed to the authorized representative designated in applicable Work Authorizations: (1) upon delivery, if delivered personally to the person; (2) upon transmission, if transmitted to the facsimile number of the person; and (3) upon posting, if by first class or overnight mail (postage prepaid).

18.5    All contract issues and matters of law will be adjudicated in accordance with the laws of the state where the project is located, excluding any provisions or principles thereof which would require the application of the laws of a different jurisdiction; provided, however that if the project is located outside the United States, the laws of the State of California shall govern. Venue for any litigation shall be any state court or United States District Court having jurisdiction over the parties and subject matter.

18.6    The terms and conditions of this Agreement shall prevail, notwithstanding any variance with any purchase order or other written instrument submitted by Client whether formally rejected by Consultant or not. This Agreement may be modified only by amendment when signed by each Party. In the event that any one or more of the provisions of this Agreement shall be found to be illegal or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect, and such term or provision shall be deemed stricken to the extent and in the jurisdictions necessary for compliance with applicable law.

18.7    Nothing in this Agreement shall be construed to give any rights or benefits to anyone other than the Client or Consultant.

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

4

NON-CERTIFIED COPY

# URS

18.8    The headings in this Agreement are for convenience only, and shall not affect the interpretation hereof. The terms "hereof", "herein", "hereto" and similar words refer to the entire Agreement and not to any particular Article, Section, Attachment, Exhibit or any other subdivision of this Agreement. References to "day" or "days" shall mean calendar days unless specified otherwise.

18.9    The provisions of this Agreement which by their nature are intended to survive the termination, cancellation, completion, or expiration of the Agreement, including, but not limited to, indemnities and any expressed limitations of or releases from liability, shall continue as valid and enforceable obligations of the parties notwithstanding any such termination, cancellation, completion, or expiration.

18.10    It is understood and agreed that any delay, waiver or omission by Consultant or Client to exercise any right or power arising from any breach or default by Client or Consultant in any of the terms, provisions or covenants of this Agreement or any Work Authorization shall not be construed to be a waiver by Consultant or Client of any subsequent breach or default of the same or other terms, provisions or covenants on the part of Consultant or Client.

19.    **ATTACHMENTS AND EXHIBITS**

The following attachments and exhibits, which are attached hereto, are part of this Agreement.

Attachment 1 – Work Authorization

Attachment 2 – Fee Proposal, Scope of Work, Schedule

Attachment 3 – URS 2009 Schedule of Fees and Charges

**IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be duly executed by their duly authorized representatives, effective as of the day and year first above mentioned.

**H&E Equipment Services, Inc.**

By:    _____
       (Signature)

Name:  _Lemerl Sr. Fermold_____
       (Printed)

Title: _V.P. Operating_____

**URS Corporation Architecture PC**

By:    _Craig W. Gordon_____
       (Signature)

Name:  _Craig W. Gordon_____
       (Printed)

Title: _VP/OM_____

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

5

NON-CERTIFIED COPY



PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## AFFIDAVIT

BEFORE ME, the undersigned Notary Public, personally came and appeared:

### DEBRA SANDERS

who, after being duly sworn, did depose and say that:

1. I am over 18 years of age, of sound mind, and capable of making this affidavit.

2. The facts stated in this affidavit are true and correct and are within my personal knowledge.

3. I am a Vice President, Office Manager for URS Corporation ("URS") and have worked in that capacity since _2010_____.

4. In the ordinary course of my duties for URS I routinely review contracts entered into by URS with its clients.

5. I am personally familiar with the Short Form Master Agreement by and between URS and H&E Equipment Services, Inc. dated August 13, 2009 and hereby certify that the document attached hereto as Attachment "A" is a true and correct copy of the original contract.


_____

**DEBRA SANDERS**


SWORN TO AND SUBSCRIBED before me, Notary Public, at Baton Rouge, East Baton Rouge Parish, Louisiana on this _6th_ day of _April_____, 2015.



_____
NOTARY PUBLIC
Printed Name: _Lorrie H. Anderson_
My Commission Expires: _At Death_
Notary No.: _# 64772_

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | STATE OF LOUISIANA |
| ARCHITECTURE, P.C., URS | * | |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

---

**MAY IT PLEASE THE COURT:**

Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal

Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"), file

this Memorandum in Support of the Motion for Summary Judgment in the action

against them by Plaintiff, H&E Equipment Services, Inc. ("Plaintiff" or "H&E") and in

support of this Motion, Defendants respectfully submit the following:

### I.    INTRODUCTION

Plaintiff contracted with URS Corporation Architecture, P.C. and its affiliate or

subsidiary ("URS") to perform consulting and professional engineering services at its

Baton Rouge, Kenner and Belle Chase locations. The relationship between H&E and

URS is governed by a written 2009 "Short Form Master Agreement for Professional

Services" (the "2009 Agreement"). The 2009 Agreement, which was executed by both

H&E and URS, expressly superseded any and all oral or written agreements,

communications and work authorizations between URS and H&E.

Under the Warranty provision of the 2009 Agreement, H&E's <u>sole recourse</u> based

on any alleged defective or non-conforming consulting and professional engineering

services is re-performance of any non-conforming or defective services. The parties

agreed that URS's re-performance of any defective or non-conforming services is H&E's

exclusive remedy in contract, tort or otherwise. Also, under the 2009 Agreement, H&E

1

EBR2862838

NON-CERTIFIED COPY

expressly waived its right to seek consequential damages in connection with the various projects.

In this suit, H&E asserts remedies or recourse other than the sole recourse of re-performance of any non-conforming or defective services. Said claims are expressly precluded by the clear and unambiguous terms of the 2009 Agreement between these sophisticated parties. Moreover, H&E has expressly waived any right to seek consequential damages and thus it cannot state a cause of action for any such damages. As set forth more fully herein, the language of the pertinent Agreement is clear and unambiguous and thus there exists no genuine issue of material fact with regard to the extent of Defendants' liability, if any, and thus Defendants are entitled to summary judgment dismissing the claims of Plaintiff in this case.

## II.    UNDISPUTED MATERIAL FACTS

H&E is a public company. H&E, through its Vice President of Operations, Leonard St. Germain, executed a "Short Form Master Agreement for Professional Services" in 2009 between H&E and URS, whereby URS was to perform certain consulting and professional engineering services in accordance with the terms and conditions contained therein.[1] The Agreement includes subsidiaries and affiliates of URS.[2] H&E and URS each warranted and represented that the Agreement was duly authorized and executed and constitutes a binding agreement enforceable against each party.[3] The Agreement specifically provides that it "supersede[s] all prior written and/or oral contracts and agreements that may have been made or entered into between Client and Consultant...including...all communications...work authorizations, and constitutes the entire agreement between the parties...."[4]

---

[1] Exhibit "A" Short form Master Agreement for Professional Services, Article 1.1, p. 1; Exhibit "B" Affidavit of Debra Sanders.
[2] Exhibit "A" *Id.* art. 1.2, p. 1.
[3] *Id.* art. 18.1, p. 4.
[4] *Id.*

NON-CERTIFIED COPY

The 2009 Agreement contains a Warranty provision which sets forth that URS's "sole liability to [H&E] for any non-conforming Services shall be to re-perform the non-conforming or defective services" following a written demand for re-performance by H&E.[5]  Additionally, the 2009 Agreement provides that URS's **RE-PERFORMANCE OF DEFECTIVE OR NON-CONFORMING SERVICES...SHALL CONSTITUTE...[H&E'S] EXCLUSIVE REMEDY...WHETHER . . . BASED ON TORT, NEGLIGENCE...OR ANY OTHER CAUSE WHATSOEVER.**[6]  The parties also waived their respective rights to assert claims for any consequential damages relative to the projects performed.[7]

Pursuant to the binding terms and conditions of the 2009 Agreement, URS provided consulting and professional engineering services to H&E for its facilities located in Baton Rouge, Kenner and Belle Chasse. The Baton Rouge, Kenner and Belle Chase Projects are collectively referenced hereinafter as the "Projects."

In December, 2012, H&E ceased paying amounts invoiced to it for service performed by URS on the Projects and to date has an outstanding balance of $232,939.14.

H&E has asserted that certain design deficiencies and defects attributable to URS's failure to design the Projects in accordance with industry standards have caused H&E to suffer damages.

### III.    LAW AND ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

Summary judgment procedure is favored in Louisiana and is designed to secure the just, speedy, and inexpensive determination of every action.[8]  Louisiana's Code of Civil Procedure provides for summary judgment as an appropriate method for promptly disposing of actions in which there is no genuine issue as to any material

---

[5] *Id.* art. 4.1, p. 1.
[6] *Id.* art. 4.2, p. 2.
[7] *Id.* art. 8.1, p. 2.
[8] La. Code Civ. Proc. art. 966(A)(2); *Lee v. Grimmer*, 1999-2196 (La. App. 1 Cir. 2/22/00) 775 So.2d 1223.

3

NON-CERTIFIED COPY

fact.[9]  The motion may be directed toward all or part of a claim and it may be made on the basis of the pleadings, answers to requests for admission, and supporting affidavits, as well as a variety of outside material.[10]  Because Defendants have made a properly supported motion, it is insufficient for Plaintiff to rely on the allegations in its pleadings without accompanying proof.  Moreover, allegations in a pleading without proof are insufficient to create a genuine issue of material fact.[11]    It is well-settled under Louisiana jurisprudence that, "when parties are bound by a valid contract and material facts are not in conflict, the contract's application to the case is a matter of law and summary judgment would be appropriate."[12]

This Motion for Summary Judgment is based on the clear and unambiguous provisions of the binding 2009 Agreement executed by H&E and URS.    These provisions bar any remedy or liability against Defendants beyond re-performance of any nonconforming or defective services.  Accordingly, Defendants are entitled to judgment as a matter of law dismissing all of Plaintiff's claims for damage.

### B. THE PROVISIONS OF THE 2009 AGREMENT SHOULD BE ENFORCED AS WRITTEN AS A MATTER OF LAW.

It is a bedrock principle of Louisiana's law of obligations that "contracts have the effect of law for the parties[13]."  When a contract is not ambiguous or does not lead to absurd consequences, it will be enforced as written and its interpretation is a question of law for the court to decide."[14]  It is also well-settled under Louisiana law, that contracts limiting liability are valid and enforceable.[15]  In *California Union Ins. Co. v. Bechtel Corp.*, Gulf States Utility ("GSU") brought suit for breach of warranty against the

---

[9] La Code Civ. Proc. Art. 966(C)(1).

[10] La. Code Civ. Proc. Art. 966(E); *Potter v. First Federal Savings and Loan Association of Scotlandville*, 615 So.2d 318, 325 (La. 1993).

[11] *Bank of Iberia v. Hewell*, 534 So. 2d 143, 146 (La. App. 3d Cir. 1988).

[12] *Boh Bros. Const. Co. v. State ex rel. Dep't of Transp. & Dev.*, 2008-1793 (La. App. 1 Cir. 3/27/09), 9 So. 3d 982, 984 *(citing) Ginger Mae Financial Services, L.L.C. v. Ameribank, FSB*, 2002–2492, (La.App. 1 Cir. 9/26/03), 857 So.2d 546, 548.

[13] La. Civil Code art. 1983.

[14] *Johnson v. Illinois Nat. Ins. Co.*, 2000-1775 (La. App. 1 Cir. 11/9/01), 818 So. 2d 100, 103.

[15] *Bonfiglio v. Bellsouth Adver. & Pub. Corp.*, 619 So. 2d 135(La. App. 1 Cir. 1993).

NON-CERTIFIED COPY

manufacturer of a transformer following an explosion at power station.[16] There, the Fourth Circuit found that it need not consider the merits of whether GSU made a prima facie showing relative to liability because the manufacturer was "insulated from liability because of contractual limitations agreed to by plaintiff when the contract with [manufacturer] was confected."[17] Notably, like the 2009 Agreement between H&E and URS, this contract contained an exclusive warranty provision as well as a provision that excluded special or consequential damages.

In *California Union Ins. Co., supra*, the plaintiffs asserted that the contract language was "confusing and unclear and, thus, not binding on GSU."[18] The Court rejected this argument and stated that *"the contract under consideration was a commercial undertaking between two highly sophisticated parties."*[19] The Court acknowledged the general reluctance to enforce warranty limitations on consumers, but noted that this was not the case here with sophisticated commercial parties which were "free to bargain as they see fit and are bound by their contracts."[20]

In the instant case, the parties are both sophisticated business entities and thus on equal footing in the formation of contracts such as the 2009 Agreement. For its part, H&E is a rapidly-growing public company with locations in 65 cities across the United States and touts that it is the "largest dealer in the world" for certain products and one of the biggest dealership in the U.S with regard to certain earthmoving equipment.[21] In short, H&E deals with complex contracts on a daily basis in the ordinary course and scope of its business and is by all measures a sophisticated party and thus it must be held to the standard of a sophisticated party and not excused from the obligations under its contracts. Accordingly, the Warranty and Waiver of Consequential Damages provisions of the 2009 Agreement are readily applicable and enforceable.

---

[16] 473 So. 2d 861 (La. App. 4 Cir. 1985).

[17] *Id.* at 862.

[18] *Id.* at 865.

[19] *Id.* at 867.

[20] *Id.*

[21] H&E website http://www.he-equipment.com.

NON-CERTIFIED COPY

C. **DEFENDANTS' SOLE LIABILITY TO H&E, IF ANY, FOR ANY NON-CONFORMING SERVICES IS TO RE-PERFORM THE NON-CONFORMING SERVICES.**

The clear and unambiguous language of Article 4, "Warranty" of the 2009 Agreement directs in no uncertain terms that Defendants' only liability for any non-conforming services is to re-perform the non-conforming Services. Section 4.1 of the 2009 Agreement provides, as follows:

**4.1** Consultant warrants that any consulting and professional engineering Services performed by it under a Work Authorization shall be performed in accordance with that degree of care and skill ordinarily exercised by members of Consultant's profession practicing at the same time in the same location. Consultant's sole liability to Client for any non-conforming Services shall be to re-perform the non-conforming or defective Services, written notice of which must be promptly given by Client to Consultant. Consultant's obligation for re-performance of non-conforming Services as set forth in the preceding sentence shall extend for a term commencing at the substantial completion of such Services under a Work Authorization and ending one year later.

**4.2** THE WARRANTY SET FORTH IN THIS ARTICLE 4 IS EXCLUSIVE, AND IN LIEU OF ANY AND ALL OTHER WARRANTIES RELATING TO THE SERVICES, WHETHER STATUTORY, EXPRESS OR IMPLIED, AND CONSULTANT DISCLAIMS ANY SUCH OTHER WARRANTIES, INCLUDING BUT NOT LIMITED TO ANY AND ALL WARRANTIES OF MERCHANTABILITY AND/OR FITNESS FOR A PARTICULAR PURPOSE AND ANY AND ALL WARRANTIES ARISING FROM COURSE OF DEALING AND/OR USAGE OF TRADE. ANY OTHER STATEMENTS OF FACT OR DESCRIPTIONS EXPRESSED IN THE AGREEMENT OR ANY WORK AUTHORIZATION SHALL NOT BE DEEMED TO CONSTITUTE A WARRANTY OF THE SERVICES OR ANY PART THEREOF. CONSULTANT'S REPERFORMANCE OF DEFECTIVE OR NON-CONFORMING SERVICES THROUGH THE ONE YEAR PERIOD PROVIDED FOR IN THIS ARTICLE 4 SHALL CONSTITUTE COMPLETE FULFILLMENT OF, AND CLIENT'S EXCLUSIVE REMEDY FOR, ALL THE LIABILITIES OR RESPONSIBILITIES OF CONSULTANT TO CLIENT FOR NONCONFORMING OR DEFECTIVE SERVICES, WHETHER THE CLAIMS OF CLIENT ARE BASED ON DELAY, CONTRACT, TORT, NEGLIGENCE, STRICT LIABILITY, WARRANTY, INDEMNITY, ERROR AND OMISSION OR ANY OTHER CAUSE WHATSOEVER.

Exhibit "A", art. 4, p. 1-2 *(emphasis in original and added)*

H&E agreed to the terms of the 2009 Agreement, which superseded all prior agreements, communications and Work Orders. This Agreement contains a clear, unequivocal and unmistakable limitation of H&E's recourse with regard to any defective or non-conforming professional and consulting services provided by URS.

6

NON-CERTIFIED COPY

The clear and unambiguous language of the 2009 Agreement provides that the liability set forth in Article 4 of the 2009 Agreement is exclusive for all liabilities and responsibilities..."[22] Under this provision, H&E's sole recourse against URS for any non-conforming consulting and professional engineering services is limited to the re-performance of the non-conforming or defective consulting and professional engineering services.

Based on the aforementioned Warranty provision, H&E is not entitled to "damages in a yet to be determined amount" for what it describes as URS's "failing to design the Projects in accordance with appropriate industry standards and/or in accordance with the required standard of care ordinarily exercised by others in the same profession."[23]

Again, URS's *"sole liability"* to H&E for any alleged non-conforming or defective consulting and professional engineering services is limited in this case to a redesign of any non-conforming or defective service in the event any service are proven to be defective.[24]

## D. H&E CONTRACTUALLY FOREFEITED ANY RIGHT IT MAY HAVE HAD TO CONSEQUENTIAL DAMAGES.

H&E and URS agreed to a mutual release in Article 8 of the 2009 Agreement, as follows:

> 8.1    Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, neither Client nor Consultant shall be liable, whether based on contract, tort, negligence, strict liability, warranty, indemnity, error and omission or any other cause whatsoever, for any <u>consequential</u>, special, incidental, indirect, punitive or exemplary damages, or damages arising from or in connection with loss of power, loss of use, loss of revenue or profit (actual or anticipated), <u>loss by reason of shutdown or non-operation</u>, <u>increased cost of construction</u>, cost of capital, cost of replacement power or customer claims, and Consultant hereby releases Client and Client hereby releases Consultant from any such liability.

Exhibit "A", art. 8.1, p. 2 (emphasis added).

---

[22] Exhibit "A" *Id.* art. 4.2, p. 2.
[23] Pltff. Pet. at ¶16.
[24] Exhibit "A", art. 4.1, p.1.

NON-CERTIFIED COPY

Thus, H&E has clearly and unequivocally forfeited any right to seek damages for items such as the "significant additional costs" that it alleges it incurred due to "additional and/or changed work by the contractors" that H&E attributes to "design deficiencies in the plans and specifications for each of the respective Projects."[25] Further, Article 8.1 of the 2009 Agreement provides that neither H&E nor URS are entitled to recover damages for "increased cost of construction." Likewise, H&E is contractually barred from bringing a claim for items such as "loss of use, loss of revenue or profit (actual or anticipated), loss by reason of shutdown or non-operation, increased cost of construction, cost of capital, cost of replacement power or customer claims." Accordingly, H&E's claims for consequential damages must be dismissed as there is no issue of material fact because of the clear waiver of such claims in the 2009 Agreement.

## IV.   CONCLUSION

H&E's recourse against URS relative to the Projects is limited by virtue of the clear and unambiguous terms of the 2009 Agreement between these sophisticated parties. As such, H&E's claims for damages are misplaced.   The 2009 Agreement expressly provides that the sole remedy for a defective or non-conforming performance by URS is to have URS re-perform the services at issue.  Moreover, to the extent that H&E seeks consequential damages, its claims are equally without merit as H&E expressly waived its right to seek such damages in the 2009 Agreement.  The provisions of the 2009 Agreement are clear and unambiguous and as such summary judgment is appropriate and Defendants pray that Summary Judgment be granted in their favor dismissing Plaintiff's claims addressed herein.

---

[25] Pltff. Pet. at ¶11.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

**Philip A. Franco (Bar #5819), TA**
**Ron Sholes        (Bar # 14436)**
**Kellen J. Mathews (Bar #31860)**
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

*Attorneys for Defendants, URS Corporation*
*Architecture, P.C.; URS Corporation; L.*
*O'Neal Johnson and Thomas E. Ryan, III*

FILED
EAST BATON ROUGE PARISH-LA
2015 APR -6  PM 4: 52
DEPUTY CLERK OF COURT

9

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served

upon all counsel of record via e-mail and/or United States Mail, postage prepaid and

properly addressed, this 6th day of April, 2015.

FILED
EAST BATON ROUGE PARISH,LA
2015 APR -6 PM 4: 53
DEPUTY CLERK OF COURT

10

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.    *    SUIT NO. 626,308    DIV.: D

           *    19TH JUDICIAL DISTRICT COURT

VERSUS    *    PARISH OF EAST BATON ROUGE

URS CORPORATION    STATE OF LOUISIANA
ARCHITECTURE, P.C., URS
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS E. RYAN,
III

POSTED
APR 07 2015

COST OK Amt. 135-

APR – 6 2015

BY _____
DY CLERK OF COURT

---

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

  **NOW INTO COURT,** through undersigned counsel, come URS

CORPORATION ARCHITECTURE, P.C. ("URS Architecture"), URS CORPORATION

("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND THOMAS E. RYAN, III,

("Ryan") (all collectively referred to hereinafter as "Defendants"), and move this

Honorable Court, pursuant to Article 966 of the Louisiana Code of Civil Procedure, to

render summary judgment in their favor as to Plaintiff's claims against in the above-

captioned matter.  Defendants are entitled to a judgment, as a matter of law; because, as

is more fully set forth in the attached Memorandum and the evidence cited therein and

attached thereto, there exists no genuine issue of material fact and Defendants are

entitled to a Judgment as a matter of law, dismissing the claims of Plaintiff, H&E

Equipment Services, Inc.

  **WHEREFORE,** Defendants pray that this Motion for Summary Judgment be

served upon the Plaintiff; set for hearing; and that after due proceedings are held, this

Court render a judgment in favor of Defendants granting this Motion for Summary

Judgment and dismissing Plaintiff's claims accordingly.

RCC'D C.P.

APR – 7 2015

1

EBR2862837

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

_____
Philip A. Franco (Bar #5819), TA
Ron Sholes        (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

*Attorneys for Defendants, URS Corporation*
*Architecture, P.C.; URS Corporation; L.*
*O'Neal Johnson and Thomas E. Ryan, III*

FILED
EAST BATON ROUGE PARISH, LA
2015 APR -6  PM 4: 52
DEPUTY CLERK OF COURT

2

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served

upon all counsel of record via e-mail and/or United States Mail, postage prepaid and

properly addressed, this 6th day of April, 2015.

FILED
EAST BATON ROUGE PARISH, LA
2015 APR -6 PM 4: 52
DEPUTY CLERK OF COURT

3

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES          *     SUIT NO. 626,308     DIV.: D

                                *     19TH JUDICIAL DISTRICT COURT

VERSUS                          *
                                *     PARISH OF EAST BATON ROUGE
                                *
URS CORPORATION                 *     STATE OF LOUISIANA
ARCHITECTURE, P.C., URS
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS E. RYAN,
III

---

## ORDER

Considering the foregoing Motion for Summary Judgment, Statement of Undisputed Material Facts and Memorandum in Support filed by Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III:

**IT IS HEREBY ORDERED,** that Plaintiff be made to appear and show cause, if any, on the 15TH day of June, 2015 at 1:00p.m. why the Motion for Summary Judgment filed on behalf of Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, should not be Granted and why Plaintiff's claims should not be dismissed accordingly.

THUS DONE AND SIGNED this _____ day of _____, 2015, at Baton Rouge, Louisiana.

                    _____
                    HON. JANICE CLARK
                    Judge, 19th Judicial District Court

FILED
EAST BATON ROUGE PARISH, LA
2015 APR -6  PM 4: 52

DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * | STATE OF LOUISIANA |

---

## STATEMENT OF UNDISPUTED MATERIAL FACTS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

**NOW INTO COURT** through undersigned counsel come Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"), and present the following Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment:

1. H&E, through its Vice President of Operations, Leonard St. Germain executed a "Short Form Master Agreement for Professional Services" (the "2009 Agreement") with URS Corporation Architecture, P.C. **Attachment 1-** "Short Form Master Agreement for Professional Services."

2. Both H&E and URS represented and warranted that the 2009 "Agreement has been duly authorized, executed and delivered and constitutes its binding agreement enforceable against it." *Id.* at art. 18.1, p. 4.

3. The 2009 Agreement provides that it *"supersede[s] all prior written and/or oral contracts and agreements* that may have been made or entered into between Client and Consultant regarding the subject matter hereof, including but not limited to any and all proposals, oral or written, and all communications between the Parties relating to this Agreement or any Work Authorization(s), and constitute the *entire agreement between the Parties* hereto with respect to the subject matter hereof." *Id.* at art. 18.1, p. 4. *(emphasis added).*

4. The 2009 Agreement provides that "URS's *sole liability* to H&E" *for any non-conforming Services shall be to re-perform the non-conforming or defective Services*, written notice of which must be promptly given by Client to Consultant. *Id.* at art. 4.1, p.1-2. *(emphasis added).*

5. The Warranty provision of the 2009 Agreement expressly provides that: **THE WARRANTY SET FORTH IN THIS ARTICLE 4 IS EXCLUSIVE, AND IN LIEU OF ANY AND ALL OTHER WARRANTIES RELATING TO THE**

1

NON-CERTIFIED COPY

SERVICES, WHETHER STATUTORY, EXPRESS OR IMPLIED, AND CONSULTANT DISCLAIMS ANY SUCH OTHER WARRANTIES, INCLUDING BUT NOT LIMITED TO ANY AND ALL WARRANTIES OF MERCHANTABILITY AND/OR FITNESS FOR A PARTICULAR PURPOSE AND ANY AND ALL WARRANTIES ARISING FROM COURSE OF DEALING AND/OR USAGE OF TRADE.   ANY OTHER STATEMENTS OF FACT OR DESCRIPTIONS EXPRESSED IN THE AGREEMENT OR ANY WORK AUTHORIZATION SHALL NOT BE DEEMED TO CONSTITUTE A WARRANTY OF THE SERVICES OR ANY PART THEREOF.   CONSULTANT'S REPERFORMANCE OF DEFECTIVE OR NON-CONFORMING SERVICES THROUGH THE ONE YEAR PERIOD PROVIDED FOR IN THIS ARTICLE 4 SHALL CONSTITUTE COMPLETE FULFILLMENT OF, AND CLIENT'S <u>EXCLUSIVE REMEDY</u> FOR ALL, ALL THE LIABILITIES OR RESPONSIBILITIES OF CONSULTANT TO CLIENT FOR NON-CONFORMING OR DEFECTIVE SERVICES, WHETHER THE CLAIMS OF CLIENT ARE BASED ON DELAY, CONTRACT, TORT, NEGLIGENCE, STRICT LIABILITY, WARRANTY, INDEMNITY, ERROR AND OMISSION OR ANY OTHER CAUSE WHATSOEVER.

*Id.* at art. 4.2, p.2.  *(emphasis added).*

6.  In the Waiver of Consequential Damages provision, the parties agreed that: Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, **neither Client nor Consultant shall be liable,** whether based on contract, tort, negligence, strict liability, warranty, indemnity, error and omission or any other cause whatsoever, for any **consequential, special, incidental, indirect, punitive or exemplary damages, or damages arising from or in connection with loss of power, loss of use, loss of revenue or profit** (actual or anticipated), loss by reason of shutdown or non-operation, increased cost of construction, cost of capital, cost of replacement power or customer claims, and Consultant hereby releases Client and Client hereby releases Consultant from any such liability. *Id.* at art. 8.1, p.2. *(emphasis added).*

7.  H&E, in its Petition, has alleged **damages** as a result of alleged defective and non-performing services of URS. Pltff. Pet. at ¶16; ¶18-21. *(emphasis added).*

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes        (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

*Attorneys for Defendants, URS Corporation Architecture, P.C.; URS Corporation; L. O'Neal Johnson and Thomas E. Ryan, III*

FILED
EAST BATON ROUGE PARISH, LA
2015 APR -6  PM 4: 53
DEPUTY CLERK OF COURT

2

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served

upon all counsel of record via e-mail and/or United States Mail, postage prepaid and

properly addressed, this 6th day of April, 2015.

FILED
EAST BATON ROUGE PARISH, LA
2015 APR -6 PM 4: 53
DEPUTY CLERK OF COURT

3

NON-CERTIFIED COPY

 ADAMS AND REESE LLP
®

**Attorneys at Law**
Alabama
Florida
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

**Kellen J. Mathews**
Direct: 225.378.3243
E-Fax: 225.336.5115
kellen.mathews@arlaw.com

April 13, 2015

<u>VIA HAND DELIVERY</u>

Honorable Doug Welborn
Clerk of Court, 19th JDC
300 North Boulevard
Baton Rouge, LA 70821



COST OK Amt. 80 -
APR 13 2015
BY C#8 051104 JP
DY CLERK OF COURT

Re:    H&E Equipment Services, Inc. v.
       URS Corporation Architecture, et al
       Docket No.:  626308, Division D

Dear Sir:

    We filed a Motion for Summary Judgment on behalf of defendants in the captioned matter.  Please have a certified copy of the Motion for Summary Judgment, Memorandum in Support and Order served on plaintiff as follows:

H&E Equipment Services, Inc.
Through its attorney of record
Roy C. Cheatwood
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

    If you have any questions, please call.

Sincerely,

ADAMS AND REESE LLP

Kellen J. Mathews

REC'D C.P.
APR 14 20

KJM/lba

 NON-CERTIFIED COPY

 EBR2901010

6709-15-000328

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**NUMBER  C626308 Division D**

**19ᵗʰ JUDICIAL DISTRICT COURT**

vs.

**PARISH OF EAST BATON ROUGE**

**URS CORPORATION ARCHITECTURE PC**
**ET AL**
(Defendant)

**STATE OF LOUISIANA**

**TO:   H&E EQUIPMENT SERVICES INC**
**THRU ROY C CHEATWOOD**
**201 ST. CHARLES AVE., STE. 3600**
**NEW ORLEANS, LA.   70170**

The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

### DEFENDANTS MOTION FOR SUMMARY JUDGMENT , MEMORANDUM , ATTACHMENTS , STATEMENT OF UNDISPUTED MATERIAL FACTS

You MUST come to Court at 1:00 PM, on JUNE 15, 2015 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

### * * * * * SEE ATTACHED ORDER * * * * *

### YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **15-APR-2015**.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:
KELLEN J MATTHEWS

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**      After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of _____

**RULE NISI (OOP) - 6709**



EBR2915585

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB    Document 4    07/16/18    Page 294 of 357

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
### Parish of East Baton Rouge
### 300 North Boulevard
### Baton Rouge, LA 70801
### Phone (225)389-3960

NO.   C626308 Division D                    15-APR-2015


TO:   ORLEANS PARISH SHERIFFS OFFICE
      CIVIL DEPARTMENT
      421 LOYOLA AVE
      NEW ORLEANS, LA 70112


Please find attached RULE NISI to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X        note the enclosed check for payment of service;

ڤ        send us your bill for service;

ڤ        note that this is a pauper suit and no funds are available; or

ڤ        note that this is a government suit and no funds are necessary.

                              Thank You,



                                      _Deputy Clerk of Court for_
                                      **Doug Welborn, Clerk of Court**

Requesting Attorney:  KELLEN J MATTHEWS

_____

REPLY:                    DATE:_____

_____

_____

_____

_____

_____

                    By:_____

                    Deputy Sheriff, Parish of _____


**Letter to Out Of Parish Sheriff - 5213**




EBR2792426
NON-CERTIFIED COPY

6709-15-000321

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

vs.

**PARISH OF EAST BATON ROUGE**

**URS CORPORATION ARCHITECTURE PC ET AL**
(Defendant)

**STATE OF LOUISIANA**

TO:   URS CORPORATION ARCHITECTURE PC.
      URS CORPORATION, L.O'NEAL JOHNSON AND
      THOMAS E. RYAN, III
      THRU PHILIP  A. FRANCO, KELLEN MATTHEWS
      ADAMS AND REESE, LLP
      4500 ONE SHELL SQUARE
      NEW ORLEANS, LA.  70139

*RECEIVED 2015 APR -9 P 1:15*

The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

MOTION TO COMPEL

You MUST come to Court at 1:00 PM, on JUNE 15, 2015 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

**\* \* \* \* \* SEE ATTACHED ORDER \* \* \* \* \***

**YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.**

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **06-APR-2015**.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:
ANNE DERBES WITTMANN

---

**SERVICE INFORMATION:**

Received on the _10_ day of _April_ , 20 _15_ and on the _10_ day of _April_ , 20 _6_ , served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _Ginger, Secty_

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _Orleans_ , this _10_ day of _April_ , 20 _15_.

:$_____
::$_____
:$_____

_Deputy Sheriff_
Parish of _Orleans_

**RULE NISI (OOP) - 6709**

_7:54 P.M._

EBR2716642

EBR2914087

NON-CERTIFIED COPY

6709-15-000328

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

vs.

**PARISH OF EAST BATON ROUGE**

**URS CORPORATION ARCHITECTURE PC**
**ET AL**
(Defendant)

**STATE OF LOUISIANA**

RECEIVED

**TO:   H&E EQUIPMENT SERVICES INC**
**THRU ROY C CHEATWOOD**
**201 ST. CHARLES AVE., STE. 3600**
**NEW ORLEANS, LA.  70170**   072

The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

### DEFENDANTS MOTION FOR SUMMARY JUDGMENT , MEMORANDUM , ATTACHMENTS , STATEMENT OF UNDISPUTED MATERIAL FACTS

You MUST come to Court at 1:00 PM, on JUNE 15, 2015 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

### * * * * * SEE ATTACHED ORDER * * * * *

### YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **15-APR-2015**.

PAPER   ENTERED        RETURN

SERIAL NO.    DEPUTY     PARISH

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:
KELLEN J MATTHEWS

---

**SERVICE INFORMATION:**

Received on the ___ day of _____ , 20 __ and on the ___ day of _____ , 20 __ , served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____ , by leaving the same at his domicile in this parish in the hands of _____ , a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____ , this _____ day of _____ , 20 ___ .

SERVICE $ _____
MILEAGES $ _____

_____
Deputy Sheriff
Parish of _____

**RULE NISI (OOP) - 6709**

EBR2882650

EBR2915585

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES     *     SUIT NO. 626,308     DIV.: D

            *     19TH JUDICIAL DISTRICT COURT

VERSUS             *

            *     PARISH OF EAST BATON ROUGE

URS CORPORATION             *

ARCHITECTURE, P.C., URS             *     STATE OF LOUISIANA

CORPORATION, L. O'NEAL

JOHNSON AND THOMAS E. RYAN,

III

---

### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    H&E Equipment Services
       Through its Attorneys of Record
       Roy C. Cheatwood
       Anne Derbes Wittmann
       M. David Kurtz
       Matthew C. Juneau
       Baker Donelson Bearman Caldwell & Berkowitz
       201 St. Charles Avenue, Suite 3600
       New Orleans, LA 70170

**CLERK OF COURT**
FILE COPY
CASE ID:_____
FILING DATE_____
ATTORNEY:_____
NO. PAGES:_____

**EXHIBIT/ATTACHMENT TO:**
☐ MOTION/SUMMARY JDGMT
☐ PETITION
☐ MEMORANDUM
☐ OTHER_____

DEPUTY CLERK

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"), URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as "Defendants"), by their attorneys, Adams and Reese LLP, propound the following Requests for Production of Documents to Plaintiff, H&E Equipment Services, Inc. ("Plaintiff"), to be answered fully, separately, in writing, and under oath, and to be answered within the delays allowed by law, pursuant to the Louisiana Code of Civil Procedure. Pursuant to the rules of this Court, you are hereby requested to answer the following Requests for Production, and return them to the law offices of Philip A. Franco, Adams and Reese 4500 One Shell Square, New Orleans, Louisiana 70139 within fifteen (15) days of service, and to attach the requested documents at that time.

### DEFINITIONS

A. "And" as well as "or" shall be construed disjunctively as well as conjunctively, as necessary, in order to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

 EBR2919099


EXHIBIT
A

NON-CERTIFIED COPY

B. "Any" as well as "all" shall be construed to mean "each and every."

C. The term "Document" means the original or an identical and legible copy thereof, and all non-identical copies (whether different from the original by reason of notations made on such copies or otherwise), regardless of origin or location, of any written, recorded, graphic, or other matter, or any part or portion thereof, of any type or description, however produced or reproduced or stored on paper, cards, tapes, discs, belts, charts, film, computer storage devices, or any other medium (including, but not limited to, matter in the form of books, manual, pamphlets, newspapers, resolutions, minutes, reports, studies, statements, notebooks, applications, agreements, graphs, contracts, memoranda, notes, records, papers, letters, photographs, videotapes, audiotapes, correspondence, communications, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, conferences, or other meeting, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluation, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recording, computer printouts, data processing program library, data processing input and output, microfilm, books of accounts, bills, canceled checks, records and invoices reflecting business operations, all records kept by electronic, photographic or mechanical means, any notes relating to the foregoing, and all things similar to any of the foregoing, however denominated.)

D. "relating to", "evidencing", "constituting", "referring to," and "reflecting" mean constituting, defining, describing, discussing, involving, concerning, containing, embodying, evidencing, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, relating to, dealing with, reflecting, commenting upon, or in any way pertaining to, a stated subject matter.

E. "You" or "your" means H&E Equipment Services, Inc. ("H &E") and, any and all representatives or other persons acting on behalf of H&E, including but not limited to the officers, employees, attorneys, agents, adjusters, or representatives of same.

F. "Identify" or "identification" when used with reference to a document means to state the type of document (e.g. lease, permit memorandum, contract, telegram, chart, bill, etc.), its present location and custodian, the date thereon, if any, and the "identify" of the person(s) in whose custody it is presently resides and names of all parties thereto or parties that appear thereon; or in lieu thereof, you may attach to your answers a copy of each such document.

G. "Heavy Equipment" when used in these discovery requests, references the large tracked construction equipment sold and rented by H&E at any of its various locations, including but not limited to Excavators, Bulldozers, Skid Steer Loaders, Boom Trucks, Cranes, Tractors, Telehandlers, Forklifts, Aerial, Boom, Scissor Lifts, Concrete and Forestry machinery.

H. "Paved Surfaces" when used in these discovery requests, references concrete surfaces at any of the H&E facilities identified in the above-captioned lawsuit

NON-CERTIFIED COPY

(Baton Rouge headquarters; Kenner branch; and Belle Chase branch), including but not limited to the parking areas, staging areas, or concrete pads used by H&E for operating, loading, unloading, storing or parking its inventory of Heavy Equipment.

I. "Projects" where used in these discovery requests, references the design and construction of the following :

    i. "Baton Rouge Project": H&E's new headquarters building and dealership facility to be located on Pecue Ln. in Baton Rouge, Louisiana.

    ii. "Kenner Project": Renovations and additions to H&E's facility located at 125 E. Airline Dr. in Kenner, Louisiana.

    iii. "Belle Chase Project": Renovation and relocation of H&E's Crane Remanufacturing facility in Belle Chase, Louisiana.

J. male gender includes the female, and the singular pronoun includes the plural.

## INSTRUCTIONS

1. The production of the documents will take place at the offices of Adams and Reese LLP at 4500 One Shell Square, New Orleans, Louisiana 70139.

2. Requests for Production of Documents requesting numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to request estimates. In each instance that an estimate is provided, it shall be identified as such, together with the source of the information underlying the estimate and the methodology used to come to such an estimate.

3. In responding to these Requests for Production of Documents, every source of information to which You have access shall be consulted, regardless of whether the source is within Your immediate possession, custody, or control. All documents or other information in the possession, custody or control of experts, consultants, contractors, subcontractors, representatives, or agents shall be consulted.

4. If any Request for Production of Documents cannot be answered fully and complete, as full and complete an answer as possible should be provided. When an answer or portion of an answer to a Request for Production of Documents is unknown, then the last known information shall be provided. State the reason for Your inability to answer fully and completely, and provide any information, knowledge or belief that You have regarding the Request, or portion thereof, not fully and completely answered.

5. If anything is or has been deleted and/or redacted from a document produced in response to a Request for Production of Documents, provide the following:
    a. the reason for the deletion/redaction;
    b. the date of the deletion/redaction;
    c. the subject matter of the deleted/redacted material; and
    d. the identity of the person responsible for the deletion/redaction.

6. If an objection is made to answering any Request for Production of Documents on the basis of any claim of privilege or exemption, You are requested to

3

NON-CERTIFIED COPY

specify in writing the nature of such information along with the nature of the privilege or exemption claimed, in sufficient detail to permit the court to rule on the propriety of the privilege or exemption, including:

a. The nature of the privilege or doctrine You claim is applicable and the reason You invoke it;

b. The legal and factual basis upon which you claim the privilege or other asserted ground for nondisclosure;

c. The dates on which the document or communication was prepared, transmitted, and received;

d. the name, address, and position/job title of each person who was furnished with or privy to the document or communication, who had possession of the document or communication, and/or who had access to the contents of the document or communication;

e. the number of pages in the document or communication;

f. the nature and subject matter of all information you contend is protected from discovery;

g. the number of the discovery request(s) to which the information at issue is or may be responsive.

7.      In answering the accompanying Requests for Production of Documents, identify and describe the person(s) who assisted or participated in supplying any of the information provided in the answer to, or relied upon in preparing the answer to, or relied upon in preparing the answer to, the Request for Production of Documents, specifying the nature of the information supplied and whether or not You expect to call such person(s) as a witness at trial.

8.      These Requests for Production are to be deemed continuing and should you, your attorney, or anyone acting on your behalf obtain any other information which would add to or change the answers supplied hereto, you are directed to give timely notice of such information and to furnish such information to URS through its counsel of record, without delay.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   Please produce copies of any and all Documents concerning communications relating to the Projects between You and URS.

**REQUEST FOR PRODUCTION NO. 2:**   Please produce copies of any and all Documents concerning communications relating to the Projects between You and any contractors, subcontractors, architects and engineers, attorneys, and any other person or entity.

4

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 3:** Please produce copies of any and all Documents concerning communications relating to the planning of the Projects.

**REQUEST FOR PRODUCTION NO. 4:** Please produce copies of any and all Documents concerning communications relating to authorizations relating to the Projects.

**REQUEST FOR PRODUCTION NO. 5:** Please produce copies of any and all Documents concerning communications relating to alternative designs considered by You for the Projects.

**REQUEST FOR PRODUCTION NO. 6:** Please produce copies of any and all Documents concerning communications relating to budgeting for the Projects.

**REQUEST FOR PRODUCTION NO. 7:** Please produce copies of any and all Documents concerning communications relating to any and all payments made and expenses incurred for the Projects

**REQUEST FOR PRODUCTION NO. 8:** Please produce copies of any and all Documents, including but not limited to photographs, schematics, or sketches relating to the condition of the Paved Surfaces of H&E's Baton Rouge headquarters and dealership, Kenner facility or Belle Chase facility prior to the commencement of each respective Project.

**REQUEST FOR PRODUCTION NO. 9:** Please produce copies of any and all Documents reflecting any alternative designs or construction considered by You with regard to the Paved Surfaces on each Project as well as the joints in these Paved Surfaces, including consideration of any zoning restrictions, persons consulted with regard to any alternative design and the reasons for deciding upon the course(s) of action ultimately taken with regard to the design and construction used on the Paved Surfaces, including the joints in these Paved Surfaces.

5

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 10:**    Please provide copies of any and all Documents including but not limited to daily logs, inspection reports, or other records relating to any tasks performed during any stage of the Baton Rouge Project

**REQUEST FOR PRODUCTION NO. 11:**    Please provide copies of any and all Documents including but not limited to daily logs, inspection reports, or other records relating to any tasks performed during all stages of the Kenner Project.

**REQUEST FOR PRODUCTION NO. 12:**    Please produce copies of any and all Documents including but not limited to daily logs, inspection reports, or other records relating to any tasks performed during all stages of the Belle Chase Project.

**REQUEST FOR PRODUCTION NO. 13:**    Please produce copies of any and all Documents, including but not limited to maps, diagrams, drawings, schematics or photographs that depict the entire surface or area where the conditions complained of in Paragraph 13 of your Petition are located.

**REQUEST FOR PRODUCTION NO. 14:**    Please produce copies of any and all Documents reflecting: (1) each and every alleged problem or deficiency relative to the Project; (2) Your discovery and evaluation of any such problem or deficiency; (3) Your evaluation of any such problem or deficiency; (4) Your efforts to repair, replace or maintain any area of the Project(s) with which you experienced problems or deficiencies; and (5) the outcome of any efforts to repair, replace or maintain any such alleged problem or deficiency.

**REQUEST FOR PRODUCTION NO. 15:**    Please produce copies of any and all Documents relating to any negotiations relating to the Projects with URS or any other person or entity.

**REQUEST FOR PRODUCTION NO. 16:**    Please produce copies of any and all Documents, including but not limited to photographs, or other materials relating to when and how the Paved Surfaces of H&E's Baton Rouge headquarters and dealership and Kenner facility were used from the beginning, i.e. following construction to present.

6

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 17:**  Please produce copies of any and all Documents, including but not limited to invoices, work orders or other records evidencing any maintenance, cleaning, scrubbing, or debris removal of the Paved Surfaces at H&E's Baton Rouge headquarters and dealership and Kenner facility by any means since these Paved Surfaces were first used following construction.

**REQUEST FOR PRODUCTION NO. 18:**  Please produce copies of any and all Documents including but not limited to reports, letters, correspondence, journals, treatises, memoranda, or materials with regard to the "industry standards" and/or "required standard of care" referenced in Paragraph 16 of your Petition or any other standard of care that you contend is applicable in this case.

**REQUEST FOR PRODUCTION NO. 19:**    Please produce copies of any and all Documents relating to the selection of URS or any other person or entity to perform work on the Projects, including any and all Documents reflecting:    (1) Your investigation of URS or any other person or entity, including but not limited to subcontractors or suppliers and (2) Your evaluation of URS or any other person or entity, including but not limited to subcontractors or suppliers and your evaluation of each and any such person or entity.

**REQUEST FOR PRODUCTION NO. 20:**    Please produce a copy of any and all Documents in in your possession that you contend establish or illustrate the "negligent acts and/or omissions" that you attribute to URS in Paragraph 18 of your Petition.

**REQUEST FOR PRODUCTION NO. 21:**    Please provide copies of any and all Documents, including but not limited to drawings, schematics, proposals, or bids received by You in connection with maintenance, repair, reconstruction or redesign of the Paved Surfaces at any of the Projects.

**REQUEST FOR PRODUCTION NO. 22:**    Please provide copies of any and all Documents, including but not limited to all letters, e-mails, text messages or instant messages relating to the negotiation and execution of the 2006 Agreement for Professional Services between URS and H&E, including any analysis and evaluations by You or on your behalf.

**REQUEST FOR PRODUCTION NO. 23:**    Please provide copies of any and all Documents, including but not limited to all letters, e-mails, text messages or instant messages relating to the negotiation and execution of the 2009 Agreement for Professional Services between URS and H&E, including any analysis and evaluations by or with attorneys or any other persons by You or on your behalf.

7

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 24:** Please provide copies of any and all Documents, including but not limited to all letters, e-mails, text messages or instant messages, relating to the progression of the Projects from the start of each Project to the present, including but not limited to records of the Project status; conditions; any problems or deficiencies; notices sent to or from You; responses to any notices sent to or from you; persons consulted; and any alternative designs or construction considered.

**REQUEST FOR PRODUCTION NO. 25:** Please provide any and all Documents, including but not limited to all letters, e-mails, text messages or instant messages relating to repairs, replacement or maintenance to the buildings and/or structures on the sites of the Projects since substantial completion of each respective Project, including Documents evidencing the costs and expenses associated with any such repair, replacement or maintenance.

**REQUEST FOR PRODUCTION NO. 26:** Please provide copies of any and all Documents, including but not limited to all letters, e-mails, text messages or instant messages relating to repairs, replacement or maintenance of the Paved Surfaces, including the joints of these Paved Surfaces at H&E's Baton Rouge headquarters and dealership and Kenner facility, respectively, since substantial completion of each Project including Documents evidencing the costs and expenses associated with any such repair, replacement or maintenance of the Paved Surfaces.

**REQUEST FOR PRODUCTION NO. 27:** Please provide copies of any and all Documents relating to any and all policies, guidelines, or protocols that You or anyone acting on your behalf has relating to repairs, replacement or maintenance to the buildings and/or structures on the sites of the Projects.

**REQUEST FOR PRODUCTION NO. 28:** Please provide copies of any and all Documents relating to any and all policies, guidelines, or protocols that You or anyone acting on your behalf has or had in place relating to repairs, replacement or maintenance of the Paved Surfaces, including the joints of these Paved Surfaces, at H&E's Baton Rouge headquarters and dealership and Kenner facility, respectively.

**REQUEST FOR PRODUCTION NO. 29:** With regard to any and all locations or sites owned or leased by H&E with Paved Surfaces on which Heavy Equipment is operated, loaded/unloaded, stored or parked, please provide copies of any and all Documents reflecting:

    (a)    the type(s) of equipment operated, stored or parked on these Paved Surfaces;

    (b)    the date when the Paved Surface was first installed at each respective location;

8

NON-CERTIFIED COPY

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the status and condition of the Paved Surfaces at each respective location;

(f)    the types of joints existing in these Paved Surfaces;

(g)    the status and condition of the joints in these Paved Surfaces;

(h)    any problems and deficiencies noted with regard to the joints in these Paved Surfaces;

(i)    any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the joints in the same;

(j)    the results of any such repairs, replacements or maintenance;

(k)    the cost of any such repairs, replacements or maintenance.

**REQUEST FOR PRODUCTION NO. 30:**  Please provide copies of any and all Documents reflecting the reasons for the decisions to take the actions to repair, replace or maintain the Paved Surfaces as indicated in your response to Request No. 29(i), *supra.* including any and all Documents reflecting the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

**REQUEST FOR PRODUCTION NO. 31:**  With regard to any and all locations or sites owned or leased by H&E *without* Paved Surfaces on which Heavy Equipment is operated, loaded/unloaded, stored or parked, please provide copies of any and all Documents reflecting: the surfaces in place where Heavy Equipment is operated, loaded/unloaded, stored or parked at these locations; the reasons this surface was used instead of a Paved Surface; the person or persons responsible for making the design that called for an alternative to a Paved Surface.

**REQUEST FOR PRODUCTION NO. 32:**  Please provide copies of any and all Documents relating to or referencing the following, as they relate to the Projects: (a) Authorizations; (b) Contracting; (c) Construction; (d) Engineering; (e) Budgeting; (f) Evaluations; (g) Alternative designs or construction; (h) Problems or deficiencies in design or construction; (i) Repairs, replacement or maintenance; (j) investigation of problems and deficiencies; (k) Identification of problems and deficiencies; (l) Costs and expenses associated with repairs, replacement or maintenance actually performed; and (m) Estimates for repairs, replacement or maintenance necessary.

9

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 33:**  Please provide copies of the minutes of any and all meetings of H&E's Board of Directors or any committees thereof relating to the Projects.

**REQUEST FOR PRODUCTION NO. 34:**  Please provide copies of any and all corporate resolutions passed by H&E's Board of Directors relating to the Projects.

**REQUEST FOR PRODUCTION NO. 35:**  Please provide copies of any litigation hold or document retention notices circulated in connection with this matter as well as any Documents, including but not limited to letters, e-mails, or memoranda whereby any such notices were distributed.

**REQUEST FOR PRODUCTION NO. 36:**  Please provide copies of any and all Documents relating to any and all alternatives to the design, engineering or construction of the Paved Surfaces including alternatives considered:  (1) during the design and engineering stage, (2) during the construction of the Paved Surfaces, (3) upon completion and (4) prior to discovery of problems or deficiencies in the Paved Surfaces; and (5) at any time since the discovery of problems and deficiencies in the Paved Surfaces.

**REQUEST FOR PRODUCTION NO. 37:**  Please provide copies of any and all Documents, including but not limited to meeting notes, project diaries, logs, minutes or memoranda relating to the Project, including any such meetings between You and URS or You and any third parties, including but not limited to contractors, subcontractors, or suppliers.

**REQUEST FOR PRODUCTION NO. 38:**  Please provide copies of any and all Documents reflecting punch lists considered, compiled or produced by H&E or on its behalf and the status of any punch list items.

**REQUEST FOR PRODUCTION NO. 39:**  Please provide copies of any and all Documents that you intend to use at the trial of this matter.  To the extent that you contend that you have yet to identify all Documents you intend to use at the trial of this matter, please provide all such Documents now anticipated by You and supplement your production as You identify any additional Documents.

**REQUEST FOR PRODUCTION NO. 40:**  Please provide copies of any and all Documents relied upon by You, or which form the basis of each and every allegation made at the time of your Petition herein which were in your possession at the time the Petition was filed.

**REQUEST FOR PRODUCTION NO. 41:**  Please provide copies of any and all Documents sent to, forwarded to, or received by You from any person outside of H&E relating to any of the Projects or the above-captioned lawsuit.

10

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 42:** Please provide copies of any and all Documents, including but not limited to reports, materials relied upon, or notes of any consulting or testifying expert relating to the Projects or the above-captioned lawsuit, that support Your claim of negligence on the part of URS.

**REQUEST FOR PRODUCTION NO. 43:** Please provide all documents relating to evaluations of any problems or deficiencies in the Projects, recommendations to remedy any alleged problems or deficiencies, and the cost and expenses associated therewith.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

11

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by facsimile transmission and by placing same in the United States Mail, postage pre-paid, this 29TH day of November, 2014.

_____

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308     DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

### FIRST SET OF INTERROGATORIES

TO:   H&E Equipment Services
      Through its Attorneys of Record
      Roy C. Cheatwood
      Anne Derbes Wittmann
      M. David Kurtz
      Matthew C. Juneau
      Baker Donelson Bearman Caldwell & Berkowitz
      201 St. Charles Avenue, Suite 3600
      New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), by their attorneys, Adams and Reese LLP, propound the following

Interrogatories to Plaintiff, H&E Equipment Services, Inc. ("Plaintiff"), to be answered

fully, separately, in writing, and under oath, and to be answered within the delays

allowed by law, pursuant to the Louisiana Code of Civil Procedure.  Pursuant to the

rules of this Court, you are hereby requested to answer the following Interrogatories

and return them to the law offices of Philip A. Franco, Adams and Reese 4500 One Shell

Square, New Orleans, Louisiana  70139 within fifteen (15) days of service, and to attach

the requested documents at that time.

### DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you," "your," or "yourself" refers to H&E
Equipment Services, including without limitation, all present and/or former
agents, representative, and attorneys, and each person acting or purporting to act
on their behalf.



EXHIBIT
B

NON-CERTIFIED COPY

2.    As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.    As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.    The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced.    Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries; logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind.    The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.    If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability.    If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.    If any information requested herein is claimed to be privileged or otherwise protected from discovery, Plaintiff is requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:
  a.    its author;
  b.    the date of its creation;
  c.    the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
  d.    its general nature and subject matter;
  e.    its present location and custodian; and
  f.    the basis upon which it is claimed to be privileged or otherwise protected from discovery.

7.    "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

NON-CERTIFIED COPY

8.      "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

9.      "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

10.     "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

11.     "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof.  In lieu of identifying any document, copies thereof may be attached to your answer.

12.     "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

13.     "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

14.     Each request is addressed to the personal knowledge of Plaintiff, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

15.     Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief.  Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

16.     The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

NON-CERTIFIED COPY

17.    The following rules of construction apply to all discovery requests:

(a)    All/Each. The terms "all" and "each" shall be construed as all and each.

(b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c)    Number. The use of the singular form of any word includes the plural and vice versa.

## INTERRROGATORIES

**INTERROGATORY NO. 1:** Please Describe the types of tracked equipment, that have been operated, loaded, unloaded, stored or parked on the concrete paved surfaces (hereinafter "Paved Surfaces") of the H&E sites or locations in Baton Rouge and Kenner.

**INTERROGATORY NO. 2:** Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge and Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

**INTERROGATORY NO. 3:** With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)  the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)  the date when the Paved Surface was first installed at each respective location;

(c)  the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)  the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)  the cost of construction of the Paved Surfaces at each respective location;

(f)  the status and condition of the Paved Surfaces at each respective location;

(g)  the types of expansion/construction joints existing in these Paved Surfaces;

(h)  whether any of the expansion/construction joints have reinforced or armored joints, and if so, Describe such reinforcement or armor applicable at each location or site;

(i)  the status and condition of the expansion/construction joints in these Paved Surfaces;

NON-CERTIFIED COPY

(j) any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k) any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l) any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m) the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Services, including the expansion/construction joints in the same;

(n) the results of any such repairs, replacements or maintenance;

(o) the cost of any such repairs, replacements or maintenance.

**INTERROGATORY NO. 4:** Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to conduct these repairs, replacements or maintenance.

**INTERROGATORY NO. 5:** Please Identify any and all locations or sites that have been owned or leased by H&E on which the types of tracked equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete( hereinafter "Unpaved Surfaces") , and for each such location please Identify:

(a) the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b) the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c) the reasons this surface was used instead of a Paved Surface;

(d) the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e) any maintenance program applicable to these Unpaved Surfaces;

(f) any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g) the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h) the results of such repairs, replacements or maintenance; and

(i) the cost of any such repairs, replacements or maintenance.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

_____

Philip A. Franco (Bar #5819), TA
Ron Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III**

NON-CERTIFIED COPY

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the above and foregoing has been served

upon all counsel of record via United States mail, properly addressed, and first class

postage prepaid and via email, this the 17th  day of April, 2015.

_____

Kellen J. Mathews

NON-CERTIFIED COPY

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | *   CASE NO. C626308, SECTION D |
| VERSUS | *   19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | *   PARISH OF EAST BATON ROUGE  <br> *   STATE OF LOUISIANA |

FILED:_____          _____
                                                        **DEPUTY CLERK**

### RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby responds to the First Set of Requests for Production of Documents issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"), as follows:

### GENERAL OBJECTIONS

1.      These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation.  Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.      H&E objects to URS' Requests for Production of Documents to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.      H&E objects to each Request to the extent that any of the individually identified Requests for Production propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.      All responses provided herein and all information and documents produced in response to these Requests for Production of Documents will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.      H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Requests for Production of Documents; and the production of information or documents in response to individually identified Requests for Production of Documents does not constitute an admission that such information is probative

-1-

NO LEC 579741 v2
2919213-000024



NON-CERTIFIED COPY

of any particular issue in this case. H&E reserves the right to object to the introduction into evidence of any information provided in response to these Requests for Production of Documents.

6.     H&E objects to each Request to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.     H&E objects to each Request to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.     H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce copies of any and all Documents concerning communications relating to the Projects between You and URS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

H&E objects to Request for Production No. 1 as overbroad, vague, and to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. H&E further objects to this request to the extent it seeks information that is equally available to URS and/or documents and information that are protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections and the General Objections above, H&E will produce non-privileged documents regarding communications related to the Projects in accordance with the search parameters, deadlines, and terms agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce copies of any and all Documents concerning communications relating to the Projects between You and any contractors, subcontractors, architects and engineers, attorneys, and any other person or entity.

-2-

NON-CERTIFIED COPY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Please see H&E's objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce copies of any and all Documents concerning communications relating to the planning of the Projects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Please see H&E's objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce copies of any and all Documents concerning communications relating to authorizations relating to the Projects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

H&E specifically objects to Request for Production No. 4 as vague in its request for communications and information regarding undefined "authorizations."  H&E otherwise refers URS to its objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce copies of any and all Documents concerning communications relating to alternative designs considered by You for the Projects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

H&E objects to Request for Production No. 5 as overbroad and vague in its request for communications and information regarding undefined "alternative designs."  H&E further objects to the extent this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as "alternative" designs are irrelevant to the claims in this litigation.  That said, to the extent that there were any communications regarding "alternative designs," such communications would have been with URS, and to that extent, URS is referred to H&E's objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce copies of any and all Documents concerning communications relating to budgeting for the Projects.

NO LEC 579741 v2
2919213-000024

NON-CERTIFIED COPY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

H&E objects to Request for Production No. 6 as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admission evidence.  H&E's "budgeting" for the Projects is irrelevant to the claims in this litigation.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce copies of any and all Documents concerning communications relating to any and all payments made and expenses incurred for the Projects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Please see H&E's objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce copies of any and all Documents, including but not limited to photographs, schematics, or sketches relating to the condition of the Paved Surfaces of H&E's Baton Rouge headquarters and dealership, Kenner facility or Belle Chase facility prior to the commencement of each respective Project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

H&E will produce documents and materials it has responsive to this request in accordance with the search parameters, deadlines, and terms agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce copies of any and all Documents reflecting any alternative designs or construction considered by You with regard to the Paved Surfaces on each Project as well as the joints in these Paved Surfaces, including consideration of any zoning restrictions, persons consulted with regard to any alternative design and the reasons for deciding upon the course(s) of action ultimately taken with regard to the design and construction used on the Paved Surfaces, including the joints in these Paved Surfaces.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Please see H&E's objections and response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 10:**

Please provide copies of any and all Documents including but not limited to daily logs, inspection reports, or other records relating to any tasks performed during any stage of the Baton Rouge Project.

-4-

NO LEC 579741 v2
2919213-000024

NON-CERTIFIED COPY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Please see H&E's objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 11:**

Please provide copies of any and all Documents including but not limited to daily logs, inspection reports, or other records relating to any tasks performed during all stages of the Kenner Project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Please see H&E's objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce copies of any and all Documents including but not limited to daily logs, inspection reports, or other records relating to any tasks performed during all stages of the Belle Chase Project.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Please see H&E's objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce copies of any and all Documents, including but not limited to maps, diagrams, drawings, schematics or photographs that depict the entire surface or area where the conditions complained of in Paragraph 13 of your Petition are located.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

H&E will produce documents and materials it has responsive to this request in accordance with the search parameters, deadlines, and terms agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce copies of any and all Documents reflecting: (1) each and every alleged problem or deficiency relative to the Project; (2) Your discovery and evaluation of any such problem or deficiency; (3) Your evaluation of any such problem or deficiency; (4) Your efforts to repair, replace or maintain any area of the Project(s) with which you experienced problems or deficiencies; and (5) the outcome of any efforts to repair, replace or maintain any such alleged problem or deficiency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

H&E responds to Request for Production No. 14's individual subparts as follows:

-5-

NON-CERTIFIED COPY

(1)    H&E will produce documents it has responsive to this request in accordance with the search parameters, deadlines, and terms agreed upon by the parties.

(2)    H&E objects to this request insofar as it seek documents and information protected from disclosure by the attorney-client privilege and/or work product doctrine.    Subject to and without waiving this objection and the General Objections above, H&E will produce documents it has responsive to this request in accordance with the search parameters, deadlines, and terms agreed upon by the parties.

(3)    H&E objects to this request insofar as it seek documents and information protected from disclosure by the attorney-client privilege and/or work product doctrine.    Subject to and without waiving this objection and the General Objections above, H&E will produce documents it has responsive to this request in accordance with the search parameters, deadlines, and terms agreed upon by the parties.

(4)    H&E will produce documents it has responsive to this request in accordance with the search parameters, deadlines, and terms agreed upon by the parties.

(5)    H&E objects to this request as vague with respect to the undefined term "outcome."

**REQUEST FOR PRODUCTION NO. 15:**

Please produce copies of any and all Documents relating to any negotiations relating to the Projects with URS or any other person or entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Please see H&E's objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce copies of any and all Documents, including but not limited to photographs, or other materials relating to when and how the Paved Surfaces of H&E's Baton Rouge headquarters and dealership and Kenner facility were used from the beginning, i.e. following construction to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

H&E objects to Request for Production No. 16 as overbroad.    Subject to and without waiving this objection and the General Objections, H&E will produce documents it has responsive to this request and relevant to this litigation in accordance with the search parameters, deadlines, and terms agreed upon by the parties.

-6-

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 17:**

Please produce copies of any and all Documents, including but not limited to invoices, work orders or other records evidencing any maintenance, cleaning, scrubbing, or debris removal of the Paved Surfaces at H&E's Baton Rouge headquarters and dealership and Kenner facility by any means since these Paved Surfaces were first used following construction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

H&E will produce documents it has responsive to this request in accordance with the search parameters, deadlines, and terms agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce copies of any and all Documents including but not limited to reports, letters, correspondence, journals, treatises, memoranda, or materials with regard to the "industry standards" and/or "required standard of care" referenced in Paragraph 16 of your Petition or any other standard of care that you contend is applicable in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

H&E objects to Request for Production No. 18 as premature and insofar as it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving this objection and the General Objections above, H&E will produce its expert report(s) and any other documents responsive to this request in accordance with the scheduling order(s) entered by the Court in this case.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce copies of any and all Documents relating to the selection of URS or any other person or entity to perform work on the Projects, including any and all Documents reflecting: (1) Your investigation of URS or any other person or entity, including but not limited to subcontractors or suppliers and (2) Your evaluation of URS or any other person or entity, including but not limited to subcontractors or suppliers and your evaluation of each and any such person or entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Please see H&E's objections and response to Request for Production No. 1.

-7-

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 20:**

Please produce a copy of any and all Documents in in your possession that you contend establish or illustrate the "negligent acts and/or omissions" that you attribute to URS in Paragraph 18 of your Petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Please see H&E's objections and responses to Request for Production Nos. 1 and 18.

**REQUEST FOR PRODUCTION NO. 21:**

Please provide copies of any and all Documents, including but not limited to drawings, schematics, proposals, or bids received by You in connection with maintenance, repair, reconstruction or redesign of the Paved Surfaces at any of the Projects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Please see H&E's objections and response to Request for Production No. 14.

**REQUEST FOR PRODUCTION NO. 22:**

Please provide copies of any and all Documents, including but not limited to all letters, e-mails, text messages or instant messages relating to the negotiation and execution of the 2006 Agreement for Professional Services between URS and H&E, including any analysis and evaluations by You or on your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

H&E specifically objects to Request for Production No. 22 insofar as it seeks information protected by the attorney-client privilege and/or work product doctrine. H&E otherwise refers to URS to its objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 23:**

Please provide copies of any and all Documents, including but not limited to all letters, e-mails, text messages or instant messages relating to the negotiation and execution of the 2009 Agreement for Professional Services between URS and H&E, including any analysis and evaluations by or with attorneys or any other persons by You or on your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

H&E specifically objects to Request for Production No. 23 insofar as it seeks information protected by the attorney-client privilege and/or work product doctrine. H&E otherwise refers to URS to its objections and response to Request for Production No. 1.

NO LEC 579741 v2
2919213-000024

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 24:**

Please provide copies of any and all Documents, including but not limited to all letters, e-mails, text messages or instant messages, relating to the progression of the Projects from the start of each Project to the present, including but not limited to records of the Project status; conditions; any problems or deficiencies; notices sent to or from You; responses to any notices sent to or from you; persons consulted; and any alternative designs or construction considered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Please see H&E's objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 25:**

Please provide any and all Documents, including but not limited to all letters, e-mails, text messages or instant messages relating to repairs, replacement or maintenance to the buildings and/or structures on the sites of the Projects since substantial completion of each respective Project, including Documents evidencing the costs and expenses associated with any such repair, replacement or maintenance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Please see H&E's objections and responses to Request for Production Nos. 13 and 14.

**REQUEST FOR PRODUCTION NO. 26:**

Please provide copies of any and all Documents, including but not limited to all letters, e-mails, text messages or instant messages relating to repairs, replacement or maintenance of the Paved Surfaces, including the joints of these Paved Surfaces at H&E's Baton Rouge headquarters and dealership and Kenner facility, respectively, since substantial completion of each Project including Documents evidencing the costs and expenses associated with any such repair, replacement or maintenance of the Paved Surfaces.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Please see H&E's objections and responses to Request for Production Nos. 13 and 14.

**REQUEST FOR PRODUCTION NO. 27:**

Please provide copies of any and all Documents relating to any and all policies, guidelines, or protocols that You or anyone acting on your behalf has relating to repairs, replacement or maintenance to the buildings and/or structures on the sites of the Projects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Please see H&E's objections and responses to Request for Production Nos. 13 and 14.

NO LEC 579741 v2
2919213-000024

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 28:**

Please provide copies of any and all Documents relating to any and all policies, guidelines, or protocols that You or anyone acting on your behalf has or had in place relating to repairs, replacement or maintenance of the Paved Surfaces, including the joints of these Paved Surfaces, at H&E's Baton Rouge headquarters and dealership and Kenner facility, respectively.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Please see H&E's objections and responses to Request for Production Nos. 13 and 14.

**REQUEST FOR PRODUCTION NO. 29:**

With regard to any and all locations or sites owned or leased by H&E with Paved Surfaces on which Heavy Equipment is operated, loaded/unloaded, stored or parked, please provide copies of any and all Documents reflecting:

(a) the type(s) of equipment operated, stored or parked on these Paved Surfaces;

(b) the date when the Paved Surface was first installed at each respective location;

(c) the entity or person(s) who designed the Paved Surfaces at each respective location;

(d) the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e) the status and condition of the Paved Surfaces at each respective location;

(f) the types of joints existing in these Paved Surfaces;

(g) the status and condition of the joints in these Paved Surfaces;

(h) any problems and deficiencies noted with regard to the joints in these Paved Surfaces;

(i) any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the joints in the same;

(j) the results of any such repairs, replacements or maintenance;

(k) the cost of any such repairs, replacements or maintenance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

H&E objects to Request for Production No. 19, including subparts (a) – (k), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the

-10-

NON-CERTIFIED COPY

discovery of admissible evidence.    Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

**REQUEST FOR PRODUCTION NO. 30:**

Please provide copies of any and all Documents reflecting the reasons for the decisions to take the actions to repair, replace or maintain the Paved Surfaces as indicated in your response to Request No. 29(i), *supra.* including any and all Documents reflecting the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Please see H&E's objections and response to Request for Production No. 29.

**REQUEST FOR PRODUCTION NO. 31:**

With regard to any and all locations or sites owned or leased by H&E *without* Paved Surfaces on which Heavy Equipment is operated, loaded/unloaded, stored or parked, please provide copies of any and all Documents reflecting: the surfaces in place where Heavy Equipment is operated, loaded/unloaded, stored or parked at these locations; the reasons this surface was used instead of a Paved Surface; the person or persons responsible for making the design that called for an alternative to a Paved Surface.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Please see H&E's objections and response to Request for Production No. 29.

**REQUEST FOR PRODUCTION NO. 32:**

Please provide copies of any and all Documents relating to or referencing the following, as they relate to the Projects: (a) Authorizations; (b) Contracting; (c) Construction; (d) Engineering; (e) Budgeting; (f) Evaluations; (g) Alternative designs or construction; (h) Problems or deficiencies in design or construction; (i) Repairs, replacement or maintenance; (j) investigation of problems and deficiencies; (k) Identification of problems and deficiencies; (l) Costs and expenses associated with repairs, replacement or maintenance actually performed; and (m) Estimates for repairs, replacement or maintenance necessary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

H&E objects to Request for Production No. 32, including subparts (a) – (m), as duplicative.

NO LEC 579741 v2
2919213-000024

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 33:**

Please provide copies of the minutes of any and all meetings of H&E's Board of Directors or any committees thereof relating to the Projects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

H&E objects to Request for Production No. 33 as seeking information that is in the public record. Subject to and without waiving this objection and the General Objections above, H&E will produce documents it has responsive to this request in accordance with the search parameters, deadlines, and terms agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 34:**

Please provide copies of any and all corporate resolutions passed by H&E's Board of Directors relating to the Projects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

H&E objects to Request for Production No. 34 as seeking information that is in the public record. Subject to and without waiving this objection and the General Objections above, H&E will produce documents it has responsive to this request in accordance with the search parameters, deadlines, and terms agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 35:**

Please provide copies of any litigation hold or document retention notices circulated in connection with this matter as well as any Documents, including but not limited to letters, e-mails, or memoranda whereby any such notices were distributed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

H&E will produce any documents that it has responsive to this request in accordance with the search parameters, deadlines, and terms agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 36:**

Please provide copies of any and all Documents relating to any and all alternatives to the design, engineering or construction of the Paved Surfaces including alternatives considered: (1) during the design and engineering stage, (2) during the construction of the Paved Surfaces, (3) upon completion and (4) prior to discovery of problems or deficiencies in the Paved Surfaces; and (5) at any time since the discovery of problems and deficiencies in the Paved Surfaces.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Please see H&E's objections and responses to Request for Production Nos. 1, 13, and 14.

NO LEC 579741 v2
2919213-000024

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 37:**

Please provide copies of any and all Documents, including but not limited to meeting notes, project diaries, logs, minutes or memoranda relating to the Projects, including any such meetings between You and URS or You and any third parties, including but not limited to contractors, subcontractors, or suppliers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Please see H&E's objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 38:**

Please provide copies of any and all Documents reflecting punch lists considered, compiled or produced by H&E or on its behalf and the status of any punch list items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Please see H&E's objections and response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 39:**

Please provide copies of any and all Documents that you intend to use at the trial of this matter. To the extent that you contend that you have yet to identify all Documents you intend to use at the trial of this matter, please provide all such Documents now anticipated by You and supplement your production as You identify any additional Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

H&E objects to Request for Production No. 39 as premature. Subject to and without waiving this objection and the General Objections above, H&E will produce documents responsive to this request in accordance with the scheduling order(s) entered by the Court in this case.

**REQUEST FOR PRODUCTION NO. 40:**

Please provide copies of any and all Documents relied upon by You, or which form the basis of each and every allegation made at the time of your Petition herein which were in your possession at the time the Petition was filed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

H&E specifically objects to Request for Production No. 40 as seeking information protected by the attorney-client privilege and/or work product doctrine. H&E otherwise refers URS to its objections and response to Request No. 1.

-13-

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 41:**

Please provide copies of any and all Documents sent to, forwarded to, or received by You from any person outside of H&E relating to any of the Projects or the above-captioned lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

H&E specifically objects to Request for Production No. 41 as seeking information protected by the attorney-client privilege and/or work product doctrine. H&E otherwise refers URS to its objections and response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 42:**

Please provide copies of any and all Documents, including but not limited to reports, materials relied upon, or notes of any consulting or testifying expert relating to the Projects or the above-captioned lawsuit, that support Your claim of negligence on the part of URS.

**RESPONSE TO REQUEST FOR PRODUCTION NO.42:**

H&E objects to Request for Production No. 42 as premature. Subject to and without waiving this objection and the General Objections above, H&E will produce documents responsive to this request in accordance with the scheduling order(s) entered by the Court in this case.

**REQUEST FOR PRODUCTION NO. 43:**

Please provide all documents relating to evaluations of any problems or deficiencies in the Projects, recommendations to remedy any alleged problems or deficiencies, and the cost and expenses associated therewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

H&E objects to Request for Production No. 43 as premature insofar as it seeks expert-related materials. Subject to and without waiving this objection and the General Objections above, H&E will produce documents responsive to this request in accordance with the scheduling order(s) entered by the Court in this case.

-14-

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _Laura E Carlisle_

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 23rd day of December, 2014, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_Laura E Carlisle_

LAURA E. CARLISLE

-15-

NO LEC 579741 v2
2919213-000024

NON-CERTIFIED COPY

| | |
|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | **\* CASE NO. C626308, SECTION D** |
| **VERSUS** | **\* 19TH JUDICIAL DISTRICT COURT** |
| **URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III** | **\* PARISH OF EAST BATON ROUGE** |
| | **\* STATE OF LOUISIANA** |
| **FILED:_____** | **_____** |
| | **DEPUTY CLERK** |

## RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby responds to the First Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"), as follows:

### GENERAL OBJECTIONS

1.     These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation.  Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.     H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.     H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.     All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.     H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

-1-

NO LEC 858128 v1
2919213-000024


EXHIBIT
D

NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.    H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.    H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.    H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please Describe the types of tracked equipment, that have been operated, loaded, unloaded, stored or parked on the concrete paved surfaces (hereinafter, "Paved Surfaces") of the H&E sites or locations in Baton Rouge and Kenner.

### RESPONSE TO INTERROGATORY NO. 2:

H&E objects to Interrogatory No. 1 as overbroad, unduly burdensome, and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to that objection and the General Objections above, H&E responds that the following are the tracked equipment models most commonly found at the referenced facilities. H&E does not keep records sufficient to identify every piece of tracked equipment that has ever been found at the facilities.

Komatsu D31PX, D39PX, D51PX, and D61PX Dozers.

Komatsu PC78, PC130, PC138, PC170, PC210, PC240, PC290, and PC360 Excavators.

Model numbers from previous years for Komatsu equipment similar to the above.

### INTERROGATORY NO. 2:

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment

-2-

NON-CERTIFIED COPY

identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

## RESPONSE TO INTERROGATORY NO. 2:

H&E objects to Interrogatory No. 2 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

## INTERROGATORY NO. 3:

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

    (a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

    (b)    the date when the Paved Surface was first installed at each respective location;

    (c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

    (d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

    (e)    the cost of construction of the Paved Surfaces at each respective location;

    (f)    the status and condition of the Paved Surfaces at each respective location;

    (g)    the types of expansion/construction joints existing in these Paved Surfaces;

    (h)    whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

    (i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

    (j)    any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

-3-


NON-CERTIFIED COPY

(k)    any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)    any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)    the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)    the results of any such repairs, replacements or maintenance;

(o)    the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 3:**

H&E objects to Interrogatory No. 3, including subparts (a) – (o), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

**INTERROGATORY NO. 4:**

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 4:**

Please see response and objections to Interrogatory No. 3.

**INTERROGATORY NO. 5:**

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)    the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)    the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

NO LEC 858128 v1
2919213-000024


NON-CERTIFIED COPY

(c)     the reasons this surface was used instead of a Paved Surface;

(d)     the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e)     any maintenance program applicable to these Unpaved Surfaces;

(f)     any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g)     the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h)     the results of any such repairs, replacements or maintenance; and

(i)     the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 5:

H&E objects to Interrogatory No. 5, including subparts (a) – (i), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY:     _Laura E. Carlisle_
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

-5-

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 4th day of May, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

LAURA E. CARLISLE

NO LEC 858128 v1
2919213-000024

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.  D |
|---|---|---|
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | *  * | PARISH OF EAST BATON ROUGE    STATE OF LOUISIANA |

---

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

---

**MAY IT PLEASE THE COURT:**

Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"), respectfully submit this Memorandum in Support of their Motion to Compel Discovery Responses from Plaintiff, H&E Equipment Services, Inc.   As is set forth more fully herein, Plaintiff has failed and/or refused to provide responses or produce documents responsive to Defendants' reasonable Interrogatories and Requests for Production of Documents and as such, Defendants are entitled to an Order of this Court compelling discovery pursuant to La. Code Civ. Proc. art. 1469, including attorney's fees and costs associated with this Motion to Compel.

### I.    INTRODUCTION

Plaintiff seeks damages for what it asserts were "deficient designs and specifications prepared by URS for the construction and renovation of H&E facilities in Baton Rouge, Kenner, and Belle Chase, Louisiana between 2006 and 2013."[1]  Plaintiff has pleaded that Defendants breached a duty to design the several H&E projects to "appropriate industry standards and/or in accordance with the required standard of care ordinarily exercised by others in the same profession."[2]  Defendants propounded

---

[1] Pltff. Mem in Supp. of Mot. to Compel at p.1.
[2] Pltff. Pet. at. ¶16.



1

NON-CERTIFIED COPY

Interrogatories and Requests for Production germane to the issues set forth in Plaintiff's

Petition and Defendants' defenses, yet Defendants have been denied information and

responsive materials relative to key components of Plaintiff's claims and the respective

defenses thereto.

## II.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff, H&E Equipment Services, Inc. ("H&E") contracted with URS

Corporation Architecture, P.C. and its affiliates or subsidiaries ("URS") to perform

consulting and professional engineering services in connection with construction and

renovation at H&E's Baton Rouge, Kenner and Belle Chase locations (collectively

referenced herein as "the Projects").  In November, 2013, H&E filed the instant lawsuit

asserting a breach of standards of care on the part of URS in connection with the

Projects.

### *H&E's Allegations*

H&E in its Petition for Damages essentially asserts, *inter alia*, that:

- "URS has breached its agreement with H&E by… failing to design the

  Projects in accordance with appropriate industry standards and/or in

  accordance with the required standard of care ordinarily exercised by

  others in the same profession."[3]

- "URS … failed to exercise the ordinary skill, care and diligence in

  designing, and managing the construction of the Projects"."[4]

H&E's claims are primarily rooted in issues allegedly experienced with regard to

"major portions of the concrete parking aprons and staging areas for H&E's heavy

equipment" at its Baton Rouge and Kenner locations.[5]  H&E complains that these areas

"at both facilities began experiencing a substantial and unanticipated amount of

cracking, spalling and deterioration" as a result of "errors and defects in the design of

_____

[3] Pltff. Pet. at ¶16.
[4] Pltff. Pet. at ¶18.
[5] Pltff. Pet. at ¶13.

2

NON-CERTIFIED COPY

the parking and staging areas."[6]  H&E specifically avers that "the design deficiencies relate to the defective and negligent design of the concrete pad, the expansion joints, the control joints, the specified concrete strength, and/or the specified surface of the parking and staging areas."[7]

### Defendants' Defenses and Reconventional Demand

Defendants assert that they did not deficiently design the plans and specifications.  With respect to the primary allegations concerning the concrete staging area for H&E's heavy tracked equipment, Defendants assert, among other defenses, that concrete, rather than limestone, was required by zoning regulations for the staging area for H&E's heavy tracked equipment; that the design was pursuant to appropriate industry standards; that any damages were caused by H&E's lack of proper maintenance and normal wear and tear; that H&E failed to mitigate any damages; and that H&E is not entitled to damages by virtue of the express terms of the Agreement between these sophisticated public companies.

Defendant, URS Corporation Architecture, P.C. (URS), has also asserted a reconventional demand against H&E for over $200,000.00 past due for URS's services rendered pursuant to the Agreement between these parties.  URS also asserts that H&E has been unjustly enriched by using all the facilities constructed pursuant to the design and specifications provided by URS without fully paying URS for the services provided.

### Defendants' Reasonable Discovery Requests

Defendants propounded their First Set of Requests for Production on Plaintiff through its counsel of record on November 14, 2014.  Defendants' discovery requests were calculated to elicit the production of materials relevant to H&E's claims and Defendants' defenses.[8]  Subsequently, on April 17, 2015, Defendants propounded their

---

[6] *Id.*
[7] *Id.*
[8] Exhibit "A"- Def. 1st Set of Req. for Prod at Req. No. 5; Req. No. 32(g); and Req. No. 36.

3

NON-CERTIFIED COPY

First Set of Interrogatories on Plaintiff through its counsel of record.[9]    Here again, Defendants' Interrogatories were calculated to elicit the production of information relevant to H&E's claims and Defendants' defenses.

### H&E has Refused and/or Failed to Provide the Requested Documents

On December 23, 2014 Plaintiff provided written responses to Defendants' Requests for Production.[10]  Plaintiff, in its written responses to Defendants' Requests for Production, objected outright and refused to produce documents with regard to several Requests for Production.

Upon receipt of Plaintiff's responses and review of the same, defense counsel contacted Plaintiff's counsel to schedule a discovery conference to address Plaintiff's deficient responses to eighteen (18) distinct Requests for Production.      A discovery conference was held on January 7, 2015 wherein counsel for both parties participated and addressed the outstanding discovery issues.  Plaintiff maintained its objection to several of the Requests and also agreed to provide a Protective Order to facilitate the exchange of documents.   To date, Plaintiff has failed to produce documents responsive to Defendants' Requests for Production Numbers 5, 6, 18, 20 and 36.

### H&E has Refused and/or Failed to Provide Responses to the Interrogatories

On May 4, 2015, Plaintiff produced its responses to Defendants' Interrogatories.[11] Because these responses consisted of objections to all but one of Defendants' reasonable Interrogatories, counsel for Defendants scheduled a discovery conference, with Plaintiff's counsel's consent, for May 8, 2015.   In this discovery conference, Plaintiff maintained its objections to all but one of Defendants' Interrogatories and has refused to provide substantive responses to the same.

---

[9] Exhibit "B"- Def. 1st Set of Interrog.
[10] Exhibit "C"- Pltff.'s Resp. to Req. for Prod.
[11] Exhibit "D"- Pltff. Resp. to Def. 1st Set of Interrog.

NON-CERTIFIED COPY

## III. LAW & ARGUMENT

### A. *Legal Standard on Motion to Compel*

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.[13] Although the information may not be admissible at trial, it is discoverable so long as it appears reasonably calculated to lead to the discovery of admissible evidence.[14]

It is well-settled that Courts must liberally and broadly construe discovery statutes to achieve their intended objectives.[15] These objectives include: (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims.[16]

Pursuant to Article 1462 of the Louisiana Code of Civil Procedure, the "party submitting the request may move for an order under Article 1469 with respect to any objection to or other failure to respond to the request, or any part thereof, or any failure to permit inspection as requested."

Article 1469 of the Louisiana Code of Civil Procedure, provides in pertinent part:

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

***(2) If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a corporation or other entity fails to make a designation under Articles 1442 or 1448, or a party fails to answer an interrogatory submitted under Article 1457, *or if a party, in response to a request for inspection submitted under Article 1461, fails to respond that inspection will be permitted as requested or*

---

[13] La. Code. Civ. Proc. art. 1422.

[14] *Id.*

[15] *Testa Distributing Co., Inc. v. Tarver,* 584 So.2d 300 (La.App. 1 Cir.1991).

[16] *Hodges v. Southern Farm Bureau Casualty Insurance Company,* 433 So.2d 125 (La.1983); *Cantrelle Fence and Supply Co., Inc. v. Allstate Insurance Company,* 550 So.2d 1306 (La.App. 1st Cir.1989).

NON-CERTIFIED COPY

*fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request...*

\*\*\*

(4) *If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees,* unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

      **B.**    **The Documents Sought in the Requests for Production Are Relevant and Reasonably Calculated to Lead to the Discovery of Admissable Evidence.**

    1.  *Requests No. 5 and 36*

H&E objected to the production of documents in response to Defendants'

Requests for Production No. 5 and No. 36 which provide as follows:

> **REQUEST FOR PRODUCTION NO. 5:** Please produce copies of any and all Documents concerning communications relating to alternative designs considered by You for the Projects.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** H&E objects to Request for Production No. 5 as overbroad and vague in its request for communications and information regarding undefined "alternative designs." H&E further objects to the extent this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as "alternative" designs are irrelevant to the claims in this litigation. That said, to the extent that there were any communications regarding "alternative designs," such communications would have been with URS, and to that extent, URS is referred to H&E's objections and response to Request for Production No. 1.

> **REQUEST FOR PRODUCTION NO. 36:** Please provide copies of any and all Documents relating to any and all alternatives to the design, engineering or construction of the Paved Surfaces including alternatives considered: (1) during the design and engineering stage, (2) during the construction of the Paved Surfaces, (3) upon completion and (4) prior to discovery of problems or deficiencies in the Paved Surfaces; and (5) at any time since the discovery of problems and deficiencies in the Paved Surfaces.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:** Please see H&E's objections and responses to Request for Production No. 1, 13, and 14.

In the discovery conference on January 7, 2015, the parties discussed these responses and clarified that Requests No. 5 and No. 36 were limited to alternative designs relative to the paved areas at issue and included H&E's discussions with URS as well as other

6

NON-CERTIFIED COPY

persons.[17]  H&E indicated that it anticipated that materials exchanged with URS or contractors following the beginning of construction on the projects responsive to Request No. 5 should be included in H&E's production of project files and all non-privileged information relative to the Projects.[18]  However, with respect to any of what counsel for H&E termed "pre-construction" documents relative to alternative designs in connection with the Projects, H&E maintained its objection as to relevance.[19]

H&E essentially claims in this suit that Defendants should have used alternative designs or specifications.  It is, therefore, relevant to determine what alternative designs or specifications were considered by H&E at any time.  Such alternative designs or specifications are relevant to the standard of care.  Communications that involved H&E regarding any alternative designs or specifications are relevant regardless of when such communications took place.  The objection to pre-construction communications is meritless.

2. *Request No. 6*

H&E objected to the production of documents in response to Defendants' Request for Production No. 6 which provides as follows:

> **REQUEST FOR PRODUCTION NO. 6:** Please produce copies of any and all Documents concerning communications relating to budgeting for the Projects.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**  H&E objects to Request for Production No. 6 as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admission evidence.  H&E's "budgeting" for the Projects is irrelevant to the claims in this litigation.

Essentially, H&E asserts that a different design or specification should have been used in the concrete staging area, and that more parking spaces should have been provided.  Both would have cost more money for H&E in original construction.  Consequently, it is relevant for Defendants to be able to show that such increased costs

---

[17] Exhibit "D"- Jan 7, 2015 E-mail regarding Discovery Conference.
[18] *Id.*
[19] *Id.*

7

NON-CERTIFIED COPY

would have exceeded H&E's budget for the Projects.  In other words, it is relevant to show that H&E now wants a Cadillac when it only budgeted for a Chevy.

3. *Request No. 18*

H&E objected to the production of documents in response to Defendants' Request for Production No. 18 which provides as follows:

> **REQUEST FOR PRODUCTION NO. 18:**  Please produce copies of any and all Documents including but not limited to reports, letters, correspondence, journals, treatises, memoranda, or materials with regard to the "industry standards" and/or "required standard of care" referenced in Paragraph 16 of your Petition or any other standard of care that you contend is applicable in this case.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**  H&E objects to Request for Production No. 18 as premature and insofar as it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.  Subject to and without waiving this objection and the General Objections above, H&E will produce its expert report(s) and any other documents responsive to this request in accordance with the scheduling order(s) entered by the Court in this case.

H&E claims it is premature to find out what "industry standard" or "standard of care" it referenced or asserted applied in Paragraph 16 of its Petition when it filed suit. Defendants are entitled to know what H&E relied on to assert the applicable standard of care or industry standard when H&E filed suit against Defendants.  How can it be premature to find out what standard H&E alleged was not met when it filed this suit?

If H&E had information on such industry standard, then Defendants are entitled to such information to defend this suit.  If H&E had no such information when it filed this suit, then to make such an allegation without a basis goes to H&E's credibility.

4. *Request No. 20*

H&E objected to the production of documents in response to Defendants' Request for Production No. 20 which provides as follows:

> **REQUEST FOR PRODUCTION NO. 20:**  Please produce a copy of any and all Documents in your possession that you contend establish or illustrate the "negligent acts and/or omissions" that you attribute to URS in Paragraph 18 of your Petition.

NON-CERTIFIED COPY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**  Please see H&E's objections and responses to Request for Production Nos. 1 and 18.

H&E claimed when it filed this suit that URS was guilty of "negligent acts and/or omissions." Yet, H&E claims it is premature for URS to find out what facts or standards H&E relied on when it made the allegations in this suit. Again, how can it be premature to find out what facts and standards H&E relied on to file this suit? If H&E had information on which to base its allegation of negligent breach of a standard, Defendants are entitled to know such information in order to defend this suit. If H&E had no such information of a standard or breach thereof, then to make such allegation without a basis goes to H&E's credibility.

### C. The Information Sought by Way of Defendants' Interrogatories Is Relevant and Reasonably Calculated to Lead to the Discovery of Admissible Evidence.

In response to Interrogatories No. 2 through 5, Plaintiff responded with objections of overbroadness and irrelevance which provide as follows:

**INTERROGATORY NO.2:** Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

**RESPONSE TO INTERROGATORY NO. 2:**
H&E objects to Interrogatory No. 2 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E —owned or —leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

**INTERROGATORY NO. 3:**
With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:
(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;
(b)    the date when the Paved Surface was first installed at each respective location;
(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;
(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;
(e)    the cost of construction of the Paved Surfaces at each respective location;
(f)    the status and condition of the Paved Surfaces at each respective location;

9

NON-CERTIFIED COPY

(g)     the types of expansion/construction joints existing in these Paved Surfaces;

(h)     whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)     the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)     any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)     any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(1)     any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)     the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)     the results of any such repairs, replacements or maintenance;

(o)     the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 3:**

H&E objects to Interrogatory No. 3, including subparts (a) — (o), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E —owned or —leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

**INTERROGATORY NO.4:**

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 4:**

Please see response and objections to Interrogatory No. 3.

**INTERROGATORY NO. 5:**

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)     the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)     the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations; the reasons this surface was used instead of a Paved Surface;

(c)     the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(d)     any maintenance program applicable to these Unpaved Surfaces;

(e)     any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

10

NON-CERTIFIED COPY

(f)    the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g)    the results of any such repairs, replacements or maintenance; and

(h)    the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 5:**

H&E objects to Interrogatory No. 5, including subparts (a) — (i), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E —owned or —leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Plaintiff's objections to these Interrogatories are misplaced where Plaintiff asserts that "[i]nformation regarding other H&E —owned or —leased facilities not at issue in this litigation is irrelevant to the claims in this litigation."    This assertion ignores the plain language of La. Code Civ. Proc. art. 1422 which provides that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim *or defense of the party seeking discovery* or to the claim or defense of any other party…"*(emphasis added).*

In this suit, H&E claims that URS should have used a different design for the paved area in which it unloads and stores its heavy tracked equipment.  H&E claims that the design used by URS did not meet the standard of care.  URS is entitled to information from H&E to show that this same design is used at other H&E facilities for unloading and storing its heavy tracked equipment and such evidence is relevant to show the standard of care.  Such evidence is also relevant to show what maintenance or repairs may be employed at such other facilities which may not be employed at the locations which are the subject of this suit to prevent damage.  Finally, URS is entitled to information from H&E on what unpaved designs are used at its other facilities for unloading and storing its heavy tracked equipment which is relevant to the standard of care, including the reasons why such other surfaces are used at those locations, the advantages and disadvantages of such other surfaces, and the maintenance and repairs of such other surfaces which may not be employed at the locations at issue in this suit. Accordingly, Defendants seek an Order compelling Plaintiff to provide responses to

11

NON-CERTIFIED COPY

Interrogatories 2 through 5 which is relevant and may lead to the discovery of admissible information that will further support Defendants' defenses.

### D. *The Remaining Documents Should Be Produced Without Further Delay.*

With regard to the remainder of the Requests for Production, H&E has agreed to produce documents. At the discovery conference on January 7, 2015, counsel for H&E anticipated that they would circulate search terms to facilitate the identification and exchange of electronically stored discovery materials within roughly two weeks following the conference. H&E took over three months after the discovery conference to circulate proposed search terms it agreed to circulate in order to facilitate the exchange of documents. Defendants recently received proposed search terms and H&E has advised that a draft Protective Order would be forthcoming as of the filing of this Motion. Plaintiff has not, as of the time of the filing of this Motion, produced any documents. Defendants therefore move this Honorable Court to the extent necessary for an Order directing H&E to take whatever remaining steps are necessary so that any and all materials responsive to Defendants' requests that are not otherwise privileged can be produced.

### IV. CONCLUSION

For the foregoing reasons, Defendants seek an Order from this Honorable Court compelling Plaintiff, H&E Equipment Services, Inc. to produce complete responses to Defendants' Interrogatories No. 2 to 5 propounded on April 17, 2015 and Requests for Production of Documents Numbers 5, 6, 18, 20 and 36 propounded on November 14, 2014, and to take all necessary steps to produce documents as agreed, as well as an award of reasonable attorneys' fees and costs associated with the filing of this motion pursuant to La. Code Civ. Proc. art. 1469(4).

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

_____
Philip A. Franco      (Bar #5819), TA
Ron Sholes           (Bar # 14436)
Kellen J. Mathews    (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served

upon all counsel of record via United States mail, properly addressed, and first class

postage prepaid and via email, this the _____11th_____ day of May, 2015.

_____
Kellen J. Mathews

FILED
EAST BATON ROUGE PARISH LA
2015 MAY 11  PM 4:15

DEPUTY CLERK OF COURT

13

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
|---|---|---|
| | | |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| | | |
| URS CORPORATION | * | PARISH OF EAST BATON ROUGE |
| ARCHITECTURE, P.C., URS | | |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | * | STATE OF LOUISIANA |
| III | | |

COST OK Amt. 310 –

MAY 1 1 2015

BY CRS051282

DY CLERK OF COURT

---

## DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES

---

NOW INTO COURT, through undersigned counsel, come Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"), who respectfully move this Court, pursuant to Article 1469 of the Louisiana Code of Civil Procedure, for an order compelling Plaintiff, H&E Equipment Services, Inc. ("Plaintiff") to provide responses to Defendants' Interrogatories and Requests for Production of Documents on the grounds that said Interrogatories and Requests seek information that is relevant to Plaintiff's claims and Defendants' defenses to said claims and will lead to the discovery of admissible evidence, and, therefore, Plaintiff's objections and refusal to provide documents that are responsive to these Requests is unjustified and not supported under law.    Defendants further move this Court for reasonable attorneys' fees and costs associated with the filing of this Motion, all of which is more fully set forth in the attached memorandum in support of this Motion which is hereby incorporated by reference as if set forth fully herein.

WHEREFORE, for the reasons set forth in the attached memorandum, Defendants pray that this Court issue an order compelling Plaintiff to immediately respond to the Interrogatories propounded on April 17, 2015 and the Requests for Production of Documents propounded on November 14, 2014 and to pay Defendants reasonable attorneys' fees and costs in connection with this Motion.

1

NON-CERTIFIED COPY

EBR2919097

Respectfully submitted,

ADAMS AND REESE, LLP

_____
Philip A. Franco      (Bar #5819), TA
Ron Sholes             (Bar # 14436)
Kellen J. Mathews    (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served

upon all counsel of record via United States mail, properly addressed, and first class

postage prepaid and via email, this the _11th_ day of May, 2015.

_____
Kellen J. Mathews

FILED
EAST BATON ROUGE PARISH, LA
2015 MAY 11  PM 4: 15
DEPUTY CLERK OF COURT

2

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | STATE OF LOUISIANA |
| ARCHITECTURE, P.C., URS | | |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

### RULE TO SHOW CAUSE

---

Considering the foregoing Motion to Compel Discovery Responses:

**IT IS ORDERED** that Plaintiff, H&E Equipment Services, Inc., appear before this Court to show cause on the 15th day of June, 2015 at 1:00p.m.:

1.    Why Defendants' Motion to Compel Discovery Responses should not be granted; and

2.    Why it should not be compelled to provide the information and documents requested in the written discovery propounded by Defendants on November 14, 2014 and on April 17, 2015 particularly Requests for Production No. 5, 6, 18, 20, and 36 and Interrogatories No. 2 to 5; and

3.    Why it should not be ordered to reimburse Defendants for reasonable attorneys' fees and costs incurred in connection with this Motion.

Baton Rouge, Louisiana, this _13_ day of _May_____, 2015.

_Janice Clark_____
HON. JANICE CLARK
JUDGE, 19th JDC

**PLEASE SERVE:**

H&E Equipment Services, Inc.
Through its Counsel of Record
Roy C. Cheatwood
Baker Donelson Bearman Caldwell & Berkowitz
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

1

FILED
EAST BATON ROUGE PARISH, LA
2015 MAY 11  PM 4: 15
DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308 DIV. D |
|---|---|---|
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |

---

## DISTRICT COURT RULE 10.1 CERTIFICATE

---

Prior to filing this Motion To Compel Discovery Responses, counsel for Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, conferred with counsel for the Plaintiff, H&E Equipment Services, Inc., on January 7, 2015 and then again on May 8, 2015, as required by La. District Court Rule 10.1, for the purpose of amicably resolving the discovery issues in question.  The discovery issues have not been resolved.

Respectfully submitted,

ADAMS AND REESE LLP

_____

Philip A. Franco      (Bar #5819), TA
Ron Sholes              (Bar # 14436)
Kellen J. Mathews    (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**



FILED
EAST BATON ROUGE PARISH, LA.
2015 MAY 11 PM 4: 16
DEPUTY CLERK OF COURT

1

NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served

upon all counsel of record via United States mail, properly addressed, and first class

postage prepaid and via email, this the _____11^{TH}_____ day of May, 2015.

_____
Kellen J. Mathews

FILED
EAST BATON ROUGE PARISH, LA
2015 MAY 11   PM 4: 16

DEPUTY CLERK OF COURT

2

NON-CERTIFIED COPY

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
### Parish of East Baton Rouge
### 300 North Boulevard
### Baton Rouge, LA 70801
### Phone  (225)389-3960

NO.   **C626308 Division D**                    **14-MAY-2015**


TO:   **ORLEANS PARISH SHERIFFS OFFICE**
      **CIVIL DEPARTMENT**
      **421 LOYOLA AVE**
      **NEW ORLEANS, LA 70112**


Please find attached RULE NISI  to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X       note the enclosed check for payment of service;

ﻗ       send us your bill for service;

ﻗ       note that this is a pauper suit and no funds are available; or

ﻗ       note that this is a government suit and no funds are necessary.

Thank You,

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney:  KELLEN J MATTHEWS**

---

**REPLY:**                              DATE:_____

_____

_____

_____

_____

_____

By:_____

Deputy Sheriff, Parish of _____

**Letter to Out Of Parish Sheriff - 5213**



EBR2792433

NON-CERTIFIED COPY

6709-15-000336

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**NUMBER  C626308 Division D**

vs.

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**STATE OF LOUISIANA**

TO:   **H&E EQUIPMENT SERVICES INC
THRU ROY C CHEATWOOD
201 ST. CHARLES AVE., STE. 3600
NEW ORLEANS, LA.   70170**

The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

## MOTION TO COMPEL DISCOVERY RESPONSES

You MUST come to Court at 1:00 PM, on JUNE 15, 2015 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

### * * * * * SEE ATTACHED ORDER * * * * *

**YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.**

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **14-MAY-2015**.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:
KELLEN J MATTHEWS

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____ .

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____ .

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____ .

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of _____

### RULE NISI (OOP) - 6709



EBR2956439
NON-CERTIFIED COPY

6709-15-000336

# RULE NISI

H&E EQUIPMENT SERVICES INC
(Plaintiff)

NUMBER  C626308 Division D

19th JUDICIAL DISTRICT COURT

vs.

URS CORPORATION ARCHITECTURE PC
ET AL
(Defendant)

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  H&E EQUIPMENT SERVICES INC
     THRU ROY C CHEATWOOD
     201 ST. CHARLES AVE., STE. 3600
     NEW ORLEANS, LA.  70170

The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

## MOTION TO COMPEL DISCOVERY RESPONSES

You MUST come to Court at 1:00 PM, on JUNE 15, 2015 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

### * * * * * SEE ATTACHED ORDER * * * * *

### YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on 14-MAY-2015.

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

Requesting Attorney:
KELLEN J MATTHEWS

---

### SERVICE INFORMATION:

Received on the _19_ day of _May_, 20_15_ and on the _26_ day of _May_, 20_15_, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _201 St Charl thru Mondly_

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

Deputy Sheriff
Parish of _Orlen_

### RULE NISI (OOP) - 6709

PAPER
3

ENTERED
9106

RETURN
01

SERIAL NO.    DEPUTY    PARISH

EBR2887332

EBR2956439

NON-CERTIFIED COPY