Clavier v. Our Lady of the Lake Hosp. Inc., 112 So.3d 881 (2012)
2012-0560 (La.App. 1 Cir. 12/28/12)

[7]  Moreover, we conclude that none of the defendants owed a duty to the Claviers to collect the evidence they suggest is the subject of their spoliation claims. The Claviers have not cited any law that required Dr. Byrd, OLOL, Dr. Mason, or PGL to include toxicology screens as part of an autopsy; or for OLOL to require that a PCA pump not be disconnected so that its recorded data could be made part of the hospital's record where no litigation was pending. Whether Dr. Byrd or OLOL breached their respective standards of care on these bases are ostensibly issues the Claviers will pursue in their medical malpractice claim for wrongful death and survival action damages and are not proper issues before us in this spoliation claim.

Importantly, nothing precludes the Claviers from asserting entitlement to an application of the adverse presumption of spoliation in the medical malpractice lawsuit if they have met the requirements for its application. Thus, if the Claviers were permitted to assert a separate cause of action for spoliation against Dr. Byrd and OLOL at this time, it would create a plethora of problems. *See Cedars-Sinai Med. Ctr. v. Superior Court,* 18 Cal.4th 1, 74 Cal.Rptr.2d 248, 954 P.2d 511 (1998) (where in concluding a separate tort cause of action for intentional spoliation of evidence does not exist when the spoliation is committed by a party to the underlying action to which the evidence is relevant and the spoliation victim knows or should have known of the alleged spoliation before the trial or other decision on the merits of the underlying action, the California Supreme Court pointed out numerous practical and procedural concerns including a strong policy against derivative tort remedies for litigation-related misconduct since such remedies undermine the desire for finality of **7 adjudication; the existence of effective nontort remedies for spoliation of evidence, including the evidentiary inference that evidence destroyed by a party is unfavorable to that party; sanctions for abuse of discovery; punishment of attorneys who are involved; and criminal penalties).

Insofar as the spoliation claims against PGL, individually and for the actions of Dr. Mason neither of whom are parties to the medical malpractice action, we likewise find the Claviers have failed to assert a duty to include toxicology screens in the restricted, medical autopsy Dr. Mason performed at OLOL pursuant to an order from Dr. Byrd. Thus, the Claviers are unable to prove the requisite breach of duty to support the imposition of intentional spoliation damages against PGL. *See Jackson v. Brumfield,* 2009-2142 (La.App. 1st Cir.6/11/10), 40 So.3d 1242, 1243 (two essential elements of proof under the duty-risk analysis of delictual liability are the existence of a legal duty of the alleged tortfeasor toward the injured person and the breach of such duty by the alleged tortfeasor).

[8]  Additionally, despite having averred the defendants' actions were done *887 "intentionally," nothing in the Claviers' statements of facts supports that characterization. As to Dr. Byrd, the Claviers have claimed that Dr. Byrd intentionally concealed, lost, destroyed, or otherwise disposed of critical physical evidence; failed to notify OLOL employees that he suspected an adverse or other reaction to narcotics so as to warn them to preserve any information on the PCA pump; and that he should have known that a toxicology screen would not be included when OLOL performed the autopsy he ordered. While these statements are assumed as true for purposes of examination of an objection of no cause of action, **8 they fail to aver any action on Dr. Byrd's part was for the purpose of depriving the Claviers the use of that information for litigation.

As to OLOL, the Claviers have merely contended that OLOL employees unplugged the PCA pump. Nothing in these allegations indicates that OLOL employees unplugged the device for the purpose of erasing the information so that the Claviers would be unable to prove the amounts of prescribed narcotics Casey received. Similarly, they have averred that OLOL did not report Casey's death to the coroner of Acadia Parish but instead advised East Baton Rouge Parish, suggesting that a report to the former would have resulted in an autopsy that included toxicology screens. But assuming these allegations as true, there are no facts that OLOL's report to East Baton Rouge Parish was for the purpose of avoiding an autopsy, which included toxicology screens. Thus, nothing in their petition supports a theory of intentional spoliation insofar as OLOL.

The Claviers have likewise failed to aver any intentional conduct on the part of either Dr. Mason so as to impose liability for spoliation against PGL as his employer or against PGL for its actions. As to Dr. Mason, the Claviers alleged that he failed to advise Dr. Byrd that he would not perform toxicology screens in the autopsy although Dr. Byrd indicated that an adverse reaction to prescribed narcotics was a possible cause of death and that his performance of an autopsy without drug screens under these circumstances was intentional spoliation. Nothing in the Claviers' factual allegations avers that Dr. Mason knew

ATTACHMENT 1

NON-CERTIFIED COPY

Clavier v. Our Lady of the Lake Hosp. Inc., 112 So.3d 881 (2012)

2012-0560 (La.App. 1 Cir. 12/28/12)

of pending litigation and failed to collect toxicology screens for the purpose of depriving the Claviers of the data they hoped would prove their theory of the cause of Casey's death.

**9  The Claviers have also averred that PGL failed to notify physicians at OLOL that the performance of an autopsy by its physicians would not include toxicology screens. But again, nothing in their allegations of fact claims that PGL, knowing of an existing lawsuit, intentionally failed to procure the evidence for which the Claviers are looking. As such, there are no facts to support a theory of intentional spoliation by PGL.

Accordingly, we conclude that the law fails to extend a remedy to the Claviers for damages for the intentional spoliation of evidence. Thus, the Claviers have failed to state a cause of action.

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed. La. C.C.P. art. 934; *Charming Charlie, Inc. v. Perkins Rowe Associates, L.L.C.,* 2011–2254 (La.App. 1st Cir.7/10/12), 97 So.3d 595, 600.

*888  [9]   The Claviers urge that we allow them an opportunity to amend their petition to state a cause of action for either intentional or negligent spoliation. But the Claviers have offered, and we have not found, any duty that any of the defendants owed to them to collect data to support their theory that the cause of Casey's death was an adverse reaction to prescribed narcotics rather than a cardiac event. And it is undisputed that at the time of the actions and omissions that the Claviers claim constituted intentional spoliation, there was no pending or imminent litigation. Therefore, an amendment cannot remove the grounds for the objection.

**10  And because a plaintiff asserting a claim for spoliation of evidence must allege that the defendant *intentionally* destroyed evidence, *see Barthel,* 917 So.2d at 20, there is no set of facts that would permit the Claviers to claim entitlement to damages for negligent spoliation.[5] As such, they are not entitled to leave to amend their petition to assert such a claim.

## PRESCRIPTION

As an alternative basis for our affirmance of the trial court's dismissal of the Claviers' claims for intentional spoliation damages, we address the merits of the defendants' exceptions of prescription and conclude, as the trial court did, that even if the Claviers had a cause of action for spoliation, their petition was untimely. Regardless of whether the spoliation claims (as distinguished from the Claviers' claims for damages based on medical malpractice) were considered as arising out of patient care or a delictual matter, the trial court correctly determined that it was untimely.[6]

[10]   [11]   [12]   Ordinarily, the party pleading prescription bears the burden of proving the right to bring the claim has prescribed. However, when the face of the petition reveals that the plaintiff's right has prescribed, the burden shifts to the plaintiff to demonstrate prescription was interrupted or suspended. *Barber v. Employers Ins. Co. of Wausau,* 2011–0357 (La.App. 1st Cir.6/28/12), 97 So.3d 454, 464. At the **11  trial of a peremptory exception, evidence may be introduced to support or controvert the defense of prescription, if its grounds do not appear from the petition. La. C.C.P. art. 931. If evidence is introduced at the hearing on the peremptory exception, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *See Straub v. Richardson,* 2011–1689 (La.App. 1st Cir.5/2/12), 92 So.3d 548, 552, *writ denied,* 2012–1212 (La.9/21/12), 98 So.3d 341. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Stobart v. State,* *889  *Dep't of Transp. and Dev.,* 617 So.2d 880, 882–83 (La.1993).

According to La. R.S. 9:5628 A, which sets for a time limitation for the institution of medical malpractice actions,

ATTACHMENT 1

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB    Document 4-3    07/16/18    Page 3 of 356

Clavier v. Our Lady of the Lake Hosp. Inc., 112 So.3d 881 (2012)

2012-0560 (La.App. 1 Cir. 12/28/12)

No action for damages for injury or death against any physician ... [or] hospital ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect.

Article 3492, which governs tort claims, provides, "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

[13]   In support of the exception of prescription, the defendants introduced the deposition testimony of Drs. Byrd and Mason. In his deposition testimony, taken on March 24, 2009, Dr. Byrd explained that because Casey complained of pain despite having had the prescribed morphine administered, he put Casey on a PCA pump.[7] **12  Dr. Byrd testified that on the day after Casey's death he asked OLOL nurses for the PCA pump data, explaining that the pump documents how many times a patient requests medicine versus how many times he receives it. He stated that he was advised that the machine had been turned off and unplugged, and that the data was, therefore, lost. In association with his autopsy order, because he expected that having prescribed narcotics to Casey, the patient would test positive, Dr. Byrd testified that he did not specifically request any toxicology screens. He also stated that when he ordered the procedure, he did not know whether a standard autopsy at OLOL would include a toxicology study.

According to Dr. Mason's deposition, taken on March 18, 2009, he worked as a pathologist for PGL, a private consultant who had a contractual relationship with OLOL. He explained that all the autopsies PGL performed at OLOL were medical autopsies, i.e., a specific protocol for less than a full autopsy, which was restricted to examination of the abdomen, pelvis, and chest, and that an expansion of an autopsy beyond that would only be done at the request of the clinician and family. Dr. Mason testified that no one at PGL was able to perform forensic autopsies, which could only be undertaken by a coroner.

Dr. Mason stated that as a result of the autopsy he conducted, he was able to eliminate abdominal hemorrhage, pulmonary embolus, and myocardial infarction as causes of death, but that he could not rule out all other plausible cardiac events or an adverse reaction to narcotics as causes of death. Although Dr. Mason was aware that Dr. Byrd had indicated an adverse reaction to narcotics was a possible cause of death, and that the medical autopsy would not provide information permitting him to rule that out, he did not contact the medical examiner.

**13  Regardless of which of the parties bore the burden of proof, based on the deposition testimony, the evidence supports the trial court's factual finding that by March 24, 2010, the date of Dr. Byrd's deposition, the Claviers had actual knowledge that OLOL employees had unplugged the PCA pump, resulting in the loss of the recorded data. The evidence also supports *890  the trial court's factual finding that by no later than March 24, 2010, the Claviers were aware that a medical autopsy had been performed on Casey, which did not include toxicology screens. Thus, the trial court was not manifestly erroneous in concluding that the Claviers failed to file their lawsuit against OLOL within a year of actual knowledge that OLOL employees had allegedly spoliated the evidence associated with the PCA pump and that toxicology screens had not been performed at either Dr. Byrd's request or as standard practice by either PGL or OLOL. Thus, whether any spoliation causes of action that the Claviers may have had were considered as medical malpractice claims under La. R.S. 9:5628 A, or delictual actions under La. C.C. art. 3492, the trial court correctly concluded they were prescribed.

[14]   The Claviers urge that the trial court erred as a matter of law because their claims are delictual causes of action and, therefore, prescription commenced to run from the day injury or damage was sustained rather than the date of the act or omission as in the case of a medical malpractice claim. They suggest that under Article 3492, prescription against the defendants could not have commenced until April 6, 2011, the day that the medical review panel rendered an unfavorable ruling for their allegations of medical malpractice. Thus, they claim entitlement to an application of *contra non valentem.*

**14  Although La. C.C. art. 3467 provides that "prescription runs against all persons unless exception is established by legislation," the jurisprudential doctrine of *contra non valentem* is an exception to this statutory rule. The courts have recognized

ATTACHMENT 1

NON-CERTIFIED COPY

Clavier v. Our Lady of the Lake Hosp. Inc., 112 So.3d 881 (2012)

2012-0560 (La.App. 1 Cir. 12/28/12)

four factual situations in which *contra non valentem* prevents the running of liberative prescription including where the cause of action is neither known nor reasonably knowable by the plaintiff even though the plaintiff's ignorance is not induced by the defendant. *Marin v. Exxon Mobil Corp.,* 2009-2368 (La.10/19/10), 48 So.3d 234, 245. This is commonly known as the discovery rule.

[15]  [16]  [17]  [18]  [19]  Here, the Claviers are asserting that they are entitled to an application of the discovery rule. The doctrine of *contra non valentem* only applies in exceptional circumstances. A plaintiff is deemed to know what he can by reasonable diligence learn. Prescription begins to run when the plaintiff knows sufficient facts and has a reasonable basis for filing suit against a certain defendant; ignorance or misunderstanding of the probable extent or duration of injuries materially differs from ignorance of actionable harm that delays commencement of prescription. Prescription runs from the date on which a plaintiff first suffers actual and appreciable damage even though he may thereafter come to a more precise realization of the damages he has already incurred or incurs further damage as a result of the completed tortious act. *See Marin,* 48 So.3d at 245–46.

Clearly, by March 24, 2010, the date of Dr. Byrd's deposition testimony, the Claviers had sufficient facts—i.e., that the PCA pump had been unplugged and, therefore, the recorded data was spoliated and that neither Drs. Byrd nor Mason had conducted toxicology screens and that neither was required to do so under the policy **15 of restricted medical autopsies conducted by PGL at OLOL and, therefore, that such toxicology information was spoliated—to commence tolling of the prescriptive period under Article 3492. By the March 24, 2010 deposition, the Claviers were cognizant of the actual and appreciable damage they had suffered by the alleged spoliation of evidence by OLOL personnel as well as by Dr. Byrd and PGL individually and for the actions of Dr. Mason. Thus, as of *891 March 24, 2010, the Claviers had a reasonable basis for filing suit against OLOL, Dr. Byrd, and PGL for any spoliation claims they may have had. Accordingly, regardless of who bore the burden of proof, we find no error in the trial court's conclusion that any claim for spoliation that the Claviers may have had prescribed by March 24, 2011, whether under an application of La. R.S. 9:5628 or Article 3492. Therefore, on July 18, 2011, when they filed this lawsuit, the Claviers' claim was already prescribed.

### DECREE

Finding on our own motion that the Claviers' petition fails to state a cause of action entitling them to relief and, furthermore, concluding in the alternative that even if the Claviers had an independent cause of action for spoliation, their petition filed on July 18, 2011, seeking damages from OLOL, Dr. Byrd, and PGL was untimely, we affirm the trial court's dismissal of their petition. Appeal costs are assessed against plaintiffs-appellants, Faron and Annette Clavier.

**AFFIRMED.**

**Parallel Citations**

2012-0560 (La.App. 1 Cir. 12/28/12)

Footnotes

1    Specifically, Dr. Byrd performed a resection of a rectal stricture.
2    The Claviers filed a separate petition for wrongful death and survival action damages on July 18, 2011, naming OLOL, Dr. Byrd, and his insurer as defendants, which was allotted to another division in the district court.
3    Dr. Mason has not been named a party defendant in this litigation.
4    It is undisputed that a PCA pump is a patient controlled device that administers controlled amounts of a medication over intervals of time.
5    We find the Claviers reliance on *Harris v. St. Tammany Parish Hosp. Service Dist. No. 1,* 2011–0941 (La.App. 1st Cir.12/29/11), 2011 WL 6916523 (unpublished), *writs denied,* 2012–0585, 2012–0678 (La.4/20/12), 85 So.3d 1275, 85 So.3d 1277, misplaced. In

ATTACHMENT 1

NON-CERTIFIED COPY

Clavier v. Our Lady of the Lake Hosp. Inc., 112 So.3d 881 (2012)

2012-0560 (La.App. 1 Cir. 12/28/12)

a plurality opinion, this court affirmed the trial court's judgment, incorporating the jury's rejection of any relief to the plaintiff on the basis of spoliation. Therefore, any statements that could be construed to suggest the existence of a separate cause of action for negligent spoliation were merely *dicta*. The *Harris* plurality held that where the plaintiff failed to show the defendant had a duty to preserve evidence, there is no entitlement to recovery for spoliation damages, which is in conformity with our holding today.

6      In our ruling today, we express no opinion as to the timeliness of the Claviers' petition for wrongful death and survival action damages arising out of alleged medical malpractice.

7      Dr. Byrd prescribed .5 mgs of Dilaudid every 15 minutes with a lockout of 2 mgs per hour.

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

ATTACHMENT 1

NON-CERTIFIED COPY



**From:** Brad Barber [mailto:bbarber@he-equipment.com]
**Sent:** Monday, February 04, 2013 6:00 PM
**To:** Ethics Hotline
**Cc:** Sanders, Debra
**Subject:** FW: Additional Parking cost

Please see below.

---

**From:** Brad Barber
**Sent:** Monday, February 04, 2013 5:48 PM
**To:** 'Sanders, Debra'; 'ethicshotline@urs.com'
**Cc:** Johnson, Neal; John Jones
**Subject:** RE: Additional Parking cost

Debra, your offer is far from acceptable. We continue to park next door, in the equipment yard area and on the curb due to the oversight of your firm. It was certainly our hope that a reasonable suggestion would be made to assist in the egregious error URS has made. It is clear that both you and Neal are unwilling to take responsibility for the lack of professional services you were paid to provide. To think that a firm such as URS could design a facility and overlook the needed employee parking is mind boggling to me as well as every construction professional I have spoken to about this. I do not believe you have provided the services URS was hired to perform.

I hope someone within URS at an executive level may think using "standard procedures and guidelines for parking design" you reference below, that did not yield adequate parking is not a good position to take in such a situation. Your firm was responsible for designing the building and the parking. Your firm was responsible for the office layout. This layout included training rooms and workstations that allowed for 30%+ future growth. Your firm had the head count, and in fact supplied the head counts to us. Yet we move in and have inadequate parking day one. Everything I have stated in this paragraph is accurate and irrefutable. I am including your ethics hotline email address in hopes that a reasonable person will review and ask the question, " is the inaction of the Baton Rouge office unethical based on facts supplied"?

Our entire growth plan has been impacted due to the poor performance of your firm. Your offer is pitiful in light of to the lack of service your firm has provided. I would like to know who your direct supervisor is as well as their direct

1

NON-CERTIFIED COPY

ATTACHMENT 2

**EXHIBIT**
**1**

supervisor. Please provide me these names and contact information as I do not plan on accepting your offer. I will also expect communication from your Ethics Hotline representative. I want to ensure this decision, or lack thereof is understood by your firm. I will pursuit this until I reach a reasonable person of authority within URS.

**From:** Sanders, Debra [mailto:debra.sanders@urs.com]
**Sent:** Monday, February 04, 2013 4:20 PM
**To:** John Jones
**Cc:** Brad Barber; Johnson, Neal
**Subject:** RE: Additional Parking cost

John and Brad,

Although we followed standard procedures and guidelines for parking design and fulfilled our part of the contract for your parking, I understand your situation and why you need additional parking. In the interesting of maintaining our good standing relationship, we are willing to cover the difference in cost for building the parking now as opposed to earlier with the rest of the parking.

We have evaluated the additional cost required to add the parking that you have approved and Milton J. Womack has bid, and the cost difference is $17,507. We can credit this amount to your outstanding invoices, if acceptable.

Debra Sanders
Vice President
Baton Rouge Office Manager
URS Corporation
7389 Florida Blvd., Ste. 300
Baton Rouge, LA 70808
Direct 225.922.5726
Cell 225.907.8532
Fax 225.922.5700

**From:** John Jones [mailto:jjones@he-equipment.com]
**Sent:** Monday, February 04, 2013 9:49 AM
**To:** Sanders, Debra
**Cc:** Brad Barber
**Subject:** RE: Additional Parking cost

Debra can you tell us if you have a proposal on this situation? It is now approaching a week since you originally thought you would have an answer.
We would appreciate an update if you can let us know. Thanks.

John Jones
Vice President- Corporate Services
7500 Pecue Lane
Baton Rouge, LA 70809
225-298-5223 Office
225-978-7660 Mobile
225-298-5376 Fax
jjones@he-equipment.com

2

**ATTACHMENT 2**

NON-CERTIFIED COPY

 

**EQUIPMENT SERVICES.**
*Equipped to Serve*

---

**From:** Sanders, Debra [mailto:debra.sanders@urs.com]
**Sent:** Thursday, January 31, 2013 9:26 AM
**To:** John Jones
**Subject:** RE: Additional Parking cost

John,
We are still working on it an I am out of the office today. I hope to have an answer tomorrow. I'm sorry for the delay.

Debra Sanders
Vice President, Office Manager
URS Baton Rouge
225.922.5726. O
225.907.8532 M

---

**From:** John Jones
**Sent:** 1/31/13 08:48 AM
**To:** Sanders, Debra
**Subject:** RE: Additional Parking cost


Ms. Debra do you have an update for me on this.  Brad Barber has been asking me what is going on?

John Jones
**Vice President- Corporate Services**
7500 Pecue Lane
Baton Rouge, LA 70809
225-298-5223 Office
225-978-7660 Mobile
225-298-5376 Fax
jjones@he-equipment.com

---

**From:** Sanders, Debra [mailto:debra.sanders@urs.com]
**Sent:** Tuesday, January 29, 2013 4:05 PM
**To:** John Jones
**Subject:** Additional Parking cost

3

---

ATTACHMENT 2

NON-CERTIFIED COPY

Mr. Jones,

I have considered your situation and would like to make a reasonable offer to assist in this dilemma; however, I must first get it approved and do not have that yet. I will be in touch soon. I apologize for the delay.

Debra J. Sanders
Vice President, Office Manager
URS Corporation
Baton Rouge, Louisiana
Office: 225-922-5726
Cell: 225-907-8532
Fax:225-922-5701


This e-mail and any attachments contain URS Corporation confidential information that may be proprietary or privileged. If you receive this message in error or are not the intended recipient, you should not retain, distribute, disclose or use any of this information and you should destroy the e-mail and any attachments or copies.

4

NON-CERTIFIED COPY

ATTACHMENT 2



JOHN ASHLEY MOORE
*Partner*

(225) 381-0218 TELEPHONE
(225) 346-8049 FACSIMILE
ashley.moore@taylorporter.com

February 12, 2013

VIA EMAIL

Ms. Debra Sanders
Vice President, Baton Rouge Office Manager
URS Corporation
URS Corporation Architecture PC
7389 Florida Blvd., Ste. 300
Baton Rouge, LA 70808

Re:    H&E Equipment Services, Inc. ("H&E"), and URS Corporation Architecture PC
       ("URS"), Agreement for Professional Services Dated August 28, 2006, for "H&E HQ
       and BR Branch Project"; My General File No. 3270/22101

Dear Ms. Sanders:

I regularly represent H&E, URS's ("URS") client in connection with the referenced project, and respectfully request notice to, and a copy of insurance policies from, your general liability/professional liability insurers for the policy years 2006 through 2012 in connection with URS's gross negligence in the design of parking areas and lay-out of H&E's headquarters and branch buildings.

As you know, URS well knew the actual number of H&E employees who would actually occupy initially the headquarters building BEFORE the general contract for construction of the building was ever signed. To have designed a parking area comprised of substantially fewer parking spaces, without additional spaces available for reasonably anticipated increases in the number of employees and visitors, is a clear breach of the applicable standard of design care. Simply put, URS has failed to perform in accordance with that degree of care and skill ordinarily exercised by members of URS's profession practicing at the same time in the same location, which breach of design standard and professional care has proximately caused H&E hundreds of thousands of dollars in additional construction costs, repair and refurbishing costs, loss of alternative design feasibility and general esthetics, and equipment servicing and rental inefficiencies in the future.

I await receipt of copies of the general liability/professional liability policies at your earliest convenience.

Sincerely yours,

John Ashley Moore

TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.     |  POST OFFICE BOX 2471          |  8TH FLOOR CHASE TOWER SOUTH     |  (225) 387-3221 TELEPHONE
www.taylorporter.com                          |  BATON ROUGE, LOUISIANA 70821  |  451 FLORIDA STREET (70801)      |  (225) 346-8049 FACSIMILE

EXHIBIT
2

**ATTACHMENT 3**

NON-CERTIFIED COPY

Ms. Debra Sanders
February 12, 2013
Page 2

JAM:dvm

cc via email:    Mr. Steve Brinigar
Senior Vice President, Group General Manager
URS Corporation
URS Corporation Architecture PC
7389 Florida Blvd., Ste. 300
Baton Rouge, LA 70808
Telephone: (225) 922-5700
Email: steve.brinigar@urs.com

Mr. Vincent Provenza
Senior Vice President, Regional Manager
URS Corporation
URS Corporation Architecture PC
7389 Florida Blvd., Ste. 300
Baton Rouge, LA 70808
Telephone: (225) 922-5700
Email: vincent.provenza@urs.com

Mr. Neal Johnson
Project Manager
URS Corporation
URS Corporation Architecture PC
7389 Florida Blvd., Ste. 300
Baton Rouge, LA 70808
Telephone: (225) 922-5700
Email: neal.johnson@urs.com

Mr. John M. Engquist
Chief Executive Officer
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA 70809
Telephone: (225) 298-5230
Facsimile: (225) 298-5382
Email: jengquist@he-equipment.com

Mr. Bradley W. Barber
President and Chief Operating Officer
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA 70809
Telephone: (225) 298-5200
Facsimile: (225) 298-5328
Email: bbarber@he-equipment.com

**ATTACHMENT 3**

NON-CERTIFIED COPY

Ms. Debra Sanders
February 12, 2013
Page 3

Mr. John D. Jones
Vice President, Corporate Services
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA  70809
Telephone: (225) 298-5223
Facsimile: (225) 298-5376
Email: jjones@he-equipment.com

Mr. Frankie W. Wynn
Director of Facilities, Risk and Compliance Management
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA  70809
Telephone:  (225) 298-5229
Facsimile:  (225) 298-5376
Email:  fwynn@he-equipment.com

Ms. Kellene Cochran
Executive Assistant
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA  70809
Telephone:  (225) 298-5228
Facsimile:  (225) 298-5382
Email:  kcochran@he-equipment.com

cc via U.S. mail:  URS Corporation and
URS Corporation Architecture, P.C.,
through their agent for
service of process:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA  70808

ATTACHMENT 3

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308      DIV.: D |
| | * | |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | | |
| ARCHITECTURE, P.C., URS | | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

POSTED

JUN 17 2015

COST OK Amt. 60-

JUN 17 2015

BY cHS651473sp
DY CLERK OF COURT

---

**REPLY/SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

---

     **NOW INTO COURT**, through undersigned counsel, come Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"),and submit the following Reply/Supplemental Opposition to Plaintiff, H&E Equipment Service, Inc.'s ("H&E") Motion to Compel, as follows:

     This matter came for hearing on June 15, 2015. During their argument, counsel for H&E cited a First Circuit case, *Clavier v. Our Lady of the Lake Hosp. Inc.*, 2012-0560 (La. App. 1 Cir. 12/28/12), 112 So. 3d 881[1] and insinuated that this case stood for the proposition that the work product privilege could not attach to documents created months before a litigation hold was implemented and before suit was filed. Because this case had not been cited in either H&E's Memorandum in Support of its Motion to Compel or its Reply to Defendants' Opposition, this Honorable Court provided undersigned counsel with the opportunity to submit this Reply/Supplemental Opposition to Plaintiff's Motion to Compel.

     Surprisingly, the case cited by H&E in no way stands for the proposition H&E insinuated at the hearing on this matter and it is wholly inapposite to the issue before this Court. Neither the work product doctrine nor a litigation hold notice were discussed in this case. *Clavier v. Our Lady of the Lake Hosp. Inc, supra.* was a spoliation of evidence case, which was ultimately dismissed by the trial court on an Exception of Prescription. On appeal, the First Circuit *sua sponte,* raised the objection of no cause of action with regard to Plaintiffs' claim for spoliation, which essentially alleged that hospital staff had unplugged hospital equipment causing the erasure of recorded data that would have theoretically aided in their medical malpractice action. *Claiver, supra.,* 112 So. 3d at 885.

EBR2980062

---

[1] **Attachment 1-** Copy of the Opinion in *Clavier v. Our Lady of the Lake Hosp. Inc.*, 2012-0560 (La. App. 1 Cir. 12/28/12), 112 So. 3d 881.

1

NON-CERTIFIED COPY

The First Circuit went on to examine the theory of spoliation of evidence, opining that spoliation refers to "an intentional destruction of evidence for purpose of depriving opposing parties opposing parties of its use." *Id.* In this context, the Court made the statement that counsel for H&E cited to the Court in support of its arguments relative to the work product privileges; "[t]he obligation or duty to preserve evidence arises from the foreseeability of the need for the evidence in the future." *Id.* The Court in *Clavier* did not address any issues of privilege, or the work-product doctrine or a litigation hold letter. Thus, this case is wholly unrelated to any of the issues between H&E and URS where there is no contention that URS has destroyed evidence. H&E's attempt to distract the Court by presenting it with this Red Herring further underscores URS's contention in its Opposition that H&E has cited no authority for its position that the work product doctrine does not attach before a litigation hold letter is sent.[2]

In summary, H&E has failed to cite even one case for the proposition that litigation was not anticipated by URS when:

1.  H&E withheld payment to URS on unrelated submitted invoices;[3]

2.  H&E accused URS of unethical conduct on URS' ethics hotline;[4]

3.  H&E hired outside counsel to formally accuse URS of gross negligence and breach of design standard, demanded applicable liability insurance policies, and asserted that URS caused "hundreds of thousands of dollars" in damages.;[5]

4.  H&E hired outside counsel to formally alienate URS.  It was paying subcontractors directly instead of paying URS;[6] and

5.  URS had involved its own in-house counsel in the disputes.[7]

H&E's argument that all of the above involved only an alleged unrelated problem regarding the parking lot spaces in quite misplaced.  Payments that were withheld were not only payments due regarding the parking lot.  Most importantly, the parking lot dispute was never resolved and, in fact, comprises part of the claim in this very suit.[8] Payments withheld at that time have NOT since been made and are the basis for URS' reconventional demand.  Just the fact of withholding payments by itself would be enough for anticipation of litigation at that time.  Other disputes arose before the litigation hold letter, all of which simply increased the anticipation of litigation at the time they arose.

---

[2] URS Opp. to Mot to Compel, p.5.
[3] URS Opp. to Mot. to Compel, p.2-3.
[4] **Attachment 2-** Exh. 1 to URS's Opp. to Mot. to Compel.
[5] **Attachment 3-** Exh. 2 to URS' Opp. to Mot to Compel.
[6] URS Opp. to Mot. to Compel, p.2-3
[7] **Attachment 2.**
[8] H&E Pet. at ¶12. (*With respect to the Baton Rouge Project, such design deficiencies include, but are not limited to, the parking lot, mailroom, and executive conference room of the Headquarters Building*).

2

NON-CERTIFIED COPY

Additional evidence of the timing of URS's anticipation of litigation comes in the form of a communication from URS's corporate counsel, Alan Cohen, which is protected by the attorney/client privilege.[9]  In order for the Court to further gain an understanding that URS anticipated litigation with and/or against H&E as early as March 18, 2013, URS will present this e-mail to the court for *in camera* inspection.

For the foregoing reasons and those cited in Defendants' prior submissions, Plaintiff's Motion to Compel should be denied and Defendants should be awarded reasonable attorneys' fees and costs associated with the filing of this motion pursuant to La. Code Civ. Proc. art. 1469(4).

Respectfully submitted,

**ADAMS AND REESE, LLP**

_____

Philip A. Franco      (Bar #5619), TA
Ron Sholes          (Bar # 14426)
Kellen J. Mathews    (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid and via email, this the 17th day of June, 2015.

_____

Kellen J. Mathews

---

[9] This e-mail was not addressed in URS's privilege log as responsive to previous discovery requests, but will be included in the amended privilege log that URS will provide to H&E.

3

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308   DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | PARISH OF EAST BATON ROUGE |
| | * | |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * | STATE OF LOUISIANA |

CLERK OF COURT
FILE COPY

CASE ID:
FILING DATE
ATTORNEY
NO PAGES

SERVED DOCUMENT TO:
☐ _____ MMARY JDGMT
☐ _____
☐ _____
☐ _____

DEPUTY CLERK

## SUPPLEMENTAL AND AMENDED
## PRIVILEGE LOG OF DEFENDANTS

| # | Date | Bates Number | Document | Privilege Asserted |
|---|---|---|---|---|
| 1 | 4/5/2013 | URS-1172-75 | E-mail from Tim Gaines to Thomas Ryan, cc to Neal Johnson, RE: H&E Kenner RFI #54 &55 (CJ, EJ Crack Repairs), includes string emails between MAPP and H&E | Work Product |
| 2 | 4/5/2013 | URS-1176-78 | String E-mails between Tim Gaines, Thomas Ryan and Neal Johnson, RE: Crack Repair H&E Kenner | Work Product |
| 3 | 4/5/2013 | URS-1179-82 | Duplicate of #1 above | Work Product |
| 4 | 6/6/2013 | URS-1183-84 | E-mail from Neal Johnson to Murray McCullough, Thomas Ryan, and Debra Sanders Re: H&E Equipment Services, Inc. Expansion/Contraction Joint Issues w/ emails from Frank Wynn and Womack | Work Product |
| 5 | 6/11/2013 | URS-1192-93 | E-mail from Neal Johnson to Alan Cohen, cc to Thomas Ryan, Murray McCullough, and Debra Sanders RE: H&E Branch pavement issues w/ attachments re punch lists | Attorney/Client |
| 6 | 6/21/2013 | URS-1235 | Drawing /Schematic by Murray McCullough | Work Product |
| 7 | 6/24/2013 | URS-1236-37 | E-mail from Neal Johnson to Thomas Ryan Re: forwarding message from Murray McCullough addressing paving joints w/attachments | Work Product |
| 8 | 6/24/2013 | URS-1240-41 | Duplicate of #7 above | Work Product |
| 9 | 7/18/2013 | URS-1244-52 | String E-mail from Neal Johnson to Tim Gaines and Thomas Ryan Re: URS' position on joints w/ attachments | Work Product |
| 10 | 7/18/2013 | URS-1256-57 | E-mail from Tim Gaines to Thomas Ryan Re: Kenner paving fix | Work Product |

1

EBR2980071

NON-CERTIFIED COPY



| 11 | 9/23/2013 | URS-1258-59 | E-mails between Tim Gaines and Thomas Ryan Re: H&E Kenner | Work Product |
|----|-----------|-------------|-----------------------------------------------------------|--------------|
| 12 | No Date | URS-1260-85 | Photos obtained in anticipation of litigation | Work Product |
| 13 | No Date | URS-1286-89 | Drawings obtained in anticipation of litigation by or on behalf of URS | Work Product |
| 14 | No Date | URS-1332-34 | Photos and descriptions obtained by or on behalf of URS in anticipation of litigation | Work Product |
| 15 | No Date | URS-1383-84 | Email from Neal Johnson to Alan Cohen, cc to Thomas Ryan, Murray McCullough, and Debra Sanders re H&E branch pavement issues | Attorney/Client Work Product |
| 16 | 6/21/2013 | URS-1385 | Email from Murray McCullough to Neal Johnson re H&E pavement | Work Product |
| 17 | 8/12/2013 | URS-1392-94 | Notes re H&E construction issues | Work Product |
| 18 | No Date | URS-1395-98 | Information obtained from DOTD | Work Product |
| 19 | No Date | URS-1408-22 | Notes and investigation materials for discussion with attorneys | Attorney/Client Work Product |
| 20 | 6/11/2013 | URS-1423 | Information to discuss with counsel | Work Product |
| 21 | No Date | URS-1437-1717 | Information gathered and assembled to discuss with counsel | Work Product |

NON-CERTIFIED COPY

| | |
|---|---|
| **From:** | Johnson, Neal <neal.johnson@urs.com> |
| **Sent:** | Monday, March 18, 2013 1:37 PM |
| **To:** | Frankie Wynn; Ryan, Thomas E |
| **Subject:** | RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs) |
| **Attachments:** | image005.jpg; image006.jpg; image007.jpg; image008.jpg; image009.jpg |

We have forwarded the data to our civil engineering consultant for this project. I am concerned that the list is presented as a CPR and not a repair to a construction defect.  A CPR is typically a cost proposal.

Neal

---

From: Frankie Wynn [fwynn@he-equipment.com]
Sent: Monday, March 18, 2013 1:09 PM
To: 'Brad Reese'; Johnson, Neal; Ryan, Thomas E
Cc: Patrick Solomon; Casey Ginder
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

Since I am not familiar with any of these products or the process, I cannot give an opinion.

Frankie Wynn
Director of Facilities/Risk/Compliance Management
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA  70809  (New Address)
Office:  225-298-5229
Mobile:  225-603-4438
Fax:  225-298-5376
fwynn@he-equipment.com<mailto:fwynn@he-equipment.com>
www.HE-Equipment.com<http://www.he-equipment.com/>
[Description: HE Equipment Services-ETS with 50th anniversay logo for email_medium res]

From: Brad Reese [mailto:breese@mappconstruction.com]
Sent: Monday, March 18, 2013 11:29 AM
To: Frankie Wynn; 'Johnson, Neal'; Thomas Ryan (thomas.e.ryan@urs.com)
Cc: Patrick Solomon; Casey Ginder
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

Frankie – we need to make sure that H&E and the Design Team agree with our recommendations....which are outlined in the email below.  There are different products to use at each instance (i.e. Control Joints, Cracking, Expansion Joints and Building Slab Transition).


Brad Reese, LEED AP BD+C :: Sr. Project Manager

[Description: Description: cid:3424084961_75301094]
[Description: Description: Description: facebook]<http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299> [Description: Description: Description: Twitter] <http://twitter.com/mappconstructn>
[Description: Description: Description: LinkedIn] <http://www.linkedin.com/company/118121>  M A P P C O N S T R U C T I O N . C O M

**EXHIBIT**
**2**

NON-CERTIFIED COPY

From: Frankie Wynn [mailto:fwynn@he-equipment.com]<mailto:[mailto:fwynn@he-equipment.com]>
Sent: Monday, March 18, 2013 11:02 AM
To: Brad Reese; 'Johnson, Neal'; Thomas Ryan (thomas.e.ryan@urs.com<mailto:thomas.e.ryan@urs.com>)
Cc: Patrick Solomon; Casey Ginder
Subject: RE: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

I would not be comfortable approving your proposal.  You need to pick a solution that will solve the issues.

Frankie Wynn
Director of Facilities/Risk/Compliance Management
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA  70809  (New Address)
Office:  225-298-5229
Mobile:  225-603-4438
Fax:  225-298-5376
fwynn@he-equipment.com<mailto:fwynn@he-equipment.com>
www.HE-Equipment.com<http://www.he-equipment.com/>
[Description: HE Equipment Services-ETS with 50th anniversay logo for email_medium res]

From: Brad Reese [mailto:breese@mappconstruction.com]
Sent: Friday, March 15, 2013 8:51 AM
To: Frankie Wynn; 'Johnson, Neal'; Thomas Ryan (thomas.e.ryan@urs.com<mailto:thomas.e.ryan@urs.com>)
Cc: Patrick Solomon; Casey Ginder
Subject: 52079 - H&E Kenner - RFI #54 & 55 (CJ, EJ Crack Repairs)

FYI – our subcontractor proposes the following solution to the concrete areas in need of repair:

Control Joint Repairs in Paving

·        Remove existing elastomeric sealant

·        Clean joints

·        Apply Sikadur 51SL to fill joints

Crack Repairs in Paving

·        Rout cracks

·        Clean cracks

·        Apply Sikadur 55SLV to refusal

Building Slab Transition (New Warehouse Slab to Existing Warehouse Slab)

·        Chip areas to a depth of +/-2" in depth

·        Place Sikadur 321FS

2

NON-CERTIFIED COPY

Expansion Joints in Paving

·   Chip areas to a depth of +/-2" in depth

·   Place Sikadur 321FS

Attached is the product data for each.  Please review and advise if this solution is acceptable.  If so, we can perform a sample and determine which joints/cracks/etc. need the repair so that we can accurately create a formal CPR.

Feel free to contact me with any questions.

Thanks

Brad Reese, LEED AP BD+C :: Sr. Project Manager

[Description: Description: cid:3424084961_75301094]
[Description: Description: Description: facebook]<http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299> [Description: Description: Description: Twitter] <http://twitter.com/mappconstructn>
[Description: Description: Description: LinkedIn] <http://www.linkedin.com/company/118121>  M A P P C O N S T R U C T I O N . C O M

From: Brad Reese
Sent: Monday, March 04, 2013 10:34 AM
To: Frankie Wynn (fwynn@he-equipment.com<mailto:fwynn@he-equipment.com>); Johnson, Neal
Cc: Patrick Solomon; Casey Ginder
Subject: FW: 52079 - H&E Kenner - RFI #54 & 55

Frankie/Neal – do you have time this week to review action items for the paving joint repairs.  I met with a sub that can perform the work, but would like to sit down with you to review their proposed solutions.  I am available any day this week except for today and Wednesday.  We can meet at the site or I can drive to Baton Rouge and meet at your office....whichever is more convenient.

Please let me know.

thanks


Brad Reese, LEED AP BD+C :: Sr. Project Manager

[Description: Description: cid:3424084961_75301094]
[Description: Description: Description: facebook]<http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299> [Description: Description: Description: Twitter] <http://twitter.com/mappconstructn>
[Description: Description: Description: LinkedIn] <http://www.linkedin.com/company/118121>  M A P P C O N S T R U C T I O N . C O M


From: Brad Reese
Sent: Wednesday, January 23, 2013 1:03 PM
To: Johnson, Neal; Thomas Ryan (thomas.e.ryan@urs.com<mailto:thomas.e.ryan@urs.com>)
Cc: Patrick Solomon; Casey Ginder
Subject: FW: 52079 - H&E Kenner - RFI #54 & 55

NON-CERTIFIED COPY

Neal/Thomas – have you had a chance to review this? I would like to get this work completed quickly to finish up this project for H&E.

thanks


Brad Reese, LEED AP BD+C :: Sr. Project Manager

[Description: Description: cid:3424084961_75301094]
[Description: Description: Description: facebook]<http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299> [Description: Description: Description: Twitter] <http://twitter.com/mappconstructn>
[Description: Description: Description: LinkedIn] <http://www.linkedin.com/company/118121>  M A P P C O N S T R U C T I O N . C O M


From: Brad Reese
Sent: Tuesday, January 15, 2013 12:32 PM
To: Johnson, Neal; Thomas Ryan (thomas.e.ryan@urs.com<mailto:thomas.e.ryan@urs.com>)
Cc: Patrick Solomon; Casey Ginder
Subject: 52079 - H&E Kenner - RFI #54 & 55

Neal/Thomas – please see the attached RFI's. We spoke to the concrete sub and they would feel more comfortable having something from the Architect of Record on how to make these repairs. Is this something you can handle? If you have a product/procedure in mind, we don't mind meeting with a rep or different sub to make sure the application will work as intended.

Let me know your thoughts.

thanks


Brad Reese, LEED AP BD+C :: Sr. Project Manager

504 234 9200 W I R E L E S S

[Description: Description: Description: cid:3424084961_75301094]
.................................................................................
601 POYDRAS ST., STE. 1715 :: NEW ORLEANS
P 504 833 6277 ::  F 504 833 6074

[Description: Description: Description: Description: facebook]<http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299> [Description: Description: Description: Twitter] <http://twitter.com/mappconstructn>
[Description: Description: Description: LinkedIn] <http://www.linkedin.com/company/118121>  M A P P C O N S T R U C T I O N . C O M


This e-mail and any attachments contain URS Corporation confidential information that may be proprietary or privileged. If you receive this message in error or are not the intended recipient, you should not retain, distribute, disclose or use any of this information and you should destroy the e-mail and any attachments or copies.

NON-CERTIFIED COPY

From:        Frankie Wynn <fwynn@he-equipment.com>
To:          "Johnson, Neal" <neal.johnson@urs.com>
CC:          1. "Dorsey, Stephan" <sdorsey@mjwomack.com>;
             2. "Ryan, Thomas E" <thomas.e.ryan@urs.com>;
             3. John Jones <jjones@he-equipment.com>;
             4. Murray L. McCullough (murray@benchmarkgroupllc.com)
Subject:     RE: H&E Equipment Services, Inc. / Expansion/Construction Joint
Issues
Sent:        6/11/2013 4:17:17 PM +00:00

Do you know when we will have an answer? We need to move forward on getting this issues addressed.

Frankie Wynn
Director of Facilities/Risk/Compliance Management
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA  70809  (New Address)
Office:  225-298-5229
Mobile:  225-603-4438
Fax:  225-298-5376
fwynn@he-equipment.com
www.HE-Equipment.com


-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Thursday, June 06, 2013 10:21 AM
To: Frankie Wynn
Cc: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg (ggauthier@mjwomack.com);
pbonner@mjwomack.com; Ryan, Thomas E; Sanders, Debra; John Jones; Murray L. McCullough (murray@benchmarkgroupllc.com);
Hill, Terry
Subject: RE: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Frankie:
We will review the recommendation with Benchmark Group (our civil engineer of record) and request their opinion.
Regarding the request that URS participate in the cost of this work, this request will be forwarded to URS management for their
directive.
Sincerely,
Neal Johnson


-----Original Message-----
From: Frankie Wynn [mailto:fwynn@he-equipment.com]
Sent: Thursday, June 06, 2013 7:56 AM
To: Dorsey, Stephan; Phillips, Dale (dphillips@mjwomack.com); Gauthier, Greg (ggauthier@mjwomack.com);
pbonner@mjwomack.com; Ryan, Thomas E; Johnson, Neal; Sanders, Debra; John Jones
Subject: H&E Equipment Services, Inc. / Expansion/Construction Joint Issues

Attached is the latest recommendation to remedy the Expansion/Construction Joint issues at the H&E Baton Rouge Branch.  This
recommendation is unacceptable to H&E for several reasons, not the least of which is the cost.  As the cause of this problem cannot
be agreed upon by Womack or URS, I would suggest that both parties agree to share the costs equally.  All parties knew well in
advance of design and installation of the paved area, the intended use.  All parties were asked throughout the project for any and all
suggestions in all areas of design and construction to voice any and all concerns and make recommendations.  I do not recall any
alternatives to the design and installation that were not followed by H&E.

As this issue will not correct itself and by its very nature grows worse each day, time is of the essence.
Let me know your solution as soon as possible.

Thank you

Frankie Wynn
Director of Facilities/Risk/Compliance Management H&E Equipment Services, Inc.
7500 Pecue Lane



EXHIBIT
3

URS-00012

NON-CERTIFIED COPY

Baton Rouge, LA  70809  (New Address)
Office:  225-298-5229
Mobile:  225-603-4438
Fax:  225-298-5376
fwynn@he-equipment.com
www.HE-Equipment.com

This e-mail and any attachments contain URS Corporation confidential information that may be proprietary or privileged. If you receive this message in error or are not the intended recipient, you should not retain, distribute, disclose or use any of this information and you should destroy the e-mail and any attachments or copies.

NON-CERTIFIED COPY

URS-00013

| | |
|---|---|
| **From:** | Brad Reese <breese@mappconstruction.com> |
| **Sent:** | Monday, July 08, 2013 9:24 PM |
| **To:** | Frankie Wynn; 'Johnson, Neal' |
| **Cc:** | Ryan, Thomas E; Vern Anderson; Crystal Faulkner; John Jones |
| **Subject:** | RE: Detail of Work Completed - Kenner |
| **Attachments:** | 52079 - Mtg Follow Up & Revised CPRs (50, 54, 57); Pay app work sheet.pdf; H&E Kenner CO 5 - Final.pdf; H&E Kenner CO 05 - attachment 1.pdf |

Neal – thanks for the info. However, CO #5 was revised based on the meeting at H&E's office on 5-22-13 (see attached email for reference).

Please let me know what we can do to collect the outstanding payments so that we can pay our subs and vendors.

Thanks

BRR


**Brad Reese, LEED AP BD+C** :: Sr. Project Manager


**MAPP** CONSTRUCTION
🖪 🖪 🖪 M A P P C O N S T R U C T I O N . C O M

---

**From:** Frankie Wynn [mailto:fwynn@he-equipment.com]
**Sent:** Monday, July 08, 2013 1:15 PM
**To:** 'Johnson, Neal'; Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; John Jones
**Subject:** RE: Detail of Work Completed - Kenner

The $15,000 punch list is based on the line item for pavement joints. We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

I do not agree that this is a maintenance issue. I have not seen anything to substantiate that this is not a design issue. On March 18, 2013, I was told by URS "We have forwarded the data to our civil engineering consultant for this project." I do not recall seeing a written report after that.


Frankie Wynn
Director of Facilities/Risk/Compliance Management
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA 70809 (New Address)
Office: 225-298-5229
Mobile: 225-603-4438

1



NON-CERTIFIED COPY

Fax: 225-298-5376
fwynn@he-equipment.com
www.HE-Equipment.com

---

**From:** Johnson, Neal [mailto:neal.johnson@urs.com]
**Sent:** Monday, July 08, 2013 11:39 AM
**To:** Brad Reese
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner; Frankie Wynn
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High

Our pay application worksheet through #15 is attached. Our records show that we have certified a total amount of $3,743,235.61 of a current contract amount of $3,835,645.00 leaving the current balance of $92,409.39 which is based on $77,409.39 retainage and $15,000 punch list value.  Given you have obtained a clear lien certificate you can invoice for the balance on the retainage. The $15,000 punch list is based on the line item for pavement joints. We will ask H&E for their directive to accept the work as in place and consider this a maintenance issue given the conditions that have been observed.

Regarding Change Order 005, we show an amount that H&E has agreed to be $34,499.00 (copy enclosed).  This was sent to you in early May of this year for signature.
Call me after you have a chance to review this information. We all wish to bring this project to closure.
Neal



**Neal Johnson, AIA**
Program Manager - Facilities
Mountain South Central Group

7389 Florida Boulevard,
Suite 300
Baton Rouge, LA 70806
Office 225.922.5700
Direct 225.231.6343
Cell 225.324.5848
Neal.johnson@urs.com

---

**From:** Brad Reese [mailto:breese@mappconstruction.com]
**Sent:** Monday, July 08, 2013 8:20 AM
**To:** 'Frankie Wynn'; Johnson, Neal
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner
**Subject:** RE: Detail of Work Completed - Kenner
**Importance:** High

Neal – can you confirm that you have processed all other pay apps?  My breakdown below shows what is outstanding.  We need to get these items resolved today.

- $ 80,000.00    Pay App #13
- $ 92,409.39    Balance of Retainage
- $ 46,052.00    Change Order #5 (MAPP has not received a copy of this CO)
- $218,461.39    Total Owed to MAPP, Material Suppliers and Subcontractors

NON-CERTIFIED COPY

Thanks

BRR


Brad Reese, LEED AP BD+C :: Sr. Project Manager

**MAPP**CONSTRUCTION

🖼🖼🖼 MAPPCONSTRUCTION.COM

---

**From:** Frankie Wynn [mailto:fwynn@he-equipment.com]
**Sent:** Wednesday, July 03, 2013 9:34 AM
**To:** Brad Reese; 'Johnson, Neal'
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner
**Subject:** RE: Detail of Work Completed - Kenner

My numbers are attached


Frankie Wynn
Director of Facilities/Risk/Compliance Management
H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA 70809  (New Address)
Office:  225-298-5229
Mobile:  225-603-4438
Fax: 225-298-5376
fwynn@he-equipment.com
www.HE-Equipment.com

 

---

**From:** Brad Reese [mailto:breese@mappconstruction.com]
**Sent:** Wednesday, July 03, 2013 8:34 AM
**To:** 'Johnson, Neal'; Frankie Wynn
**Cc:** Ryan, Thomas E; Vern Anderson; Crystal Faulkner
**Subject:** RE: Detail of Work Completed - Kenner

Neal/Frankie - has this been resolved?  I looked through our records and show that we were short paid $80,000 on pay app #13.  Currently, MAPP is owed the following:

- $ 80,000.00     Pay App #13
- $ 92,409.39     Balance of Retainage
- $ 46,052.00     Change Order #5 (MAPP has not received a copy of this CO)
- $218,461.39     Total Owed to MAPP, Material Suppliers and Subcontractors

NON-CERTIFIED COPY

On April 2, 2013, we submitted photos indicating the punch list items were previously addressed/completed.

On June 28, 2013, we submitted a copy of the clear lien certificate.

We are unaware of any issues relating to construction that could be holding up the $218,461.39.  Please let us know what can be done to put closure to this project.

thanks

BRR


Brad Reese, LEED AP BD+C :: Sr. Project Manager


M A P P C O N S T R U C T I O N . C O M


-----Original Message-----
From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Monday, July 01, 2013 8:09 PM
To: Brad Reese; 'Frankie Wynn'
Cc: Ryan, Thomas E; Vern Anderson; Crystal Faulkner
Subject: RE: Detail of Work Completed - Kenner

Thomas - get with me on the outstanding punch list Thanks Neal


-----Original Message-----
From: Brad Reese [mailto:breese@mappconstruction.com]
Sent: Friday, June 28, 2013 2:24 PM
To: 'Frankie Wynn'; Johnson, Neal
Cc: Ryan, Thomas E; Vern Anderson; Crystal Faulkner
Subject: RE: Detail of Work Completed - Kenner

Sounds good.  We will send someone over on Monday (mid-morning) to pick it up.

Neal/Thomas - we previously submitted a letter and photos addressing the punch list items as complete.  Please let me know if you need us to resend.

Thanks

BRR


Brad Reese, LEED AP BD+C :: Sr. Project Manager


M A P P C O N S T R U C T I O N . C O M

NON-CERTIFIED COPY

-----Original Message-----
From: Frankie Wynn [mailto:fwynn@he-equipment.com]
Sent: Friday, June 28, 2013 2:22 PM
To: Johnson, Neal
Cc: Brad Reese; Ryan, Thomas E; Vern Anderson; Crystal Faulkner
Subject: Re: Detail of Work Completed - Kenner

I have a $100,000.00 check that can be picked up Monday when I get back on the office.

Sent from my iPhone

On Jun 28, 2013, at 2:18 PM, "Johnson, Neal" <neal.johnson@urs.com<mailto:neal.johnson@urs.com>> wrote:

This certificate appears to be in compliance for release of the contract balance less the value of any outstanding deficiencies to the completion of the contract (punch list items).
I assume the pay request will need to be modified in order to process this payment.

Thomas - please review all of this and get with me next Tuesday (I am out on Monday).
Thanks
Neal

<image006.jpg>

From: Brad Reese [mailto:breese@mappconstruction.com]
Sent: Friday, June 28, 2013 2:10 PM
To: Johnson, Neal; 'Frankie Wynn'
Cc: 'Brandon McWilliams'; Ryan, Thomas E; Vern Anderson; Crystal Faulkner
Subject: RE: Detail of Work Completed - Kenner

Neal/Frankie - please see the attached document to this email which is the Clear Lien Certificate for the project. This supersedes the previous lien waiver that we submitted for partial retainage. Please advise when the check (for full retainage) is ready for pick up.

Also - we are still waiting to receive Change Order #5, as well as approval of CPR #053.

Thanks

BRR


Brad Reese, LEED AP BD+C :: Sr. Project Manager

<image009.jpg>
<image010.jpg><https://urldefense.proofpoint.com/v1/url?u=http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BGcUnipk6wHOY3PDYe8yQB8bgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=6c80d95365975510cb6c16715398f937ed8ec93be49209ee7aac2fe8d0745ad7> <image011.jpg><https://urldefense.proofpoint.com/v1/url?u=http:/twitter.com/mappconstructn&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BGcUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=ef650785899f4ffe7f9fa644f3feea4866f6b58453f5435b48b037c14141c970> <image012.jpg><https://urldefense.proofpoint.com/v1/url?u=http://www.linkedin.com/company/118121&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BG

5

cUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=b 4f22d0a9acace6719c000497c0a4645b82f504a9f126017f1c23b958fa13cc2> M A P P C O N S T R U C T I O N . C O M

From: Brad Reese
Sent: Monday, June 17, 2013 10:06 AM
To: Johnson, Neal; 'Frankie Wynn'
Cc: Brandon McWilliams; Ryan, Thomas E; Vern Anderson
Subject: RE: Detail of Work Completed - Kenner

Attached is a copy of the lien waiver.  Frankie - please advise as to what time we can come by and pick up the check.

Thanks

BRR

Brad Reese, LEED AP BD+C :: Sr. Project Manager

<image009.jpg>
<image010.jpg><https://urldefense.proofpoint.com/v1/url?u=http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYl6mw82BGcUnipk6wHOY3PDYe8yQ BBgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=6c80d95365975510cb6c167 15398f937ed8ec93be49209ee7aac2fe8d0745ad7>  <image011.jpg><https://urldefense.proofpoint.com/v1/url?u=http:/ /twitter.com/mappconstructn&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYl6mw82BGcUnipk6wHOY3 PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=ef650785899f4ffe 7f9fa644f3feea4866f6b58453f5435b48b037c14141c970>  <image012.jpg><https://urldefense.proofpoint.com/v1/url?u =http://www.linkedin.com/company/118121&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYl6mw82BG cUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=b 4f22d0a9acace6719c000497c0a4645b82f504a9f126017f1c23b958fa13cc2> M A P P C O N S T R U C T I O N . C O M

From: Vern Anderson
Sent: Wednesday, June 12, 2013 2:22 PM
To: Johnson, Neal
Cc: Brandon McWilliams; Brad Reese; 'Frankie Wynn'; Ryan, Thomas E
Subject: RE: Detail of Work Completed - Kenner

NJ,
Confirmed.  We will have the lien document sent over in a few

Vern Anderson :: Project Executive

<image013.jpg>
M A P P C O N S T R U C T I O N . C O M

225 408 7722 D I R E C T
225 522 0009 W I R E L E S S

From: Johnson, Neal [mailto:neal.johnson@urs.com]
Sent: Wednesday, June 12, 2013 2:20 PM

6

NON-CERTIFIED COPY

To: Brad Reese; 'Frankie Wynn'; Ryan, Thomas E
Cc: Brandon McWilliams; Vern Anderson
Subject: RE: Detail of Work Completed - Kenner

The lien release was only to process payment for partial release of retainage prior to having a clear lien certificate. Please call me if you have any questions Neal <image006.jpg>

From: Brad Reese [mailto:breese@mappconstruction.com]
Sent: Wednesday, June 12, 2013 11:21 AM
To: 'Frankie Wynn'; Ryan, Thomas E; Johnson, Neal
Cc: Brandon McWilliams; Vern Anderson
Subject: RE: Detail of Work Completed - Kenner

Neal indicated that the lien release document was to allow H&E to release funding, not execute a change order.

Change order #5 should not require a lien release.

PS - The lien release is forthcoming.

Thanks

BRR


Brad Reese, LEED AP BD+C :: Sr. Project Manager

<image009.jpg>
<image010.jpg><https://urldefense.proofpoint.com/v1/url?u=http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BGcUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=6c80d95365975510cb6c16715398f937ed8ec93be49209ee7aac2fe8d0745ad7> <image011.jpg><https://urldefense.proofpoint.com/v1/url?u=http://twitter.com/mappconstructn&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BGcUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=ef650785899f4ffe7f9fa644f3feea4866f6b58453f5435b48b037c14141c970> <image012.jpg><https://urldefense.proofpoint.com/v1/url?u=http://www.linkedin.com/company/118121&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYI6mw82BGcUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=Dc%2BxWf3SwfmmvsCp2O8jkYAbhzlFkcrZi%2BbK3r0gRuw%3D%0A&s=b4f22d0a9acace6719c000497c0a4645b82f504a9f126017f1c23b958fa13cc2> M A P P C O N S T R U C T I O N . C O M


From: Frankie Wynn [mailto:fwynn@he-equipment.com]
Sent: Wednesday, June 12, 2013 11:14 AM
To: Brad Reese; Ryan, Thomas E; Johnson, Neal (neal.johnson@urs.com<mailto:neal.johnson@urs.com>)
Cc: Brandon McWilliams; Vern Anderson
Subject: RE: Detail of Work Completed - Kenner

We need the lien release document.

Frankie Wynn
Director of Facilities/Risk/Compliance Management H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA  70809  (New Address)
Office: 225-298-5229

NON-CERTIFIED COPY

Mobile: 225-603-4438
Fax: 225-298-5376
fwynn@he-equipment.com<mailto:fwynn@he-equipment.com>
www.HE-Equipment.com<http://www.he-equipment.com/>
<image014.jpg>


From: Brad Reese [mailto:breese@mappconstruction.com]
Sent: Tuesday, June 11, 2013 5:28 PM
To: Frankie Wynn; Dorsey, Stephan; Ryan, Thomas E
Cc: Brandon McWilliams
Subject: RE: Detail of Work Completed -

Frankie - we need change order #5 so that we can complete our billing.

Please advise when we will receive this.

thanks


Brad Reese, LEED AP BD+C :: Sr. Project Manager

<image009.jpg>
<image010.jpg><https://urldefense.proofpoint.com/v1/url?u=http://www.facebook.com/pages/MAPP-Construction-LLC/129547004299&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYl6mw82BGcUnipk6wHOY3PDYe8yQB
Bbgblo%3D%0A&m=JeDPrZHwkAzLu7msFUicZkGD%2F48P0KMbY1iawsuaf4w%3D%0A&s=c957df1a49422385974b67e23
b605ac7544c43495bc5cb198a0ed77cd87c21fb> <image011.jpg><https://urldefense.proofpoint.com/v1/url?u=http://t
witter.com/mappconstructn&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYl6mw82BGcUnipk6wHOY3P
DYe8yQBBbgblo%3D%0A&m=JeDPrZHwkAzLu7msFUicZkGD%2F48P0KMbY1iawsuaf4w%3D%0A&s=c8d2914e462c8d124
08eca9002589677cf5510e9cb590260d98e9acbc74dfabf> <image012.jpg><https://urldefense.proofpoint.com/v1/url?u
=http://www.linkedin.com/company/118121&k=3u%2Bv4if5sXM88k6CMzVeWQ%3D%3D%0A&r=oJFk2qqaYl6mw82BG
cUnipk6wHOY3PDYe8yQBBbgblo%3D%0A&m=JeDPrZHwkAzLu7msFUicZkGD%2F48P0KMbY1iawsuaf4w%3D%0A&s=d7e
315a5dc38bffe4199fd0ad5ca939a4ffdfa99510d1e9613b8ca59bc2163be>  M A P P C O N S T R U C T I O N . C O M


From: Frankie Wynn [mailto:fwynn@he-equipment.com]<mailto:[mailto:fwynn@he-equipment.com]>
Sent: Tuesday, June 11, 2013 3:42 PM
To: Dorsey, Stephan; Brad Reese; Ryan, Thomas E
Cc: Brandon McWilliams
Subject: FW: Detail of Work Completed -
Importance: High


Have I received all billings through 5/31?

Frankie Wynn
Director of Facilities/Risk/Compliance Management H&E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA 70809 (New Address)
Office: 225-298-5229
Mobile: 225-603-4438
Fax: 225-298-5376
fwynn@he-equipment.com<mailto:fwynn@he-equipment.com>
www.HE-Equipment.com<http://www.he-equipment.com/>

8

NON-CERTIFIED COPY

From: Brandon McWilliams
Sent: Friday, June 07, 2013 1:06 PM
To: Frankie Wynn
Cc: Toni R. Ruemker
Subject: RE: Detail of Work Completed - URS Pay App 20
Importance: High

Good afternoon Frankie - can you please provide an updated amount for anticipated costs through May 31st for Corporate and Kenner when they're available?

Thanks,

Brandon McWilliams
Senior Accountant - Corporate
7500 Pecue Lane
Baton Rouge, LA 70809
Direct: 225.298.5249
Fax: 225.298.5329
Email: bmcwilliams@he-equipment.com<mailto:bmcwilliams@he-equipment.com>
Website: http://www.he-equipment.com<http://www.he-equipment.com/>
<image015.jpg>

This e-mail and any attachments contain URS Corporation confidential information that may be proprietary or privileged. If you receive this message in error or are not the intended recipient, you should not retain, distribute, disclose or use any of this information and you should destroy the e-mail and any attachments or copies.

9

NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

PARISH OF EAST BATON ROUGE

## FAX RECEIPT

NUMBER C626308  Division D                    Date:    11-JUN-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL


To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: REPLY BRIEF

Total Amount Due (includes all applicable fees below) $ 170.00

The Clerk of Court's office has received, by facsimile transmission dated 6-11-15, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.


*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR/ FAX RECT



NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.          *     CASE NO. C626308, SECTION D

VERSUS                                *     19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,         *     PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III      *     STATE OF LOUISIANA

FILED:_____              _____
                                                  DEPUTY CLERK

### MOTION FOR LEAVE TO FILE
### SUR-REPLY/SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
### MOTION TO COMPEL AND
### INCORPORATED MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully requests that this Court

grant it leave to file the attached Sur-Reply/Supplemental Memorandum in Support of Motion to

Compel and in support thereof, represents as follows:

During oral argument of Plaintiff's Motion to Compel on Monday, June 15, 2015, this

Court granted Defendants leave to file a memorandum addressing a First Circuit decision

referenced in argument by undersigned counsel for Plaintiff, namely, *Clavier v. Our Lady of the

Lake Hosp., Inc.*, 2012-0560 (La. App. 1 Cir. 12/28/12), 112 So.3d 881. Defendants filed their

Reply/Supplemental Memorandum in Opposition to Motion to Compel on Wednesday, June 17,

2015, in which Defendants mischaracterize Plaintiff's reliance on *Clavier*. Plaintiff submits that

the attached Sur-Reply is necessary to correct Defendants' apparent misapprehension and to

clarify to this Court the basis for Plaintiff's reliance on *Clavier*. Plaintiff represents that its Sur-

Reply/Supplemental Memorandum is limited solely to the *Clavier* decision.

Accordingly, Plaintiff respectfully requests that this Court grant it leave to file the

attached Sur-Reply/Supplemental Memorandum in Support of Motion.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

-1-

FILED
EAST BATON ROUGE PARISH, LA
2015 JUN 18  PM 3:52
DEPUTY CLERK OF COURT

NO ADK1 869116 v1


EBR3044410

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 18th day of June, 2015, the foregoing was

served on all known counsel of record who have appeared in this matter by electronic mail.





-2-

NO ADK1 869116 v1
2919213-000024

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB    Document 4-3    07/16/18    Page 36 of 356

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | * | **CASE NO. C626308, SECTION D** |
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| **URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III** | * | **PARISH OF EAST BATON ROUGE** |
| | * | **STATE OF LOUISIANA** |
| **FILED:**_____ | | _____ |
| | | **DEPUTY CLERK** |

## ORDER

Considering the foregoing Motion for Leave to File Sur-Reply/Supplemental Memorandum in Support of Motion to Compel filed on behalf of Plaintiff, H&E Equipment Services, Inc.,

IT IS HEREBY ORDERED that leave for Plaintiff, H&E Equipment Services, Inc. to file the attached Sur-Reply/Supplemental Memorandum in Support of Motion to Compel is GRANTED.

THUS DONE AND SIGNED in Baton Rouge, Louisiana, this _____ day of June, 2015.

_____
HONORABLE JANICE CLARK, JUDGE
19TH JUDICIAL DISTRICT COURT



FILED
EAST BATON ROUGE PARISH, LA
2015 JUN 18 PM 3: 52
DEPUTY CLERK OF COURT

-1-

NO.ADK1 869108 v1
2919213-000024

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |

FILED:_____          _____
                                                    **DEPUTY CLERK**

### SUR-REPLY/SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this Sur-Reply/Supplemental Memorandum solely for the purpose of correcting the apparent misapprehension of Plaintiffs' reliance on *Clavier v. Our Lady of the Lake Hosp., Inc.*, 2012-0560 (La. App. 1 Cir. 12/28/12), 112 So.3d 881, reflected in Defendants' Reply/Supplemental Opposition to Plaintiff's Motion to Compel. Contrary to Defendants' assertion, undersigned counsel did not represent to this Court that the *Clavier* decision addressed "any issue of privilege, or the work product doctrine, or a litigation hold letter."[1] During oral argument before this Court, undersigned counsel quoted the following holding in *Clavier*: "[t]he obligation or duty to preserve evidence arises from the foreseeability of the need for evidence in the future." *Id.* at **5, *885. In other words, anticipation of litigation triggers the duty to preserve evidence.

While the Court in *Clavier* reiterated this holding in the context of a claim for spoliation, the holding is applicable herein by analogy. In response to much of the discovery requests contained in Plaintiff's First Set of Interrogatories and Requests for Production of Documents, Defendants asserted the work product privilege. Defendants claim that information and documentation that post-dates February, 2013, was prepared in anticipation of litigation and is, therefore, not discoverable.[2] However, Defendants acknowledge that they did not institute a litigation hold until September 20, 2013. In accordance with the duty noted in *Clavier*, had Defendants anticipated litigation in February, 2013, Defendants had the duty to take steps to preserve evidence at the same time. As stated during oral argument, Plaintiff submits that Defendants' institution of a litigation hold on September 20, 2013, while not dispositive,

---

[1] *See* Defendants' Reply/Supplemental Memorandum in Opposition to Plaintiff's Motion to Compel, p.2.

[2] *See* Defendants' Memorandum in Opposition to Motion to Compel, pp. 2-3.

-1-

NO ADK1 869047 v1
2919213-000024

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB   Document 4-3   07/16/18   Page 38 of 356

certainly indicates that Defendants did not reasonably anticipate litigation until September 20, 2013.

     For the reasons set forth in Plaintiff's Memorandum in Support of Motion to Compel and Plaintiff's Reply Brief in Support of Motion to Compel, and as argued on behalf of Plaintiff during oral argument before this Court on June 15, 2015, and clarified herein, Plaintiff urges this Court to grant its Motion to Compel, ordering Defendants to fully and completely respond to Interrogatory Numbers 6, 7, 9, 10, 12 and 14, and to produce the documents requested in Request for Production of Documents Numbers 5, 6, 7, 8, 9, 10, 11, 12 and 16.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____
      ROY C. CHEATWOOD (4010)
      ANNE DERBES WITTMANN (20584)
      M. DAVID KURTZ (23821)
      LAURA E. CARLISLE (33760)
      201 St. Charles Ave., Suite 3600
      New Orleans, Louisiana 70170
      Telephone: (504) 566-5200
      Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

**<u>CERTIFICATE OF SERVICE</u>**

     IT IS HEREBY CERTIFIED that on this 18th day of June, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by electronic mail.



_____

-2-

NO ADK1 869047 v1
2919213-000024

NON-CERTIFIED COPY

EBR CLERK OF COURT    Fax 2253893392          Jun 18 2015 04:19pm P001/001



# DOUG WELBORN
## CLERK OF COURT

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

PARISH OF EAST BATON ROUGE

---

## FAX RECEIPT

NUMBER C626308 Division D                                    Date:   18-JUN-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    M DAVID KURTZ
       BAKER DONELSON
       201 ST CHARLES AVE STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: SUR-REPLY/ SUPPLEMENTAL MEMORANDUM

Total Amount Due (includes all applicable fees below) $ 93.00

The Clerk of Court's office has received, by facsimile transmission dated 6-18-15, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT

REC'D C.P.

JUN 2 3 2015



NON-CERTIFIED COPY

## ** Transmit Conf.Report **

P.1
EBR CLERK OF COURT    Fax 2253893392

Jun 18 2015 04:20pm

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915046364000 | Normal | 18:04:19pm | 0'35" | 1 | O K | |



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

### FAX RECEIPT

NUMBER C626308 Division D                                    Date:   18-JUN-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:   M DAVID KURTZ
      BAKER DONELSON
      201 ST CHARLES AVE STE 3600
      NEW ORLEANS LA 70170

Item(s) Received: SUR-REPLY/ SUPPLEMENTAL MEMORANDUM

Total Amount Due (includes all applicable fees below) $ 93.00

The Clerk of Court's office has received, by facsimile transmission dated 6-18-15, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392

www.ebrclerkofcourt.org

## FAX RECEIPT

NUMBER C626308  Division D                                    Date:    18-JUN-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    M DAVID KURTZ
       BAKER DONELSON
       201 ST CHARLES AVE STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: **SUR-REPLY/ SUPPLEMENTAL MEMORANDUM**

Total Amount Due (includes all applicable fees below) $ 93.00

The Clerk of Court's office has received, by facsimile transmission dated 6-18-15, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT





# BAKER DONELSON
### BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:   504.636.4000

www.bakerdonelson.com

# FAX COVER SHEET

| FROM | Lisa Vinson |
|---|---|
| EMAIL | lvinson@bakerdonelson.com |
| BILL CODE | |
| TO | |
| COMPANY | |
| FAX NUMBER | 12253893392 |
| DATE | 18/06/2015 14:34:39 CST |
| RE | H&E Equipment Services, Inc. v. URS Corporation Architecture, PC, et al., 19th JDC, No. 626308; Div. "D," East Baton Rouge Parish |

## COVER MESSAGE

**Please Deliver Immediately**
**DATE: june 18, 2015**
**FAX FILING**
**Deliver To:**

company:

FaX No.:

Phone No.:

**Clerk of Court**
**Civil Division**

**19th JDC, Parish of East Baton Rouge**

**(225) 389-3392**

**(225) 389-3967**

**From:**

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

M. David Kurtz

Phone No.:

(504) 566-5259

FaX No.:

(504) 636-4000

User No.:

010251/MDK

Client/Matter No.:

2919213-000024

MESSAGE: PLEASE SEE ATTACHED DOCUMENTS. THANK YOU.


Lisa W. Vinson
Legal Secretary to M. David Kurtz, Adam B. Zuckerman and Alex M. McIntyre, Jr.
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
Direct: 504.566.5234
Fax: 504.636.3934
E-mail: lvinson@bakerdonelson.com<blocked::mailto:elvinson@bakerdonelson.com>
www.bakerdonelson.com<http://www.bakerdonelson.com/>
Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For(r)" for Six Years in
a Row!

* P Please consider the environment before printing this e-mail.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients across the U.S. and abroad from offices
in Alabama, Florida, Georgia, Louisiana, Mississippi,
Tennessee, Texas and Washington, D.C.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email,
then in any part of the same series of emails), such advice was not intended
or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used,
and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

(2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.
**********************************************************

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY



**BAKER
DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE: 504-566-5200
FAX: 504-636-4000
www.bakerdonelson.com

M. DAVID KURTZ
**Direct Dial:** (504) 566-5259
**Direct Fax:** (504) 636-3959
E-Mail: dkurtz@bakerdonelson.com

June 18, 2015

**VIA FACSIMILE (225) 389-3392**
Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:    *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
       19th JDC No. C626308, Division "D," Section XXI

Dear Mr. Welborn:

Attached please find a Motion for Leave to File Sur-Reply/Supplemental Memorandum in Support of Motion to Compel and Incorporated Memorandum in Support of Motion for Leave, Order and Sur-Reply/Supplemental Memorandum in Support of Plaintiff's Motion to Compel, which we ask that you file into the record on behalf of Plaintiff, H&E Equipment Services, Inc.  Once we have received your fax confirmation, we will forward the originals to you along with our check for the filing and fax fees associated with this request.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kind regards, I am

Sincerely,

M. David Kurtz

MDK:lwv
Enclosures
cc:    Hon. Janice G. Clark, Judge, Div. "D" *(via fax, w/encls.)*
       Mr. Ronald J. Sholes *(via email, w/encls.)*
       Mr. Philip A. Franco *(via email, w/encls.)*
       Mr. Kellen Matthews *(via email, w/encls.)*

NO MDK 869151 v1
2919213-000024

ALABAMA  •  FLORIDA  •  GEORGIA  •  LOUISIANA  •  MISSISSIPPI  •  TENNESSEE  •  TEXAS  •  WASHINGTON, D.C.

NON-CERTIFIED COPY


| | |
|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | * **CASE NO. C626308, SECTION D** |
| **VERSUS** | * **19TH JUDICIAL DISTRICT COURT** |
| **URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III** | * **PARISH OF EAST BATON ROUGE** |
| | * **STATE OF LOUISIANA** |

FILED:_____    _____

**DEPUTY CLERK**

### REPLY BRIEF IN SUPPORT
### OF MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this Reply Brief in response to the Memorandum in Opposition to Motion to Compel ("Opposition") filed by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants"), and in further support of its Motion to Compel.

### Introductory Statement

Any party seeking to avoid discovery of documents on the ground that they were prepared or obtained in anticipation of litigation or in preparation for trial bears the burden of proving that the exception applies. *See, e.g., Ogea v. Jacobs*, 344 So. 2d 953, 955 (La. 1977). Defendants have not met that burden.

H&E's Motion to Compel seeks an Order compelling Defendants to produce specific documents and communications related to Defendants' efforts to troubleshoot observed problems with the concrete pads at H&E's Baton Rouge and Kenner, Louisiana branch facilities in or around early 2013 and improperly withheld on the basis of the work-product doctrine and/or attorney-client privilege,[1] the majority being withheld on the basis of the work-product doctrine. In their Opposition, Defendants contend that these documents and communications must have

---

[1] The overwhelming majority of the documents and communications at issue were withheld on the basis of the work-product doctrine. As such, H&E has focused this Reply Brief on those items, though it continues to urge its Motion to Compel as to all items withheld.

More specifically, H&E's Motion to Compel also seeks an Order compelling Defendants to produce Item 5, which Defendants withheld on the basis of the attorney-client privilege. In its Motion to Compel, H&E observed that the Defendants' Privilege Log as initially produced did not fully identify all parties copied on the email communication or otherwise provide enough details to allow H&E and the Court to meaningfully evaluate the assertion of the privilege. Subsequent to H&E filing its Motion to Compel, Defendants supplemented their Privilege Log to, among other things, identify persons copied on the communication at issue, including Murray McCullough, a third party. H&E respectfully submits that Defendants still have not provided an adequate description of the email communication withheld, and in any event, the inclusion of Mr. McCullough on the exchange operates to waive the privilege. A copy of Defendants' Supplemental and Amended Privilege Log is attached as Exhibit "1." H&E reserves the right to object to and challenge items added by Defendants and not at issue in H&E's instant Motion to Compel.

-1-

NO LEC 867184 v2
2919213-000024



been prepared in anticipation of litigation because the parties were contemporaneously discussing and/or had previously discussed an unrelated problem at H&E's corporate headquarters, a project that Defendants were also working on at the time. Defendants further contend that the length of time between their troubleshooting efforts and their implementation of a litigation hold – eight months or more – is not dispositive of whether those prior efforts were made in anticipation of litigation or not. Defendants' contentions are meritless, and, in any event, do nothing to meet *their burden* of proving that the withheld materials were prepared in anticipation of litigation and were properly withheld.[2]

To the contrary, the documents and communications at issue were generated in the context of multi-party discussions regarding punch list items and efforts to address the concrete problems – during the normal course of the parties' contractual relationship and long before H&E found itself forced to file suit – and against the backdrop of *contemporaneous representations by Defendants* that they were making a concerted effort to troubleshoot the observed problems and find a resolution. H&E submits that the materials sought are well within the bounds of permissible discovery. At the very least, H&E would suffer significant prejudice if its Motion to Compel production of these documents and communications is not granted.

I.    **The Documents and Communications at Issue were Not Prepared in Anticipation of Litigation and are Discoverable.**

As noted previously, Defendants' Privilege Log identifies Items 1-4 and 6-11 as withheld on the basis of the work-product doctrine and/or as prepared in anticipation of litigation.[34] In general, these items relate to apparent contemporaneous efforts by Defendants to troubleshoot – among themselves and with a non-expert, non-attorney subcontractor – observed cracking, spalling, and breaking in the large concrete pads at H&E's Baton Rouge and Kenner branch

---

[2]      Though not fully articulated, Defendants also appear to argue in the Introduction to their Opposition that their troubleshooting efforts must have occurred in anticipation of litigation because, as set forth in their Motion for Summary Judgment, Defendants "were not responsible for repairs or damages under the contract between the parties." Opposition, p. 1. Aside from being entirely circular and self-serving, this argument is simply not correct. Even if Defendants did not have a contractual obligation to remedy the damages resulting from their deficient designs and specifications (and they did), that still does not mean that their troubleshooting efforts were done in anticipation of litigation. Those efforts could have been undertaken for any number of reasons not related to building a claim file. Moreover, as more fully set forth in H&E's Opposition to Defendants' Motion for Summary Judgment, Defendants plainly did have an obligation to remedy the damages caused by Defendants' defective designs and specifications.

[3]      *See supra* note 1.

NO LEC 867184 v2
2919213-000024

NON-CERTIFIED COPY

facilities at or around the time of substantial completion of each project.[5] These items simply do not fall within the work-product doctrine.

### A.    The Materials at Issue Were Generated During the Normal Course of the Parties' Contractual Relationship.

The narrow exception to discovery afforded by Article 1424 does not extend to materials prepared by a non-lawyer in the regular course of business. *See Simmons v. Transit Mgmt. of Se. La., Inc.*, 2000-2530, p. 3 (La. App. 4 Cir. 2/7/01), 780 So. 2d 1074, 1077. Nor does it extend to materials that were not prepared *for the purpose of* litigation. *See, e.g., Kimpton Hotel & Restaurant Group, Inc. v. Liberty Mut. Fire Ins. Co.*, 07-1310, p. 8 (La. App. 4 Cir. 12/19/07), 974 So. 2d 72, 78; *see also, Hoerner v. Anco Insulations, Inc.*, 98-1398, p. 8 (La. App. 4 Cir. 2/3/99), 729 So. 2d 640, 644 (treating physician's report regarding plaintiff's treatment as a result of injury, even if addressed to attorney, was not prepared in anticipation of litigation; report was not prepared for the purpose of litigation but rather for the benefit of plaintiff's health).

In their Opposition, Defendants argue that the materials at issue must have been prepared in anticipation of litigation because the parties were discussing and/or had previously discussed an unrelated problem at H&E's corporate headquarters, namely, Defendants' deficient design of the parking lot for the corporate headquarters and failure to provide an adequate number of parking spaces. There are a number of reasons why this argument lacks merit.

First, what communications the parties may have had regarding Defendants' defective design for the parking lot at H&E's corporate headquarters says nothing about whether Defendants could or should have reasonably anticipated litigation about the spalling and breaking concrete pads at the Baton Rouge and Kenner branch facilities – an entirely different problem at different facilities. Defendants' argument is akin to a contractor who claims that a document prepared in connection with one project is necessarily prepared in anticipation of litigation merely because the owner sued him in connection with another project.

Second, the context in which Defendants' apparent troubleshooting regarding the concrete problems occurred was that of normal-course discussions regarding punch list items and closing out the Baton Rouge and Kenner branch facility projects and representations *by Defendants* that they were evaluating the observed problems with the concrete in order to make a

---

[5]    Notably, the documents and communications at issue are not expert materials, and Defendants have not asserted any kind of expert-related privilege. They have asserted only that the materials were prepared in anticipation of litigation.

NO LEC 867184 v2
2919213-000024

NON-CERTIFIED COPY

recommendation regarding possible solutions.[6]  As set forth previously, the Baton Rouge and Kenner branch facilities reached substantial completion in late 2012 and early 2013, respectively. In the context of reviewing and resolving punch list items – including, among other things, apparent cracking, spalling, and other signs of deterioration in the newly constructed concrete pads at the facilities – H&E and the project contractors contacted Defendants to discuss the observed problems with the concrete and have Defendants recommend appropriate repairs.  By email dated March 18, 2013, Mr. Johnson assured H&E facilities director Frankie Wynn that Defendants were aware of the concrete problems at the Kenner site and that they were troubleshooting the issues with their "engineering consultant" – a normal part of the construction process.[7]  Defendants continued to troubleshoot the issues with the concrete through September 2013, during which time Defendants, H&E, and the project contractors remained in contact regarding the concrete issues and appropriate remediation as the parties worked to resolve this and other outstanding punch list items.[8]   But, Defendants never shared what they and the engineering consultants concluded about the concrete problem, and the concrete pads were never fixed.

There is no indication that the parties' communications about the concrete problems at the Baton Rouge and Kenner branch facilities at the time Defendants undertook their apparent troubleshooting efforts were anything less than collaborative and non-litigious – made in the context of joint efforts to find a solution.[9]  Moreover, under the auspices of such cooperative troubleshooting, Defendants and their "sub consultant"[10] (a subcontractor paid, in fact, by H&E) visited the facilities at issue, spoke with H&E personnel, and supposedly investigated the observed problems.  At no point did Defendants and the "sub consultant" give any indication that they were merely building a claim file, which is what they ask the Court to believe now.  Plainly, that a party might be able to avail itself of such candid investigation of H&E's facilities under

---

[6]    *See, e.g.*, Emails between Brad Reese, Frankie Wynn, Neal Johnson, and Others, dated 1/15/13- 3/18/13, attached as Exhibit "2."

[7]    *See* Email from N. Johnson to F. Wynn and T. Ryan, dated 3/18/2013, attached as part of Exhibit "2."

[8]    *See, e.g.,* Emails between N. Johnson, F. Wynn, and Others, dated 6/6/13-6/11/13, attached as Exhibit "3;" Emails between N. Johnson, F. Wynn, B. Reese, and Others, dated 6/7/13-7/8/13, attached as Exhibit "4." Defendants' Privilege Log indicates that this process extended into September.

[9]    *See generally, supra* note 8.

[10]    *See* Defendants' Memorandum in Opposition to Motion to Compel, p. 5.

-4-

NO LEC 867184 v2
2919213-000024

NON-CERTIFIED COPY

the auspices of collaborative troubleshooting to only later assert that its findings are excepted from discovery as prepared in anticipation of litigation seems inherently unfair and prejudicial.

Considering the limited scope of Article 1424, whatever reports Defendants or their "sub consultant" prepared were not prepared and whatever communications they may have had amongst themselves and/or with their "sub consultant" were not had *for the purpose of* litigation: they were prepared in the normal course of the construction process and with the stated purpose of finding a resolution and closing out the projects.   Such communications and documents simply do not fall within the narrow scope of the work-product doctrine.  *See generally, e.g., Hoerner,* 729 So. 2d at 644 (treating physician's report regarding plaintiff's treatment as a result of injury, even if addressed to attorney, were not prepared in anticipation; report was not prepared for the purpose of litigation but rather for the benefit of plaintiff's health*); see also, e.g., Whitaker v. Peterbilt of Louisiana, LLC*, No. 2013-1774, 2014 WL 3843552, *5 (La. App. 4 Cir. 7/30/14) (investigative report taken by defendant's employee shortly after accident was not discoverable, even with respect to employee's impressions include in report; though investigative, the report was not prepared for the purpose of litigation).

     **B.**     Cacamo *is Inapposite to This Dispute and Does*
               *Not Save the Defendants' Objections or Opposition.*

Defendants also contend that the length of time – approximately eight months or more – between their troubleshooting efforts and institution of a litigation hold is not dispositive of whether communications and documents related to their troubleshooting efforts are were prepared or not prepared in anticipation of litigation.  In support of this argument, Defendants rely heavily on *Cacamo v. Liberty Mut. Fire Ins. Co.*, 1999-1421, (La. App. 4 Cir. 10/10/01, 798 So. 2d 1210, 1214, a case in which the court observed that even a document prepared decades ago might still be excepted from discovery in the context of unrelated litigation today.   But, Defendants' reliance on the case is misplaced.

First, H&E has not argued that Defendants' much later litigation hold is dispositive of the documents and communications related to Defendants' troubleshooting efforts being prepared in the normal course of the parties' contractual relationship; nevertheless, the length of time separating those troubleshooting efforts and the ligation hold is *indicative* of the nature of those prior efforts.  Of course, also indicative is the context in which Defendants undertook those troubleshooting efforts, as discussed above.  *Cacamo* is entirely consistent on this point.

-5-

Second, while *Cacamo* stands for the proposition that time is not dispositive of whether a document or communication was prepared in anticipation of litigation or not, it does not contradict – and confirms— the larger, more fundamental point that what ultimately matters is whether the item was prepared *for the purpose of litigation*. If prepared with for the purpose of litigation, a document is arguably just as protected today as it was ten years ago. H&E has not suggested otherwise. Rather, the whole point of H&E's Motion to Compel is that the communications and documents at issue were not prepared for the purpose of litigation. *Cacamo* does not contradict or undermine H&E's Motion to Compel and does not bolster Defendants' Opposition.

## II.     H&E Will Suffer Unfair Prejudice if Its Motion to Compel is Not Granted.

Even where a court is satisfied that a document was prepared in anticipation of litigation, it may still order disclosure if the denial of production will cause unfair prejudice to the party seeking production in preparing his claim or defense or undue hardship or injustice. *See, e.g., Ogea*, 344 So. 2d at 958; *Whitaker*, 2014 WL 3843552, at *4. Relevant to a court's inquiry here is whether the party seeking production will face difficulty in obtaining substantially equivalent information from other sources if discovery is denied. *See, e.g., Ogea*, 344 So. 2d at 958.

H&E respectfully urges the Court to order the requested production even if it determines that the documents and communications were in fact prepared for the purpose of litigation because a denial of production will cause unfair prejudice in H&E's ability to develop its claims against Defendants. Among other things, the materials at issue contain information regarding the problems at issue as well as what Defendants believed their obligations were and what standard of care they determined they should have followed with respect to the concrete pads. This information is necessary to developing and proving H&E's claims, meaningfully deposing Defendants, and responding to various defenses made by Defendants; and H&E faces significant difficulty in reasonably or efficiently obtaining such information elsewhere.

For instance, Defendants' Motion for Summary Judgment contends that one of the agreements between the parties waives H&E's right to recoverable damages, a provision that would be unenforceable if URS was willful in its defective designs and/or failure to remedy the problems with the concrete. The documents and communications at issue go directly to these questions of Defendants' knowledge and intent.

NO LEC 867184 v2
2919213-000024

### III. Conclusion

The exception to discovery afforded by Article 1424 should be extended only so far as necessary to serve the purposes underlying the exception, that is, to provide an attorney a "zone of privacy" within which he is free to evaluate and prepare his case without scrutiny by his adversary and/or to assist clients in obtaining complete legal advice. *Simmons*, 780 So. 2d at 1077-78; *see also, Hodges v. So. Farm Bureau Cas. Ins.* Co., 433 So.2d 125, 131–32 (La.1983). It is not intended to shield communications and documents prepared by a party in the normal course of business, simply because the party may not like the contents. That is precisely what Defendants are attempting to do here. For the reasons set forth above and previously, H&E respectfully requests that the Court grant its Motion to Compel and order the requested production. H&E further requests reasonable attorneys' fees and costs incurred in connection with its Motion to Compel.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**



BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

-7-

NON-CERTIFIED COPY

NO LEC 867184 v2
2919213-000024

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 11th day of June, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

LAURA E. CARLISLE



-8-

NO LEC 867184 v2
2919213-000024

NON-CERTIFIED COPY



# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170

PHONE:  504.566.5200
FAX:    504.636.4000

www.bakerdonelson.com

LAURA E. CARLISLE
Direct Dial: (504) 566-8643
Direct Fax: (504) 585-6943
E-Mail Address: lcarlisle@bakerdonelson.com

June 12, 2015



Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:   *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
19th JDC No. 626308, Division "D", Section XX1

Dear Mr. Welborn:

Please find enclosed an original and two copies of a Reply Brief in Support of Motion to Compel, which were fax-filed on June 11, 2015. Please file the original into the record and return a conformed copy to me in the self-addressed, postage paid envelope provided. I also enclose our firm's check in the amount of $170.00 to cover the cost associated with these filings.

With kindest regards, I remain

Sincerely,

/s/ Laura E. Carlisle

Laura E. Carlisle

LEC/sdt
Encl.
cc:   Philip A. Franco, Esq. w/encl.
      Kellen Matthews, Esq. w/encl.



NO LEC 866978 v1
2919213-000024

ABAMA    FLORIDA    GEORGIA    LOUISIANA    MISSISSIPPI    TENNESSEE    TEXAS    WASHINGTON, D.C.

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES     *    SUIT NO. 626,308     DIV.: D

                                       *    19TH JUDICIAL DISTRICT COURT

VERSUS                           * 

                                       *    PARISH OF EAST BATON ROUGE

URS CORPORATION             *

ARCHITECTURE, P.C., URS        *    STATE OF LOUISIANA

CORPORATION, L. O'NEAL

JOHNSON AND THOMAS E. RYAN,

III

---

### NOTICE OF RECORDS DEPOSITION

TO:    Travelers Property Casualty Company of America
Through its Registered Agent for Service of Process
Corporation Service Company
50 Weston Street
Hartford, CT 06120-1537

       H&E Equipment Services
Through their Counsel of Record
Roy C. Cheatwood
Anne Derbes Wittmann
M. David Kurtz
Laura E. Carlisle
Baker Donelseon Bearman Caldwell & Berkowitz
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

PLEASE TAKE NOTICE that on July 29, 2015, at 10:00 a.m. at Regus Business Center, 100 Pearl Street, 14th Floor, Hartford, CT 06103 (or at some other mutually agreeable date, time and location), and continuing from day to day until completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of Travelers Property Casualty Company of America before an officer designated under the Louisiana Code of Civil Procedure.  This deposition will be taken pursuant to the Louisiana Code of Civil Procedure and may be used for any purpose provided therein including perpetuation.  You are invited to attend and exercise such rights to which you are entitled under the law.

Pursuant to the Louisiana Code of Civil Procedure, Defendants will issue a subpoena duces tecum requiring Travelers Property Casualty Company of America to produce those documents listed on Exhibit "A" to this Notice.

EBR3028557

NON-CERTIFIED COPY

EXHIBIT

1

THIS IS A DEPOSITION FOR PRODUCTION OF RECORDS ONLY. THESE RECORDS MAY BE MAILED TO PHILIP A. FRANCO, ADAMS AND REESE, LLP, 4500 ONE SHELL SQUARE, NEW ORLEANS, LOUISIANA 70139 PRIOR TO JULY 29, 2015, AND NO APPEARANCE WILL BE NECESSARY. OTHERWISE, APPEARANCE IN ORDER TO PRODUCE THE RECORDS REQUESTED WILL BE NECESSARY.

Respectfully submitted,

ADAMS AND REESE, LLP

_____
Philip A. Franco (Bar #5819), TA
Ron Sholes    (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this ____ day of June, 2015.

_____

2

NON-CERTIFIED COPY

**Exhibit "A" To Notice of Records Deposition**

*DEFINITIONS AND INSTRUCTIONS*

1.      As used herein, the terms "you," "your," or "yourself" refers to Travelers Property Casualty Company of America, including without limitation, all present and/or former agents, representative, and attorneys, and each person acting or purporting to act on your behalf.

2.      As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.      As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.      The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced.  Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind.  The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.      If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability.  If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.      To the extent that any of the following requests for production are considered objectionable, produce those documents (or portions thereof) to which no objection is made and separately state that part of each document as to which the objection is raised and the ground for each such objection.

7.      If any information requested herein is claimed to be privileged or otherwise protected from discovery, you are requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:

        a.      its author;
        b.      the date of its creation;
        c.      the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
        d.      its general nature and subject matter;
        e.      its present location and custodian; and
        f.      the basis upon which it is claimed to be privileged or otherwise protected from discovery.

8.      "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or

3

NON-CERTIFIED COPY

pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

9.    "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

10.    "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

11.    "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

12.    "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof.  In lieu of identifying any document, copies thereof may be attached to your answer.

13.    "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

14.    "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

15.    Each request is addressed to the personal knowledge of Deponent, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

16.    Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief.  Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

17.    The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

18.    The following rules of construction apply to all discovery requests:

    (a)    All/Each. The terms "all" and "each" shall be construed as all and each.

    (b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    (c)    Number. The use of the singular form of any word includes the plural and vice versa.

4

NON-CERTIFIED COPY

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Please produce any and all documents (as defined above) in your possession, custody or control that relate in any way to H&E Equipment Services, Inc.'s claim pursuant to Policy No. GJ630-299D5178 (Claim Number EWS6304, Date of Loss: 11-26-12), including but not limited to the investigation file, claims file, and/or adjusters file, or any other documents of any kind or nature relating in any way or pertaining to said claim made by H&E Equipment Services, Inc.

5

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.          *    CASE NO. C626308, SECTION D

VERSUS                                *    19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,              PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L.                  COST OK'S $ 93.00
JOHNSON, AND THOMAS E. RYAN, III      *    STATE OF LOUISIANA    # 20782

FILED:_____      DEPUTY CLERK

## MOTION FOR LEAVE TO FILE
## SUR-REPLY/SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
## MOTION TO COMPEL AND
## INCORPORATED MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully requests that this Court

grant it leave to file the attached Sur-Reply/Supplemental Memorandum in Support of Motion to

Compel and in support thereof, represents as follows:

During oral argument of Plaintiff's Motion to Compel on Monday, June 15, 2015, this

Court granted Defendants leave to file a memorandum addressing a First Circuit decision

referenced in argument by undersigned counsel for Plaintiff, namely, *Clavier v. Our Lady of the

Lake Hosp., Inc.*, 2012-0560 (La. App. 1 Cir. 12/28/12), 112 So.3d 881. Defendants filed their

Reply/Supplemental Memorandum in Opposition to Motion to Compel on Wednesday, June 17,

2015, in which Defendants mischaracterize Plaintiff's reliance on *Clavier*. Plaintiff submits that

the attached Sur-Reply is necessary to correct Defendants' apparent misapprehension and to

clarify to this Court the basis for Plaintiff's reliance on *Clavier*. Plaintiff represents that its Sur-

Reply/Supplemental Memorandum is limited solely to the *Clavier* decision.

Accordingly, Plaintiff respectfully requests that this Court grant it leave to file the

attached Sur-Reply/Supplemental Memorandum in Support of Motion.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

-1-

FAX COPY FILED 6|18|15
ORIGINAL FILED 6|22|15

FILED
EAST BATON ROUGE PARISH, LA
2015 JUN 22 AM 11: 53
DEPUTY CLERK OF COURT

REC'D C.P.
JUN 23 2015

EBR2980774

NO ADK1 869116 v1
2919213-000024

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 18th day of June, 2015, the foregoing was

served on all known counsel of record who have appeared in this matter by electronic mail.

_____

FILED
EAST BATON ROUGE PARISH. LA
2015 JUN 22  AM 11: 53
DEPUTY CLERK OF COURT

-2-

NO ADK1 869116 v1
2919213-000024

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
|---|---|---|
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |

FILED:_____        _____
                                              **DEPUTY CLERK**

## ORDER

Considering the foregoing Motion for Leave to File Sur-Reply/Supplemental Memorandum in Support of Motion to Compel filed on behalf of Plaintiff, H&E Equipment Services, Inc.,

IT IS HEREBY ORDERED that leave for Plaintiff, H&E Equipment Services, Inc. to file the attached Sur-Reply/Supplemental Memorandum in Support of Motion to Compel is GRANTED.

THUS DONE AND SIGNED in Baton Rouge, Louisiana, this 24 day of June, 2015.

_____
HONORABLE JANICE CLARK, JUDGE
19TH JUDICIAL DISTRICT COURT

FILED
EAST BATON ROUGE PARISH, LA
2015 JUN 22 AM 11: 53
DEPUTY CLERK OF COURT

-1-

NO ADK1 869108 v1
2919213-000024

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |

FILED:_____      _____

                                                                DEPUTY CLERK

## SUR-REPLY/SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this Sur-Reply/Supplemental Memorandum solely for the purpose of correcting the apparent misapprehension of Plaintiffs' reliance on *Clavier v. Our Lady of the Lake Hosp., Inc.*, 2012-0560 (La. App. 1 Cir. 12/28/12), 112 So.3d 881, reflected in Defendants' Reply/Supplemental Opposition to Plaintiff's Motion to Compel. Contrary to Defendants' assertion, undersigned counsel did not represent to this Court that the *Clavier* decision addressed "any issue of privilege, or the work product doctrine, or a litigation hold letter."[1] During oral argument before this Court, undersigned counsel quoted the following holding in *Clavier*: "[t]he obligation or duty to preserve evidence arises from the foreseeability of the need for evidence in the future." *Id.* at \*\*5, \*885. In other words, anticipation of litigation triggers the duty to preserve evidence.

While the Court in *Clavier* reiterated this holding in the context of a claim for spoliation, the holding is applicable herein by analogy. In response to much of the discovery requests contained in Plaintiff's First Set of Interrogatories and Requests for Production of Documents, Defendants asserted the work product privilege. Defendants claim that information and documentation that post-dates February, 2013, was prepared in anticipation of litigation and is, therefore, not discoverable.[2] However, Defendants acknowledge that they did not institute a litigation hold until September 20, 2013. In accordance with the duty noted in *Clavier*, had Defendants anticipated litigation in February, 2013, Defendants had the duty to take steps to preserve evidence at the same time. As stated during oral argument, Plaintiff submits that Defendants' institution of a litigation hold on September 20, 2013, while not dispositive,


EBR2980775

---

[1] *See* Defendants' Reply/Supplemental Memorandum in Opposition to Plaintiff's Motion to Compel, p.2.

[2] *See* Defendants' Memorandum in Opposition to Motion to Compel, pp. 2-3.

NO ADK1 869047 v1
2919213-000024

NON-CERTIFIED COPY

certainly indicates that Defendants did not reasonably anticipate litigation until September 20, 2013.

For the reasons set forth in Plaintiff's Memorandum in Support of Motion to Compel and Plaintiff's Reply Brief in Support of Motion to Compel, and as argued on behalf of Plaintiff during oral argument before this Court on June 15, 2015, and clarified herein, Plaintiff urges this Court to grant its Motion to Compel, ordering Defendants to fully and completely respond to Interrogatory Numbers 6, 7, 9, 10, 12 and 14, and to produce the documents requested in Request for Production of Documents Numbers 5, 6, 7, 8, 9, 10, 11, 12 and 16.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

BY: _____

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT SERVICES, INC.**

FILED
EAST BATON ROUGE PARISH, LA
2015 JUN 22 AM 11: 53
DEPUTY CLERK OF COURT

<u>**CERTIFICATE OF SERVICE**</u>

IT IS HEREBY CERTIFIED that on this 18th day of June, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by electronic mail.

_____

-2-

NO ADK1 869047 v1
2919213-000024

NON-CERTIFIED COPY



**BAKER DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE: 504-566-5200
FAX: 504-636-4000
www.bakerdonelson.com

M. DAVID KURTZ
**Direct Dial**: (504) 566-5259
**Direct Fax**: (504) 636-3959
**E-Mail**: dkurtz@bakerdonelson.com

June 18, 2015



**VIA FACSIMILE (225) 389-3392**
Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:  *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
     19th JDC No. C626308, Division "D," Section XX1

Dear Mr. Welborn:

Attached please find a Motion for Leave to File Sur-Reply/Supplemental Memorandum in Support of Motion to Compel and Incorporated Memorandum in Support of Motion for Leave, Order and Sur-Reply/Supplemental Memorandum in Support of Plaintiff's Motion to Compel, which we ask that you file into the record on behalf of Plaintiff, H&E Equipment Services, Inc.  Once we have received your fax confirmation, we will forward the originals to you along with our check for the filing and fax fees associated with this request.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kind regards, I am

Sincerely,

M. David Kurtz

MDK:lwv
Enclosures

REC'D C.P.

JUN 23 2015

cc:  Hon. Janice G. Clark, Judge, Div. "D" *(via fax, w/encls.)*
     Mr. Ronald J. Sholes *(via email, w/encls.)*
     Mr. Philip A. Franco *(via email, w/encls.)*
     Mr. Kellen Matthews *(via email, w/encls.)*

EBR2980773

NO MDK 869151 v1
919213-000024

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308    DIV.: D** |
| | * | **19TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | |
| | * | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION** | * | |
| **ARCHITECTURE, P.C., URS** | * | **STATE OF LOUISIANA** |
| **CORPORATION, L. O'NEAL** | | |
| **JOHNSON AND THOMAS E. RYAN,** | | |
| **III** | | |

---

## <u>NOTICE OF RECORDS DEPOSITION</u>

TO:    Travelers Property Casualty Company of America
Through its Registered Agent for Service of Process
Corporation Service Company
50 Weston Street
Hartford, CT 06120-1537

H&E Equipment Services
Through their Counsel of Record
Roy C. Cheatwood
Anne Derbes Wittmann
M. David Kurtz
Laura E. Carlisle
Baker Donelseon Bearman Caldwell & Berkowitz
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

PLEASE TAKE NOTICE that on July 29, 2015, at 10:00 a.m. at Regus Business Center, 100 Pearl Street, 14th Floor, Hartford, CT 06103 (or at some other mutually agreeable date, time and location), and continuing from day to day until completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of Travelers Property Casualty Company of America before an officer designated under the Louisiana Code of Civil Procedure. This deposition will be taken pursuant to the Louisiana Code of Civil Procedure and may be used for any purpose provided therein including perpetuation. You are invited to attend and exercise such rights to which you are entitled under the law.

Pursuant to the Louisiana Code of Civil Procedure, Defendants will issue a subpoena duces tecum requiring Travelers Property Casualty Company of America to produce those documents listed on Exhibit "A" to this Notice.



NON-CERTIFIED COPY

THIS IS A DEPOSITION FOR PRODUCTION OF RECORDS ONLY.  THESE RECORDS MAY BE MAILED TO PHILIP A. FRANCO, ADAMS AND REESE, LLP, 4500 ONE SHELL SQUARE, NEW ORLEANS, LOUISIANA 70139 PRIOR TO JULY 29, 2015, AND NO APPEARANCE WILL BE NECESSARY.  OTHERWISE, APPEARANCE IN ORDER TO PRODUCE THE RECORDS REQUESTED WILL BE NECESSARY.

Respectfully submitted,

ADAMS AND REESE, LLP

_____
Philip A. Franco (Bar #5819), TA
Ron Sholes     (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this 23rd day of June, 2015.

_____



2

NON-CERTIFIED COPY

## Exhibit "A" To Notice of Records Deposition

### *DEFINITIONS AND INSTRUCTIONS*

1.      As used herein, the terms "you," "your," or "yourself" refers to Travelers Property Casualty Company of America, including without limitation, all present and/or former agents, representative, and attorneys, and each person acting or purporting to act on your behalf.

2.      As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.      As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.      The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced. Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind. The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.      If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability. If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.      To the extent that any of the following requests for production are considered objectionable, produce those documents (or portions thereof) to which no objection is made and separately state that part of each document as to which the objection is raised and the ground for each such objection.

7.      If any information requested herein is claimed to be privileged or otherwise protected from discovery, you are requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:

      a.      its author;
      b.      the date of its creation;
      c.      the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
      d.      its general nature and subject matter;
      e.      its present location and custodian; and
      f.      the basis upon which it is claimed to be privileged or otherwise protected from discovery.

8.      "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or

3

NON-CERTIFIED COPY

pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

9.      "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

10.     "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

11.     "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

12.     "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof.  In lieu of identifying any document, copies thereof may be attached to your answer.

13.     "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

14.     "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

15.     Each request is addressed to the personal knowledge of Deponent, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

16.     Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief.  Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

17.     The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

18.     The following rules of construction apply to all discovery requests:

(a)     All/Each. The terms "all" and "each" shall be construed as all and each.
(b)     And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
(c)     Number. The use of the singular form of any word includes the plural and vice versa.

4

NON-CERTIFIED COPY

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Please produce any and all documents (as defined above) in your possession, custody or control that relate in any way to H&E Equipment Services, Inc.'s claim pursuant to Policy No. GJ630-299D5178 (Claim Number EWS6304, Date of Loss: 11-26-12), including but not limited to the investigation file, claims file, and/or adjusters file, or any other documents of any kind or nature relating in any way or pertaining to said claim made by H&E Equipment Services, Inc.

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308     DIV.: D** |
| | * | **19TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | |
| | * | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION** | * | |
| **ARCHITECTURE, P.C., URS** | * | **STATE OF LOUISIANA** |
| **CORPORATION, L. O'NEAL** | | |
| **JOHNSON AND THOMAS E. RYAN,** | | |
| **III** | | |

<u>**ORDER**</u>

Considering the foregoing Petition for Letters Rogatory filed by Defendants, URS

Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E.

Ryan, III;

**IT IS HEREBY ORDERED** that Letters Rogatory shall be issued to the

Connecticut Superior Court, Hartford Judicial District of the State of Connecticut,

requesting that a deposition subpoena and/or subpoena duces tecum be issued and served

on Travelers Property Casualty Company of America, along with the attached Notice of

Records Only Deposition, commanding them to appear and produce the following records

on July 29, 2015, at 10:00 a.m. at Regus Business Center, 100 Pearl Street, 14th Floor,

Hartford, CT 06103 (or at some other mutually agreeable date, time and location):

> Any and all documents (as defined in the Notice of Records Deposition
> attached hereto) in your possession, custody or control that relate in any
> way to H&E Equipment Services, Inc.'s claim pursuant to Policy No.
> GJ630-299D5178 (Claim Number EWS6304, Date of Loss: 11-26-12),
> including but not limited to the investigation file, claims file, and/or
> adjusters file, or any other documents of any kind or nature relating in any
> way or pertaining to said claim made by H&E Equipment Services, Inc.

**BATON ROUGE, LOUISIANA,** this 2 4 day of June ,

2015.

_____
19th Judicial District Court Judge

1


NON-CERTIFIED COPY

EBR3028555

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

### NOTICE OF RECORDS DEPOSITION

TO:     Travelers Property Casualty Company of America
Through its Registered Agent for Service of Process
Corporation Service Company
50 Weston Street
Hartford, CT 06120-1537

H&E Equipment Services
Through their Counsel of Record
Roy C. Cheatwood
Anne Derbes Wittmann
M. David Kurtz
Laura E. Carlisle
Baker Donelseon Bearman Caldwell & Berkowitz
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

PLEASE TAKE NOTICE that on July 29, 2015, at 10:00 a.m. at Regus Business Center, 100 Pearl Street, 14th Floor, Hartford, CT 06103 (or at some other mutually agreeable date, time and location), and continuing from day to day until completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of Travelers Property Casualty Company of America before an officer designated under the Louisiana Code of Civil Procedure. This deposition will be taken pursuant to the Louisiana Code of Civil Procedure and may be used for any purpose provided therein including perpetuation. You are invited to attend and exercise such rights to which you are entitled under the law.

Pursuant to the Louisiana Code of Civil Procedure, Defendants will issue a subpoena duces tecum requiring Travelers Property Casualty Company of America to produce those documents listed on Exhibit "A" to this Notice.



EXHIBIT
1

NON-CERTIFIED COPY

THIS IS A DEPOSITION FOR PRODUCTION OF RECORDS ONLY. THESE RECORDS MAY BE MAILED TO PHILIP A. FRANCO, ADAMS AND REESE, LLP, 4500 ONE SHELL SQUARE, NEW ORLEANS, LOUISIANA 70139 PRIOR TO JULY 29, 2015, AND NO APPEARANCE WILL BE NECESSARY. OTHERWISE, APPEARANCE IN ORDER TO PRODUCE THE RECORDS REQUESTED WILL BE NECESSARY.

Respectfully submitted,

ADAMS AND REESE, LLP

_____

Philip A. Franco (Bar #5819), TA
Ron Sholes      (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this 23rd day of June, 2015.

_____

2

NON-CERTIFIED COPY

## Exhibit "A" To Notice of Records Deposition

### *DEFINITIONS AND INSTRUCTIONS*

1.    As used herein, the terms "you," "your," or "yourself" refers to Travelers Property Casualty Company of America, including without limitation, all present and/or former agents, representative, and attorneys, and each person acting or purporting to act on your behalf.

2.    As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.    As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.    The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced.  Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind.  The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.    If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability.  If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.    To the extent that any of the following requests for production are considered objectionable, produce those documents (or portions thereof) to which no objection is made and separately state that part of each document as to which the objection is raised and the ground for each such objection.

7.    If any information requested herein is claimed to be privileged or otherwise protected from discovery, you are requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:

    a.    its author;
    b.    the date of its creation;
    c.    the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
    d.    its general nature and subject matter;
    e.    its present location and custodian; and
    f.    the basis upon which it is claimed to be privileged or otherwise protected from discovery.

8.    "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or

3

NON-CERTIFIED COPY

pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

9.    "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

10.    "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

11.    "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

12.    "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof.  In lieu of identifying any document, copies thereof may be attached to your answer.

13.    "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

14.    "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

15.    Each request is addressed to the personal knowledge of Deponent, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

16.    Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief.  Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

17.    The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

18.    The following rules of construction apply to all discovery requests:

(a)    All/Each. The terms "all" and "each" shall be construed as all and each.
(b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
(c)    Number. The use of the singular form of any word includes the plural and vice versa.

4

NON-CERTIFIED COPY

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Please produce any and all documents (as defined above) in your possession, custody or control that relate in any way to H&E Equipment Services, Inc.'s claim pursuant to Policy No. GJ630-299D5178 (Claim Number EWS6304, Date of Loss: 11-26-12), including but not limited to the investigation file, claims file, and/or adjusters file, or any other documents of any kind or nature relating in any way or pertaining to said claim made by H&E Equipment Services, Inc.

5

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308      DIV.: D** |
| | * | **19TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | |
| | * | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION** | * | |
| **ARCHITECTURE, P.C., URS** | * | **STATE OF LOUISIANA** |
| **CORPORATION, L. O'NEAL** | | |
| **JOHNSON AND THOMAS E. RYAN,** | | |
| **III** | | |

---

## LETTERS ROGATORY

TO:   **CONNECTICUT   SUPERIOR   COURT,   HARTFORD   JUDICIAL DISTRICT**

In the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, there is a pending case entitled "<u>H&E Equipment Services versus URS Corporation Architecture, et al.</u>" bearing Case No. 626,308(D), and it appears to this Court that the just determination of the issues presented therein requires that certain records related to the claim made by H&E Equipment Services, Plaintiff herein, that are in the custody or control of Travelers Property Casualty Company of America, be made available to Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, for inspection and copying on a reasonable date and at a reasonable time.

It is therefore requested that you assist this Court in serving the interests of justice by issuing a deposition subpoena and/or subpoena duces tecum in accordance with the attached Notice of Records Only Deposition to Travelers Property Casualty Company of America commanding them to appear and produce the following records on July 29, 2015, at 10:00 a.m. at Regus Business Center, 100 Pearl Street, 14th Floor, Hartford, CT 06103 (or at some other mutually agreeable date, time and location):

Any and all documents (as defined in the Notice of Records Deposition attached hereto) in your possession, custody or control that relate in any way to H&E Equipment Services, Inc.'s claim pursuant to Policy No. GJ630-299D5178 (Claim Number EWS6304, Date of Loss: 11-26-12),



NON-CERTIFIED COPY

1

including but not limited to the investigation file, claims file, and/or adjusters file, or any other documents of any kind or nature relating in any way or pertaining to said claim made by H&E Equipment Services, Inc.

**BATON ROUGE, LOUISIANA,** this 24 day of July,
2015.

_____
19th Judicial District Court Judge

NON-CERTIFIED COPY

2

H&E EQUIPMENT SERVICES      *      SUIT NO. 626,308     DIV.: D

                               *      19TH JUDICIAL DISTRICT COURT

VERSUS                       * 

                               *      PARISH OF EAST BATON ROUGE

URS CORPORATION
ARCHITECTURE, P.C., URS        *      STATE OF LOUISIANA
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS E. RYAN,
III

---

## NOTICE OF RECORDS DEPOSITION

TO:     Travelers Property Casualty Company of America
        Through its Registered Agent for Service of Process
        Corporation Service Company
        50 Weston Street
        Hartford, CT 06120-1537

        H&E Equipment Services
        Through their Counsel of Record
        Roy C. Cheatwood
        Anne Derbes Wittmann
        M. David Kurtz
        Laura E. Carlisle
        Baker Donelseon Bearman Caldwell & Berkowitz
        201 St. Charles Avenue, Suite 3600
        New Orleans, LA 70170

PLEASE TAKE NOTICE that on July 29, 2015, at 10:00 a.m. at Regus Business Center,

100 Pearl Street, 14th Floor, Hartford, CT 06103 (or at some other mutually agreeable date, time

and location), and continuing from day to day until completed, Defendants, URS Corporation

Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, will take the

deposition upon oral examination of Travelers Property Casualty Company of America before an

officer designated under the Louisiana Code of Civil Procedure. This deposition will be taken

pursuant to the Louisiana Code of Civil Procedure and may be used for any purpose provided

therein including perpetuation. You are invited to attend and exercise such rights to which you

are entitled under the law.

Pursuant to the Louisiana Code of Civil Procedure, Defendants will issue a subpoena

duces tecum requiring Travelers Property Casualty Company of America to produce those

documents listed on Exhibit "A" to this Notice.



EXHIBIT
1

NON-CERTIFIED COPY

THIS IS A DEPOSITION FOR PRODUCTION OF RECORDS ONLY. THESE RECORDS MAY BE MAILED TO PHILIP A. FRANCO, ADAMS AND REESE, LLP, 4500 ONE SHELL SQUARE, NEW ORLEANS, LOUISIANA 70139 PRIOR TO JULY 29, 2015, AND NO APPEARANCE WILL BE NECESSARY. OTHERWISE, APPEARANCE IN ORDER TO PRODUCE THE RECORDS REQUESTED WILL BE NECESSARY.

Respectfully submitted,

ADAMS AND REESE, LLP

_____
Philip A. Franco (Bar #5819), TA
Ron Sholes     (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this 23rd day of June, 2015.

_____

2

NON-CERTIFIED COPY

**Exhibit "A" To Notice of Records Deposition**

*DEFINITIONS AND INSTRUCTIONS*

1.      As used herein, the terms "you," "your," or "yourself" refers to Travelers Property Casualty Company of America, including without limitation, all present and/or former agents, representative, and attorneys, and each person acting or purporting to act on your behalf.

2.      As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.      As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.      The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced.  Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind.  The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.      If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability.  If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.      To the extent that any of the following requests for production are considered objectionable, produce those documents (or portions thereof) to which no objection is made and separately state that part of each document as to which the objection is raised and the ground for each such objection.

7.      If any information requested herein is claimed to be privileged or otherwise protected from discovery, you are requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:

     a.      its author;
     b.      the date of its creation;
     c.      the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
     d.      its general nature and subject matter;
     e.      its present location and custodian; and
     f.      the basis upon which it is claimed to be privileged or otherwise protected from discovery.

8.      "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or

3

NON-CERTIFIED COPY

pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

9.    "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

10.    "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

11.    "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

12.    "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof.  In lieu of identifying any document, copies thereof may be attached to your answer.

13.    "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

14.    "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

15.    Each request is addressed to the personal knowledge of Deponent, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

16.    Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief.  Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

17.    The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

18.    The following rules of construction apply to all discovery requests:

(a)    All/Each. The terms "all" and "each" shall be construed as all and each.
(b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
(c)    Number. The use of the singular form of any word includes the plural and vice versa.

NON-CERTIFIED COPY

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Please produce any and all documents (as defined above) in your possession, custody or control that relate in any way to H&E Equipment Services, Inc.'s claim pursuant to Policy No. GJ630-299D5178 (Claim Number EWS6304, Date of Loss: 11-26-12), including but not limited to the investigation file, claims file, and/or adjusters file, or any other documents of any kind or nature relating in any way or pertaining to said claim made by H&E Equipment Services, Inc.

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308      DIV.: D** |
| | * | **19TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | |
| | * | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION** | * | |
| **ARCHITECTURE, P.C., URS** | * | **STATE OF LOUISIANA** |
| **CORPORATION, L. O'NEAL** | | |
| **JOHNSON AND THOMAS E. RYAN,** | | COST OK $ |
| **III** | | JUN 23 2015 |

DEPUTY CLERK OF COURT



## PETITION FOR LETTERS ROGATORY

**NOW INTO COURT**, through undersigned counsel, come Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"), who file this Petition for Letters Rogatory, pursuant to La. Rev. Stat. 13:3823, on the following grounds:

1.

H&E Equipment Services and URS entered into an Agreement for Professional Services whereby URS agreed to furnish professional design and construction administration services to H&E Equipment Services in connection with construction of facilities in Baton Rouge, Louisiana, and Kenner, Louisiana.   H&E Equipment Services has alleged design deficiencies by URS and that URS has failed and refused to address those deficiencies.

2.

In response to Defendants' discovery, Plaintiff, H&E Equipment Services, produced a letter from Travelers Property Casualty Company of America (hereinafter "Travelers") in connection with a claim made by Plaintiff, which is the subject of this lawsuit.  As such, any records in the possession of Travelers relating to the issues in this lawsuit are potentially relevant to the claims and defenses asserted herein.

3.

Travelers Property Casualty Company of America is located in Hartford, CT.

EBR3028555

NON-CERTIFIED COPY

4.

Defendants desire to serve a Notice of Records Deposition upon Travelers.  Attached as

Exhibit 1 is a Notice of Records Only Deposition directed to Travelers, seeking the production of

any and all records related to the claim made by Plaintiff regarding this lawsuit.

5.

Because Travelers is domiciled and/or located beyond the jurisdictional boundaries of the

State of Louisiana, the assistance of this Honorable Court in issuing these Letters Rogatory is

required.

6.

La. Rev. Stat. 13:3823 authorizes this Court to issue a commission in the form of Letters

Rogatory addressed to the appropriate judicial authority in another state.

7.

Petitioner desires that Travelers be served with a deposition subpoena and Notice of

Records Deposition, requiring that it appear and produce records related to the claim made by

Plaintiff relating to this lawsuit on July 29, 2015 at 10:00 a.m. at Regus Business Center, 100

Pearl Street, 14th Floor, Hartford, CT 06103 (or at some other mutually agreeable date, time and

location).

**WHEREFORE,** the above premises considered, Defendants pray that Letters Rogatory

be issued to the appropriate judicial authority of the State of Connecticut, requesting that a

deposition subpoena and/or subpoena duces tecum be issued and served along with the attached

Notice of Records Only Deposition, commanding Travelers Property Casualty Company of

America to appear and produce records related to the claim made by Plaintiff relating to this

NON-CERTIFIED COPY

lawsuit on July 29, 2015, at 10:00 a.m. at Regus Business Center, 100 Pearl Street, 14th Floor, Hartford, CT 06103 (or at some other mutually agreeable date, time and location).

Respectfully submitted,

**ADAMS AND REESE, LLP**

Philip A. Franco (Bar #5819), TA
Ron Sholes     (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this _23rd_ day of June, 2015.



3

NON-CERTIFIED COPY

**H&E EQUIPMENT SERVICES, INC.**

**VERSUS**

**URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III**

**FILED:**_____

\*   **CASE NO. C626308, SECTION D**

\*   **19TH JUDICIAL DISTRICT COURT**

\*   **PARISH OF EAST BATON ROUGE**

\*   **STATE OF LOUISIANA** COST OK $_____

_____ JUL – 7 2015
        **DEPUTY CLERK**
                DEPUTY CLERK OF COURT

### JUDGMENT

The Motion to Compel filed on behalf of defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, (collectively referenced herein as "Defendants"), seeking to compel plaintiff, H&E Equipment Services, Inc. (hereinafter "Plaintiff"), to respond to certain Interrogatories and Requests for Production of Document propounded by Defendants to Plaintiff on or about November 29, 2014, was heard on Monday, June 15, 2015, at 1:00 p.m., before the Honorable Judge Janice Clark.

**PRESENT**:   Mr. Ron Sholes
Mr. Kellen J. Mathews
For Defendants

Ms. Anne Derbes Wittmann
Mr. M. David Kurtz
For Plaintiff

**CONSIDERING** the Stipulation entered into between Defendants and Plaintiff, read into the record, the Court accepts the Stipulation and adopts same as the Judgment of the Court. Accordingly,

**IT IS HEREBY ORDERED** that within fifteen (15) days of the referenced hearing, or by June 30, 2015, for the purpose of the discovery of electronically stored information ("ESI"), Defendants will provide to Plaintiff a list proposed search terms, as well as the identity of the custodians from whom ESI will be retrieved.

**IT IS FURTHER ORDERED** that, with regard to Defendants' Interrogatory Numbers, 2, 3, and 4, Plaintiff will identify other facilities owned and/or operated by Plaintiff with concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories upon which operations similar to those conducted at H&E Equipment Services, Inc.'s Baton Rouge and Kenner facilities, i.e. operations involving the routine traversal of heavy tracked equipment, are conducted, and Plaintiff will respond to the subparts of these interrogatories, reserving the right of Plaintiff to object to, and request relief from, the requested discovery on the ground that



Page **1** of **2**

RECD O.P.

responding to Interrogatory Numbers, 2, 3(e); 3(l); 3(m); 3(n); 3(o)  and 4, is too burdensome.

**IT IS FURTHER ORDERED** that, with regard to Defendants' Interrogatory Number 5, Plaintiff's response will be limited to identifying other facilities owned and/or operated by Plaintiff, with facilities other than concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories whereupon similar operations involving the routine traversal of heavy tracked equipment are conducted.  Defendants reserve the right to seek responses to the remainder of Interrogatory Number 5 and all subparts thereto.

**IT IS FURTHER ORDERED** that, with regard to the remaining discovery requests that formed the basis for Defendants' Motion to Compel, Plaintiff has indicated that materials responsive to these requests, to the extent Plaintiff has any, will be produced and as such Defendants' Motion to Compel is DENIED as premature.

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, this ___ day of June, 2015.

HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

Approved as to form:

Ron Sholes/Kellen J. Mathews
ADAMS AND REESE
4500 One Shell Square
New Orleans, LA  70139
Telephone:  (225) 922-5110
*Attorneys for Defendants*

Anne Derbes Wittmann/M. David Kurtz
BAKER, DONELSON, BEARMAN,
CALDWELL  & BERKOWITZ, PC
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
Telephone:  (504) 566-5200
*Attorneys for Plaintiff*

I hereby certify that on this day a notice of the above judgement was mailed by me, with sufficient postage affixed, to: Wittmann, Kurtz, Mathews
Done and signed on 7-13-15

Deputy Clerk of Court

Page **2** of **2**

NO ADKI 869041 v1
2919213-000024 06/18/2015

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | CASE NO. C626308, SECTION D |
|---|---|
| versus | 19th JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | PARISH OF EAST BATON ROUGE STATE OF LOUISIANA |

## JOINT PROTECTIVE ORDER

Pursuant to Article 1426 of the Louisiana Code of Civil Procedure, and by agreement of the Parties[1] and their counsel, the Court enters the following Protective Order:

1. **DEFINITIONS**

1.1    "CONFIDENTIAL INFORMATION" shall generally include trade secret or other information and/or documentation that possesses sufficient commercial or proprietary interest(s) to preclude dissemination, and that is not otherwise in the public domain. Documents or information that is in the public domain prior to the date of this Protective Order, or which is placed in the public domain without breach of this Protective Order, shall not be entitled to protection under this Protective Order.

The term CONFIDENTIAL INFORMATION also includes information implicating privacy concerns protected by law, statute, or regulation with respect to individuals.

The term CONFIDENTIAL INFORMATION further includes third party copyrighted information, which includes, but is not limited to, documents, photographs, videos, and other tangible items that either (1) bear a copyright notice identifying third parties, who are not parties to this litigation, as the owner of the copyright or (2) for which a party to this litigation has been informed that a third party, who is not a party to this litigation, claims copyright in the work.

1.2    "DOCUMENTS" include all writings, applications, recordings, videos, photographs, and other tangible items, including originals and all copies thereof, in whatever form maintained or produced.

---

[1] The parties to this proceeding include: H&E Equipment Services, Inc., URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

EBR3134239
NON-CERTIFIED COPY

1.3    "QUALIFIED PERSONS" shall include and be limited to:

(a)    The parties to this litigation, including their agents, representatives, employees, divisions, subsidiaries, affiliates, and successors or predecessors in business or interest.

(b)    Counsel of record, and their partners, associates, secretaries, paralegal assistants, and employees, and only to the extent reasonably necessary to render professional services in the litigation.

(c)    Outside vendors retained by those listed in sub-paragraphs (a) and (b), above, to copy, reproduce, scan, image, Bates label, or otherwise assist or facilitate the organization, handling, and production of documents, to the extent reasonably necessary to render these support services in this litigation.

(d)    Court officials involved in this litigation, including, without limitation, court reporters and persons operating video equipment at depositions.

(e)    Independent experts and consultants retained by a party, including their stenographic and clerical personnel, whether or not expected to testify at any trial or hearing or to offer a report; provided, however, that prior to receiving any CONFIDENTIAL INFORMATION, said independent experts or consultants shall review this Protective Order and agree to be bound by its terms and conditions, and execute a copy of the Acknowledgement and Non-Disclosure Agreement, which is attached as Exhibit "A".

(f)    Persons noticed for depositions or designated as witnesses for any trial or hearing, but only if counsel for a non-designating party establishes that it is necessary to share CONFIDENTIAL INFORMATION with the deponent and/or witness.

(g)    Any other person who is designated a QUALIFIED PERSON by order of the Court after notice to the party supplying the CONFIDENTIAL INFORMATION.

Nothing in this Order relieves any party from following applicable federal and state law regarding the release of CONFIDENTIAL INFORMATION.

NO LEC 859493 v3
2919213-000024 07/08/2015

NON-CERTIFIED COPY

2.   **DESIGNATION OF CONFIDENTIAL INFORMATION**

2.1    Information may be designated as CONFIDENTIAL INFORMATION by marking the initial page of a document as or by marking the surface or container of any storage media as:

**"CONFIDENTIAL"**

**or**

**"CONFIDENTIAL INFORMATION"**

In lieu of marking the original, the designating party may mark the copy that is produced or exchanged.

2.2    Deposition testimony, or portions thereof, may be designated as CONFIDENTIAL INFORMATION by (a) a statement to that effect at the time of the taking of such testimony, (b) by notice to all parties within fifteen (15) days of receipt of the deposition transcript, or (c) thereafter by consent of all parties or by order of the Court.

2.3    A party shall not be obligated to challenge the propriety of a designation of information as CONFIDENTIAL INFORMATION at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.   Exceptions to this Order may be made by unanimous agreement of the parties.  If such an agreement cannot be reached, any party may seek relief from the Court to change, modify, or eliminate any provision of this Order.

2.4    The designation of any information as CONFIDENTIAL INFORMATION is intended solely to facilitate the production of documents in these proceedings, and such designation shall not be construed as an admission or agreement that such materials constitute or contain confidential information.

2.5    Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) business days of the discovery of the inadvertent failure.  At such time, arrangements shall be made for return of all copies of the inadvertently undesignated

NO LEC 859493 v3
2919213-000024 07/08/2015

NON-CERTIFIED COPY

documents to the designating party and for the submission, where appropriate, of properly labeled copies.

2.6    If a third party provides discovery to any party in connection with this action, and if the third party so elects (by means of a letter to all undersigned counsel indicating such election), then the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a party.  Under such circumstances, the third party shall have the same rights and obligations under this Protective Order as held by a producing party under this Order; provided, however, that such third party shall not have access to CONFIDENTIAL INFORMATION produced by the parties to this litigation simply by virtue of such third party's status as a producing party in this litigation.  Parties to this litigation may also designate third party discovery as CONFIDENTIAL INFORMATION.

3.    **NONDISCLOSURE OF CONFIDENTIAL INFORMATION**

3.1    All CONFIDENTIAL INFORMATION produced or provided in the course of the captioned litigation may be used only in accordance with the terms and conditions of this Order.

3.2    Materials designated as CONFIDENTIAL INFORMATION shall not be disclosed or made available, in whole or in part, whether in writing, orally, or by other means, to persons other than the parties, the Court, or QUALIFIED PERSONS as defined in this Order or the party who supplied the CONFIDENTIAL INFORMATION.

3.3    Prior to the disclosure of any CONFIDENTIAL INFORMATION to any persons other than those described in paragraph 1.4, including subparts, above, counsel for the non-designating party shall provide such persons with a copy of this Protective Order and shall have such persons review this Protective Order and agree to be bound by its terms and conditions, by executing an Acknowledgement and Non-Disclosure Agreement, a copy of which is attached as Exhibit "A".

3.4    Except as otherwise provided herein, all parties and persons to whom CONFIDENTIAL INFORMATION is disclosed are prohibited from using CONFIDENTIAL INFORMATION, except as provided herein, and are further prohibited from disclosing

4

NON-CERTIFIED COPY

CONFIDENTIAL INFORMATION to any other person, except in accord with the provisions of this Protective Order.

3.5     If a party wishes to disclose any information designated as CONFIDENTIAL INFORMATION to any persons not described in paragraph 1.4, including subparts, of this Protective Order, prior permission to so disclose must be obtained from the designating party in writing. The designating party may in good faith object to such disclosure if such objection is not interposed for purposes of delay. If the designating party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon motion by the party requesting such permission, noticed for contradictory hearing, orders otherwise.

3.6     If any party subject to this Protective Order, or its counsel, receives a subpoena, discovery demand or any other demand or request for any CONFIDENTIAL INFORMATION, that party or its counsel shall immediately notify the designating party. The non-designating party receiving the subpoena, discovery demand or any other demand or request for any CONFIDENTIAL INFORMATION will reasonably cooperate with the designating party to permit the designating party to assert its rights and privileges with respect to the CONFIDENTIAL INFORMATION. The parties agree that the reasonable expenses of such cooperative effort are not covered by this Protective Order and that those reasonable expenses, if any, may be addressed separately by agreement of the parties or with the Court. The designating party shall bear the burden of asserting its rights and privileges with respect to the CONFIDENTIAL INFORMATION.

## 4.     HANDLING AND USE OF CONFIDENTIAL INFORMATION

Persons obtaining access to CONFIDENTIAL INFORMATION pursuant to this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials) and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings, except as authorized by order of the Court.

NO LEC 859493 v3
2919213-000024 07/08/2015

NON-CERTIFIED COPY

Received
7/9/2015 10:21:28 AM CST

5.    **FILING**

    5.1    The Clerk of this Court is hereby directed to maintain under seal (a) all materials received for filing with the Court or admitted at hearing or trial, marked in whole or in part, as CONFIDENTIAL INFORMATION and (b) all motions, briefs, or other pleadings that make specific disclosure of CONFIDENTIAL INFORMATION.

    5.2    CONFIDENTIAL INFORMATION need not be filed with the Clerk except when required in connection with hearings, motions under the Louisiana Code of Civil Procedure, or other matters pending before the Court.  If filed, any CONFIDENTIAL INFORMATION shall be filed under seal and shall remain sealed while in the office of the Clerk.  Pleadings or briefs shall not disclose CONFIDENTIAL INFORMATION, but instead must refer to such materials or information generally as attachments or exhibits to the brief or pleading.

6.    **NOTICE TO COURT**

    6.1    The attorneys for the parties shall inform the Court at any hearing or trial of any testimony or material deemed CONFIDENTIAL INFORMATION.

    6.2    Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded such information, at the trial or hearing.

7.    **RESERVATION OF RIGHTS**

    This Order is without prejudice to the right of any party to oppose the production or admissibility of documents or information for any legal reason.

8.    **NON-TERMINATION**

    The provisions of this Order shall not terminate at the conclusion of these actions. Within thirty (30) days after final conclusion of all aspects of this litigation, counsel for the non-designating party either shall return all CONFIDENTIAL INFORMATION in his or her possession, custody, or control or in the custody of any authorized agents, outside experts and

NO LEC 859493 v3
2919213-000024 07/08/2015

NON-CERTIFIED COPY

consultants retained or utilized by counsel for the non-designating party to counsel for the designating party or shall certify destruction thereof to such counsel. As for CONFIDENTIAL INFORMATION maintained or stored in computer databases or backup tapes, the non-designating party shall delete all such CONFIDENTIAL INFORMATION. Notwithstanding the foregoing, however, counsel of record may retain their file copies of court filings, deposition or hearing transcripts and exhibits, and correspondence, EXCEPT that any copies of documents labeled CONFIDENTIAL INFORMATION that are included as exhibits or attachments to court filings, deposition or hearing transcripts, or correspondence shall either be returned to the designating party or the counsel of record will certify as to their destruction. The parties agree that the reasonable expenses of such effort are not covered by this Protective Order and that those reasonable expenses, if any, may be addressed separately by agreement of the parties or with the Court.

9.   **RESPONSIBILITY OF ATTORNEYS**

The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, and to the extent possible, duplication of, access to, and distribution of copies of CONFIDENTIAL INFORMATION.

10.   **BREACH**

Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule, and the inherent power of the Court.

11.   **MODIFICATIONS/AMENDMENTS**

This Protective Order, and its terms, may be modified only by a subsequent Protective Order to which the Parties have agreed and/or which is entered by this Court. Any such subsequent Protective Order will be effective after it is signed by the Court, and only for the period of time specified in such Protective Order. After each such Protective Order expires, this Order shall once again be effective. The Parties are specifically given the right to request that

NO LEC 859493 v3
2919213-000024  07/08/2015

NON-CERTIFIED COPY

this Court modify or otherwise grant relief from any provision of the Order notwithstanding their

approval or agreement to this Order.

Baton Rouge, Louisiana, this the ____ day of _____, 2015.


_____
**DISTRICT JUDGE**


**APPROVED AS TO FORM:**

_____
Roy C. Cheatwood
Anne Derbes Wittmann
M. David Kurtz
Laura E. Carlisle
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170

*Attorneys for H&E Equipment Services, Inc.*


_____
Philip A. Franco
Rob Sholes
Kellen J. Matthews
ADAMS AND REESE, LLP
4500 One Shell Square
New Orleans, Louisiana 70139

*Attorneys for URS Corporation Architecture, P.C.,*
*URS Corporation, L. O'Neal Johnson and*
*Thomas E. Ryan, III*

FILED
EAST BATON ROUGE PARISH, LA
2015 JUL -9  PM 1: 19
DEPUTY CLERK OF COURT

8

NO.15:C 859493 v3
2919213-000024  07/08/2015

NON-CERTIFIED COPY

### EXHIBIT "A"

### ACKNOWLEDGEMENT AND NONDISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury under the laws of the

United States that I have read and understand the terms of the Joint Protective Order entered in

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., URS Corporation, L*

*O'Neal Johnson and Thomas E. Ryan.*, bearing Docket No. 626308, Division "D" of the 19th

Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.  I agree that I will

not disclose any information received by me pursuant to this Joint Protective Order, except for

purposes directly related to this litigation and as expressly allowed by the Order.  I agree to be

bound by the terms and conditions of the Order and hereby consent to the jurisdiction of the 19th

Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for purposes of

enforcing this Order.


Dated _____.



_____



_____
             Printed Name

NO LEC 859493 v3
2919213-000024 07/08/2015

NON-CERTIFIED COPY



## BAKER DONELSON
### BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:    504.566.5200
FAX:   504.636.4000

www.bakerdonelson.com

# FAX COVER SHEET

| | |
|---|---|
| **FROM** | Denise DeAmore |
| **EMAIL** | ddeamore@bakerdonelson.com |
| **BILL CODE** | |
| **TO** | |
| **COMPANY** | |
| **FAX NUMBER** | 12253893392 |
| **DATE** | 7/9/2015 10:20:35 AM CST |
| **RE** | H&E Equipment v. URS Corporation Architecture, et al., Case #C626308, Sec. D |

## COVER MESSAGE

See attached for filing.  Please return confirmation via fax reflecting filing costs.  Original will be forwarded by mail.

Denise C. DeAmore
Legal Secretary to Aubrey B. Hirsch, Jr., Brian M. Ballay and Kathlyn Perez Bethune
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue
Suite 3600
New Orleans, LA  70170
Direct:  504.566.5271
Fax:  504.636.3971
E-mail:  DDeAmore@bakerdonelson.com<mailto:eDDeAmore@bakerdonelson.com>
www.bakerdonelson.com<http://www.bakerdonelson.com/>


Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
represents clients from across the U.S. and abroad
from offices in Alabama, Florida, Georgia, Louisiana, Mississippi, Tennessee, Texas and Washington, D.C.

Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For(r)" for Six Years in a Row!

*************************************************************

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email,
then in any part of the same series of emails), such advice was not intended
or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used,
and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or
(2) promoting, marketing or recommending to another party any transaction or tax-related matter
addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at
law.
It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this
electronic mail transmission in error, please delete it from your system without copying it, and notify the
sender by reply e-mail, so that our address record can be corrected.
***********************************************************

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named
above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this
facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person
named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to
avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

Case 3:18-cv-00800-BAJ-RLB    Document 4-3    07/16/2018    Page 100 of 356

**LAW OFFICES**
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**
A PROFESSIONAL CORPORATION
201 ST. CHARLES AVENUE • SUITE 3600
NEW ORLEANS, LOUISIANA 70170

(504) 566-5200

Facsimile
(504) 636-4000

## FACSIMILE TRANSMISSION FORM

### PLEASE DELIVER IMMEDIATELY

### DATE:  JULY 9, 2015

| **DELIVER TO:** | **COMPANY:** | **FAX NO.:** | **PHONE NO.:** |
|---|---|---|---|
| Civil Fax Filing | Clerk, East Baton Rouge Suit Accounting | **225-389-3392** | 225-389-3982 |

**FROM:**              Laura E. Carlisle

**PHONE NO.:**         (504) 566-8643

**FAX NO.:**           (504) 585-6943

**USER NO.:**          012159

**CLIENT/MATTER NO.:** 2919213-000024

**TOTAL PAGES:**       11

Re:  Case No. C626308, Section "D"

MESSAGE:  See attached Joint Protective Order for filing.

cc:        (w/ encl.)
           Philip A. Franco
           Rob Sholes
           Kellen Matthews

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

NO LEC 873018 v1
2919213-000024  07/09/2015

NON-CERTIFIED COPY

```
**  Transmit Conf.Report  **
```

P.1                                              Jul 9 2015 02:00pm
EBR CLERK OF COURT    Fax 2253893392

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915046364000 | Normal | 09:01:59pm | 0'34" | 1 | O K | |

# POSTED

### JUL 2 1 2015



## DOUG WELBORN
## CLERK OF COURT

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

PARISH OF EAST BATON ROUGE

### FAX RECEIPT

NUMBER C626308  Division D                          Date:    09-JUL-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
        BAKER DONELSON BEARMAN
        201 ST CHARLES ST STE 3600
        NEW ORLEANS LA 70170

Item(s) Received: JOINT PROTECTIVE ORDER

Total Amount Due (includes all applicable fees below) $ 107.00

The Clerk of Court's office has received, by facsimile transmission dated 7-9-15, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT


NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392

www.ebrclerkofcourt.org

## FAX RECEIPT

**NUMBER C626308  Division D**                                         Date:    09-JUL-2015
**H&E EQUIPMENT SERVICES INC**
**VS**
**URS CORPORATION ARCHITECTURE PC ET AL**

To:    **LAURA E CARLISLE**
       **BAKER DONELSON BEARMAN**
       **201 ST CHARLES ST STE 3600**
       **NEW ORLEANS LA 70170**

Item(s) Received: **JOINT PROTECTIVE ORDER**

Total Amount Due (includes all applicable fees below) $ <u>107.00</u>

The Clerk of Court's office has received, by facsimile transmission dated <u>7-9-15</u>, documents in the above referenced case. In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)        A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(b)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

<u>NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT</u>
<u>UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.</u>

<u>SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.</u>
<u>SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.</u>

<u>IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.</u>
<u>IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.</u>

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



## EXHIBIT "A"

## ACKNOWLEDGEMENT AND NONDISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States that I have read and understand the terms of the Joint Protective Order entered in *H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., URS Corporation, L O'Neal Johnson and Thomas E. Ryan.*, bearing Docket No. 626308, Division "D" of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. I agree that I will not disclose any information received by me pursuant to this Joint Protective Order, except for purposes directly related to this litigation and as explicitly allowed by the Order. I agree to be bound by the terms and conditions of the Order and hereby consent to the jurisdiction of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for purposes of enforcing this Order.

Dated _____.


_____


_____
Printed Name

EBR3136888

9

NON-CERTIFIED COPY

EBR CLERK OF COURT    Fax 2253893392          Jul  9 2015 02:00pm P001/001



# DOUG WELBORN
## CLERK OF COURT

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

PARISH OF EAST BATON ROUGE

## FAX RECEIPT

NUMBER C626308  Division D                    Date:    09-JUL-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: JOINT PROTECTIVE ORDER

Total Amount Due (includes all applicable fees below) $ 107.00

The Clerk of Court's office has received, by facsimile transmission dated 7-9-15, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)    A transmission fee of five dollars
13:841(A)(2)(a)  First page of each pleading, six dollars
13:841(A)(2)(b)  Each subsequent page, four dollars
13:841(A)(2)(c)  Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)  Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT

REC'D C.P.

JUL 16 2015



NON-CERTIFIED COPY

POSTED
JUL 13 20

| | |
|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | **CASE NO. C626308, SECTION D** |
| versus | **19th JUDICIAL DISTRICT COURT** |
| **URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III** | **PARISH OF EAST BATON ROUGE** |
| | **STATE OF LOUISIANA** COST OK $ 167.00 |

JUL 13 2015

DEPUTY CLERK OF COURT

### JOINT PROTECTIVE ORDER

Pursuant to Article 1426 of the Louisiana Code of Civil Procedure, and by agreement of the Parties[1] and their counsel, the Court enters the following Protective Order:

## 1.    DEFINITIONS

1.1    "CONFIDENTIAL INFORMATION" shall generally include trade secret or other information and/or documentation that possesses sufficient commercial or proprietary interest(s) to preclude dissemination, and that is not otherwise in the public domain.  Documents or information that is in the public domain prior to the date of this Protective Order, or which is placed in the public domain without breach of this Protective Order, shall not be entitled to protection under this Protective Order.

The term CONFIDENTIAL INFORMATION also includes information implicating privacy concerns protected by law, statute, or regulation with respect to individuals.

The term CONFIDENTIAL INFORMATION further includes third party copyrighted information, which includes, but is not limited to, documents, photographs, videos, and other tangible items that either (1) bear a copyright notice identifying third parties, who are not parties to this litigation, as the owner of the copyright or (2) for which a party to this litigation has been informed that a third party, who is not a party to this litigation, claims copyright in the work.

1.2    "DOCUMENTS" include all writings, applications, recordings, videos, photographs, and other tangible items, including originals and all copies thereof, in whatever form maintained or produced.

_____

[1] The parties to this proceeding include: H&E Equipment Services, Inc., URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

EBR3136887

NO LEC 859493 v3
2919213-000024 07/08/2015

REC'D C.P.

JUL 16 2015

**FAX COPY FILED** 7-9-15
**ORIGINAL FILED** 7-13-15

NON-CERTIFIED COPY

1.3    "QUALIFIED PERSONS" shall include and be limited to:

(a)    The parties to this litigation, including their agents, representatives, employees, divisions, subsidiaries, affiliates, and successors or predecessors in business or interest.

(b)    Counsel of record, and their partners, associates, secretaries, paralegal assistants, and employees, and only to the extent reasonably necessary to render professional services in the litigation.

(c)    Outside vendors retained by those listed in sub-paragraphs (a) and (b), above, to copy, reproduce, scan, image, Bates label, or otherwise assist or facilitate the organization, handling, and production of documents, to the extent reasonably necessary to render these support services in this litigation.

(d)    Court officials involved in this litigation, including, without limitation, court reporters and persons operating video equipment at depositions.

(e)    Independent experts and consultants retained by a party, including their stenographic and clerical personnel, whether or not expected to testify at any trial or hearing or to offer a report; provided, however, that prior to receiving any CONFIDENTIAL INFORMATION, said independent experts or consultants shall review this Protective Order and agree to be bound by its terms and conditions, and execute a copy of the Acknowledgement and Non-Disclosure Agreement, which is attached as Exhibit "A".

(f)    Persons noticed for depositions or designated as witnesses for any trial or hearing, but only if counsel for a non-designating party establishes that it is necessary to share CONFIDENTIAL INFORMATION with the deponent and/or witness.

(g)    Any other person who is designated a QUALIFIED PERSON by order of the Court after notice to the party supplying the CONFIDENTIAL INFORMATION.

Nothing in this Order relieves any party from following applicable federal and state law regarding the release of CONFIDENTIAL INFORMATION.

2

NON-CERTIFIED COPY

## 2.    DESIGNATION OF CONFIDENTIAL INFORMATION

2.1    Information may be designated as CONFIDENTIAL INFORMATION by marking the initial page of a document as or by marking the surface or container of any storage media as:

### "CONFIDENTIAL"

### or

### "CONFIDENTIAL INFORMATION"

In lieu of marking the original, the designating party may mark the copy that is produced or exchanged.

2.2    Deposition testimony, or portions thereof, may be designated as CONFIDENTIAL INFORMATION by (a) a statement to that effect at the time of the taking of such testimony, (b) by notice to all parties within fifteen (15) days of receipt of the deposition transcript, or (c) thereafter by consent of all parties or by order of the Court.

2.3    A party shall not be obligated to challenge the propriety of a designation of information as CONFIDENTIAL INFORMATION at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Exceptions to this Order may be made by unanimous agreement of the parties.  If such an agreement cannot be reached, any party may seek relief from the Court to change, modify, or eliminate any provision of this Order.

2.4    The designation of any information as CONFIDENTIAL INFORMATION is intended solely to facilitate the production of documents in these proceedings, and such designation shall not be construed as an admission or agreement that such materials constitute or contain confidential information.

2.5    Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) business days of the discovery of the inadvertent failure.  At such time, arrangements shall be made for return of all copies of the inadvertently undesignated

NO LEC 859493 v3
2919213-000024  07/08/2015

NON-CERTIFIED COPY

documents to the designating party and for the submission, where appropriate, of properly labeled copies.

2.6    If a third party provides discovery to any party in connection with this action, and if the third party so elects (by means of a letter to all undersigned counsel indicating such election), then the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a party.  Under such circumstances, the third party shall have the same rights and obligations under this Protective Order as held by a producing party under this Order; provided, however, that such third party shall not have access to CONFIDENTIAL INFORMATION produced by the parties to this litigation simply by virtue of such third party's status as a producing party in this litigation.  Parties to this litigation may also designate third party discovery as CONFIDENTIAL INFORMATION.

3.    **NONDISCLOSURE OF CONFIDENTIAL INFORMATION**

3.1    All CONFIDENTIAL INFORMATION produced or provided in the course of the captioned litigation may be used only in accordance with the terms and conditions of this Order.

3.2    Materials designated as CONFIDENTIAL INFORMATION shall not be disclosed or made available, in whole or in part, whether in writing, orally, or by other means, to persons other than the parties, the Court, or QUALIFIED PERSONS as defined in this Order or the party who supplied the CONFIDENTIAL INFORMATION.

3.3    Prior to the disclosure of any CONFIDENTIAL INFORMATION to any persons other than those described in paragraph 1.4, including subparts, above, counsel for the non-designating party shall provide such persons with a copy of this Protective Order and shall have such persons review this Protective Order and agree to be bound by its terms and conditions, by executing an Acknowledgement and Non-Disclosure Agreement, a copy of which is attached as Exhibit "A".

3.4    Except as otherwise provided herein, all parties and persons to whom CONFIDENTIAL INFORMATION is disclosed are prohibited from using CONFIDENTIAL INFORMATION, except as provided herein, and are further prohibited from disclosing

4

NON-CERTIFIED COPY

CONFIDENTIAL INFORMATION to any other person, except in accord with the provisions of this Protective Order.

     3.5    If a party wishes to disclose any information designated as CONFIDENTIAL INFORMATION to any persons not described in paragraph 1.4, including subparts, of this Protective Order, prior permission to so disclose must be obtained from the designating party in writing. The designating party may in good faith object to such disclosure if such objection is not interposed for purposes of delay. If the designating party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon motion by the party requesting such permission, noticed for contradictory hearing, orders otherwise.

     3.6    If any party subject to this Protective Order, or its counsel, receives a subpoena, discovery demand or any other demand or request for any CONFIDENTIAL INFORMATION, that party or its counsel shall immediately notify the designating party. The non-designating party receiving the subpoena, discovery demand or any other demand or request for any CONFIDENTIAL INFORMATION will reasonably cooperate with the designating party to permit the designating party to assert its rights and privileges with respect to the CONFIDENTIAL INFORMATION. The parties agree that the reasonable expenses of such cooperative effort are not covered by this Protective Order and that those reasonable expenses, if any, may be addressed separately by agreement of the parties or with the Court. The designating party shall bear the burden of asserting its rights and privileges with respect to the CONFIDENTIAL INFORMATION.

## 4.    HANDLING AND USE OF CONFIDENTIAL INFORMATION

     Persons obtaining access to CONFIDENTIAL INFORMATION pursuant to this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials) and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings, except as authorized by order of the Court.

NO LEC 859493 v3
2919213-000024 07/08/2015

NON-CERTIFIED COPY

## 5.    FILING

5.1    The Clerk of this Court is hereby directed to maintain under seal (a) all materials received for filing with the Court or admitted at hearing or trial, marked in whole or in part, as CONFIDENTIAL INFORMATION and (b) all motions, briefs, or other pleadings that make specific disclosure of CONFIDENTIAL INFORMATION.

5.2    CONFIDENTIAL INFORMATION need not be filed with the Clerk except when required in connection with hearings, motions under the Louisiana Code of Civil Procedure, or other matters pending before the Court.  If filed, any CONFIDENTIAL INFORMATION shall be filed under seal and shall remain sealed while in the office of the Clerk.  Pleadings or briefs shall not disclose CONFIDENTIAL INFORMATION, but instead must refer to such materials or information generally as attachments or exhibits to the brief or pleading.

## 6.    NOTICE TO COURT

6.1    The attorneys for the parties shall inform the Court at any hearing or trial of any testimony or material deemed CONFIDENTIAL INFORMATION.

6.2    Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded such information, at the trial or hearing.

## 7.    RESERVATION OF RIGHTS

This Order is without prejudice to the right of any party to oppose the production or admissibility of documents or information for any legal reason.

## 8.    NON-TERMINATION

The provisions of this Order shall not terminate at the conclusion of these actions. Within thirty (30) days after final conclusion of all aspects of this litigation, counsel for the non-designating party either shall return all CONFIDENTIAL INFORMATION in his or her possession, custody, or control or in the custody of any authorized agents, outside experts and

NO LEC 859493 v3
2919213-000024  07/08/2015


NON-CERTIFIED COPY

consultants retained or utilized by counsel for the non-designating party to counsel for the designating party or shall certify destruction thereof to such counsel. As for CONFIDENTIAL INFORMATION maintained or stored in computer databases or backup tapes, the non-designating party shall delete all such CONFIDENTIAL INFORMATION. Notwithstanding the foregoing, however, counsel of record may retain their file copies of court filings, deposition or hearing transcripts and exhibits, and correspondence, EXCEPT that any copies of documents labeled CONFIDENTIAL INFORMATION that are included as exhibits or attachments to court filings, deposition or hearing transcripts, or correspondence shall either be returned to the designating party or the counsel of record will certify as to their destruction. The parties agree that the reasonable expenses of such effort are not covered by this Protective Order and that those reasonable expenses, if any, may be addressed separately by agreement of the parties or with the Court.

9.     **RESPONSIBILITY OF ATTORNEYS**

The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, and to the extent possible, duplication of, access to, and distribution of copies of CONFIDENTIAL INFORMATION.

10.    **BREACH**

Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule, and the inherent power of the Court.

11.    **MODIFICATIONS/AMENDMENTS**

This Protective Order, and its terms, may be modified only by a subsequent Protective Order to which the Parties have agreed and/or which is entered by this Court. Any such subsequent Protective Order will be effective after it is signed by the Court, and only for the period of time specified in such Protective Order. After each such Protective Order expires, this Order shall once again be effective. The Parties are specifically given the right to request that

NO LEC 859493 v3
2919213-000024 07/08/2015


NON-CERTIFIED COPY

this Court modify or otherwise grant relief from any provision of the Order notwithstanding their

approval or agreement to this Order.

Baton Rouge, Louisiana, this the *15* day of *July*, 2015.

_____
**DISTRICT JUDGE**

**APPROVED AS TO FORM:**

_____
Roy C. Cheatwood
Anne Derbes Wittmann
M. David Kurtz
Laura E. Carlisle
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana  70170

*Attorneys for H&E Equipment Services, Inc.*

_____
Philip A. Franco
Rob Sholes
Kellen L. Matthews
ADAMS AND REESE, LLP
4500 One Shell Square
New Orleans, Louisiana 70139

*Attorneys for URS Corporation Architecture, P.C.,*
*URS Corporation, L. O'Neal Johnson and*
*Thomas E. Ryan, III*

8

NO LEC 869493 v3
2919213-000024 07/08/2015

NON-CERTIFIED COPY

# URS

### SHORT FORM MASTER AGREEMENT FOR PROFESSIONAL SERVICES
### BETWEEN
### H&E Equipment Services, Inc.
### AND
### URS Corporation Architecture PC

**THIS AGREEMENT** ("Agreement") for Professional Services, (together with the attachments hereto) dated and effective as of August 13, 2009 (the "Effective Date"), is hereby made and entered into by and between H&E Equipment Services, Inc., a Delaware corporation, (hereinafter "Client") having a place of business located at 11100 Mead Road, Suite 200, Baton Rouge, Louisiana 70816 and URS Corporation Architecture PC, a North Carolina corporation (hereinafter "Consultant") having a place of business located at 7389 Florida Blvd, Suite 300, Baton Rouge, Louisiana, 70806 Consultant and Client are each individually referred to as a "Party" and collectively as the "Parties".

The Parties agree as follows:

**1.      WORK AUTHORIZATIONS**

1.1      Consultant agrees to undertake and perform certain consulting and professional engineering services ("Services") in accordance with the terms and conditions contained herein, as may be requested by Client from time to time.  The Services to be performed, Consultant's compensation, and the schedule for performance for each task shall be described in one or more authorizations issued to Consultant by Client, the form of which is attached hereto as Attachment I ("Work Authorization").  A Work Authorization shall be valid and binding upon the Parties only if accepted in writing by Client and Consultant.  Each duly executed Work Authorization shall be subject to the terms and conditions of this Agreement, except to the extent expressly modified by the Work Authorization.

1.2      It is the expressed intent of the parties that this Agreement shall be made available to subsidiaries and affiliated companies of Consultant.  For the purposes of this Agreement, as it applies to each Work Authorization, the term "Consultant" shall mean either Consultant as defined above or the subsidiary or affiliate of Consultant identified in the Work Authorization.  The applicable Work Authorization shall clearly identify the legal name of the entity accepting the Work Authorization.

**2.      PAYMENTS FOR SERVICES**

2.1      Unless otherwise stated in a Work Authorization, payment shall be on a time and materials basis under the Schedule of Fees and Charges in effect when the Services are performed.  Client shall pay undisputed portions of each progress invoice within thirty (30) days of the date of the invoice.  If payment is not received within thirty (30) days from the due date of such payment, Consultant may suspend further performance under one or more Work Authorizations until payments are current.  Client shall notify URS of any disputed amount within fifteen (15) days from date of the invoice, give reasons for the objection, and promptly pay the undisputed amount.  Client shall pay an additional charge of one percent (1%) per month or the maximum percentage allowed by law, whichever is the lesser, for any past due amount.  In the event of a legal action for invoice amounts not paid, attorneys' fees, court costs, and other related expenses shall be paid to the prevailing party.

2.2      Client shall reimburse Consultant for all taxes, duties and levies such as Sales, Use, Value Added Taxes, Deemed Profits Taxes, and other similar taxes which are added to or deducted from the value of Consultant's Services.  For the purpose of this Article such taxes shall not include taxes imposed on Consultant's net income, and employer or employee payroll taxes levied by any United States taxing authority, or the taxing authorities of the countries or any agency or subdivision thereof in which URS subsidiaries, affiliates, or divisions are permanently domiciled.  It is agreed and understood that these net income, employer or employee payroll taxes are included in the unit prices or lump sum to be paid Consultant under the applicable Work Authorization.

2.3      Where charges are "not to exceed" a specified sum, Consultant shall notify Client before such sum is exceeded and shall not continue to provide the Services beyond such sum unless Client authorizes an increase in the sum.  If a "not to exceed" sum is broken down into budgets for specific tasks, the task budget may be exceeded without Client authorization as long as the total sum is not exceeded.  Changes in conditions, including, without limitation, changes in laws or regulations occurring after the budget is established, or other circumstances beyond URS control, shall be a basis for equitable adjustments in the budget and schedule.

**3.      CONFIDENTIALITY**

3.1      For a period commencing with the disclosure of any confidential information under this Agreement and/or a Work Authorization(s) and ending on the second anniversary such disclosure was first made, Consultant and Client each agree not to disclose to third parties, including also subcontractors and vendors (unless such subcontractors and vendors have a need to know and are bound to similar obligations of confidentiality), any information that is identified as confidential in writing on the materials made available to the other Party hereunder

**4.      WARRANTY**

CLERK OF COURT
FILE COPY

4.1      Consultant warrants that any consulting and professional engineering Services performed by it under a Work Authorization shall be performed in accordance with that degree of care and skill ordinarily exercised by members of Consultant's profession practicing at the same time in the same location.  Consultant's sole liability to Client for any non-conforming Services shall be to re-perform the non-conforming or defective Services, written notice of which must be promptly given by Client to Consultant.  Consultant's obligation for re-performance of non-conforming Services as set

f:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\RFP 100 Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

EXHIBIT / ATTACHMENT TO:
☐  MOTION/SUMMARY JDGMT
☐  PETITION
☐  MEMORANDUM
☐  OTHER _____

EXHIBIT
1

NON-CERTIFIED COPY

DEPUTY CLERK

EBR3153951

# URS

forth in the preceding sentence shall extend for a term commencing at the substantial completion of such Services under a Work Authorization and ending one year later.

4.2    THE WARRANTY SET FORTH IN THIS ARTICLE 4 IS EXCLUSIVE, AND IN LIEU OF ANY AND ALL OTHER WARRANTIES RELATING TO THE SERVICES, WHETHER STATUTORY, EXPRESS OR IMPLIED, AND CONSULTANT DISCLAIMS ANY SUCH OTHER WARRANTIES, INCLUDING BUT NOT LIMITED TO ANY AND ALL WARRANTIES OF MERCHANTABILITY AND/OR FITNESS FOR A PARTICULAR PURPOSE AND ANY AND ALL WARRANTIES ARISING FROM COURSE OF DEALING AND/OR USAGE OF TRADE. ANY OTHER STATEMENTS OF FACT OR DESCRIPTIONS EXPRESSED IN THE AGREEMENT OR ANY WORK AUTHORIZATION SHALL NOT BE DEEMED TO CONSTITUTE A WARRANTY OF THE SERVICES OR ANY PART THEREOF. CONSULTANT'S REPERFORMANCE OF DEFECTIVE OR NON-CONFORMING SERVICES THROUGH THE ONE YEAR PERIOD PROVIDED FOR IN THIS ARTICLE 4 SHALL CONSTITUTE COMPLETE FULFILLMENT OF, AND CLIENT'S EXCLUSIVE REMEDY FOR, ALL THE LIABILITIES OR RESPONSIBILITIES OF CONSULTANT TO CLIENT FOR NON-CONFORMING OR DEFECTIVE SERVICES, WHETHER THE CLAIMS OF CLIENT ARE BASED ON DELAY, CONTRACT, TORT, NEGLIGENCE, STRICT LIABILITY, WARRANTY, INDEMNITY, ERROR AND OMISSION OR ANY OTHER CAUSE WHATSOEVER.

5.    WORK BY OTHERS

5.1    The performance by Consultant of Services under a Work Authorization shall not constitute an assumption by Consultant of the obligations of Client or its other contractors. Consultant shall not control or have charge of, and shall not be responsible for, construction means, methods, techniques, sequences, procedures of construction, health or safety programs, or precautions connected with the work of Client or its other contractors, and shall not manage, supervise, control or have charge of construction. Client shall require Consultant to be named as an additional insured along with Client on any liability insurance policies provided by Client's construction contractors. To the fullest extent permitted by law, Client shall defend Consultant against any claim, suit or proceeding asserted by one of its other contractors and indemnify, defend and save Consultant harmless from any and all actual or alleged claims and losses (including, without limitation, attorney's fees) sustained by such contractor in connection with the Services, regardless or whether or not any of the foregoing arose out of the negligent acts or omissions of Consultant.

6.    INSURANCE

6.1    In the event Consultant performs Services under any Work Authorization in connection with a project for which Client or another party with which Client has contracted obtains all-risk or builder's risk property insurance, Client, as the case may be, shall name, or shall cause such other party to name, Consultant as an additional insured on such all risk or builder's risk property insurance. Client acknowledges that Consultant has an insurable interest in such all risk or builder's risk property insurance.

6.2    Consultant and Client each waive all rights of recovery and subrogation against each other with respect to a loss occurring to property of the other, to the extent that such waivers do not invalidate the property insurance of either.

7.    INDEMNITY

7.1    Each Party shall indemnify, defend and save the other Party, its officers, directors, employees and affiliates harmless from any loss, cost or expense claimed by third parties, excluding employees of either Party; for property damage and/or bodily injury, including death, to the proportionate extent such loss, cost or expense arises from the negligence or willful misconduct of the indemnifying Party, its employees or affiliates in connection with the Services.

7.2    Notwithstanding any other provision contained elsewhere in this Agreement to the contrary and to the fullest extent permitted by law, Client shall be liable for and indemnify, defend and save Consultant, its officers, directors, employees and affiliates harmless from and against any and all actual or alleged claims, damages (including incidental, consequential, indirect and special damages), losses, and expenses (including, without limitation, all penalties, attorney's fees, fines and administrative or civil sanctions) arising out of or related to such claim) (collectively "Losses") arising out of: (1) economic loss suffered by third parties; and/or (2) investment decisions of Client or third parties in reliance upon the results of the Services, regardless of whether or not any of the foregoing arose out of the negligent acts or omissions of Consultant.

7.3    The indemnity and save harmless obligations of Consultant and Client under this Article 7 shall not apply with respect to any Hazardous Material, as Consultant's and Client's rights and obligations with respect thereto are set forth in Article 10.

8.    WAIVER OF CONSEQUENTIAL DAMAGES

8.1    Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, neither Client nor Consultant shall be liable, whether based on contract, tort, negligence, strict liability, warranty, indemnity, error and omission or any other cause whatsoever, for any consequential, special, incidental, indirect, punitive or exemplary damages, or damages arising from or in connection with loss of power, loss of use, loss of revenue or profit (actual or anticipated), loss by reason of shutdown or non-operation, increased cost of construction, cost of capital, cost of replacement power or customer claims, and Consultant hereby releases Client and Client hereby releases Consultant from any such liability.

9.    LIMITATION OF LIABILITY

9.1    Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, in no

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

2

Exhibit "A"

NON-CERTIFIED COPY

# URS

event shall the total cumulative aggregate liability of Consultant, its subconsultants, and their respective partners, officers, directors, shareholders, employees, and agents (referred to collectively in this Article as "Consultant") to Client resulting from, arising out of or in connection with the performance or nonperformance of any or all Services or other obligations under a Work Authorization, exceed $250,000 or ten percent (10%) of the compensation paid Consultant pursuant to such Work Authorization, whichever is greater, or extend beyond the expiration of the warranty period under Article 4 for the Services performed under the Work Authorization, regardless of the legal theory under which such liability is imposed. The remedies stated in the Agreement are Client's sole and exclusive remedies for any failure by Consultant to comply with obligations to Client, and Client hereby irrevocably waives any right to assert a claim against Consultant based on a legal theory that a remedy provided herein fails of its essential purpose.

10.   HAZARDOUS MATERIAL

10.1   Nothing in this Agreement shall be construed or interpreted as requiring Consultant to assume the status of, and Client acknowledges that Consultant does not act in the capacity nor assume the status of, Client or others as a "generator," "operator," "transporter," or "arranger" in the treatment, storage, disposal, or transportation of any hazardous substance or waste as those terms are understood within the meaning of the Resource Conservation and Recovery Act (RCRA), Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), or any other similar federal, state, or local law, regulation, or ordinance. Client acknowledges further that Consultant has played no part in and assumes no responsibility for generation or creation of any hazardous waste, pollution condition, nuisance, or chemical or industrial disposal problem, if any, which may exist at any site that may be the subject matter of any Work Authorization.

10.2   It is acknowledged by both parties that the Services do not include services related to regulated substances, pollutants, or hazardous or toxic wastes ("Hazardous Material"). In the event Consultant or any other party encounters undisclosed Hazardous Materials, Consultant shall notify Client and, to the extent required by law or regulation, the appropriate governmental officials, and Consultant may, at its option and without liability for delay, consequential or any other damages to Client, suspend performance of Services on that portion of the project affected by Hazardous Material until Client: (i) retains appropriate specialist consultant(s) or contractor(s) to identify and, as appropriate, abate, remediate, or remove the Hazardous material; and (ii) warrants that the project site is in full compliance with all applicable laws and regulations. Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, Client shall indemnify, defend and save Consultant and its affiliates, subconsultants, agents, and suppliers of any tier, and any and all employees, officers, directors of any of the foregoing, if any, from and against any and all Losses which arise out of the performance of the Services and relating to the regulation and/or protection of the environment, including, without limitation, Losses incurred in connection with characterization, handling, transportation, storage, removal, remediation, disturbance or disposal of Hazardous Material, whether above or below ground and not brought to a Client site or other proposed project site by Consultant in the performance of the Services without Client's approval.

11.   CHANGES

11.1   The Parties may from time to time by mutual agreement seek to modify, extend or enlarge the Services under a Work Authorization ("Modification"). In the event the Parties agree to a Modification to add additional Services, or to make other modifications to the Services, Consultant's compensation, the schedule and any other relevant terms and conditions of the applicable Work Authorization shall be equitably adjusted prior to performance of such Services.

12.   OWNERSHIP OF DOCUMENTS

12.1   Consultant grants to Client a transferable, irrevocable and perpetual royalty-free license to retain and use all work products delivered to Client for any purpose in connection with the project specified in each Work Authorization, upon full payment by Client for Consultant's Services. Client also may use such work product for other purposes with Consultant's written consent. Re-use of any such work product by Client on any extension of the project or on any other project without the written authorization of Consultant shall be at Client's sole risk and Client shall indemnify, defend and save Consultant and its affiliates, consultants, agents, subcontractors and suppliers of any tier, and any and all employees, officers and directors of any of the foregoing, if any, from and against any and all Losses suffered as a result of, or arising out of, or in connection with such re-use. Consultant shall have the right to retain copies of all such work product. Consultant retains the right of ownership with respect to any patentable concepts or copyrightable materials arising from its Services.

13.   TERMINATION/SUSPENSION

13.1   Client may terminate all or any portion of the Services under one or more Work Authorizations for convenience, at its option, by sending a written notice to Consultant. Either party can terminate this Agreement or a Work Authorization for cause if the other commits a material, uncured breach of this Agreement or becomes insolvent. Termination for cause shall be effective twenty (20) days after receipt of a notice of termination, unless a later date is specified in the notice. The notice of termination for cause shall contain specific reasons for termination and both parties shall cooperate in good faith to cure the causes for termination stated in the notice. Termination shall not be effective if reasonable action to cure the breach has been taken before the effective date of the termination. Client shall pay Consultant upon invoice for Services performed and charges incurred prior to termination, plus reasonable termination charges. Any suspension of Services by Client shall result in an equitable adjustment to Consultant's compensation, time for performance, or any of its other obligations under a Work Authorization.

14.   FORCE MAJEURE

14.1   Any delay or failure of Consultant in performing its required obligations hereunder shall be excused if and to the extent such delay or failure is caused by a Force Majeure Event. A "Force Majeure Event" means an event due to any cause or causes beyond the reasonable control of Consultant and shall include, but not be limited to, acts of God, strike, labor dispute fire, storm, flood, windstorm, unusually severe weather, sabotage, embargo,

I:\Proposals\Facilities\H&E Equipment Services – Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

3

Exhibit "A"

NON-CERTIFIED COPY

# URS

terrorism, energy shortage, accidents or delay in transportation, accidents in the handling and rigging of heavy equipment, explosion, riot, war, court injunction or order, delays by acts or orders of any governmental body or changes in laws or government regulations or the interpretations or application thereof or the acts or omissions of the Client or its other contractors, vendors or suppliers. In the event of a Force Majeure Event, Consultant shall receive an equitable adjustment extending Consultant's time for performance for such Services sufficient to overcome the effects of any delay, and an increase(s) to Consultant's compensation sufficient to account for any increased cost in performance or loss or damage suffered by Consultant.

15.     RESPONSIBILITIES OF CLIENT

15.1     Without limiting any express or implied obligations of Client under applicable law, Client shall: (1) provide Consultant, in writing, all information relating to Client's requirements for the project; (2) correctly identify to Consultant the location of subsurface structures, such as pipes, tanks, cables, and utilities; (3) notify Consultant of any potential hazardous substances or other health and safety hazard or condition known to Client existing on or near the project site; (4) give Consultant prompt written notice of any suspected deficiency in the Services; (5) with reasonable promptness, provide required approvals and decisions; and (6) furnish or cause to be furnished to Consultant full, unrestricted and legal access to, and use of, the site and all necessary rights of way and easements, in order to perform the Services. In the event Consultant is requested by Client or is required by subpoena to produce documents or give testimony in any action or proceeding to which Client is a party and Consultant is not a party, Client shall pay Consultant for any time and expenses required in connection therewith, including reasonable attorney's fees.

15.2     Consultant may rely upon and use in the performance of any Services information supplied to it by Client without independent verification and Consultant shall not be responsible for defects in its Services attributable to its reliance upon or use of such information.

17.     TERM

17.1     Unless otherwise specified, the term of this Agreement shall run from the Effective Date until Consultant has completed the Services and received all payments due under the Agreement.

18.     GENERAL

18.1     Client and Consultant each represent and warrant that this Agreement has been duly authorized, executed and delivered and constitutes its binding agreement enforceable against it. This Agreement and any executed Work Authorizations supersede all prior written and/or oral contracts and agreements that may have been made or entered into between Client and Consultant regarding the subject matter hereof, including but not limited to any and all proposals, oral or written, and all communications between the Parties relating to this Agreement or any Work Authorization(s), and constitute the entire agreement between the Parties hereto with respect to the subject matter hereof.

18.2     This Agreement and Work Authorization(s) may not be assigned by Consultant or Client in any way, including by operation of law, unless otherwise mutually agreed to in writing, any such attempted non-authorized assignment shall be null and void and of no force or effect.

18.3     Any cost opinions or estimates provided by Consultant will be on a basis of experience and judgment, but since Consultant has no control over market conditions or bidding procedures, Consultant cannot and does not warrant that bids, ultimate construction cost, or project economics will not vary from such opinions or estimates. Neither this Agreement nor any of the Services provided hereunder shall constitute or provide for, and Consultant shall not be considered to have rendered, any legal or financial opinion(s) regarding the feasibility of this project or any other or regarding any other matter. Unless otherwise expressly included in a Work Authorization, Consultant shall under no circumstances provide as part of the Services a consent, opinion or similar document, or act as a qualified person or expert, in connection with any filing by Client with the United States Securities and Exchange Commission, or similar non-United States agency, authority or commission.

18.4     Notices shall be effective hereunder as follows only if in writing and addressed to the authorized representative designated in applicable Work Authorizations: (1) upon delivery, if delivered personally to the person; (2) upon transmission, if transmitted to the facsimile number of the person; and (3) upon posting, if by first class or overnight mail (postage prepaid).

18.5     All contract issues and matters of law will be adjudicated in accordance with the laws of the state where the project is located, excluding any provisions or principles thereof which would require the application of the laws of a different jurisdiction; provided, however that if the project is located outside the United States, the laws of the State of California shall govern. Venue for any litigation shall be any state court or United States District Court having jurisdiction over the parties and subject matter.

18.6     The terms and conditions of this Agreement shall prevail, notwithstanding any variance with any purchase order or other written instrument submitted by Client whether formally rejected by Consultant or not. This Agreement may be modified only by amendment when signed by each Party. In the event that any one or more of the provisions of this Agreement shall be found to be illegal or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect, and such term or provision shall be deemed stricken to the extent and in the jurisdictions necessary for compliance with applicable law.

18.7     Nothing in this Agreement shall be construed to give any rights or benefits to anyone other than the Client or Consultant.

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100 Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

4

Exhibit "A"

NON-CERTIFIED COPY

# URS

18.8   The headings in this Agreement are for convenience only, and shall not affect the interpretation hereof. The terms "hereof", "herein," "hereto" and similar words refer to the entire Agreement and not to any particular Article, Section, Attachment, Exhibit or any other subdivision of this Agreement. References to "day" or "days" shall mean calendar days unless specified otherwise.

18.9   The provisions of this Agreement which by their nature are intended to survive the termination, cancellation, completion, or expiration of the Agreement, including, but not limited to, indemnities and any expressed limitations of or releases from liability, shall continue as valid and enforceable obligations of the parties notwithstanding any such termination, cancellation, completion, or expiration.

18.10   It is understood and agreed that any delay, waiver or omission by Consultant or Client to exercise any right or power arising from any breach or default by Client or Consultant in any of the terms, provisions or covenants of this Agreement or any Work Authorization shall not be construed to be a waiver by Consultant or Client of any subsequent breach or default of the same or other terms, provisions or covenants on the part of Consultant or Client.

## 19.   ATTACHMENTS AND EXHIBITS

The following attachments and exhibits, which are attached hereto, are part of this Agreement.

Attachment 1 – Work Authorization

Attachment 2 – Fee Proposal, Scope of Work, Schedule

Attachment 3 – URS 2009 Schedule of Fees and Charges

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be duly executed by their duly authorized representatives, effective as of the day and year first above mentioned.

H&E Equipment Services, Inc.

By: _____
(Signature)

Name: _____
(Printed)

Title: _____

URS Corporation Architecture PC

By: _____
(Signature)

Name: _____
(Printed)

Title: _____

f:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

5

Exhibit "A"

NON-CERTIFIED COPY

R5651030
AAAB0007

URS Corporation - Default Co.
Accounts Receivable Ledger Report
As of 7 January 2014

01/07/2014  15:27:57
Page -    1  of 5

Office:   1540   Baton Rouge
Job :   19228626   H&E Kenner Phase II
Project Manager :   Larry O Johnson Jr
Sub Project Manager :   Thomas E Ryan
Site :   19228626   H & E Equipment Services Inc

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/13/2011 | 01/13/2011 | RI | 4585656 | | | 20,590.97 | | | | | | 20,590.97 |
| 02/07/2011 | 02/07/2011 | RC | 4565656 | 1049738 | | | 20,590.97- | | | | | 0.00 |
| 03/23/2011 | 03/23/2011 | RI | 4632117 | | | 27,922.44 | | | | | | 27,922.44 |
| 04/04/2011 | 04/04/2011 | RC | 4632117 | 1059827 | | | 27,922.44- | | | | | 0.00 |
| 04/27/2011 | 04/27/2011 | RI | 4666056 | | | 19,721.59 | | | | | | 19,721.59 |
| 05/09/2011 | 05/09/2011 | RC | 4666056 | 1066100 | | | 19,721.59- | | | | | 0.00 |
| 05/27/2011 | 05/27/2011 | RI | 4691265 | | | 5,345.90 | | | | | | 5,345.90 |
| 06/20/2011 | 06/20/2011 | RC | 4691265 | 1073672 | | | 5,345.90- | | | | | 0.00 |
| 06/29/2011 | 06/29/2011 | RI | 4730382 | | | 19,532.38 | | | | | | 19,532.38 |
| 07/11/2011 | 07/11/2011 | RC | 4730382 | 1077759 | | | 19,532.38- | | | | | 0.00 |
| 07/22/2011 | 07/22/2011 | RI | 4767979 | | | 4,882.98 | | | | | | 4,882.98 |
| 08/08/2011 | 08/08/2011 | RC | 4767979 | 1082738 | | | 4,882.98- | | | | | 0.00 |
| 08/26/2011 | 08/26/2011 | RI | 4797997 | | | 23,520.53 | | | | | | 23,520.53 |
| 09/19/2011 | 09/19/2011 | RC | 4797997 | 1090049 | | | 23,520.53- | | | | | 0.00 |
| 09/23/2011 | 09/26/2011 | RI | 4827162 | | | 5,523.64 | | | | | | 5,523.64 |
| 10/11/2011 | 10/11/2011 | RC | 4827162 | 1093743 | | | 5,523.64- | | | | | 0.00 |
| 10/31/2011 | 10/31/2011 | RI | 4862273 | | | 2,604.74 | | | | | | 2,604.74 |
| 11/14/2011 | 11/14/2011 | RC | 4862273 | 1100431 | | | 2,604.74- | | | | | 0.00 |
| 11/23/2011 | 11/28/2011 | RI | 4896187 | | | 1,905.35 | | | | | | 1,905.35 |
| 12/12/2011 | 12/12/2011 | RC | 4896187 | 1105591 | | | 1,905.35- | | | | | 0.00 |
| 12/02/2011 | 11/21/2011 | RI | 4915772 | 1101820 | | | 71,712.98- | | | | | 71,712.98- |
| 12/02/2011 | 12/02/2011 | RC | 4915772 | | | 71,712.98 | | | | | | 0.00 |
| 01/27/2012 | 01/27/2012 | RI | 4967328 | | | 2,044.56 | | | | | | 2,044.56 |
| 02/02/2012 | 01/27/2012 | RI Void | 4967328 | | | 2,044.56- | | | | | | 0.00 |
| 02/02/2012 | 02/02/2012 | RI | 4989752 | | | 695.49 | | | | | | 695.49 |
| 02/13/2012 | 02/13/2012 | RC | 4989752 | 1116067 | | | 695.49- | | | | | 0.00 |
| 03/11/2012 | 03/11/2012 | RI | 5005769 | | | 3,234.64 | | | | | | 3,234.64 |
| 03/26/2012 | 03/26/2012 | RC | 5005769 | 1123670 | | | 3,234.64- | | | | | 0.00 |
| 04/10/2012 | 04/11/2012 | RI | 5040716 | | | 2,092.99 | | | | | | 2,092.99 |
| 04/23/2012 | 04/23/2012 | RC | 5040716 | 1126595 | | | 2,092.99- | | | | | 0.00 |
| 05/08/2012 | 05/09/2012 | RI | 5077720 | | | 4,799.89 | | | | | | 4,799.89 |
| 05/29/2012 | 05/29/2012 | RC | 5077729 | 1134726 | | | 4,799.89- | | | | | 0.00 |
| 07/7/2012 | 07/00/2012 | RI | 5181584 | | | 1,033.14 | | | | | | 1,033.14 |
| 08/13/2012 | 08/13/2012 | RC | 5181584 | 1148356 | | | 1,033.14- | | | | | 0.00 |
| 08/22/2012 | 08/23/2012 | RI | 5215627 | | | 1,415.15 | | | | | | 1,415.15 |
| 09/10/2012 | 09/10/2012 | RC | 5215627 | 1153360 | | | 1,415.15- | | | | | 0.00 |

Exhibit "B"

NON-CERTIFIED COPY

R5651030
AAAB0007

URS Corporation - Default Co.

Accounts Receivable Ledger Report

As of 7 January 2014

01/07/2014  15:27:57

Page -  2  of 5

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/13/2013 | 02/25/2013 | RI | 5424151 | | | 6,175.53 | | | | | | 6,175.53 |
| 07/17/2013 | 02/25/2013 | RI Void | 5424151 | | | 6,175.53- | | | | | | 0.00 |
| 07/26/2013 | 07/29/2013 | RI | 5591796 | | | 231.48 | | | | | | 231.48 |
| 12/20/2013 | 12/23/2013 | RI | 5744512 | | | 481.93 | | | | | | 713.41 |
| Total Job: | 19229626 | | H&E Kenner Phase I) | | USD | 145,535.23 | 144,821.82- | 0.00 | 0.00 | 0.00 | 0.00 | 713.41 |

Job : 19229775 H&E Phase IV BN & CA
Project Manager : Larry O Johnson Jr
Sub Project Manager : Thomas E Ryan
Site : 19229775 H & E Equipment Services Inc

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/27/2011 | 04/27/2011 | RI | 4656064 | | | 34,000.00 | | | | | | 34,000.00 |
| 05/09/2011 | 05/09/2011 | RC | 4656064 | 1066100 | | | 34,000.00- | | | | | 0.00 |
| 06/30/2011 | 06/30/2011 | RI | 4740668 | | | 4,000.00 | | | | | | 4,000.00 |
| 07/11/2011 | 07/11/2011 | RC | 4740668 | 1077759 | | | 4,000.00- | | | | | 0.00 |
| 08/26/2011 | 08/29/2011 | RI | 4798015 | | | 7,980.00 | | | | | | 7,980.00 |
| 09/19/2011 | 09/19/2011 | RC | 4798015 | 1090049 | | | 7,980.00- | | | | | 0.00 |
| 09/23/2011 | 09/26/2011 | RI | 4827179 | | | 8,320.00 | | | | | | 8,320.00 |
| 10/11/2011 | 10/11/2011 | RC | 4827179 | 1093743 | | | 8,320.00- | | | | | 0.00 |
| 11/02/2011 | 11/02/2011 | RI | 4862280 | | | 25,700.00 | | | | | | 25,700.00 |
| 11/14/2011 | 11/14/2011 | RC | 4862290 | 1100431 | | | 25,700.00- | | | | | 0.00 |
| 12/22/2011 | 12/27/2011 | RI | 4925100 | | | 12,000.00 | | | | | | 12,000.00 |
| 01/09/2012 | 01/09/2012 | RC | 4925100 | 110237 | | | 12,000.00- | | | | | 0.00 |
| 08/27/2012 | 01/09/2012 | RC | 4925100 | 1110237 | | | 12,000.00 | | | | | 12,000.00- |
| 08/27/2012 | 01/09/2012 | RO | 4925100 | 110237 | | | 12,000.00- | | | | | 0.00 |
| 01/27/2012 | 01/27/2012 | RI | 4967345 | | | 11,300.00 | | | | | | 11,300.00 |
| 02/13/2012 | 02/13/2012 | RC | 4967345 | 1116067 | | | 11,300.00- | | | | | 0.00 |
| 03/15/2012 | 03/16/2012 | RI | 5005779 | | | 7,860.00 | | | | | | 7,860.00 |
| 03/26/2012 | 03/26/2012 | RC | 5005779 | 1123670 | | | 7,860.00- | | | | | 0.00 |
| 04/10/2012 | 04/11/2012 | RI | 5043003 | | | 16,240.00 | | | | | | 16,240.00 |
| 04/23/2012 | 04/23/2012 | RC | 5043003 | 1128595 | | | 16,240.00- | | | | | 0.00 |
| 05/08/2012 | 05/09/2012 | RI | 5077738 | | | 19,520.00 | | | | | | 19,520.00 |
| 05/21/2012 | 05/21/2012 | RC | 5077738 | 1133564 | | | 19,520.00- | | | | | 0.00 |
| 05/23/2012 | 05/24/2012 | RI | 5111473 | | | 13,640.00 | | | | | | 13,640.00 |
| 06/04/2012 | 06/04/2012 | RC | 5111473 | 1135865 | | | 13,640.00- | | | | | 0.00 |
| 06/27/2012 | 06/28/2012 | RI | 5145876 | | | 27,000.00 | | | | | | 27,000.00 |
| 07/09/2012 | 07/09/2012 | RC | 5145876 | 1142070 | | | 27,000.00- | | | | | 0.00 |
| 07/27/2012 | 07/30/2012 | RI | 5181590 | | | 15,220.00 | | | | | | 15,220.00 |
| 08/13/2012 | 08/13/2012 | RC | 5181590 | 1148356 | | | 15,222.00- | | 2.00 | | | 0.00 |
| 08/23/2012 | 08/23/2012 | RI | 5215634 | | | 7,880.00 | | | | | | 7,880.00 |
| 09/10/2012 | 09/10/2012 | RC | 5215634 | 1153360 | | | 7,880.00- | | | | | 0.00 |
| 09/20/2012 | 09/21/2012 | RI | 5251679 | | | 5,420.00 | | | | | | 5,420.00 |
| 10/01/2012 | 10/01/2012 | RC | 5251679 | 1157297 | | | 5,420.00- | | | | | 0.00 |
| 11/20/2012 | 11/26/2012 | RI | 5319531 | | | 1,192.00 | | | | | | 1,192.00 |

Exhibit "B"

NON-CERTIFIED COPY

R5651030
AAAB0007

URS Corporation - Default Co.
Accounts Receivable Ledger Report
As of 7 January 2014

01/07/2014   15:27:57
Page -     3  of 5

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Less | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/20/2012 | 11/26/2012 | RI Void | 5319531 | | | 1,192.00- | | | | | | 0.00 |
| 11/20/2012 | 11/26/2012 | RI | 5332684 | | | 11,920.00 | | | | | | 11,920.00 |
| 12/10/2012 | 12/10/2012 | RC | 5332684 | 1170264 | | | 11,920.00- | | | | | 0.00 |
| 12/18/2012 | 12/18/2012 | RI | 5357940 | | | 66,001.45 | | | | | | 66,001.45 |
| 08/23/2013 | 08/23/2013 | RS | 5357940 | ADJ 08 2013 | | | 8,618.22- | | | | | 57,383.23 |
| 03/20/2013 | 03/21/2013 | RI | 5456789 | | | 2,100.55 | | | | | | 59,483.78 |
| 08/21/2013 | 08/21/2013 | RI | 5626084 | | | 8,618.22- | | | | | | 50,865.56 |
| 08/23/2013 | 08/23/2013 | RS | 5626084 | ADJ 08 2013 | | | 8,618.22 | | | | | 59,483.78 |
| **Total Job:** | **19229775** | **H&E Phase IV BN & CA** | | | **USD** | **287,483.78** | **228,002.00-** | **0.00** | **2.00** | | **0.00** | **59,483.78** |

**Job :**  19229873   H&E Phase V FF&E
**Project Manager :**   Larry O Johnson Jr
**Sub Project Manager :**   Thomas E Ryan
**Site :**  19229873  H & E Equipment Services Inc

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Less | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/01/2011 | 09/01/2011 | RI | 4798022 | | | 9,000.00 | | | | | | 9,000.00 |
| 09/12/2011 | 09/01/2011 | RI Void | 4798022 | | | 9,000.00- | | | | | | 0.00 |
| 09/12/2011 | 09/12/2011 | RI | 4826938 | | | 9,240.00 | | | | | | 9,240.00 |
| 09/26/2011 | 09/26/2011 | RC | 4826938 | 1091372 | | | 9,240.00- | | | | | 0.00 |
| 11/02/2011 | 11/02/2011 | RI | 4862297 | | | 13,860.00 | | | | | | 13,860.00 |
| 11/14/2011 | 11/14/2011 | RC | 4862297 | 1100431 | | | 13,860.00- | | | | | 0.00 |
| 01/27/2012 | 01/27/2012 | RI | 4967351 | | | 9,900.00 | | | | | | 9,900.00 |
| 02/13/2012 | 02/13/2012 | RC | 4967351 | 1116087 | | | 9,900.00- | | | | | 0.00 |
| 10/25/2012 | 10/26/2012 | RI | 5286088 | | | 3,000.00 | | | | | | 3,000.00 |
| 11/13/2012 | 11/13/2012 | RC | 5286088 | 1165072 | | | 3,000.00- | | | | | 0.00 |
| 01/11/2013 | 01/14/2013 | RI | 5357942 | | | 28,882.00 | | | | | | 28,882.00 |
| **Total Job:** | **19229873** | **H&E Phase V FF&E** | | | **USD** | **64,882.00** | **36,000.00-** | **0.00** | **0.00** | **0.00** | **0.00** | **28,882.00** |

**Job :**  19229964   H&E Design Changes
**Project Manager :**   Larry O Johnson Jr
**Sub Project Manager :**   Thomas E Ryan
**Site :**  19229964  H & E Equipment Services Inc

| G/L Date | Doc Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Less | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/22/2011 | 12/27/2011 | RI | 4925116 | | | 1,550.00 | | | | | | 1,550.00 |
| 01/09/2012 | 01/09/2012 | RC | 4925116 | 110237 | | | 1,550.00- | | | | | 0.00 |
| 08/27/2012 | 01/09/2012 | RC | 4925116 | 110237 | | | 1,550.00- | | | | | 1,550.00- |
| 08/27/2012 | 01/09/2012 | RO | 4925116 | 110237 | | | 1,550.00 | | | | | 0.00 |
| 01/27/2012 | 01/27/2012 | RI | 4967362 | | | 5,975.00 | | | | | | 5,975.00 |
| 02/13/2012 | 02/13/2012 | RC | 4967362 | 1116087 | | | 5,975.00- | | | | | 0.00 |
| 03/11/2012 | 03/11/2012 | RI | 5005795 | | | 4,613.00 | | | | | | 4,613.00 |
| 03/26/2012 | 03/26/2012 | RC | 5005795 | 1123670 | | | 4,613.00- | | | | | 0.00 |
| 06/27/2012 | 06/28/2012 | RI | 5145885 | | | 3,000.00 | | | | | | 3,000.00 |
| 07/16/2012 | 07/16/2012 | RC | 5145885 | 1143206 | | | 3,000.00- | | | | | 0.00 |
| 07/27/2012 | 07/30/2012 | RI | 5181594 | | | 8,249.00 | | | | | | 8,249.00 |
| 08/13/2012 | 08/13/2012 | RC | 5181594 | 1148356 | | | 8,249.00- | | | | | 0.00 |
| 08/22/2012 | 08/23/2012 | RI | 5215639 | | | 11,834.25 | | | | | | 11,834.25 |
| 09/10/2012 | 09/10/2012 | RC | 5215639 | 1153360 | | | 11,834.25- | | | | Exhibit "B" | 0.00 |

NON-CERTIFIED COPY

R5651030
AAAB0007

URS Corporation - Default Co.
Accounts Receivable Ledger Report
As of 7 January 2014

01/07/2014  15:27:57
Page -   4  of 5

| GL Date | Dec Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/20/2012 | 09/21/2012 | RI | 5251683 | | | 7,013.50 | | | | | | 7,013.50 |
| 10/01/2012 | 10/01/2012 | RC | 5251683 | 1157297 | | | 7,013.50- | | | | | - 0.00 |
| 10/25/2012 | 10/26/2012 | RI | 5286089 | | | 13,311.25 | | | | | | 13,311.25 |
| 11/13/2012 | 11/13/2012 | RC | 5286089 | 1165072 | | | 13,311.25- | | | | | 0.00 |
| 11/20/2012 | 11/26/2012 | RI | 5319533 | | | 3,137.50 | | | | | | 3,137.50 |
| 12/10/2012 | 12/10/2012 | RC | 5319533 | 1170294 | | | 3,137.50- | | | | | 0.00 |
| 12/18/2012 | 12/19/2012 | RI | 5357943 | | | 3,487.50 | | | | | | 3,487.50 |
| 01/30/2013 | 01/31/2013 | RI | 5391813 | | | 9,852.02 | | | | | | 13,339.52 |
| 06/24/2013 | 01/31/2013 | RI Void | 5391813 | | | 9,852.02- | | | | | | 3,487.50 |
| 06/18/2013 | 06/19/2013 | RI | 5555403 | | | 975.00 | | | | | | 4,462.50 |
| 06/24/2013 | 06/25/2013 | RI | 5565894 | | | 1,202.50 | | | | | | 5,665.00 |
| 07/23/2013 | 07/24/2013 | RI | 5588906 | | | 2,450.00 | | | | | | 8,115.00 |
| 10/23/2013 | 10/24/2013 | RI | 5681317 | | | 950.00 | | | | | | 9,065.00 |
| **Total Job:** | | | 19230064 | H&E Design Changes | USD | 67,748.50 | 58,683.50- | 0.00 | 0.00 | 0.00 | 0.00 | 9,065.00 |

Job :   19230060    H&E Belle Chasse Phase II
Project Manager :   Larry O  Johnson Jr
Sub Project Manager :   Thomas  E  Ryan
Site :   19230060   H & E Equipment Services Inc

| GL Date | Dec Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/11/2012 | 04/11/2012 | RI | 5074843 | | | 97,796.49 | | | | | | 97,796.49 |
| 04/23/2012 | 04/23/2012 | RC | 5074843 | 1128595 | | | 97,796.49- | | | | | 0.00 |
| 05/09/2012 | 05/10/2012 | RI | 5107711 | | | 48,898.25 | | | | | | 48,898.25 |
| 12/10/2012 | 12/10/2012 | RC | 5107711 | 1170294 | | | 48,898.25- | | | | | 0.00 |
| 05/23/2012 | 05/24/2012 | RI | 5118412 | | | 16,299.41 | | | | | | 16,299.41 |
| 06/11/2012 | 06/11/2012 | RC | 5118412 | 1137041 | | | 16,299.41- | | | | | 0.00 |
| 11/20/2012 | 11/26/2012 | RI | 5332662 | | | 14,817.65 | | | | | | 14,817.65 |
| 12/10/2012 | 12/10/2012 | RC | 5332662 | 1170294 | | | 14,817.65- | | | | | 0.00 |
| 05/24/2012 | 05/24/2013 | RI | 5531264 | | | 11,854.12 | | | | | | 11,854.12 |
| 06/18/2013 | 06/19/2013 | RI | 5563141 | | | 10,668.71 | | | | | | 22,522.83 |
| 07/29/2013 | 07/29/2013 | RI | 5599459 | | | 40,043.22 | | | | | | 82,566.05 |
| 08/19/2013 | 08/20/2013 | RI | 5624795 | | | 20,412.79 | | | | | | 82,978.84 |
| 09/24/2013 | 09/25/2013 | RI | 5657774 | | | 15,967.40 | | | | | | 98,946.24 |
| 10/23/2013 | 10/24/2013 | RI | 5688671 | | | 13,987.96 | | | | | | 112,934.20 |
| 11/15/2013 | 11/18/2013 | RI | 5713835 | | | 5,607.00 | | | | | | 118,541.20 |
| **Total Job:** | | | 19230060 | H&E Belle Chasse Phase II | USD | 296,353.00 | 177,811.80- | 0.00 | 0.00 | 0.00 | 0.00 | 118,541.20 |

Job :   19230248    H&E BR HQ Interior Design
Project Manager :   Larry O  Johnson Jr
Sub Project Manager :   Thomas  E  Ryan
Site :   19230248  H & E Equipment Services Inc

| GL Date | Dec Date | Doc Type | Invoice Number | Check Number | Curr | Invoice Amount | Applied Amount | Unapplied Amount | Write-Offs | Discount | Currency Gain/Loss | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/18/2012 | 12/19/2012 | RI | 5357991 | | | 858.75 | | | | | | 858.75 |
| 02/22/2013 | 02/25/2013 | RI | 5424197 | | | 6,605.00 | | | | | | 7,463.75 |
| 06/18/2013 | 06/19/2013 | RI | 5555428 | | | 5,190.00 | | | | | | 12,653.75 |
| 07/24/2013 | 07/25/2013 | RI | 5588931 | | | 3,050.00 | | | | | | 15,703.75 |
| 10/23/2013 | 10/24/2013 | RI | 5681338 | | | 550.00 | | | | | | 16,253.75 |

Exhibit "B"

NON-CERTIFIED COPY

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

H&E EQUIPMENT SERVICES, INC.   :   NUMBER: 626,308

    Plaintiff,   :   DIVISION: D

                              :

VERSUS   :

                              :

URS CORPORATION ARCHITECTURE,   :
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, II   :

    Defendants   :

                              :

### H&E EQUIPMENT SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO RECONVENTIONAL DEMAND

**NOW INTO COURT,** through undersigned counsel, comes H&E Equipment Services, Inc. ("H&E") who files this Answer and Affirmative Defenses to the Reconventional Demand of URS Corporation Architecture, P.C. ("URS Architecture"), URS Corporation ("URS Corp."), O'Neal Johnson ("Johnson") and Thomas E. Ryan ("Ryan") (hereinafter collectively referred to as "Defendants"), and respectfully represents as follows:

1.

The allegations contained in paragraph I of the Reconventional Demand are admitted with respect to name and domicile.

2.

The allegations contained in paragraph II of the Reconventional Demand are denied as written.

3.

The allegations contained in paragraph III of the Reconventional Demand are denied as written.

4.

The allegations contained in paragraph IV of the Reconventional Demand are admitted as to the fact that H&E has made no payments to URS Architecture since December 2012, but denies that the "2009 Agreement" as defined in the Reconventional Demand is the "applicable agreement," to the extent such allegation is being asserted in this paragraph. Furthermore, H&E states that no payments were due URS Architecture, or URS Corp. for that matter, and, in fact,

663991.1

EXHIBIT
number
2

NON-CERTIFIED COPY

such entities are liable to H&E for damages, and/or offsets and credits, as a result of URS Architecture's and/or URS Corp.'s breach of contract, breach of warranty, negligence and/or other tortious misconduct.

5.

The allegations contained in paragraph V of the Reconventional Demand are denied.

6.

The allegations contained in paragraph VI of the Reconventional Demand are denied.

7.

The allegations contained in paragraph VII of the Reconventional Demand are denied.

8.

The allegations contained in paragraph VIII of the Reconventional Demand are denied.

9.

The allegations contained in paragraph IX of the Reconventional Demand are denied to the extent a response is required.

10.

The allegations contained in paragraph X of the Reconventional Demand are denied.

11.

The allegations contained in paragraph XI of the Reconventional Demand are denied to the extent a response is required.

12.

The allegations contained in paragraph XII (and the immediately following un-numbered paragraphs) of the Reconventional Demand are denied.

13.

The allegations contained in paragraph XIII of the Reconventional Demand are denied to the extent a response is required.

14.

The allegations contained in paragraph XIV of the Reconventional Demand are admitted.

15.

The allegations contained in paragraph XV of the Reconventional Demand are denied.

16.

The allegations contained in paragraph XVI of the Reconventional Demand are denied.

663991.1

2

NON-CERTIFIED COPY

## AFFIRMATIVE DEFENSES

### 17.

In further response to the Reconventional Demand, H&E avers, alleges, and pleads as follows:

H&E has denied liability to URS Architecture and URS Corp. on their claims in this lawsuit against H&E for, among other things, open account, breach of contract and enrichment without cause as alleged. However, out of an abundance of caution, H&E further pleads the following affirmative defenses. Furthermore, H&E reserves the right to amend this Answer to assert additional affirmative defenses and claims as may be appropriate upon further investigation and discovery.

### 18.

#### FIRST DEFENSE

H&E pleads that URS Architecture breached its contract(s) with H&E.

### 19.

#### SECOND DEFENSE

By way of further defense, if such be necessary, H&E pleads that URS Architecture breached its express and/or implied warranties to H&E to perform its services in a reasonable and prudent manner, and in a professional manner.

### 20.

#### THIRD DEFENSE

By way of further defense, if such be necessary, H&E pleads that URS Architecture, URS Corp., Johnson and/or Thomas breached their professional duties to provide architectural and engineering services to H&E with the appropriate level of care.

### 21.

#### FOURTH DEFENSE

By way of further defense, if such be necessary, H&E pleads offsets and credits.

### 22.

#### FIFTH DEFENSE

By way of further defense, if such be necessary, H&E pleads negligence, gross negligence and/or professional negligence on the part of URS Architecture, URS Corp., Johnson and/or Thomas.

663991.1

3

NON-CERTIFIED COPY

23.

## SIXTH DEFENSE

By way of further defense, if such be necessary, H&E pleads URS Architecture's and URS Corp.'s claims are barred in whole or in part by the equitable doctrines of unclean hands, laches, waiver, and estoppel.

24.

## SEVENTH DEFENSE

By way of further defense, if such be necessary, H&E pleads failure of consideration.

25.

## EIGHTH DEFENSE

By way of further defense, if such be necessary, H&E pleads that Defendants' claims are barred in whole or in part by vice of consent.

26.

## NINTH DEFENSE

By way of further defense, if such be necessary, H&E pleads extinguishment of obligation.

27.

## TENTH DEFENSE

By way of further defense, if such be necessary, H&E pleads violations of the Louisiana Unfair Trade Practices Act by the Defendants, the specifics of which are contained in Plaintiff's Petition for Damages.

28.

## ELEVENTH DEFENSE

By way of further defense, if such be necessary, H&E pleads that URS Corporation has no cause of action and/or right of action against H&E on its Reconventional Demand.

## **PRAYER**

**WHEREFORE,** Plaintiff/Defendant-in-Reconvention, H&E Equipment Services, Inc. prays that its Answer to the Reconventional Demand of Defendants, URS Corporation Architecture, PC, URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, II, be deemed good and sufficient and that after due proceedings are had, there be judgment entered in its favor

4

663991.1

NON-CERTIFIED COPY

and against the Defendants, dismissing their Reconventional Demand with prejudice, and at the cost of Defendants.

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

BY: _____
Edward J. Laperouse, II, #29310
Eugene R. Groves, #6358
John Ashley Moore, #9635
L. Adam Thames, #32722
Megan F. Bice, #35042
451 Florida Street, 8th Floor (70801)
P. O. Box 2471
Baton Rouge, LA 70821
Telephone:  (225) 387-3221
Facsimile:  (225) 346-8049
Email:  ted.laperouse@taylorporter.com
Email:  eugene.groves.@taylorporter.com
Email:  ashley.moore@taylorporter.com
Email:  adam.thames@taylorporter.com
Email:  megan.bice@taylorporter.com

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by e-mail and/or U.S. Mail, this 19th day of February, 2014 on the following:

Philip A. Franco
Adams and Reese LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139
philip.franco@arlaw.com

Kellen J. Mathews
Adams and Reese LLP
450 Laurel Street
Suite 1900
Baton Rouge, LA 70801
kellen.mathews@arlaw.com

_____
Edward J. Laperouse II

5

663991.1

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.   *   SUIT NO. 626,308   DIV.: D

                                                                *   19TH JUDICIAL DISTRICT COURT

VERSUS   *

                                                               *   PARISH OF EAST BATON ROUGE

URS CORPORATION
ARCHITECTURE, P.C., URS   *   STATE OF LOUISIANA
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS E. RYAN, III

---

### AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

    BEFORE ME, a duly authorized notary in the aforementioned State and Parish, personally came and appeared:

LARRY O. JOHNSON, JR.

who, after being duly sworn, did depose and state as follows:

1) He is over the age of 18, and resides in East Baton Rouge Parish.

2) He is personally familiar with the facts that follow herein.

3) At all times pertinent, he was employed by URS Corporation (hereinafter "URS").

4) In that capacity, he was the Principal Architect for URS familiar with the services provided by URS for H&E Equipment Services, Inc. (hereinafter "H&E") at its facilities located in Baton Rouge, Kenner, and Belle Chasse.

5) H&E stopped paying all URS invoices for the services rendered for these three (3) facilities after December, 2012, initially because of an alleged design deficiency with the capacity of the parking lot area for the Baton Rouge headquarters.

6) The unpaid invoices had nothing to do with the design of the capacity of the parking lot area for the Baton Rouge headquarters.

7) URS subsequently provided other services at the request of H&E which are not related to any design deficiencies that were alleged by H&E, all of which have remained unpaid.

8) The outstanding invoices for the Belle Chasse project in the amount of ONE HUNDRED EIGHTEEN THOUSAND FIVE HUNDRED FORTY-ONE AND 20/100 ($118,541.20) DOLLARS are for construction administration and not for any design services (Project No. 19230060).

**Exhibit 3**

NON-CERTIFIED COPY

9) The outstanding invoices for the Baton Rouge projects are for services rendered in connection with:

    (a) bidding and construction administration in the amount of FIFTY-NINE THOUSAND FOUR HUNDRED EIGHTY-THREE AND 78/100 ($59,483.78) DOLLARS (Project No. 19229775);

    (b) selection of furniture, fixtures, and equipment in the amount of TWENTY-EIGHT THOUSAND EIGHT HUNDRED EIGHTY-TWO AND 00/100 ($28,882.00) DOLLARS (Project No. 19229873);

    (c) initial interior design and project management in the amount of SIXTEEN THOUSAND TWO HUNDRED FIFTY-THREE AND 75/100 ($16,253.75) DOLLARS (Project No. 19230248); and

    (d) interior design changes and project management initiated by H&E in the amount of NINE THOUSAND SIXTY-FIVE AND 00/100 ($9,065.00) DOLLARS. (Project No. 19229964).

10) None of the above referenced unpaid invoices are for any design deficiencies that were alleged by H&E.

11) The total balance of the outstanding invoices referenced above is TWO HUNDRED THIRTY-TWO THOUSAND TWO HUNDRED TWENTY-FIVE AND 73/100 ($232,225.73) DOLLARS.

_____
LARRY O. JOHNSON, JR.

SWORN AND SUBSCRIBED TO
BEFORE ME THIS 27ᵗʰ DAY
OF ____JULY____, 2015.

_____
NOTARY PUBLIC
NAME:_____
LA. NOTARIAL ID NO. _____
MY COMMISSION EXPIRES:_____

KELLEN J. MATHEWS
NOTARY PUBLIC
STATE OF LOUISIANA
Notary #89276 Bar Roll 1860
My Commission is Issued for Life

NON-CERTIFIED COPY

NINETEENTH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

H&E EQUIPMENT SERVICES, INC.          :    NUMBER: 026308

    Plaintiff,          :    DIVISION:

VERSUS          :

URS  CORPORATION  ARCHITECTURE,          :
P.C., URS CORPORATION, L. O'Neal
JOHNSON, AND THOMAS E. RYAN, II          :

    Defendants          :



COST OK $ 1,390.w

NOV 20 2013

0H062 21740

DEPUTY CLERK OF COURT

PETITION FOR DAMAGES

    H&E Equipment Services, Inc. ("H&E" or "Plaintiff"), by and through its undersigned

counsel, and for its petition against Defendants, URS Corporation Architecture, PC, URS

Corporation, L. O'Neal Johnson, and Thomas E. Ryan, II, hereby states the following action

based on breaches of contract and professional duty, negligence and other tortious acts, and

unfair trade practices in violation of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401,

*et seq.*

1.

    Plaintiff H&E is a Delaware corporation with its principal business in East Baton Rouge

Parish, Louisiana.

2.

    Defendants are URS Corporation Architecture, P.C. ("URS Architecture"), a North

Carolina corporation authorized to do and doing business in Louisiana, URS Corporation ("URS

Corp."), a Nevada corporation authorized to do and doing business in Louisiana, L. O'Neal

Johnson ("Johnson"), an individual domiciled in East Baton Rouge Parish, Louisiana, and

Thomas E. Ryan, II ("Ryan"), an individual domiciled in East Baton Rouge Parish, Louisiana.

3.

    Jurisdiction and venue are both proper in this Court pursuant to the Louisiana Code of

Civil Procedure.

4.

    Plaintiff H&E is a business that sells, services, and rents heavy equipment used on

construction and industrial projects. H&E owns and operates facilities in various locations in

Certified True and
Correct Copy
eCertID: 000115236

Diana J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Generated Date:
11/26/2013 10:05 AM

EBRC115047

NON-CERTIFIED COPY

EXHIBIT

4

East Baton Rouge Parish Clerk of Court - C626308 PET/DAMAGES W/JURY REQUEST          Page 2 of 7

Louisiana and around the United States. H&E's facilities in Baton Rouge, Kenner and Belle Chasse, Louisiana, are made the subject of this lawsuit.

5.

Defendants URS Architecture and URS Corp. are together an architectural and engineering design firm that advertises and holds itself out as an international leader in providing program management, planning, engineering, architectural design, environmental and construction phase services to a wide range of commercial and industrial clients worldwide. Defendant Johnson is a registered professional architect licensed by the State of Louisiana and employed by URS Architecture and/or URS Corp., who served as lead architect for URS Architecture and/or URS Corp. on the projects made subject of this lawsuit. Defendant Ryan is a registered professional architect licensed by the State of Louisiana and employed by URS Architecture and/or URS Corp., who also provided architectural services on behalf of URS Architecture and/or URS Corp. on the projects made subject of this lawsuit.

6.

In or around August of 2006, H&E entered into an Agreement for Professional Services with URS Architecture, whereby URS Architecture agreed to furnish, among other things, professional design and construction administration services to H&E in connection with the construction of its new headquarters building and dealership facility to be located on Pecue Lane in Baton Rouge, Louisiana ("**Baton Rouge Project**").

7.

In or around August of 2009, H&E contracted with URS Architecture, whereby URS Architecture agreed to provide "a proposal for professional services for assistance with determining a legitimate budget for the renovations and additions to [H&E's] facility located at 125 East Airline Drive in Kenner LA", which proposal thereafter expanded to include professional design and construction administration services to H&E ("**Kenner Project**").

8.

The professional services agreement between H&E and URS Architecture was also expanded to include delivery of professional design and construction administration services in connection with the renovation and relocation of H&E's "Crane Remanufacturing Facility" located in Belle Chasse, Louisiana ("**Belle Chasse Project**"). The Baton Rouge Project, the


Certified True and Correct Copy
eCertID: 000115236

_Denise J. Mahan_
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
11/26/2013 10:05 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(1).

NON-CERTIFIED COPY

East Baton Rouge Parish Clerk of Court - C626308 PET/DAMAGES W/JURY REQUEST                    Page 3 of 7

Kenner Project and the Belle Chasse Project shall collectively be referred to hereinafter as the "Projects."

9.

Pursuant to its agreement with H&E, URS Architecture agreed to furnish all design-related and construction administration-related services for each of the Projects in exchange for a certain specified lump-sum price, or alternatively, a reasonable and customary price based upon certain hourly rates. Moreover, Defendant URS Corp. participated in contract performance and delivery of services, and thereby assumed responsibility for the acts and omissions of Defendants URS Architecture, Johnson and Ryan. URS Architecture and URS Corp. shall together be referred to hereinafter as "URS."

10.

The construction work for each of the Projects was put out for bid, and general contractors were selected under the guidance and management of URS. Being parts of the Baton Rouge Project, construction of the "BR Branch Building" was substantially completed on November 21, 2012, and construction of the "Headquarters Building" was substantially completed on December 14, 2012. The Kenner Project construction was substantially completed on March 5, 2013. The Belle Chasse Project remains under construction at the time of the filing of this petition.

11.

During the course of construction of each of the Projects, certain design deficiencies in the plans and specifications for each of the respective Projects began to manifest themselves, which required additional and/or changed work by the contractors and for which H&E incurred significant additional costs.

12.

With respect to the Baton Rouge Project, such design deficiencies include, but are not limited to, the parking lot, mailroom and executive conference room of the Headquarters Building. With respect to the Belle Chasse Project, such design deficiencies regard, but are not limited to, site elevations and roof misalignment.

13.

In addition, shortly after completion of the Baton Rouge Project and the Kenner Project, major portions of the concrete parking aprons and staging areas for H&E's heavy equipment at

Certified True and
Correct Copy
eCertID: 000115236

Deanna J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
11/26/2013 10:05 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(1).

NON-CERTIFIED COPY

both facilities began experiencing a substantial and unanticipated amount of cracking, spalling and deterioration. Upon information and belief, the occurrence of such immediate cracking, spalling and deterioration is the result of errors and defects in the design of the parking and staging areas. Specifically, the design deficiencies relate to the defective and negligent design of the concrete pad, the expansion joints, the control joints, the specified concrete strength, and/or the specified surface of the parking and staging areas. The damaged and deteriorated areas of the parking and staging area are in need of repair and/or replacement at substantial cost to H&E.

14.

Despite the continuing professional relationship and obligation to recommend remedial action, URS has failed and refused to address with H&E the concrete deficiencies in Baton Rouge and Kenner in order to gain an unfair economic advantage over H&E.

15.

For example, by Request for Information dated January 15, 2013, URS Corp. and Ryan were asked to "confirm the acceptable material and methods to use for making these repairs" to the Kenner Project concrete, to which Defendants URS Corp. and Ryan never responded. For another example, Johnson emailed H&E's Frankie Wynn on June 11, 2013: "URS management is having a conference all this afternoon about the H&E Baton Rouge Branch pavement. If I am directed, I will share the outcome. If not, I will let you know what I do not know." Defendants Johnson and URS failed or refused to "share the outcome" of this critical URS management meeting with H&E. Simply put, Defendants URS, Johnson, and Ryan have actively suppressed the truth about the concrete deficiencies in Baton Rouge and Kenner, have continued to stonewall H&E, and have prejudiced H&E by its silence and inaction.

16.

URS has breached its agreement with H&E by, among other things, failing to design the Projects in accordance with appropriate industry standards and/or in accordance with the required standard of care ordinarily exercised by others in the same profession. As a result of such breaches and failures, H&E has suffered damages in a yet to be determinable amount.

17.

All conditions precedent to the enforcement of the agreement between H&E and URS have been satisfied.


Certified True and Correct Copy
eCertID: 000115236

Deana J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
11/26/2013 10:05 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.5(a)(3)

NON-CERTIFIED COPY

18.

Additionally, and/or alternatively, URS, as the architectural and engineering firm of record for the design of the Projects, owed H&E a legal duty to exercise the ordinary skill, care and diligence exercised by other architects and engineers in the same or similar circumstances. URS, however, knowingly, recklessly and/or grossly failed to exercise the ordinary skill, care and diligence in designing and managing the construction of the Projects. Such negligent acts and/or omissions constitute a direct and proximate cause of damages to H&E.

19.

In addition, Defendant Johnson, as a design professional and the lead architect of record for the design of the Projects, owed H&E a professional duty to exercise a special degree of skill, care and diligence exercised by other architects in the same or similar circumstances. Johnson, however, knowingly, recklessly and/or grossly failed to exercise the required standard of care in performing his professional services on the Projects. Such negligent acts and/or omissions constitute a direct and proximate cause of damages to H&E.

20.

Defendant Ryan, as a design professional and architect performing professional services on the Projects, owed H&E a professional duty to exercise a special degree of skill, care and diligence exercised by other architects in the same or similar circumstances. Ryan, however, knowingly, recklessly and/or grossly failed to exercise the required standard of care in performing his professional services on the Projects. Such negligent acts and/or omissions constitute a direct and proximate cause of damages to H&E.

**DAMAGES**

21.

H&E does not know the full extent of its damages due to defendants' breaches of contract and duty, delictual acts and deceptive trade practices; however, H&E believes its damages currently exceed $3,000,000.00. H&E may seek leave to amend to more clearly articulate the extent of its damages, as ascertained.

**JURY DEMAND**

22.

Plaintiff H&E requests a trial by civil jury on all issues so triable.

Certified True and Correct Copy
eCertID: 000115236

Deanna J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
11/26/2013 10:05 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

NON-CERTIFIED COPY

## REQUEST FOR NOTICE

### 23.

Plaintiff H&E requests written notice to its counsel ten (10) days in advance of the date fixed for trial or hearing on any exception, motion, or rule in this proceeding pursuant to La. Code Civ. P. art. 1572, and Plaintiff further requests pursuant to La. Code Civ. P. arts. 1913 and 1914 immediate notice to its counsel of all interlocutory and final orders and judgments on any exceptions, motions, rules or trial on the merits in these proceedings.

### PRAYER

**WHEREFORE**, Plaintiff, H&E Equipment Services, Inc. prays that Defendants, URS Corporation Architecture, PC, URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, II, be served with a copy of this petition, and duly cited to appear and answer same, and that after the lapse of all legal delays and due proceedings are had, there be judgment rendered herein in favor of Plaintiff for all sums reasonable in the premises, including damages, together with legal interest thereon at the maximum legal rate from the date the obligation became due until paid, attorney's fees on the account determined due, penalties, court costs, and such additional relief as is just and to which it may be entitled. Moreover, Plaintiff, H&E Equipment Services, Inc., specifically requests that Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, II, be cited to the Louisiana Attorney General for their violations of the Louisiana Unfair Trade Practices Act and that there be judgment against Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, II, for damages and attorney's fees thereunder.

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

BY: _____

Edward J. Laperouse, II, #29310
John Ashley Moore, #9635
L. Adam Thames, #32722
Megan F. Bice, #35042
451 Florida Street, 8th Floor (70801)
P. O. Box 2471
Baton Rouge, LA 70821
Telephone: (225) 387-3221
Facsimile: (225) 346-8049
Email: ted.laperouse@taylorporter.com
Email: ashley.moore@taylorporter.com
Email: adam.thames@taylorporter.com
Email: megan.bice@taylorporter.com

*Attorneys for Plaintiff, H&E Equipment Services, Inc.*

FILED
EAST BATON ROUGE PARISH, LA
2013 NOV 20 PM 3: 37
DEPUTY CLERK OF COURT

Certified True and
Correct Copy
eCertID: 000115236

Deonna J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(b)(2)

Generated Date:
11/26/2013 10:05 AM

NON-CERTIFIED COPY

**PLEASE SERVE:**

**URS Corporation Architecture, P.C.**
through its Registered Agent for service:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

**URS Corporation**
through its Registered Agent for service:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

**L. O'Neal Johnson**
1544 La Annie Dr.
Baton Rouge, LA 70815

**Thomas E. Ryan, II**
621 Highland Creek Parkway
Baton Rouge, LA 70808

**PLEASE ALSO SERVE:**

**Louisiana Attorney General**
**Consumer Protection Division**
Livingston Building
1885 Third Street
Baton Rouge, LA 70802

Certified True and
Correct Copy
eCertID: 000115236

Dinna J. Mahan
East Baton Rouge Parish
Deputy Clerk of Court
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Generated Date:
11/26/2013 10:05 AM

NON-CERTIFIED COPY

# URS

**Remittance Page**

| | |
|---|---|
| Invoice Date | 07/29/2013 |
| Invoice | 5591796 |
| Project | 19229626 |
| Page | 1 |

Reference:  PS 100

For:   H & E Kenner Phase II

Professional Services for Period Ending 02/08/2013

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Total Due:            $231.48  USD
Terms:                Net 30

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

Regular Mail (USPS):    URS Corporation
                        P.O. Box 116183
                        Atlanta GA 30368-6183
                        US

Overnight Courier:      URS Corporation
                        Lock Box No. 116183
                        100 South Crest Drive
                        Stockbridge, GA  30281
                        Attention:  Atlanta Lockbox
                        (877) 786-3333

Electronic Funds Transfer:

| | |
|---|---|
| Account: | URS Corporation |
| Bank: | Wells Fargo Bank |
| Account No.: | 4520-086471 |
| ABA Routing No.: | 121-000-248 |
| Swift Code: | WFBIUS6S |

Remittance Information can be sent to:
    Email:         RemitTo@urs.com
    Fax:           (512) 419-6937   Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

EXHIBIT
5

NON-CERTIFIED COPY



|  |  |
|---|---|
| Invoice Date | 07/29/2013 |
| Invoice | 5591796 |
| Project | 19229626 |
| Page | 2 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  PS 100

For:   H & E Kenner Phase II

Professional Services for Period Ending 02/08/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| **Job: 19229626  H&E Kenner Phase II** | | | |
| Task:  00001  Project Management | 124.98 | 0.00 | 124.98 |
| Task:  00010  Site Civil | 106.50 | 0.00 | 106.50 |
| Total this job | 231.48 | 0.00 | 231.48 |
| **TOTAL THIS INVOICE** | 231.48 | 0.00 | $231.48 USD |

Project Manager: Chad Herndon

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | Invoice Date | 07/29/2013 |
|---|---|---|
| | Invoice | 5591796 |
| | Project | 19229626 |
| | Page | 3 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  PS 100

For:   H & E Kenner Phase II

<u>Professional Services for Period Ending 02/08/2013</u>

*Job:  19229626  H&E Kenner Phase II*
   *Task:  00001  Project Management*

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Administrator III | | | |
| Shillingburg, Stephanie B | 0.25 | 84.80 | 21.20 |
| Vampran, Lee D | 2.00 | 51.89 | 103.78 |
| Subtotal | 2.25 | | 124.98 |
| **Total Labor** | | | **124.98** |
| | | *Total due this task* | 124.98 |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320593

NON-CERTIFIED COPY



| | Invoice Date | 07/29/2013 |
|---|---|---|
| | Invoice | 5591796 |
| | Project | 19229626 |
| | Page | 4 |

Reference:  PS 100

For:    H & E Kenner Phase II

**Task: 00010  Site Civil**

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Senior Engineer | | | |
| Gaines, Timothy F | 1.00 | 106.50 | 106.50 |
| Subtotal | 1.00 | | 106.50 |
| **Total Labor** | | | **106.50** |
| | | *Total due this task* | *106.50* |
| | | *Total due this job* | *231.48* |
| | | **TOTAL THIS INVOICE** | **$231.48** USD |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY

NON-CERTIFIED COPY

| Invoice Date | 07/29/2013 | | | | | BILLING BACKUP | | | Page 1 |
|---|---|---|---|---|---|---|---|---|---|
| Invoice | 5591796 | | | | | | | | |
| Project | 19229626 | | | | | | | | |
| Reference | PS 100 | | | | | | | | |

| G/L DATE<br>SRV DATE | JOB/<br>LBR CMT | GL ACCT | TASK | DOC / INV# | EMP /<br>VENDOR # | NAME /<br>DESCRIPTION | HOURS /<br>QTY | RATE | BILLING<br>AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| **Job: 19229626  H&E Kenner Phase II** | | | | | | | | | |
| **Task:  00001  Project Management** | | | | | | | | | |
| Labor | | | | | | | | | |
| Administrator III | | | | | | | | | |
| 08/17/20<br>08/17/2012 | 19229626 | 50110 | 00001 | T4 8246013 | 39606 | Shillingburg, Stephanie B<br>Administrator III | 0.25 | 84.80 | 21.20 |
| 10/19/20<br>10/19/2012 | 19229626 | 50110 | 00001 | T4 8415703 | 37776 | Vampran, Lee D<br>Administrator III | 1.00 | 51.89 | 51.89 |
| 08/17/20<br>08/17/2012 | 19229626 | 50110 | 00001 | T4 8245742 | 37776 | Vampran, Lee D<br>Administrator III | 1.00 | 51.89 | 51.89 |
| | **Total Labor** | | | | | | | | 124.98 |

NON-CERTIFIED COPY

Invoice Date   07/29/2013                                          BILLING BACKUP                                                    Page 2
Invoice        5591796
Project        19229626
Reference      PS 100

| G/L DATE SRV DATE | JOB/ LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| **Task: 00010 Site Civil** | | | | | | | | | |
| **Labor** | | | | | | | | | |
| Senior Engineer | | | | | | | | | |
| 08/17/20 08/17/2012 | 19229626 | 50110 | 00010 | T4 8242017 | 67000 | Gaines, Timothy F Senior Engineer | 1.00 | 106.50 | 106.50 |
| | **Total Labor** | | | | | | | | **106.50** |



**Remittance Page**

| | |
|---|---|
| Invoice Date | 12/23/2013 |
| Invoice | 5744512 |
| Project | 19229626 |
| Page | 1 |

Reference:  PS 100

For:    H & E Kenner Phase II

<u>Professional Services for Period Ending 12/13/2013</u>

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

**Total Due:**          $481.93  USD
Terms:                       Net 30

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**    URS Corporation
                            P.O. Box 116183
                            Atlanta GA 30368-6183
                            US

**Overnight Courier:**    URS Corporation
                          Lock Box No. 116183
                          100 South Crest Drive
                          Stockbridge, GA  30281
                          Attention:  Atlanta Lockbox
                          (877) 786-3333

**Electronic Funds Transfer:**
   Account:          URS Corporation
   Bank:             Wells Fargo Bank
   Account No.:      4520-086471
   ABA Routing No.:  121-000-248
   Swift Code:       WFBIUS6S

Remittance Information can be sent to:
   Email:        RemitTo@urs.com
   Fax:          (512) 419-6937    Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | Invoice Date | 12/23/2013 |
|---|---|---|
| | Invoice | 5744512 |
| | Project | 19229626 |
| | Page | 2 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  PS 100

For:   H & E Kenner Phase II

Professional Services for Period Ending 12/13/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| **Job: 19229626  H&E Kenner Phase II** | 55.93 | 0.00 | 55.93 |
| Task:  00001  Project Management | 426.00 | 0.00 | 426.00 |
| Task:  00010  Site Civil | | | |
| **Total this job** | **481.93** | **0.00** | **481.93** |
| **TOTAL THIS INVOICE** | 481.93 | 0.00 | **$481.93** USD |

Project Manager: Chad Herndon

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | |
|---|---|---|
| Invoice Date | | 12/23/2013 |
| Invoice | | 5744512 |
| Project | | 19229626 |
| Page | | 3 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference: PS 100

For:  H & E Kenner Phase II

Professional Services for Period Ending 12/13/2013

**Job: 19229626  H&E Kenner Phase II**
  **Task: 00001  Project Management**

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Administrator III | | | |
| Vampran, Lee D | 1.00 | 55.93 | 55.93 |
| Subtotal | 1.00 | | 55.93 |
| **Total Labor** | | | **55.93** |
| | | *Total due this task* | 55.93 |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320597

NON-CERTIFIED COPY



| | | Invoice Date | 12/23/2013 |
| | | Invoice | 5744512 |
| | | Project | 19229626 |
| | | Page | 4 |

Reference: PS 100

For:  H & E Kenner Phase II

**Task:  00010  Site Civil**

| LABOR | HOURS | RATE | AMOUNT |
|-------|-------|------|--------|
| | | | |
| Senior Engineer | | | |
| Gaines, Timothy F | 4.00 | 106.50 | 426.00 |
| Subtotal | 4.00 | | 426.00 |
| **Total Labor** | | | **426.00** |
| *Total due this task* | | | 426.00 |
| *Total due this job* | | | *481.93* |
| **TOTAL THIS INVOICE** | | | **$481.93** USD |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY

NON-CERTIFIED COPY

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Invoice Date | 12/23/2013 | | | BILLING BACKUP | | | Page 1 |
| Invoice | 5744512 | | | | | | |
| Project | 19229626 | | | | | | |
| Reference | PS 100 | | | | | | |

| G/L DATE   JOB/ SRV DATE LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|
| **Job:  19229626   H&E Kenner Phase II** | | | | | | | | |
| **Task:  00001  Project Management** | | | | | | | | |
| Labor | | | | | | | | |
| Administrator III | | | | | | | | |
| 09/13/20   19229626 09/13/2013 | 50110 | 00001 | T4 9341601 | 37776 | Vampran, Lee D Administrator III | 1.00 | 55.93 | 55.93 |
| **Total Labor** | | | | | | | | 55.93 |

Invoice Date   12/23/2013                    BILLING BACKUP                                   Page 2
Invoice        5744512
Project        19229626
Reference      PS 100

| G/L DATE  JOB/<br>SRV DATE  LBR CMT | GL ACCT | TASK | DOC / INV# | EMP /<br>VENDOR # | NAME /<br>DESCRIPTION | HOURS /<br>QTY | RATE | BILLING<br>AMOUNT |
|---|---|---|---|---|---|---|---|---|
| **Task:  00010  Site Civil** | | | | | | | | |
| | | | | | | | | |
| **Labor** | | | | | | | | |
| Senior Engineer | | | | | | | | |
| 04/26/20   19229626<br>04/09/2013 | 50110 | 00010 | T4 8935310 | 67000 | Gaines, Timothy F<br>Senior Engineer | 4.00 | 106.50 | 426.00 |
| | **Total Labor** | | | | | | | **426.00** |

NON-CERTIFIED COPY



**Remittance Page**

| | |
|---|---|
| Invoice Date | 12/19/2012 |
| Invoice | 5357940 |
| Project | 19229775 |
| Page | 1 |

Reference:  WO#0111

For:    H&E Phase IV BN & CA

Professional Services for Period Ending 12/07/2012

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

**Total Due:**        **$66,001.45  USD**
Terms:                      Net 30

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**    URS Corporation
P.O. Box 116183
Atlanta GA 30368-6183
US

**Overnight Courier:**    URS Corporation
Lock Box No. 116183
100 South Crest Drive
Stockbridge, GA  30281
Attention:  Atlanta Lockbox
(877) 786-3333

**Electronic Funds Transfer:**
Account:            URS Corporation
Bank:                Wells Fargo Bank
Account No.:      4520-086471
ABA Routing No.:  121-000-248
Swift Code:        WFBIUS6S

Remittance Information can be sent to:
Email:            RemitTo@urs.com
Fax:              (512) 419-6937    Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | |
|---|---|---|
| Invoice Date | 12/19/2012 |
| Invoice | 5357940 |
| Project | 19229775 |
| Page | 2 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO#0111

For:   H&E Phase IV BN & CA

Professional Services for Period Ending 12/07/2012

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| Job:  19229775  H&E Phase IV BN & CA | 66,001.45 | 0.00 | 66,001.45 |
| Total this job | 66,001.45 | 0.00 | 66,001.45 |
| TOTAL THIS INVOICE | 66,001.45 | 0.00 | $66,001.45 USD |

Project Manager: Neal Johnson

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | |
|---|---|---|
| Invoice Date | 12/19/2012 |
| Invoice | 5357940 |
| Project | 19229775 |
| Page | 3 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:   WO#0111

For:   H&E Phase IV BN & CA

<u>Professional Services for Period Ending 12/07/2012</u>
*Job:  19229775  H&E Phase IV BN & CA*

**LUMP SUM**

| | | |
|---|---|---|
| Lump Sum Billing | 66,001.45 |
| **Total Lump Sum** | **66,001.45** |
| *Total due this job* | *66,001.45* |
| **TOTAL THIS INVOICE** | **$66,001.45 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320603

NON-CERTIFIED COPY



**Remittance Page**

| | |
|---|---|
| Invoice Date | 03/21/2013 |
| Invoice | 5456789 |
| Project | 19229775 |
| Page | 1 |

Reference: WO#0111

For: H&E Phase IV BN & CA

Professional Services for Period Ending 03/08/2013

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

| | |
|---|---|
| Total Due: | $2,100.55  USD |
| Terms: | Net 30 |

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**   URS Corporation
P.O. Box 116183
Atlanta GA 30368-6183
US

**Overnight Courier:**   URS Corporation
Lock Box No. 116183
100 South Crest Drive
Stockbridge, GA  30281
Attention:  Atlanta Lockbox
(877) 786-3333

**Electronic Funds Transfer:**

| | |
|---|---|
| Account: | URS Corporation |
| Bank: | Wells Fargo Bank |
| Account No.: | 4520-086471 |
| ABA Routing No.: | 121-000-248 |
| Swift Code: | WFBIUS6S |

Remittance Information can be sent to:

| | |
|---|---|
| Email: | RemitTo@urs.com |
| Fax: | (512) 419-6937    Attn:  Cash Applications |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



|  |  |
|---|---|
| Invoice Date | 03/21/2013 |
| Invoice | 5456789 |
| Project | 19229775 |
| Page | 2 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO#0111

For:   H&E Phase IV BN & CA

Professional Services for Period Ending 03/08/2013

|  | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| Job:  19229775  H&E Phase IV BN & CA | 2,100.55 | 0.00 | 2,100.55 |
| Total this job | 2,100.55 | 0.00 | 2,100.55 |
| **TOTAL THIS INVOICE** | **2,100.55** | **0.00** | **$2,100.55 USD** |

Project Manager: Neal Johnson

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 03/21/2013 |
| Invoice | 5456789 |
| Project | 19229775 |
| Page | 3 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO#0111

For:   H&E Phase IV BN & CA

Professional Services for Period Ending 03/08/2013
*Job: 19229775  H&E Phase IV BN & CA*

**LUMP SUM**

| | |
|---|---|
| Lump Sum Billing | 2,100.55 |
| **Total Lump Sum** | **2,100.55** |
| *Total due this job* | *2,100.55* |
| **TOTAL THIS INVOICE** | **$2,100.55 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320606

NON-CERTIFIED COPY



**Remittance Page**

| | |
|---|---|
| Invoice Date | 08/21/2013 |
| Invoice | 5626064 |
| Project | 19229775 |
| Page | 1 |

Reference:  WO#0111

For:   H&E Phase IV BN & CA

Professional Services for Period Ending 08/16/2013

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

**Total Due:**          **$-8,618.22  USD**

Terms:                  Net 30

\*   Make checks payable to: URS Corporation
\*   Please indicate invoice number and/or project number on check
\*   Please include this stub with payment

**Regular Mail (USPS):**    URS Corporation
                            P.O. Box 116183
                            Atlanta GA 30368-6183
                            US

**Overnight Courier:**      URS Corporation
                            Lock Box No. 116183
                            100 South Crest Drive
                            Stockbridge, GA  30281
                            Attention:  Atlanta Lockbox
                            (877) 786-3333

**Electronic Funds Transfer:**

| | |
|---|---|
| Account: | URS Corporation |
| Bank: | Wells Fargo Bank |
| Account No.: | 4520-086471 |
| ABA Routing No.: | 121-000-248 |
| Swift Code: | WFBIUS6S |

Remittance Information can be sent to:

| | |
|---|---|
| Email: | RemitTo@urs.com |
| Fax: | (512) 419-6937   Attn:  Cash Applications |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | Invoice Date | 08/21/2013 |
|---|---|---|
| | Invoice | 5626064 |
| | Project | 19229775 |
| | Page | 2 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO#0111

For:   H&E Phase IV BN & CA

Professional Services for Period Ending 08/16/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| Job:  19229775  H&E Phase IV BN & CA | -8,618.22 | 0.00 | -8,618.22 |
| Total this job | -8,618.22 | 0.00 | -8,618.22 |
| TOTAL THIS INVOICE | -8,618.22 | 0.00 | $-8,618.22 USD |

Project Manager: Neal Johnson

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 08/21/2013 |
| Invoice | 5626064 |
| Project | 19229775 |
| Page | 3 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO#0111

For:   H&E Phase IV BN & CA

Professional Services for Period Ending 08/16/2013
*Job: 19229775  H&E Phase IV BN & CA*

**LUMP SUM**

| | |
|---|---|
| Lump Sum Billing | -8,618.22 |
| **Total Lump Sum** | **-8,618.22** |
| *Total due this Job* | **-8,618.22** |
| **TOTAL THIS INVOICE** | **$-8,618.22** USD |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320609

NON-CERTIFIED COPY



**Remittance Page**

| | |
|---|---|
| Invoice Date | 08/21/2013 |
| Invoice | 5626064 |
| Project | 19229775 |
| Page | 1 |

Reference:  WO#0111

For:   H&E Phase IV BN & CA

<u>Professional Services for Period Ending 08/16/2013</u>

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

| | |
|---|---|
| **Total Due:** | **$-8,618.22  USD** |
| Terms: | Net 30 |

\*   Make checks payable to: URS Corporation
\*   Please indicate invoice number and/or project number on check
\*   Please include this stub with payment

**Regular Mail (USPS):**   URS Corporation
P.O. Box 116183
Atlanta GA 30368-6183
US

**Overnight Courier:**   URS Corporation
Lock Box No. 116183
100 South Crest Drive
Stockbridge, GA  30281
Attention:  Atlanta Lockbox
(877) 786-3333

**Electronic Funds Transfer:**

| | |
|---|---|
| Account: | URS Corporation |
| Bank: | Wells Fargo Bank |
| Account No.: | 4520-086471 |
| ABA Routing No.: | 121-000-248 |
| Swift Code: | WFBIUS6S |

Remittance Information can be sent to:
Email:       RemitTo@urs.com
Fax:         (512) 419-6937   Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | |
|---|---|---|
| Invoice Date | 08/21/2013 |
| Invoice | 5626064 |
| Project | 19229775 |
| Page | 2 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO#0111

For:  H&E Phase IV BN & CA

Professional Services for Period Ending 08/16/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| Job:  19229775  H&E Phase IV BN & CA | -8,618.22 | 0.00 | -8,618.22 |
| Total this job | -8,618.22 | 0.00 | -8,618.22 |
| **TOTAL THIS INVOICE** | **-8,618.22** | **0.00** | **$-8,618.22 USD** |

Project Manager: Neal Johnson

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 08/21/2013 |
| Invoice | 5626064 |
| Project | 19229775 |
| Page | 3 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO#0111

For:   H&E Phase IV BN & CA

<u>Professional Services for Period Ending 08/16/2013</u>
*Job: 19229775  H&E Phase IV BN & CA*

**LUMP SUM**

| | |
|---|---|
| Lump Sum Billing | -8,618.22 |
| **Total Lump Sum** | **-8,618.22** |
| *Total due this job* | **-8,618.22** |
| **TOTAL THIS INVOICE** | **$-8,618.22 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320609

NON-CERTIFIED COPY

 **URS**

**Remittance Page**

| | |
|---|---|
| Invoice Date | 01/14/2013 |
| Invoice | 5357942 |
| Project | 19229873 |
| Page | 1 |

Reference: WO0711

For:  H&E HQ & BR Branch-Phase V

Professional Services for Period Ending 12/07/2012

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

| | |
|---|---|
| **Total Due:** | **$28,882.00**  USD |
| Terms: | Net 30 |

\* Make checks payable to: URS Corporation
\* Please indicate invoice number and/or project number on check
\* Please include this stub with payment

**Regular Mail (USPS):**    URS Corporation
                          P.O. Box 116183
                          Atlanta GA 30368-6183
                          US

**Overnight Courier:**    URS Corporation
                        Lock Box No. 116183
                        100 South Crest Drive
                        Stockbridge, GA  30281
                        Attention:  Atlanta Lockbox
                        (877) 786-3333

**Electronic Funds Transfer:**
   Account:          URS Corporation
   Bank:             Wells Fargo Bank
   Account No.:      4520-086471
   ABA Routing No.:  121-000-248
   Swift Code:       WFBIUS6S

Remittance Information can be sent to:
   Email:        RemitTo@urs.com
   Fax:          (512) 419-6937    Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | Invoice Date | 01/14/2013 |
|---|---|---|
| | Invoice | 5357942 |
| | Project | 19229873 |
| | Page | 2 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO0711

For:  H&E HQ & BR Branch-Phase V

Professional Services for Period Ending 12/07/2012

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| Job:  19229873  H&E Phase V FF&E | 28,882.00 | 0.00 | 28,882.00 |
| **Total this job** | **28,882.00** | **0.00** | **28,882.00** |
| **TOTAL THIS INVOICE** | **28,882.00** | **0.00** | **$28,882.00 USD** |

Project Manager: Larry Johnson

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 01/14/2013 |
| Invoice | 5357942 |
| Project | 19229873 |
| Page | 3 |

H & E Equipment Services, Inc.
Attn: Frankie Wynn
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO0711

For:   H&E HQ & BR Branch-Phase V

**Professional Services for Period Ending 12/07/2012**
*Job:  19229873  H&E Phase V FF&E*

**LUMP SUM**

| | |
|---|---|
| Lump Sum Billing | 28,882.00 |
| **Total Lump Sum** | **28,882.00** |
| *Total due this job* | **28,882.00** |
| **TOTAL THIS INVOICE** | **$28,882.00** USD |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320623

NON-CERTIFIED COPY



**Remittance Page**

| | |
|---|---|
| Invoice Date | 12/19/2012 |
| Invoice | 5357943 |
| Project | 19229964 |
| Page | 1 |

Reference: 1111

For:   H&E Design Changes

Professional Services for Period Ending 12/07/2012

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

**Total Due:**          **$3,487.50**  USD
Terms:                  Net 30

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**   URS Corporation
                           P.O. Box 116183
                           Atlanta GA 30368-6183
                           US

**Overnight Courier:**   URS Corporation
                         Lock Box No. 116183
                         100 South Crest Drive
                         Stockbridge, GA  30281
                         Attention:  Atlanta Lockbox
                         (877) 786-3333

**Electronic Funds Transfer:**
    Account:        URS Corporation
    Bank:           Wells Fargo Bank
    Account No.:    4520-086471
    ABA Routing No.:  121-000-248
    Swift Code:     WFBIUS6S

Remittance Information can be sent to:
    Email:        RemitTo@urs.com
    Fax:          (512) 419-6937   Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | |
|---|---|---|
| Invoice Date | 12/19/2012 |
| Invoice | 5357943 |
| Project | 19229964 |
| Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference: 1111

For:  H&E Design Changes

<u>Professional Services for Period Ending 12/07/2012</u>

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| **Job: 19229964  H&E Design Changes** | | | |
| Task:  00001  Project Management | 2,092.50 | 0.00 | 2,092.50 |
| Task:  00002  Design/Construction Documents | 1,065.00 | 0.00 | 1,065.00 |
| Task:  00004  Pricing Coordination | 330.00 | 0.00 | 330.00 |
| **Total this job** | **3,487.50** | **0.00** | **3,487.50** |
| | | | |
| **TOTAL THIS INVOICE** | **3,487.50** | **0.00** | **$3,487.50 USD** |

Project Manager: Larry Johnson

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 12/19/2012 |
| Invoice | 5357943 |
| Project | 19229964 |
| Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1111

For:   H&E Design Changes

Professional Services for Period Ending 12/07/2012

**Job: 19229964  H&E Design Changes**
   **Task: 00001  Project Management**

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| PRINCIPAL | | | |
| Johnson Jr, Larry O | 12.00 | 165.00 | 1,980.00 |
| ADMINISTRATION | | | |
| Vampran, Lee D | 1.00 | 50.00 | 50.00 |
| Shillingburg, Stephanie B | 1.25 | 50.00 | 62.50 |
| Subtotal | 14.25 | | 2,092.50 |
| **Total Labor** | | | **2,092.50** |
| | | *Total due this task* | 2,092.50 |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320654

NON-CERTIFIED COPY



|  | | | | Invoice Date | 12/19/2012 |
| | | | | Invoice | 5357943 |
| | | | | Project | 19229964 |
| | | | | Page | 4 |

Reference:  1111

For:    H&E Design Changes

**Task:  00002  Design/Construction Documents**

| LABOR | HOURS | RATE | AMOUNT |
|-------|-------|------|--------|
| | | | |
| SR. ARCHITECT | | | |
| Ryan, Thomas E | 9.00 | 100.00 | 900.00 |
| PRINCIPAL | | | |
| Johnson Jr, Larry O | 1.00 | 165.00 | 165.00 |
| Subtotal | 10.00 | | 1,065.00 |
| **Total Labor** | | | **1,065.00** |
| | | *Total due this task* | *1,065.00* |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | | |
|---|---|---|---|
| Invoice Date | | | 12/19/2012 |
| Invoice | | | 5357943 |
| Project | | | 19229964 |
| Page | | | 5 |

Reference:  1111

For:   H&E Design Changes

**Task: 00004 Pricing Coordination**

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| PRINCIPAL | | | |
| Johnson Jr, Larry O | 2.00 | 165.00 | 330.00 |
| Subtotal | 2.00 | | 330.00 |
| **Total Labor** | | | **330.00** |
| | | *Total due this task* | *330.00* |
| | | **Total due this job** | **3,487.50** |
| | | **TOTAL THIS INVOICE** | **$3,487.50 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY

NON-CERTIFIED COPY

| | |
|---|---|
| Invoice Date | 12/19/2012 |
| Invoice | 5357943 |
| Project | 19229964 |
| Reference | 1111 |

**BILLING BACKUP**

Page 1

| G/L DATE SRV DATE | JOB/ LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| *Job: 19229964 H&E Design Changes* | | | | | | | | | |
| *Task: 00001 Project Management* | | | | | | | | | |
| **Labor** | | | | | | | | | |
| PRINCIPAL | | | | | | | | | |
| 12/07/20 12/07/2012 | 19229964 | 50110 | 00001 | T4 8547355 | 66831 | Johnson Jr, Larry O PRINCIPAL | 3.00 | 165.00 | 495.00 |
| 11/30/20 11/30/2012 | 19229964 | 50110 | 00001 | T4 8525429 | 66831 | Johnson Jr, Larry O PRINCIPAL | 2.00 | 165.00 | 330.00 |
| 11/23/20 11/23/2012 | 19229964 | 50110 | 00001 | T4 8507340 | 66831 | Johnson Jr, Larry O PRINCIPAL | 7.00 | 165.00 | 1,155.00 |
| ADMINISTRATION | | | | | | | | | |
| 11/16/20 11/16/2012 | 19229964 | 50110 | 00001 | T4 8493210 | 37776 | Vampran, Lee D ADMINISTRATION | 1.00 | 50.00 | 50.00 |
| 11/23/20 11/23/2012 | 19229964 | 50110 | 00001 | T4 8512122 | 39606 | Shillingburg, Stephanie B ADMINISTRATION | 1.25 | 50.00 | 62.50 |
| **Total Labor** | | | | | | | | | **2,092.50** |

NON-CERTIFIED COPY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Invoice Date | 12/19/2012 | | | | | BILLING BACKUP | | Page 2 |
| Invoice | 5357943 | | | | | | | |
| Project | 19229964 | | | | | | | |
| Reference | 1111 | | | | | | | |

| G/L DATE SRV DATE | JOB/ LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| **Task: 00002 Design/Construction Documents** | | | | | | | | | |
| **Labor** | | | | | | | | | |
| SR. ARCHITECT | | | | | | | | | |
| 11/16/20 11/16/2012 | 19229964 | 50110 | 00002 | T4 8491717 | 128516 | Ryan, Thomas E SR. ARCHITECT | 9.00 | 100.00 | 900.00 |
| PRINCIPAL | | | | | | | | | |
| 11/30/20 11/30/2012 | 19229964 | 50110 | 00002 | T4 8525429 | 66831 | Johnson Jr, Larry O PRINCIPAL | 1.00 | 165.00 | 165.00 |
| | **Total Labor** | | | | | | | | **1,065.00** |

NON-CERTIFIED COPY

| Invoice Date | 12/19/2012 | BILLING BACKUP | Page 3 |
|---|---|---|---|
| Invoice | 5357943 | | |
| Project | 19229964 | | |
| Reference | 1111 | | |

| G/L DATE  JOB/<br>SRV DATE LBR CMT | GL ACCT  TASK | DOC / INV#  EMP /<br>VENDOR # | NAME /<br>DESCRIPTION | HOURS /<br>QTY | RATE | BILLING<br>AMOUNT |
|---|---|---|---|---|---|---|
| **Task:  00004  *Pricing Coordination*** | | | | | | |
| **Labor** | | | | | | |
| PRINCIPAL | | | | | | |
| 11/30/20   19229964<br>11/30/2012 | 50110   00004 | T4 8525429   66831 | Johnson Jr, Larry O<br>PRINCIPAL | 2.00 | 165.00 | 330.00 |
| **Total Labor** | | | | | | **330.00** |

 **URS**

**Remittance Page**

| | |
|---|---|
| Invoice Date | 06/19/2013 |
| Invoice | 5555403 |
| Project | 19229964 |
| Page | 1 |

Reference:  1111

For:   H&E Design Changes

Professional Services for Period Ending 06/07/2013

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

| | | |
|---|---|---|
| **Total Due:** | $975.00 | USD |
| Terms: | Net 30 | |

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**   URS Corporation
P.O. Box 116183
Atlanta GA 30368-6183
US

**Overnight Courier:**   URS Corporation
Lock Box No. 116183
100 South Crest Drive
Stockbridge, GA  30281
Attention:  Atlanta Lockbox
(877) 786-3333

**Electronic Funds Transfer:**
Account:      URS Corporation
Bank:        Wells Fargo Bank
Account No.:    4520-086471
ABA Routing No.:  121-000-248
Swift Code:     WFBIUS6S

Remittance Information can be sent to:
Email:      RemitTo@urs.com
Fax:       (512) 419-6937   Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 06/19/2013 |
| Invoice | 5555403 |
| Project | 19229964 |
| Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1111

For:   H&E Design Changes

Professional Services for Period Ending 06/07/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| **Job: 19229964  H&E Design Changes** | | | |
| Task:  00001  Project Management | 975.00 | 0.00 | 975.00 |
| **Total this job** | **975.00** | **0.00** | **975.00** |
| | | | |
| **TOTAL THIS INVOICE** | **975.00** | **0.00** | **$975.00 USD** |

Project Manager: Larry Johnson

NON-CERTIFIED COPY



|  |  |
|---|---|
| Invoice Date | 06/19/2013 |
| Invoice | 5555403 |
| Project | 19229964 |
| Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1111

For:   H&E Design Changes

Professional Services for Period Ending 06/07/2013

*Job:  19229964  H&E Design Changes*
 *Task:  00001  Project Management*

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| SR. ARCHITECT | | | |
| Ryan, Thomas E | 9.00 | 100.00 | 900.00 |
| ADMINISTRATION | | | |
| Vampran, Lee D | 1.50 | 50.00 | 75.00 |
| Subtotal | 10.50 | | 975.00 |
| **Total Labor** | | | **975.00** |
| | | *Total due this task* | *975.00* |
| | | *Total due this job* | *975.00* |
| | | **TOTAL THIS INVOICE** | **$975.00** USD |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320659

NON-CERTIFIED COPY

NON-CERTIFIED COPY

Invoice Date   06/19/2013
Invoice        5555403
Project        19229964
Reference      1111

BILLING BACKUP

Page 1

| G/L DATE  JOB/ SRV DATE LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|
| **Job:  19229964  H&E Design Changes** | | | | | | | | |
| **Task:  00001  Project Management** | | | | | | | | |
| **Labor** | | | | | | | | |
| SR. ARCHITECT | | | | | | | | |
| 06/07/20   19229964 06/07/2013 | 50110 | 00001 | T4 9056122 | 128516 | Ryan, Thomas E SR. ARCHITECT | 9.00 | 100.00 | 900.00 |
| ADMINISTRATION | | | | | | | | |
| 05/17/20   19229964 05/17/2013 | 50110 | 00001 | T4 8997471 | 37776 | Vampran, Lee D ADMINISTRATION | 1.00 | 50.00 | 50.00 |
| 05/03/20   19229964 05/03/2013 | 50110 | 00001 | T4 8958072 | 37776 | Vampran, Lee D ADMINISTRATION | 0.50 | 50.00 | 25.00 |
| **Total Labor** | | | | | | | | **975.00** |



**Remittance Page**

| | |
|---|---|
| Invoice Date | 06/25/2013 |
| Invoice | 5565894 |
| Project | 19229964 |
| Page | 1 |

Reference: 1111

For:   H&E Design Changes

Professional Services for Period Ending 01/11/2013

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Total Due:          $1,202.50  USD
Terms:              Net 30

\*   Make checks payable to: URS Corporation
\*   Please indicate invoice number and/or project number on check
\*   Please include this stub with payment

**Regular Mail (USPS):**     URS Corporation
                             P.O. Box 116183
                             Atlanta GA 30368-6183
                             US

**Overnight Courier:**       URS Corporation
                             Lock Box No. 116183
                             100 South Crest Drive
                             Stockbridge, GA  30281
                             Attention:  Atlanta Lockbox
                             (877) 786-3333

**Electronic Funds Transfer:**
   Account:          URS Corporation
   Bank:             Wells Fargo Bank
   Account No.:      4520-086471
   ABA Routing No.:  121-000-248
   Swift Code:       WFBIUS6S

Remittance Information can be sent to:
   Email:            RemitTo@urs.com
   Fax:              (512) 419-6937   Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



|  |  |
|---|---|
| Invoice Date | 06/25/2013 |
| Invoice | 5565894 |
| Project | 19229964 |
| Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1111

For:   H&E Design Changes

Professional Services for Period Ending 01/11/2013

|  | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| **Job: 19229964  H&E Design Changes** |  |  |  |
| Task:  00001  Project Management | 1,052.50 | 0.00 | 1,052.50 |
| Task:  00002  Design/Construction Documents | 150.00 | 0.00 | 150.00 |
| Total this job | 1,202.50 | 0.00 | 1,202.50 |
| **TOTAL THIS INVOICE** | 1,202.50 | 0.00 | $1,202.50 USD |

Project Manager: Larry Johnson

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | |
|---|---|---|
| Invoice Date | | 06/25/2013 |
| Invoice | | 5565894 |
| Project | | 19229964 |
| Page | | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1111

For:   H&E Design Changes

Professional Services for Period Ending 01/11/2013

Job:  19229964  H&E Design Changes
   Task:  00001  Project Management

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| | | | |
| PRINCIPAL | | | |
| Johnson Jr, Larry O | 6.00 | 165.00 | 990.00 |
| ADMINISTRATION | | | |
| Vampran, Lee D | 1.00 | 50.00 | 50.00 |
| Shillingburg, Stephanie B | 0.25 | 50.00 | 12.50 |
| Subtotal | 7.25 | | 1,052.50 |
| **Total Labor** | | | **1,052.50** |
| | | *Total due this task* | *1,052.50* |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320661

NON-CERTIFIED COPY



| | | | |
|---|---|---|---|
| | Invoice Date | | 06/25/2013 |
| | Invoice | | 5565894 |
| | Project | | 19229964 |
| | Page | | 4 |

Reference:  1111

For:    H&E Design Changes

**Task:  00002  Design/Construction Documents**

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| Architect I | | | |
| Miller, John B | 3.00 | 50.00 | 150.00 |
| Subtotal | 3.00 | | 150.00 |
| **Total Labor** | | | **150.00** |
| | | *Total due this task* | *150.00* |
| | | ***Total due this job*** | ***1,202.50*** |
| | | **TOTAL THIS INVOICE** | **$1,202.50 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY

NON-CERTIFIED COPY

| Invoice Date | 06/25/2013 |
|---|---|
| Invoice | 5565894 |
| Project | 19229964 |
| Reference | 1111 |

BILLING BACKUP

Page 1

| G/L DATE JOB/<br>SRV DATE LBR CMT | | GL ACCT | TASK | DOC / INV# | EMP /<br>VENDOR # | NAME /<br>DESCRIPTION | HOURS /<br>QTY | RATE | BILLING<br>AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| **Job: 19229964** | ***H&E Design Changes*** | | | | | | | | |
| **Task: 00001** | ***Project Management*** | | | | | | | | |
| **Labor** | | | | | | | | | |
| PRINCIPAL | | | | | | | | | |
| 12/21/20<br>12/21/2012 | 19229964 | 50110 | 00001 | T4 8582568 | 66831 | Johnson Jr, Larry O<br>PRINCIPAL | 1.00 | 165.00 | 165.00 |
| 12/14/20<br>12/14/2012 | 19229964 | 50110 | 00001 | T4 8565521 | 66831 | Johnson Jr, Larry O<br>PRINCIPAL | 5.00 | 165.00 | 825.00 |
| ADMINISTRATION | | | | | | | | | |
| 12/14/20<br>12/14/2012 | 19229964 | 50110 | 00001 | T4 8569485 | 37776 | Vampran, Lee D<br>ADMINISTRATION | 1.00 | 50.00 | 50.00 |
| 12/14/20<br>12/14/2012 | 19229964 | 50110 | 00001 | T4 8569736 | 39606 | Shillingburg, Stephanie B<br>ADMINISTRATION | 0.25 | 50.00 | 12.50 |
| | **Total Labor** | | | | | | | | **1,052.50** |

NON-CERTIFIED COPY

| | | |
|---|---|---|
| Invoice Date | 06/25/2013 | |
| Invoice | 5565894 | |
| Project | 19229964 | |
| Reference | 1111 | |

**BILLING BACKUP**

Page 2

| G/L DATE JOB/ SRV DATE LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|
| *Task: 00002 Design/Construction Documents* | | | | | | | | |
| **Labor** | | | | | | | | |
| Architect I | | | | | | | | |
| 12/14/20  19229964 12/14/2012 | 50110 | 00002 | T4 8568025 | 128563 | Miller, John B Architect I | 3.00 | 50.00 | 150.00 |
| **Total Labor** | | | | | | | | 150.00 |



**Remittance Page**

| | |
|---|---|
| Invoice Date | 07/24/2013 |
| Invoice | 5588906 |
| Project | 19229964 |
| Page | 1 |

Reference:  1111

For:   H&E Design Changes

Professional Services for Period Ending 07/12/2013

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Total Due:          $2,450.00  USD
Terms:                      Net 30

\*   Make checks payable to: URS Corporation
\*   Please indicate invoice number and/or project number on check
\*   Please include this stub with payment

**Regular Mail (USPS):**     URS Corporation
                            P.O. Box 116183
                            Atlanta GA 30368-6183
                            US

**Overnight Courier:**     URS Corporation
                         Lock Box No. 116183
                         100 South Crest Drive
                         Stockbridge, GA  30281
                         Attention:  Atlanta Lockbox
                         (877) 786-3333

**Electronic Funds Transfer:**
    Account:            URS Corporation
    Bank:               Wells Fargo Bank
    Account No.:        4520-086471
    ABA Routing No.:    121-000-248
    Swift Code:         WFBIUS6S

Remittance Information can be sent to:
    Email:          RemitTo@urs.com
    Fax:            (512) 419-6937    Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 07/24/2013 |
| Invoice | 5588906 |
| Project | 19229964 |
| Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1111

For:   H&E Design Changes

Professional Services for Period Ending 07/12/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| **Job: 19229964  H&E Design Changes** | | | |
| Task:  00001  Project Management | 2,450.00 | 0.00 | 2,450.00 |
| **Total this job** | **2,450.00** | **0.00** | **2,450.00** |
| **TOTAL THIS INVOICE** | **2,450.00** | **0.00** | **$2,450.00 USD** |

Project Manager: Larry Johnson

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | |
|---|---|---|
| Invoice Date | | 07/24/2013 |
| Invoice | | 5588906 |
| Project | | 19229964 |
| Page | | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1111

For:   H&E Design Changes

Professional Services for Period Ending 07/12/2013

**Job: 19229964  H&E Design Changes**
   **Task: 00001  Project Management**

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| SR. ARCHITECT | | | |
| Ryan, Thomas E | 24.00 | 100.00 | 2,400.00 |
| ADMINISTRATION | | | |
| Vampran, Lee D | 1.00 | 50.00 | 50.00 |
| Subtotal | 25.00 | | 2,450.00 |
| **Total Labor** | | | **2,450.00** |
| *Total due this task* | | | *2,450.00* |
| **Total due this job** | | | **2,450.00** |
| **TOTAL THIS INVOICE** | | | **$2,450.00** USD |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320664

NON-CERTIFIED COPY

NON-CERTIFIED COPY

| Invoice Date | 07/24/2013 |
|---|---|
| Invoice | 5588906 |
| Project | 19229964 |
| Reference | 1111 |

**BILLING BACKUP**

Page 1

| G/L DATE JOB/<br>SRV DATE LBR CMT | GL ACCT | TASK | DOC / INV# | EMP /<br>VENDOR # | NAME /<br>DESCRIPTION | HOURS /<br>QTY | RATE | BILLING<br>AMOUNT |
|---|---|---|---|---|---|---|---|---|
| *Job: 19229964 H&E Design Changes* | | | | | | | | |
| *Task: 00001 Project Management* | | | | | | | | |
| **Labor** | | | | | | | | |
| SR. ARCHITECT | | | | | | | | |
| 06/28/20  19229964<br>06/28/2013 | 50110 | 00001 | T4 9117846 | 128516 | Ryan, Thomas E<br>SR. ARCHITECT | 11.00 | 100.00 | 1,100.00 |
| 06/21/20  19229964<br>06/21/2013 | 50110 | 00001 | T4 9097073 | 128516 | Ryan, Thomas E<br>SR. ARCHITECT | 8.00 | 100.00 | 800.00 |
| 06/14/20  19229964<br>06/14/2013 | 50110 | 00001 | T4 9076688 | 128516 | Ryan, Thomas E<br>SR. ARCHITECT | 5.00 | 100.00 | 500.00 |
| ADMINISTRATION | | | | | | | | |
| 06/14/20  19229964<br>06/14/2013 | 50110 | 00001 | T4 9078052 | 37776 | Vampran, Lee D<br>ADMINISTRATION | 1.00 | 50.00 | 50.00 |
| **Total Labor** | | | | | | | | **2,450.00** |



**Remittance Page**

| | |
|---|---|
| Invoice Date | 10/24/2013 |
| Invoice | 5681317 |
| Project | 19229964 |
| Page | 1 |

Reference: 1111

For:   H&E Design Changes

<u>Professional Services for Period Ending 10/11/2013</u>

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

| | | |
|---|---|---|
| **Total Due:** | **$950.00** | **USD** |
| Terms: | Net 30 | |

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**   URS Corporation
P.O. Box 116183
Atlanta GA 30368-6183
US

**Overnight Courier:**   URS Corporation
Lock Box No. 116183
100 South Crest Drive
Stockbridge, GA  30281
Attention:  Atlanta Lockbox
(877) 786-3333

**Electronic Funds Transfer:**

| | |
|---|---|
| Account: | URS Corporation |
| Bank: | Wells Fargo Bank |
| Account No.: | 4520-086471 |
| ABA Routing No.: | 121-000-248 |
| Swift Code: | WFBIUS6S |

Remittance Information can be sent to:
Email:       RemitTo@urs.com
Fax:          (512) 419-6937   Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 10/24/2013 |
| Invoice | 5681317 |
| Project | 19229964 |
| Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:   1111

For:   H&E Design Changes

Professional Services for Period Ending 10/11/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| **Job:  19229964  H&E Design Changes** | | | |
| Task:  00001  Project Management | 950.00 | 0.00 | 950.00 |
| **Total this job** | **950.00** | **0.00** | **950.00** |
| **TOTAL THIS INVOICE** | **950.00** | **0.00** | **$950.00 USD** |

Project Manager: Larry Johnson

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



|                |            |
|----------------|------------|
| Invoice Date   | 10/24/2013 |
| Invoice        | 5681317    |
| Project        | 19229964   |
| Page           | 3          |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1111

For:   H&E Design Changes

Professional Services for Period Ending 10/11/2013

**Job:  19229964  H&E Design Changes**
  **Task:  00001  Project Management**

| LABOR | HOURS | RATE | AMOUNT |
|-------|-------|------|--------|
| SR. ARCHITECT | | | |
| Ryan, Thomas E | 8.00 | 100.00 | 800.00 |
| ADMINISTRATION | | | |
| Vampran, Lee D | 3.00 | 50.00 | 150.00 |
| Subtotal | 11.00 | | 950.00 |
| **Total Labor** | | | **950.00** |

|                      |            |
|----------------------|------------|
| *Total due this task* | *950.00* |
| **Total due this job** | **950.00** |
| **TOTAL THIS INVOICE** | **$950.00 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320667

NON-CERTIFIED COPY

NON-CERTIFIED COPY

| Invoice Date | 10/24/2013 | | BILLING BACKUP | | | Page 1 |
|---|---|---|---|---|---|---|
| Invoice | 5681317 | | | | | |
| Project | 19229964 | | | | | |
| Reference | 1111 | | | | | |

| G/L DATE SRV DATE | JOB/ LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| **Job: 19229964  H&E Design Changes** | | | | | | | | | |
| **Task:  00001  Project Management** | | | | | | | | | |
| Labor | | | | | | | | | |
| SR. ARCHITECT | | | | | | | | | |
| 07/19/20 07/19/2013 | 19229964 | 50110 | 00001 | T4 9178270 | 128516 | Ryan, Thomas E SR. ARCHITECT | 8.00 | 100.00 | 800.00 |
| ADMINISTRATION | | | | | | | | | |
| 09/13/20 09/13/2013 | 19229964 | 50110 | 00001 | T4 9341601 | 37776 | Vampran, Lee D ADMINISTRATION | 1.00 | 50.00 | 50.00 |
| 08/16/20 08/16/2013 | 19229964 | 50110 | 00001 | T4 9261077 | 37776 | Vampran, Lee D ADMINISTRATION | 1.00 | 50.00 | 50.00 |
| 07/19/20 07/19/2013 | 19229964 | 50110 | 00001 | T4 9179608 | 37776 | Vampran, Lee D ADMINISTRATION | 1.00 | 50.00 | 50.00 |
| | **Total Labor** | | | | | | | | **950.00** |

 **Remittance Page**

| | |
|---|---|
| Invoice Date | 05/24/2013 |
| Invoice | 5531264 |
| Project | 19230060 |
| Page | 1 |

Reference: WO1112

For:  Belle Chasse Phase II

<u>Professional Services for Period Ending 05/10/2013</u>

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Total Due:              $11,854.12  USD
Terms:                  Net 30

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**    URS Corporation
P.O. Box 116183
Atlanta GA 30368-6183
US

**Overnight Courier:**    URS Corporation
Lock Box No. 116183
100 South Crest Drive
Stockbridge, GA  30281
Attention:  Atlanta Lockbox
(877) 786-3333

**Electronic Funds Transfer:**
Account:        URS Corporation
Bank:           Wells Fargo Bank
Account No.:    4520-086471
ABA Routing No.:  121-000-248
Swift Code:     WFBIUS6S

Remittance Information can be sent to:
Email:          RemitTo@urs.com
Fax:            (512) 419-6937    Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



|  | | |
|---|---|---|
| Invoice Date | 05/24/2013 |
| Invoice | 5531264 |
| Project | 19230060 |
| Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:  Belle Chasse Phase II

Professional Services for Period Ending 05/10/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| Job: 19230060  H&E Belle Chasse Phase II | 11,854.12 | 0.00 | 11,854.12 |
| **Total this job** | **11,854.12** | **0.00** | **11,854.12** |
| **TOTAL THIS INVOICE** | **11,854.12** | **0.00** | **$11,854.12 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 05/24/2013 |
| Invoice | 5531264 |
| Project | 19230060 |
| Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:   Belle Chasse Phase II

Professional Services for Period Ending 05/10/2013

**Job: 19230060  H&E Belle Chasse Phase II**

| PHASE | FEE | PERCENT COMPLETE | FEE EARNED | PREVIOUS BILLING | CURRENT BILLING |
|---|---|---|---|---|---|
| Design Phase | 162,994.15 | 100.00% | 162,994.15 | 162,994.15 | 0.00 |
| Bidding and Negotiation Phase | 14,817.65 | 100.00% | 14,817.65 | 14,817.65 | 0.00 |
| Construction Admin Phase | 118,541.20 | 10.00% | 11,854.12 | 0.00 | 11,854.12 |
| **TOTALS** | 296,353.00 | | 189,665.92 | 177,811.80 | 11,854.12 |

*Total due this job*   **11,854.12**

**TOTAL THIS INVOICE**   $11,854.12 USD

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320792

NON-CERTIFIED COPY



**Remittance Page**

| | |
|---|---|
| Invoice Date | 06/19/2013 |
| Invoice | 5563141 |
| Project | 19230060 |
| Page | 1 |

Reference:  WO1112

For:   Belle Chasse Phase II

<u>Professional Services for Period Ending 06/07/2013</u>

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

**Total Due:**          **$10,668.71**  USD
Terms:                      Net 30

\*  Make checks payable to: URS Corporation
\*  Please indicate invoice number and/or project number on check
\*  Please include this stub with payment

**Regular Mail (USPS)**     URS Corporation
                            P.O. Box 116183
                            Atlanta GA 30368-6183
                            US

**Overnight Courier:**      URS Corporation
                            Lock Box No. 116183
                            100 South Crest Drive
                            Stockbridge, GA  30281
                            Attention:  Atlanta Lockbox
                            (877) 786-3333

**Electronic Funds Transfer:**
    Account:        URS Corporation
    Bank:           Wells Fargo Bank
    Account No.:    4520-086471
    ABA Routing No.:  121-000-248
    Swift Code:     WFBIUS6S

Remittance Information can be sent to:
    Email:        RemitTo@urs.com
    Fax:          (512) 419-6937   Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | Invoice Date | 06/19/2013 |
|---|---|---|
| | Invoice | 5563141 |
| | Project | 19230060 |
| | Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:  Belle Chasse Phase II

Professional Services for Period Ending 06/07/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| Job:  19230060  H&E Belle Chasse Phase II | 10,668.71 | 0.00 | 10,668.71 |
| **Total this job** | **10,668.71** | **0.00** | **10,668.71** |
| | | | |
| **TOTAL THIS INVOICE** | **10,668.71** | **0.00** | **$10,668.71 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | Invoice Date | 06/19/2013 |
| | | Invoice | 5563141 |
| | | Project | 19230060 |
| | | Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:  Belle Chasse Phase II

<u>Professional Services for Period Ending 06/07/2013</u>

**Job: *19230060  H&E Belle Chasse Phase II***

| PHASE | FEE | PERCENT COMPLETE | FEE EARNED | PREVIOUS BILLING | CURRENT BILLING |
|---|---|---|---|---|---|
| Design Phase | 162,994.15 | 100.00% | 162,994.15 | 162,994.15 | 0.00 |
| Bidding and Negotiation Phase | 14,817.65 | 100.00% | 14,817.65 | 14,817.65 | 0.00 |
| Construction Admin Phase | 118,541.20 | 19.00% | 22,522.83 | 11,854.12 | 10,668.71 |
| **TOTALS** | 296,353.00 | | 200,334.63 | 189,665.92 | 10,668.71 |

*Total due this job*    **10,668.71**

**TOTAL THIS INVOICE**    **$10,668.71** USD

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320790

NON-CERTIFIED COPY



**Remittance Page**

| | |
|---|---|
| Invoice Date | 07/29/2013 |
| Invoice | 5599459 |
| Project | 19230060 |
| Page | 1 |

Reference:  WO1112

For:   Belle Chasse Phase II

Professional Services for Period Ending 07/12/2013

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Total Due:       **$40,043.22**  USD
Terms:           Net 30

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**     URS Corporation
                             P.O. Box 116183
                             Atlanta GA 30368-6183
                             US

**Overnight Courier:**     URS Corporation
                           Lock Box No. 116183
                           100 South Crest Drive
                           Stockbridge, GA  30281
                           Attention:  Atlanta Lockbox
                           (877) 786-3333

**Electronic Funds Transfer:**
    Account:        URS Corporation
    Bank:           Wells Fargo Bank
    Account No.:    4520-086471
    ABA Routing No.:  121-000-248
    Swift Code:     WFBIUS6S

Remittance Information can be sent to:
    Email:        RemitTo@urs.com
    Fax:          (512) 419-6937    Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 07/29/2013 |
| Invoice | 5599459 |
| Project | 19230060 |
| Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:  Belle Chasse Phase II

<u>Professional Services for Period Ending 07/12/2013</u>

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| Job: 19230060  H&E Belle Chasse Phase II | 40,043.22 | 0.00 | 40,043.22 |
| **Total this job** | **40,043.22** | **0.00** | **40,043.22** |
| **TOTAL THIS INVOICE** | **40,043.22** | **0.00** | **$40,043.22 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



|  |  |
|---|---|
| Invoice Date | 07/29/2013 |
| Invoice | 5599459 |
| Project | 19230060 |
| Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:   Belle Chasse Phase II

Professional Services for Period Ending 07/12/2013
*Job:  19230060  H&E Belle Chasse Phase II*

| PHASE | FEE | PERCENT COMPLETE | FEE EARNED | PREVIOUS BILLING | CURRENT BILLING |
|---|---|---|---|---|---|
| Design Phase | 162,994.15 | 100.00% | 162,994.15 | 162,994.15 | 0.00 |
| Bidding and Negotiation Phase | 14,817.65 | 100.00% | 14,817.65 | 14,817.65 | 0.00 |
| Construction Admin Phase | 158,584.42 | 39.45% | 62,566.05 | 22,522.83 | 40,043.22 |
| **TOTALS** | 336,396.22 | | 240,377.85 | 200,334.63 | 40,043.22 |

*Total due this job*  40,043.22

**TOTAL THIS INVOICE**  **$40,043.22** USD

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320786

NON-CERTIFIED COPY



**Remittance Page**

| | |
|---|---|
| Invoice Date | 08/20/2013 |
| Invoice | 5624795 |
| Project | 19230060 |
| Page | 1 |

Reference:  WO1112

For:   Belle Chasse Phase II

Professional Services for Period Ending 08/09/2013

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Total Due:              $20,412.79  USD
Terms:                  Net 30

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**    URS Corporation
                            P.O. Box 116183
                            Atlanta GA 30368-6183
                            US

**Overnight Courier:**      URS Corporation
                            Lock Box No. 116183
                            100 South Crest Drive
                            Stockbridge, GA  30281
                            Attention:  Atlanta Lockbox
                            (877) 786-3333

**Electronic Funds Transfer:**
   Account:          URS Corporation
   Bank:             Wells Fargo Bank
   Account No.:      4520-086471
   ABA Routing No.:  121-000-248
   Swift Code:       WFBIUS6S

Remittance Information can be sent to:
   Email:      RemitTo@urs.com
   Fax:        (512) 419-6937   Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | |
|---|---|---|
| Invoice Date | | 08/20/2013 |
| Invoice | | 5624795 |
| Project | | 19230060 |
| Page | | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:   Belle Chasse Phase II

Professional Services for Period Ending 08/09/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| Job: 19230060  H&E Belle Chasse Phase II | 20,412.79 | 0.00 | 20,412.79 |
| **Total this job** | **20,412.79** | **0.00** | **20,412.79** |
| **TOTAL THIS INVOICE** | **20,412.79** | **0.00** | **$20,412.79 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | | | Invoice Date | 08/20/2013 |
| | | | | Invoice | 5624795 |
| | | | | Project | 19230060 |
| | | | | Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:   Belle Chasse Phase II

<u>Professional Services for Period Ending 08/09/2013</u>

**Job:  19230060  H&E Belle Chasse Phase II**

| PHASE | FEE | PERCENT COMPLETE | FEE EARNED | PREVIOUS BILLING | CURRENT BILLING |
|---|---|---|---|---|---|
| Design Phase | 162,994.15 | 100.00% | 162,994.15 | 162,994.15 | 0.00 |
| Bidding and Negotiation Phase | 14,817.65 | 100.00% | 14,817.65 | 14,817.65 | 0.00 |
| Construction Admin Phase | 178,997.21 | 46.36% | 82,978.84 | 62,566.05 | 20,412.79 |
| **TOTALS** | 356,809.01 | | 260,790.64 | 240,377.85 | 20,412.79 |

*Total due this job*  20,412.79

**TOTAL THIS INVOICE**  $20,412.79 USD

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320784

NON-CERTIFIED COPY



**Remittance Page**

| | |
|---|---|
| Invoice Date | 09/25/2013 |
| Invoice | 5657774 |
| Project | 19230060 |
| Page | 1 |

Reference: WO1112

For: Belle Chasse Phase II

<u>Professional Services for Period Ending 09/06/2013</u>

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Total Due:          **$15,967.40  USD**
Terms:                    Net 30

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**    URS Corporation
P.O. Box 116183
Atlanta GA 30368-6183
US

**Overnight Courier:**    URS Corporation
Lock Box No. 116183
100 South Crest Drive
Stockbridge, GA  30281
Attention:  Atlanta Lockbox
(877) 786-3333

**Electronic Funds Transfer:**
Account:          URS Corporation
Bank:               Wells Fargo Bank
Account No.:     4520-086471
ABA Routing No.:  121-000-248
Swift Code:       WFBIUS6S

Remittance Information can be sent to:
Email:          RemitTo@urs.com
Fax:            (512) 419-6937   Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



|  |  |
|---|---|
| Invoice Date | 09/25/2013 |
| Invoice | 5657774 |
| Project | 19230060 |
| Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:   Belle Chasse Phase II

Professional Services for Period Ending 09/06/2013

|  | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| Job: 19230060  H&E Belle Chasse Phase II | 15,967.40 | 0.00 | 15,967.40 |
| Total this job | 15,967.40 | 0.00 | 15,967.40 |
| TOTAL THIS INVOICE | 15,967.40 | 0.00 | $15,967.40 USD |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | Invoice Date | 09/25/2013 |
|---|---|---|---|
| | | Invoice | 5657774 |
| | | Project | 19230060 |
| | | Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:   Belle Chasse Phase II

Professional Services for Period Ending 09/06/2013
*Job:  19230060  H&E Belle Chasse Phase II*

| PHASE | FEE | PERCENT COMPLETE | FEE EARNED | PREVIOUS BILLING | CURRENT BILLING |
|---|---|---|---|---|---|
| Design Phase | 162,994.15 | 100.00% | 162,994.15 | 162,994.15 | 0.00 |
| Bidding and Negotiation Phase | 14,817.65 | 100.00% | 14,817.65 | 14,817.65 | 0.00 |
| Construction Admin Phase | 194,964.61 | 50.75% | 98,946.24 | 82,978.84 | 15,967.40 |
| **TOTALS** | 372,776.41 | | 276,758.04 | 260,790.64 | 15,967.40 |

*Total due this job*     *15,967.40*

TOTAL THIS INVOICE     **$15,967.40 USD**

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320780

NON-CERTIFIED COPY



**Remittance Page**

| | |
|---|---|
| Invoice Date | 10/24/2013 |
| Invoice | 5688671 |
| Project | 19230060 |
| Page | 1 |

Reference:  WO1112

For:    Belle Chasse Phase II

<u>Professional Services for Period Ending 10/11/2013</u>

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

| | | |
|---|---|---|
| Total Due: | $13,987.96 | USD |
| Terms: | Net 30 | |

\*   Make checks payable to: URS Corporation
\*   Please indicate invoice number and/or project number on check
\*   Please include this stub with payment

**Regular Mail (USPS):**   URS Corporation
P.O. Box 116183
Atlanta GA 30368-6183
US

**Overnight Courier:**   URS Corporation
Lock Box No. 116183
100 South Crest Drive
Stockbridge, GA  30281
Attention:  Atlanta Lockbox
(877) 786-3333

**Electronic Funds Transfer:**

| | |
|---|---|
| Account: | URS Corporation |
| Bank: | Wells Fargo Bank |
| Account No.: | 4520-086471 |
| ABA Routing No.: | 121-000-248 |
| Swift Code: | WFBIUS6S |

Remittance Information can be sent to:

| | |
|---|---|
| Email: | RemitTo@urs.com |
| Fax: | (512) 419-6937    Attn:  Cash Applications |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 10/24/2013 |
| Invoice | 5688671 |
| Project | 19230060 |
| Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:  Belle Chasse Phase II

Professional Services for Period Ending 10/11/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| Job: 19230060  H&E Belle Chasse Phase II | 13,987.96 | 0.00 | 13,987.96 |
| Total this job | 13,987.96 | 0.00 | 13,987.96 |
| | | | |
| **TOTAL THIS INVOICE** | 13,987.96 | 0.00 | $13,987.96 USD |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



|  |  |
|---|---|
| Invoice Date | 10/24/2013 |
| Invoice | 5688671 |
| Project | 19230060 |
| Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:  Belle Chasse Phase II

<u>Professional Services for Period Ending 10/11/2013</u>

*Job:  19230060  H&E Belle Chasse Phase II*

| PHASE | FEE | PERCENT COMPLETE | FEE EARNED | PREVIOUS BILLING | CURRENT BILLING |
|---|---|---|---|---|---|
| Design Phase | 162,994.15 | 100.00% | 162,994.15 | 162,994.15 | 0.00 |
| Bidding and Negotiation Phase | 14,817.65 | 100.00% | 14,817.65 | 14,817.65 | 0.00 |
| Construction Admin Phase | 208,952.57 | 54.05% | 112,934.20 | 98,946.24 | 13,987.96 |
| **TOTALS** | 386,764.37 | | 290,746.00 | 276,758.04 | 13,987.96 |

*Total due this job*    13,987.96

**TOTAL THIS INVOICE**    $13,987.96 USD

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320778

NON-CERTIFIED COPY



**Remittance Page**

| | |
|---|---|
| Invoice Date | 11/18/2013 |
| Invoice | 5713835 |
| Project | 19230060 |
| Page | 1 |

Reference: WO1112

For: Belle Chasse Phase II

Professional Services for Period Ending 11/08/2013

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

| | | |
|---|---|---|
| Total Due: | $5,607.00 | USD |
| Terms: | Net 30 | |

\* Make checks payable to: URS Corporation
\* Please indicate invoice number and/or project number on check
\* Please include this stub with payment

**Regular Mail (USPS):**    URS Corporation
P.O. Box 116183
Atlanta GA 30368-6183
US

**Overnight Courier:**    URS Corporation
Lock Box No. 116183
100 South Crest Drive
Stockbridge, GA  30281
Attention:  Atlanta Lockbox
(877) 786-3333

**Electronic Funds Transfer:**
Account:    URS Corporation
Bank:    Wells Fargo Bank
Account No.:    4520-086471
ABA Routing No.:    121-000-248
Swift Code:    WFBIUS6S

Remittance Information can be sent to:
Email:    RemitTo@urs.com
Fax:    (512) 419-6937    Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | |
|---|---|---|
| Invoice Date | | 11/18/2013 |
| Invoice | | 5713835 |
| Project | | 19230060 |
| Page | | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:  Belle Chasse Phase II

Professional Services for Period Ending 11/08/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| Job: 19230060  H&E Belle Chasse Phase II | 5,607.00 | 0.00 | 5,607.00 |
| **Total this job** | **5,607.00** | **0.00** | **5,607.00** |
| | | | |
| **TOTAL THIS INVOICE** | **5,607.00** | **0.00** | **$5,607.00 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | | | | |
|---|---|---|---|---|---|
| | | Invoice Date | | | 11/18/2013 |
| | | Invoice | | | 5713835 |
| | | Project | | | 19230060 |
| | | Page | | | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  WO1112

For:   Belle Chasse Phase II

Professional Services for Period Ending 11/08/2013

*Job: 19230060 H&E Belle Chasse Phase II*

| PHASE | FEE | PERCENT COMPLETE | FEE EARNED | PREVIOUS BILLING | CURRENT BILLING |
|---|---|---|---|---|---|
| Design Phase | 162,994.15 | 100.00% | 162,994.15 | 162,994.15 | 0.00 |
| Bidding and Negotiation Phase | 14,817.65 | 100.00% | 14,817.65 | 14,817.65 | 0.00 |
| Construction Admin Phase | 214,559.57 | 55.25% | 118,541.20 | 112,934.20 | 5,607.00 |
| **TOTALS** | 392,371.37 | | 296,353.00 | 290,746.00 | 5,607.00 |

*Total due this job*     **5,607.00**

**TOTAL THIS INVOICE**     **$5,607.00 USD**

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320774

NON-CERTIFIED COPY

 **URS**

**Remittance Page**

| | |
|---|---|
| Invoice Date | 12/19/2012 |
| Invoice | 5357991 |
| Project | 19230248 |
| Page | 1 |

Reference:  1012

For:   H&E BR HQ Interior Design

<u>Professional Services for Period Ending 12/07/2012</u>

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

| | | |
|---|---|---|
| Total Due: | $858.75 | USD |
| Terms: | Net 30 | |

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**   URS Corporation
P.O. Box 116183
Atlanta GA 30368-6183
US

**Overnight Courier:**   URS Corporation
Lock Box No. 116183
100 South Crest Drive
Stockbridge, GA  30281
Attention:  Atlanta Lockbox
(877) 786-3333

**Electronic Funds Transfer:**

| | |
|---|---|
| Account: | URS Corporation |
| Bank: | Wells Fargo Bank |
| Account No.: | 4520-086471 |
| ABA Routing No.: | 121-000-248 |
| Swift Code: | WFBIUS6S |

Remittance Information can be sent to:
Email:        RemitTo@urs.com
Fax:          (512) 419-6937    Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



|  |  |
|---|---|
| Invoice Date | 12/19/2012 |
| Invoice | 5357991 |
| Project | 19230248 |
| Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1012

For:   H&E BR HQ Interior Design

Professional Services for Period Ending 12/07/2012

|  | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| **Job: 19230248  H&E BR HQ Interior Design** |  |  |  |
| Task: 00001  Project Management | 858.75 | 0.00 | 858.75 |
| Total this job | 858.75 | 0.00 | 858.75 |
| **TOTAL THIS INVOICE** | **858.75** | **0.00** | **$858.75 USD** |

NON-CERTIFIED COPY



|  |  |
|---|---|
| Invoice Date | 12/19/2012 |
| Invoice | 5357991 |
| Project | 19230248 |
| Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1012

For:   H&E BR HQ Interior Design

<u>Professional Services for Period Ending 12/07/2012</u>

**Job:  19230248  H&E BR HQ Interior Design**
   **Task:  00001  Project Management**

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| PROCUREMENT | | | |
| Shillingburg, Stephanie B | 0.75 | 65.00 | 48.75 |
| PRINCIPAL | | | |
| Johnson Jr, Larry O | 4.00 | 165.00 | 660.00 |
| ADMINISTRATIVE | | | |
| Vampran, Lee D | 3.00 | 50.00 | 150.00 |
| Subtotal | 7.75 | | 858.75 |
| **Total Labor** | | | **858.75** |
| *Total due this task* | | | 858.75 |
| *Total due this job* | | | 858.75 |
| **TOTAL THIS INVOICE** | | | **$858.75** USD |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320823

NON-CERTIFIED COPY

NON-CERTIFIED COPY

Invoice Date  12/19/2012  
Invoice        5357991  
Project        19230248  
Reference      1012  

**BILLING BACKUP**

Page 1

| G/L DATE JOB/<br>SRV DATE LBR CMT | GL ACCT | TASK | DOC / INV# | EMP /<br>VENDOR # | NAME /<br>DESCRIPTION | HOURS /<br>QTY | RATE | BILLING<br>AMOUNT |
|---|---|---|---|---|---|---|---|---|
| *Job:  19230248  H&E BR HQ Interior Design* | | | | | | | | |
| *Task:  00001  Project Management* | | | | | | | | |
| **Labor** | | | | | | | | |
| PROCUREMENT | | | | | | | | |
| 11/23/20   19230248<br>11/23/2012 | 50110 | 00001 | T4 8512122 | 39606 | Shillingburg, Stephanie B<br>PROCUREMENT | 0.75 | 65.00 | 48.75 |
| PRINCIPAL | | | | | | | | |
| 11/23/20   19230248<br>11/23/2012 | 50110 | 00001 | T4 8507340 | 66831 | Johnson Jr, Larry O<br>PRINCIPAL | 4.00 | 165.00 | 660.00 |
| ADMINISTRATIVE | | | | | | | | |
| 11/16/20   19230248<br>11/16/2012 | 50110 | 00001 | T4 8493210 | 37776 | Vampran, Lee D<br>ADMINISTRATIVE | 3.00 | 50.00 | 150.00 |
| | **Total Labor** | | | | | | | 858.75 |



**Remittance Page**

| | |
|---|---|
| Invoice Date | 02/25/2013 |
| Invoice | 5424197 |
| Project | 19230248 |
| Page | 1 |

Reference:  1012

For:    H&E BR HQ Interior Design

<u>Professional Services for Period Ending 02/08/2013</u>

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

| | | |
|---|---|---|
| **Total Due:** | **$6,605.00**  USD | |
| Terms: | Net 30 | |

\*   Make checks payable to: URS Corporation
\*   Please indicate invoice number and/or project number on check
\*   Please include this stub with payment

**Regular Mail (USPS):**    URS Corporation
P.O. Box 116183
Atlanta GA 30368-6183
US

**Overnight Courier:**    URS Corporation
Lock Box No. 116183
100 South Crest Drive
Stockbridge, GA  30281
Attention:  Atlanta Lockbox
(877) 786-3333

**Electronic Funds Transfer:**

| | |
|---|---|
| Account: | URS Corporation |
| Bank: | Wells Fargo Bank |
| Account No.: | 4520-086471 |
| ABA Routing No.: | 121-000-248 |
| Swift Code: | WFBIUS6S |

Remittance Information can be sent to:

| | |
|---|---|
| Email: | RemitTo@urs.com |
| Fax: | (512) 419-6937    Attn:  Cash Applications |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | |
|---|---|---|
| Invoice Date | | 02/25/2013 |
| Invoice | | 5424197 |
| Project | | 19230248 |
| Page | | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1012

For:   H&E BR HQ Interior Design

Professional Services for Period Ending 02/08/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| **Job: 19230248  H&E BR HQ Interior Design** | | | |
| Task:  00001  Project Management | 5,145.00 | 0.00 | 5,145.00 |
| Task:  00002  Design/Construction Documents | 1,460.00 | 0.00 | 1,460.00 |
| Total this job | 6,605.00 | 0.00 | 6,605.00 |
| **TOTAL THIS INVOICE** | 6,605.00 | 0.00 | $6,605.00 USD |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | |
|---|---|---|
| Invoice Date | 02/25/2013 |
| Invoice | 5424197 |
| Project | 19230248 |
| Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference: 1012

For:  H&E BR HQ Interior Design

<u>Professional Services for Period Ending 02/08/2013</u>

**Job: 19230248  H&E BR HQ Interior Design**
   **Task: 00001  Project Management**

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| **PRINCIPAL** | | | |
| Johnson Jr, Larry O | 23.00 | 165.00 | 3,795.00 |
| **ARCHITECT** | | | |
| Ryan, Thomas E | 13.00 | 100.00 | 1,300.00 |
| **ADMINISTRATIVE** | | | |
| Vampran, Lee D | 1.00 | 50.00 | 50.00 |
| Subtotal | 37.00 | | 5,145.00 |
| **Total Labor** | | | **5,145.00** |
| *Total due this task* | | | *5,145.00* |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320825

NON-CERTIFIED COPY



| | | Invoice Date | 02/25/2013 |
|---|---|---|---|
| | | Invoice | 5424197 |
| | | Project | 19230248 |
| | | Page | 4 |

Reference: 1012

For: H&E BR HQ Interior Design

**Task: 00002 Design/Construction Documents**

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| PRINCIPAL | | | |
| Johnson Jr, Larry O | 4.00 | 165.00 | 660.00 |
| ARCHITECT | | | |
| Ryan, Thomas E | 8.00 | 100.00 | 800.00 |
| Subtotal | 12.00 | | 1,460.00 |
| **Total Labor** | | | **1,460.00** |

| | | |
|---|---|---|
| *Total due this task* | | *1,460.00* |
| **Total due this job** | | **6,605.00** |
| **TOTAL THIS INVOICE** | | **$6,605.00** USD |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY

NON-CERTIFIED COPY

| Invoice Date | 02/25/2013 | | | | | BILLING BACKUP | | | Page 1 |
|---|---|---|---|---|---|---|---|---|---|
| Invoice | 5424197 | | | | | | | | |
| Project | 19230248 | | | | | | | | |
| Reference | 1012 | | | | | | | | |

| G/L DATE SRV DATE | JOB/ LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| **Job: 19230248  H&E BR HQ Interior Design** | | | | | | | | | |
| **Task:  00001  Project Management** | | | | | | | | | |
| **Labor** | | | | | | | | | |
| PRINCIPAL | | | | | | | | | |
| 12/21/20 12/21/2012 | 19230248 | 50110 | 00001 | T4 8582568 | 66831 | Johnson Jr, Larry O PRINCIPAL | 4.00 | 165.00 | 660.00 |
| 01/11/20 12/14/2012 | 19230248 | 50110 | 00001 | T4 8629674 | 66831 | Johnson Jr, Larry O PRINCIPAL | 1.00 | 165.00 | 165.00 |
| 01/11/20 12/11/2012 | 19230248 | 50110 | 00001 | T4 8629674 | 66831 | Johnson Jr, Larry O PRINCIPAL | 1.00 | 165.00 | 165.00 |
| 01/11/20 12/10/2012 | 19230248 | 50110 | 00001 | T4 8629674 | 66831 | Johnson Jr, Larry O PRINCIPAL | 1.00 | 165.00 | 165.00 |
| 12/21/20 11/15/2012 | 19230248 | 50110 | 00001 | T4 8589201 | 66831 | Johnson Jr, Larry O PRINCIPAL | 2.00 | 165.00 | 330.00 |
| 12/21/20 11/14/2012 | 19230248 | 50110 | 00001 | T4 8589201 | 66831 | Johnson Jr, Larry O PRINCIPAL | 2.00 | 165.00 | 330.00 |
| 12/21/20 11/13/2012 | 19230248 | 50110 | 00001 | T4 8589201 | 66831 | Johnson Jr, Larry O PRINCIPAL | 1.00 | 165.00 | 165.00 |
| 12/21/20 11/12/2012 | 19230248 | 50110 | 00001 | T4 8589201 | 66831 | Johnson Jr, Larry O PRINCIPAL | 1.00 | 165.00 | 165.00 |
| 01/18/20 01/18/2013 | 19230248 | 50110 | 00001 | T4 8660444 | 66831 | Johnson Jr, Larry O PRINCIPAL | 2.00 | 165.00 | 330.00 |
| 01/11/20 01/11/2013 | 19230248 | 50110 | 00001 | T4 8640187 | 66831 | Johnson Jr, Larry O PRINCIPAL | 6.00 | 165.00 | 990.00 |
| 01/04/20 01/04/2013 | 19230248 | 50110 | 00001 | T4 8620300 | 66831 | Johnson Jr, Larry O PRINCIPAL | 2.00 | 165.00 | 330.00 |
| ARCHITECT | | | | | | | | | |
| 01/18/20 01/18/2013 | 19230248 | 50110 | 00001 | T4 8662030 | 128516 | Ryan, Thomas E ARCHITECT | 5.00 | 100.00 | 500.00 |

NON-CERTIFIED COPY

| Invoice Date | 02/25/2013 |
| Invoice | 5424197 |
| Project | 19230248 |
| Reference | 1012 |

BILLING BACKUP

Page 2

| G/L DATE SRV DATE | JOB/ LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 01/11/20 01/11/2013 | 19230248 | 50110 | 00001 | T4 8642546 | 128516 | Ryan, Thomas E ARCHITECT | 8.00 | 100.00 | 800.00 |
| ADMINISTRATIVE | | | | | | | | | |
| 01/18/20 01/18/2013 | 19230248 | 50110 | 00001 | T4 8663484 | 37776 | Vampran, Lee D ADMINISTRATIVE | 1.00 | 50.00 | 50.00 |
| | **Total Labor** | | | | | | | | **5,145.00** |

NON-CERTIFIED COPY

| | | | |
|---|---|---|---|
| Invoice Date  02/25/2013 | BILLING BACKUP | | Page 3 |
| Invoice       5424197 | | | |
| Project       19230248 | | | |
| Reference     1012 | | | |

| G/L DATE  JOB/ SRV DATE  LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|
| **Task:  00002  Design/Construction Documents** | | | | | | | | |
| Labor | | | | | | | | |
| PRINCIPAL | | | | | | | | |
| 12/21/20   19230248 12/21/2012 | 50110 | 00002 | T4 8582558 | 66831 | Johnson Jr, Larry O PRINCIPAL | 4.00 | 165.00 | 660.00 |
| ARCHITECT | | | | | | | | |
| 12/21/20   19230248 12/14/2012 | 50110 | 00002 | T4 8589483 | 128516 | Ryan, Thomas E ARCHITECT | 1.00 | 100.00 | 100.00 |
| 12/21/20   19230248 12/13/2012 | 50110 | 00002 | T4 8589483 | 128516 | Ryan, Thomas E ARCHITECT | 1.00 | 100.00 | 100.00 |
| 12/21/20   19230248 12/12/2012 | 50110 | 00002 | T4 8589483 | 128516 | Ryan, Thomas E ARCHITECT | 2.00 | 100.00 | 200.00 |
| 12/21/20   19230248 12/11/2012 | 50110 | 00002 | T4 8589483 | 128516 | Ryan, Thomas E ARCHITECT | 2.00 | 100.00 | 200.00 |
| 12/21/20   19230248 12/10/2012 | 50110 | 00002 | T4 8589483 | 128516 | Ryan, Thomas E ARCHITECT | 2.00 | 100.00 | 200.00 |
| **Total Labor** | | | | | | | | **1,460.00** |



**Remittance Page**

| | |
|---|---|
| Invoice Date | 06/19/2013 |
| Invoice | 5555428 |
| Project | 19230248 |
| Page | 1 |

Reference:  1012

For:    H&E BR HQ Interior Design

Professional Services for Period Ending 06/07/2013

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Total Due:          **$5,190.00**  USD
Terms:              Net 30

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**      URS Corporation
                             P.O. Box 116183
                             Atlanta GA 30368-6183
                             US

**Overnight Courier:**        URS Corporation
                             Lock Box No. 116183
                             100 South Crest Drive
                             Stockbridge, GA  30281
                             Attention:  Atlanta Lockbox
                             (877) 786-3333

**Electronic Funds Transfer:**
    Account:        URS Corporation
    Bank:           Wells Fargo Bank
    Account No.:    4520-086471
    ABA Routing No.: 121-000-248
    Swift Code:     WFBIUS6S

Remittance Information can be sent to:
    Email:          RemitTo@urs.com
    Fax:            (512) 419-6937   Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | | Invoice Date | 06/19/2013 |
| | | Invoice | 5555428 |
| | | Project | 19230248 |
| | | Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:   1012

For:   H&E BR HQ Interior Design

Professional Services for Period Ending 06/07/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| **Job: 19230248  H&E BR HQ Interior Design** | | | |
| Task:  00001  Project Management | 5,990.00 | 0.00 | 5,990.00 |
| Task:  00002  Design/Construction Documents | -800.00 | 0.00 | -800.00 |
| **Total this job** | **5,190.00** | **0.00** | **5,190.00** |
| **TOTAL THIS INVOICE** | **5,190.00** | **0.00** | **$5,190.00 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



|  |  |
|---|---|
| Invoice Date | 06/19/2013 |
| Invoice | 5555428 |
| Project | 19230248 |
| Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1012

For:   H&E BR HQ Interior Design

Professional Services for Period Ending 06/07/2013

*Job: 19230248  H&E BR HQ Interior Design*
  *Task: 00001  Project Management*

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| **PRINCIPAL** | | | |
| Johnson Jr, Larry O | 6.00 | 165.00 | 990.00 |
| **ARCHITECT** | | | |
| Ryan, Thomas E | 49.00 | 100.00 | 4,900.00 |
| **ADMINISTRATIVE** | | | |
| Vampran, Lee D | 2.00 | 50.00 | 100.00 |
| Subtotal | 57.00 | | 5,990.00 |
| **Total Labor** | | | **5,990.00** |
| *Total due this task* | | | *5,990.00* |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320827

NON-CERTIFIED COPY



| | | | |
|---|---|---|---|
| Invoice Date | | | 06/19/2013 |
| Invoice | | | 5555428 |
| Project | | | 19230248 |
| Page | | | 4 |

Reference: 1012

For:    H&E BR HQ Interior Design

**Task: 00002 Design/Construction Documents**

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| ARCHITECT | | | |
| Ryan, Thomas E | -8.00 | 100.00 | -800.00 |
| Subtotal | -8.00 | | -800.00 |
| **Total Labor** | | | **-800.00** |
| | | *Total due this task* | *-800.00* |
| | | *Total due this job* | *5,190.00* |
| | | **TOTAL THIS INVOICE** | **$5,190.00** USD |

NON-CERTIFIED COPY

Invoice Date   06/19/2013                                    BILLING BACKUP                                                    Page 1
Invoice         5555428
Project         19230248
Reference      1012

| G/L DATE<br>SRV DATE | JOB/<br>LBR CMT | GL ACCT | TASK | DOC / INV# | EMP /<br>VENDOR # | NAME /<br>DESCRIPTION | HOURS /<br>QTY | RATE | BILLING<br>AMOUNT |
|---|---|---|---|---|---|---|---|---|---|

**Job: 19230248  H&E BR HQ Interior Design**
    **Task: 00001  Project Management**

**Labor**
**PRINCIPAL**

| G/L DATE<br>SRV DATE | JOB | GL ACCT | TASK | DOC / INV# | EMP/VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 05/24/20<br>05/24/2013 | 19230248 | 50110 | 00001 | T4 9013366 | 66831 | Johnson Jr, Larry O<br>PRINCIPAL | 3.00 | 165.00 | 495.00 |
| 05/17/20<br>05/17/2013 | 19230248 | 50110 | 00001 | T4 8993698 | 66831 | Johnson Jr, Larry O<br>PRINCIPAL | 3.00 | 165.00 | 495.00 |

**ARCHITECT**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 06/07/20<br>06/07/2013 | 19230248 | 50110 | 00001 | T4 9056122 | 128516 | Ryan, Thomas E<br>ARCHITECT | 9.00 | 100.00 | 900.00 |
| 05/31/20<br>05/31/2013 | 19230248 | 50110 | 00001 | T4 9035510 | 128516 | Ryan, Thomas E<br>ARCHITECT | 7.00 | 100.00 | 700.00 |
| 05/24/20<br>05/24/2013 | 19230248 | 50110 | 00001 | T4 9016063 | 128516 | Ryan, Thomas E<br>ARCHITECT | 8.00 | 100.00 | 800.00 |
| 05/17/20<br>05/17/2013 | 19230248 | 50110 | 00001 | T4 8996085 | 128516 | Ryan, Thomas E<br>ARCHITECT | 9.00 | 100.00 | 900.00 |
| 05/17/20<br>05/10/2013 | 19230248 | 50110 | 00001 | T4 8996085 | 128516 | Ryan, Thomas E<br>ARCHITECT | 2.00 | 100.00 | 200.00 |
| 05/17/20<br>05/09/2013 | 19230248 | 50110 | 00001 | T4 8996085 | 128516 | Ryan, Thomas E<br>ARCHITECT | 3.00 | 100.00 | 300.00 |
| 05/17/20<br>05/08/2013 | 19230248 | 50110 | 00001 | T4 8996085 | 128516 | Ryan, Thomas E<br>ARCHITECT | 3.00 | 100.00 | 300.00 |
| 05/17/20<br>05/07/2013 | 19230248 | 50110 | 00001 | T4 8996085 | 128516 | Ryan, Thomas E<br>ARCHITECT | 2.00 | 100.00 | 200.00 |
| 05/17/20<br>05/06/2013 | 19230248 | 50110 | 00001 | T4 8996085 | 128516 | Ryan, Thomas E<br>ARCHITECT | 2.00 | 100.00 | 200.00 |
| 05/24/20<br>05/02/2013 | 19230248 | 50110 | 00001 | T4 9002987 | 128516 | Ryan, Thomas E<br>ARCHITECT | 1.00 | 100.00 | 100.00 |

NON-CERTIFIED COPY

NON-CERTIFIED COPY

Invoice Date  06/19/2013
Invoice       5555428
Project       19230248
Reference     1012

BILLING BACKUP

Page 2

| G/L DATE JOB/ SRV DATE LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 05/24/20 19230248 04/26/2013 | 50110 | 00001 | T4 9002987 | 128516 | Ryan, Thomas E ARCHITECT | 1.00 | 100.00 | 100.00 |
| 05/24/20 19230248 04/25/2013 | 50110 | 00001 | T4 9002987 | 128516 | Ryan, Thomas E ARCHITECT | 2.00 | 100.00 | 200.00 |
| 05/24/20 19230248 04/24/2013 | 50110 | 00001 | T4 9002987 | 128516 | Ryan, Thomas E ARCHITECT | 1.00 | 100.00 | 100.00 |
| 05/24/20 19230248 04/23/2013 | 50110 | 00001 | T4 9002987 | 128516 | Ryan, Thomas E ARCHITECT | 2.00 | 100.00 | 200.00 |
| 05/24/20 19230248 04/22/2013 | 50110 | 00001 | T4 9002987 | 128516 | Ryan, Thomas E ARCHITECT | 1.00 | 100.00 | 100.00 |
| 04/19/20 19230248 04/19/2013 | 50110 | 00001 | T4 8917160 | 128516 | Ryan, Thomas E ARCHITECT | 2.00 | 100.00 | 200.00 |
| 05/24/20 19230248 04/18/2013 | 50110 | 00001 | T4 9002987 | 128516 | Ryan, Thomas E ARCHITECT | 1.00 | 100.00 | 100.00 |
| 03/15/20 19230248 03/15/2013 | 50110 | 00001 | T4 8818951 | 128516 | Ryan, Thomas E ARCHITECT | 1.00 | 100.00 | 100.00 |
| 02/22/20 19230248 01/10/2013 | 50110 | 00001 | T4 8747107 | 128516 | Ryan, Thomas E ARCHITECT | -2.00 | 100.00 | -200.00 |
| 02/22/20 19230248 01/09/2013 | 50110 | 00001 | T4 8747107 | 128516 | Ryan, Thomas E ARCHITECT | -2.00 | 100.00 | -200.00 |
| 02/22/20 19230248 01/08/2013 | 50110 | 00001 | T4 8747107 | 128516 | Ryan, Thomas E ARCHITECT | -2.00 | 100.00 | -200.00 |
| 02/22/20 19230248 01/07/2013 | 50110 | 00001 | T4 8747107 | 128516 | Ryan, Thomas E ARCHITECT | -2.00 | 100.00 | -200.00 |
| ADMINISTRATIVE | | | | | | | | |
| 06/07/20 19230248 06/07/2013 | 50120 | 00001 | T4 9057499 | 37776 | Vampran, Lee D ADMINISTRATIVE | 1.00 | 50.00 | 50.00 |
| 03/01/20 19230248 03/01/2013 | 50110 | 00001 | T4 8781211 | 37776 | Vampran, Lee D ADMINISTRATIVE | 1.00 | 50.00 | 50.00 |

**Total Labor**                                                                                             **5,990.00**

NON-CERTIFIED COPY

| Invoice Date | 06/19/2013 | BILLING BACKUP | Page 3 |
|---|---|---|---|
| Invoice | 5555428 | | |
| Project | 19230248 | | |
| Reference | 1012 | | |

| G/L DATE SRV DATE | JOB/ LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| **Task: 00002 Design/Construction Documents** | | | | | | | | | |
| **Labor** | | | | | | | | | |
| ARCHITECT | | | | | | | | | |
| 02/22/20 12/14/2012 | 19230248 | 50110 | 00002 | T4 8746413 | 128516 | Ryan, Thomas E ARCHITECT | -1.00 | 100.00 | -100.00 |
| 02/22/20 12/13/2012 | 19230248 | 50110 | 00002 | T4 8746413 | 128516 | Ryan, Thomas E ARCHITECT | -1.00 | 100.00 | -100.00 |
| 02/22/20 12/12/2012 | 19230248 | 50110 | 00002 | T4 8746413 | 128516 | Ryan, Thomas E ARCHITECT | -2.00 | 100.00 | -200.00 |
| 02/22/20 12/11/2012 | 19230248 | 50110 | 00002 | T4 8746413 | 128516 | Ryan, Thomas E ARCHITECT | -2.00 | 100.00 | -200.00 |
| 02/22/20 12/10/2012 | 19230248 | 50110 | 00002 | T4 8746413 | 128516 | Ryan, Thomas E ARCHITECT | -2.00 | 100.00 | -200.00 |
| | **Total Labor** | | | | | | | | **-800.00** |

 **URS**

**Remittance Page**

| | |
|---|---|
| Invoice Date | 07/25/2013 |
| Invoice | 5588931 |
| Project | 19230248 |
| Page | 1 |

Reference:  1012

For:    H&E BR HQ Interior Design

<u>Professional Services for Period Ending 07/12/2013</u>

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

**Total Due:**            **$3,050.00**  USD
Terms:                Net 30

*   Make checks payable to: URS Corporation
*   Please indicate invoice number and/or project number on check
*   Please include this stub with payment

**Regular Mail (USPS):**    URS Corporation
                P.O. Box 116183
                Atlanta GA 30368-6183
                US

**Overnight Courier:**    URS Corporation
                Lock Box No. 116183
                100 South Crest Drive
                Stockbridge, GA  30281
                Attention:  Atlanta Lockbox
                (877) 786-3333

**Electronic Funds Transfer:**
    Account:        URS Corporation
    Bank:        Wells Fargo Bank
    Account No.:    4520-086471
    ABA Routing No.:    121-000-248
    Swift Code:    WFBIUS6S

Remittance Information can be sent to:
    Email:        RemitTo@urs.com
    Fax:        (512) 419-6937    Attn:  Cash Applications

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 07/25/2013 |
| Invoice | 5588931 |
| Project | 19230248 |
| Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1012

For:   H&E BR HQ Interior Design

Professional Services for Period Ending 07/12/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| **Job: 19230248  H&E BR HQ Interior Design** | | | |
| Task: 00001  Project Management | 3,050.00 | 0.00 | 3,050.00 |
| **Total this job** | **3,050.00** | **0.00** | **3,050.00** |
| **TOTAL THIS INVOICE** | **3,050.00** | **0.00** | **$3,050.00 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY


**URS**

| | |
|---|---|
| Invoice Date | 07/25/2013 |
| Invoice | 5588931 |
| Project | 19230248 |
| Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1012

For:   H&E BR HQ Interior Design

<u>Professional Services for Period Ending 07/12/2013</u>

**Job: 19230248  H&E BR HQ Interior Design**
   **Task: 00001  Project Management**

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| ARCHITECT | | | |
|   Ryan, Thomas E | 30.00 | 100.00 | 3,000.00 |
| ADMINISTRATIVE | | | |
|   Vampran, Lee D | 1.00 | 50.00 | 50.00 |
|   Subtotal | 31.00 | | 3,050.00 |

| | |
|---|---|
| **Total Labor** | **3,050.00** |
| *Total due this task* | *3,050.00* |
| *Total due this job* | *3,050.00* |
| **TOTAL THIS INVOICE** | **$3,050.00** USD |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320829

NON-CERTIFIED COPY

NON-CERTIFIED COPY

Invoice Date  07/25/2013  
Invoice       5588931  
Project       19230248  
Reference     1012  

BILLING BACKUP

Page 1

**Job: 19230248  H&E BR HQ Interior Design**  
   **Task: 00001  Project Management**

| G/L DATE SRV DATE | JOB/ LBR CMT | GL ACCT | TASK | DOC / INV# | EMP / VENDOR # | NAME / DESCRIPTION | HOURS / QTY | RATE | BILLING AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| **Labor** | | | | | | | | | |
| ARCHITECT | | | | | | | | | |
| 07/12/20 07/12/2013 | 19230248 | 50110 | 00001 | T4 9157709 | 128516 | Ryan, Thomas E ARCHITECT | 5.00 | 100.00 | 500.00 |
| 07/05/20 07/05/2013 | 19230248 | 50110 | 00001 | T4 9137241 | 128516 | Ryan, Thomas E ARCHITECT | 6.00 | 100.00 | 600.00 |
| 06/28/20 06/28/2013 | 19230248 | 50110 | 00001 | T4 9117846 | 128516 | Ryan, Thomas E ARCHITECT | 7.00 | 100.00 | 700.00 |
| 06/21/20 06/21/2013 | 19230248 | 50110 | 00001 | T4 9097073 | 128516 | Ryan, Thomas E ARCHITECT | 8.00 | 100.00 | 800.00 |
| 06/14/20 06/14/2013 | 19230248 | 50110 | 00001 | T4 9076688 | 128516 | Ryan, Thomas E ARCHITECT | 4.00 | 100.00 | 400.00 |
| ADMINISTRATIVE | | | | | | | | | |
| 06/14/20 06/14/2013 | 19230248 | 50110 | 00001 | T4 9078052 | 37776 | Vampran, Lee D ADMINISTRATIVE | 1.00 | 50.00 | 50.00 |
| **Total Labor** | | | | | | | | | **3,050.00** |



**Remittance Page**

| | |
|---|---|
| Invoice Date | 10/24/2013 |
| Invoice | 5681338 |
| Project | 19230248 |
| Page | 1 |

Reference: 1012

For:   H&E BR HQ Interior Design

<u>Professional Services for Period Ending 10/11/2013</u>

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

| | | |
|---|---|---|
| Total Due: | $550.00 | USD |
| Terms: | Net 30 | |

* Make checks payable to: URS Corporation
* Please indicate invoice number and/or project number on check
* Please include this stub with payment

**Regular Mail (USPS):**    URS Corporation
P.O. Box 116183
Atlanta GA 30368-6183
US

**Overnight Courier:**    URS Corporation
Lock Box No. 116183
100 South Crest Drive
Stockbridge, GA  30281
Attention:  Atlanta Lockbox
(877) 786-3333

**Electronic Funds Transfer:**

| | |
|---|---|
| Account: | URS Corporation |
| Bank: | Wells Fargo Bank |
| Account No.: | 4520-086471 |
| ABA Routing No.: | 121-000-248 |
| Swift Code: | WFBIUS6S |

Remittance Information can be sent to:

| | |
|---|---|
| Email: | RemitTo@urs.com |
| Fax: | (512) 419-6937    Attn:  Cash Applications |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 10/24/2013 |
| Invoice | 5681338 |
| Project | 19230248 |
| Page | 2 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference:  1012

For:   H&E BR HQ Interior Design

Professional Services for Period Ending 10/11/2013

| | SERVICES | EXPENSES | TOTAL |
|---|---|---|---|
| **Job:  19230248  H&E BR HQ Interior Design** | | | |
| Task:  00001  Project Management | 550.00 | 0.00 | 550.00 |
| **Total this job** | **550.00** | **0.00** | **550.00** |
| **TOTAL THIS INVOICE** | **550.00** | **0.00** | **$550.00 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

NON-CERTIFIED COPY



| | |
|---|---|
| Invoice Date | 10/24/2013 |
| Invoice | 5681338 |
| Project | 19230248 |
| Page | 3 |

H & E Equipment Services, Inc.
11100 Mead Road, Suite 200
Baton Rouge LA 70816

Reference: 1012

For:  H&E BR HQ Interior Design

Professional Services for Period Ending 10/11/2013

**Job: 19230248  H&E BR HQ Interior Design**
  **Task: 00001  Project Management**

| LABOR | HOURS | RATE | AMOUNT |
|---|---|---|---|
| ARCHITECT | | | |
| Ryan, Thomas E | 5.00 | 100.00 | 500.00 |
| ADMINISTRATIVE | | | |
| Vampran, Lee D | 1.00 | 50.00 | 50.00 |
| Subtotal | 6.00 | | 550.00 |
| **Total Labor** | | | **550.00** |
| *Total due this task* | | | 550.00 |
| *Total due this job* | | | **550.00** |
| **TOTAL THIS INVOICE** | | | **$550.00 USD** |

Please contact Larry O Johnson Jr at 225 231-6343 or via email at neal.johnson@urs.com
if you have any questions regarding this invoice.

F7320831

NON-CERTIFIED COPY

NON-CERTIFIED COPY

| | |
|---|---|
| Invoice Date | 10/24/2013 |
| Invoice | 5681338 |
| Project | 19230248 |
| Reference | 1012 |

**BILLING BACKUP**

Page 1

| G/L DATE<br>SRV DATE | JOB/<br>LBR CMT | GL ACCT | TASK | DOC / INV# | EMP /<br>VENDOR # | NAME /<br>DESCRIPTION | HOURS /<br>QTY | RATE | BILLING<br>AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| **Job: 19230248  H&E BR HQ Interior Design** | | | | | | | | | |
| **Task: 00001  Project Management** | | | | | | | | | |
| **Labor** | | | | | | | | | |
| ARCHITECT | | | | | | | | | |
| 07/26/20<br>07/26/2013 | 19230248 | 50110 | 00001 | T4 9198671 | 128516 | Ryan, Thomas E<br>ARCHITECT | 1.00 | 100.00 | 100.00 |
| 07/19/20<br>07/19/2013 | 19230248 | 50110 | 00001 | T4 9178270 | 128516 | Ryan, Thomas E<br>ARCHITECT | 4.00 | 100.00 | 400.00 |
| ADMINISTRATIVE | | | | | | | | | |
| 07/19/20<br>07/19/2013 | 19230248 | 50110 | 00001 | T4 9179608 | 37776 | Vampran, Lee D<br>ADMINISTRATIVE | 1.00 | 50.00 | 50.00 |
| | **Total Labor** | | | | | | | | **550.00** |

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | * | **SUIT NO. 626,308    DIV.: D** |
| | * | **19TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | |
| | * | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III** | * | **STATE OF LOUISIANA** |

---

### MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON RECONVENTIONAL DEMAND

MAY IT PLEASE THE COURT:

Plaintiff-in-Reconvention, URS Corporation, submits this Memorandum in Support of its Motion for Partial Summary Judgment on its Reconventional Demand.

### UNDISPUTED MATERIAL FACTS

On or about August 13, 2009, H&E Equipment Services, Inc. ("H&E") entered into a Short Form Master Agreement for Professional Services ("Agreement") under which URS Corporation Architecture, P.C., or its affiliate, was to provide professional services to H&E in connection with projects to be designated, attached as Exhibit 1 hereto. Pursuant to the Agreement, URS Corporation ("URS") performed various types of professional services for H&E at its facilities located in Baton Rouge, Kenner, and Belle Chasse.

Although H&E paid the URS invoices for professional services prior to December, 2012, H&E admits in its answer to the Reconventional Demand that it made no payments on any invoices since 2012. See paragraph 4 of H&E Answer to Reconventional Demand, attached as Exhibit 2 hereto. H&E stopped paying all invoices initially because of an alleged design deficiency with the parking lot area for the Baton Rouge headquarters, despite the fact that the unpaid invoices had nothing to do with the design of the parking lot area for the Baton Rouge headquarters. See Affidavit of Johnson attached as Exhibit 3. URS subsequently provided other services at the request of H&E which are not related to any alleged design deficiencies. It is these invoices that have remained unpaid. See Exhibit 3.

In its Petition herein, H&E has alleged certain "design deficiencies" in the plans and specifications for the three (3) projects which required additional costs. See paragraph 11 of the Petition attached as Exhibit 4 hereto. With respect to the Baton Rouge facility, H&E alleges that the "design deficiencies" include the parking lot, concrete staging area, mailroom, and executive

EBR3153950

NON-CERTIFIED COPY

conference room of the Baton Rouge headquarters. See paragraphs 12 and 13 of the Petition attached as Exhibit 4 hereto. With respect to the Belle Chasse facility, H&E alleges "design deficiencies" in the site elevations and roof alignment. See paragraph 12 of the Petition attached as Exhibit 4 hereto. With respect to the Kenner facility, H&E alleges "design deficiencies" in connection with the concrete staging area. See paragraph 13 of Petition attached as Exhibit 4 hereto. However, none of the invoices that remain unpaid are for professional services rendered in connection with any alleged "design deficiencies".

Attached hereto and made a part hereof as Exhibit 5, in globo, are the individual invoices that remain unpaid in the total amount of TWO HUNDRED THIRTY-TWO THOUSAND TWO HUNDRED TWENTY-FIVE AND 73/100 ($232,225.73) DOLLARS. The outstanding invoices for the Belle Chasse project are for "construction administration" ($118,541.20) and not for any design services. The outstanding invoices for the Baton Rouge facility are for services rendered for projects in connection with bidding and construction administration ($59,483.78), selection of furniture, fixtures and equipment ($28,882.00), initial interior design and project management ($16,253.75), and interior design changes and project management services initiated by H&E ($9,065.00). None of these unpaid invoices are for any "design deficiencies" alleged. See Affidavit of Johnson attached as Exhibit 3.

## LAW AND ARGUMENT

H&E admits that it has made no payments on invoices since December 2012 and claims that URS is liable to it "for damages, and/or offsets and credits, as a result of... breach of contract, breach of warranty, negligence and/or other tortious conduct". See paragraph 4 of H&E Answer to Reconventional Demand, Exhibit 2. Hence, H&E asserts the affirmative defense of offset, otherwise known as compensation. See also paragraph 21 of H&E Answer to Reconventional Demand, Exhibit 2.

A party claiming an affirmative defense, such as setoff or compensation, has the burden of proving his claim. *Buck's Run Enterprises, Inc. v. Mapp Construction, Inc.*, 808 So.2d 428, 432 (La. App. 1st Cir. 2001). In addition, for setoff or compensation to apply, "two distinct debts equally liquidated and demandable must exist contemporaneously. [Cites omitted] Louisiana jurisprudence has barred the application of compensation to tort claims." *A Confidential Limousine Serv., Inc. v. London Livery, Ltd.*, 612 So.2d 875, 879 (La. App. 4th Cir. 1993). For

2

NON-CERTIFIED COPY

instance, a claim for unfair trade practices is not an equally demandable debt that can be used to set off a claim on open account. *Id.*

A claim is liquidated only when it is capable of ascertainment by mere calculation. *Buck's Run Enterprises, Inc.*, *supra*, at 432. Where the validity of a claim for damages is uncertain and the amount of potential damages is not capable of ascertainment by mere calculation, it is not a liquidated claim which can serve as compensation or setoff. *ITT Residential Capital Corporation v. Cheuk*, 656 So.2d 747 (La. App. 5th Cir. 1995), writ denied, 661 So.2d 465 (La. 1995). The First Circuit Court of Appeal has recognized that where an owner sued a contractor for defective design and construction of a parking lot, and the contractor reconvened to recover retainage due on the contract, legal compensation or setoff was not due because the owner's claim for defective work was not ascertainable until later determined at trial. *Fidelity Deposit Company of Maryland v. Cloy Construction Company Inc.*, 463 So.2d 1365 (La. App. 1st Cir. 1984), writ denied, 465 So.2d 723 (La. 1985).

In the matter presently before this Court, URS's claim for TWO HUNDRED THIRTY-TWO THOUSAND TWO HUNDRED TWENTY-FIVE AND 73/100 ($232,225.73) DOLLARS due on outstanding invoices is a liquidated debt capable of ascertainment by mere calculation. On the other hand, H&E's claim for damages for defective or deficient design services is not equally liquidated because the validity of the claim is uncertain and the amount of potential damages is not presently capable of ascertainment by mere calculation. Consequently URS's claim for TWO HUNDRED THIRTY-TWO THOUSAND TWO HUNDRED TWENTY-FIVE AND 73/100 ($232,225.73) DOLLARS due for outstanding invoices is not subject to setoff or compensation. Moreover, the subsequent services rendered by URS which were requested by H&E, which are the subject of the outstanding invoices, are not the "design deficiencies" that are the subject of H&E's damage claims. To the contrary, H&E simply stopped paying for all of these subsequent services even though these services were not the alleged design services for which it stopped paying the invoices and are not the subject of its damage claims. Consequently H&E must pay for the subsequent services it requested which were rendered by URS and are not part of the "design deficiencies" alleged. Pursuant to the Agreement, URS is also entitled to interest at the rate of one percent (1%) per month, plus attorney's fees, to recover the amounts due. See paragraph 2.1 of the Agreement attached as Exhibit 1.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), T.A.
Ronald J. Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone:    (504) 581-3234
Fax:          (504) 566-0210

*Attorneys for Defendants, URS Corporation Architecture, P.C.; URS Corporation; L. O'Neal Johnson and Thomas E. Ryan, III*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served upon all counsel of record via e-mail and/or United States Mail, postage prepaid and properly addressed, this ___27ᵗʰ___ day of July, 2015.

Kellen J. Mathews


FILED
EAST BATON ROUGE PARISH
2015 JUL 27  PM 5: 01
DEPUTY CLERK OF COURT

4

NON-CERTIFIED COPY

COST OK Amt. 420

JUL 27 2015

BY EFT 3051789

DY CLERK OF COURT

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | * | **SUIT NO. 626,308   DIV.: D** |
| | * | |
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| | * | |
| | * | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III** | * | **STATE OF LOUISIANA** |

---

## MOTION FOR PARTIAL SUMMARY JUDGMENT ON RECONVENTIONAL DEMAND

NOW INTO COURT, through undersigned counsel, comes URS Corporation, as Plaintiff-in-Reconvention, who, pursuant to LSA – C.C.P. art. 966 et seq., respectfully moves this Court for Partial Summary Judgment on the Reconventional Demand herein on the basis that there is no genuine issue as to material facts and URS Corporation is entitled to judgment as a matter of law in the amount of TWO HUNDRED THIRTY-TWO THOUSAND TWO HUNDRED TWENTY-FIVE AND 73/100 ($232,225.73) DOLLARS, plus interest, costs and attorney's fees, against H&E Equipment Services, Inc., for the outstanding amount of invoices due for services rendered which are not subject to setoff or compensation, all as more fully set forth in the attached Memorandum in Support of Motion for Partial Summary Judgment.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), T.A.
Ronald J. Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone:    (504) 581-3234
Fax:            (504) 566-0210

*Attorneys for Defendants, URS Corporation Architecture, P.C.; URS Corporation; L. O'Neal Johnson and Thomas E. Ryan, III*

FILED
A ST BATON ROUGE PARISH, L.
2015 JUL 27 PM 5:00

REC'D C.P.
JUL 29 2015

EBR3153949

NON-CERTIFIED COPY

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served upon all counsel of record via e-mail and/or United States Mail, postage prepaid and properly addressed, this _____27_____ day of July, 2015.

_____
Kellen J. Mathews



2

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.   \*  SUIT NO. 626,308  DIV.: D

               \*  19TH JUDICIAL DISTRICT COURT

VERSUS           \*

               \*  PARISH OF EAST BATON ROUGE

URS CORPORATION       \*  STATE OF LOUISIANA
ARCHITECTURE, P.C., URS
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS E. RYAN, III

## ORDER

Considering the foregoing Motion for Partial Summary Judgment on Reconventional Demand and Memorandum in Support filed by URS Corporation, as Plaintiff-in-Reconvention:

IT IS HEREBY ORDERED, that Plaintiff be made to appear and show cause, if any, on the **31** day of *August* 2015 at *1:00* *P*.m. why the Motion for Partial Summary Judgment on Reconventional Demand filed on behalf of Plaintiff-in-Reconvention, URS Corporation, should not be Granted.

THUS DONE AND SIGNED this *28* day of *July*, 2015, at Baton Rouge, Louisiana.

HON. JANICE CLARK
Judge, 19th Judicial District Court

PLEASE SERVE:

H&E Equipment Services, Inc.
Through its attorney of record
Roy C. Cheatwood
Anne Derbes Wittmann
M. David Kurtz
Matthew C. Juneau
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170



1

NON-CERTIFIED COPY

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
## 300 North Boulevard
## Baton Rouge, LA 70801
## Phone (225)389-3960

NO.    C626308 Division D                29-JUL-2015

TO:    ORLEANS PARISH SHERIFFS OFFICE
       CIVIL DEPARTMENT
       421 LOYOLA AVE
       NEW ORLEANS, LA 70112

Please find attached RULE NISI  to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X    note the enclosed check for payment of service;

ڤ    send us your bill for service;

ڤ    note that this is a pauper suit and no funds are available; or

ڤ    note that this is a government suit and no funds are necessary.

Thank You,

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

Requesting Attorney:  KELLEN J MATHEWS

REPLY:                              DATE:_____

_____

_____

_____

_____

_____

By:_____

Deputy Sheriff, Parish of _____

**Letter to Out Of Parish Sheriff - 5213**



EBR2791918

NON-CERTIFIED COPY

6709-15-000374

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**NUMBER C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

vs.

**PARISH OF EAST BATON ROUGE**

**URS CORPORATION ARCHITECTURE PC**
**ET AL**
(Defendant)

**STATE OF LOUISIANA**

**TO:   H&E EQUIPMENT SERVICES INC**
**THRU ROY C CHEATWOOD**
**ANNE DERBES WITTMANN**
**M DAVID KURTZ, MATTHEW C JUNEAU**
**201 ST CHARLES AVE., STE. 3600**
**NEW ORLEANS, LA. 70170**

The Mover in this case filed a petition which the Court granted. Certified copies of this document and the Court's Order are attached.

MOTION FOR PARTIAL SUMMARY JUDGMENT ON RECONVENTIONAL DEMAND & MEMORANDUM

You MUST come to Court at 1:00 PM, on AUGUST 31, 2015 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

**\* \* \* \* \* SEE ATTACHED ORDER \* \* \* \* \***

**YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.**

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **29-JUL-2015**.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:
KELLEN J MATHEWS

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

Deputy Sheriff
Parish of _____

**RULE NISI (OOP) - 6709**



EBR3180643

NON-CERTIFIED COPY

## Exhibit "A" To Notice of Records Deposition

### *DEFINITIONS AND INSTRUCTIONS*

1.      As used herein, the terms "you," "your," or "yourself" refers to Perkins McKenzie Insurance Agency, Inc, including without limitation, all present and/or former agents, representative, and attorneys, and each person acting or purporting to act on your behalf.

2.      As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.      As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.      The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced.  Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind.  The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.      If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability.  If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.      To the extent that any of the following requests for production are considered objectionable, produce those documents (or portions thereof) to which no objection is made and separately state that part of each document as to which the objection is raised and the ground for each such objection.

7.      If any information requested herein is claimed to be privileged or otherwise protected from discovery, you are requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:

     a.      its author;
     b.      the date of its creation;
     c.      the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
     d.      its general nature and subject matter;
     e.      its present location and custodian; and
     f.      the basis upon which it is claimed to be privileged or otherwise protected from discovery.

8.      "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or

EBR3152496

3

NON-CERTIFIED COPY

pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

9.    "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

10.    "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

11.    "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

12.    "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof.  In lieu of identifying any document, copies thereof may be attached to your answer.

13.    "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

14.    "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

15.    Each request is addressed to the personal knowledge of Deponent, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

16.    Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief.  Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

17.    The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

18.    The following rules of construction apply to all discovery requests:

    (a)    All/Each. The terms "all" and "each" shall be construed as all and each.

    (b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    (c)    Number. The use of the singular form of any word includes the plural and vice versa.

4

NON-CERTIFIED COPY

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Please produce any and all documents (as defined above) in your possession, custody or control that relate in any way to H&E Equipment Services, Inc.'s claim pursuant to Travelers' Policy No. GJ630-299D5178 (Claim Number EWS6304, Date of Loss: 11-26-12), including but not limited to the investigation file, claims file, and/or adjusters file, or any other documents of any kind or nature relating in any way or pertaining to said claim made by H&E Equipment Services, Inc, all of which is the subject of the denial of claim letter from Travelers dated January 17, 2014, a copy of which is attached hereto as Exhibit 1.

NON-CERTIFIED COPY



**TRAVELERS**

P. O. Box 660452
Dallas, TX 75266

H & E Equipment Services, Inc.
7500 Pecue Lane
Baton Rouge, LA 70809

January 17, 2014

| | |
|---|---|
| **Insured:** | H & E Equipment Services, Inc. |
| **Policy Number:** | GJ630-299D5178 |
| **Clam Number:** | EWS6304 |
| **Date of Loss:** | 11-26-2012 |
| **Underwriting Co.:** | Travelers Property Casualty Company of America |

Dear H & E Equipment:

Please be advised that Travelers Property Casualty Company of America (herein: Travelers) has concluded the investigation in reference to the above-mention claim. As you are aware, we inspected your property on January 13, 2014 and found damage to the paved surfaces on your property.

As discussed with you, your policy contains exclusions and limitations which apply to your loss. Please refer to your policy **Deluxe Property Coverage Form,** which reads in part as follows:

A   Coverage

   5  **Coverage Extensions**

      f. **Outdoor Property**

         You may extend the insurance provided by this Coverage Form to apply to your outdoor property on the described premises as follows:

         Fences, retaining walls not part of a building, lawns (including fairways greens and tees) trees, shrubs and plants, bridges, walks, roadways, patios or other paved surfaces, for loss or damage by the following Causes of Loss:

         **(a)** Fire
         **(b)** Lightning
         **(c)** Explosion
         **(d)** Riot or Civil Commotions or
         **(e)** Aircraft

Because the damage to the paved surfaces on your property was not caused by any of the above listed Causes of Loss, we must necessarily take the position that the loss does not come within the terms of the policy. Therefore no payment can be made for your claim.



EXHIBIT

H & E 0001479

NON-CERTIFIED COPY

This correspondence is not intended to be, nor shall it be construed as an exhaustive listing or discussion of policy terms, conditions, exclusions or endorsements, facts or circumstances, or principles of insurance law which may further provide a basis to preclude coverage under Travelers policy in this matter. Travelers reserves the right to supplement its declination should information, not currently known to Travelers, indicate the applicability of additional grounds.

Travelers and its subsidiaries by this letter, does not waive any applicable terms and conditions of this insurance contract which may be or become applicable in this matter.

We regret that your policy does not afford protection for this incident, but hope that you feel we have handled this matter in a prompt and courteous manner.

Sincerely,

William "Jay" Knox
Property Claim Representative
225-268-8696

**Fax:**      877-886-2939
**Email:**    wknox@travelers.com

CC:

Perkins McKenzie Ins Inc
4701 Bluebonnet Blvd STE B
Baton Rouge, LA 70809

H & E 0001480

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES     *     **SUIT NO. 626,308    DIV.: D**

                    *     **19TH JUDICIAL DISTRICT COURT**

**VERSUS**                * 

                    *     **PARISH OF EAST BATON ROUGE**

**URS CORPORATION**      *
**ARCHITECTURE, P.C., URS**
**CORPORATION, L. O'NEAL**    *     **STATE OF LOUISIANA**
**JOHNSON AND THOMAS E. RYAN,**
**III**

COST OK $ 115⁻

AUG 1 0 2015

CH# 051800 A9

DEPUTY CLERK OF COURT

---

## NOTICE OF RECORDS DEPOSITION

TO:    Perkins McKenzie Insurance Agency, Inc.
       Through its Registered Agent for Service of Process
       Debra H. Landry
       4701 Bluebonnet Boulevaard – Suite B
       Baton Rouge, LA 70809

       H&E Equipment Services
       Through their Counsel of Record
       Roy C. Cheatwood
       Anne Derbes Wittmann
       M. David Kurtz
       Laura E. Carlisle
       Baker Donelseon Bearman Caldwell & Berkowitz
       201 St. Charles Avenue, Suite 3600
       New Orleans, LA 70170

     PLEASE TAKE NOTICE that on August 28, 2015, at 10:00 a.m. at Adams and Reese, LLP, 450 Laurel Street, Suite 1900, Baton Rouge, LA 70801 (or at some other mutually agreeable date, time and location), and continuing from day to day until completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of Perkins McKenzie Insurance Agency, Inc. before an officer designated under the Louisiana Code of Civil Procedure. This deposition will be taken pursuant to the Louisiana Code of Civil Procedure and may be used for any purpose provided therein including perpetuation. You are invited to attend and exercise such rights to which you are entitled under the law.

     Pursuant to the Louisiana Code of Civil Procedure, Defendants will issue a subpoena duces tecum requiring Perkins McKenzie Insurance Agency, Inc. to produce those documents listed on Exhibit "A" to this Notice.

EBR3152495

NON-CERTIFIED COPY

THIS IS A DEPOSITION FOR PRODUCTION OF RECORDS ONLY. THESE RECORDS MAY BE MAILED TO PHILIP A. FRANCO, ADAMS AND REESE, LLP, 4500 ONE SHELL SQUARE, NEW ORLEANS, LOUISIANA 70139 PRIOR TO AUGUST 28, 2015, AND NO APPEARANCE WILL BE NECESSARY. OTHERWISE, APPEARANCE IN ORDER TO PRODUCE THE RECORDS REQUESTED WILL BE NECESSARY.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes    (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this 10th day of August, 2015.



NON-CERTIFIED COPY

6803-15-005961

# `SUBPOENA DUCES TECUM

H&E EQUIPMENT SERVICES INC
(Plaintiff)

NUMBER  C626308 Division D

19th JUDICIAL DISTRICT COURT

vs.

PARISH OF EAST BATON ROUGE

URS CORPORATION ARCHITECTURE,
P.C., ET AL
(Defendant)

STATE OF LOUISIANA

TO:    PERKINS MCKENZIE INSURANCE AGENCY, INC.
       THROUGH ITS REGISTERED AGENT
       DEBRA H. LANDRY
       4701 BLUEBONNET BOULEVARD – SUITE B
       BATON ROUGE, LA 70809

You have been ordered by the Court to produce in the office of:

       ADAMS AND REESE, LLP
       450 LAUREL STREET, SUITE 1900
       BATON ROUGE, LA.  70801

at 10:00 A.M. on AUGUST 28, 2015 the following:

### ** SEE ATTACHED NOTICE OF DEPOSITION FOR ITEMS TO BE PRODUCED**

### ***SEE ATTACHED CODE OF CIVIL PROCEDURE ARTICLE 1354***

If this case is continued, you must bring those items back with you.  If you do not come and do not bring these items, you will be violating the law and may be subject to penalties.

This SUBPOENA was requested by Attorney KELLEN J.MATHEWS and was issued by the Clerk of Court on 10-AUG-2015.



Arkisha Jarvis Payton
_____
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

---

SERVICE INFORMATION:
Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _____ .

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20_____ .

SERVICE:      $_____         _____
MILEAGE     $_____                   Deputy Sheriff
TOTAL:        $_____

SUBPOENA DUCES TECUM (Office) – 6803



EBR3185633

NON-CERTIFIED COPY



ADAMS AND REESE LLP

August 10, 2015

Attorneys at Law
Alabama
Florida
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

**Kellen J. Mathews**
Direct: 225.378.3243
E-Fax: 225.336.5115
kellen.mathews@arlaw.com

Honorable Doug Welborn
Clerk of Court, 19th JDC
300 North Boulevard
Baton Rouge, LA 70821

RE:    H&E Equipment Services v. URS Corporation, et al
19th JDC No. 626308(D)
Our File No. 23067-1

Dear Sir:

Enclosed is a Notice of Records Deposition to Perkins McKenzie Insurance Agency, Inc., which I request be filed into the record of the above matter.  Please also issue a deposition subpoena duces tecum and attach a copy of the Notice of Records Deposition to the subpoena for service as follows:

Perkins McKenzie Insurance Agency, Inc.
Through its Registered Agent
Debra H. Landry
4701 Bluebonnet Boulevard - Suite B
Baton Rouge, LA 70809

Thank you for your cooperation and assistance.  If you should have any questions, please contact me at 225-336-5200.

Sincerely,

ADAMS AND REESE, LLP

Kellen J. Mathews

/tdw
enclosures

NON-CERTIFIED COPY

6803-15-005961

# `SUBPOENA DUCES TECUM

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE,
P.C., ET AL**
(Defendant)

NUMBER  C626308 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   **PERKINS MCKENZIE INSURANCE AGENCY, INC.
THROUGH ITS REGISTERED AGENT
DEBRA H. LANDRY
4701 BLUEBONNET BOULEVARD  – SUITE B
BATON ROUGE, LA 70809**

You have been ordered by the Court to produce in the office of:

ADAMS AND REESE, LLP
450 LAUREL STREET, SUITE 1900
BATON ROUGE, LA.  70801

at 10:00 A.M. on **AUGUST 28, 2015** the following:

**\*\* SEE ATTACHED NOTICE OF DEPOSITION FOR ITEMS TO BE PRODUCED\*\***

**\*\*\*SEE ATTACHED CODE OF CIVIL PROCEDURE ARTICLE 1354\*\*\***

If this case is continued, you must bring those items back with you.  If you do not come and do not bring these items, you will be violating the law and may be subject to penalties.

This SUBPOENA was requested by Attorney **KELLEN J. MATHEWS** and was issued by the Clerk of Court on **10-AUG-2015.**



Arkisha Jarvis Payton
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

0911

---

**SERVICE INFORMATION:**

Received on the _17_ day of _aug_, 20 _15_ and on the _17_ day of _aug_, 20 _15_, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named as _alove_ _Maggie_.

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _17_ day of _aug_, 20 _15_.

SERVICE:  $_____
MILEAGE  $_____      _Deputy Sheriff_
TOTAL:   $_____

SUBPOENA DUCES TECUM (Office) – 6803

**FILED**
AUG 14 2015
DEPUTY CLERK OF COURT

EBR3059729

EBR3185633

NON-CERTIFIED COPY

6709-15-000374

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

vs.

**PARISH OF EAST BATON ROUGE**

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**STATE OF LOUISIANA**

2015 AUG -4  A 8: 26

**TO:   H&E EQUIPMENT SERVICES INC
THRU ROY C CHEATWOOD
ANNE DERBES WITTMANN
M DAVID KURTZ, MATTHEW C JUNEAU
201 ST CHARLES AVE., STE. 3600
NEW ORLEANS, LA.  70170** 072

The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

MOTION FOR PARTIAL SUMMARY JUDGMENT ON RECONVENTIONAL DEMAND & MEMORANDUM

You MUST come to Court at 1:00 PM, on AUGUST 31, 2015 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

### * * * * * SEE ATTACHED ORDER * * * * *

### YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **29-JUL-2015.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:
KELLEN J MATHEWS

---

### SERVICE INFORMATION:

Received on the _4_ day of _Aug_, 20_15_ and on the _5_ day of _Aug_, 20_15_, served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _201 St Charles thru Marilyn_

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

DUE AND DILIGENT:    After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of _____, this _____ day of _____, 20____.

E:$_____
iE$_____
$_____

Deputy Sheriff
Parish of _Orleans_

**RULE NISI (OOP) - 6709**

EBR3059799

| | PAPER | ENTERED | RETURN |
|---|---|---|---|
| SERIAL NO. | DEPUTY | PARISH | |

EBR3180643

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB    Document 4-3    Aug 21 2015 05:21pm    Page 256 of 356

Received

# BAKER DONELSON
## BEARMAN, CALDWELL
## & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:   504.636.4000

www.bakerdonelson.com

# FAX COVER SHEET

| FROM | Laura Carlisle |
|---|---|
| EMAIL | lcarlisle@bakerdonelson.com |
| BILL CODE | |
| TO | |
| COMPANY | |
| FAX NUMBER | 12253893392 |
| DATE | 2015-08-21 17:21:17 CST |
| RE | H&E Equipment Services, Inc. v. URS Corporation Architecture, PC, et al.; Case No. 626308 |

## COVER MESSAGE

Please see the attached Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand filed on behalf of plaintiff, H&E Equipment Services, Inc.



Laura E. Carlisle
**Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.**
**201 St. Charles Avenue, Suite 3600**
**New Orleans, LA  70170**
**Office: 504.566.5200**
**Direct:  504.566.8643**
**Facsimile: 504.585.6943**
**E-mail: lcarlisle@bakerdonelson.com<mailto:lcarlisle@bakerdonelson.com>**
**www.bakerdonelson.com<http://www.bakerdonelson.com/>**

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For(r)" for Six Years in a Row!**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email,
then in any part of the same series of emails), such advice was not intended
or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used,

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

EBR CLERK OF COURT     Fax 2253893392          Aug 24 2015 10:51am P001/001



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

### FAX RECEIPT

NUMBER C626308  Division D                    Date:   21-AUG-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: OPPOSITION

Total Amount Due (includes all applicable fees below) $ 122.00

The Clerk of Court's office has received, by facsimile transmission dated 8-21-15, documents in the above referenced case. In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY

## ** Transmit Conf.Report **

P.1
EBR CLERK OF COURT    Fax 2253893392                                    Aug 24 2015 10:52am

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915046364000 | Normal | 24:10:51am | 0'33" | 1 | O K | |



### DOUG WELBORN
### CLERK OF COURT

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

PARISH OF EAST BATON ROUGE

---

### FAX RECEIPT

NUMBER C626308  Division D                          Date:   21-AUG-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:   LAURA E CARLISLE
      BAKER DONELSON BEARMAN
      201 ST CHARLES ST STE 3600
      NEW ORLEANS LA 70170

Item(s) Received: OPPOSITION

Total Amount Due (includes all applicable fees below) $ 122.00

The Clerk of Court's office has received, by facsimile transmission dated 8-21-15, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)        A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(b)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

## FAX RECEIPT

NUMBER C626308 Division D                          Date:    21-AUG-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: OPPOSITION

Total Amount Due (includes all applicable fees below) $ 122.00

The Clerk of Court's office has received, by facsimile transmission dated 8-21-15, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY



BAKER
DONELSON
BEARMAN, CALDWELL
& BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:    504.566.5200
FAX:    504.636.4000

www.bakerdonelson.com

# FAX COVER SHEET

| FROM | Laura Carlisle |
|---|---|
| EMAIL | lcarlisle@bakerdonelson.com |
| BILL CODE | |
| TO | |
| COMPANY | |
| FAX NUMBER | 12253893392 |
| DATE | 2015-08-21 17:21:17 CST |
| RE | H&E Equipment Services, Inc. v. URS Corporation Architecture, PC, et al.; Case No. 626308 |

## COVER MESSAGE

Please see the attached Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand filed on behalf of plaintiff, H&E Equipment Services, Inc.

Laura E. Carlisle
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Office: 504.566.5200
Direct:  504.566.8643
Facsimile: 504.585.6943
E-mail: lcarlisle@bakerdonelson.com<mailto:lcarlisle@bakerdonelson.com>
www.bakerdonelson.com<http://www.bakerdonelson.com/>

Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For(r)" for Six Years in a Row!

**************************************************************
Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email,
then in any part of the same series of emails), such advice was not intended
or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used,

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.
************************************************************

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

Received                                          Aug 21 2015 06:30pm
Case 3:18-cv-00893-BAJ-RLB     Document 4-3     07/18/18     Page 262 of 356

LAW OFFICES
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**
A PROFESSIONAL CORPORATION
201 ST. CHARLES AVENUE • SUITE 3600
NEW ORLEANS, LOUISIANA 70170

(504) 566-5200

Facsimile
(504) 636-4000

## FACSIMILE TRANSMISSION FORM

### PLEASE DELIVER IMMEDIATELY

### DATE:  AUGUST 21, 2015

| DELIVER TO: | COMPANY: | FAX NO.: | PHONE NO.: |
|---|---|---|---|
| Civil Fax Filing | Clerk, East Baton Rouge Suit Accounting | 12253893392@efaxsend.com | 225-389-3982 |
| Philip A. Franco, Esq. | Adams & Reese | 15045660210@efaxsend.com | |
| Kellen Matthews, Esq. | Adams & Reese | 12253365220@efaxsend.com | |

**FROM:**          Laura E. Carlisle

**PHONE NO.:**     (504) 566-8643

**FAX NO.:**       (504) 585-6943

**USER NO.:**      012159

**CLIENT/MATTER NO.:**   2919213-000024

**TOTAL PAGES:**

Re:  Case No. C626308, Section "D"

MESSAGE:  See attached Opposition to Defendants' Motion for Partial Summary Judgment on
Reconventional Demand for filing.

*Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.*

NO LEC 873018 v1
2919213-000024  07/09/2015

NON-CERTIFIED COPY

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170

PHONE:    504.566.5200
FAX:      504.636.4000

www.bakerdonelson.com

LAURA E. CARLISLE
Direct Dial: (504) 566-8643
Direct Fax: (504) 585-6943
E-Mail Address: lcarlisle@bakerdonelson.com

August 21, 2015

**VIA FACSIMILE (225) 389-3392**

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:    *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
       *19th JDC No. 626308, Division "D", Section XXI*

Dear Mr. Welborn:

Attached please find an Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand, which we ask that you file with the Court on behalf of Plaintiff, H&E Equipment Services, Inc. Once we have received your fax confirmation, we will forward the original to you along with our check for the filing and fax fees associated with this request.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kindest regards, I remain

Sincerely,

Laura E. Carlisle

LEC/sdt
Attachment
cc:    Philip A. Franco, Esq. w/encl. via facsimile  (504) 566-0210
       Kellen Matthews, Esq. w/encl. via facsimile (225) 336-5220

NO LEC 883049 v1
2919213-000024

ALABAMA    FLORIDA    GEORGIA    LOUISIANA    MISSISSIPPI    TENNESSEE    TEXAS    WASHINGTON, D.C.

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.      *   CASE NO. C626308, SECTION D

VERSUS                           *   19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,    *   PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III  *   STATE OF LOUISIANA

FILED:_____     _____
                                          DEPUTY CLERK

### OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL
### SUMMARY JUDGMENT ON RECONVENTIONAL DEMAND

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this memorandum in opposition to the Motion for Partial Summary Judgment on Reconventional Demand (the "Motion") filed by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants").[1]

#### Introductory Statement

As set forth previously, this suit stems from damages suffered by H&E as a result of deficient designs and specifications prepared by Defendants for the construction and renovation of H&E facilities in Baton Rouge, Kenner, and Belle Chasse, Louisiana between 2006 and 2013. H&E seeks damages resulting from Defendants' deficient designs and specifications in connection with all three locations. In response, Defendants have asserted a reconventional demand for alleged unpaid fees in connection with the projects, and H&E, in addition to denying the allegations underlying the reconventional demand and disputing the alleged fees owed, has asserted its right to offset and/or credit against any fees due. Defendants now seek summary judgment that they are entitled to unpaid fees in the amount of $232,225.73 in connection with the Baton Rouge and Belle Chasse, Louisiana projects, which Defendants contend are not subject to offset or compensation, now or in the future. Defendants' Motion is misplaced.

H&E contracted with Defendants to perform professional services for entire projects, not individual, one-off tasks. Those services – as a whole – were defective. H&E has already paid Defendants significant fees for those defective services, all of which fees Defendants have received and accepted. It seems axiomatic that Defendants not be allowed to collect the

---

[1] Defendants did not file a separate Statement of Uncontested Material Facts. As such, H&E's Opposition serves to respond to any purportedly undisputed facts included in Defendants' Memorandum in Support of Motion for Partial Summary Judgment on Reconventional Demand.

-1-

NON-CERTIFIED COPY

Received                                    Jun-21-2015 06:32pm
2015-06-21 17:29.40 CST                          15045656943 From: Laura Carlisle

remainder of any alleged fees due for their defective services until the deficiencies are fully
vetted and adjudicated by the Court.

In any event, Defendants' alleged unpaid fees do not constitute a liquidated claim. And,
while offset or compensation is not available at this time, those doctrines may be applicable if
and when H&E's claims and Defendants' reconventional demand are reduced to judgments.
Defendants' assertion to the contrary is premature as well as incorrect. Moreover, there are
numerous disputed facts regarding the deficiencies related to the alleged unpaid invoices, and
significant discovery has just begun in this case. Summary judgment is simply inappropriate,
and Defendants' Motion should be denied.

## I.    Relevant Factual Background

The relationship between H&E and Defendants with respect to the projects at issue spans
a number of phases. The parties' relationship is generally governed by the Agreement for
Professional Services dated August 28, 2006 (the "2006 Agreement") and the Short Form Master
Agreement for Professional Services dated August 13, 2009 (the "2009 Agreement"), both of
which were drafted by Defendants and presented to H&E during the course of the parties'
relationship. Which agreement governs which of the projects and/or which phases of each
project is a disputed issue currently pending before the Court on Defendants' Motion for
Summary Judgment, but is not material to this Motion. Both the 2006 and 2009 Agreements
were to govern Defendants' performance of design services and specifications via a series of
Work Orders that would set forth specific scopes of services, timelines for completion, and
construction costs and compensation.

H&E's Baton Rouge and Kenner, Louisiana projects reached substantial completion in
late 2012 and early 2013, respectively. The Belle Chasse project reached substantial completion
in late 2013, shortly after H&E filed its Petition for Damages. There were numerous problems
that arose during the course of each of the projects, some of which continue to this day. Only the
Baton Rouge and Belle Chasse facilities are at issue in Defendants' Motion.

### A.    Deficiencies and Problems at H&E's
Baton Rouge Headquarters and Branch Facility.

The design deficiencies and problems at H&E's Headquarters and Branch Facility
account for a large portion of the damages in this case. While deficiencies in Defendants' design
for concrete pads constructed to Defendants' specifications at the Baton Rouge facilities, and

NO LEC 882327 v1
2919213-000024

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB   Document 4-3   07/16/18   Page 266 of 356

Defendants' further failure to address and remedy observed crumbling and spalling in the concrete, account for a large portion of those damages,[2] problems with the concrete are not the only problems with respect to the Baton Rouge facilities. Numerous other problems and design deficiencies required addressing and/or remedying during the course of the projects – all at H&E's expense. For example:

- Parking lot revisions due to Defendants' failure to design and provide for an adequate number of parking spots at the Baton Rouge Headquarters;[3]

- Structural steel revisions;[4]

- Waterproofing of the Headquarters' elevator pit, which was not provided for in Defendants' designs and specifications;[5]

- Interior modifications required for the proper routing of roof-drainage;[6]

- Installation of additional beams for the Branch Facility's loading dock due to Defendants' incorrect measurements;[7]

- Installation of lintel systems and additional structural support above doorways and openings, which were not provided for in Defendants' original specifications;[8]

- Upgrading of window sill materials due to the specification of inferior materials;[9]

- Replacement of wood paneling in the Headquarters' executive lobby area mid-construction due to Defendants' specification for – and insistence that – H&E use a thinner, inferior material;[10]

- Grading revisions at the Branch Facility;[11]

- Relocation of louvers and exhaust fans at the Branch Facility;[12]

- Revisions to the tie-in between the Branch Facility's wash-bay and the site's sewerage system;[13] and

---

[2]   *See generally,* Affidavit of Frankie Wynn, dated 8/21/15 (hereinafter "Wynn Affidavit"), ¶¶ 11-13, attached as Exhibit "1."

[3]   Ex. "1," Wynn Affidavit at ¶ 14(a).

[4]   *Id.* at ¶ 14(b).

[5]   *Id.* at ¶ 14(c).

[6]   *Id.* at ¶ 14(d).

[7]   *Id.* at ¶ 14(e).

[8]   *Id.* at ¶ 14(f).

[9]   *Id.* at ¶ 14(g).

[10]   *Id.* at ¶ 14(h).

[11]   *Id.* at ¶ 14(i).

[12]   *Id.* at ¶ 14(j).

[13]   *Id.* at ¶ 14(k).

NO LEC 882327 v1
2919213-000024

NON-CERTIFIED COPY

Received

2015-08-21 17:29:40 CST                                            15045858943  From: Laura Carlisle

- Multiple code-required additions not provided for in Defendants' original designs and specifications, including the addition of an oil/water separator in the service department shop, multiple railings and guardrails, and multiple fire-prevention measures.[14]

The above list is not exhaustive. All of these revisions, changes, and additions resulted in significant additional costs to H&E.[15] Moreover, Defendants often refused to take responsibility for the problems and deficiencies that arose and were brought to their attention in connection with the Baton Rouge projects. In the case of the cracking and spalling concrete pads, they not only delayed addressing the problems with the concrete but refused to help find a remedy, and the concrete problems at the Baton Rouge facilities continue to worsen to this day.[16]

B.    _Deficiencies and Problems at the Belle Chasse Facility_

H&E's Belle Chasse facility reached substantial completion after H&E filed its Petition. The Belle Chasse project did not require the construction of concrete pads like those in Baton Rouge and Kenner and did not experience the problems with the concrete observed at those other sites. But, numerous other problems at the Belle Chasse facility occasioned by Defendants' deficient designs and specifications required addressing and remedying at H&E's expense. For example:

- The addition and installation of a significant amount of extra concrete in the facility's work area due to Defendants' incorrect elevation estimates and specification for an insufficient amount of concrete;[17]

- The removal of concrete expansion joints not anticipated or provided for by Defendants but necessitated by Defendants' concrete specifications;[18]

- Multiple revisions occasioned by Defendants' failure to properly measure for an accordion partition in the facility's lunch room area, and H&E's purchase of custom materials that could not be used as planned and remain unused today;[19]

- Multiple revisions occasioned by Defendants' mismeasurement of roof differentials between the administration building and the tool room, including the relocation of duct work and transformers;[20] and

- Various other revisions and changes during the course of construction caused by Defendants' deficient specifications, such as the modification of

---

[14]    _Id._ at ¶ 14(l).

[15]    Ex. "1," Wynn Affidavit at ¶¶ 8, 16.

[16]    _Id._ at ¶¶ 12-13, 16.

[17]    Ex. "1," Wynn Affidavit, ¶ 19(a).

[18]    _Id._ at ¶ 19(b).

[19]    _Id._ at ¶ 19(c).

[20]    _Id._ at ¶ 19(d).

-4-

NON-CERTIFIED COPY

exterior handrails, addition of bollards to exterior air-conditioning units, relocation of the facility's locker room, and replacement of the facility's windscreens.[21]

Once again, Defendants often refused to take responsibility for the problems and deficiencies that arose and were brought to their attention in connection with the Belle Chasse project.[22] All of the revisions, changes, and additions necessitated by Defendants' deficient designs and specifications were undertaken at additional expense to H&E.[23]

**II.    Defendants Fail to Carry Their Burden for Summary Judgment, and Defendants' Motion Should be Denied.**

Summary judgment should be granted *only* if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966; *see also, e.g., Rager v. Bourgeois*, 2006-0322, p. 5 (La. App. 1st Cir. 2006), 961 So. 2d 330, 333; *Carter v. BRMAP*, 591 So. 2d 1184, 1187 (La. App. 1st Cir. 1991). The burden remains on the movant, and any reasonable doubt must be resolved against the moving party. *See, e.g., Rager*, 961 So. 2d at 333; *Carter*, 591 So. 2d at 1187. In the context of contractual disputes, summary judgment is appropriate only where the words of a contract are clear, unambiguous, and do not lead to absurd consequences; where a contract is ambiguous and/or the intent of the parties becomes a question of fact, summary judgment is not appropriate. *See, e.g., Carter*, 591 So. 2d at 1187.

Defendants' Motion seeks summary judgment that its reconventional demand for alleged unpaid fees is a liquidated claim payable immediately and not subject to offset, now or in the future. In addition, Defendants contend that H&E cannot offset claims regarding various deficiencies against alleged unpaid fees for services not related to those deficiencies – though Defendants cite no legal support for this contention. As set forth above, it is the entirety of Defendants' professional services that are at issue. Moreover, Louisiana doctrines of offset and compensation do not require that the debts or claims in question arise from the same transaction project, or set of services. *See* La. Code Civ. P. art. 1983; *Nat'l Glass & Glazing v. Grimaldi Constr., Inc.*, 96-121, p. 12 (La. App. 5 Cir. 7/20/96), 680 So. 2d 52, 62 (acknowledging permissible set-off of claim arising from one project against a claim arising from another project,

---

[21]    *Id.* at ¶ 19(e).

[22]    Ex. "I," Wynn Affidavit, ¶ 21.

[23]    *Id.* at ¶ 21.

-5-

NO LEC 882337 v1
2919213-000024

NON-CERTIFIED COPY

though court disallowed the set-off because the claims were not equally and contemporaneously liquidated). While offset or compensation is not applicable at this time because H&E's claim and Defendants' reconventional demand are both unliquidated, those doctrines may be applicable if and when the claims are reduced to judgment.

In any event, Defendants' alleged unpaid fees do *not* constitute a liquidated claim, which forecloses summary judgment, and there are numerous issues of disputed fact. Defendants' Motion should be denied.

A.  *Defendants' Reconventional Demand is Not a Liquidated Claim.*

A claim is liquidated when its correctness is "admitted by the debtor" or when the debt is for an amount "capable of ascertainment by mere calculation in accordance with accepted legal standards." *See Sims v. Hays*, 521 So. 2d 730, 733 (La. Ct. App. 2d 1988) (citing *Reynaud v. His Creditors*, 4 Rob. 514 (1843*); Coburn v. Comm'l Nat'l Bank*, 453 So.2d 597 (La. App. 2d Cir.1984); *Olinde Hardware & Supply v. Ramsey*, 98 So.2d 835 (La. App. 1st Cir. 1957)). A disputed debt or claim – whether disputed as to the amount agreed upon and due or performance that engenders a dispute as to the amount due – is by its very nature not liquidated. *See, e.g., Linda Mercantile Corp. v. Bowers*, 230 So. 2d 392, 306 (La. Ct. App. 1st 1970) (notwithstanding specific contract price, reasonable and bona fide dispute as to the quality of work involved engendered dispute as to the amount due and made claim unliquidated).

Plainly, Defendants' claim for alleged unpaid fees is not a liquidated claim because Defendants' performance of professional services for H&E and right to the alleged fees is contested. H&E contracted with Defendants to provide comprehensive professional services in accordance with a certain level of professional care. As Defendants did not perform in accordance with that duty of care, any amounts that Defendants claim for those services are disputed, and any claims they may have for unpaid fees are not liquidated. As a prime example, Defendants' claim for unpaid fees for bidding and construction administration in connection with the Baton Rouge projects is not liquidated because Defendants' performance of those specific services is squarely at issue in this litigation. In fact, Defendants' failure to address problems during construction – most notably with respect to the concrete – accounts for a large portion of H&E's damages. Defendants' claim for any unpaid fees in connection with those services is certainly not admitted or liquidated.

-6-

NO LEC 883327 v1
2919213-000024

NON-CERTIFIED COPY

Moreover, Defendants' assertion that "none of the invoices that remain unpaid are for professional services rendered in connection with any alleged 'design deficiencies' "[24] is simply not correct. Per Mr. Johnson's Affidavit, Defendants' reconventional demand encompasses five alleged unpaid invoices: one invoice pertaining to contract administration at Belle Chasse in the amount of $118,541.20; and four invoices pertaining to bidding and construction administration, selection of furniture, fixtures, and equipment, and interior design and project management at Baton Rouge in the total amount of $113,684.53.[25] These invoices implicate multiple design deficiencies at issue in this case – one example being Defendants' failure to address problems like the concrete during the course of construction administration (a service for which it charged H&E). As a further example, there were and/or are a host of problems at Baton Rouge that fall within the scope of interior design and/or furnishing of furniture, fixtures, and equipment: the interior modifications required for the proper routing of roof-drainage, upgrading of window sills, replacement of wood paneling in the executive lobby area, and so forth.[26] All of these revisions, changes, and additions were occasioned by Defendants' failure to perform according to their professional duty of care, and were undertaken at H&E's expense. Any alleged unpaid fees for these deficient services are clearly disputed and unliquidated.

B.   *Discovery Has Just Begun in This Case.*

That Defendants' reconventional demand is not a liquidated claim is sufficient to defeat summary judgment. However, there also has been insufficient discovery to warrant summary judgment at this stage of the parties' dispute. *See* La. Code Civ. P. art. 966(C)(1) (establishing the timing of summary judgment as "After adequate discovery or after a case has been set for trial."). Thus far, the parties have only exchanged written discovery responses and objections and hard copy documents and drawings. They only recently began the larger and more important task of searching for emails and other electronically stored information, which, when exchanged, will constitute the lion's share of documents in this case. No depositions have been taken. Similarly, while H&E anticipates that both parties will exchange expert reports, they have not done so yet. In short, the parties have not conducted "adequate discovery," and there is still a Motion to Compel pending before the Court.

---

[24]   Memorandum in Support of Motion for Partial Summary Judgment on Reconventional Demand, p. 2.

[25]   *See* Affidavit of Larry O. Johnson, Jr., ¶¶ 8-9, attached as Exhibit "3" to Defendants' Memorandum in Support of Motion for Partial Summary Judgment on Reconventional Demand.

[26]   *See generally* Ex. "1," Wynn Affidavit at ¶14.

-7-

NON-CERTIFIED COPY

Again, Louisiana law does not require that an offset claim and offsetting claim arise from the same transaction, project, or work order. But, to the extent that such a correlation is required, as Defendants argue, there are numerous disputed issues of fact material to Defendants' Motion, including what alleged unpaid invoices relate to what alleged deficiencies. Discovery regarding those deficiencies and the alleged unpaid invoices is necessary.

While discovery need not be entirely completed before a Motion for Summary Judgment is filed or heard, it must be sufficiently completed to leave no contested issues of material facts. Neither Defendants' Motion nor this case involves uncontested issues of material fact.

**III.    Conclusion**

Defendants' Motion is predicated on the incorrect contention that Defendants' reconventional demand is a liquidated claim not subject to offset, now or in the future. This is not correct, as Defendants' claim for alleged unpaid fees is certainly disputed and, therefore, unliquidated. Moreover, while offset or compensation are not applicable now, those doctrines may be applicable if and when the parties' claims are reduced to judgment. Defendants' Motion is simply misplaced. Accordingly, for all of the reasons set forth above, H&E respectfully urges this Court to deny Defendants' Motion for Partial Summary Judgment in its entirety.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _Laura E. Carlisle_

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

FILED

AUG 21 2015

DEPUTY CLERK OF COURT

-8-

NO.LEC 882327 v1
2919213-000024

NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 21st day of August, 2015, the foregoing was

served on all known counsel of record who have appeared in this matter by facsimile and/or

electronic mail and by placing same in the United States mail, in a properly addressed envelope,

with first-class postage prepaid.

LAURA E. CARLISLE

FILED

AUG 21 2015

DEPUTY CLERK OF COURT

-9-

NO LEC 882327 v1
291921-3-020024

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
|---|---|---|
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |

FILED:_____          _____

                                                    DEPUTY CLERK

### AFFIDAVIT OF FRANKIE WYNN

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

NOW COMES, Frankie Wynn, who under penalty of perjury and from his own personal knowledge, states:

1.    I am over the 18 years of age and competent to give testimony in this matter.  I have personal knowledge of all facts and circumstances in this Affidavit.

2.    I submit this Affidavit in support of the Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand filed by H&E Equipment Services, Inc. ("H&E").

3.    I am currently the Director of Facilities/Risk/Compliance Management for H&E and am based out of H&E's Corporate Headquarters located at 7500 Pecue Lane, Baton Rouge, Louisiana.  I have held this position since May 2010, prior to which I served as H&E's Risk/Asset Manager.

4.    As H&E's Director of Facilities, I was responsible for overseeing the construction phase of the Baton Rouge, Kenner, and Belle Chase, Louisiana projects at issue in this litigation.

5.    I officially began overseeing the Baton Rouge, Kenner, and Belle Chase construction projects in 2010.  In addition, I maintain H&E's files regarding the projects and have reviewed the documents relevant to this dispute, including the change order logs for the projects.

6.    During my involvement with the projects, I regularly communicated with L. O'Neal Johnson, Thomas E. Ryan, III, and other representatives and employees of URS Corporation Architecture, P.C. and URS Corporation (collectively, referred to as "Defendants"), as well as the various general contractors and subcontractors for the three projects.

-1-

NO LEC 852865 v1
2919213-000024


EXHIBIT
1

NON-CERTIFIED COPY

7.    There have been multiple problems associated with the work performed by Defendants on all three projects at issue.

8.    During the course of construction, the project contractors and subcontractors observed numerous design deficiencies or design-related problems at all three H&E project sites. Typically, these issues were discussed with Defendants as the project architect and addressed – at H&E's expense. But, some problems remain outstanding even today. All problems that were addressed and remedied resulted in significant additional costs to H&E.

*Deficiencies and Problems at the*
*Baton Rouge Headquarters and Branch Facility*

9.    The Baton Rouge Headquarters and Branch Facility reached substantial completion in late 2012.

10.    Based on my involvement with the Baton Rouge projects and review of the change order log for the facilities, I am aware of numerous design deficiencies and problems that arose during construction.

11.    Most notably, during and/or around the time of substantial completion of the Baton Rouge projects, H&E and the project contractors began to observe crumbling and spalling in the concrete constructed to Defendants' specifications at the facilities.

12.    H&E notified Defendants of the observed problems with the concrete at the Baton Rouge site when the problems surfaced, in hopes – and with the expectation – that the parties would work together to find a solution and remedy. But, while Defendants initially appeared willing to troubleshoot the problem, they ultimately refused to participate in ongoing discussions and efforts to fix the concrete pads.

13.    The concrete problems at the Baton Rouge facilities continue to worsen to this day.

14.    I am also aware of numerous other problems and design deficiencies with respect to the Baton Rouge facilities that required addressing and/or remedying at H&E's expense. These include, for example:

  (a)    Parking lot revisions due to Defendants' failure to design and provide for an adequate number of parking spots;

  (b)    Structural steel revisions;

  (c)    Waterproofing of the Headquarters' elevator pit, which was not provided for in Defendants' designs and specifications;

-2-

NON-CERTIFIED COPY

Received 2015-08-21 17:29:40 CST    Aug 21 2015 06:38pm    15045686943 From: Laura Carlisle

Case 3:18-cv-00690-BAJ-RLB    Document 4-3    07/16/18    Page 275 of 356

(d) Interior modifications required for the proper routing of roof-drainage;

(e) Provision of additional beams for the Branch Facility's loading dock due to incorrect measurements;

(f) Installation of lintel systems and additional structural support above doorways and openings;

(g) Upgrading of window sill materials due to the specification of inferior materials;

(h) Replacement of wood paneling in the Headquarters' executive lobby area mid-construction due to Defendants' specification for and insistence that H&E use a thinner, inferior material;

(i) Grading revisions at the Branch Facility;

(j) Relocation of louvers and exhaust fans at the Branch Facility;

(k) Revisions to the tie-in between the Branch Facility's wash-bay and the site's sewerage system; and

(l) Multiple code-required additions not provided for in Defendants' original designs and specifications, including the addition of an oil/water separator in the service department shop, multiple railings and guardrails, and multiple fire-prevention measures.

15. The above list is not exhaustive.

16. Defendants often refused to take responsibility for the problems and deficiencies that arose and were brought to their attention in connection with the Baton Rouge projects. All of the revisions, changes, and additions required as a result of these problems and deficiencies were undertaken at additional expense to H&E.

*Deficiencies and Problems*
*at H&E's Belle Chasse Facility*

17. The Belle Chasse project reached substantial completion in late 2013.

18. Based on my involvement with the Belle Chasse project and review of the change order log for the facility, I am aware of numerous design deficiencies and problems that arose during construction.

19. For example, I am aware of the following problems and deficiencies with respect to the Belle Chasse facility that required addressing and/or remedying at H&E's expense:

(a) Significant addition of extra concrete in the facility's work area due to Defendants' incorrect elevation estimates and specification for an insufficient amount of concrete;

(b) Removal of concrete expansion joints not anticipated or provided for by Defendants but necessitated by Defendants' concrete specifications;

-3-

NO LEC 882865 v1
2919213-000024

NON-CERTIFIED COPY

(c)  Multiple revisions occasioned by Defendants' failure to properly measure for an accordion partition in the facility's lunch room area, and H&E's purchase of custom materials that could not be used as planned and remain unused today;

(d)  Multiple revisions occasioned by Defendants' mismeasurement of roof differentials between the administration building and the tool room, including the relocation of duct work and transformers; and

(e)  Various other revisions and changes during the course of construction caused by Defendants' deficient specifications, such as the modification of exterior handrails, addition of bollards to exterior air-conditioning units, relocation of the facility's locker room, and replacement of the facility's windscreens.

20.  The above list is not exhaustive.

21.  Defendants often refused to take responsibility for the problems and deficiencies that arose and were brought to their attention in connection with the Belle Chasse project. All of the revisions, changes, and additions required as a result of these problems and deficiencies were undertaken at additional expense to H&E.

Dated:     August 21, 2015

_____
FRANKIE WYNN

SWORN TO AND SUBSCRIBED
BEFORE ME ON THIS THE
21st DAY OF AUGUST, 2015.

_____
NOTARY PUBLIC
Wesley T Hebert
LA Notary 87793
Lifetime Commission

-4-

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | * | **CASE NO. C626308, SECTION D** |
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| **URS CORPORATION ARCHITECTURE,** | * | **PARISH OF EAST BATON ROUGE** |
| **P.C., URS CORPORATION, L. O'NEAL** | | |
| **JOHNSON, AND THOMAS E. RYAN, III** | * | **STATE OF LOUISIANA** |

FILED:_____        _____

                                                            **DEPUTY CLERK**

## <u>AFFIDAVIT OF FRANKIE WYNN</u>

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

NOW COMES, Frankie Wynn, who under penalty of perjury and from his own personal knowledge, states:

1.      I am over the 18 years of age and competent to give testimony in this matter.  I have personal knowledge of all facts and circumstances in this Affidavit.

2.      I submit this Affidavit in support of the Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand filed by H&E Equipment Services, Inc. ("H&E").

3.      I am currently the Director of Facilities/Risk/Compliance Management for H&E and am based out of H&E's Corporate Headquarters located at 7500 Pecue Lane, Baton Rouge, Louisiana.  I have held this position since May 2010, prior to which I served as H&E's Risk/Asset Manager.

4.      As H&E's Director of Facilities, I was responsible for overseeing the construction phase of the Baton Rouge, Kenner, and Belle Chase, Louisiana projects at issue in this litigation.

5.      I officially began overseeing the Baton Rouge, Kenner, and Belle Chase construction projects in 2010.  In addition, I maintain H&E's files regarding the projects and have reviewed the documents relevant to this dispute, including the change order logs for the projects.

6.      During my involvement with the projects, I regularly communicated with L. O'Neal Johnson, Thomas E. Ryan, III, and other representatives and employees of URS Corporation Architecture, P.C. and URS Corporation (collectively, referred to as "Defendants"), as well as the various general contractors and subcontractors for the three projects.



-1-



EXHIBIT

NON-CERTIFIED COPY

7.     There have been multiple problems associated with the work performed by Defendants on all three projects at issue.

8.     During the course of construction, the project contractors and subcontractors observed numerous design deficiencies or design-related problems at all three H&E project sites. Typically, these issues were discussed with Defendants as the project architect and addressed – at H&E's expense. But, some problems remain outstanding even today. All problems that were addressed and remedied resulted in significant additional costs to H&E.

<em>Deficiencies and Problems at the<br><u>Baton Rouge Headquarters and Branch Facility</u></em>

9.     The Baton Rouge Headquarters and Branch Facility reached substantial completion in late 2012.

10.    Based on my involvement with the Baton Rouge projects and review of the change order log for the facilities, I am aware of numerous design deficiencies and problems that arose during construction.

11.    Most notably, during and/or around the time of substantial completion of the Baton Rouge projects, H&E and the project contractors began to observe crumbling and spalling in the concrete constructed to Defendants' specifications at the facilities.

12.    H&E notified Defendants of the observed problems with the concrete at the Baton Rouge site when the problems surfaced, in hopes – and with the expectation – that the parties would work together to find a solution and remedy. But, while Defendants initially appeared willing to troubleshoot the problem, they ultimately refused to participate in ongoing discussions and efforts to fix the concrete pads.

13.    The concrete problems at the Baton Rouge facilities continue to worsen to this day.

14.    I am also aware of numerous other problems and design deficiencies with respect to the Baton Rouge facilities that required addressing and/or remedying at H&E's expense. These include, for example:

     (a)    Parking lot revisions due to Defendants' failure to design and provide for an adequate number of parking spots;

     (b)    Structural steel revisions;

     (c)    Waterproofing of the Headquarters' elevator pit, which was not provided for in Defendants' designs and specifications;

-2-

NON-CERTIFIED COPY

(d)     Interior modifications required for the proper routing of roof-drainage;

(e)     Provision of additional beams for the Branch Facility's loading dock due to incorrect measurements;

(f)     Installation of lintel systems and additional structural support above doorways and openings;

(g)     Upgrading of window sill materials due to the specification of inferior materials;

(h)     Replacement of wood paneling in the Headquarters' executive lobby area mid-construction due to Defendants' specification for and insistence that H&E use a thinner, inferior material;

(i)     Grading revisions at the Branch Facility;

(j)     Relocation of louvers and exhaust fans at the Branch Facility;

(k)     Revisions to the tie-in between the Branch Facility's wash-bay and the site's sewerage system; and

(l)     Multiple code-required additions not provided for in Defendants' original designs and specifications, including the addition of an oil/water separator in the service department shop, multiple railings and guardrails, and multiple fire-prevention measures.

15.     The above list is not exhaustive.

16.     Defendants often refused to take responsibility for the problems and deficiencies that arose and were brought to their attention in connection with the Baton Rouge projects. All of the revisions, changes, and additions required as a result of these problems and deficiencies were undertaken at additional expense to H&E.

*Deficiencies and Problems*
*at H&E's Belle Chasse Facility*

17.     The Belle Chasse project reached substantial completion in late 2013.

18.     Based on my involvement with the Belle Chasse project and review of the change order log for the facility, I am aware of numerous design deficiencies and problems that arose during construction.

19.     For example, I am aware of the following problems and deficiencies with respect to the Belle Chasse facility that required addressing and/or remedying at H&E's expense:

(a)     Significant addition of extra concrete in the facility's work area due to Defendants' incorrect elevation estimates and specification for an insufficient amount of concrete;

(b)     Removal of concrete expansion joints not anticipated or provided for by Defendants but necessitated by Defendants' concrete specifications;

-3-


NON-CERTIFIED COPY

(c)    Multiple revisions occasioned by Defendants' failure to properly measure for an accordion partition in the facility's lunch room area, and H&E's purchase of custom materials that could not be used as planned and remain unused today;

(d)    Multiple revisions occasioned by Defendants' mismeasurement of roof differentials between the administration building and the tool room, including the relocation of duct work and transformers; and

(e)    Various other revisions and changes during the course of construction caused by Defendants' deficient specifications, such as the modification of exterior handrails, addition of bollards to exterior air-conditioning units, relocation of the facility's locker room, and replacement of the facility's windscreens.

20.    The above list is not exhaustive.

21.    Defendants often refused to take responsibility for the problems and deficiencies that arose and were brought to their attention in connection with the Belle Chasse project. All of the revisions, changes, and additions required as a result of these problems and deficiencies were undertaken at additional expense to H&E.

Dated:        August 21, 2015

_____
FRANKIE WYNN

SWORN TO AND SUBSCRIBED
BEFORE ME ON THIS THE
21ˢᵗ DAY OF AUGUST, 2015.

_____
NOTARY PUBLIC
Wesley P Hebert
LA Notary 87793
Lifetime Commission

-4-

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC. \* CASE NO. C626308, SECTION D

VERSUS \* 19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE, \* PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III \* STATE OF LOUISIANA

FILED:_____

            **DEPUTY CLERK**

COST UR \$ 122

AUG 2 6 2015

DEPUTY CLERK OF COURT

## AMENDED AND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following amended and supplemental responses to the First Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1. These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2. H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3. H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4. All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5. H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

EBR3158771

NO LEC 882609 v1
2919213-000024

FAX COPY FILED  8/31/15
ORIGINAL FILED  8/26/15
REC'D C.P.
SEP 02 2015
REC'D C.P.
AUG 27 2015
NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.    H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.    H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.    H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 2:

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

### RESPONSE TO INTERROGATORY NO. 2:

H&E objects to Interrogatory No. 2 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, H&E responds that it has identified the following facilities has having concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories where operations similar to those conducted at H&E's Baton Rouge and Kenner facilities, *i.e.* operations involving the routine traversal of heavy tracked equipment, are conducted:

-2-

NON-CERTIFIED COPY

1.    Alexandria, Louisiana

2.    Lake Charles/Sulphur, Louisiana

3.    Shreveport, Louisiana

4.    Charlotte, North Carolina

5.    Raleigh, North Carolina

6.    Winston Salem, North Carolina

7.    Dallas, Texas

**INTERROGATORY NO. 3:**

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

(h)    whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)    any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)    any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

-3-

NON-CERTIFIED COPY

(l)    any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)    the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)    the results of any such repairs, replacements or maintenance;

(o)    the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 3:

H&E objects to Interrogatory No. 3 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and the General Objections, H&E responds with the following information regarding the facilities identified in response to Interrogatory No. 2:

### Alexandria, Louisiana:

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on Paved Surfaces, which account for approximately 80% of the equipment yard and/or aprons at the facility.

(b)    The Paved Surfaces were installed in or around September 2008.

(c)    VNV Builders

(d)    Progressive Construction
705 McKeithen Drive
Alexandria, Louisiana 71303
(318) 473-9522

(e)    Unknown.

(f)    The Paved Surfaces are in generally good condition, except for some edges that are broken due to the Paved Surfaces not meeting up perfectly with adjacent limestone.

(g)    The Paved Surfaces are supported by expansion joints consisting of a rubber-type material.

(h)    None visible.

(i)    The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)    There have been no observed problems or deficiencies noted with regard to the expansion/construction joints.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

## Lake Charles/Sulphur, Louisiana

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces.

(b)    The Paved Surfaces were installed in or around January 2014; tracked equipment was operated, loaded, unloaded, stored, and/or parked on the Paved Surfaces starting in or around June 2014.

(c)    Gary Babineaux.

(d)    Gary Babineaux.

(e)    The cost of construction for the Paved Surfaces was approximately $1.3 million.

(f)    The Paved Surfaces are in good condition, with no observed cracks or spalling.

(g)    The Paved Surfaces are supported by expansion joints with keways reinforced by rebar every 24 inches, with footings under each expansion joint.

(h)    Please see above response.

(i)    The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)    There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in the Paved Surfaces.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

## Shreveport, Louisiana

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces, which make up a portion of the equipment yard and apron at this facility.  The facility also has limestone, rock, and soil cement surfaces.

(b)    Unknown as to Paved Surfaces generally, but likely 1985; approximately 411 square feet of Paved Surface on the apron was resurfaced approximately three years ago.

-5-

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

(c)    Unknown.

(d)    Unknown.

(e)    Unknown; approximately $57,700 for the replacement of approximately 411 square feet of Paved Surface on apron three years ago.

(f)    The Paved Surfaces show some wear.

(g)    Unknown.

(h)    None visible.

(i)    The expansion joints in the Paved Surfaces are generally in fair condition; the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

(j)    The expansion/construction joints in the Paved Surfaces show signs of moderate wear and tear.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces other than the replacement of approximately 411 square feet on the apron approximately three years ago.

(m)    Please see above responses.

(n)    Please see above responses.

(o)    Please see above responses.

**Charlotte, North Carolina**

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces.

(b)    Unknown; the primary building structures at the facility are eleven years old.

(c)    Unknown.

(d)    Unknown

(e)    Unknown.

(f)    The Paved Surfaces show signs of wear and deterioration in some areas.

(g)    Unknown.

(h)    None visible.

(i)    Unknown.

(j)    Unknown.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

-6-

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

## Raleigh, North Carolina

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces.

(b)    Date of original construction unknown; additional Paved Surfaces totally approximately 31,120 square feet constructed within the last six months.

(c)    Unknown as to original construction; as to more recent addition of Paved Surfaces, H&E Facilities Group.

(d)    Unknown as to original construction; as to more recent addition of Paved Surfaces:

Ruston Paving
3874 S. Alston Avenue #101
Durham, North Carolina 27713
(919) 544-1288

(e)    Unknown as to original construction; as to more recent addition of Paved Surfaces, approximately $233,550.00 for approximately 31,120 square feet.

(f)    The Paved Surfaces originally installed are showing some wear and spalling at the joints; the more recently added Paved Surfaces are in good shape.

(g)    Unknown.

(h)    None visible.

(i)    Please see response above.

(j)    Please see response above.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

-7-

NON-CERTIFIED COPY

**Winston Salem, North Carolina**

(a)     Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces, which account for approximately 95% of the equipment yard and/or apron at the facility.

(b)     Unknown.

(c)     Unknown.

(d)     Unknown

(e)     Unknown.

(f)     The Paved Surfaces are in good shape, with no signs of wear, cracking, or spalling.

(g)     Unknown.

(h)     None visible.

(i)     The expansion/construction joints in the Paved Surfaces are in good shape, with no observed problems.

(j)     Please see above response.

(k)     There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)     There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)     Please see above response.

(n)     Please see above response.

(o)     Please see above response.

**Dallas, Texas**

(a)     Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces, which constitute 95-98% of the equipment yard and apron at the facility.

(b)     The Paved Surfaces were installed in or around late 2007; tracked equipment was operated, loaded, unloaded, stored, and/or parked on the Paved Surfaces starting in or around May 2008.

(c)     Weir & Associates
701 Highlander Blvd. #300
Arlington, Texas 76015
(817) 467-7700

(d)     Schwob Building Company
2349 Glenda Lane
Dallas, Texas 75229
(972) 243-7674

(e)     Unknown; total cost of construction for the facility was $2.8 million.

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

(f)     The Paved Surfaces show signs of cracking in various areas.

(g)     The Paved Surfaces consist of fifteen square foot panels with expansion joints on all sides.

(h)     None visible.

(i)     The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)     There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in the Paved Surfaces.

(k)     There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)     There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.  But, the facility is currently seeking bids for the repair and/or replacement of approximately ten to fifteen of the concrete panels.

(m)     Please see above response.

(n)     Please see above response.

(o)     Please see above response.

## INTERROGATORY NO. 4:

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 4:

Please see supplemental responses and objections to Interrogatory No. 2 above.

## INTERROGATORY NO. 5:

Please Identify any and all locations or sites that have been owned or leased by H&E, on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)     the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)     the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c)     the reasons this surface was used instead of a Paved Surface;

-9-

NON-CERTIFIED COPY

(d)    the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e)    any maintenance program applicable to these Unpaved Surfaces;

(f)    any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g)    the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h)    the results of any such repairs, replacements or maintenance; and

(i)    the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 5:**

H&E objects to Interrogatory No. 5, including subparts (a) – (i), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, the following other facilities are owned and/or operated by H&E and have surfaces other than concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories whereupon similar operations involving the routine traversal of heavy tracked equipment are conducted:

1.    Little Rock, Arkansas

2.    Springdale, Arkansas

3.    Nashville, Tennessee

4.    Ashland, Virginia

5.    Norfolk, Virginia

6.    Roanoke, Virginia

7.    Warrenton, Virginia

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 24th day of August, 2015, the foregoing was

served on all known counsel of record who have appeared in this matter by facsimile and/or

electronic mail and by placing same in the United States mail, in a properly addressed envelope,

with first-class postage prepaid.

_____
LAURA E. CARLISLE

FILED
EAST BATON ROUGE PARISH, LA
2015 AUG 26 AM 11: 26

DEPUTY CLERK OF COURT

-11-

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |

FILED:_____      _____
                                                      **DEPUTY CLERK**

## OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON RECONVENTIONAL DEMAND

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this memorandum in opposition to the Motion for Partial Summary Judgment on Reconventional Demand (the "Motion") filed by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants").[1]

### Introductory Statement

As set forth previously, this suit stems from damages suffered by H&E as a result of deficient designs and specifications prepared by Defendants for the construction and renovation of H&E facilities in Baton Rouge, Kenner, and Belle Chasse, Louisiana between 2006 and 2013. H&E seeks damages resulting from Defendants' deficient designs and specifications in connection with all three locations. In response, Defendants have asserted a reconventional demand for alleged unpaid fees in connection with the projects, and H&E, in addition to denying the allegations underlying the reconventional demand and disputing the alleged fees owed, has asserted its right to offset and/or credit against any fees due. Defendants now seek summary judgment that they are entitled to unpaid fees in the amount of $232,225.73 in connection with the Baton Rouge and Belle Chasse, Louisiana projects, which Defendants contend are not subject to offset or compensation, now or in the future. Defendants' Motion is misplaced.

H&E contracted with Defendants to perform professional services for entire projects, not individual, one-off tasks. Those services – as a whole – were defective. H&E has already paid Defendants significant fees for those defective services, all of which fees Defendants have received and accepted. It seems axiomatic that Defendants not be allowed to collect the

---

[1]    Defendants did not file a separate Statement of Uncontested Material Facts. As such, H&E's Opposition serves to respond to any purportedly undisputed facts included in Defendants' Memorandum in Support of Motion for Partial Summary Judgment on Renconventional Demand.

-1-

NON-CERTIFIED COPY

EBR3158772

remainder of any alleged fees due for their defective services until the deficiencies are fully vetted and adjudicated by the Court.

In any event, Defendants' alleged unpaid fees do not constitute a liquidated claim. And, while offset or compensation is not available at this time, those doctrines may be applicable if and when H&E's claims and Defendants' reconventional demand are reduced to judgments. Defendants' assertion to the contrary is premature as well as incorrect. Moreover, there are numerous disputed facts regarding the deficiencies related to the alleged unpaid invoices, and significant discovery has just begun in this case. Summary judgment is simply inappropriate, and Defendants' Motion should be denied.

## I.    <u>Relevant Factual Background</u>

The relationship between H&E and Defendants with respect to the projects at issue spans a number of phases. The parties' relationship is generally governed by the Agreement for Professional Services dated August 28, 2006 (the "2006 Agreement") and the Short Form Master Agreement for Professional Services dated August 13, 2009 (the "2009 Agreement"), both of which were drafted by Defendants and presented to H&E during the course of the parties' relationship. Which agreement governs which of the projects and/or which phases of each project is a disputed issue currently pending before the Court on Defendants' Motion for Summary Judgment, but is not material to this Motion. Both the 2006 and 2009 Agreements were to govern Defendants' performance of design services and specifications via a series of Work Orders that would set forth specific scopes of services, timelines for completion, and construction costs and compensation.

H&E's Baton Rouge and Kenner, Louisiana projects reached substantial completion in late 2012 and early 2013, respectively. The Belle Chasse project reached substantial completion in late 2013, shortly after H&E filed its Petition for Damages. There were numerous problems that arose during the course of each of the projects, some of which continue to this day. Only the Baton Rouge and Belle Chasse facilities are at issue in Defendants' Motion.

   A.    *Deficiencies and Problems at H&E's*
          <u>*Baton Rouge Headquarters and Branch Facility.*</u>

The design deficiencies and problems at H&E's Headquarters and Branch Facility account for a large portion of the damages in this case. While deficiencies in Defendants' design for concrete pads constructed to Defendants' specifications at the Baton Rouge facilities, and

NO LEC 882327 v1
2919213-000024

NON-CERTIFIED COPY

Defendants' further failure to address and remedy observed crumbling and spalling in the concrete, account for a large portion of those damages,[2] problems with the concrete are not the only problems with respect to the Baton Rouge facilities.  Numerous other problems and design deficiencies required addressing and/or remedying during the course of the projects – all at H&E's expense.  For example:

- Parking lot revisions due to Defendants' failure to design and provide for an adequate number of parking spots at the Baton Rouge Headquarters;[3]

- Structural steel revisions;[4]

- Waterproofing of the Headquarters' elevator pit, which was not provided for in Defendants' designs and specifications;[5]

- Interior modifications required for the proper routing of roof-drainage;[6]

- Installation of additional beams for the Branch Facility's loading dock due to Defendants' incorrect measurements;[7]

- Installation of lintel systems and additional structural support above doorways and openings, which were not provided for in Defendants' original specifications;[8]

- Upgrading of window sill materials due to the specification of inferior materials;[9]

- Replacement of wood paneling in the Headquarters' executive lobby area mid-construction due to Defendants' specification for – and insistence that – H&E use a thinner, inferior material;[10]

- Grading revisions at the Branch Facility;[11]

- Relocation of louvers and exhaust fans at the Branch Facility;[12]

- Revisions to the tie-in between the Branch Facility's wash-bay and the site's sewerage system;[13] and

---

[2]  *See generally,* Affidavit of Frankie Wynn, dated 8/21/15 (hereinafter "Wynn Affidavit"), ¶¶ 11-13, attached as Exhibit "1."

[3]  Ex. "1," Wynn Affidavit at ¶ 14(a).

[4]  *Id.* at ¶ 14(b).

[5]  *Id.* at ¶ 14(c).

[6]  *Id.* at ¶ 14(d).

[7]  *Id.* at ¶ 14(e).

[8]  *Id.* at ¶ 14(f).

[9]  *Id.* at ¶ 14(g).

[10]  *Id.* at ¶ 14(h).

[11]  *Id.* at ¶ 14(i).

[12]  *Id.* at ¶ 14(j).

[13]  *Id.* at ¶ 14(k).

-3-

NON-CERTIFIED COPY

- Multiple code-required additions not provided for in Defendants' original designs and specifications, including the addition of an oil/water separator in the service department shop, multiple railings and guardrails, and multiple fire-prevention measures.[14]

The above list is not exhaustive. All of these revisions, changes, and additions resulted in significant additional costs to H&E.[15] Moreover, Defendants often refused to take responsibility for the problems and deficiencies that arose and were brought to their attention in connection with the Baton Rouge projects. In the case of the cracking and spalling concrete pads, they not only delayed addressing the problems with the concrete but refused to help find a remedy, and the concrete problems at the Baton Rouge facilities continue to worsen to this day.[16]

<b><i>B.    Deficiencies and Problems at the Belle Chasse Facility</i></b>

H&E's Belle Chase facility reached substantial completion after H&E filed its Petition. The Belle Chasse project did not require the construction of concrete pads like those in Baton Rouge and Kenner and did not experience the problems with the concrete observed at those other sites. But, numerous other problems at the Belle Chasse facility occasioned by Defendants' deficient designs and specifications required addressing and remedying at H&E's expense. For example:

- The addition and installation of a significant amount of extra concrete in the facility's work area due to Defendants' incorrect elevation estimates and specification for an insufficient amount of concrete;[17]

- The removal of concrete expansion joints not anticipated or provided for by Defendants but necessitated by Defendants' concrete specifications;[18]

- Multiple revisions occasioned by Defendants' failure to properly measure for an accordion partition in the facility's lunch room area, and H&E's purchase of custom materials that could not be used as planned and remain unused today;[19]

- Multiple revisions occasioned by Defendants' mismeasurement of roof differentials between the administration building and the tool room, including the relocation of duct work and transformers;[20] and

- Various other revisions and changes during the course of construction caused by Defendants' deficient specifications, such as the modification of

---

[14]   *Id.* at ¶ 14(l).

[15]   Ex. "1," Wynn Affidavit at ¶¶ 8, 16.

[16]   *Id.* at ¶¶ 12-13, 16.

[17]   Ex. "1," Wynn Affidavit, ¶19(a).

[18]   *Id.* at ¶ 19(b).

[19]   *Id.* at ¶ 19(c).

[20]   *Id.* at ¶ 19(d).

-4-



exterior handrails, addition of bollards to exterior air-conditioning units, relocation of the facility's locker room, and replacement of the facility's windscreens.[21]

Once again, Defendants often refused to take responsibility for the problems and deficiencies that arose and were brought to their attention in connection with the Belle Chasse project.[22] All of the revisions, changes, and additions necessitated by Defendants' deficient designs and specifications were undertaken at additional expense to H&E.[23]

## II. Defendants Fail to Carry Their Burden for Summary Judgment, and Defendants' Motion Should be Denied.

Summary judgment should be granted *only* if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966; *see also, e.g., Rager v. Bourgeois*, 2006-0322, p. 5 (La. App. 1st Cir. 2006), 961 So. 2d 330, 333; *Carter v. BRMAP*, 591 So. 2d 1184, 1187 (La. App. 1st Cir. 1991). The burden remains on the movant, and any reasonable doubt must be resolved against the moving party. *See, e.g., Rager*, 961 So. 2d at 333; *Carter*, 591 So. 2d at 1187. In the context of contractual disputes, summary judgment is appropriate only where the words of a contract are clear, unambiguous, and do not lead to absurd consequences; where a contract is ambiguous and/or the intent of the parties becomes a question of fact, summary judgment is not appropriate. *See, e.g., Carter*, 591 So. 2d at 1187.

Defendants' Motion seeks summary judgment that its reconventional demand for alleged unpaid fees is a liquidated claim payable immediately and not subject to offset, now or in the future. In addition, Defendants contend that H&E cannot offset claims regarding various deficiencies against alleged unpaid fees for services not related to those deficiencies – though Defendants cite no legal support for this contention. As set forth above, it is the entirety of Defendants' professional services that are at issue. Moreover, Louisiana doctrines of offset and compensation do not require that the debts or claims in question arise from the same transaction project, or set of services. *See* La. Code Civ. P. art. 1983; *Nat'l Glass & Glazing v. Grimaldi Constr., Inc.*, 96-121, p. 12 (La. App. 5 Cir. 7/20/96), 680 So. 2d 52, 62 (acknowledging permissible set-off of claim arising from one project against a claim arising from another project,

---

[21]    *Id.* at ¶ 19(e).

[22]    Ex. "1," Wynn Affidavit, ¶ 21.

[23]    *Id.* at. ¶ 21.

-5-

NO LEC 882327 v1
2919213-000024
NON-CERTIFIED COPY

though court disallowed the set-off because the claims were not equally and contemporaneously liquidated).  While offset or compensation is not applicable at this time because H&E's claim and Defendants' reconventional demand are both unliquidated, those doctrines may be applicable if and when the claims are reduced to judgment.

In any event, Defendants' alleged unpaid fees do *__not__* constitute a liquidated claim, which forecloses summary judgment, and there are numerous issues of disputed fact.  Defendants' Motion should be denied.

### A.    *Defendants' Reconventional Demand is Not a Liquidated Claim.*

A claim is liquidated when its correctness is "admitted by the debtor" or when the debt is for an amount "capable of ascertainment by mere calculation in accordance with accepted legal standards."  *See Sims v. Hays*, 521 So. 2d 730, 733 (La. Ct. App. 2d 1988) (citing *Reynaud v. His Creditors*, 4 Rob. 514 (1843*); Coburn v. Comm'l Nat'l Bank*, 453 So.2d 597 (La. App. 2d Cir.1984); *Olinde Hardware & Supply v. Ramsey*, 98 So.2d 835 (La. App. 1st Cir. 1957)).  A disputed debt or claim – whether disputed as to the amount agreed upon and due or performance that engenders a dispute as to the amount due – is by its very nature not liquidated.  *See, e.g., Linda Mercantile Corp. v. Bowers*, 230 So. 2d 392, 306 (La. Ct. App. 1st 1970) (notwithstanding specific contract price, reasonable and bona fide dispute as to the quality of work involved engendered dispute as to the amount due and made claim unliquidated).

Plainly, Defendants' claim for alleged unpaid fees is not a liquidated claim because Defendants' performance of professional services for H&E and right to the alleged fees is contested.  H&E contracted with Defendants to provide comprehensive professional services in accordance with a certain level of professional care.  As Defendants did not perform in accordance with that duty of care, any amounts that Defendants claim for those services are disputed, and any claims they may have for unpaid fees are not liquidated.  As a prime example, Defendants' claim for unpaid fees for bidding and construction administration in connection with the Baton Rouge projects is not liquidated because Defendants' performance of those specific services is squarely at issue in this litigation.  In fact, Defendants' failure to address problems during construction – most notably with respect to the concrete – accounts for a large portion of H&E's damages.  Defendants' claim for any unpaid fees in connection with those services is certainly not admitted or liquidated.

-6-

NON-CERTIFIED COPY

Moreover, Defendants' assertion that "none of the invoices that remain unpaid are for professional services rendered in connection with any alleged 'design deficiencies' "[24] is simply not correct. Per Mr. Johnson's Affidavit, Defendants' reconventional demand encompasses five alleged unpaid invoices: one invoice pertaining to contract administration at Belle Chasse in the amount of $118,541.20; and four invoices pertaining to bidding and construction administration, selection of furniture, fixtures, and equipment, and interior design and project management at Baton Rouge in the total amount of $113,684.53.[25] These invoices implicate multiple design deficiencies at issue in this case – one example being Defendants' failure to address problems like the concrete during the course of construction administration (a service for which it charged H&E). As a further example, there were and/or are a host of problems at Baton Rouge that fall within the scope of interior design and/or furnishing of furniture, fixtures, and equipment: the interior modifications required for the proper routing of roof-drainage, upgrading of window sills, replacement of wood paneling in the executive lobby area, and so forth.[26] All of these revisions, changes, and additions were occasioned by Defendants' failure to perform according to their professional duty of care, and were undertaken at H&E's expense. Any alleged unpaid fees for these deficient services are clearly disputed and unliquidated.

### B.    *Discovery Has Just Begun in This Case.*

That Defendants' reconventional demand is not a liquidated claim is sufficient to defeat summary judgment. However, there also has been insufficient discovery to warrant summary judgment at this stage of the parties' dispute. *See* La. Code Civ. P. art. 966(C)(1) (establishing the timing of summary judgment as "After adequate discovery or after a case has been set for trial."). Thus far, the parties have only exchanged written discovery responses and objections and hard copy documents and drawings. They only recently began the larger and more important task of searching for emails and other electronically stored information, which, when exchanged, will constitute the lion's share of documents in this case. No depositions have been taken. Similarly, while H&E anticipates that both parties will exchange expert reports, they have not done so yet. In short, the parties have not conducted "adequate discovery," and there is still a Motion to Compel pending before the Court.

---

[24]    Memorandum in Support of Motion for Partial Summary Judgment on Renconventional Demand, p. 2.

[25]    *See* Affidavit of Larry O. Johnson, Jr., ¶¶ 8-9, attached as Exhibit "3" to Defendants' Memorandum in Support of Motion for Partial Summary Judgment on Renconventional Demand.

[26]    *See generally* Ex. "1," Wynn Affidavit at ¶14.

NO LEC 882327 v1
2919213-000024

NON-CERTIFIED COPY

Again, Louisiana law does not require that an offset claim and offsetting claim arise from the same transaction, project, or work order.  But, to the extent that such a correlation is required, as Defendants argue, there are numerous disputed issues of fact material to Defendants' Motion, including what alleged unpaid invoices relate to what alleged deficiencies.  Discovery regarding those deficiencies and the alleged unpaid invoices is necessary.

While discovery need not be entirely completed before a Motion for Summary Judgment is filed or heard, it must be sufficiently completed to leave no contested issues of material facts.  Neither Defendants' Motion nor this case involves uncontested issues of material fact.

**III.    Conclusion**

Defendants' Motion is predicated on the incorrect contention that Defendants' reconventional demand is a liquidated claim not subject to offset, now or in the future.  This is not correct, as Defendants' claim for alleged unpaid fees is certainly disputed and, therefore, unliquidated.  Moreover, while offset or compensation are not applicable now, those doctrines may be applicable if and when the parties' claims are reduced to judgment.  Defendants' Motion is simply misplaced.  Accordingly, for all of the reasons set forth above, H&E respectfully urges this Court to deny Defendants' Motion for Partial Summary Judgment in its entirety.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _Laura E. Carlisle_
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

-8-

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 21st day of August, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

LAURA E. CARLISLE

NO LEC 882327 v1
2919213-000024

NON-CERTIFIED COPY

# BAKER DONELSON
### BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170

PHONE:    504.566.5200
FAX:    504.636.4000

www.bakerdonelson.com

LAURA E. CARLISLE
Direct Dial: (504) 566-8643
Direct Fax: (504) 585-6943
E-Mail Address: lcarlisle@bakerdonelson.com

August 24, 2015



Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:    *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
    *19th JDC No. 626308, Division "D", Section XX1*

Dear Mr. Welborn:

Please find enclosed an original and two copies of the Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand, which was fax-filed on August 21, 2015 on behalf of H&E Equipment Services, Inc. in the above reference matter.   Please file the original into the record and return a conformed copy to me in the self-addressed, postage paid envelope provided.  I also enclose our firm's check in the amount of $122.00 to cover the cost associated with this filing.

With kindest regards, I remain

Sincerely,

/s/ Laura E. Carlisle

Laura E. Carlisle

LEC/sdt
Encl.
cc:    Philip A. Franco, Esq. w/encl.
    Kellen Matthews, Esq. w/encl.

REC'D C.P.
SEP 02 2015

REC'D C.P.
AUG 27 2015

LEC 866987 v1
0213-000024

ALABAMA    FLORIDA    GEORGIA    LOUISIANA    MISSISSIPPI    TENNESSEE    TEXAS    WASHINGTON, D.C.

NON-CERTIFIED COPY

### AGREEMENT FOR PROFESSIONAL SERVICES
### ("Agreement")

This Agreement between __H&E Equipment Services, Inc. 11100 Mead Road, Suite 200, Baton Rouge, LA 70816 225 298-5244__ , ("Client") and __URS Corporation Architecture, NC, PC__ ("URS"), a __North Carolina__ corporation; __7389 Florida Blvd, Suite 300 Baton Rouge, LA 70806__("URS"), is effective as of __August 28, 2006__ . The parties agree as follows:

It is the expressed intent of the parties that this Agreement shall be made available to the subsidiaries and affiliated companies of URS.  For the purposes of this Agreement, as it applies to each Work Order, the term "URS" shall mean either, __URS Corporation Architecture, NC, PC__ , or the affiliated company identified in the Work Order.  The applicable Work Order shall clearly identify the legal name of the affiliate or subsidiary accepting the Work Order.

**ARTICLE I - Work Orders.**  The Scope of Services ("Services"), the Time Schedule and the Charges are to be set forth in a written Work Order to this Agreement.  The terms and conditions of this Agreement shall apply to each Work Order, except to the extent expressly modified by the Work Order.  Where charges are "not to exceed" a specified sum, URS shall notify Client before such sum is exceeded and shall not continue to provide the Services beyond such sum unless Client authorizes an increase in the sum.  If a "not to exceed" sum is broken down into budgets for specific tasks, the task budget may be exceeded without Client authorization as long as the total sum is not exceeded.  Changes in conditions, including, without limitation, changes in laws or regulations occurring after the budget is established or other circumstances beyond URS control shall be a basis for equitable adjustments in the budget and schedule.

**ARTICLE II - Payment.**  Unless otherwise stated in an Work Order, payment shall be on a time and materials basis under the Schedule of Fees and Charges in effect when the Services are performed.  Client shall pay undisputed portions of each progress invoice within thirty (30) days of the date of the invoice.  If payment is not maintained on a thirty (30) day current basis, URS may suspend further performance until payments are current.  Client shall notify URS of any disputed amount within fifteen (15) days from date of the invoice, give reasons for the objection, and promptly pay the undisputed amount.  Client shall pay an additional charge of one and one-half percent (1½%) per month or the maximum percentage allowed by law, whichever is the lesser, for any past due amount.  In the event of a legal action for invoice amounts not paid, attorneys' fees, court costs, and other related expenses shall be paid to the prevailing party.

**ARTICLE III - Professional Responsibility.**  URS is obligated to comply with applicable standards of professional care in the performance of the Services.  Client recognizes that opinions relating to environmental, geologic, and geotechnical conditions are based on limited data and that actual conditions may vary from those encountered at the times and locations where the data are obtained, despite the use of due professional care.  URS is not responsible for designing or advising on or otherwise taking measures to prevent or mitigate the effect of any act of terrorism or any action that may be taken in controlling, preventing, suppressing or in any way relating to an act of terrorism.

**ARTICLE IV - Responsibility for Others.**  URS shall be responsible to Client for URS Services and the services of URS subcontractors.  URS shall not be responsible for the acts or omissions of other parties engaged by Client nor for their construction means, methods, techniques, sequences, or procedures, or their health and safety precautions and programs.

**ARTICLE V - Risk Allocation.**  The liability of URS, its employees, agents and subcontractors (referred to collectively in this Article as "URS"), for Client's claims of loss, injury, death, damage, or expense, including, without limitation, Client's claims of contribution and indemnification, express or implied, with respect to third party claims relating to services rendered or obligations imposed under this Agreement, including all Work Orders, shall not exceed in the aggregate:

EBR3158873

NON-CERTIFIED COPY



EXHIBIT

6

(1)      The total sum of $5,000,000 for claims arising out of professional negligence, including errors, omissions, or other professional acts, and including unintentional breach of contract; and any actual or potential environmental pollution or contamination, including, without limitation, any actual or threatened release of toxic, irritant, pollutant, or waste gases, liquids, or solid materials, or failure to detect or properly evaluate the presence of such substances, except to the extent such release, threatened release, or failure to detect or evaluate is caused by the willful misconduct of URS; or

(2)      The total sum of $2,000,000 for claims arising out of negligence, breach of contract, or other causes for which URS has any legal liability, other than as limited by (1) above.

**ARTICLE VI - Insurance.**  URS agrees to maintain during the performance of the Services: (1) statutory Workers' Compensation coverage; (2) Employer's Liability; (3) General Liability; and (4) Automobile Liability insurance coverage each in the sum of $5,000,000.

**ARTICLE VII - Consequential Damages.**  Neither Party shall be liable to the other for consequential damages, including, without limitation, loss of use or loss of profits, incurred by one another or their subsidiaries or successors, regardless of whether such damages are caused by breach of contract, willful misconduct, negligent act or omission, or other wrongful act of either of them.

**ARTICLE VIII - Client Responsibility.**  Client shall:  (1) provide URS, in writing, all information relating to Client's requirements for the project;  (2) correctly identify to URS, the location of subsurface structures, such as pipes, tanks, cables and utilities;  (3) notify URS of any potential hazardous substances or other health and safety hazard or condition known to Client existing on or near the project site;  (4) give URS prompt written notice of any suspected deficiency in the Services; and  (5) with reasonable promptness, provide required approvals and decisions. In the event that URS is requested by Client or is required by subpoena to produce documents or give testimony in any action or proceeding to which Client is a party and URS is not a party, Client shall pay URS for any time and expenses required in connection therewith, including reasonable attorney's fees.

Client shall reimburse URS for all taxes, duties and levies such as Sales, Use, Value Added Taxes, Deemed Profits Taxes, and other similar taxes which are added to or deducted from the value of URS Services. For the purpose of this Article such taxes shall not include taxes imposed on URS net income, and employer or employee payroll taxes levied by any United States taxing authority, or the taxing authorities of the countries or any agency or subdivision thereof in which URS subsidiaries, affiliates, or divisions are permanently domiciled.  It is agreed and understood that these net income, employer or employee payroll taxes are included in the unit prices or lump sum to be paid URS under the respective Work Order.

**ARTICLE IX - Force Majeure.**  An event of "Force Majeure" occurs when an event beyond the control of the Party claiming Force Majeure prevents such Party from fulfilling its obligations.  An event of Force Majeure includes, without limitation, acts of God (including floods, hurricanes and other adverse weather), war, riot, civil disorder, acts of terrorism, disease, epidemic, strikes and labor disputes, actions or inactions of government or other authorities, law enforcement actions, curfews, closure of transportation systems or other unusual travel difficulties, or inability to provide a safe working environment for employees.

In the event of Force Majeure, the obligations of URS to perform the Services shall be suspended for the duration of the event of Force Majeure.  In such event, URS shall be equitably compensated for time expended and expenses incurred during the event of Force Majeure and the schedule shall be extended by a like number of days as the event of Force Majeure.  If Services are suspended for thirty (30) days or more, URS may, in its sole discretion, upon 5 days prior written notice, terminate this Agreement or the affected Work Order, or both.  In the case of such termination, in addition to the compensation and time extension set forth above, URS shall be compensated for all reasonable termination expenses.

**ARTICLE X - Right of Entry.**  Client grants to URS, and, if the project site is not owned by Client, warrants that permission has been granted for, a right of entry from time to time by URS, its employees, agents and subcontractors, upon the project site for the purpose of providing the Services.  Client recognizes that the use of investigative equipment and practices may unavoidably alter the existing site conditions and affect the environment in the area being studied, despite the use of reasonable care.

NON-CERTIFIED COPY

**ARTICLE XI · Documents.** Provided that URS has been paid for the Services, Client shall have the right to use the documents, maps, photographs, drawings and specifications resulting from URS efforts on the project. Reuse of any such materials by Client on any extension of this project or any other project without the written authorization of URS shall be at Client's sole risk. URS shall have the right to retain copies of all such materials. URS retains the right of ownership with respect to any patentable concepts or copyrightable materials arising from its Services.

**ARTICLE XII · Termination.** Client may terminate all or any portion of the Services for convenience, at its option, by sending a written Notice to URS. Either party can terminate this Agreement or a Work Order for cause if the other commits a material, uncured breach of this Agreement or becomes insolvent. Termination for cause shall be effective twenty (20) days after receipt of a Notice of Termination, unless a later date is specified in the Notice. The Notice of Termination for cause shall contain specific reasons for termination and both parties shall cooperate in good faith to cure the causes for termination stated in the Notice. Termination shall not be effective if reasonable action to cure the breach has been taken before the effective date of the termination. Client shall pay URS upon invoice for Services performed and charges incurred prior to termination, plus reasonable termination charges. In the event of termination for cause, the parties shall have their remedies at law as to any other rights and obligations between them, subject to the other terms and conditions of this Agreement.

**ARTICLE XIII · No Third Party Rights.** This Agreement shall not create any rights or benefits to parties other than Client and URS. No third party shall have the right to rely on URS opinions rendered in connection with the Services without the written consent of URS and the third party's agreement to be bound to the same conditions and limitations as Client.

**ARTICLE XIV · Assignments.** Neither party to this Agreement shall assign its duties and obligations hereunder without the prior written consent of the other party.

**ARTICLE XV · Hazardous Substances.** All non-hazardous samples and by-products from sampling processes in connection with the Services shall be disposed of by URS in accordance with applicable law; provided, however, that any and all such materials, including wastes, that cannot be introduced back into the environment under existing law without additional treatment, and all hazardous wastes, radioactive wastes, or hazardous substances ("Hazardous Substances") related to the Services, shall be packaged in accordance with the applicable law by URS and turned over to Client for appropriate disposal. URS shall not arrange or otherwise dispose of Hazardous Substances under this Agreement. URS, at Client's request, may assist Client in identifying appropriate alternatives for off-site treatment, storage or disposal of the Hazardous Substances, but URS shall not make any independent determination relating to the selection of a treatment, storage, or disposal facility nor subcontract such activities through transporters or others. Client shall sign all necessary manifests for the disposal of Hazardous Substances. If Client requires: (1) URS agents or employees to sign such manifests; or (2) URS to hire, for Client, the Hazardous Substances transportation, treatment, or disposal contractor, then for these two purposes, URS shall be considered to act as Client's agent so that URS will not be considered to be a generator, transporter, or disposer of such substances or considered to be the arranger for disposal of Hazardous Substances, and Client shall indemnify URS against any claim or loss resulting from such signing.

**ARTICLE XVI · Venue.** In the event of any dispute between the parties to this Agreement, the venue for the dispute resolution shall be any state or federal court in the United States having jurisdiction over the parties. The foregoing notwithstanding, if the project is located outside the United States, the laws of the State of California shall govern and in such event, any dispute under the Agreement not resolved amicably shall be resolved under the binding rules of the American Arbitration Association.

**ARTICLE XVII · Integrated Writing and Enforceability.** This Agreement constitutes the final and complete repository of the agreements between Client and URS relating to the Services and supersedes all prior or contemporaneous communications, representations, or agreements, whether oral or written. Modifications of this Agreement shall not be binding unless made in writing and signed by an Authorized Representative of each party. The provisions of this Agreement shall be enforced to the fullest extent permitted by law. If any provision of this Agreement is found to be invalid or unenforceable, the provision shall be construed and applied in a way that comes as close as possible to expressing the intention of the parties with regard to the provisions and that saves the validity and enforceability of the provision.

NON-CERTIFIED COPY

**THE PARTIES ACKNOWLEDGE** that there has been an opportunity to negotiate the terms and conditions of this Agreement and agree to be bound accordingly.

CLIENT

_____
Signature

Leonard St. Germain, V.P. Operation
Typed Name/Title

8/30/06
Date of Signature

URS

_____
Signature

Craig Gardner, Vice President, Office Manager
Typed Name/Title

8/28/06
Date of Signature

PSA-1.DOC (Rev. 1)  30-AUG-04                    - 4 -

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND | | COST OK $_____ |
| THOMAS E. RYAN, III | | AUG 27 2015 |

DEPUTY CLERK OF COURT

### DEFENDANTS' REPLY BRIEF IN SUPPORT
### OF MOTION FOR PARTIAL SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (hereinafter "URS") respectfully submit this reply memorandum in support of its Motion for Partial Summary Judgment on the Reconventional Demand.

### SUMMARY

H&E Equipment Services, Inc. (hereinafter "H&E")has failed to distinguish the clear applicable law that does not allow an uncertain and unascertained claim of setoff or compensation to prevent payment of a liquidated debt for unpaid invoices. The unpaid invoices constitute a liquidated debt because the amounts are not disputed and the services which were accepted and utilized are not the subject of the design deficiencies pleaded in this suit or belatedly asserted for the first time in opposition to this motion. Additionally, H&E is not allowed to assert any alleged deficiencies in services or dispute the invoices at issue because it did not do so pursuant to its contractual obligations. The Court cannot sanction H&E's breach of its contractual obligations. For all of the above and foregoing reasons, the motion should be granted.

### ARGUMENT

In its Opposition to this well-based motion, Plaintiff, H&E, has failed to distinguish the clear applicable law as cited by URS in its motion that H&E does not

EBR3158872

NON-CERTIFIED COPY

have the right to claim setoff or compensation to prevent payment of invoices for services rendered because the validity of its claim is uncertain and the amount of any potential damages is not ascertained by mere calculation.  H&E would have this Court ignore that Louisiana law does not allow H&E to refuse to pay invoices for services provided by URS, and accepted and utilized by H&E, which are not the basis of allegations by H&E in its suit herein.

H&E does not dispute the amount of the URS invoices as a liquidated debt. Instead, H&E belatedly attempts to challenge the performance of the services covered by the invoices.  The death knell of such an attempt to avoid paying for the invoiced services rendered is that the invoiced services that were accepted and utilized by H&E are not the "design deficiencies" H&E claims in this suit.

H&E's Petition in this suit only alleges claims for "certain design deficiencies in the plans and specifications" for three distinct projects.  See pars. 11, 12 and 13 of Petition for Damages, Exhibit 4 to this motion.  With respect to the Belle Chasse project, H&E only specifically alleges in its Petition design deficiencies in "site elevation" and "roof misalignment".  See par. 12 of Petition, Exhibit 4 to this motion.  H&E pleads no other specific design deficiencies in the Petition.  Louisiana requires fact pleading so that a party will not be at a disadvantage.  LSA-C.C.P. art. 854.  "[P]laintiff must set forth in his petition the specific facts in support of his claim." *Lott v. Haley*, 370 So.2d 521, 524 (La 1979).  URS hereby objects to the introduction of any facts not pleaded in the Petition.  Therefore, any facts now attempted to be introduced beyond the specific allegations of design deficiencies in site elevation and roof misalignment in the Belle Chasse Project cannot serve as a basis for opposition to the motion.

Moreover, H&E admits that even all the additional problems beyond what was specifically pleaded it now attempts to belatedly raise in its Opposition with respect to the Belle Chasse Project were "necessitated by defendants' deficient designs and specifications."  See p. 4-5 of H&E Opposition.  Critically, what H&E would have this

2

NON-CERTIFIED COPY

Court ignore is that the entire $118,541.20 invoice for the Belle Chasse Project is for the "Construction Administration Phase" and not for any design services or design phase. See Johnson Affidavit, Exhibit 3 to Motion and Project 19230060 invoices, Exhibit 5 to Motion. Consequently, the entire $118,541.20 invoice is due as a liquidated claim for construction administrative services accepted and utilized by H&E which are not design deficiencies alleged in its suit.

With respect to the Baton Rouge Project, again H&E only alleges in its Petition herein "design deficiencies" with the parking lot, paved staging areas, mail room, and executive conference room of the headquarters building. See Petition pars. 12 and 13, Exhibit 4 to Motion. In its Opposition to this Motion, H&E belatedly attempts to introduce additional problems, all of which relate to problems with designs or specifications. To the extent H&E now attempts to introduce evidence of design problems beyond what it specifically pleaded in its Petition, URS hereby objects. But more importantly, all of these newly alleged problems relate to deficiencies in design. Once again H&E would have this Court ignore that: (1) the $59,483.73 unpaid invoice is for "bidding" and "construction administration" and not for any design work. See Affidavit of Johnson, Exhibit 3, and Project No. 19229775 invoices, Exhibit 5 to Motion; (2) the $9,065 unpaid invoice is for interior design changes and project management that were made by H&E itself. See Affidavit of Johnson, Exhibit 3 to Motion and Project No. 19229964 invoice  Exhibit 5 to Motion; (3) the $28,882.00 unpaid invoice is for "selection of furniture, fixtures and equipment", i.e., selection of movable items within the headquarters building, and not for any work alleged to be deficient in its Opposition. See Affidavit of Johnson, Exhibit 4 to Motion and Project No. 19229873 invoices, Exhibit 5 to Motion; and (4) the $16,253.75 unpaid invoice is for initial interior design and project management that is not related to any of the problems alleged in the Petition or the Opposition. See Affidavit of Johnson, Exhibit 3 to Motion and Project No. 19230248 invoices, Exhibit 5 to Motion. Consequently all of the above referenced invoices are due

3

NON-CERTIFIED COPY

as liquidated claims for services accepted and utilized by H&E which are not design deficiencies alleged in this suit.

Finally, H&E admits in its Opposition that the 2006 and 2009 Agreements apply to various services provided by URS in this case. Whether and to what the 2006 Agreement applies is the subject of a pending Motion for Summary Judgment in this case. However, H&E would have this Court ignore that paragraph 2.1 of the 2009 Agreement and Article II of the 2006 Agreement both clearly obligated H&E to notify URS of any disputed amount of any invoice within 15 days from the date of the invoice, give reasons for the objection, and promptly pay the undisputed amount. See Exhibit 1 to Motion and Exhibit 6 attached hereto. H&E has conspicuously failed to provide any facts to show that it complied with this obligation. Consequently, H&E has breached its obligation to timely notify URS of any reason for disputing each of the invoices at issue and URS is entitled to be paid. This is just more confirmation that H&E simply decided to stop paying any invoices, whether related to alleged design deficiencies or not, while continuing to accept services from URS. The Court should note that the vast majority of the unpaid invoices at issue in this Motion are for services rendered after H&E stopped paying invoices. URS continued to work and H&E accepted services that are unrelated to design deficiencies alleged.

H&E also ignored its obligation under both the 2006 and 2009 Agreements to give URS prompt written notice of any suspected deficiency in services rendered pursuant to par. 15.1 of the 2009 Agreement and Article VIII of the 2006 Agreement. See Exhibit 1 to Motion and Exhibit 6 attached hereto. H&E has not provided any facts to show it complied with this obligation. That is obviously because these design deficiencies now asserted in its Opposition are belated, after-the-fact concoctions to try to avoid paying for services accepted and utilized by H&E. Consequently, H&E's breach of its obligations under either the 2006 or 2009 Agreement is yet another reason it is not allowed to avoid paying for the services which are the subject of the unpaid

4

NON-CERTIFIED COPY

invoices.  It is well established that the law does not sanction a party taking advantage

of his own breach of contract.  *Mermelstein v. Schwab*, 64 So.2d 37 (Orleans App., 1953).

Respectfully submitted,

ADAMS AND REESE, LLP

By:_____
Philip A. Franco (Bar #5819), TA
Ronald J. Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone:    (504) 581-3234
Fax:              (504) 566-0210

*Attorneys for Defendants, URS*
*Corporation Architecture, P.C.;*
*URS Corporation; L. O'Neal*
*Johnson and Thomas E. Ryan, III*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was

served upon all counsel of record via e-mail and/or United States Mail, postage

prepaid and properly addressed, this 27th  day of August, 2015.

_____
Kellen J. Mathews



NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
|---|---|---|
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA    COST OK $ 30 |

SEP 2 1 2015

CFD 5 883 AM

DEPUTY CLERK OF COURT

## JUDGMENT

The Motion for Partial Summary Judgment filed on behalf of defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, (collectively referenced herein as "Defendants"), relative to Defendants' Reconventional Demand in the above-captioned matter, was heard on August 31, 2015, at 1:00 p.m., before the Honorable Judge Janice Clark.

Following the hearing on Defendants' Motion, counsel for plaintiff, H&E Equipment Services, Inc., and counsel for defendant, URS Corporation, appeared before the Court for the purpose of entering a Stipulation into the record of this matter as to certain invoices issued by defendant to plaintiff that formed part of Defendants' Motion for Partial Summary Judgment.

PRESENT:   Mr. Philip A. Franco
Mr. Ron Sholes
Mr. Kellen J. Mathews
For Defendant, URS Corporation

Ms. Anne Derbes Wittmann
Ms. Laura E. Carlisle
For Plaintiff, H&E Equipment Services, Inc.

CONSIDERING the Stipulation entered into between defendant and plaintiff and read into the record, the Court accepts the Stipulation and adopts same as the Judgment of the Court. Accordingly,

IT IS HEREBY ORDERED that within thirty (30) days of the signing of this Judgment, plaintiff, H&E Equipment Services, Inc., shall pay to defendant, URS Corporation, the amount of **THIRTY-SEVEN THOUSAND NINE HUNDRED FOURTY-SEVEN 00/100 ($37,947.00) DOLLARS** which represents payment of the following invoices:

| INVOICE DATE | INVOICE NO. | AMOUNT |
|---|---|---|
| 12/19/2012 | 5357943 | $3,487.50 |
| 01/14/2013 | 5357942 | $28,882.00 |
| 06/19/2013 | 5555403 | $975.00 |
| 06/25/2013 | 5565894 | $1,202.50 |
| 07/24/2013 | 5588906 | $2,450.00 |
| 10/24/2013 | 5681317 | $950.00 |
| **TOTAL** | | **$37,947.00** |

1



EBR3215165

NON-CERTIFIED COPY

**IT IS FURTHER ORDERED** that the remainder of the Motion for Partial Summary Judgment is held in abeyance.

THUS DONE AND SIGNED in Baton Rouge, Louisiana, this _____ day of September, 2015.

_____
HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

*Cell*
*504·247·5370*
*Ann. Litman*

*These docmts are to either be filed in the record or put in our office file, this matter has been mgmt to a special Master, All SMTs should be filed as is SA*

Submitted By:

_____
Philip A. Franco/Ron Sholes/Kellen J. Mathews
Kellen J. Matthews
ADAMS AND REESE
4500 One Shell Square
New Orleans, LA  70139
Telephone:  (504) 581-3234
Attorneys for Defendants

2

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |

## CERTIFICATE OF COMPLIANCE WITH RULE 9.5

Undersigned counsel for URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"), URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as "Defendants"), hereby certifies pursuant to Rule 9.5 that, on September 16, 2015, a proposed Judgment was circulated to counsel for Plaintiff via e-mail and the revised proposed Judgment attached hereto was circulated to counsel for Plaintiff on September 18, 2015 via e-mail and the following opposition was received:

**Counsel for plaintiff, H&E Equipment Services, Inc. has objected to the proposed Judgment as not in accord with the events that transpired on August 31, 2015.**

Respectfully submitted,

ADAMS AND REESE, LLP



Philip A. Franco (Bar #5819), TA
Ron Sholes    (Bar #14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

3

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.     *    CASE NO. C626308, SECTION D    **CLERK OF COURT**
                                                                   FILE COPY

VERSUS                         *    19TH JUDICIAL DISTRICT COURT    ID.

URS CORPORATION ARCHITECTURE,    *    PARISH OF EAST BATON ROUGE    LING DATE
P.C., URS CORPORATION, L. O'NEAL                                   ATTORNEY
JOHNSON, AND THOMAS E. RYAN, III    *    STATE OF LOUISIANA          NO. PAGES _____

FILED: _____                                 **EXHIBIT ATTACHMENT TO:**
                                        DEPUTY CLERK    ☐   MOTION SUMMARY JUDGMENT
                                                            ☐   PETITION

**SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF**    ☐   MEMORANDUM
**INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.**    ☐   OTHER

                                                              **DEPUTY CLERK OF COURT**

         H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the

following supplemental responses to the First Set of Interrogatories issued by defendants, URS

Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III

(collectively, "URS"):

## GENERAL OBJECTIONS

         1.     These objections and responses are subject to revision, as H&E continues to

investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as

additional information is discovered, analyzed or made available during discovery in the course

of these proceedings, to supplement and/or revise these objections and responses.

         2.     H&E objects to URS' Interrogatories to the extent they purport to impose on

H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil

Procedure, and to the extent they purport to grant any party any rights greater than those set forth

in the Louisiana Code of Civil Procedure.

         3.     H&E objects to each Interrogatory to the extent that any of the individually

identified Interrogatories propounded by URS seek to require the production or identification of

any documents or information which are otherwise privileged, pursuant to the attorney/client

privilege, the work product doctrine, or any other recognized privilege.

         4.     All responses provided herein and all information and documents produced in

response to these Interrogatories will be subject to and governed by the Joint Protective Order to

be agreed to by the parties and entered by the Court in this matter.

         5.     H&E concedes neither the relevancy nor the admissibility of any of the

information or documents produced in response to these Interrogatories; and the production of

information or documents in response to individually identified Interrogatories does not

constitute an admission that such information is probative of any particular issue in this case.

NO LEC 877841 v1
2919213-000024

**EXHIBIT
A**

NON CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.  H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.  H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.  H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:


## INTERROGATORIES

### INTERROGATORY NO. 2:

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

### RESPONSE TO INTERROGATORY NO. 2:

H&E objects to Interrogatory No. 2 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, H&E responds that it has identified its Lake Charles/Sulphur, Louisiana facility as the only other facility that has concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories where operations similar to those conducted at H&E's Baton Rouge and Kenner facilities, *i.e.* operations involving the routine traversal of heavy

-2-

NO LEC 877841 v1
2919213-000024

NON-CERTIFIED COPY

tracked equipment, are conducted. H&E is still investigating this matter and reserves the right to amend and/or supplement this response.

**INTERROGATORY NO. 3:**

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

(h)    whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site;

(i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)    any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)    any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)    any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)    the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

-3-

NON-CERTIFIED COPY

(n)     the results of any such repairs, replacements or maintenance;

(o)     the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 3:

H&E objects to Interrogatory No. 3 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and the General Objections, H&E responds with the following information regarding its Lake Charles/Sulphur, Louisiana facility:

(a)     Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on these Paved Surfaces.

(b)     The Paved Surface was installed in or around January 2014; tracked equipment was operated, loaded, unloaded, stored, and/or parked on the Paved Surface starting in or around June 2014.

(c)     Gary Babineaux designed the Paved Surface.

(d)     Gary Babineaux constructed the Paved Surface.

(e)     The cost of construction for the Paved Surface was approximately $1.3 million.

(f)     The Paved Surface is in good condition, with no observed cracks or spalling.

(g)     The Paved Surface is supported by expansion joints with keways reinforced by rebar every 24 inches, with footings under each expansion joint.

(h)     Please see above response.

(i)     The expansion joints in the Paved Surface are in good condition, with no observed problems.

(j)     There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces.

(k)     There is no maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces in place.

(l)     There have been no repairs, replacements or maintenance made with respect to these Paved Surfaces.

(m)     Please see above response.

-4-

NON-CERTIFIED COPY

(n)    Please see above response.

(o)    Please see above response.

## INTERROGATORY NO. 4:

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 4:

Please see supplemental response and objections to Interrogatory No. 2 above.

## INTERROGATORY NO. 5:

Please Identify any and all locations or sites that have been owned or leased by H&E, on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)    the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)    the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c)    the reasons this surface was used instead of a Paved Surface;

(d)    the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e)    any maintenance program applicable to these Unpaved Surfaces;

(f)    any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g)    the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h)    the results of any such repairs, replacements or maintenance; and

(i)    the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 5:

H&E objects to Interrogatory No. 5, including subparts (a) – (i), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of

-5-

NO LEC 877841 v1
2919213-000024

NON-CERTIFIED COPY

admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, the following other facilities are owned and/or operated by H&E and have surfaces other than concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories whereupon similar operations involving the routine traversal of heavy tracked equipment are conducted:

1.  Little Rock, Arkansas

2.  Springdale, Arkansas

3.  Shreveport, Louisiana

4.  Nashville, Tennessee

5.  Ashland, Virginia

6.  Norfolk, Virginia

7.  Roanoke, Virginia

8.  Warrenton, Virginia

H&E is still investigating this matter and reserves the right to amend and/or supplement this response.

-6-

NO LEC 877841 v1
2919213-000024

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 31st day of July, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
LAURA E. CARLISLE

-7-

NO LEC 877841 v1
2919213-000024

NON-CERTIFIED COPY

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | • CASE NO. C626308, SECTION D |
| VERSUS | • 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | • PARISH OF EAST BATON ROUGE • STATE OF LOUISIANA |
| FILED: _____ | _____ |
| | DEPUTY CLERK |

### AMENDED AND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following further amended and supplemental responses to the First Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1.    These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.    H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.    H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.    All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.    H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

-1-

NO LEC 884078 v1
2919213-000024



EXHIBIT
B

NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.     H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.     H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.     H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 3:

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

-2-

NO LEC 884078 v1
2919213-000024

NON-CERTIFIED COPY

(h)  whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)  the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)  any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)  any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)  any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)  the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)  the results of any such repairs, replacements or maintenance;

(o)  the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 3:**

H&E amends and supplements its previous responses to Interrogatory No. 3 as follows:

**Alexandria, Louisiana:**

(c)  V and V Builders LLC
1223 MacArthur Drive
Alexandria, Louisiana 71303
(318) 473-8344

(f)  The Paved Surfaces show signs of cracking and spalling in some areas.

(g)  The expansion joints consist of cuts in the Paved Surfaces filled with a rubber-like material; they are not armored.

(h)  Please see above response.

(i)  Please see above response. The expansion joints are otherwise in good condition.

(j)  Please see above response.

-3-

NON-CERTIFIED COPY

**Lake Charles/Sulphur, Louisiana:**

    (g)    The expansion joints consist of cuts in the concrete; they are not armored.

**Shreveport, Louisiana**

    (f)    The Paved Surfaces show signs of cracking and spalling.  H&E further responds that the concrete at this location was poured approximately six feet deep.

    (g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored.

    (h)    Please see above response.

    (i)    Please see above response.  The expansion joints are otherwise in good condition, and the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

    (j)    Please see above response.

**Charlotte, North Carolina**

    (f)    The Paved Surfaces show signs of wear and spalling near and around the construction and/or expansion joints in the concrete.

    (g)    The expansion joints consist of cuts in the Paved Surfaces filled with a composite material; they are not armored.

    (h)    Please see above response.

    (i)    Please see above response.  The expansion joints are otherwise in good condition.

    (j)    Please see above response.

**Raleigh, North Carolina:**

    (f)    The Paved Surfaces show some signs of cracking and spalling; the older, originally installed concrete shows deterioration near and around the construction and/or expansion joints.

    (g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored.  The expansion joints in the older, original portions of the pavement are filled with wood strips.

    (h)    Please see response above.

    (i)    Please see response above.  The expansion joints are otherwise in good condition.

    (j)    Please see response above.

-4-

NON-CERTIFIED COPY

**Winston Salem, North Carolina:**

    (f)    The Paved Surfaces are in generally good shape, with only an isolated spot of cracking and/or spalling.

    (g)    The expansion joints consist of cuts in the concrete protected by armored plates.

    (h)    Please see above response.

    (i)    Please see above response. The expansion/construction joints in the Paved Surfaces are otherwise in good condition, with no observed problems.

    (j)    Please see above response.

**Dallas, Texas**

    (f)    The Paved Surfaces show some signs of cracking and spalling in and around the construction and/or expansion joints.

    (g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored.

    (h)    Please see above response.

    (i)    Please see above response. The expansion joints in the Paved Surfaces are otherwise in good condition.

    (j)    Please see above response.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _Laura E. Carlisle_
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

-5-

NO LEC 884078 v1
2919213-000024

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 25th day of September, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

LAURA E. CARLISLE

-6-

NON-CERTIFIED COPY

**Janet Robert**

| | |
|---|---|
| **From:** | Carlisle, Laura <LCarlisle@bakerdonelson.com> |
| **Sent:** | Monday, October 12, 2015 7:29 PM |
| **To:** | Phil Franco |
| **Cc:** | Wittmann, Anne; Kurtz, Dave; Kellen Mathews; Ron Sholes |
| **Subject:** | RE: discovery conference |

Phil,

We provided full, meaningful responses to your requests based on the facts as we know them. That is all we can do. If additional information becomes available or our knowledge of the facts changes, we will of course provide supplemental responses, as we have done thus far. Likewise, we have diligently and in good faith complied with the compromise reached by the parties in connection with H&E's other facilities and the Court's Judgment reflecting same. If you nonetheless feel compelled to burden the Court with another Motion to Compel, I cannot stop you.

Regarding trial witnesses, we requested similar information from URS almost a year ago, and you objected that such requests were premature because discovery was ongoing. It is unclear why you believe H&E should now be held to a different set of rules than URS on this issue. Discovery is still very much ongoing, no depositions have been taken, and the Court has not issued a scheduling order of any kind. Asking H&E to identify at this time what persons it intends to rely on at trial is simply premature. To be clear, however, we have not refused to identify our trial witnesses – of course we will identify our witnesses and their anticipated testimony in advance of trial and according to whatever orders the Court issues. But, again, if you feel compelled to burden the Court with a Motion to Compel on something more clearly appropriate for after the close of discovery and/or the issuance of a scheduling order, I cannot stop you from doing so.

Thanks,
Laura

**Laura E. Carlisle**
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Office: 504.566.5200
Direct: 504.566.8643
Facsimile: 504.585.6943
E-mail: lcarlisle@bakerdonelson.com
www.bakerdonelson.com

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For®" for Six Years in a Row!**

**From:** Phil Franco [mailto:Phil.Franco@arlaw.com]
**Sent:** Thursday, October 08, 2015 10:24 AM
**To:** Carlisle, Laura
**Cc:** Wittmann, Anne; Kurtz, Dave; Kellen Mathews; Ron Sholes
**Subject:** RE: discovery conference

Laura,



1

NON-CERTIFIED COPY

Unfortunately your response is still ambiguous and mischaracterizes our position. With respect to H & E's responses to our first set of interrogatories, we asked that you simply be clear and direct in responding whether there is spalling at the "expansion" joints at each location. Even in your email below, you conspicuously omit which joints are experiencing spalling. Once again, we ask you to confirm clearly and unambiguously whether the "expansion" joints are experiencing spalling at the respective locations.

Likewise your email conspicuously omits whether it is the " expansion" joints that are void of material. Once again, we ask you to confirm clearly and unambiguously whether it is the "expansion" joints at the appropriate locations that have no visible filler.

With respect to interrogatories 1, 2, and 4 of our 2nd set of interrogatories, we are entitled to receive not only a complete list of witnesses you anticipate to testify, but more importantly what each witness is expected to testify to so that we can determine how to defend and who to depose. H & E has filed this suit almost 2 years ago and it is nonsensical that H and E pretends it does not know what witnesses it needs to prove its case and doesn't know its damages. Even more disturbing is H & E's position that it is premature for it to know how it advised URS of deficiencies in the past and how it advised URS in the past of problems with past invoices. We again ask that you provide us with the information requested.

Finally, you have unfortunately mischaracterized our responses to your 2nd set of interrogatories. We did not refuse to answer interrogatories 18, 19, and 20 based on prematurity. We provided the facts as we know them. For interrogatories 24 and 25, we advised that, as a defendant, we do not know what witnesses we may need or exhibits that we may need until we can evaluate what witnesses and exhibits H & E will use to try to prove its case. Consequently we ask again that you provide the information that has been requested.

If you do not provide more clear and unambiguous responses as requested by Monday, we will have no choice but to file a motion to compel and seek attorney fees. Regards,

Phil

---

**From:** Carlisle, Laura [mailto:LCarlisle@bakerdonelson.com]
**Sent:** Wednesday, October 07, 2015 7:11 PM
**To:** Phil Franco
**Cc:** Wittmann, Anne; Kurtz, Dave; Kellen Mathews
**Subject:** RE: discovery conference

Phil,

Our responses to your email below are as follows, per your numbering:

**Regarding our supplemental and amended interrogatory responses to URS's First Set of Interrogatories:**

**1-6** (your numbering): To clarify, I stated that we would review our responses and what information we used to draft those responses and follow up, letting you know whether we could provide the more specific information you asked for yesterday or whether we stand by our responses as provided. We stand by the responses provided.

To provide further clarification, for each of the locations referenced (Alexandria, Lake Charles, Shreveport, Raleigh, Winston-Salem, and Dallas), spalling and cracking is visible in the paved surfaces, which, based on a sensible interpretation of our written responses, includes but is not limited to at or around the joints in the concrete.

NON-CERTIFIED COPY

Similarly, our responses regarding whether joints at the various branch locations contain any substance or material, we reported what materials, if any, are visible at the locations.  For those locations where we did not identify a material, only a cut joint, there is no filler material visible.

Generally, further responding to Interrogatory No. 3, I would refer you also to H&E's business records, including photographs, that will be produced according to our agreement concerning H&E's responses to your Second Set of Requests for Production.

**Regarding our responses to your Second Set of Requests for Production:**

Confirmed.  We will produce what responsive, non-privileged documents we have by October 27, 2015.

**Regarding our responses to your Second Set of Interrogatories:**

**Interrogatories 1, 2, and 4**: We maintain our objection to these interrogatories insofar as they are premature and discovery is nowhere near complete in this matter.  But, subject to that objection, we have referred you to specific pleadings and submissions that set forth what we do know at this time regarding damages, URS's negligent acts and omissions, and H&E's satisfaction of its own contractual obligations.  We stand by this response.

As for witnesses to be called at trial, we maintain our objection based on prematurity.  Like URS, we have not yet identified what witnesses we will call at the trial of this matter.  To be clear, however, we are not "refusing" to identify witnesses as you suggested yesterday: we will identify our witnesses according to the scheduling order(s) entered by the Court.  Moreover, we have identified the primary persons having knowledge of the facts at issue in this litigation per the parties' agreed-upon ESI protocol.  If you would like us to identify additional persons having such knowledge, but who may not be appropriate to include in the ESI searches, please propound an interrogatory asking for same.

**Interrogatory No. 3:**  We maintain our objection based on prematurity, and we will identify expert witnesses in accordance with the scheduling order(s) entered by the Court.  Subject to that objection, we have not yet identified any expert witnesses in connection with this matter.

**Regarding URS's responses to our Second Set of Interrogatories, propounded in November 2014, per your numbering:**

**Interrogatory No. 18:**  As I understood, you stand by your written response and objections, including your objection that the interrogatory is premature insofar as discovery is ongoing.

**Interrogatory No. 19:**  You provided some clarification, but as I understood, you stand by your written response and objections, including your objection that the interrogatory is premature insofar as discovery is ongoing.

**Interrogatory No. 20:**  Confirmed.  I also understood that you stand by your written response and objections, including your objection that the interrogatory is premature insofar as discovery is ongoing.

**Interrogatory No. 21:**  You indicated that your subsequently provided discovery objections and responses control.  As for your response that the requested information "has been requested and will be provided upon receipt," you stated that you went to URS and URS told you that the requested information was too burdensome, and you consider "what [URS] does at other facilities" irrelevant to the standard of care.

3

NON-CERTIFIED COPY

**Interrogatories No. 24-25**: As I understood, you stand by your written responses and objections, including your objection that the interrogatories are premature insofar as discovery is ongoing.

Please let me know if your recollection is different from the above.

Thanks,
Laura


**Laura E. Carlisle**
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Office: 504.566.5200
Direct:  504.566.8643
Facsimile: 504.585.6943
E-mail:  lcarlisle@bakerdonelson.com
www.bakerdonelson.com

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For®" for Six Years in a Row!**


**From:** Phil Franco [mailto:Phil.Franco@arlaw.com]
**Sent:** Tuesday, October 06, 2015 3:50 PM
**To:** Carlisle, Laura
**Cc:** Kellen Mathews; Ron Sholes
**Subject:** discovery conference

Laura,

This is to confirm the discovery conference we had today by telephone. With respect to H & E's amended and supplemental responses to interrogatory number 3 of our first set of interrogatories:

1) Alexandria location – you will respond whether there is spalling at the expansion joints (those joints that are cut to the bottom of the pavement)

2) Lake Charles location – you will respond whether the expansion joints are void of any material

3) Shreveport location – you will respond as to whether the expansion joints are void of any materials and whether there is any spalling at the expansion joints

4) Raleigh location – you will respond whether there is any spalling at the expansion joints

5) Winston location – you will respond whether there is any spalling at or near the armored expansion joints, that is, including at the edge of the armored plates

6) Dallas location – you will respond whether the expansion joints are void of any material

4

NON-CERTIFIED COPY

With respect to H and E's answers to our 2ⁿᵈ set of requests for production of documents, you will respond within 3 weeks of whether or not H and E has possession custody or control of all the documents requested and will produce all such unprivileged documents.

With respect to H and E's response to our 2ⁿᵈ set of interrogatories you have maintained your objection to numbers 1,2 and 4 on the basis that such requests are premature. You have confirmed that you have no experts at this time in response to interrogatory number 3.

With respect to our answers to your 2ⁿᵈ set of interrogatories:

1) with respect to interrogatory 18 we have explained the factual basis of our allegation

2) with respect to interrogatory 19 we have further explained that H and E's activities in loading and unloading metal tracked heavy equipment is the normal wear with regard to the surfaces at issue

3) with respect to interrogatory number 20, we are not aware at this time of any other's actions or fault that have caused H&D's alleged damages

4) with respect to interrogatory number 21 we maintain our objection on the same basis as previously advised in a prior discovery conference, that is, that the request is overly broad and irrelevant. In addition, as we previously advised, what we do at other facilities does not set the standard of care

5) With respect to interrogatory numbers 24 and 25, we advised that until we know the details of your alleged deficiencies, acts, and omissions as well as alleged damages we do not know who we will need or use as witnesses or exhibits.

If any of the above is not accurate, then please explain in writing. Regards,

Phil



**Phil Franco**
Partner
Admitted in Louisiana, Texas, and the District of Columbia

701 Poydras Street, Suite 4500 | New Orleans, LA  70139
**main** 504.581.3234 | **direct** 504.585.0291 | **mobile** 504.914.8837
**efax** 504.553.9780 | **fax** 504.566.0210

**phil.franco@arlaw.com**

**website bio vCard map**

---

**From:** Carlisle, Laura [mailto:LCarlisle@bakerdonelson.com]
**Sent:** Tuesday, October 06, 2015 2:00 PM
**To:** Phil Franco; Kellen Mathews
**Subject:** Can we push back to 2:30?

**Laura E. Carlisle**
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170

5

NON-CERTIFIED COPY

Office: 504.566.5200
Direct:  504.566.8643
Facsimile: 504.585.6943
E-mail:  lcarlisle@bakerdonelson.com
www.bakerdonelson.com

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For®" for Six Years in a Row!**

---

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

NON-CERTIFIED COPY

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | * CASE NO. C626308, SECTION D |
| VERSUS | * 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * PARISH OF EAST BATON ROUGE |
| | * STATE OF LOUISIANA |
| FILED:_____ | _____ |
| | DEPUTY CLERK |

### RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following responses to the Second Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1.    These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation.  Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.    H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.    H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.    All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.    H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

-1-



NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.    H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.    H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.    H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify, as defined above, itemize and describe in detail each and every deficiency, negligent act and omission on the part of Defendants that you allege or claim in this proceeding and identify, as defined above, each witness who is expected to testify with respect to each and every and every deficiency, negligent act and omission.

### RESPONSE TO INTERROGATORY NO. 1:

H&E objects to Interrogatory No. 1 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter. Subject to these objections, with respect to the Defendants' negligent acts, omissions, and design deficiencies, please see H&E's previous filings, including without limitation, the Petition for Damages and H&E's Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand. Additional information regarding Defendants' deficient design work and negligent acts and omissions is also reflected in business records that will be

-2-

NON-CERTIFIED COPY

produced according to the ESI protocol agreed upon by the parties. H&E further responds that the full extent of Defendants' negligent acts and omissions will be developed and articulated through expert testimony. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

**INTERROGATORY NO. 2:**

Please identify as defined above, itemize and quantify in detail each and every element of damage or remedy that you allege you have suffered or claim in this proceeding and identify, as defined above, each witness who is expected to testify with respect to each and every element of damages itemized and quantified.

**RESPONSE TO INTERROGATORY NO. 2:**

H&E objects to Interrogatory No. 2 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter. Subject to these objections, with respect to the damages suffered as a result of Defendants' negligent acts, omissions, and design deficiencies, please see H&E's previous filings, including without limitation, the Petition for Damages and H&E's Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand. H&E further responds that the full extent of its damages will be developed and articulated through expert testimony. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

**INTERROGATORY NO. 3:**

Please identify each and every witness you intend to call or qualify as an expert witness at the trial of this matter, and state for each such witness:

a)    the area of expertise in which the expert is expected to be qualified;

b)    the subject matter on which each such witness is expected to testify;

c)    a complete statement of all opinions to be expressed and the basis and reasons therefore;

d)    the data or other information considered by the witness in forming the opinion;

-3-

NON-CERTIFIED COPY

    c)    a description of any exhibits to be used as a summary of or support for the opinion;

    f)    the qualifications of the witness including a set of all publications authored by the witness within the preceding 10 years;

    g)    the compensation to be paid for the study and testimony of the witness; and

    h)    a listing of any other cases in which the witness has testified as an expert at trial or arbitration or by deposition within the preceding 4 years.

**RESPONSE TO INTERROGATORY NO. 3:**

H&E objects to Interrogatory No. 3 as premature insofar as discovery is ongoing and H&E has yet to determine and identify who it may call as an expert witness at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify its expert witnesses and provide appropriate information regarding those witnesses in accordance with the scheduling order(s) entered by the Court in this matter. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

**INTERROGATORY NO. 4:**

With respect to your allegation in Paragraph 17 of the Petition for Damages herein that "all conditions precedent to the enforcement of the agreement between H&E and URS have been satisfied," please identify:

    a)    with respect to invoices received from URS, each notice to URS of any disputed amount, the date of each such notice, the reasons given for objection to payment, the document through which such notice was sent, and each witness who is expected to testify to such facts at trial; and

    b)    each and every notice given by H&E to URS of each and every suspected deficiency in the service provided by URS, the date of each such notice, the document through which such notice was given, and each witness who is expected to testify to such facts at trial.

**RESPONSE TO INTERROGATORY NO. 4:**

H&E objects to Interrogatory No. 4 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this

-4-

NO LEC 892023 v1
2919213-000024

NON-CERTIFIED COPY

matter.  Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to

the testimony of others and to the extent that the Interrogatory seeks information protected by the

attorney-client privilege and/or work product doctrine.   H&E will identify witnesses it may

and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this

matter.  Subject to these objections, with respect to notices provided to Defendants' regarding

various design deficiencies and Defendants' negligent acts and omissions, please see H&E's

previous filings and documents entered into the record in this matter, including without

limitation, H&E's Motion to Compel and attached exhibits.  H&E further refers Defendants to

communications and documents regarding complained-of deficiencies included in H&E's

production of documents and to be produced according to the ESI protocol agreed upon by the

parties.  H&E reserves its right to amend and/or supplement this response as its investigation and

discovery are ongoing.


Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**


<u>CERTIFICATE OF SERVICE</u>

    IT IS HEREBY CERTIFIED that on this 2nd day of October, 2015, the foregoing was

served on all known counsel of record who have appeared in this matter by facsimile and/or

electronic mail and by placing same in the United States mail, in a properly addressed envelope,

with first-class postage prepaid.


_____
LAURA E. CARLISLE

-5-

NO LEC 892023 v1
2919213-000024

NON-CERTIFIED COPY



# SHORT FORM MASTER AGREEMENT FOR PROFESSIONAL SERVICES
## BETWEEN
## H&E Equipment Services, Inc.
### AND
## URS Corporation Architecture PC

**THIS AGREEMENT** ("Agreement") for Professional Services, (together with the attachments hereto) dated and effective as of August 13, 2009 (the "Effective Date"), is hereby made and entered into by and between H&E Equipment Services, Inc., a Delaware corporation, (hereinafter "Client") having a place of business located at 11100 Mead Road, Suite 200, Baton Rouge, Louisiana 70816 and URS Corporation Architecture PC, a North Carolina corporation (hereinafter "Consultant") having a place of business located at 7389 Florida Blvd, Suite 300, Baton Rouge, Louisiana, 70806 Consultant and Client are each individually referred to as a "Party" and collectively as the "Parties".

The Parties agree as follows:

### 1.    WORK AUTHORIZATIONS

1.1    Consultant agrees to undertake and perform certain consulting and professional engineering services ("Services") in accordance with the terms and conditions contained herein, as may be requested by Client from time to time.  The Services to be performed, Consultant's compensation, and the schedule for performance for each task shall be described in one or more authorizations issued to Consultant by Client, the form of which is attached hereto as Attachment I ("Work Authorization").  A Work Authorization shall be valid and binding upon the Parties only if accepted in writing by Client and Consultant.  Each duly executed Work Authorization shall be subject to the terms and conditions of this Agreement, except to the extent expressly modified by the Work Authorization.

1.2    It is the expressed intent of the parties that this Agreement shall be made available to subsidiaries and affiliated companies of Consultant.  For the purposes of this Agreement, as it applies to each Work Authorization, the term "Consultant" shall mean either Consultant as defined above or the subsidiary or affiliate of Consultant identified in the Work Authorization.  The applicable Work Authorization shall clearly identify the legal name of the entity accepting the Work Authorization.

### 2.    PAYMENTS FOR SERVICES

2.1    Unless otherwise stated in a Work Authorization, payment shall be on a time and materials basis under the Schedule of Fees and Charges in effect when the Services are performed.  Client shall pay undisputed portions of each progress invoice within thirty (30) days of the date of the invoice.  If payment is not received within thirty (30) days from the due date of such payment, Consultant may suspend further performance under one or more Work Authorizations until payments are current.  Client shall notify URS of any disputed amount within fifteen (15) days from date of the invoice, give reasons for the objection, and promptly pay the undisputed amount.  Client shall pay an additional charge of one percent (1%) per month or the maximum percentage allowed by law, whichever is the lesser, for any past due amount.  In the event of a legal action for invoice amounts not paid, attorneys' fees, court costs, and other related expenses shall be paid to the prevailing party.

2.2    Client shall reimburse Consultant for all taxes, duties and levies such as Sales, Use, Value Added Taxes, Deemed Profits Taxes, and other similar taxes which are added to or deducted from the value of Consultant's Services.  For the purpose of this Article such taxes shall not include taxes imposed on Consultant's net income, and employer or employee payroll taxes levied by any United States taxing authority, or the taxing authorities of the countries or any agency or subdivision thereof in which URS subsidiaries, affiliates, or divisions are permanently domiciled.  It is agreed and understood that these net income, employer or employee payroll taxes are included in the unit prices or lump sum to be paid Consultant under the applicable Work Authorization.

2.3    Where charges are "not to exceed" a specified sum, Consultant shall notify Client before such sum is exceeded and shall not continue to provide the Services beyond such sum unless Client authorizes an increase in the sum.  If a "not to exceed" sum is broken down into budgets for specific tasks, the task budget may be exceeded without Client authorization as long as the total sum is not exceeded.  Changes in conditions, including, without limitation, changes in laws or regulations occurring after the budget is established, or other circumstances beyond URS control, shall be a basis for equitable adjustments in the budget and schedule.

### 3.    CONFIDENTIALITY

3.1    For a period commencing with the disclosure of any confidential information under this Agreement and/or a Work Authorization(s) and ending on the second anniversary such disclosure was first made, Consultant and Client each agree not to disclose to third parties, including also subcontractors and vendors (unless such subcontractors and vendors have a need to know and are bound to similar obligations of confidentiality), any information that is identified as confidential in writing on the materials made available to the other Party hereunder

### 4.    WARRANTY

4.1    Consultant warrants that any consulting and professional engineering Services performed by it under a Work Authorization shall be performed in accordance with that degree of care and skill ordinarily exercised by members of Consultant's profession practicing at the same time in the same location.  Consultant's sole liability to Client for any non-conforming Services shall be to re-perform the non-conforming or defective Services, written notice of which must be promptly given by Client to Consultant.  Consultant's obligation for re-performance of non-conforming Services as set

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc



EXHIBIT
E

NON-CERTIFIED COPY

# URS

forth in the preceding sentence shall extend for a term commencing at the substantial completion of such Services under a Work Authorization and ending one year later.

4.2  **THE WARRANTY SET FORTH IN THIS ARTICLE 4 IS EXCLUSIVE, AND IN LIEU OF ANY AND ALL OTHER WARRANTIES RELATING TO THE SERVICES, WHETHER STATUTORY, EXPRESS OR IMPLIED, AND CONSULTANT DISCLAIMS ANY SUCH OTHER WARRANTIES, INCLUDING BUT NOT LIMITED TO ANY AND ALL WARRANTIES OF MERCHANTABILITY AND/OR FITNESS FOR A PARTICULAR PURPOSE AND ANY AND ALL WARRANTIES ARISING FROM COURSE OF DEALING AND/OR USAGE OF TRADE.  ANY OTHER STATEMENTS OF FACT OR DESCRIPTIONS EXPRESSED IN THE AGREEMENT OR ANY WORK AUTHORIZATION SHALL NOT BE DEEMED TO CONSTITUTE A WARRANTY OF THE SERVICES OR ANY PART THEREOF.  CONSULTANT'S REPERFORMANCE OF DEFECTIVE OR NON-CONFORMING SERVICES THROUGH THE ONE YEAR PERIOD PROVIDED FOR IN THIS ARTICLE 4 SHALL CONSTITUTE COMPLETE FULFILLMENT OF, AND CLIENT'S EXCLUSIVE REMEDY FOR, ALL THE LIABILITIES OR RESPONSIBILITIES OF CONSULTANT TO CLIENT FOR NON-CONFORMING OR DEFECTIVE SERVICES, WHETHER THE CLAIMS OF CLIENT ARE BASED ON DELAY, CONTRACT, TORT, NEGLIGENCE, STRICT LIABILITY, WARRANTY, INDEMNITY, ERROR AND OMISSION OR ANY OTHER CAUSE WHATSOEVER.**

5.  **WORK BY OTHERS**

5.1  The performance by Consultant of Services under a Work Authorization shall not constitute an assumption by Consultant of the obligations of Client or its other contractors.  Consultant shall not control or have charge of, and shall not be responsible for, construction means, methods, techniques, sequences, procedures of construction, health or safety programs, or precautions connected with the work of Client or its other contractors, and shall not manage, supervise, control or have charge of construction.  Client shall require Consultant to be named as an additional insured along with Client on any liability insurance policies provided by Client's construction contractors.  To the fullest extent permitted by law, Client shall defend Consultant against any claim, suit or proceeding asserted by one of its other contractors and indemnify, defend and save Consultant harmless from any and all actual or alleged claims and losses (including, without limitation, attorney's fees) sustained by such contractor in connection with the Services, regardless or whether or not any of the foregoing arose out of the negligent acts or omissions of Consultant.

6.  **INSURANCE**

6.1  In the event Consultant performs Services under any Work Authorization in connection with a project for which Client or another party with which Client has contracted obtains all-risk or builder's risk property insurance, Client, as the case may be, shall name, or shall cause such other party to name, Consultant as an additional insured on such all risk or builder's risk property insurance.  Client acknowledges that Consultant has an insurable interest in such all risk or builder's risk property insurance.

6.2  Consultant and Client each waive all rights of recovery and subrogation against each other with respect to a loss occurring to property of the other, to the extent that such waivers do not invalidate the property insurance of either.

7.  **INDEMNITY**

7.1  Each Party shall indemnify, defend and save the other Party, its officers, directors, employees and affiliates harmless from any loss, cost or expense claimed by third parties, excluding employees of either Party, for property damage and/or bodily injury, including death, to the proportionate extent such loss, cost or expense arises from the negligence or willful misconduct of the indemnifying Party, its employees or affiliates in connection with the Services.

7.2  Notwithstanding any other provision contained elsewhere in this Agreement to the contrary and to the fullest extent permitted by law, Client shall be liable for and indemnify, defend and save Consultant, its officers, directors, employees and affiliates harmless from and against any and all actual or alleged claims, damages (including incidental, consequential, indirect and special damages), losses, and expenses (including, without limitation, all penalties, attorney's fees, fines and administrative or civil sanctions arising out of or related to such claim) (collectively "Losses") arising out of: (1) economic loss suffered by third parties; and/or (2) investment decisions of Client or third parties in reliance upon the results of the Services, regardless of whether or not any of the foregoing arose out of the negligent acts or omissions of Consultant.

7.3  The indemnity and save harmless obligations of Consultant and Client under this Article 7 shall not apply with respect to any Hazardous Material, as Consultant's and Client's rights and obligations with respect thereto are set forth in Article 10.

8.  **WAIVER OF CONSEQUENTIAL DAMAGES**

8.1  Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, neither Client nor Consultant shall be liable, whether based on contract, tort, negligence, strict liability, warranty, indemnity, error and omission or any other cause whatsoever, for any consequential, special, incidental, indirect, punitive or exemplary damages, or damages arising from or in connection with loss of power, loss of use, loss of revenue or profit (actual or anticipated), loss by reason of shutdown or non-operation, increased cost of construction, cost of capital, cost of replacement power or customer claims, and Consultant hereby releases Client and Client hereby releases Consultant from any such liability.

9.  **LIMITATION OF LIABILITY**

9.1  Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, in no

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

2

NON-CERTIFIED COPY

# URS

event shall the total cumulative aggregate liability of Consultant, its subconsultants, and their respective partners, officers, directors, shareholders, employees, and agents (referred to collectively in this Article as "Consultant") to Client resulting from, arising out of or in connection with the performance or nonperformance of any or all Services or other obligations under a Work Authorization, exceed $250,000 or ten percent (10%) of the compensation paid Consultant pursuant to such Work Authorization, whichever is greater, or extend beyond the expiration of the warranty period under Article 4 for the Services performed under the Work Authorization, regardless of the legal theory under which such liability is imposed. The remedies stated in the Agreement are Client's sole and exclusive remedies for any failure by Consultant to comply with obligations to Client, and Client hereby irrevocably waives any right to assert a claim against Consultant based on a legal theory that a remedy provided herein fails of its essential purpose.

## 10.    HAZARDOUS MATERIAL

10.1    Nothing in this Agreement shall be construed or interpreted as requiring Consultant to assume the status of, and Client acknowledges that Consultant does not act in the capacity nor assume the status of, Client or others as a "generator," "operator," "transporter," or "arranger" in the treatment, storage, disposal, or transportation of any hazardous substance or waste as those terms are understood within the meaning of the Resource Conservation and Recovery Act (RCRA), Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), or any other similar federal, state, or local law, regulation, or ordinance. Client acknowledges further that Consultant has played no part in and assumes no responsibility for generation or creation of any hazardous waste, pollution condition, nuisance, or chemical or industrial disposal problem, if any, which may exist at any site that may be the subject matter of any Work Authorization.

10.2    It is acknowledged by both parties that the Services do not include services related to regulated substances, pollutants, or hazardous or toxic wastes ("Hazardous Material"). In the event Consultant or any other party encounters undisclosed Hazardous Materials, Consultant shall notify Client and, to the extent required by law or regulation, the appropriate governmental officials, and Consultant may, at its option and without liability for delay, consequential or any other damages to Client, suspend performance of Services on that portion of the project affected by Hazardous Material until Client: (i) retains appropriate specialist consultant(s) or contractor(s) to identify and, as appropriate, abate, remediate, or remove the Hazardous material; and (ii) warrants that the project site is in full compliance with all applicable laws and regulations. Notwithstanding any other provision to the contrary in this Agreement or a Work Authorization and to the fullest extent permitted by law, Client shall indemnify, defend and save Consultant and its affiliates, subconsultants, agents, and suppliers of any tier, and any and all employees, officers, directors of any of the foregoing, if any, from and against any and all Losses which arise out of the performance of the Services and relating to the regulation and/or protection of the environment, including, without limitation, Losses incurred in connection with characterization, handling, transportation, storage, removal, remediation, disturbance or disposal of Hazardous Material, whether above or below ground and not brought to a Client site or other proposed project site by Consultant in the performance of the Services without Client's approval.

## 11.    CHANGES

11.1    The Parties may from time to time by mutual agreement seek to modify, extend or enlarge the Services under a Work Authorization ("Modification"). In the event the Parties agree to a Modification to add additional Services, or to make other modifications to the Services, Consultant's compensation, the schedule and any other relevant terms and conditions of the applicable Work Authorization shall be equitably adjusted prior to performance of such Services.

## 12.    OWNERSHIP OF DOCUMENTS

12.1    Consultant grants to Client a transferable, irrevocable and perpetual royalty-free license to retain and use all work products delivered to Client for any purpose in connection with the project specified in each Work Authorization, upon full payment for Client for Consultant's Services. Client also may use such work product for other purposes with Consultant's written consent. Re-use of any such work product by Client on any extension of the project or on any other project without the written authorization of Consultant shall be at Client's sole risk and Client shall indemnify, defend and save Consultant and its affiliates, consultants, agents, subcontractors and suppliers of any tier, and any and all employees, officers and directors of any of the foregoing, if any, from and against any and all Losses suffered as a result of, or arising out of, or in connection with such re-use. Consultant shall have the right to retain copies of all such work product. Consultant retains the right of ownership with respect to any patentable concepts or copyrightable materials arising from its Services.

## 13.    TERMINATION/SUSPENSION

13.1    Client may terminate all or any portion of the Services under one or more Work Authorizations for convenience, at its option, by sending a written notice to Consultant. Either party can terminate this Agreement or a Work Authorization for cause if the other commits a material, uncured breach of this Agreement or becomes insolvent. Termination for cause shall be effective twenty (20) days after receipt of a notice of termination, unless a later date is specified in the notice. The notice of termination for cause shall contain specific reasons for termination stated in the notice and both parties shall cooperate in good faith to cure the causes for termination stated in the notice. Termination shall not be effective if reasonable action to cure the breach has been taken before the effective date of the termination. Client shall pay Consultant upon invoice for Services performed and charges incurred prior to termination, plus reasonable termination charges. Any suspension of Services by Client shall result in an equitable adjustment to Consultant's compensation, time for performance, or any of its other obligations under a Work Authorization.

## 14.    FORCE MAJEURE

14.1    Any delay or failure of Consultant in performing its required obligations hereunder shall be excused if and to the extent such delay or failure is caused by a Force Majeure Event. A "Force Majeure Event" means an event due to any cause or causes beyond the reasonable control of Consultant and shall include, but not be limited to, acts of God, strike, labor dispute fire, storm, flood, windstorm, unusually severe weather, sabotage, embargo,

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

NON-CERTIFIED COPY

# URS

terrorism, energy shortage, accidents or delay in transportation, accidents in the handling and rigging of heavy equipment, explosion, riot, war, court injunction or order, delays by acts or orders of any governmental body or changes in laws or government regulations or the interpretations or application thereof or the acts or omissions of the Client or its other contractors, vendors or suppliers. In the event of a Force Majeure Event, Consultant shall receive an equitable adjustment extending Consultant's time for performance for such Services sufficient to overcome the effects of any delay, and an increase(s) to Consultant's compensation sufficient to account for any increased cost in performance or loss or damage suffered by Consultant.

15.   **RESPONSIBILITIES OF CLIENT**

15.1   Without limiting any express or implied obligations of Client under applicable law, Client shall: (1) provide Consultant, in writing, all information relating to Client's requirements for the project; (2) correctly identify to Consultant the location of subsurface structures, such as pipes, tanks, cables, and utilities; (3) notify Consultant of any potential hazardous substances or other health and safety hazard or condition known to Client existing on or near the project site; (4) give Consultant prompt written notice of any suspected deficiency in the Services; (5) with reasonable promptness, provide required approvals and decisions; and (6) furnish or cause to be furnished to Consultant full, unrestricted and legal access to, and use of, the site and all necessary rights of way and easements, in order to perform the Services. In the event Consultant is requested by Client or is required by subpoena to produce documents or give testimony in any action or proceeding to which Client is a party and Consultant is not a party, Client shall pay Consultant for any time and expenses required in connection therewith, including reasonable attorney's fees.

15.2   Consultant may rely upon and use in the performance of any Services information supplied to it by Client without independent verification and Consultant shall not be responsible for defects in its Services attributable to its reliance upon or use of such information.

17.   **TERM**

17.1   Unless otherwise specified, the term of this Agreement shall run from the Effective Date until Consultant has completed the Services and received all payments due under the Agreement.

18.   **GENERAL**

18.1   Client and Consultant each represent and warrant that this Agreement has been duly authorized, executed and delivered and constitutes its binding agreement enforceable against it. This Agreement and any executed Work Authorizations supersede all prior written and/or oral contracts and agreements that may have been made or entered into between Client and Consultant regarding the subject matter hereof, including but not limited to any and all proposals, oral or written, and all communications between the Parties relating to this Agreement or any Work Authorization(s), and constitute the entire agreement between the Parties hereto with respect to the subject matter hereof.

18.2   This Agreement and Work Authorization(s) may not be assigned by Consultant or Client in any way, including by operation of law, unless otherwise mutually agreed to in writing, any such attempted non-authorized assignment shall be null and void and of no force or effect.

18.3   Any cost opinions or estimates provided by Consultant will be on a basis of experience and judgment, but since Consultant has no control over market conditions or bidding procedures, Consultant cannot and does not warrant that bids, ultimate construction cost, or project economics will not vary from such opinions or estimates. Neither this Agreement nor any of the Services provided hereunder shall constitute or provide for, and Consultant shall not be considered to have rendered, any legal or financial opinion(s) regarding the feasibility of this project or any other or regarding any other matter. Unless otherwise expressly included in a Work Authorization, Consultant shall under no circumstances provide as part of the Services a consent, opinion or similar document, or act as a qualified person or expert, in connection with any filing by Client with the United States Securities and Exchange Commission, or similar non-United States agency, authority or commission.

18.4   Notices shall be effective hereunder as follows only if in writing and addressed to the authorized representative designated in applicable Work Authorizations: (1) upon delivery, if delivered personally to the person; (2) upon transmission, if transmitted to the facsimile number of the person; and (3) upon posting, if by first class or overnight mail (postage prepaid).

18.5   All contract issues and matters of law will be adjudicated in accordance with the laws of the state where the project is located, excluding any provisions or principles thereof which would require the application of the laws of a different jurisdiction; provided, however that if the project is located outside the United States, the laws of the State of California shall govern. Venue for any litigation shall be any state court or United States District Court having jurisdiction over the parties and subject matter.

18.6   The terms and conditions of this Agreement shall prevail, notwithstanding any variance with any purchase order or other written instrument submitted by Client whether formally rejected by Consultant or not. This Agreement may be modified only by amendment when signed by each Party. In the event that any one or more of the provisions of this Agreement shall be found to be illegal or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect, and such term or provision shall be deemed stricken to the extent and in the jurisdictions necessary for compliance with applicable law.

18.7   Nothing in this Agreement shall be construed to give any rights or benefits to anyone other than the Client or Consultant.

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

4

NON-CERTIFIED COPY

# URS

18.8    The headings in this Agreement are for convenience only, and shall not affect the interpretation hereof. The terms "hereof", "herein," "hereto" and similar words refer to the entire Agreement and not to any particular Article, Section, Attachment, Exhibit or any other subdivision of this Agreement. References to "day" or "days" shall mean calendar days unless specified otherwise.

18.9    The provisions of this Agreement which by their nature are intended to survive the termination, cancellation, completion, or expiration of the Agreement, including, but not limited to, indemnities and any expressed limitations of or releases from liability, shall continue as valid and enforceable obligations of the parties notwithstanding any such termination, cancellation, completion, or expiration.

18.10    It is understood and agreed that any delay, waiver or omission by Consultant or Client to exercise any right or power arising from any breach or default by Client or Consultant in any of the terms, provisions or covenants of this Agreement or any Work Authorization shall not be construed to be a waiver by Consultant or Client of any subsequent breach or default of the same or other terms, provisions or covenants on the part of Consultant or Client.

## 19.    ATTACHMENTS AND EXHIBITS

The following attachments and exhibits, which are attached hereto, are part of this Agreement.

Attachment 1 – Work Authorization

Attachment 2 – Fee Proposal, Scope of Work, Schedule

Attachment 3 – URS 2009 Schedule of Fees and Charges

**IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be duly executed by their duly authorized representatives, effective as of the day and year first above mentioned.

**H&E Equipment Services, Inc.**

By: _____
        (Signature)

Name: _____
        (Printed)

Title: _____

**URS Corporation Architecture PC**

By: _____
        (Signature)

Name: _____
        (Printed)

Title: _____

I:\Proposals\Facilities\H&E Equipment Services - Kenner\Proposal\PS-100  Short Form Master Agreement for Professional Services (Rev. 03-2009).doc

5

NON-CERTIFIED COPY

**Janet Robert**

| | |
|---|---|
| **From:** | Kellen Mathews |
| **Sent:** | Friday, September 11, 2015 2:30 PM |
| **To:** | dkurtz@bakerdonelson.com; Carlisle, Laura (LCarlisle@bakerdonelson.com) |
| **Cc:** | Phil Franco |
| **Subject:** | H&E v URS- Discovery Conference follow-up |

Dave and Laura:

Thanks for participating in the discovery conference on Wednesday. Just wanted to confirm what you all agreed to at that time.

- You agreed to provide supplemental responses in two weeks, which would be by **September 23rd** ;
- The supplements discussed were as follows:
  - **Condition of the concrete and joints:** We noted Shreveport in particular as one where we need more information as to what "moderate wear and tear" means as used in H&E's response to Interrogatory 3(j) for Shreveport; specifically we need to know in detail the condition of the concrete and joints, including but not limited to whether they are experiencing spalling. The same goes for any others where the response was "unknown."
  - **Construction of joints:** For all locations we need to know about what materials were used at these joints and whether these are the same or different as the concrete used in the paved surfaces throughout. Additionally, we need to know what fill material was used at the joints for each location.
  - **Gaps in Knowledge:** Any areas where the General Manager indicated unknown we would expect that you will continue to seek information in accordance with your duty to supplement.

Please let us know if you have any questions.

Best,
Kellen


**Kellen J. Mathews**
Adams and Reese LLP
450 Laurel, Suite 1900
Baton Rouge, LA 70801
Office: (225) 336-5200
Direct: (225) 378-3243
Fax:    (225) 336-5220
kellen.mathews@arlaw.com
www.adamsandreese.com




**Kellen Mathews**
Associate

450 Laurel Street, Suite 1900 | Baton Rouge, LA 70801
**main** 225.336.5200 | **direct** 225.378.3243 | **mobile** 337.513.9344


EXHIBIT
F

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | STATE OF LOUISIANA |
| ARCHITECTURE, P.C., URS | | |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

## DISTRICT COURT RULE 10.1 CERTIFICATE

Prior to filing this Motion To Compel Discovery Responses, counsel for Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, conferred with counsel for the Plaintiff, H&E Equipment Services, Inc., on October 6, 2015, as required by La. District Court Rule 10.1, for the purpose of amicably resolving the discovery issues in question. The discovery issues have not been resolved.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco    (Bar #5819), TA
Ron Sholes    (Bar # 14436)
Kellen J. Mathews    (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**



FILED
EAST BATON ROUGE PARISH, LA
2015 NOV -2 AM 9: 09
DEPUTY CLERK OF COURT

EBR3290402

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served

upon all counsel of record via United States mail, properly addressed, and first class

postage prepaid and via email, this the _____ day of November, 2015.

_____
Kellen J. Mathews

FILED
EAST BATON ROUGE PARISH, LA
2015 NOV -2  AM 9: 09

DEPUTY CLERK OF COURT

15

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

## RULE TO SHOW CAUSE

Considering the foregoing Motion to Compel Discovery Responses:

**IT IS ORDERED** that Plaintiff, H&E Equipment Services, Inc., appear before this Court to show cause on the ___4___ day of ___Jan.___, 2016 at 1:00 o'clock ___p___ m.:

1.    Why it should not be compelled to provide responses to Defendants' First Set of Interrogatories propounded on April 17, 2105 and to Defendants' Second Set of Interrogatories propounded on September 10, 2015 a; and

2.    Why it should not be ordered to reimburse Defendants for reasonable attorneys' fees and costs incurred in connection with this Motion.

Baton Rouge, Louisiana, this ___5___ day of ___Nov___, 2015.

___Janice Clark___

HON. JANICE CLARK
JUDGE, 19th JDC

**PLEASE SERVE:**

H & E Equipment Services, Inc.
Through its Counsel of Record
Roy C. Cheatwood
201 St. Charles Avenue, Suite 3600
New Orleans, La 70170

EAST BATON ROUGE PARISH, LA
FILED
2015 NOV -2 AM 9:09
DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * | STATE OF LOUISIANA |

---

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

---

**MAY IT PLEASE THE COURT:**

Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"), respectfully submit this Memorandum in Support of their Motion to Compel Discovery Responses from Plaintiff, H&E Equipment Services, Inc. ("Plaintiff"). As is set forth more fully herein, Plaintiff has failed and/or refused to fully respond to Defendants' Interrogatories and as such, Defendants are entitled to an Order of this Court compelling discovery pursuant to La. Code Civ. Proc. art. 1469, including attorney's fees and costs associated with this Motion to Compel.

## I.    INTRODUCTION

Plaintiff seeks damages for what it asserts were deficient designs and specifications prepared by URS for the construction and renovation of H&E facilities in Baton Rouge, Kenner, and Belle Chase, Louisiana between 2006 and 2013. Plaintiff has pleaded that Defendants breached a duty to design the several H&E projects to "appropriate industry standards and/or in accordance with the required standard of care ordinarily exercised by others in the same profession."[1] Defendants propounded Interrogatories germane to the issues set forth in Plaintiff's Petition and Defendants'



---

[1] Pltff. Pet. at. ¶16.

1

NON-CERTIFIED COPY

defenses, yet Defendants have been denied responsive information relative to key components of Plaintiff's claims.

## II.    SUMMARY OF THE ARGUMENT

Defendants' Motion to Compel Discovery Responses seeks relief from H&E's obstructionist behavior in the discovery process.    Specifically, H&E has refused to provide responsive information as to what they did *in the past* under the contract as required by the contract on the grounds that it is *premature* to disclose information that it would have had for well over two years.    Additionally, H&E has repeatedly refused to specify all of deficiencies it asserts and itemize the damages it seeks and witnesses to address these issues.    Finally, H&E has improperly refused to provide responses as to it can see with the naked eye, i.e., spalling at expansion joints, which is the essence of H&E's claim in this case.    Presumably, this last refusal is in an effort order to avoid the conclusion that spalling is normal wear and tear experienced at these sites.    In summary, H&E has unjustifiably refused to respond to Defendants' discovery requests and as such Defendants seek an order of this Court compelling H&E to provide complete responses to Defendants' discovery requests.

## III.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff, H&E Equipment Services, Inc. ("H&E") contracted with URS Corporation Architecture, P.C. and its affiliates or subsidiaries ("URS") to perform consulting and professional engineering services in connection with construction and renovation at H&E's Baton Rouge, Kenner and Belle Chase locations (collectively referenced herein as "the Projects").    In November, 2013, H&E filed the instant lawsuit asserting a breach of the standard of care on the part of URS in connection with the Projects.

NON-CERTIFIED COPY

*H&E's Allegations*

H&E in its Petition for Damages essentially asserts, *inter alia,* that:

- "URS has breached its agreement with H&E by… failing to design the Projects in accordance with appropriate industry standards and/or in accordance with the required standard of care ordinarily exercised by others in the same profession."[2]

H&E's claims are primarily rooted in issues allegedly experienced with regard to "major portions of the concrete parking aprons and staging areas for H&E's heavy equipment" at its Baton Rouge and Kenner locations.[3] H&E complains that these areas "at both facilities began experiencing a substantial and unanticipated amount of cracking, spalling and deterioration" as a result of "errors and defects in the design of the parking and staging areas."[4] H&E specifically avers that "the design deficiencies relate to the defective and negligent design of the concrete pad, the expansion joints, the control joints, the specified concrete strength, and/or the specified surface of the parking and staging areas."[5]

*Defendants' Reasonable Discovery Requests*

*1. First Set of Interrogatories*

On April 17, 2015, Defendants propounded their First Set of Interrogatories on Plaintiff. On May 4, 2015, H&E submitted responses to these reasonable discovery requests which consisted almost completely of objections to URS's Interrogatories. Accordingly, on May 8, 2015, undersigned counsel conferred with counsel for H&E as required by La. District Court Rule 10.1, for the purpose of amicably resolving the discovery issues in question. When these issues were not resolved through the discovery conference, URS filed a Motion to Compel in connection with H&E's refusal to provide responses to both the aforementioned Interrogatories as well as Requests for

---

[2] Pltff. Pet. at ¶16.
[3] Pltff. Pet. at ¶13.
[4] *Id.*
[5] *Id.*

3

NON-CERTIFIED COPY

Production.   This Motion came before the Court on June 15, 2015 and the parties reached a stipulation whereby H&E agreed to provide responses to some of the Interrogatories to which it had previously objected.

Included in the Stipulation was a provision that, "with regard to Defendants' Interrogatory Numbers, 2, 3, and 4, Plaintiff will identify other facilities owned and/or operated by Plaintiff with concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories upon which operations similar to those conducted at H&E Equipment Services, Inc.'s Baton Rouge and Kenner facilities, i.e. operations involving the routine traversal of heavy tracked equipment are conducted, and **Plaintiff will respond to the subparts of these interrogatories,** reserving the right of Plaintiff to object to, and request relief from, the requested discovery on the ground that responding to Interrogatory Numbers,2,3(e);3(l);3(m);3(n);3(o) and 4, is too burdensome."[6]

Based on the aforementioned Judgment, H&E provided supplemental responses to URS's First Set of interrogatories on July 31, 2015, which included responses to Interrogatory No. 3 which was expressly addressed in the Stipulation as noted above.[7] Again, H&E provided incomplete responses to URS's Interrogatory No. 3.  Specifically, H&E provided responses that were wholly nonresponsive on a number of the subparts of Interrogatory No. 3.

Accordingly, undersigned counsel again engaged in a discovery conference with counsel for H&E on August 7, 2015, at which time counsel for H&E agreed to supplement its discovery responses within two weeks. H&E again provided supplemental responses to URS's First Set of interrogatories on August 24, 2015.  Yet again, H&E failed to fully respond to Interrogatory No. 3.

Accordingly, another discovery conference was conducted on September 9, 2015, in an effort to obtain the information sought, following which H&E agreed to provide supplemental responses in two weeks.  At this time, URS again made it abundantly

---

[6] July 9, 2015 Judgment on URS's Motion to Compel.
[7] **Exhibit "A"**- Pltff. 7.31.15 Supp.  Resp. to Def. 1st Set of Interrog.

NON-CERTIFIED COPY

clear that it wanted H&E to focus on providing the following in response to Interrogatory No. 3(g), 3(i), and 3(j): (1.) whether the joints at various locations were experiencing spalling; (2.) how the joints for all locations were constructed and what fill material was used at the joints for each location; and (3.) to do further inquiry of its client in order to provide responses rather than "unknown" as it had for some of the locations.

H&E provided its supplemental responses to URS's First Set of Interrogatories on September 25, 2015 and despite being provided with the utmost specificity as to the nature of Defendants' request, the response to Interrogatory No. 3 was still deficient.[8] H&E's responses remained unclear and/or non-responsive as to whether spalling had occurred at the expansion joints and as to the construction of the expansion joints at certain locations. Accordingly, on October 6, 2015, the parties engaged in a discovery conference at which time URS again asked whether H&E would provide the very specific information that it had now requested on numerous prior occasions. H&E indicated that it felt it had already responded adequately to Interrogatory No. 3 and that it would stand by its prior responses.[9] Accordingly, having been unable to resolve this discovery issue, Defendants file the instant motion.

### 2.  *2nd Set of Interrogatories*

On September 10, 2015, Defendants' propounded their Second Set of Interrogatories on H&E through its counsel of record.  In this very targeted set of Interrogatories, Defendants again sought to determine the basis for H&E's claims against URS and what witnesses including experts, H&E intends to put forward.  H&E subsequently provided responses to these Interrogatories, which consisted primarily of objections.[10] Accordingly, the deficiencies in H&E's responses were addressed in the aforementioned October 6, 2015 discovery conference.   H&E maintained its objections

---

[8] **Exhibit "B"-** Pltff 9.25.15 Supp Resp. to Def. 1st Set of Interrog.
[9] **Exhibit "C"-** E-mail correspondence between counsel at 10.12.15 E-mail from  counsel for H&E.
[10] **Exhibit "D"-** Pltff 10.1.15 Resp. to Def. 2nd Set of Interrog.

5

NON-CERTIFIED COPY

that the Interrogatories were premature and further added that they would identify their witnesses and anticipated testimony "in advance of trial and according to whatever orders the Court issues."[11]  Accordingly, having been unable to resolve this discovery issue, Defendants file the instant motion.

## IV.    LAW & ARGUMENT

*A. Legal Standard on Motion to Compel*

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.[12] Although the information may not be admissible at trial, it is discoverable so long as it appears reasonably calculated to lead to the discovery of admissible evidence.[13]

It is well-settled that Courts must liberally and broadly construe discovery statutes to achieve their intended objectives.[14] These objectives include: (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims.[15]

Pursuant to Article 1462 of the Louisiana Code of Civil Procedure, the "party submitting the request may move for an order under Article 1469 with respect to any objection to or other failure to respond to the request, or any part thereof, or any failure to permit inspection as requested."

Article 1469 of the Louisiana Code of Civil Procedure, provides in pertinent part:

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

---

[11] **Exhibit "C".**
[12] La. Code. Civ. Proc. art. 1422.
[13] *Id.*
[14] *Testa Distributing Co., Inc. v. Tarver,* 584 So.2d 300 (La.App. 1 Cir.1991).
[15] *Hodges v. Southern Farm Bureau Casualty Insurance Company,* 433 So.2d 125 (La.1983); *Cantrelle Fence and Supply Co., Inc. v. Allstate Insurance Company,* 550 So.2d 1306 (La.App. 1st Cir.1989).

NON-CERTIFIED COPY

***(2) If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a corporation or other entity fails to make a designation under Articles 1442 or 1448, or a party fails to answer an interrogatory submitted under Article 1457, *or if a party, in response to a request for inspection submitted under Article 1461, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request...*

***

(4) *If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees,* unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

    B.    *The Information Sought in the Interrogatories is Relevant and Reasonably Calculated to Lead to the Discovery of Admissible Evidence.*

<u>*Interrogatories 1, 2 and 4 of Defendants' Second Set of Interrogatories*</u>

Plaintiff responded with objections of prematurity in response to Defendants' Second Set of Interrogatories No. 1, 2, and 4, which provide as follows:

<u>**INTERROGATORY NO. 4:**</u>

With respect to your allegation in Paragraph 17 of the Petition for Damages herein that "all conditions precedent to the enforcement of the agreement between H&E and URS have been satisfied", please identify:

a)    with respect to invoices received from URS, each notice to URS of any disputed amount, the date of each such notice, the reasons given for objection to payment, the document through which such notice was sent, and each witness who is expected to testify to such facts at trial; and

b)    each and every notice given by H&E to URS of each and every suspected deficiency in the service provided by URS, the date of each such notice, the document through which such notice was given, and each witness who is expected to testify to such facts at trial.

In response to Interrogatory No. 4 of Defendants' Second Set of Interrogatories, H&E takes the untenable position that it is premature for it to know, *inter alia,* how it advised URS, in the past, of disputed invoices and/or deficiencies in the services provided by URS as expressly required under the contract(s) between the parties. Specifically, H&E was required under both the 2009 and 2006 Agreements to "*notify*

7

NON-CERTIFIED COPY

*URS of any disputed amount within fifteen (15) days from date of the invoice, give*

*reasons for the objection, and promptly pay the undisputed amount.*"[16]   Likewise, H&E

was required under both Agreements to *"give [URS] prompt written notice of any*

*suspected deficiency in the Service.*"[17]   Nonetheless, H&E now, years after the services

were performed and two years after H&E has, in its Petition, alleged certain deficiencies

H&E asserts that it is somehow premature to provide information relative to the notices

it was contractually required to send, in the past.  This position is incongruous with

H&E's statement in its Petition that "all conditions precedent to the enforcement of the

agreement between H&E and URS have been satisfied."[18]

     If this statement in H&E's Petition is accurate then H&E must necessarily have

the information that Defendants requested, in which case H&E's assertion of

prematurity is severely misplaced and should respond to Defendants' discovery

requests without delay.   Conversely, if it legitimately does not have the information

Defendants requested then H&E must concede that it did not satisfy all conditions

precedent to enforcement of the agreement. Again, this matter has been pending for

over two years such that information relative to notices of **past** disputed invoices and

**past** perceived deficiencies is within H&E's possession, if such information exists.

Accordingly, Defendants seek an Order of this Court compelling H&E to respond to

their reasonable discovery requests.

### INTERROGATORY NO. 1:

Please identify, as defined above, itemize and describe in detail each and every
deficiency, negligent act and omission on the part of Defendants that you allege
or claim in this proceeding and identify, as defined above, each witness who is
expected to testify with respect to each and every deficiency, negligent act and
omission.

     In its response to Defendants' Interrogatory No. 1 of its Second Set of

Interrogatories, in addition to objecting on grounds of prematurity, H&E indicated that

---

[16] **Exhibit "E"**- 2009 Agreement at p. 1, §2.1.*(emphasis added); The 2006 Agreement contains an identical
provision at Article II- "Payment". p.1.
[17] *Id.* at p. 12, §15.1 *(emphasis added).* The 2006 Agreement contains an identical provision at Article VIII-
"Client Responsibility", p.2.
[18] Pltff. Pet. at ¶17.

NON-CERTIFIED COPY

its Petition and other pleadings in this matter were responsive to Defendants' request. This response is woefully inadequate. It is a fundamental principle under Louisiana law that, at a minimum, Defendants are entitled to discover the basis of the allegations that H&E makes in its Petition. This is in keeping with the "basic objectives of the Louisiana discovery process" including "to afford all parties a fair opportunity to obtain facts pertinent to the litigation" and "to discover the true facts and compel disclosure of these facts wherever they may be found."[19]

Defendants' Interrogatory No. 1 of its Second Set of Interrogatories, further requested that H&E identify persons it anticipated would provide testimony with regard to each deficiency and negligent act that H&E attributes to Defendants. In response, H&E indicated in correspondence following a discovery conference in this matter, that it will identify witnesses and their anticipated testimony in advance of trial and according to orders the Court issues. Stated otherwise, H&E has ostensibly taken the position that it need not identify its witnesses until directed to do so by this Court, presumably by way of a Case Management Order. This position is not supported by any authority and is contrary to the very basic principles of Louisiana discovery as set forth above. Taken to its logical end, H&E's position is that it is under no obligation to identify its witnesses until a court order directs it to do so, which, in many Case Management Orders is not until relatively close to the trial of the matter and typically after the close of discovery. Such a system would deprive a party such as Defendants in this case of any meaningful opportunity to depose and/or otherwise discover facts known by H&E's potential witnesses.

**INTERROGATORY NO. 2:**
Please identify as defined above, itemize, and quantify in detail each and every element of damage or remedy that you allege you have suffered or claim in this proceeding and identify, as defined above, each witness who is expected to testify with respect to each and every element of damages itemized and quantified.

---

[19] *Hodges, supra.* 433 So. 2d at 129.

NON-CERTIFIED COPY

Similarly, in its response to Interrogatory No. 2 of Defendants' Second Set of Interrogatories, which requests that H&E identify the damages it allegedly suffered and the witnesses which it intends to use to establish said damages, H&E improperly refused to provide information, despite the fact that it is clearly discoverable. H&E also improperly refused to provide responses to the request to identify the witnesses it expects to call to establish its damages, again indicating that it would do so as directed by the Court. In addition to the impracticality of this premise as discussed above, this notion does not square with the obligation imposed by La. Code Civ. Proc. art 1428, which provides that "a party is under a duty seasonably to supplement his response with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony."

Thus, Louisiana law clearly contemplates that a party will provide the information known to it at the time relative to its witnesses with the understanding that it would supplement as the matter progresses. That H&E, over two years into this litigation cannot name anyone that it might present to testify as to its claims or damages is preposterous. In essence H&E is unilaterally preventing Defendants from taking depositions in this matter, more than two years after which can only serve to delay the progress of this matter, causing it to unnecessarily remain on the Court's docket.

### *Interrogatory No. 3 of Defendants' First Set of Interrogatories*

Plaintiff has failed, despite receiving clarification, to adequately respond to Defendants' First Set of Interrogatories No. 3, which provide, in pertinent part, as follows:

**INTERROGATORY NO. 3:** With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(g) the types of expansion/construction joints existing in these Paved Surfaces;

10

NON-CERTIFIED COPY