(i) the status and condition of the expansion/construction joints in these Paved Surfaces;

(j) any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

Interrogatory No. 3(g), 3(i), and 3(j) in Defendants' First Set of Interrogatories, with regard to each and every location or site identified in H&E's response to Interrogatory No. 2 relative to H&E facilities with Paved Surfaces on which heavy-tracked equipment has been operated, loaded, unloaded, stored or parked to Identify: the types of expansion/construction joints existing in these Paved Surfaces; the status and condition of the expansion/construction joints in these Paved Surfaces; and any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces.[20]

As noted above, the parties met and conferred to discuss H&E's responses to this Interrogatory on multiple occasions and H&E was provided with clarifications in order to ensure that H&E was able to provide adequate responses.  Following the conference, undersigned counsel memorialized the discussion with the following clarification of the parties' agreement, in which H&E was advised that "specifically we need to know *in* detail the condition of the concrete and joints, including but not limited to whether they are experiencing spalling"; and "for all locations we need to know about what materials were used at these joints and whether these are the same or different as the concrete used in the paved surfaces throughout. Additionally, we need to know what fill material was used at the joints for each location."[21] Additionally, Defendants asked that H&E provide responses to the subparts of the Interrogatory where it had previously indicated "unknown" despite the fact that the information was readily visible by H&E.[22]

In response, H&E provided equivocal replies to several requests despite the fact that the information requested certainly should be known or, at the very least, is

---

[20] Def. 1st Set of Interrog. At Interrogatory 3(g); 3(i); and 3(j).
[21] **Exhibit "F"**- 9.11.15 E-mail from counsel for Defendants.
[22] *Id.*

11

NON-CERTIFIED COPY

knowable by H&E.    Specifically, in response to the very pointed question of whether

spalling exists at the expansion/construction joints, H&E responded by referring to its

response to a previous subpart of Interrogatory No. 3 relative to the condition of the

Paved Surfaces as a whole and an indication that "The expansion joints in the Paved

Surfaces are _otherwise_ in good condition." [23] *(emphasis added)* This response is

exceedingly ambiguous and as such Defendants further specified in an October 6, 2015

e-mail following the latest discovery conference, that:

> With respect to H & E's amended and supplemental responses to interrogatory
> number 3 of our first set of interrogatories:
>
> 1) Alexandria location – you will respond whether there is spalling at the
> _expansion_ joints (those joints that are cut to the bottom of the pavement)
>
> 2) Lake Charles location – you will respond whether the _expansion_ joints are void
> of any material
>
> 3) Shreveport location – you will respond as to whether the _expansion joints_ are
> void of any materials and whether there is any spalling at the _expansion joints_
>
> 4) Raleigh location – you will respond whether there is any spalling at the
> _expansion joints_
>
> 5) Winston location – you will respond whether there is any spalling at or near
> the armored _expansion joints,_ that is, including at the edge of the armored plates
>
> 6) Dallas location – you will respond whether the _expansion joints_ are void of any
> material

> **Exhibit "C"- at 10.6.15 E-mail correspondence from counsel for Defendants.**

In response, counsel for H&E indicated that "for each of the locations referenced

(Alexandria, Lake Charles, Shreveport, Raleigh, Winston-Salem, and Dallas), spalling

and cracking is visible in the paved surfaces, which, based on a sensible interpretation

of our written responses, includes but is not limited to at or around the joints in the

concrete."[24]    Yet again, H&E's responses, even in the October 7 e-mail which  was

supposed to serve as clarification, have been exceedingly ambiguous and/or

---

[23] Pltff. 9.25.15  Resp. to Def. 1ˢᵗ Set of Interrog.
[24] **Exhibit "C"**- 10.7.15 E-mail correspondence from counsel for H&E.

NON-CERTIFIED COPY

nonresponsive.[25]  To date, H&E has failed to explain why it is unable to provide this information which would be readily apparent from a visual inspection of the property, particularly where it has provided sufficient information with regard to some of its other locations.  Defendants fully intend to inspect some of the facilities referenced in H&E's discovery responses but if provided with adequate responses could potentially eliminate one or more locations for inspection purposes, which is in the interests of all parties involved.

Similarly, H&E has indicated in its response to Interrogatory 3(g) with respect to several of its facilities that the expansion joints are simply cuts in the concrete, with no filling material.  Defendants requested that H&E confirm that these joints were in fact not filled with any material and indicate as such. This information is particularly pertinent where, as noted previously, H&E claims that URS should have used a different design for the paved area in which H&E unloads and stores its heavy tracked equipment, including but not limited to the expansion joints which is where H&E complains of the most damage.  URS is therefore entitled to information from H&E to determine whether this same design is used at other H&E facilities for unloading and storing its heavy tracked equipment.  Such evidence is relevant to show that spalling, which results from normal wear and tear and/or a lack of maintenance appears to be occurring at all of the other sites referenced by H&E and the two sites at issue in the instant matter. Accordingly, H&E should be compelled to provide complete responses to Defendants' Interrogatory No. 3.

## V. CONCLUSION

As set forth herein, H&E has refused to provide responsive information as to what they did in the past in connection with duties set forth in the clear and express terms of the agreements between H&E and URS on the grounds that it is premature to disclose information that should have readily available.  Additionally, H&E has

---

[25] **Exhibit "C"-** 10.8.15 E-mail correspondence from counsel for Defendants.

NON-CERTIFIED COPY

repeatedly refused to provide information to indicate what deficiencies they assert and the nature of the damages they seek or who it may call as witnesses to address these issues. Finally, H&E has improperly refused to provide responses as to what can be seen with the naked eye, i.e. spalling at expansion joints. Presumably, this last refusal is in an effort order to avoid the conclusion that spalling is normal wear and tear experienced at these sites. In summary, H&E has unjustifiably refused to respond to Defendants' discovery requests and as such Defendants seek an order of this Court compelling H&E to provide complete responses to Defendants' discovery requests.; For the foregoing reasons, Defendants seek an Order from this Honorable Court compelling Plaintiff, H&E Equipment Services, Inc. to produce complete responses to Defendants' Interrogatories propounded on April 17, 2015, specifically Interrogatory No. 3 and the Second Set of Interrogatories propounded on September 10, 2015, as well as an award of reasonable attorneys' fees and costs associated with the filing of this motion pursuant to La. Code Civ. Proc. art. 1469(4).

Respectfully submitted,

**ADAMS AND REESE, LLP**

Philip A. Franco    (Bar #5819), TA
Ron Sholes    (Bar # 14436)
Kellen J. Mathews    (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**



FILED
EAST BATON ROUGE PARISH, LA
2015 NOV -2 AM 9: 09
DEPUTY CLERK OF COURT

14

NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served

upon all counsel of record via United States mail, properly addressed, and first class

postage prepaid and via email, this the _____2ND_____ day of November, 2015.

_____

Kellen J. Mathews

FILED
EAST BATON ROUGE PARISH, LA
2015 NOV -2 AM 9: 09

DEPUTY CLERK OF COURT

15

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES    *    **SUIT NO. 626,308**    **DIV.: D**

   *    **19TH JUDICIAL DISTRICT COURT**

**VERSUS**    *    **PARISH OF EAST BATON ROUGE**

   *

URS CORPORATION    *    **STATE OF LOUISIANA**
ARCHITECTURE, P.C., URS
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS E. RYAN,
III

COST OK $ 291

NOV - 2 2015

CH 052388 AQ

DEPUTY CLERK OF COURT

---

### DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES

---

**NOW INTO COURT**, through undersigned counsel, come Defendants, URS

Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E.

Ryan, III (collectively referenced herein as "Defendants"), who respectfully move this

Court, pursuant to Article 1469 of the Louisiana Code of Civil Procedure, for an order

compelling Plaintiff, H&E Equipment Services, Inc. ("Plaintiff") to provide responses to

Defendants' First Set of Interrogatories and Second Set of Interrogatories on the

grounds that said requests seek information that is relevant to Plaintiff's claims and

Defendants' defenses to said claims, and, therefore, Plaintiff's objections and refusal to

adequately respond to multiple Interrogatories is unjustified and not supported under

law.

Defendants further move this Court for reasonable attorneys' fees and costs

associated with the filing of this Motion, all of which is more fully set forth in the

attached memorandum in support of this Motion which is hereby incorporated by

reference as if set forth fully herein.

WHEREFORE, for the reasons set forth in the attached memorandum,

Defendants pray that this Court issue an order compelling Plaintiff to immediately

respond, without further objection and in full, to Defendants' First Set of Interrogatories

propounded on April 17, 2105 and to Defendants' Second Set of Interrogatories

EBR3290401

REC'D C.P. NOV 09 2015

REC'D C.P. NOV -2 2015

REC'D C.P. NOV -2 2015

NON-CERTIFIED COPY

propounded on September 10, 2015 and to pay Defendants reasonable attorneys' fees

and costs in connection with this Motion.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco    (Bar #5819), TA
Ron Sholes         (Bar # 14436)
Kellen J. Mathews  (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served

upon all counsel of record via United States mail, properly addressed, and first class

postage prepaid and via email, this the ____2nd____ day of November, 2015.

Kellen J. Mathews



FILED
EAST BATON ROUGE PARISH LA
2015 NOV -2  AM 9: 09

DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
### 300 North Boulevard
### Baton Rouge, LA 70801
### Phone  (225)389-3960

NO. :  **C626308 Division D**            09-NOV-2015

TO:   **ORLEANS PARISH SHERIFFS OFFICE**
      **CIVIL DEPARTMENT**
      **421 LOYOLA AVE**
      **NEW ORLEANS, LA 70112**

Please find attached RULE NISI  to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X        note the enclosed check for payment of service;

ﻗ        send us your bill for service;

ﻗ        note that this is a pauper suit and no funds are available; or

ﻗ        note that this is a government suit and no funds are necessary.

Thank You,

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:  **KELLEN J MATHEWS**

---

REPLY:                          DATE:_____

_____

_____

_____

_____

_____

By:_____

Deputy Sheriff, Parish of _____

**Letter to Out Of Parish Sheriff - 5213**



EBR2988922

NON-CERTIFIED COPY

6709-15-000426

# RULE NISI

| | |
|---|---|
| **H&E EQUIPMENT SERVICES INC**<br>(Plaintiff) | **NUMBER  C626308 Division D** |
| | **19th JUDICIAL DISTRICT COURT** |
| **vs.** | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION ARCHITECTURE PC<br>ET AL**<br>(Defendant) | **STATE OF LOUISIANA** |

**TO:    H&E EQUIPMENT SERVICES INC**
**THRU ROY C CHEATWOOD**
**201 ST. CHARLES AVE., STE. 3600**
**NEW ORLEANS, LA.  70170**

The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

## MOTION TO COMPEL DISCOVERY RESPONSES , AND MEMORANDUM

You MUST come to Court at 1:00 PM, on JANUARY 4, 2016 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

### * * * * * SEE ATTACHED ORDER * * * * *

**YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.**

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **09-NOV-2015.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:
KELLEN J MATHEWS

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**       After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of _____

**RULE NISI (OOP) - 6709**

EBR3316336

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C 626,308 SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |
| FILED:_____ | | _____ |
| | | DEPUTY CLERK |

## MOTION TO COMPEL
### BY H&E EQUIPMENT SERVICES, INC.

NOW INTO COURT, through undersigned counsel, comes plaintiff, H&E Equipment Services, Inc. ("H&E"), and, pursuant to Louisiana Code of Civil Procedure article 1469(2), respectfully requests that this Court order defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants"), to fully and meaningfully respond to interrogatories and requests for production regarding their professional services provided on projects similar to those at issue in this case. As set forth in the accompanying Memorandum in Support, Defendants initially agreed to provide written responses regarding certain of this information but then, in response to subsequent interrogatories and a request for production from H&E, changed course and refused to provide any information whatsoever – all while requesting and attempting to compel similar albeit far less relevant information from H&E. The requested information is clearly relevant to the claims and issues in this case, and Defendants should be compelled to provide complete answers and documents in response to H&E's interrogatories and request for production immediately.


EBR3324242
2919213-00000

-1-

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: *Laura E. Carlisle*

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 25th day of November, 2015, the foregoing was
served on all known counsel of record who have appeared in this matter by facsimile and/or
electronic mail and by placing same in the United States mail, in a properly addressed envelope,
with first-class postage prepaid.

*Laura E. Carlisle*
LAURA E. CARLISLE

FILED
EAST BATON ROUGE PARISH, LA
2015 NOV 25    PM 1: 19
DEPUTY CLERK OF COURT

-2-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |
| FILED:_____ | | |
| | | _____ |
| | | DEPUTY CLERK |

## RULE TO SHOW CAUSE

Considering the foregoing Second Motion to Compel ("Motion") filed by plaintiff, H&E Equipment Services, Inc.;

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"), show cause, if any they may have, on the 4th day of January, 2016, at 1:00 p.m., why the Motion to Compel should not be granted;

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"), show cause, if any they may have, why H&E Equipment Services, Inc. should not be awarded reasonable attorneys' fees and costs incurred in bringing this Motion to Compel.

Baton Rouge, Louisiana, this the _____ day of _____, 2015.

_____
JUDGE

**PLEASE SERVE:**

URS Corporation Architecture, P.C., URS Corporation,
L. O'Neal Johnson, and Thomas E. Ryan, III,
Through their counsel of record,
Philip A. Franco
Kellen Mathews
Adams and Reese, LLP
4500 One Shell Square
New Orleans, Louisiana 70139

EAST BATON ROUGE  2015 NOV  DEPUTY CLERK OF COURT

-1-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

25/11/2015 12:06:37 CST          15045856904  From: Shelley Tannehill

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C 626,308 SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |
| FILED:_____ | | _____ |
| | | DEPUTY CLERK |

### MEMORANDUM IN SUPPORT OF MOTION TO COMPEL BY H&E EQUIPMENT SERVICES, INC.

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this memorandum in support of its Second Motion to Compel against defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants"). More specifically, H&E requests that the Court order Defendants to fully and meaningfully respond to interrogatories and a request for production regarding their professional services in connection with similar projects – the kind of information Defendants have already argued to the Court is critically relevant to the issues and claims in this case.

### I.   Factual and Procedural Background

This suit stems from damages suffered by H&E as a result of deficient designs and specifications prepared by Defendants for the construction and renovation of H&E facilities in Baton Rouge, Kenner, and Belle Chasse, Louisiana between 2006 and 2013. Among other things, H&E has alleged, and Defendants have denied, that Defendants breached their contractual and professional duties with respect to their design for concrete pads constructed to Defendants' specifications at H&E's Baton Rouge and Kenner facilities, and that Defendants further failed to address and remedy observed crumbling and spalling in the concrete that began to occur in 2012 and continues to this day. The applicable standard of care, and what Defendants should or should not have done in their designs and specifications, is a central issue in this case.

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

A.    *H&E Requests Information Regarding Defendants' Work on Similar*
      *Projects, and Defendants Agree to Provide the Information, But Do Not.*

Over a year ago, H&E served Defendants with its Second Set of Interrogatories.[1]  The

Second Set of Interrogatories included an interrogatory regarding work performed by the

Defendants on projects similar to the H&E facilities at issue in this case:

**INTERROGATORY NO. 21:**

> Please identify by customer and address all other facilities constructed for use as
> yards for the storage and/or maintenance of tracked construction equipment for
> which you have provided professional design and/or contract administration.[2]

Defendants responded to Interrogatory No. 21 with certain objections, but agreed to

provide the requested information with respect to paved equipment yards:

**ANSWER TO INTERROGATORY NO. 21:**

> Defendants object to Interrogatory No. 21 as vague and overbroad and seeking
> irrelevant information, where the Interrogatory does not differentiate between
> paved and unpaved yards for the storage and/or maintenance of tracked
> construction equipment and is further not limited to any branch or division of
> URS, a global company.  Further answering and without waiving any objection,
> **relative to paved yards for to [sic] the storage and/or maintenance of tracked**
> **construction equipment, this information has been requested and will be**
> **provided upon receipt.**[3]

In short, Defendants acknowledged that at least their work on projects involving "paved yards

for to [sic] the storage and/or maintenance of tracked construction equipment" was relevant to

the claims and issues in this case, and they represented that they had, as of the date of their

responses, requested such information and would provide it to H&E "upon receipt."  But,

Defendants never provided this information as promised.

Defendants forwarded their Answers to H&E's Second Set of Interrogatories, including

Interrogatory No. 21 of that set, on December 10, 2014 – almost a year ago.  To date, they have

not provided the information acknowledged in their own written answer to be relevant, that is,

information pertaining to the customers and addresses for "all other facilities constructed for use

as [paved] yards for the storage and/or maintenance of tracked construction equipment" for

which Defendants have provided professional services and/or contract administration.

---

[1]    *See* H&E Equipment Services, Inc.'s Second Set of Interrogatories to Defendants ("H&E's Second Set of
Interrogatories"), attached as Exhibit "1."

[2]    *See id.* at Interrogatory No. 21.

[3]    *See* Defendants' Answers to Second Set of Interrogatories of H&E Equipment Services, Inc., Answer to
Interrogatory No. 21 (emphasis added), attached as Exhibit "2."

-2-

NON-CERTIFIED COPY

B.    *H&E Propounds Subsequent, Similarly Reasonable
and Relevant Requests, and Defendants Decide to Stonewall.*

On August 18, 2015, H&E served its Third Set of Interrogatories and Second Set of

Requests for Production on Defendants, which included specific, tailored interrogatories and one

request for production regarding Defendants' work on other similar projects:

**INTERROGATORY NO. 1:**

Please identify all of Your Projects relating to the design, specification,
installation, or construction of concrete or any other Paved Surfaces that you have
performed for clients whose business operations include the renting, leasing, sale,
maintenance, use, and/or storage of heavy tracked equipment.

**INTERROGATORY NO. 2:**

For each Project identified in response to Interrogatory No. 1, please identify the
following:

a.    The client for whom the services were provided;

b.    Location of the Project;

c.    Nature and scope of the design or other professional services
      provided;

d.    Approximate date of completion of the design or professional
      services;

e.    Date of substantial completion of the Project;

f.    The cost of the Project's construction;

g.    The types of tracked equipment rented, leased, sold, maintained,
      used, and/or stored at the site;

h.    The materials used for any Paved Surfaces on which such
      equipment was to be rented, leased, sold, maintained, used, and/or
      stored at the site;

i.    Specifications for any reinforcement for such Paved Surfaces;

j.    The contractor and/or subcontractors employed for the
      construction of such Paved Surfaces;

k.    Whether any problems were observed with such Paved Surfaces
      during and/or subsequent to construction, including but not
      limited to spalling, cracking, or other signs of deterioration; and

l.    Any recommendations or specifications provided to the client
      regarding maintenance or repair of the Paved Surfaces, both
      short term and long term.

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 1:**

> Please produce all documents reflecting Your specifications for any concrete or other Paved Surfaces for all Projects identified in response to Interrogatory No. 1 above.[4]

H&E defined "Projects" as "any job, assignment, engagement, or otherwise for which one or more of the Defendants have been retained or consulted to provide design or other professional services."[5]  Consistent with Defendants' own previous response (discussed above), H&E limited these requests to Projects involving "Paved Surfaces," defined as "surface[s] covered with paving material, including without limitation, concrete, asphalt, tar, gravel, stone, or any similar material."[6]

Defendants refused to provide *any* of the requested information or documents, objecting to each and all of these requests as "overbroad, harassing, unduly burdensome, and seeking information that is either irrelevant or not reasonably calculated to lead to the discovery of admissible evidence."[7]  When conferred with by undersigned counsel regarding their refusal to respond, Defendants insisted that their work on other, albeit admittedly similar projects was not relevant to the standard of care in this case and the question of whether Defendants should or should not have provided different specifications and services for H&E's facilities.

Even more, Defendants changed course from their earlier response, which pledged to provide information in response to H&E's prior Interrogatory No. 21.  Now, Defendants refuse to provide that information as well.  More specifically, subsequent to the parties' conference regarding Defendants' responses to H&E's Third Set of Interrogatories and Second Set of Requests for Production, undersigned counsel conferred with counsel for the Defendants regarding the status of Defendants' response to H&E's prior Interrogatory No. 21, including Defendants' representation that they had, as of December 2014, requested information pertaining to other, similar projects on which Defendants had worked (defined by Defendants as projects involving "paved yards for to [sic] the storage and/or maintenance of tracked construction equipment") and would provide that information "upon receipt."  Reminded of this outstanding response, however, Defendants refused to provide the information, insisting that the request was

---

[4]    *See* H&E Equipment Services, Inc.'s Third Set of Interrogatories and Second Set of Requests for Production to Defendants, attached as Exhibit "3."

[5]    *See id.* at Definitions.

[6]    *Id.*

[7]    *See* Defendants' Answers to Third Set of Interrogatories and Second Set of Requests for Production of Documents, attached as Exhibit "4."

-4-

NON-CERTIFIED COPY

overbroad and irrelevant and that Defendants would not, in fact, be providing *any* information regarding their work on other similar projects.[8] Despite this new position, Defendants have not sought to amend their earlier response.

> C.    *In the Meantime, Defendants Insist that the Court Compel H&E
> to Provide Extensive Information Regarding its Other Facilities.*

Notwithstanding their own refusal to provide information about their work on other similar projects, some months prior to that refusal, Defendants propounded on H&E interrogatories requesting extensive, detailed information regarding *its* other facilities, both owned and leased:

**INTERROGATORY NO. 2:**

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

**INTERROGATORY NO. 3:**

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

(h)    whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)    any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

---

[8]    *See* Email from P. Franco to L. Carlisle, dated 10/6/15, attached as Exhibit "5."

-5-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

(k)     any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)     any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)     the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)     the results of any such repairs, replacements or maintenance;

(o)     the cost of any such repairs, replacements or maintenance.

## INTERROGATORY NO. 4:

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

## INTERROGATORY NO. 5:

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)     the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)     the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c)     the reasons this surface was used instead of a Paved Surface;

(d)     the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e)     any maintenance program applicable to these Unpaved Surfaces;

(f)     any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g)     the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h)     the results of any such repairs, replacements or maintenance; and

(i)     the cost of any such repairs, replacements or maintenance.[9]

As other facilities owned or lease by H&E are not at issue in this litigation, and it is Defendants', not H&E's professional services, that are on trial, H&E objected to these interrogatories as overbroad and irrelevant. Defendants subsequently filed a Motion to Compel

---

[9]    *See* Defendants' First Set of Interrogatories, attached as Exhibit "6."

-6-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

H&E's responses, arguing that its requests – and what happens and/or happened at other H&E facilities – was relevant to *Defendants'* standard of care in this case.[10] At the Court's urging, H&E agreed to a compromise, agreeing to produce what detailed information it had about facilities with concrete-paved surfaces and more limited information regarding facilities with unpaved surfaces.[11] H&E has since complied with the agreed-upon compromise between the parties and the Court's Judgment to that effect.

In the meantime, Defendants have failed to respond to discovery regarding Defendants' work on similar facilities for other clients.

## II. Defendants Should Be Compelled to Provide Complete, Meaningful Responses Regarding Their Work on Similar Projects.

This case is not about other H&E facilities. Nor is it about what other architects or engineers did with respect to the design and specifications for other H&E facilities – many of which are not even owned by H&E and for which H&E had no input in the design and construction of the facility. But, this case *is* about what Defendants did or did not do – and what they should have known or should not have known to do – with respect to the facilities at issue. Relevant to that question are the professional design and contract administration services provided by Defendants for similar projects. Defendants should not be allowed to withhold such information.

### A. *The Requested Information is Relevant.*

As Defendants emphasized in their own prior Motion to Compel, the "plain language" of Louisiana Code of Civil Procedure article 1422 provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." La. Code Civ. P. art. 1422.[12] A basic principle of Louisiana's discovery rules is that these rules should be liberally construed to allow discovery whenever possible. *See Succession of Norton*, 351 So. 2d 107, 111 (La. 1977); *Simmons v. Transit Mgmt. of Se. La., Inc.*, 2000-2530, p. 3 (La. App. 4 Cir. 2/7/01), 780 So. 2d 1074, 1077. As the party opposing discovery, Defendants have the burden of showing that the information

---

[10] *See* Defendants' Memorandum in Support of Motion to Compel Discovery Responses, p. 11, attached as Exhibit "7."

[11] *See* Judgment, dated 7/9/2015, a copy of which is attached as Exhibit "8."

[12] Ex. "7," Defendants' Memorandum in Support of Motion to Compel Discovery Responses, p. 11.

NON-CERTIFIED COPY

requested by H&E is not relevant.  *See, e.g., MTU of North America*, 475 So.2d 1063, 1066 (La.

1985); *see also, e.g., McLeod, Alexander, Powel & Appffel, P.C. v. Quarles*, 894 F.2d 1482 (5th

Cir. 1990) (placing the burden on the party opposing discovery to "show specifically how ... each

[request] is not relevant or how each [request] is overly broad, burdensome or oppressive").

Plainly, what designs, specifications, and/or contract administration services Defendants

may have provided for similar projects is relevant to the claims and defenses in this case. Among

other things, such information goes to the question of what Defendants should or should not have

done and should or should not have known with respect to appropriate specifications for H&E's

facilities.

In their own prior Motion to Compel, Defendants insisted that information pertaining to

designs used at other H&E facilities – again, many of which H&E had no control over and no

involvement in – was relevant to show that the same design used by Defendants for Baton Rouge

and Kenner "[was] used at other H&E facilities for unloading and storing its heavy tracked

equipment and such evidence **is relevant to show the standard of care**."[13]  In fact, *Defendants'*

experience and professional work on other projects is far more relevant to the question of

whether Defendants' designs and specifications in this case were deficient than information

regarding designs used at other H&E facilities.  To the extent Defendants suggest otherwise, they

are attempting to turn the applicable standard of care on its head.

> B.    *H&E's Requests Are Not Overly Broad and Burdensome.*

As noted above, Defendants responded to H&E's most recent interrogatories and request

for production regarding Defendants' other projects with the conclusory, boilerplate objection

that the requests were "overbroad, harassing, unduly burdensome, and seeking information that

is either irrelevant or not reasonably calculated to lead to the discovery of admissible

evidence."[14]  During undersigned counsel's conference with Defendants' counsel regarding the

inadequacy of Defendants' responses, counsel for the Defendants did not expound on how or

why Defendants found the requests "overbroad, harassing, [or] unduly burdensome" but stated

only – dismissively so – that Defendants were simply too busy and did not have time to provide

the responses required by H&E's requests.

---

[13]      Ex. "7," Defendants' Memorandum in Support of Motion to Compel Discovery Responses, p. 11.
[14]      *See* Defendants' Answers to Third Set of Interrogatories and Second Set of Requests for Production of
Documents, attached as Exhibit "4."

NO LEC 898759 v1
2919213-000024

NON-CERTIFIED COPY

Such conclusory objections are nowhere near sufficient to overcome Defendants' burden of showing that H&E's requests are overbroad, unduly burdensome, or oppressive, much less sufficient to overcome the presumption that discovery should be allowed whenever possible. *See, e.g., Southern Filter Media, LLC v. Halter*, 2014 WL 42787788, *5 (M.D. La. 8/29/14) (conclusory objections that discovery requests were overly broad, vague, ambiguous, and unduly burdensome were "entirely inadequate" and did not overcome opposing party's burden in objecting to the discovery); *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("Broad-based, non-specific objections ... fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request."); *MTU of North America*, 475 So. 2d at 1066 (burden is on party opposing discovery to show that discovery requested is unduly burdensome).

In fact, H&E's interrogatories and requests for production regarding Defendants' work on other, similar projects are both relevant and reasonable, and Defendants should be compelled to provide complete responses.

C.    *H&E Should Be Awarded Attorney's Fees and*
       *Costs Incurred in Bringing this Motion to Compel.*

Pursuant to Article 1469(4) of the Louisiana Code of Civil Procedure, if a motion to compel is granted, the court "shall" require the party whose conduct necessitated the motion, or his attorney, or both, to pay the moving party the reasonable expenses incurred in obtaining the discovery order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make such an award unjust   *See* La. Code Civ. P. art. 1469(4).  Defendants have had every opportunity to obviate the need for this Motion but have been entirely unwilling to do so.  And, they have done so disingenuously, having served similar (albeit less relevant) interrogatories of their own and even having previously represented that they would provide responsive information and then did not.

In light of Defendants' behavior, H&E should be awarded its reasonable costs and attorney's fees incurred in connection with this Motion to Compel.

**III.    Conclusion**

For all of the foregoing reasons, H&E's discovery requests regarding the professional services provided by Defendants on other similar projects is both relevant to the claims and defenses in this litigation and reasonable.  H&E respectfully requests that the Court grant its

-9-

NON-CERTIFIED COPY

Motion and order Defendants to respond to the outstanding discovery requests. H&E further

requests that it be awarded its reasonably costs and attorney's fees incurred in connection with

this Motion to Compel.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 25th day of November, 2015, the foregoing was

served on all known counsel of record who have appeared in this matter by facsimile and/or

electronic mail and by placing same in the United States mail, in a properly addressed envelope,

with first-class postage prepaid.

_____
LAURA E. CARLISLE



-10-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |
| FILED:_____ | | _____ |
| | | DEPUTY CLERK |

### LOCAL RULE 10.1 CERTIFICATE

In compliance with Local Rule 10.1, counsel for plaintiff, H&E Equipment Services, Inc., conferred with counsel for the defendants and attempted to resolve the discovery dispute that is the subject of the attached Motion to Compel. The parties, however, have been unable to resolve the discovery dispute at issue.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

BY: _____
    ROY C. CHEATWOOD (4010)
    ANNE DERBES WITTMANN (20584)
    M. DAVID KURTZ (23821)
    LAURA E. CARLISLE (33760)
    201 St. Charles Ave., Suite 3600
    New Orleans, Louisiana 70170
    Telephone: (504) 566-5200
    Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT SERVICES, INC.**

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 25th day of November, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
LAURA E. CARLISLE

FILED
EAST BATON ROUGE PARISH
2015 NOV 25 PM
DEPUTY CLERK OF COURT

-1-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | CASE NO. C626308, SECTION D |
|---|---|
| versus | 19th JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | PARISH OF EAST BATON ROUGE |
| | STATE OF LOUISIANA |

### H&E EQUIPMENT SERVICES, INC.'S
### SECOND SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to the Louisiana Code of Civil Procedure and through undersigned counsel, plaintiff, H&E Equipment Services, Inc. ("H&E"), propounds its Second Set of Interrogatories upon defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "Defendants"), to be answered in writing and under oath within the delays allowed by law, and to be served upon H&E's counsel at Baker Donelson Bearman Caldwell & Berkowitz, PC, 201 St. Charles Street, Suite 3600, New Orleans, Louisiana 70170.

These discovery requests are to be answered in accordance with the definitions and instructions reference herein. *All answers and/or responses are to be verified.*

### INSTRUCTIONS

1. In answering these discovery requests, you are requested to consult your records and any other documents in your possession, custody, and control, as well as any other source of information that may be available to you, and to furnish all information thus available to you, regardless of whether this information is possessed directly by you or by your partners, directors, officers, attorneys, agents, accountants, employees, representatives, investigators, or experts.

2. If these discovery requests cannot be answered in full, to the fullest extent possible specify the reasons for your inability to answer fully and provide whatever information or knowledge you do have responsive to the discovery request.

3. These discovery requests are continuing in nature. You must supplement or amend your prior responses if you obtain information upon the basis of which you know (1) a

1

NO LEC 573573 v3
2919213-000024 11/04/2014



NON-CERTIFIED COPY

previous response was incorrect when made, or (2) a previous response was correct and complete when made to the best of your knowledge and belief but is no longer true and/or complete.

4. If your answers to all or any of these discovery requests are derived in whole or in part from any document, please identify the document and include a copy of the document with your responses.

5. If you oppose or object to any discovery request, identify and explain the grounds of the objection and the legal authority upon which you will rely in response to a motion to compel, as well as any qualification, limitation, or amendment of the request that would resolve your objection.

6. With respect to any information that you contend is protected from discovery on grounds that the information or any document or communication from which that information is derived is privileged or confidential, you must provide a written statement specifically setting forth, as appropriate, the following information:

(a) the dates on which the document or communication was prepared, transmitted, and received;

(b) the name and job title of each author, addressee, and recipient of the document or communication;

(c) the name and job title of each person who was furnished with or was privy to the document or communication, who had possession of the document or any copy or other manifestation of the document or communication, and/or who had access to the contents of the document or communication;

(d) the number of pages in the document or communication (or equivalent measure of length, as appropriate);

(e) the nature and subject matter of all information you contend is protected from discovery;

(f) the specific basis for asserting that the information, document, and/or communication is privileged or confidential;

(g) the precise legal and factual basis upon which the privilege or other asserted ground for non-production is claimed; and

(h) the number of the discovery request or requests to which the information in question is or may be responsive.

2

NO LEC 573573 v3
2919213-000024  11/04/2014

NON-CERTIFIED COPY

To:    Page 21 of 85          Received          Nov 25 2015 12:19pm          Page 26 of 401
                          25/11/2015 12:06:37 CST          15045856904  From: Shelley Tannehill

Case 3:18-cv-00690-BAJ-RLB          Document 4-4          11/21/18

## DEFINITIONS

As used herein, the following words have the following meanings:

1. The unqualified term **"Person"** shall encompass both natural and juridical persons, including human beings; corporations; partnerships; associations; joint ventures; unincorporated associations; professional associations; partnerships; or corporations; governmental or political agencies, entities, subdivisions (federal, state, and local); and all other private and public organizations and entities cognizable at law. Where an employee performs some task about which an inquiry is made in these interrogatories as part of his or her employment, "person" shall be deemed to include both the employing and employed person.

2. **"Communication"** is defined as any transmission of information by written, oral, mechanical, magnetic, electronic, optical, digital, laser, photographic, pictorial, or other means, including without limitation documents, personal conversations, telephone calls, meetings, computer bulletin boards and e-mail messages, telegrams, telefacsimile transmissions, wires, and the like.

3. **"Defendants," "You,"** or **"Your"** refers to URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III, collectively, the defendants in this matter, and/or their predecessors-in-interests, successors in interest, employees, representatives, agents; and encompasses any one or more of these persons, individually or together, who may have responsive information and/or to whom the request is or may be applicable.

4. **"URS"** refers to URS Corporation Architecture, P.C. and URS Corporation, collectively, and/or their predecessors-in-interests, successors in interest, employees, representatives, agents; and encompasses any one or more of these persons, individually or together, who may have responsive information and/or to whom the request is or may be applicable.

5. **"Identify"** means:

   (a)  when used in reference to a natural person, to state his or her full name, date of birth, social security number, present residential address, telephone number, present business affiliation and position, present business address, present business telephone number, and relationship; or, if the above is not known, such

3

NON-CERTIFIED COPY

information as was last known, or his or her residential address, business affiliation and business address at the time in question;

(b) when used in reference to a communication, to describe the substance of the communication, all persons making or receiving the communication, the form of the communication (e.g., written or oral), the date and time of the communication, and all documents referring or relating thereto;

(c) when used in reference to a document, to personify the date, the author(s), the recipient(s), any person(s) receiving a copy, the type of document (e.g., contract, letter, memorandum, tape recording), the subject matter, the number of pages or length, and the current location and custodian of all copies of the document;

(d) when used in reference to a person other than a natural person, to state whether such Person is a corporation, partnership or other organization, and its name, present or last known address and principal place of its business, and relationship. Once any person has been personified properly, it shall be sufficient thereafter when personifying the same person to state his, her or its name only;

(e) when used in reference to any act or occurrence, to state the context and all substantive facts of the event or events constituting each act or occurrence and specify the exact location(s), date(s), and person(s) involved in the act or occurrence.

6. **"Explain"** means to shall mean to specify, describe, define, account for, illustrate, and exemplify, provide all available facts, information, context, background, reasoning, assumptions, deductions, inductions, hypotheses, and/or rationales reasonably necessary to a full and complete understanding of the conclusion, assertion, or premise for which the explanation is required

7. **"Litigation"** means the above-captioned lawsuit.

<u>**INTERROGATORIES**</u>

<u>**INTERROGATORY NO. 1:**</u>

Please identify each person answering or assisting in answering these Interrogatories and the Requests for Production of Documents served contemporaneously herewith.

<u>**INTERROGATORY NO. 2:**</u>

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's new headquarters and dealership facility in Baton Rouge, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on

4

NON-CERTIFIED COPY

the project and/or the negotiation of services to be provided by URS and the fees to be paid to URS.

**INTERROGATORY NO. 3:**

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its headquarters and dealership facility in Baton Rouge, Louisiana.

**INTERROGATORY NO. 4:**

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2006, including any amendments or expansions thereof.

**INTERROGATORY NO. 5:**

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's facility in Kenner, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid to URS.

**INTERROGATORY NO. 6:**

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its facility in Kenner, Louisiana.

**INTERROGATORY NO. 7:**

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2009, including any amendments or expansions thereof.

NO LEC 573572 v3
2919213-000024  11/04/2014

NON-CERTIFIED COPY

Received                    Nov 25 2015 12:20pm

## INTERROGATORY NO. 8:

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the renovation and relocation of H&E's crane remanufacturing facility in Belle Chasse, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid to URS.

## INTERROGATORY NO. 9:

Please identify all persons involved in and/or having knowledge regarding the administration of the construction contracts executed in connection with H&E's Baton Rouge, Louisiana headquarters and dealership facility; H&E's Kenner, Louisiana facility; and/or H&E's Belle Chasse, Louisiana facility.

## INTERROGATORY NO. 10:

Please identify all communications and correspondence between you and any contractor or potential contractor regarding the installation of concrete at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities, whether during actual construction, pre-construction, post-construction, or during the contract bidding process; and for each such communication or correspondence, please specify: the name of the contractor, the date and medium of the communication or correspondence, the nature or subject matter of the communication or correspondence, including who said what, and the outcome of the communication or correspondence.

## INTERROGATORY NO. 11:

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities, and for each such communication or correspondence, please specify: the date and medium of the communication and correspondence, the specific individuals who were party to the communication or

NO LEC 573573 v3
2919213-000024 11/04/2014

NON-CERTIFIED COPY

correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

**INTERROGATORY NO. 12:**

Please identify all persons involved in and/or having knowledge related to any complaints, discussions or communications regarding spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities.

**INTERROGATORY NO. 13:**

Please identify all persons involved in and/or having knowledge regarding URS' decision not to repair or pay for repairs to the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities as a result of spalling and/or other concrete deterioration.

**INTERROGATORY NO. 14:**

Please identify the name and employer of the "civil engineering consultant" identified the Neal Johnson's March 18, 2013 email correspondence to Frankie Wynn, to whom Mr. Johnson purportedly forwarded a CPR in connection with H&E's Kenner, Louisiana project.

**INTERROGATORY NO. 15:**

Please identify all persons involved in the certification of and/or having knowledge regarding the substantial completion of H&E's Baton Rouge, Louisiana facility and/or Kenner, Louisiana facility, including, without limitation, the submission and resolution of any punch list items.

**INTERROGATORY NO. 16:**

Please identify all persons present at any walk-thrus or inspections conducted at H&E's Baton Rouge, Louisiana facility site and/or Kenner, Louisiana facility site in response to or in connection with concerns or issues regarding the concrete lots at the facilities.

**INTERROGATORY NO. 17:**

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed problems or deficiencies in the design and/or construction of H&E's Baton Rouge, Louisiana facility; Kenner, Louisiana facility; and/or Belle Chasse, Louisiana facility, and for each such communication or correspondence, please specify: the date

7

NON-CERTIFIED COPY

and medium of the communication and correspondence, the specific individuals who were party to the communication or correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

### INTERROGATORY NO. 18:

Please identify and fully explain the factual basis of your allegation that H&E failed to maintain the properties and/or improvements at issue in this litigation, as alleged in the Twelfth Defense of your Answer, Affirmative Defenses, and Reconventional Demand on Behalf of All Defendants.

### INTERROGATORY NO. 19:

Please identify and fully explain the factual basis of your allegation that the damages alleged in this litigation were caused by "normal wear with regard to the surfaces at issue herein," as alleged in the Twelfth Defense of your Answer, Affirmative Defenses, and Reconventional Demand on Behalf of All Defendants.

### INTERROGATORY NO. 20:

Please identify all "others" whose actions or fault caused H&E's alleged damages in this litigation, as alleged in the Thirteenth Defense of your Answer, Affirmative Defenses, and Reconventional Demand on Behalf of All Defendants.

### INTERROGATORY NO. 21:

Please identify by customer and address all other facilities constructed for use as yards for the storage and/or maintenance of tracked construction equipment for which you have provided professional design and/or contract administration services.

### INTERROGATORY NO. 22:

Please identify the date(s) of any discovery hold communication(s) issued in connection with this matter.

### INTERROGATORY NO. 23:

To the extent not encompassed by the requests above, please identify by name, position or title, address, and phone number each person who has or may have knowledge regarding the

8

NON-CERTIFIED COPY

events and allegations at issue in this litigation, and provide for each such person a brief description of his or her testimony.

**INTERROGATORY NO. 24:**

Please identify each document, communication, and/or exhibit you intend to offer at the trial of this matter.

**INTERROGATORY NO. 25:**

Please identify each person who may or will offer testimony on your behalf at the trial of this matter as a fact or expert witness, and provide for each such person a description of his or her anticipated testimony.

Respectfully submitted,

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on November 10, 2014, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____

9

NON-CERTIFIED COPY

To: Page 28 of 85    Received    Nov 25 15 12:27p    Page 33 of 401
Case 3:18-cv-00690-BAJ-RLB    Document 4-4    11/25/15 12:27    Page 33 of 401
25/11/2015 12:06:37 CST
15045856904  From: Shelley Tannehill

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

**DEFENDANTS' ANSWERS TO SECOND SET OF INTERROGATORIES**
**OF H&E EQUIPMENT SERVICES, INC.**

TO:  H&E Equipment Services, Inc.
Through its Counsel of Record
Roy C. Cheatwood
Baker Donelson Bearman Caldwell & Berkowitz
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), answer the Second Set of Interrogatories of Plaintiff as follows:

## GENERAL OBJECTIONS

1.  Defendants object to the Interrogatories to the extent they seek disclosure of
information protected from discovery by the attorney-client privilege, the work
product doctrine, or otherwise protected as confidential or privileged by any
other applicable privilege or exemption.

2.  Defendants object to the Interrogatories to the extent that they are overly broad,
unduly burdensome, seek documents which are not described with reasonable
particularity and seek information that is not relevant to the subject matter
involved in the pending action and are not reasonably calculated to lead to the
discovery of admissible evidence.

3.  Defendants object to the Interrogatories to the extent that they purport to require
searches of files and the production of documents in the possession or at the
control of another party.

**EXHIBIT**
**2**

NON-CERTIFIED COPY

4.    Defendants object to the Interrogatories to the extent that they seek information not reasonably available to Defendants or that is obtainable by Plaintiff from some other source that is more convenient, less burdensome, or less expensive; or seeks to impose unreasonable and oppressive obligations to compile and present information in a form and manner other than that in which it is customarily prepared or maintained.

5.    Defendants object to the Interrogatories to the extent that that may be construed to seek personal or proprietary information.

6.    Defendants object to the Interrogatories to the extent that they purport to impose definitions that differ from normal English usage.

7.    By responding to an Interrogatory with a defined term, Defendants are not by implication agreeing with any such definition.

8.    Defendants' responses are made without in any way waiving the right to object, on grounds of competency, relevancy, materiality, privilege, admissibility, or any other ground, to the use of its responses or produced documents in any proceeding in this action or any other action.

9.    Defendants object to the Interrogatories to the extent they seek information outside the scope of permissible discovery.

10.   Defendants object to the Interrogatories to the extent they seek irrelevant information the production of which would needlessly increase the costs of this litigation.

11.   These general objections shall be deemed continuing to each discovery request and are not waived, nor in any way limited, by the following responses:

12.   In addition to the general objections of Defendants, Defendants object on the grounds that Plaintiff has served more than thirty-five interrogatories and Plaintiff has failed to seek leave to serve additional interrogatories, requiring a contradictory hearing and good cause shown for why the additional interrogatories are necessary. La. Code Civ. Proc. Art. 1457(B).

<u>ANSWERS TO INTERROGATORIES</u>

<u>INTERROGATORY NO. 1:</u>

Please identify each person answering or assisting in answering these Interrogatories and the Requests for Production of Documents served contemporaneously herewith.

NON-CERTIFIED COPY

To:   Page 30 of 85

Received
Case 3:18-cv-00090-BAJ-RLB     Document 4-4     Nov 25 2015 12:23pm     Page 35 of 401
25/11/2015 12:06:37 CST
15045856904  From: Shelley Tannehill

### ANSWER TO INTERROGATORY NO. 1:

   1.  Thomas Ryan
      Senior Architect
      URS Corporation
      7389 Florida Blvd., Ste. 300
      Baton Rouge, Louisiana 70806
      (225) 922-5700

   2.  Debra Sanders
      Vice President/Baton Rouge Office Manager
      URS Corporation
      7389 Florida Blvd., Ste. 300
      Baton Rouge, Louisiana  70808
      (225) 922-5700

   3.  Philip A. Franco
      Adams and Reese LLP
      4500 One Shell Square
      New Orleans, LA 70139
      (504) 581-3234

   4.  Kellen J. Mathews
      Adams and Reese LLP
      450 Laurel St., Suite 1900
      Baton Rouge, LA 70801
      (225)336-5200

### INTERROGATORY NO. 2:

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's new headquarters and dealership facility in Baton Rouge, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation and/or bidding on the project and/or negotiation of services to be provided by URS and the fees to be paid to URS.

### ANSWER TO INTERROGATORY NO. 2:

   1.  Craig Gardner
      1728 Great Oak Dr.
      Baton Rouge, Louisiana  70810
      (225)766-7219

   2.  Mark Howard
      18723 Manchac
      Prairieville, Louisiana  70769
      (225)673-2368

NON-CERTIFIED COPY

3.  Chad Herndon
    514 East Oak Haven St.
    Gonzales, Louisiana  70737
    (225)405-6046

4.  Cody Lewis
    9415 Magnolia Crossing
    Central, Louisiana  70739
    (985)768-0460

5.  Debra Sanders
    Vice President/Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana  70808
    (225) 922-5700

6.  Neal Johnson
    2328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

7.  Leonard St. Germain
    Vice President-Operations
    H&E Equipment Services
    7500 Pecue Lane
    Baton Rouge, Louisiana 70809
    (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

INTERROGATORY NO. 3:

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its headquarters and dealership facility in Baton Rouge, Louisiana.

NON-CERTIFIED COPY

## ANSWER TO INTERROGATORY NO. 3:

1. Mark Howard
   18723 Manchac
   Prairieville, Louisiana  70769
   (225)673-2368

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

3. Thomas Van Hattum
   Vice President/ Facilities Practice Leader
   URS Corporation
   3950 Sparks Drive SE
   Grand Rapids, MI 49546
   (616) 574-8500

4. Ryan Archer
   4 East Fulton Street, Suite 200
   Grand Rapids, MI 49503
   (616)456-9944

5. John Jones
   Vice President- Corporate Services
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

6. Brad Reese
   Senior Project Manager
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

7. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

8. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

NON-CERTIFIED COPY

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 4:**

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2006, including any amendments or expansions thereof.

**ANSWER TO INTERROGATORY NO. 4:**

See Answer to Interrogatory No.2, *supra*. Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 5:**

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's facility in Kenner, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid by URS.

NON-CERTIFIED COPY

To:    Page 34 of 85    Case 3:18-cv-00090-BAJ-RLB    Document 4-4    Nov 25 2015 12:25    Page 39 of 401
25/11/2015 12:06:37 CST
15045856904  From: Shelley Tannehill

Received

ANSWER TO INTERROGATORY NO. 5:

1. Neal Johnson
   2328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

3. Cody Lewis
   9415 Magnolia Crossing
   Central, Louisiana  70739
   (985)768-0460

4. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

5. Craig Gardner
   1728 Great Oak Dr.
   Baton Rouge, Louisiana  70810
   (225)766-7219

6. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

7. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for

7

NON-CERTIFIED COPY

Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

## INTERROGATORY NO. 6:

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its facility in Kenner, Louisiana.

## ANSWER TO INTERROGATORY NO. 6:

1. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

2. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

3. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

4. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

NON-CERTIFIED COPY

INTERROGATORY NO. 7:

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2009, including any amendments or expansions thereof.

ANSWER TO INTERROGATORY NO. 7:

1. Neal Johnson
   2328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

3. Debra Sanders
   Vice President/Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

4. Craig Gardner
   1728 Great Oak Dr.
   Baton Rouge, Louisiana  70810
   (225)766-7219

5. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

6. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223


Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for

9

NON-CERTIFIED COPY

Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 8:**

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the renovation and relocation of H&E's crane manufacturing facility in Belle Chasse, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid by URS.

**ANSWER TO INTERROGATORY NO. 8:**

1. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

3. Lee Vampran
   Project Administrator
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

4. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for

10

NON-CERTIFIED COPY

Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

## INTERROGATORY NO. 9:

Please identify all persons involved in and/or having knowledge regarding the administration of the construction contracts executed in connection with H&E's Baton Rouge, Louisiana headquarters and dealership facility; H&E's Kenner, Louisiana, and/or H&E's Belle Chasse, Louisiana facility.

## ANSWER TO INTERROGATORY NO. 9:

1. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

3. Kim Nunez
   11731 D Morganhill Ct.
   Baton Rouge, Louisiana 70818

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

## INTERROGATORY NO. 10:

Please identify all communications and correspondence between you and any contractor or potential contractor regarding the installation of concrete at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities, whether during actual construction, pre-construction, post-construction, or during the contract bidding process; and for each such communication or correspondence, please specify: the name of the contractor, the date and medium of the communication or correspondence, the

11

NON-CERTIFIED COPY

nature or subject matter of the communication or correspondence, including who said what, and the outcome of the communication or correspondence.

## ANSWER TO INTERROGATORY NO. 10:

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

## INTERROGATORY NO. 11:

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana, and/or Kenner, Louisiana facilities, and for each such communication or correspondence, please specify: the date and medium of the communication and correspondence, the specific individuals who were party to the communication or correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

## ANSWER TO INTERROGATORY NO. 11:

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

## INTERROGATORY NO. 12:

Please identify all persons involved in and/or having knowledge related to any complaints, discussions, or communications regarding spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities.

NON-CERTIFIED COPY

**ANSWER TO INTERROGATORY NO. 12:**

1. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

2. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

3. Vincent Provenza
   Senior Vice President
   URS Corporation
   3500 N. Causeway Blvd., Suite 900
   Metairie, Louisiana 70002
   (504) 837-6326

4. Tim Gaines
   1140 Fairwinds Ave.
   Zachary, Louisiana  70791
   (225)247-9499

5. Bruce Adams
   URS Corporation
   3500 N. Causeway Blvd., Suite 900
   Metairie, Louisiana 70002
   (504) 837-6326

6. Alan Cohen
   7320 N. MoPac, Suite 211
   Austin, TX 78731
   (512)346-5558

7. Scott Hillman
   Group Counsel
   URS Corporation
   9400 Amberglen Blvd.
   Austin, Texas  78729
   (512) 419-6373

8. Brad Reese
   Senior Project Manager
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

NON-CERTIFIED COPY

9. Bruce Lelong
   3500 N. Causeway Blvd., Suite 900
   Metairie, Louisiana 70002
   (504) 837-6326

10. Debra Sanders
    Vice President/Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70808
    (225) 922-5700

**INTERROGATORY NO. 13:**

Please identify all persons involved in and/or having knowledge regarding URS' decision not to repair or pay for repairs to the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities as a result of spalling and/or other concrete deterioration.

**ANSWER TO INTERROGATORY NO. 13:**

1. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70808
   (225) 922-5700

2. Vincent Provenza
   Senior Vice President
   3500 N. Causeway Blvd., Suite 900
   Metairie, Louisiana 70002
   (504) 837-6326

3. Alan Cohen
   7320 N. MoPac, Suite 211
   Austin, TX 78731
   (512)346-5558

4. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

5. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

14

NON-CERTIFIED COPY

Received Nov-25-2015 12:28pm
Case 3:18-cv-00690-BAJ-RLB    Document 4-4    07/16/18    Page 47 of 401

<u>**INTERROGATORY NO. 14:**</u>

Please identify the name and employer of the "civil engineering consultant" identified the Neal Johnson's March 18, 2013 email correspondence to Frankie Wynn, to whom Mr. Johnson purportedly forwarded a CPR in connection with H&E's Kenner, Louisiana project.

<u>**ANSWER TO INTERROGATORY NO. 14:**</u>

> Tim Gaines
> 1140 Fairwinds Ave.
> Zachary, Louisiana  70791
> (225)247-9499

<u>**INTERROGATORY NO. 15:**</u>

Please identify all persons involved in the certification of and/or having knowledge regarding the substantial completion of H&E's Baton Rouge, Louisiana facility and/or Kenner, Louisiana facility, including without limitation the submission and resolution of any punch list items.

<u>**ANSWER TO INTERROGATORY NO. 15:**</u>

> 1. Neal Johnson
>    12328 Lake Sherwood Ave.
>    Baton Rouge, Louisiana 70816
>    (225)293-5506
>
> 2. Thomas Ryan
>    Senior Architect
>    URS Corporation
>    7389 Florida Blvd., Ste. 300
>    Baton Rouge, Louisiana 70806
>    (225) 922-5700

Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

NON-CERTIFIED COPY

<u>INTERROGATORY NO. 16:</u>

Please identify all persons present at any walk-thrus or inspections conducted at H&E's Baton Rouge, Louisiana facility site and/or Kenner, Louisiana facility site in response to or in connection with concerns or issues regarding the concrete lots at the facilities:

<u>ANSWER TO INTERROGATORY NO. 16:</u>

1.  Debra Sanders
    Vice President/ Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70808
    (225) 922-5700

2.  Alan Cohen
    7320 N. MoPac, Suite 211
    Austin, TX 78731
    (512)346-5558

3.  Neal Johnson
    12328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

4.  Thomas Ryan
    Senior Architect
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70806
    (225) 922-5700

5.  Tim Gaines
    1140 Fairwinds Ave.
    Zachary, Louisiana 70791
    (225)247-9499

6.  John Schexnayder
    4908 Legend Dr.
    Baton Rouge, Louisiana 70817
    (225)910-1736

7.  Murray McCullough
    11328 Pennywood Ave.
    Baton Rouge, Louisiana 70809
    (225)368-2475

Defendants submit that further answers to this interrogatory may be derived or

ascertained in large part from URS's business records, including electronically stored

information or from an examination, audit, or inspection of these business records,

16

NON-CERTIFIED COPY

including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 17:**

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed problems or deficiencies in the design and/or construction of H&E's Baton Rouge, Louisiana facility; Kenner, Louisiana facility; and/or Belle Chasse, Louisiana facility, and for each such communication or correspondence, please specify: the date and medium of the communication and correspondence, the specific individuals who were party to the communications or correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

**ANSWER TO INTERROGATORY NO. 17:**

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 18:**

Please identify and fully explain the factual basis of your allegation that H&E failed to maintain the properties and/or improvements at issue in this litigation, as alleged in the Twelfth Defense of your Answer, Affirmative Defenses and Reconventional Demand on Behalf of All Defendants.

**ANSWER TO INTERROGATORY NO. 18:**

**OBJECTION.** Defendants object to Interrogatory No. 18 as premature as discovery in this matter is ongoing and others who may be at fault for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving the same, Defendants contend that H&E's failure to keep the joints in the Paved Surfaces free and clear of

17

NON-CERTIFIED COPY

debris, mud, gravel, etc. causing and greatly contributing to the conditions complained

of by H&E.    Defendants reserve the right to supplement their answer to this

Interrogatory as discovery progresses.

**INTERROGATORY NO. 19:**

Please identify and fully explain the factual basis of your allegation that the
damages alleged in this litigation were caused by "normal wear with regard to the
surfaces at issue herein," as alleged in the Twelfth Defense of your Answer, Affirmative
Defenses and Reconventional Demand on Behalf of All Defendants.

**ANSWER TO INTERROGATORY NO. 19:**

**OBJECTION.** Defendants object to Interrogatory No. 19 as premature as discovery in

this matter is ongoing and others who may be at fault for H&E's alleged damages have

yet to be identified. Subject to this objection and without waiving the same, Defendants

contend that H&E's activities on the Paved Surfaces have caused the damages that H&E

alleges in this litigation. Defendants reserve the right to supplement their answer to this

Interrogatory as discovery progresses.

**INTERROGATORY NO. 20:**

Please identify all "others" whose actions or fault caused H&E's alleged damages
in this litigation, as alleged in the Thirteenth Defense of your Answer, Affirmative
Defenses and Reconventional Demand on Behalf of All Defendants.

**ANSWER TO INTERROGATORY NO. 20:**

**OBJECTION.** Defendants object to Interrogatory No. 20 as premature as discovery in

this matter is ongoing and others who may be at fault for H&E's alleged damages have

yet to be identified. Subject to this objection and without waiving the same, Defendants

contend that H&E is at fault in causing the damage by virtue of its lack of maintenance

and care of the Paved Surfaces.    Defendants reserve the right to supplement their

answer to this Interrogatory as discovery progresses.

**INTERROGATORY NO. 21:**

Please identify by customer and address all other facilities constructed for use as
yards for the storage and/or maintenance of tracked construction equipment for which
you have provided professional design and/or contract administration services.

18

NON-CERTIFIED COPY

## ANSWER TO INTERROGATORY NO. 21:

**OBJECTION.** Defendants object to Interrogatory No. 21 as vague and overbroad and seeking irrelevant information, where the Interrogatory does not differentiate between paved and unpaved yards for the storage and/or maintenance of tracked construction equipment and is further not limited to any branch or division of URS, a global company. Further answering and without waiving any objection, relative to paved yards for to the storage and/or maintenance of tracked construction equipment, this information has been requested and will be provided upon receipt.

## INTERROGATORY NO. 22:

Please identify the date(s) of any discovery hold communication(s) issued in connection with this matter.

## ANSWER TO INTERROGATORY NO. 22:

A litigation hold was issued on September, 2013 and remains in place at the present.

## INTERROGATORY NO. 23:

To the extent not encompassed by the requests above, please identify by name, position or title, address and phone number each person who has or may have knowledge regarding the events and allegations at issue in this litigation, and provide for each such person a brief description of his or her testimony.

## ANSWER TO INTERROGATORY NO. 23:

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

## INTERROGATORY NO. 24:

Please identify each document, communication, and/or exhibit you intend to offer at the trial of this matter.

19

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 24:</u>

<u>OBJECTION</u>.  Defendants object to Interrogatory No. 24 as premature as discovery is

ongoing and Defendants have yet to determine each and every witness that they may

call at any trial or hearing in this matter. Defendants further object to the extent that the

Interrogatory requires information as to the mental impressions and work-product of

Defendants' attorneys.

<u>INTERROGATORY NO. 25:</u>

     Please identify each person who may or will offer testimony on your behalf at
the trial of this matter as a fact or expert witness, and provide for each such person a
description of his or her anticipated testimony.

<u>ANSWER TO INTERROGATORY NO. 25:</u>

<u>OBJECTION</u>.  Defendants object to Interrogatory No. 25 as premature as discovery is

ongoing and Defendants have yet to determine each and every witness that they may

call at any trial or hearing in this matter. Additionally, Defendants object to this

Interrogatory to the extent that it calls for speculation as to the testimony of others.

Defendants further object to the extent that the Interrogatory calls for speculation as to

the testimony of others and to the extent that the Interrogatory requires information as

to the mental impressions and work-product of Defendants' attorneys.

     The foregoing Responses are based upon the information that Defendants

currently have in their possession and Defendants reserve the right to supplement or

amend their Responses as additional information becomes available. Additionally,

Responses to Plaintiff's Interrogatories in no way represent waivers of any privileges

that might be applicable.

20

NON-CERTIFIED COPY

Received                        25/11/2015 12:06:37 CST

Respectfully submitted,

ADAMS AND REESE LLP

Philip A. Franco (La. Bar #5819), T.A.
Kellen Matthews (La Bar #31860)
4500 One Shell Square
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210

COUNSEL FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE,
P.C.; URS CORPORATION; L.
O'NEAL RYAN AND THOMAS E.
RYAN, III

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading was served

upon all counsel of record via e-mail and/or United States Mail, postage prepaid and

properly addressed, this _10_ day of December, 2014.

Kellen J. Mathews

22

NON-CERTIFIED COPY

Case 3:18-cv-00090-BAJ-RLB    Document 4-4    Filed 01/29/18    Page 55 of 401

| | |
|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | **CASE NO. C626308, SECTION D** |
| versus | **19th JUDICIAL DISTRICT COURT** |
| **URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III** | **PARISH OF EAST BATON ROUGE** |
| | **STATE OF LOUISIANA** |

---

### H&E EQUIPMENT SERVICES, INC.'S
### THIRD SET OF INTERROGATORIES AND SECOND SET
### OF REQUESTS FOR PRODUCTION TO DEFENDANTS

Pursuant to the Louisiana Code of Civil Procedure and through undersigned counsel, plaintiff, H&E Equipment Services, Inc. ("H&E"), propounds its Third Set of Interrogatories and Second Set of Requests for Production upon defendants, URS Corporation Architecture, P.C., URS Corporation, O'Neal Johnson, and Thomas E. Ryan, III (collectively, "Defendants"), to be answered in writing and under oath within the delays allowed by law, and to be served upon H&E's counsel at Baker Donelson Bearman Caldwell & Berkowitz, PC, 201 St. Charles Street, Suite 3600, New Orleans, Louisiana 70170.

These discovery requests are to be answered in accordance with the definitions and instructions reference herein. *All answers and/or responses are to be verified.*

### INSTRUCTIONS

1.  In answering these discovery requests, you are requested to consult your records and any other documents in your possession, custody, and control, as well as any other source of information that may be available to you, and to furnish all information thus available to you, regardless of whether this information is possessed directly by you or by your partners, directors, officers, attorneys, agents, accountants, employees, representatives, investigators, or experts.

2.  If these discovery requests cannot be answered in full, to the fullest extent possible specify the reasons for your inability to answer fully and provide whatever information or knowledge you do have responsive to the discovery request.

3.  These discovery requests are continuing in nature. You must supplement or amend your prior responses if you obtain information upon the basis of which you know (1) a

**EXHIBIT**
**3**

NON-CERTIFIED COPY

previous response was incorrect when made, or (2) a previous response was correct and complete when made to the best of your knowledge and belief but is no longer true and/or complete.

4.    If your answers to all or any of these discovery requests are derived in whole or in part from any document, please identify the document and include a copy of the document with your responses.

5.    If you oppose or object to any discovery request, identify and explain the grounds of the objection and the legal authority upon which you will rely in response to a motion to compel, as well as any qualification, limitation, or amendment of the request that would resolve your objection.

6.    With respect to any information that you contend is protected from discovery on grounds that the information or any document or communication from which that information is derived is privileged or confidential, you must provide a written statement specifically setting forth, as appropriate, the following information:

    (a)   the dates on which the document or communication was prepared, transmitted, and received;

    (b)   the name and job title of each author, addressee, and recipient of the document or communication;

    (c)   the name and job title of each person who was furnished with or was privy to the document or communication, who had possession of the document or any copy or other manifestation of the document or communication, and/or who had access to the contents of the document or communication;

    (d)   the number of pages in the document or communication (or equivalent measure of length, as appropriate);

    (e)   the nature and subject matter of all information you contend is protected from discovery;

    (f)   the specific basis for asserting that the information, document, and/or communication is privileged or confidential;

    (g)   the precise legal and factual basis upon which the privilege or other asserted ground for non-production is claimed; and

    (h)   the number of the discovery request or requests to which the information in question is or may be responsive.

2

NON-CERTIFIED COPY

## DEFINITIONS

As used herein, the following words have the following meanings:

1. The unqualified term **"Person"** shall encompass both natural and juridical persons, including human beings; corporations; partnerships; associations; joint ventures; unincorporated associations; professional associations; partnerships; or corporations; governmental or political agencies, entities, subdivisions (federal, state, and local); and all other private and public organizations and entities cognizable at law. Where an employee performs some task about which an inquiry is made in these interrogatories as part of his or her employment, "person" shall be deemed to include both the employing and employed person.

2. **"Communication"** is defined as any transmission of information by written, oral, mechanical, magnetic, electronic, optical, digital, laser, photographic, pictorial, or other means, including without limitation documents, personal conversations, telephone calls, meetings, computer bulletin boards and e-mail messages, telegrams, telefacsimile transmissions, wires, and the like.

3. **"Defendants" "You,"** or **"Your"** refers to URS Corporation Architecture, P.C., URS Corporation, O'Neal Johnson, and Thomas E. Ryan, II, collectively, defendants in this matter, and/or their predecessors-in-interests, successors in interest, employees, representatives, agents; and encompasses any one or more of these persons, individually or together, who may have responsive information and/or to whom the request is or may be applicable.

4. **"Project"** refers to any job, assignment, engagement, or otherwise for which one or more of the Defendants have been retained or consulted to provide design or other professional services.

5. **"Paved Surface"** includes any surface covered with paving material, including without limitation, concrete, asphalt, tar, gravel, stone, or any similar material.

6. **"Identify"** means:

   (a)  when used in reference to a natural person, to state his or her full name, date of birth, social security number, present residential address, telephone number,

3

NO LBC 881088 v1
2919213-000024  08/14/2015

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB    Document 4-4    Page 58 of 401

present business affiliation and position, present business address, present business telephone number, and relationship; or, if the above is not known, such information as was last known, or his or her residential address, business affiliation and business address at the time in question;

(b)    when used in reference to a communication, to describe the substance of the communication, all persons making or receiving the communication, the form of the communication (e.g., written or oral), the date and time of the communication, and all documents referring or relating thereto;

(c)    when used in reference to a document, to personify the date, the author(s), the recipient(s), any person(s) receiving a copy, the type of document (e.g., contract, letter, memorandum, tape recording), the subject matter, the number of pages or length, and the current location and custodian of all copies of the document;

(d)    when used in reference to a person other than a natural person, to state whether such Person is a corporation, partnership or other organization, and its name, present or last known address and principal place of its business, and relationship. Once any person has been personified properly, it shall be sufficient thereafter when personifying the same person to state his, her or its name only;

(e)    when used in reference to any act or occurrence, to state the context and all substantive facts of the event or events constituting each act or occurrence and specify the exact location(s), date(s), and person(s) involved in the act or occurrence.

5.    "**Explain**" means to shall mean to specify, describe, define, account for, illustrate, and exemplify, provide all available facts, information, context, background, reasoning, assumptions, deductions, inductions, hypotheses, and/or rationales reasonably necessary to a full and complete understanding of the conclusion, assertion, or premise for which the explanation is required

6.    "**Litigation**" means the above-captioned lawsuit.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify all of Your Projects relating to the design, specification, installation, or construction of concrete or any other Paved Surfaces that you have performed for clients whose business operations include the renting, leasing, sale, maintenance, use, and/or storage of heavy tracked equipment.

4

NON-CERTIFIED COPY

**INTERROGATORY NO. 2:**

For each Project identified in response to Interrogatory No. 1, please identify the following:

     a.     The client for whom the services were provided;

     b.     Location of the Project;

     c.     Nature and scope of the design or other professional services provided;

     d.     Approximate date of completion of the design or professional services;

     e.     Date of substantial completion of the Project;

     f.     The cost of the Project's construction;

     g.     The types of tracked equipment rented, leased, sold, maintained, used, and/or stored at the site;

     h.     The materials used for any Paved Surfaces on which such equipment was to be rented, leased, sold, maintained, used, and/or stored at the site;

     i.     Specifications for any reinforcement for such Paved Surfaces;

     j.     The contractor and/or subcontractors employed for the construction of such Paved Surfaces;

     k.     Whether any problems were observed with such Paved Surfaces during and/or subsequent to construction, including but not limited to spalling,    cracking,    or other signs of deterioration; and

     l.     Any recommendations or specifications provided to the client regarding maintenance or repair of the Paved Surfaces, both short term and long term.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all documents reflecting Your specifications for any concrete or other Paved Surfaces for all Projects identified in response to Interrogatory No. 1 above.

NO LEC 881088 v1
2919213-000024  08/14/2015

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN**
**CALDWELL & BERKOWITZ, PC**

BY _____

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT**
**SERVICES, INC.**

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on August 18, 2015, the foregoing was served on all

known counsel of record who have appeared in this matter by facsimile and placing same in the

United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
LAURA E. CARLISLE

6

NO LEC 881088 v1
2919213-000024 08/14/2015

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES   *   SUIT NO. 626,308   DIV.: D

          *   19ᵀᴴ JUDICIAL DISTRICT COURT

VERSUS         *

          *   PARISH OF EAST BATON ROUGE

URS CORPORATION     *

ARCHITECTURE, P.C., URS   *   STATE OF LOUISIANA

CORPORATION, L. O'NEAL

JOHNSON AND THOMAS E. RYAN,

III

---

### DEFENDANTS' ANSWERS TO THIRD SET OF INTERROGATORIES
### AND SECOND SET OF REQUESTS FOR PRODUCTION
### OF DOCUMENTS

TO:   H&E Equipment Services, Inc.
    Through its Counsel of Record
    Roy C. Cheatwood
    Baker Donelson Bearman Caldwell & Berkowitz
    201 St. Charles Avenue, Suite 3600
    New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), answer the Third Set of Interrogatories and Second Requests for

Production of Documents of Plaintiff as follows:

### GENERAL OBJECTIONS

1.   Defendants object to the Interrogatories and Requests for Production of
   Documents to the extent they seek disclosure of information protected from
   discovery by the attorney-client privilege, the work product doctrine, or
   otherwise protected as confidential or privileged by any other applicable
   privilege or exemption.

2.   Defendants object to the Interrogatories and Requests for Production of
   Documents to the extent that they are overly broad, unduly burdensome, seek
   documents which are not described with reasonable particularity and seek

1

EXHIBIT
4

NON-CERTIFIED COPY

information that is not relevant to the subject matter involved in the pending action and are not reasonably calculated to lead to the discovery of admissible evidence.

3.   Defendants object to the Interrogatories and Requests for Production of Documents to the extent that they purport to require searches of files and the production of documents in the possession or at the control of another party.

4.   Defendants object to the Interrogatories and Requests for Production of Documents to the extent that they seek information not reasonably available to Defendants or that is obtainable by Plaintiff from some other source that is more convenient, less burdensome, or less expensive; or seeks to impose unreasonable and oppressive obligations to compile and present information in a form and manner other than that in which it is customarily prepared or maintained.

5.   Defendants object to the Interrogatories and Requests for Production of Documents to the extent that that may be construed to seek personal or proprietary information.

6.   Defendants object to the Interrogatories and Requests for Production of Documents to the extent that they purport to impose definitions that differ from normal English usage.

7.   By responding to an Interrogatory with a defined term, Defendants are not by implication agreeing with any such definition.

8.   Defendants' responses are made without in any way waiving the right to object, on grounds of competency, relevancy, materiality, privilege, admissibility, or any other ground, to the use of its responses or produced documents in any proceeding in this action or any other action.

NON-CERTIFIED COPY

9.      Defendants object to the Interrogatories and Requests for Production of
Documents to the extent they seek information outside the scope of permissible
discovery.

10.     Defendants object to the Interrogatories and Requests for Production of
Documents to the extent they seek irrelevant information the production of
which would needlessly increase the costs of this litigation.

11.     These general objections shall be deemed continuing to each discovery request
and are not waived, nor in any way limited, by the following responses:

12.     In addition to the general objections of Defendants, Defendants object on the
grounds that Plaintiff has served more than thirty-five interrogatories and
Plaintiff has failed to seek leave to serve additional interrogatories, requiring a
contradictory hearing and good cause shown for why the additional
interrogatories are necessary. La. Code Civ. Proc. Art. 1457(B).


## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify all of your projects relating to the design, specification,
installation or construction of concrete or any other paved surfaces that you have
performed for clients whose business operations include the renting, leasing, sale,
maintenance, use, and/or storage of heavy tracked equipment.

### ANSWER TO INTERROGATORY NO. 1:

OBJECTION. Defendants object to Interrogatory No. 1 as overbroad, harassing, unduly
burdensome, and seeking information that is either irrelevant or not reasonably
calculated to lead to the discovery of admissible evidence.

### INTERROGATORY NO. 2:

For each project identified in response to Interrogatory No. 1, please identify the
following:

a.      the client for whom the services were provided;

b.      location of the project;

3

NON-CERTIFIED COPY

    c.    nature and scope of the design or other professional services provided;

    d.    approximate date of completion of the design or professional services;

    e.    date of substantial completion of the project;

    f.    the cost of the project's construction;

    g.    the types of tracked equipment rented, leased, sold, maintained, used and/or stored at the site;

    h.    the materials used for any paved surfaces on which such equipment was to be rented, leased, sold, maintained, used and/or stored at this site;

    i.    specifications for any reinforcement for such paved surfaces;

    j.    the contractor and/or subcontractors employed for the construction of such paved surfaces;

    k.    whether any problems were observed with such paved surfaces during and/or subsequent to construction, including but not limited to, spalling, cracking, or other signed of deterioration; and

    l.    any recommendations or specifications provided to the client regarding maintenance or repair of the paved surfaces, both short term and long term

**ANSWER TO INTERROGATORY NO. 2:**

OBJECTION. Defendants object to Interrogatory No. 2, including subparts (a) through

(l) as overbroad, harassing, unduly burdensome, and seeking information that is either

irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.


**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

    Please produce all documents reflecting your specifications for any concrete or other paved surfaces for all projects identified in response to Interrogatory No. 1 above.

NON-CERTIFIED COPY

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 1:</u>

OBJECTION. Defendants object to Request No. 1 as overbroad, harassing, unduly burdensome, and seeking information that is either irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

ADAMS AND REESE LLP

Philip A. Franco    (La. Bar #5819), T.A.
Ron Sholes    (La. Bar #14436)
Kellen Mathews    (La Bar #31860)
4500 One Shell Square
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
*Counsel for Defendants*

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading was served upon all counsel of record via e-mail and/or United States Mail, postage prepaid and properly addressed, this 2nd day of September, 2015.

Kellen J. Mathews

6

NON-CERTIFIED COPY

## Carlisle, Laura

**From:** Phil Franco <Phil.Franco@arlaw.com>
**Sent:** Tuesday, October 06, 2015 3:50 PM
**To:** Carlisle, Laura
**Cc:** Kellen Mathews; Ron Sholes
**Subject:** discovery conference

Laura,

This is to confirm the discovery conference we had today by telephone. With respect to H & E's amended and supplemental responses to interrogatory number 3 of our first set of interrogatories:

1) Alexandria location – you will respond whether there is spalling at the expansion joints (those joints that are cut to the bottom of the pavement)

2) Lake Charles location – you will respond whether the expansion joints are void of any material

3) Shreveport location – you will respond as to whether the expansion joints are void of any materials and whether there is any spalling at the expansion joints

4) Raleigh location – you will respond whether there is any spalling at the expansion joints

5) Winston location – you will respond whether there is any spalling at or near the armored expansion joints, that is, including at the edge of the armored plates

6) Dallas location – you will respond whether the expansion joints are void of any material

With respect to H and E's answers to our 2nd set of requests for production of documents, you will respond within 3 weeks of whether or not H and E has possession custody or control of all the documents requested and will produce all such unprivileged documents.

With respect to H and E's response to our 2nd set of interrogatories you have maintained your objection to numbers 1,2 and 4 on the basis that such requests are premature. You have confirmed that you have no experts at this time in response to interrogatory number 3.

With respect to our answers to your 2nd set of interrogatories:

1) with respect to interrogatory 18 we have explained the factual basis of our allegation

2) with respect to interrogatory 19 we have further explained that H and E's activities in loading and unloading metal tracked heavy equipment is the normal wear with regard to the surfaces at issue

3) with respect to interrogatory number 20, we are not aware at this time of any other's actions or fault that have caused H&D's alleged damages

4) with respect to interrogatory number 21 we maintain our objection on the same basis as previously advised in a prior discovery conference, that is, that the request is overly broad and irrelevant. In addition, as we previously advised, what we do at other facilities does not set the standard of care

1

EXHIBIT
5

NON-CERTIFIED COPY

5j With respect to interrogatory numbers 24 and 25, we advised that until we know the details of your alleged deficiencies, acts, and omissions as well as alleged damages we do not know who we will need or use as witnesses or exhibits.

If any of the above is not accurate, then please explain in writing. Regards,

Phil



**Phil Franco**
Partner
Admitted in Louisiana, Texas, and the District of Columbia

701 Poydras Street, Suite 4500 | New Orleans, LA 70139
**main** 504.581.3234 | **direct** 504.585.0291 | **mobile** 504.914.8837
**efax** 504.553.9780 | **fax** 504.566.0210

phil.franco@arlaw.com

**website bio vCard map**

---

**From:** Carlisle, Laura [mailto:LCarlisle@bakerdonelson.com]
**Sent:** Tuesday, October 06, 2015 2:00 PM
**To:** Phil Franco; Kellen Mathews
**Subject:** Can we push back to 2:30?

**Laura E. Carlisle**
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Office: 504.566.5200
Direct:  504.566.8643
Facsimile: 504.585.6943
E-mail:  lcarlisle@bakerdonelson.com
www.bakerdonelson.com

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For®" for Six Years in a Row!**

---

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB    Document 4-4    Nov 25 2015 12:38pm    Page 69 of 401

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

### FIRST SET OF INTERROGATORIES

TO:   H&E Equipment Services
      Through its Attorneys of Record
      Roy C. Cheatwood
      Anne Derbes Wittmann
      M. David Kurtz
      Matthew C. Juneau
      Baker Donelson Bearman Caldwell & Berkowitz
      201 St. Charles Avenue, Suite 3600
      New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), by their attorneys, Adams and Reese LLP, propound the following

Interrogatories to Plaintiff, H&E Equipment Services, Inc. ("Plaintiff"), to be answered

fully, separately, in writing, and under oath, and to be answered within the delays

allowed by law, pursuant to the Louisiana Code of Civil Procedure.  Pursuant to the

rules of this Court, you are hereby requested to answer the following Interrogatories

and return them to the law offices of Philip A. Franco, Adams and Reese 4500 One Shell

Square, New Orleans, Louisiana 70139 within fifteen (15) days of service, and to attach

the requested documents at that time.

### DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the terms "you," "your," or "yourself" refers to H&E
Equipment Services, including without limitation, all present and/or former
agents, representative, and attorneys, and each person acting or purporting to act
on their behalf.

EXHIBIT

6

NON-CERTIFIED COPY

2.      As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.      As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.      The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced. Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind. The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.      If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability. If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.      If any information requested herein is claimed to be privileged or otherwise protected from discovery, Plaintiff is requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:
   a.      its author;
   b.      the date of its creation;
   c.      the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
   d.      its general nature and subject matter;
   e.      its present location and custodian; and
   f.      the basis upon which it is claimed to be privileged or otherwise protected from discovery.

7.      "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB    Document 4-4    07/20/18    Page 71 of 401

8.      "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

9.      "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

10.     "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

11.     "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be attached to your answer.

12.     "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

13.     "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

14.     Each request is addressed to the personal knowledge of Plaintiff, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

15.     Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief. Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

16.     The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

NON-CERTIFIED COPY

17.    The following rules of construction apply to all discovery requests:

(a)    All/Each. The terms "all" and "each" shall be construed as all and each.

(b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c)    Number. The use of the singular form of any word includes the plural and vice versa.

## INTERRROGATORIES

**INTERROGATORY NO. 1:** Please Describe the types of tracked equipment, that have been operated, loaded, unloaded, stored or parked on the concrete paved surfaces (hereinafter "Paved Surfaces") of the H&E sites or locations in Baton Rouge and Kenner.

**INTERROGATORY NO. 2:** Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge and Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

**INTERROGATORY NO. 3:** With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

(h)    whether any of the expansion/construction joints have reinforced or armored joints, and if so, Describe such reinforcement or armor applicable at each location or site;

(i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

NON-CERTIFIED COPY

(j) any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k) any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l) any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m) the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Services, including the expansion/construction joints in the same;

(n) the results of any such repairs, replacements or maintenance;

(o) the cost of any such repairs, replacements or maintenance.

**INTERROGATORY NO. 4:** Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to conduct these repairs, replacements or maintenance.

**INTERROGATORY NO. 5:** Please Identify any and all locations or sites that have been owned or leased by H&E on which the types of tracked equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete( hereinafter "Unpaved Surfaces") , and for each such location please Identify:

(a) the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b) the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c) the reasons this surface was used instead of a Paved Surface;

(d) the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e) any maintenance program applicable to these Unpaved Surfaces;

(f) any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g) the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h) the results of such repairs, replacements or maintenance; and

(i) the cost of any such repairs, replacements or maintenance.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served

upon all counsel of record via United States mail, properly addressed, and first class

postage prepaid and via email, this the 17th day of April, 2015.

_____

Kellen J. Mathews

NON-CERTIFIED COPY

Received

H&E EQUIPMENT SERVICES     *     SUIT NO. 626,308    DIV. D

VERSUS     *     19TH JUDICIAL DISTRICT COURT

URS CORPORATION     *     PARISH OF EAST BATON ROUGE
ARCHITECTURE, P.C., URS
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS E. RYAN,     *     STATE OF LOUISIANA
III

---

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

---

MAY IT PLEASE THE COURT:

     Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"), respectfully submit this Memorandum in Support of their Motion to Compel Discovery Responses from Plaintiff, H&E Equipment Services, Inc. As is set forth more fully herein, Plaintiff has failed and/or refused to provide responses or produce documents responsive to Defendants' reasonable Interrogatories and Requests for Production of Documents and as such, Defendants are entitled to an Order of this Court compelling discovery pursuant to La. Code Civ. Proc. art. 1469, including attorney's fees and costs associated with this Motion to Compel.

### I.    INTRODUCTION

     Plaintiff seeks damages for what it asserts were "deficient designs and specifications prepared by URS for the construction and renovation of H&E facilities in Baton Rouge, Kenner, and Belle Chase, Louisiana between 2006 and 2013."[1] Plaintiff has pleaded that Defendants breached a duty to design the several H&E projects to "appropriate industry standards and/or in accordance with the required standard of care ordinarily exercised by others in the same profession."[2] Defendants propounded

---

[1] Pltff. Mem in Supp. of Mot. to Compel at p.1.
[2] Pltff. Pet. at. ¶16.

1


EXHIBIT
7

NON-CERTIFIED COPY

Interrogatories and Requests for Production germane to the issues set forth in Plaintiff's

Petition and Defendants' defenses, yet Defendants have been denied information and

responsive materials relative to key components of Plaintiff's claims and the respective

defenses thereto.

## II.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff, H&E Equipment Services, Inc. ("H&E") contracted with URS

Corporation Architecture, P.C. and its affiliates or subsidiaries ("URS") to perform

consulting and professional engineering services in connection with construction and

renovation at H&E's Baton Rouge, Kenner and Belle Chase locations (collectively

referenced herein as "the Projects"). In November, 2013, H&E filed the instant lawsuit

asserting a breach of standards of care on the part of URS in connection with the

Projects.

*H&E's Allegations*

H&E in its Petition for Damages essentially asserts, *inter alia,* that:

- "URS has breached its agreement with H&E by... failing to design the
  Projects in accordance with appropriate industry standards and/or in
  accordance with the required standard of care ordinarily exercised by
  others in the same profession."[3]

- "URS ... failed to exercise the ordinary skill, care and diligence in
  designing, and managing the construction of the Projects"."[4]

H&E's claims are primarily rooted in issues allegedly experienced with regard to

"major portions of the concrete parking aprons and staging areas for H&E's heavy

equipment" at its Baton Rouge and Kenner locations.[5] H&E complains that these areas

"at both facilities began experiencing a substantial and unanticipated amount of

cracking, spalling and deterioration" as a result of "errors and defects in the design of

---

[3] Pltff. Pet. at ¶16.
[4] Pltff. Pet. at ¶18.
[5] Pltff. Pet. at ¶13.

2

NON-CERTIFIED COPY

the parking and staging areas."[6]  H&E specifically avers that "the design deficiencies relate to the defective and negligent design of the concrete pad, the expansion joints, the control joints, the specified concrete strength, and/or the specified surface of the parking and staging areas."[7]

*Defendants' Defenses and Reconventional Demand*

Defendants assert that they did not deficiently design the plans and specifications. With respect to the primary allegations concerning the concrete staging area for H&E's heavy tracked equipment, Defendants assert, among other defenses, that concrete, rather than limestone, was required by zoning regulations for the staging area for H&E's heavy tracked equipment; that the design was pursuant to appropriate industry standards; that any damages were caused by H&E's lack of proper maintenance and normal wear and tear; that H&E failed to mitigate any damages; and that H&E is not entitled to damages by virtue of the express terms of the Agreement between these sophisticated public companies.

Defendant, URS Corporation Architecture, P.C. (URS), has also asserted a reconventional demand against H&E for over $200,000.00 past due for URS's services rendered pursuant to the Agreement between these parties. URS also asserts that H&E has been unjustly enriched by using all the facilities constructed pursuant to the design and specifications provided by URS without fully paying URS for the services provided.

*Defendants' Reasonable Discovery Requests*

Defendants propounded their First Set of Requests for Production on Plaintiff through its counsel of record on November 14, 2014. Defendants' discovery requests were calculated to elicit the production of materials relevant to H&E's claims and Defendants' defenses.[8]  Subsequently, on April 17, 2015, Defendants propounded their

---

[6] *Id.*
[7] *Id.*
[8] Exhibit "A"- Def. 1st Set of Req. for Prod at Req. No. 5; Req. No. 32(g); and Req. No. 36.

NON-CERTIFIED COPY

Received                      Nov 25 2015 12:43pm
Case 3:18-cv-00590-BAJ-RLB    Document 4-4   07/16/18   Page 79 of 401

First Set of Interrogatories on Plaintiff through its counsel of record.[9]  Here again, Defendants' Interrogatories were calculated to elicit the production of information relevant to H&E's claims and Defendants' defenses.

### *H&E has Refused and/or Failed to Provide the Requested Documents*

On December 23, 2014 Plaintiff provided written responses to Defendants' Requests for Production.[10] Plaintiff, in its written responses to Defendants' Requests for Production, objected outright and refused to produce documents with regard to several Requests for Production.

Upon receipt of Plaintiff's responses and review of the same, defense counsel contacted Plaintiff's counsel to schedule a discovery conference to address Plaintiff's deficient responses to eighteen (18) distinct Requests for Production.  A discovery conference was held on January 7, 2015 wherein counsel for both parties participated and addressed the outstanding discovery issues.  Plaintiff maintained its objection to several of the Requests and also agreed to provide a Protective Order to facilitate the exchange of documents.  To date, Plaintiff has failed to produce documents responsive to Defendants' Requests for Production Numbers 5, 6, 18, 20 and 36.

### *H&E has Refused and/or Failed to Provide Responses to the Interrogatories*

On May 4, 2015, Plaintiff produced its responses to Defendants' Interrogatories.[11] Because these responses consisted of objections to all but one of Defendants' reasonable Interrogatories, counsel for Defendants scheduled a discovery conference, with Plaintiff's counsel's consent, for May 8, 2015.  In this discovery conference, Plaintiff maintained its objections to all but one of Defendants' Interrogatories and has refused to provide substantive responses to the same.

---

[9] Exhibit "B"- Def. 1st Set of Interrog.
[10] Exhibit "C"- Pltff.'s Resp. to Req. for Prod.
[11] Exhibit "D"- Pltff. Resp. to Def. 1st Set of Interrog.

NON-CERTIFIED COPY

### III. LAW & ARGUMENT

*A. Legal Standard on Motion to Compel*

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.[13] Although the information may not be admissible at trial, it is discoverable so long as it appears reasonably calculated to lead to the discovery of admissible evidence.[14]

It is well-settled that Courts must liberally and broadly construe discovery statutes to achieve their intended objectives.[15] These objectives include: (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims.[16]

Pursuant to Article 1462 of the Louisiana Code of Civil Procedure, the "party submitting the request may move for an order under Article 1469 with respect to any objection to or other failure to respond to the request, or any part thereof, or any failure to permit inspection as requested."

Article 1469 of the Louisiana Code of Civil Procedure, provides in pertinent part:

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

***(2) If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a corporation or other entity fails to make a designation under Articles 1442 or 1448, or a party fails to answer an interrogatory submitted under Article 1457, *or if a party, in response to a request for inspection submitted under Article 1461, fails to respond that inspection will be permitted as requested or*

---

[13] La. Code. Civ. Proc. art. 1422.

[14] *Id.*

[15] *Testa Distributing Co., Inc. v. Terver,* 584 So.2d 300 (La.App. 1 Cir.1991).

[16] *Hodges v. Southern Farm Bureau Casualty Insurance Company,* 433 So.2d 125 (La.1983); *Cantrelle Fence and Supply Co., Inc. v. Allstate Insurance Company,* 550 So.2d 1306 (La.App. 1st Cir.1989).

5

NON-CERTIFIED COPY

*fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request...*

**\*\*\***

*(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.*

> B.    *The Documents Sought in the Requests for Production Are Relevant and Reasonably Calculated to Lead to the Discovery of Admissable Evidence.*

> 1.  *Requests No. 5 and 36*

H&E objected to the production of documents in response to Defendants' Requests for Production No. 5 and No. 36 which provide as follows:

> <u>REQUEST FOR PRODUCTION NO. 5:</u> Please produce copies of any and all Documents concerning communications relating to alternative designs considered by You for the Projects.

> <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5:</u>  H&E objects to Request for Production No. 5 as overbroad and vague in its request for communications and information regarding undefined "alternative designs." H&E further objects to the extent this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as "alternative" designs are irrelevant to the claims in this litigation. That said, to the extent that there were any communications regarding "alternative designs," such communications would have been with URS, and to that extent, URS is referred to H&E's objections and response to Request for Production No. 1.

> <u>REQUEST FOR PRODUCTION NO. 36:</u>  Please provide copies of any and all Documents relating to any and all alternatives to the design, engineering or construction of the Paved Surfaces including alternatives considered: (1) during the design and engineering stage, (2) during the construction of the Paved Surfaces, (3) upon completion and (4) prior to discovery of problems or deficiencies in the Paved Surfaces; and (5) at any time since the discovery of problems and deficiencies in the Paved Surfaces.

> <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 36:</u>  Please see H&E's objections and responses to Request for Production No. 1, 13, and 14.

In the discovery conference on January 7, 2015, the parties discussed these responses

and clarified that Requests No. 5 and No. 36 were limited to alternative designs relative

to the paved areas at issue and included H&E's discussions with URS as well as other

NON-CERTIFIED COPY

Received                          Nov 25 2015 12:45pm
Case 3:18-cv-00690-BAJ-RLB    Document 4-4    07/16/18    Page 82 of 401

persons.[17]  H&E indicated that it anticipated that materials exchanged with URS or contractors following the beginning of construction on the projects responsive to Request No. 5 should be included in H&E's production of project files and all non-privileged information relative to the Projects.[18]  However, with respect to any of what counsel for H&E termed "pre-construction" documents relative to alternative designs in connection with the Projects, H&E maintained its objection as to relevance.[19]

H&E essentially claims in this suit that Defendants should have used alternative designs or specifications.  It is, therefore, relevant to determine what alternative designs or specifications were considered by H&E at any time.  Such alternative designs or specifications are relevant to the standard of care.  Communications that involved H&E regarding any alternative designs or specifications are relevant regardless of when such communications took place.  The objection to pre-construction communications is meritless.

2.  *Request No. 6*

H&E objected to the production of documents in response to Defendants' Request for Production No. 6 which provides as follows:

REQUEST FOR PRODUCTION NO. 6: Please produce copies of any and all Documents concerning communications relating to budgeting for the Projects.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:  H&E objects to Request for Production No. 6 as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admission evidence.  H&E's "budgeting" for the Projects is irrelevant to the claims in this litigation.

Essentially, H&E asserts that a different design or specification should have been used in the concrete staging area, and that more parking spaces should have been provided.  Both would have cost more money for H&E in original construction.  Consequently, it is relevant for Defendants to be able to show that such increased costs

---

[17] Exhibit "D" - Jan 7, 2015 E-mail regarding Discovery Conference.
[18] *Id.*
[19] *Id.*

NON-CERTIFIED COPY

would have exceeded H&E's budget for the Projects. In other words, it is relevant to

show that H&E now wants a Cadillac when it only budgeted for a Chevy.

### 3. Request No. 18

H&E objected to the production of documents in response to

Defendants' Request for Production No. 18 which provides as follows:

> REQUEST FOR PRODUCTION NO. 18: Please produce copies of any and all
> Documents including but not limited to reports, letters, correspondence,
> journals, treatises, memoranda, or materials with regard to the "industry
> standards" and/or "required standard of care" referenced in Paragraph 16 of
> your Petition or any other standard of care that you contend is applicable in this
> case.

> RESPONSE TO REQUEST FOR PRODUCTION NO. 18: H&E objects to
> Request for Production No. 18 as premature and insofar as it seeks information
> protected from disclosure by the attorney-client privilege and/or work product
> doctrine. Subject to and without waiving this objection and the General
> Objections above, H&E will produce its expert report(s) and any other
> documents responsive to this request in accordance with the scheduling order(s)
> entered by the Court in this case.

H&E claims it is premature to find out what "industry standard" or "standard of

care" it referenced or asserted applied in Paragraph 16 of its Petition when it filed suit.

Defendants are entitled to know what H&E relied on to assert the applicable standard

of care or industry standard when H&E filed suit against Defendants. How can it be

premature to find out what standard H&E alleged was not met when it filed this suit?

If H&E had information on such industry standard, then Defendants are entitled

to such information to defend this suit. If H&E had no such information when it filed

this suit, then to make such an allegation without a basis goes to H&E's credibility.

### 4. Request No. 20

H&E objected to the production of documents in response to Defendants'

Request for Production No. 20 which provides as follows:

> REQUEST FOR PRODUCTION NO. 20: Please produce a copy of any and all
> Documents in your possession that you contend establish or illustrate the
> "negligent acts and/or omissions" that you attribute to URS in Paragraph 18 of
> your Petition.

8

NON-CERTIFIED COPY

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**  Please see H&E's objections and responses to Request for Production Nos. 1 and 18.

H&E claimed when it filed this suit that URS was guilty of "negligent acts and/or omissions." Yet, H&E claims it is premature for URS to find out what facts or standards H&E relied on when it made the allegations in this suit.   Again, how can it be premature to find out what facts and standards H&E relied on to file this suit? If H&E had information on which to base its allegation of negligent breach of a standard, Defendants are entitled to know such information in order to defend this suit. If H&E had no such information of a standard or breach thereof, then to make such allegation without a basis goes to H&E's credibility.

*C. The Information Sought by Way of Defendants' Interrogatories Is Relevant and Reasonably Calculated to Lead to the Discovery of Admissible Evidence.*

In response to Interrogatories No. 2 through 5, Plaintiff responded with objections of overbroadness and irrelevance which provide as follows:

**INTERROGATORY NO.2:**  Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

**RESPONSE TO INTERROGATORY NO. 2:**
H&E objects to Interrogatory No. 2 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E —owned or —leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

**INTERROGATORY NO. 3:**
With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:
(a)   the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;
(b)   the date when the Paved Surface was first installed at each respective location;
(c)   the entity or person(s) who designed the Paved Surfaces at each respective location;
(d)   the entity or person(s) who constructed the Paved Surfaces at each respective location;
(e)   the cost of construction of the Paved Surfaces at each respective location;
(f)   the status and condition of the Paved Surfaces at each respective location;

9

NON-CERTIFIED COPY

(g)     the types of expansion/construction joints existing in these Paved Surfaces;

(h)     whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)     the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)     any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)     any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)     any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)     the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)     the results of any such repairs, replacements or maintenance;

(o)     the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 3:

H&E objects to Interrogatory No. 3, including subparts (a) — (o), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E —owned or —leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

## INTERROGATORY NO.4:

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 4:

Please see response and objections to Interrogatory No. 3.

## INTERROGATORY NO. 5:

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)     the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)     the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations; the reasons this surface was used instead of a Paved Surface;

(c)     the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(d)     any maintenance program applicable to these Unpaved Surfaces;

(e)     any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

10

NON-CERTIFIED COPY

(f)  the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g)  the results of any such repairs, replacements or maintenance; and

(h)  the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 5:**

H&E objects to Interrogatory No. 5, including subparts (a) — (i), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E —owned or —leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Plaintiff's objections to these Interrogatories are misplaced where Plaintiff asserts that "[i]nformation regarding other H&E —owned or —leased facilities not at issue in this litigation is irrelevant to the claims in this litigation." This assertion ignores the plain language of La. Code Civ. Proc. art. 1422 which provides that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim _or defense_ _of the party seeking discovery_ or to the claim or defense of any other party..."(emphasis added).

In this suit, H&E claims that URS should have used a different design for the paved area in which it unloads and stores its heavy tracked equipment. H&E claims that the design used by URS did not meet the standard of care. URS is entitled to information from H&E to show that this same design is used at other H&E facilities for unloading and storing its heavy tracked equipment and such evidence is relevant to show the standard of care. Such evidence is also relevant to show what maintenance or repairs may be employed at such other facilities which may not be employed at the locations which are the subject of this suit to prevent damage. Finally, URS is entitled to information from H&E on what unpaved designs are used at its other facilities for unloading and storing its heavy tracked equipment which is relevant to the standard of care, including the reasons why such other surfaces are used at those locations, the advantages and disadvantages of such other surfaces, and the maintenance and repairs of such other surfaces which may not be employed at the locations at issue in this suit.

Accordingly, Defendants seek an Order compelling Plaintiff to provide responses to

11

NON-CERTIFIED COPY

Interrogatories 2 through 5 which is relevant and may lead to the discovery of admissible information that will further support Defendants' defenses.

### D. The Remaining Documents Should Be Produced Without Further Delay.

With regard to the remainder of the Requests for Production, H&E has agreed to produce documents. At the discovery conference on January 7, 2015, counsel for H&E anticipated that they would circulate search terms to facilitate the identification and exchange of electronically stored discovery materials within roughly two weeks following the conference. H&E took over three months after the discovery conference to circulate proposed search terms it agreed to circulate in order to facilitate the exchange of documents. Defendants recently received proposed search terms and H&E has advised that a draft Protective Order would be forthcoming as of the filing of this Motion. Plaintiff has not, as of the time of the filing of this Motion, produced any documents. Defendants therefore move this Honorable Court to the extent necessary for an Order directing H&E to take whatever remaining steps are necessary so that any and all materials responsive to Defendants' requests that are not otherwise privileged can be produced.

### IV. CONCLUSION

For the foregoing reasons, Defendants seek an Order from this Honorable Court compelling Plaintiff, H&E Equipment Services, Inc. to produce complete responses to Defendants' Interrogatories No. 2 to 5 propounded on April 17, 2015 and Requests for Production of Documents Numbers 5, 6, 18, 20 and 36 propounded on November 14, 2014, and to take all necessary steps to produce documents as agreed, as well as an award of reasonable attorneys' fees and costs associated with the filing of this motion pursuant to La. Code Civ. Proc. art. 1469(4).

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco      (Bar #5819), TA
Ron Sholes           (Bar # 14436)
Kellen J. Mathews    (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served

upon all counsel of record via United States mail, properly addressed, and first class

postage prepaid and via email, this the 11th day of May, 2015.

Kellen J. Mathews

13

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.     \* CASE NO. C626308, SECTION D

VERSUS     \* 19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,     \* PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III     \* STATE OF LOUISIANA

FILED:_____

COST OK $ ✓

_____
DEPUTY CLERK    JUL - 7 2015

DEPUTY CLERK OF COURT

### JUDGMENT

The Motion to Compel filed on behalf of defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, (collectively referenced herein as "Defendants"), seeking to compel plaintiff, H&E Equipment Services, Inc. (hereinafter "Plaintiff"), to respond to certain Interrogatories and Requests for Production of Document propounded by Defendants to Plaintiff on or about November 29, 2014, was heard on Monday, June 15, 2015, at 1:00 p.m., before the Honorable Judge Janice Clark.

PRESENT:  Mr. Ron Sholes
           Mr. Kellen J. Mathews
           For Defendants

           Ms. Anne Derbes Wittmann
           Mr. M. David Kurtz
           For Plaintiff

**CONSIDERING** the Stipulation entered into between Defendants and Plaintiff, read into the record, the Court accepts the Stipulation and adopts same as the Judgment of the Court. Accordingly,

**IT IS HEREBY ORDERED** that within fifteen (15) days of the referenced hearing, or by June 30, 2015, for the purpose of the discovery of electronically stored information ("ESI"), Defendants will provide to Plaintiff a list proposed search terms, as well as the identity of the custodians from whom ESI will be retrieved.

**IT IS FURTHER ORDERED** that, with regard to Defendants' Interrogatory Numbers, 2, 3, and 4, Plaintiff will identify other facilities owned and/or operated by Plaintiff with concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories upon which operations similar to those conducted at H&E Equipment Services, Inc.'s Baton Rouge and Kenner facilities, i.e. operations involving the routine traversal of heavy tracked equipment, are conducted, and Plaintiff will respond to the subparts of these interrogatories, reserving the right of Plaintiff to object to, and request relief from, the requested discovery on the ground that



Page 1 of 2

NO ADK1 869041 v1
2919213-000024 06/18/2015



EXHIBIT
8

NON-CERTIFIED COPY

responding to Interrogatory Numbers, 2, 3(e); 3(l); 3(m); 3(n); 3(o) and 4, is too burdensome.

IT IS FURTHER ORDERED that, with regard to Defendants' Interrogatory Number 5, Plaintiff's response will be limited to identifying other facilities owned and/or operated by Plaintiff, with facilities other than concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories whereupon similar operations involving the routine traversal of heavy tracked equipment are conducted. Defendants reserve the right to seek responses to the remainder of Interrogatory Number 5 and all subparts thereto.

IT IS FURTHER ORDERED that, with regard to the remaining discovery requests that formed the basis for Defendants' Motion to Compel, Plaintiff has indicated that materials responsive to these requests, to the extent Plaintiff has any, will be produced and as such Defendants' Motion to Compel is DENIED as premature.

THUS DONE AND SIGNED in Baton Rouge, Louisiana, this 9 day of June, 2015.

HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

Approved as to form:

Ron Sholes/Kellen J. Mathews
ADAMS AND REESE
4500 One Shell Square
New Orleans, LA  70139
Telephone: (225) 922-5110
*Attorneys for Defendants*

Anne Derbes Wittmann/M. David Kurtz
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
Telephone: (504) 566-5200
*Attorneys for Plaintiff*

I hereby certify that on this day a notice of the above judgement was mailed by me, with sufficient postage affixed, to: Wittmann, Kurtis, Mathews
Done and signed on 7-13-15

Deputy Clerk of Court

CERTIFIED TRUE AND
CORRECT COPY

JUL 13 2015

East Baton Rouge Parish
Deputy Clerk of Court

Page 2 of 2

NO ADK1 865041 v1
2919213-000024 06/18/2015

NON-CERTIFIED COPY

```
** Transmit Conf.Report **
```

P.1                                              Nov 25 2015 01:32pm
EBR CLERK OF COURT     Fax 2253893392

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915046364000 | Normal | 25:01:31pm | 0'33" | 1 | O K | |



## DOUG WELBORN
## CLERK OF COURT

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

PARISH OF EAST BATON ROUGE

---

### FAX RECEIPT

NUMBER C626308 Division D                    Date:    25-NOV-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: MOTION TO COMPEL

Total Amount Due (includes all applicable fees below) $ 579.00

The Clerk of Court's office has received, by facsimile transmission dated 11-25-15, documents in the above referenced case. In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)       A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(a)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

## FAX RECEIPT

NUMBER C626308  Division D                                    Date:    25-NOV-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: **MOTION TO COMPEL**

Total Amount Due (includes all applicable fees below) $ 579.00

The Clerk of Court's office has received, by facsimile transmission dated 11-25-15, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT


NON-CERTIFIED COPY



**BAKER
DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:   504.636.4000

www.bakerdonelson.com

# FAX COVER SHEET

| FROM | Shelley Tannehill |
| --- | --- |
| EMAIL | stannehill@bakerdonelson.com |
| BILL CODE | |
| TO | |
| COMPANY | |
| FAX NUMBER | 12253893392 |
| DATE | 25/11/2015 12:04:42 CST |
| RE | H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al |

## COVER MESSAGE

**Shelley Tannehill**
**Legal Secretary to Danielle Trostorff, Shareholder,**
**Margaret Silverstein and Laura Carlisle**

**Baker, Donelson, Bearman,**
**Caldwell & Berkowitz, PC**
**201 St. Charles Avenue, Suite 3600**
**New Orleans, Louisiana 70170**
**Telephone: 504.566.8658**
**stannehill@bakerdonelson.com<mailto:stannehill@bakerdonelson.com>**
**www.bakerdonelson.com<http://www.bakerdonelson.com/>**

**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. with offices in
Alabama, Florida, Georgia, Louisiana, Mississippi, Tennessee, Texas and Washington, D.C.**

**[Description: Description: cid:747443820@21092011-2865]<http://www.bakerdonelson.com/>**

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For(r)" for Six Years in
a Row!**
 P Please consider the environment before printing this e-mail.

*****************************************************

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named
above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this
facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person
named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to
avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email,
then in any part of the same series of emails), such advice was not intended
or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used,
and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or
(2) promoting, marketing or recommending to another party any transaction or tax-related matter
addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at
law.
It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this
electronic mail transmission in error, please delete it from your system without copying it, and notify the
sender by reply e-mail, so that our address record can be corrected.
***********************************************************

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named
above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this
facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person
named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to
avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

NON-CERTIFIED COPY

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170

PHONE:  504.566.5200
FAX:     504.636.4000

www.bakerdonelson.com

LAURA E. CARLISLE
Direct Dial: (504) 566-8643
Direct Fax: (504) 585-6943
E-Mail Address:  lcarlisle@bakerdonelson.com

November 25, 2015

## VIA FACSIMILE (225) 389-3392

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

> Re:   *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
> 19th JDC No. 626308, Division "D", Section XX1

Dear Mr. Welborn:

Attached please find a Motion to Compel, Rule to Show Cause, Memorandum in Support of Motion to Compel and Local Rule 10.1 Certificate, which we ask that you file with the Court on behalf of Plaintiff, H&E Equipment Services, Inc.  Once we have received your fax confirmation, we will forward the originals to you along with our check for the filing, fax and service fees associated with this request.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kindest regards, I remain

Sincerely,

/s/ Laura E. Carlisle

Laura E. Carlisle

LEC/sdt
Attachment
cc:   Philip A. Franco, Esq. w/encl. via facsimile  (504) 566-0210
      Kellen Matthews, Esq. w/encl. via facsimile (225) 336-5220

NO LEC 883049 v1
2919213-000024

ALABAMA    FLORIDA    GEORGIA    LOUISIANA    MISSISSIPPI    TENNESSEE    TEXAS    WASHINGTON, D.C.

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | CASE NO. C626308, SECTION D |
|---|---|
| versus | 19th JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | PARISH OF EAST BATON ROUGE |
| | STATE OF LOUISIANA |

## H&E EQUIPMENT SERVICES, INC.'S
## SECOND SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to the Louisiana Code of Civil Procedure and through undersigned counsel, plaintiff, H&E Equipment Services, Inc. ("H&E"), propounds its Second Set of Interrogatories upon defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "Defendants"), to be answered in writing and under oath within the delays allowed by law, and to be served upon H&E's counsel at Baker Donelson Bearman Caldwell & Berkowitz, PC, 201 St. Charles Street, Suite 3600, New Orleans, Louisiana 70170.

These discovery requests are to be answered in accordance with the definitions and instructions reference herein. *All answers and/or responses are to be verified.*

### INSTRUCTIONS

1. In answering these discovery requests, you are requested to consult your records and any other documents in your possession, custody, and control, as well as any other source of information that may be available to you, and to furnish all information thus available to you, regardless of whether this information is possessed directly by you or by your partners, directors, officers, attorneys, agents, accountants, employees, representatives, investigators, or experts.

2. If these discovery requests cannot be answered in full, to the fullest extent possible specify the reasons for your inability to answer fully and provide whatever information or knowledge you do have responsive to the discovery request.

3. These discovery requests are continuing in nature. You must supplement or amend your prior responses if you obtain information upon the basis of which you know (1) a

1

EBR3327666

NON-CERTIFIED COPY

NO LEC 573573 v3
2919213-000024  11/04/2014


EXHIBIT
1

previous response was incorrect when made, or (2) a previous response was correct and complete when made to the best of your knowledge and belief but is no longer true and/or complete.

4.    If your answers to all or any of these discovery requests are derived in whole or in part from any document, please identify the document and include a copy of the document with your responses.

5.    If you oppose or object to any discovery request, identify and explain the grounds of the objection and the legal authority upon which you will rely in response to a motion to compel, as well as any qualification, limitation, or amendment of the request that would resolve your objection.

6.    With respect to any information that you contend is protected from discovery on grounds that the information or any document or communication from which that information is derived is privileged or confidential, you must provide a written statement specifically setting forth, as appropriate, the following information:

(a)    the dates on which the document or communication was prepared, transmitted, and received;

(b)    the name and job title of each author, addressee, and recipient of the document or communication;

(c)    the name and job title of each person who was furnished with or was privy to the document or communication, who had possession of the document or any copy or other manifestation of the document or communication, and/or who had access to the contents of the document or communication;

(d)    the number of pages in the document or communication (or equivalent measure of length, as appropriate);

(e)    the nature and subject matter of all information you contend is protected from discovery;

(f)    the specific basis for asserting that the information, document, and/or communication is privileged or confidential;

(g)    the precise legal and factual basis upon which the privilege or other asserted ground for non-production is claimed; and

(h)    the number of the discovery request or requests to which the information in question is or may be responsive.

2

NON-CERTIFIED COPY

## DEFINITIONS

As used herein, the following words have the following meanings:

1.    The unqualified term **"Person"** shall encompass both natural and juridical persons, including human beings; corporations; partnerships; associations; joint ventures; unincorporated associations; professional associations; partnerships; or corporations; governmental or political agencies, entities, subdivisions (federal, state, and local); and all other private and public organizations and entities cognizable at law.   Where an employee performs some task about which an inquiry is made in these interrogatories as part of his or her employment, "person" shall be deemed to include both the employing and employed person.

2.    **"Communication"** is defined as any transmission of information by written, oral, mechanical, magnetic, electronic, optical, digital, laser, photographic, pictorial, or other means, including without limitation documents, personal conversations, telephone calls, meetings, computer bulletin boards and e-mail messages, telegrams, telefacsimile transmissions, wires, and the like.

3.    **"Defendants," "You,"** or **"Your"** refers to URS Corporation Architecture, P.C., URS Corporation,  L. O'Neal Johnson, and Thomas E. Ryan, III, collectively, the defendants in this matter, and/or their predecessors-in-interests, successors in interest, employees, representatives, agents; and encompasses any one or more of these persons, individually or together, who may have responsive information and/or to whom the request is or may be applicable.

4.    **"URS"** refers to URS Corporation Architecture, P.C. and URS Corporation, collectively, and/or their predecessors-in-interests, successors in interest, employees, representatives, agents; and encompasses any one or more of these persons, individually or together, who may have responsive information and/or to whom the request is or may be applicable.

5.    **"Identify"** means:

    (a)    when used in reference to a natural person, to state his or her full name, date of birth, social security number, present residential address, telephone number, present business affiliation and position, present business address, present business telephone number, and relationship; or, if the above is not known, such

3

NO LEC 573573 v3
2919213-000024  11/04/2014

NON-CERTIFIED COPY

information as was last known, or his or her residential address, business affiliation and business address at the time in question;

(b)  when used in reference to a communication, to describe the substance of the communication, all persons making or receiving the communication, the form of the communication (e.g., written or oral), the date and time of the communication, and all documents referring or relating thereto;

(c)  when used in reference to a document, to personify the date, the author(s), the recipient(s), any person(s) receiving a copy, the type of document (e.g., contract, letter, memorandum, tape recording), the subject matter, the number of pages or length, and the current location and custodian of all copies of the document;

(d)  when used in reference to a person other than a natural person, to state whether such Person is a corporation, partnership or other organization, and its name, present or last known address and principal place of its business, and relationship. Once any person has been personified properly, it shall be sufficient thereafter when personifying the same person to state his, her or its name only;

(e)  when used in reference to any act or occurrence, to state the context and all substantive facts of the event or events constituting each act or occurrence and specify the exact location(s), date(s), and person(s) involved in the act or occurrence.

6.  **"Explain"** means to shall mean to specify, describe, define, account for, illustrate, and exemplify, provide all available facts, information, context, background, reasoning, assumptions, deductions, inductions, hypotheses, and/or rationales reasonably necessary to a full and complete understanding of the conclusion, assertion, or premise for which the explanation is required

7.  **"Litigation"** means the above-captioned lawsuit.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify each person answering or assisting in answering these Interrogatories and the Requests for Production of Documents served contemporaneously herewith.

### INTERROGATORY NO. 2:

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's new headquarters and dealership facility in Baton Rouge, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on

4

NON-CERTIFIED COPY

the project and/or the negotiation of services to be provided by URS and the fees to be paid to URS.

**INTERROGATORY NO. 3:**

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its headquarters and dealership facility in Baton Rouge, Louisiana.

**INTERROGATORY NO. 4:**

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2006, including any amendments or expansions thereof.

**INTERROGATORY NO. 5:**

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's facility in Kenner, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid to URS.

**INTERROGATORY NO. 6:**

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its facility in Kenner, Louisiana.

**INTERROGATORY NO. 7:**

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2009, including any amendments or expansions thereof.

5

NON-CERTIFIED COPY

**INTERROGATORY NO. 8:**

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the renovation and relocation of H&E's crane remanufacturing facility in Belle Chasse, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid to URS.

**INTERROGATORY NO. 9:**

Please identify all persons involved in and/or having knowledge regarding the administration of the construction contracts executed in connection with H&E's Baton Rouge, Louisiana headquarters and dealership facility; H&E's Kenner, Louisiana facility; and/or H&E's Belle Chasse, Louisiana facility.

**INTERROGATORY NO. 10:**

Please identify all communications and correspondence between you and any contractor or potential contractor regarding the installation of concrete at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities, whether during actual construction, pre-construction, post-construction, or during the contract bidding process; and for each such communication or correspondence, please specify: the name of the contractor, the date and medium of the communication or correspondence, the nature or subject matter of the communication or correspondence, including who said what, and the outcome of the communication or correspondence.

**INTERROGATORY NO. 11:**

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities, and for each such communication or correspondence, please specify: the date and medium of the communication and correspondence, the specific individuals who were party to the communication or

NO LEC 573573 v3
2919213-000024 11/04/2014

NON-CERTIFIED COPY

correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

**INTERROGATORY NO. 12:**

Please identify all persons involved in and/or having knowledge related to any complaints, discussions or communications regarding spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities.

**INTERROGATORY NO. 13:**

Please identify all persons involved in and/or having knowledge regarding URS' decision not to repair or pay for repairs to the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities as a result of spalling and/or other concrete deterioration.

**INTERROGATORY NO. 14:**

Please identify the name and employer of the "civil engineering consultant" identified the Neal Johnson's March 18, 2013 email correspondence to Frankie Wynn, to whom Mr. Johnson purportedly forwarded a CPR in connection with H&E's Kenner, Louisiana project.

**INTERROGATORY NO. 15:**

Please identify all persons involved in the certification of and/or having knowledge regarding the substantial completion of H&E's Baton Rouge, Louisiana facility and/or Kenner, Louisiana facility, including, without limitation, the submission and resolution of any punch list items.

**INTERROGATORY NO. 16:**

Please identify all persons present at any walk-thrus or inspections conducted at H&E's Baton Rouge, Louisiana facility site and/or Kenner, Louisiana facility site in response to or in connection with concerns or issues regarding the concrete lots at the facilities.

**INTERROGATORY NO. 17:**

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed problems or deficiencies in the design and/or construction of H&E's Baton Rouge, Louisiana facility; Kenner, Louisiana facility; and/or Belle Chasse, Louisiana facility, and for each such communication or correspondence, please specify: the date

7

NON-CERTIFIED COPY

and medium of the communication and correspondence, the specific individuals who were party to the communication or correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

**INTERROGATORY NO. 18:**

Please identify and fully explain the factual basis of your allegation that H&E failed to maintain the properties and/or improvements at issue in this litigation, as alleged in the Twelfth Defense of your Answer, Affirmative Defenses, and Reconventional Demand on Behalf of All Defendants.

**INTERROGATORY NO. 19:**

Please identify and fully explain the factual basis of your allegation that the damages alleged in this litigation were caused by "normal wear with regard to the surfaces at issue herein," as alleged in the Twelfth Defense of your Answer, Affirmative Defenses, and Reconventional Demand on Behalf of All Defendants.

**INTERROGATORY NO. 20:**

Please identify all "others" whose actions or fault caused H&E's alleged damages in this litigation, as alleged in the Thirteenth Defense of your Answer, Affirmative Defenses, and Reconventional Demand on Behalf of All Defendants.

**INTERROGATORY NO. 21:**

Please identify by customer and address all other facilities constructed for use as yards for the storage and/or maintenance of tracked construction equipment for which you have provided professional design and/or contract administration services.

**INTERROGATORY NO. 22:**

Please identify the date(s) of any discovery hold communication(s) issued in connection with this matter.

**INTERROGATORY NO. 23:**

To the extent not encompassed by the requests above, please identify by name, position or title, address, and phone number each person who has or may have knowledge regarding the

NO LEC 573573 v3
2919213-000024 11/04/2014

NON-CERTIFIED COPY

events and allegations at issue in this litigation, and provide for each such person a brief description of his or her testimony.

**INTERROGATORY NO. 24:**

Please identify each document, communication, and/or exhibit you intend to offer at the trial of this matter.

**INTERROGATORY NO. 25:**

Please identify each person who may or will offer testimony on your behalf at the trial of this matter as a fact or expert witness, and provide for each such person a description of his or her anticipated testimony.

Respectfully submitted,

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on November 10, 2014, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____

NO LEC 573573 v3
2919213-000024 11/06/2014

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

### DEFENDANTS' ANSWERS TO SECOND SET OF INTERROGATORIES OF H&E EQUIPMENT SERVICES, INC.

TO:   H&E Equipment Services, Inc.
      Through its Counsel of Record
      Roy C. Cheatwood
      Baker Donelson Bearman Caldwell & Berkowitz
      201 St. Charles Avenue, Suite 3600
      New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), answer the Second Set of Interrogatories of Plaintiff as follows:

### GENERAL OBJECTIONS

1.    Defendants object to the Interrogatories to the extent they seek disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise protected as confidential or privileged by any other applicable privilege or exemption.

2.    Defendants object to the Interrogatories to the extent that they are overly broad, unduly burdensome, seek documents which are not described with reasonable particularity and seek information that is not relevant to the subject matter involved in the pending action and are not reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendants object to the Interrogatories to the extent that they purport to require searches of files and the production of documents in the possession or at the control of another party.



EXHIBIT
2

NON-CERTIFIED COPY

4.    Defendants object to the Interrogatories to the extent that they seek information not reasonably available to Defendants or that is obtainable by Plaintiff from some other source that is more convenient, less burdensome, or less expensive; or seeks to impose unreasonable and oppressive obligations to compile and present information in a form and manner other than that in which it is customarily prepared or maintained.

5.    Defendants object to the Interrogatories to the extent that that may be construed to seek personal or proprietary information.

6.    Defendants object to the Interrogatories to the extent that they purport to impose definitions that differ from normal English usage.

7.    By responding to an Interrogatory with a defined term, Defendants are not by implication agreeing with any such definition.

8.    Defendants' responses are made without in any way waiving the right to object, on grounds of competency, relevancy, materiality, privilege, admissibility, or any other ground, to the use of its responses or produced documents in any proceeding in this action or any other action.

9.    Defendants object to the Interrogatories to the extent they seek information outside the scope of permissible discovery.

10.    Defendants object to the Interrogatories to the extent they seek irrelevant information the production of which would needlessly increase the costs of this litigation.

11.    These general objections shall be deemed continuing to each discovery request and are not waived, nor in any way limited, by the following responses:

12.    In addition to the general objections of Defendants, Defendants object on the grounds that Plaintiff has served more than thirty-five interrogatories and Plaintiff has failed to seek leave to serve additional interrogatories, requiring a contradictory hearing and good cause shown for why the additional interrogatories are necessary. La. Code Civ. Proc. Art. 1457(B).

<u>ANSWERS TO INTERROGATORIES</u>

<u>INTERROGATORY NO. 1:</u>

Please identify each person answering or assisting in answering these Interrogatories and the Requests for Production of Documents served contemporaneously herewith.

2

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 1:</u>

1. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

2. Debra Sanders
   Vice President/Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

3. Philip A. Franco
   Adams and Reese LLP
   4500 One Shell Square
   New Orleans, LA 70139
   (504) 581-3234

4. Kellen J. Mathews
   Adams and Reese LLP
   450 Laurel St., Suite 1900
   Baton Rouge, LA 70801
   (225)336-5200

<u>INTERROGATORY NO. 2:</u>

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's new headquarters and dealership facility in Baton Rouge, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation and/or bidding on the project and/or negotiation of services to be provided by URS and the fees to be paid to URS.

<u>ANSWER TO INTERROGATORY NO. 2:</u>

1. Craig Gardner
   1728 Great Oak Dr.
   Baton Rouge, Louisiana  70810
   (225)766-7219

2. Mark Howard
   18723 Manchac
   Prairieville, Louisiana  70769
   (225)673-2368

3

NON-CERTIFIED COPY

3. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

4. Cody Lewis
   9415 Magnolia Crossing
   Central, Louisiana 70739
   (985)768-0460

5. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

6. Neal Johnson
   2328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

7. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 3:**

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its headquarters and dealership facility in Baton Rouge, Louisiana.

4

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 3:</u>

1. Mark Howard
   18723 Manchac
   Prairieville, Louisiana   70769
   (225)673-2368

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana   70737
   (225)405-6046

3. Thomas Van Hattum
   Vice President/ Facilities Practice Leader
   URS Corporation
   3950 Sparks Drive SE
   Grand Rapids, MI 49546
   (616) 574-8500

4. Ryan Archer
   4 East Fulton Street, Suite 200
   Grand Rapids, MI 49503
   (616)456-9944

5. John Jones
   Vice President- Corporate Services
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

6. Brad Reese
   Senior Project Manager
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

7. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

8. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

NON-CERTIFIED COPY

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

## INTERROGATORY NO. 4:

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2006, including any amendments or expansions thereof.

## ANSWER TO INTERROGATORY NO. 4:

See Answer to Interrogatory No.2, *supra*.  Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

## INTERROGATORY NO. 5:

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's facility in Kenner, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid by URS.

6

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 5:</u>

1. Neal Johnson
   2328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

3. Cody Lewis
   9415 Magnolia Crossing
   Central, Louisiana  70739
   (985)768-0460

4. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

5. Craig Gardner
   1728 Great Oak Dr.
   Baton Rouge, Louisiana  70810
   (225)766-7219

6. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

7. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for

7

NON-CERTIFIED COPY

Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

INTERROGATORY NO. 6:

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its facility in Kenner, Louisiana.

ANSWER TO INTERROGATORY NO. 6:

1. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

2. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

3. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

4. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

8

NON-CERTIFIED COPY

**INTERROGATORY NO. 7:**

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2009, including any amendments or expansions thereof.

**ANSWER TO INTERROGATORY NO. 7:**

1. Neal Johnson
   2328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

3. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

4. Craig Gardner
   1728 Great Oak Dr.
   Baton Rouge, Louisiana  70810
   (225)766-7219

5. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

6. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for

9

NON-CERTIFIED COPY

Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

INTERROGATORY NO. 8:

      Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the renovation and relocation of H&E's crane manufacturing facility in Belle Chasse, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid by URS.

ANSWER TO INTERROGATORY NO. 8:

1. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

3. Lee Vampran
   Project Administrator
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

4. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

      Additionally, Defendants submit that further answers to this interrogatory may

be derived or ascertained in large part from URS's business records, including

electronically stored information or from an examination, audit, or inspection of these

business records, including a compilation, abstract, or summary based thereon, and the

burden of deriving or ascertaining the answer will be substantially the same for

NON-CERTIFIED COPY

Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 9:</u>

Please identify all persons involved in and/or having knowledge regarding the administration of the construction contracts executed in connection with H&E's Baton Rouge, Louisiana headquarters and dealership facility; H&E's Kenner, Louisiana, and/or H&E's Belle Chasse, Louisiana facility.

<u>ANSWER TO INTERROGATORY NO. 9:</u>

1. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

3. Kim Nunez
   11731 D Morganhill Ct.
   Baton Rouge, Louisiana  70818

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 10:</u>

Please identify all communications and correspondence between you and any contractor or potential contractor regarding the installation of concrete at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities, whether during actual construction, pre-construction, post-construction, or during the contract bidding process; and for each such communication or correspondence, please specify: the name of the contractor, the date and medium of the communication or correspondence, the

11

NON-CERTIFIED COPY

nature or subject matter of the communication or correspondence, including who said what, and the outcome of the communication or correspondence.

ANSWER TO INTERROGATORY NO. 10:

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

INTERROGATORY NO. 11:

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana, and/or Kenner, Louisiana facilities, and for each such communication or correspondence, please specify: the date and medium of the communication and correspondence, the specific individuals who were party to the communication or correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

ANSWER TO INTERROGATORY NO. 11:

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

INTERROGATORY NO. 12:

Please identify all persons involved in and/or having knowledge related to any complaints, discussions, or communications regarding spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities.

12

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 12:</u>

1. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

2. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

3. Vincent Provenza
   Senior Vice President
   URS Corporation
   3500 N. Causeway Blvd., Suite 900
   Metairie, Louisiana 70002
   (504) 837-6326

4. Tim Gaines
   1140 Fairwinds Ave.
   Zachary, Louisiana  70791
   (225)247-9499

5. Bruce Adams
   URS Corporation
   3500 N. Causeway Blvd., Suite 900
   Metairie, Louisiana 70002
   (504) 837-6326

6. Alan Cohen
   7320 N. MoPac, Suite 211
   Austin, TX 78731
   (512)346-5558

7. Scott Hillman
   Group Counsel
   URS Corporation
   9400 Amberglen Blvd.
   Austin, Texas  78729
   (512) 419-6373

8. Brad Reese
   Senior Project Manager
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

13

NON-CERTIFIED COPY

9.  Bruce Lelong
    3500 N. Causeway Blvd., Suite 900
    Metairie, Louisiana 70002
    (504) 837-6326

10. Debra Sanders
    Vice President/Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70808
    (225) 922-5700

**INTERROGATORY NO. 13:**

Please identify all persons involved in and/or having knowledge regarding URS' decision not to repair or pay for repairs to the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities as a result of spalling and/or other concrete deterioration.

**ANSWER TO INTERROGATORY NO. 13:**

1.  Debra Sanders
    Vice President/ Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70808
    (225) 922-5700

2.  Vincent Provenza
    Senior Vice President
    3500 N. Causeway Blvd., Suite 900
    Metairie, Louisiana 70002
    (504) 837-6326

3.  Alan Cohen
    7320 N. MoPac, Suite 211
    Austin, TX 78731
    (512)346-5558

4.  Neal Johnson
    12328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

5.  Thomas Ryan
    Senior Architect
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70806
    (225) 922-5700

14

NON-CERTIFIED COPY

INTERROGATORY NO. 14:

Please identify the name and employer of the "civil engineering consultant" identified the Neal Johnson's March 18, 2013 email correspondence to Frankie Wynn, to whom Mr. Johnson purportedly forwarded a CPR in connection with H&E's Kenner, Louisiana project.

ANSWER TO INTERROGATORY NO. 14:

> Tim Gaines
> 1140 Fairwinds Ave.
> Zachary, Louisiana  70791
> (225)247-9499

INTERROGATORY NO. 15:

Please identify all persons involved in the certification of and/or having knowledge regarding the substantial completion of H&E's Baton Rouge, Louisiana facility and/or Kenner, Louisiana facility, including without limitation the submission and resolution of any punch list items.

ANSWER TO INTERROGATORY NO. 15:

> 1. Neal Johnson
>    12328 Lake Sherwood Ave.
>    Baton Rouge, Louisiana 70816
>    (225)293-5506

> 2. Thomas Ryan
>    Senior Architect
>    URS Corporation
>    7389 Florida Blvd., Ste. 300
>    Baton Rouge, Louisiana 70806
>    (225) 922-5700

Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

NON-CERTIFIED COPY

<u>INTERROGATORY NO. 16:</u>

Please identify all persons present at any walk-thrus or inspections conducted at H&E's Baton Rouge, Louisiana facility site and/or Kenner, Louisiana facility site in response to or in connection with concerns or issues regarding the concrete lots at the facilities.

<u>ANSWER TO INTERROGATORY NO. 16:</u>

1.  Debra Sanders
    Vice President/ Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana  70808
    (225) 922-5700

2.  Alan Cohen
    7320 N. MoPac, Suite 211
    Austin, TX 78731
    (512)346-5558

3.  Neal Johnson
    12328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

4.  Thomas Ryan
    Senior Architect
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70806
    (225) 922-5700

5.  Tim Gaines
    1140 Fairwinds Ave.
    Zachary, Louisiana  70791
    (225)247-9499

6.  John Schexnayder
    4908 Legend Dr.
    Baton Rouge, Louisiana  70817
    (225)910-1736

7.  Murray McCullough
    11328 Pennywood Ave.
    Baton Rouge, Louisiana 70809
    (225)368-2475

Defendants submit that further answers to this interrogatory may be derived or

ascertained in large part from URS's business records, including electronically stored

information or from an examination, audit, or inspection of these business records,

16

NON-CERTIFIED COPY

including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

## INTERROGATORY NO. 17:

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed problems or deficiencies in the design and/or construction of H&E's Baton Rouge, Louisiana facility; Kenner, Louisiana facility; and/or Belle Chasse, Louisiana facility, and for each such communication or correspondence, please specify: the date and medium of the communication and correspondence, the specific individuals who were party to the communications or correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

## ANSWER TO INTERROGATORY NO. 17:

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

## INTERROGATORY NO. 18:

Please identify and fully explain the factual basis of your allegation that H&E failed to maintain the properties and/or improvements at issue in this litigation, as alleged in the Twelfth Defense of your Answer, Affirmative Defenses and Reconventional Demand on Behalf of All Defendants.

## ANSWER TO INTERROGATORY NO. 18:

**OBJECTION.** Defendants object to Interrogatory No. 18 as premature as discovery in this matter is ongoing and others who may be at fault for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving the same, Defendants contend that H&E's failure to keep the joints in the Paved Surfaces free and clear of

17

NON-CERTIFIED COPY

debris, mud, gravel, etc. causing and greatly contributing to the conditions complained of by H&E.    Defendants reserve the right to supplement their answer to this Interrogatory as discovery progresses.

**INTERROGATORY NO. 19:**

Please identify and fully explain the factual basis of your allegation that the damages alleged in this litigation were caused by "normal wear with regard to the surfaces at issue herein," as alleged in the Twelfth Defense of your Answer, Affirmative Defenses and Reconventional Demand on Behalf of All Defendants.

**ANSWER TO INTERROGATORY NO. 19:**

**OBJECTION.**  Defendants object to Interrogatory No. 19 as premature as discovery in this matter is ongoing and others who may be at fault for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving the same, Defendants contend that H&E's activities on the Paved Surfaces have caused the damages that H&E alleges in this litigation. Defendants reserve the right to supplement their answer to this Interrogatory as discovery progresses.

**INTERROGATORY NO. 20:**

Please identify all "others" whose actions or fault caused H&E's alleged damages in this litigation, as alleged in the Thirteenth Defense of your Answer, Affirmative Defenses and Reconventional Demand on Behalf of All Defendants.

**ANSWER TO INTERROGATORY NO. 20:**

**OBJECTION.**  Defendants object to Interrogatory No. 20 as premature as discovery in this matter is ongoing and others who may be at fault for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving the same, Defendants contend that H&E is at fault in causing the damage by virtue of its lack of maintenance and care of the Paved Surfaces.  Defendants reserve the right to supplement their answer to this Interrogatory as discovery progresses.

**INTERROGATORY NO. 21:**

Please identify by customer and address all other facilities constructed for use as yards for the storage and/or maintenance of tracked construction equipment for which you have provided professional design and/or contract administration services.

18

NON-CERTIFIED COPY

**ANSWER TO INTERROGATORY NO. 21:**

**OBJECTION.** Defendants object to Interrogatory No. 21 as vague and overbroad and seeking irrelevant information, where the Interrogatory does not differentiate between paved and unpaved yards for the storage and/or maintenance of tracked construction equipment and is further not limited to any branch or division of URS, a global company. Further answering and without waiving any objection, relative to paved yards for to the storage and/or maintenance of tracked construction equipment, this information has been requested and will be provided upon receipt.

**INTERROGATORY NO. 22:**

Please identify the date(s) of any discovery hold communication(s) issued in connection with this matter.

**ANSWER TO INTERROGATORY NO. 22:**

A litigation hold was issued on September, 2013 and remains in place at the present.

**INTERROGATORY NO. 23:**

To the extent not encompassed by the requests above, please identify by name, position or title, address and phone number each person who has or may have knowledge regarding the events and allegations at issue in this litigation, and provide for each such person a brief description of his or her testimony.

**ANSWER TO INTERROGATORY NO. 23:**

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 24:**

Please identify each document, communication, and/or exhibit you intend to offer at the trial of this matter.

19

NON-CERTIFIED COPY

**ANSWER TO INTERROGATORY NO. 24:**

**OBJECTION.** Defendants object to Interrogatory No. 24 as premature as discovery is ongoing and Defendants have yet to determine each and every witness that they may call at any trial or hearing in this matter. Defendants further object to the extent that the Interrogatory requires information as to the mental impressions and work-product of Defendants' attorneys.

**INTERROGATORY NO. 25:**

Please identify each person who may or will offer testimony on your behalf at the trial of this matter as a fact or expert witness, and provide for each such person a description of his or her anticipated testimony.

**ANSWER TO INTERROGATORY NO. 25:**

**OBJECTION.** Defendants object to Interrogatory No. 25 as premature as discovery is ongoing and Defendants have yet to determine each and every witness that they may call at any trial or hearing in this matter. Additionally, Defendants object to this Interrogatory to the extent that it calls for speculation as to the testimony of others. Defendants further object to the extent that the Interrogatory calls for speculation as to the testimony of others and to the extent that the Interrogatory requires information as to the mental impressions and work-product of Defendants' attorneys.

The foregoing Responses are based upon the information that Defendants currently have in their possession and Defendants reserve the right to supplement or amend their Responses as additional information becomes available. Additionally, Responses to Plaintiff's Interrogatories in no way represent waivers of any privileges that might be applicable.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE LLP

_____

Philip A. Franco (La. Bar #5819), T.A.
Kellen Matthews (La Bar #31860)
4500 One Shell Square
New Orleans, LA  70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210

COUNSEL FOR DEFENDANTS, URS
CORPORATION   ARCHITECTURE,
P.C.;  URS  CORPORATION;  L.
O'NEAL  RYAN  AND  THOMAS  E.
RYAN, III

21

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served

upon all counsel of record via e-mail and/or United States Mail, postage prepaid and

properly addressed, this _10th_ day of December, 2014.

Kellen J. Mathews

22

NON-CERTIFIED COPY

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | CASE NO. C626308, SECTION D |
| versus | 19th JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | PARISH OF EAST BATON ROUGE |
| | STATE OF LOUISIANA |

---

### H&E EQUIPMENT SERVICES, INC.'S
### THIRD SET OF INTERROGATORIES AND SECOND SET
### OF REQUESTS FOR PRODUCTION TO DEFENDANTS

Pursuant to the Louisiana Code of Civil Procedure and through undersigned counsel, plaintiff, H&E Equipment Services, Inc. ("H&E"), propounds its Third Set of Interrogatories and Second Set of Requests for Production upon defendants, URS Corporation Architecture, P.C., URS Corporation, O'Neal Johnson, and Thomas E. Ryan, III (collectively, "Defendants"), to be answered in writing and under oath within the delays allowed by law, and to be served upon H&E's counsel at Baker Donelson Bearman Caldwell & Berkowitz, PC, 201 St. Charles Street, Suite 3600, New Orleans, Louisiana 70170.

These discovery requests are to be answered in accordance with the definitions and instructions reference herein. *All answers and/or responses are to be verified.*

### INSTRUCTIONS

1. In answering these discovery requests, you are requested to consult your records and any other documents in your possession, custody, and control, as well as any other source of information that may be available to you, and to furnish all information thus available to you, regardless of whether this information is possessed directly by you or by your partners, directors, officers, attorneys, agents, accountants, employees, representatives, investigators, or experts.

2. If these discovery requests cannot be answered in full, to the fullest extent possible specify the reasons for your inability to answer fully and provide whatever information or knowledge you do have responsive to the discovery request.

3. These discovery requests are continuing in nature. You must supplement or amend your prior responses if you obtain information upon the basis of which you know (1) a

1

EXHIBIT

3

NON-CERTIFIED COPY

previous response was incorrect when made, or (2) a previous response was correct and complete when made to the best of your knowledge and belief but is no longer true and/or complete.

4.    If your answers to all or any of these discovery requests are derived in whole or in part from any document, please identify the document and include a copy of the document with your responses.

5.    If you oppose or object to any discovery request, identify and explain the grounds of the objection and the legal authority upon which you will rely in response to a motion to compel, as well as any qualification, limitation, or amendment of the request that would resolve your objection.

6.    With respect to any information that you contend is protected from discovery on grounds that the information or any document or communication from which that information is derived is privileged or confidential, you must provide a written statement specifically setting forth, as appropriate, the following information:

(a)    the dates on which the document or communication was prepared, transmitted, and received;

(b)    the name and job title of each author, addressee, and recipient of the document or communication;

(c)    the name and job title of each person who was furnished with or was privy to the document or communication, who had possession of the document or any copy or other manifestation of the document or communication, and/or who had access to the contents of the document or communication;

(d)    the number of pages in the document or communication (or equivalent measure of length, as appropriate);

(e)    the nature and subject matter of all information you contend is protected from discovery;

(f)    the specific basis for asserting that the information, document, and/or communication is privileged or confidential;

(g)    the precise legal and factual basis upon which the privilege or other asserted ground for non-production is claimed; and

(h)    the number of the discovery request or requests to which the information in question is or may be responsive.

2

NON-CERTIFIED COPY

## DEFINITIONS

As used herein, the following words have the following meanings:

1.  The unqualified term **"Person"** shall encompass both natural and juridical persons, including human beings; corporations; partnerships; associations; joint ventures; unincorporated associations; professional associations; partnerships; or corporations; governmental or political agencies, entities, subdivisions (federal, state, and local); and all other private and public organizations and entities cognizable at law. Where an employee performs some task about which an inquiry is made in these interrogatories as part of his or her employment, "person" shall be deemed to include both the employing and employed person.

2.  **"Communication"** is defined as any transmission of information by written, oral, mechanical, magnetic, electronic, optical, digital, laser, photographic, pictorial, or other means, including without limitation documents, personal conversations, telephone calls, meetings, computer bulletin boards and e-mail messages, telegrams, telefacsimile transmissions, wires, and the like.

3.  **"Defendants" "You,"** or **"Your"** refers to URS Corporation Architecture, P.C., URS Corporation, O'Neal Johnson, and Thomas E. Ryan, II, collectively, defendants in this matter, and/or their predecessors-in-interests, successors in interest, employees, representatives, agents; and encompasses any one or more of these persons, individually or together, who may have responsive information and/or to whom the request is or may be applicable.

4.  **"Project"** refers to any job, assignment, engagement, or otherwise for which one or more of the Defendants have been retained or consulted to provide design or other professional services.

5.  **"Paved Surface"** includes any surface covered with paving material, including without limitation, concrete, asphalt, tar, gravel, stone, or any similar material.

6.  **"Identify"** means:

    (a)  when used in reference to a natural person, to state his or her full name, date of birth, social security number, present residential address, telephone number,

3

NON-CERTIFIED COPY

present business affiliation and position, present business address, present business telephone number, and relationship; or, if the above is not known, such information as was last known, or his or her residential address, business affiliation and business address at the time in question;

(b)    when used in reference to a communication, to describe the substance of the communication, all persons making or receiving the communication, the form of the communication (e.g., written or oral), the date and time of the communication, and all documents referring or relating thereto;

(c)    when used in reference to a document, to personify the date, the author(s), the recipient(s), any person(s) receiving a copy, the type of document (e.g., contract, letter, memorandum, tape recording), the subject matter, the number of pages or length, and the current location and custodian of all copies of the document;

(d)    when used in reference to a person other than a natural person, to state whether such Person is a corporation, partnership or other organization, and its name, present or last known address and principal place of its business, and relationship. Once any person has been personified properly, it shall be sufficient thereafter when personifying the same person to state his, her or its name only;

(e)    when used in reference to any act or occurrence, to state the context and all substantive facts of the event or events constituting each act or occurrence and specify the exact location(s), date(s), and person(s) involved in the act or occurrence.

5.    **"Explain"** means to shall mean to specify, describe, define, account for, illustrate, and exemplify, provide all available facts, information, context, background, reasoning, assumptions, deductions, inductions, hypotheses, and/or rationales reasonably necessary to a full and complete understanding of the conclusion, assertion, or premise for which the explanation is required

6.    **"Litigation"** means the above-captioned lawsuit.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Please identify all of Your Projects relating to the design, specification, installation, or construction of concrete or any other Paved Surfaces that you have performed for clients whose business operations include the renting, leasing, sale, maintenance, use, and/or storage of heavy tracked equipment.

4


NON-CERTIFIED COPY

<u>**INTERROGATORY NO. 2:**</u>

For each Project identified in response to Interrogatory No. 1, please identify the following:

      a.    The client for whom the services were provided;

      b.    Location of the Project;

      c.    Nature and scope of the design or other professional services provided;

      d.    Approximate date of completion of the design or professional services;

      e.    Date of substantial completion of the Project;

      f.    The cost of the Project's construction;

      g.    The types of tracked equipment rented, leased, sold, maintained, used, and/or stored at the site;

      h.    The materials used for any Paved Surfaces on which such equipment was to be rented, leased, sold, maintained, used, and/or stored at the site;

      i.    Specifications for any reinforcement for such Paved Surfaces;

      j.    The contractor and/or subcontractors employed for the construction of such Paved Surfaces;

      k.    Whether any problems were observed with such Paved Surfaces during and/or subsequent to construction, including but not limited to spalling, cracking, or other signs of deterioration; and

      l.    Any recommendations or specifications provided to the client regarding maintenance or repair of the Paved Surfaces, both short term and long term.

<u>**REQUESTS FOR PRODUCTION**</u>

<u>**REQUEST FOR PRODUCTION NO. 1:**</u>

Please produce all documents reflecting Your specifications for any concrete or other Paved Surfaces for all Projects identified in response to Interrogatory No. 1 above.

NO LEC 881088 v1
2919213-000024 08/14/2015


NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on August 18, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

LAURA E. CARLISLE

6

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES      \*      SUIT NO. 626,308     DIV.: D

                                     \*    19TH JUDICIAL DISTRICT COURT

VERSUS                         \*

                                     \*    PARISH OF EAST BATON ROUGE

URS CORPORATION              \*
ARCHITECTURE, P.C., URS         STATE OF LOUISIANA
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS E. RYAN,
III

---

<u>DEFENDANTS' ANSWERS TO THIRD SET OF INTERROGATORIES
AND SECOND SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS</u>

     TO:   H&E Equipment Services, Inc.
            Through its Counsel of Record
            Roy C. Cheatwood
            Baker Donelson Bearman Caldwell & Berkowitz
            201 St. Charles Avenue, Suite 3600
            New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), answer the Third Set of Interrogatories and Second Requests for

Production of Documents of Plaintiff as follows:

<u>GENERAL OBJECTIONS</u>

1.     Defendants object to the Interrogatories and Requests for Production of

       Documents to the extent they seek disclosure of information protected from

       discovery by the attorney-client privilege, the work product doctrine, or

       otherwise protected as confidential or privileged by any other applicable

       privilege or exemption.

2.     Defendants object to the Interrogatories and Requests for Production of

       Documents to the extent that they are overly broad, unduly burdensome, seek

       documents which are not described with reasonable particularity and seek

1

NON-CERTIFIED COPY

EXHIBIT

4

tabbies

information that is not relevant to the subject matter involved in the pending action and are not reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendants object to the Interrogatories and Requests for Production of Documents to the extent that they purport to require searches of files and the production of documents in the possession or at the control of another party.

4.    Defendants object to the Interrogatories and Requests for Production of Documents to the extent that they seek information not reasonably available to Defendants or that is obtainable by Plaintiff from some other source that is more convenient, less burdensome, or less expensive; or seeks to impose unreasonable and oppressive obligations to compile and present information in a form and manner other than that in which it is customarily prepared or maintained.

5.    Defendants object to the Interrogatories and Requests for Production of Documents to the extent that that may be construed to seek personal or proprietary information.

6.    Defendants object to the Interrogatories and Requests for Production of Documents to the extent that they purport to impose definitions that differ from normal English usage.

7.    By responding to an Interrogatory with a defined term, Defendants are not by implication agreeing with any such definition.

8.    Defendants' responses are made without in any way waiving the right to object, on grounds of competency, relevancy, materiality, privilege, admissibility, or any other ground, to the use of its responses or produced documents in any proceeding in this action or any other action.

2

NON-CERTIFIED COPY

9.    Defendants object to the Interrogatories and Requests for Production of Documents to the extent they seek information outside the scope of permissible discovery.

10.   Defendants object to the Interrogatories and Requests for Production of Documents to the extent they seek irrelevant information the production of which would needlessly increase the costs of this litigation.

11.   These general objections shall be deemed continuing to each discovery request and are not waived, nor in any way limited, by the following responses:

12.   In addition to the general objections of Defendants, Defendants object on the grounds that Plaintiff has served more than thirty-five interrogatories and Plaintiff has failed to seek leave to serve additional interrogatories, requiring a contradictory hearing and good cause shown for why the additional interrogatories are necessary. La. Code Civ. Proc. Art. 1457(B).

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify all of your projects relating to the design, specification, installation or construction of concrete or any other paved surfaces that you have performed for clients whose business operations include the renting, leasing, sale, maintenance, use, and/or storage of heavy tracked equipment.

### ANSWER TO INTERROGATORY NO. 1:

OBJECTION. Defendants object to Interrogatory No. 1 as overbroad, harassing, unduly burdensome, and seeking information that is either irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

### INTERROGATORY NO. 2:

For each project identified in response to Interrogatory No. 1, please identify the following:

a.    the client for whom the services were provided;

b.    location of the project;

3

NON-CERTIFIED COPY

     c.    nature and scope of the design or other professional services provided;

     d.    approximate date of completion of the design or professional services;

     e.    date of substantial completion of the project;

     f.    the cost of the project's construction;

     g.    the types of tracked equipment rented, leased, sold, maintained, used and/or stored at the site;

     h.    the materials used for any paved surfaces on which such equipment was to be rented, leased, sold, maintained, used and/or stored at this site;

     i.    specifications for any reinforcement for such paved surfaces;

     j.    the contractor and/or subcontractors employed for the construction of such paved surfaces;

     k.    whether any problems were observed with such paved surfaces during and/or subsequent to construction, including but not limited to, spalling, cracking, or other signed of deterioration; and

     l.    any recommendations or specifications provided to the client regarding maintenance or repair of the paved surfaces, both short term and long term

## ANSWER TO INTERROGATORY NO. 2:

OBJECTION. Defendants object to Interrogatory No. 2, including subparts (a) through

(l) as overbroad, harassing, unduly burdensome, and seeking information that is either

irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

Please produce all documents reflecting your specifications for any concrete or other paved surfaces for all projects identified in response to Interrogatory No. 1 above.

4

NON-CERTIFIED COPY

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

OBJECTION. Defendants object to Request No. 1 as overbroad, harassing, unduly burdensome, and seeking information that is either irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

ADAMS AND REESE LLP

Philip A. Franco    (La. Bar #5819), T.A.
Ron Sholes          (La. Bar #14436)
Kellen Mathews      (La Bar #31860)
4500 One Shell Square
New Orleans, LA  70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210
*Counsel for Defendants*

5

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading was served upon all counsel of record via e-mail and/or United States Mail, postage prepaid and properly addressed, this 2nd day of September, 2015.

_____
Kellen J. Mathews

6

NON-CERTIFIED COPY

**Carlisle, Laura**

| | |
|---|---|
| **From:** | Phil Franco <Phil.Franco@arlaw.com> |
| **Sent:** | Tuesday, October 06, 2015 3:50 PM |
| **To:** | Carlisle, Laura |
| **Cc:** | Kellen Mathews; Ron Sholes |
| **Subject:** | discovery conference |

Laura,

This is to confirm the discovery conference we had today by telephone. With respect to H & E's amended and supplemental responses to interrogatory number 3 of our first set of interrogatories:

1) Alexandria location – you will respond whether there is spalling at the expansion joints (those joints that are cut to the bottom of the pavement)

2) Lake Charles location – you will respond whether the expansion joints are void of any material

3) Shreveport location – you will respond as to whether the expansion joints are void of any materials and whether there is any spalling at the expansion joints

4) Raleigh location – you will respond whether there is any spalling at the expansion joints

5) Winston location – you will respond whether there is any spalling at or near the armored expansion joints, that is, including at the edge of the armored plates

6) Dallas location – you will respond whether the expansion joints are void of any material

With respect to H and E's answers to our 2nd set of requests for production of documents, you will respond within 3 weeks of whether or not H and E has possession custody or control of all the documents requested and will produce all such unprivileged documents.

With respect to H and E's response to our 2nd set of interrogatories you have maintained your objection to numbers 1,2 and 4 on the basis that such requests are premature. You have confirmed that you have no experts at this time in response to interrogatory number 3.

With respect to our answers to your 2nd set of interrogatories:

1) with respect to interrogatory 18 we have explained the factual basis of our allegation

2) with respect to interrogatory 19 we have further explained that H and E's activities in loading and unloading metal tracked heavy equipment is the normal wear with regard to the surfaces at issue

3) with respect to interrogatory number 20, we are not aware at this time of any other's actions or fault that have caused H&D's alleged damages

4) with respect to interrogatory number 21 we maintain our objection on the same basis as previously advised in a prior discovery conference, that is, that the request is overly broad and irrelevant. In addition, as we previously advised, what we do at other facilities does not set the standard of care

1

**EXHIBIT**

**5**

NON-CERTIFIED COPY

5) With respect to interrogatory numbers 24 and 25, we advised that until we know the details of your alleged deficiencies, acts, and omissions as well as alleged damages we do not know who we will need or use as witnesses or exhibits.

If any of the above is not accurate, then please explain in writing. Regards,

Phil

**Phil Franco**
Partner
Admitted in Louisiana, Texas, and the District of Columbia



701 Poydras Street, Suite 4500 | New Orleans, LA  70139
**main** 504.581.3234 | **direct** 504.585.0291 | **mobile** 504.914.8837
**efax** 504.553.9780 | **fax** 504.566.0210

phil.franco@arlaw.com



**website bio vCard map**

**From:** Carlisle, Laura [mailto:LCarlisle@bakerdonelson.com]
**Sent:** Tuesday, October 06, 2015 2:00 PM
**To:** Phil Franco; Kellen Mathews
**Subject:** Can we push back to 2:30?

**Laura E. Carlisle**
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Office: 504.566.5200
Direct:  504.566.8643
Facsimile: 504.585.6943
E-mail:  lcarlisle@bakerdonelson.com
www.bakerdonelson.com

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For®" for Six Years in a Row!**

---

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES     *    SUIT NO. 626,308    DIV.: D

                   *    19TH JUDICIAL DISTRICT COURT

VERSUS                 *

                   *    PARISH OF EAST BATON ROUGE

URS CORPORATION

ARCHITECTURE, P.C., URS     *    STATE OF LOUISIANA

CORPORATION, L. O'NEAL

JOHNSON AND THOMAS E. RYAN,

III

---

### FIRST SET OF INTERROGATORIES

TO:   H&E Equipment Services
       Through its Attorneys of Record
       Roy C. Cheatwood
       Anne Derbes Wittmann
       M. David Kurtz
       Matthew C. Juneau
       Baker Donelson Bearman Caldwell & Berkowitz
       201 St. Charles Avenue, Suite 3600
       New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), by their attorneys, Adams and Reese LLP, propound the following

Interrogatories to Plaintiff, H&E Equipment Services, Inc. ("Plaintiff"), to be answered

fully, separately, in writing, and under oath, and to be answered within the delays

allowed by law, pursuant to the Louisiana Code of Civil Procedure.  Pursuant to the

rules of this Court, you are hereby requested to answer the following Interrogatories

and return them to the law offices of Philip A. Franco, Adams and Reese 4500 One Shell

Square, New Orleans, Louisiana  70139 within fifteen (15) days of service, and to attach

the requested documents at that time.

### DEFINITIONS AND INSTRUCTIONS

     1.     As used herein, the terms "you," "your," or "yourself" refers to H&E
Equipment Services, including without limitation, all present and/or former
agents, representative, and attorneys, and each person acting or purporting to act
on their behalf.



EXHIBIT

6

NON-CERTIFIED COPY

2.      As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.      As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.      The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced.   Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind.   The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.      If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability.   If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.      If any information requested herein is claimed to be privileged or otherwise protected from discovery, Plaintiff is requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:
    a.      its author;
    b.      the date of its creation;
    c.      the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
    d.      its general nature and subject matter;
    e.      its present location and custodian; and
    f.      the basis upon which it is claimed to be privileged or otherwise protected from discovery.

7.      "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

NON-CERTIFIED COPY

8.    "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

9.    "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

10.    "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

11.    "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof.  In lieu of identifying any document, copies thereof may be attached to your answer.

12.    "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

13.    "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

14.    Each request is addressed to the personal knowledge of Plaintiff, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

15.    Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief.  Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

16.    The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

NON-CERTIFIED COPY

17.    The following rules of construction apply to all discovery requests:

(a)    All/Each. The terms "all" and "each" shall be construed as all and each.

(b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c)    Number. The use of the singular form of any word includes the plural and vice versa.

## INTERRROGATORIES

**INTERROGATORY NO. 1:**  Please Describe the types of tracked equipment, that have been operated, loaded, unloaded, stored or parked on the concrete paved surfaces (hereinafter "Paved Surfaces") of the H&E sites or locations in Baton Rouge and Kenner.

**INTERROGATORY NO. 2:**  Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge and Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

**INTERROGATORY NO. 3:**  With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a) the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b) the date when the Paved Surface was first installed at each respective location;

(c) the entity or person(s) who designed the Paved Surfaces at each respective location;

(d) the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e) the cost of construction of the Paved Surfaces at each respective location;

(f) the status and condition of the Paved Surfaces at each respective location;

(g) the types of expansion/construction joints existing in these Paved Surfaces;

(h) whether any of the expansion/construction joints have reinforced or armored joints, and if so, Describe such reinforcement or armor applicable at each location or site;

(i) the status and condition of the expansion/construction joints in these Paved Surfaces;

NON-CERTIFIED COPY

(j) any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k) any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l) any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m) the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Services, including the expansion/construction joints in the same;

(n) the results of any such repairs, replacements or maintenance;

(o) the cost of any such repairs, replacements or maintenance.

**INTERROGATORY NO. 4:** Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to conduct these repairs, replacements or maintenance.

**INTERROGATORY NO. 5:** Please Identify any and all locations or sites that have been owned or leased by H&E on which the types of tracked equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete( hereinafter "Unpaved Surfaces") , and for each such location please Identify:

(a) the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b) the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c) the reasons this surface was used instead of a Paved Surface;

(d) the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e) any maintenance program applicable to these Unpaved Surfaces;

(f) any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g) the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h) the results of such repairs, replacements or maintenance; and

(i) the cost of any such repairs, replacements or maintenance.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

_____
Philip A. Franco (Bar #5819), TA
Ron Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid and via email, this the 17th day of April, 2015.

_____
Kellen J. Mathews

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV. D |
| | | |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| | | |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |

---

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

---

MAY IT PLEASE THE COURT:

Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"), respectfully submit this Memorandum in Support of their Motion to Compel Discovery Responses from Plaintiff, H&E Equipment Services, Inc.   As is set forth more fully herein, Plaintiff has failed and/or refused to provide responses or produce documents responsive to Defendants' reasonable Interrogatories and Requests for Production of Documents and as such, Defendants are entitled to an Order of this Court compelling discovery pursuant to La. Code Civ. Proc. art. 1469, including attorney's fees and costs associated with this Motion to Compel.

### I.    INTRODUCTION

Plaintiff seeks damages for what it asserts were "deficient designs and specifications prepared by URS for the construction and renovation of H&E facilities in Baton Rouge, Kenner, and Belle Chase, Louisiana between 2006 and 2013."[1]  Plaintiff has pleaded that Defendants breached a duty to design the several H&E projects to "appropriate industry standards and/or in accordance with the required standard of care ordinarily exercised by others in the same profession."[2]  Defendants propounded

---

[1] Pltff. Mem in Supp. of Mot. to Compel at p.1.
[2] Pltff. Pet. at. ¶16.

1

NON-CERTIFIED COPY


EXHIBIT
7

Interrogatories and Requests for Production germane to the issues set forth in Plaintiff's Petition and Defendants' defenses, yet Defendants have been denied information and responsive materials relative to key components of Plaintiff's claims and the respective defenses thereto.

## II.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff, H&E Equipment Services, Inc. ("H&E") contracted with URS Corporation Architecture, P.C. and its affiliates or subsidiaries ("URS") to perform consulting and professional engineering services in connection with construction and renovation at H&E's Baton Rouge, Kenner and Belle Chase locations (collectively referenced herein as "the Projects"). In November, 2013, H&E filed the instant lawsuit asserting a breach of standards of care on the part of URS in connection with the Projects.

*H&E's Allegations*

H&E in its Petition for Damages essentially asserts, *inter alia,* that:

- "URS has breached its agreement with H&E by… failing to design the Projects in accordance with appropriate industry standards and/or in accordance with the required standard of care ordinarily exercised by others in the same profession."[3]

- "URS … failed to exercise the ordinary skill, care and diligence in designing, and managing the construction of the Projects"."[4]

H&E's claims are primarily rooted in issues allegedly experienced with regard to "major portions of the concrete parking aprons and staging areas for H&E's heavy equipment" at its Baton Rouge and Kenner locations.[5] H&E complains that these areas "at both facilities began experiencing a substantial and unanticipated amount of cracking, spalling and deterioration" as a result of "errors and defects in the design of

---

[3] Pltff. Pet. at ¶16.
[4] Pltff. Pet. at ¶18.
[5] Pltff. Pet. at ¶13.

2

NON-CERTIFIED COPY

the parking and staging areas."[6]  H&E specifically avers that "the design deficiencies relate to the defective and negligent design of the concrete pad, the expansion joints, the control joints, the specified concrete strength, and/or the specified surface of the parking and staging areas."[7]

*Defendants' Defenses and Reconventional Demand*

Defendants assert that they did not deficiently design the plans and specifications.  With respect to the primary allegations concerning the concrete staging area for H&E's heavy tracked equipment, Defendants assert, among other defenses, that concrete, rather than limestone, was required by zoning regulations for the staging area for H&E's heavy tracked equipment; that the design was pursuant to appropriate industry standards; that any damages were caused by H&E's lack of proper maintenance and normal wear and tear; that H&E failed to mitigate any damages; and that H&E is not entitled to damages by virtue of the express terms of the Agreement between these sophisticated public companies.

Defendant, URS Corporation Architecture, P.C. (URS), has also asserted a reconventional demand against H&E for over $200,000.00 past due for URS's services rendered pursuant to the Agreement between these parties.  URS also asserts that H&E has been unjustly enriched by using all the facilities constructed pursuant to the design and specifications provided by URS without fully paying URS for the services provided.

*Defendants' Reasonable Discovery Requests*

Defendants propounded their First Set of Requests for Production on Plaintiff through its counsel of record on November 14, 2014.  Defendants' discovery requests were calculated to elicit the production of materials relevant to H&E's claims and Defendants' defenses.[8]  Subsequently, on April 17, 2015, Defendants propounded their

---

[6] *Id.*
[7] *Id.*
[8] Exhibit "A"- Def. 1st Set of Req. for Prod at Req. No. 5; Req. No. 32(g); and Req. No. 36.

3

NON-CERTIFIED COPY

First Set of Interrogatories on Plaintiff through its counsel of record.[9]   Here again,

Defendants' Interrogatories were calculated to elicit the production of information

relevant to H&E's claims and Defendants' defenses.

### H&E has Refused and/or Failed to Provide the Requested Documents

On December 23, 2014 Plaintiff provided written responses to Defendants'

Requests for Production.[10]  Plaintiff, in its written responses to Defendants' Requests for

Production, objected outright and refused to produce documents with regard to several

Requests for Production.

Upon receipt of Plaintiff's responses and review of the same, defense counsel

contacted Plaintiff's counsel to schedule a discovery conference to address Plaintiff's

deficient responses to eighteen (18) distinct Requests for Production.     A discovery

conference was held on January 7, 2015 wherein counsel for both parties participated

and addressed the outstanding discovery issues.  Plaintiff maintained its objection to

several of the Requests and also agreed to provide a Protective Order to facilitate the

exchange of documents.   To date, Plaintiff has failed to produce documents responsive

to Defendants' Requests for Production Numbers 5, 6, 18, 20 and 36.

### H&E has Refused and/or Failed to Provide Responses to the Interrogatories

On May 4, 2015, Plaintiff produced its responses to Defendants' Interrogatories.[11]

Because these responses consisted of objections to all but one of Defendants' reasonable

Interrogatories, counsel for Defendants scheduled a discovery conference, with

Plaintiff's counsel's consent, for May 8, 2015.   In this discovery conference, Plaintiff

maintained its objections to all but one of Defendants' Interrogatories and has refused

to provide substantive responses to the same.

---

[9] Exhibit "B"- Def. 1st Set of Interrog.
[10] Exhibit "C"- Pltff.'s Resp. to Req. for Prod.
[11] Exhibit "D"- Pltff. Resp. to Def. 1st Set of Interrog.

4

NON-CERTIFIED COPY

## III. LAW & ARGUMENT

### A. Legal Standard on Motion to Compel

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.[13] Although the information may not be admissible at trial, it is discoverable so long as it appears reasonably calculated to lead to the discovery of admissible evidence.[14]

It is well-settled that Courts must liberally and broadly construe discovery statutes to achieve their intended objectives.[15] These objectives include: (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims.[16]

Pursuant to Article 1462 of the Louisiana Code of Civil Procedure, the "party submitting the request may move for an order under Article 1469 with respect to any objection to or other failure to respond to the request, or any part thereof, or any failure to permit inspection as requested."

Article 1469 of the Louisiana Code of Civil Procedure, provides in pertinent part:

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

***(2) If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a corporation or other entity fails to make a designation under Articles 1442 or 1448, or a party fails to answer an interrogatory submitted under Article 1457, *or if a party, in response to a request for inspection submitted under Article 1461, fails to respond that inspection will be permitted as requested or*

---

[13] La. Code. Civ. Proc. art. 1422.

[14] *Id.*

[15] *Testa Distributing Co., Inc. v. Taroer*, 584 So.2d 300 (La.App. 1 Cir.1991).

[16] *Hodges v. Southern Farm Bureau Casualty Insurance Company*, 433 So.2d 125 (La.1983); *Cantrelle Fence and Supply Co., Inc. v. Allstate Insurance Company*, 550 So.2d 1306 (La.App. 1st Cir.1989).

5

NON-CERTIFIED COPY

*fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request…*

\*\*\*

*(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees,* unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

      B.   *The Documents Sought in the Requests for Production Are Relevant and Reasonably Calculated to Lead to the Discovery of Admissable Evidence.*

    1.  *Requests No. 5 and 36*

H&E objected to the production of documents in response to Defendants' Requests for Production No. 5 and No. 36 which provide as follows:

> **REQUEST FOR PRODUCTION NO. 5:** Please produce copies of any and all Documents concerning communications relating to alternative designs considered by You for the Projects.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** H&E objects to Request for Production No. 5 as overbroad and vague in its request for communications and information regarding undefined "alternative designs." H&E further objects to the extent this request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as "alternative" designs are irrelevant to the claims in this litigation. That said, to the extent that there were any communications regarding "alternative designs," such communications would have been with URS, and to that extent, URS is referred to H&E's objections and response to Request for Production No. 1.

> **REQUEST FOR PRODUCTION NO. 36:** Please provide copies of any and all Documents relating to any and all alternatives to the design, engineering or construction of the Paved Surfaces including alternatives considered: (1) during the design and engineering stage, (2) during the construction of the Paved Surfaces, (3) upon completion and (4) prior to discovery of problems or deficiencies in the Paved Surfaces; and (5) at any time since the discovery of problems and deficiencies in the Paved Surfaces.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:** Please see H&E's objections and responses to Request for Production No. 1, 13, and 14.

In the discovery conference on January 7, 2015, the parties discussed these responses and clarified that Requests No. 5 and No. 36 were limited to alternative designs relative to the paved areas at issue and included H&E's discussions with URS as well as other

NON-CERTIFIED COPY

persons.[17]  H&E indicated that it anticipated that materials exchanged with URS or contractors following the beginning of construction on the projects responsive to Request No. 5 should be included in H&E's production of project files and all non-privileged information relative to the Projects.[18]  However, with respect to any of what counsel for H&E termed "pre-construction" documents relative to alternative designs in connection with the Projects, H&E maintained its objection as to relevance.[19]

H&E essentially claims in this suit that Defendants should have used alternative designs or specifications.  It is, therefore, relevant to determine what alternative designs or specifications were considered by H&E at any time.  Such alternative designs or specifications are relevant to the standard of care.  Communications that involved H&E regarding any alternative designs or specifications are relevant regardless of when such communications took place.  The objection to pre-construction communications is meritless.

  2.  *Request No. 6*

H&E objected to the production of documents in response to Defendants' Request for Production No. 6 which provides as follows:

> **REQUEST FOR PRODUCTION NO. 6:** Please produce copies of any and all Documents concerning communications relating to budgeting for the Projects.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**  H&E objects to Request for Production No. 6 as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admission evidence.  H&E's "budgeting" for the Projects is irrelevant to the claims in this litigation.

Essentially, H&E asserts that a different design or specification should have been used in the concrete staging area, and that more parking spaces should have been provided.  Both would have cost more money for H&E in original construction.  Consequently, it is relevant for Defendants to be able to show that such increased costs

---

[17] Exhibit "D"- Jan 7, 2015 E-mail regarding Discovery Conference.
[18] *Id.*
[19] *Id.*

7

NON-CERTIFIED COPY

would have exceeded H&E's budget for the Projects.  In other words, it is relevant to

show that H&E now wants a Cadillac when it only budgeted for a Chevy.

    *3. Request No. 18*

    H&E objected to the production of documents in response to

Defendants' Request for Production No. 18 which provides as follows:

> **REQUEST FOR PRODUCTION NO. 18:**  Please produce copies of any and all
> Documents including but not limited to reports, letters, correspondence,
> journals, treatises, memoranda, or materials with regard to the "industry
> standards" and/or "required standard of care" referenced in Paragraph 16 of
> your Petition or any other standard of care that you contend is applicable in this
> case.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**  H&E objects to
> Request for Production No. 18 as premature and insofar as it seeks information
> protected from disclosure by the attorney-client privilege and/or work product
> doctrine.  Subject to and without waiving this objection and the General
> Objections above, H&E will produce its expert report(s) and any other
> documents responsive to this request in accordance with the scheduling order(s)
> entered by the Court in this case.

    H&E claims it is premature to find out what "industry standard" or "standard of

care" it referenced or asserted applied in Paragraph 16 of its Petition when it filed suit.

Defendants are entitled to know what H&E relied on to assert the applicable standard

of care or industry standard when H&E filed suit against Defendants.  How can it be

premature to find out what standard H&E alleged was not met when it filed this suit?

    If H&E had information on such industry standard, then Defendants are entitled

to such information to defend this suit.  If H&E had no such information when it filed

this suit, then to make such an allegation without a basis goes to H&E's credibility.

    *4. Request No. 20*

    H&E objected to the production of documents in response to Defendants'

Request for Production No. 20 which provides as follows:

> **REQUEST FOR PRODUCTION NO. 20:**  Please produce a copy of any and all
> Documents in your possession that you contend establish or illustrate the
> "negligent acts and/or omissions" that you attribute to URS in Paragraph 18 of
> your Petition.

NON-CERTIFIED COPY

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:   Please see H&E's objections and responses to Request for Production Nos. 1 and 18.

H&E claimed when it filed this suit that URS was guilty of "negligent acts and/or omissions." Yet, H&E claims it is premature for URS to find out what facts or standards H&E relied on when it made the allegations in this suit.   Again, how can it be premature to find out what facts and standards H&E relied on to file this suit?  If H&E had information on which to base its allegation of negligent breach of a standard, Defendants are entitled to know such information in order to defend this suit.  If H&E had no such information of a standard or breach thereof, then to make such allegation without a basis goes to H&E's credibility.

   *C. The Information Sought by Way of Defendants' Interrogatories Is Relevant and Reasonably Calculated to Lead to the Discovery of Admissible Evidence.*

In response to Interrogatories No. 2 through 5, Plaintiff responded with objections of overbroadness and irrelevance which provide as follows:

INTERROGATORY NO.2:  Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

RESPONSE TO INTERROGATORY NO. 2:
H&E objects to Interrogatory No. 2 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E —owned or —leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

INTERROGATORY NO. 3:
With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:
(a)   the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;
(b)   the date when the Paved Surface was first installed at each respective location;
(c)   the entity or person(s) who designed the Paved Surfaces at each respective location;
(d)   the entity or person(s) who constructed the Paved Surfaces at each respective location;
(e)   the cost of construction of the Paved Surfaces at each respective location;
(f)   the status and condition of the Paved Surfaces at each respective location;

9

NON-CERTIFIED COPY

(g)   the types of expansion/construction joints existing in these Paved Surfaces;

(h)   whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)   the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)   any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)   any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)   any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)   the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)   the results of any such repairs, replacements or maintenance;

(o)   the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 3:**

H&E objects to Interrogatory No. 3, including subparts (a) – (o), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

**INTERROGATORY NO.4:**

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 4:**

Please see response and objections to Interrogatory No. 3.

**INTERROGATORY NO. 5:**

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)   the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)   the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations; the reasons this surface was used instead of a Paved Surface;

(c)   the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(d)   any maintenance program applicable to these Unpaved Surfaces;

(e)   any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

NON-CERTIFIED COPY

(f)     the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g)     the results of any such repairs, replacements or maintenance; and

(h)     the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 5:**

H&E objects to Interrogatory No. 5, including subparts (a) − (i), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E −owned or −leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Plaintiff's objections to these Interrogatories are misplaced where Plaintiff asserts that "[i]nformation regarding other H&E −owned or −leased facilities not at issue in this litigation is irrelevant to the claims in this litigation."    This assertion ignores the plain language of La. Code Civ. Proc. art. 1422 which provides that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim _**or defense**_ *of the party seeking discovery* or to the claim or defense of any other party…"*(emphasis added)*.

In this suit, H&E claims that URS should have used a different design for the paved area in which it unloads and stores its heavy tracked equipment.  H&E claims that the design used by URS did not meet the standard of care.  URS is entitled to information from H&E to show that this same design is used at other H&E facilities for unloading and storing its heavy tracked equipment and such evidence is relevant to show the standard of care.  Such evidence is also relevant to show what maintenance or repairs may be employed at such other facilities which may not be employed at the locations which are the subject of this suit to prevent damage.  Finally, URS is entitled to information from H&E on what unpaved designs are used at its other facilities for unloading and storing its heavy tracked equipment which is relevant to the standard of care, including the reasons why such other surfaces are used at those locations, the advantages and disadvantages of such other surfaces, and the maintenance and repairs of such other surfaces which may not be employed at the locations at issue in this suit.

Accordingly, Defendants seek an Order compelling Plaintiff to provide responses to

11

NON-CERTIFIED COPY

Interrogatories 2 through 5 which is relevant and may lead to the discovery of admissible information that will further support Defendants' defenses.

### D. The Remaining Documents Should Be Produced Without Further Delay.

With regard to the remainder of the Requests for Production, H&E has agreed to produce documents. At the discovery conference on January 7, 2015, counsel for H&E anticipated that they would circulate search terms to facilitate the identification and exchange of electronically stored discovery materials within roughly two weeks following the conference. H&E took over three months after the discovery conference to circulate proposed search terms it agreed to circulate in order to facilitate the exchange of documents. Defendants recently received proposed search terms and H&E has advised that a draft Protective Order would be forthcoming as of the filing of this Motion. Plaintiff has not, as of the time of the filing of this Motion, produced any documents. Defendants therefore move this Honorable Court to the extent necessary for an Order directing H&E to take whatever remaining steps are necessary so that any and all materials responsive to Defendants' requests that are not otherwise privileged can be produced.

### IV. CONCLUSION

For the foregoing reasons, Defendants seek an Order from this Honorable Court compelling Plaintiff, H&E Equipment Services, Inc. to produce complete responses to Defendants' Interrogatories No. 2 to 5 propounded on April 17, 2015 and Requests for Production of Documents Numbers 5, 6, 18, 20 and 36 propounded on November 14, 2014, and to take all necessary steps to produce documents as agreed, as well as an award of reasonable attorneys' fees and costs associated with the filing of this motion pursuant to La. Code Civ. Proc. art. 1469(4).

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco      (Bar #5819), TA
Ron Sholes           (Bar # 14436)
Kellen J. Mathews    (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the above and foregoing has been served

upon all counsel of record via United States mail, properly addressed, and first class

postage prepaid and via email, this the ___11⁵ᵗʰ___ day of May, 2015.

Kellen J. Mathews

13

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.          *    CASE NO. C626308, SECTION D

VERSUS                                *    19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,         *    PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III      *    STATE OF LOUISIANA    COST OK $ _____

FILED:_____             _____  JUL - 7 2015
                                               DEPUTY CLERK
                                                              DEPUTY CLERK OF COURT

### JUDGMENT

The Motion to Compel filed on behalf of defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, (collectively referenced herein as "Defendants"), seeking to compel plaintiff, H&E Equipment Services, Inc. (hereinafter "Plaintiff"), to respond to certain Interrogatories and Requests for Production of Document propounded by Defendants to Plaintiff on or about November 29, 2014, was heard on Monday, June 15, 2015, at 1:00 p.m., before the Honorable Judge Janice Clark.

PRESENT:  Mr. Ron Sholes
          Mr. Kellen J. Mathews
          For Defendants

          Ms. Anne Derbes Wittmann
          Mr. M. David Kurtz
          For Plaintiff

CONSIDERING the Stipulation entered into between Defendants and Plaintiff, read into the record, the Court accepts the Stipulation and adopts same as the Judgment of the Court. Accordingly,

IT IS HEREBY ORDERED that within fifteen (15) days of the referenced hearing, or by June 30, 2015, for the purpose of the discovery of electronically stored information ("ESI"), Defendants will provide to Plaintiff a list proposed search terms, as well as the identity of the custodians from whom ESI will be retrieved.

IT IS FURTHER ORDERED that, with regard to Defendants' Interrogatory Numbers, 2, 3, and 4, Plaintiff will identify other facilities owned and/or operated by Plaintiff with concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories upon which operations similar to those conducted at H&E Equipment Services, Inc.'s Baton Rouge and Kenner facilities, i.e. operations involving the routine traversal of heavy tracked equipment, are conducted, and Plaintiff will respond to the subparts of these interrogatories, reserving the right of Plaintiff to object to, and request relief from, the requested discovery on the ground that



Page 1 of 2

NO ADK1 869041 v1
2919213-000024  06/18/2015



**EXHIBIT**

8

NON-CERTIFIED COPY

responding to Interrogatory Numbers, 2, 3(e); 3(l); 3(m); 3(n); 3(o) and 4, is too burdensome.

**IT IS FURTHER ORDERED** that, with regard to Defendants' Interrogatory Number 5, Plaintiff's response will be limited to identifying other facilities owned and/or operated by Plaintiff, with facilities other than concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories whereupon similar operations involving the routine traversal of heavy tracked equipment are conducted. Defendants reserve the right to seek responses to the remainder of Interrogatory Number 5 and all subparts thereto.

**IT IS FURTHER ORDERED** that, with regard to the remaining discovery requests that formed the basis for Defendants' Motion to Compel, Plaintiff has indicated that materials responsive to these requests, to the extent Plaintiff has any, will be produced and as such Defendants' Motion to Compel is DENIED as premature.

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, this __9__ day of ~~June~~ July, 2015.

HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

Approved as to form:

Ron Sholes/Kellen J. Mathews
ADAMS AND REESE
4500 One Shell Square
New Orleans, LA  70139
Telephone: (225) 922-5110
*Attorneys for Defendants*

Anne Derbes Wittmann/M. David Kurtz
BAKER, DONELSON, BEARMAN,
CALDWELL  & BERKOWITZ, PC
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170
Telephone:  (504) 566-5200
*Attorneys for Plaintiff*

I hereby certify that on this day a notice of the above judgement was mailed by me, with sufficient postage affixed, to: Wittmann, Kurtz, Mathews
Done and signed on  7-13-15

Deputy Clerk of Court

CERTIFIED TRUE AND
CORRECT COPY

JUL 13 2015

East Baton Rouge Parish
Deputy Clerk of Court

Page 2 of 2

NO ADK1 869041 v1
2919213-000024  06/18/2015

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |
| FILED:_____ | | _____ |
| | | DEPUTY CLERK |

### LOCAL RULE 10.1 CERTIFICATE

In compliance with Local Rule 10.1, counsel for plaintiff, H&E Equipment Services, Inc., conferred with counsel for the defendants and attempted to resolve the discovery dispute that is the subject of the attached Motion to Compel. The parties, however, have been unable to resolve the discovery dispute at issue.

Respectfully submitted,

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 25th day of November, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
LAURA E. CARLISLE

-1-

EBR3327665

NON-CERTIFIED COPY

NO LEC 898799 v1
2919213-000024



# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA  70170
PHONE:  504-566-5200
FAX:  504-636-4000
www.bakerdonelson.com

LAURA E. CARLISLE
**Direct Dial:** (504) 566-8643
**Direct Fax:** (504) 585-6943
**E-Mail:** lcarlisle@bakerdonelson.com

December 1, 2015



Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:  *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
19th JDC No. 626308, Division "D", Section XX1

Dear Mr. Welborn:

Enclosed please find an original and three (3) copies of the Motion to Compel, Rule to Show Cause, Memorandum in Support of Motion to Compel and Local Rule 10.1 Certificate, which was fax filed with your office on November 25, 2015 and we now ask that you file the originals with the Court on behalf of Plaintiff, H&E Equipment Services, Inc.  We have received your confirmation regarding said filing and required fees.  We enclose our firm's check in that amount $579.00 for the fax filing, original filing, and service fees associated with this filing.  I would appreciate your returning a date-stamped copy of this pleading to undersigned counsel in the enclosed, self-addressed envelope.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kindest regards, I remain

Sincerely,

*/s/ Laura E. Carlisle*

Laura E. Carlisle

LEC/sdt
Encl.
c:   Philip A. Franco, Esq. w/encl.
     Kellen Matthews, Esq. w/encl.

EBR3327662

LEC 903335 v1
9213-000024

..BAMA  •  FLORIDA  •  GEORGIA  •  LOUISIANA  •  MISSISSIPPI  •  TENNESSEE  •  TEXAS  •  WASHINGTON, D.C.

NON-CERTIFIED COPY

EBR CLERK OF COURT    Fax 2253893392          Nov 25 2015 01:32pm  P001/001



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

## FAX RECEIPT

NUMBER C626308  Division D                         Date:   25-NOV-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: **MOTION TO COMPEL**

Total Amount Due (includes all applicable fees below) $ **579.00**

The Clerk of Court's office has received, by facsimile transmission dated **11-25-15**, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)        A transmission fee of five dollars
13:841(A)(2)(a)     First page of each pleading, six dollars
13:841(A)(2)(b)     Each subsequent page, four dollars
13:841(A)(2)(c)     Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)     Issuing document without notice of service, fifteen dollars (Receipt generation fee)

<u>NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.</u>

<u>SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.</u>

<u>IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.</u>

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT

REC'D C.P.
DEC 0 7 2015

REC'D C.P.
DEC 1 4 2015



NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.   *   CASE NO. C 626,308 SECTION D

VERSUS   *   19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,   *   PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III   *   STATE OF LOUISIANA

FILED:_____   _____

DEPUTY CLERK

### MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
### BY H&E EQUIPMENT SERVICES, INC.

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this memorandum in support of its Second Motion to Compel against defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants"). More specifically, H&E requests that the Court order Defendants to fully and meaningfully respond to interrogatories and a request for production regarding their professional services in connection with similar projects – the kind of information Defendants have already argued to the Court is critically relevant to the issues and claims in this case.



### I.   Factual and Procedural Background

This suit stems from damages suffered by H&E as a result of deficient designs and specifications prepared by Defendants for the construction and renovation of H&E facilities in Baton Rouge, Kenner, and Belle Chasse, Louisiana between 2006 and 2013. Among other things, H&E has alleged, and Defendants have denied, that Defendants breached their contractual and professional duties with respect to their design for concrete pads constructed to Defendants' specifications at H&E's Baton Rouge and Kenner facilities, and that Defendants further failed to address and remedy observed crumbling and spalling in the concrete that began to occur in 2012 and continues to this day. The applicable standard of care, and what Defendants should or should not have done in their designs and specifications, is a central issue in this case.

-1-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

    A.    *H&E Requests Information Regarding Defendants' Work on Similar*
        *Projects, and Defendants Agree to Provide the Information, But Do Not.*

Over a year ago, H&E served Defendants with its Second Set of Interrogatories.[1]  The

Second Set of Interrogatories included an interrogatory regarding work performed by the

Defendants on projects similar to the H&E facilities at issue in this case:

**INTERROGATORY NO. 21:**

> Please identify by customer and address all other facilities constructed for use as
> yards for the storage and/or maintenance of tracked construction equipment for
> which you have provided professional design and/or contract administration.[2]

Defendants responded to Interrogatory No. 21 with certain objections, but agreed to

provide the requested information with respect to paved equipment yards:

**ANSWER TO INTERROGATORY NO. 21:**

> Defendants object to Interrogatory No. 21 as vague and overbroad and seeking
> irrelevant information, where the Interrogatory does not differentiate between
> paved and unpaved yards for the storage and/or maintenance of tracked
> construction equipment and is further not limited to any branch or division of
> URS, a global company.  Further answering and without waiving any objection,
> **relative to paved yards for to [sic] the storage and/or maintenance of tracked
> construction equipment, this information has been requested and will be
> provided upon receipt**.[3]

In short, Defendants acknowledged that at least their work on projects involving "paved yards

for to [sic] the storage and/or maintenance of tracked construction equipment" was relevant to

the claims and issues in this case, and they represented that they had, as of the date of their

responses, requested such information and would provide it to H&E "upon receipt."  But,

Defendants never provided this information as promised.

Defendants forwarded their Answers to H&E's Second Set of Interrogatories, including

Interrogatory No. 21 of that set, on December 10, 2014 – almost a year ago.  To date, they have

not provided the information acknowledged in their own written answer to be relevant, that is,

information pertaining to the customers and addresses for "all other facilities constructed for use

as [paved] yards for the storage and/or maintenance of tracked construction equipment" for

which Defendants have provided professional services and/or contract administration.

---

[1]    *See* H&E Equipment Services, Inc.'s Second Set of Interrogatories to Defendants ("H&E's Second Set of
Interrogatories"), attached as Exhibit "1."

[2]    *See id.* at Interrogatory No. 21.

[3]    *See* Defendants' Answers to Second Set of Interrogatories of H&E Equipment Services, Inc., Answer to
Interrogatory No. 21 (emphasis added), attached as Exhibit "2."

-2-

NON-CERTIFIED COPY

B.    *H&E Propounds Subsequent, Similarly Reasonable*
       *and Relevant Requests, and Defendants Decide to Stonewall.*

On August 18, 2015, H&E served its Third Set of Interrogatories and Second Set of Requests for Production on Defendants, which included specific, tailored interrogatories and one request for production regarding Defendants' work on other similar projects:

**INTERROGATORY NO. 1:**

Please identify all of Your Projects relating to the design, specification, installation, or construction of concrete or any other Paved Surfaces that you have performed for clients whose business operations include the renting, leasing, sale, maintenance, use, and/or storage of heavy tracked equipment.

**INTERROGATORY NO. 2:**

For each Project identified in response to Interrogatory No. 1, please identify the following:

a.    The client for whom the services were provided;

b.    Location of the Project;

c.    Nature and scope of the design or other professional services provided;

d.    Approximate date of completion of the design or professional services;

e.    Date of substantial completion of the Project;

f.    The cost of the Project's construction;

g.    The types of tracked equipment rented, leased, sold, maintained, used, and/or stored at the site;

h.    The materials used for any Paved Surfaces on which such equipment was to be rented, leased, sold, maintained, used, and/or stored at the site;

i.    Specifications for any reinforcement for such Paved Surfaces;

j.    The contractor and/or subcontractors employed for the construction of such Paved Surfaces;

k.    Whether any problems were observed with such Paved Surfaces during and/or subsequent to construction, including but not limited to spalling, cracking, or other signs of deterioration; and

l.    Any recommendations or specifications provided to the client regarding maintenance or repair of the Paved Surfaces, both short term and long term.

-3-

NON-CERTIFIED COPY

**REQUEST FOR PRODUCTION NO. 1:**

>    Please produce all documents reflecting Your specifications for any concrete or
>    other Paved Surfaces for all Projects identified in response to Interrogatory No. 1
>    above.[4]

H&E defined "Projects" as "any job, assignment, engagement, or otherwise for which one or

more of the Defendants have been retained or consulted to provide design or other professional

services."[5]  Consistent with Defendants' own previous response (discussed above), H&E limited

these requests to Projects involving "Paved Surfaces," defined as "surface[s] covered with

paving material, including without limitation, concrete, asphalt, tar, gravel, stone, or any similar

material."[6]

   Defendants refused to provide *any* of the requested information or documents, objecting

to each and all of these requests as "overbroad, harassing, unduly burdensome, and seeking

information that is either irrelevant or not reasonably calculated to lead to the discovery of

admissible evidence."[7]  When conferred with by undersigned counsel regarding their refusal to

respond, Defendants insisted that their work on other, albeit admittedly similar projects was not

relevant to the standard of care in this case and the question of whether Defendants should or

should not have provided different specifications and services for H&E's facilities.

   Even more, Defendants changed course from their earlier response, which pledged to

provide information in response to H&E's prior Interrogatory No. 21.  Now, Defendants refuse

to provide that information as well.  More specifically, subsequent to the parties' conference

regarding Defendants' responses to H&E's Third Set of Interrogatories and Second Set of

Requests for Production, undersigned counsel conferred with counsel for the Defendants

regarding the status of Defendants' response to H&E's prior Interrogatory No. 21, including

Defendants' representation that they had, as of December 2014, requested information pertaining

to other, similar projects on which Defendants had worked (defined by Defendants as projects

involving  "paved yards for to [sic] the storage and/or maintenance of tracked construction

equipment") and would provide that information "upon receipt."  Reminded of this outstanding

response, however, Defendants refused to provide the information, insisting that the request was

---

[4]   *See* H&E Equipment Services, Inc.'s Third Set of Interrogatories and Second Set of Requests for
Production to Defendants, attached as Exhibit "3."

[5]   *See id.* at Definitions.

[6]   *Id.*

[7]   *See* Defendants' Answers to Third Set of Interrogatories and Second Set of Requests for Production of
Documents, attached as Exhibit "4."

-4-

NON-CERTIFIED COPY

overbroad and irrelevant and that Defendants would not, in fact, be providing *any* information regarding their work on other similar projects.[8]  Despite this new position, Defendants have not sought to amend their earlier response.

> C.    *In the Meantime, Defendants Insist that the Court Compel H&E*
> *to Provide Extensive Information Regarding its Other Facilities.*

Notwithstanding their own refusal to provide information about their work on other similar projects, some months prior to that refusal, Defendants propounded on H&E interrogatories requesting extensive, detailed information regarding *its* other facilities, both owned and leased:

**INTERROGATORY NO. 2:**

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

**INTERROGATORY NO. 3:**

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

(h)    whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)    any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

---

[8]    *See* Email from P. Franco to L. Carlisle, dated 10/6/15, attached as Exhibit "5."

-5-

NON-CERTIFIED COPY

(k)     any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)     any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)    the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)     the results of any such repairs, replacements or maintenance;

(o)     the cost of any such repairs, replacements or maintenance.

**INTERROGATORY NO. 4:**

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

**INTERROGATORY NO. 5:**

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)     the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)     the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c)     the reasons this surface was used instead of a Paved Surface;

(d)     the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e)     any maintenance program applicable to these Unpaved Surfaces;

(f)     any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g)     the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h)     the results of any such repairs, replacements or maintenance; and

(i)     the cost of any such repairs, replacements or maintenance.[9]

As other facilities owned or lease by H&E are not at issue in this litigation, and it is Defendants', not H&E's professional services, that are on trial, H&E objected to these interrogatories as overbroad and irrelevant. Defendants subsequently filed a Motion to Compel

---

[9]    *See* Defendants' First Set of Interrogatories, attached as Exhibit "6."

-6-



H&E's responses, arguing that its requests – and what happens and/or happened at other H&E facilities – was relevant to *Defendants'* standard of care in this case.[10]  At the Court's urging, H&E agreed to a compromise, agreeing to produce what detailed information it had about facilities with concrete-paved surfaces and more limited information regarding facilities with unpaved surfaces.[11]  H&E has since complied with the agreed-upon compromise between the parties and the Court's Judgment to that effect.

In the meantime, Defendants have failed to respond to discovery regarding Defendants' work on similar facilities for other clients.

## II.    Defendants Should Be Compelled to Provide Complete, Meaningful Responses Regarding Their Work on Similar Projects.

This case is not about other H&E facilities.  Nor is it about what other architects or engineers did with respect to the design and specifications for other H&E facilities – many of which are not even owned by H&E and for which H&E had no input in the design and construction of the facility.  But, this case *is* about what Defendants did or did not do – and what they should have known or should not have known to do – with respect to the facilities at issue.  Relevant to that question are the professional design and contract administration services provided by Defendants for similar projects.  Defendants should not be allowed to withhold such information.

### A.    *The Requested Information is Relevant.*

As Defendants emphasized in their own prior Motion to Compel, the "plain language" of Louisiana Code of Civil Procedure article 1422 provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party."  La. Code Civ. P. art. 1422.[12]  A basic principle of Louisiana's discovery rules is that these rules should be liberally construed to allow discovery whenever possible.  *See Succession of Norton*, 351 So. 2d 107, 111 (La. 1977); *Simmons v. Transit Mgmt. of Se. La., Inc.*, 2000-2530, p. 3 (La. App. 4 Cir. 2/7/01), 780 So. 2d 1074, 1077.  As the party opposing discovery, Defendants have the burden of showing that the information

---

[10]    *See* Defendants' Memorandum in Support of Motion to Compel Discovery Responses, p. 11, attached as Exhibit "7."

[11]    *See* Judgment, dated 7/9/2015, a copy of which is attached as Exhibit "8."

[12]    Ex. "7," Defendants' Memorandum in Support of Motion to Compel Discovery Responses, p. 11.

-7-

NON-CERTIFIED COPY

requested by H&E is not relevant.  *See, e.g., MTU of North America*, 475 So.2d 1063, 1066 (La.

1985); *see also, e.g., McLeod, Alexander, Powel & Appffel, P.C. v. Quarles*, 894 F.2d 1482 (5th

Cir. 1990) (placing the burden on the party opposing discovery to "show specifically how ... each

[request] is not relevant or how each [request] is overly broad, burdensome or oppressive").

Plainly, what designs, specifications, and/or contract administration services Defendants

may have provided for similar projects is relevant to the claims and defenses in this case.  Among

other things, such information goes to the question of what Defendants should or should not have

done and should or should not have known with respect to appropriate specifications for H&E's

facilities.

In their own prior Motion to Compel, Defendants insisted that information pertaining to

designs used at other H&E facilities – again, many of which H&E had no control over and no

involvement in – was relevant to show that the same design used by Defendants for Baton Rouge

and Kenner "[was] used at other H&E facilities for unloading and storing its heavy tracked

equipment and such evidence **is relevant to show the standard of care**."[13]  In fact, *Defendants'*

experience and professional work on other projects is far more relevant to the question of

whether Defendants' designs and specifications in this case were deficient than information

regarding designs used at other H&E facilities.  To the extent Defendants suggest otherwise, they

are attempting to turn the applicable standard of care on its head.

        B.     *H&E's Requests Are Not Overly Broad and Burdensome.*

As noted above, Defendants responded to H&E's most recent interrogatories and request

for production regarding Defendants' other projects with the conclusory, boilerplate objection

that the requests were "overbroad, harassing, unduly burdensome, and seeking information that

is either irrelevant or not reasonably calculated to lead to the discovery of admissible

evidence."[14]  During undersigned counsel's conference with Defendants' counsel regarding the

inadequacy of Defendants' responses, counsel for the Defendants did not expound on how or

why Defendants found the requests "overbroad, harassing, [or] unduly burdensome" but stated

only – dismissively so – that Defendants were simply too busy and did not have time to provide

the responses required by H&E's requests.

---

[13]     Ex. "7," Defendants' Memorandum in Support of Motion to Compel Discovery Responses, p. 11.
[14]     *See* Defendants' Answers to Third Set of Interrogatories and Second Set of Requests for Production of Documents, attached as Exhibit "4."

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

Such conclusory objections are nowhere near sufficient to overcome Defendants' burden of showing that H&E's requests are overbroad, unduly burdensome, or oppressive, much less sufficient to overcome the presumption that discovery should be allowed whenever possible. *See, e.g., Southern Filter Media, LLC v. Halter*, 2014 WL 42787788, *5 (M.D. La. 8/29/14) (conclusory objections that discovery requests were overly broad, vague, ambiguous, and unduly burdensome were "entirely inadequate" and did not overcome opposing party's burden in objecting to the discovery); *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("Broad-based, non-specific objections ... fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request."); *MTU of North America*, 475 So. 2d at 1066 (burden is on party opposing discovery to show that discovery requested is unduly burdensome).

In fact, H&E's interrogatories and requests for production regarding Defendants' work on other, similar projects are both relevant and reasonable, and Defendants should be compelled to provide complete responses.

C.   *H&E Should Be Awarded Attorney's Fees and*
     *Costs Incurred in Bringing this Motion to Compel.*

Pursuant to Article 1469(4) of the Louisiana Code of Civil Procedure, if a motion to compel is granted, the court "shall" require the party whose conduct necessitated the motion, or his attorney, or both, to pay the moving party the reasonable expenses incurred in obtaining the discovery order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make such an award unjust  *See* La. Code Civ. P. art. 1469(4). Defendants have had every opportunity to obviate the need for this Motion but have been entirely unwilling to do so. And, they have done so disingenuously, having served similar (albeit less relevant) interrogatories of their own and even having previously represented that they would provide responsive information and then did not.

In light of Defendants' behavior, H&E should be awarded its reasonable costs and attorney's fees incurred in connection with this Motion to Compel.

**III.   Conclusion**

For all of the foregoing reasons, H&E's discovery requests regarding the professional services provided by Defendants on other similar projects is both relevant to the claims and defenses in this litigation and reasonable.  H&E respectfully requests that the Court grant its

-9-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

Motion and order Defendants to respond to the outstanding discovery requests. H&E further requests that it be awarded its reasonably costs and attorney's fees incurred in connection with this Motion to Compel.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY:   _Laura E. Carlisle_

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**



FILED
EAST BATON ROUGE PARISH, LA
2015 DEC -4 PM 12:42
DEPUTY CLERK OF COURT

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 25th day of November, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_Laura E. Carlisle_
LAURA E. CARLISLE

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | *  CASE NO. C 626,308 SECTION D |
| VERSUS | *  19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | *  PARISH OF EAST BATON ROUGE |
| | *  STATE OF LOUISIANA |

COST OK $ 579.00
# 21716
DEC 04 2015

FILED:_____

_____
DEPUTY CLERK

DEPUTY CLERK OF COURT

## MOTION TO COMPEL
## BY H&E EQUIPMENT SERVICES, INC.

NOW INTO COURT, through undersigned counsel, comes plaintiff, H&E Equipment Services, Inc. ("H&E"), and, pursuant to Louisiana Code of Civil Procedure article 1469(2), respectfully requests that this Court order defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants"), to fully and meaningfully respond to interrogatories and requests for production regarding their professional services provided on projects similar to those at issue in this case. As set forth in the accompanying Memorandum in Support, Defendants initially agreed to provide written responses regarding certain of this information but then, in response to subsequent interrogatories and a request for production from H&E, changed course and refused to provide any information whatsoever – all while requesting and attempting to compel similar albeit far less relevant information from H&E. The requested information is clearly relevant to the claims and issues in this case, and Defendants should be compelled to provide complete answers and documents in response to H&E's interrogatories and request for production immediately.

REC'D C.P.
DEC 14 2015



EBR3327663

REC'D C.P.
DEC 07 2015

-1-

COPY FILED 11/25/15
ORIGINAL FILED 12/4/15

NON-CERTIFIED COPY

NO LEC 898799 v1
2919213-000024

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _Laura E. Carlisle_

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

IT IS HEREBY CERTIFIED that on this 25th day of November, 2015, the foregoing was

served on all known counsel of record who have appeared in this matter by facsimile and/or

electronic mail and by placing same in the United States mail, in a properly addressed envelope,

with first-class postage prepaid.

_Laura E. Carlisle_
LAURA E. CARLISLE

FILED
EAST BATON ROUGE PARISH, LA
2015 DEC -4 PM 12: 42
DEPUTY CLERK OF COURT

-2-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.       *    CASE NO. C626308, SECTION D

VERSUS                             *    19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,      *    PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III   *    STATE OF LOUISIANA

FILED:_____         _____
                                              DEPUTY CLERK

## RULE TO SHOW CAUSE

Considering the foregoing Second Motion to Compel ("Motion") filed by plaintiff, H&E

Equipment Services, Inc.;

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that defendants, URS

Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III

(collectively, "URS"), show cause, if any they may have, on the 4th day of January, 2016, at

1:00 p.m., why the Motion to Compel should not be granted;

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that defendants, URS

Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III

(collectively, "URS"), show cause, if any they may have, why H&E Equipment Services, Inc.

should not be awarded reasonable attorneys' fees and costs incurred in bringing this Motion to

Compel.

Baton Rouge, Louisiana, this the _14_ day of _Dec_, 2015.

_____
                                          JUDGE

**PLEASE SERVE:**

URS Corporation Architecture, P.C., URS Corporation,
L. O'Neal Johnson, and Thomas E. Ryan, III,
Through their counsel of record,
Philip A. Franco
Kellen Matthews
Adams and Reese, LLP
4500 One Shell Square
New Orleans, Louisiana 70139

-1-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
## 300 North Boulevard
## Baton Rouge, LA 70801
## Phone  (225)389-3960

NO.   C626308 Division D                     15-DEC-2015

TO:   ORLEANS PARISH SHERIFFS OFFICE
      CIVIL DEPARTMENT
      421 LOYOLA AVE
      NEW ORLEANS, LA 70112

Please find attached RULE NISI  to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X       note the enclosed check for payment of service;

ڤ       send us your bill for service;

ڤ       note that this is a pauper suit and no funds are available; or

ڤ       note that this is a government suit and no funds are necessary.

                              Thank You,

                              _Deputy Clerk of Court for_
                              **Doug Welborn, Clerk of Court**

Requesting Attorney:  LAURA E CARLISLE

_____

REPLY:                        DATE:_____

_____

_____

_____

_____

_____

                   By:_____

                   Deputy Sheriff, Parish of _____


**Letter to Out Of Parish Sheriff - 5213**



EBR3262482

NON-CERTIFIED COPY

6709-15-000433

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

vs.

**PARISH OF EAST BATON ROUGE**

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**STATE OF LOUISIANA**

**TO:   URS CORPORATION ARCHITECTURE PC.,
URS CORPRATION L.O'NEAL JOHNSON, AND THOMAS E. RYAN, III
THROUGH PHILIP A FRANCO
KELLEN MATTHEWS
4500 ONE SHELL SQUARE
NEW ORLEANS, LA.  70139**

The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

## MOTION TO COMPEL

You MUST come to Court at 1:00 PM, on JANUARY 4, 2016 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

### * * * * * SEE ATTACHED ORDER * * * * *

**YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.**

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **15-DEC-2015**.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:
LAURA E CARLISLE

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**        After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL: $_____

_____
Deputy Sheriff
Parish of _____

**RULE NISI (OOP) - 6709**



EBR3381043

NON-CERTIFIED COPY

6709-15-000426

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**



TO:  **H&E EQUIPMENT SERVICES INC
THRU ROY C CHEATWOOD
201 ST. CHARLES AVE., STE. 3600
NEW ORLEANS, LA.  70170**  072

The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

### MOTION TO COMPEL DISCOVERY RESPONSES , AND MEMORANDUM

You MUST come to Court at 1:00 PM, on JANUARY 4, 2016 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

### * * * * * SEE ATTACHED ORDER * * * * *

### YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **09-NOV-2015**.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:
KELLEN J MATHEWS

---

**SERVICE INFORMATION:**

Received on the _13_ day of _Nov_, 20_15_ and on the _23_ day of _Nov_, 20_10_, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _201 St Cheatwood thru Lercy_

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20___.

SERVICES
MILEAGES
TOTAL:

_____
**Deputy Sheriff**
Parish of _Orleans_

**RULE NISI (OOP) - 6709**

2015 DEC ... 
EAST BATON ... 
DEPUTY CLERK OF COURT

EBR3230350

EBR3316336

NON-CERTIFIED COPY



# BAKER DONELSON
BEARMAN, CALDWELL
& BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:    504.566.5200
FAX:    504.636.4000

www.bakerdonelson.com

# FAX COVER SHEET

| | |
|---|---|
| **FROM** | Shelley Tannehill |
| **EMAIL** | stannehill@bakerdonelson.com |
| **BILL CODE** | |
| **TO** | |
| **COMPANY** | |
| **FAX NUMBER** | 12253893392 |
| **DATE** | 29/12/2015 16:02:05 CST |
| **RE** | H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al |

## COVER MESSAGE



**Shelley Tannehill**
**Legal Secretary to Danielle Trostorff, Shareholder,**
**Margaret Silverstein and Laura Carlisle**

**Baker, Donelson, Bearman,**
  **Caldwell & Berkowitz, PC**
**201 St. Charles Avenue, Suite 3600**
**New Orleans, Louisiana 70170**
**Telephone: 504.566.8658**
stannehill@bakerdonelson.com<mailto:stannehill@bakerdonelson.com>
www.bakerdonelson.com<http://www.bakerdonelson.com/>

**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. with offices in**
**Alabama, Florida, Georgia, Louisiana, Mississippi, Tennessee, Texas and Washington, D.C.**

[Description: Description: cid:747443820@21092011-2865]<http://www.bakerdonelson.com/>

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For(r)" for Six Years in**
**a Row!**
 P Please consider the environment before printing this e-mail.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.*

*Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.*

NON-CERTIFIED COPY

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email,
then in any part of the same series of emails), such advice was not intended
or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used,
and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or
(2) promoting, marketing or recommending to another party any transaction or tax-related matter
addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at
law.
It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this
electronic mail transmission in error, please delete it from your system without copying it, and notify the
sender by reply e-mail, so that our address record can be corrected.
*************************************************************

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named
above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this
facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person
named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to
avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

Received
29/12/2015 16:02:46 CST
15045856904 From: Shelley Tannehill

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

NON-CERTIFIED COPY

# BAKER DONELSON
### BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170

PHONE:   504.566.5200
FAX:   504.636.4000

www.bakerdonelson.com

LAURA E. CARLISLE
Direct Dial: (504) 566-8643
Direct Fax: (504) 585-6943
E-Mail Address: lcarlisle@bakerdonelson.com

December 29, 2015

## VIA FACSIMILE (225) 389-3392

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:   *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
19th JDC No. 626308, Division "D", Section XX1

Dear Mr. Welborn:

Attached please find a Reply Brief in Support of H&E Equipment Services, Inc.'s Motion to Compel, which we ask that you file with the Court on behalf of Plaintiff, H&E Equipment Services, Inc. Once we have received your fax confirmation, we will forward the original to you along with our check for the filing and fax fees associated with this request.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kindest regards, I remain

Sincerely,

/s/ Laura E. Carlisle

Laura E. Carlisle

LEC/sdt
Attachment
cc:   Philip A. Franco, Esq. w/encl. via facsimile  (504) 566-0210
      Kellen Matthews, Esq. w/encl. via facsimile (225) 336-5220

NO LEC 907798 v1
2919213-000024

ALABAMA     FLORIDA     GEORGIA     LOUISIANA     MISSISSIPPI     TENNESSEE     TEXAS     WASHINGTON, D.C.


NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C 626,308 SECTION D |
|---|---|---|
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |
| FILED:_____ | | _____ |
| | | DEPUTY CLERK |

### REPLY BRIEF IN SUPPORT OF
### H&E EQUIPMENT SERVICES, INC.'S MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this Reply Brief in further support of its Second Motion to Compel and in response to the Memorandum in Opposition to Motion to Compel ("Opposition") filed by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants").

As the party opposing discovery, Defendants have the burden of showing that H&E's interrogatories and request for production regarding Defendants' work on other projects similar to those at issue in this case are not relevant and/or are overly burdensome. *See, e.g., MTU of North America*, 475 So.2d 1063, 1066 (La. 1985); *see also, e.g., McLeod, Alexander, Powel & Appffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990) (placing the burden on the party opposing discovery to "show specifically how ... each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive"). Defendants have not met their burden in either respect. In fact, H&E's requests are critically relevant to the issues in this case and are not overly broad or burdensome, and, therefore, Defendants should be compelled to provide thorough and meaningful responses to H&E's interrogatories and request for production regarding Defendants' professional services in connection with similar projects

### I.      H&E's Interrogatories and Request for Production are Relevant.

In their Opposition, Defendants contend that their work on other similar projects is not relevant to this case "because it does not set the standard of care," as if that were the only question at issue in this case.[1] This is precisely the opposite of what Defendants previously argued to the Court in asking the Court to compel H&E to provide similar information regarding

_____

[1]      Opposition, pp. 5 and 2.

-1-

NON-CERTIFIED COPY

its other facilities, which Defendants insisted was "relevant to show the standard of care."[2]
Defendants cannot have it both ways. Regardless, what designs, specifications, and/or contract
administration services Defendants may have provided for similar projects is relevant to the
question of what Defendants should or should not have done and should or should not have
known with respect to appropriate specifications for H&E's facilities. For example, if
Defendants knew from prior experience that concrete intended for routine use by tracked
vehicles required special design parameters, such would be relevant to whether Defendants
breached their contractual obligations regardless of the standard of care. This information is
squarely within the bounds of permissible discovery, and Defendants should not be allowed to
withhold it.

## II.    The Requested Information is Not Overly Broad or Unduly Burdensome.

Defendants likewise fail to show that the information requested by H&E is overly broad
or burdensome. As noted above and previously, the burden is *on Defendants* to "show
specifically how" each request is overly broad, burdensome, or oppressive. *Quarles*, 894 F.2d
1482 (5th Cir. 1990) (placing the burden on the party opposing discovery to "show specifically
how ... each [request] is not relevant or how each [request] is overly broad, burdensome or
oppressive"); *see also, e.g., Southern Filter Media, LLC v. Halter*, 2014 WL 42787788, *5 (M.D.
La. 8/29/14) (conclusory objections that discovery requests were overly broad, vague,
ambiguous, and unduly burdensome were "entirely inadequate" and did not overcome opposing
party's burden in objecting to the discovery); *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex.
2006) ("Broad-based, non-specific objections ... fall woefully short of the burden that must be
borne by a party making an objection to an interrogatory or document request."); *MTU of North
America v. Raven Marine*, 475 So.2d 1063, 1066 (La. 1985) (burden is on party opposing
discovery to show that discovery requested is unduly burdensome).

Defendants in their Opposition make much of the fact that URS Corporation is a "global
company" and assert that obtaining the information requested by H&E would necessarily be "an
astronomically burdensome and costly endeavor."[3] In support of this conclusory statement,
Defendants repeatedly point to the number of documents generated by the parties' agreed-upon

---

[2]    Defendants' Memorandum in Support of Motion to Compel Discovery Responses, filed 5/11/5, p. 11.

[3]    Opposition, pp. 1-2.

-2-

NON-CERTIFIED COPY

ESI search protocol in this case – 122,184 documents according to Defendants for the three facilities at issue.[4] There are several problems with Defendants' argument.

First, simply because one or more of the defendants is a large, or even global, company does not make H&E's requests necessarily broad or burdensome. If that were the case, global companies would never have to respond to requests of this nature. Moreover, H&E has not requested information regarding every project Defendants ever performed work on: it has requested information only regarding similar projects for similar clients.

In their Opposition, Defendants attempt to distinguish their own similar requests regarding other H&E facilities by emphasizing that only seven sites met the criteria of a similar site.[5] But, Defendants confuse the issue here because Defendants' interrogatories did not request information regarding seven, specific sites: Defendants requested information regarding "any and all locations or sites that have been owned or leased by H&E" with similar operations as H&E's Kenner and Baton Rouge facilities – with no temporal or geographic limitation.[6] Simply because Defendants' request happened to turn up relatively few hits does not make the request itself any less broad or burdensome. H&E is a national company with approximately 70 facilities and sites located across the United States, and Defendants demanded that H&E identify all similar sites – the number of which were unknown – and provide detailed information regarding each and every one. That Defendants *may* have worked on more similar projects than H&E has similar facilities – which only further shows the relevancy of H&E's requests – does not make H&E's requests more burdensome than Defendants' requests.

Defendants' reliance on the size of data generated by the parties' agreed-upon ESI search protocol for the three facilities at issue is similarly misplaced and unavailing.[7] In short, Defendants argue that H&E's requests regarding other similar projects of Defendants must be overly broad and burdensome because the parties' ESI protocol for the three facilities at issue – which was crafted by all parties – is generating a voluminous amount of documents. Such a comparison is entirely inapposite and misleading. The parties' ESI protocol includes *four different defendant email custodians* and *95 defendant search terms and/or phrases* designed to

---

[4]    *See, e.g.,* Opposition, p. 2. Notably, Defendants have not produced any of these documents.

[5]    *See* Opposition, p. 6.

[6]    *See, e.g.,* Defendants' First Set of Interrogatories, a copy of which is attached as Exhibit "1."

[7]    It bears noting that 122,184 documents is not a particularly large response to discovery in a complex construction dispute.

-3-

NON-CERTIFIED COPY

generate a thorough universe of responsive documents.[8]    Conversely, H&E's interrogatories and request for production request only limited, basic information regarding Defendants' other similar projects.

In fact, it is not clear how many projects would be responsive to H&E's requests or what the size of Defendants' response would be because Defendants have not taken the first step in attempting to search for responsive information.    They have simply asserted boilerplate, conclusory objections and asked that the Court take their word for it that H&E's requests are overly broad and burdensome.    This clearly does not overcome the presumption of discoverability or otherwise meet Defendants' burden in avoiding relevant discovery.

## III.    Conclusion

Defendants' Opposition simply does not save Defendants' boilerplate, conclusory, and even dismissive objections.    For all of the reasons set forth above and previously, H&E's discovery requests regarding the professional services provided by Defendants on other similar projects is both relevant to the claims and defenses in this litigation and reasonable.    H&E respectfully requests that the Court grant its second Motion to Compel and order Defendants to respond to the outstanding discovery requests.    H&E further requests that it be awarded its reasonably costs and attorney's fees incurred in connection with this Motion to Compel.

---

[8]    A copy of the parties' Search Term Parameters is attached as Exhibit "2."

-4-

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _(signature)_
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 29th day of December, 2015, the foregoing was

served on all known counsel of record who have appeared in this matter by facsimile and/or

electronic mail and by placing same in the United States mail, in a properly addressed envelope,

with first-class postage prepaid.

_(signature)_
LAURA E. CARLISLE

FILED
EAST BATON ROUGE PARISH, LA
2015 DEC 29  PM 4:46
DEPUTY CLERK OF COURT

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308       DIV.: D |
|---|---|---|
| | * | |
| VERSUS | * | 19ᵀᴴ JUDICIAL DISTRICT COURT |
| | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

### FIRST SET OF INTERROGATORIES

TO:   H&E Equipment Services
    Through its Attorneys of Record
    Roy C. Cheatwood
    Anne Derbes Wittmann
    M. David Kurtz
    Matthew C. Juneau
    Baker Donelson Bearman Caldwell & Berkowitz
    201 St. Charles Avenue, Suite 3600
    New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), by their attorneys, Adams and Reese LLP, propound the following

Interrogatories to Plaintiff, H&E Equipment Services, Inc. ("Plaintiff"), to be answered

fully, separately, in writing, and under oath, and to be answered within the delays

allowed by law, pursuant to the Louisiana Code of Civil Procedure.  Pursuant to the

rules of this Court, you are hereby requested to answer the following Interrogatories

and return them to the law offices of Phillip A. Franco, Adams and Reese 4500 One Shell

Square, New Orleans, Louisiana  70139 within fifteen (15) days of service, and to attach

the requested documents at that time.

### DEFINITIONS AND INSTRUCTIONS

    1.    As used herein, the terms "you," "your," or "yourself" refers to H&E
Equipment Services, including without limitation, all present and/or former
agents, representative, and attorneys, and each person acting or purporting to act
on their behalf.

**EXHIBIT**

1

NON-CERTIFIED COPY

2.    As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.    As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.    The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced.   Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind.   The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.    If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability.   If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.    If any information requested herein is claimed to be privileged or otherwise protected from discovery, Plaintiff is requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:
    a.    its author;
    b.    the date of its creation;
    c.    the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
    d.    its general nature and subject matter;
    e.    its present location and custodian; and
    f.    the basis upon which it is claimed to be privileged or otherwise protected from discovery.

7.    "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

NON-CERTIFIED COPY

8. "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

9. "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

10. "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

11. "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be attached to your answer.

12. "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

13. "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

14. Each request is addressed to the personal knowledge of Plaintiff, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

15. Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief. Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

16. The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

NON-CERTIFIED COPY

17.    The following rules of construction apply to all discovery requests:

(a)    All/Each. The terms "all" and "each" shall be construed as all and each.

(b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c)    Number. The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please Describe the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the concrete paved surfaces (hereinafter "Paved Surfaces") of the H&E sites or locations in Baton Rouge and Kenner.

**INTERROGATORY NO. 2:** Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge and Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

**INTERROGATORY NO. 3:** With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)  the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)  the date when the Paved Surface was first installed at each respective location;

(c)  the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)  the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)  the cost of construction of the Paved Surfaces at each respective location;

(f)  the status and condition of the Paved Surfaces at each respective location;

(g)  the types of expansion/construction joints existing in these Paved Surfaces;

(h)  whether any of the expansion/construction joints have reinforced or armored joints, and if so, Describe such reinforcement or armor applicable at each location or site;

(i)  the status and condition of the expansion/construction joints in these Paved Surfaces;

NON-CERTIFIED COPY

Case 3:18-cv-00390-BAJ-RLB    Document 4-4    07/29/2015 04:20am    Page 196 of 401
Received
29/12/2015 16:02:46 CST
15045856904  From: Shelley Tannehill

(j) any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k) any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(.) any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m) the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Services, including the expansion/construction joints in the same;

(n) the results of any such repairs, replacements or maintenance;

(o) the cost of any such repairs, replacements or maintenance.

**INTERROGATORY NO. 4:** Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(f) above, and the person or person(s) responsible for the decision(s) to conduct these repairs, replacements or maintenance.

**INTERROGATORY NO. 5:** Please Identify any and all locations or sites that have been owned or leased by H&E on which the types of tracked equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete( hereinafter "Unpaved Surfaces") , and for each such location please Identify:

(a) the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b) the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c) the reasons this surface was used instead of a Paved Surface;

(d) the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e) any maintenance program applicable to these Unpaved Surfaces;

(f) any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g) the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h) the results of such repairs, replacements or maintenance; and

(i) the cost of any such repairs, replacements or maintenance.

NON-CERTIFIED COPY

To:    Page 15 of 22

Case 3:18-cv-00090-BAJ-RLB    Document 4-4    Dec 29 2015 04:21pm    Page 197 of 401
Received:                      29/12/2015 16:02:46 CST                     15045856904  From: Shelley Tannehill

Respectfully submitted,

ADAMS AND REESE, LLP

Phillip A. Franco (Bar #5819), TA
Ron Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served

upon all counsel of record via United States mail, properly addressed, and first class

postage prepaid and via email, this the 17th day of April, 2015.

_____
Kellen J. Matthews

NON-CERTIFIED COPY

Received

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

## PROPOSED EMAIL SEARCH PARAMETERS

| CUSTODIANS | |
| --- | --- |
| H&E CUSTODIANS (All domains used) | URS CUSTODIANS (All domains used) |
| 1. Frankie Wynn | 1. Neal Johnson (including O'Neal Johnson) |
| 2. Leonard St. Germain | 2. Thomas Ryan, III |
| 3. John Jones (including Johnny Jones, Johnnie Jones) | 3. Debra Sanders |
| 4. Bradley Barber | 4. Tim Gaines (including Timothy Gaines) |
| 5. John Engquist | |

| COMMON SEARCH TERMS |
| --- |
| 1. "concrete" /120 "break*" |
| 2. "concrete" /120 "spall*" |
| 3. "concrete" /120 "spawl*" (known misspelling) |
| 4. concrete and Baton Rouge |
| 5. concrete and BR |
| 6. concrete and Kenner |
| 7. concrete and Belle Chasse |
| 8. "concrete" /120 "crack*" |



EXHIBIT
2

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

| | |
|---|---|
| 9. | "concrete" /120 "crumbl*" |
| 10. | "concrete" /120 "repair*" |
| 11. | "concrete" /120 "track*" |
| 12. | "slab" /120 "break*" |
| 13. | "slab" /120 "spall*" |
| 14. | "slab" /120 "spawl*" (known misspelling) |
| 15. | slab and Baton Rouge |
| 16. | slab and Kenner |
| 17. | slab and Belle Chasse |
| 18. | "slab" /120 "crack*" |
| 19. | "slab" /120 "crumbl*" |
| 20. | "slab" /120 "repair*" |
| 21. | "slab" /120 "track*" |
| 22. | "pavement" /120 " break*" |
| 23. | "pavement" /120 "spall*" |
| 24. | "pavement" /120 "spawl*" (known misspelling) |
| 25. | pavement and Baton Rouge |
| 26. | pavement and BR |
| 27. | pavement and Kenner |
| 28. | pavement and Belle Chasse |
| 29. | "pavement" /120 "crack*" |
| 30. | "pavement" /120 "crumbl*" |

2

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

| | |
|---|---|
| 31. | "pavement" /120 "repair*" |
| 32. | "pavement" /120 "track*" |
| 33. | parking and space* and Baton Rouge |
| 34. | parking and space* and Kenner |
| 35. | parking and space* and Belle Chasse |
| 36. | "protect*" /120 "pavement" |
| 37. | "protect*" /120 "concrete" |
| 38. | "joint" /120 "break*" |
| 39. | "joint" /120 "spall*" |
| 40. | "joint" /120 "spawl*" (known misspelling) |
| 41. | "joint" /120 "crumbl*" |
| 42. | "joint" /120 "crack*" |
| 43. | "joint" /120 "repair*" |
| 44. | "joint" /120 "track*" |
| 45. | "joint" /120 "maint*" |
| 46. | "joint" /120 "armor" |
| 47. | "deep" /120 "break*" |
| 48. | "deep" /120 "spall*" |
| 49. | "deep" /120 "spawl*" (known misspelling) |
| 50. | "deep" /120 "crumbl*" |
| 51. | "deep" /120 "crack*" |
| 52. | "deep" /120 "repair" |

NON-CERTIFIED COPY

Received
Case 3:18-cv-00090-BAJ-RLB    Document 4-4    12/29/2015 16:04:27 Page 202 of 401

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

53.    "deficienc*" /120 "concrete"

54.    "deficienc*" /120 "joint*"

55.    "deficienc*" /120 "pavement"

56.    "depth" /120 "break*"

57.    "depth" /120 "spall*"

58.     "depth" /120 "spawl*" (known misspelling)

59.    "depth" /120 "crumbl*"

60.    "depth" /120 "crack*"

61.    "depth "/120 "repair*"

62.    "punch list" and Baton Rouge

63.    "punch list" and BR

64.    "punch list" and Kenner

65.    "punch list" and Belle Chasse

66.    "caulk*" /120 "concrete"

67.    "caulk*" /120 "joint*"

68.    "caulk*" /120 "pavement"

69.    "seal*" /120 "concrete"

70.    "seal*" /120 "joint*"

71.    "seal*" /120 "pavement"

72.    design and alternative and Baton Rouge

73.    design and alternative and Kenner

74.    design and alternative and Belle Chasse

4

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

| | |
|---|---|
| 75. | limestone and Baton Rouge |
| 76. | limestone and Kenner |
| 77. | limestone and Belle Chasse |
| 78. | gravel and Baton Rouge |
| 79. | gravel and Kenner |
| 80. | gravel and Belle Chasse |
| 81. | "other facilities" and Baton Rouge |
| 82. | "other facilities" and Kenner |
| 83. | "other facilities" and Belle Chasse |
| 84. | "other sites" and Baton Rouge |
| 85. | "other sites" and Kenner |
| 86. | "other sites" and Belle Chasse |

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

| PARTY-SPECIFIC SEARCH TERMS | |
|---|---|
| **H&E ONLY** | **URS ONLY** |
| 1. URS<br>2. URSCorp<br>3. URSCorp.com | 1. H&E<br>2. he-equipment.com<br>3. equipment and Baton Rouge<br>4. equipment and BR<br>5. equipment and Kenner<br>6. equipment and Belle Chasse<br>7. equipment and branch*<br>8. equipment and load*<br>9. equipment and track* |

| DATE RANGE FOR COLLECTION |
|---|
| January 1, 2006 – Present |

6

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C 626,308 SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |

FILED:_____    _____

                                                    **DEPUTY CLERK**

## REPLY BRIEF IN SUPPORT OF
## H&E EQUIPMENT SERVICES, INC.'S MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this Reply Brief in further support of its Second Motion to Compel and in response to the Memorandum in Opposition to Motion to Compel ("Opposition") filed by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants").

As the party opposing discovery, Defendants have the burden of showing that H&E's interrogatories and request for production regarding Defendants' work on other projects similar to those at issue in this case are not relevant and/or are overly burdensome. *See, e.g., MTU of North America*, 475 So.2d 1063, 1066 (La. 1985); *see also, e.g., McLeod, Alexander, Powel & Appffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990) (placing the burden on the party opposing discovery to "show specifically how ... each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive"). Defendants have not met their burden in either respect. In fact, H&E's requests are critically relevant to the issues in this case and are not overly broad or burdensome, and, therefore, Defendants should be compelled to provide thorough and meaningful responses to H&E's interrogatories and request for production regarding Defendants' professional services in connection with similar projects

### I.    H&E's Interrogatories and Request for Production are Relevant.

In their Opposition, Defendants contend that their work on other similar projects is not relevant to this case "because it does not set the standard of care," as if that were the only question at issue in this case.[1] This is precisely the opposite of what Defendants previously argued to the Court in asking the Court to compel H&E to provide similar information regarding

---

[1]    Opposition, pp. 5 and 2.

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

its other facilities, which Defendants insisted was "relevant to show the standard of care."[2] Defendants cannot have it both ways.  Regardless, what designs, specifications, and/or contract administration services Defendants may have provided for similar projects is relevant to the question of what Defendants should or should not have done and should or should not have known with respect to appropriate specifications for H&E's facilities.  For example, if Defendants knew from prior experience that concrete intended for routine use by tracked vehicles required special design parameters, such would be relevant to whether Defendants breached their contractual obligations regardless of the standard of care.  This information is squarely within the bounds of permissible discovery, and Defendants should not be allowed to withhold it.

## II.    The Requested Information is Not Overly Broad or Unduly Burdensome.

Defendants likewise fail to show that the information requested by H&E is overly broad or burdensome.  As noted above and previously, the burden is *on Defendants* to "show specifically how" each request is overly broad, burdensome, or oppressive.  *Quarles*, 894 F.2d 1482 (5th Cir. 1990) (placing the burden on the party opposing discovery to "show specifically how ... each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive"); *see also, e.g., Southern Filter Media, LLC v. Halter*, 2014 WL 42787788, *5 (M.D. La. 8/29/14) (conclusory objections that discovery requests were overly broad, vague, ambiguous, and unduly burdensome were "entirely inadequate" and did not overcome opposing party's burden in objecting to the discovery); *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("Broad-based, non-specific objections ... fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request."); *MTU of North America v. Raven Marine*, 475 So.2d 1063, 1066 (La. 1985) (burden is on party opposing discovery to show that discovery requested is unduly burdensome).

Defendants in their Opposition make much of the fact that URS Corporation is a "global company" and assert that obtaining the information requested by H&E would necessarily be "an astronomically burdensome and costly endeavor."[3]  In support of this conclusory statement, Defendants repeatedly point to the number of documents generated by the parties' agreed-upon

---

[2]    Defendants' Memorandum in Support of Motion to Compel Discovery Responses, filed 5/11/5, p. 11.

[3]    Opposition, pp. 1-2.

-2-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

ESI search protocol in this case – 122,184 documents according to Defendants for the three facilities at issue.[4]  There are several problems with Defendants' argument.

First, simply because one or more of the defendants is a large, or even global, company does not make H&E's requests necessarily broad or burdensome.  If that were the case, global companies would never have to respond to requests of this nature.  Moreover, H&E has not requested information regarding every project Defendants ever performed work on: it has requested information only regarding similar projects for similar clients.

In their Opposition, Defendants attempt to distinguish their own similar requests regarding other H&E facilities by emphasizing that only seven sites met the criteria of a similar site.[5]  But, Defendants confuse the issue here because Defendants' interrogatories did not request information regarding seven, specific sites: Defendants requested information regarding "any and all locations or sites that have been owned or leased by H&E" with similar operations as H&E's Kenner and Baton Rouge facilities – with no temporal or geographic limitation.[6]  Simply because Defendants' request happened to turn up relatively few hits does not make the request itself any less broad or burdensome.   H&E is a national company with approximately 70 facilities and sites located across the United States, and Defendants demanded that H&E identify all similar sites – the number of which were unknown – and provide detailed information regarding each and every one.  That Defendants *may* have worked on more similar projects than H&E has similar facilities – which only further shows the relevancy of H&E's requests – does not make H&E's requests more burdensome than Defendants' requests.

Defendants' reliance on the size of data generated by the parties' agreed-upon ESI search protocol for the three facilities at issue is similarly misplaced and unavailing.[7]  In short, Defendants argue that H&E's requests regarding other similar projects of Defendants must be overly broad and burdensome because the parties' ESI protocol for the three facilities at issue – which was crafted by all parties – is generating a voluminous amount of documents.  Such a comparison is entirely inapposite and misleading.  The parties' ESI protocol includes *four different defendant email custodians* and *95 defendant search terms and/or phrases* designed to

---

[4]     *See, e.g.,* Opposition, p. 2.  Notably, Defendants have not produced any of these documents.

[5]     *See* Opposition, p. 6.

[6]     *See, e.g.,* Defendants' First Set of Interrogatories, a copy of which is attached as Exhibit "1."

[7]     It bears noting that 122,184 documents is not a particularly large response to discovery in a complex construction dispute.

-3-

NON-CERTIFIED COPY

generate a thorough universe of responsive documents.[8]   Conversely, H&E's interrogatories and request for production request only limited, basic information regarding Defendants' other similar projects.

In fact, it is not clear how many projects would be responsive to H&E's requests or what the size of Defendants' response would be because Defendants have not taken the first step in attempting to search for responsive information.   They have simply asserted boilerplate, conclusory objections and asked that the Court take their word for it that H&E's requests are overly broad and burdensome.   This clearly does not overcome the presumption of discoverability or otherwise meet Defendants' burden in avoiding relevant discovery.

### III.    Conclusion

Defendants' Opposition simply does not save Defendants' boilerplate, conclusory, and even dismissive objections.   For all of the reasons set forth above and previously, H&E's discovery requests regarding the professional services provided by Defendants on other similar projects is both relevant to the claims and defenses in this litigation and reasonable.   H&E respectfully requests that the Court grant its second Motion to Compel and order Defendants to respond to the outstanding discovery requests.   H&E further requests that it be awarded its reasonably costs and attorney's fees incurred in connection with this Motion to Compel.

---

[8]        A copy of the parties' Search Term Parameters is attached as Exhibit "2."

-4-

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

IT IS HEREBY CERTIFIED that on this 29th day of December, 2015, the foregoing was

served on all known counsel of record who have appeared in this matter by facsimile and/or

electronic mail and by placing same in the United States mail, in a properly addressed envelope,

with first-class postage prepaid.

_____
LAURA E. CARLISLE

-5-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

### FIRST SET OF INTERROGATORIES

TO:   H&E Equipment Services
      Through its Attorneys of Record
      Roy C. Cheatwood
      Anne Derbes Wittmann
      M. David Kurtz
      Matthew C. Juneau
      Baker Donelson Bearman Caldwell & Berkowitz
      201 St. Charles Avenue, Suite 3600
      New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"), URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as "Defendants"), by their attorneys, Adams and Reese LLP, propound the following Interrogatories to Plaintiff, H&E Equipment Services, Inc. ("Plaintiff"), to be answered fully, separately, in writing, and under oath, and to be answered within the delays allowed by law, pursuant to the Louisiana Code of Civil Procedure. Pursuant to the rules of this Court, you are hereby requested to answer the following Interrogatories and return them to the law offices of Philip A. Franco, Adams and Reese 4500 One Shell Square, New Orleans, Louisiana 70139 within fifteen (15) days of service, and to attach the requested documents at that time.

#### DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the terms "you," "your," or "yourself" refers to H&E Equipment Services, including without limitation, all present and/or former agents, representative, and attorneys, and each person acting or purporting to act on their behalf.

**EXHIBIT**

1

NON-CERTIFIED COPY

2.     As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.     As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated' association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.     The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced.    Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind.  The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.     If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability.  If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.     If any information requested herein is claimed to be privileged or otherwise protected from discovery, Plaintiff is requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:
   a.    its author;
   b.    the date of its creation;
   c.    the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
   d.    its general nature and subject matter;
   e.    its present location and custodian; and
   f.    the basis upon which it is claimed to be privileged or otherwise protected from discovery.

7.     "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

NON-CERTIFIED COPY

8.    "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

9.    "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

10.    "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

11.    "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be attached to your answer.

12.    "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

13.    "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

14.    Each request is addressed to the personal knowledge of Plaintiff, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

15.    Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief. Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

16.    The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

NON-CERTIFIED COPY

17.    The following rules of construction apply to all discovery requests:

(a)    All/Each. The terms "all" and "each" shall be construed as all and each.

(b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c)    Number. The use of the singular form of any word includes the plural and vice versa.

## INTERRROGATORIES

<u>INTERROGATORY NO. 1:</u> Please Describe the types of tracked equipment, that have been operated, loaded, unloaded, stored or parked on the concrete paved surfaces (hereinafter "Paved Surfaces") of the H&E sites or locations in Baton Rouge and Kenner.

<u>INTERROGATORY NO. 2:</u> Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge and Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

<u>INTERROGATORY NO. 3:</u> With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

(h)    whether any of the expansion/construction joints have reinforced or armored joints, and if so, Describe such reinforcement or armor applicable at each location or site;

(i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

NON-CERTIFIED COPY

(j) any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k) any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l) any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m) the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Services, including the expansion/construction joints in the same;

(n) the results of any such repairs, replacements or maintenance;

(o) the cost of any such repairs, replacements or maintenance.

**INTERROGATORY NO. 4:** Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to conduct these repairs, replacements or maintenance.

**INTERROGATORY NO. 5:** Please Identify any and all locations or sites that have been owned or leased by H&E on which the types of tracked equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete( hereinafter "Unpaved Surfaces") , and for each such location please Identify:

(a) the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b) the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c) the reasons this surface was used instead of a Paved Surface;

(d) the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e) any maintenance program applicable to these Unpaved Surfaces;

(f) any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g) the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h) the results of such repairs, replacements or maintenance; and

(i) the cost of any such repairs, replacements or maintenance.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid and via email, this the 17th day of April, 2015.

Kellen J. Matthews

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

## PROPOSED EMAIL SEARCH PARAMETERS

| CUSTODIANS | |
| --- | --- |
| H&E CUSTODIANS (All domains used) | URS CUSTODIANS (All domains used) |
| 1. Frankie Wynn<br><br>2. Leonard St. Germain<br><br>3. John Jones (including Johnny Jones, Johnnie Jones)<br><br>4. Bradley Barber<br><br>5. John Engquist | 1. Neal Johnson (including O'Neal Johnson)<br><br>2. Thomas Ryan, III<br><br>3. Debra Sanders<br><br>4. Tim Gaines (including Timothy Gaines) |

| COMMON SEARCH TERMS |
| --- |
| 1.    "concrete" /120  "break*" |
| 2.    "concrete" /120 "spall*" |
| 3.    "concrete" /120 "spawl*" (known misspelling) |
| 4.    concrete and Baton Rouge |
| 5.    concrete and BR |
| 6.    concrete and Kenner |
| 7.    concrete and Belle Chasse |
| 8.    "concrete" /120 "crack*" |

1



EXHIBIT

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

9. "concrete" /120 "crumbl*"

10. "concrete" /120 "repair*"

11. "concrete" /120 "track*"

12. "slab" /120 "break*"

13. "slab" /120 "spall*"

14. "slab" /120 "spawl*" (known misspelling)

15. slab and Baton Rouge

16. slab and Kenner

17. slab and Belle Chasse

18. "slab" /120 "crack*"

19. "slab" /120 "crumbl*"

20. "slab" /120 "repair*"

21. "slab" /120 "track*"

22. "pavement" /120 " break*"

23. "pavement" /120 "spall*"

24. "pavement" /120 "spawl*" (known misspelling)

25. pavement and Baton Rouge

26. pavement and BR

27. pavement and Kenner

28. pavement and Belle Chasse

29. "pavement" /120 "crack*"

30. "pavement" /120 "crumbl*"

2

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

31.    "pavement" /120 "repair*"

32.    "pavement" /120 "track*"

33.    parking and space* and Baton Rouge

34.    parking and space* and Kenner

35.    parking and space* and Belle Chasse

36.    "protect*" /120 "pavement"

37.    "protect*" /120 "concrete"

38.    "joint" /120 "break*"

39.    "joint" /120 "spall*"

40.    "joint" /120 "spawl*" (known misspelling)

41.    "joint" /120 "crumbl*"

42.    "joint" /120 "crack*"

43.    "joint" /120 "repair*"

44.    "joint" /120 "track*"

45.    "joint" /120 "maint*"

46.    "joint" /120 "armor"

47.    "deep" /120 "break*"

48.    "deep" /120 "spall*"

49.    "deep" /120 "spawl*" (known misspelling)

50.    "deep" /120 "crumbl*"

51.    "deep" /120 "crack*"

52.    "deep" /120 "repair"

3

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

53.    "deficienc*" /120 "concrete"

54.    "deficienc*" /120 "joint*"

55.    "deficienc*" /120 "pavement"

56.    "depth" /120 "break*"

57.    "depth" /120 "spall*"

58.    "depth" /120 "spawl*" (known misspelling)

59.    "depth" /120 "crumbl*"

60.    "depth" /120 "crack*"

61.    "depth "/120 "repair*"

62.    "punch list" and Baton Rouge

63.    "punch list" and BR

64.    "punch list" and Kenner

65.    "punch list" and Belle Chasse

66.    "caulk*" /120 "concrete"

67.    "caulk*" /120 "joint*"

68.    "caulk*" /120 "pavement"

69.    "seal*" /120 "concrete"

70.    "seal*" /120 "joint*"

71.    "seal*" /120 "pavement"

72.    design and alternative and Baton Rouge

73.    design and alternative and Kenner

74.    design and alternative and Belle Chasse

4

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

75.    limestone and Baton Rouge

76.    limestone and Kenner

77.    limestone and Belle Chasse

78.    gravel and Baton Rouge

79.    gravel and Kenner

80.    gravel and Belle Chasse

81.    "other facilities" and Baton Rouge

82.    "other facilities" and Kenner

83.    "other facilities" and Belle Chasse

84.    "other sites" and Baton Rouge

85.    "other sites" and Kenner

86.    "other sites" and Belle Chasse

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

| PARTY-SPECIFIC SEARCH TERMS | |
|---|---|
| H&E ONLY | URS ONLY |
| 1. URS<br><br>2. URSCorp<br><br>3. URSCorp.com | 1. H&E<br><br>2. he-equipment.com<br><br>3. equipment and Baton Rouge<br><br>4. equipment and BR<br><br>5. equipment and Kenner<br><br>6. equipment and Belle Chasse<br><br>7. equipment and branch*<br><br>8. equipment and load*<br><br>9. equipment and track* |

| DATE RANGE FOR COLLECTION |
|---|
| January 1, 2006 – Present |

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.        *   CASE NO. C626308, SECTION D

VERSUS                              *   19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,       *   PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III    *   STATE OF LOUISIANA    COST OK $ _____

FILED: _____         _____
                                         DEPUTY CLERK    JUL - 7 2015

                                         DEPUTY CLERK OF COURT

## JUDGMENT

The Motion to Compel filed on behalf of defendants, URS Corporation Architecture,

P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, (collectively referenced

herein as "Defendants"), seeking to compel plaintiff, H&E Equipment Services, Inc. (hereinafter

"Plaintiff"), to respond to certain Interrogatories and Requests for Production of Documents

propounded by Defendants to Plaintiff on or about November 29, 2014, was heard on Monday,

June 15, 2015, at 1:00 p.m., before the Honorable Judge Janice Clark.

      PRESENT:   Mr. Ron Sholes
                 Mr. Kellen J. Mathews
                 For Defendants

                 Ms. Anne Derbes Wittmann
                 Mr. M. David Kurtz
                 For Plaintiff

**CLERK OF COURT**
FILE COPY
CASE ID: _____
FILED DATE: _____
ATTORNEY: _____
No. Pages: _____

EXHIBIT/ATTACHMENT TO:
☐ MOTION SUMMARY JUDGMENT
☐ PETITION
☐ MEMORANDUM
☐ OTHER _____

**DEPUTY CLERK OF COURT**

**CONSIDERING** the Stipulation entered into between Defendants and Plaintiff, read into

the record, the Court accepts the Stipulation and adopts same as the Judgment of the Court.

Accordingly,

    **IT IS HEREBY ORDERED** that within fifteen (15) days of the referenced hearing, or

by June 30, 2015, for the purpose of the discovery of electronically stored information ("ESI"),

Defendants will provide to Plaintiff a list proposed search terms, as well as the identity of the

custodians from whom ESI will be retrieved.

    **IT IS FURTHER ORDERED** that, with regard to Defendants' Interrogatory Numbers,

2, 3, and 4, Plaintiff will identify other facilities owned and/or operated by Plaintiff with concrete

Paved Surfaces as defined in Defendants' First Set of Interrogatories upon which operations

similar to those conducted at H&E Equipment Services, Inc.'s Baton Rouge and Kenner

facilities, i.e. operations involving the routine traversal of heavy tracked equipment, are

conducted, and Plaintiff will respond to the subparts of these interrogatories, reserving the right

of Plaintiff to object to, and request relief from, the requested discovery on the ground that



NO ADK1 869041 v1
2919213-000024  06/18/2015



EXHIBIT

NON-CERTIFIED COPY

responding to Interrogatory Numbers, 2, 3(e); 3(l); 3(m); 3(n); 3(o)  and 4, is too burdensome.

**IT IS FURTHER ORDERED** that, with regard to Defendants' Interrogatory Number 5, Plaintiff's response will be limited to identifying other facilities owned and/or operated by Plaintiff, with facilities other than concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories whereupon similar operations involving the routine traversal of heavy tracked equipment are conducted.  Defendants reserve the right to seek responses to the remainder of Interrogatory Number 5 and all subparts thereto.

**IT IS FURTHER ORDERED** that, with regard to the remaining discovery requests that formed the basis for Defendants' Motion to Compel, Plaintiff has indicated that materials responsive to these requests, to the extent Plaintiff has any, will be produced and as such Defendants' Motion to Compel is DENIED as premature.

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, this ___9___ day of June, 2015.

HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

Approved as to form:

Ron Sholes/Kellen J. Mathews
ADAMS AND REESE
4500 One Shell Square
New Orleans, LA  70139
Telephone: (225) 922-5110
*Attorneys for Defendants*

Anne Derbes Wittmann/M. David Kurtz
BAKER, DONELSON, BEARMAN,
CALDWELL  & BERKOWITZ, PC
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
Telephone: (504) 566-5200
*Attorneys for Plaintiff*

I hereby certify that on this day a notice of the above judgement was mailed by me, with sufficient postage affixed, to: Wittmann, Kurtz, Mathews
Done and signed on 7-13-15

Deputy Clerk of Court

CERTIFIED TRUE AND
CORRECT COPY

JUL 1 3 2015

East Baton Rouge Parish
Deputy Clerk of Court

Page 2 of 2

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * | STATE OF LOUISIANA |

---

### FIRST SET OF INTERROGATORIES

TO:  H&E Equipment Services
Through its Attorneys of Record
Roy C. Cheatwood
Anne Derbes Wittmann
M. David Kurtz
Matthew C. Juneau
Baker Donelson Bearman Caldwell & Berkowitz
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), by their attorneys, Adams and Reese LLP, propound the following

Interrogatories to Plaintiff, H&E Equipment Services, Inc. ("Plaintiff"), to be answered

fully, separately, in writing, and under oath, and to be answered within the delays

allowed by law, pursuant to the Louisiana Code of Civil Procedure.  Pursuant to the

rules of this Court, you are hereby requested to answer the following Interrogatories

and return them to the law offices of Philip A. Franco, Adams and Reese 4500 One Shell

Square, New Orleans, Louisiana  70139 within fifteen (15) days of service, and to attach

the requested documents at that time.

### DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the terms "you," "your," or "yourself" refers to H&E
Equipment Services, including without limitation, all present and/or former
agents, representative, and attorneys, and each person acting or purporting to act
on their behalf.

EXHIBIT
2

NON-CERTIFIED COPY

2.     As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.     As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.     The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced.    Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind.  The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.     If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability.   If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.     If any information requested herein is claimed to be privileged or otherwise protected from discovery, Plaintiff is requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:
   a.     its author;
   b.     the date of its creation;
   c.     the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
   d.     its general nature and subject matter;
   e.     its present location and custodian; and
   f.     the basis upon which it is claimed to be privileged or otherwise protected from discovery.

7.     "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

NON-CERTIFIED COPY

8.    "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

9.    "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

10.    "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

11.    "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be attached to your answer.

12.    "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

13.    "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

14.    Each request is addressed to the personal knowledge of Plaintiff, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

15.    Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief. Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

16.    The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

NON-CERTIFIED COPY

17.    The following rules of construction apply to all discovery requests:

(a)    All/Each. The terms "all" and "each" shall be construed as all and each.

(b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c)    Number. The use of the singular form of any word includes the plural and vice versa.

## INTERRROGATORIES

**INTERROGATORY NO. 1:** Please Describe the types of tracked equipment, that have been operated, loaded, unloaded, stored or parked on the concrete paved surfaces (hereinafter "Paved Surfaces") of the H&E sites or locations in Baton Rouge and Kenner.

**INTERROGATORY NO. 2:** Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge and Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

**INTERROGATORY NO. 3:** With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a) the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b) the date when the Paved Surface was first installed at each respective location;

(c) the entity or person(s) who designed the Paved Surfaces at each respective location;

(d) the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e) the cost of construction of the Paved Surfaces at each respective location;

(f) the status and condition of the Paved Surfaces at each respective location;

(g) the types of expansion/construction joints existing in these Paved Surfaces;

(h) whether any of the expansion/construction joints have reinforced or armored joints, and if so, Describe such reinforcement or armor applicable at each location or site;

(i) the status and condition of the expansion/construction joints in these Paved Surfaces;

NON-CERTIFIED COPY

(j) any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k) any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l) any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m) the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Services, including the expansion/construction joints in the same;

(n) the results of any such repairs, replacements or maintenance;

(o) the cost of any such repairs, replacements or maintenance.

**INTERROGATORY NO. 4:** Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to conduct these repairs, replacements or maintenance.

**INTERROGATORY NO. 5:** Please Identify any and all locations or sites that have been owned or leased by H&E on which the types of tracked equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete( hereinafter "Unpaved Surfaces") , and for each such location please Identify:

(a) the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b) the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c) the reasons this surface was used instead of a Paved Surface;

(d) the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e) any maintenance program applicable to these Unpaved Surfaces;

(f) any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g) the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h) the results of such repairs, replacements or maintenance; and

(i) the cost of any such repairs, replacements or maintenance.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

_____
Philip A. Franco (Bar #5819), TA
Ron Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III**

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid and via email, this the 17th day of April, 2015.

_____
Kellen J. Mathews

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | * | **CASE NO. C626308, SECTION D** |
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| **URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III** | * | **PARISH OF EAST BATON ROUGE** |
| | * | **STATE OF LOUISIANA** |
| **FILED:**_____ | | |

_____
**DEPUTY CLERK**

### SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following supplemental responses to the First Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1.     These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation.  Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.     H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.     H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.     All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.     H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this cas[e]

-1-

NO LEC 877841 v1
2919213-000024

**EXHIBIT**
**3**

NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.    H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.    H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.    H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 2:

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

### RESPONSE TO INTERROGATORY NO. 2:

H&E objects to Interrogatory No. 2 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, H&E responds that it has identified its Lake Charles/Sulphur, Louisiana facility as the only other facility that has concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories where operations similar to those conducted at H&E's Baton Rouge and Kenner facilities, *i.e.* operations involving the routine traversal of heavy

-2-

NON-CERTIFIED COPY

tracked equipment, are conducted.  H&E is still investigating this matter and reserves the right to amend and/or supplement this response.

**INTERROGATORY NO. 3:**

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a) the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b) the date when the Paved Surface was first installed at each respective location;

(c) the entity or person(s) who designed the Paved Surfaces at each respective location;

(d) the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e) the cost of construction of the Paved Surfaces at each respective location;

(f) the status and condition of the Paved Surfaces at each respective location;

(g) the types of expansion/construction joints existing in these Paved Surfaces;

(h) whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i) the status and condition of the expansion/construction joints in these Paved Surfaces;

(j) any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k) any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l) any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m) the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

-3-

NON-CERTIFIED COPY

(n)    the results of any such repairs, replacements or maintenance;

(o)    the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 3:**

H&E objects to Interrogatory No. 3 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and the General Objections, H&E responds with the following information regarding its Lake Charles/Sulphur, Louisiana facility:

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on these Paved Surfaces.

(b)    The Paved Surface was installed in or around January 2014; tracked equipment was operated, loaded, unloaded, stored, and/or parked on the Paved Surface starting in or around June 2014.

(c)    Gary Babineaux designed the Paved Surface.

(d)    Gary Babineaux constructed the Paved Surface.

(e)    The cost of construction for the Paved Surface was approximately $1.3 million.

(f)    The Paved Surface is in good condition, with no observed cracks or spalling.

(g)    The Paved Surface is supported by expansion joints with keways reinforced by rebar every 24 inches, with footings under each expansion joint.

(h)    Please see above response.

(i)    The expansion joints in the Paved Surface are in good condition, with no observed problems.

(j)    There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to these Paved Surfaces.

(m)    Please see above response.

-4-

NON-CERTIFIED COPY

(n)    Please see above response.

(o)    Please see above response.

## INTERROGATORY NO. 4:

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 4:

Please see supplemental response and objections to Interrogatory No. 2 above.

## INTERROGATORY NO. 5:

Please Identify any and all locations or sites that have been owned or leased by H&E, on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)    the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)    the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c)    the reasons this surface was used instead of a Paved Surface;

(d)    the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e)    any maintenance program applicable to these Unpaved Surfaces;

(f)    any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g)    the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h)    the results of any such repairs, replacements or maintenance; and

(i)    the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 5:

H&E objects to Interrogatory No. 5, including subparts (a) – (i), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of

-5-

NO LBC 877841 v1
2919213-000024


NON-CERTIFIED COPY

admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, the following other facilities are owned and/or operated by H&E and have surfaces other than concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories whereupon similar operations involving the routine traversal of heavy tracked equipment are conducted:

1. Little Rock, Arkansas

2. Springdale, Arkansas

3. Shreveport, Louisiana

4. Nashville, Tennessee

5. Ashland, Virginia

6. Norfolk, Virginia

7. Roanoke, Virginia

8. Warrenton, Virginia

H&E is still investigating this matter and reserves the right to amend and/or supplement this response.

NO LEC 877841 v1
2919213-000024

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

IT IS HEREBY CERTIFIED that on this 31st day of July, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
LAURA E. CARLISLE

-7-

NO LEC 877841 v1
2919213-000024

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.      \*   CASE NO. C626308, SECTION D

VERSUS      \*   19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,    \*   PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III    \*   STATE OF LOUISIANA

FILED:_____     _____

                                         DEPUTY CLERK

## AMENDED AND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following amended and supplemental responses to the First Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1.     These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.     H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.     H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.     All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.     H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case



EXHIBIT
4

-1-

NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.    H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.    H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.    H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 2:

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

### RESPONSE TO INTERROGATORY NO. 2:

H&E objects to Interrogatory No. 2 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, H&E responds that it has identified the following facilities has having concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories where operations similar to those conducted at H&E's Baton Rouge and Kenner facilities, *i.e.* operations involving the routine traversal of heavy tracked equipment, are conducted:

NO LEC 882600 v1
2919213-000024

NON-CERTIFIED COPY

1.    Alexandria, Louisiana

2.    Lake Charles/Sulphur, Louisiana

3.    Shreveport, Louisiana

4.    Charlotte, North Carolina

5.    Raleigh, North Carolina

6.    Winston Salem, North Carolina

7.    Dallas, Texas

**INTERROGATORY NO. 3:**

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

(h)    whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)    any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)    any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

-3-


NON-CERTIFIED COPY

(l)     any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)    the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)     the results of any such repairs, replacements or maintenance;

(o)     the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 3:**

H&E objects to Interrogatory No. 3 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and the General Objections, H&E responds with the following information regarding the facilities identified in response to Interrogatory No. 2:

**Alexandria, Louisiana:**

(a)     Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on Paved Surfaces, which account for approximately 80% of the equipment yard and/or aprons at the facility.

(b)     The Paved Surfaces were installed in or around September 2008.

(c)     VNV Builders

(d)     Progressive Construction
705 McKeithen Drive
Alexandria, Louisiana 71303
(318) 473-9522

(e)     Unknown.

(f)     The Paved Surfaces are in generally good condition, except for some edges that are broken due to the Paved Surfaces not meeting up perfectly with adjacent limestone.

(g)     The Paved Surfaces are supported by expansion joints consisting of a rubber-type material.

(h)     None visible.

(i)     The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)     There have been no observed problems or deficiencies noted with regard to the expansion/construction joints.

(k)     There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)     There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

-4-

NON-CERTIFIED COPY

    (m)    Please see above response.

    (n)    Please see above response.

    (o)    Please see above response.

**Lake Charles/Sulphur, Louisiana**

    (a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces.

    (b)    The Paved Surfaces were installed in or around January 2014; tracked equipment was operated, loaded, unloaded, stored, and/or parked on the Paved Surfaces starting in or around June 2014.

    (c)    Gary Babineaux.

    (d)    Gary Babineaux.

    (e)    The cost of construction for the Paved Surfaces was approximately $1.3 million.

    (f)    The Paved Surfaces are in good condition, with no observed cracks or spalling.

    (g)    The Paved Surfaces are supported by expansion joints with keways reinforced by rebar every 24 inches, with footings under each expansion joint.

    (h)    Please see above response.

    (i)    The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

    (j)    There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in the Paved Surfaces.

    (k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

    (l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

    (m)    Please see above response.

    (n)    Please see above response.

    (o)    Please see above response.

**Shreveport, Louisiana**

    (a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces, which make up a portion of the equipment yard and apron at this facility. The facility also has limestone, rock, and soil cement surfaces.

    (b)    Unknown as to Paved Surfaces generally, but likely 1985; approximately 411 square feet of Paved Surface on the apron was resurfaced approximately three years ago.

-5-

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

(c)     Unknown.

(d)     Unknown.

(e)     Unknown; approximately $57,700 for the replacement of approximately 411 square feet of Paved Surface on apron three years ago.

(f)     The Paved Surfaces show some wear.

(g)     Unknown.

(h)     None visible.

(i)     The expansion joints in the Paved Surfaces are generally in fair condition; the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

(j)     The expansion/construction joints in the Paved Surfaces show signs of moderate wear and tear.

(k)     There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)     There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces other than the replacement of approximately 411 square feet on the apron approximately three years ago.

(m)     Please see above responses.

(n)     Please see above responses.

(o)     Please see above responses.

**Charlotte, North Carolina**

(a)     Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces.

(b)     Unknown; the primary building structures at the facility are eleven years old.

(c)     Unknown.

(d)     Unknown

(e)     Unknown.

(f)     The Paved Surfaces show signs of wear and deterioration in some areas.

(g)     Unknown.

(h)     None visible.

(i)     Unknown.

(j)     Unknown.

(k)     There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

-6-


NON-CERTIFIED COPY

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

### Raleigh, North Carolina

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces.

(b)    Date of original construction unknown; additional Paved Surfaces totally approximately 31,120 square feet constructed within the last six months.

(c)    Unknown as to original construction; as to more recent addition of Paved Surfaces, H&E Facilities Group.

(d)    Unknown as to original construction; as to more recent addition of Paved Surfaces:

Ruston Paving
3874 S. Alston Avenue #101
Durham, North Carolina 27713
(919) 544-1288

(e)    Unknown as to original construction; as to more recent addition of Paved Surfaces, approximately $233,550.00 for approximately 31,120 square feet.

(f)    The Paved Surfaces originally installed are showing some wear and spalling at the joints; the more recently added Paved Surfaces are in good shape.

(g)    Unknown.

(h)    None visible.

(i)    Please see response above.

(j)    Please see response above.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

**Winston Salem, North Carolina**

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces, which account for approximately 95% of the equipment yard and/or apron at the facility.

(b)    Unknown.

(c)    Unknown.

(d)    Unknown

(e)    Unknown.

(f)    The Paved Surfaces are in good shape, with no signs of wear, cracking, or spalling.

(g)    Unknown.

(h)    None visible.

(i)    The expansion/construction joints in the Paved Surfaces are in good shape, with no observed problems.

(j)    Please see above response.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

**Dallas, Texas**

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces, which constitute 95-98% of the equipment yard and apron at the facility.

(b)    The Paved Surfaces were installed in or around late 2007; tracked equipment was operated, loaded, unloaded, stored, and/or parked on the Paved Surfaces starting in or around May 2008.

(c)    Weir & Associates
701 Highlander Blvd. #300
Arlington, Texas 76015
(817) 467-7700

(d)    Schwob Building Company
2349 Glenda Lane
Dallas, Texas 75229
(972) 243-7674

(e)    Unknown; total cost of construction for the facility was $2.8 million.

-8-

NON-CERTIFIED COPY

(f)    The Paved Surfaces show signs of cracking in various areas.

(g)    The Paved Surfaces consist of fifteen square foot panels with expansion joints on all sides.

(h)    None visible.

(i)    The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)    There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in the Paved Surfaces.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces. But, the facility is currently seeking bids for the repair and/or replacement of approximately ten to fifteen of the concrete panels.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

**INTERROGATORY NO. 4:**

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 4:**

Please see supplemental responses and objections to Interrogatory No. 2 above.

**INTERROGATORY NO. 5:**

Please Identify any and all locations or sites that have been owned or leased by H&E, on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)    the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)    the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c)    the reasons this surface was used instead of a Paved Surface;

-9-

NO LEC 882609 v1
2919213-000024


NON-CERTIFIED COPY

(d) the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e) any maintenance program applicable to these Unpaved Surfaces;

(f) any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g) the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h) the results of any such repairs, replacements or maintenance; and

(i) the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 5:

H&E objects to Interrogatory No. 5, including subparts (a) – (i), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, the following other facilities are owned and/or operated by H&E and have surfaces other than concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories whereupon similar operations involving the routine traversal of heavy tracked equipment are conducted:

1. Little Rock, Arkansas

2. Springdale, Arkansas

3. Nashville, Tennessee

4. Ashland, Virginia

5. Norfolk, Virginia

6. Roanoke, Virginia

7. Warrenton, Virginia

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 24th day of August, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
LAURA E. CARLISLE

-11-

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.     \*   **CASE NO. C626308, SECTION D**

VERSUS     \*   **19TH JUDICIAL DISTRICT COURT**

URS CORPORATION ARCHITECTURE,   \*   **PARISH OF EAST BATON ROUGE**
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III   \*   **STATE OF LOUISIANA**

FILED:_____

                      _____
                          **DEPUTY CLERK**

### SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST SET
### OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

       H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following supplemental response to the First Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

       1.     These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

       2.     H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

       3.     H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

       4.     All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

       5.     H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

-1-

NON-CERTIFIED COPY

EXHIBIT
5

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.    H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.    H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.    H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 3:

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

-2-


NON-CERTIFIED COPY

(h)     whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)     the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)     any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)     any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)     any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)     the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)     the results of any such repairs, replacements or maintenance;

(o)     the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 3:

H&E supplements its previous responses to Interrogatory No. 3 as follows:

### Lake Charles/Sulphur, Louisiana

(a)     Gary Babineaux
2600 W.P.A. Road
Sulphur, Louisiana 700663
337-274-1898

(b)     Gary Babineaux
Please see above.

-3-


NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _Laura E Carlisle_

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 27th day of August, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_Laura E Carlisle_
LAURA E. CARLISLE

NO LEC 884078 v1
2919213-000024

NON-CERTIFIED COPY

**Carlisle, Laura**

| | |
|---|---|
| **From:** | Kellen Mathews <Kellen.Mathews@arlaw.com> |
| **Sent:** | Friday, September 11, 2015 2:30 PM |
| **To:** | Kurtz, Dave; Carlisle, Laura |
| **Cc:** | Phil Franco |
| **Subject:** | H&E v URS- Discovery Conference follow-up |

Dave and Laura:

Thanks for participating in the discovery conference on Wednesday. Just wanted to confirm what you all agreed to at that time.

- You agreed to provide supplemental responses in two weeks, which would be by **September 23rd** ;
- The supplements discussed were as follows:
  - **Condition of the concrete and joints:** We noted Shreveport in particular as one where we need more information as to what "moderate wear and tear" means as used in H&E's response to Interrogatory 3(j) for Shreveport; specifically we need to know in detail the condition of the concrete and joints, including but not limited to whether they are experiencing spalling. The same goes for any others where the response was "unknown."
  - **Construction of joints:** For all locations we need to know about what materials were used at these joints and whether these are the same or different as the concrete used in the paved surfaces throughout. Additionally, we need to know what fill material was used at the joints for each location.
  - **Gaps in Knowledge:** Any areas where the General Manager indicated unknown we would expect that you will continue to seek information in accordance with your duty to supplement.

Please let us know if you have any questions.

Best,
Kellen

**Kellen J. Mathews**
Adams and Reese LLP
450 Laurel, Suite 1900
Baton Rouge, LA 70801
Office: (225) 336-5200
Direct: (225) 378-3243
Fax:    (225) 336-5220
kellen.mathews@arlaw.com
www.adamsandreese.com

 

**Kellen Mathews**
Associate

450 Laurel Street, Suite 1900 | Baton Rouge, LA 70801
**main** 225.336.5200 | **direct** 225.378.3243 | **mobile** 337.513.9344


EXHIBIT
6

NON-CERTIFIED COPY

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | * CASE NO. C626308, SECTION D |
| VERSUS | * 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * PARISH OF EAST BATON ROUGE |
| | * STATE OF LOUISIANA |
| FILED:_____ | _____ |
| | DEPUTY CLERK |

## AMENDED AND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following further amended and supplemental responses to the First Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1.     These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation.  Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.     H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.     H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.     All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.     H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

-1-

EXHIBIT

7

NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

      6.    H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

      7.    H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

      8.    H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 3:

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

    (a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

    (b)    the date when the Paved Surface was first installed at each respective location;

    (c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

    (d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

    (e)    the cost of construction of the Paved Surfaces at each respective location;

    (f)    the status and condition of the Paved Surfaces at each respective location;

    (g)    the types of expansion/construction joints existing in these Paved Surfaces;

NO LEC 884078 v1
2919213-000024

NON-CERTIFIED COPY

(h)     whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)     the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)     any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)     any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)     any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)    the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)     the results of any such repairs, replacements or maintenance;

(o)     the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 3:

H&E amends and supplements its previous responses to Interrogatory No. 3 as follows:

### Alexandria, Louisiana:

(c)     V and V Builders LLC
1223 MacArthur Drive
Alexandria, Louisiana 71303
(318) 473-8344

(f)     The Paved Surfaces show signs of cracking and spalling in some areas.

(g)     The expansion joints consist of cuts in the Paved Surfaces filled with a rubber-like material; they are not armored.

(h)     Please see above response.

(i)     Please see above response. The expansion joints are otherwise in good condition.

(j)     Please see above response.

-3-

NO LEC 884078 v1
2919213-000024


NON-CERTIFIED COPY

**Lake Charles/Sulphur, Louisiana:**

    (g)    The expansion joints consist of cuts in the concrete; they are not armored.

**Shreveport, Louisiana**

    (f)    The Paved Surfaces show signs of cracking and spalling. H&E further responds that the concrete at this location was poured approximately six feet deep.

    (g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored.

    (h)    Please see above response.

    (i)    Please see above response. The expansion joints are otherwise in good condition, and the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

    (j)    Please see above response.

**Charlotte, North Carolina**

    (f)    The Paved Surfaces show signs of wear and spalling near and around the construction and/or expansion joints in the concrete.

    (g)    The expansion joints consist of cuts in the Paved Surfaces filled with a composite material; they are not armored.

    (h)    Please see above response.

    (i)    Please see above response. The expansion joints are otherwise in good condition.

    (j)    Please see above response.

**Raleigh, North Carolina:**

    (f)    The Paved Surfaces show some signs of cracking and spalling; the older, originally installed concrete shows deterioration near and around the construction and/or expansion joints.

    (g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored. The expansion joints in the older, original portions of the pavement are filled with wood strips.

    (h)    Please see response above.

    (i)    Please see response above. The expansion joints are otherwise in good condition.

    (j)    Please see response above.

NO LEC 884078 v1
2919213-000024

NON-CERTIFIED COPY

**Winston Salem, North Carolina:**

(f)    The Paved Surfaces are in generally good shape, with only an isolated spot of cracking and/or spalling.

(g)    The expansion joints consist of cuts in the concrete protected by armored plates.

(h)    Please see above response.

(i)    Please see above response. The expansion/construction joints in the Paved Surfaces are otherwise in good condition, with no observed problems.

(j)    Please see above response.

**Dallas, Texas**

(f)    The Paved Surfaces show some signs of cracking and spalling in and around the construction and/or expansion joints.

(g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored.

(h)    Please see above response.

(i)    Please see above response. The expansion joints in the Paved Surfaces are otherwise in good condition.

(j)    Please see above response.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

-5-

NO LEC 884078 v1
2919213-000024

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 25th day of September, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

LAURA E. CARLISLE

-6-

NO LEC 884078 v1
2919213-000024

NON-CERTIFIED COPY

**Carlisle, Laura**

| | |
|---|---|
| **From:** | Phil Franco <Phil.Franco@arlaw.com> |
| **Sent:** | Thursday, October 01, 2015 3:04 PM |
| **To:** | Kurtz, Dave; Carlisle, Laura |
| **Cc:** | Kellen Mathews |
| **Subject:** | H & E amended and supplemental responses to first set of interrogatories |

Dave, and

On or about September 26, 2015, we received the amended and supplemental responses to our first set of interrogatories. Some of the answers are still ambiguous and therefore we ask for a discovery conference next week. We are available currently any time Monday Tuesday or Wednesday. Please let me know what is a convenient time for you. Regards,

Phil



**Phil Franco**
Partner
Admitted in Louisiana, Texas, and the District of Columbia

701 Poydras Street, Suite 4500 | New Orleans, LA  70139
**main** 504.581.3234 |  **direct** 504.585.0291 |  **mobile** 504.914.8837
**efax** 504.553.9780 |  **fax** 504.566.0210

phil.franco@arlaw.com

website bio vCard map



**EXHIBIT**
8

NON-CERTIFIED COPY

## Carlisle, Laura

| | |
|---|---|
| **From:** | Carlisle, Laura |
| **Sent:** | Monday, October 12, 2015 7:29 PM |
| **To:** | Phil Franco |
| **Cc:** | Wittmann, Anne; Kurtz, Dave; Kellen Mathews; Ron Sholes |
| **Subject:** | RE: discovery conference |

Phil,

We provided full, meaningful responses to your requests based on the facts as we know them.  That is all we can do.  If additional information becomes available or our knowledge of the facts changes, we will of course provide supplemental responses, as we have done thus far.  Likewise, we have diligently and in good faith complied with the compromise reached by the parties in connection with H&E's other facilities and the Court's Judgment reflecting same.  If you nonetheless feel compelled to burden the Court with another Motion to Compel, I cannot stop you.

Regarding trial witnesses, we requested similar information from URS almost a year ago, and you objected that such requests were premature because discovery was ongoing.  It is unclear why you believe H&E should now be held to a different set of rules than URS on this issue.  Discovery is still very much ongoing, no depositions have been taken, and the Court has not issued a scheduling order of any kind.  Asking H&E to identify at this time what persons it intends to rely on at trial is simply premature.  To be clear, however, we have not refused to identify our trial witnesses – of course we will identify our witnesses and their anticipated testimony in advance of trial and according to whatever orders the Court issues.   But, again, if you feel compelled to burden the Court with a Motion to Compel on something more clearly appropriate for after the close of discovery and/or the issuance of a scheduling order, I cannot stop you from doing so.

Thanks,
Laura

**Laura E. Carlisle**
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Office: 504.566.5200
Direct:  504.566.8643
Facsimile: 504.585.6943
E-mail:  lcarlisle@bakerdonelson.com
www.bakerdonelson.com

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For®" for Six Years in a Row!**

**From:** Phil Franco [mailto:Phil.Franco@arlaw.com]
**Sent:** Thursday, October 08, 2015 10:24 AM
**To:** Carlisle, Laura
**Cc:** Wittmann, Anne; Kurtz, Dave; Kellen Mathews; Ron Sholes
**Subject:** RE: discovery conference

Laura,

EXHIBIT

9

NON-CERTIFIED COPY

Unfortunately your response is still ambiguous and mischaracterizes our position. With respect to H & E's responses to our first set of interrogatories, we asked that you simply be clear and direct in responding whether there is spalling at the "expansion" joints at each location. Even in your email below, you conspicuously omit which which joints are experiencing spalling. Once again, we ask you to confirm clearly and unambiguously whether the "expansion" joints are experiencing spalling at the respective locations.

Likewise your email conspicuously omits whether it is the " expansion" joints that are void of material. Once again, we ask you to confirm clearly and unambiguously whether it is the "expansion" joints at the appropriate locations that have no visible filler.

With respect to interrogatories 1, 2, and 4 of our 2nd set of interrogatories, we are entitled to receive not only a complete list of witnesses you anticipate to testify, but more importantly what each witness is expected to testify to so that we can determine how to defend and who to depose. H & E has filed this suit almost 2 years ago and it is nonsensical that H and E pretends it does not know what witnesses it needs to prove its case and doesn't know its damages. Even more disturbing is H & E's position that it is premature for it to know how it advised URS of deficiencies in the past and how it advised URS in the past of problems with past invoices. We again ask that you provide us with the information requested.

Finally, you have unfortunately mischaracterized our responses to your 2nd set of interrogatories. We did not refuse to answer interrogatories 18, 19, and 20 based on prematurity. We provided the facts as we know them. For interrogatories 24 and 25, we advised that, as a defendant, we do not know what witnesses we may need or exhibits that we may need until we can evaluate what witnesses and exhibits H & E will use to try to prove its case. Consequently we ask again that you provide the information that has been requested.

If you do not provide more clear and unambiguous responses as requested by Monday, we will have no choice but to file a motion to compel and seek attorney fees. Regards,

Phil

---

**From:** Carlisle, Laura [mailto:LCarlisle@bakerdonelson.com]
**Sent:** Wednesday, October 07, 2015 7:11 PM
**To:** Phil Franco
**Cc:** Wittmann, Anne; Kurtz, Dave; Kellen Mathews
**Subject:** RE: discovery conference

Phil,

Our responses to your email below are as follows, per your numbering:

**Regarding our supplemental and amended interrogatory responses to URS's First Set of Interrogatories:**

**1-6** (your numbering): To clarify, I stated that we would review our responses and what information we used to draft those responses and follow up, letting you know whether we could provide the more specific information you asked for yesterday or whether we stand by our responses as provided. We stand by the responses provided.

To provide further clarification, for each of the locations referenced (Alexandria, Lake Charles, Shreveport, Raleigh, Winston-Salem, and Dallas), spalling and cracking is visible in the paved surfaces, which, based on a sensible interpretation of our written responses, includes but is not limited to at or around the joints in the concrete.

NON-CERTIFIED COPY

Similarly, our responses regarding whether joints at the various branch locations contain any substance or material, we reported what materials, if any, are visible at the locations. For those locations where we did not identify a material, only a cut joint, there is no filler material visible.

Generally, further responding to Interrogatory No. 3, I would refer you also to H&E's business records, including photographs, that will be produced according to our agreement concerning H&E's responses to your Second Set of Requests for Production.

**Regarding our responses to your Second Set of Requests for Production:**

Confirmed. We will produce what responsive, non-privileged documents we have by October 27, 2015.

**Regarding our responses to your Second Set of Interrogatories:**

**Interrogatories 1, 2, and 4**: We maintain our objection to these interrogatories insofar as they are premature and discovery is nowhere near complete in this matter. But, subject to that objection, we have referred you to specific pleadings and submissions that set forth what we do know at this time regarding damages, URS's negligent acts and omissions, and H&E's satisfaction of its own contractual obligations. We stand by this response.

As for witnesses to be called at trial, we maintain our objection based on prematurity. Like URS, we have not yet identified what witnesses we will call at the trial of this matter. To be clear, however, we are not "refusing" to identify witnesses as you suggested yesterday: we will identify our witnesses according to the scheduling order(s) entered by the Court. Moreover, we have identified the primary persons having knowledge of the facts at issue in this litigation per the parties' agreed-upon ESI protocol. If you would like us to identify additional persons having such knowledge, but who may not be appropriate to include in the ESI searches, please propound an interrogatory asking for same.

**Interrogatory No. 3:** We maintain our objection based on prematurity, and we will identify expert witnesses in accordance with the scheduling order(s) entered by the Court. Subject to that objection, we have not yet identified any expert witnesses in connection with this matter.

**Regarding URS's responses to our Second Set of Interrogatories, propounded in November 2014, per your numbering:**

**Interrogatory No. 18:** As I understood, you stand by your written response and objections, including your objection that the interrogatory is premature insofar as discovery is ongoing.

**Interrogatory No. 19:** You provided some clarification, but as I understood, you stand by your written response and objections, including your objection that the interrogatory is premature insofar as discovery is ongoing.

**Interrogatory No. 20:** Confirmed. I also understood that you stand by your written response and objections, including your objection that the interrogatory is premature insofar as discovery is ongoing.

**Interrogatory No. 21:** You indicated that your subsequently provided discovery objections and responses control. As for your response that the requested information "has been requested and will be provided upon receipt," you stated that you went to URS and URS told you that the requested information was too burdensome, and you consider "what [URS] does at other facilities" irrelevant to the standard of care.

NON-CERTIFIED COPY

**Interrogatories No. 24-25:**  As I understood, you stand by your written responses and objections, including your objection that the interrogatories are premature insofar as discovery is ongoing.

Please let me know if your recollection is different from the above.

Thanks,
Laura


**Laura E. Carlisle**
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Office: 504.566.5200
Direct:  504.566.8643
Facsimile: 504.585.6943
E-mail:  lcarlisle@bakerdonelson.com
www.bakerdonelson.com

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For®" for Six Years in a Row!**

**From:** Phil Franco [mailto:Phil.Franco@arlaw.com]
**Sent:** Tuesday, October 06, 2015 3:50 PM
**To:** Carlisle, Laura
**Cc:** Kellen Mathews; Ron Sholes
**Subject:** discovery conference

Laura,

This is to confirm the discovery conference we had today by telephone. With respect to H & E's amended and supplemental responses to interrogatory number 3 of our first set of interrogatories:

1) Alexandria location – you will respond whether there is spalling at the expansion joints (those joints that are cut to the bottom of the pavement)

2) Lake Charles location – you will respond whether the expansion joints are void of any material

3) Shreveport location – you will respond as to whether the expansion joints are void of any materials and whether there is any spalling at the expansion joints

4) Raleigh location – you will respond whether there is any spalling at the expansion joints

5) Winston location – you will respond whether there is any spalling at or near the armored expansion joints, that is, including at the edge of the armored plates

6) Dallas location – you will respond whether the expansion joints are void of any material

4

NON-CERTIFIED COPY

With respect to H and E's answers to our 2nd set of requests for production of documents, you will respond within 3 weeks of whether or not H and E has possession custody or control of all the documents requested and will produce all such unprivileged documents.

With respect to H and E's response to our 2nd set of interrogatories you have maintained your objection to numbers 1,2 and 4 on the basis that such requests are premature. You have confirmed that you have no experts at this time in response to interrogatory number 3.

With respect to our answers to your 2nd set of interrogatories:

1) with respect to interrogatory 18 we have explained the factual basis of our allegation

2) with respect to interrogatory 19 we have further explained that H and E's activities in loading and unloading metal tracked heavy equipment is the normal wear with regard to the surfaces at issue

3) with respect to interrogatory number 20, we are not aware at this time of any other's actions or fault that have caused H&D's alleged damages

4) with respect to interrogatory number 21 we maintain our objection on the same basis as previously advised in a prior discovery conference, that is, that the request is overly broad and irrelevant. In addition, as we previously advised, what we do at other facilities does not set the standard of care

5) With respect to interrogatory numbers 24 and 25, we advised that until we know the details of your alleged deficiencies, acts, and omissions as well as alleged damages we do not know who we will need or use as witnesses or exhibits.

If any of the above is not accurate, then please explain in writing. Regards,

Phil



**Phil Franco**
Partner
Admitted in Louisiana, Texas, and the District of Columbia

701 Poydras Street, Suite 4500 | New Orleans, LA  70139
**main** 504.581.3234 |  **direct** 504.585.0291 |  **mobile** 504.914.8837
**efax** 504.553.9780  |  **fax** 504.566.0210

**phil.franco@arlaw.com**

**website bio vCard map**

**From:** Carlisle, Laura [mailto:LCarlisle@bakerdonelson.com]
**Sent:** Tuesday, October 06, 2015 2:00 PM
**To:** Phil Franco; Kellen Mathews
**Subject:** Can we push back to 2:30?

**Laura E. Carlisle**
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170

NON-CERTIFIED COPY

Office: 504.566.5200
Direct:  504.566.8643
Facsimile: 504.585.6943
E-mail:  lcarlisle@bakerdonelson.com
www.bakerdonelson.com

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For®" for Six Years in a Row!**

---

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
|---|---|---|
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |

FILED:_____        _____
                                                    **DEPUTY CLERK**

## RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following responses to the Second Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1.  These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.  H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.  H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.  All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.  H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

-1-

NO LEC 892023 v1
2919213-000024



NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.      H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.      H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.      H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify, as defined above, itemize and describe in detail each and every deficiency, negligent act and omission on the part of Defendants that you allege or claim in this proceeding and identify, as defined above, each witness who is expected to testify with respect to each and every and every deficiency, negligent act and omission.

**RESPONSE TO INTERROGATORY NO. 1:**

H&E objects to Interrogatory No. 1 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter. Subject to these objections, with respect to the Defendants' negligent acts, omissions, and design deficiencies, please see H&E's previous filings, including without limitation, the Petition for Damages and H&E's Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand. Additional information regarding Defendants' deficient design work and negligent acts and omissions is also reflected in business records that will be

-2-

NON-CERTIFIED COPY

produced according to the ESI protocol agreed upon by the parties.   H&E further responds that the full extent of Defendants' negligent acts and omissions will be developed and articulated through expert testimony.   H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

**INTERROGATORY NO. 2:**

Please identify as defined above, itemize and quantify in detail each and every element of damage or remedy that you allege you have suffered or claim in this proceeding and identify, as defined above, each witness who is expected to testify with respect to each and every element of damages itemized and quantified.

**RESPONSE TO INTERROGATORY NO. 2:**

H&E objects to Interrogatory No. 2 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.   H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter.   Subject to these objections, with respect to the damages suffered as a result of Defendants' negligent acts, omissions, and design deficiencies, please see H&E's previous filings, including without limitation, the Petition for Damages and H&E's Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand. H&E further responds that the full extent of its damages will be developed and articulated through expert testimony. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

**INTERROGATORY NO. 3:**

Please identify each and every witness you intend to call or qualify as an expert witness at the trial of this matter, and state for each such witness:

      a)    the area of expertise in which the expert is expected to be qualified;

      b)    the subject matter on which each such witness is expected to testify;

      c)    a complete statement of all opinions to be expressed and the basis and reasons therefore;

      d)    the data or other information considered by the witness in forming the opinion;

-3-

NON-CERTIFIED COPY

e)     a description of any exhibits to be used as a summary of or support for the opinion;

f)     the qualifications of the witness including a set of all publications authored by the witness within the preceding 10 years;

g)     the compensation to be paid for the study and testimony of the witness; and

h)     a listing of any other cases in which the witness has testified as an expert at trial or arbitration or by deposition within the preceding 4 years.

## RESPONSE TO INTERROGATORY NO. 3:

H&E objects to Interrogatory No. 3 as premature insofar as discovery is ongoing and H&E has yet to determine and identify who it may call as an expert witness at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify its expert witnesses and provide appropriate information regarding those witnesses in accordance with the scheduling order(s) entered by the Court in this matter. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

## INTERROGATORY NO. 4:

With respect to your allegation in Paragraph 17 of the Petition for Damages herein that "all conditions precedent to the enforcement of the agreement between H&E and URS have been satisfied," please identify:

a)     with respect to invoices received from URS, each notice to URS of any disputed amount, the date of each such notice, the reasons given for objection to payment, the document through which such notice was sent, and each witness who is expected to testify to such facts at trial; and

b)     each and every notice given by H&E to URS of each and every suspected deficiency in the service provided by URS, the date of each such notice, the document through which such notice was given, and each witness who is expected to testify to such facts at trial.

## RESPONSE TO INTERROGATORY NO. 4:

H&E objects to Interrogatory No. 4 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this

-4-

NON-CERTIFIED COPY

matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter. Subject to these objections, with respect to notices provided to Defendants' regarding various design deficiencies and Defendants' negligent acts and omissions, please see H&E's previous filings and documents entered into the record in this matter, including without limitation, H&E's Motion to Compel and attached exhibits. H&E further refers Defendants to communications and documents regarding complained-of deficiencies included in H&E's production of documents and to be produced according to the ESI protocol agreed upon by the parties. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _Laura E. Carlisle_
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 2nd day of October, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_Laura E. Carlisle_
LAURA E. CARLISLE

-5-

NO LEC 892023 v1
2919213-000024

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| | * | |
| URS CORPORATION | * | STATE OF LOUISIANA |
| ARCHITECTURE, P.C., URS | | |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

## DEFENDANTS' ANSWERS TO SECOND SET OF INTERROGATORIES OF H&E EQUIPMENT SERVICES, INC.

TO:   H&E Equipment Services, Inc.
Through its Counsel of Record
Roy C. Cheatwood
Baker Donelson Bearman Caldwell & Berkowitz
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), answer the Second Set of Interrogatories of Plaintiff as follows:

### GENERAL OBJECTIONS

1. Defendants object to the Interrogatories to the extent they seek disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise protected as confidential or privileged by any other applicable privilege or exemption.

2. Defendants object to the Interrogatories to the extent that they are overly broad, unduly burdensome, seek documents which are not described with reasonable particularity and seek information that is not relevant to the subject matter involved in the pending action and are not reasonably calculated to lead to the discovery of admissible evidence.

3. Defendants object to the Interrogatories to the extent that they purport to require searches of files and the production of documents in the possession or at the control of another party.



EXHIBIT
11

NON-CERTIFIED COPY

4.      Defendants object to the Interrogatories to the extent that they seek information not reasonably available to Defendants or that is obtainable by Plaintiff from some other source that is more convenient, less burdensome, or less expensive; or seeks to impose unreasonable and oppressive obligations to compile and present information in a form and manner other than that in which it is customarily prepared or maintained.

5.      Defendants object to the Interrogatories to the extent that that may be construed to seek personal or proprietary information.

6.      Defendants object to the Interrogatories to the extent that they purport to impose definitions that differ from normal English usage.

7.      By responding to an Interrogatory with a defined term, Defendants are not by implication agreeing with any such definition.

8.      Defendants' responses are made without in any way waiving the right to object, on grounds of competency, relevancy, materiality, privilege, admissibility, or any other ground, to the use of its responses or produced documents in any proceeding in this action or any other action.

9.      Defendants object to the Interrogatories to the extent they seek information outside the scope of permissible discovery.

10.     Defendants object to the Interrogatories to the extent they seek irrelevant information the production of which would needlessly increase the costs of this litigation.

11.     These general objections shall be deemed continuing to each discovery request and are not waived, nor in any way limited, by the following responses:

12.     In addition to the general objections of Defendants, Defendants object on the grounds that Plaintiff has served more than thirty-five interrogatories and Plaintiff has failed to seek leave to serve additional interrogatories, requiring a contradictory hearing and good cause shown for why the additional interrogatories are necessary.  La. Code Civ. Proc. Art. 1457(B).

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify each person answering or assisting in answering these Interrogatories and the Requests for Production of Documents served contemporaneously herewith.

2

NON-CERTIFIED COPY

**ANSWER TO INTERROGATORY NO. 1:**

1. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

2. Debra Sanders
   Vice President/Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70808
   (225) 922-5700

3. Philip A. Franco
   Adams and Reese LLP
   4500 One Shell Square
   New Orleans, LA 70139
   (504) 581-3234

4. Kellen J. Mathews
   Adams and Reese LLP
   450 Laurel St., Suite 1900
   Baton Rouge, LA 70801
   (225)336-5200

**INTERROGATORY NO. 2:**

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's new headquarters and dealership facility in Baton Rouge, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation and/or bidding on the project and/or negotiation of services to be provided by URS and the fees to be paid to URS.

**ANSWER TO INTERROGATORY NO. 2:**

1. Craig Gardner
   1728 Great Oak Dr.
   Baton Rouge, Louisiana 70810
   (225)766-7219

2. Mark Howard
   18723 Manchac
   Prairieville, Louisiana 70769
   (225)673-2368

NON-CERTIFIED COPY

3. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

4. Cody Lewis
   9415 Magnolia Crossing
   Central, Louisiana  70739
   (985)768-0460

5. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

6. Neal Johnson
   2328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

7. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 3:**

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its headquarters and dealership facility in Baton Rouge, Louisiana.

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 3:</u>

1. Mark Howard
   18723 Manchac
   Prairieville, Louisiana  70769
   (225)673-2368

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

3. Thomas Van Hattum
   Vice President/ Facilities Practice Leader
   URS Corporation
   3950 Sparks Drive SE
   Grand Rapids, MI 49546
   (616) 574-8500

4. Ryan Archer
   4 East Fulton Street, Suite 200
   Grand Rapids, MI 49503
   (616)456-9944

5. John Jones
   Vice President- Corporate Services
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

6. Brad Reese
   Senior Project Manager
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

7. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

8. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

NON-CERTIFIED COPY

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 4:**

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2006, including any amendments or expansions thereof.

**ANSWER TO INTERROGATORY NO. 4:**

See Answer to Interrogatory No.2, *supra*.  Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 5:**

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's facility in Kenner, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid by URS.

6

NON-CERTIFIED COPY

**ANSWER TO INTERROGATORY NO. 5:**

1. Neal Johnson
   2328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana 70737
   (225)405-6046

3. Cody Lewis
   9415 Magnolia Crossing
   Central, Louisiana 70739
   (985)768-0460

4. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70808
   (225) 922-5700

5. Craig Gardner
   1728 Great Oak Dr.
   Baton Rouge, Louisiana 70810
   (225)766-7219

6. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

7. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for

7

NON-CERTIFIED COPY

Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 6:</u>

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its facility in Kenner, Louisiana.

<u>ANSWER TO INTERROGATORY NO. 6:</u>

1.  Chad Herndon
    514 East Oak Haven St.
    Gonzales, Louisiana  70737
    (225)405-6046

2.  Neal Johnson
    12328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

3.  Leonard St. Germain
    Vice President-Operations
    H&E Equipment Services
    7500 Pecue Lane
    Baton Rouge, Louisiana 70809
    (225) 298-5223

4.  Frankie Wynn
    H&E Equipment Services
    7500 Pecue Lane
    Baton Rouge, Louisiana 70809
    (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

8

NON-CERTIFIED COPY

INTERROGATORY NO. 7:

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2009, including any amendments or expansions thereof.

ANSWER TO INTERROGATORY NO. 7:

1. Neal Johnson
   2328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana 70737
   (225)405-6046

3. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70808
   (225) 922-5700

4. Craig Gardner
   1728 Great Oak Dr.
   Baton Rouge, Louisiana 70810
   (225)766-7219

5. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

6. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for

9

NON-CERTIFIED COPY

Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 8:**

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the renovation and relocation of H&E's crane manufacturing facility in Belle Chasse, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid by URS.

**ANSWER TO INTERROGATORY NO. 8:**

1. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

3. Lee Vampran
   Project Administrator
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

4. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may

be derived or ascertained in large part from URS's business records, including

electronically stored information or from an examination, audit, or inspection of these

business records, including a compilation, abstract, or summary based thereon, and the

burden of deriving or ascertaining the answer will be substantially the same for

NON-CERTIFIED COPY

Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 9:</u>

Please identify all persons involved in and/or having knowledge regarding the administration of the construction contracts executed in connection with H&E's Baton Rouge, Louisiana headquarters and dealership facility; H&E's Kenner, Louisiana, and/or H&E's Belle Chasse, Louisiana facility.

<u>ANSWER TO INTERROGATORY NO. 9:</u>

1.  Neal Johnson
    12328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

2.  Thomas Ryan
    Senior Architect
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70806
    (225) 922-5700

3.  Kim Nunez
    11731 D Morganhill Ct.
    Baton Rouge, Louisiana  70818

Additionally, Defendants submit that further answers to this interrogatory may

be derived or ascertained in large part from URS's business records, including

electronically stored information or from an examination, audit, or inspection of these

business records, including a compilation, abstract, or summary based thereon, and the

burden of deriving or ascertaining the answer will be substantially the same for

Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 10:</u>

Please identify all communications and correspondence between you and any contractor or potential contractor regarding the installation of concrete at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities, whether during actual construction, pre-construction, post-construction, or during the contract bidding process; and for each such communication or correspondence, please specify: the name of the contractor, the date and medium of the communication or correspondence, the

NON-CERTIFIED COPY

nature or subject matter of the communication or correspondence, including who said what, and the outcome of the communication or correspondence.

**ANSWER TO INTERROGATORY NO. 10:**

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 11:**

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana, and/or Kenner, Louisiana facilities, and for each such communication or correspondence, please specify: the date and medium of the communication and correspondence, the specific individuals who were party to the communication or correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

**ANSWER TO INTERROGATORY NO. 11:**

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 12:**

Please identify all persons involved in and/or having knowledge related to any complaints, discussions, or communications regarding spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities.

12

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 12:</u>

1. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

2. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

3. Vincent Provenza
   Senior Vice President
   URS Corporation
   3500 N. Causeway Blvd., Suite 900
   Metairie, Louisiana 70002
   (504) 837-6326

4. Tim Gaines
   1140 Fairwinds Ave.
   Zachary, Louisiana  70791
   (225)247-9499

5. Bruce Adams
   URS Corporation
   3500 N. Causeway Blvd., Suite 900
   Metairie, Louisiana 70002
   (504) 837-6326

6. Alan Cohen
   7320 N. MoPac, Suite 211
   Austin, TX 78731
   (512)346-5558

7. Scott Hillman
   Group Counsel
   URS Corporation
   9400 Amberglen Blvd.
   Austin, Texas  78729
   (512) 419-6373

8. Brad Reese
   Senior Project Manager
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

13

NON-CERTIFIED COPY

9.  Bruce Lelong
    3500 N. Causeway Blvd., Suite 900
    Metairie, Louisiana 70002
    (504) 837-6326

10. Debra Sanders
    Vice President/Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana  70808
    (225) 922-5700

## INTERROGATORY NO. 13:

Please identify all persons involved in and/or having knowledge regarding URS' decision not to repair or pay for repairs to the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities as a result of spalling and/or other concrete deterioration.

## ANSWER TO INTERROGATORY NO. 13:

1.  Debra Sanders
    Vice President/ Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana  70808
    (225) 922-5700

2.  Vincent Provenza
    Senior Vice President
    3500 N. Causeway Blvd., Suite 900
    Metairie, Louisiana 70002
    (504) 837-6326

3.  Alan Cohen
    7320 N. MoPac, Suite 211
    Austin, TX 78731
    (512)346-5558

4.  Neal Johnson
    12328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

5.  Thomas Ryan
    Senior Architect
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70806
    (225) 922-5700

NON-CERTIFIED COPY

**INTERROGATORY NO. 14:**

Please identify the name and employer of the "civil engineering consultant" identified the Neal Johnson's March 18, 2013 email correspondence to Frankie Wynn, to whom Mr. Johnson purportedly forwarded a CPR in connection with H&E's Kenner, Louisiana project.

**ANSWER TO INTERROGATORY NO. 14:**

> Tim Gaines
> 1140 Fairwinds Ave.
> Zachary, Louisiana  70791
> (225)247-9499

**INTERROGATORY NO. 15:**

Please identify all persons involved in the certification of and/or having knowledge regarding the substantial completion of H&E's Baton Rouge, Louisiana facility and/or Kenner, Louisiana facility, including without limitation the submission and resolution of any punch list items.

**ANSWER TO INTERROGATORY NO. 15:**

> 1. Neal Johnson
>    12328 Lake Sherwood Ave.
>    Baton Rouge, Louisiana 70816
>    (225)293-5506
>
> 2. Thomas Ryan
>    Senior Architect
>    URS Corporation
>    7389 Florida Blvd., Ste. 300
>    Baton Rouge, Louisiana 70806
>    (225) 922-5700

Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

NON-CERTIFIED COPY

<u>INTERROGATORY NO. 16:</u>

Please identify all persons present at any walk-thrus or inspections conducted at H&E's Baton Rouge, Louisiana facility site and/or Kenner, Louisiana facility site in response to or in connection with concerns or issues regarding the concrete lots at the facilities.

<u>ANSWER TO INTERROGATORY NO. 16:</u>

1. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

2. Alan Cohen
   7320 N. MoPac, Suite 211
   Austin, TX 78731
   (512)346-5558

3. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

4. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

5. Tim Gaines
   1140 Fairwinds Ave.
   Zachary, Louisiana  70791
   (225)247-9499

6. John Schexnayder
   4908 Legend Dr.
   Baton Rouge, Louisiana  70817
   (225)910-1736

7. Murray McCullough
   11328 Pennywood Ave.
   Baton Rouge, Louisiana 70809
   (225)368-2475

Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records,

16

NON-CERTIFIED COPY

including a compilation, abstract, or summary based thereon, and the burden of

deriving or ascertaining the answer will be substantially the same for Defendants as it

would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees

to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 17:</u>

Please identify all communications and correspondence between you and H&E
and/or any third party regarding any observed problems or deficiencies in the design
and/or construction of H&E's Baton Rouge, Louisiana facility; Kenner, Louisiana
facility; and/or Belle Chasse, Louisiana facility, and for each such communication or
correspondence, please specify: the date and medium of the communication and
correspondence, the specific individuals who were party to the communications or
correspondence, the subject matter and nature of the communication or
correspondence, including who said what, and the outcome of the correspondence or
communication.

<u>ANSWER TO INTERROGATORY NO. 17:</u>

Defendants submit that answers to this interrogatory may be derived or ascertained in

large part from URS's business records, including electronically stored information or

from an examination, audit, or inspection of these business records, including a

compilation, abstract, or summary based thereon, and the burden of deriving or

ascertaining the answer will be substantially the same for Defendants as it would be for

H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit

H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 18:</u>

Please identify and fully explain the factual basis of your allegation that H&E
failed to maintain the properties and/or improvements at issue in this litigation, as
alleged in the Twelfth Defense of your Answer, Affirmative Defenses and
Reconventional Demand on Behalf of All Defendants.

<u>ANSWER TO INTERROGATORY NO. 18:</u>

<u>OBJECTION.</u>  Defendants object to Interrogatory No. 18 as premature as discovery in

this matter is ongoing and others who may be at fault for H&E's alleged damages have

yet to be identified. Subject to this objection and without waiving the same, Defendants

contend that H&E's failure to keep the joints in the Paved Surfaces free and clear of

NON-CERTIFIED COPY

debris, mud, gravel, etc. causing and greatly contributing to the conditions complained of by H&E.    Defendants reserve the right to supplement their answer to this Interrogatory as discovery progresses.

**INTERROGATORY NO. 19:**

Please identify and fully explain the factual basis of your allegation that the damages alleged in this litigation were caused by "normal wear with regard to the surfaces at issue herein," as alleged in the Twelfth Defense of your Answer, Affirmative Defenses and Reconventional Demand on Behalf of All Defendants.

**ANSWER TO INTERROGATORY NO. 19:**

**OBJECTION.**  Defendants object to Interrogatory No. 19 as premature as discovery in this matter is ongoing and others who may be at fault for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving the same, Defendants contend that H&E's activities on the Paved Surfaces have caused the damages that H&E alleges in this litigation. Defendants reserve the right to supplement their answer to this Interrogatory as discovery progresses.

**INTERROGATORY NO. 20:**

Please identify all "others" whose actions or fault caused H&E's alleged damages in this litigation, as alleged in the Thirteenth Defense of your Answer, Affirmative Defenses and Reconventional Demand on Behalf of All Defendants.

**ANSWER TO INTERROGATORY NO. 20:**

**OBJECTION.**  Defendants object to Interrogatory No. 20 as premature as discovery in this matter is ongoing and others who may be at fault for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving the same, Defendants contend that H&E is at fault in causing the damage by virtue of its lack of maintenance and care of the Paved Surfaces.  Defendants reserve the right to supplement their answer to this Interrogatory as discovery progresses.

**INTERROGATORY NO. 21:**

Please identify by customer and address all other facilities constructed for use as yards for the storage and/or maintenance of tracked construction equipment for which you have provided professional design and/or contract administration services.

18

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 21:</u>

<u>OBJECTION</u>.  Defendants object to Interrogatory No. 21 as vague and overbroad and seeking irrelevant information, where the Interrogatory does not differentiate between paved and unpaved yards for the storage and/or maintenance of tracked construction equipment and is further not limited to any branch or division of URS, a global company. Further answering and without waiving any objection, relative to paved yards for to the storage and/or maintenance of tracked construction equipment, this information has been requested and will be provided upon receipt.

<u>INTERROGATORY NO. 22:</u>

Please identify the date(s) of any discovery hold communication(s) issued in connection with this matter.

<u>ANSWER TO INTERROGATORY NO. 22:</u>

A litigation hold was issued on September, 2013 and remains in place at the present.

<u>INTERROGATORY NO. 23:</u>

To the extent not encompassed by the requests above, please identify by name, position or title, address and phone number each person who has or may have knowledge regarding the events and allegations at issue in this litigation, and provide for each such person a brief description of his or her testimony.

<u>ANSWER TO INTERROGATORY NO. 23:</u>

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E.  Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 24:</u>

Please identify each document, communication, and/or exhibit you intend to offer at the trial of this matter.

NON-CERTIFIED COPY

## ANSWER TO INTERROGATORY NO. 24:

**OBJECTION.** Defendants object to Interrogatory No. 24 as premature as discovery is ongoing and Defendants have yet to determine each and every witness that they may call at any trial or hearing in this matter. Defendants further object to the extent that the Interrogatory requires information as to the mental impressions and work-product of Defendants' attorneys.

## INTERROGATORY NO. 25:

Please identify each person who may or will offer testimony on your behalf at the trial of this matter as a fact or expert witness, and provide for each such person a description of his or her anticipated testimony.

## ANSWER TO INTERROGATORY NO. 25:

**OBJECTION.** Defendants object to Interrogatory No. 25 as premature as discovery is ongoing and Defendants have yet to determine each and every witness that they may call at any trial or hearing in this matter. Additionally, Defendants object to this Interrogatory to the extent that it calls for speculation as to the testimony of others. Defendants further object to the extent that the Interrogatory calls for speculation as to the testimony of others and to the extent that the Interrogatory requires information as to the mental impressions and work-product of Defendants' attorneys.

The foregoing Responses are based upon the information that Defendants currently have in their possession and Defendants reserve the right to supplement or amend their Responses as additional information becomes available. Additionally, Responses to Plaintiff's Interrogatories in no way represent waivers of any privileges that might be applicable.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE LLP

Philip A. Franco (La. Bar #5819), T.A.
Kellen Matthews (La Bar #31860)
4500 One Shell Square
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210

COUNSEL FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE,
P.C.; URS CORPORATION; L.
O'NEAL RYAN AND THOMAS E.
RYAN, III

21

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served upon all counsel of record via e-mail and/or United States Mail, postage prepaid and properly addressed, this _10th_ day of December, 2014.

Kellen J. Mathews

NON-CERTIFIED COPY

## \*\* Transmit Conf.Report \*\*

P.1
EBR CLERK OF COURT    Fax 2253893392                    Dec 23 2015 04:48pm

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915046364000 | Normal | 23:04:47pm | 0'33" | 1 | O K | |



### DOUG WELBORN
### CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

#### FAX RECEIPT

NUMBER C626308  Division D                              Date:   23-DEC-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:   LAURA E CARLISLE
      BAKER DONELSON BEARMAN
      201 ST CHARLES ST STE 3600
      NEW ORLEANS LA 70170

Item(s) Received: OPPOSITION

Total Amount Due (includes all applicable fees below) $ 454.00

The Clerk of Court's office has received, by facsimile transmission dated 12-23-15, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)        A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(b)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions -- per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

#### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
#### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

#### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
#### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

#### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
#### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

NUMBER C626308  Division D                    Date:    23-DEC-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: **OPPOSITION**

Total Amount Due (includes all applicable fees below) **$ 454.00**

The Clerk of Court's office has received, by facsimile transmission dated **12-23-15**, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)  First page of each pleading, six dollars
13:841(A)(2)(b)  Each subsequent page, four dollars
13:841(A)(2)(c)  Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)  Issuing document without notice of service, fifteen dollars (Receipt generation fee)

<u>NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT</u>
<u>UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.</u>

<u>SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.</u>
<u>SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.</u>

<u>IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.</u>
<u>IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.</u>

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT





**BAKER
DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:   504.636.4000

www.bakerdonelson.com

# FAX COVER SHEET

| FROM | Shelley Tannehill |
|------|-------------------|
| EMAIL | stannehill@bakerdonelson.com |
| BILL CODE | |
| TO | |
| COMPANY | |
| FAX NUMBER | 12253893392 |
| DATE | 23/12/2015 15:44:23 CST |
| RE | H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al |

## COVER MESSAGE

**Shelley Tannehill**
**Legal Secretary to Danielle Trostorff, Shareholder,**
**Margaret Silverstein and Laura Carlisle**

**Baker, Donelson, Bearman,**
 **Caldwell & Berkowitz, PC**
**201 St. Charles Avenue, Suite 3600**
**New Orleans, Louisiana 70170**
**Telephone: 504.566.8658**
**stannehill@bakerdonelson.com<mailto:stannehill@bakerdonelson.com>**
**www.bakerdonelson.com<http://www.bakerdonelson.com/>**

**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. with offices in**
**Alabama, Florida, Georgia, Louisiana, Mississippi, Tennessee, Texas and Washington, D.C.**

**[Description: Description: cid:747443820@21092011-2865]<http://www.bakerdonelson.com/>**

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For(r)" for Six Years in**
**a Row!**
 **P Please consider the environment before printing this e-mail.**

*************************************************************

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

Received

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email,
then in any part of the same series of emails), such advice was not intended
or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used,
and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or
(2) promoting, marketing or recommending to another party any transaction or tax-related matter
addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at
law.
It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this
electronic mail transmission in error, please delete it from your system without copying it, and notify the
sender by reply e-mail, so that our address record can be corrected.
*************************************************************

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

NON-CERTIFIED COPY

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170

PHONE:   504.566.5200
FAX:       504.636.4000

www.bakerdonelson.com

LAURA E. CARLISLE
Direct Dial: (504) 566-8643
Direct Fax: (504) 585-6943
E-Mail Address: lcarlisle@bakerdonelson.com

December 23, 2015

**VIA FACSIMILE (225) 389-3392**

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:   *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
       *19th JDC No. 626308, Division "D", Section XXI*

Dear Mr. Welborn:

Attached please find an Opposition to Defendants' Motion to Compel, which we ask that you file with the Court on behalf of Plaintiff, H&E Equipment Services, Inc. Once we have received your fax confirmation, we will forward the original to you along with our check for the filing, fax and service fees associated with this request.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kindest regards, I remain

Sincerely,

/s/ Laura E. Carlisle

Laura E. Carlisle

LEC/sdt
Attachment
cc:    Philip A. Franco, Esq. w/encl. via facsimile  (504) 566-0210
        Kellen Matthews, Esq. w/encl. via facsimile (225) 336-5220

NO LEC 907383 v1
2919213-000024

ALABAMA      FLORIDA      GEORGIA      LOUISIANA      MISSISSIPPI      TENNESSEE      TEXAS      WASHINGTON, D.C.

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.        *    CASE NO. C 626,308 SECTION D

VERSUS                              *    19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,       *    PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III    *    STATE OF LOUISIANA

FILED:_____         _____
                                              DEPUTY CLERK


## OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

H&E Equipment Services, Inc. ("H&E") respectfully files this memorandum in opposition to the Motion to Compel Discovery Responses (the "Motion") filed on November 2, 2015, by URS Corporation Architecture, P.C., URS Corporation, L O'Neal Johnson, and Thomas E. Ryan, III (collectively, "Defendants").

Defendants' Motion to Compel pertains to: (1) Defendants' interrogatories regarding the condition of the construction/expansion joints at other H&E facilities, to which H&E has already fully responded; and (2) Defendants' interrogatories regarding general aspects of H&E's claims and litigation strategy, including witnesses it intends to rely on at trial, elements of its damages, and evidence supporting H&E's allegations in this case, all of which is premature and/or seeks information protected under the work product doctrine.

In fact, Defendants' Motion is merely the latest in a series of discovery motions related to information of, at best, questionable relevance. Discovery relating to other H&E facilities, for example, is hardly well-calculated to shed light on the question actually at issue: Did Defendants breach their contractual and professional obligations to H&E, thereby damaging H&E's Baton Rouge, Kenner, and Belle Chasse facilities? Nevertheless, H&E has diligently and sufficiently responded to Defendants' ever-changing and increasingly demanding requests regarding other H&E facilities, and its objections and written responses to Defendants' interrogatories regarding H&E's general litigation strategy and claims in this matter are entirely appropriate and sufficient. Defendants' Motion should be denied in its entirety, and H&E respectfully requests that it be awarded its reasonable attorneys' fees and costs incurred in defending against the Motion.

### I.   Relevant Background

As set forth previously, this suit stems from damages suffered by H&E as a result of deficient designs and specifications prepared by Defendants for the construction and renovation of H&E facilities in Baton Rouge, Kenner, and Belle Chasse, Louisiana between 2006 and 2013.

-1-


EBR3356129

NON-CERTIFIED COPY

To date, the parties have exchanged written discovery responses and objections, but they are only in the early stages of exchanging electronically stored documents and information ("ESI"), which constitutes the overwhelming bulk of the documents and discoverable information in this case. There have been no depositions, and there has been no scheduling order entered by the Court or any deadlines set.

> A.    *Defendants' Ever-Changing Requests Regarding Other H&E Facilities, and H&E's Diligent Efforts in Responding.*

H&E has consistently maintained and continues to maintain its objections to the relevance and over-burdensome nature of Defendants' First Set of Interrogatories regarding other H&E facilities that are not at issue in this litigation. Nonetheless, on June 15, 2015, in the spirit of compromise and cooperation, H&E agreed to provide limited information regarding other H&E's facilities with concrete paved surfaces and operations similar to those conducted at its Baton Rouge and Kenner facilities, *i.e.* operations involving the routine traversal of heavy tracked equipment. The Court's Judgment dated July 9, 2015,[1] was the result of that compromise.

> 1.    The Interrogatories at Issue

Defendants' First Set of Interrogatories included the following interrogatory, containing fifteen subparts:

**INTERROGATORY NO. 3:**

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

---

[1]    A copy of the Court's Judgment, dated 7/9/15, is attached as Exhibit "1."

NON-CERTIFIED COPY

(h)    whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site;

(i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)    any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)    any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)    any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)    the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)    the results of any such repairs, replacements or maintenance;

(o)    the cost of any such repairs, replacements or maintenance.[2]

As of the date of Defendants' Motion to Compel, H&E had identified the following facilities in response to Interrogatory No. 2: Alexandria, Louisiana; Lake Charles/Sulphur, Louisiana; Shreveport, Louisiana; Charlotte, North Carolina; Raleigh, North Carolina; Winston Salem, North Carolina; and Dallas, Texas.[3]

       2.    H&E's Diligent Efforts to Respond
           and Sufficient Responses

H&E properly objected to the relevance and burden associated with tracking down all of this information regarding facilities that are not at issue. Following the compromise reached between the parties on June 15, 2015, however, undersigned counsel reached out to H&E real estate personnel and the branch managers for each of the multiple facilities addressed by Defendants' interrogatories and requested that they provide information in response to Defendants' interrogatories. Based on their responses, on July 31, 2015,[4] August 24, 2015,[5] and

---

[2]    *See* Defendants' First Set of Interrogatories, attached as Exhibit "2." The Motion is limited to subparts (g), (i), and (j). *See* Defendants' Memorandum in Support of Motion to Compel, pp. 10-11.

[3]    Based on recently obtained information, H&E is in the process of amending and supplementing its list of facilities meeting the criteria of Interrogatory No. 2. Subsequent to Defendants' filing of their Motion to Compel, H&E determined that its Corpus Christi, Texas; Baltimore, Maryland; and New Orleans, Louisiana facilities (all of which are newer facilities) should be included in the list of facilities having concrete surfaces and similar operations. H&E is in the process of collecting the information for these facilities responsive to Interrogatory No. 3 and will supplement its written discovery responses accordingly.

[4]    *See* H&E's Supplemental Responses to Defendants' First Set of Interrogatories, dated 7/31/15, attached as Exhibit "3."

-3-

NON-CERTIFIED COPY

August 27, 2015,[6] H&E provided written supplemental answers and what information it had in response to Defendants' First Set of Interrogatories.[7]  As to Interrogatory No. 3, subparts (g), (i), and (j), H&E provided the following responses:

### Alexandria, Louisiana

(g)  The Paved Surfaces are supported by expansion joints consisting of a rubber-type material.
 . . . .

(i)  The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)  There have been no observed problems or deficiencies noted with regard to the expansion/construction joints.
 . . . .

### Lake Charles/Sulphur, Louisiana

(g)  The Paved Surfaces are supported by expansion joints with keways reinforced by rebar every 24 inches, with footings under each expansion joint.
 . . . .

(i)  The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)  There have been no observed problems or deficiencies noted with regard to the expansion/construction joints.
 . . . .

### Shreveport, Louisiana

(g)  Unknown.
 . . . .

(i)  The expansion joints in the Paved Surfaces are generally in fair condition; the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

(j)  The expansion/construction joints in the Paved Surfaces show signs of moderate wear and tear.
 . . . .

### Charlotte, North Carolina

(g)  Unknown.
 . . . .

---

[5]  *See* H&E's Amended and Supplemental Responses to Defendants' First Set of Interrogatories, dated 8/24/15, attached as Exhibit "4."

[6]  *See* H&E's Supplemental Response to Defendants' First Set of Interrogatories, dated 8/27/15, attached as Exhibit "5."

[7]  The branches at issue are scattered throughout the southeastern United States, and their managers are not particularly familiar with this litigation or the claims and allegations at issue.  Nor are they familiar with the specific problems experienced at the Baton Rouge and Kenner facilities.  Understandably, there has been much back and forth regarding Defendants' Interrogatories and the specific information requested – a process made more burdensome by Defendants' changing demands.  With each additional clarification and/or additional item of information learned, however, H&E has supplemented and/or amended its responses accordingly.

-4-

NON-CERTIFIED COPY

(i)    Unknown.

(j)    Unknown.

. . . .

**Raleigh, North Carolina**

(f)    The Paved Surfaces originally installed are showing some wear and spalling at the joints; the more recently added Paved Surfaces are in good shape.

(g)    Unknown.

(h)    None visible.

(i)    Please see response above.

(j)    Please see response above.

. . . .

**Winston Salem, North Carolina**

(g)    Unknown.

(h)    None visible.

(i)    The expansion/construction joints in the Paved Surfaces are in good shape, with no observed problems.

(j)    Please see above response.

. . . .

**Dallas, Texas**

(g)    The Paved Surfaces consist of fifteen square foot panels with expansion joints on all sides.

. . . .

(i)    The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)    There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in the Paved Surfaces.[8]

For each response, H&E included the following General Objection:

These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.[9]

Unsatisfied with these responses and H&E's continuing pledge to update and supplement its responses as it obtained and learned additional information, Defendants demanded a discovery conference. The parties participated in a conference on September 9, 2015, during

---

[8]    *See* Ex. "4," H&E's Amended and Supplemental Responses to Defendants' First Set of Interrogatories, dated 8/24/15.

[9]    *See id.* at p. 1.

-5-

NON-CERTIFIED COPY

which Defendants clarified and asked for more detailed information. While H&E maintained the sufficiency of its responses, it nonetheless, again in the spirit of cooperation, agreed to *further* supplement and/or amend its responses in the short term to respond to Defendants' more detailed requests.[10] More specifically, relevant to Interrogatory No. 3, subparts (g), (i), and (j), Defendants requested the following supplemental information:

> o **Condition of the concrete and joints:** We noted Shreveport in particular as one where we need more information as to what "moderate wear and tear" means as used in H&E's response to Interrogatory 3(j) for Shreveport; specifically we need to know in detail the condition of the concrete and joints, including but not limited to whether they are experiencing spalling. The same goes for any others where the response was "unknown."
>
> . . . .
>
> o **Gaps in Knowledge:** Any areas where the General Manager indicated unknown we would expect that you will continue to seek information in accordance with your duty to supplement.[11]

These questions effectively constituted new interrogatories, but nevertheless, on September 25, 2015, after again reaching out to and speaking with the branch managers, H&E provided the further detailed information requested by Defendants. As to Interrogatory No. 3, subparts (g), (i), and (j), H&E provided the following amended and/or supplemental responses:

**Alexandria, Louisiana:**

(f)     The Paved Surfaces show signs of cracking and spalling in some areas.

(g)     The expansion joints consist of cuts in the Paved Surfaces filled with a rubber-like material; they are not armored.

. . . .

(i)     Please see above response. The expansion joints are otherwise in good condition.

(j)     Please see above response.

**Lake Charles/Sulphur, Louisiana:**

(g)     The expansion joints consist of cuts in the concrete; they are not armored.

**Shreveport, Louisiana:**

(f)     The Paved Surfaces show signs of cracking and spalling. H&E further responds that the concreate at this location was poured only approximately six feet deep.

(g)     The expansion joints consist of cuts in the Paved Surfaces; they are not armored.

. . . .

---

[10]     *See* Email from K. Mathews to D. Kurtz and L. Carlisle, dated 9/11/15, attached as Exhibit "6."

[11]     *Id.*

NON-CERTIFIED COPY

(i)    Please see above response.  The expansion joints are otherwise in good condition, and the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

(j)    Please see above response.

.  .  .  .

**Charlotte, North Carolina:**

(f)    The Paved Surfaces show signs of wear and spalling near and around the construction and/or expansion joints in the concrete.

(g)    The expansion joints consist of cuts in the Paved Surfaces filled with a composite material; they are not armored.

.  .  .  .

(i)    Please see above response.  The expansion joints are otherwise in good condition.

(j)    Please see response above.

**Raleigh, North Carolina:**

(f)    The Paved Surfaces show some signs of cracking and spalling; the older, originally installed concrete shows deterioration near and around the construction and/or expansion joints.

(g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored.  The expansion joints in the older, original portions of the pavement are filled with wood strips.

.  .  .  .

(i)    Please see response above.  The expansion joints are otherwise in good condition.

(j)    Please see response above.

.  .  .  .

**Winston Salem, North Carolina:**

(f)    The Paved Surfaces are in generally good shape, with only an isolated spot of cracking and/or spalling.

(g)    The expansion joints consist of cuts in the concrete protected by armored plates.

.  .  .  .

(i)    Please see above response.  The expansion/construction joints in the Paved Surfaces are otherwise in good condition, with no observed problems.

(j)    Please see above response.

**Dallas, Texas:**

(f)    The Paved Surfaces show some signs of cracking and spalling in and around the construction and/or expansion joints.

(g)    The expansion joints consist of cuts in the concrete; they are not armored.

.  .  .  .

NON-CERTIFIED COPY

(i)    Please see above response.  The expansion/construction joints in the Paved
       Surfaces are otherwise in good condition.

(j)    Please see above response.[12]

In short, H&E provided information directly and specifically responding to the purported
deficiencies raised by Defendants and their request for more detailed information regarding the
"[c]ondition of the concrete and joints" and "specifically... the condition of the concrete and
joints, including but not limited to whether they are experiencing spalling."[13]

But, even these more detailed responses did not satisfy Defendants, and Defendants
demanded yet another discovery conference on the purported basis that H&E's responses were
"ambiguous."[14]  Even so, again in the spirit of cooperation, H&E attempted to further clarify and
detail its responses.[15]    Bent on finding a "deficiency," however, Defendants refused to
acknowledge the sufficiency of H&E's responses.[16]  At that point, realizing that Defendants
would never be satisfied, H&E advised Defendants that its answers were complete:

> Phil,
>
> We provided full, meaningful responses to your requests based on the facts as we
> know them.  That is all we can do.  If additional information becomes available or
> our knowledge of the facts changes, we will of course provide supplemental
> responses, as we have done thus far.  Likewise, we have diligently and in good
> faith complied with the compromise reached by the parties in connection with
> H&E's other facilities and the Court's Judgment reflecting same.  If you
> nonetheless feel compelled to burden the Court with another Motion to Compel, I
> cannot stop you.[17]

B.    *Defendants' Interrogatories Regarding General Aspects of the Litigation,*
       *and H&E's Appropriate Objections and Responses.*

On September 10, 2015, Defendants served H&E with their Second Set of
Interrogatories, which include general strategy-type interrogatories often made by parties during
the course of a case, including what witnesses and items of evidence H&E intends to use at trial,
and many of which were similar to interrogatories propounded by H&E in November of 2014.
As discovery is still in its early stages, and there has been no scheduling order entered, H&E

---

[12]    *See* H&E's Amended and Supplemental Responses to Defendants' First Set of Interrogatories, dated
9/25/15, attached as Exhibit "7."

[13]    Ex. "6," Email from K. Mathews to D. Kurtz and L. Carlisle, dated 9/11/15.

[14]    *See* Email from P. Franco to D. Kurtz and L. Carlisle, dated 10/1/15, attached as Exhibit "8."

[15]    *See* Email from L. Carlisle to P. Franco and K. Mathews, dated 10/7/15, attached as part of Exhibit "9."

[16]    *See* Email from P. Franco to L. Carlisle and Others, dated 10/8/15, attached as part of Exhibit "9."

[17]    *See* Email from L. Carlisle to P. Franco and Others, dated 10/12/15, attached as part of Exhibit "9."

NON-CERTIFIED COPY

generally objected based on prematurity but responded with what information it had at the time.

Defendants have taken issue with H&E's responses to Interrogatory Nos. 1, 2, and 4:

### INTERROGATORY NO. 1:

Please identify, as defined above, itemize and describe in detail each and every deficiency, negligent act and omission on the part of Defendants that you allege or claim in this proceeding and identify, as defined above, each witness who is expected to testify with respect to each and every and every deficiency, negligent act and omission.

### RESPONSE TO INTERROGATORY NO. 1:

H&E objects to Interrogatory No. 1 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter. Subject to these objections, with respect to the Defendants' negligent acts, omissions, and design deficiencies, please see H&E's previous filings, including without limitation, the Petition for Damages and H&E's Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand. Additional information regarding Defendants' deficient design work and negligent acts and omissions is also reflected in business records that will be produced according to the ESI protocol agreed upon by the parties. H&E further responds that the full extent of Defendants' negligent acts and omissions will be developed and articulated through expert testimony. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

### INTERROGATORY NO. 2:

Please identify as defined above, itemize and quantify in detail each and every element of damage or remedy that you allege you have suffered or claim in this proceeding and identify, as defined above, each witness who is expected to testify with respect to each and every element of damages itemized and quantified.

### RESPONSE TO INTERROGATORY NO. 2:

H&E objects to Interrogatory No. 2 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter. Subject to these objections, with respect to the damages suffered as a result of Defendants' negligent acts, omissions, and design deficiencies, please see H&E's previous filings, including without limitation, the Petition for Damages and H&E's Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand. H&E further responds that the full extent of its damages will be developed and articulated through expert testimony. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

. . . .

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB   Document 4-4   07/16/18   Page 310 of 401
Received 23/12/2015 15:46:21 CST   Dec 23 2015 03:55pm   15045856904 From: Shelley Tannehill

### INTERROGATORY NO. 4:

With respect to your allegation in Paragraph 17 of the Petition for Damages herein that "all conditions precedent to the enforcement of the agreement between H&E and URS have been satisfied," please identify:

      a)    with respect to invoices received from URS, each notice to URS of any disputed amount, the date of each such notice, the reasons given for objection to payment, the document through which such notice was sent, and each witness who is expected to testify to such facts at trial; and

      b)    each and every notice given by H&E to URS of each and every suspected deficiency in the service provided by URS, the date of each such notice, the document through which such notice was given, and each witness who is expected to testify to such facts at trial.

### RESPONSE TO INTERROGATORY NO. 4:

H&E objects to Interrogatory No. 4 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter. Subject to these objections, with respect to notices provided to Defendants' regarding various design deficiencies and Defendants' negligent acts and omissions, please see H&E's previous filings and documents entered into the record in this matter, including without limitation, H&E's Motion to Compel and attached exhibits. H&E further refers Defendants to communications and documents regarding complained-of deficiencies included in H&E's production of documents and to be produced according to the ESI protocol agreed upon by the parties. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.[18]

    The Motion claims that H&E ought to know the answer to these questions. Meanwhile, Defendants have maintained the reasonableness and sufficiency of their own substantively identical objections to similar interrogatories propounded by H&E over a year ago. Defendants provided the following responses to H&E's Second Set of Interrogatories:

### INTERROGATORY NO. 18:

Please identify and fully explain the factual basis of your allegation that H&E failed to maintain the properties and/or improvements at issue in this litigation, as alleged in the Twelfth Defense of your Answer, Affirmative Defenses, and Reconventional Demand on Behalf of All Defendants.

### ANSWER TO INTERROGATORY NO. 18:

Defendants object to Interrogatory No. 18 as premature as discovery in this matter is ongoing and others who may be at default for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving same, Defendants contend that H&E's failure to keep the joints at the Paved Surfaces free and clear of debris, mud, gravel, etc. causing [sic] and greatly contributing [sic] to the conditions complained of by H&E.

---

[18]   *See* H&E's Responses to Defendants' Second Set of Interrogatories, attached as Exhibit "10."

NON-CERTIFIED COPY

**INTERROGATORY NO. 19:**

Please identify and fully explain the factual basis of your allegation that the damages alleged in this litigation were caused by "normal wear with regard to the surfaces at issue herein," as alleged in the Twelfth Defense of your Answer, Affirmative Defenses, and Reconventional Demand on Behalf of All Defendants.

**ANSWER TO INTERROGATORY NO. 19:**

Defendants object to Interrogatory No. 19 as premature as discovery in this matter is ongoing and others who may be at default for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving same, Defendants contend that H&E's activities on the Paved Surfaces have caused the damages that H&E alleges in this litigation.  Defendants reserve the right to supplement their answer to this interrogatory as discovery progresses.

**INTERROGATORY NO. 20:**

Please identify all "others" whose actions or fault caused H&E's alleged damages in this litigation, as alleged in the Thirteenth Defense of your Answer, Affirmative Defenses, and Reconventional Demand on Behalf of All Defendants.

**ANSWER TO INTERROGATORY NO. 20:**

Defendants object to Interrogatory No. 20 as premature as discovery in this matter is ongoing and others who may be at default for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving same, Defendants contend that H&E is at fault in causing the damage by virtue of its lack of maintenance and care of the Paved Surfaces.  Defendants reserve the right to supplement their answer to this interrogatory as discovery progresses.

. . . .

**INTERROGATORY NO. 24:**

Please identify each document, communication, and/or exhibit you intend to offer at the trial of this matter.

**ANSWER TO INTERROGATORY NO. 24:**

Defendants object to Interrogatory No. 24 as premature as discovery is ongoing and Defendants have yet to determine each and every witness that they may call at any trial or hearing in this matter.  Defendants further object to the extent that the Interrogatory requires information as to the mental impressions and work-product of Defendant's attorneys.

**INTERROGATORY NO. 25:**

Please identify each person who may or will offer testimony on your behalf at the trial of this matter as a fact or expert witness, and provide for each such person a description of his or her anticipated testimony.

**ANSWER TO INTERROGATORY NO. 25:**

Defendants object to Interrogatory No. 25 as premature as discovery is ongoing and Defendants have yet to determine each and every witness that they may call at any trial or hearing in this matter.   Additionally, Defendants object to this Interrogatory to the extent that it calls for speculation as to the testimony of others and to the extent that the Interrogatory requires information as to the mental impressions and work-product of Defendant's attorneys.[19]

---

[19]    *See* Defendants' Answers to Second Set of Interrogatories of H&E Equipment Services, Inc., attached as Exhibit "11."

-11-

NON-CERTIFIED COPY

Received
23/12/2015 15:46:21 CST

Case 3:18-cv-00690-BAJ-RLB    Document 4-4    07/16/18    Page 312 of 401

In short, Defendants made nearly identical objections to similar requests propounded by H&E over a year ago, and they have not since sought to supplement those objections and their written responses. So, on October 6, 2015, undersigned counsel requested that the parties discuss Defendants' objections and written responses to the above interrogatories in the context of the discovery conference demanded by Defendants to discuss H&E's similar objections and responses to Defendants' interrogatories. Among other things, H&E pointed out the inconsistency in the positions Defendants appeared to be taking in demanding that H&E provide responses to discovery requests that Defendants themselves were not willing to provide. Defendants refused to see the inconsistency in their positions, and they now instead seek to have different rules apply to H&E than those that apply to Defendants.[20]

Plainly, there is no legal support for Defendants' distinction here. Once again, Defendants' Motion to Compel appears to be nothing more than an attempt to bully H&E and distract from the merits of its claims and the orderly progress of this case.

## II.   **Defendants' Motion Should Be Denied.**

While Louisiana's discovery articles are to be construed liberally, discovery is not an end in itself, and the law does not permit a party to use the discovery process to bully or harass another party. *See generally, e.g.,* La. Code Civ. P. art. 1426; *Nicholson v. Holloway Planting Company, Inc.*, 284 So. 2d. 898, 903 (La. 1973) (observing the court's role in exercising the control afforded it by statute relating to orders for protection of parties and deponents to prevent oppression, imposition and abuse); *Self v. Employers Mut. Liability Ins. Co. of Wisconsin*, 90 So. 2d 547, 550 (La. Ct. App. 2d 1956) ("Undoubtedly the purpose of discovery procedure is to afford all parties a fair opportunity to obtain the facts pertinent to the litigation. When this has been accomplished, or where the facts are readily available, the court will deny a party the right to proceed upon a fishing expedition.")

Defendants' instant Motion – as with Defendant's behavior thus far generally with respect to discovery – is an attempt to harass H&E and distract from and disrupt the orderly progress of this case. In fact, Defendants' Motion is supported by neither the law nor the history of the parties' discovery exchanges.

---

[20]    Similarly, Defendants feel free to issue numerous discovery requests regarding H&E's other facilities, but they refuse to address discovery requests directed to Defendants' design of concrete at other facilities. *See* H&E's Motion to Compel, filed 11/24/15.

NON-CERTIFIED COPY

Case 3:15-cv-00690-BAJ-RLB   Document 4-4   07/16/18   Page 313 of 401
Received
23/12/2015 15:46:21 CST   Dec 23 2015 03:58pm   15045856904 From: Shelley Tannehill

A.   *H&E's Responses Regarding Its Other Facilities are Sufficient.*

In their Motion, Defendants contend that H&E's responses – supplemented several times over in response Defendants' changing demands – to Defendants' Interrogatory No. 3 regarding H&E's other facilities are "equivocal," "exceedingly ambiguous and/or nonresponsive."[21] Candidly, it is not clear how H&E's responses could be any less ambiguous, less equivocal, or more responsive.

Defendants propounded the following interrogatory:

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

. . . .

(g)   the types of expansion/construction joints existing in these Paved Surfaces;

. . . .

(i)   the status and condition of the expansion/construction joints in   these Paved Surfaces;

(j)   any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;[22]

. . . .

H&E has provided the following responses based on the information received from its branch managers:

**Alexandria, Louisiana:**

(f)   The Paved Surfaces show signs of cracking and spalling in some areas.

(g)   The expansion joints consist of cuts in the Paved Surfaces filled with a rubber-like material; they are not armored.

. . . .

(i)   Please see above response.   The expansion joints are otherwise in good condition.

(j)   Please see above response.

**Lake Charles/Sulphur, Louisiana:**

(g)   The expansion joints consist of cuts in the concrete; they are not armored.

. . . .

(i)   The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)   There have been no observed problems or deficiencies noted with regard to the expansion/construction joints.

. . . .

---

21   Defendants' Memorandum in Support of Motion to Compel, pp. 12-13.

22   Ex. "2," Defendants' First Set of Interrogatories, Interrogatory No. 3.

NON-CERTIFIED COPY

**Shreveport, Louisiana:**

(f)    The Paved Surfaces show signs of cracking and spalling.  H&E further responds that the concreate at this location was poured only approximately six feet deep.

(g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored.

. . . .

(i)    Please see above response.  The expansion joints are otherwise in good condition, and the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

(j)    Please see above response.

. . . .

**Charlotte, North Carolina:**

(f)    The Paved Surfaces show signs of wear and spalling near and around the construction and/or expansion joints in the concrete.

(g)    The expansion joints consist of cuts in the Paved Surfaces filled with a composite material; they are not armored.

. . . .

(i)    Please see above response.  The expansion joints are otherwise in good condition.

(j)    Please see response above.

**Raleigh, North Carolina:**

(f)    The Paved Surfaces show some signs of cracking and spalling; the older, originally installed concrete shows deterioration near and around the construction and/or expansion joints.

(g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored.  The expansion joints in the older, original portions of the pavement are filled with wood strips.

. . . .

(i)    Please see response above.  The expansion joints are otherwise in good condition.

(j)    Please see response above.

. . . .

**Winston Salem, North Carolina:**

(f)    The Paved Surfaces are in generally good shape, with only an isolated spot of cracking and/or spalling.

(g)    The expansion joints consist of cuts in the concrete protected by armored plates.

. . . .

(i)    Please see above response. The expansion/construction joints in the Paved Surfaces are otherwise in good condition, with no observed problems.

-14-

NON-CERTIFIED COPY

(j)    Please see above response.

**Dallas, Texas:**

(f)    The Paved Surfaces show some signs of cracking and spalling in and around the construction and/or expansion joints.

(g)    The expansion joints consist of cuts in the concrete; they are not armored.

(i)    Please see above response. The expansion/construction joints in the Paved Surfaces are otherwise in good condition.

(j)    Please see above response.[23]

Such responses directly, specifically, and sufficiently respond to Defendants' interrogatory. Nonetheless, in response to Defendants' continued objections, H&E has also provided the following further information and clarification:

> To provide further clarification, for each of the locations referenced (Alexandria, Lake Charles, Shreveport, Raleigh, Winston-Salem, and Dallas), spalling and cracking is visible in the paved surfaces, which, based on a sensible interpretation of our written responses, includes but is not limited to at or around the joints in the concrete.

> Similarly, our responses regarding whether joints at the various branch locations contain any substance or material, we reported what materials, if any, are visible at the locations. For those locations where we did not identify a material, only a cut joint, there is no filler material visible.[24]

To be clear, H&E has not disputed its ongoing obligation – like any party's ongoing obligation – to amend and/or supplement its discovery responses if and when additional information becomes available through discovery or investigation, and it will do so. But, it cannot be compelled to provide information and responses that it does not have at a given point in time – and, frankly, which Defendants' interrogatory does not even request. Defendants are simply bent on creating a discovery dispute regardless of the content of H&E's responses. The Court should not allow such tactics, and Defendants' Motion as to Interrogatory No. 3 should be denied.

>    B.    *H&E's Responses Regarding General Aspects*
>           *of the Litigation are Appropriate and Sufficient.*

H&E's responses to Interrogatory Nos. 1, 2, and 4 of Defendants' Second Set of Interrogatories are also sufficient and appropriate. To be clear, H&E is not disputing the relevancy of what witnesses it intends to call at trial, what specific items of damages it intends to prove, and what specific facts and items of evidence support its allegations and claims in this

---

[23]    *See* Ex. "4," H&E's Amended and Supplemental Responses to Defendants' First Set of Interrogatories, dated August 24, 2015, and Ex. "7," H&E's Amended and Supplemental Responses to Defendants' First Set of Interrogatories, dated September 25, 2015.

[24]    Ex. "9," Email from L. Carlisle to P. Franco at Others, dated 10/7/15.

NON-CERTIFIED COPY

case.  Nor does H&E dispute its continuing obligation to supplement its responses to provide such information as discovery and this case progress.  Defendants completely mischaracterize H&E's objections to the extent they suggest otherwise.

However, there is a tremendous amount of discovery that remains to be done in this case, and it is entirely reasonable that H&E does not at this point know, for instance, what witnesses it will call or evidence it will introduce at trial.  It cannot be compelled to provide responses it does not yet have.  Moreover, with respect to what information is known to H&E, H&E has provided that information to Defendants and/or pointed Defendants to the specific pleadings and documents containing the information requested.

In fact, Defendants provided the *same* kinds of objections and responses to H&E's requests regarding what witnesses Defendants intend to call at trial, what evidence Defendants intend to rely on, and what specific facts support the allegations in Defendants' Answer and Reconventional Demand.  When asked why Defendants' own responses regarding such information should be deemed sufficient but H&E's similar responses insufficient, Defendants responded only that they are the defendants and, therefore, they have no obligations until H&E provides such information.[25]  Plainly, this is an absurd response (and ignores Defendants' reconventional demand); and this is not how discovery and litigation work.  As the designers of record, Defendants possess substantially *more* information regarding the design and construction of the facilities at issue than H&E does.  It is nonsensical to suggest that H&E must, for example, identify witnesses now, while Defendants do not.

According to Defendants, their own objections and responses are sufficient because they "provided the facts as [they] know them."[26]  This is precisely what H&E has done.  By Defendants' own reasoning, H&E's objections and responses are entirely appropriate at this stage of the case.

**III.    H&E Should be Awarded Its Reasonable Attorney's Fees and Costs Incurred in Connection with this Motion.**

Louisiana Code of Civil Procedure article 1469(4) provides for an award of reasonable costs, including attorney's fees, *to whichever party that prevails in connection with a Motion to Compel*, including the party opposing the motion should the motion be denied.  As discussed above, H&E's responses and objections to the discovery requests placed at issue by Defendants'

---

[25]    Ex. "9," Email from P. Franco to L. Carlisle and Others, dated 10/8/15.

[26]    Ex. "9," Email from P. Franco to L. Carlisle and Others, dated 10/8/15.

NON-CERTIFIED COPY

Motion to Compel are reasonable and valid, and H&E has made a concerted, if ultimately futile, effort to work with Defendants regarding their requests and explain its objections. The defendants' Motion to Compel is entirely misplaced, unnecessary, and even abusive. Pursuant to Article 1469(4), H&E respectfully requests that the Court award it reasonable costs and fees associated with opposing the Motion.

IV.    **Conclusion**

Once again, Defendants seek to have H&E play by rules not supported by the law and that Defendants themselves are not willing to play by. H&E has fully and properly responded to Defendants' discovery requests. For the reasons set forth above, Defendants' Motion to Compel is unsupported, inappropriate, and should be denied in its entirety. H&E further requests that the Court award it its reasonable costs and fees incurred in connection with opposing the Motion.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT SERVICES, INC.**

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 23rd day of December, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
LAURA E. CARLISLE

-17-

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB   Document 4-4   07/16/18   Page 318 of 401

H&E EQUIPMENT SERVICES, INC.          *    CASE NO. C626308, SECTION D

VERSUS                                *    19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,         *    PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III      *    STATE OF LOUISIANA    COST CK $ _____

FILED: _____             _____
                                              DEPUTY CLERK      JUL - 7 2015
                                                          DEPUTY CLERK OF COURT



### JUDGMENT

The Motion to Compel filed on behalf of defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, (collectively referenced herein as "Defendants"), seeking to compel plaintiff, H&E Equipment Services, Inc. (hereinafter "Plaintiff"), to respond to certain Interrogatories and Requests for Production of Document propounded by Defendants to Plaintiff on or about November 29, 2014, was heard on Monday, June 15, 2015, at 1:00 p.m., before the Honorable Judge Janice Clark.

              PRESENT:   Mr. Ron Sholes
                         Mr. Kellen J. Mathews
                         For Defendants

                         Ms. Anne Derbes Wittmann
                         Mr. M. David Kurtz
                         For Plaintiff

**CONSIDERING** the Stipulation entered into between Defendants and Plaintiff, read into the record, the Court accepts the Stipulation and adopts same as the Judgment of the Court. Accordingly,

**IT IS HEREBY ORDERED** that within fifteen (15) days of the referenced hearing, or by June 30, 2015, for the purpose of the discovery of electronically stored information ("ESI"), Defendants will provide to Plaintiff a list proposed search terms, as well as the identity of the custodians from whom ESI will be retrieved.

**IT IS FURTHER ORDERED** that, with regard to Defendants' Interrogatory Numbers, 2, 3, and 4, Plaintiff will identify other facilities owned and/or operated by Plaintiff with concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories upon which operations similar to those conducted at H&E Equipment Services, Inc.'s Baton Rouge and Kenner facilities, i.e. operations involving the routine traversal of heavy tracked equipment, are conducted, and Plaintiff will respond to the subparts of these interrogatories, reserving the right of Plaintiff to object to, and request relief from, the requested discovery on the ground that



Page 1 of 2

NO ADKI 869041 v1
3919213-000024  06/18/2015

EXHIBIT

NON-CERTIFIED COPY

NON-CERTIFIED COPY

Case 3:18-cv-00090-BAJ-RLB   Document 4-4   07/16/18   Page 320 of 401

responding to Interrogatory Numbers, 2, 3(e); 3(l); 3(m); 3(n); 3(o) and 4, is too burdensome.

IT IS FURTHER ORDERED that, with regard to Defendants' Interrogatory Number 5, Plaintiff's response will be limited to identifying other facilities owned and/or operated by Plaintiff, with facilities other than concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories whereupon similar operations involving the routine traversal of heavy tracked equipment are conducted.  Defendants reserve the right to seek responses to the remainder of Interrogatory Number 5 and all subparts thereto.

IT IS FURTHER ORDERED that, with regard to the remaining discovery requests that formed the basis for Defendants' Motion to Compel, Plaintiff has indicated that materials responsive to these requests, to the extent Plaintiff has any, will be produced and as such Defendants' Motion to Compel is DENIED as premature.

THUS DONE AND SIGNED in Baton Rouge, Louisiana, this ___ day of June, 2015.

_____
HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

Approved as to form:

_____
Ron Sholes/Kellen J. Mathews
ADAMS AND REESE
4500 One Shell Square
New Orleans, LA  70139
Telephone: (225) 922-5110
*Attorneys for Defendants*

_____
Anne Derbes Wittmann/M. David Kurtz
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
Telephone:  (504) 566-5200
*Attorneys for Plaintiff*

I hereby certify that on this day a notice of the above judgement was mailed by me, with sufficient postage affixed, to: Wittmann, Kurtis, Mathews
Done and signed on  7-13-15

_____
Deputy Clerk of Court

CERTIFIED TRUE AND
CORRECT COPY

JUL 13 2015

_____
East Baton Rouge Parish
Deputy Clerk of Court

Page 2 of 2

NO ADK1 869041 v1
2919213-800024 06/18/2015

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | STATE OF LOUISIANA |
| ARCHITECTURE, P.C., URS | * | |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

## FIRST SET OF INTERROGATORIES

TO:   H&E Equipment Services
      Through its Attorneys of Record
      Roy C. Cheatwood
      Anne Derbes Wittmann
      M. David Kurtz
      Matthew C. Juneau
      Baker Donelson Bearman Caldwell & Berkowitz
      201 St. Charles Avenue, Suite 3600
      New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), by their attorneys, Adams and Reese LLP, propound the following

Interrogatories to Plaintiff, H&E Equipment Services, Inc. ("Plaintiff"), to be answered

fully, separately, in writing, and under oath, and to be answered within the delays

allowed by law, pursuant to the Louisiana Code of Civil Procedure.  Pursuant to the

rules of this Court, you are hereby requested to answer the following Interrogatories

and return them to the law offices of Philip A. Franco, Adams and Reese 4500 One Shell

Square, New Orleans, Louisiana  70139 within fifteen (15) days of service, and to attach

the requested documents at that time.

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the terms "you," "your," or "yourself" refers to H&E
Equipment Services, including without limitation, all present and/or former
agents, representative, and attorneys, and each person acting or purporting to act
on their behalf.

EXHIBIT
2

NON-CERTIFIED COPY

2.    As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.    As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.    The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced. Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind. The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.    If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability. If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.    If any information requested herein is claimed to be privileged or otherwise protected from discovery, Plaintiff is requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:
    a.    its author;
    b.    the date of its creation;
    c.    the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
    d.    its general nature and subject matter;
    e.    its present location and custodian; and
    f.    the basis upon which it is claimed to be privileged or otherwise protected from discovery.

7.    "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

NON-CERTIFIED COPY

8.      "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

9.      "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

10.     "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

11.     "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be attached to your answer.

12.     "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

13.     "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

14.     Each request is addressed to the personal knowledge of Plaintiff, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

15.     Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief. Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

16.     The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

NON-CERTIFIED COPY

17. The following rules of construction apply to all discovery requests:

   (a)    All/Each. The terms "all" and "each" shall be construed as all and each.

   (b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   (c)    Number. The use of the singular form of any word includes the plural and vice versa.

## INTERRROGATORIES

**INTERROGATORY NO. 1:** Please Describe the types of tracked equipment, that have been operated, loaded, unloaded, stored or parked on the concrete paved surfaces (hereinafter "Paved Surfaces") of the H&E sites or locations in Baton Rouge and Kenner.

**INTERROGATORY NO. 2:** Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge and Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

**INTERROGATORY NO. 3:** With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

   (a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

   (b)    the date when the Paved Surface was first installed at each respective location;

   (c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

   (d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

   (e)    the cost of construction of the Paved Surfaces at each respective location;

   (f)    the status and condition of the Paved Surfaces at each respective location;

   (g)    the types of expansion/construction joints existing in these Paved Surfaces;

   (h)    whether any of the expansion/construction joints have reinforced or armored joints, and if so, Describe such reinforcement or armor applicable at each location or site;

   (i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

NON-CERTIFIED COPY

(j) any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k) any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l) any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m) the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Services, including the expansion/construction joints in the same;

(n) the results of any such repairs, replacements or maintenance;

(o) the cost of any such repairs, replacements or maintenance.

**INTERROGATORY NO. 4:** Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to conduct these repairs, replacements or maintenance.

**INTERROGATORY NO. 5:** Please Identify any and all locations or sites that have been owned or leased by H&E on which the types of tracked equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete( hereinafter "Unpaved Surfaces") , and for each such location please Identify:

(a) the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b) the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c) the reasons this surface was used instead of a Paved Surface;

(d) the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e) any maintenance program applicable to these Unpaved Surfaces;

(f) any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g) the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h) the results of such repairs, replacements or maintenance; and

(i) the cost of any such repairs, replacements or maintenance.

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB    Document 4-4    Dec 23 2015 04:05pm    Page 326 of 401

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III

NON-CERTIFIED COPY

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the above and foregoing has been served

upon all counsel of record via United States mail, properly addressed, and first class

postage prepaid and via email, this the 17th day of April, 2015.

_____
Kellen J. Mathews

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
|---|---|---|
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |
| FILED:_____ | | _____ |
| | | DEPUTY CLERK |

## SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following supplemental responses to the First Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1.      These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation.  Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.      H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.      H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.      All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.      H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

-1-

NO LEC 377041 v1
2919213-000924



NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.    H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.    H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.    H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 2:

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

### RESPONSE TO INTERROGATORY NO. 2:

H&E objects to Interrogatory No. 2 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, H&E responds that it has identified its Lake Charles/Sulphur, Louisiana facility as the only other facility that has concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories where operations similar to those conducted at H&E's Baton Rouge and Kenner facilities, *i.e.* operations involving the routine traversal of heavy

-2-

NON-CERTIFIED COPY

tracked equipment, are conducted. H&E is still investigating this matter and reserves the right to amend and/or supplement this response.

**INTERROGATORY NO. 3:**

  With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

   (a) the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

   (b) the date when the Paved Surface was first installed at each respective location;

   (c) the entity or person(s) who designed the Paved Surfaces at each respective location;

   (d) the entity or person(s) who constructed the Paved Surfaces at each respective location;

   (e) the cost of construction of the Paved Surfaces at each respective location;

   (f) the status and condition of the Paved Surfaces at each respective location;

   (g) the types of expansion/construction joints existing in these Paved Surfaces;

   (h) whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

   (i) the status and condition of the expansion/construction joints in these Paved Surfaces;

   (j) any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

   (k) any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

   (l) any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

   (m) the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

NO LEC 877841 v1
2919213-000024

NON-CERTIFIED COPY

(n)    the results of any such repairs, replacements or maintenance;

(o)    the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 3:**

H&E objects to Interrogatory No. 3 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and the General Objections, H&E responds with the following information regarding its Lake Charles/Sulphur, Louisiana facility:

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on these Paved Surfaces.

(b)    The Paved Surface was installed in or around January 2014; tracked equipment was operated, loaded, unloaded, stored, and/or parked on the Paved Surface starting in or around June 2014.

(c)    Gary Babineaux designed the Paved Surface.

(d)    Gary Babineaux constructed the Paved Surface.

(e)    The cost of construction for the Paved Surface was approximately $1.3 million.

(f)    The Paved Surface is in good condition, with no observed cracks or spalling.

(g)    The Paved Surface is supported by expansion joints with keways reinforced by rebar every 24 inches, with footings under each expansion joint.

(h)    Please see above response.

(i)    The expansion joints in the Paved Surface are in good condition, with no observed problems.

(j)    There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to these Paved Surfaces.

(m)    Please see above response.

-4-

NON-CERTIFIED COPY

(n)   Please see above response.

(o)   Please see above response.

**INTERROGATORY NO. 4:**

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 4:**

Please see supplemental response and objections to Interrogatory No. 2 above.

**INTERROGATORY NO. 5:**

Please Identify any and all locations or sites that have been owned or leased by H&E, on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)   the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)   the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c)   the reasons this surface was used instead of a Paved Surface;

(d)   the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e)   any maintenance program applicable to these Unpaved Surfaces;

(f)   any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g)   the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h)   the results of any such repairs, replacements or maintenance; and

(i)   the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 5:**

H&E objects to Interrogatory No. 5, including subparts (a) – (i), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of

-5-

NON-CERTIFIED COPY

Case 3:18-cv-00090-BAJ-RLB    Document 4-4    07/16/18    Page 333 of 401

admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, the following other facilities are owned and/or operated by H&E and have surfaces other than concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories whereupon similar operations involving the routine traversal of heavy tracked equipment are conducted:

1.    Little Rock, Arkansas

2.    Springdale, Arkansas

3.    Shreveport, Louisiana

4.    Nashville, Tennessee

5.    Ashland, Virginia

6.    Norfolk, Virginia

7.    Roanoke, Virginia

8.    Warrenton, Virginia

H&E is still investigating this matter and reserves the right to amend and/or supplement this response.

NO LEC 877841 v1
2919213-000024

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN**
**CALDWELL & BERKOWITZ, PC**

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT**
**SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 31st day of July, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
LAURA E. CARLISLE

NO LEC 877841 v1
2919213-000024

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.     *   CASE NO. C626308, SECTION D

VERSUS    *   19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,   *   PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III   *   STATE OF LOUISIANA

FILED: _____    _____
                    **DEPUTY CLERK**

### AMENDED AND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following amended and supplemental responses to the First Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1.    These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.    H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.    H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.    All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.    H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

-1-

NO LEC 882669 v1
2919213-000024

EXHIBIT
4


NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.      H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.      H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.      H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## INTERROGATORIES

### INTERROGATORY NO. 2:

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

### RESPONSE TO INTERROGATORY NO. 2:

H&E objects to Interrogatory No. 2 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, H&E responds that it has identified the following facilities has having concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories where operations similar to those conducted at H&E's Baton Rouge and Kenner facilities, *i.e.* operations involving the routine traversal of heavy tracked equipment, are conducted:

-2-

NON-CERTIFIED COPY

1.    Alexandria, Louisiana

2.    Lake Charles/Sulphur, Louisiana

3.    Shreveport, Louisiana

4.    Charlotte, North Carolina

5.    Raleigh, North Carolina

6.    Winston Salem, North Carolina

7.    Dallas, Texas

**INTERROGATORY NO. 3:**

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

(h)    whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)    any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)    any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

-3-

NO LEC 883699 v1
2949213-000024

NON-CERTIFIED COPY

(l)  any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)  the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)  the results of any such repairs, replacements or maintenance;

(o)  the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 3:

H&E objects to Interrogatory No. 3 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and the General Objections, H&E responds with the following information regarding the facilities identified in response to Interrogatory No. 2:

### Alexandria, Louisiana:

(a)  Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on Paved Surfaces, which account for approximately 80% of the equipment yard and/or aprons at the facility.

(b)  The Paved Surfaces were installed in or around September 2008.

(c)  VNV Builders

(d)  Progressive Construction
     705 McKeithen Drive
     Alexandria, Louisiana 71303
     (318) 473-9522

(e)  Unknown.

(f)  The Paved Surfaces are in generally good condition, except for some edges that are broken due to the Paved Surfaces not meeting up perfectly with adjacent limestone.

(g)  The Paved Surfaces are supported by expansion joints consisting of a rubber-type material.

(h)  None visible.

(i)  The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)  There have been no observed problems or deficiencies noted with regard to the expansion/construction joints.

(k)  There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)  There have been no repairs, replacements or maintenance made with

NON-CERTIFIED COPY

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

**Lake Charles/Sulphur, Louisiana**

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces.

(b)    The Paved Surfaces were installed in or around January 2014; tracked equipment was operated, loaded, unloaded, stored, and/or parked on the Paved Surfaces starting in or around June 2014.

(c)    Gary Babineaux.

(d)    Gary Babineaux.

(e)    The cost of construction for the Paved Surfaces was approximately $1.3 million.

(f)    The Paved Surfaces are in good condition, with no observed cracks or spalling.

(g)    The Paved Surfaces are supported by expansion joints with keways reinforced by rebar every 24 inches, with footings under each expansion joint.

(h)    Please see above response.

(i)    The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)    There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in the Paved Surfaces.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

**Shreveport, Louisiana**

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces, which make up a portion of the equipment yard and apron at this facility. The facility also has limestone, rock, and soil cement surfaces.

(b)    Unknown as to Paved Surfaces generally, but likely 1985; approximately 411 square feet of Paved Surface on the apron was resurfaced approximately three years ago.

-5-

NON-CERTIFIED COPY

(c)    Unknown.

(d)    Unknown.

(e)    Unknown; approximately $57,700 for the replacement of approximately 411 square feet of Paved Surface on apron three years ago.

(f)    The Paved Surfaces show some wear.

(g)    Unknown.

(h)    None visible.

(i)    The expansion joints in the Paved Surfaces are generally in fair condition; the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

(j)    The expansion/construction joints in the Paved Surfaces show signs of moderate wear and tear.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces other than the replacement of approximately 411 square feet on the apron approximately three years ago.

(m)    Please see above responses.

(n)    Please see above responses.

(o)    Please see above responses.

### Charlotte, North Carolina

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces.

(b)    Unknown; the primary building structures at the facility are eleven years old.

(c)    Unknown.

(d)    Unknown

(e)    Unknown.

(f)    The Paved Surfaces show signs of wear and deterioration in some areas.

(g)    Unknown.

(h)    None visible.

(i)    Unknown.

(j)    Unknown.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

-6-

NON-CERTIFIED COPY

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

### Raleigh, North Carolina

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces.

(b)    Date of original construction unknown; additional Paved Surfaces totally approximately 31,120 square feet constructed within the last six months.

(c)    Unknown as to original construction; as to more recent addition of Paved Surfaces, H&E Facilities Group.

(d)    Unknown as to original construction; as to more recent addition of Paved Surfaces:

Ruston Paving
3874 S. Alston Avenue #101
Durham, North Carolina 27713
(919) 544-1288

(e)    Unknown as to original construction; as to more recent addition of Paved Surfaces, approximately $233,550.00 for approximately 31,120 square feet.

(f)    The Paved Surfaces originally installed are showing some wear and spalling at the joints; the more recently added Paved Surfaces are in good shape.

(g)    Unknown.

(h)    None visible.

(i)    Please see response above.

(j)    Please see response above.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

-7-

NON-CERTIFIED COPY

**Winston Salem, North Carolina**

(a) Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces, which account for approximately 95% of the equipment yard and/or apron at the facility.

(b) Unknown.

(c) Unknown.

(d) Unknown

(e) Unknown.

(f) The Paved Surfaces are in good shape, with no signs of wear, cracking, or spalling.

(g) Unknown.

(h) None visible.

(i) The expansion/construction joints in the Paved Surfaces are in good shape, with no observed problems.

(j) Please see above response.

(k) There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l) There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m) Please see above response.

(n) Please see above response.

(o) Please see above response.

**Dallas, Texas**

(a) Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces, which constitute 95-98% of the equipment yard and apron at the facility.

(b) The Paved Surfaces were installed in or around late 2007; tracked equipment was operated, loaded, unloaded, stored, and/or parked on the Paved Surfaces starting in or around May 2008.

(c) Weir & Associates
701 Highlander Blvd. #300
Arlington, Texas 76015
(817) 467-7700

(d) Schwob Building Company
2349 Glenda Lane
Dallas, Texas 75229
(972) 243-7674

(e) Unknown; total cost of construction for the facility was $2.8 million.

-8-

NO LEC 882699 v1
2919213-000024

NON-CERTIFIED COPY

(f)   The Paved Surfaces show signs of cracking in various areas.

(g)   The Paved Surfaces consist of fifteen square foot panels with expansion joints on all sides.

(h)   None visible.

(i)   The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)   There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in the Paved Surfaces.

(k)   There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)   There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.  But, the facility is currently seeking bids for the repair and/or replacement of approximately ten to fifteen of the concrete panels.

(m)   Please see above response.

(n)   Please see above response.

(o)   Please see above response.

**INTERROGATORY NO. 4:**

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 4:**

Please see supplemental responses and objections to Interrogatory No. 2 above.

**INTERROGATORY NO. 5:**

Please Identify any and all locations or sites that have been owned or leased by H&E, on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)   the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)   the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c)   the reasons this surface was used instead of a Paved Surface;

-9-

NON-CERTIFIED COPY

(d)   the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e)   any maintenance program applicable to these Unpaved Surfaces;

(f)   any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g)   the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h)   the results of any such repairs, replacements or maintenance; and

(i)   the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 5:**

H&E objects to Interrogatory No. 5, including subparts (a) – (i), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, the following other facilities are owned and/or operated by H&E and have surfaces other than concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories whereupon similar operations involving the routine traversal of heavy tracked equipment are conducted:

1.   Little Rock, Arkansas

2.   Springdale, Arkansas

3.   Nashville, Tennessee

4.   Ashland, Virginia

5.   Norfolk, Virginia

6.   Roanoke, Virginia

7.   Warrenton, Virginia

NO LEC 882609 v1
291521I-000024

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 24th day of August, 2015, the foregoing was

served on all known counsel of record who have appeared in this matter by facsimile and/or

electronic mail and by placing same in the United States mail, in a properly addressed envelope,

with first-class postage prepaid.

_____
LAURA E. CARLISLE

-11-

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | * CASE NO. C626308, SECTION D |
| VERSUS | * 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * PARISH OF EAST BATON ROUGE |
| | * STATE OF LOUISIANA |
| FILED:_____ | _____ |
| | DEPUTY CLERK |

### SUPPLEMENTAL RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following supplemental response to the First Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1.    These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.    H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.    H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.    All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.    H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

-1-

NO LEC 884078 v1
2919213-000024


EXHIBIT
5

NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.      H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.      H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.      H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:


## INTERROGATORIES

## INTERROGATORY NO. 3:

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

-2-

NO LEC 884078 v1
29192113-000024

NON-CERTIFIED COPY

(h)   whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)   the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)   any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)   any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)   any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)   the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)   the results of any such repairs, replacements or maintenance;

(o)   the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 3:

H&E supplements its previous responses to Interrogatory No. 3 as follows:

### Lake Charles/Sulphur, Louisiana

(a)   Gary Babineaux
2600 W.P.A. Road
Sulphur, Louisiana 700663
337-274-1898

(b)   Gary Babineaux
Please see above.

NO LEC 884078 v1
2919213-000024

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB    Document 4-4    07/16/18    Page 349 of 401

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 27th day of August, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
LAURA E. CARLISLE

-4-

NON-CERTIFIED COPY

Received
Dec. 23. 2015 04:16pm
Case 3:18-cv-00090-BAJ-RLB     Document 4-4     07/16/18   Page 350 of 401
23/12/2015 15:46.21 CST              15045856904  From: Shelley Tannehill

---

## Carlisle, Laura

| | |
|---|---|
| **From:** | Kellen Mathews <Kellen.Mathews@arlaw.com> |
| **Sent:** | Friday, September 11, 2015 2:30 PM |
| **To:** | Kurtz, Dave; Carlisle, Laura |
| **Cc:** | Phil Franco |
| **Subject:** | H&E v URS- Discovery Conference follow-up |

Dave and Laura:

Thanks for participating in the discovery conference on Wednesday. Just wanted to confirm what you all agreed to at that time.

- You agreed to provide supplemental responses in two weeks, which would be by **September 23rd** ;
- The supplements discussed were as follows:
  - **Condition of the concrete and joints:** We noted Shreveport in particular as one where we need more information as to what "moderate wear and tear" means as used in H&E's response to Interrogatory 3(j) for Shreveport; specifically we need to know in detail the condition of the concrete and joints, including but not limited to whether they are experiencing spalling. The same goes for any others where the response was "unknown."
  - **Construction of joints:** For all locations we need to know about what materials were used at these joints and whether these are the same or different as the concrete used in the paved surfaces throughout. Additionally, we need to know what fill material was used at the joints for each location.
  - **Gaps in Knowledge:** Any areas where the General Manager indicated unknown we would expect that you will continue to seek information in accordance with your duty to supplement.

Please let us know if you have any questions.

Best,
Kellen

**Kellen J. Mathews**
Adams and Reese LLP
450 Laurel, Suite 1900
Baton Rouge, LA 70801
Office: (225) 336-5200
Direct: (225) 378-3243
Fax:    (225) 336-5220
kellen.mathews@arlaw.com
www.adamsandreese.com



**Kellen Mathews**
Associate

450 Laurel Street, Suite 1900 | Baton Rouge, LA 70801
**main** 225.336.5200 | **direct** 225.378.3243 | **mobile** 337.513.9344

1

**EXHIBIT**

6

NON-CERTIFIED COPY

Case 3:18-cv-00090-BAJ-RLB    Document 4-4    07/18/18    Page 351 of 401
Received                Dec 23 2015 04:17pm
23/12/2015 15:46:21 CST                15045856904  From: Shelley Tannehill

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | * | **CASE NO. C626308, SECTION D** |
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| **URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III** | * | **PARISH OF EAST BATON ROUGE** |
| | * | **STATE OF LOUISIANA** |

**FILED:**_____      _____
                                          **DEPUTY CLERK**

### AMENDED AND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following further amended and supplemental responses to the First Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1.    These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.    H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.    H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.    All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.    H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

-1-

**EXHIBIT**

**7**

NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.     H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.     H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.     H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

## INTERROGATORIES

## INTERROGATORY NO. 3:

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

-2-

NO LEC 884078 v1
2919213-000024

NON-CERTIFIED COPY

Received    Dec 23 2015 04:18pm
Case 3:18-cv-00890-BAJ-RLB    Document 4-4    07/10/18    Page 353 of 401
23/12/2015 15:46:21 CST    15045856904 From: Shelley Tannehill

(h)    whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site;

(i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)    any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)    any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)    any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)    the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)    the results of any such repairs, replacements or maintenance;

(o)    the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 3:

H&E amends and supplements its previous responses to Interrogatory No. 3 as follows:

### Alexandria, Louisiana:

(c)    V and V Builders LLC
1223 MacArthur Drive
Alexandria, Louisiana 71303
(318) 473-8344

(f)    The Paved Surfaces show signs of cracking and spalling in some areas.

(g)    The expansion joints consist of cuts in the Paved Surfaces filled with a rubber-like material; they are not armored.

(h)    Please see above response.

(i)    Please see above response.  The expansion joints are otherwise in good condition.

(j)    Please see above response.

-3-

NON-CERTIFIED COPY

Case 3:18-cv-00090-BAJ-RLB    Document 4-4    07/16/18  Page 354 of 401

**Lake Charles/Sulphur, Louisiana:**

(g)    The expansion joints consist of cuts in the concrete; they are not armored.

**Shreveport, Louisiana**

(f)    The Paved Surfaces show signs of cracking and spalling.  H&E further responds that the concrete at this location was poured approximately six feet deep.

(g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored.

(h)    Please see above response.

(i)    Please see above response.  The expansion joints are otherwise in good condition, and the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

(j)    Please see above response.

**Charlotte, North Carolina**

(f)    The Paved Surfaces show signs of wear and spalling near and around the construction and/or expansion joints in the concrete.

(g)    The expansion joints consist of cuts in the Paved Surfaces filled with a composite material; they are not armored.

(h)    Please see above response.

(i)    Please see above response.  The expansion joints are otherwise in good condition.

(j)    Please see above response.

**Raleigh, North Carolina:**

(f)    The Paved Surfaces show some signs of cracking and spalling; the older, originally installed concrete shows deterioration near and around the construction and/or expansion joints.

(g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored.  The expansion joints in the older, original portions of the pavement are filled with wood strips.

(h)    Please see response above.

(i)    Please see response above.  The expansion joints are otherwise in good condition.

(j)    Please see response above.

-4-

NON-CERTIFIED COPY

**Winston Salem, North Carolina:**

(f) The Paved Surfaces are in generally good shape, with only an isolated spot of cracking and/or spalling.

(g) The expansion joints consist of cuts in the concrete protected by armored plates.

(h) Please see above response.

(i) Please see above response. The expansion/construction joints in the Paved Surfaces are otherwise in good condition, with no observed problems.

(j) Please see above response.

**Dallas, Texas**

(f) The Paved Surfaces show some signs of cracking and spalling in and around the construction and/or expansion joints.

(g) The expansion joints consist of cuts in the Paved Surfaces; they are not armored.

(h) Please see above response.

(i) Please see above response. The expansion joints in the Paved Surfaces are otherwise in good condition.

(j) Please see above response.

Respectfully submitted,

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

-5-

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 25th day of September, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

LAURA E. CARLISLE

-6-

NO LEC 884078 v1
3919213-000024

NON-CERTIFIED COPY

## Carlisle, Laura

| | |
|---|---|
| **From:** | Phil Franco <Phil.Franco@arlaw.com> |
| **Sent:** | Thursday, October 01, 2015 3:04 PM |
| **To:** | Kurtz, Dave; Carlisle, Laura |
| **Cc:** | Kellen Mathews |
| **Subject:** | H & E amended and supplemental responses to first set of interrogatories |

Dave, and

On or about September 26, 2015, we received the amended and supplemental responses to our first set of interrogatories. Some of the answers are still ambiguous and therefore we ask for a discovery conference next week. We are available currently any time Monday Tuesday or Wednesday. Please let me know what is a convenient time for you. Regards,

Phil



**Phil Franco**
Partner
Admitted in Louisiana, Texas, and the District of Columbia



701 Poydras Street, Suite 4500 | New Orleans, LA 70139
**main** 504.581.3234 | **direct** 504.585.0291 | **mobile** 504.914.8837
**efax** 504.553.9780 | **fax** 504.566.0210

phil.franco@arlaw.com

website bio vCard map

EXHIBIT
8

NON-CERTIFIED COPY

Case 3:18-cv-00990-BAJ-RLB    Document 4-4    Dec 23 2015 04:20pm  Page 358 of 401

## Carlisle, Laura

| | |
|---|---|
| **From:** | Carlisle, Laura |
| **Sent:** | Monday, October 12, 2015 7:29 PM |
| **To:** | Phil Franco |
| **Cc:** | Wittmann, Anne; Kurtz, Dave; Kellen Mathews; Ron Sholes |
| **Subject:** | RE: discovery conference |

Phil,

We provided full, meaningful responses to your requests based on the facts as we know them. That is all we can do. If additional information becomes available or our knowledge of the facts changes, we will of course provide supplemental responses, as we have done thus far. Likewise, we have diligently and in good faith complied with the compromise reached by the parties in connection with H&E's other facilities and the Court's Judgment reflecting same. If you nonetheless feel compelled to burden the Court with another Motion to Compel, I cannot stop you.

Regarding trial witnesses, we requested similar information from URS almost a year ago, and you objected that such requests were premature because discovery was ongoing. It is unclear why you believe H&E should now be held to a different set of rules than URS on this issue. Discovery is still very much ongoing, no depositions have been taken, and the Court has not issued a scheduling order of any kind. Asking H&E to identify at this time what persons it intends to rely on at trial is simply premature. To be clear, however, we have not refused to identify our trial witnesses – of course we will identify our witnesses and their anticipated testimony in advance of trial and according to whatever orders the Court issues. But, again, if you feel compelled to burden the Court with a Motion to Compel on something more clearly appropriate for after the close of discovery and/or the issuance of a scheduling order, I cannot stop you from doing so.

Thanks,
Laura

**Laura E. Carlisle**
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Office: 504.566.5200
Direct: 504.566.8643
Facsimile: 504.585.6943
E-mail: lcarlisle@bakerdonelson.com
www.bakerdonelson.com

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For®" for Six Years in a Row!**

| | |
|---|---|
| **From:** | Phil Franco [mailto:Phil.Franco@arlaw.com] |
| **Sent:** | Thursday, October 08, 2015 10:24 AM |
| **To:** | Carlisle, Laura |
| **Cc:** | Wittmann, Anne; Kurtz, Dave; Kellen Mathews; Ron Sholes |
| **Subject:** | RE: discovery conference |

Laura,

1

**EXHIBIT**
**9**

NON-CERTIFIED COPY

Unfortunately your response is still ambiguous and mischaracterizes our position. With respect to H & E's responses to our first set of interrogatories, we asked that you simply be clear and direct in responding whether there is spalling at the "expansion" joints at each location. Even in your email below, you conspicuously omit which joints are experiencing spalling. Once again, we ask you to confirm clearly and unambiguously whether the "expansion" joints are experiencing spalling at the respective locations.

Likewise your email conspicuously omits whether it is the " expansion" joints that are void of material. Once again, we ask you to confirm clearly and unambiguously whether it is the "expansion" joints at the appropriate locations that have no visible filler.

With respect to interrogatories 1, 2, and 4 of our 2nd set of interrogatories, we are entitled to receive not only a complete list of witnesses you anticipate to testify, but more importantly what each witness is expected to testify to so that we can determine how to defend and who to depose. H & E has filed this suit almost 2 years ago and it is nonsensical that H and E pretends it does not know what witnesses it needs to prove its case and doesn't know its damages. Even more disturbing is H & E's position that it is premature for it to know how it advised URS of deficiencies in the past and how it advised URS in the past of problems with past invoices. We again ask that you provide us with the information requested.

Finally, you have unfortunately mischaracterized our responses to your 2nd set of interrogatories. We did not refuse to answer interrogatories 18, 19, and 20 based on prematurity. We provided the facts as we know them. For interrogatories 24 and 25, we advised that, as a defendant, we do not know what witnesses we may need or exhibits that we may need until we can evaluate what witnesses and exhibits H & E will use to try to prove its case. Consequently we ask again that you provide the information that has been requested.

If you do not provide more clear and unambiguous responses as requested by Monday, we will have no choice but to file a motion to compel and seek attorney fees. Regards,

Phil

---

**From:** Carlisle, Laura [mailto:LCarlisle@bakerdonelson.com]
**Sent:** Wednesday, October 07, 2015 7:11 PM
**To:** Phil Franco
**Cc:** Wittmann, Anne; Kurtz, Dave; Kellen Mathews
**Subject:** RE: discovery conference

Phil,

Our responses to your email below are as follows, per your numbering:

**Regarding our supplemental and amended interrogatory responses to URS's First Set of Interrogatories:**

**1-6** (your numbering):  To clarify, I stated that we would review our responses and what information we used to draft those responses and follow up, letting you know whether we could provide the more specific information you asked for yesterday or whether we stand by our responses as provided.  We stand by the responses provided.

To provide further clarification, for each of the locations referenced (Alexandria, Lake Charles, Shreveport, Raleigh, Winston-Salem, and Dallas), spalling and cracking is visible in the paved surfaces, which, based on a sensible interpretation of our written responses, includes but is not limited to at or around the joints in the concrete.

NON-CERTIFIED COPY

Unfortunately your response is still ambiguous and mischaracterizes our position. With respect to H & E's responses to our first set of interrogatories, we asked that you simply be clear and direct in responding whether there is spalling at the "expansion" joints at each location. Even in your email below, you conspicuously omit which joints are experiencing spalling. Once again, we ask you to confirm clearly and unambiguously whether the "expansion" joints are experiencing spalling at the respective locations.

Likewise your email conspicuously omits whether it is the " expansion" joints that are void of material. Once again, we ask you to confirm clearly and unambiguously whether it is the "expansion" joints at the appropriate locations that have no visible filler.

With respect to interrogatories 1, 2, and 4 of our 2nd set of interrogatories, we are entitled to receive not only a complete list of witnesses you anticipate to testify, but more importantly what each witness is expected to testify to so that we can determine how to defend and who to depose. H & E has filed this suit almost 2 years ago and it is nonsensical that H and E pretends it does not know what witnesses it needs to prove its case and doesn't know its damages. Even more disturbing is H & E's position that it is premature for it to know how it advised URS of deficiencies in the past and how it advised URS in the past of problems with past invoices. We again ask that you provide us with the information requested.

Finally, you have unfortunately mischaracterized our responses to your 2nd set of interrogatories. We did not refuse to answer interrogatories 18, 19, and 20 based on prematurity. We provided the facts as we know them. For interrogatories 24 and 25, we advised that, as a defendant, we do not know what witnesses we may need or exhibits that we may need until we can evaluate what witnesses and exhibits H & E will use to try to prove its case. Consequently we ask again that you provide the information that has been requested.

If you do not provide more clear and unambiguous responses as requested by Monday, we will have no choice but to file a motion to compel and seek attorney fees. Regards,

Phil

---

**From:** Carlisle, Laura [mailto:LCarlisle@bakerdonelson.com]
**Sent:** Wednesday, October 07, 2015 7:11 PM
**To:** Phil Franco
**Cc:** Wittmann, Anne; Kurtz, Dave; Kellen Mathews
**Subject:** RE: discovery conference

Phil,

Our responses to your email below are as follows, per your numbering:

**Regarding our supplemental and amended interrogatory responses to URS's First Set of Interrogatories:**

**1-6** (your numbering): To clarify, I stated that we would review our responses and what information we used to draft those responses and follow up, letting you know whether we could provide the more specific information you asked for yesterday or whether we stand by our responses as provided. We stand by the responses provided.

To provide further clarification, for each of the locations referenced (Alexandria, Lake Charles, Shreveport, Raleigh, Winston-Salem, and Dallas), spalling and cracking is visible in the paved surfaces, which, based on a sensible interpretation of our written responses, includes but is not limited to at or around the joints in the concrete.

2

NON-CERTIFIED COPY

Similarly, our responses regarding whether joints at the various branch locations contain any substance or material, we reported what materials, if any, are visible at the locations. For those locations where we did not identify a material, only a cut joint, there is no filler material visible.

Generally, further responding to Interrogatory No. 3, I would refer you also to H&E's business records, including photographs, that will be produced according to our agreement concerning H&E's responses to your Second Set of Requests for Production.

**Regarding our responses to your Second Set of Requests for Production:**

Confirmed. We will produce what responsive, non-privileged documents we have by October 27, 2015.

**Regarding our responses to your Second Set of Interrogatories:**

**Interrogatories 1, 2, and 4:** We maintain our objection to these interrogatories insofar as they are premature and discovery is nowhere near complete in this matter. But, subject to that objection, we have referred you to specific pleadings and submissions that set forth what we do know at this time regarding damages, URS's negligent acts and omissions, and H&E's satisfaction of its own contractual obligations. We stand by this response.

As for witnesses to be called at trial, we maintain our objection based on prematurity. Like URS, we have not yet identified what witnesses we will call at the trial of this matter. To be clear, however, we are not "refusing" to identify witnesses as you suggested yesterday: we will identify our witnesses according to the scheduling order(s) entered by the Court. Moreover, we have identified the primary persons having knowledge of the facts at issue in this litigation per the parties' agreed-upon ESI protocol. If you would like us to identify additional persons having such knowledge, but who may not be appropriate to include in the ESI searches, please propound an interrogatory asking for same.

**Interrogatory No. 3:** We maintain our objection based on prematurity, and we will identify expert witnesses in accordance with the scheduling order(s) entered by the Court. Subject to that objection, we have not yet identified any expert witnesses in connection with this matter.

**Regarding URS's responses to our Second Set of Interrogatories, propounded in November 2014, per your numbering:**

**Interrogatory No. 18:** As I understood, you stand by your written response and objections, including your objection that the interrogatory is premature insofar as discovery is ongoing.

**Interrogatory No. 19:** You provided some clarification, but as I understood, you stand by your written response and objections, including your objection that the interrogatory is premature insofar as discovery is ongoing.

**Interrogatory No. 20:** Confirmed. I also understood that you stand by your written response and objections, including your objection that the interrogatory is premature insofar as discovery is ongoing.

**Interrogatory No. 21:** You indicated that your subsequently provided discovery objections and responses control. As for your response that the requested information "has been requested and will be provided upon receipt," you stated that you went to URS and URS told you that the requested information was too burdensome, and you consider "what [URS] does at other facilities" irrelevant to the standard of care.

NON-CERTIFIED COPY

**Interrogatories No. 24-25:** As I understood, you stand by your written responses and objections, including your objection that the interrogatories are premature insofar as discovery is ongoing.

Please let me know if your recollection is different from the above.

Thanks,
Laura

**Laura E. Carlisle**
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Office: 504.566.5200
Direct:  504.566.8643
Facsimile: 504.585.6943
E-mail:  lcarlisle@bakerdonelson.com
www.bakerdonelson.com

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For®" for Six Years in a Row!**

---

**From:** Phil Franco [mailto:Phil.Franco@arlaw.com]
**Sent:** Tuesday, October 06, 2015 3:50 PM
**To:** Carlisle, Laura
**Cc:** Kellen Mathews; Ron Sholes
**Subject:** discovery conference

Laura,

This is to confirm the discovery conference we had today by telephone. With respect to H & E's amended and supplemental responses to interrogatory number 3 of our first set of interrogatories:

1) Alexandria location – you will respond whether there is spalling at the expansion joints (those joints that are cut to the bottom of the pavement)

2) Lake Charles location – you will respond whether the expansion joints are void of any material

3) Shreveport location – you will respond as to whether the expansion joints are void of any materials and whether there is any spalling at the expansion joints

4) Raleigh location – you will respond whether there is any spalling at the expansion joints

5) Winston location – you will respond whether there is any spalling at or near the armored expansion joints, that is, including at the edge of the armored plates

6) Dallas location – you will respond whether the expansion joints are void of any material

4

NON-CERTIFIED COPY

With respect to H and E's answers to our 2nd set of requests for production of documents, you will respond within 3 weeks of whether or not H and E has possession custody or control of all the documents requested and will produce all such unprivileged documents.

With respect to H and E's response to our 2nd set of interrogatories you have maintained your objection to numbers 1,2 and 4 on the basis that such requests are premature. You have confirmed that you have no experts at this time in response to interrogatory number 3.

With respect to our answers to your 2nd set of interrogatories:

1) with respect to interrogatory 18 we have explained the factual basis of our allegation

2) with respect to interrogatory 19 we have further explained that H and E's activities in loading and unloading metal tracked heavy equipment is the normal wear with regard to the surfaces at issue

3) with respect to interrogatory number 20, we are not aware at this time of any other's actions or fault that have caused H&D's alleged damages

4) with respect to interrogatory number 21 we maintain our objection on the same basis as previously advised in a prior discovery conference, that is, that the request is overly broad and irrelevant. In addition, as we previously advised, what we do at other facilities does not set the standard of care

5) With respect to interrogatory numbers 24 and 25, we advised that until we know the details of your alleged deficiencies, acts, and omissions as well as alleged damages we do not know who we will need or use as witnesses or exhibits.

If any of the above is not accurate, then please explain in writing. Regards,

Phil



**Phil Franco**
Partner
Admitted in Louisiana, Texas, and the District of Columbia

701 Poydras Street, Suite 4500 | New Orleans, LA 70139
**main** 504.581.3234 | **direct** 504.585.0291 | **mobile** 504.914.8837
**efax** 504.553.9780 | **fax** 504.566.0210

phil.franco@arlaw.com

website bio vCard map

---

**From:** Carlisle, Laura [mailto:LCarlisle@bakerdonelson.com]
**Sent:** Tuesday, October 06, 2015 2:00 PM
**To:** Phil Franco; Kellen Mathews
**Subject:** Can we push back to 2:30?

**Laura E. Carlisle**
Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

5

NON-CERTIFIED COPY

Office: 504.566.5200
Direct: 504.566.8643
Facsimile: 504.585.6943
E-mail: lcarlisle@bakerdonelson.com
www.bakerdonelson.com

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For®" for Six Years in a Row!**

---

Under requirements imposed by the IRS, we inform you that, if any advice concerning one or more U.S. federal tax issues is contained in this communication (including in any attachments and, if this communication is by email, then in any part of the same series of emails), such advice was not intended or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

NON-CERTIFIED COPY

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | *   CASE NO. C626308, SECTION D |
| VERSUS | *   19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | *   PARISH OF EAST BATON ROUGE |
| | *   STATE OF LOUISIANA |
| FILED:_____ | |

_____
DEPUTY CLERK

### RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following responses to the Second Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1.    These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.    H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.    H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.    All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.    H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

-1-

NO LEC 892023 v1
2919213-000024



NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.     H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.     H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.     H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:


## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify, as defined above, itemize and describe in detail each and every deficiency, negligent act and omission on the part of Defendants that you allege or claim in this proceeding and identify, as defined above, each witness who is expected to testify with respect to each and every and every deficiency, negligent act and omission.

### RESPONSE TO INTERROGATORY NO. 1:

H&E objects to Interrogatory No. 1 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter. Subject to these objections, with respect to the Defendants' negligent acts, omissions, and design deficiencies, please see H&E's previous filings, including without limitation, the Petition for Damages and H&E's Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand. Additional information regarding Defendants' deficient design work and negligent acts and omissions is also reflected in business records that will be

-2-

NON-CERTIFIED COPY

produced according to the ESI protocol agreed upon by the parties.   H&E further responds that the full extent of Defendants' negligent acts and omissions will be developed and articulated through expert testimony.  H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

## INTERROGATORY NO. 2:

Please identify as defined above, itemize and quantify in detail each and every element of damage or remedy that you allege you have suffered or claim in this proceeding and identify, as defined above, each witness who is expected to testify with respect to each and every element of damages itemized and quantified.

## RESPONSE TO INTERROGATORY NO. 2:

H&E objects to Interrogatory No. 2 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this matter.  Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.  H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter.  Subject to these objections, with respect to the damages suffered as a result of Defendants' negligent acts, omissions, and design deficiencies, please see H&E's previous filings, including without limitation, the Petition for Damages and H&E's Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand.  H&E further responds that the full extent of its damages will be developed and articulated through expert testimony.  H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

## INTERROGATORY NO. 3:

Please identify each and every witness you intend to call or qualify as an expert witness at the trial of this matter, and state for each such witness:

a)    the area of expertise in which the expert is expected to be qualified;

b)    the subject matter on which each such witness is expected to testify;

c)    a complete statement of all opinions to be expressed and the basis and reasons therefore;

d)    the data or other information considered by the witness in forming the opinion;

-3-

NO LEC 892023 v1
2919213-000024

NON-CERTIFIED COPY

e)    a description of any exhibits to be used as a summary of or support for the
opinion;

f)    the qualifications of the witness including a set of all publications authored by the
witness within the preceding 10 years;

g)    the compensation to be paid for the study and testimony of the witness; and

h)    a listing of any other cases in which the witness has testified as an expert at trial
or arbitration or by deposition within the preceding 4 years.

## RESPONSE TO INTERROGATORY NO. 3:

H&E objects to Interrogatory No. 3 as premature insofar as discovery is ongoing and
H&E has yet to determine and identify who it may call as an expert witness at trial or hearing in
this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation
as to the testimony of others and to the extent that the Interrogatory seeks information protected
by the attorney-client privilege and/or work product doctrine. H&E will identify its expert
witnesses and provide appropriate information regarding those witnesses in accordance with the
scheduling order(s) entered by the Court in this matter. H&E reserves its right to amend and/or
supplement this response as its investigation and discovery are ongoing.

## INTERROGATORY NO. 4:

With respect to your allegation in Paragraph 17 of the Petition for Damages herein that
"all conditions precedent to the enforcement of the agreement between H&E and URS have been
satisfied," please identify:

a)    with respect to invoices received from URS, each notice to URS of any disputed
amount, the date of each such notice, the reasons given for objection to payment,
the document through which such notice was sent, and each witness who is
expected to testify to such facts at trial; and

b)    each and every notice given by H&E to URS of each and every suspected
deficiency in the service provided by URS, the date of each such notice, the
document through which such notice was given, and each witness who is
expected to testify to such facts at trial.

## RESPONSE TO INTERROGATORY NO. 4:

H&E objects to Interrogatory No. 4 as premature insofar as discovery is ongoing and
H&E has yet to determine each and every witness that it may call at trial or hearing in this

-4-

NO LEC 892033 v1
2919213-000024

NON-CERTIFIED COPY

matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter. Subject to these objections, with respect to notices provided to Defendants' regarding various design deficiencies and Defendants' negligent acts and omissions, please see H&E's previous filings and documents entered into the record in this matter, including without limitation, H&E's Motion to Compel and attached exhibits. H&E further refers Defendants to communications and documents regarding complained-of deficiencies included in H&E's production of documents and to be produced according to the ESI protocol agreed upon by the parties. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

Respectfully submitted,

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

BY: *Laura E. Carlisle*

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 2nd day of October, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

*Laura E. Carlisle*
LAURA E. CARLISLE

-5-

NO LEC 892023 v1
2919213-000024

NON-CERTIFIED COPY

Case 3:18-cv-00090-BAJ-RLB    Document 4-4    Dec 23 2015 04:26pm    07/16/18    Page 370 of 401

H&E EQUIPMENT SERVICES        *    SUIT NO. 626,308    DIV.: D

                              *    19TH JUDICIAL DISTRICT COURT

VERSUS                        *
                              *    PARISH OF EAST BATON ROUGE
                              *
URS CORPORATION               *    STATE OF LOUISIANA
ARCHITECTURE, P.C., URS
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS E. RYAN,
III

---

### DEFENDANTS' ANSWERS TO SECOND SET OF INTERROGATORIES OF H&E EQUIPMENT SERVICES, INC.

TO:    H&E Equipment Services, Inc.
       Through its Counsel of Record
       Roy C. Cheatwood
       Baker Donelson Bearman Caldwell & Berkowitz
       201 St. Charles Avenue, Suite 3600
       New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), answer the Second Set of Interrogatories of Plaintiff as follows:

### GENERAL OBJECTIONS

1.    Defendants object to the Interrogatories to the extent they seek disclosure of
      information protected from discovery by the attorney-client privilege, the work
      product doctrine, or otherwise protected as confidential or privileged by any
      other applicable privilege or exemption.

2.    Defendants object to the Interrogatories to the extent that they are overly broad,
      unduly burdensome, seek documents which are not described with reasonable
      particularity and seek information that is not relevant to the subject matter
      involved in the pending action and are not reasonably calculated to lead to the
      discovery of admissible evidence.

3.    Defendants object to the Interrogatories to the extent that they purport to require
      searches of files and the production of documents in the possession or at the
      control of another party.



EXHIBIT
11

NON-CERTIFIED COPY

4.  Defendants object to the Interrogatories to the extent that they seek information not reasonably available to Defendants or that is obtainable by Plaintiff from some other source that is more convenient, less burdensome, or less expensive; or seeks to impose unreasonable and oppressive obligations to compile and present information in a form and manner other than that in which it is customarily prepared or maintained.

5.  Defendants object to the Interrogatories to the extent that that may be construed to seek personal or proprietary information.

6.  Defendants object to the Interrogatories to the extent that they purport to impose definitions that differ from normal English usage.

7.  By responding to an Interrogatory with a defined term, Defendants are not by implication agreeing with any such definition.

8.  Defendants' responses are made without in any way waiving the right to object, on grounds of competency, relevancy, materiality, privilege, admissibility, or any other ground, to the use of its responses or produced documents in any proceeding in this action or any other action.

9.  Defendants object to the Interrogatories to the extent they seek information outside the scope of permissible discovery.

10. Defendants object to the Interrogatories to the extent they seek irrelevant information the production of which would needlessly increase the costs of this litigation.

11. These general objections shall be deemed continuing to each discovery request and are not waived, nor in any way limited, by the following responses:

12. In addition to the general objections of Defendants, Defendants object on the grounds that Plaintiff has served more than thirty-five interrogatories and Plaintiff has failed to seek leave to serve additional interrogatories, requiring a contradictory hearing and good cause shown for why the additional interrogatories are necessary. La. Code Civ. Proc. Art. 1457(B).

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify each person answering or assisting in answering these Interrogatories and the Requests for Production of Documents served contemporaneously herewith.

NON-CERTIFIED COPY

**ANSWER TO INTERROGATORY NO. 1:**

1. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

2. Debra Sanders
   Vice President/Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70808
   (225) 922-5700

3. Philip A. Franco
   Adams and Reese LLP
   4500 One Shell Square
   New Orleans, LA 70139
   (504) 581-3234

4. Kellen J. Mathews
   Adams and Reese LLP
   450 Laurel St., Suite 1900
   Baton Rouge, LA 70801
   (225)336-5200

**INTERROGATORY NO. 2:**

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's new headquarters and dealership facility in Baton Rouge, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation and/or bidding on the project and/or negotiation of services to be provided by URS and the fees to be paid to URS.

**ANSWER TO INTERROGATORY NO. 2:**

1. Craig Gardner
   1728 Great Oak Dr.
   Baton Rouge, Louisiana 70810
   (225)766-7219

2. Mark Howard
   18723 Manchac
   Prairieville, Louisiana 70769
   (225)673-2368

3

NON-CERTIFIED COPY

3. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

4. Cody Lewis
   9415 Magnolia Crossing
   Central, Louisiana  70739
   (985)768-0460

5. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

6. Neal Johnson
   2328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

7. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may

be derived or ascertained in large part from URS's business records, including

electronically stored information or from an examination, audit, or inspection of these

business records, including a compilation, abstract, or summary based thereon, and the

burden of deriving or ascertaining the answer will be substantially the same for

Defendants as it would be for Plaintiff.  Accordingly, pursuant to La. Code Civ. Proc.

art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

## INTERROGATORY NO. 3:

Please identify all persons involved in and/or having knowledge related to any
discussions, communications, and/or correspondence between URS and H&E regarding
H&E's intended use and/or specific needs for its headquarters and dealership facility in
Baton Rouge, Louisiana.

NON-CERTIFIED COPY

**ANSWER TO INTERROGATORY NO. 3:**

1. Mark Howard
   18723 Manchac
   Prairieville, Louisiana  70769
   (225)673-2368

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana  70737
   (225)405-6046

3. Thomas Van Hattum
   Vice President/ Facilities Practice Leader
   URS Corporation
   3950 Sparks Drive SE
   Grand Rapids, MI 49546
   (616) 574-8500

4. Ryan Archer
   4 East Fulton Street, Suite 200
   Grand Rapids, MI 49503
   (616)456-9944

5. John Jones
   Vice President- Corporate Services
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

6. Brad Reese
   Senior Project Manager
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

7. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

8. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

5

NON-CERTIFIED COPY

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

### INTERROGATORY NO. 4:

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2006, including any amendments or expansions thereof.

### ANSWER TO INTERROGATORY NO. 4:

See Answer to Interrogatory No.2, *supra*. Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

### INTERROGATORY NO. 5:

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the construction of H&E's facility in Kenner, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid by URS.

6

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 5:</u>

    1.  Neal Johnson
        2328 Lake Sherwood Ave.
        Baton Rouge, Louisiana 70816
        (225)293-5506

    2.  Chad Herndon
        514 East Oak Haven St.
        Gonzales, Louisiana 70737
        (225)405-6046

    3.  Cody Lewis
        9415 Magnolia Crossing
        Central, Louisiana 70739
        (985)768-0460

    4.  Debra Sanders
        Vice President/ Baton Rouge Office Manager
        URS Corporation
        7389 Florida Blvd., Ste. 300
        Baton Rouge, Louisiana 70808
        (225) 922-5700

    5.  Craig Gardner
        1728 Great Oak Dr.
        Baton Rouge, Louisiana 70810
        (225)766-7219

    6.  Leonard St. Germain
        Vice President-Operations
        H&E Equipment Services
        7500 Pecue Lane
        Baton Rouge, Louisiana 70809
        (225) 298-5223

    7.  Frankie Wynn
        H&E Equipment Services
        7500 Pecue Lane
        Baton Rouge, Louisiana 70809
        (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for

NON-CERTIFIED COPY

Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 6:**

Please identify all persons involved in and/or having knowledge related to any discussions, communications, and/or correspondence between URS and H&E regarding H&E's intended use and/or specific needs for its facility in Kenner, Louisiana.

**ANSWER TO INTERROGATORY NO. 6:**

1.  Chad Herndon
    514 East Oak Haven St.
    Gonzales, Louisiana  70737
    (225)405-6046

2.  Neal Johnson
    12328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

3.  Leonard St. Germain
    Vice President-Operations
    H&E Equipment Services
    7500 Pecue Lane
    Baton Rouge, Louisiana 70809
    (225) 298-5223

4.  Frankie Wynn
    H&E Equipment Services
    7500 Pecue Lane
    Baton Rouge, Louisiana 70809
    (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may

be derived or ascertained in large part from URS's business records, including

electronically stored information or from an examination, audit, or inspection of these

business records, including a compilation, abstract, or summary based thereon, and the

burden of deriving or ascertaining the answer will be substantially the same for

Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

NON-CERTIFIED COPY

### INTERROGATORY NO. 7:

Please identify all persons involved in and/or having knowledge of the negotiation and execution of the Agreement for Professional Services executed by the parties in or about August 2009, including any amendments or expansions thereof.

### ANSWER TO INTERROGATORY NO. 7:

1. Neal Johnson
   2328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Chad Herndon
   514 East Oak Haven St.
   Gonzales, Louisiana 70737
   (225)405-6046

3. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70808
   (225) 922-5700

4. Craig Gardner
   1728 Great Oak Dr.
   Baton Rouge, Louisiana 70810
   (225)766-7219

5. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

6. Frankie Wynn
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for

NON-CERTIFIED COPY

Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>**INTERROGATORY NO. 8:**</u>

Please identify all persons involved in and/or having knowledge related to the formation of any contract(s) between H&E and URS for the performance of professional design and construction administration services in connection with the renovation and relocation of H&E's crane manufacturing facility in Belle Chasse, Louisiana, including, without limitation, all persons involved in and/or having knowledge related to URS' solicitation of and/or bidding on the project and/or the negotiation of services to be provided by URS and the fees to be paid by URS.

<u>**ANSWER TO INTERROGATORY NO. 8:**</u>

1. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

3. Lee Vampran
   Project Administrator
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

4. Leonard St. Germain
   Vice President-Operations
   H&E Equipment Services
   7500 Pecue Lane
   Baton Rouge, Louisiana 70809
   (225) 298-5223

Additionally, Defendants submit that further answers to this interrogatory may

be derived or ascertained in large part from URS's business records, including

electronically stored information or from an examination, audit, or inspection of these

business records, including a compilation, abstract, or summary based thereon, and the

burden of deriving or ascertaining the answer will be substantially the same for

10

NON-CERTIFIED COPY

Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 9:</u>

Please identify all persons involved in and/or having knowledge regarding the administration of the construction contracts executed in connection with H&E's Baton Rouge, Louisiana headquarters and dealership facility; H&E's Kenner, Louisiana, and/or H&E's Belle Chasse, Louisiana facility.

<u>ANSWER TO INTERROGATORY NO. 9:</u>

1. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

3. Kim Nunez
   11731 D Morganhill Ct.
   Baton Rouge, Louisiana  70818

Additionally, Defendants submit that further answers to this interrogatory may

be derived or ascertained in large part from URS's business records, including

electronically stored information or from an examination, audit, or inspection of these

business records, including a compilation, abstract, or summary based thereon, and the

burden of deriving or ascertaining the answer will be substantially the same for

Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art.

1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 10:</u>

Please identify all communications and correspondence between you and any contractor or potential contractor regarding the installation of concrete at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities, whether during actual construction, pre-construction, post-construction, or during the contract bidding process; and for each such communication or correspondence, please specify: the name of the contractor, the date and medium of the communication or correspondence, the

11

NON-CERTIFIED COPY

nature or subject matter of the communication or correspondence, including who said what, and the outcome of the communication or correspondence.

**ANSWER TO INTERROGATORY NO. 10:**

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 11:**

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana, and/or Kenner, Louisiana facilities, and for each such communication or correspondence, please specify: the date and medium of the communication and correspondence, the specific individuals who were party to the communication or correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

**ANSWER TO INTERROGATORY NO. 11:**

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

**INTERROGATORY NO. 12:**

Please identify all persons involved in and/or having knowledge related to any complaints, discussions, or communications regarding spalling and/or deterioration of the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities.

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 12:</u>

1. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

2. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

3. Vincent Provenza
   Senior Vice President
   URS Corporation
   3500 N. Causeway Blvd., Suite 900
   Metairie, Louisiana 70002
   (504) 837-6326

4. Tim Gaines
   1140 Fairwinds Ave.
   Zachary, Louisiana  70791
   (225)247-9499

5. Bruce Adams
   URS Corporation
   3500 N. Causeway Blvd., Suite 900
   Metairie, Louisiana 70002
   (504) 837-6326

6. Alan Cohen
   7320 N. MoPac, Suite 211
   Austin, TX 78731
   (512)346-5558

7. Scott Hillman
   Group Counsel
   URS Corporation
   9400 Amberglen Blvd.
   Austin, Texas  78729
   (512) 419-6373

8. Brad Reese
   Senior Project Manager
   MAPP Construction
   601 Poydras St., Ste. 1715
   New Orleans, Louisiana
   (504) 833-6277

NON-CERTIFIED COPY

9. Bruce Lelong
    3500 N. Causeway Blvd., Suite 900
    Metairie, Louisiana 70002
    (504) 837-6326

10. Debra Sanders
    Vice President/Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70808
    (225) 922-5700

**INTERROGATORY NO. 13:**

Please identify all persons involved in and/or having knowledge regarding URS' decision not to repair or pay for repairs to the concrete lots at H&E's Baton Rouge, Louisiana and/or Kenner, Louisiana facilities as a result of spalling and/or other concrete deterioration.

**ANSWER TO INTERROGATORY NO. 13:**

1. Debra Sanders
    Vice President/ Baton Rouge Office Manager
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70808
    (225) 922-5700

2. Vincent Provenza
    Senior Vice President
    3500 N. Causeway Blvd., Suite 900
    Metairie, Louisiana 70002
    (504) 837-6326

3. Alan Cohen
    7320 N. MoPac, Suite 211
    Austin, TX 78731
    (512)346-5558

4. Neal Johnson
    12328 Lake Sherwood Ave.
    Baton Rouge, Louisiana 70816
    (225)293-5506

5. Thomas Ryan
    Senior Architect
    URS Corporation
    7389 Florida Blvd., Ste. 300
    Baton Rouge, Louisiana 70806
    (225) 922-5700

14

NON-CERTIFIED COPY

## INTERROGATORY NO. 14:

Please identify the name and employer of the "civil engineering consultant" identified the Neal Johnson's March 18, 2013 email correspondence to Frankie Wynn, to whom Mr. Johnson purportedly forwarded a CPR in connection with H&E's Kenner, Louisiana project.

## ANSWER TO INTERROGATORY NO. 14:

    Tim Gaines
    1140 Fairwinds Ave.
    Zachary, Louisiana  70791
    (225)247-9499

## INTERROGATORY NO. 15:

Please identify all persons involved in the certification of and/or having knowledge regarding the substantial completion of H&E's Baton Rouge, Louisiana facility and/or Kenner, Louisiana facility, including without limitation the submission and resolution of any punch list items.

## ANSWER TO INTERROGATORY NO. 15:

1. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

2. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

Defendants submit that further answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

15

NON-CERTIFIED COPY

### INTERROGATORY NO. 16:

Please identify all persons present at any walk-thrus or inspections conducted at H&E's Baton Rouge, Louisiana facility site and/or Kenner, Louisiana facility site in response to or in connection with concerns or issues regarding the concrete lots at the facilities.

### ANSWER TO INTERROGATORY NO. 16:

1. Debra Sanders
   Vice President/ Baton Rouge Office Manager
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana  70808
   (225) 922-5700

2. Alan Cohen
   7320 N. MoPac, Suite 211
   Austin, TX 78731
   (512)346-5558

3. Neal Johnson
   12328 Lake Sherwood Ave.
   Baton Rouge, Louisiana 70816
   (225)293-5506

4. Thomas Ryan
   Senior Architect
   URS Corporation
   7389 Florida Blvd., Ste. 300
   Baton Rouge, Louisiana 70806
   (225) 922-5700

5. Tim Gaines
   1140 Fairwinds Ave.
   Zachary, Louisiana  70791
   (225)247-9499

6. John Schexnayder
   4908 Legend Dr.
   Baton Rouge, Louisiana  70817
   (225)910-1736

7. Murray McCullough
   11328 Pennywood Ave.
   Baton Rouge, Louisiana 70809
   (225)368-2475

Defendants submit that further answers to this interrogatory may be derived or

ascertained in large part from URS's business records, including electronically stored

information or from an examination, audit, or inspection of these business records,

16

NON-CERTIFIED COPY

including a compilation, abstract, or summary based thereon, and the burden of

deriving or ascertaining the answer will be substantially the same for Defendants as it

would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees

to permit H&E to examine audit, or inspect such records.

### INTERROGATORY NO. 17:

Please identify all communications and correspondence between you and H&E and/or any third party regarding any observed problems or deficiencies in the design and/or construction of H&E's Baton Rouge, Louisiana facility; Kenner, Louisiana facility; and/or Belle Chasse, Louisiana facility, and for each such communication or correspondence, please specify: the date and medium of the communication and correspondence, the specific individuals who were party to the communications or correspondence, the subject matter and nature of the communication or correspondence, including who said what, and the outcome of the correspondence or communication.

### ANSWER TO INTERROGATORY NO. 17:

Defendants submit that answers to this interrogatory may be derived or ascertained in

large part from URS's business records, including electronically stored information or

from an examination, audit, or inspection of these business records, including a

compilation, abstract, or summary based thereon, and the burden of deriving or

ascertaining the answer will be substantially the same for Defendants as it would be for

H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit

H&E to examine audit, or inspect such records.

### INTERROGATORY NO. 18:

Please identify and fully explain the factual basis of your allegation that H&E failed to maintain the properties and/or improvements at issue in this litigation, as alleged in the Twelfth Defense of your Answer, Affirmative Defenses and Reconventional Demand on Behalf of All Defendants.

### ANSWER TO INTERROGATORY NO. 18:

OBJECTION. Defendants object to Interrogatory No. 18 as premature as discovery in

this matter is ongoing and others who may be at fault for H&E's alleged damages have

yet to be identified. Subject to this objection and without waiving the same, Defendants

contend that H&E's failure to keep the joints in the Paved Surfaces free and clear of

NON-CERTIFIED COPY

debris, mud, gravel, etc. causing and greatly contributing to the conditions complained

of by H&E.    Defendants reserve the right to supplement their answer to this

Interrogatory as discovery progresses.

<u>INTERROGATORY NO. 19:</u>

Please identify and fully explain the factual basis of your allegation that the damages alleged in this litigation were caused by "normal wear with regard to the surfaces at issue herein," as alleged in the Twelfth Defense of your Answer, Affirmative Defenses and Reconventional Demand on Behalf of All Defendants.

<u>ANSWER TO INTERROGATORY NO. 19:</u>

<u>OBJECTION.</u>  Defendants object to Interrogatory No. 19 as premature as discovery in

this matter is ongoing and others who may be at fault for H&E's alleged damages have

yet to be identified. Subject to this objection and without waiving the same, Defendants

contend that H&E's activities on the Paved Surfaces have caused the damages that H&E

alleges in this litigation. Defendants reserve the right to supplement their answer to this

Interrogatory as discovery progresses.

<u>INTERROGATORY NO. 20:</u>

Please identify all "others" whose actions or fault caused H&E's alleged damages in this litigation, as alleged in the Thirteenth Defense of your Answer, Affirmative Defenses and Reconventional Demand on Behalf of All Defendants.

<u>ANSWER TO INTERROGATORY NO. 20:</u>

<u>OBJECTION.</u>  Defendants object to Interrogatory No. 20 as premature as discovery in

this matter is ongoing and others who may be at fault for H&E's alleged damages have

yet to be identified. Subject to this objection and without waiving the same, Defendants

contend that H&E is at fault in causing the damage by virtue of its lack of maintenance

and care of the Paved Surfaces.  Defendants reserve the right to supplement their

answer to this Interrogatory as discovery progresses.

<u>INTERROGATORY NO. 21:</u>

Please identify by customer and address all other facilities constructed for use as yards for the storage and/or maintenance of tracked construction equipment for which you have provided professional design and/or contract administration services.

18

NON-CERTIFIED COPY

<u>ANSWER TO INTERROGATORY NO. 21:</u>

<u>OBJECTION</u>. Defendants object to Interrogatory No. 21 as vague and overbroad and seeking irrelevant information, where the Interrogatory does not differentiate between paved and unpaved yards for the storage and/or maintenance of tracked construction equipment and is further not limited to any branch or division of URS, a global company. Further answering and without waiving any objection, relative to paved yards for to the storage and/or maintenance of tracked construction equipment, this information has been requested and will be provided upon receipt.

<u>INTERROGATORY NO. 22:</u>

Please identify the date(s) of any discovery hold communication(s) issued in connection with this matter.

<u>ANSWER TO INTERROGATORY NO. 22:</u>

A litigation hold was issued on September, 2013 and remains in place at the present.

<u>INTERROGATORY NO. 23:</u>

To the extent not encompassed by the requests above, please identify by name, position or title, address and phone number each person who has or may have knowledge regarding the events and allegations at issue in this litigation, and provide for each such person a brief description of his or her testimony.

<u>ANSWER TO INTERROGATORY NO. 23:</u>

Defendants submit that answers to this interrogatory may be derived or ascertained in large part from URS's business records, including electronically stored information or from an examination, audit, or inspection of these business records, including a compilation, abstract, or summary based thereon, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for H&E. Accordingly, pursuant to La. Code Civ. Proc. art. 1460, URS agrees to permit H&E to examine audit, or inspect such records.

<u>INTERROGATORY NO. 24:</u>

Please identify each document, communication, and/or exhibit you intend to offer at the trial of this matter.

19

NON-CERTIFIED COPY

## ANSWER TO INTERROGATORY NO. 24:

**OBJECTION.** Defendants object to Interrogatory No. 24 as premature as discovery is ongoing and Defendants have yet to determine each and every witness that they may call at any trial or hearing in this matter. Defendants further object to the extent that the Interrogatory requires information as to the mental impressions and work-product of Defendants' attorneys.

## INTERROGATORY NO. 25:

Please identify each person who may or will offer testimony on your behalf at the trial of this matter as a fact or expert witness, and provide for each such person a description of his or her anticipated testimony.

## ANSWER TO INTERROGATORY NO. 25:

**OBJECTION.** Defendants object to Interrogatory No. 25 as premature as discovery is ongoing and Defendants have yet to determine each and every witness that they may call at any trial or hearing in this matter. Additionally, Defendants object to this Interrogatory to the extent that it calls for speculation as to the testimony of others. Defendants further object to the extent that the Interrogatory calls for speculation as to the testimony of others and to the extent that the Interrogatory requires information as to the mental impressions and work-product of Defendants' attorneys.

The foregoing Responses are based upon the information that Defendants currently have in their possession and Defendants reserve the right to supplement or amend their Responses as additional information becomes available. Additionally, Responses to Plaintiff's Interrogatories in no way represent waivers of any privileges that might be applicable.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE LLP

Philip A. Franco (La. Bar #5819), T.A.
Kellen Matthews (La Bar #31860)
4500 One Shell Square
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210

COUNSEL FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE,
P.C.; URS CORPORATION; L.
O'NEAL RYAN AND THOMAS E.
RYAN, III

21

NON-CERTIFIED COPY

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served

upon all counsel of record via e-mail and/or United States Mail, postage prepaid and

properly addressed, this _10_ day of December, 2014.

_____

Kellen J. Mathews

22

NON-CERTIFIED COPY

EBR CLERK OF COURT     Fax 2253993392          Dec 23 2015 04:47pm P001/001



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

## FAX RECEIPT

NUMBER C626308 Division D                    Date:   23-DEC-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:     LAURA E CARLISLE
        BAKER DONELSON BEARMAN
        201 ST CHARLES ST STE 3600
        NEW ORLEANS LA 70170

Item(s) Received: **OPPOSITION**

Total Amount Due (includes all applicable fees below) $ 454.00

The Clerk of Court's office has received, by facsimile transmission dated <u>12-23-15</u>, documents in the above referenced case. In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

<u>NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.</u>

<u>SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.</u>

<u>IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.</u>

---

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 ~ LTR / FAX RECT



NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.          *    CASE NO. C 626,308 SECTION D

VERSUS                                *    19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,    *    PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III   *    STATE OF LOUISIANA

FILED:_____    COST OK $ 454"

                                 **DEPUTY CLERK**

                                   DEC 3 0 2015

                                  DEPUTY CLERK OF COURT

## OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

H&E Equipment Services, Inc. ("H&E") respectfully files this memorandum in opposition to the Motion to Compel Discovery Responses (the "Motion") filed on November 2, 2015, by URS Corporation Architecture, P.C., URS Corporation, L O'Neal Johnson, and Thomas E. Ryan, III (collectively, "Defendants").

Defendants' Motion to Compel pertains to: (1) Defendants' interrogatories regarding the condition of the construction/expansion joints at other H&E facilities, to which H&E has already fully responded; and (2) Defendants' interrogatories regarding general aspects of H&E's claims and litigation strategy, including witnesses it intends to rely on at trial, elements of its damages, and evidence supporting H&E's allegations in this case, all of which is premature and/or seeks information protected under the work product doctrine.

In fact, Defendants' Motion is merely the latest in a series of discovery motions related to information of, at best, questionable relevance.  Discovery relating to other H&E facilities, for example, is hardly well-calculated to shed light on the question actually at issue: Did Defendants breach their contractual and professional obligations to H&E, thereby damaging H&E's Baton Rouge, Kenner, and Belle Chasse facilities?  Nevertheless, H&E has diligently and sufficiently responded to Defendants' ever-changing and increasingly demanding requests regarding other H&E facilities, and its objections and written responses to Defendants' interrogatories regarding H&E's general litigation strategy and claims in this matter are entirely appropriate and sufficient. Defendants' Motion should be denied in its entirety, and H&E respectfully requests that it be awarded its reasonable attorneys' fees and costs incurred in defending against the Motion.

REC'D C.P.
JAN 05 2016

### I.    Relevant Background

As set forth previously, this suit stems from damages suffered by H&E as a result of deficient designs and specifications prepared by Defendants for the construction and renovation of H&E facilities in Baton Rouge, Kenner, and Belle Chasse, Louisiana between 2006 and 2013.



FAX COPY FILED    12/23/15
ORIGINAL FILED    12/30/15

REC'D C.P.
DEC 3 0 2015

NON-CERTIFIED COPY

To date, the parties have exchanged written discovery responses and objections, but they are only in the early stages of exchanging electronically stored documents and information ("ESI"), which constitutes the overwhelming bulk of the documents and discoverable information in this case. There have been no depositions, and there has been no scheduling order entered by the Court or any deadlines set.

> A.    **Defendants' Ever-Changing Requests Regarding Other H&E Facilities, and H&E's Diligent Efforts in Responding.**

H&E has consistently maintained and continues to maintain its objections to the relevance and over-burdensome nature of Defendants' First Set of Interrogatories regarding other H&E facilities that are not at issue in this litigation. Nonetheless, on June 15, 2015, in the spirit of compromise and cooperation, H&E agreed to provide limited information regarding other H&E's facilities with concrete paved surfaces and operations similar to those conducted at its Baton Rouge and Kenner facilities, *i.e.* operations involving the routine traversal of heavy tracked equipment. The Court's Judgment dated July 9, 2015,[1] was the result of that compromise.

> 1.    The Interrogatories at Issue

Defendants' First Set of Interrogatories included the following interrogatory, containing fifteen subparts:

**INTERROGATORY NO. 3:**

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

---

[1]    A copy of the Court's Judgment, dated 7/9/15, is attached as Exhibit "1."

-2-

NON-CERTIFIED COPY

(h)     whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site;

(i)     the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)     any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)     any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l)     any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)    the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)     the results of any such repairs, replacements or maintenance;

(o)     the cost of any such repairs, replacements or maintenance.[2]

As of the date of Defendants' Motion to Compel, H&E had identified the following facilities in response to Interrogatory No. 2: Alexandria, Louisiana; Lake Charles/Sulphur, Louisiana; Shreveport, Louisiana; Charlotte, North Carolina; Raleigh, North Carolina; Winston Salem, North Carolina; and Dallas, Texas.[3]

>        2.     H&E's Diligent Efforts to Respond
>               and Sufficient Responses

H&E properly objected to the relevance and burden associated with tracking down all of this information regarding facilities that are not at issue. Following the compromise reached between the parties on June 15, 2015, however, undersigned counsel reached out to H&E real estate personnel and the branch managers for each of the multiple facilities addressed by Defendants' interrogatories and requested that they provide information in response to Defendants' interrogatories. Based on their responses, on July 31, 2015,[4] August 24, 2015,[5] and

---

[2]     *See* Defendants' First Set of Interrogatories, attached as Exhibit "2." The Motion is limited to subparts (g), (i), and (j). *See* Defendants' Memorandum in Support of Motion to Compel, pp. 10-11.

[3]     Based on recently obtained information, H&E is in the process of amending and supplementing its list of facilities meeting the criteria of Interrogatory No. 2. Subsequent to Defendants' filing of their Motion to Compel, H&E determined that its Corpus Christi, Texas; Baltimore, Maryland; and New Orleans, Louisiana facilities (all of which are newer facilities) should be included in the list of facilities having concrete surfaces and similar operations. H&E is in the process of collecting the information for these facilities responsive to Interrogatory No. 3 and will supplement its written discovery responses accordingly.

[4]     *See* H&E's Supplemental Responses to Defendants' First Set of Interrogatories, dated 7/31/15, attached as Exhibit "3."

-3-

NON-CERTIFIED COPY

August 27, 2015,[6] H&E provided written supplemental answers and what information it had in response to Defendants' First Set of Interrogatories.[7] As to Interrogatory No. 3, subparts (g), (i), and (j), H&E provided the following responses:

**Alexandria, Louisiana**

(g)     The Paved Surfaces are supported by expansion joints consisting of a rubber-type material.

. . . .

(i)     The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)     There have been no observed problems or deficiencies noted with regard to the expansion/construction joints.

. . . .

**Lake Charles/Sulphur, Louisiana**

(g)     The Paved Surfaces are supported by expansion joints with keways reinforced by rebar every 24 inches, with footings under each expansion joint.

. . . .

(i)     The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)     There have been no observed problems or deficiencies noted with regard to the expansion/construction joints.

. . . .

**Shreveport, Louisiana**

(g)     Unknown.

. . . .

(i)     The expansion joints in the Paved Surfaces are generally in fair condition; the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

(j)     The expansion/construction joints in the Paved Surfaces show signs of moderate wear and tear.

. . . .

**Charlotte, North Carolina**

(g)     Unknown.

. . . .

---

[5]     *See* H&E's Amended and Supplemental Responses to Defendants' First Set of Interrogatories, dated 8/24/15, attached as Exhibit "4."

[6]     *See* H&E's Supplemental Response to Defendants' First Set of Interrogatories, dated 8/27/15, attached as Exhibit "5."

[7]     The branches at issue are scattered throughout the southeastern United States, and their managers are not particularly familiar with this litigation or the claims and allegations at issue. Nor are they familiar with the specific problems experienced at the Baton Rouge and Kenner facilities. Understandably, there has been much back and forth regarding Defendants' Interrogatories and the specific information requested – a process made more burdensome by Defendants' changing demands. With each additional clarification and/or additional item of information learned, however, H&E has supplemented and/or amended its responses accordingly.

NON-CERTIFIED COPY

(i)    Unknown.

(j)    Unknown.

. . . .

**Raleigh, North Carolina**

(f)    The Paved Surfaces originally installed are showing some wear and spalling at the joints; the more recently added Paved Surfaces are in good shape.

(g)    Unknown.

(h)    None visible.

(i)    Please see response above.

(j)    Please see response above.

. . . .

**Winston Salem, North Carolina**

(g)    Unknown.

(h)    None visible.

(i)    The expansion/construction joints in the Paved Surfaces are in good shape, with no observed problems.

(j)    Please see above response.

. . . .

**Dallas, Texas**

(g)    The Paved Surfaces consist of fifteen square foot panels with expansion joints on all sides.

. . . .

(i)    The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)    There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in the Paved Surfaces.[8]

For each response, H&E included the following General Objection:

These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.[9]

Unsatisfied with these responses and H&E's continuing pledge to update and supplement

its responses as it obtained and learned additional information, Defendants demanded a

discovery conference. The parties participated in a conference on September 9, 2015, during

---

[8]    *See* Ex. "4," H&E's Amended and Supplemental Responses to Defendants' First Set of Interrogatories, dated 8/24/15.

[9]    *See id.* at p. 1.

-5-

NON-CERTIFIED COPY

which Defendants clarified and asked for more detailed information. While H&E maintained the sufficiency of its responses, it nonetheless, again in the spirit of cooperation, agreed to *further* supplement and/or amend its responses in the short term to respond to Defendants' more detailed requests.[10] More specifically, relevant to Interrogatory No. 3, subparts (g), (i), and (j), Defendants requested the following supplemental information:

> o **Condition of the concrete and joints:** We noted Shreveport in particular as one where we need more information as to what "moderate wear and tear" means as used in H&E's response to Interrogatory 3(j) for Shreveport; specifically we need to know in detail the condition of the concrete and joints, including but not limited to whether they are experiencing spalling. The same goes for any others where the response was "unknown."
>
> . . . .
>
> o **Gaps in Knowledge:** Any areas where the General Manager indicated unknown we would expect that you will continue to seek information in accordance with your duty to supplement.[11]

These questions effectively constituted new interrogatories, but nevertheless, on September 25, 2015, after again reaching out to and speaking with the branch managers, H&E provided the further detailed information requested by Defendants. As to Interrogatory No. 3, subparts (g), (i), and (j), H&E provided the following amended and/or supplemental responses:

**<u>Alexandria, Louisiana:</u>**

(f)    The Paved Surfaces show signs of cracking and spalling in some areas.

(g)    The expansion joints consist of cuts in the Paved Surfaces filled with a rubber-like material; they are not armored.

. . . .

(i)    Please see above response.  The expansion joints are otherwise in good condition.

(j)    Please see above response.

**<u>Lake Charles/Sulphur, Louisiana:</u>**

(g)    The expansion joints consist of cuts in the concrete; they are not armored.

**<u>Shreveport, Louisiana:</u>**

(f)    The Paved Surfaces show signs of cracking and spalling.  H&E further responds that the concreate at this location was poured only approximately six feet deep.

(g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored.

. . . .

---

[10]    *See* Email from K. Mathews to D. Kurtz and L. Carlisle, dated 9/11/15, attached as Exhibit "6."

[11]    *Id.*

-6-

NON-CERTIFIED COPY

(i)     Please see above response.  The expansion joints are otherwise in good condition, and the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

(j)     Please see above response.

        . . . .

**Charlotte, North Carolina:**

(f)     The Paved Surfaces show signs of wear and spalling near and around the construction and/or expansion joints in the concrete.

(g)     The expansion joints consist of cuts in the Paved Surfaces filled with a composite material; they are not armored.

        . . . .

(i)     Please see above response.  The expansion joints are otherwise in good condition.

(j)     Please see response above.

**Raleigh, North Carolina:**

(f)     The Paved Surfaces show some signs of cracking and spalling; the older, originally installed concrete shows deterioration near and around the construction and/or expansion joints.

(g)     The expansion joints consist of cuts in the Paved Surfaces; they are not armored.  The expansion joints in the older, original portions of the pavement are filled with wood strips.

        . . . .

(i)     Please see response above.  The expansion joints are otherwise in good condition.

(j)     Please see response above.

        . . . .

**Winston Salem, North Carolina:**

(f)     The Paved Surfaces are in generally good shape, with only an isolated spot of cracking and/or spalling.

(g)     The expansion joints consist of cuts in the concrete protected by armored plates.

        . . . .

(i)     Please see above response.  The expansion/construction joints in the Paved Surfaces are otherwise in good condition, with no observed problems.

(j)     Please see above response.

**Dallas, Texas:**

(f)     The Paved Surfaces show some signs of cracking and spalling in and around the construction and/or expansion joints.

(g)     The expansion joints consist of cuts in the concrete; they are not armored.

        . . . .

NON-CERTIFIED COPY

(i)     Please see above response.  The expansion/construction joints in the Paved Surfaces are otherwise in good condition.

(j)     Please see above response.[12]

In short, H&E provided information directly and specifically responding to the purported deficiencies raised by Defendants and their request for more detailed information regarding the "[c]ondition of the concrete and joints" and "specifically... the condition of the concrete and joints, including but not limited to whether they are experiencing spalling."[13]

But, even these more detailed responses did not satisfy Defendants, and Defendants demanded yet another discovery conference on the purported basis that H&E's responses were "ambiguous."[14]  Even so, again in the spirit of cooperation, H&E attempted to further clarify and detail its responses.[15]  Bent on finding a "deficiency," however, Defendants refused to acknowledge the sufficiency of H&E's responses.[16]  At that point, realizing that Defendants would never be satisfied, H&E advised Defendants that its answers were complete:

> Phil,
>
> We provided full, meaningful responses to your requests based on the facts as we know them.  That is all we can do.  If additional information becomes available or our knowledge of the facts changes, we will of course provide supplemental responses, as we have done thus far.  Likewise, we have diligently and in good faith complied with the compromise reached by the parties in connection with H&E's other facilities and the Court's Judgment reflecting same.  If you nonetheless feel compelled to burden the Court with another Motion to Compel, I cannot stop you.[17]

      B.     *Defendants' Interrogatories Regarding General Aspects of the Litigation, and H&E's Appropriate Objections and Responses.*

On September 10, 2015, Defendants served H&E with their Second Set of Interrogatories, which include general strategy-type interrogatories often made by parties during the course of a case, including what witnesses and items of evidence H&E intends to use at trial, and many of which were similar to interrogatories propounded by H&E in November of 2014. As discovery is still in its early stages, and there has been no scheduling order entered, H&E

---

[12]     *See* H&E's Amended and Supplemental Responses to Defendants' First Set of Interrogatories, dated 9/25/15, attached as Exhibit "7."

[13]     Ex. "6," Email from K. Mathews to D. Kurtz and L. Carlisle, dated 9/11/15.

[14]     *See* Email from P. Franco to D. Kurtz and L. Carlisle, dated 10/1/15, attached as Exhibit "8."

[15]     *See* Email from L. Carlisle to P. Franco and K. Mathews, dated 10/7/15, attached as part of Exhibit "9."

[16]     *See* Email from P. Franco to L. Carlisle and Others, dated 10/8/15, attached as part of Exhibit "9."

[17]     *See* Email from L. Carlisle to P. Franco and Others, dated 10/12/15, attached as part of Exhibit "9."

NON-CERTIFIED COPY

generally objected based on prematurity but responded with what information it had at the time.

Defendants have taken issue with H&E's responses to Interrogatory Nos. 1, 2, and 4:

**INTERROGATORY NO. 1:**

Please identify, as defined above, itemize and describe in detail each and every deficiency, negligent act and omission on the part of Defendants that you allege or claim in this proceeding and identify, as defined above, each witness who is expected to testify with respect to each and every and every deficiency, negligent act and omission.

**RESPONSE TO INTERROGATORY NO. 1:**

H&E objects to Interrogatory No. 1 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter. Subject to these objections, with respect to the Defendants' negligent acts, omissions, and design deficiencies, please see H&E's previous filings, including without limitation, the Petition for Damages and H&E's Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand. Additional information regarding Defendants' deficient design work and negligent acts and omissions is also reflected in business records that will be produced according to the ESI protocol agreed upon by the parties. H&E further responds that the full extent of Defendants' negligent acts and omissions will be developed and articulated through expert testimony. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

**INTERROGATORY NO. 2:**

Please identify as defined above, itemize and quantify in detail each and every element of damage or remedy that you allege you have suffered or claim in this proceeding and identify, as defined above, each witness who is expected to testify with respect to each and every element of damages itemized and quantified.

**RESPONSE TO INTERROGATORY NO. 2:**

H&E objects to Interrogatory No. 2 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter. Subject to these objections, with respect to the damages suffered as a result of Defendants' negligent acts, omissions, and design deficiencies, please see H&E's previous filings, including without limitation, the Petition for Damages and H&E's Opposition to Defendants' Motion for Partial Summary Judgment on Reconventional Demand. H&E further responds that the full extent of its damages will be developed and articulated through expert testimony. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.

. . . .

-9-

NON-CERTIFIED COPY