**INTERROGATORY NO. 4:**

With respect to your allegation in Paragraph 17 of the Petition for Damages herein that "all conditions precedent to the enforcement of the agreement between H&E and URS have been satisfied," please identify:

a) with respect to invoices received from URS, each notice to URS of any disputed amount, the date of each such notice, the reasons given for objection to payment, the document through which such notice was sent, and each witness who is expected to testify to such facts at trial; and

b) each and every notice given by H&E to URS of each and every suspected deficiency in the service provided by URS, the date of each such notice, the document through which such notice was given, and each witness who is expected to testify to such facts at trial.

**RESPONSE TO INTERROGATORY NO. 4:**

H&E objects to Interrogatory No. 4 as premature insofar as discovery is ongoing and H&E has yet to determine each and every witness that it may call at trial or hearing in this matter. Additionally, H&E objects to this interrogatory to the extent it calls for speculation as to the testimony of others and to the extent that the Interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. H&E will identify witnesses it may and/or will call at trial in accordance with the scheduling order(s) entered by the Court in this matter. Subject to these objections, with respect to notices provided to Defendants' regarding various design deficiencies and Defendants' negligent acts and omissions, please see H&E's previous filings and documents entered into the record in this matter, including without limitation, H&E's Motion to Compel and attached exhibits. H&E further refers Defendants to communications and documents regarding complained-of deficiencies included in H&E's production of documents and to be produced according to the ESI protocol agreed upon by the parties. H&E reserves its right to amend and/or supplement this response as its investigation and discovery are ongoing.[18]

The Motion claims that H&E ought to know the answer to these questions. Meanwhile, Defendants have maintained the reasonableness and sufficiency of their own substantively identical objections to similar interrogatories propounded by H&E over a year ago. Defendants provided the following responses to H&E's Second Set of Interrogatories:

**INTERROGATORY NO. 18:**

Please identify and fully explain the factual basis of your allegation that H&E failed to maintain the properties and/or improvements at issue in this litigation, as alleged in the Twelfth Defense of your Answer, Affirmative Defenses, and Reconventional Demand on Behalf of All Defendants.

**ANSWER TO INTERROGATORY NO. 18:**

Defendants object to Interrogatory No. 18 as premature as discovery in this matter is ongoing and others who may be at default for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving same, Defendants contend that H&E's failure to keep the joints at the Paved Surfaces free and clear of debris, mud, gravel, etc. causing [sic] and greatly contributing [sic] to the conditions complained of by H&E.

---

[18] *See* H&E's Responses to Defendants' Second Set of Interrogatories, attached as Exhibit "10."

-10-

NON-CERTIFIED COPY

**INTERROGATORY NO. 19:**

Please identify and fully explain the factual basis of your allegation that the damages alleged in this litigation were caused by "normal wear with regard to the surfaces at issue herein," as alleged in the Twelfth Defense of your Answer, Affirmative Defenses, and Reconventional Demand on Behalf of All Defendants.

**ANSWER TO INTERROGATORY NO. 19:**

Defendants object to Interrogatory No. 19 as premature as discovery in this matter is ongoing and others who may be at default for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving same, Defendants contend that H&E's activities on the Paved Surfaces have caused the damages that H&E alleges in this litigation. Defendants reserve the right to supplement their answer to this interrogatory as discovery progresses.

**INTERROGATORY NO. 20:**

Please identify all "others" whose actions or fault caused H&E's alleged damages in this litigation, as alleged in the Thirteenth Defense of your Answer, Affirmative Defenses, and Reconventional Demand on Behalf of All Defendants.

**ANSWER TO INTERROGATORY NO. 20:**

Defendants object to Interrogatory No. 20 as premature as discovery in this matter is ongoing and others who may be at default for H&E's alleged damages have yet to be identified. Subject to this objection and without waiving same, Defendants contend that H&E is at fault in causing the damage by virtue of its lack of maintenance and care of the Paved Surfaces. Defendants reserve the right to supplement their answer to this interrogatory as discovery progresses.

. . . .

**INTERROGATORY NO. 24:**

Please identify each document, communication, and/or exhibit you intend to offer at the trial of this matter.

**ANSWER TO INTERROGATORY NO. 24:**

Defendants object to Interrogatory No. 24 as premature as discovery is ongoing and Defendants have yet to determine each and every witness that they may call at any trial or hearing in this matter. Defendants further object to the extent that the Interrogatory requires information as to the mental impressions and work-product of Defendant's attorneys.

**INTERROGATORY NO. 25:**

Please identify each person who may or will offer testimony on your behalf at the trial of this matter as a fact or expert witness, and provide for each such person a description of his or her anticipated testimony.

**ANSWER TO INTERROGATORY NO. 25:**

Defendants object to Interrogatory No. 25 as premature as discovery is ongoing and Defendants have yet to determine each and every witness that they may call at any trial or hearing in this matter. Additionally, Defendants object to this Interrogatory to the extent that it calls for speculation as to the testimony of others and to the extent that the Interrogatory requires information as to the mental impressions and work-product of Defendant's attorneys.[19]

---

[19]     *See* Defendants' Answers to Second Set of Interrogatories of H&E Equipment Services, Inc., attached as Exhibit "11."

NON-CERTIFIED COPY

In short, Defendants made nearly identical objections to similar requests propounded by H&E over a year ago, and they have not since sought to supplement those objections and their written responses. So, on October 6, 2015, undersigned counsel requested that the parties discuss Defendants' objections and written responses to the above interrogatories in the context of the discovery conference demanded by Defendants to discuss H&E's similar objections and responses to Defendants' interrogatories. Among other things, H&E pointed out the inconsistency in the positions Defendants appeared to be taking in demanding that H&E provide responses to discovery requests that Defendants themselves were not willing to provide. Defendants refused to see the inconsistency in their positions, and they now instead seek to have different rules apply to H&E than those that apply to Defendants.[20]

Plainly, there is no legal support for Defendants' distinction here. Once again, Defendants' Motion to Compel appears to be nothing more than an attempt to bully H&E and distract from the merits of its claims and the orderly progress of this case.

## II. Defendants' Motion Should Be Denied.

While Louisiana's discovery articles are to be construed liberally, discovery is not an end in itself, and the law does not permit a party to use the discovery process to bully or harass another party. *See generally, e.g.*, La. Code Civ. P. art. 1426; *Nicholson v. Holloway Planting Company, Inc.*, 284 So. 2d. 898, 903 (La. 1973) (observing the court's role in exercising the control afforded it by statute relating to orders for protection of parties and deponents to prevent oppression, imposition and abuse); *Self v. Employers Mut. Liability Ins. Co. of Wisconsin*, 90 So. 2d 547, 550 (La. Ct. App. 2d 1956) ("Undoubtedly the purpose of discovery procedure is to afford all parties a fair opportunity to obtain the facts pertinent to the litigation. When this has been accomplished, or where the facts are readily available, the court will deny a party the right to proceed upon a fishing expedition.")

Defendants' instant Motion – as with Defendant's behavior thus far generally with respect to discovery – is an attempt to harass H&E and distract from and disrupt the orderly progress of this case. In fact, Defendants' Motion is supported by neither the law nor the history of the parties' discovery exchanges.

---

[20]    Similarly, Defendants feel free to issue numerous discovery requests regarding H&E's other facilities, but they refuse to address discovery requests directed to Defendants' design of concrete at other facilities. *See* H&E's Motion to Compel, filed 11/24/15.

NON-CERTIFIED COPY

### A.   *H&E's Responses Regarding Its Other Facilities are Sufficient.*

In their Motion, Defendants contend that H&E's responses – supplemented several times over in response Defendants' changing demands – to Defendants' Interrogatory No. 3 regarding H&E's other facilities are "equivocal," "exceedingly ambiguous and/or nonresponsive."[21] Candidly, it is not clear how H&E's responses could be any less ambiguous, less equivocal, or more responsive.

Defendants propounded the following interrogatory:

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:
.  .  .  .

(g)   the types of expansion/construction joints existing in these Paved Surfaces;

.  .  .  .

(i)   the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)   any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;[22]

.  .  .  .

H&E has provided the following responses based on the information received from its branch managers:

**Alexandria, Louisiana:**

(f)   The Paved Surfaces show signs of cracking and spalling in some areas.

(g)   The expansion joints consist of cuts in the Paved Surfaces filled with a rubber-like material; they are not armored.

.  .  .  .

(i)   Please see above response.  The expansion joints are otherwise in good condition.

(j)   Please see above response.

**Lake Charles/Sulphur, Louisiana:**

(g)   The expansion joints consist of cuts in the concrete; they are not armored.

.  .  .  .

(i)   The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)   There have been no observed problems or deficiencies noted with regard to the expansion/construction joints.

.  .  .  .

---

[21]   Defendants' Memorandum in Support of Motion to Compel, pp. 12-13.

[22]   Ex. "2," Defendants' First Set of Interrogatories, Interrogatory No. 3.

NON-CERTIFIED COPY

**Shreveport, Louisiana:**

(f)    The Paved Surfaces show signs of cracking and spalling. H&E further responds that the concreate at this location was poured only approximately six feet deep.

(g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored.

. . . .

(i)    Please see above response. The expansion joints are otherwise in good condition, and the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

(j)    Please see above response.

. . . .

**Charlotte, North Carolina:**

(f)    The Paved Surfaces show signs of wear and spalling near and around the construction and/or expansion joints in the concrete.

(g)    The expansion joints consist of cuts in the Paved Surfaces filled with a composite material; they are not armored.

. . . .

(i)    Please see above response. The expansion joints are otherwise in good condition.

(j)    Please see response above.

**Raleigh, North Carolina:**

(f)    The Paved Surfaces show some signs of cracking and spalling; the older, originally installed concrete shows deterioration near and around the construction and/or expansion joints.

(g)    The expansion joints consist of cuts in the Paved Surfaces; they are not armored. The expansion joints in the older, original portions of the pavement are filled with wood strips.

. . . .

(i)    Please see response above. The expansion joints are otherwise in good condition.

(j)    Please see response above.

. . . .

**Winston Salem, North Carolina:**

(f)    The Paved Surfaces are in generally good shape, with only an isolated spot of cracking and/or spalling.

(g)    The expansion joints consist of cuts in the concrete protected by armored plates.

. . . .

(i)    Please see above response. The expansion/construction joints in the Paved Surfaces are otherwise in good condition, with no observed problems.

-14-

NON-CERTIFIED COPY

(j)     Please see above response.

**Dallas, Texas**:

(f)     The Paved Surfaces show some signs of cracking and spalling in and around the construction and/or expansion joints.

(g)     The expansion joints consist of cuts in the concrete; they are not armored.

. . . .

(i)     Please see above response.  The expansion/construction joints in the Paved Surfaces are otherwise in good condition.

(j)     Please see above response.[23]

Such responses directly, specifically, and sufficiently respond to Defendants' interrogatory. Nonetheless, in response to Defendants' continued objections, H&E has also provided the following further information and clarification:

To provide further clarification, for each of the locations referenced (Alexandria, Lake Charles, Shreveport, Raleigh, Winston-Salem, and Dallas), spalling and cracking is visible in the paved surfaces, which, based on a sensible interpretation of our written responses, includes but is not limited to at or around the joints in the concrete.

Similarly, our responses regarding whether joints at the various branch locations contain any substance or material, we reported what materials, if any, are visible at the locations. For those locations where we did not identify a material, only a cut joint, there is no filler material visible.[24]

To be clear, H&E has not disputed its ongoing obligation – like any party's ongoing obligation – to amend and/or supplement its discovery responses if and when additional information becomes available through discovery or investigation, and it will do so. But, it cannot be compelled to provide information and responses that it does not have at a given point in time – and, frankly, which Defendants' interrogatory does not even request. Defendants are simply bent on creating a discovery dispute regardless of the content of H&E's responses. The Court should not allow such tactics, and Defendants' Motion as to Interrogatory No. 3 should be denied.

B.     *H&E's Responses Regarding General Aspects of the Litigation are Appropriate and Sufficient.*

H&E's responses to Interrogatory Nos. 1, 2, and 4 of Defendants' Second Set of Interrogatories are also sufficient and appropriate.  To be clear, H&E is not disputing the relevancy of what witnesses it intends to call at trial, what specific items of damages it intends to prove, and what specific facts and items of evidence support its allegations and claims in this

---

[23]     *See* Ex. "4," H&E's Amended and Supplemental Responses to Defendants' First Set of Interrogatories, dated August 24, 2015, and Ex. "7," H&E's Amended and Supplemental Responses to Defendants' First Set of Interrogatories, dated September 25, 2015.

[24]     Ex. "9," Email from L. Carlisle to P. Franco at Others, dated 10/7/15.

NON-CERTIFIED COPY

case.  Nor does H&E dispute its continuing obligation to supplement its responses to provide such information as discovery and this case progress.  Defendants completely mischaracterize H&E's objections to the extent they suggest otherwise.

However, there is a tremendous amount of discovery that remains to be done in this case, and it is entirely reasonable that H&E does not at this point know, for instance, what witnesses it will call or evidence it will introduce at trial.  It cannot be compelled to provide responses it does not yet have.  Moreover, with respect to what information is known to H&E, H&E has provided that information to Defendants and/or pointed Defendants to the specific pleadings and documents containing the information requested.

In fact, Defendants provided the *same* kinds of objections and responses to H&E's requests regarding what witnesses Defendants intend to call at trial, what evidence Defendants intend to rely on, and what specific facts support the allegations in Defendants' Answer and Reconventional Demand.  When asked why Defendants' own responses regarding such information should be deemed sufficient but H&E's similar responses insufficient, Defendants responded only that they are the defendants and, therefore, they have no obligations until H&E provides such information.[25]  Plainly, this is an absurd response (and ignores Defendants' reconventional demand); and this is not how discovery and litigation work.  As the designers of record, Defendants possess substantially *more* information regarding the design and construction of the facilities at issue than H&E does.  It is nonsensical to suggest that H&E must, for example, identify witnesses now, while Defendants do not.

According to Defendants, their own objections and responses are sufficient because they "provided the facts as [they] know them."[26]  This is precisely what H&E has done.  By Defendants' own reasoning, H&E's objections and responses are entirely appropriate at this stage of the case.

### III.   H&E Should be Awarded Its Reasonable Attorney's Fees and Costs Incurred in Connection with this Motion.

Louisiana Code of Civil Procedure article 1469(4) provides for an award of reasonable costs, including attorney's fees, *to whichever party that prevails in connection with a Motion to Compel*, including the party opposing the motion should the motion be denied.  As discussed above, H&E's responses and objections to the discovery requests placed at issue by Defendants'

---

[25]     Ex. "9," Email from P. Franco to L. Carlisle and Others, dated 10/8/15.

[26]     Ex. "9," Email from P. Franco to L. Carlisle and Others, dated 10/8/15.

-16-

NON-CERTIFIED COPY

Motion to Compel are reasonable and valid, and H&E has made a concerted, if ultimately futile, effort to work with Defendants regarding their requests and explain its objections. The defendants' Motion to Compel is entirely misplaced, unnecessary, and even abusive. Pursuant to Article 1469(4), H&E respectfully requests that the Court award it reasonable costs and fees associated with opposing the Motion.

### IV.    Conclusion

Once again, Defendants seek to have H&E play by rules not supported by the law and that Defendants themselves are not willing to play by. H&E has fully and properly responded to Defendants' discovery requests. For the reasons set forth above, Defendants' Motion to Compel is unsupported, inappropriate, and should be denied in its entirety. H&E further requests that the Court award it its reasonable costs and fees incurred in connection with opposing the Motion.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 23rd day of December, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
LAURA E. CARLISLE

-17-

NON-CERTIFIED COPY



# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUICIANA 70170
PHONE: 504-566-5200
FAX:  504-636-4000
www.bakerdonelson.com

LAURA E. CARLISLE
Direct Dial: (504) 566-8643
Direct Fax: (504) 585-6943
E-Mail: lcarlisle@bakerdonelson.com

POSTED
DEC ___ 2015

December 28, 2015

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:    *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
       *19th JDC No. 626308, Division "D", Section XX1*

Dear Mr. Welborn:

Enclosed please find an original and two (2) copies of the Opposition to Defendants' Motion to Compel, which was fax filed with your office on December 23, 2015 and we now ask that you file the original with the Court on behalf of Plaintiff, H&E Equipment Services, Inc. We have received your fax confirmation regarding filing and have enclose our firm's check in that amount $454.00 for the fees associated with this filing. I would appreciate your returning a date-stamped copy of this pleading to undersigned counsel in the enclosed, self-addressed envelope.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kindest regards, I remain

Sincerely,

/s/ Laura E. Carlisle

Laura E. Carlisle

REC'D C.P.
DEC 3 0 2015

REC'D C.P.
JAN 05 2016

EC/sdt
ncl.
::    Philip A. Franco, Esq. w/encl.
      Kellen Matthews, Esq. w/encl.

EBR337554G

) LEC 907500 v1
2919213-000024

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

NON-CERTIFIED COPY

CLERK OF COURT
FILE COPY
CASE ID:

H&E EQUIPMENT SERVICES, INC.          *    CASE NO. C626308, SECTION DATE:
                                                               ATTORNEY:
VERSUS                                *    19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,         *    PARISH OF EAST BATON ROUGE    EXHIBIT ATTACHMENT TO:
P.C., URS CORPORATION, L. O'NEAL                                          ☐  MOTION SUMMARY JUDGMENT
JOHNSON, AND THOMAS E. RYAN, III      *    STATE OF LOUISIANA            ☒  PETITION
                                                                         ☐  MEMORANDUM
FILED:_____             _____      ☐  OTHER _____
                                           DEPUTY CLERK

                                                                         DEPUTY CLERK OF COURT

## AMENDED AND SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES ON BEHALF OF H&E EQUIPMENT SERVICES, INC.

H&E Equipment Services, Inc. (hereinafter referred to as "H&E") hereby provides the following amended and supplemental responses to the First Set of Interrogatories issued by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"):

### GENERAL OBJECTIONS

1.    These objections and responses are subject to revision, as H&E continues to investigate and research the issues of this litigation. Accordingly, H&E reserves the right, as additional information is discovered, analyzed or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

2.    H&E objects to URS' Interrogatories to the extent they purport to impose on H&E obligations that exceed in any manner those set forth in the Louisiana Code of Civil Procedure, and to the extent they purport to grant any party any rights greater than those set forth in the Louisiana Code of Civil Procedure.

3.    H&E objects to each Interrogatory to the extent that any of the individually identified Interrogatories propounded by URS seek to require the production or identification of any documents or information which are otherwise privileged, pursuant to the attorney/client privilege, the work product doctrine, or any other recognized privilege.

4.    All responses provided herein and all information and documents produced in response to these Interrogatories will be subject to and governed by the Joint Protective Order to be agreed to by the parties and entered by the Court in this matter.

5.    H&E concedes neither the relevancy nor the admissibility of any of the information or documents produced in response to these Interrogatories; and the production of information or documents in response to individually identified Interrogatories does not constitute an admission that such information is probative of any particular issue in this case.

-1-

EXHIBIT
H

EBR3369053
NON-CERTIFIED COPY

H&E reserves the right to object to the introduction into evidence of any information provided in response to these Interrogatories.

6.      H&E objects to each Interrogatory to the extent it seeks information generated for purposes of settlement and/or is otherwise inadmissible.

7.      H&E objects to each Interrogatory to the extent it seeks information that is also in the possession, custody, or control of URS, is a matter of public record, or can be provided more readily by another party or third-party with less burden.

8.      H&E incorporates by reference the foregoing General Objections in each of its responses below and submits that no response should be construed to waive any general objection set forth herein.

Without waiving any of the foregoing General Objections, and specifically subject thereto, H&E further responds as follows:

### INTERROGATORIES

### INTERROGATORY NO. 2:

Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge or Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

### RESPONSE TO INTERROGATORY NO. 2:

H&E objects to Interrogatory No. 2 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, H&E responds that it has identified the following facilities has having concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories where operations similar to those conducted at H&E's Baton Rouge and Kenner facilities, *i.e.* operations involving the routine traversal of heavy tracked equipment, are conducted:

-2-

NON-CERTIFIED COPY

1.   Alexandria, Louisiana

2.   Lake Charles/Sulphur, Louisiana

3.   Shreveport, Louisiana

4.   Charlotte, North Carolina

5.   Raleigh, North Carolina

6.   Winston Salem, North Carolina

7.   Dallas, Texas

**INTERROGATORY NO. 3:**

With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)   the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)   the date when the Paved Surface was first installed at each respective location;

(c)   the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)   the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)   the cost of construction of the Paved Surfaces at each respective location;

(f)   the status and condition of the Paved Surfaces at each respective location;

(g)   the types of expansion/construction joints existing in these Paved Surfaces;

(h)   whether any of the expansion/construction joints have reinforced or armored joints and, if so, Describe such reinforcement or armor applicable at each location or site:

(i)   the status and condition of the expansion/construction joints in these Paved Surfaces;

(j)   any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k)   any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

-3-

NON-CERTIFIED COPY

(l)    any and all repairs, replacements or maintenance made with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m)    the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(n)    the results of any such repairs, replacements or maintenance;

(o)    the cost of any such repairs, replacements or maintenance.

## RESPONSE TO INTERROGATORY NO. 3:

H&E objects to Interrogatory No. 3 as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and the General Objections, H&E responds with the following information regarding the facilities identified in response to Interrogatory No. 2:

### Alexandria, Louisiana:

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on Paved Surfaces, which account for approximately 80% of the equipment yard and/or aprons at the facility.

(b)    The Paved Surfaces were installed in or around September 2008.

(c)    VNV Builders

(d)    Progressive Construction
705 McKeithen Drive
Alexandria, Louisiana 71303
(318) 473-9522

(e)    Unknown.

(f)    The Paved Surfaces are in generally good condition, except for some edges that are broken due to the Paved Surfaces not meeting up perfectly with adjacent limestone.

(g)    The Paved Surfaces are supported by expansion joints consisting of a rubber-type material.

(h)    None visible.

(i)    The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)    There have been no observed problems or deficiencies noted with regard to the expansion/construction joints.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

-4-

NON-CERTIFIED COPY

(m)  Please see above response.

(n)  Please see above response.

(o)  Please see above response.

### Lake Charles/Sulphur, Louisiana

(a)  Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces.

(b)  The Paved Surfaces were installed in or around January 2014; tracked equipment was operated, loaded, unloaded, stored, and/or parked on the Paved Surfaces starting in or around June 2014.

(c)  Gary Babineaux.

(d)  Gary Babineaux.

(e)  The cost of construction for the Paved Surfaces was approximately $1.3 million.

(f)  The Paved Surfaces are in good condition, with no observed cracks or spalling.

(g)  The Paved Surfaces are supported by expansion joints with keways reinforced by rebar every 24 inches, with footings under each expansion joint.

(h)  Please see above response.

(i)  The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)  There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in the Paved Surfaces.

(k)  There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)  There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)  Please see above response.

(n)  Please see above response.

(o)  Please see above response.

### Shreveport, Louisiana

(a)  Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces, which make up a portion of the equipment yard and apron at this facility. The facility also has limestone, rock, and soil cement surfaces.

(b)  Unknown as to Paved Surfaces generally, but likely 1985; approximately 411 square feet of Paved Surface on the apron was resurfaced approximately three years ago.

-5-

NON-CERTIFIED COPY

(c)     Unknown.

(d)     Unknown.

(e)     Unknown; approximately $57,700 for the replacement of approximately 411 square feet of Paved Surface on apron three years ago.

(f)     The Paved Surfaces show some wear.

(g)     Unknown.

(h)     None visible.

(i)     The expansion joints in the Paved Surfaces are generally in fair condition; the expansion joints in the more recently constructed portion of the apron are in good to perfect condition.

(j)     The expansion/construction joints in the Paved Surfaces show signs of moderate wear and tear.

(k)     There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)     There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces other than the replacement of approximately 411 square feet on the apron approximately three years ago.

(m)     Please see above responses.

(n)     Please see above responses.

(o)     Please see above responses.

**Charlotte, North Carolina**

(a)     Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces.

(b)     Unknown; the primary building structures at the facility are eleven years old.

(c)     Unknown.

(d)     Unknown

(e)     Unknown.

(f)     The Paved Surfaces show signs of wear and deterioration in some areas.

(g)     Unknown.

(h)     None visible.

(i)     Unknown.

(j)     Unknown.

(k)     There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

-6-

NON-CERTIFIED COPY

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

## Raleigh, North Carolina

(a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces.

(b)    Date of original construction unknown; additional Paved Surfaces totally approximately 31,120 square feet constructed within the last six months.

(c)    Unknown as to original construction; as to more recent addition of Paved Surfaces, H&E Facilities Group.

(d)    Unknown as to original construction; as to more recent addition of Paved Surfaces:

Ruston Paving
3874 S. Alston Avenue #101
Durham, North Carolina 27713
(919) 544-1288

(e)    Unknown as to original construction; as to more recent addition of Paved Surfaces, approximately $233,550.00 for approximately 31,120 square feet.

(f)    The Paved Surfaces originally installed are showing some wear and spalling at the joints; the more recently added Paved Surfaces are in good shape.

(g)    Unknown.

(h)    None visible.

(i)    Please see response above.

(j)    Please see response above.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

-7-

NON-CERTIFIED COPY

**Winston Salem, North Carolina**

    (a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces, which account for approximately 95% of the equipment yard and/or apron at the facility.

    (b)    Unknown.

    (c)    Unknown.

    (d)    Unknown

    (e)    Unknown.

    (f)    The Paved Surfaces are in good shape, with no signs of wear, cracking, or spalling.

    (g)    Unknown.

    (h)    None visible.

    (i)    The expansion/construction joints in the Paved Surfaces are in good shape, with no observed problems.

    (j)    Please see above response.

    (k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

    (l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces.

    (m)    Please see above response.

    (n)    Please see above response.

    (o)    Please see above response.

**Dallas, Texas**

    (a)    Tracked equipment consisting of excavators and dozers has been operated, loaded, unloaded, stored or parked on the Paved Surfaces, which constitute 95-98% of the equipment yard and apron at the facility.

    (b)    The Paved Surfaces were installed in or around late 2007; tracked equipment was operated, loaded, unloaded, stored, and/or parked on the Paved Surfaces starting in or around May 2008.

    (c)    Weir & Associates
701 Highlander Blvd. #300
Arlington, Texas 76015
(817) 467-7700

    (d)    Schwob Building Company
2349 Glenda Lane
Dallas, Texas 75229
(972) 243-7674

    (e)    Unknown; total cost of construction for the facility was $2.8 million.

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

(f)    The Paved Surfaces show signs of cracking in various areas.

(g)    The Paved Surfaces consist of fifteen square foot panels with expansion joints on all sides.

(h)    None visible.

(i)    The expansion joints in the Paved Surfaces are in good condition, with no observed problems.

(j)    There have been no observed problems or deficiencies noted with regard to the expansion/construction joints in the Paved Surfaces.

(k)    There is no maintenance program applicable to the expansion/construction joints and/or the Paved Surfaces in place.

(l)    There have been no repairs, replacements or maintenance made with respect to the Paved Surfaces. But, the facility is currently seeking bids for the repair and/or replacement of approximately ten to fifteen of the concrete panels.

(m)    Please see above response.

(n)    Please see above response.

(o)    Please see above response.

**INTERROGATORY NO. 4:**

Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to make these repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 4:**

Please see supplemental responses and objections to Interrogatory No. 2 above.

**INTERROGATORY NO. 5:**

Please Identify any and all locations or sites that have been owned or leased by H&E, on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete (hereinafter, "Unpaved Surfaces"), and for each such location please Identify:

(a)    the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b)    the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c)    the reasons this surface was used instead of a Paved Surface;

-9-

NON-CERTIFIED COPY

    (d)    the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

    (e)    any maintenance program applicable to these Unpaved Surfaces;

    (f)    any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

    (g)    the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

    (h)    the results of any such repairs, replacements or maintenance; and

    (i)    the cost of any such repairs, replacements or maintenance.

**RESPONSE TO INTERROGATORY NO. 5:**

H&E objects to Interrogatory No. 5, including subparts (a) – (i), as overbroad and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Information regarding other H&E –owned or –leased facilities not at issue in this litigation is irrelevant to the claims in this litigation.

Subject to these objections and the General Objections above, pursuant to the Court's Judgment dated July 9, 2015, the following other facilities are owned and/or operated by H&E and have surfaces other than concrete Paved Surfaces as defined in Defendants' First Set of Interrogatories whereupon similar operations involving the routine traversal of heavy tracked equipment are conducted:

1.    Little Rock, Arkansas

2.    Springdale, Arkansas

3.    Nashville, Tennessee

4.    Ashland, Virginia

5.    Norfolk, Virginia

6.    Roanoke, Virginia

7.    Warrenton, Virginia

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 24th day of August, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
LAURA E. CARLISLE

-11-

NO LEC 882609 v1
2919213-000024

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES     *     SUIT NO. 626,308     DIV.: D

    *     19TH JUDICIAL DISTRICT COURT

VERSUS     *

    *     PARISH OF EAST BATON ROUGE

URS CORPORATION     *

ARCHITECTURE, P.C., URS     STATE OF LOUISIANA   COST OK $ _Ub_

CORPORATION, L. O'NEAL

JOHNSON AND THOMAS E. RYAN,     DEC 3 0 2015

III     C# 052943

    DEPUTY CLERK OF COURT

---

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
### OF MOTION TO COMPEL

---

**MAY IT PLEASE THE COURT:**

Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants") respectfully submit this reply memorandum in support of the Defendants' Motion to Compel, as follows:

### ARGUMENT

H&E has yet to fully and/or adequately respond to the discovery requests that form the subject of Defendants' Motion to Compel where: (1) H&E has, in its responses and subsequent supplemental responses to Defendants' discovery requests, provided inconsistent and vague responses relevant to the defenses in this case; (2) H&E has yet to identify each negligent act it alleges or the damages it has suffered and the potential witnesses or evidence it intends to use to prove its case filed over two years ago, thereby preventing Defendants from making informed decisions as to who to depose or what further materials to seek through discovery or what potential witnesses or evidence defendants will need to rebut H&E's contentions; and (3) H&E has refused to



1

NON-CERTIFIED COPY

provide critical information to support its allegation that all conditions precedent to enforcement of the agreement between the parties have been satisfied.

Instead of providing meaningful, complete responses to Defendants' discovery requests, H&E has engaged in an obvious effort to avoid clearly stating that it is experiencing spalling at expansion joints at its other locations, a fact which is of utmost relevance to Defendants' case.  Defendants have pleaded the defense that it is normal wear and tear to experience spalling at the expansion joints of a paved surface that is used by H&E's heavy tracked equipment. H&E's contention that the information that Defendants seek via this Motion to Compel is irrelevant to H&E's claim of faulty design is misleading because it completely ignores the relevance to Defendants' defense. Where the information sought clearly pertains to Defendants' defenses, it is clearly discoverable under La. Code Civ. Proc. art. 1422.

Despite the contention that it has completely responded to Defendants' discovery requests, which H&E repeats as if true throughout its Opposition to the instant Motion to Compel, H&E discloses (for the first time) that it must now supplement its responses to include information regarding additional locations.[1] Thus, it is totally disingenuous for H&E to assert that it "has already fully responded" to Defendants' discovery requests when H&E now indicates that additional responses are still to be forthcoming.[2]

1. *H&E has yet to fully or adequately respond to Defendants' Interrogatory No. 3.*

As noted above, H&E's responses to Defendants' discovery requests have been nonresponsive, inconsistent and ultimately vague and ambiguous.  H&E recounts its responses to Defendants' discovery requests in an unabashedly self-serving manner.  A brief timeline, including a summary of the issues presented with each subsequent response by H&E clearly refutes H&E's contention that it "diligently and sufficiently responded" to Defendants' interrogatories:

---

[1] Pltff. Opp. to Mot to Compel p. 3, Fn. 3.
[2] Pltff. Opp. to Mot to Compel p. 1.

NON-CERTIFIED COPY

- H&E provided its first response to Defendants' Interrogatory of Defendants' First Set of Interrogatories on July 31, 2015.[3] These responses consisted of reference to only one facility, Lake Charles/ Sulphur, and even for this one facility, H&E failed to provide complete responses. Counsel for Defendants' conferred with counsel for H&E to discuss the deficiencies in these responses and H&E agreed to supplement its responses.

- H&E provided its first supplemental responses on August 24, 2015.  In this response, H&E had to list numerous additional H&E locations that are used similarly to the facilities at issue in this case.  Even in these responses, H&E indicated that much of the information requested with respect to certain H&E facilities was "unknown."[4] Noting these deficiencies, among others, counsel for Defendants' conferred with counsel for H&E once again to discuss the deficiencies in these responses and H&E again agreed to supplement its responses.

- H&E provided its second supplemental responses on September 25, 2015.[5] In this response, H&E now provided some information that it previously represented was unknown.[6]  However, in addition, H&E provided intentionally vague and ambiguous responses to Defendants' requests. For example, in response to Interrogatory No. 3(i)[7], H&E vaguely responded that the "expansion joints in the Paved Surfaces are <u>otherwise</u> in good condition." (Emphasis added) This response is exceedingly vague and ambiguous as a reply to an interrogatory that seeks "status and condition of the expansion/construction joints in these Paved Surfaces." Noting this glaring deficiency, among others, counsel for Defendants' conferred with counsel for H&E to ask that H&E simply respond as to whether there is spalling at the expansion joints, which is H&E's primary claim in this case.  H&E refused.

Even a cursory review of the history relative to the request(s) at issue in this matter shows that H&E has tried to avoid acknowledging that it is experiencing spalling at expansion joints at its locations using the same type of heavy tracked equipment, which is highly relevant evidence of normal wear and tear. H&E has purposefully ignored what has clearly been the focus of Defendants' inquiries for several months; the condition of the expansion joints at the various H&E sites using

---

[3] See, Exhibit "A" to Mot. to Compel.
[4] **Exhibit "H"**- Pltff. 8.24.15 Supp Resp. to Def. 1ˢᵗ Set of Interrog.
[5] Exh. "B" to Mot. to Compel, Pltff 9.25.15 Supp Resp. to Def. 1ˢᵗ Set of Interrog.
[6] Compare Answers to Interrogatory No. 3 in Exhibits 4 and 7 attached to H&E's Opposition to this Motion to Compel.
[7] Interrogatory No. 3(i) provides as follows: With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify: (i)the status and condition of the expansion/construction joints in these Paved Surfaces.

3

NON-CERTIFIED COPY

heavy tracked equipment on paved areas. Instead of providing a clear, unequivocal response to this very pointed inquiry, H&E has engaged in gamesmanship and provided vague and ambiguous responses.

Specifically, it is unclear based on H&E's responses to Interrogatory No. 3(i) whether the other sites are experiencing spalling *at or near* the expansion joints. H&E has indicated that there are signs of spalling in the Paved Surfaces in response to No. 3(f), but there is no indication as to whether the spalling is at or near the expansion joints. Accordingly, H&E's most recent response to No. 3(i) injects significant ambiguity where H&E references its prior responses and further states that "the expansion joints are otherwise in good condition." Based on these responses, it is unclear as to whether H&E acknowledges that there is spalling at or near the expansion joints.

H&E has refused to simply state whether there is spalling at the expansion joints. Such gamesmanship should not be permitted and, as such, Defendants seek an Order of this Court compelling H&E to unequivocally indicate, *inter alia*, whether there is spalling at the expansion joints.

H&E's gamesmanship has extended to its Opposition to the instant Motion to Compel where H&E fails to address the October 6, 2015 e-mail correspondence where, following H&E's September 25, 2015 supplemental response counsel for Defendants made the nature of the deficiencies in H&E's responses abundantly clear:

With respect to H & E's amended and supplemental responses to interrogatory number 3 of our first set of interrogatories:

1) Alexandria location – you will respond whether there is spalling at the expansion joints (those joints that are cut to the bottom of the pavement)

2) Lake Charles location – you will respond whether the expansion joints are void of any material

3) Shreveport location – you will respond as to whether the expansion joints are void of any materials and whether there is any spalling at the expansion joints

4) Raleigh location – you will respond whether there is any spalling at the expansion joints

NON-CERTIFIED COPY

5) Winston location – you will respond whether there is any spalling at or near the armored expansion joints, that is, including at the edge of the armored plates

6) Dallas location – you will respond whether the expansion joints are void of any material

Exhibit "F" to Def. Mot. to Compel- 10.6.15 E-mail. (See also H&E Opposition to Motion to Compel, Exhibit 9, p. 2.)

Thus, there can be no question as to whether H&E understands Defendants' request. Nonetheless, to date, H&E has refused to supply an adequate response nor has it provided any explanation as to why it has failed to deliver the requested information, all of which would be readily apparent from a simple visual inspection of the property. Defendants intend to use H&E's responses to these interrogatories to show to the jury at trial. Vague and ambiguous responses to such a critical defense are being used to prevent Defendants from effectively doing so. Accordingly, Defendants are entitled to an order of this Court compelling H&E to provide full and adequate responses to Defendants' requests.

2. *H&E has failed to respond to Interrogatories Nos. 1 and 2 of Defendants' Second Set of Interrogatories and in doing so has deprived Defendants of the ability to efficiently and effectively conduct depositions and trial preparation.*

H&E objected to Defendants' Second Set of Interrogatories Nos. 1 and 2 on the grounds of prematurity. H&E totally mischaracterizes Defendants' responses to H&E's discovery requests and statements by counsel for Defendants.[8] Contrary to what H&E states, Defendants provided actual responses to H&E's Interrogatory No. 18, 19, and 20 which requested the bases for certain affirmative defenses asserted by Defendants. In response to No. 18, Defendants stated, "Defendants contend that H&E's failure to keep the joints at the Paved Surfaces free and clear of debris, mud, gravel, etc. causing [sic] and greatly contributing [sic] to the conditions complained of by H&E". In response to No. 19, Defendants stated, "Defendants contend that H&E's activities on the Paved Surfaces have caused the damages that H&E alleges in this litigation." In response to

---

[8] Pltff. Opp. to Mot. to Compel at p. 16.

5

NON-CERTIFIED COPY

No. 20, we stated, "Defendants contend that H&E is at fault in causing the damage by virtue of its lack of maintenance and care of the Paved Surfaces." Conversely, H&E, in response to interrogatories relative to the bases for its claims, pointed to its prior pleadings rather than providing a response to the interrogatories at hand. Defendants need to know each alleged act of negligence, what damages have been suffered, and the witnesses and evidence of same. Thus, despite H&E's attempts to cast their responses as similar to those supplied by Defendants, there is an important distinction that must be drawn where Defendants provided actual responses and H&E provided only generalized references to prior pleadings.

Likewise, H&E, in its opposition to this Motion to Compel grossly and intentionally mischaracterizes statements by counsel for Defendants. Rather than stating that Defendants "have no obligations" to respond to questions with regard witnesses Defendants intend to call at trial and evidence Defendants intend to rely upon, "until H&E provides such information"[9], counsel for Defendants actually stated:

> 5) With respect to interrogatory numbers 24 and 25, we advised that until we know the details of your alleged deficiencies, acts, and omissions as well as alleged damages we do not know who we will need or use as witnesses or exhibits.

> Exhibit "F" to Motion to Compel.

H&E filed this suit over two years ago. But yet H&E would have this Court believe it has no idea of one witness or one exhibit it anticipates for trial. Absurd and disingenuous! According to H&E's rationale, Defendants would not be able to decide who to depose or otherwise plan for trial until and unless there was a scheduling order issued by the Court. There is no such requirement in the Louisiana Code of Civil Procedure.

---

[9] Pltff. Opp. to Mot. to Compel at p. 16.

NON-CERTIFIED COPY

3. *H&E has refused to adequately respond to Defendants' Interrogatory No. 4.*

H&E alleged in its Petition that "all conditions precedent to the enforcement of the agreement between the [parties] have been satisfied."   With respect to that allegation, Defendants asked for facts to support that H&E provided required notice of disputed amounts of invoices and deficiencies in services provided by URS.   H&E responded that such information is premature.   It is absurd to argue that it is premature to provide information that was supposed to be provided years ago.   The contract required prompt notice of disputed amounts of invoices and deficiencies.   This is just another effort by H&E to avoid admitting in discovery that there were no such prompt notices as required by the contract.   Not only is this admission relevant to H&E's ability to enforce the contract, but also it is relevant to show H&E has no defense to the payment of the remaining invoices due URS.   H&E's conduct should be sanctioned.

**CONCLUSION**

Based on the foregoing and Defendants' Motion to Compel and Memorandum in support of the same, Defendants' Motion to Compel should be granted and  an order of this Court should issue compelling H&E to provide complete responses to Defendants' discovery requests, as well as an award of reasonable attorneys' fees and costs associated with the filing of this motion pursuant to La. Code Civ. Proc. art. 1469(4).

Respectfully submitted,

ADAMS AND REESE, LLP



Philip A. Franco    (Bar #5819), TA
Ron Sholes         (Bar # 14436)
Kellen J. Mathews   (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

7

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid and via email, this the 30th day of December, 2015.

_____
Kellen J. Mathews

2015 DEC 30    AM 10: 09

DEPUTY CLERK OF COURT

8

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * | STATE OF LOUISIANA |

---

### FIRST SET OF INTERROGATORIES

TO:   H&E Equipment Services
      Through its Attorneys of Record
      Roy C. Cheatwood
      Anne Derbes Wittmann
      M. David Kurtz
      Matthew C. Juneau
      Baker Donelson Bearman Caldwell & Berkowitz
      201 St. Charles Avenue, Suite 3600
      New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), by their attorneys, Adams and Reese LLP, propound the following

Interrogatories to Plaintiff, H&E Equipment Services, Inc. ("Plaintiff"), to be answered

fully, separately, in writing, and under oath, and to be answered within the delays

allowed by law, pursuant to the Louisiana Code of Civil Procedure.  Pursuant to the

rules of this Court, you are hereby requested to answer the following Interrogatories

and return them to the law offices of Philip A. Franco, Adams and Reese 4500 One Shell

Square, New Orleans, Louisiana  70139 within fifteen (15) days of service, and to attach

the requested documents at that time.

### DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms "you," "your," or "yourself" refers to H&E
Equipment Services, including without limitation, all present and/or former
agents, representative, and attorneys, and each person acting or purporting to act
on their behalf.



EXHIBIT

tabbies

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

## FIRST SET OF INTERROGATORIES

TO:   H&E Equipment Services
      Through its Attorneys of Record
      Roy C. Cheatwood
      Anne Derbes Wittmann
      M. David Kurtz
      Matthew C. Juneau
      Baker Donelson Bearman Caldwell & Berkowitz
      201 St. Charles Avenue, Suite 3600
      New Orleans, LA 70170

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), by their attorneys, Adams and Reese LLP, propound the following

Interrogatories to Plaintiff, H&E Equipment Services, Inc. ("Plaintiff"), to be answered

fully, separately, in writing, and under oath, and to be answered within the delays

allowed by law, pursuant to the Louisiana Code of Civil Procedure.  Pursuant to the

rules of this Court, you are hereby requested to answer the following Interrogatories

and return them to the law offices of Philip A. Franco, Adams and Reese 4500 One Shell

Square, New Orleans, Louisiana  70139 within fifteen (15) days of service, and to attach

the requested documents at that time.

## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms "you," "your," or "yourself" refers to H&E
Equipment Services, including without limitation, all present and/or former
agents, representative, and attorneys, and each person acting or purporting to act
on their behalf.

EBR3362375

NON-CERTIFIED COPY

**EXHIBIT**
tabbies
1

2.     As used herein, the term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the entity or individual in question.

3.     As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

4.     The term "documents" or "writings" is all inclusive, referring to the originals as well as copies of all written, printed, typed, recorded, graphic, photographic, and sound reproduction matter, however produced or reproduced.   Those terms include, without limitation, correspondence, memoranda, interoffice communications, facsimile communications, electronic mail, minutes, reports, notes, schedules, calendars, affidavits, statements, note pads, note books, analyses, diagrams, drawings, pictures, tables, graphs, charts, maps, surveys, books of accounts, ledgers, invoices, receipts, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries; logs, proposals, studies, records, telegrams, films, manuals, guidelines, checklists, and all other documents, tangible or retrievable, of any kind.  The term "documents" or "writings" also includes any preliminary notes and drafts of all of the foregoing in whatever form; for example, printed, typed, long hand, short hand, on paper, paper tape, tabulating cards, ribbon, blue prints, magnetic tape, computer tape or disk, microfilm, microfiche, tape recording or other form.

5.     If documents cannot be located, state the efforts made to locate the documents and the specific reasons, if known, for their unavailability.  If documents exist but are not available to you, state where the documents are located, including the identity of the custodian to the best of your knowledge.

6.     If any information requested herein is claimed to be privileged or otherwise protected from discovery, Plaintiff is requested to identify in writing, with particularity, the basis for such claim, and, in the case of any document not produced, to identify in writing:
   a.     its author;
   b.     the date of its creation;
   c.     the names, positions and capacities of all persons to whom it was addressed or by whom it has been seen, or with whom it has been discussed;
   d.     its general nature and subject matter;
   e.     its present location and custodian; and
   f.     the basis upon which it is claimed to be privileged or otherwise protected from discovery.

7.     "Relate" or "relating" or "reflect" or "reflecting" shall mean referring, discussing, reflecting, dealing with, analyzing, evaluating, estimating, constituting, describing, evidencing or pertaining to in any way, whether directly or indirectly, whether in whole or in part, or legally, factually, or logically connected with the matter described.

NON-CERTIFIED COPY

8.      "Identify," when used in reference to an individual person, means to state the person's full name, present or last known residence address, present occupation, and present or last known business address.

9.      "Identify" or "Describe," when used in reference to a corporation, means to state its full name, its principal place of business and place of incorporation.

10.     "Identify" or "Describe," when used in reference to a person other than an individual or a corporation (specifically including any governmental agencies or departments), means to state its official name and address.

11.     "Identify" or "Describe," when used in reference to a document, means to state its date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be attached to your answer.

12.     "Identify" or "Describe," when used in reference to any action, occurrence, occasion, meeting, transaction or conduct ("act"), means to set forth the event or events consisting of each act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto.

13.     "Identify" or "Describe," when used in reference to an oral communication or conversation, means to state the date of the conversation; the place where it occurred; the names and addresses of the persons involved in the conversation and their business or governmental affiliation; and the name and address of any other person, who, although not present nor involved, possesses information concerning the existence or nature of such communications.

14.     Each request is addressed to the personal knowledge of Plaintiff, its attorneys, investigators, agents, employees, and experts or other representatives, as well as to all information available to you or them.

15.     Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify and describe each source of such information and belief. Should you be unable to answer any interrogatory or any portion thereof by either actual knowledge or upon information and belief, you should so state in detail your efforts to obtain such knowledge or information.

16.     The following discovery requests shall be deemed to be continuing, and any additional information or documents including without limitation, any conclusions, opinions, or contentions which relate in any way to these discovery requests, which are different from those set forth in your answers or responses hereto, and which you acquire subsequent to the date of responding, up to and including the date of trial, shall be furnished to counsel for Defendants promptly after such information is acquired.

NON-CERTIFIED COPY

17.    The following rules of construction apply to all discovery requests:

(a)    All/Each. The terms "all" and "each" shall be construed as all and each.

(b)    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c)    Number. The use of the singular form of any word includes the plural and vice versa.

## INTERRROGATORIES

**INTERROGATORY NO. 1:** Please Describe the types of tracked equipment, that have been operated, loaded, unloaded, stored or parked on the concrete paved surfaces (hereinafter "Paved Surfaces") of the H&E sites or locations in Baton Rouge and Kenner.

**INTERROGATORY NO. 2:** Please Identify any and all locations or sites that have been owned or leased by H&E, other than Baton Rouge and Kenner, with Paved Surfaces on which the types of equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked, and for each such location please Identify the period of time H&E has owned or leased said location or site.

**INTERROGATORY NO. 3:** With regard to each and every location or site identified in your response to Interrogatory No. 2 above, please Identify:

(a)    the type(s) of tracked equipment that have been operated, loaded, unloaded, stored or parked on these Paved Surfaces;

(b)    the date when the Paved Surface was first installed at each respective location;

(c)    the entity or person(s) who designed the Paved Surfaces at each respective location;

(d)    the entity or person(s) who constructed the Paved Surfaces at each respective location;

(e)    the cost of construction of the Paved Surfaces at each respective location;

(f)    the status and condition of the Paved Surfaces at each respective location;

(g)    the types of expansion/construction joints existing in these Paved Surfaces;

(h)    whether any of the expansion/construction joints have reinforced or armored joints, and if so, Describe such reinforcement or armor applicable at each location or site;

(i)    the status and condition of the expansion/construction joints in these Paved Surfaces;

NON-CERTIFIED COPY

(j) any problems or deficiencies noted with regard to the expansion/construction joints in these Paved Surfaces;

(k) any maintenance program applicable to the expansion/construction joints and/or these Paved Surfaces;

(l) any and all repairs, replacements or maintenance conducted with regard to the Paved Surfaces, including the expansion/construction joints in the same;

(m) the dates of any and all repairs, replacements or maintenance conducted with regard to the Paved Services, including the expansion/construction joints in the same;

(n) the results of any such repairs, replacements or maintenance;

(o) the cost of any such repairs, replacements or maintenance.

**INTERROGATORY NO. 4:** Please Identify the reasons for the decisions to repair, replace or maintain the Paved Surfaces, including the expansion/construction joints in the same, as indicated in your response to Interrogatory No. 3(i) above, and the person or person(s) responsible for the decision(s) to conduct these repairs, replacements or maintenance.

**INTERROGATORY NO. 5:** Please Identify any and all locations or sites that have been owned or leased by H&E on which the types of tracked equipment identified in Interrogatory No. 1 have been operated, loaded, unloaded, stored or parked on surfaces that are not paved with concrete( hereinafter "Unpaved Surfaces") , and for each such location please Identify:

(a) the types of tracked equipment that have been operated, loaded, unloaded, stored or parked on the Unpaved Surfaces;

(b) the types of surfaces that have been in place where such equipment has been operated, loaded, unloaded, stored or parked at these locations;

(c) the reasons this surface was used instead of a Paved Surface;

(d) the person or persons responsible for the design that called for an Unpaved Surface rather than a Paved Surface;

(e) any maintenance program applicable to these Unpaved Surfaces;

(f) any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(g) the dates of any and all repairs, replacements or maintenance conducted with regard to these Unpaved Surfaces;

(h) the results of such repairs, replacements or maintenance; and

(i) the cost of any such repairs, replacements or maintenance.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

_____
Philip A. Franco (Bar #5819), TA
Ron Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid and via email, this the 17th day of April, 2015.

_____
Kellen J. Matthews

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

## PROPOSED EMAIL SEARCH PARAMETERS

| CUSTODIANS | |
| --- | --- |
| H&E CUSTODIANS (All domains used) | URS CUSTODIANS (All domains used) |
| 1. Frankie Wynn<br><br>2. Leonard St. Germain<br><br>3. John Jones (including Johnny Jones, Johnnie Jones)<br><br>4. Bradley Barber<br><br>5. John Engquist | 1. Neal Johnson (including O'Neal Johnson)<br><br>2. Thomas Ryan, III<br><br>3. Debra Sanders<br><br>4. Tim Gaines (including Timothy Gaines) |

| COMMON SEARCH TERMS |
| --- |
| 1.   "concrete" /120  "break*" |
| 2.   "concrete" /120 "spall*" |
| 3.   "concrete" /120 "spawl*" (known misspelling) |
| 4.   concrete and Baton Rouge |
| 5.   concrete and BR |
| 6.   concrete and Kenner |
| 7.   concrete and Belle Chasse |
| 8.   "concrete" /120 "crack*" |

1



EXHIBIT

2

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

9. "concrete" /120 "crumbl*"

10. "concrete" /120 "repair*"

11. "concrete" /120 "track*"

12. "slab" /120 "break*"

13. "slab" /120 "spall*"

14. "slab" /120 "spawl*" (known misspelling)

15. slab and Baton Rouge

16. slab and Kenner

17. slab and Belle Chasse

18. "slab" /120 "crack*"

19. "slab" /120 "crumbl*"

20. "slab" /120 "repair*"

21. "slab" /120 "track*"

22. "pavement" /120 " break*"

23. "pavement" /120 "spall*"

24. "pavement" /120 "spawl*" (known misspelling)

25. pavement and Baton Rouge

26. pavement and BR

27. pavement and Kenner

28. pavement and Belle Chasse

29. "pavement" /120 "crack*"

30. "pavement" /120 "crumbl*"

2

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

31.  "pavement" /120 "repair*"

32.  "pavement" /120 "track*"

33.  parking and space* and Baton Rouge

34.  parking and space* and Kenner

35.  parking and space* and Belle Chasse

36.  "protect*" /120  "pavement"

37.  "protect*" /120  "concrete"

38.  "joint" /120 "break*"

39.  "joint" /120  "spall*"

40.  "joint" /120  "spawl*" (known misspelling)

41.  "joint" /120 "crumbl*"

42.  "joint" /120 "crack*"

43.  "joint" /120 "repair*"

44.  "joint" /120 "track*"

45.  "joint" /120 "maint*"

46.  "joint" /120 "armor"

47.  "deep" /120 "break*"

48.  "deep" /120 "spall*"

49.  "deep" /120 "spawl*" (known misspelling)

50.  "deep" /120 "crumbl*"

51.  "deep" /120 "crack*"

52.  "deep" /120 "repair"

3

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

53.   "deficienc*" /120 "concrete"

54.   "deficienc*" /120 "joint*"

55.   "deficienc*" /120 "pavement"

56.   "depth" /120 "break*"

57.   "depth" /120 "spall*"

58.    "depth" /120 "spawl*" (known misspelling)

59.   "depth" /120 "crumbl*"

60.   "depth" /120 "crack*"

61.   "depth "/120 "repair*"

62.   "punch list" and Baton Rouge

63.   "punch list" and BR

64.   "punch list" and Kenner

65.   "punch list" and Belle Chasse

66.   "caulk*" /120 "concrete"

67.   "caulk*" /120 "joint*"

68.   "caulk*" /120 "pavement"

69.   "seal*" /120 "concrete"

70.   "seal*" /120 "joint*"

71.   "seal*" /120 "pavement"

72.   design and alternative and Baton Rouge

73.   design and alternative and Kenner

74.   design and alternative and Belle Chasse

4

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

| | |
|---|---|
| 75. | limestone and Baton Rouge |
| 76. | limestone and Kenner |
| 77. | limestone and Belle Chasse |
| 78. | gravel and Baton Rouge |
| 79. | gravel and Kenner |
| 80. | gravel and Belle Chasse |
| 81. | "other facilities" and Baton Rouge |
| 82. | "other facilities" and Kenner |
| 83. | "other facilities" and Belle Chasse |
| 84. | "other sites" and Baton Rouge |
| 85. | "other sites" and Kenner |
| 86. | "other sites" and Belle Chasse |

5

NON-CERTIFIED COPY

*H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al.*
19th Judicial District Court, Case No. 626308, Division "D"

| PARTY-SPECIFIC SEARCH TERMS | |
|---|---|
| **H&E ONLY** | **URS ONLY** |
| 1.  URS<br><br>2.  URSCorp<br><br>3.  URSCorp.com | 1.   H&E<br><br>2.   he-equipment.com<br><br>3.   equipment and Baton Rouge<br><br>4.   equipment and BR<br><br>5.   equipment and Kenner<br><br>6.   equipment and Belle Chasse<br><br>7.   equipment and branch*<br><br>8.   equipment and load*<br><br>9.   equipment and track* |

| DATE RANGE FOR COLLECTION |
|---|
| January 1, 2006 – Present |

NON-CERTIFIED COPY

EBR CLERK OF COURT    Fax 2253893392                Dec 29 2015 05:03pm P001/001



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

NUMBER C626308 Division D                          Date:    29-DEC-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: REPLY BRIEF

Total Amount Due (includes all applicable fees below) $ 126.00

The Clerk of Court's office has received, by facsimile transmission dated 12-29-15, documents in the above referenced case. In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)       A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(b)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY

## ** Transmit Conf.Report **

P.1
EBR CLERK OF COURT    Fax 2253893392                Dec 29 2015 05:04pm

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915046364000 | Normal | 29:05:03pm | 0'34" | 1 | O K | |



## DOUG WELBORN
### CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

### FAX RECEIPT

NUMBER C626308 Division D                                    Date:   29-DEC-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: REPLY BRIEF

Total Amount Due (includes all applicable fees below) $ 126.00

The Clerk of Court's office has received, by facsimile transmission dated 12-29-15, documents in the above referenced case. In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)       A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(b)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**                 5249 – LTR / FAX RECT


NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392

www.ebrclerkofcourt.org

---

### FAX RECEIPT

NUMBER C626308  Division D                                   Date:    29-DEC-2015
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: REPLY BRIEF

Total Amount Due (includes all applicable fees below) $ 126.00

The Clerk of Court's office has received, by facsimile transmission dated 12-29-15, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)    A transmission fee of five dollars
13:841(A)(2)(a)  First page of each pleading, six dollars
13:841(A)(2)(b)  Each subsequent page, four dollars
13:841(A)(2)(c)  Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)  Issuing document without notice of service, fifteen dollars (Receipt generation fee)

NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C 626,308 SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |

FILED:_____

DEPUTY CLERK:

## REPLY BRIEF IN SUPPORT OF
## H&E EQUIPMENT SERVICES, INC.'S MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this Reply Brief in further support of its Second Motion to Compel and in response to the Memorandum in Opposition to Motion to Compel ("Opposition") filed by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants").

As the party opposing discovery, Defendants have the burden of showing that H&E's interrogatories and request for production regarding Defendants' work on other projects similar to those at issue in this case are not relevant and/or are overly burdensome. *See, e.g., MTU of North America*, 475 So.2d 1063, 1066 (La. 1985); *see also, e.g., McLeod, Alexander, Powel & Appffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990) (placing the burden on the party opposing discovery to "show specifically how ... each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive"). Defendants have not met their burden in either respect. In fact, H&E's requests are critically relevant to the issues in this case and are not overly broad or burdensome, and, therefore, Defendants should be compelled to provide thorough and meaningful responses to H&E's interrogatories and request for production regarding Defendants' professional services in connection with similar projects

### I.    H&E's Interrogatories and Request for Production are Relevant.

In their Opposition, Defendants contend that their work on other similar projects is not relevant to this case "because it does not set the standard of care," as if that were the only question at issue in this case.[1] This is precisely the opposite of what Defendants previously argued to the Court in asking the Court to compel H&E to provide similar information regarding

---

[1]    Opposition, pp. 5 and 2.

-1-

FAX COPY FILED _____
ORIGINAL FILED _____

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

its other facilities, which Defendants insisted was "relevant to show the standard of care."[2] Defendants cannot have it both ways.  Regardless, what designs, specifications, and/or contract administration services Defendants may have provided for similar projects is relevant to the question of what Defendants should or should not have done and should or should not have known with respect to appropriate specifications for H&E's facilities.  For example, if Defendants knew from prior experience that concrete intended for routine use by tracked vehicles required special design parameters, such would be relevant to whether Defendants breached their contractual obligations regardless of the standard of care.  This information is squarely within the bounds of permissible discovery, and Defendants should not be allowed to withhold it.

## II.    The Requested Information is Not Overly Broad or Unduly Burdensome.

Defendants likewise fail to show that the information requested by H&E is overly broad or burdensome.  As noted above and previously, the burden is *on Defendants* to "show specifically how" each request is overly broad, burdensome, or oppressive.  *Quarles*, 894 F.2d 1482 (5th Cir. 1990) (placing the burden on the party opposing discovery to "show specifically how ... each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive"); *see also, e.g., Southern Filter Media, LLC v. Halter*, 2014 WL 42787788, *5 (M.D. La. 8/29/14) (conclusory objections that discovery requests were overly broad, vague, ambiguous, and unduly burdensome were "entirely inadequate" and did not overcome opposing party's burden in objecting to the discovery); *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("Broad-based, non-specific objections ... fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request."); *MTU of North America v. Raven Marine*, 475 So.2d 1063, 1066 (La. 1985) (burden is on party opposing discovery to show that discovery requested is unduly burdensome).

Defendants in their Opposition make much of the fact that URS Corporation is a "global company" and assert that obtaining the information requested by H&E would necessarily be "an astronomically burdensome and costly endeavor."[3]  In support of this conclusory statement, Defendants repeatedly point to the number of documents generated by the parties' agreed-upon

---

[2]     Defendants' Memorandum in Support of Motion to Compel Discovery Responses, filed 5/11/5, p. 11.

[3]     Opposition, pp. 1-2.

-2-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

ESI search protocol in this case – 122,184 documents according to Defendants for the three facilities at issue.[4]  There are several problems with Defendants' argument.

First, simply because one or more of the defendants is a large, or even global, company does not make H&E's requests necessarily broad or burdensome.  If that were the case, global companies would never have to respond to requests of this nature.  Moreover, H&E has not requested information regarding every project Defendants ever performed work on: it has requested information only regarding similar projects for similar clients.

In their Opposition, Defendants attempt to distinguish their own similar requests regarding other H&E facilities by emphasizing that only seven sites met the criteria of a similar site.[5]  But, Defendants confuse the issue here because Defendants' interrogatories did not request information regarding seven, specific sites: Defendants requested information regarding "any and all locations or sites that have been owned or leased by H&E" with similar operations as H&E's Kenner and Baton Rouge facilities – with no temporal or geographic limitation.[6]  Simply because Defendants' request happened to turn up relatively few hits does not make the request itself any less broad or burdensome.  H&E is a national company with approximately 70 facilities and sites located across the United States, and Defendants demanded that H&E identify all similar sites – the number of which were unknown – and provide detailed information regarding each and every one.  That Defendants *may* have worked on more similar projects than H&E has similar facilities – which only further shows the relevancy of H&E's requests – does not make H&E's requests more burdensome than Defendants' requests.

Defendants' reliance on the size of data generated by the parties' agreed-upon ESI search protocol for the three facilities at issue is similarly misplaced and unavailing.[7]  In short, Defendants argue that H&E's requests regarding other similar projects of Defendants must be overly broad and burdensome because the parties' ESI protocol for the three facilities at issue – which was crafted by all parties – is generating a voluminous amount of documents.  Such a comparison is entirely inapposite and misleading.  The parties' ESI protocol includes *four different defendant email custodians* and *95 defendant search terms and/or phrases* designed to

---

[4]     *See, e.g.,* Opposition, p. 2.  Notably, Defendants have not produced any of these documents.

[5]     *See* Opposition, p. 6.

[6]     *See, e.g.,* Defendants' First Set of Interrogatories, a copy of which is attached as Exhibit "1."

[7]     It bears noting that 122,184 documents is not a particularly large response to discovery in a complex construction dispute.

NON-CERTIFIED COPY

generate a thorough universe of responsive documents.[8]   Conversely, H&E's interrogatories and request for production request only limited, basic information regarding Defendants' other similar projects.

In fact, it is not clear how many projects would be responsive to H&E's requests or what the size of Defendants' response would be because Defendants have not taken the first step in attempting to search for responsive information.   They have simply asserted boilerplate, conclusory objections and asked that the Court take their word for it that H&E's requests are overly broad and burdensome.   This clearly does not overcome the presumption of discoverability or otherwise meet Defendants' burden in avoiding relevant discovery.

**III.   <u>Conclusion</u>**

Defendants' Opposition simply does not save Defendants' boilerplate, conclusory, and even dismissive objections.   For all of the reasons set forth above and previously, H&E's discovery requests regarding the professional services provided by Defendants on other similar projects is both relevant to the claims and defenses in this litigation and reasonable.   H&E respectfully requests that the Court grant its second Motion to Compel and order Defendants to respond to the outstanding discovery requests.   H&E further requests that it be awarded its reasonably costs and attorney's fees incurred in connection with this Motion to Compel.

---

[8]        A copy of the parties' Search Term Parameters is attached as Exhibit "2."

-4-

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: 

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 29th day of December, 2015, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

LAURA E. CARLISLE



NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY





## BAKER DONELSON
### BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE: 504-566-5200
FAX: 504-636-4000
www.bakerdonelson.com

LAURA E. CARLISLE
**Direct Dial:** (504) 566-8643
**Direct Fax:** (504) 585-6943
**E-Mail:** lcarlisle@bakerdonelson.com

December 30, 2015

RECEIVED
JAN 04 2016
POSTED
DEPUTY CLERK OF COURT
JAN 0 5 20

**<u>VIA FEDERAL EXPRESS</u>**

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, Louisiana 70821

Re:    *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
       19th JDC No. 626308, Division "D"

Dear Mr. Welborn:

Enclosed please find an original and two (2) copies of the Reply Brief in Support of H&E Equipment Services, Inc.'s Motion to Compel, which was fax filed with your office on December 29, 2015 and we now ask that you file the original with the Court on behalf of Plaintiff, H&E Equipment Services, Inc. We have received your fax confirmation regarding filing and have enclose our firm's check in that amount $126.00 for the fees associated with this filing. I would appreciate your returning a date-stamped copy of this pleading to undersigned counsel in the enclosed, self-addressed envelope.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kindest regards, I remain

Sincerely,

*/s/ Laura E. Carlisle*

Laura E. Carlisle

LEC/sdt
Encl.
cc:    P        Franco, Esq. w/encl.
       K        Matthews, Esq. w/encl.

NO LEC 907
2919213-000(

KEBR3362373

ALABAMA • ...DA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

NON-CERTIFIED COPY



201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE: 504-566-5200
FAX: 504-636-4000
www.bakerdonelson.com

LAURA E. CARLISLE
Direct Dial: (504) 566-8643
Direct Fax: (504) 585-6943
E-Mail: lcarlisle@bakerdonelson.com

December 30, 2015

**RECEIVED**
JAN 04 2016
**POSTED**
DEPUTY CLERK OF COURT
JAN 05

**VIA FEDERAL EXPRESS**

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, Louisiana 70821

Re:  *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
19th JDC No. 626308, Division "D"

Dear Mr. Welborn:

Enclosed please find an original and two (2) copies of the Reply Brief in Support of H&E Equipment Services, Inc.'s Motion to Compel, which was fax filed with your office on December 29, 2015 and we now ask that you file the original with the Court on behalf of Plaintiff, H&E Equipment Services, Inc. We have received your fax confirmation regarding filing and have enclose our firm's check in that amount $126.00 for the fees associated with this filing. I would appreciate your returning a date-stamped copy of this pleading to undersigned counsel in the enclosed, self-addressed envelope.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kindest regards, I remain

Sincerely,

/s/ *Laura E. Carlisle*

Laura E. Carlisle

LEC/sdt
Encl.
cc:  P      Franco, Esq. w/encl.
     K      Matthews, Esq. w/encl.

NO LEC 907
2919213-000

ALABAMA • DA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

...  Opposition, Defendants contend that their work on other similar projects is not

relevant to this case "because it does not set the standard of care," as if that were the only

question at issue in this case.[1]  This is precisely the opposite of what Defendants previously

argued to the Court in asking the Court to compel H&E to provide similar information regarding

---

[1]      Opposition, pp. 5 and 2.

-1-

FAX COPY FILED 12/29/15
ORIGINAL FILED 1 4 16

NON-CERTIFIED COPY

NO LEC 898799 v1
2919213-000024

its other facilities, which Defendants insisted was "relevant to show the standard of care."[2]
Defendants cannot have it both ways.  Regardless, what designs, specifications, and/or contract administration services Defendants may have provided for similar projects is relevant to the question of what Defendants should or should not have done and should or should not have known with respect to appropriate specifications for H&E's facilities.  For example, if Defendants knew from prior experience that concrete intended for routine use by tracked vehicles required special design parameters, such would be relevant to whether Defendants breached their contractual obligations regardless of the standard of care.  This information is squarely within the bounds of permissible discovery, and Defendants should not be allowed to withhold it.

## II.   The Requested Information is Not Overly Broad or Unduly Burdensome.

Defendants likewise fail to show that the information requested by H&E is overly broad or burdensome.  As noted above and previously, the burden is *on Defendants* to "show specifically how" each request is overly broad, burdensome, or oppressive.  *Quarles*, 894 F.2d 1482 (5th Cir. 1990) (placing the burden on the party opposing discovery to "show specifically how ... each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive"); *see also, e.g., Southern Filter Media, LLC v. Halter*, 2014 WL 42787788, *5 (M.D. La. 8/29/14) (conclusory objections that discovery requests were overly broad, vague, ambiguous, and unduly burdensome were "entirely inadequate" and did not overcome opposing party's burden in objecting to the discovery); *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("Broad-based, non-specific objections ... fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request."); *MTU of North America v. Raven Marine*, 475 So.2d 1063, 1066 (La. 1985) (burden is on party opposing discovery to show that discovery requested is unduly burdensome).

Defendants in their Opposition make much of the fact that URS Corporation is a "global company" and assert that obtaining the information requested by H&E would necessarily be "an astronomically burdensome and costly endeavor."[3]  In support of this conclusory statement, Defendants repeatedly point to the number of documents generated by the parties' agreed-upon

---

[2]      Defendants' Memorandum in Support of Motion to Compel Discovery Responses, filed 5/11/5, p. 11.

[3]      Opposition, pp. 1-2.

-2-

NON-CERTIFIED COPY

ESI search protocol in this case – 122,184 documents according to Defendants for the three facilities at issue.[4]  There are several problems with Defendants' argument.

First, simply because one or more of the defendants is a large, or even global, company does not make H&E's requests necessarily broad or burdensome.  If that were the case, global companies would never have to respond to requests of this nature.  Moreover, H&E has not requested information regarding every project Defendants ever performed work on: it has requested information only regarding similar projects for similar clients.

In their Opposition, Defendants attempt to distinguish their own similar requests regarding other H&E facilities by emphasizing that only seven sites met the criteria of a similar site.[5]  But, Defendants confuse the issue here because Defendants' interrogatories did not request information regarding seven, specific sites: Defendants requested information regarding "any and all locations or sites that have been owned or leased by H&E" with similar operations as H&E's Kenner and Baton Rouge facilities – with no temporal or geographic limitation.[6]  Simply because Defendants' request happened to turn up relatively few hits does not make the request itself any less broad or burdensome.  H&E is a national company with approximately 70 facilities and sites located across the United States, and Defendants demanded that H&E identify all similar sites – the number of which were unknown – and provide detailed information regarding each and every one.  That Defendants *may* have worked on more similar projects than H&E has similar facilities – which only further shows the relevancy of H&E's requests – does not make H&E's requests more burdensome than Defendants' requests.

Defendants' reliance on the size of data generated by the parties' agreed-upon ESI search protocol for the three facilities at issue is similarly misplaced and unavailing.[7]  In short, Defendants argue that H&E's requests regarding other similar projects of Defendants must be overly broad and burdensome because the parties' ESI protocol for the three facilities at issue – which was crafted by all parties – is generating a voluminous amount of documents.  Such a comparison is entirely inapposite and misleading.  The parties' ESI protocol includes *four different defendant email custodians* and *95 defendant search terms and/or phrases* designed to

---

[4]    *See, e.g.,* Opposition, p. 2. Notably, Defendants have not produced any of these documents.

[5]    *See* Opposition, p. 6.

[6]    *See, e.g.,* Defendants' First Set of Interrogatories, a copy of which is attached as Exhibit "1."

[7]    It bears noting that 122,184 documents is not a particularly large response to discovery in a complex construction dispute.

NON-CERTIFIED COPY

generate a thorough universe of responsive documents.[8]    Conversely, H&E's interrogatories and request for production request only limited, basic information regarding Defendants' other similar projects.

In fact, it is not clear how many projects would be responsive to H&E's requests or what the size of Defendants' response would be because Defendants have not taken the first step in attempting to search for responsive information.    They have simply asserted boilerplate, conclusory objections and asked that the Court take their word for it that H&E's requests are overly broad and burdensome.    This clearly does not overcome the presumption of discoverability or otherwise meet Defendants' burden in avoiding relevant discovery.

## III.    Conclusion

Defendants' Opposition simply does not save Defendants' boilerplate, conclusory, and even dismissive objections.    For all of the reasons set forth above and previously, H&E's discovery requests regarding the professional services provided by Defendants on other similar projects is both relevant to the claims and defenses in this litigation and reasonable.    H&E respectfully requests that the Court grant its second Motion to Compel and order Defendants to respond to the outstanding discovery requests.    H&E further requests that it be awarded its reasonably costs and attorney's fees incurred in connection with this Motion to Compel.

---

[8]        A copy of the parties' Search Term Parameters is attached as Exhibit "2."

-4-

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: 

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

IT IS HEREBY CERTIFIED that on this 29th day of December, 2015, the foregoing was

served on all known counsel of record who have appeared in this matter by facsimile and/or

electronic mail and by placing same in the United States mail, in a properly addressed envelope,

with first-class postage prepaid.

_____
LAURA E. CARLISLE



-5-

NO LEC 898799 v1
2919213-000024

NON-CERTIFIED COPY

6709-15-000433

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    URS CORPORATION ARCHITECTURE PC.,
       URS CORPRATION L.O'NEAL JOHNSON, AND THOMAS E. RYAN, III
       THROUGH PHILIP A FRANCO
       KELLEN MATTHEWS
       4500 ONE SHELL SQUARE
       NEW ORLEANS, LA.   70139

The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

## MOTION TO COMPEL

You MUST come to Court at 1:00 PM, on JANUARY 4, 2016 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

### * * * * * SEE ATTACHED ORDER * * * * *

**YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.**

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **15-DEC-2015**.

PAPER          ENTERED          RETURN

DEPUTY          PARISH

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

Requesting Attorney:
LAURA E CARLISLE

---

**SERVICE INFORMATION:**

Received on the 21 day of Dec. , 20 15 and on the 21 day of Dec. , 20 15 , served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at Ginger, Secty.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**      After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of Orleans , this 21 day of Dec. , 20 15.

Deputy Sheriff
Parish of Orleans

SERVICE:$_____
MILEAGES_____
TOTAL: $_____

**RULE NISI (OOP) - 6709**        1:50 P.M.

NON-CERTIFIED COPY

EBR3379010

EBR3381043



ADAMS AND REESE LLP

January 14, 2016

Attorneys at Law
Alabama
Florida
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

Kellen J. Mathews
Direct: 225.378.3243
E-Fax: 225.336.5115
kellen.mathews@arlaw.com

*VIA HAND DELIVERY*

Honorable Janice G. Clark
District Judge, 19th Judicial District Court
Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, LA 70802

**RECEIVED**
JAN 14 2016
**DEPUTY CLERK OF COURT**

COST OK $ _____

JAN 14 2016
**DEPUTY CLERK OF COURT**

Re: *H&E Equipment Services, Inc. v. URS Corporation Architecture, PC, et al.*
No. 626,308, Div. D, 19th Judicial District Court
Our File No.: 23067-1

Dear Judge Clark:

Please accept this letter as Defendants' request for a Status Conference in the above-referenced matter in order to establish a scheduling order and associated case deadlines.

We look forward to participating in this Status Conference. Should you have any questions or need any further information, please do not hesitate to contact our office.

Sincerely,

ADAMS AND REESE LLP

Kellen J. Mathews

**SEE CASE MANAGEMENT SCHEDULE**

cc: Roy C. Cheatwood
David Kurtz *(via e-mail only)*
Anne Wittmann *(via e-mail only)*
Laura E. Carlisle *(via e-mail only)*

REC'D C.P.
FEB 01 2016



---

450 Laurel Street, Suite 1900 | Baton Rouge, Louisiana 70801 | 225.336.5200 | Fax 225.336.5220
www.adamsandreese.com

NON-CERTIFIED COPY

**CASE MANAGEMENT SCHEDULE**
**19TH JUDICIAL DISTRICT**
**PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**
**GOVERNMENTAL BUILDING**
**222 ST. LOUIS STREET**
**BATON ROUGE, LA 70801**



H&E EQUIPMENT                    No.  626308                    Div. D

   vs.                         Judge Clark, presiding

URS CORP.                        Courtroom 10A

The undersigned attorneys acknowledge receipt of this notice informing them that:

1. Discovery cutoff is set for **APRIL 10, 2016**.

2. The parties are to exchange pretrial inserts and exhibit books by **APRIL 15, 2016**.
   The pretrial order shall be prepared in accordance with the Local Rules and filed with the court by **APRIL 20, 2016**.

3. Pretrial conference is set for **WAIVED** o'clock on . Attorneys are to bring to the pretrial conference an exhibit book for the court containing premarked exhibits and a table of contents.

4. This case is assigned for a bench trial commencing at  o'clock on the  day of , .

   Trial briefs are to be filed with the court by **APRIL 25, 2016**.

5. This case is assigned for a jury trial commencing at  o'clock on the  day of , .

   (a) Jury bond in the amount of $ is to be filed no later than , by the requesting party and no later than , by the non-requesting party, with a true or certified copy of the bond to be delivered by the filing party to the Jury System Coordinator (Room 731) on the date filed.

   (b) Jury charges and verdict forms are to be submitted <u>to the Court</u> not later than .

   (c) A charge/settlement conference is set at  o'clock on the  day of , .

   (d) Number of days set aside for trial .

6. Additional matters:  .

REC'D C.P.
FEB 0 1 2016

Attorney for Plaintiff:          Attorney for Defendant:

FILED

JAN 2 0 2016

DEPUTY CLERK OF COURT

THUS ORDERED this 20 day of , Jan , 2016

Judge, 19th Judicial District Court

Conferences are held in Room .

REC'D C.P.
FEB 0 1 2016

NON-CERTIFIED COPY

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | *    CASE NO. C626308, SECTION D |
| VERSUS | *    19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | *    PARISH OF EAST BATON ROUGE |
| | *    STATE OF LOUISIANA |
| FILED:_____ | _____ |
| | DEPUTY CLERK |

### JOINT PROPOSED AMENDED CASE MANAGEMENT ORDER

Plaintiff, H&E Equipment Services, Inc., and defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III, respectfully submit this Joint Proposed Amended Case Management Order, which proposed Order shall amend the original Case Management Order issued by the Court on January 20, 2016:

1. The parties must disclose all experts relative to their respective claims and counterclaims and their areas of expertise on or before June 1, 2016.

2. The parties must disclose all experts providing rebuttal testimony and their areas of expertise on or before June 30, 2016.

3. Experts as to topics for which the presenting party has a claim or counterclaim must produce their report(s) on or before July 29, 2016.

4. Experts providing rebuttal testimony or opinions must produce their report(s) on or before August 31, 2016.

5. All fact discovery, including depositions, must be completed on or before August 31, 2016.

6. All expert discovery, including depositions, must be completed on or before September 30, 2016.

7. Any amendments to pleadings must be filed on or before April 30, 2016.

8. All fact witnesses that the parties may call at trial shall be disclosed by May 15, 2016.

9. The Court shall set deadlines for all other pretrial disclosures, briefing, and other submissions at the Pretrial Conference, which is set for _Sept 30, 2016_ ___:___ a.m./p.m.

_March 14, 2016_

_Janice Clark_

HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

FILED
EAST BATON ROUGE PARISH, LA
2016 MAR 14 AM 11: 57

DEPUTY CLERK OF COURT

EBR3476050

NON-CERTIFIED COPY

Respectfully submitted,

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR PLAINTIFF,
H&E EQUIPMENT SERVICES, INC.**

PHILIP A. FRANCE (5819)
RONALD J. SHOLES (14463)
KELLEN J. MATHEWS (31860)
ADAMS & REESE, LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS,
URS CORPORATION ARCHITECTURE,
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III**

FILED
EAST BATON ROUGE PARISH, LA
2016 MAR 14 AM 11: 57
DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308      DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | STATE OF LOUISIANA |
| ARCHITECTURE, P.C., URS | | |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

## MEMORANDUM IN SUPPORT OF MOTION TO APPOINT SPECIAL MASTER

---

**MAY IT PLEASE THE COURT:**

Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"), submit this memorandum in support of their motion to appoint special master as follows:

In this action, Plaintiff, H&E Equipment Services, Inc. ("H&E") seeks damages for what it asserts were deficient designs and specifications prepared by URS Corporation Architecture, P.C. and its affiliates or subsidiaries ("URS") for the construction and renovation of H&E facilities in Baton Rouge, Kenner, and Belle Chase, Louisiana between 2006 and 2013. As the Court is aware, the parties have, to date, had several discovery disputes, which have resulted in numerous discovery conferences as well as four separate motions to compel (two for each side) which were heard and addressed by this Court.

Notably, the parties have yet to complete the electronic discovery phase, which is anticipated to generate tens of thousands of additional documents. Depositions are to begin after the exchange of electronic documents. Additional discovery issues are expected to arise. Thus, in order to streamline the matter and ensure the orderly

EBR3478217

NON-CERTIFIED COPY

advancement of discovery in this matter and progression toward trial or other resolution of this case, Defendants request that this Court appoint a special master to address pretrial discovery issues that may arise in this matter.

Defendants submit that the appointment of a special master for the purposes of resolving discovery disputes will promote the interests of judicial economy and allow the parties to move the matter along more quickly and efficiently. In short, it is in everyone's best interest to appoint a special master for the purposes of addressing pretrial discovery issues and accordingly Defendants respectfully request that the Court appoint a special master to assist the parties in resolution of pretrial discovery issues.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco    (Bar #5819), TA
Ron Sholes         (Bar # 14436)
Kellen J. Mathews  (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

FILED
EAST BATON ROUGE PARISH, L/
2016 APR -4  PH 3: 44
DEPUTY CLERK OF COURT

2

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid and via email, this the 4th day of April, 2016.

_____
Kellen J. Mathews

FILED
EAST BATON ROUGE PARISH, LA
2016 APR -4  PM 3: 45

DEPUTY CLERK OF COURT

3

NON-CERTIFIED COPY

4-18

COST OK Amt. 165

APR - 4 2016

BY _CHS0633773P_
DY CLERK OF COURT

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308    DIV.: D** |
| | * | **19TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | |
| | * | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION** | * | |
| **ARCHITECTURE, P.C., URS** | * | **STATE OF LOUISIANA** |
| **CORPORATION, L. O'NEAL** | | |
| **JOHNSON AND THOMAS E. RYAN,** | | |
| **III** | | |

---

## MOTION TO APPOINT SPECIAL MASTER

---

**NOW INTO COURT**, through undersigned counsel come Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"), who respectfully move this Court to appoint a special master in order to assist the parties in resolving pretrial discovery issues without unduly burdening the judicial resources of this court, thereby promoting the interest of judicial economy.

WHEREFORE, for the reasons set forth in the attached memorandum, Defendants pray that this Court appoint a special master for the purpose of addressing pretrial discovery issues in this matter and for any other equitable relief available under these premises.

Respectfully submitted,

**ADAMS AND REESE, LLP**

Philip A. Franco    (Bar #5819), TA
Ron Sholes          (Bar # 14436)
Kellen J. Mathews   (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

FILED
EAST BATON ROUGE PARISH, LA
2016 APR -4  PM 3: 44
DEPUTY CLERK OF COURT

REC'D C.P.
APR 1 2 2016

EBR3478216

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid and via email, this the 4th day of April, 2016.

_____
Kellen J. Mathews

FILED
EAST BATON ROUGE PARISH LA

2016 APR -4 PM 3: 44

DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * | STATE OF LOUISIANA |

---

## RULE TO SHOW CAUSE

---

Considering the foregoing Motion to Appoint Special Master and Memorandum in Support of Motion to Appoint Special Master filed by Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III:

**IT IS HEREBY ORDERED,** that Plaintiff be made to appear and show cause, if any, on the 18 day of April 2016 at 1:00 p.m. why the Motion to Appoint Special Master filed on behalf of Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, should not be granted and why a special master should not be appointed to address pretrial discovery issues in this matter.

THUS DONE AND SIGNED this 6 day of April, 2016, at Baton Rouge, Louisiana.

_____
**HON. JANICE CLARK**
Judge, 19th Judicial District Court

FILED
EAST BATON ROUGE PARISH, LA.
2016 APR -4 PM 3: 44
DEPUTY CLERK OF COURT

**PLEASE SERVE:**

H&E Equipment Services, Inc.
Through its Attorney of Record
Roy C. Cheatwood
Baker Donelson Bearman Caldwell & Berkowitz
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

NON-CERTIFIED COPY

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
## 300 North Boulevard
## Baton Rouge, LA 70801
## Phone  (225)389-3960

NO.  C626308 Division D              12-APR-2016

TO:  **ORLEANS PARISH SHERIFFS OFFICE**
     **CIVIL DEPARTMENT**
     **421 LOYOLA AVE**
     **NEW ORLEANS, LA 70112**

Please find attached RULE NISI  to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

    X    note the enclosed check for payment of service;

    ف    send us your bill for service;

    ف    note that this is a pauper suit and no funds are available; or

    ف    note that this is a government suit and no funds are necessary.

Thank You,

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney:  KELLEN J MATHEWS**

**REPLY:**                     DATE:_____

_____

_____

_____

_____

_____

By:_____

Deputy Sheriff, Parish of _____

**Letter to Out Of Parish Sheriff - 5213**



EBR3432701

NON-CERTIFIED COPY

6709-16-000031

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**vs.**

**PARISH OF EAST BATON ROUGE**

**URS CORPORATION ARCHITECTURE PC**
**ET AL**
(Defendant)

**STATE OF LOUISIANA**

**TO:   H&E EQUIPMENT SERVICES INC**
**THRU ROY C CHEATWOOD**
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ**
**201 ST CHARLES AVE. STE. 3600**
**NEW ORLEANS, LA.  70170**

       The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

MOTION TO APPOINT SPECIAL MASTER

       You MUST come to Court at **1:00 PM**, on **APRIL 18, 2016** in **Room 10-A** , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

**\* \* \* \* \* SEE ATTACHED ORDER \* \* \* \* \***

       **YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.**

       This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **12-APR-2016**.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:
KELLEN J MATHEWS

---

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____ , served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**      After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____ .

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of _____

**RULE NISI (OOP) - 6709**



EBR3580887

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.    *    CASE NO. C626308, SECTION D

VERSUS    *    19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,    *    PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III    *    STATE OF LOUISIANA

FILED:_____    _____
    DEPUTY CLERK


## OPPOSITION TO DEFENDANTS' MOTION TO APPOINT SPECIAL MASTER

**MAY IT PLEASE THE COURT:**

H&E Equipment Services, Inc. ("H&E") respectfully submits this Opposition in response to the Motion to Appoint Special Master filed by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "Defendants") (the "Motion"). Simply stated, this is not a case with complicated legal or factual issues or extraordinary circumstances warranting the appointment of a Special Master, which will only cause unnecessary expense for the parties. H&E respectfully submits that the appointment of a Special Master is not appropriate, and it opposes Defendants' Motion.

Section 13:4165(A) of the Louisiana Revised Statutes permits the appointment of a Special Master to assist with civil litigation only in narrow circumstances: (1) where "all parties litigant" consent, and (2) where "complicated legal or factual issues are presented or wherein exceptional circumstances of the case warrant such appointment." La. Rev. Stat. § 13:4165(A). Neither of these requirements is present in this case.

This is not a case involving complicated legal or factual issues or exceptional circumstances: it is a case about concrete defects involving only one plaintiff and one defendant. The discovery undertaken to date is not outside the normal bounds of a construction dispute between two large corporate parties; and H&E submits that the Court has already heard discovery disputes without difficulty or the need for any special settings and will deal with them and any future disputes properly without the need of a Special Master. A Special Master will only delay resolution and cause significant, unnecessary additional expense.

For all of these reasons, a Special Master is neither appropriate nor permitted under Section 13:4165, and H&E respectfully requests that Defendants' Motion be denied.


EBR3565095

2919213-000024

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _[signature]_

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

IT IS HEREBY CERTIFIED that on this 14th day of April, 2016, the foregoing was

served on all known counsel of record who have appeared in this matter by facsimile and/or

electronic mail and by placing same in the United States mail, in a properly addressed envelope,

with first-class postage prepaid.

_[signature]_
LAURA E. CARLISLE

_[stamp: FILED EAST BATON ROUGE PARISH, LA 2016 APR 14 PM 4:27 DEPUTY CLERK OF COURT]_

NO LEC 927503 v1
2919213-000024

NON-CERTIFIED COPY

EBR CLERK OF COURT    Fax 2253893392        Apr 14 2016 04:52pm P001/001



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

## FAX RECEIPT

NUMBER C626308  Division D                            Date:   14-APR-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:   LAURA E CARLISLE
      BAKER DONELSON BEARMAN
      201 ST CHARLES ST STE 3600
      NEW ORLEANS LA 70170

Item(s) Received: **OPPOSITION**

Total Amount Due (includes all applicable fees below) $ <u>50.00</u>

The Clerk of Court's office has received, by facsimile transmission dated , documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)        A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(b)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

<u>NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT</u>
<u>UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.</u>

<u>SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.</u>
<u>SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.</u>

<u>IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.</u>
<u>IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.</u>

_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT

**REC'D C.P.**

APR 1 8 2016



REC'D C.P.

APR 2 6 2016


NON-CERTIFIED COPY

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | *   CASE NO. C626308, SECTION D |
| VERSUS | *   19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | *   PARISH OF EAST BATON ROUGE |
| | *   STATE OF LOUISIANA |
| FILED:_____ | _____ |
| | DEPUTY CLERK |

COST OK $ 50.00
# ??? ???
APR 18 2016
DEPUTY CLERK OF COURT

### OPPOSITION TO DEFENDANTS' MOTION TO APPOINT SPECIAL MASTER

**MAY IT PLEASE THE COURT:**

H&E Equipment Services, Inc. ("H&E") respectfully submits this Opposition in response to the Motion to Appoint Special Master filed by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "Defendants") (the "Motion"). Simply stated, this is not a case with complicated legal or factual issues or extraordinary circumstances warranting the appointment of a Special Master, which will only cause unnecessary expense for the parties. H&E respectfully submits that the appointment of a Special Master is not appropriate, and it opposes Defendants' Motion.

Section 13:4165(A) of the Louisiana Revised Statutes permits the appointment of a Special Master to assist with civil litigation only in narrow circumstances: (1) where "all parties litigant" consent, and (2) where "complicated legal or factual issues are presented or wherein exceptional circumstances of the case warrant such appointment." La. Rev. Stat. § 13:4165(A). Neither of these requirements is present in this case.

This is not a case involving complicated legal or factual issues or exceptional circumstances: it is a case about concrete defects involving only one plaintiff and one defendant. The discovery undertaken to date is not outside the normal bounds of a construction dispute between two large corporate parties; and H&E submits that the Court has already heard discovery disputes without difficulty or the need for any special settings and will deal with them and any future disputes properly without the need of a Special Master. A Special Master will only delay resolution and cause significant, unnecessary additional expense.

For all of these reasons, a Special Master is neither appropriate nor permitted under Section 13:4165, and H&E respectfully requests that Defendants' Motion be denied.

APR 26 2016

REC'D C.P.

FAX COPY FILED 4|14|16
_____ 4|18|16

APR 18 2016

NO LEC 927503 v1
2919213-000024

EBR3544057

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 14th day of April, 2016, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

_____
LAURA E. CARLISLE

-2-

NON-CERTIFIED COPY

## ** Transmit Conf.Report **

P.1
EBR CLERK OF COURT    Fax 2253893392

Apr 14 2016 04:52pm

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915046364000 | Normal | 14:04:51pm | 0'34" | 1 | O K | |



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.
P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

### FAX RECEIPT

NUMBER C626308  Division D
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

Date:    14-APR-2016

To:    LAURA E CARLISLE
BAKER DONELSON BEARMAN
201 ST CHARLES STE 3600
NEW ORLEANS LA 70170

Item(s) Received: OPPOSITION

Total Amount Due (includes all applicable fees below) $ 50.00

The Clerk of Court's office has received, by facsimile transmission dated , documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)       A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

S249 – LTR / FAX RECT

NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

## FAX RECEIPT

NUMBER C626308  Division D                        Date:    14-APR-2016

H&E EQUIPMENT SERVICES INC

VS

URS CORPORATION ARCHITECTURE PC ET AL


To:     LAURA E CARLISLE
        BAKER DONELSON BEARMAN
        201 ST CHARLES ST STE 3600
        NEW ORLEANS LA 70170

Item(s) Received: **OPPOSITION**

Total Amount Due (includes all applicable fees below) $ 50.00

The Clerk of Court's office has received, by facsimile transmission dated , documents in the above referenced case.  In accordance
with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original
signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing
by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)       A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(b)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.


*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT


NON-CERTIFIED COPY



**BAKER DONELSON**
BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:    504.636.4000

www.bakerdonelson.com

# FAX COVER SHEET

| | |
|---|---|
| **FROM** | Shelley Tannehill |
| **EMAIL** | stannehill@bakerdonelson.com |
| **BILL CODE** | |
| **TO** | |
| **COMPANY** | |
| **FAX NUMBER** | 12253893392 |
| **DATE** | 14/04/2016 14:53:01 CST |
| **RE** | H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al |

## COVER MESSAGE

**Shelley Tannehill**
**Legal Secretary to Danielle Trostorff, Shareholder,**
**Margaret Silverstein and Laura Carlisle**

**Baker, Donelson, Bearman,**
 **Caldwell & Berkowitz, PC**
**201 St. Charles Avenue, Suite 3600**
**New Orleans, Louisiana 70170**
**Telephone: 504.566.8658**
stannehill@bakerdonelson.com<mailto:stannehill@bakerdonelson.com>
www.bakerdonelson.com<http://www.bakerdonelson.com/>

**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. with offices in Alabama, Florida, Georgia, Louisiana, Mississippi, Tennessee, Texas and Washington, D.C.**

[Description: Description: cid:747443820@21092011-2865]<http://www.bakerdonelson.com/>

Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For(r)" for Seven Years in a Row!
 P Please consider the environment before printing this e-mail.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email,
then in any part of the same series of emails), such advice was not intended
or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used,
and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or
(2) promoting, marketing or recommending to another party any transaction or tax-related matter
addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at
law.
It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this
electronic mail transmission in error, please delete it from your system without copying it, and notify the
sender by reply e-mail, so that our address record can be corrected.
************************************************************

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named
above. If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this
facsimile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please immediately notify the person
named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to
avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

NON-CERTIFIED COPY

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170

PHONE:   504.566.5200
FAX:     504.636.4000

www.bakerdonelson.com

LAURA E. CARLISLE
Direct Dial: (504) 566-8643
Direct Fax: (504) 585-6943
E-Mail Address: lcarlisle@bakerdonelson.com

April 14, 2016

**VIA FACSIMILE (225) 389-3392**

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:   *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
      19th JDC No. 626308, Division "D", Section XXI

Dear Mr. Welborn:

Attached please find an Opposition to Defendants' Motion to Appoint Special Master, which we ask that you file with the Court on behalf of Plaintiff, H&E Equipment Services, Inc. Once we have received your fax confirmation, we will forward the original to you along with our check for the filing and fax fees associated with this request.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kindest regards, I remain

Sincerely,

/s/ Laura E. Carlisle

Laura E. Carlisle

LEC/sdt
Attachment
cc:    Philip A. Franco, Esq. w/encl. via facsimile  (504) 566-0210
       Kellen Matthews, Esq. w/encl. via facsimile (225) 336-5220

NO LEC 927647 v1
2919213-000024

ALABAMA    FLORIDA    GEORGIA    LOUISIANA    MISSISSIPPI    TENNESSEE    TEXAS    WASHINGTON, D.C.

NON-CERTIFIED COPY



# BAKER DONELSON
### BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUICIANA 70170
PHONE: 504-566-5200
FAX: 504-636-4000
www.bakerdonelson.com

LAURA E. CARLISLE
**Direct Dial**: (504) 566-8643
**Direct Fax**: (504) 585-6943
**E-Mail**: lcarlisle@bakerdonelson.com

April 15, 2016



**<u>VIA FEDERAL EXPRESS</u>**

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, Louisiana 70821

Re:    *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
19th JDC No. 626308, Division "D"

Dear Mr. Welborn:

Enclosed please find an original and two (2) copies of the Opposition to Defendants' Motion to Appoint Special Master, which was fax filed with your office on April 14, 2016 and we now ask that you file the original with the Court on behalf of Plaintiff, H&E Equipment Services, Inc.  We have received your fax confirmation regarding this filing and have enclosed our firm's check in that amount $50.00 for the fees associated with this filing.  I would appreciate your returning a date-stamped copy of this pleading to undersigned counsel in the enclosed, self-addressed envelope.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kindest regards, I remain

Sincerely,

/s/ Laura E. Carlisle

Laura E. Carlisle

LEC/sdt
Encl.
cc:    Philip A. Franco, Esq. w/encl.
Kellen Matthews, Esq. w/encl.

NO LEC 907902 v1
2919213-000024

LABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

NON-CERTIFIED COPY

6709-16-000031

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

vs.

**PARISH OF EAST BATON ROUGE**

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**STATE OF LOUISIANA**

TO:   **H&E EQUIPMENT SERVICES INC
THRU ROY C CHEATWOOD
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
201 ST CHARLES AVE. STE. 3600
NEW ORLEANS, LA.  70170**

The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

MOTION TO APPOINT SPECIAL MASTER

You MUST come to Court at **1:00 PM**, on **APRIL 18, 2016** in **Room 10-A** , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

**\* \* \* \* \* SEE ATTACHED ORDER \* \* \* \* \***

**YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.**

This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **12-APR-2016**.

APPEN   ENTERED   RETURN

SERIAL NO. _____/_____

DEPUTY   PARISH

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

Requesting Attorney:
KELLEN J MATHEWS

FILED
EAST BATON ROUGE
2016 APR 27
DEPUTY CLERK OF C

_____

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**     After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of _____

**RULE NISI (OOP) - 6709**

EBR3390834

EBR3580887

NON-CERTIFIED COPY

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:    504.566.5200
FAX:    504.636.4000

www.bakerdonelson.com

# FAX COVER SHEET

| FROM | Shelley Tannehill |
|---|---|
| EMAIL | stannehill@bakerdonelson.com |
| BILL CODE | |
| TO | |
| COMPANY | |
| FAX NUMBER | 12253893392 |
| DATE | 04/05/2016 12:27:27 CST |
| RE | H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al |

## COVER MESSAGE

**Shelley Tannehill**
**Legal Secretary to Danielle Trostorff, Shareholder,**
**Margaret Silverstein and Laura Carlisle**

**Baker, Donelson, Bearman,**
**Caldwell & Berkowitz, PC**
**201 St. Charles Avenue, Suite 3600**
**New Orleans, Louisiana 70170**
**Telephone: 504.566.8658**
tannehill@bakerdonelson.com<mailto:stannehill@bakerdonelson.com>
www.bakerdonelson.com<http://www.bakerdonelson.com/>

**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. with offices in**
**Alabama, Florida, Georgia, Louisiana, Mississippi, Tennessee, Texas and Washington, D.C.**

[Description: Description: cid:747443820@21092011-2865]<http://www.bakerdonelson.com/>

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For(r)" for Seven Years**
**in a Row!**
P Please consider the environment before printing this e-mail.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

EBR358041 2

NON-CERTIFIED COPY

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email,
then in any part of the same series of emails), such advice was not intended
or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used,
and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or
(2) promoting, marketing or recommending to another party any transaction or tax-related matter
addressed herein.


This electronic mail transmission may constitute an attorney-client communication that is privileged at
law.
It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this
electronic mail transmission in error, please delete it from your system without copying it, and notify the
sender by reply e-mail, so that our address record can be corrected.
*************************************************************

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named
above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this
facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person
named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to
avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

NON-CERTIFIED COPY

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170

PHONE: 504.566.5200
FAX: 504.636.4000

www.bakerdonelson.com

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

LAURA E. CARLISLE
Direct Dial: (504) 566-8643
Direct Fax: (504) 585-6943
E-Mail Address: lcarlisle@bakerdonelson.com

May 4, 2016

**<u>VIA FACSIMILE (225) 389-3392</u>**

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

      Re:   *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
                19th JDC No. 626308, Division "D", Section XX1

Dear Mr. Welborn:

      Attached please find a Judgment regarding the hearing of April 18, 2016 on Defendants'
Motion to Appoint Special Master, which we ask that you file into the above referenced record.
Once we have received your fax confirmation, we will forward the original to you along with our
check for the filing and fax fees associated with this request.

      Thank you for your assistance in this matter, and if you have any questions, please do not
hesitate to contact us.

      With kindest regards, I remain

                          Sincerely,

                          /s/ Laura E. Carlisle

                          Laura E. Carlisle

LEC/sdt
Attachment
cc:    Philip A. Franco, Esq. w/encl. via facsimile (504) 566-0210 and/or email
       Kellen Matthews, Esq. w/encl. via facsimile (225) 336-5220 and/or email

NO LEC 931474 v1
2919213-000024

ALABAMA    FLORIDA    GEORGIA    LOUISIANA    MISSISSIPPI    TENNESSEE    TEXAS    WASHINGTON, D.C.

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | * | **CASE NO. C626308, SECTION D** |
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| **URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III** | * | **PARISH OF EAST BATON ROUGE** |
| | * | **STATE OF LOUISIANA** |
| **FILED:**_____ | | _____ |
| | | **DEPUTY CLERK** |

## JUDGMENT

This matter came for hearing on April 18, 2016, on the Motion to Appoint Special Master

filed by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson,

and Thomas E. Ryan, III (collectively, "Defendants");

    **PRESENT**:    Mr. Kellen J. Mathews
                 For defendants, URS Corporation Architecture, P.C.,
                 URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III

                  Ms. Anne Derbes Wittmann
                  For plaintiff, H&E Equipment Services, Inc. ("H&E")

Considering Defendants' Motion to Appoint Special Master, applicable law, and the oral

argument of all counsel;

    **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion

to Appoint Special Master is **DENIED.**

    **THUS DONE AND SIGNED** in Baton Rouge, Louisiana, this _____ day of _____,

2016.

                               _____
                               HONORABLE JANICE CLARK, JUDGE
                               19th Judicial District Court



NO LEC 930327 v1
2919213-000024 05/04/2016

NON-CERTIFIED COPY

## RULE 9.5 CERTIFICATE

I HEREBY CERTIFY that, pursuant to Rule 9.5 of the Louisiana Rules for Civil Proceedings in District Courts, the proposed Judgment was circulated to all counsel of record in the above referenced matter on April 28, 2016, and all counsel consent to the form of the proposed Judgment.

Date: May 4, 2016

Anne Derbes Wittmann/Laura E. Carlisle
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR PLAINTIFF,**
**H&E EQUIPMENT SERVICES, INC.**

FILED
EAST BATON ROUGE PARISH, LA
2016 MAY -4  PM 3: 48
DEPUTY CLERK OF COURT

KO LEC 930327 v1
2919213-000024 05/04/2016

NON-CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB    Document 4-5    07/16/18    Page 89 of 328

| | | | |
|---|---|---|---|
| **Entry:** | REPLY MEMORANDUM | | |
| **Image:** | | **Microfilm #:** | WT 12/30 |

| | | | |
|---|---|---|---|
| 30-Dec-2015 12:35 PM | ATTACH/EXHIBITS(W/COST) | MATHEWS, KELLEN J | see pleading |
| **Entry:** | none | | |
| **Image:** | | **Microfilm #:** | WT 12/30 |

| | | | |
|---|---|---|---|
| 30-Dec-2015 02:45 PM | LETTER FROM ATTORNEY | CARLISLE, LAURA E | H&E EQUIPMENT SERVICES INC |
| **Entry:** | none | | |
| **Image:** | Image Available - 🖹 | **Microfilm #:** | S/R 01/06/16 |

| | | | |
|---|---|---|---|
| 30-Dec-2015 02:45 PM | OPPOSITION | CARLISLE, LAURA E | H&E EQUIPMENT SERVICES INC |
| **Entry:** | none | | |
| **Image:** | Image Available - 🖹 | **Microfilm #:** | S/R 01/06/16 |

| | | | |
|---|---|---|---|
| 30-Dec-2015 02:45 PM | ATTACH/EXHIBITS(W/COST) | CARLISLE, LAURA E | H&E EQUIPMENT SERVICES INC |
| **Entry:** | none | | |
| **Image:** | Image Available - 🖹 | **Microfilm #:** | S/R 01/06/16 |

| | | | |
|---|---|---|---|
| 04-Jan-2016 09:09 AM | MINUTE ENTRY | LAPEROUSE, EDWARD J | H&E EQUIPMENT SERVICES INC |
| **Entry:** | none | | |
| **Image:** | | **Microfilm #:** | |

| | | | |
|---|---|---|---|
| 04-Jan-2016 03:01 PM | POSTAGE/RETURN COPY | CARLISLE, LAURA E | H&E EQUIPMENT SERVICES INC |
| **Entry:** | none | | |
| **Image:** | | **Microfilm #:** | |

| | | | |
|---|---|---|---|
| 04-Jan-2016 03:51 PM | Hearing Held | | |
| **Entry:** | This matter came before the Court for Motion to Compel filed on behalf of defendants; Motion to Compel filed on behalf of plaintiffs. Present in Court: Anne Wittmann and Laura Carlisle, counsel for H & E Equipment; Phil Franco and Kellen Mathews, counsel for URS Corporation Architecture, PC, URS Corporation, L. Johnson, and Thomas Ryan, II. In regards to the Motion to Compel filed on behalf of defendant, the matter was argued by counsel, and the matter was submitted to the Court. Whereupon, the Court ordered that all interrogatories be supplemented in full within 15 days hereof. Thereafter, the Court will revisit this matter. In regards to the Motion to Compel filed on behalf of plaintiffs, the matter was argued by counsel, and the matter was submitted to the Court. Whereupon, the Court ordered that all interrogatories be supplemented in full within 15 days hereof. Thereafter, the Court will revisit the matter. (Lori Achee, Monday, January 4, 2015) | | |
| **Image:** | | **Microfilm #:** | |

EBR3432158

NON-CERTIFIED COPY

ATTACHMENT 1

| | |
|---|---|
| **H&E EQUIPMENT SERVICES, INC.** | **\*   CASE NO. C626308, SECTION D** |
| **VERSUS** | **\*   19TH JUDICIAL DISTRICT COURT** |
| **URS CORPORATION ARCHITECTURE,** | **\*   PARISH OF EAST BATON ROUGE** |
| **P.C., URS CORPORATION, L. O'NEAL** | |
| **JOHNSON, AND THOMAS E. RYAN, III** | **\*   STATE OF LOUISIANA** |
| **FILED:_____** | **_____** |

COST OK $ ~~55.00~~

DEPUTY CLERK    # 22298

MAY 10 2016

DEPUTY CLERK OF COURT

## JUDGMENT

This matter came for hearing on April 18, 2016, on the Motion to Appoint Special Master

filed by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson,

and Thomas E. Ryan, III (collectively, "Defendants");

**PRESENT**:    Mr. Kellen J. Mathews
For defendants, URS Corporation Architecture, P.C.,
URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III

Ms. Anne Derbes Wittmann
For plaintiff, H&E Equipment Services, Inc. ("H&E")

Considering Defendants' Motion to Appoint Special Master, applicable law, and the oral

argument of all counsel;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion

to Appoint Special Master is **DENIED.**

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, this *16* day of *May*,

2016.

_____
HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

I hereby certify that on this day a notice of the
above judgement was mailed by me, with sufficient
postage affixed, to *Wittmann Carlisle, Mathews*
Done and signed on *5-18-16*

_____
Deputy Clerk of Court

**REC'D C.P.**

**MAY 11 2016**

EBR3592607

FILED
EAST BATON ROUGE PARISH, LA
2016 MAY 10 PM 3: 21
DEPUTY CLERK OF COURT

FAX COPY FILED *5/4/16*
ORIGINAL FILED *5/10/16*

NO LEC 930327 v1
2919213-000024 05/04/2016

NON-CERTIFIED COPY

## RULE 9.5 CERTIFICATE

I HEREBY CERTIFY that, pursuant to Rule 9.5 of the Louisiana Rules for Civil Proceedings in District Courts, the proposed Judgment was circulated to all counsel of record in the above referenced matter on April 28, 2016, and all counsel consent to the form of the proposed Judgment.

Date:  May 4, 2016

Anne Derbes Wittmann/Laura E. Carlisle
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
201 St. Charles Ave., Suite 3600
New Orleans, LA  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR PLAINTIFF,**
**H&E EQUIPMENT SERVICES, INC.**

FILED
EAST BATON ROUGE PARISH, LA
2016 MAY 10 PM 3: 21
DEPUTY CLERK OF COURT

NO LEC 930327 v1
2919213-000024 05/04/2016

NON-CERTIFIED COPY

EBR CLERK OF COURT    Fax 2253893392    May  4 2016 04:58pm P001/001



## DOUG WELBORN
### CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

### FAX RECEIPT

NUMBER C626308  Division D                          Date:    04-MAY-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: JUDGMENT

Total Amount Due (includes all applicable fees below) $ 55.00

The Clerk of Court's office has received, by facsimile transmission dated 5/4/16, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)        A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(b)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Megan Coster*
---
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT

REC'D C.P.

MAY 2 2 2016

REC'D C.P.

MAY 1 1 2016



NON-CERTIFIED COPY

## ** Transmit Conf.Report **

P.1                                                    May  4 2016 04:56pm
EBR CLERK OF COURT     Fax 2253893392

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915046364000 | Normal | 04:04:56pm | 0'33" | 1 | O K | |



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

### FAX RECEIPT

NUMBER C626308 Division D                          Date:    04-MAY-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: JUDGMENT

Total Amount Due (includes all applicable fees below) $ 55.00

The Clerk of Court's office has received, by facsimile transmission dated 5/4/16, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)       A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(b)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

#### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
#### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

#### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
#### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

#### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
#### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Megan Coster*
_____
Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT


NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392

www.ebrclerkofcourt.org

## FAX RECEIPT

NUMBER C626308  Division D                                    Date:    04-MAY-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

**To:**   LAURA E CARLISLE
        BAKER DONELSON BEARMAN
        201 ST CHARLES ST STE 3600
        NEW ORLEANS LA 70170

Item(s) Received: JUDGMENT

Total Amount Due (includes all applicable fees below) $ <u>55.00</u>

The Clerk of Court's office has received, by facsimile transmission dated <u>5/4/16</u>, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

<u>NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.</u>

<u>SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.</u>

<u>IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.</u>

*Megan Cooter*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT


NON-CERTIFIED COPY



**BAKER DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUICIANA 70170
PHONE: 504-566-5200
FAX: 504-636-4000
www.bakerdonelson.com

LAURA E. CARLISLE
**Direct Dial:** (504) 566-8643
**Direct Fax:** (504) 585-6943
**E-Mail:** lcarlisle@bakerdonelson.com

May 5, 2016

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, Louisiana 70821

Re:     *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
        19th *JDC No. 626308, Division "D"*

Dear Mr. Welborn:

  Enclosed please find an original and two (2) copies of the Judgment regarding the hearing of April 18, 2016 on Defendants' Motion to Appoint Special Master, which was fax filed with your office on May 4, 2016 and we now ask that you file the original with the Court. We have received your fax confirmation regarding this filing and have enclosed our firm's check in that amount $55.00 for the fees associated with this filing. I would appreciate your returning a date-stamped copy of this pleading to undersigned counsel in the enclosed, self-addressed envelope.

  Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

  With kindest regards, I remain

        Sincerely,

        /s/ *Laura E. Carlisle*

        Laura E. Carlisle

LEC/sdt
Encl.
cc: Philip A. Franco, Esq. w/encl.
   Kellen Matthews, Esq. w/encl.

REC'D C.P.

MAY 1 1 2016



NO LEC 931704 v1
2919213-000024

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

NON-CERTIFIED COPY



ADAMS AND REESE LLP

Attorneys at Law
Alabama
Florida
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

**Kellen J. Mathews**
Direct: 225.378.3243
E-Fax: 225.336.5115
kellen.mathews@arlaw.com

May 9, 2016

**RECEIVED**

MAY - 9 2016

DEPUTY CLERK OF COURT

<u>**VIA FACSIMILE:  (225) 389-5327 AND HAND DELIVERY**</u>

Honorable Janice G. Clark
District Judge, 19th Judicial District Court
Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, LA   70802

Re:   *H&E Equipment Services, Inc. v. URS Corporation Architecture, PC, et al.*
No. 626,308, Div. D, 19th Judicial District Court
Our File No.: 23067-1

Dear Judge Clark:

Attached on behalf of Defendant, URS Corporation (hereinafter "URS"), are proposed judgments reflecting the Court's minute entry following the January 4, 2016 hearing on Motions to Compel Discovery Responses filed by both parties in this matter. Plaintiff objects to the proposed Judgments and it is our understanding that plaintiff, H&E Equipment Services, Inc. ("H&E") has submitted or will be submitting its own proposed Judgment(s).

URS must address several issues raised in the May 9, 2016 correspondence by H&E submitted in connection with its proposed judgment on URS's Motion to Compel. Even though H&E references the hearing transcript, it conveniently ignores the fact that the Court issued a very clear, concise directive; for the parties to supplement their responses to interrogatories within fifteen days of the hearing and thereafter the Court would revisit the matter.[1]  H&E has ignored this Court's order and submits a proposed Judgment that is different from the corresponding transcript and minute entry. Conversely, URS's proposed judgments track the minute entry from the January 4, 2016 hearing.



---

[1] **Attachment 1 -** Jan. 4, 2016 Min. Entry; See also Transcript Jan. 4, 2016 at p. 10.

MAY 1 7 2016

NON-CERTIFIED COPY

Honorable Janice G. Clark
May 9, 2016
Page 2

Additionally, H&E misstates in its May 9th correspondence that "Defendants object to their being required to supplement their responses." To the contrary, URS provided supplemental responses to H&E's discovery requests on January 19, 2016, in accordance with this Court's order. At this time (with the exception of the exchange of electronic documents, which both parties anticipate making soon) URS has no outstanding discovery responses still to H&E. Conversely, H&E has not supplemented its responses as ordered on January 4, 2016. As recently as May 4, 2016, H&E acknowledged that it still owes URS supplemental discovery responses with respect to additional H&E locations identified in response to other requests. URS has provided numerous extensions, yet has still not received the supplemental responses that it was promised several months ago.

H&E's proposed judgment(s) are not consistent with the Court's January 4, 2016 oral ruling as set forth in the transcript or the corresponding minute entry and as such should be rejected in favor of URS's proposed judgments which accurately reflect the Court's action on the parties' respective motions to compel.

Respectfully submitted,

ADAMS AND REESE LLP

By: _____
Philip A. Franco
Ronald J. Sholes
Kellen J. Mathews

cc:    Anne Derbes Wittmann

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308      DIV.: D** |
| | * | **19TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | |
| | * | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION** | * | |
| **ARCHITECTURE, P.C., URS** | * | **STATE OF LOUISIANA** |
| **CORPORATION, L. O'NEAL** | | |
| **JOHNSON AND THOMAS E. RYAN, III** | | |

COST OK $_____

MAY - 9 2016

DEPUTY CLERK OF COURT

---

### JUDGMENT

This matter came for hearing on January 4, 2016, on the Motion to Compel filed by plaintiff, H&E Equipment Services, Inc. ("H&E");

**PRESENT**:   Mr. Philip A. Franco
Mr. Kellen J. Mathews
For defendants, URS Corporation Architecture, P.C., URS Corporation,
L. O'Neal Johnson, and Thomas E. Ryan, III ("collectively, "Defendants")

Ms. Anne Derbes Wittmann
Ms. Laura E. Carlisle
For plaintiff, H&E Equipment Services, Inc.

Considering H&E's Motion to Compel, applicable law, and the oral argument of all counsel;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that H&E's Motion to Compel shall be and is hereby **GRANTED**, and that Defendants shall supplement their responses to all interrogatories in full within fifteen (15) days hereof, or by January 19, 2016. Thereafter, the Court will revisit the matter.

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, this 10 day of May 2016.

_____
HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

I hereby certify that on this day a notice of the above judgement was mailed by me, with sufficient postage affixed, to: Wittman, Carlisle, Mathews

Done and signed on 5-16-16

_____
Deputy Clerk of Court

1

NON-CERTIFIED COPY

EBR3569903

## RULE 9.5 CERTIFICATE

I HEREBY CERTIFY that, pursuant to Rule 9.5 of the Louisiana Rules for Civil Proceedings in District Courts, the proposed Judgment was circulated to all counsel of record in the above referenced matter on April 29, 2016. Counsel for the plaintiff objected to the proposed judgment.

Date: May ___9___, 2016

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco      (Bar #5819), TA
Ron Sholes            (Bar # 14436)
Kellen J. Mathews     (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**



2

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308     DIV.: D** |
| | * | **19TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | **PARISH OF EAST BATON ROUGE** |
| | * | |
| **URS CORPORATION** | * | **STATE OF LOUISIANA** |
| **ARCHITECTURE, P.C., URS** | | |
| **CORPORATION, L. O'NEAL** | | |
| **JOHNSON AND THOMAS E. RYAN, III** | | |

COST OK $ _____

MAY – 9 2016

---

**JUDGMENT**

DEPUTY CLERK OF COURT

This matter came for hearing on January 4, 2016, on the Motion to Compel filed by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III ("collectively, "Defendants");

**PRESENT:**     Mr. Philip A. Franco
Mr. Kellen J. Mathews
For defendants, URS Corporation Architecture, P.C.,
URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III

Ms. Anne Derbes Wittmann
Ms. Laura E. Carlisle
For plaintiff, H&E Equipment Services, Inc. ("H&E")

Considering Defendants' Motion to Compel, applicable law, and the oral argument of all counsel;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, and that Plaintiff shall supplement its responses to all interrogatories in full within fifteen (15) days hereof, or by January 19, 2016. Thereafter, the Court will revisit the matter.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, with respect to Defendants' First Set of Interrogatories regarding other H&E's other facilities, Defendants' Motion is **DENIED**;

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, this 12 day of May,

_Janice Clark_

HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

I hereby certify that on this day a notice of the above judgement was mailed by me, with sufficient postage affixed, to Whitman, Carlisle, Mathews
Done and signed on 5-16-16

E. King
Deputy Clerk of Court

EBR3569902

NON-CERTIFIED COPY

1

## RULE 9.5 CERTIFICATE

I HEREBY CERTIFY that, pursuant to Rule 9.5 of the Louisiana Rules for Civil Proceedings in District Courts, the proposed Judgment was circulated to all counsel of record in the above referenced matter on April 29, 2016. Counsel for the defendants objected to the proposed Judgment. Counsel for the plaintiff has submitted a judgment to the Court, containing its alternative language.

Date:   May _9_ , 2016

Respectfully submitted,

ADAMS AND REESE, LLP

_____

Philip A. Franco     (Bar #5819), TA
Ron Sholes           (Bar # 14436)
Kellen J. Mathews    (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**



NON-CERTIFIED COPY

"FILE COPY INTO RECORD"

# ADAMS AND REESE LLP
®

**Attorneys at Law**
Alabama
Florida
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

**Kellen J. Mathews**
Direct: 225.378.3243
E-Fax: 225.336.5115
kellen.mathews@arlaw.com

May 11, 2016

POSTE
MAY 13 16

RECEIVED

MAY 11 2016

DEPUTY CLERK OF COURT

<u>VIA FACSIMILE:  (225) 289-5328 AND HAND DELIVERY</u>

Honorable Janice G. Clark
District Judge, 19th Judicial District Court
Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, LA  70802

Re:   *H&E Equipment Services, Inc. v. URS Corporation Architecture, PC,
      et al.*
      No. 626,308, Div. D, 19th Judicial District Court
      Our File No.: 23067-1

Dear Judge Clark:

We write to address the letter submitted by opposing counsel dated May 10, 2016, which was submitted as a response to our letter dated May 9, 2016.

At the outset, URS notes that H&E's position that the appointment of a Special Master to assist with ongoing discovery disputes was unnecessary is clearly belied by these current exchanges over a judgment with respect to ongoing discovery disputes, which were addressed in the first week of the year.

First, in its correspondence, H&E acknowledges that it made changes to the proposed Judgment, thereby clearly expressing objections to the form proposed by URS. One of the "minor, clarifying edits" changed the whole substance of the Judgment, making it inconsistent with the minute entry and the transcript.  Moreover, contrary to the statement that "counsel for defendants did not respond to these edits," undersigned counsel e-mailed counsel for H&E indicating URS's disagreement and attaching the form of the judgment that it planned to submit to the Court.

Next, counsel for H&E takes issue with the supplemental responses that URS provided on January 19, 2016.  However, aside from admitting URS did supplement its responses, H&E's complaint is one more of its assessment of the sufficiency of the supplement than to the fact that URS did not provide supplemental responses.  As indicated in URS's supplemental responses, URS has provided all of the information it has responsive to H&E's discovery requests and at present does not have any additional information with which to further supplement.

REC'D C.P.

MAY 12 2016

450 Laurel Street, Suite 1900 | Baton Rouge, Louisiana  70801 | 225.336.5200 | Fax 225.336.5220
www.adamsandreese.com

FILE COPY INTO RECORD"

NON-CERTIFIED COPY
EBR3544381



Honorable Janice G. Clark
May 11, 2016
Page 2

H&E next asserts that URS's reliance on the minute entry issued by the Court for the January 4, 2016 hearing is misplaced and that the transcript is the proper record. Even H&E's reliance on the transcript is spotty at best, where it cherry picks the portions of the transcript that it likes while ignoring other portions altogether. Specifically, in the transcript that H&E contends governs, H&E omits the portion of the transcript wherein the Court expressly stated that "the Court will revisit the matter" following the supplementation of responses.[1]

H&E misses the point with its position that it does not need to supplement its responses to URS's discovery because they fall outside of the scope of the Court's ruling. H&E had a duty to supplement its responses based on the additional information that it obtained irrespective of whether ordered to do so via a motion to compel.

Additionally, the notion that URS has somehow accepted the sufficiency of the supplemental responses provided by H&E is a Red Herring. H&E, in its supplemental discovery responses, relied heavily on the production of electronically stored information (ESI) which will be exchanged today such that URS could not fully assess the sufficiency of H&E's supplemental responses until it receives and assesses the ESI. URS reserves the right to object to the sufficiency of H&E's supplemental responses once it has reviewed the ESI.

Finally, H&E indicates that URS should have supplemented its responses to certain interrogatories in H&E's 2nd Set of Interrogatories. Notably, these Interrogatories were neither the subject nor the focus of H&E's Motion to Compel and as such were not at issue at the hearing on January 4, 2016. URS has supplemented its responses in to the discovery at issue in H&E's motion or for any additional information learned.

As noted above, the discovery disputes that H&E attempted to downplay in its Opposition to URS's Motion to Appoint Special Master are genuine and continuing. H&E proposes to commandeer the Court's valuable judicial resources for a status conference to address issues that are most efficiently addressed by a special master as proposed by URS.

Respectfully submitted,

ADAMS AND REESE LLP

By: _____
Philip A. Franco
Ronald J. Sholes
Kellen J. Mathews

cc:    Anne Derbes Wittmann

_____

[1] Jan. 4, 2014 Hearing Transcript at p. 10.

NON-CERTIFIED COPY

# BAKER
## DONELSON
### BEARMAN, CALDWELL
### & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:    504.566.5200
FAX:    504.636.4000

www.bakerdonelson.com

# FAX COVER SHEET

| | |
|---|---|
| **FROM** | Shelley Tannehill |
| **EMAIL** | stannehill@bakerdonelson.com |
| **BILL CODE** | |
| **TO** | |
| **COMPANY** | |
| **FAX NUMBER** | 12253893392 |
| **DATE** | 16/05/2016 14:48:32 CST |
| **RE** | H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al |

## COVER MESSAGE

**Shelley Tannehill**
**Legal Secretary to Danielle Trostorff, Shareholder,**
**Margaret Silverstein and Laura Carlisle**

**Baker, Donelson, Bearman,**
 **Caldwell & Berkowitz, PC**
**201 St. Charles Avenue, Suite 3600**
**New Orleans, Louisiana 70170**
**Telephone: 504.566.8658**
**stannehill@bakerdonelson.com<mailto:stannehill@bakerdonelson.com>**
**www.bakerdonelson.com<http://www.bakerdonelson.com/>**

**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. with offices in**
**Alabama, Florida, Georgia, Louisiana, Mississippi, Tennessee, Texas and Washington, D.C.**

**[Description: Description: cid:747443820@21092011-2865]<http://www.bakerdonelson.com/>**

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For(r)" for Seven Years**
**in a Row!**
 **P Please consider the environment before printing this e-mail.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

EBR3611013

NON-CERTIFIED COPY

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email,
then in any part of the same series of emails), such advice was not intended
or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used,
and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or
(2) promoting, marketing or recommending to another party any transaction or tax-related matter
addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at
law.
It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this
electronic mail transmission in error, please delete it from your system without copying it, and notify the
sender by reply e-mail, so that our address record can be corrected.
*************************************************************

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named
above.  If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this
facsimile or the information contained in it is strictly prohibited.  If you have received this facsimile in error, please immediately notify the person
named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to
avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

NON-CERTIFIED COPY

To: Page 4 of 7    Case 3:18-cv-00090-BAJ-RLB    Document 4-5    May 16 2016 03:52pm    Page 107 of 328
16/05/2016 14:49:49 CST    15045856904  From: Shelley Tannehill

Received

# BAKER DONELSON
## BEARMAN, CALDWELL & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170

PHONE:    504.566.5200
FAX:      504.636.4000

www.bakerdonelson.com

LAURA E. CARLISLE
Direct Dial: (504) 566-8643
Direct Fax: (504) 585-6943
E-Mail Address: lcarlisle@bakerdonelson.com

May 16, 2016

**VIA FACSIMILE (225) 389-3392**

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, Louisiana 70821

      Re:  *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
             19th JDC No. 626308, Division "D", Section XX1

Dear Mr. Welborn:

      Attached please find H&E Equipment Services, Inc.'s May Call Fact Witness List, which we ask that you file with the Court on behalf of Plaintiff, H&E Equipment Services, Inc. Once we have received your fax confirmation, we will forward the original to you along with our check for the filing and fax fees associated with this request.

      Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

      With kindest regards, I remain

                    Sincerely,

                    /s/ Laura E. Carlisle

                    Laura E. Carlisle

LEC/sdt
Attachment
cc:   Philip A. Franco, Esq. w/encl. via facsimile  (504) 566-0210 and/or email
      Kellen Matthews, Esq. w/encl. via facsimile (225) 336-5220 and/or email

NO LEC 934010 v1
2919213-000024

ALABAMA   FLORIDA   GEORGIA   LOUISIANA   MISSISSIPPI   TENNESSEE   TEXAS   WASHINGTON, D.C.

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.     \*   CASE NO. C626308, SECTION D

VERSUS     \*   19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE,   \*   PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III   \*   STATE OF LOUISIANA

FILED:_____     _____
                       DEPUTY CLERK

## H&E EQUIPMENT SERVICES, INC.'S
## MAY CALL FACT WITNESS LIST

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits the list of fact

witnesses it may call at the trial of this matter:

1.   John Jones
     H&E Equipment Services, Inc.

2.   Leonard St. Germain
     H&E Equipment Services, Inc.

3.   Frankie Wynn
     H&E Equipment Services, Inc.

4.   Jeff Stringer
     H&E Equipment Services, Inc.

5.   H&E Representative(s) as needed to authenticate documents

6.   Thomas Ryan, III
     URS Corporation

7.   O'Neal Johnson a/k/a Neal Johnson
     URS Corporation

8.   Tim Gaines
     URS Corporation

9.   Debra Sanders
     URS Corporation

10.   Vincent Provenza
     URS Corporation

11.   Bruce Adams
     URS Corporation

12.   Craig Gardner
     URS Corporation

13.   Bruce Lelong
     URS Corporation

14.   Mark Howard
     URS Corporation

15.   Chad Herndon
     URS Corporation

NO LEC 933449 v2
2919213-000024

NON-CERTIFIED COPY

16.    Cody Lewis
       URS Corporation

17.    John Schnexnayder
       URS Corporation

18.    Thomas Van Hattum
       URS Corporation

19.    Lee Vampran
       URS Corporation

20.    Kim Nunez
       URS Corporation

21.    Murray McCullough
       The Benchmark Group

22.    Wesley Wilkerson
       The Benchmark Group

23.    Stephen Dorsey
       Milton J. Womack

24.    One or more other employees or representatives of
       Milton J. Womack

25.    Brad Reese
       MAPP Construction

26.    One or more other employees or representatives of
       MAPP Construction

27.    Kevin Sprehe
       Ryan Gootee General Contractors, LLC

28.    One or more other employees or representatives of
       Ryan Gootee General Contractors, LLC

29.    Representative(s) of Terracon Consultants, Inc.

30.    Any witness needed to impeach or rebut the testimony of other witnesses

31.    Any witness on Defendants' Witness List

-2-

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 16th day of May, 2016, the foregoing was

served on all known counsel of record who have appeared in this matter by facsimile and/or

electronic mail and by placing same in the United States mail, in a properly addressed envelope,

with first-class postage prepaid.

_____
LAURA E. CARLISLE

EAST BATON ROUGE PARISH, LA
FILED
2016 MAY 16  PM 4:03
DEPUTY CLERK OF COURT

-3-

NO LEC 933449 v2
2919213-000024

NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

## FAX RECEIPT

NUMBER C626308  Division D                              Date:    16-MAY-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL


To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: WITNESS LIST

Total Amount Due (includes all applicable fees below) $ 58.00

The Clerk of Court's office has received, by facsimile transmission dated 5/16/16, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)     A transmission fee of five dollars
13:841(A)(2)(a)  First page of each pleading, six dollars
13:841(A)(2)(b)  Each subsequent page, four dollars
13:841(A)(2)(c)  Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)  Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.


*Megan Coster*
_____
Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY

## ** Transmit Conf.Report **

P.1
EBR CLERK OF COURT     Fax 2253893392                    May 17 2016 09:51am

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915046364000 | Normal | 17:09:50am | 0'33" | 1 | O K | |



## DOUG WELBORN
### CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

<u>**FAX RECEIPT**</u>

NUMBER C626308  Division D                          Date:   16-MAY-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: WITNESS LIST

Total Amount Due (includes all applicable fees below) $ <u>58.00</u>

The Clerk of Court's office has received, by facsimile transmission dated <u>5/16/16</u>, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)       A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

<u>NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.</u>

<u>SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.</u>

<u>IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.</u>

*Megan Coster*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

S249 – LTR / FAX RECT


NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392

www.ebrclerkofcourt.org

PARISH OF EAST BATON ROUGE

---

## FAX RECEIPT

NUMBER C626308  Division D                                    Date:    16-MAY-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

**To:    LAURA E CARLISLE**
**BAKER DONELSON BEARMAN**
**201 ST CHARLES ST STE 3600**
**NEW ORLEANS LA 70170**

Item(s) Received: WITNESS LIST

Total Amount Due (includes all applicable fees below) **$ 58.00**

The Clerk of Court's office has received, by facsimile transmission dated **5/16/16**, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)    A transmission fee of five dollars
13:841(A)(2)(a)  First page of each pleading, six dollars
13:841(A)(2)(b)  Each subsequent page, four dollars
13:841(A)(2)(c)  Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)  Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT**
**UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.**
**SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.**
**IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Megan Cooter*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



COST OK Amt. 40°°

POSTED

MAY 16 2016
BY cH806331150
DY CLERK OF COURT

MAY 17 2016

H&E EQUIPMENT SERVICES            *    SUIT NO. 626,308        DIV.: D

                                  *    19TH JUDICIAL DISTRICT COURT

VERSUS                            *
                                  *    PARISH OF EAST BATON ROUGE
                                  *
URS CORPORATION                   *    STATE OF LOUISIANA
ARCHITECTURE, P.C., URS
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS E. RYAN,
III

---

### DEFENDANTS' "MAY CALL" WITNESS LIST

---

NOW INTO COURT, through undersigned counsel, come URS Corporation

Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III

(collectively referenced herein as "Defendants"), which pursuant the Amended Case

Management Order ("Amended CMO") dated March 14, 2016, respectfully submits its

"May Call" Witness List, as follows:

1. Thomas Ryan
   Through Defendants' Counsel of Record
   Philip A. Franco
   Kellen J. Mathews
   4500 One Shell Square
   New Orleans, Louisiana   70139
   Telephone:  (504) 581-3234

2. L. O'Neal Johnson
   Through Defendants' Counsel of Record
   Philip A. Franco
   Kellen J. Mathews
   4500 One Shell Square
   New Orleans, Louisiana  70139
   Telephone:  (504) 581-3234

3. Debra Sanders
   Through Defendants' Counsel of Record
   Philip A. Franco
   Kellen J. Mathews
   4500 One Shell Square
   New Orleans, Louisiana  70139
   Telephone:  (504) 581-3234



EBR3611183

1

NON-CERTIFIED COPY

4. Tim Gaines
   Through Defendants' Counsel of Record
   Philip A. Franco
   Kellen J. Mathews
   4500 One Shell Square
   New Orleans, Louisiana  70139
   Telephone:  (504) 581-3234

5. Craig Gardner
   Through Defendants' Counsel of Record
   Philip A. Franco
   Kellen J. Mathews
   4500 One Shell Square
   New Orleans, Louisiana  70139
   Telephone:  (504) 581-3234

6. Mark Howard
   Through Defendants' Counsel of Record
   Philip A. Franco
   Kellen J. Mathews
   4500 One Shell Square
   New Orleans, Louisiana  70139
   Telephone:  (504) 581-3234

7. Chad Herndon
   Through Defendants' Counsel of Record
   Philip A. Franco
   Kellen J. Mathews
   4500 One Shell Square
   New Orleans, Louisiana  70139
   Telephone:  (504) 581-3234

8. Bruce Lelong
   Through Defendants' Counsel of Record
   Philip A. Franco
   Kellen J. Mathews
   4500 One Shell Square
   New Orleans, Louisiana  70139
   Telephone:  (504) 581-3234

9. Cody Lewis
   Through Defendants' Counsel of Record
   Philip A. Franco
   Kellen J. Mathews
   4500 One Shell Square
   New Orleans, Louisiana   70139
   Telephone:  (504) 581-3234

NON-CERTIFIED COPY

10. Kim Nunez
    Through Defendants' Counsel of Record
    Philip A. Franco
    Kellen J. Mathews
    4500 One Shell Square
    New Orleans, Louisiana  70139
    Telephone:  (504) 581-3234

11. John Schexnayder
    Through Defendants' Counsel of Record
    Philip A. Franco
    Kellen J. Mathews
    4500 One Shell Square
    New Orleans, Louisiana   70139
    Telephone:  (504) 581-3234

12. Lee Vampran
    Through Defendants' Counsel of Record
    Philip A. Franco
    Kellen J. Mathews
    4500 One Shell Square
    New Orleans, Louisiana  70139
    Telephone:  (504) 581-3234

13. Thomas Van Hattum
    Through Defendants' Counsel of Record
    Philip A. Franco
    Kellen J. Mathews
    4500 One Shell Square
    New Orleans, Louisiana  70139
    Telephone:  (504) 581-3234

14. John Engquist
    Through Plaintiff's Counsel of Record
    Roy C. Cheatwood
    Baker Donelson Bearman Caldwell & Berkowitz
    201 St. Charles Avenue, Suite 3600
    New Orleans, Louisiana  70170

15. Frankie Wynn
    Through Plaintiff's Counsel of Record
    Roy C. Cheatwood
    Baker Donelson Bearman Caldwell & Berkowitz
    201 St. Charles Avenue, Suite 3600
    New Orleans, Louisiana  70170

16. John Jones
    Through Plaintiff's Counsel of Record
    Roy C. Cheatwood
    Baker Donelson Bearman Caldwell & Berkowitz
    201 St. Charles Avenue, Suite 3600
    New Orleans, Louisiana  70170

NON-CERTIFIED COPY

17. Leonard St. Germian
    Through Plaintiff's Counsel of Record
    Roy C. Cheatwood
    Baker Donelson Bearman Caldwell & Berkowitz
    201 St. Charles Avenue, Suite 3600
    New Orleans, Louisiana  70170

18. Jeff Stringer
    Through Plaintiff's Counsel of Record
    Roy C. Cheatwood
    Baker Donelson Bearman Caldwell & Berkowitz
    201 St. Charles Avenue, Suite 3600
    New Orleans, Louisiana  70170

19. Brad Barber
    Through Plaintiff's Counsel of Record
    Roy C. Cheatwood
    Baker Donelson Bearman Caldwell & Berkowitz
    201 St. Charles Avenue, Suite 3600
    New Orleans, Louisiana  70170

20. Brad Reese
    Sr. Project Manager
    MAPP Construction
    601 Poydras St., Ste. 1715
    New Orleans, Louisiana 70130
    (504) 833-6277

21. Otis Seaborn
    Project Superintendent
    MAPP Construction
    601 Poydras St., Ste. 1715
    New Orleans, Louisiana  70130
    (504) 833-6277

22. Brad Reese
    Sr. Project Manager
    MAPP Construction
    601 Poydras St., Ste. 1715
    New Orleans, Louisiana  70130
    (504) 833-6277

23. Kevin Sprehe
    Ryan Gootee General Contractors, LLC
    1100 Ridgewood Dr.
    Metairie, Louisiana 70001

24. Murray McCullough
    The Benchmark Group
    11328 Pennywood Ave.
    Baton Rouge, Louisiana 70809
    (225)368-2475

NON-CERTIFIED COPY

25. Wesley Wilkerson
    The Benchmark Group
    11328 Pennywood Ave.
    Baton Rouge, Louisiana 70809
    (225)368-2475

26. Stephen Dorsey
    Milton J. Womack
    412 N 4th St.
    Baton Rouge, Louisiana 70802

27. Representative(s) of MAPP Construction, LLC;

28. Representative(s) of Terracon Consultants, Inc.;

29. Representative(s) of Milton J. Womack;

30. Representative(s) of Ryan Gootee General Contractors, LLC;

31. Any and all persons identified by Plaintiff;

32. Any and all experts witnesses listed by Defendants or any other party;

33. Any and all witnesses whose deposition is taken in the concursus or ordinary proceedings;

34. Any and all persons designated as the corporate representative for any entity for this matter;

35. Any and all witnesses necessary for the introduction and/or authentication of evidence;

36. Any and all witnesses necessary for rebuttal or impeachment purposes;

37. Any and all witnesses listed or called by any other party;

38. Any witnesses identified through discovery.

Defendants reserve the right to amend and/or supplement its may-call witness list in accordance with the March 14, 2016 Amended CMO and any future CMOs and as discovery proceeds in this matter and additional witnesses become known.

NON-CERTIFIED COPY

Respectfully submitted,

**ADAMS AND REESE LLP**

Philip A. Franco    (La. Bar #5819), T.A.
Ron Sholes          (La. Bar #14436)
Kellen J. Mathews   (La Bar #31860)
4500 One Shell Square
New Orleans, LA   70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210
*Counsel for Defendants*

FILED
EAST BATON ROUGE PARISH, LA

2016 MAY 16  PM 5: 23

DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all counsel of record via e-mail and/or United States Mail, postage prepaid and properly addressed, this 16th day of May, 2016.

_____
Kellen J. Mathews

FILED
EAST BATON ROUGE PARISH, LA
2016 MAY 16  PH 5: 23
DEP-JT CLERK OF COURT

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.    *    **CASE NO. C626308, SECTION D**

**VERSUS**    *    **19TH JUDICIAL DISTRICT COURT**

**URS CORPORATION ARCHITECTURE,**    *    **PARISH OF EAST BATON ROUGE**
**P.C., URS CORPORATION, L. O'NEAL**
**JOHNSON, AND THOMAS E. RYAN, III**    *    **STATE OF LOUISIANA**

FILED:_____    _____ COST OK $ 58

                                               **DEPUTY CLERK**

MAY 19 2016

CH 02343 A

DEPUTY CLERK OF COURT

## H&E EQUIPMENT SERVICES, INC.'S
## MAY CALL FACT WITNESS LIST

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits the list of fact

witnesses it may call at the trial of this matter:

    1.      John Jones
            H&E Equipment Services, Inc.

    2.      Leonard St. Germain
            H&E Equipment Services, Inc.

    3.      Frankie Wynn
            H&E Equipment Services, Inc.

    4.      Jeff Stringer
            H&E Equipment Services, Inc.

    5.      H&E Representative(s) as needed to authenticate documents

    6.      Thomas Ryan, III
            URS Corporation

    7.      O'Neal Johnson a/k/a Neal Johnson
            URS Corporation

    8.      Tim Gaines
            URS Corporation

    9.      Debra Sanders
            URS Corporation

    10.    Vincent Provenza
            URS Corporation

    11.    Bruce Adams
            URS Corporation

    12.    Craig Gardner
            URS Corporation

    13.    Bruce Lelong
            URS Corporation

    14.    Mark Howard
            URS Corporation

    15.    Chad Herndon
            URS Corporation



EBR3611786

NO LEC 933449 v2
2919213-000024

FAX COPY FILED 5/10/16
ORIGINAL FILED 5/19/16

NON-CERTIFIED COPY

16. Cody Lewis
    URS Corporation

17. John Schnexnayder
    URS Corporation

18. Thomas Van Hattum
    URS Corporation

19. Lee Vampran
    URS Corporation

20. Kim Nunez
    URS Corporation

21. Murray McCullough
    The Benchmark Group

22. Wesley Wilkerson
    The Benchmark Group

23. Stephen Dorsey
    Milton J. Womack

24. One or more other employees or representatives of
    Milton J. Womack

25. Brad Reese
    MAPP Construction

26. One or more other employees or representatives of
    MAPP Construction

27. Kevin Sprehe
    Ryan Gootee General Contractors, LLC

28. One or more other employees or representatives of
    Ryan Gootee General Contractors, LLC

29. Representative(s) of Terracon Consultants, Inc.

30. Any witness needed to impeach or rebut the testimony of other witnesses

31. Any witness on Defendants' Witness List

-2-

NON-CERTIFIED COPY

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 16th day of May, 2016, the foregoing was

served on all known counsel of record who have appeared in this matter by facsimile and/or

electronic mail and by placing same in the United States mail, in a properly addressed envelope,

with first-class postage prepaid.

_____
LAURA E. CARLISLE



NO LEC 933449 v2
2919213-000024

NON-CERTIFIED COPY





# BAKER DONELSON
### BEARMAN, CALDWELL
### & BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUICIANA 70170
PHONE: 504-566-5200
FAX: 504-636-4000
www.bakerdonelson.com

LAURA E. CARLISLE
**Direct Dial:** (504) 566-8643
**Direct Fax:** (504) 585-6943
**E-Mail:** lcarlisle@bakerdonelson.com

May 17, 2016

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:   *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
      19th JDC No. 626308, Division "D"
      _____

Dear Mr. Welborn:

Enclosed please find an original and two (2) copies of H&E Equipment Services, Inc.'s May Call Fact Witness List, which was fax filed with your office on May 16, 2016 and we now ask that you file the original with the Court. We have received your fax confirmation regarding this filing and have enclosed our firm's check in that amount $58.00 for the fees associated with this filing. I would appreciate your returning a date-stamped copy of this pleading to undersigned counsel in the enclosed, self-addressed envelope.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kindest regards, I remain

Sincerely,

/s/ *Laura E. Carlisle*

Laura E. Carlisle

LEC/sdt
Encl.
cc:    Philip A. Franco, Esq. w/encl.
       Kellen Matthews, Esq. w/encl.

NO LEC 934285 v1
2919213-000024

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

NON-CERTIFIED COPY



ADAMS AND REESE LLP

**Attorneys at Law**
Alabama
Florida
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

May 11, 2016

**Kellen J. Mathews**
Direct: 225.378.3243
E-Fax: 225.336.5115
kellen.mathews@arlaw.com

<u>*VIA FACSIMILE:  (225) 289-5328 AND HAND DELIVERY*</u>

Honorable Janice G. Clark
District Judge, 19th Judicial District Court
Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, LA  70802

Re:  ***H&E Equipment Services, Inc. v. URS Corporation Architecture, PC, et al.***
No. 626,308, Div. D, 19th Judicial District Court
Our File No.: 23067-1

Dear Judge Clark:

We write to address the letter submitted by opposing counsel dated May 10, 2016, which was submitted as a response to our letter dated May 9, 2016.

At the outset, URS notes that H&E's position that the appointment of a Special Master to assist with ongoing discovery disputes was unnecessary is clearly belied by these current exchanges over a judgment with respect to ongoing discovery disputes, which were addressed in the first week of the year.

First, in its correspondence, H&E acknowledges that it made changes to the proposed Judgment, thereby clearly expressing objections to the form proposed by URS. One of the "minor, clarifying edits" changed the whole substance of the Judgment, making it inconsistent with the minute entry and the transcript.  Moreover, contrary to the statement that "counsel for defendants did not respond to these edits," undersigned counsel e-mailed counsel for H&E indicating URS's disagreement and attaching the form of the judgment that it planned to submit to the Court.

Next, counsel for H&E takes issue with the supplemental responses that URS provided on January 19, 2016.  However, aside from admitting URS did supplement its responses, H&E's complaint is one more of its assessment of the sufficiency of the supplement than to the fact that URS did not provide supplemental responses.  As indicated in URS's supplemental responses, URS has provided all of the information it has responsive to H&E's discovery requests and at present does not have any additional information with which to further supplement.



EBR3616124

NON-CERTIFIED COPY

Honorable Janice G. Clark
May 11, 2016
Page 2

H&E next asserts that URS's reliance on the minute entry issued by the Court for the January 4, 2016 hearing is misplaced and that the transcript is the proper record. Even H&E's reliance on the transcript is spotty at best, where it cherry picks the portions of the transcript that it likes while ignoring other portions altogether. Specifically, in the transcript that H&E contends governs, H&E omits the portion of the transcript wherein the Court expressly stated that "the Court will revisit the matter" following the supplementation of responses.[1]

H&E misses the point with its position that it does not need to supplement its responses to URS's discovery because they fall outside of the scope of the Court's ruling. H&E had a duty to supplement its responses based on the additional information that it obtained irrespective of whether ordered to do so via a motion to compel.

Additionally, the notion that URS has somehow accepted the sufficiency of the supplemental responses provided by H&E is a Red Herring. H&E, in its supplemental discovery responses, relied heavily on the production of electronically stored information (ESI) which will be exchanged today such that URS could not fully assess the sufficiency of H&E's supplemental responses until it receives and assesses the ESI. URS reserves the right to object to the sufficiency of H&E's supplemental responses once it has reviewed the ESI.

Finally, H&E indicates that URS should have supplemented its responses to certain interrogatories in H&E's 2nd Set of Interrogatories. Notably, these Interrogatories were neither the subject nor the focus of H&E's Motion to Compel and as such were not at issue at the hearing on January 4, 2016. URS has supplemented its responses in to the discovery at issue in H&E's motion or for any additional information learned.

As noted above, the discovery disputes that H&E attempted to downplay in its Opposition to URS's Motion to Appoint Special Master are genuine and continuing. H&E proposes to commandeer the Court's valuable judicial resources for a status conference to address issues that are most efficiently addressed by a special master as proposed by URS.

Respectfully submitted,

ADAMS AND REESE LLP

By: _____

Philip A. Franco
Ronald J. Sholes
Kellen J. Mathews

cc:    Anne Derbes Wittmann

---

[1] Jan. 4, 2014 Hearing Transcript at p. 10.

NON-CERTIFIED COPY



ADAMS AND REESE LLP

**Attorneys at Law**
Alabama
Florida
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

**Kellen J. Mathews**
Direct: 225.378.3243
E-Fax: 225.336.5115
kellen.mathews@arlaw.com

May 9, 2016

**VIA FACSIMILE: (225) 389-5327 AND HAND DELIVERY**

Honorable Janice G. Clark
District Judge, 19th Judicial District Court
Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, LA  70802

Re:    ***H&E Equipment Services, Inc. v. URS Corporation Architecture, PC, et al.***
No. 626,308, Div. D, 19th Judicial District Court
Our File No.: 23067-1

Dear Judge Clark:

Attached on behalf of Defendant, URS Corporation (hereinafter "URS"), are proposed judgments reflecting the Court's minute entry following the January 4, 2016 hearing on Motions to Compel Discovery Responses filed by both parties in this matter. Plaintiff objects to the proposed Judgments and it is our understanding that plaintiff, H&E Equipment Services, Inc. ("H&E") has submitted or will be submitting its own proposed Judgment(s).

URS must address several issues raised in the May 9, 2016 correspondence by H&E submitted in connection with its proposed judgment on URS's Motion to Compel. Even though H&E references the hearing transcript, it conveniently ignores the fact that the Court issued a very clear, concise directive; for the parties to supplement their responses to interrogatories within fifteen days of the hearing and thereafter the Court would revisit the matter.[1]  H&E has ignored this Court's order and submits a proposed Judgment that is different from the corresponding transcript and minute entry. Conversely, URS's proposed judgments track the minute entry from the January 4, 2016 hearing.

---

[1] **Attachment 1 -** Jan. 4, 2016 Min. Entry; See also Transcript Jan. 4, 2016 at p. 10.

450 Laurel Street, Suite 1900 | Baton Rouge, Louisiana  70801 | 225.336.5200 | Fax 225.336.5220
www.adamsandreese.com

NON-CERTIFIED COPY

EBR3616123

Honorable Janice G. Clark
May 9, 2016
Page 2

Additionally, H&E misstates in its May 9th correspondence that "Defendants object to their being required to supplement their responses." To the contrary, URS provided supplemental responses to H&E's discovery requests on January 19, 2016, in accordance with this Court's order. At this time (with the exception of the exchange of electronic documents, which both parties anticipate making soon) URS has no outstanding discovery responses still to H&E. Conversely, H&E has not supplemented its responses as ordered on January 4, 2016. As recently as May 4, 2016, H&E acknowledged that it still owes URS supplemental discovery responses with respect to additional H&E locations identified in response to other requests. URS has provided numerous extensions, yet has still not received the supplemental responses that it was promised several months ago.

H&E's proposed judgment(s) are not consistent with the Court's January 4, 2016 oral ruling as set forth in the transcript or the corresponding minute entry and as such should be rejected in favor of URS's proposed judgments which accurately reflect the Court's action on the parties' respective motions to compel.

Respectfully submitted,

ADAMS AND REESE LLP

By: _____
Philip A. Franco
Ronald J. Sholes
Kellen J. Mathews

cc:   Anne Derbes Wittmann

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, III | | |

---

## JUDGMENT

This matter came for hearing on January 4, 2016, on the Motion to Compel filed by plaintiff, H&E Equipment Services, Inc. ("H&E");

PRESENT:    Mr. Philip A. Franco
Mr. Kellen J. Mathews
For defendants, URS Corporation Architecture, P.C., URS Corporation,
L. O'Neal Johnson, and Thomas E. Ryan, III ("collectively, "Defendants")

Ms. Anne Derbes Wittmann
Ms. Laura E. Carlisle
For plaintiff, H&E Equipment Services, Inc.

Considering H&E's Motion to Compel, applicable law, and the oral argument of all counsel;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that H&E's Motion to Compel shall be and is hereby **GRANTED**, and that Defendants shall supplement their responses to all interrogatories in full within fifteen (15) days hereof, or by January 19, 2016. Thereafter, the Court will revisit the matter.

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, this ____ day of _____, 2016.

_____
HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

1

NON-CERTIFIED COPY

## RULE 9.5 CERTIFICATE

I HEREBY CERTIFY that, pursuant to Rule 9.5 of the Louisiana Rules for Civil Proceedings in District Courts, the proposed Judgment was circulated to all counsel of record in the above referenced matter on April 29, 2016. Counsel for the plaintiff objected to the proposed judgment.

Date:  May ___, 2016

Respectfully submitted,

ADAMS AND REESE, LLP

_____

Philip A. Franco    (Bar #5819), TA
Ron Sholes          (Bar # 14436)
Kellen J. Mathews   (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

2

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308       DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, III | | |

---

## JUDGMENT

---

This matter came for hearing on January 4, 2016, on the Motion to Compel filed by defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III ("collectively, "Defendants");

PRESENT:   Mr. Philip A. Franco
Mr. Kellen J. Mathews
For defendants, URS Corporation Architecture, P.C.,
URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III

Ms. Anne Derbes Wittmann
Ms. Laura E. Carlisle
For plaintiff, H&E Equipment Services, Inc. ("H&E")

Considering Defendants' Motion to Compel, applicable law, and the oral argument of all counsel;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants' Motion to Compel is GRANTED IN PART and DENIED IN PART;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, and that Plaintiff shall supplement its responses to all interrogatories in full within fifteen (15) days hereof, or by January 19, 2016. Thereafter, the Court will revisit the matter.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, with respect to Defendants' First Set of Interrogatories regarding other H&E's other facilities, Defendants' Motion is DENIED;

THUS DONE AND SIGNED in Baton Rouge, Louisiana, this ____ day of _____, 2016.

_____
HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

1

NON-CERTIFIED COPY

## RULE 9.5 CERTIFICATE

I HEREBY CERTIFY that, pursuant to Rule 9.5 of the Louisiana Rules for Civil Proceedings in District Courts, the proposed Judgment was circulated to all counsel of record in the above referenced matter on April 29, 2016. Counsel for the defendants objected to the proposed Judgment. Counsel for the plaintiff has submitted a judgment to the Court, containing its alternative language.

Date: May 9, 2016

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco    (Bar #5819), TA
Ron Sholes          (Bar # 14436)
Kellen J. Mathews   (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

NON-CERTIFIED COPY



ADAMS AND REESE LLP ®

**Attorneys at Law**
Alabama
Florida
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

December 23, 2015

**_VIA HAND DELIVERY_**

Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, LA  70802

**Kellen J. Mathews**
Direct:  225.378.3243
E-Fax:  225.336.5115
kellen.mathews@arlaw.com

Re:   ***H&E Equipment Services, Inc. v.***
***URS Corporation Architecture, PC,  et al.***
19th Judicial District Court, Docket No. 626,308, Div. "D"
Our File No.: 23067-1

Dear Sir or Madam:

Enclosed please find the Memorandum in Opposition to Motion to Compel, which we are filing into the record on behalf of URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"). This pleading is being filed via hand deliver this date, with the original, two copies and a check for the filing fee.

Please file the original into the record and provide a conformed copy to the firm.

With kind regards, we remain

Very truly yours,

ADAMS AND REESE, LLP

William D. Shea
Kellen J. Mathews

KJM/kl
Enclosure

cc:   Laura E. Carlisle
Roy C. Cheatwood
Anne Derbes Wittmann
M. David Kurtz

EBR3432343

NON-CERTIFIED COPY

# FISHMAN HAYGOOD, L.L.P.

201 ST. CHARLES AVENUE
46TH FLOOR
NEW ORLEANS, LA 70170
PHONE: (504) 586-5252
FAX: (504) 586-5250

# FAX

**TO:**    The Hon. J. Douglas Welborn,    **FAX NUMBER:** 225-389-3392
Clerk of Court, 19th JDC

**FROM:** Lori Mince    **DIRECT DIAL NO:** 504-586-5273

**DATE:** June 30, 2016    **FILE NO. 3107-04**

We are sending 3 pages (including this page)

If there are any problems, please contact Carla at 586-5246.

Re:    *H&E Equipment Services, Inc.v URS Corporation Architecture, P.C., et al*
Docket No. 626308, Sec. "D"

Dear Mr. Welborn:

Attached please find a Motion to Enroll Additional Counsel. Please file into the record and submit to the Judge for her signature. Please confirm *via* facsimile the cost for **fax filing** the attached document. As required, the original document will be forwarded for filing within seven (7) days along with a check to cover the fees for filing by fax.

Thanking you in advance for your assistance.

Respectfully,

Carla Cooper Mayer
Legal Assistant to Lori Mince
Fishman Haygood

EBR3667981

859269v. 1

NON-CERTIFIED COPY

Received
page 2

19TH JUDICIAL DISTRICT COURTPARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____    _____
                                          DEPUTY CLERK

## MOTION TO ENROLL ADDITIONAL COUNSEL OF RECORD

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff H&E Equipment

Services, Inc. who moves to enroll Loretta G. Mince, Bar No. 25796, Brent B. Barriere, Bar No.

2818 and Alysson Mills, Bar No. 32904 of the law firm Fishman Haygood, L.L.P., as counsel of

record for Plaintiff.

Respectfully submitted,

_____
Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile:  (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Motion to Enroll Additional

Counsel of Record has been served upon all counsel of record by facsimile, email and/or by

placing same in the United States mail, postage prepaid and properly addressed, this 30th day of

June, 2016.

_____
Loretta G. Mince

1054467v.1

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURTPARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                          SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____        _____
                                              DEPUTY CLERK

## ORDER

**CONSIDERING** the foregoing Motion to Enroll Additional Counsel;

**IT IS ORDERED**, that Loretta G. Mince, Bar No. 25796, Brent B. Barriere, Bar No.

2818 and Alysson Mills, Bar No. 32904, of Fishman Haygood, L.L.P. and hereby are enrolled as

counsel of record for Plaintiff H&E Equipment Services, Inc. in the above-captioned matter.

Baton Rouge, Louisiana, this _____ day of _____, 2016.

_____
                J U D G E



1054467v.1

NON-CERTIFIED COPY

## FISHMAN HAYGOOD, L.L.P.

201 St. Charles Avenue
46th Floor
New Orleans, LA 70170
Phone: (504) 566-5252
Fax: (504) 586-5250

# FAX

**TO:**   The Hon. J. Douglas Welborn,      **FAX NUMBER:** 225-389-3392
          Clerk of Court, 19th JDC

**FROM:** Lori Mince                        **DIRECT DIAL NO:** 504-586-5273

**DATE:** June 30, 2016                     **FILE NO. 3107-04**

We are sending 10 pages (including this page)

If there are any problems, please contact Carla at 586-5246.

Re:   *H&E Equipment Services, Inc. v URS Corporation Architecture, P.C., et al*
      Docket No. 626308, Sec. "D"

Dear Mr. Welborn:

Attached please find a Motion for Leave to Supplement Expert Disclosures and Incorporated Memorandum in Support, Exhibits A-C and a Rule to Show Cause. Please file into the record, submit to the Judge for her signature and effect service. Please confirm *via* facsimile the cost for **fax filing and service fees** for the attached documents. As required, the original document will be forwarded for filing within seven (7) days along with a check to cover the fees for filing by fax.

Thanking you in advance for your assistance.

Respectfully,

*Carla Cooper Mayer*

Carla Cooper Mayer
Legal Assistant to Lori Mince
Fishman Haygood

EBR3667980

859269v 1

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____    _____
                                                    DEPUTY CLERK

## MOTION FOR LEAVE TO SUPPLEMENT EXPERT DISCLOSURES AND INCORPORATED MEMORANDUM IN SUPPORT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff H&E Equipment

Services, Inc. who files this Motion for Leave of Court to Supplement its Expert Disclosures. In

support of this motion, H&E Equipment Services, Inc. states as follows:

On March 14, 2016, this court entered an Amended Case Management Order. *See*

Exhibit "A". Relevant to the instant motion, the Amended Case Management Order provides

that:

1.  The parties must disclose all experts relative to their respective claims and counterclaims and their areas of expertise on or before June 1, 2016.

2.  The parties must disclose all experts providing rebuttal testimony and their areas of expertise on or before June 30, 2016.

3.  Experts as to topics for which the presenting party has a claim or counterclaim must produce their report(s) on or before July 29, 2016.

4.  Experts providing rebuttal testimony or opinions must produce their report(s) on or before August 31, 2016.

*Id.*

On June 1, 2016, pursuant to the Amended Case Management Order, H&E Equipment

Services, Inc. served its expert disclosures on Defendants. *See* Exhibit "B".

H&E desires to disclose an additional expert witness, namely Wallace C. Drennan of

Wallace C. Drennan, Inc. *See* Ex. "C." Mr. Drennan is being designated to offer testimony in the

same subject matter area as Bob Bailey, H&E's previously disclosed expert. However, Mr.

Drennan has specific experience relevant to certain issues in this case, including the pavement

requirements imposed by the Louisiana Department of Transportation and Development and East

1054576v.1

NON-CERTIFIED COPY

Baton Rouge Parish, and cost estimating for the installation of pavement. As a result, his testimony will assist the trier of fact to understand the evidence or to determine a fact in issue in this case. *See* La. Code Evid. Ann. art. 702

Defendants have advised that they do not consent to this motion. However, Defendants will not be prejudiced by this Supplemental Expert Disclosure. Expert reports from H&F's experts are not due until July 29, 2016. Further, URS has not disclosed any experts to date, and to the extent URS requires additional time to do, H&E does not object.

**WHEREFORE,** H&E Equipment Services, Inc. prays that this motion be granted and that this court granted leave to serve the Supplemental Expert Disclosure attached hereto as Exhibit "C.".

Respectfully submitted,

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Motion for Leave has been served upon all counsel of record by facsimile, email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 30th day of June, 2016.



Loretta G. Mince

1054576v.1

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III

FILED: _____

* CASE NO. C626308, SECTION D

* 19TH JUDICIAL DISTRICT COURT

* PARISH OF EAST BATON ROUGE

* STATE OF LOUISIANA

_____
DEPUTY CLERK

## JOINT PROPOSED AMENDED CASE MANAGEMENT ORDER

Plaintiff, H&E Equipment Services, Inc., and defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III, respectfully submit this Joint Proposed Amended Case Management Order, which proposed Order shall amend the original Case Management Order issued by the Court on January 20, 2016:

1. The parties must disclose all experts relative to their respective claims and counterclaims and their areas of expertise on or before June 1, 2016.

2. The parties must disclose all experts providing rebuttal testimony and their areas of expertise on or before June 30, 2016.

3. Experts as to topics for which the presenting party has a claim or counterclaim must produce their report(s) on or before July 29, 2016.

4. Experts providing rebuttal testimony or opinions must produce their report(s) on or before August 31, 2016.

5. All fact discovery, including depositions, must be completed on or before August 31, 2016.

6. All expert discovery, including depositions, must be completed on or before September 30, 2016.

7. Any amendments to pleadings must be filed on or before April 30, 2016.

8. All fact witnesses that the parties may call at trial shall be disclosed by May 15, 2016.

9. The Court shall set deadlines for all other pretrial disclosures, briefing and other submissions at the Pretrial Conference, which is set for _Sept 30, 2016_ ___:___ a.m./p.m.

March 14, 2016

_Janice Clark_
HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

FILED
EAST BATON ROUGE PARISH, LA
2016 MAR 14 AM 11: 57
DEPUTY CLERK OF COURT

EBR34476050

EXHIBIT
A

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

15-MAR-2016

TO:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS, LA 70170

H&E EQUIPMENT SRVCS VS URS CORP ARCHITECTURE ETAL

CASE NUMBER: C626308

JUDGE: JANICE CLARK

DIVISION: Division D

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE

AFOREMENTIONED CASE: AMENDED ORDER ENCLOSED

EILEEN KNIGHT
JUDICIAL ASSISTANT TO JUDGE
JANICE CLARK

NOTIFIED:

Form 4522

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.  \* CASE NO. C626308, SECTION D

VERSUS       \* 19TH JUDICIAL DISTRICT COURT

URS CORPORATION ARCHITECTURE, \* PARISH OF EAST BATON ROUGE
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III \* STATE OF LOUISIANA

FILED:_____   _____
            DEPUTY CLERK

## H&E EQUIPMENT SERVICES, INC.'S EXPERT DISCLOSURES

  Pursuant to the Court's March 14, 2016, Amended Case Management Order, H&E Equipment Services, Inc. (hereinafter referred to as "H&E") submits the following list of anticipated expert witnesses relative to its claims:

1. **James R. "Bob" Bailey, Ph.D., P.E., F. ASCE**
  Exponent
  10850 Richmond Avenue, Suite 175
  Houston, Texas 77042
  (832) 325-5712

  May testify regarding causes of concrete spalling and cracking at H&E's Baton Rouge and Kenner, Louisiana facilities; applicable standard of care; deficiencies in the designs and specifications for the facilities at issue; repair options; and damages.

2. **Any expert witness needed for rebuttal.**

3. **H&E reserves the right to cross-examine any expert witness identified by Defendants.**

      Respectfully submitted,

      BAKER DONELSON BEARMAN
      CALDWELL & BERKOWITZ, PC

      BY: *Laura E. Carlisle*
      ROY C. CHEATWOOD (4010)
      ANNE DERBES WITTMANN (20584)
      M. DAVID KURTZ (23821)
      LAURA E. CARLISLE (33760)
      201 St. Charles Ave., Suite 3600
      New Orleans, Louisiana 70170
      Telephone: (504) 566-5200
      Facsimile: (504) 636-4000

      **ATTORNEYS FOR H&E EQUIPMENT SERVICES, INC.**

NO LEC 937138 v1
2519213-000024

EXHIBIT
B

NON-CERTIFIED COPY

Received

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 1st day of June, 2016, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

LAURA E. CARLISLE

-2-

NO LEC 937138 v1
2919213-000024

NON-CERTIFIED COPY

Jun 30 2016 12:25PM Chafman Haygood 5045865250    Jun 30 2016 01:00pm    Case 3:18-cr-00690-BAJ-RLB   Document 4-5   07/16/18   Page 144 of 328

Received

page 8

19TH JUDICIAL DISTRICT COURTPARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308             SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III

FILED: _____        _____

                                  DEPUTY CLERK

## H&E EQUIPMENT SERVICES, INC.'S SUPPLMENTAL EXPERT DISCLOSURES

Pursuant to the Court's March 14, 2016, Amended Case Management Order, H&E Equipment Services, Inc. (hereinafter referred to as "H&E" submits the following list of anticipated expert witnesses relative to its claims:

1.    **James R. "Bob" Bailey, Ph.D., P.E, F. ASCE**
   Exponent
   10850 Richmond Avenue, Suite 175
   Houston, Texas 77042
   (832) 325-5712

   May testify regarding causes of concrete spalling and cracking at H&E's Baton Rouge and Kenner, Louisiana facilities; applicable standard of care; deficiencies in the designs and specifications for the facilities at issue; repair options; and damages.

2.    **Wallace C. Drennan**
   Wallace C. Drennan, Inc.
   1500 Nine Mile Point Rd.
   Westwego, La. 70094
   (504) 378-2117

   May testify regarding causes of concrete spalling and cracking at H&E's Baton Rouge and Kenner, Louisiana facilities; applicable standard of care; deficiencies in the designs and specifications for the facilities at issue; repair options; and damages.

3.    **Any expert witness needed for rebuttal.**

4.    **H&E reserves the right to cross-examine any expert witness identified by Defendants.**

1054870v.1



EXHIBIT
C

NON-CERTIFIED COPY

Respectfully submitted,

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Supplemental Expert Disclosures

has been served upon all counsel of record by facsimile, email and/or by placing same in the

United States mail, postage prepaid and properly addressed, this 30 day of June, 2016.

Loretta G. Mince

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURTPARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                              SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____          _____
                                                    DEPUTY CLERK

## RULE TO SHOW CAUSE

**CONSIDERING** the foregoing Motion for Leave filed by the H&E Equipment Services,
Inc.;

**IT IS ORDERED** that the Plaintiffs' URS Corporation Architecture, P.C, URS
Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, show cause on the _____ day of ___,
2016 at _____ o'clock ___.m. why Plaintiff's Motion for Leave to Supplement Expert
Disclosures should not be granted.

Baton Rouge, Louisiana, this _____ day of _____, 2016.


                              _____
                                      DISTRICT JUDGE


<u>PLEASE SERVE</u>:

Philip A. Franco
Adams and Reese, LLP
4500 One Shell Square
New Orleans, La. 70139

- 1 -

1054576v.1

NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

NUMBER C626308 Division D                               Date:   30-JUN-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LORETTA G MINCE
       CORRERO FISHMAN HAYGOOD ET AL
       201 ST CHARLES AVE 46TH FL
       NEW ORLEANS LA 70170-4600

Item(s) Received: MOTION FOR LEAVE

Total Amount Due (includes all applicable fees below) $ ~~59.00~~    *138.00*

The Clerk of Court's office has received, by facsimile transmission dated 6/30/16, documents in the above referenced case. In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)     A transmission fee of five dollars
13:841(A)(2)(a)  First page of each pleading, six dollars
13:841(A)(2)(b)  Each subsequent page, four dollars
13:841(A)(2)(c)  Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)  Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Antonequa Butler*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY

```
** Transmit Conf.Report **
```

P.1
EBR CLERK OF COURT    Fax 2253893392                    Jun 30 2016 03:16pm

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915045865250 | Normal | 30:03:15pm | 0'36" | 1 | # O K | |



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

NUMBER C626308  Division D                              Date:   30-JUN-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:   LORETTA G MINCE
      CORRERO FISHMAN HAYGOOD ET AL
      201 ST CHARLES AVE 46TH FL
      NEW ORLEANS LA 70170-4600

Item(s) Received: MOTION FOR LEAVE

Total Amount Due (includes all applicable fees below) $ 58.00

The Clerk of Court's office has received, by facsimile transmission dated 6/30/16, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)       A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Antoinequa Butler*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 - LTR / FAX RECT



NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

NUMBER C626308  Division D
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

Date:    30-JUN-2016

To:    LORETTA G MINCE
       CORRERO FISHMAN HAYGOOD ET AL
       201 ST CHARLES AVE 46TH FL
       NEW ORLEANS LA 70170-4600

Item(s) Received: MOTION FOR LEAVE

Total Amount Due (includes all applicable fees below) $ **58.00**

The Clerk of Court's office has received, by facsimile transmission dated **6/30/16**, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Antonequia Butler*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT


NON-CERTIFIED COPY

POS

JUL - 1 2016

19TH JUDICIAL DISTRICT COURTPARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                          SECTION: "D"

H&E EQUIPMENT SERVICES, INC                    COST OK $

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____          _____
                                                 DEPUTY CLERK

## MOTION TO ENROLL ADDITIONAL COUNSEL OF RECORD

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff H&E Equipment

Services, Inc. who moves to enroll Loretta G. Mince, Bar No. 25796, Brent B. Barriere, Bar No.

2818 and Alysson Mills, Bar No. 32904 of the law firm Fishman Haygood, L.L.P., as counsel of

record for Plaintiff.



Respectfully submitted,

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile:  (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Motion to Enroll Additional

Counsel of Record has been served upon all counsel of record by facsimile, email and/or by

placing same in the United States mail, postage prepaid and properly addressed, this 30th day of

June, 2016.

_____
Loretta G. Mince

REC'D C.P.

JUL 0 1 2016

1054467v.1

FAX COPY FILED 6.30.16
ORIG... FILED 7.1.16

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURTPARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                              SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____          _____
                                                    DEPUTY CLERK

### ORDER

**CONSIDERING** the foregoing Motion to Enroll Additional Counsel;

**IT IS ORDERED**, that Loretta G. Mince, Bar No. 25796, Brent B. Barriere, Bar No.

2818 and Alysson Mills, Bar No. 32904, of Fishman Haygood, L.L.P. and hereby are enrolled as

counsel of record for Plaintiff H&E Equipment Services, Inc. in the above-captioned matter.

Baton Rouge, Louisiana, this 6 day of July, 2016.

_____
JUDGE



1054467v.1

NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

## FAX RECEIPT

NUMBER C626308  Division D                                    Date:   30-JUN-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

**To:**   LORETTA G MINCE
          CORRERO FISHMAN HAYGOOD ET AL
          201 ST CHARLES AVE 46TH FL
          NEW ORLEANS LA 70170-4600

Item(s) Received: MOTION TO ENROLL

Total Amount Due (includes all applicable fees below) $ <u>67.00</u>

The Clerk of Court's office has received, by facsimile transmission dated <u>6/30/16</u>, documents in the above referenced case. In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)          A transmission fee of five dollars
13:841(A)(2)(a)     First page of each pleading, six dollars
13:841(A)(2)(b)     Each subsequent page, four dollars
13:841(A)(2)(c)     Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)     Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Antoequia Butler*

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY

## ** Transmit Conf.Report **

P.1
EBR CLERK OF COURT    Fax 2253893392                    Jun 30 2016 03:20pm

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915045865250 | Normal | 30:03:19pm | 0'34" | 1 | * O K | |



## DOUG WELBORN
### CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

### FAX RECEIPT

NUMBER C626308 Division D
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

Date:    30-JUN-2016

To:    LORETTA G MINCE
       CORRERO FISHMAN HAYGOOD ET AL
       201 ST CHARLES AVE 46TH FL
       NEW ORLEANS LA 70170-4600

Item(s) Received: MOTION TO ENROLL

Total Amount Due (includes all applicable fees below) $ 67.00

The Clerk of Court's office has received, by facsimile transmission dated 6/30/16, documents in the above referenced case. In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)        A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(b)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Antoinequa Butler*

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

NUMBER C626308  Division D

H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

Date:    30-JUN-2016

To:    LORETTA G MINCE
       CORRERO FISHMAN HAYGOOD ET AL
       201 ST CHARLES AVE 46TH FL
       NEW ORLEANS LA 70170-4600

Item(s) Received: MOTION TO ENROLL

Total Amount Due (includes all applicable fees below) $ **67.00**

The Clerk of Court's office has received, by facsimile transmission dated **6/30/16**, documents in the above referenced case. In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)     A transmission fee of five dollars
13:841(A)(2)(a)  First page of each pleading, six dollars
13:841(A)(2)(b)  Each subsequent page, four dollars
13:841(A)(2)(c)  Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)  Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Antonequia Butler*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

POSTED

JUL - 1 2016

DOCKET NO.: 626,308

SECTION "D"

COST OK $ 130.00

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

DEPUTY CLERK OF COURT

FILED: _____        _____

                                                          DEPUTY CLERK

**MOTION FOR LEAVE TO SUPPLEMENT EXPERT DISCLOSURES**
**AND INCORPORATED MEMORANDUM IN SUPPORT**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff H&E Equipment

Services, Inc. who files this Motion for Leave of Court to Supplement its Expert Disclosures. In

support of this motion, H&E Equipment Services, Inc. states as follows:

On March 14, 2016, this court entered an Amended Case Management Order.  *See*

Exhibit "A".  Relevant to the instant motion, the Amended Case Management Order provides

that:

1.  The parties must disclose all experts relative to their respective claims and
    counterclaims and their areas of expertise on or before June 1, 2016.

2.  The parties must disclose all experts providing rebuttal testimony and their
    areas of expertise on or before June 30, 2016.

3.  Experts as to topics for which the presenting party has a claim or
    counterclaim must produce their report(s) on or before July 29, 2016.

4.  Experts providing rebuttal testimony or opinions must produce their
    report(s) on or before August 31, 2016.

*Id.*



On June 1, 2016, pursuant to the Amended Case Management Order, H&E Equipment

Services, Inc. served its expert disclosures on Defendants.  *See* Exhibit "B".

H&E desires to disclose an additional expert witness, namely Wallace C. Drennan of

Wallace C. Drennan, Inc. *See* Ex. "C."  Mr. Drennan is being designated to offer testimony in the

same subject matter area as Bob Bailey, H&E's previously disclosed expert.  However, Mr.

Drennan has specific experience relevant to certain issues in this case, including the pavement

requirements imposed by the Louisiana Department of Transportation and Development and East

**REC'D C.P.**

1054576v.1                          JUL 0 1 2016          FAX COPY FILED 4.30.16
                                                          ORIGIN. FILED

Baton Rouge Parish, and cost estimating for the installation of pavement.  As a result, his testimony will assist the trier of fact to understand the evidence or to determine a fact in issue in this case. *See* La. Code Evid. Ann. art. 702

Defendants have advised that they do not consent to this motion.  However, Defendants will not be prejudiced by this Supplemental Expert Disclosure.  Expert reports from H&E's experts are not due until July 29, 2016.  Further, URS has not disclosed any experts to date, and to the extent URS requires additional time to do, H&E does not object.

**WHEREFORE**, H&E Equipment Services, Inc. prays that this motion be granted and that this court granted leave to serve the Supplemental Expert Disclosure attached hereto as Exhibit "C.".

Respectfully submitted,



Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile:  (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*

### C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Motion for Leave has been served upon all counsel of record by facsimile, email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 30th day of June, 2016.

Loretta G. Mince

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURTPARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____          _____
                                                              DEPUTY CLERK

## RULE TO SHOW CAUSE

**CONSIDERING** the foregoing Motion for Leave filed by the H&E Equipment Services,

Inc.;

**IT IS ORDERED** that the Plaintiffs' URS Corporation Architecture, P.C, URS

Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, show cause on the *22* day of *August*

2016 at *1:00* o'clock *p*.m. why Plaintiff's Motion for Leave to Supplement Expert

Disclosures should not be granted.

Baton Rouge, Louisiana, this *6* day of *July* 2016.

_____
DISTRICT JUDGE

PLEASE SERVE:

Philip A. Franco
Adams and Reese, LLP
4500 One Shell Square
New Orleans, La. 70139

- 1 -

1054576v.1

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES, INC.

VERSUS

URS CORPORATION ARCHITECTURE,
P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

* CASE NO. C626308, SECTION D

* 19TH JUDICIAL DISTRICT COURT

* PARISH OF EAST BATON ROUGE

* STATE OF LOUISIANA

FILED: _____          _____
                                                    DEPUTY CLERK

## JOINT PROPOSED AMENDED CASE MANAGEMENT ORDER

Plaintiff, H&E Equipment Services, Inc., and defendants, URS Corporation Architecture,

P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III, respectfully submit this

Joint Proposed Amended Case Management Order, which proposed Order shall amend the

original Case Management Order issued by the Court on January 20, 2016:

1. The parties must disclose all experts relative to their respective claims and counterclaims and their areas of expertise on or before June 1, 2016.

2. The parties must disclose all experts providing rebuttal testimony and their areas of expertise on or before June 30, 2016.

3. Experts as to topics for which the presenting party has a claim or counterclaim must produce their report(s) on or before July 29, 2016.

4. Experts providing rebuttal testimony or opinions must produce their report(s) on or before August 31, 2016.

5. All fact discovery, including depositions, must be completed on or before August 31, 2016.

6. All expert discovery, including depositions, must be completed on or before September 30, 2016.

7. Any amendments to pleadings must be filed on or before April 30, 2016.

8. All fact witnesses that the parties may call at trial shall be disclosed by May 15, 2016.

9. The Court shall set deadlines for all other pretrial disclosures, briefing, and other submissions at ~~the Pretrial Conference,~~ which is set for _Sept 30, 2016_
   ____:____ a.m./p.m.

_March 14, 2016_

_Janice Clark_

HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court

FILED
EAST BATON ROUGE PARISH, LA
2016 MAR 14  AM 11: 57

DEPUTY CLERK OF COURT

EBR3699538

EBR34760S0

NON-CERTIFIED COPY

EXHIBIT
A

| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
|---|---|---|
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |
| FILED:_____ | | _____ |
| | | DEPUTY CLERK |

## H&E EQUIPMENT SERVICES, INC.'S EXPERT DISCLOSURES

Pursuant to the Court's March 14, 2016, Amended Case Management Order, H&E Equipment Services, Inc. (hereinafter referred to as "H&E") submits the following list of anticipated expert witnesses relative to its claims:

1.   **James R. "Bob" Bailey, Ph.D., P.E., F. ASCE**
     Exponent
     10850 Richmond Avenue, Suite 175
     Houston, Texas 77042
     (832) 325-5712

     May testify regarding causes of concrete spalling and cracking at H&E's Baton Rouge and Kenner, Louisiana facilities; applicable standard of care; deficiencies in the designs and specifications for the facilities at issue; repair options; and damages.

2.   **Any expert witness needed for rebuttal.**

3.   **H&E reserves the right to cross-examine any expert witness identified by Defendants.**


                    Respectfully submitted,

                    BAKER DONELSON BEARMAN
                    CALDWELL & BERKOWITZ, PC


                    BY: _____
                    ROY C. CHEATWOOD (4010)
                    ANNE DERBES WITTMANN (20584)
                    M. DAVID KURTZ (23821)
                    LAURA E. CARLISLE (33760)
                    201 St. Charles Ave., Suite 3600
                    New Orleans, Louisiana 70170
                    Telephone: (504) 566-5200
                    Facsimile: (504) 636-4000

                    **ATTORNEYS FOR H&E EQUIPMENT
                    SERVICES, INC.**

NO LEC 937138 v1
2919213-000024



NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 1st day of June, 2016, the foregoing was served on all known counsel of record who have appeared in this matter by facsimile and/or electronic mail and by placing same in the United States mail, in a properly addressed envelope, with first-class postage prepaid.

LAURA E. CARLISLE

-2-

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURTPARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____          _____
                                          DEPUTY CLERK

## H&E EQUIPMENT SERVICES, INC.'S SUPPLMENTAL EXPERT DISCLOSURES

Pursuant to the Court's March 14, 2016, Amended Case Management Order, H&E
Equipment Services, Inc. (hereinafter referred to as "H&E" submits the following list of
anticipated expert witnesses relative to its claims:

1.   **James R. "Bob" Bailey, Ph.D., P.E, F. ASCE**
     Exponent
     10850 Richmond Avenue, Suite 175
     Houston, Texas 77042
     (832) 325-5712

     May testify regarding causes of concrete spalling and cracking at
     H&E's Baton Rouge and Kenner, Louisiana facilities; applicable
     standard of care; deficiencies in the designs and specifications for
     the facilities at issue; repair options; and damages.

2.   **Wallace C. Drennan**
     Wallace C. Drennan, Inc.
     1500 Nine Mile Point Rd.
     Westwego, La. 70094
     (504) 378-2117

     May testify regarding causes of concrete spalling and cracking at
     H&E's Baton Rouge and Kenner, Louisiana facilities; applicable
     standard of care; deficiencies in the designs and specifications for
     the facilities at issue; repair options; and damages.

3.   **Any expert witness needed for rebuttal**.

4.   **H&E reserves the right to cross-examine any expert witness
     identified by Defendants.**

1054870v.1

EXHIBIT
C

NON-CERTIFIED COPY

Respectfully submitted,

_____
Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Supplemental Expert Disclosures

has been served upon all counsel of record by facsimile, email and/or by placing same in the

United States mail, postage prepaid and properly addressed, this $30$ day of June, 2016.

_____
Loretta G. Mince

1054870v.1

NON-CERTIFIED COPY



**BAKER
DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUISIANA 70170
PHONE:   504.566.5200
FAX:   504.636.4000

www.bakerdonelson.com

# FAX COVER SHEET

| FROM | Denise DeAmore |
|---|---|
| EMAIL | ddeamore@bakerdonelson.com |
| BILL CODE | |
| TO | |
| COMPANY | |
| FAX NUMBER | 12253893392 |
| DATE | 7/6/2016 12:23:05 PM CST |
| RE | H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al. |

## COVER MESSAGE

See attached for filing, sent on behalf of Laura E. Carlisle. Please provide fax confirmation of your receipt, advising costs of filing to the undersigned, and the original will be forwarded by mail with this firm's check.

**Denise C. DeAmore**
**Legal Secretary to Aubrey B. Hirsch, Jr., Brian M. Ballay and Kathlyn Perez Bethune**
**Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C.**
**201 St. Charles Avenue**
**Suite 3600**
**New Orleans, LA 70170**
**Direct: 504.566.5271**
**Fax: 504.636.3971**
**E-mail:  DDeAmore@bakerdonelson.com<mailto:eDDeAmore@bakerdonelson.com>**
**www.bakerdonelson.com<http://www.bakerdonelson.com/>**

**Baker, Donelson, Bearman, Caldwell & Berkowitz, PC**
**represents clients from across the U.S. and abroad**
**from offices in Alabama, Florida, Georgia, Louisiana, Mississippi, Tennessee, Texas and Washington, D.C.**

**Baker Donelson - One of FORTUNE Magazine's "100 Best Companies to Work For(r)" for Seven Years in a Row!**


EBR3668157

te: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named ove. If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this simile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please immediately notify the person ned above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

ss otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to the imposition of federal tax penalties.

NON-CERTIFIED COPY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Under requirements imposed by the IRS, we inform you that,
if any advice concerning one or more U.S. federal tax issues is contained
in this communication (including in any attachments and, if this communication is by email,
then in any part of the same series of emails), such advice was not intended
or written by the sender or by Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to be used,
and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or
(2) promoting, marketing or recommending to another party any transaction or tax-related matter
addressed herein.

This electronic mail transmission may constitute an attorney-client communication that is privileged at law.
It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this
electronic mail transmission in error, please delete it from your system without copying it, and notify the
sender by reply e-mail, so that our address record can be corrected.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Note: This facsimile contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the specific individual or entity named above. If you or your employer are not the intended recipient, you are hereby notified that any unauthorized dissemination or copying of this facsimile or the information contained in it is strictly prohibited. If you have received this facsimile in error, please immediately notify the person named above at once by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Unless otherwise expressly stated, nothing in this cover sheet or in any attachment hereto is intended to or can be used by any recipient to avoid the imposition of federal tax penalties.

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
|  | * | STATE OF LOUISIANA |

FILED:_____    _____

                                   **DEPUTY CLERK**

### *EX PARTE* MOTION TO WITHDRAW
### AS COUNSEL OF RECORD

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, H&E Equipment Services, Inc. ("H&E"), and respectfully moves this Honorable Court for an Order allowing Roy C. Cheatwood (La. Bar. No. 4010), Anne Derbes Wittmann (La. Bar No. 20584), M. David Kurtz (La. Bar No. 23821), and Laura E. Carlisle (La. Bar No. 33760) and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to withdraw as counsel of record for H&E in the captioned action. H&E has retained other counsel to represent it and has elected to terminate Baker, Donelson, Bearman, Caldwell & Berkowitz, PC's and the above-referenced attorneys' representation of it in this matter. H&E has already moved to enroll Loretta G. Mince (La. Bar No. 25796), Brent B. Barriere (La. Bar No. 2818), and Alysson Mills (La. Bar No. 32904) and the law firm of Fishman Haygood, L.L.P. as its counsel of record, and Loretta G. Mince (La. Bar No. 25796), Brent B. Barriere (La. Bar No. 2818), and Alysson Mills (La. Bar No. 32904) and the law firm of Fishman Haygood, L.L.P. will remain its counsel of record after the withdrawal of Roy C. Cheatwood (La. Bar. No. 4010), Anne Derbes Wittmann (La. Bar No. 20584), M. David Kurtz (La. Bar No. 23821), and Laura E. Carlisle (La. Bar No. 33760) and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC.

**WHEREFORE,** H&E Equipment Services, Inc. respectfully urges this Court to grant this Motion, allowing Roy C. Cheatwood (La. Bar. No. 4010), Anne Derbes Wittmann (La. Bar No. 20584), M. David Kurtz (La. Bar No. 23821), and Laura E. Carlisle (La. Bar No. 33760) and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to withdraw as counsel of record for H&E in this matter.

NO LEC 943267 v1
2919213-000024

NON CERTIFIED COPY

Case 3:18-cv-00690-BAJ-RLB   Document 4-5   07/16/18   Page 166 of 328

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY:  *Laura E Carlisle*

ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 6th day of July, 2016, the foregoing was served

on all known counsel of record who have appeared in this matter by electronic mail.

*Laura E Carlisle*



-2-

NO LEC 943267 v1.
2919213-000024

NON CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES, INC. | * | CASE NO. C626308, SECTION D |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |

FILED:_____     _____
                                        DEPUTY CLERK

## ORDER

Considering the foregoing *Ex Parte* Motion to Withdraw as Counsel of Record filed by plaintiff, H&E Equipment Services, Inc. (the "Motion");

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that plaintiff's Motion be and is hereby **GRANTED**, and that Roy C. Cheatwood (La. Bar. No. 4010), Anne Derbes Wittmann (La. Bar No. 20584), M. David Kurtz (La. Bar No. 23821), and Laura E. Carlisle (La. Bar No. 33760) and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC shall be withdrawn as counsel of record for H&E in this matter.

Baton Rouge, Louisiana, this the _____ day of July, 2016.

_____
DISTRICT COURT JUDGE

NO LEC 943267 v1
2919213-000024

NON CERTIFIED COPY

EBR CLERK OF COURT    Fax 2253893392        Jul  6 2016 03:24pm P001/001



# DOUG WELBORN
## CLERK OF COURT

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

PARISH OF EAST BATON ROUGE

---

## FAX RECEIPT

NUMBER C626308  Division D                    Date:   06-JUL-2016

H&E EQUIPMENT SERVICES INC

VS

URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: EX PARTE MOTION TO WITHDRAW

Total Amount Due (includes all applicable fees below) $ 75.00

The Clerk of Court's office has received, by facsimile transmission dated 7/6/16, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:

13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Antonequia Butler*

---
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY

```
**  Transmit Conf.Report  **
```

P.1
EBR CLERK OF COURT      Fax 2253893392                    Jul  6 2016 03:25pm

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915046364000 | Normal | 06:03:24pm | 0'49" | 1 | O K | |



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

### FAX RECEIPT

NUMBER C626308  Division D                                Date:  06-JUL-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: EX PARTE MOTION TO WITHDRAW

Total Amount Due (includes all applicable fees below) $ 75.00

The Clerk of Court's office has received, by facsimile transmission dated 7/6/16, documents in the above referenced case. In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Antosequia Butler*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

## FAX RECEIPT

NUMBER C626308  Division D                    Date:    06-JUL-2016

H&E EQUIPMENT SERVICES INC

VS

URS CORPORATION ARCHITECTURE PC ET AL

To:    LAURA E CARLISLE
       BAKER DONELSON BEARMAN
       201 ST CHARLES ST STE 3600
       NEW ORLEANS LA 70170

Item(s) Received: EX PARTE MOTION TO WITHDRAW

Total Amount Due (includes all applicable fees below) $ 75.00

The Clerk of Court's office has received, by facsimile transmission dated 7/6/16, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:

13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Antonequia Butler*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
## 300 North Boulevard
## Baton Rouge, LA 70801
## Phone (225)389-3960

NO.    C626308 Division D                 08-JUL-2016


TO:    ORLEANS PARISH SHERIFFS OFFICE
       CIVIL DEPARTMENT
       421 LOYOLA AVE
       NEW ORLEANS, LA 70112


Please find attached RULE NISI to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X       note the enclosed check for payment of service;

ﻒ       send us your bill for service;

ﻒ       note that this is a pauper suit and no funds are available; or

ﻒ       note that this is a government suit and no funds are necessary.


                              Thank You,



                              Deputy Clerk of Court for
                              Doug Welborn, Clerk of Court

Requesting Attorney:  LORETTA G MINCE

_____

REPLY:                        DATE:_____

_____

_____

_____

_____

_____

                    By:_____

                    Deputy Sheriff, Parish of _____


                    **Letter to Out Of Parish Sheriff - 5213**



EBR2991305

NON-CERTIFIED COPY

6709-16-000061

# RULE NISI

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19ᵗʰ JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    PLAINTIFFS
      PHILIP A FRANCO
      4500 ONE SHELL SQUARE
      NEW ORLEANS, LA.  70139

      The Mover in this case filed a petition which the Court granted.  Certified copies of this document and the Court's Order are attached.

**MOTION FOR LEAVE TO SUPPLEMENT EXPERT DISCLOSURES WITH  MEMORANDUM**

      You MUST come to Court at 1:00 PM, on AUGUST 22, 2016 in Room 10-A , 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

### * * * * * SEE ATTACHED ORDER * * * * *

      **YOU ARE ORDERED TO APPEAR IN COURT.  IF YOU FAIL TO APPEAR, A BENCH WARRANT MAY ISSUE FOR YOUR ARREST.**

      This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **08-JUL-2016**.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney:
LORETTA G MINCE

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____.

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**    After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____     _____
TOTAL:  $_____              Deputy Sheriff
                      Parish of _____

### RULE NISI (OOP) - 6709



EBR3706845

NON-CERTIFIED COPY

# ADAMS AND REESE LLP

**Attorneys at Law**
Alabama
Florida
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

Philip A. Franco
Also admitted in Texas
and the District of Columbia
Direct: 504.585.0291
E-Fax:  504.553.9780
philip.franco@arlaw.com

June 30, 2016
*VIA U.S. MAIL AND E-MAIL dkurtz@bakerdonelson.com*

M. David Kurtz
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
201 St. Charles Avenue, Suite 360
New Orleans, LA 70170

Re:  *H&E Equipment Services v. URS Corporation Architecture, P.C., et al.*
Civil Suit No.: 626,308; Div. "D"; 19th Judicial District Court
Our File No.: 25240-3

Dear Counselors:

In accordance with the Court's *Amended Case Management Order* in this matter dated March 14, 2016, defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants") hereby identify Defendants' experts for purposes of rebuttal of claims of H&E Equipment Services, Inc. and their respective areas of expertise as follows:

1. <u>Gary Anderton</u>: Relative to the issues of spalling and cracking concrete identified by Plaintiff in connection with this lawsuit.

2. <u>Michael A. Stein, P.E.</u>: Relative to the issues of spalling and cracking concrete identified by Plaintiff in connection with this lawsuit.

3. <u>Neal Johnson</u>:  Relative to the design implemented at the H&E facilities at issue in this matter, the issues of spalling and cracking concrete identified by Plaintiff in connection with this lawsuit as well as any other deficiencies identified by Plaintiff in connection with this lawsuit.

4. <u>Thomas Ryan</u>: Relative to the design implemented at the H&E facilities at issue in this matter, the issues of spalling and cracking concrete identified by Plaintiff in connection with this lawsuit as well as any other deficiencies identified by Plaintiff in connection with this lawsuit.

5. <u>Murray McCullough</u>: Relative to the design implemented at the H&E facilities in Baton Rouge, which are at issue in this matter, and the issues of spalling and cracking concrete identified by Plaintiff in connection with this lawsuit.



NON-CERTIFIED COPY
EBR3634802

Respectfully submitted,

ADAMS AND REESE LLP

PHILIP A. FRANCO
RONALD J. SHOLES
KELLEN J. MATHEWS

cc:     Anne Derbes Wittmann (Via E-mail Only *awittmann@bakerdonelson.com*)
        Laura E. Carlisle (Via E-mail Only  *lcarlisle@bakerdonelson.com*)
        Roy C. Cheatwood (Via E-mail Only *rcheatwood@bakerdonelson.com*)

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| | * | |
| URS CORPORATION | * | PARISH OF EAST BATON ROUGE |
| ARCHITECTURE, P.C., URS | * | |
| CORPORATION, L. O'NEAL | * | STATE OF LOUISIANA |
| JOHNSON AND THOMAS E. RYAN, | * | |
| III | * | |

COST OK $ 40

JUL 11 2016

CH 053686 M

DEPUTY CLERK OF COURT

## DEFENDANTS' MOTION FOR EXPEDITED CONSIDERATION OF MOTION FOR LEAVE TO SUPPLEMENT EXPERT DISCLOSURES

NOW INTO COURT through undersigned counsel come, Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants"), who move this Court for an Order expediting consideration of the Motion for Leave to Supplement Expert Disclosures filed by Plaintiff, H&E Equipment Services, Inc. ("H&E"), as follows:

1.

On June 30, 2016, H&E's proposed new counsel filed a Motion for Leave to Supplement Expert Disclosures ("H&E's Motion"), despite the fact that they were not yet enrolled as counsel of record in this case and current counsel of record at that time did not participate in or consent to H&E's Motion.

2.

On July 7, 2016, Defendants submitted their Opposition to H&E's Motion.

3.

The Court set this matter for hearing on August 22, 2016.

4.

Defendants seek expedited consideration of H&E's Motion due to the fact that pursuant to the stipulation of all counsel of record, which provided the basis for this

1

NON-CERTIFIED COPY
EBR3572203

Court's March 14, 2016 Amended Case Management Order, H&E  must submit all expert reports by <u>**July 29, 2016**</u>, which will have passed before the current hearing setting of August 22, 2016.

5.

Moreover, the deadline for Defendants' to submit their expert's reports is <u>**August 31, 2016**</u>, such that, without the benefit of expedited consideration, Defendants would have to obtain an expert to rebut a report by H&E's proposed additional expert, Mr. Wallace Drennan, III, despite the fact that the Court will not have ruled as to whether H&E will be permitted to offer Mr. Drennan's testimony in this case; a result completely contrary to the stipulated dates reached with H&E's prior counsel of record.

6.

Defendants' submit that H&E has failed to set forth any cause for the disruption of the schedule stipulated by the parties' counsel of record and approved by the Court for the orderly progression of this matter toward resolution and that this matter need not be set for hearing at all, but, if the Court requires a hearing, Defendants request that the matter be heard on an expedited basis to prevent further disruption of the dates parties' counsel of record and approved by this Court in its Amended Case Management Order and to prevent the needless expense of incurring additional experts and reports.

WHEREFORE, Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III, respectfully pray that, based upon the foregoing Motion that this Court grant expedited consideration of H&E's Motion for Leave to Supplement Expert Disclosures.

2

NON-CERTIFIED COPY

Respectfully submitted,

**ADAMS AND REESE, LLP**

Philip A. Franco    (Bar #5819), TA
Ron Sholes           (Bar # 14436)
Kellen J. Mathews   (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III**



3

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid or via email, this the 11th day of July, 2016.

_____
Kellen J. Mathews



NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| | * | |
| URS CORPORATION | * | PARISH OF EAST BATON ROUGE |
| ARCHITECTURE, P.C., URS | * | |
| CORPORATION, L. O'NEAL | * | STATE OF LOUISIANA |
| JOHNSON AND THOMAS E. RYAN, | * | |
| III | * | |

---

### ORDER

Considering the foregoing Motion for Expedited Consideration of Motion for Leave to Supplement Expert Disclosures filed by Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III:

**IT IS HEREBY ORDERED** that Defendants' Motion is **GRANTED**, and H&E's Motion for Leave to Supplement Expert Disclosures shall be heard on an expedited basis on the **25** day of July, 2016 at **:00** a.m./p.m.

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, this _12_ day of July, 2016.

_____
HONORABLE JANICE CLARK, JUDGE
19th Judicial District Court



NON-CERTIFIED COPY

1

COST GRANT:

JUL - 7 2016

BY_____

DY CLERK OF COURT

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308    DIV.: D** |
| | * | **19TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | |
| | * | **PARISH OF EAST BATON ROUGE** |
| | * | |
| **URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III** | * | **STATE OF LOUISIANA** |

---

### DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO SUPPLEMENT EXPERT DISCLOSURES

---

**MAY IT PLEASE THE COURT:**

Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants") respectfully submit this reply memorandum in opposition to the H&E Equipment Services, Inc.'s ("H&E") Motion for Leave to Supplement Expert Disclosures, as follows:

Almost three years after the filing of this suit in November, 2013, and a month after the June 1, 2016, date stipulated with H&E's existing counsel of record for identification of all experts, H&E's proposed new counsel inexplicably filed a motion for leave to name an additional expert when they were not even enrolled as counsel of record in this case. Importantly, said motion to supplement was not filed by or joined by H&E's existing counsel of record, who had stipulated to dates for naming all experts in this case. H&E's proposed new counsel is H&E's third counsel in this case.

On the one hand, H&E proposed new counsel submits that this proposed additional expert, Wallace C. Drennan, would offer testimony on the same subject matter as H&E's timely disclosed expert, James R. "Bob" Bailey. Thus, by their own admission, the proposed testimony of Mr. Drennan is duplicative and, therefore, unnecessary. This, in and of itself, warrants rejection of H&E's request for an untimely

EBR3634801

1

NON-CERTIFIED COPY

extension of the deadlines stipulated to by all counsel of record and approved by this Court in its Amended Case Management Order ("Amended CMO").

Proposed new counsel for H&E also indicates that Mr. Drennan has "specific experience relevant to certain issues in this case, including the pavement requirements imposed by the Louisiana Department of Transportation and Development ("DOTD") ...." H&E Mot. for Leave to Supp. Expert Discl. at p. 1-2. This is not an additional area that is an actual issue in this case. H&E did not engage Defendants to build a public roadway such that DOTD's public road paving requirements are inapplicable and testimony in this regard would not assist the trier of fact.

Proposed new counsel for H&E also slips in for the very first time in this almost three year old case that Mr. Drennan has experience in "cost estimating for the installation of pavement", a topic that would likely relate to development of H&E's damages. The issue of damages is one on which Defendants have sought information since very early on in this matter through discovery and related motions to compel. Unfortunately, H&E has failed to disclose any information on its alleged damages in response to discovery. There is no question that H&E was aware of inquiry on its alleged damages, yet it inexplicably waited almost three years and one month past the deadline for doing so to identify any expert in this regard. Thus, when Defendants timely filed their designation of experts on June 30, 2016, there was no reason for Defendants to name any expert on damages because H&E had not done so.

H&E has no good reason whatsoever for its failure to timely list Mr. Drennan as an expert in accordance with the stipulation that became the Amended CMO. This is H&E's second change of counsel in this suit. Stated simply, H&E should not be permitted to secure an unmerited and prejudicial extension based on its own decision to change counsel twice after its original counsel.

NON-CERTIFIED COPY

Moreover, H&E's representation that Defendants will not be prejudiced by this supplemental expert disclosure is erroneous. Defendants submitted their expert witnesses disclosure to H&E in accordance with this Court's Amended CMO, on June 30, 2016, a copy of which is attached hereto as **Exhibit "A"**.  Having not been apprised of H&E's new proposed counsel's plan to name Mr. Drennan on time, Defendants, in accordance with the Amended CMO, timely identified their experts based on H&E's one timely-identified expert and not the additional, belatedly-disclosed potential expert. Defendants had no reason to and, therefore, did not name any expert on cost estimating relating to damages or DOTD pavement requirements for public roads. Allowing H&E to present such an expert at this late juncture is obviously prejudicial to Defendants and was the very reason the parties stipulated to allow Defendants 30 days after H&E named its experts to name their rebuttal experts.  Consequently, the motion should be denied because, on the one hand, the new expert is duplicative and, on the other hand, the new expert offers testimony that is not relevant and prejudicial to Defendants.

Another issue created by this untimely motion is that the deadline for H&E to submit expert reports under the Amended CMO is July 29, 2016 and the deadline for Defendants' to submit their expert's reports is August 31, 2016.  Without the benefit of a special setting, this motion would not likely come for hearing until after one or both of the aforementioned expert report deadlines expire.  Thus, H&E would provide and Defendants would have to belatedly obtain an expert to rebut a report by Mr. Drennan despite the fact that the Court will not have opined as to whether H&E will be permitted to offer his testimony.  This is exactly the waste of time and expense the parties avoided by the stipulated time periods.  Such a result is completely contrary to the stipulated dates reached with H&E's prior counsel of record and should not be permitted. This Court should deny this motion now in order to keep the Amended CMO in place.

3

NON-CERTIFIED COPY

In summary, the instant motion which was not filed by counsel of record for H&E not only seeks to jeopardize the viability of the schedule stipulated by the parties and approved by the Court for the orderly progression of this matter toward resolution, but also prejudices Defendants. Meanwhile, H&E has provided absolutely no cause for permitting this disruption of the schedule previously stipulated to by all prior counsel of record. H&E has failed to make a showing that it is entitled to the relief that it seeks. H&E's proposed change of counsel for the second time in this case (third counsel of record) is simply no such reason. Accordingly, for the foregoing reasons, there is no reason to set this motion for hearing, which was not filed by any counsel of record, for hearing and Plaintiff's Motion for Leave to Supplement Expert Disclosures should be denied.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco   (Bar #5819), TA
Ron Sholes         (Bar # 14436)
Kellen J. Mathews  (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III**

FILED
1 BATON ROUGE PARISH, LA
2016 JUL -7  PM 1: 50

DEPUTY CLERK OF COURT

4

NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid or via email, this the _____ day of July, 2016.

Kellen J. Mathews

FILED
BATON ROUGE PARISH, LA
2016 JUL -7  PM 1: 50

DEPUTY CLERK OF COURT

5

NON-CERTIFIED COPY

# FISHMAN HAYGOOD, L.L.P.

201 ST. CHARLES AVENUE
46TH FLOOR
NEW ORLEANS, LA 70170
PHONE: (504) 586-5252
FAX: (504) 586-5250

## FAX

**TO:**  The Hon. J. Douglas Welborn,
Clerk of Court, 19th JDC

**FAX NUMBER:** 225-389-3392

**FROM:** Lori Mince

**DIRECT DIAL NO:** 504-586-5273

**DATE:** June 30, 2016

**FILE NO. 3107-04**

We are sending 4 pages (including this page)

If there are any problems, please contact Carla at 586-5246.

Re:  *H&E Equipment Services, Inc. v URS Corporation Architecture, P.C., et al*
Docket No. 626308, Sec. "D"

Dear Mr. Welborn:

Attached please find a Supplemental Memorandum in Support of Motion for Leave to Supplement Expert Disclosures. Please file into the record and confirm *via* facsimile the cost for **fax filing fees** for the attached document. As required, the original document will be forwarded for filing within seven (7) days along with a check to cover the fees for filing by fax.

Thanking you in advance for your assistance.

Respectfully,

*Carla Cooper Mayer*

Carla Cooper Mayer
Legal Assistant to Lori Mince
Fishman Haygood

EBR3703848

859269v.1

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURT   PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                         SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____          _____
                                                DEPUTY CLERK

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
### MOTION FOR LEAVE TO SUPPLEMENT EXPERT DISCLOSURES

**MAY IT PLEASE THE COURT,**

Plaintiff H&E Equipment Services, Inc. ("H&E") submits this Supplemental
Memorandum to respond to the arguments contained in Defendant's Opposition to H&E's
Motion for Leave to Supplement Expert Disclosures. For the reasons set forth below, and in
H&E's original motion, H&E's request to designate Wallace Drennan as an additional expert
witness should be granted.

1.  URS argues that because the subject matter of Wallace Drennan's testimony overlaps
    with that of the expert previously named by H&E, Bob Bailey, Mr. Drennan's testimony
    is duplicative and unnecessary. URS fails to point out that on June 30, 2016, it
    designated **five** different expert witnesses (H&E has designated only two), and URS
    claims **all five** of the experts it has designated will testify about "issues of spalling and
    cracking concrete identified by Plaintiff in connection with this lawsuit."

2.  As set forth in H&E's original motion for leave, both of the experts identified by H&E
    will testify regarding the causes of concrete spalling and cracking at H&E's Baton Rouge
    and Kenner facilities, the deficiencies in the designs and specifications prepared by URS
    for the facilities, and damages. Additionally, Mr. Drennan will provide testimony
    regarding the pavement requirements imposed by the Louisiana Department of
    Transportation and Development ("DOTD"). URS argues that the DOTD requirements
    are irrelevant. Ironically, URS's argument demonstrates precisely why URS is liable to

- 1 -

1063129v.1

NON-CERTIFIED COPY

H&E in this case. At the center of this case is H&E's claim that URS failed to properly design the concrete pavement (including the expansion and construction joints in the pavement) at H&E's equipment yards in Baton Rouge and Kenner. URS asserts that the DOTD standards for concrete pavement are irrelevant to this claim, but the Notes in URS's own plans acknowledge that: "ALL PAVEMENT JOINT CONSTRUCTION AND SEALING DETAILS SHALL CONFORM TO THE LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT (LADOTD) STANDARD PLAN NO. CP-01 FOR PORTLAND CEMENT CONCRETE PAVEMENT DETAILS." Despite the above note, the design of the pavement contained in the construction drawings prepared by URS does not comply with DOTD standards. Testimony regarding this issue is plainly relevant.

3.  URS argues that H&E has designated Mr. Drennan as an expert to testify about damages "for the very first time," and that this will cause URS prejudice because URS has not designated an expert to testify about damages. URS is simply incorrect. In its initial expert disclosures, H&E designated Mr. Bailey to testify about damages.

4.  URS's other claims of prejudice are equally hollow. H&E's expert reports are not due until July 29, 2016; URS's reports are not due until August 31, 2016. The designation of an additional expert by H&E on June 30, 2016, well before H&E's expert reports are due will result in zero prejudice to URS. Further, to the extent URS seeks to designate an additional expert (beyond the five it has already designated), H&E has already said it will not object.

Respectfully submitted,

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*



- 2 -

1063129v.1

NON-CERTIFIED COPY

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Supplemental Memorandum in Support of Motion for Leave has been served upon all counsel of record by facsimile, email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 13 day of July, 2016.



_____
Loretta G. Mince

- 3 -

1063129v.1

NON-CERTIFIED COPY

## ** Transmit Conf.Report **

P.1
EBR CLERK OF COURT    Fax 2253893392                    Jul 13 2016 01:22pm

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915045865250 | Normal | 13:01:21pm | 0'31" | 1 | # O K | |



## DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

### FAX RECEIPT

NUMBER C626308  Division D                           Date:    13-JUL-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LORETTA G MINCE
       CORRERO FISHMAN HAYGOOD ET AL
       201 ST CHARLES AVE 46TH FL
       NEW ORLEANS LA 70170-4600

Item(s) Received: SUPPLEMENTAL MEMO

Total Amount Due (includes all applicable fees below) $ 58.00

The Clerk of Court's office has received, by facsimile transmission dated 7/13/16, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)       A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(b)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Antoinette Butler*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

---

### FAX RECEIPT

NUMBER C626308  Division D                                    Date:    13-JUL-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL


To:     LORETTA G MINCE
        CORRERO FISHMAN HAYGOOD ET AL
        201 ST CHARLES AVE 46TH FL
        NEW ORLEANS LA 70170-4600


Item(s) Received: SUPPLEMENTAL MEMO

Total Amount Due (includes all applicable fees below) $ **58.00**

The Clerk of Court's office has received, by facsimile transmission dated **7/13/16**, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)     A transmission fee of five dollars
13:841(A)(2)(a)  First page of each pleading, six dollars
13:841(A)(2)(b)  Each subsequent page, four dollars
13:841(A)(2)(c)  Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)  Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.


*Antonequia Butler*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT





# DOUG WELBORN
## CLERK OF COURT

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392

www.ebrclerkofcourt.org

PARISH OF EAST BATON ROUGE

3107-04

## FAX RECEIPT

Date:   13-JUL-2016

NUMBER C626308  Division D
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:   LORETTA G MINCE
      CORRERO FISHMAN HAYGOOD ET AL
      201 ST CHARLES AVE 46TH FL
      NEW ORLEANS LA 70170-4600

Item(s) Received: SUPPLEMENTAL MEMO

Total Amount Due (includes all applicable fees below) $ 58.00

The Clerk of Court's office has received, by facsimile transmission dated 7/13/16, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
- 13:850(B)(3)       A transmission fee of five dollars
- 13:841(A)(2)(a)    First page of each pleading, six dollars
- 13:841(A)(2)(b)    Each subsequent page, four dollars
- 13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
- 13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

Antonequia Butler

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT





JUL 19 2016

NON-CERTIFIED COPY

ORIGIN ID:NEWA    (504) 586-5252
LORETTA G. MINCE
FISHMAN HAYGOOD L.L.P.
201 SAINT CHARLES AVE
STE 4600
NEW ORLEANS, LA 70170
UNITED STATES US

SHIP DATE: 13JUL16
ACTWGT: 0.50 LB
CAD: 5347965/INET3730

BILL SENDER

TO  **CLERK**
    **19TH JDC, EAST BATON ROUGE**
    **300 NORTH BOULEVARD**

    **BATON ROUGE LA 70802**
    (504) 586-5252
    INV          REF: 3107-04
    PO           DEPT.

FedEx Ship Manager - Print Your Label(s)

540J15CBD727F

**FedEx**
Express

E

THU - 14 JUL 10:30A
PRIORITY OVERNIGHT

TRK#
0201  **7767 4048 8407**

**42 OPLA**

70802
LA-US   MSY



7/13/2016

NON-CERTIFIED COPY



# BAKER
# DONELSON
BEARMAN, CALDWELL
& BERKOWITZ, PC

201 ST. CHARLES AVENUE
SUITE 3600
NEW ORLEANS, LOUICIANA 70170
PHONE:  504-566-5200
FAX:  504-636-4000
www.bakerdonelson.com

LAURA E. CARLISLE
**Direct Dial**: (504) 566-8643
**Direct Fax**: (504) 585-6943
**E-Mail**: lcarlisle@bakerdonelson.com

July 7, 2016

Hon. J. Douglas Welborn
Clerk of Court, 19th JDC
Parish of East Baton Rouge
P.O. Box 1991
Baton Rouge, Louisiana 70821

Re:    *H&E Equipment Services, Inc. vs. URS Corporation Architecture, PC., et al.*
       19th JDC No. 626308, Division "D"

Dear Mr. Welborn:

Enclosed please find an original and two (2) copies of H&E Equipment Services, Inc.'s *Ex Parte* Motion to Withdraw as Counsel of Record, which was fax filed with your office on July 6, 2016 and we now ask that you file the original with the Court.  We have received your fax confirmation regarding this filing and have enclosed our firm's check in that amount $75.00 for the fees associated with this filing.  I would appreciate your returning a date-stamped copy of this pleading to undersigned counsel in the enclosed, self-addressed envelope.

Thank you for your assistance in this matter, and if you have any questions, please do not hesitate to contact us.

With kindest regards, I remain

Sincerely,

/s/ *Laura E. Carlisle*

Laura E. Carlisle

LEC/sdt
Encl.
cc:    Philip A. Franco, Esq. w/encl.
       Kellen Matthews, Esq. w/encl.



NO LEC 943617 v1
2919213-000024

ALABAMA • FLORIDA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • TEXAS • WASHINGTON, D.C.

NON-CERTIFIED COPY

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | * CASE NO. C626308, SECTION D |
| VERSUS | * 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | * PARISH OF EAST BATON ROUGE |
| | * STATE OF LOUISIANA |
| FILED:_____ | _____ |
| | DEPUTY CLERK |

**POSTED**

JUL 13 2016

costok $ 75

JUL 12 2016

C# 23203 A

DEPUTY CLERK OF COURT

*EX PARTE* MOTION TO WITHDRAW
AS COUNSEL OF RECORD

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, H&E Equipment Services, Inc. ("H&E"), and respectfully moves this Honorable Court for an Order allowing Roy C. Cheatwood (La. Bar. No. 4010), Anne Derbes Wittmann (La. Bar No. 20584), M. David Kurtz (La. Bar No. 23821), and Laura E. Carlisle (La. Bar No. 33760) and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to withdraw as counsel of record for H&E in the captioned action. H&E has retained other counsel to represent it and has elected to terminate Baker, Donelson, Bearman, Caldwell & Berkowitz, PC's and the above-referenced attorneys' representation of it in this matter. H&E has already moved to enroll Loretta G. Mince (La. Bar No. 25796), Brent B. Barriere (La. Bar No. 2818), and Alysson Mills (La. Bar No. 32904) and the law firm of Fishman Haygood, L.L.P. as its counsel of record, and Loretta G. Mince (La. Bar No. 25796), Brent B. Barriere (La. Bar No. 2818), and Alysson Mills (La. Bar No. 32904) and the law firm of Fishman Haygood, L.L.P. will remain its counsel of record after the withdrawal of Roy C. Cheatwood (La. Bar. No. 4010), Anne Derbes Wittmann (La. Bar No. 20584), M. David Kurtz (La. Bar No. 23821), and Laura E. Carlisle (La. Bar No. 33760) and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC.

**WHEREFORE,** H&E Equipment Services, Inc. respectfully urges this Court to grant this Motion, allowing Roy C. Cheatwood (La. Bar. No. 4010), Anne Derbes Wittmann (La. Bar No. 20584), M. David Kurtz (La. Bar No. 23821), and Laura E. Carlisle (La. Bar No. 33760) and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC to withdraw as counsel of record for H&E in this matter.



REC'D C.P.

JUL 13 2016

NON-CERTIFIED COPY

NO LEC 943267 v1
2919213-000024

FAX COPY FILED ___7/12/16___
ORIGINAL FILED ___7/12/16___

EBR3702821

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____
ROY C. CHEATWOOD (4010)
ANNE DERBES WITTMANN (20584)
M. DAVID KURTZ (23821)
LAURA E. CARLISLE (33760)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR H&E EQUIPMENT
SERVICES, INC.**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 6th day of July, 2016, the foregoing was served

on all known counsel of record who have appeared in this matter by electronic mail.

_____

2016 JUL 12 P 12: 20

DEPUTY CLERK OF COURT

NO LEC 943267 v1
2919213-000024

NON-CERTIFIED COPY

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | *   CASE NO. C626308, SECTION D |
| VERSUS | *   19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III | *   PARISH OF EAST BATON ROUGE *   STATE OF LOUISIANA |
| FILED:_____ | _____ |
| | DEPUTY CLERK |

## ORDER

Considering the foregoing *Ex Parte* Motion to Withdraw as Counsel of Record filed by plaintiff, H&E Equipment Services, Inc. (the "Motion");

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that plaintiff's Motion be and is hereby **GRANTED,** and that Roy C. Cheatwood (La. Bar. No. 4010), Anne Derbes Wittmann (La. Bar No. 20584), M. David Kurtz (La. Bar No. 23821), and Laura E. Carlisle (La. Bar No. 33760) and the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC shall be withdrawn as counsel of record for H&E in this matter.

Baton Rouge, Louisiana, this the *14* day of July, 2016.

_Janice Clark_
DISTRICT COURT JUDGE

2016 JUL 12 PM 12:20
DEPUTY CLERK OF COURT

NO LEC 943267 v1
2919213-000024

NON-CERTIFIED COPY

H&E in this case.  At the center of this case is H&E's claim that URS failed to properly design the concrete pavement (including the expansion and construction joints in the pavement) at H&E's equipment yards in Baton Rouge and Kenner. URS asserts that the DOTD standards for concrete pavement are irrelevant to this claim, but the Notes in URS's own plans acknowledge that: "ALL PAVEMENT JOINT CONSTRUCTION AND SEALING DETAILS SHALL CONFORM TO THE LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT (LADOTD) STANDARD PLAN NO. CP-01 FOR PORTLAND CEMENT CONCRETE PAVEMENT DETAILS."  Despite the above note, the design of the pavement contained in the construction drawings prepared by URS does not comply with DOTD standards. Testimony regarding this issue is plainly relevant.

3.    URS argues that H&E has designated Mr. Drennan as an expert to testify about damages "for the very first time," and that this will cause URS prejudice because URS has not designated an expert to testify about damages.  URS is simply incorrect.  In its initial expert disclosures, H&E designated Mr. Bailey to testify about damages.

4.    URS's other claims of prejudice are equally hollow.  H&E's expert reports are not due until July 29, 2016; URS's reports are not due until August 31, 2016.  The designation of an additional expert by H&E on June 30, 2016, well before H&E's expert reports are due will result in zero prejudice to URS.  Further, to the extent URS seeks to designate an additional expert (beyond the five it has already designated), H&E has already said it will not object.

Respectfully submitted,

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*

- 2 -

1063129v.1

NON-CERTIFIED COPY

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Supplemental Memorandum in Support of Motion for Leave has been served upon all counsel of record by facsimile, email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 13 day of July, 2016.

_____
Loretta G. Mince



- 3 -

1063129v.1

NON-CERTIFIED COPY



# DOUG WELBORN
# CLERK OF COURT

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

PARISH OF EAST BATON ROUGE

3107-04

## FAX RECEIPT

NUMBER C626308  Division D                          Date:   13-JUL-2016
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:   LORETTA G MINCE
      CORRERO FISHMAN HAYGOOD ET AL
      201 ST CHARLES AVE 46TH FL
      NEW ORLEANS LA 70170-4600

Item(s) Received: SUPPLEMENTAL MEMO

Total Amount Due (includes all applicable fees below) $ 58.00

The Clerk of Court's office has received, by facsimile transmission dated 7/13/16, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

_Antonequia Butler_
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT




JUL 19 2016

NON-CERTIFIED COPY

FedEX Ship Manager - Print Your Label(s)

ORIGIN ID:NEWA     (504) 586-5252
LORETTA G. MINCE
FISHMAN HAYGOOD, L.L.P.
201 SAINT CHARLES AVE
STE 4600
NEW ORLEANS, LA 70170
UNITED STATES US

SHIP DATE: 13JUL16
ACTWGT: 0.50 LB
CAD: 5347965/INET3730

BILL SENDER

TO   CLERK
     19TH JDC, EAST BATON ROUGE
     300 NORTH BOULEVARD

     BATON ROUGE LA 70802
     (504) 586-5252      REF 3107-04
     INV
     PO                        DEPT

540,11/5CBD/727F





FedEx
Express

**THU - 14 JUL 10:30A**

PRIORITY OVERNIGHT

TRK#  **7767 4048 8407**
0201

70802
LA-US   **MSY**

**42 OPLA**



7/13/2016

NON-CERTIFIED COPY

**H&E EQUIPMENT SERVICES**

**VERSUS**

**URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III**

\*    **SUIT NO. 626,308    DIV.: D**

\*    **19TH JUDICIAL DISTRICT COURT**

\*    **PARISH OF EAST BATON ROUGE**

\*    **STATE OF LOUISIANA**

\*

\*

---

## NOTICE OF 1442 DEPOSITION

TO:    Mapp Construction, LLC
Through its Registered Agent
Michael Polito or J. Griffith McKowen
344 Third Street
Baton Rouge, LA 70801

H&E Equipment Services
Through their Counsel of Record
Brent B. Barriere
Loretta G. Mince
Alysson L. Mills
Fishman Haygood LLP
201 St. Charles Avenue – 46th Floor
New Orleans, LA 70170

PLEASE TAKE NOTICE that on August 11, 2016, at 9:00 a.m. at Adams and Reese, LLP, 450 Laurel Street, Suite 1900, Baton Rouge, Louisiana 70801, and continuing from day to day until completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of Mapp Construction, LLC before an officer designated under the Louisiana Code of Civil Procedure. This deposition will be taken pursuant to the Louisiana Code of Civil Procedure and may be used for any purpose provided therein including perpetuation. You are invited to attend and exercise such rights to which you are entitled under the law.

Pursuant to Article 1442 of the Louisiana Code of Civil Procedure, Mapp Construction, LLC, is to designate a person or persons to testify with respect to the subjects listed below:

EBR3634491

NON-CERTIFIED COPY

## DEFINITIONS

(a)    "You" and "your" and "your company" refer to Mapp Construction, LLC, and these terms include all parent, subsidiary, and affiliated companies, any predecessors in interest, present and former directors, officers, executives, employees, agents, and all other persons acting or purporting to act on your behalf.

(b)    "Files" means all methods of arranging or storing papers, records, documents, or other compilations of data (whether contained in folders, cabinets, electronic versions or other containers; whether recorded on magnetic disks or other media) that are maintained by you, for your use, or on your behalf, for preservation or reference.

(c)    "Person" means any person and includes natural persons, corporations, partnerships, associations, joint ventures, firms, and other business enterprises or legal entities, and includes both the singular and the plural.

(d)    "Document" includes, but is not limited to, the original and all drafts of all written or graphic matter, however produced or reproduced, including electronically, of any kind or description, and all copies that are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise).  Included in this definition are: books, records, reports, memoranda or notes of conversations and meetings, notes, letters, electronic mail, emails, telegrams, cables, telexes, diaries, calendars, schedules, graphs, charts, contracts, releases, studies, blueprints, canceled checks, summaries, booklets, circulars, bulletins, instructions, minutes, bills, questionnaires, correspondence, financial statements, tapes, disks, programming source code, user manuals, advertising, promotional literature, tape recordings, microfilm, microfiche, videotapes, photographs, phonograph records, motion pictures, and data cards, as well as any other written, electronically stored or transferred, recorded, transcribed, punched, taped, filmed, or graphic matter, on which information is recorded in writing or in sound or in any other manner, of which you have possession, custody, or control.

(e)    "Communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by telephonic, electronic, or similar means.

(f)    "Refer or relate" includes containing, alluding to, responding to, commenting on, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, consisting of, evidencing, setting forth, summarizing, or characterizing, either directly or indirectly, in whole or in part.

### Subject Matters for 1442 Deposition of Mapp Construction, LLC.

1.    The contract and performance of Mapp Construction, LLC under its contract with H&E Equipment Services, Inc. at 125 E. Airline Highway, Kenner, Louisiana (the Kenner location) for H&E Equipment Services, Inc., including but not limited to all claims of negligent or defective work, materials or designs at that location.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes    (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

Attorneys for Defendants

FILED
BATON ROUGE PARISH, LA
2016 JUL 15  AM 10: 23
DEPUTY CLERK OF COURT

2

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this 14th day of July, 2016.

FILED
BATON ROUGE PARISH
2016 JUL 15 AM 10:23
DEPUTY CLERK OF COURT

3

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308        DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

## NOTICE OF 1442 DEPOSITION

TO:    Stantec Consulting Services, Inc.
Through its Registered Agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

H&E Equipment Services
Through their Counsel of Record
Brent B. Barriere
Loretta G. Mince
Alysson L. Mills
Fishman Haygood LLP
201 St. Charles Avenue – 46th Floor
New Orleans, LA 70170

PLEASE TAKE NOTICE that on August 10, 2016, at 3:00 p.m. at Adams and Reese, LLP, 450 Laurel Street, Suite 1900, Baton Rouge, Louisiana 70801, and continuing from day to day until completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of Stantec Consulting Services, Inc. before an officer designated under the Louisiana Code of Civil Procedure. This deposition will be taken pursuant to the Louisiana Code of Civil Procedure and may be used for any purpose provided therein including perpetuation. You are invited to attend and exercise such rights to which you are entitled under the law.

Pursuant to Article 1442 of the Louisiana Code of Civil Procedure, Stantec Consulting Services, Inc., is to designate a person or persons to testify with respect to the subjects listed below and produce all documents requested in the list below:



NON-CERTIFIED COPY

## DEFINITIONS

(a)     "You" and "your" and "your company" refer to Stantec Consulting Services, Inc., and these terms include all parent, subsidiary, and affiliated companies, any predecessors in interest, present and former directors, officers, executives, employees, agents, and all other persons acting or purporting to act on your behalf.

(b)     "Files" means all methods of arranging or storing papers, records, documents, or other compilations of data (whether contained in folders, cabinets, electronic versions or other containers; whether recorded on magnetic disks or other media) that are maintained by you, for your use, or on your behalf, for preservation or reference.

(c)     "Person" means any person and includes natural persons, corporations, partnerships, associations, joint ventures, firms, and other business enterprises or legal entities, and includes both the singular and the plural.

(d)     "Document" includes, but is not limited to, the original and all drafts of all written or graphic matter, however produced or reproduced, including electronically, of any kind or description, and all copies that are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise).  Included in this definition are: books, records, reports, memoranda or notes of conversations and meetings, notes, letters, electronic mail, emails, telegrams, cables, telexes, diaries, calendars, schedules, graphs, charts, contracts, releases, studies, blueprints, canceled checks, summaries, booklets, circulars, bulletins, instructions, minutes, bills, questionnaires, correspondence, financial statements, tapes, disks, programming source code, user manuals, advertising, promotional literature, tape recordings, microfilm, microfiche, videotapes, photographs, phonograph records, motion pictures, and data cards, as well as any other written, electronically stored or transferred, recorded, transcribed, punched, taped, filmed, or graphic matter, on which information is recorded in writing or in sound or in any other manner, of which you have possession, custody, or control.

(e)     "Communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by telephonic, electronic, or similar means.

(f)     "Refer or relate" includes containing, alluding to, responding to, commenting on, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, consisting of, evidencing, setting forth, summarizing, or characterizing, either directly or indirectly, in whole or in part.


## Subject Matters for 1442 Deposition of Stantec Consulting Services, Inc.

1.     Any and all contracts involving Stantec for H&E Equipment Services' facility located at 4202 Almonaster, New Orleans, Louisiana 70126;

2.     The design and condition of the paved area (including but not limited to the expansion and construction joints) of H&E Equipment Services' facility located at 4202 Almonaster, New Orleans, Louisiana 70126;

3.     Any and all claims of negligence or defective condition of the paved area (including but not limited to the expansion and construction joints) of H&E Equipment Services' facility located at 4202 Almonaster, New Orleans, Louisiana 70126.

2

NON-CERTIFIED COPY

## Documents to be Produced by Stantec Consulting Services, Inc.

1.     Please produce any and all contracts involving Stantec for H&E Equipment Services' facility located at 4202 Almonaster, New Orleans, Louisiana 70126;

2.     Please produce any and all documents regarding the design and condition of the paved area (including but not limited to the expansion and construction joints) of H&E Equipment Services' facility located at 4202 Almonaster, New Orleans, Louisiana 70126;

3.     Please produce any and all documents regarding any and all claims of negligence or defective condition of the paved area (including but not limited to the expansion and construction joints) of H&E Equipment Services' facility located at 4202 Almonaster, New Orleans, Louisiana 70126.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes      (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this _14th_ day of July, 2016.

3

NON-CERTIFIED COPY

6805-16-000339

# CIVIL SUBPOENA
# FOR DEPOSITION

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC ET AL**
(Defendant)

**NUMBER**   **C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **MAPP CONSTRUCTION, LLC**
       **THROUGH ITS REGISTERED AGENT**
       **MICHAEL POLITO OR J. GRIFFITH MCKOWEN**
       **344 THIRD STREET**
       **BATON ROUGE, LA 70801**

You must answer questions on this case. You must go to the office of:

       **ADAMS AND REESE, LLP**
       **450 LAUREL STREET, SUITE 1900**
       **BATON ROUGE, LA 70801**

at  **9:00 AM** on **AUGUST 11, 2016**.  You must come because **KELLEN J MATHEWS** has requested that you answer questions, and the Court has ordered your appearance.

       IF YOU DO NOT APPEAR, you will be violating the Law and may be subject to penalties. THIS IS YOUR ONLY NOTICE.

       Ordered by the Court, on **15-JUL-2016**.



_Whitney LeBoeuf_
_____
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**
Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:    $_____
MILEAGE    $_____              _____
TOTAL:     $_____                     Deputy Sheriff

**CIVIL SUBPOENA FOR DEPOSITION – 6805**


EBR3767884

NON-CERTIFIED COPY

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
### 300 North Boulevard
### Baton Rouge, LA 70801
### Phone (225)389-3960

NO.    C626308 Division D                    15-JUL-2016


TO:    ORLEANS PARISH SHERIFFS OFFICE
       CIVIL DEPARTMENT
       421 LOYOLA AVE
       NEW ORLEANS, LA 70112


Please find attached **1 DEPOSITION SUBPOENA** to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X       note the enclosed check for payment of service;

ﻗ       send us your bill for service;

ﻗ       note that this is a pauper suit and no funds are available; or

ﻗ       note that this is a government suit and no funds are necessary.

Thank You,



_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

Requesting Attorney: **KELLEN J MATHEWS**

REPLY:                              DATE:_____

_____

_____

_____

_____

_____

By:_____

Deputy Sheriff, Parish of _____

**Letter to Out Of Parish Sheriff - 5213**



EBR3438822

NON-CERTIFIED COPY



# ADAMS AND REESE LLP

**Attorneys at Law**
Alabama
Florida
**Louisiana**
Mississippi
Tennessee
Texas
Washington, DC

July 15, 2016

**Philip A. Franco**
Also admitted in Texas
and the District of Columbia
Direct: 504.585.0291
E-Fax: 504.553.9780
philip.franco@arlaw.com

**By Hand Delivery**
Clerk of Court
19th Judicial District Court
East Baton Rouge Parish

RE:  H&E Equipment Services v. URS Corporation, et al
    19th JDC No. 626308(D)
    Our File No. 23067-1

COST OK Amt. 555⁰⁰

JUL 15 2016

BY C# C0S2977JP
DY CLERK OF COURT

Dear Sir:

Enclosed are the following Notices of Deposition, which I request be filed into the record upon your receipt:

1.  Notice of Deposition of John Engquist
2.  Notice of Deposition of Leonard St. Germain
3.  Notice of Deposition of Brad Barber
4.  Notice of Deposition of Frank Wynn
5.  Notice of Deposition of Stephen Dorsey
6.  Notice of 1442 Deposition of Stantec Consulting Services, Inc.
7.  Notice of 1442 Deposition of Mapp Construction, LLC
8.  Notice of 1442 Deposition of Ryan Gootee General Contractors, LLC
9.  Notice of 1442 Deposition of H&E Equipment Services

Please provide me with conformed copies of each Notice listed above.

**Please issue Deposition Subpoenas to the following:**

Deponent:                   Stephen Dorsey
                            5227 Riverbend Boulevard
                            Baton Rouge, LA 70820

Date/Time/Location:         August 10, 2016 at 9:00 a.m.
                            Adams and Reese LLP



One Shell Square | 701 Poydras Street, Suite 4500 | New Orleans, Louisiana 70139 | 504.581.3234 | Fax 504.566.0210
www.adamsandreese.com

NON-CERTIFIED COPY

450 Laurel Street, Suite 1900
Baton Rouge, LA 70801

Attach copy of Notice to Deposition Subpoena
for service


Deponent:                    Mapp Construction, LLC
                             Through its Registered Agent
                             Michael Polito or J. Griffith McKowen
                             344 Third Street
                             Baton Rouge, LA 70801

Date/Time/Location:          August 11, 2016 at 9:00 a.m.
                             Adams and Reese LLP
                             450 Laurel Street, Suite 1900
                             Baton Rouge, LA 70801

                             Attach copy of Notice to Deposition Subpoena
                             for service


Deponent:                    Ryan Gootee General Contractors, LLC
                             Through its Registered Agent
                             Thomas McEachin
                             909 Poydras Street – Suite 1600
                             New Orleans, LA 70112

Date/Time/Location:          August 12, 2016 at 9:00 a.m.
                             Adams and Reese LLP
                             4500 One Shell Square
                             New Orleans, LA 70139

                             Attach copy of Notice to Deposition Subpoena
                             for service

NON-CERTIFIED COPY

<u>**Please issue a Deposition Subpoena Duces Tecum to the following**</u>:

Deponent:                          Stantec Consulting Services, Inc.
                                   Through its Registered Agent
                                   Corporation Service Company
                                   501 Louisiana Avenue
                                   Baton Rouge, LA 70802


Date/Time/Location:                August 10, 2016 at 3:00 p.m.
                                   Adams and Reese LLP
                                   450 Laurel Street, Suite 1900
                                   Baton Rouge, LA 70801

                                   Attach copy of Notice to Deposition Subpoena
                                   Duces Tecum for documents to be produced
                                   and for service


        Thank you for your cooperation and assistance with this matter.  If you should
have any questions, please contact me at (504) 585-0284.



                                   Sincerely,


                                   **ADAMS AND REESE, LLP**


                                   Theresa Dries Wilson
                                   Paralegal to Philip A. Franco

/tdw
enclosures

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308     DIV.: D** |
| | * | **19TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | |
| | * | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION** | * | |
| **ARCHITECTURE, P.C., URS** | * | **STATE OF LOUISIANA** |
| **CORPORATION, L. O'NEAL** | | |
| **JOHNSON AND THOMAS E. RYAN,** | | |
| **III** | | |

---

### NOTICE OF DEPOSITION

TO:    H&E Equipment Services
      Through their Counsel of Record
      Brent B. Barriere
      Loretta G. Mince
      Alysson L. Mills
      Fishman Haygood LLP
      201 St. Charles Avenue – 46th Floor
      New Orleans, LA 70170

PLEASE TAKE NOTICE that on August 8, 2016, at 1:00 p.m. at Adams and Reese, LLP,

450 Laurel Street, Suite 1900, Baton Rouge, LA 70801, and continuing from day to day until

completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal

Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of Brad Barber

before an officer designated under the Louisiana Code of Civil Procedure. This deposition will

be taken pursuant to the Louisiana Code of Civil Procedure and may be used for any purpose

provided therein including perpetuation. You are invited to attend and exercise such rights to

which you are entitled under the law.

          Respectfully submitted,

          **ADAMS AND REESE, LLP**

          Philip A. Franco (Bar #5819), TA
          Ron Sholes     (Bar # 14436)
          Keller H. Mathews (Bar #31860)
          4500 One Shell Square
          New Orleans, Louisiana  70139
          Telephone: (504) 581-3234
          Fax: (504) 566-0210

          Attorneys for Defendants

FILED
EAST BATON ROUGE PARISH, LA
2016 JUL 15  AM 10: 18
DEPUTY CLERK OF COURT
EBR3634486
NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this _14th_ day of July, 2016.

FILED
EAST BATON ROUGE PARISH, LA
2016 JUL 15  AM 10: 18
DEPUTY CLERK OF COURT

2

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES     *     **SUIT NO. 626,308**     **DIV.: D**

    *

**VERSUS**     *     **19TH JUDICIAL DISTRICT COURT**

    *

**URS CORPORATION**     *     **PARISH OF EAST BATON ROUGE**

**ARCHITECTURE, P.C., URS**

**CORPORATION, L. O'NEAL**     *     **STATE OF LOUISIANA**

**JOHNSON AND THOMAS E. RYAN,**

**III**

---

## NOTICE OF DEPOSITION

TO:     Stephan Dorsey
       5227 Riverbend Boulevard
       Baton Rouge, LA 70820

       H&E Equipment Services
       Through their Counsel of Record
       Brent B. Barriere
       Loretta G. Mince
       Alysson L. Mills
       Fishman Haygood LLP
       201 St. Charles Avenue – 46th Floor
       New Orleans, LA 70170

PLEASE TAKE NOTICE that on August 10, 2016, at 9:00 a.m. at Adams and Reese,

LLP, 450 Laurel Street, Suite 1900, Baton Rouge, LA 70801, and continuing from day to day

until completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal

Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of Stephan

Dorsey before an officer designated under the Louisiana Code of Civil Procedure. This

deposition will be taken pursuant to the Louisiana Code of Civil Procedure and may be used for

any purpose provided therein including perpetuation. You are invited to attend and exercise such

rights to which you are entitled under the law.

EBR3634489

NON-CERTIFIED COPY

Pursuant to the Louisiana Code of Civil Procedure, Defendants will issue a deposition subpoena to Stephan Dorsey for his deposition on August 10, 2016.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes     (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this _____ day of July, 2016.

FILED
EAST BATON ROUGE PARISH, LA.
2016 JUL 15  AM 10: 20

DEPUTY CLERK OF COURT

2

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308    DIV.: D** |
| | * | **19TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | |
| | * | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION** | * | |
| **ARCHITECTURE, P.C., URS** | | **STATE OF LOUISIANA** |
| **CORPORATION, L. O'NEAL** | | |
| **JOHNSON AND THOMAS E. RYAN,** | | |
| **III** | | |

COST OK Amt. ✓

JUL 1 5 2016

BY _____
DY CLERK OF COURT

## NOTICE OF DEPOSITION

TO:    H&E Equipment Services
Through their Counsel of Record
Brent B. Barriere
Loretta G. Mince
Alysson L. Mills
Fishman Haygood LLP
201 St. Charles Avenue – 46th Floor
New Orleans, LA 70170

PLEASE TAKE NOTICE that on August 8, 2016, at 9:00 a.m. at Adams and Reese, LLP,

450 Laurel Street, Suite 1900, Baton Rouge, LA 70801, and continuing from day to day until

completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal

Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of John

Engquist before an officer designated under the Louisiana Code of Civil Procedure. This

deposition will be taken pursuant to the Louisiana Code of Civil Procedure and may be used for

any purpose provided therein including perpetuation. You are invited to attend and exercise such

rights to which you are entitled under the law.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes    (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

Attorneys for Defendants

FILED
BATON ROUGE PARISH...
2016 JUL 15  AM 10: 15
DEPUTY CLERK OF COURT

EBR3634454

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this _14th_ day of July, 2016.

FILED
EAST BATON ROUGE PARISH, LA
2016 JUL 15 AM 10: 15

DEPUTY CLERK OF COURT

2

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

## NOTICE OF DEPOSITION

TO:    H&E Equipment Services
       Through their Counsel of Record
       Brent B. Barriere
       Loretta G. Mince
       Alysson L. Mills
       Fishman Haygood LLP
       201 St. Charles Avenue – 46th Floor
       New Orleans, LA 70170

PLEASE TAKE NOTICE that on August 8, 2016, at 11:00 a.m. at Adams and Reese,

LLP, 450 Laurel Street, Suite 1900, Baton Rouge, LA 70801, and continuing from day to day

until completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal

Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of Leonard St.

Germain before an officer designated under the Louisiana Code of Civil Procedure.    This

deposition will be taken pursuant to the Louisiana Code of Civil Procedure and may be used for

any purpose provided therein including perpetuation.    You are invited to attend and exercise such

rights to which you are entitled under the law.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes    (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

Attorneys for Defendants

FILED
EAST BATON ROUGE PARISH, LA
2016 JUL 15  AM 10: 17
DEPUTY CLERK OF COURT

EBR3634485

NON-CERTIFIED COPY

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this 14L day of July, 2016.

FILED
EAST BATON ROUGE PARISH, L.
2016 JUL 15  AM 10: 17
DEPUTY CLERK OF COURT

2

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308      DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

---

### NOTICE OF DEPOSITION

TO:   H&E Equipment Services
      Through their Counsel of Record
      Brent B. Barriere
      Loretta G. Mince
      Alysson L. Mills
      Fishman Haygood LLP
      201 St. Charles Avenue – 46th Floor
      New Orleans, LA 70170

PLEASE TAKE NOTICE that on August 9, 2016, at 9:00 a.m. at Adams and Reese, LLP, 450 Laurel Street, Suite 1900, Baton Rouge, LA 70801, and continuing from day to day until completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of Frank Wynn before an officer designated under the Louisiana Code of Civil Procedure. This deposition will be taken pursuant to the Louisiana Code of Civil Procedure and may be used for any purpose provided therein including perpetuation. You are invited to attend and exercise such rights to which you are entitled under the law.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes    (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

Attorneys for Defendants

FILED
BATON ROUGE PARISH, LA
2016 JUL 15  AM 10: 19
DEPUTY CLERK OF COURT

EBR3634487

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this 14 day of July, 2016.

FILED
BATON ROUGE PARISH, LA
2016 JUL 15 AM 10: 19
DEPUTY CLERK OF COURT

2

NON-CERTIFIED COPY

6806-16-001409

# SUBPOENA DUCES TECUM
## and SUBPOENA for DEPOSITION

H&E EQUIPMENT SERVICES INC
(Plaintiff)

vs.

URS CORPORATION ARCHITECTURE PC
ET AL
(Defendant)

**NUMBER**   **C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **SANTEC CONSULTING SERVICES, INC.
THROUGH ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802**

You are hereby commanded to appear at the office of:

**ADAMS AND REESE, LLP
450 LAUREL STREET, SUITE 1900
BATON ROUGE, LA 70801**

at **3:00 PM** on **AUGUST 10, 2016** and have your oral testimony taken in the above entitled and numbered cause, in accordance with Act No. 15 of 1960.  And you are commanded to produce at the above time and place the following:

**\*\*SEE ATTACHED NOTICE OF RECORDS DEPOSITION
FOR DOCUMENTS TO BE PRODUCED\*\*
\*\*\*SEE ATTACHED CODE OF CIVIL PROCEDURE ARTICLE 1354\*\*\***

This SUBPOENA was requested by Attorney **KELLEN J. MATHEWS** and was issued by the Clerk of Court on **15-JUL-2016.**



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:   $_____
MILEAGE   $_____       _____
TOTAL:   $_____            Deputy Sheriff

**SUBPOENA DUCES TECUM and SUBPOENA for DEPOSITION – 6806**


EBR3767882

NON-CERTIFIED COPY

6805-16-000338

# CIVIL SUBPOENA
# FOR DEPOSITION

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**NUMBER    C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:    STEPHEN DORSEY
5227 RIVERBEND BOULEVARD
BATON ROUGE, LA 70820**

You must answer questions on this case. You must go to the office of:

**ADAMS AND REESE LLP
450 LAUREL STREET, SUITE 1900
BATON ROUGE, LA 70801**

at **9:00 AM** on **AUGUST 10, 2016.** You must come because **KELLEN J. MATHEWS** has requested that you answer questions, and the Court has ordered your appearance.

IF YOU DO NOT APPEAR, you will be violating the Law and may be subject to penalties. THIS IS YOUR ONLY NOTICE.

Ordered by the Court, on **15-JUL-2016.**



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:    $_____
MILEAGE:   $_____            _____
TOTAL:       $_____                    Deputy Sheriff

**CIVIL SUBPOENA FOR DEPOSITION – 6805**


EBR3767880

NON-CERTIFIED COPY

6705-16-000231

# CIVIL SUBPOENA
# FOR DEPOSITION

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **RYAN GOOTEE GENERAL CONTRACTORS, LLC**
      **THROUGH ITS REGISTERED AGENT**
      **THOMAS MCEACHIN**
      **909 POYDRAS STREET, SUITE 1600**
      **NEW ORLEANS, LA 70112**

You must answer questions on this case. You must go to the office of:

      **ADAMS AND REESE, LLP**
      **4500 ONE SHELL SQUARE**
      **NEW ORLEANS, LA 70139**

at **9:00 AM** on **AUGUST 12, 2016**.  You must come because **KELLEN J. MATHEWS** has requested that you answer questions, and the Court has ordered your appearance.

      IF YOU DO NOT APPEAR, you will be violating the Law and may be subject to penalties. THIS IS YOUR ONLY NOTICE.

      Ordered by the Court, on **15-JUL-2016**.



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:   $_____
MILEAGE   $_____        _____
TOTAL:     $_____             Deputy Sheriff

**CIVIL SUBPOENA FOR DEPOSITION (OOP) – 6705**



EBR3767886

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308      DIV.: D |
|---|---|---|
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | * | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

**NOTICE OF 1442 DEPOSITION**

TO:    Ryan Gootee General Contractors, LLC
        Through its Registered Agent
        Thomas McEachin
        909 Poydras Street, Suite 1600
        New Orleans, Louisiana 70112

        H&E Equipment Services
        Through their Counsel of Record
        Brent B. Barriere
        Loretta G. Mince
        Alysson L. Mills
        Fishman Haygood LLP
        201 St. Charles Avenue – 46th Floor
        New Orleans, LA 70170

PLEASE TAKE NOTICE that on August 12, 2016, at 9:00 a.m. at Adams and Reese, LLP, 4500 One Shell Square, New Orleans Louisiana 70139, and continuing from day to day until completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of Ryan Gootee General Contractors, LLC before an officer designated under the Louisiana Code of Civil Procedure. This deposition will be taken pursuant to the Louisiana Code of Civil Procedure and may be used for any purpose provided therein including perpetuation. You are invited to attend and exercise such rights to which you are entitled under the law.

Pursuant to Article 1442 of the Louisiana Code of Civil Procedure, Ryan Gootee General Contractors, LLC, is to designate a person or persons to testify with respect to the subjects listed below:

EBR3634492

NON-CERTIFIED COPY

## DEFINITIONS

(a)    "You" and "your" and "your company" refer to Ryan Gootee General Contractors, LLC, and these terms include all parent, subsidiary, and affiliated companies, any predecessors in interest, present and former directors, officers, executives, employees, agents, and all other persons acting or purporting to act on your behalf.

(b)    "Files" means all methods of arranging or storing papers, records, documents, or other compilations of data (whether contained in folders, cabinets, electronic versions or other containers; whether recorded on magnetic disks or other media) that are maintained by you, for your use, or on your behalf, for preservation or reference.

(c)    "Person" means any person and includes natural persons, corporations, partnerships, associations, joint ventures, firms, and other business enterprises or legal entities, and includes both the singular and the plural.

(d)    "Document" includes, but is not limited to, the original and all drafts of all written or graphic matter, however produced or reproduced, including electronically, of any kind or description, and all copies that are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise).  Included in this definition are: books, records, reports, memoranda or notes of conversations and meetings, notes, letters, electronic mail, emails, telegrams, cables, telexes, diaries, calendars, schedules, graphs, charts, contracts, releases, studies, blueprints, canceled checks, summaries, booklets, circulars, bulletins, instructions, minutes, bills, questionnaires, correspondence, financial statements, tapes, disks, programming source code, user manuals, advertising, promotional literature, tape recordings, microfilm, microfiche, videotapes, photographs, phonograph records, motion pictures, and data cards, as well as any other written, electronically stored or transferred, recorded, transcribed, punched, taped, filmed, or graphic matter, on which information is recorded in writing or in sound or in any other manner, of which you have possession, custody, or control.

(e)    "Communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by telephonic, electronic, or similar means.

(f)    "Refer or relate" includes containing, alluding to, responding to, commenting on, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, consisting of, evidencing, setting forth, summarizing, or characterizing, either directly or indirectly, in whole or in part.

### Subject Matters for 1442 Deposition of Ryan Gootee General Contractors, LLC.

1.    The contract and performance of Ryan Gootee General Contractors, LLC under its contract with H&E Equipment Services, Inc. at 2616 Engineers Road, Belle Chasse, Louisiana (the Belle Chasse location) for H&E Equipment Services, Inc., including but not limited to all claims of negligent or defective work, materials or designs at that location.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Rob Stoles    (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210
Attorneys for Defendants

2

FILED
EAST BATON ROUGE PARISH, LA
2016 JUL 15  AM 10: 25
DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this ____ day of July, 2016.

FILED
EAST BATON ROUGE PARISH, LA
2016 JUL 15  AM 10: 25
DEPUTY CLERK OF COURT

3

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | * | STATE OF LOUISIANA |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

COST OK $ 24.00

POSTED
JUL 18 2016

JUL 18 2016
clk 053692 A
DEPUTY CLERK OF COURT

## NOTICE OF 1442 DEPOSITION

TO:    H&E Equipment Services
Through their Counsel of Record
Brent B. Barriere
Loretta G. Mince
Alysson L. Mills
Fishman Haygood LLP
201 St. Charles Avenue – 46th Floor
New Orleans, LA 70170

PLEASE TAKE NOTICE that on August 12, 2016, at 1:00 p.m. at Adams and Reese, LLP, 4500 One Shell Square, New Orleans, Louisiana 70139, and continuing from day to day until completed, Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III, will take the deposition upon oral examination of H&E Equipment Services, Inc. before an officer designated under the Louisiana Code of Civil Procedure. This deposition will be taken pursuant to the Louisiana Code of Civil Procedure and may be used for any purpose provided therein including perpetuation. You are invited to attend and exercise such rights to which you are entitled under the law.

Pursuant to Article 1442 of the Louisiana Code of Civil Procedure, H&E Equipment Services, Inc., is to designate a person or persons to testify with respect to the subjects listed below:

### DEFINITIONS

(a)    "You" and "your" and "your company" refer to H&E Equipment Services, Inc., and these terms include all parent, subsidiary, and affiliated companies, any predecessors in interest, present and former directors, officers, executives, employees, agents, and all other persons acting or purporting to act on your behalf.

(b)    "Files" means all methods of arranging or storing papers, records, documents, or other compilations of data (whether contained in folders, cabinets, electronic versions or other containers; whether recorded on magnetic disks or other media) that are maintained by you, for your use, or on your behalf, for preservation or reference.

EBR3758104

NON-CERTIFIED COPY

(c)    "Person" means any person and includes natural persons, corporations, partnerships, associations, joint ventures, firms, and other business enterprises or legal entities, and includes both the singular and the plural.

(d)    "Document" includes, but is not limited to, the original and all drafts of all written or graphic matter, however produced or reproduced, including electronically, of any kind or description, and all copies that are different from the original (whether different by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise). Included in this definition are: books, records, reports, memoranda or notes of conversations and meetings, notes, letters, electronic mail, emails, telegrams, cables, telexes, diaries, calendars, schedules, graphs, charts, contracts, releases, studies, blueprints, canceled checks, summaries, booklets, circulars, bulletins, instructions, minutes, bills, questionnaires, correspondence, financial statements, tapes, disks, programming source code, user manuals, advertising, promotional literature, tape recordings, microfilm, microfiche, videotapes, photographs, phonograph records, motion pictures, and data cards, as well as any other written, electronically stored or transferred, recorded, transcribed, punched, taped, filmed, or graphic matter, on which information is recorded in writing or in sound or in any other manner, of which you have possession, custody, or control.

(e)    "Communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by telephonic, electronic, or similar means.

(f)    "Refer or relate" includes containing, alluding to, responding to, commenting on, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, consisting of, evidencing, setting forth, summarizing, or characterizing, either directly or indirectly, in whole or in part.

## Subject Matters for 1442 Deposition of H&E Equipment Services, Inc.

1.    The design and condition of the paved areas (including but not limited to the expansion and construction joints) of H&E Equipment Services' facilities located at (1) Alexandria, Louisiana, (2) Lake Charles/Sulphur, Louisiana, (3) New Orleans, Louisiana, (4) Shreveport, Louisiana, (5) Baltimore, Maryland, (6) Charlotte, North Carolina, (7) Raleigh, North Carolina, (8) Winston Salem, North Carolina, (9) Corpus Christi, Texas, and (10) Dallas, Texas, including but not limited to all responses to interrogatories in the above referenced litigation.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes    (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

Attorneys for Defendants

2

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all parties by facsimile or by U.S. Mail, postage prepaid and properly addressed, this 18th day of July, 2016.



3

NON-CERTIFIED COPY

Page 1

NINETEENTH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

```
*  *  *  *  *  *  *  *  *
                        *
H&E EQUIPMENT SERVICES  *
                        * NUMBER 626,308
VERSUS                  *
                        * DIVISION "D"
URS CORPORATION         *
ARCHITECTURE, P.C., URS *
CORPORATION, L O'NEAL   *
JOHNSON AND THOMAS E.   *
RYAN, III               *
                        *
*  *  *  *  *  *  *  *  *
```

Deposition of JAMES R. BAILEY,

Ph.D., P.E., taken on Thursday, September 22,

2016, commencing at 9:43 a.m., in the offices of

Fishman Haygood, LLP, Attorneys at Law, 201 St.

Charles Avenue, 46th Floor, New Orleans,

Louisiana, 70170.





EXHIBIT
A

NON-CERTIFIED COPY

1   your report today?  What area of civil

2   engineering would you characterize that to be

3   in?

4       A.  I viewed it from the standpoint of

5   structural engineering.

6       Q.  Structural engineering?

7       A.  Yes.

8       Q.  I am under the impression that

9   structural engineering deals more with buildings

10  and the inside of buildings and the foundation

11  of buildings, and civil is on the outside.  Am I

12  incorrect about that?

13      A.  Yeah.  That might be a general way of

14  viewing it, but when we are dealing with

15  anything outside of a buildings that is

16  resisting a load, then I would consider that

17  within the realm of structural.  But there is

18  overlap between the two subject areas.

19      Q.  Okay.  All right.  We will get into more

20  of that.

21          Let's get some of your background.

22  Let's get your formal education.  What is the

23  extent of your formal education?

24      A.  I earned a Bachelor's of Science in

25  Civil Engineering from Texas Tech University in

NON-CERTIFIED COPY

Page 16

1    1982.  A Master's of Science in Civil

2    Engineering, also from Texas Tech University in

3    1984.  And then I completed my Ph.D. in Civil

4    Engineering also at Texas Tech University in

5    1989.

6         Q.  Now, again, when you say civil

7    engineering, does that encompass both structural

8    and civil engineering, those degrees?

9         A.  Yes.  Structural engineering is

10   considered a subset of the general field of

11   civil engineering.  It also includes subject

12   areas like geotechanical engineering,

13   bio-environmental engineering, water resources

14   engineering.

15        Q.  Okay.  And where are you currently

16   employed?

17        A.  Exponent.

18        Q.  And what is your position at Exponent?

19        A.  I am currently a senior managing

20   engineer and office director.

21        Q.  And how long have you been in that

22   position?

23        A.  I have been at both positions since

24   2008.

25        Q.  What is the business of Exponent?

NON-CERTIFIED COPY

Page 23

1    Exxon.

2        Q.  So this was your first full-time job?

3        A.  Outside of the university, yes.

4        Q.  Okay.  In your jobs at Exxon or Exponent

5    or ABS, did you ever design concrete pavement

6    for heavy-tracked equipment?

7        A.  I've conducted design reviews, but I

8    have not designed from scratch such pavements.

9        Q.  I am sorry.  You said you conducted

10   design reviews?

11       A.  Correct.

12       Q.  And what kind of design reviews did you

13   conduct?

14       A.  Okay.  By way of example, back in 2001,

15   we had a severe tropical storm flooding in

16   Houston, Tropical Storm Allison.

17           And during a three-year period while

18   working at ABS/EQE I was retained on behalf of

19   FEMA to assist with development of mitigation

20   programs within the Texas Medical Center

21   involving flood barriers.

22           And the clients would produce drawings

23   for these programs for installation of gates,

24   walls, and some of these included redoing the

25   pavements where they have trucks that back up

NON-CERTIFIED COPY

Page 24

1   into this -- the hospitals and other buildings.

2           And it was a complete rework.  So we --

3   they would submit those drawings, and we would

4   -- our team would review them and comment

5   accordingly.

6     Q.  Okay.  These were basically delivery

7   trucks for the Medical Center?

8     A.  Well, they were large vehicles.  I mean,

9   some of these were tractor-trailer, you know,

10  18-wheeler type vehicles.

11          Some were special purpose vehicles for

12  medical equipment, mobile MRIs, for example.

13  Things of this nature.

14    Q.  Okay.  Did those trucks deliver

15  heavy-tracked equipment?

16    A.  If they did, I didn't witness it or

17  observe it.  If that were the case, it might

18  have been for certain construction projects

19  onsite where they accept deliveries of that kind

20  of equipment.

21    Q.  But, certainly, that wasn't the focus of

22  what you were looking at?

23    A.  Yeah.  It wasn't the driver, correct.

24    Q.  And you didn't look at it from the

25  viewpoint of these -- any heavy-tracked

NON-CERTIFIED COPY

1     Q.  Okay.  Dr. Bailey, I'm looking at the

2  Appendix A to your report.

3         MR. FRANCO:

4              We can label your report as Exhibit

5  A and we will -- I'm sorry.  Exhibit 1.  We'll

6  call it Exhibit 1.

7  EXAMINATION BY MR. FRANCO:

8     Q.  And if you have a copy, that is fine.

9  If not, we will get a good copy while we take a

10  break.

11    A.  I have one.

12    Q.  Okay.  Is that something we can use?

13    A.  I see no reason why not.  It's printed

14  in original color.

15    Q.  Okay.  I assume you have several of them

16  or available.

17    A.  Yes, this is the only one I have today.

18    Q.  Right.

19    A.  But, yes, that is fine.

20    Q.  Okay.  The second paragraph of the

21  Professional Profile says that, "Dr. Bailey's

22  primary area of expertise is determining the

23  risk exposure of residential, commercial and

24  industrial properties to hazards associated with

25  hurricanes, tornadoes and flooding."  That is

NON-CERTIFIED COPY

1    accurate, correct?

2        A.  Yes.

3        Q.  And then the next paragraph talks about

4    your past work at Exxon included wind load

5    analysis.  That's what you did primarily for

6    Exxon?

7        A.  Not primarily.

8        Q.  Okay.  You did wind load analysis.  You

9    did designs of gravity-based structures,

10   correct?

11       A.  Correct.

12       Q.  And you conducted research on well

13   cement, correct?

14       A.  Correct.

15       Q.  None of what I just talked about at

16   Exxon involves the subject that we are here for

17   today, does it?

18       A.  Some of the work I was involved with at

19   Exxon in the Drilling and Completions Division

20   included field operations where you had natural

21   gas distribution that included turbine

22   generating buildings.  And one aspect of our

23   assessments in the field was the performance of

24   those -- that type of equipment.

25           And it included slab analysis because of

NON-CERTIFIED COPY

1    presented.

2        Q.  Okay.  And after the review, what did

3    you do about it?

4        A.  To the extent there was any concerns

5    related to its performance -- and there

6    weren't -- as it pertains to anything that might

7    undermine the foundation or supporting -- soil

8    supporting it.

9        Q.  Okay.  Anything else on Page 32?

10       A.  Well, I'm still on 31.

11       Q.  Okay.

12       A.  Similar thing, third one, for AES Corp.

13       Q.  Uh-huh.

14       A.  Five electrical power plants in the

15   Caribbean.  Again, same thing; same idea.

16       Q.  Did any parts of your reports or

17   publications deal with the standards for

18   designing the concrete paved areas for

19   heavy-tracked cleated equipment?

20       A.  We rely on such standards in our

21   reviews.  We only typically will explicitly cite

22   them if there is an issue that we find through

23   the course of such investigations.  And in this

24   case with respect to the pavements, no.

25       Q.  Okay.  Go ahead.

NON-CERTIFIED COPY

1 A. It is a different type of load, yes.

2 Q. Is it -- you're not looking at the load

3 analysis on the concrete.  You're looking at the

4 affect of the event on the concrete, aren't you?

5 A. And the supporting base -- subbase, yes.

6 Q. But you're looking at the affect of the

7 hurricane and the storm surge on the concrete?

8 A. Yes.  In other words, as the storm

9 approaches, what can it do to undermine any

10 component at the site.

11 Q. Okay.  Go ahead.  What else?

12 A. Further down, the Johnson Space Center

13 and the Kennedy Space Center, same thing.

14   And at the Kennedy Space Center,

15 arguably the largest tracked mover in the world

16 is the one, of course, that moves the shuttle

17 and its predecessor and Saturn Rocket.  You've

18 seen it.

19 Q. You list that Dr. Bailey as a wind

20 hazard assessment, don't you?

21 A. Correct.

22 Q. That's different than what you're doing

23 in this case, isn't it?

24 A. This case is more focused.

25 Q. Okay.  All these things that you are

NON-CERTIFIED COPY

1    talking about are more wind and storm risk

2    assessments, not similar to what you're doing in

3    this case; isn't that true?

4        A.  They're bordering contents, yes.

5        Q.  Any of the presentations that you made

6    deal with the same design analysis that you're

7    making in this case of the design of the

8    concrete paved parking areas?

9        A.  Yeah.  I'm sorry.  Repeat that again.

10       Q.  Any of the presentations that you made

11   deal with the design of concrete paved parking

12   areas?

13       A.  Explicitly, no.

14       Q.  Okay.  In fact, you wrote a presentation

15   about how to keep the Jury interested, am I

16   correct?

17       A.  Yes.

18       Q.  Okay.  Is that because you are involved

19   a lot in litigation?

20       A.  No.

21       Q.  Why did you write that then?  How did

22   that relate to civil engineering and your work

23   as a civil engineer?

24       A.  It relates to the work I and my

25   colleagues in our various practices conduct from

NON-CERTIFIED COPY

1      Q.  Were you qualified as an expert in that

2  case?

3      A.  Yes.

4      Q.  In what area?

5      A.  In this case, it had to do with damage

6  to a roof following Hurricane Ike.

7      Q.  All right.  In the second testimony

8  appraisal hearing, what were you qualified to

9  testify in connection with?

10      A.  A very similar case involving Hurricane

11  Rita and damage to a roof in Beaumont.

12      Q.  In the third testimony listing the

13  Tannenbaum case, what were you qualified to

14  testify to?

15      A.  Damage to a home owned by Mr. and Mrs.

16  Tannenbaum in Wisconsin.

17      Q.  Okay.  So you've never been qualified as

18  an expert to testify in a case regarding the

19  design of concrete pavement parking area

20  utilizing heavy-tracked cleated equipment?

21      A.  Correct.

22      Q.  Okay.

23          MR. BARRIERE:

24              When you're in a convenient moment,

25  I need to walk down the hall and get my

NON-CERTIFIED COPY

Page 48

1     A.  Yes.

2     Q.  And did you visit both Baton Rouge and

3  the Kenner sites?

4     A.  Yes.

5     Q.  Now, I take it that some of the photos

6  you listed and produced in your documents, some

7  of those photos were from your first visits and

8  some of those photos were for subsequent visits.

9  Is that a fair statement?

10    A.  Correct.

11    Q.  All right.  And we will get into those.

12        Did you rely on any notes that you made

13  of those visits?

14    A.  I took some field notes and relied in

15  part on them, yes.

16    Q.  Did you produce the field notes?

17    A.  Yes.

18    Q.  And where are those field notes listed

19  in this list of documents that you produced to

20  us?

21        You have got your own list in front of

22  you, or is this -- you can use mine.

23    A.  Yeah.  Let's see.

24    Q.  (Complying.)

25    A.  (Reviewing document.)

NON-CERTIFIED COPY

Page 68

1    A.  Sure.

2    Q.  To look at what you're looking at.

3    A.  (Reviewing document.)  As indicated in

4  my report in Figure 5, it's Detail 1 on the

5  drawing C501.

6    Q.  Okay.  That is a drawing of the

7  eight-inch and the six-inch pavement, correct?

8    A.  Detail 2 is of the six-inch pavement.

9    Q.  Okay.  And where is the drawings for the

10  actual joints, sir?

11    A.  That is shown, as I indicated in my

12  report.  I believe it is Detail 4 on that Sheet

13  5, C501.

14    Q.  Okay.  Does the detail of the typical

15  transverse construction joint No. 4, does that

16  show any rebars through the joints, sir?

17    A.  No.

18    Q.  And you didn't do any coring to find out

19  whether there was any rebar through any of the

20  contraction joints at either site, did you?

21    A.  I considered it and offered it as a

22  possibility, an option as part of my work, but

23  was instructed, at this time, not to do that.

24    Q.  You thought it was prudent to do that,

25  didn't you?

NON-CERTIFIED COPY

Page 69

1      A.  It can help verify and clarify, yes.

2      Q.  The coring would also tell you the

3  thickness of concrete that was laid actually,

4  wouldn't it?

5      A.  Yes.

6      Q.  Did you offer that, as well?

7      A.  Yes.

8      Q.  And, yet, that was rejected at this

9  time?

10      A.  At this time, yes.

11      Q.  Who rejected that?

12      A.  Ms. Mince.

13      Q.  Okay.  Now, you also referred to, in

14  that same paragraph, Doctor, you say, "Repairs,

15  including replacement of the existing pavements,

16  will be necessary to allow the extensive use of

17  heavy equipment over these paved areas..."

18          Is it your opinion that all the existing

19  pavements need to be replaced?

20      A.  In my opinion, it proves that improper

21  sizing and placement of steel reinforcement and

22  pouring a slab in terms of its thickness is

23  insufficient.  It might well warrant complete

24  replacement for heavy equipment in use, what

25  areas are designated for use by heavy equipment.

NON-CERTIFIED COPY

Page 75

1    this testimony yesterday -- Louisiana Department

2    of Transportation deals with roads, highways and

3    bridges, correct?

4        A.  Correct.

5        Q.  They don't deal with parking lots, do

6    they?

7        A.  Exclusively with respect to parking

8    lots, no.

9        Q.  Okay.  What about the East Baton Rouge

10   standards?  Those are for roads and highways and

11   bridges, too, aren't they?

12       A.  Correct.

13       Q.  And that's why you were looking

14   primarily to the ACI documents; is that correct?

15       A.  Primarily.

16       Q.  To set the standard?

17       A.  Primarily, yes.

18       Q.  Okay.  And then you say in the final

19   paragraph -- I am sorry -- final paragraph of

20   Page 1, I should say, "Methods are available to

21   extend the life of concrete pavements and

22   joints."

23           And you mention these methods:

24   increasing compressive strength, increasing

25   thickness, increasing dowel bar size, use proper

NON-CERTIFIED COPY

Page 84

1    areas."  See that?

2        A.  Yes.

3        Q.  What potential causes did you

4    investigate other than design?

5        A.  I took into consideration material and

6    construction.

7        Q.  All right.  Let's talk about

8    construction.

9            What potential causes related to

10   construction did you investigate?

11       A.  Well, to the extent that I could from

12   what was either shared with me or was produced

13   in documents, simply trying to discern if there

14   was any indication that something wasn't done

15   right, was reported, observed and, therefore,

16   warranted a change.  I didn't uncover such

17   items.

18           I also, as I didn't get to do earlier,

19   proposed some nondestructive and destructive

20   means to measure steel placement and slab

21   thickness.

22       Q.  Which did not occur?

23       A.  Not yet.

24       Q.  So, they didn't occur at the time you

25   reached your opinion, did they?

NON-CERTIFIED COPY

1    A.  Correct.

2    Q.  Can you eliminate construction causes

3  for these problems, as you sit here today?

4    A.  I am not sure I could -- you say

5  eliminate.  That is pretty strict.

6    Q.  Yeah.  It's very strict.  That is the

7  way it's meant.

8    A.  Right.  I don't think that is the reason

9  for the problems, but to eliminate, no.

10       I mean, certainly, if something was

11  uncovered to suggest otherwise, then I certainly

12  might would consider that, and, if necessary,

13  amend my findings accordingly.

14    Q.  And did you investigate lack of

15  maintenance as potential causes for the problems

16  that you saw?

17    A.  Insofar as the observations I made on

18  the site and my understanding while at the site

19  of their maintenance operations, yes.

20    Q.  Okay.  You don't mention anything about

21  maintenance in your entire report, do you?

22    A.  Correct.

23    Q.  Why is that?

24    A.  I didn't think it was an issue.

25    Q.  You -- when you focus on determination

NON-CERTIFIED COPY

1  of causation, isn't it appropriate to list the

2  fact that you've eliminated certain other

3  causes?

4        MR. BARRIERE:

5             Object to the form of the question.

6        THE WITNESS:

7             You could.

8  EXAMINATION BY MR. FRANCO:

9     Q.  And so with reference to my prior

10  questions, can you eliminate lack of maintenance

11  as a cause of any of the problems you saw?

12     A.  I don't think it is the reason, but I --

13  absent additional information, I couldn't

14  strictly eliminate it.

15     Q.  You say here in the second paragraph,

16  "Exponent's objective is to accurately assess

17  observed conditions and consider all relevant

18  data."  You see that?

19     A.  Correct.

20     Q.  All relevant data or information would

21  include actual construction at the site,

22  wouldn't it?

23     A.  Yeah.  Could you expound on that a

24  little bit?  Yeah.

25     Q.  In other words, all relevant data would

NON-CERTIFIED COPY

1     Q.  But you, as we said before, you didn't

2   get it cored?

3     A.  Correct.

4     Q.  So, you don't know?

5     A.  In the context of -- well, coring would

6   provide in the way of that kind of information,

7   correct.

8     Q.  And you don't know if the foundation was

9   laid properly at every part of the site either,

10  do you, as you sit here?

11    A.  I saw no evidence to suggest otherwise

12  it wasn't.

13    Q.  But in answer to my question, you didn't

14  analyze the exact laying of the foundation as it

15  was laid, did you, because you couldn't?

16    A.  Yeah, I guess I am not quite clear of

17  the nature of your question.

18    Q.  Do you know if the foundation actually

19  laid at the site was as specified?  Can you

20  opine on that?

21    A.  Yeah.  Well, absent any additional

22  nondestructive or destructive testing.

23    Q.  Yeah.

24    A.  Yeah, relying solely on what has been

25  produced and comments in the absence thereof

NON-CERTIFIED COPY

Page 89

1    regarding its construction.

2        Q.  Right.  That would be part of the coring

3    you would want to see?

4        A.  I think it would be valuable.

5        Q.  You didn't actually check the actual

6    joint construction itself inside the pavement,

7    did you?

8        A.  When you say check the joint

9    construction --

10       Q.  Yes.  You don't know if the construction

11   of the joints was done according to the design

12   plans, do you?

13       A.  Again, I have no evidence to indicate

14   otherwise.

15       Q.  Right.  You don't know at what level the

16   dowel bars were installed in the concrete as you

17   sit here, do you?

18       A.  Other than what was produced in the

19   drawings and presumably the understanding that

20   the contractor follows drawings.

21       Q.  Okay.  The answer to my question is

22   "no," isn't it?

23       A.  In absent -- no.  The only other

24   additional information would be if you did

25   forensic work --

NON-CERTIFIED COPY

Page 90

1    Q.  Right.

2    A.  -- coring and scans.

3    Q.  So the Jury understands, you don't know

4  if the dowel bars were laid at the proper level

5  of the concrete, do you?

6    A.  I was not there when it was done.

7  Correct.

8    Q.  And you don't know, as we sit here?

9    A.  I don't know from observation during the

10  construction.

11    Q.  And if the joints weren't constructed as

12  they were designed or the dowel bars weren't

13  placed as they were designed or the thickness

14  wasn't the thickness that was specified, that

15  could affect the problems that are being

16  observed out there at the site, couldn't it?

17    A.  Correct.

18    Q.  And during your investigation, sir, do I

19  understand, even up to today, that nobody has

20  advised you that H&E was experiencing similar

21  problems that they have at Baton Rouge and

22  Kenner at their other sites that have concrete

23  with heavy-tracked cleated equipment?

24       MR. BARRIERE:

25          Object to the form of the question.

NON-CERTIFIED COPY

Page 94

1  mix, so I can't say for certain.

2      Q.  Right.

3      A.  No.

4      Q.  Did you determine whether the joints

5  were properly sealed?

6      A.  I observed the sealing of the joints

7  during my onsite surveys.

8      Q.  And did you determine whether they were

9  properly sealed?

10     A.  I would say, for the most part, they

11 were, though, certainly there were some

12 instances I observed where it appeared that the

13 sealant had been compromised in a few of the

14 locations, particularly the expansion joints.

15     Q.  And remained unrepaired?

16     A.  In part, yes.

17     Q.  And what happens when the sealing -- the

18 seal at a joint is unrepaired?  What does that

19 allow to happen?

20     A.  In long-term, it could allow water to

21 flow through and to the subgrade.

22         Now we have to keep in mind that even

23 though your seal may be missing, you still have

24 your backer material or other filler material.

25 So, there is still some restriction --

NON-CERTIFIED COPY

Page 95

1      Q.  But --

2      A.  -- absent -- absent the sealant.  But

3  that said, it still will allow some moisture

4  through the joint.

5      Q.  And that will affect the foundation

6  eventually, won't it?

7      A.  Long-term, it could.  A properly

8  compacted foundation with proper water content

9  during prep can take some of that as expected.

10         But long-term, it certainly -- there is

11  a possibility to undermine.

12      Q.  And you haven't been able to determine

13  whether the foundation was properly -- actually

14  properly compacted?

15      A.  Correct.

16      Q.  Now, you saw some -- and let's talk

17  about Baton Rouge.  You saw in Baton Rouge some,

18  I would call, curing cracks, am I correct?

19      A.  Correct.

20      Q.  And so the Jury understands what I mean

21  by curing cracks, it's cracks that happen fairly

22  soon after the concrete is laid while the

23  concrete is curing, correct?

24      A.  Correct.

25      Q.  And that is a normal situation, correct?

NON-CERTIFIED COPY

1    clarify.  There is load and there's pressure.

2       Q.  Okay.

3       A.  The load in any one section of the track

4    with the cleat is the same, but the bearing

5    surface is different.  And, therefore, the

6    pressure is force divided by area.

7          And if I have a key bearing on that is

8    one-fourth what it normally would be.  If I

9    fully penetrate the surface, then my pressure is

10   four times as much.

11      Q.  Oh, but it's still a lot less than the

12   pressure of a rubber-tired vehicle at that same

13   location, isn't it?

14      A.  The same weights.  And, again, it kind

15   of depends on the design of the wheel.  You need

16   to keep that -- on the rubberized wheel, we need

17   to keep that in mind.  But it can be, yes.

18      Q.  All right.  I am looking at Page 6 of

19   your report, the second full paragraph.

20          And you admit certainly, Doctor, that

21   you could not identify any specification in the

22   United States related directly to the design of

23   concrete surfaces under tracked vehicles.  Am I

24   correct?

25      A.  Correct.

NON-CERTIFIED COPY

Page 107

1    Q.  In fact, the ACI documents that you

2    referred to in connection with what we talked

3    about as the standard of care, does not identify

4    or directly relate to the design of concrete

5    surfaces under tracked vehicles, does it?

6    A.  No.  Explicitly, no.

7    Q.  You're not suggesting that some

8    publication in New Zealand establishes the

9    standard of care in Baton Rouge, Louisiana, do

10   you?

11   A.  I don't -- I didn't suggest that in my

12   report.  I just --

13   Q.  I didn't ask you whether you suggested

14   it in your report.  I am just asking you:  Do

15   you suggest that?

16   A.  I do not suggest that.

17   Q.  Okay.  And even that New Zealand report

18   only -- it does not address tracked vehicles,

19   does it?

20   A.  Correct.

21   Q.  You also say in your report on Page 6

22   that URS did not communicate to H&E the

23   potential for heavy-tracked equipment causing

24   such damage to concrete pavements.  You see

25   that?

NON-CERTIFIED COPY

Page 108

1      A.  Yeah.  I'm sorry.  Say that again.  The

2   very bottom of Page 6?

3      Q.  The last line.  The last two lines.

4      A.  The last line.  (Reviewing document.)

5   Okay.  Here we go.  (Reviewing document.)

6   Correct.

7      Q.  No one made you aware that H&E was

8   experiencing damage to concrete pavements at

9   their other sites from heavy-tracked equipment?

10      A.  No.

11      Q.  Am I the first who has made you aware of

12   that?

13      A.  I mean, I wouldn't be surprised if they

14   were.  I mean, you know, in fact, reinforced

15   concrete pavements of a similar design with

16   similar types of equipment, it wouldn't surprise

17   me at all.

18          But it wasn't something that I explored

19   because, in this case, my focus was simply this

20   facility, a new facility from the ground up by

21   design.

22          And that relationship that URS had is

23   the architect and engineer of record with their

24   client, in this case H&E.

25      Q.  Let's take a look at ACI 330R-01.

NON-CERTIFIED COPY

Page 109

1    A.  R-01.

2    Q.  Do you have that in front of you?

3    A.  I am sorry.

4    Q.  330R-01.

5    A.  Yes.

6    Q.  Let's look at Section 1.2.

7    A.  (Complying.)  Okay.

8    Q.  Do you see in the very first paragraph

9  where it says "this guide is not a standard"?

10  Do you see that?

11   A.  Yes.

12   Q.  But you are characterizing it as the

13  standard of care in this case, aren't you?

14   A.  Yes.

15   Q.  Look at 2.3.

16   A.  (Complying.)

17   Q.  In terms of pavement design, it says "to

18  determine the pavement thickness, the designer

19  needs to know the types of vehicles that will be

20  used for pavement."  You agree with that,

21  correct?

22   A.  Yes.

23   Q.  "The number of trips for each vehicle

24  type," you see that?

25   A.  Yes.

NON-CERTIFIED COPY

1    A.  And, certainly, URS is a recognized

2  national engineering firm that I'm sure over the

3  years has been involved with numerous designs

4  that involved pavements and roadways.

5    Q.  So experience is important, other than

6  just looking at the specifications.  Fair

7  statement?

8    A.  Yes.

9    Q.  Did you make your calculations of

10  thickness based on 330R-01 or 330R-08?

11    A.  Both.

12    Q.  Both?  And those are different?

13    A.  In -- with regard I believe to the heavy

14  duty or the Class D --

15    Q.  Uh-huh.

16    A.  -- or Category D, I believe there was a

17  difference.  Yes, sir.

18    Q.  Did you make the calculation for heavy

19  duty, as well as standard or light duty?

20    A.  No.  They were both for --

21    Q.  Just heavy duty?

22    A.  They were for heavy duty, but they

23  involved two different areas.  But, yes, heavy

24  duty.

25    Q.  Okay.  So your calculation was only for

NON-CERTIFIED COPY

1    Q.  Okay.  And what is the average daily

2  truck traffic that your calculation of Category

3  D at the entrance and exit lanes are based on?

4    A.  I just simply relied on the single value

5  provided in the table of 700.

6    Q.  Seven hundred.  So your calculation is

7  based on the fact that 700 trucks travel over

8  that concrete --

9    A.  Correct.

10    Q.  -- per day?

11    A.  Correct.

12    Q.  Do you have any idea whether 700 trucks

13  travel over the Baton Rouge concrete?

14    A.  Let me see.  In the case of Baton Rouge,

15  no.

16    Q.  Okay.  Are you familiar with the fact

17  that their average daily truck traffic is 30 to

18  40?

19    A.  No.

20      MR. BARRIERE:

21        Object to the form.

22  EXAMINATION BY MR. FRANCO:

23    Q.  And so what did your calculation come

24  out to for the entrance and exterior lanes in

25  Category D with dowels with 700 trucks per day?

NON-CERTIFIED COPY

Page 126

1   strictly speaking, it's a little bit of

2   difference.

3       Q.  Okay.  But it's not a one point load.

4   Those point loads are spread among all the

5   cleats that contact the concrete?

6       A.  Right.

7       Q.  Am I correct?

8       A.  Correct.

9       Q.  And that is at certainly a larger

10  distance than a rubber tire, isn't it?

11      A.  It is spread out over a longer distance,

12  that is correct.

13      Q.  Okay.

14      A.  Sorry.  I don't think I answered your

15  question.  I mean, you asked about the Kenner

16  site.

17      Q.  Yes.

18      A.  And I went through the same -- you asked

19  about how I --

20      Q.  What did you get?

21      A.  Let me find it for you.  (Reviewing

22  document.)  Okay.

23          For Kenner, I got 6.5 inches for

24  Category C, and nine inches for D.  But when you

25  apply the one-inch reduction using the dowel for

NON-CERTIFIED COPY

1   D, that reduces it to eight inches.

2       Q.  So eight inches for heavy?

3       A.  Yes.

4       Q.  And --

5       A.  6.5 for --

6       Q.  Parking area?

7       A.  We will call it parking area, right.

8       Q.  And, again, that is based on the same

9   frequency we talked about --

10      A.  Correct.

11      Q.  -- just a few minutes ago?

12      A.  That is correct.

13      Q.  Yours is based on 700 trucks?

14      A.  Correct.  For D.  That is correct.

15      Q.  You have no issue with the concrete

16  strength of 4,000 psi at either site, correct?

17      A.  No.

18      Q.  The diameters of the dowels, let's talk

19  about that and ACI.  Does ACI 330R-01 have --

20  let me rephrase that.

21          With respect to the thickness of the

22  dowels, does ACI 330R-08 have the same thickness

23  as 330R-01 had or did they change it?

24      A.  I believe they made a change on one of

25  the dowels for one of the thicknesses.  If -- I

NON-CERTIFIED COPY

Page 143

1    applied kind of coatings throughout the U.S.

2        Q.  Was this interior or exterior?

3        A.  Both.

4        Q.  And you would consider that within the

5    standard of care, these coatings?

6        A.  If I were designing -- if I was asked to

7    design a facility like the H&E facility in Baton

8    Rouge or Kenner, to accommodate the kind of

9    equipment and operations as I have observed, I

10   certainly would consider that as part of the

11   standard of care, at least to the extent I would

12   present it to the client.

13       Q.  Two questions:  Number one, you have

14   never been asked to design a concrete pavement

15   for heavy-tracked equipment, correct?

16       A.  Correct.

17       Q.  Number two, that is a cost issue for the

18   client, isn't it?

19           MR. BARRIERE:

20               Object to the form of the question.

21           THE WITNESS:

22               It could be for the client, I mean.

23   EXAMINATION BY MR. FRANCO:

24       Q.  It could be?

25       A.  Well --

NON-CERTIFIED COPY

Page 144

1    Q.  It's not a cost consideration?

2    A.  Well, sure.  I mean, it's going to

3    consider the cost with any option you present.

4    And that's not the only option, but, yes.

5    Q.  Okay.  Are you familiar with anyone who

6    has used an iron filled aggregate in this type

7    of situation?

8    A.  Well, I've seen those applications in

9    some power plants and industrial facilities.

10   Q.  Not for heavy-tracked cleated equipment?

11   A.  I don't know if they ran heavy-tracked

12   cleated on it or not.  Certainly, with some

13   heavy equipment present, but whether it was

14   cleated track, I don't know.

15   Q.  And, sir, you talk about the pavement

16   surface.  And the wear and tear on the pavement

17   surface is a lot different with cleated-tracked

18   equipment, than it is for tracked equipment that

19   is flat, isn't that true?

20   A.  Yes.

21   Q.  All right.  Look at Page 15 of your

22   report.

23   A.  (Complying.)

24   Q.  You cite ACI 330R-01 for the following.

25   "It is important to determine and correct the

NON-CERTIFIED COPY

Page 145

1    cause of the slab failure before starting

2    repairs."  You agree with that, don't you?

3        A.  Yes.

4        Q.  And you haven't been able to determine

5    whether any construction issues are the cause of

6    slab failures at Baton Rouge or Kenner, have

7    you?

8        A.  I haven't identified any to date.

9        Q.  But you haven't investigated them, have

10   you?

11       A.  But to the extent what has been done, as

12   we discussed earlier, certainly absent some

13   additional forensic testing to, you know,

14   validate what we're assuming was the case.  You

15   know, we wouldn't know until that was done.

16       Q.  My point is, as of the time of your

17   report and all the way up to that point in time,

18   you have not determined whether there is

19   construction causes for any of the pavement

20   problems, have you?

21       A.  In my opinion, there aren't any, but I

22   haven't determined them absolutely.

23       Q.  Well, it's important to determine those.

24   Right here it says that?

25       A.  And that is part of it.  Sure.

NON-CERTIFIED COPY

Page 146

1      Q.  And to correct them?

2      A.  If they exist.  If it is

3  construction-related, yes.

4      Q.  The first thing you have to do is

5  determine whether there is any maintenance

6  causes or whether there is any construction

7  causes, correct?

8      A.  Or design or anything else.  Correct.

9      Q.  All right.  And then further on, you

10  say, "The presence of heavy-tracked equipment

11  poses a unique challenge to the short- and

12  long-term performance of concrete pavements..."

13          That is your words, or is that a quote

14  from something else?

15      A.  It's my words.

16      Q.  Okay.  Why is it a unique challenge?

17      A.  Because of the nature by which loads are

18  transferred by tracked equipment to pavements.

19      Q.  It is fair to say that the use of

20  heavy-tracked cleated equipment on concrete is

21  not a very ordinary use, is it?

22          MR. BARRIERE:

23              Object to the form of the question.

24          THE WITNESS:

25              It is not common, correct.

NON-CERTIFIED COPY

Page 155

1      A.  (Reviewing document.)

2      Q.  You've referred to that in your report,

3   haven't you?

4      A.  Correct.

5      Q.  All right.  Would you, for the Record,

6   read the title of that at the top?  What I have

7   highlighted, what does it say?

8      A.  "Roadway showing joints."

9      Q.  Thank you.

10         Okay.  Let's cover this issue first.

11   Mr. Bailey, I'm going to label for the next

12   exhibit, as Exhibit 8, a copy of that August 26,

13   2016 letter from you to Ms. Mince.  Can you

14   identify that for me?

15      A.  (Reviewing document.)

16      Q.  What is that?

17      A.  Yes.  This is a letter addressed to Ms.

18   Mince from me and one of my colleagues, Matt

19   Vail, with Exponent, dated August 26, 2016,

20   regarding questions pertaining to change order

21   documents.

22      Q.  Okay.  Now, Mr. Matt Vail signed this

23   letter, correct?

24      A.  Correct.

25      Q.  And then you put your stamp on this

NON-CERTIFIED COPY

1  letter, correct?

2      A.  Correct.

3      Q.  Did you actually -- this is in reference

4  to the change orders in this case, correct?

5      A.  Correct.

6      Q.  Did you review the change orders?

7      A.  Yes.

8      Q.  Okay.  And who made this calculation

9  using the cost of change versus time model?  Who

10  did that?

11     A.  That particular part cited in this

12  letter was done by Matt.

13     Q.  Okay.  So are you familiar with the cost

14  of change versus time model that he's talking

15  about?

16     A.  Yes.  He is -- he shared that with me.

17     Q.  Well, wait.  Was that your first

18  exposure to that time model?

19     A.  I've heard of it.

20     Q.  You've heard of it, but was this your

21  first exposure in this case to dealing with that

22  particular model?

23     A.  In this case, yes.

24     Q.  So you've never used it before this

25  case?

NON-CERTIFIED COPY

1      A.  In this case, no.

2      Q.  Okay.  I'm sorry.  You have never used

3   it before this case?

4      A.  Oh, before this case?  No.  There has

5   been these kind of cost versus change time

6   models.

7      Q.  Have you ever given an expert opinion on

8   the cost of change versus time model before this

9   case?

10     A.  An expert opinion, no.

11     Q.  Okay.  And whose model is that?

12     A.  Oh, it's one that was -- it's a

13  published model.  I can't recall specifically

14  the author of it.  It has been cited, but we --

15  we have used -- and I say we, our consulting

16  practice has used --

17     Q.  So --

18     A.  -- this with assisting the claims.

19     Q.  So let me get this straight.  Matt Vail

20  did this calculation.  You didn't do the

21  calculation, correct?

22     A.  Well, to clarify, it was my opinion when

23  asked by Ms. Mince what I thought the impact

24  would be due to change orders versus if it had

25  been done during the construction.

NON-CERTIFIED COPY

Page 161

1          MR. FRANCO:

2              Okay.

3     EXAMINATION BY MR. FRANCO:

4        Q.  I'm going to show you the next exhibit,

5     which will be Exhibit 9, which is a string of

6     E-mails from -- the top one is from Frankie

7     Wynn, July 27, 2016.  It is H&E 72397, et

8     cetera.

9              This came out of your documents, sir.

10    Okay.  It starts off with an Email by you back

11    on July 27, 2016, which was after your -- what

12    is the date of your report?

13       A.  It is dated July 29.

14       Q.  Okay.  So this is just before your

15    report is issued, correct?

16       A.  Correct.

17       Q.  And here you are referring to the

18    geotechnical report on Baton Rouge that no

19    specific traffic data was provided.

20              And so you asked some questions about

21    that, right?

22       A.  Correct.

23       Q.  And so you asked whether a total of 134

24    vehicles per day seemed reasonable around the

25    branch building area.  Why did you ask that

NON-CERTIFIED COPY

1   question?

2       A.  Just trying to get some idea of the

3   frequency for these types of vehicles at the

4   site.

5       Q.  Did you get an answer?

6       A.  You know, they were -- yeah, in this

7   string, no.

8       Q.  You didn't get an answer to that in this

9   string, did you?

10      A.  That is correct.  That is correct.

11      Q.  And you were asking that because the

12  design depends on the amount of vehicles per

13  day, doesn't it?

14      A.  In part, yes.

15      Q.  Part of the calculation, as we talked

16  about earlier, depends on the weight, as well as

17  the frequency of the vehicles, correct?

18      A.  Correct.

19      Q.  And they didn't give you an answer, did

20  they?

21      A.  They did not.

22      Q.  Then you asked whether -- and what is,

23  for the Jury's sake, what does K-I-P mean?

24      A.  That is --

25      Q.  What is that an acronym for?

NON-CERTIFIED COPY

Page 194

1  being close up.  I mean, it could be a limestone

2  or --

3      Q.  Crushed into the concrete?

4      A.  Crushed on top of it, yes.

5      Q.  Okay.  And you can't tell if it actually

6  affected that concrete below because you can't

7  see it because the rock is on top, right?

8      A.  If you were to sweep it, you would get

9  some.

10     Q.  This is 73643 and is Exhibit 24.  That

11  is what you saw when you were out there in terms

12  of condition of the pavement, correct?

13     A.  Correct.

14     Q.  And I see a lot of aggregate around this

15  part of the concrete, including the joint.  Is

16  that a fair statement?

17     A.  (Reviewing document.)  I am not -- I am

18  not necessarily sure what you mean by a lot.  I

19  mean, most of it -- from this view, most of that

20  surface doesn't have any on it, but there is

21  some on it.  Yes.

22     Q.  And these tracks are right over the

23  aggregate in this area right here, isn't it?

24     A.  (Reviewing document.)  That is correct.

25     Q.  I'm going to circle that.  This is

NON-CERTIFIED COPY

Page 196

1    bottom in the foreground.

2        Q.  Exhibit 27 will be 73661.

3            This is 73702 and will be Exhibit 28.

4    What is that I see growing out of the joint?

5        A.  It looks like grass.  Maybe weeds.

6        Q.  Does that look like proper maintenance

7    to you?

8            MR. BARRIERE:

9                Object to the form of the question.

10           THE WITNESS:

11               Yeah.  Kind of hard to tell if it --

12   in the foreground, that is the -- next to the

13   joint, that is hard to tell without pulling

14   whether it's actually in the joint or growing

15   above it.

16               But either case, yeah, obviously,

17   there is enough soil there to allow that to

18   happen.

19   EXAMINATION BY MR. FRANCO:

20       Q.  So?

21       A.  And I would say, no, that should be

22   removed.

23       Q.  Same thing with 73703, which will be

24   Exhibit 29.  There is grass growing on top of --

25   and, certainly, mud covering this joint here.

NON-CERTIFIED COPY

Page 198

1    deterioration of the base, doesn't it?

2        A.  It -- well, it provides a means for

3    water, you know, to get to the base.

4        Q.  Which has not been repaired, apparently.

5        A.  Apparently, in this case, no.

6        Q.  Okay.  All right.  I'm going to show you

7    73719, which will be Exhibit 31.  And that is a

8    picture of one of the pieces of equipment at the

9    Baton Rouge facility in the service building,

10   correct?

11       A.  Correct.

12       Q.  And what is the condition of what is in

13   the tracks?  What is in the tracks?

14       A.  On -- okay.  On the left side, as we

15   view the photo, some of the tracks appear to

16   have some soil.  Again, some minerals, perhaps

17   even some small gravel embedded in it.

18       Q.  All right.  And, obviously, it had to

19   travel on the concrete in order to get into the

20   service building in that condition.   Fair

21   statement?

22       A.  Correct.

23       Q.  Okay.  We are still on Baton Rouge.

24   This is 73428, which will be Exhibit 32.

25       A.  So this is Baton Rouge?

NON-CERTIFIED COPY

Page 199

1    Q.  Yes.

2    A.  Oh, I see.

3    Q.  Yeah.  That's Kenner over there.

4    A.  Got you.  Okay.

5    Q.  According to the way I understand it.

6         There is clearly parts of concrete and

7    rock near the joints.  Near this joint, am I

8    correct?

9    A.  Correct.

10    Q.  Does that indicate proper maintenance to

11   you?

12        MR. BARRIERE:

13             Object to the form of the question.

14        THE WITNESS:

15             Yeah.  On this one, it's hard to

16   tell how much of that was due to the degradation

17   that occurred and the pebbles that appear from

18   that, or if it came from a tread, either a

19   rubber or metal track.

20             The seal still seems to be largely

21   intact in this one case.  But, certainly, I'm

22   sure it got swept up later that day or the next

23   day whenever they did.

24   EXAMINATION BY MR. FRANCO:

25    Q.  Well, in this area that I'm going to

NON-CERTIFIED COPY

1   circle, the -- there is aggregate actually

2   inside this contraction or -- contraction joint.

3   Am I correct?

4       A.  Correct.

5       Q.  That is going to cause it problems and

6   spalling near that joint, isn't it?

7       A.  Oh, yeah.  You definitely want as part

8   of your maintenance to remove that.

9       Q.  All right.  So regardless of whether it

10  came from the track or whether it came from the

11  concrete itself, you should be cleaning that up

12  so it doesn't cause more damage, correct?

13      A.  They may have an hour after I took that

14  picture.

15      Q.  But you don't know that?

16      A.  They may have on one day when I was in

17  Kenner.  One thing you need to keep in mind --

18      Q.  This is Baton Rouge.

19      A.  Or Baton Rouge.  Either one.

20          One thing to keep in mind there is a

21  time element to all of this.  Okay?  There is

22  going to be debris deposits, period.  It's --

23  and everyone knows that.

24          It doesn't mean when debris is deposited

25  and the vehicle travels over it an hour later

NON-CERTIFIED COPY

Page 202

1    A.  In this case.  That is correct.

2    Q.  And yet there is still spalling?

3    A.  Correct.

4    Q.  What does that indicate to you?

5    A.  That given the width of that joint.

6  That the cleats when they travel across here.

7  And arguably it could even be rubberized.  But I

8  think more than likely it's the cleats that --

9    Q.  The cleats that are causing the

10  spalling?

11    A.  Yes.  As it travels across that joint.

12    Q.  This is 73443, which will be Exhibit 34.

13  This shows clearly grass growing on top of an

14  expansion joint.  Am I correct?

15    A.  Correct.

16    Q.  Would that be occurring if it has been

17  swept daily?

18    A.  It could.  I don't know if a sweeper

19  would necessarily remove that.

20    Q.  So if the sweeper doesn't remove it,

21  somebody should be removing it, right?

22    A.  Correct.

23      MR. BARRIERE:

24        Object to the form of the question.

25  EXAMINATION BY MR. FRANCO:

NON-CERTIFIED COPY

1      Q.  Do you know whether any of the equipment

2   is parked at the site for storage purposes

3   before it is washed in the wash room?

4          MR. BARRIERE:

5              Object to the form.

6          THE WITNESS:

7              I don't know.

8          MR. FRANCO:

9              Okay.

10         THE WITNESS:

11             I always understood that one of the

12  first things they do when they bring it in is to

13  wash it.  But is that always the case?  I don't

14  know.

15  EXAMINATION BY MR. FRANCO:

16     Q.  All right.  I'm going to you 73955,

17  which will be Exhibit 46.

18             And this shows again grass growing out

19  of a joint area around the drain.  Am I -- is

20  that a fair statement?

21     A.  In a certain portion of that joint, yes.

22  I mean, it's limited, but, yes, there is grass

23  growing in there.

24     Q.  This is 74022, which will be Exhibit 47.

25  That looks like a piece of equipment that is

NON-CERTIFIED COPY



*Failure Analysis Associates*

## Investigation of Damaged Concrete Pavements at H&E Equipment Facilities



BAILEY

EXHIBIT NO. 1

K. DONNELLY

EXHIBIT
B

NON-CERTIFIED COPY

# Investigation of Damaged Concrete Pavements at H&E Equipment Facilities

Prepared for

Loretta G. Mince, Esq.
Fishman Haygood, L.L.P.
201 St. Charles Avenue
46th Floor
New Orleans, Louisiana 70170

Prepared by

James R. (Bob) Bailey, Ph.D., P.E.
Senior Managing Engineer
Exponent, Inc.
10850 Richmond Avenue, Suite 175
Houston, Texas 77042
Louisiana Firm No. EF.0003375

July 29, 2016

© Exponent, Inc.



1306663.001 7845

NON-CERTIFIED COPY

# Contents

|  | Page |
|---|---|
| List of Figures | ii |
| Executive Summary | 1 |
| Limitations | 2 |
| Introduction | 3 |
| Background | 4 |
| Discussion | 5 |
|     Pavement Surface Condition | 5 |
|     Pavement Design Features | 7 |
|     Baton Rouge Site | 8 |
|     Kenner Site | 10 |
| Remedies | 14 |
|     Pavement Surface | 14 |
|     Pavement Design | 15 |
| Findings | 16 |
|  |  |
| Appendix A    Curriculum Vita of James R. Bailey, Ph.D., P.E. | 29 |
| Appendix B    Documents Reviewed | 37 |

NON-CERTIFIED COPY

# List of Figures

|  | | Page |
|---|---|---|
| Figure 1. | Various Perspectives of Baton Rouge Site | 17 |
| Figure 2. | Various Perspectives of Kenner Site | 18 |
| Figure 3. | Concrete Pavement at Baton Rouge Site | 19 |
| Figure 4. | Concrete Pavement at Kenner Site | 22 |
| Figure 5. | Pavement Details and Note for Baton Rouge Site | 25 |
| Figure 6. | Designated Area for Heavy Duty Pavement at Baton Rouge Site | 26 |
| Figure 7. | Dowel Sizing and Spacing Requirements | 27 |
| Figure 8. | Pavement Details and Note for Kenner Site | 28 |

NON-CERTIFIED COPY

# Executive Summary

Fishman Haygood, L.L.P., on behalf of the plaintiff, retained Dr. James R. Bailey, Ph.D., P.E., of Exponent, Inc., to evaluate the cause of damage to concrete pavements at two separate facilities operated by H+E Equipment. The two facilities are located in Louisiana, one facility in Baton Rouge and the other facility in Kenner (near New Orleans). URS Architects Engineers Planners designed the pavements. My scope of work included on-site surveys, review of architectural and engineering drawings, review of photos taken of the subject property, review of emails and other produced documents, engineering analyses, and preparation of this report which summarizes my findings.

I am the Project Manager. I am a licensed Professional Engineer in nine states and a Fellow of the American Society of Civil Engineers. As a Senior Managing Engineer in Exponent's Building & Structures practice, I have expertise in several areas of Civil Engineering, including construction materials, structural analysis and design, and materials testing. My Curriculum Vitae, including my recent testifying experience and my billing rate, is provided in Appendix A. A list of the documents reviewed by me is provided in Appendix B. My findings presented herein are made to a reasonable degree of engineering certainty.

Surface degradation of the concrete pavements is widespread and increasing at both sites. Large cracks have formed beyond the joints, an indication of improper sizing and/or placement of steel reinforcement. Repairs including replacement of the existing pavements will be necessary to allow for extensive use of heavy equipment over these paved areas during the 20-year design life without inducing the same level and extent of damage.

My current understanding is that H+E Equipment clearly communicated to URS the type of equipment that would travel across the pavements. Moreover, representatives of URS reportedly visited two H+E Equipment sites in Louisiana and one site in Houston. According to H+E Equipment during these site visits URS viewed the equipment, including the heavy metal tracked equipment. The pavements as currently designed and constructed are not adequate to perform for their intended use as required by H+E Equipment. In my opinion URS did not exhibit the appropriate standard of care when designing the concrete pavements constructed at the two sites in accordance with applicable specifications, standards, and guidelines.

Methods are available to extend the life of concrete pavements and joints. These methods include the application of specialty aggregate toppings; increasing the design compressive strength; increasing the pavement thickness; increasing the dowel bar sizes; properly spacing dowel bars; and installing metal edge guards along the expansion joints.

1306663.001 7845

1

NON-CERTIFIED COPY

## Limitations

This report has been prepared to address evaluation of concrete pavement damage at the subject properties.   Exponent's investigation focused on determination of causation mechanisms for physical damages at the exterior concrete paved areas.  The scope of services performed during this investigation may not adequately address the needs of other users, and any re-use of this report or the findings, conclusions, or recommendations presented herein is at the sole risk of the user.

Exponent's objective is to accurately assess observed conditions and consider all relevant data. The findings presented herein are made to a reasonable degree of engineering certainty.  I reserve the right to supplement this report and to expand or modify my opinions based on review of additional material as it becomes available through ongoing discovery and/or through any additional work or review of additional work performed by others.

NON-CERTIFIED COPY

# Introduction

At the request of Fishman Haygood, L.L.P. on behalf of H+E Equipment, as a Senior Managing Engineer for Exponent Failure Analysis Associates (Exponent), I conducted an investigation to determine the nature, mechanism(s), and extent of damage to concrete pavements at two separate facilities operated by H+E Equipment. The two facilities are located in Louisiana, one facility in Baton Rouge and the other facility in Kenner (near New Orleans). I also investigated what aspects of the damage (if any) are attributable to flaws in the design, construction, or usage conditions of the pavements.

The scope of my work included the following:

- Site surveys on 23 September 2013, 12 and 13 August 2014, and 07 July 2016;
- Review of architectural and engineering drawings;
- Review of photos taken of the subject property;
- Review of emails and other produced documents;
- Engineering analyses; and
- Preparation and submittal of this report.

NON-CERTIFIED COPY

# Background

H+E Equipment uses the facilities located at Baton Rouge and Kenner as distribution centers for heavy construction equipment. Some of this equipment moves on different types of metal tracked systems. The heavy construction equipment travels across and is parked on concrete pavements recently constructed at the two facilities. URS Architects Engineers Planners[1] (herein referred to as URS) designed the pavements. Exponent conducted site surveys of each facility on 23 September 2013, 12 and 13 August 2014, and 07 July 2016[2]. Various perspectives of the Baton Rouge and Kenner sites are shown in Figure 1 and Figure 2, respectively.

During our site surveys we observed cracking; spalling of concrete edges at expansion, construction, and control joints[3]; and varying degrees of surface erosion in several areas of the concrete pavements at each facility. The damage was particularly evident in areas where heavy tracked equipment had travelled and was subsequently parked. Various perspectives of the concrete pavements are shown in Figure 3 and Figure 4 for the Baton Rouge and Kenner sites, respectively. The pavements at both facilities are constructed of reinforced Portland cement concrete and were poured during the first half of 2012, meaning they are approximately four years old.

---

[1] A division of URS Corporation which was acquired by AECOM in 2014.
[2] Photos, drawings, calculations, and other related information related to our investigation are available upon request.
[3] As defined on architectural and engineering drawings produced by URS.

NON-CERTIFIED COPY

# Discussion

## Pavement Surface Condition

Surface damage was observed on pavements in parking areas designated for heavy trucks and equipment, tractor trailers, and tracked equipment at both facilities. The observed surface damage to the concrete pavements is consistent with the type of damage one would expect to observe to the type of concrete specified when exposed to high levels of stress and friction, or abrasion, acting at or near the concrete surface. Surface cracks not associated with damage at joints or abraded areas were also observed during the three site visits. These surface cracks appear to be the result of ineffectiveness of the control joints rather than a response to external effects. Little or no surface damage was observed at either facility on pavements in parking areas designed for cars and light trucks.

Loads imposed by tracked equipment depend on the contact surface. Tracks in heavy construction equipment are typically comprised of a belt system of adaptable links with keys on them. The intention is that these keys will penetrate the surface where the vehicle is moving, thus increasing the level of effective friction and therefore allowing the equipment to move in what typically are soft soil conditions. As these keys are meant to fully penetrate the soil, it is generally assumed that the weight of the equipment is distributed on the full surface of the track system, and then transferred to the supporting soil. The resulting pressure from the tracks to the soil is typically labeled "ground pressure" on catalogs provided by the manufactures of this type of equipment. Exponent was able to obtain such information from a local distributor.

One of the performance features of the track is that it be sufficiently flexible to spool around the wheels of the vehicle, effectively forming a belt around each set of wheels. This feature, in turn, requires the belt to be somewhat flexible. To achieve this flexibility and still maintain sufficient in-plane stiffness and strength, the belt is typically made of metal "links" that can adjust with respect to each other. This linkage results in a condition where, only after the keys have penetrated the soil, the weight of the vehicle is fully distributed on the track and not just on the wheel sections alone. It also means that if the keys have not penetrated the surface, then the weight is likely to be transferred in most part in the areas immediately under the wheels or spools of the track.

On hard surfaces like concrete, these tracks and their keys do not easily penetrate the bearing surface, thus forcing transfer of the full weight of the equipment to the supporting surface by the area under the keys alone. Furthermore, the weight of the equipment is being transferred mostly by the keys directly under the wheels in this condition. The keys in this condition are therefore

1306663.001 7845

5

NON-CERTIFIED COPY

effectively narrow bands of pressure applied to an unbounded in plane surface resulting in a notable stress increase.

Exponent approximated this expected stress increase using an elastic estimation of contact pressure between two surfaces. The resulting increase in stress was estimated to be on the order of four times the applied stress by the key. Applying this level of stress in areas adjacent to a free surface, like an expansion joint, would result in stresses higher than the expected capacity of the specified 4,000 psi concrete. Such an outcome would cause the types of damage like shear cracking and spalling observed by Exponent at the two H+E Equipment sites as shown in Figure 3 and Figure 4. I also observed the absence of steel edge guards along the length of the expansion joints. It is my opinion that installation of steel edge guards at the expansion joints where heavy tracked construction equipment crossed would have significantly reduced the spalling and cracking at these joints.

Given an understanding of the types of loads imposed by heavy tracked vehicles on concrete pavements, Exponent then conducted a literature review to identify codes, standards, guidelines, or other publications that address concrete design for such conditions. We could not identify any specification in the United States related directly to the design of concrete surfaces under tracked vehicles. Some references are available for the design of concrete pavements under heavy loads, specifically, at airports and with some industrial applications. However, these references do not address metal wheel types or tracks directly, nor do they give guidance on what load to design the pavement for in these cases.

Countries like New Zealand recognize the effect of metal wheels and their resulting abrasion in their standards[4], requiring more attention to finishes and proper selection of concrete strengths. However, it only addresses metal wheels directly and not tracked vehicles. It does indicate that for cases where high abrasion is to be expected, concrete strengths are likely to be 40 MPa or higher (6,000 psi) and that special attention should be given to flooring finishing techniques and selection.

In my opinion a prudent designer for this type of project should have researched and consulted such readily available literature to ensure the types of damages being observed to the concrete pavements, based on its intended use, would be minimized. Based on documents produced at the time of this report, to my knowledge URS made no such effort. If they made such an effort, then URS evidently did not communicate to H+E Equipment the potential for heavy tracked equipment causing such damage to concrete pavements being designed by them for the two sites.

---

[4] NZS-3101 Part 1 Table 3.8

NON-CERTIFIED COPY

## Pavement Design Features

Based on conversations with H+E Equipment[5], URS was aware that they should design concrete pavements at both sites to allow parking of all types of heavy equipment, including tracked equipment, anywhere on the pavements. Indeed, URS made no distinction on their drawings regarding where certain types of heavy equipment were to be parked[6]. Given this requirement, all pavement areas designed for heavy equipment may be subject to traffic from all types of such equipment, and therefore should be designed to accommodate all of them accordingly.

A publication by the American Concrete Institute titled *ACI 330R-01 Guide for the Design and Construction of Concrete Parking Lots* provides designers current knowledge and practices for the design, construction, and maintenance of concrete parking lots. ACI 330R-01 was issued in October 2001 and was available at the time of the design of the pavements at the two facilities. The guide was revised and subsequently reissued in June 2008 as ACI 330R-08.

ACI 330R-01 enables a designer to select a pavement thickness based on the Traffic Category, Modulus of Subgrade Reaction ($k$), and Modulus of Rupture ($M_R$) of the concrete. In my opinion a proper interpretation of ACI 330R-01 for both sites would result in the selection of Traffic Category C for parking areas and interior lanes, and Traffic Category D for entrance and exterior lanes. The Modulus of Rupture equals approximately 600 psi assuming a 28-day concrete compressive strength of 4000 psi[7]. The Modulus of Subgrade Reaction depends on the soil conditions as indicated in the geotechnical report produced for each site.

Both ACI 330R-01 and ACI 330R-08 state that distributed steel reinforcement can be used to control the opening of intermediate cracks between the joints. The sole function of distributed steel reinforcement is to hold the fracture faces together if cracks form. This use becomes more obvious in cases where uncontrollable subgrade conditions are liable to provide non-uniform support. ACI 330R-01 states that distributed steel reinforcement "is needed" in pavements with transverse joints spaced more than 30 times the slab thickness, while ACI330R-08 states that it "may be needed." When used, the distributed steel reinforcement is interrupted at the contraction joints because such joints by design should be free to open.

According to ACI 330R-01 and ACI 330R-08 pavements designed for truck traffic typically require load-transfer dowels for large joint spacing. A larger joint spacing results from increased spacing between joints which, in turn, increase joint openings and reduce aggregate interlock load transfer. ACI 330R-01 specifies diameters for smooth round dowels of 3/4", 7/8", 1", and 1-1/8" for slab depths (i.e., thicknesses) of 6", 7", 8", and 9", respectively.

---

[5] Frankie Wynn, Director of Facilities/Risk/Compliance Management, H&E Equipment Services, Inc.
[6] For example, see URS Drawing AS-101 for the Baton Rouge site.
[7] $M_r = 2.3 f'_c{}^{2/3}$; regarding ACI330R-08 the values for the Traffic Category would be the same, while $M_r$ would range from approximately 500 psi to 630 psi depending on the aggregate texture and shape.

NON-CERTIFIED COPY

ACI330 R-08 specifies diameters for smooth round dowels of 1", 1-1/4", and 1-1/4" for slab depths of 7", 8", and 9", respectively. All dowels are spaced at 12" centers. Dowel embedment is 6" on each side of a joint with a total dowel length of 14" to allow for joint openings and minor errors in dowel positioning. Correct alignment and lubrication is cited in both versions of ACI 330R as essential for proper joint function.

Given the operating conditions stated by H+E Equipment, in my opinion it was reasonable and prudent for URS to require distributed steel reinforcement in the concrete pavements at both sites to control the opening of intermediate cracks between the joints. It was also reasonable and prudent for URS to require dowels at the expansion joints to provide vertical load transfer while permitting the joints to expand. However, as indicated in the sections to follow URS did not design the dowels in accordance with recognized specifications and guidelines related to concrete pavement design.

**Baton Rouge Site**

A review of engineering drawings for the Baton Rouge site indicate that heavy equipment, including tracked equipment, was to travel and park around the north, south, and west sides of the single story Branch Building in an area designated as "Inventory Storage".[8] This same area is labeled "Concrete Parking" and in my opinion should be associated with the design of "Heavy Duty Pavement" given the type of equipment moving in the area[9]. Figure 5 shows pavement details from the architectural and engineering drawings created by URS for the Baton Rouge site.

Regarding rigid pavement design a geotechnical report produced to URS for the Baton Rouge site[10] states,

> "No specific traffic data were provided; therefore, pavement recommendations for this site are based upon the following assumed daily traffic frequencies. In the heavy storage area: 100 light (7-kip) trucks, two 34-kip trucks, two 46-kip trucks, and thirty 80-kip trucks per day."

> "The traffic is expected to be from rubber-tired vehicles. If the expected traffic frequencies (especially those involving heavy vehicles) are much different from these assumptions, this office should be notified so that we may re-evaluate the pavement recommendations."

[Page 9; Section 8.0]

---

[8] URS Drawing AS-101; for the purposes of this report the front of the Branch Building is assumed to face east.
[9] URS Drawings C-202, C-205, and C-206; pavement in front of the building where cars and light trucks park is labeled "Concrete Driving Parking"; URS Drawing C-501 Detail 1.
[10] Soil Testing Engineers, Inc., 316 Highland Park Drive, Baton Rouge, Louisiana, 70810; report dated January 11, 2007.

NON-CERTIFIED COPY

"Rigid pavement recommendations have been computed based on a modulus of subgrade reaction (k) of 65 pci. Additionally, the design presumes 3,800 psi concrete, which can be expected to develop a modulus of rupture of about 650 psi (average). The design life of the pavement system is dependent upon periodic maintenance of the pavement. This maintenance includes but is not limited to cleaning and resealing joints, sealing cracks and immediate repairs of damaged areas."

"In the heavy equipment storage area, for a 20-year design life, we estimate the number of 18-kip equivalent single axles (ESAL's) for rigid pavement to be approximately 956,028. Based on these results, we recommend a minimum rigid pavement thickness of 7 inches."

"The rigid concrete should conform similarly to the requirements of LA DOTD Standard Specifications, Section 601, 2000 Edition. Proper steel reinforcement (temperature and shrinkage) joint design, and installation are essential to satisfactory pavement performance."

[Page 10; Section 8.2]

My interpretation of ACI 330R-01 Table 2.4 for this case would result in the selection of a 20-year design thickness of 6.5 inches for Traffic Category C (parking areas and interior lanes) and 9.0 inches for Traffic Category D (entrance and exterior lanes). The same selection results using ACI 330R-08 Table 3.4 with the exception that for Category D when dowels are used in transverse joints the thickness can be reduced one inch to 8.0 inches.

The thickness for heavy duty pavement shown on the URS design drawings (see Figure 5) is 8.0 inches. However, according to the URS drawings[11] as illustrated in Figure 6 this heavy duty pavement is limited to the immediate area surrounding the Branch Building. The remaining portion of the concrete pavement beyond the Branch Building is designated by URS as standard duty pavement which by design is 6.0 inches thick. This thickness is less than what was recommended in the geotechnical report and what would be required in accordance with ACI 330R-01 for heavy types of equipment, including tracked equipment. As indicated earlier, H+E Equipment reportedly told URS to design the pavement surrounding the Branch Building in a manner that allowed the movement and parking of all types of equipment anywhere on the pavement.

The engineering drawings for the Baton Rouge site also deviated from good design practice in definition of the contraction joint[12] depth (see Figure 5). The drawing detail for the contraction joint shows a note stating "Saw-Cut Joint ½" Depth". The minimum depth of a contraction joint

---

[11] URS Drawings C-302 and C-305; the legend states "Proposed 8" Concrete".
[12] The drawing labels this detail as a construction joint.

NON-CERTIFIED COPY

should be one-fourth of the slab thickness, or approximately 1.5 inches for a six-inch thick slab and 2.0 inches for an eight-inch thick slab[13]. However, during my surveys I measured the contraction joints at the Baton Rouge site and they were no more than ½ inch deep.

ACI 330R-01 recommends dowel diameters of 3/4" and 1" for slab thicknesses of 6" and 8", respectively. The Department of Public Works for the City of Baton Rouge and Parish East of Baton Rouge specifies dowel diameters of 1" and 1-1/4" for slab thicknesses of 6" and 8", respectively. The Louisiana Department of Transportation (LDOT) specifies a dowel diameter of 1-1/4" for a slab thickness of 8". All three documents require the spacing to be 12 inches. Figure 7 shows the tables from each of these sources including ACI 330R-08. The URS drawing (see Figure 5) shows a #4 smooth bar, meaning a ½" diameter bar, spaced 18 inches on center. This design is notably less in terms of the amount of steel per unit area than what is recommended by ACI and specified by the Department of Public Works and LDOT.

Diagonal cracking was observed at the intersection of some expansion joints at the Baton Rouge site (see Figure 3). High stress concentrations form at the corners of square pavement sections due to curling and warping of the pavement section caused by moisture and temperature differentials, and uneven loading across the pavement surface. According to ACI 330R-08,

> "Dowels should not be placed closer than 12 in. (300 mm) to a joint intersection to minimize the potential for corner cracking."
>
> [Page 9; Section 3.8.2]

The presence of corner cracking at some of the expansion joints intersections suggests that improper spacing of dowels near the corners may have occurred. I did not identify a detail or note on the URS drawings indicating a minimum distance from the joint intersection for dowel placement.

## Kenner Site

A review of engineering drawings for the Kenner site indicate that heavy equipment, including tracked equipment, was to travel and park virtually anywhere on the site, including along the main entryway and around all sides of the Service Building[14]. These areas were designated as "Heavy Duty Pavement". Only a few select areas in front of the office and toward the back of site were designated as "Light Duty Pavement" for cars and light trucks. Figure 8 shows

---

[13] Specification for Unreinforced Concrete Parking Lots ACI 330.1-04 published by the American Concrete Institute.
[14] URS Drawing C1.0.

NON-CERTIFIED COPY

pavement details from the architectural and engineering drawings created by URS for the Kenner site[15].

Regarding rigid pavement design a geotechnical report produced to URS for the Kenner site[16] states,

> "Anticipated traffic volumes and loading conditions for this facility were not provided, but were assumed based on experience with similar projects. The pavements within the facility may likely be a medium to heavy duty traffic areas. Traffic estimates used in the determination of required pavement thicknesses assume a 20-year design period and are summarized in the following table." [Table omitted for brevity.]

> "The architect or engineer responsible for the final pavement design should review this traffic information for accuracy/applicability. If these traffic assumptions are not correct, please advise this office so that the pavement designs can be re-analyzed and revised thickness designs developed."

> "Based upon the soil conditions at the site, rigid pavements should be designed and constructed using a minimum 7-inch concrete pavement thickness over a minimum 12 inches of compacted river sand."

> "Long term differential settlement is expected to occur across the proposed pavement areas with these soil conditions. It is expected that differential movement will occur over a period of several years between the pavement panels resulting in subsequent loss of aggregate interlock at the joints. For these anticipated conditions, it has been an accepted practice to install a nominal reinforcement in the pavement consisting of minimum #3 rebar at 18-inch on-centers to maintain the joint connection. Alternatively an appropriately sized welded wire fabric can also be used."

> "Other standard design and construction details for rigid pavements as contained in ACI 330R-01 'Guide for Design and Construction of Concrete Parking Lots' should be followed in the pavement design and construction process. *It is recommended that the design engineer refer to this document for more detailed information* [emphasis added]. A critical aspect of concrete pavements for facilities of this nature is joint spacing and related details. ACI 330R-01 addresses these important details."

> [Pages 11-12; Section 4.5]

---

[15] URS Drawing C7.0.
[16] Terracon Consultants, Inc., 316 Highland Park Drive, Baton Rouge, Louisiana, 70810; report dated February 9, 2011.

NON-CERTIFIED COPY

The Modulus of Subgrade Reaction was reported as 75 psi/in[17]. My interpretation of ACI 330R-01 Table 2.4 for this case would result in the selection of a 20-year design thickness of 6.5 inches for Traffic Category C (parking areas and interior lanes) and 9.0 inches for Traffic Category D (entrance and exterior lanes). These section depths are consistent with ACI 330R-08 Table 3.4 with the exception that for Category D when dowels are used in transverse joints the thickness can be reduced one inch to 8.0 inches.

The thickness for heavy duty pavement shown on the URS design drawings (see Figure 8) is 7.0 inches[18]. This thickness is consistent with the recommendation made in the geotechnical report. Surface degradation issues aside, in my opinion a 7.0 inch thickness is the proper value for Traffic Category C where equipment is parked or traveling along the interior of the site. However, for the entrance and exterior lanes along the perimeter of the site, i.e., Traffic Category D, the 7.0 inch thickness is less than what is recommended per ACI 330R-01 for heavy types of equipment, including tracked equipment. As indicated earlier, H+E Equipment reportedly told URS to design the pavement surrounding the Service Building in a manner that allowed the movement and parking of all types of equipment anywhere on the pavement.

A review of engineering drawings for the Kenner site also revealed a discrepancy in the definition of the contraction joint[19] depth (see Figure 8). A drawing detail for the contraction joint shows a note stating "Saw-Cut ¼ Slab Thickness" meaning the joint depth should be one-fourth of the slab thickness. The same detail also shows a dimension labeled "¼" Depth of Concrete" which could be interpreted as a depth of ¼ (0.25) inches. The correct depth of a contraction joint should be one-fourth of the slab thickness, or approximately 1.75 inches for a seven-inch thick slab[20]. During my surveys I also measured contraction joint depths at the Kenner site. They were no more than ½ inch deep.

As shown in Figure 7, ACI 330R-01 recommends a 7/8" dowel diameter for a 7" slab thickness. ACI 330R-08 recommends a 1" dowel diameter for a 7" slab thickness. LDOT specifies a dowel diameter of 1-1/4" for a slab thickness of 8"[21]. All three documents require the spacing to be 12 inches. The URS drawing (see Figure 8) shows a #4 smooth bar, meaning a ½" diameter bar, spaced 18 inches on center. This design is notably less in terms of the amount of steel per unit area than what is recommended by ACI and as specified by LDOT. Severe degradation of an expansion joint at the Kenner site (see Figure 4) resulted in exposure of a dowel bar. The exposed dowel bar diameter is ½ inch.

---

[17] Page 10 Section 4.4; the topic pertains to details concerning floor slabs, but is assumed applicable to pavement design.
[18] Terracon issued a letter dated August 5, 2011, stating that a 6-inch thick concrete pavement thickness would be acceptable for standard duty pavement.
[19] The drawing labels this detail as a control joint.
[20] Specification for Unreinforced Concrete Parking Lots ACI 330.1-04 published by the American Concrete Institute.
[21] 8" is the minimum slab thickness cited on the LDOT drawings.

NON-CERTIFIED COPY

The URS drawings state that in regards to "pavement preparation and construction" the recommended specifications from the geotechnical report shall govern. As indicated earlier, the geotechnical report issued for the Kenner site states that the standard design and construction details for rigid pavements as contained in ACI 330R-01 should be followed by URS in the pavement design and construction process. In my opinion URS did not follow the ACI 330R-01 guidelines regarding slab thicknesses for Traffic Category D conditions and for dowel bar details at the Kenner site.

Diagonal cracking was also observed at the intersection of some expansion joints at the Kenner site (see Figure 4). As indicated earlier regarding the Baton Rouge site, per ACI 330R-08 dowels should not be placed closer than 12 in. (300 mm) to a joint intersection to minimize the potential for corner cracking. The presence of corner cracking at some of the expansion joint intersections suggests that improper spacing of dowels near the corners may have occurred. I did not identify a detail or note on the URS drawings indicating a minimum distance from the joint intersection for dowel placement.

NON-CERTIFIED COPY

# Remedies

### Pavement Surface

Exponent conducted a literature review of specialty construction materials for use in applications where heavy industrial and construction equipment is present. This effort resulted in identification of several products from different manufacturers designed to mitigate the abrasive effects of loads imposed by industrial equipment like heavy tracked vehicles on concrete pavements. These products can be used as part of new construction, or as a modification/retrofit method for an existing pavement. The common aspect of these materials is the use of special aggregates and other additives in the mix to provide a surface that has both high abrasion resistance and high overall strength.

Because impacts are expected on concrete pavements with heavy tracked equipment moving across them, providing a higher strength concrete mix alone would not be sufficient to ensure long term durability. As the strength of concrete goes up, its susceptibility to impact damage also increases as the mix becomes more brittle, making it prone to failures such as the failures observed at the H+E Equipment sites. The long-term approach is to provide a malleable, but strong, surface for these types of vehicles to move over. According to the consulted manufacturers, this approach has already proven effective in applications similar to the concrete pavements at the H+E Equipment sites.

Specialty aggregates are often prescribed and supplied by manufacturers of specialty slab finishes. One example is an iron filled aggregate. Along with properly executed curing and finishing techniques, this special aggregate will provide a more resistant surface for the movement of heavy metal tracked equipment. Several manufacturers offer products for this application. Exponent strongly recommends that the ultimate choice of a product be made in conjunction with a manufacturer's technical representative to ensure the product is used in a proper application and to identify appropriate quality measures during the execution.

The cost of applying specialty aggregate toppings, including preparation and application, varies with the manufacturer and selected installer. The manufacturer's technical representative can verify whether any special considerations will need to be given at existing joint locations where these products are to be applied.

NON-CERTIFIED COPY

## Pavement Design

To correct design deficiencies due to insufficient slab thickness, improper placement of distributed steel reinforcement and dowels, and/or improper sizing of dowels will require removal of the affected pavement areas. As stated in ACI 330R-01,

> "The most effective repair method for badly cracked and deteriorated pavement panels is full or partial replacement. It is important to determine and correct the cause of the slab failure before starting repairs. Localized subgrade problems should be corrected. If the pavement panels failed because of heavier than anticipated loads, replacement panels should be thickened to provide additional load-carrying capacity."

[Page 16; Section 6.4]

The presence of heavy track equipment poses a unique challenge to the short- and long-term performance of concrete pavements. In addition to applying a specialty aggregate topping on lanes where tracked equipment is likely to travel, other options for improving the short- and long-term performance of concrete pavements under such conditions include: increasing the design compressive strength; increasing the pavement thickness; and installing metal edge guards along the expansion joints[22]. Dowels should also be designed and installed in accordance with the most recent ACI publications pertaining to concrete pavement design.

---

[22] Examples where edge guards are installed in reinforced concrete include warehouse loading docks, bridge expansion joints, and stairwells.

NON-CERTIFIED COPY

## Findings

My findings presented in this report are made to a reasonable degree of engineering certainty. Based on my on-site surveys, review of architectural and engineering reports, review of photos taken of the subject property, review of emails and other produced documents, and engineering analyses, in my opinion concrete pavements at the Baton Rouge and Kenner sites were not properly designed to account for the degrading effects and high loads imposed by the heavy construction equipment, particularly tracked equipment, operating across the pavements.

My current understanding is that H+E Equipment clearly communicated to the designer the type of equipment that would travel across the pavements. Moreover, representatives of URS reportedly visited the two sites and according to H+E Equipment viewed the equipment, including the heavy metal tracked equipment. Given these understandings, it is my opinion that URS did not exhibit the appropriate standard of care when designing the concrete pavements constructed at the two H+E Equipment sites.

Sufficient information was available to determine loads acting on the concrete pavements, and to design the pavements in a way to withstand these loads and high levels of stress and abrasion acting at or near the concrete surface. In my opinion damage observed on the concrete surfaces could have been controlled and minimized by the use of proper materials selection and implementation during the design phase. Given the pavement design as presented to the owner prior to construction, at a minimum URS should have informed H+E Equipment of the likelihood of near-term progressive damage to the concrete pavement resulting from the movement of tracked vehicles, and that such damage may necessitate periodic replacement of affected pavement sections. To my knowledge URS did not inform H+E Equipment of the likelihood of near-term progressive damage.

In my opinion the concrete pavements at both sites as currently designed are not adequate to perform for their intended use as required by H+E Equipment. Surface degradation is widespread and increasing at both sites. Large cracks have formed beyond the joints, an indication of an insufficient amount of or an improper placement of steel reinforcement. Repairs to the existing pavements will be necessary to allow for extensive use of heavy equipment over these paved areas during the 20-year design life without inducing the same level and extent of damage.

Steps can be taken to extend the life of concrete pavements including the application of specialty aggregate toppings; increasing the design compressive strength; increasing the pavement thickness; increasing the dowel bar sizes; and installing metal edge guards along the expansion joints.

1306663.001 7845

16

NON-CERTIFIED COPY



Aerial View (Source: Google Earth™)

| Looking West Beyond South Entryway | Looking East Toward the Branch Building |

Figure 1.  Various Perspectives of Baton Rouge Site.

NON-CERTIFIED COPY



Figure 2.  Various Perspectives of Kenner Site.

NON-CERTIFIED COPY



Figure 3.  Concrete Pavement at Baton Rouge Site (source: Exponent).

NON-CERTIFIED COPY



12 August 2014

12 August 2014

12 August 2014

12 August 2014

12 August 2014

12 August 2014

Figure 3.  (Continued)

NON-CERTIFIED COPY



Figure 3.  (Continued)

NON-CERTIFIED COPY



Figure 4.  Concrete Pavement at Kenner Site (source: Exponent).

NON-CERTIFIED COPY



13 August 2014

13 August 2014

13 August 2014

13 August 2014

13 August 2014

13 August 2014

Figure 4.  (Continued)

NON-CERTIFIED COPY



Figure 4.  (Continued)

NON-CERTIFIED COPY



Figure 5.  Pavement Details and Note for Baton Rouge Site
(Source: URS Drawings C-501 and C-509).

NON-CERTIFIED COPY



Figure 6.  Designated Area for Heavy Duty Pavement at Baton Rouge Site
(Source: URS Drawings C-302 and C-305).

NON-CERTIFIED COPY

**Table 2.6—Dowel size[*]**

| Slab depth, in. (mm) | Dowel diameter, in. (mm) | Dowel embedment, in. (mm)[†] | Total dowel length, in. (mm)[‡] |
|---|---|---|---|
| 5 (125) | 5/8 (16) | 5 (125) | 12 (300) |
| 6 (150) | 3/4 (19) | 6 (150) | 14 (360) |
| 7 (180) | 7/8 (22) | 6 (150) | 14 (360) |
| 8 (200) | 1 (25) | 6 (150) | 14 (360) |
| 9 (230) | 1-1/8 (29) | 7 (180) | 16 (400) |

[*]All dowels spaced at 12 in. (300 mm) centers.
[†]On each side of joint.
[‡]Allowance made for joint openings and for minor errors in positioning dowels.

ACI 330R-01

**Table 3.6—Sizes of smooth, round dowels[*]**

| Slab thickness, in. (mm) | Dowel diameter, in. (mm) |
|---|---|
| 7 (180) | 1 (25) |
| 8 (200) | 1-1/4 (32) |
| 9 (230) | 1-1/4 (32) |

[*]All dowels spaced at 12 in. (300 mm) centers, with minimum total length of 14 in. (360 mm) and minimum embedment length of 6 in. (150 mm) on each side of joint, with allowance made for joint openings and for minor errors in positioning dowels.

ACI 330R-08

**TABLE 1**
(ALL DIMENSIONS ARE IN INCHES)

| PAVEMENT THICKNESS "T" | DOWEL BARS ⊕ | | | MINIMUM DEPTH OF JOINT | |
|---|---|---|---|---|---|
| | SIZE | LENGTH | SPACING | Ⓑ C.J. & D.J. | Ⓒ L.J. |
| 6 | 1 | 18 | 12 | 2 | 2 |
| 8 | 1 1/4 | 18 | 12 | 3 | 3 |
| 9 | 1 1/4 | 18 | 12 | 3 | 3 1/2 |
| 10 | 1 1/4 | 18 | 12 | 3 1/2 | 4 |

Parish of East Baton Rouge

**TABLE I**
(ALL DIMENSIONS ARE IN INCHES)

| PAVEMENT THICKNESS "T" | SMOOTH DOWEL BARS ⊗ | | | DEF. TIE BARS Ⓑ | | | KEYWAY ⊙ | |
|---|---|---|---|---|---|---|---|---|
| | SIZE | LENGTH | SPACING | SIZE | LENGTH | SPACING | d | d/2 |
| 8 | 1¼ | 18 | 12 | ½ | 24 | 24 | 2½ | 1¼ |
| 9 | 1¼ | 18 | 12 | ½ | 24 | 24 | 2½ | 1¼ |
| 10 | 1¼ | 18 | 12 | ½ | 24 | 24 | 2½ | 1¼ |
| 11 | 1½ | 18 | 12 | ⅝ | 30 | 24 | 2½ | 1¼ |
| 12 | 1½ | 18 | 12 | ⅝ | 30 | 24 | 3 | 1¼ |
| 13 | 1½ | 18 | 12 | ⅝ | 30 | 24 | 3 | 1¼ |
| 14 | 1½ | 18 | 12 | ⅝ | 30 | 24 | 3 | 1¼ |

LDOT

Figure 7.  Dowel Sizing and Spacing Requirements.

NON-CERTIFIED COPY



Figure 8.  Pavement Details and Note for Kenner Site
(Source: URS Drawing C7.0).

NON-CERTIFIED COPY

**Appendix A**

**Curriculum Vita of Dr. James R. Bailey, Ph.D., P.E.**

NON-CERTIFIED COPY

E$^x$ponent®

*Failure Analysis Associates®*

Exponent
10850 Richmond Avenue
Suite 175
Houston, TX 77042

telephone 832-325-5700
facsimile 832-325-5799
www.exponent.com

**James R. (Bob) Bailey, Ph.D., P.E., F. ASCE**
**Senior Managing Engineer**
**Houston Office Director**

**Professional Profile**

Dr. James R. (Bob) Bailey is a licensed Professional Engineer in nine states and a Fellow of the American Society of Civil Engineers. For over 30 years, Dr. Bailey has served as a technical consultant, project manager, and researcher for private industry, universities, and government. As a Senior Managing Engineer in Exponent's Building & Structures practice, he brings specialized expertise to areas related to civil engineering; including wind engineering, construction materials, solid mechanics, dynamics, numerical analysis, structural analysis and design, and materials testing.

Dr. Bailey's primary area of expertise is determining the risk exposure of residential, commercial, and industrial properties to hazards associated with hurricanes, tornadoes, and flooding. He has conducted hurricane risk assessments and developed mitigation programs for various types of health, industrial, educational, and offshore energy facilities. Over the years he has surveyed and documented storm damage in the aftermath of numerous storm event, including hurricanes Irene (1999), Charley (2004), Francis (2004), Katrina (2005), Rita (2005), Wilma (2005), Ike (2008), and Sandy (2012), Tropical Storm Allison (2001), the Oklahoma City Tornado (1999), and the April-May 2011 Tornado Outbreak. He has investigated numerous building envelope systems, and has conducted investigations of both steep and low-slope roofing systems for damage caused by hail, wind, and construction errors. In 2011 he directed analysis of the storm surge risk posed to the South Texas Project Electric Generating Station using advanced hydrodynamic modeling techniques.

Dr. Bailey's past work at ExxonMobil included wind load analyses on drilling, semi-submersible, and floating, production, storage, and offloading (FPSO) structures; developing conceptual designs of gravity-based structures for arctic offshore environments; and conducting research and teaching classes on well cementing. He also has expertise in the area of well completions and workovers. Dr. Bailey has served as a lecturer in the private sector and at the university level on subjects related to civil and petroleum engineering. He also has been responsible for the design of test facilities and the development of test programs related to construction and energy. Dr. Bailey is currently the Presiding Officer of a five member expert panel, appointed by the Texas Department of Insurance in 2013, whose purpose is to develop ways of determining whether a loss to TWIA-insured property was caused by wind, waves, or tidal surges. He is also a member of the ASCE 7-16 Wind Load Subcommittee. He is past Chair of the ASCE Petrochemical Wind Load Task Committee, and served on an API 4F sub-committee assigned to revise specifications and guidelines for determining wind loads on onshore and offshore drilling structures.

30

NON-CERTIFIED COPY

**Academic Credentials and Professional Honors**

Ph.D., Civil Engineering, Texas Tech University, 1989
M.S., Civil Engineering, Texas Tech University, 1984
B.S., Civil Engineering, Texas Tech University, 1982

American Society of Civil Engineers (ASCE)
American Petroleum Institute (API) Spec 4F Wind Engineering Subcommittee
ASCE Wind Loads on Petrochemical Structures Task Committee
ASCE 7-16 Wind Load Subcommittee
Texas Tech University Civil Engineering Advisory Council (2007–2012)

Recipient of the Stephen D. Bechtel, Jr. Energy Award from ASCE (2016)

**Licenses and Certificates**

Professional Engineer, State of Florida, #67773
Professional Engineer, State of Georgia, #PE033027
Professional Engineer, State of Hawaii, #12820
Professional Engineer, State of Louisiana, #33830
Professional Engineer, State of Mississippi, #26488
Professional Engineer, State of South Carolina, #26408
Professional Engineer, State of Tennessee, #114185
Professional Engineer, State of Texas, #74911
Professional Engineer, State of Wisconsin, #42337-6

**Publications and Reports**

Bailey JR, Shrestha PL, et al.  Analysis of maximum probable storm surge at the South Texas Project site.  Proceedings, ASCE EWRI Conference, Seattle, WA, June 2014.

Bailey, JR.  Hurricane risk assessment of a planned carbon capture facility located in Southeast Texas operated by NRG Energy, Inc., Report prepared for a California-based risk management company, February 2014.

Bailey, JR.  Hurricane risk assessments of five electrical power plants located in the Caribbean and Hawaii operated by the AES Corporation, Report prepared for a California-based risk management company, November 2012.

Bailey JR.  Feasibility study of an Alaskan LNG plant.  Report prepared for an Asian-based consortium of companies, March 2012.

Bailey JR, et al.  Wind loads for petrochemical and other industrial facilities.  American Society of Civil Engineers, September 2011.

James R. Bailey, Ph.D., P.E.
07/16

31

NON-CERTIFIED COPY

Bailey, JR.  Hurricane risk assessment of two wind farms located in South Texas operated by EoN Climate and Renewable.  Report prepared for a California-based risk management company, June 2011.

Bailey JR.  Wind risk assessment of the ThyssenKrupp steel plant located in Mississippi.  Report prepared for a California-based risk management company, November 2010.

Bailey JR, Cantor R, et al.  An approach to business vulnerability and risk assessments related to climate change.  SPE International Conference on Health, Safety & Environment, Rio de Janeiro, Brazil, April 2010.

Bailey JR.  A hurricane risk assessment and mitigation plan for CHRISTUS hospitals located in Texas and Louisiana.  Report prepared for CHRISTUS Health, July 2009.

Bailey JR.  Study of Major Revenue Interruption Risks in the Gulf of Mexico.  Report prepared for a major oil and gas operator headquartered in the United States, July 2009.

Bailey JR, Gilbert RT, et al.  Wind load considerations for existing petrochemical structures.  Structures Congress, American Society of Civil Engineers (ASCE), Austin, TX, May 2009.

Bailey JR, Levitan ML. Lessons learned and mitigation options for hurricanes.  Process Safety Progress, American Institute of Chemical Engineers (AIChE), 2008.

Bailey JR.  Finding the breaking point.  Report documenting window performance following the 2004 Florida hurricanes.  Prepared in conjunction with the Protecting People First Foundation, Wickford, RI, April 2005.

Bailey JR.  Flood hazard assessment of critical NASA assets at the Johnson Space Center.  Report prepared for NASA management by ABS Consulting, July 2004.

Bailey JR.  Wind hazard assessment of critical NASA assets at the Johnson Space Center.  Report prepared for NASA management by ABS Consulting, February 2001.

Bailey JR.  Vulnerability assessment of Harris County to hurricane winds.  Report prepared for the Harris County Commissioners Court by EQE International, June 2000.

Bailey JR.  Wind and flood hazard assessment of Critical NASA assets at the Kennedy Space Center.  Report prepared for NASA management by EQE International, June 2000.

Bailey JR, Vallabahn CVG, et al.  Experimental verification of the theoretical solution of laminated glass units.  Proceedings, Advanced Composites Materials in Civil Engineering Structures Materials Division, American Society of Civil Engineers, Las Vegas, NV, 1991 (paper awarded Best of Session, Spring 1991, by the Texas Section of the American Society of Civil Engineers).

NON-CERTIFIED COPY

Bailey JR, Minor JE.  Structural glazing tests show wind pressure effects.  Glass Digest 1989 Oct; 68–76.

Bailey JR, Minor JE, Tock RW.  Response of structurally glazed insulating glass units to wind pressures," Proceedings, 6[th] U.S. Conference on Wind Engineering, Houston, TX, March 8–10, 1989.

Bailey JR, McDonald JR.  Impact Resistance of masonry walls to tornado-generated missiles.  Proceedings, 3rd North American Masonry Conference, Arlington, TX, June 3–5.

**Presentations**

Bailey JR, Shrestha PL, et al.  Analysis of maximum probable storm surge at the South Texas Project site.  ASCE EWRI Conference, Seattle, WA, June 2014.

Bailey JR.  Presentation of evidence—How to keep the jury interested.  Cooper & Scully 8th Annual Construction Symposium, Dallas, TX, February 1, 2013.

Bailey JR.  Winds and rain a-comin—Hurricanes, structures and potential risks.  Texas Association of Defense Council, Spring Meeting, Santa Fe, NM, April 27, 2012.

Bailey JR.  Preparing for the worst—Is the nation prepared for natural disasters?  American Bar Association Tort Trial & Insurance Practice Section Spring Leadership Meeting, Charleston, SC, May 17, 2012.

Bailey JR.  Probable maximum surge and seiche flooding at a coastal nuclear power plant located in the United States, Advisory Committee on Reactor Safeguards (ACRS), Nuclear Regulatory Commission, Rockville, MD, November 30, 2010.

Bailey JR, Griffith M.  Natural hazard risk assessment and mitigation for nuclear facilities.  WebEx presentation, March 2, 2010.

Bailey JR.  Lessons learned and mitigation options for hurricanes.  Spring National Meeting, American Institute of Chemical Engineers (AIChE), April 2008.

Bailey JR.  Vulnerability of industrial facilities.  Reinsurance Association of America Cat Modeling 2006 Conference, Tampa, FL, February 23, 2006.

Bailey JR.  Safe haven considerations at industrial sites.  The Private Industry Workshop, National Hurricane Conference, New Orleans, LA, March 22, 2005.

Bailey JR.  Finding the breaking point.  International Code Council, Tampa, FL, February 12, 2005.

Bailey JR.  Identifying protective areas for people in buildings.  International Conference on Wind Engineering, Texas Tech University, June 2, 2003.

NON-CERTIFIED COPY

Bailey JR.  Assessment of extreme wind effects on industrial facilities.  The Private Industry Workshop, National Hurricane Conference, New Orleans, LA, April 17, 2003.

Bailey JR.  Assessing the impacts of hurricanes and earthquakes.  Association for Facilities Engineering Conference, Las Vegas, NV, September 25, 2001.

Bailey JR.  Using Digital Physics™ to calculate wind loads on structures.  ASCE Structures Conference, Washington, DC, May 2001.

Bailey JR.  Don't let your critical assets blow away.  Houston Chapter of the Risk and Insurance Management Society (RIMS), October 18, 2000.

Bailey JR.  Impact resistance of wood products subjected to simulated tornado missiles. International Timber Engineering Conference, Seattle, WA, 1988.

## Patents

Patent No. 5,309,995:  Well Treatment Using Ball Sealers, issued May 10, 1994.

Patent No. 5,485,882: Low-density Ball Sealer for Use as a Diverting Agent in Hostile Environment Wells, issued January 23, 1996.

Patent No. 5,582,251:  Downhole Mixer, issued December 19, 1996.

### Prior Professional Experience

- Manager, Extreme Loads and Structural Risk Division, ABS Consulting (formerly EQE International), 2004–2006
- Senior Project Engineer, Extreme Loads and Structural Risk Division, ABS Consulting (formerly EQE International), 2001–2004
- Project Engineer, Extreme Loads and Structural Risk Division, ABS Consulting (formerly EQE International), 1998–2001
- Engineering Specialist, Offshore Division, ExxonMobil Upstream Research Center (formerly Exxon Production Research Company), 1994–1998
- Senior Project Engineer, Drilling and Completions Division, ExxonMobil Upstream Research Center (formerly Exxon Production Research Company), 1992–1994
- Project Engineer, Drilling and Completions Division, ExxonMobil Upstream Research Center (formerly Exxon Production Research Company), 1990–1992
- Lecturer and Research Associate, Civil Engineering Department, Texas Tech University, 1989–1990

Ex™

NON-CERTIFIED COPY

**Civil Case Experience**

Deposition – INEOS USA L.L.C., v. BP Products North America, Inc., American Arbitration Association, No. 13 158 Y 01929 06, Houston, TX, November 2008.

Deposition – GG&A Central Mall Partners, L.P., Dillard's, Inc., Dillard Texas, LLC, and Dillard Texas Operating Limited Partnership, v. Duro-Last, Inc., Jaco Construction, Inc., and Schrader Roofing, Inc, District Court of Jefferson County, Texas, 58th Judicial District, January 2010.

Testimony – Appraisal Hearing, Beechnut Village Shopping Center v. Nationwide Insurance Co., Judge John Coselli – Umpire, appointed by Judge Gray Miller, United States District Judge, Southern District of Texas, University of Houston Law School, Houston, Texas, December 2010.

Expert Witness Statement – Canadian Natural Resources Limited and Highwood Limited v. Oil Insurance Limited, submitted to the Board of Arbitration under the provisions of the Arbitration Act of 1996, London, England, March 2011.

Testimony – Appraisal Hearing, Cause No; 1:11-cv-00207; Timothy Nolan and Ermelinda Nolan v. GeoVera Specialty Insurance Company, Donald Summey and James Perfetti; Judge James W. Mehaffy – Umpire, appointed by Magistrate Judge Keith F. Giblin, United States District Court for the Eastern District of Texas, Beaumont Division, Houston, Texas, September 2012.

Deposition – David S. Gronik, Jr. and Mary K. Gronik, S.C.G., M.A.G., David S. Gronik, Jr. Living Trust, Opio Boat Moon, LLC, Plaintiffs, v. Susan Balthasar and Susan M. Balthasar, as Personal Representative of The Estate of Norman J. Balthasar, Defendants; and Shorewest Realtors, Inc., Continental Casualty Company, and Anne Schwartz, Third-Party Defendants, and Opio Boat Moon, LLC, and David S. Gronik, Jr., Plaintiffs, Chubb Indemnity Insurance Company, Defendant, United States District Court for The Eastern District Of Wisconsin, November 2012.

Deposition – Jerome S. Tannenbaum and Deborah M. Tannenbaum, v. Federal Insurance Company, United States District Court for the Middle District of Tennessee, Nashville Division, February 2013.

Testimony – Jerome S. Tannenbaum and Deborah M. Tannenbaum, v. Federal Insurance Company, United States District Court for the Middle District of Tennessee, Nashville Division, November 2013.

Deposition – Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corp., v. Ocean Prospector and Plant Recovery Company, United States District Court, Southern District of Texas, Galveston Division, September 2014.

NON-CERTIFIED COPY

Deposition – Northrop Grumman Corporation, vs. AON Risk Insurance Services West, Inc., Superior Court of the State of California, County of Los Angeles, May 2015.

Deposition – Edie Housel, et al, v. The Home Depot U.S.A., Inc., et al, United States District Court for the Western District of Missouri, Southwestern Division, February 2016.

Deposition – Metro Hospitality Partners, LTD., d/b/a Crowne Plaza Hotel, v. Lexington Insurance Company,   United States District Court, Southern District of Texas, Houston Division, June 2016.

**Consulting and Testimony Billing Rate**

Two hundred ninety dollars per hour (calendar year 2016).

NON-CERTIFIED COPY

**Appendix B**

**Documents Reviewed**

NON-CERTIFIED COPY

| Name | Date modified | Type | Size |
|------|---------------|------|------|
| C-302.pdf | 7/7/2011 10:37 AM | Adobe Acrobat D... | 880 KB |
| C-304.pdf | 7/7/2011 10:37 AM | Adobe Acrobat D... | 548 KB |
| C-305.pdf | 7/7/2011 10:37 AM | Adobe Acrobat D... | 716 KB |
| C-306.pdf | 7/7/2011 10:37 AM | Adobe Acrobat D... | 2,784 KB |
| C-307.pdf | 7/7/2011 10:37 AM | Adobe Acrobat D... | 864 KB |
| H + E Belle Chasse Bid Set 5-22-12.pdf | 5/31/2012 12:42 PM | Adobe Acrobat D... | 32,517 KB |
| Concrete Specs for Baton Rouge Site.pdf | 9/12/2014 4:53 PM | Adobe Acrobat D... | 122 KB |
| Pavement Spec for Baton Rouge Site.pdf | 9/12/2014 4:50 PM | Adobe Acrobat D... | 72 KB |
| 2013-11-20 H&E Petition and First Set of Discovery to Defendants.PDF | 4/3/2014 5:24 PM | Adobe Acrobat D... | 2,322 KB |
| 2014-2-19 H&E Answer and Affirmative Defenses to URS Reconventional Demand.pdf | 4/3/2014 5:27 PM | Adobe Acrobat D... | 157 KB |
| 2015-03-27 H&E's Motion to Compel.pdf | 3/27/2015 3:24 PM | Adobe Acrobat D... | 1,911 KB |
| 2015-08-24 H&E's Opposition to Defendants Motion for Partial Summary Judgment.pdf | 2/1/2016 12:49 PM | Adobe Acrobat D... | 1,736 KB |
| Baton Rouge Project Change Orders.xls | 7/16/2014 6:47 PM | Microsoft Excel 97... | 60 KB |
| H&E Belle Chasse COP Log.xls | 7/16/2014 6:47 PM | Microsoft Excel 97... | 138 KB |
| Kenner Project Change Orders 08-2013.xlsx | 7/16/2014 6:47 PM | Microsoft Excel W... | 13 KB |
| URS 31020-93130.pdf | 6/27/2016 10:35 AM | Adobe Acrobat D... | 328,781 KB |
| 502-01_Concrete_Pavement_Details.pdf | 6/24/2016 2:54 PM | Adobe Acrobat D... | 348 KB |
| 52079 - PM RFI Log - MAPP.pdf | 7/12/2016 10:09 AM | Adobe Acrobat D... | 165 KB |
| CP-01 (1 of 3).pdf | 6/24/2016 2:24 PM | Adobe Acrobat D... | 456 KB |
| CP-01 (2 of 3).pdf | 6/24/2016 2:24 PM | Adobe Acrobat D... | 487 KB |
| CP-01 (3 of 3).pdf | 6/24/2016 2:24 PM | Adobe Acrobat D... | 575 KB |
| H & E 0000211-0000259.pdf | 6/24/2016 2:55 PM | Adobe Acrobat D... | 8,076 KB |
| Ardaman report re Baton Rouge Detention Pond.msg | 7/5/2016 11:41 AM | Outlook Item | 3,653 KB |
| Ardaman proposal Baton Rouge.msg | 7/5/2016 11:41 AM | Outlook Item | 1,287 KB |
| Baton Rouge GeoTech Report.pdf | 7/27/2016 6:31 PM | Adobe Acrobat D... | 7,849 KB |
| Email re Density testing Baton Rouge.msg | 7/5/2016 11:41 AM | Outlook Item | 376 KB |
| Request for additional geotech work in BR.msg | 7/5/2016 11:41 AM | Outlook Item | 202 KB |
| Email re pest pour testing Kenner.msg | 7/5/2016 11:49 AM | Outlook Item | 461 KB |
| Kenner GeoTech Report.pdf | 7/5/2016 11:46 AM | Adobe Acrobat D... | 8,272 KB |
| Kenner Geotech Scope letter.msg | 7/5/2016 11:49 AM | Outlook Item | 2,059 KB |
| Revision to Kenner Geotech Report.msg | 7/5/2016 11:49 AM | Outlook Item | 513 KB |
| H & E 0000211-0000259.pdf | 7/26/2016 10:27 AM | Adobe Acrobat D... | 8,076 KB |
| H & E 0022314.pdf | 7/26/2016 10:28 AM | Adobe Acrobat D... | 4,151 KB |
| H&E 0005228_.pdf | 7/26/2016 10:28 AM | Adobe Acrobat D... | 617 KB |
| HE0005154.pdf | 7/26/2016 10:28 AM | Adobe Acrobat D... | 124 KB |
| HE0005155.pdf | 7/26/2016 10:28 AM | Adobe Acrobat D... | 433 KB |
| HE0005163_VOL001.pdf | 7/26/2016 10:28 AM | Adobe Acrobat D... | 102 KB |
| HE0006815_VOL001.pdf | 7/26/2016 10:19 AM | Adobe Acrobat D... | 553 KB |
| URS 033308.pdf | 7/26/2016 10:20 AM | Adobe Acrobat D... | 9,562 KB |
| URS 038807.pdf | 7/26/2016 10:22 AM | Adobe Acrobat D... | 874 KB |
| URS 039466.pdf | 7/26/2016 10:24 AM | Adobe Acrobat D... | 16,555 KB |
| URS 087952.pdf | 7/26/2016 10:25 AM | Adobe Acrobat D... | 743 KB |
| URS040311_image.pdf | 7/26/2016 10:25 AM | Adobe Acrobat D... | 180 KB |
| URS040655_image_.pdf | 7/26/2016 10:26 AM | Adobe Acrobat D... | 637 KB |
| URS049986_image.pdf | 7/26/2016 10:27 AM | Adobe Acrobat D... | 765 KB |

NON-CERTIFIED COPY

| File | Date | Type | Size |
|---|---|---|---|
| H&E 0003840.pdf | 7/26/2016 10:44 AM | Adobe Acrobat D... | 2,572 KB |
| H&E 0004244.pdf | 7/26/2016 10:47 AM | Adobe Acrobat D... | 1,996 KB |
| H&E 0013874.pdf | 7/27/2016 2:06 PM | Adobe Acrobat D... | 318 KB |
| H&E 0013938.pdf | 7/26/2016 10:49 AM | Adobe Acrobat D... | 849 KB |
| H&E 0063316.pdf | 7/26/2016 10:51 AM | Adobe Acrobat D... | 268 KB |
| H&E 0063319.pdf | 7/26/2016 10:52 AM | Adobe Acrobat D... | 350 KB |
| H&E 0064597.pdf | 7/26/2016 10:53 AM | Adobe Acrobat D... | 2,929 KB |
| H&E 0065372.pdf | 7/26/2016 10:55 AM | Adobe Acrobat D... | 8,306 KB |
| URS 021731.pdf | 7/26/2016 10:57 AM | Adobe Acrobat D... | 2,400 KB |
| URS 033145.pdf | 7/26/2016 10:58 AM | Adobe Acrobat D... | 21,048 KB |
| URS 039163.pdf | 7/26/2016 11:00 AM | Adobe Acrobat D... | 271 KB |
| URS 055534.pdf | 7/26/2016 11:00 AM | Adobe Acrobat D... | 2,391 KB |
| URS 059506.pdf | 7/26/2016 11:01 AM | Adobe Acrobat D... | 150 KB |
| URS 066299.pdf | 7/26/2016 11:01 AM | Adobe Acrobat D... | 10,649 KB |
| URS 066657.pdf | 7/26/2016 10:33 AM | Adobe Acrobat D... | 2,228 KB |
| URS 066704.pdf | 7/26/2016 10:36 AM | Adobe Acrobat D... | 2,363 KB |
| URS 066880.pdf | 7/26/2016 10:39 AM | Adobe Acrobat D... | 5,059 KB |
| URS 066908.pdf | 7/26/2016 10:41 AM | Adobe Acrobat D... | 229 KB |
| URS 0336067.pdf | 7/26/2016 10:42 AM | Adobe Acrobat D... | 2,765 KB |
| 201308131356a.pdf | 8/11/2014 2:11 PM | Adobe Acrobat D... | 388 KB |
| 201308131356b.pdf | 8/11/2014 2:11 PM | Adobe Acrobat D... | 34 KB |
| 201308131356c.pdf | 8/11/2014 2:11 PM | Adobe Acrobat D... | 167 KB |
| 201309241548.pdf | 9/24/2013 3:54 PM | Adobe Acrobat D... | 2,680 KB |
| Baton Rouge Project Change Orders.xls | 8/11/2014 2:11 PM | Microsoft Excel 97... | 60 KB |
| C 5.0 REVISED per RFI 426 .pdf | 9/25/2013 10:00 AM | Adobe Acrobat D... | 745 KB |
| C1.0 site plan.pdf | 9/25/2013 10:00 AM | Adobe Acrobat D... | 293 KB |
| C2.0 Demolition plan.pdf | 9/25/2013 10:00 AM | Adobe Acrobat D... | 367 KB |
| C3.0 Geometric plan.pdf | 9/25/2013 10:00 AM | Adobe Acrobat D... | 363 KB |
| C3.1 Joint layout plan.pdf | 9/25/2013 10:00 AM | Adobe Acrobat D... | 236 KB |
| C4.0 drainage plan.pdf | 9/25/2013 10:00 AM | Adobe Acrobat D... | 937 KB |
| C5.0 grading plan.pdf | 9/25/2013 10:00 AM | Adobe Acrobat D... | 317 KB |
| C6.0 Utility plan.pdf | 9/25/2013 10:00 AM | Adobe Acrobat D... | 340 KB |
| C7.0 details.pdf | 9/25/2013 10:00 AM | Adobe Acrobat D... | 926 KB |
| C8.0 FENCE details.pdf | 9/25/2013 10:00 AM | Adobe Acrobat D... | 56 KB |
| C9.0 FENCE details 2.pdf | 9/25/2013 10:00 AM | Adobe Acrobat D... | 770 KB |
| C-101.pdf | 10/1/2013 12:59 PM | Adobe Acrobat D... | 390 KB |
| C-102.pdf | 10/1/2013 12:59 PM | Adobe Acrobat D... | 818 KB |
| C-201.pdf | 10/1/2013 12:59 PM | Adobe Acrobat D... | 523 KB |
| C-202.pdf | 10/1/2013 12:59 PM | Adobe Acrobat D... | 666 KB |
| C-203.pdf | 10/1/2013 12:59 PM | Adobe Acrobat D... | 601 KB |
| C-204.pdf | 10/1/2013 12:59 PM | Adobe Acrobat D... | 371 KB |
| C-205.pdf | 10/1/2013 12:59 PM | Adobe Acrobat D... | 354 KB |
| C-206.pdf | 10/1/2013 12:59 PM | Adobe Acrobat D... | 308 KB |
| C-405.pdf | 7/7/2011 10:40 AM | Adobe Acrobat D... | 449 KB |
| C-406.pdf | 7/7/2011 10:40 AM | Adobe Acrobat D... | 2,577 KB |
| C-407.pdf | 7/7/2011 10:40 AM | Adobe Acrobat D... | 709 KB |
| C-501.pdf | 7/7/2011 10:40 AM | Adobe Acrobat D... | 670 KB |
| C-502.pdf | 7/7/2011 10:40 AM | Adobe Acrobat D... | 651 KB |
| C-503.pdf | 7/7/2011 10:40 AM | Adobe Acrobat D... | 806 KB |
| C-504.pdf | 7/7/2011 10:40 AM | Adobe Acrobat D... | 492 KB |
| C-505.pdf | 7/7/2011 10:40 AM | Adobe Acrobat D... | 558 KB |
| C-506.pdf | 7/7/2011 10:40 AM | Adobe Acrobat D... | 591 KB |
| C-507.pdf | 7/7/2011 10:40 AM | Adobe Acrobat D... | 407 KB |
| C-508.pdf | 7/7/2011 10:40 AM | Adobe Acrobat D... | 922 KB |
| C-509.pdf | 7/7/2011 10:40 AM | Adobe Acrobat D... | 779 KB |

NON-CERTIFIED COPY

| | | | | |
|---|---|---|---|---|
| Cement Concrete Pavement - Kenner, LA.PDF | 9/17/2013 4:36 PM | Adobe Acrobat D... | 1,699 KB |
| Concrete Work - Headquarters and Branch Buildings.pdf | 9/17/2013 4:36 PM | Adobe Acrobat D... | 1,305 KB |
| Crane Remanufacturing Center Relocation - Belle Chasse, LA.PDF | 9/17/2013 4:35 PM | Adobe Acrobat D... | 1,305 KB |
| G-001.pdf | 7/5/2013 10:29 AM | Adobe Acrobat D... | 1,968 KB |
| G-002.pdf | 7/5/2013 10:33 AM | Adobe Acrobat D... | 1,536 KB |
| H&E Belle Chasse COP Log.xls | 8/11/2014 2:11 PM | Microsoft Excel 97... | 138 KB |
| H+E Kenner G-001.pdf | 9/25/2013 10:00 AM | Adobe Acrobat D... | 7,512 KB |
| Kenner Project Change Orders 08-2013.xlsx | 8/11/2014 2:11 PM | Microsoft Excel W... | 13 KB |
| Missing Page Request_02751.pdf | 9/25/2013 5:45 PM | Adobe Acrobat D... | 1,104 KB |
| Missing Page Request_03300.pdf | 9/25/2013 5:46 PM | Adobe Acrobat D... | 190 KB |
| S100.pdf | 3/27/2013 11:49 AM | Adobe Acrobat D... | 920 KB |
| S110.pdf | 3/27/2013 11:58 AM | Adobe Acrobat D... | 853 KB |
| S200.pdf | 11/15/2011 10:41 ... | Adobe Acrobat D... | 1,315 KB |
| S210.pdf | 11/15/2011 10:41 ... | Adobe Acrobat D... | 704 KB |
| S220.pdf | 11/15/2011 10:41 ... | Adobe Acrobat D... | 843 KB |
| S300.pdf | 3/27/2013 12:09 PM | Adobe Acrobat D... | 1,890 KB |
| S310.pdf | 11/15/2011 10:41 ... | Adobe Acrobat D... | 744 KB |
| S320.pdf | 11/15/2011 10:41 ... | Adobe Acrobat D... | 672 KB |
| S400.pdf | 11/15/2011 10:41 ... | Adobe Acrobat D... | 760 KB |
| S410.pdf | 11/15/2011 10:41 ... | Adobe Acrobat D... | 538 KB |
| S420.pdf | 11/15/2011 10:41 ... | Adobe Acrobat D... | 573 KB |
| S430.pdf | 11/15/2011 10:41 ... | Adobe Acrobat D... | 714 KB |
| alum_nosing_a_b-1.gif | 10/2/2014 2:32 PM | GIF image | 2 KB |
| alum_nosing_a_b-1sp.gif | 10/2/2014 2:32 PM | GIF image | 2 KB |
| alum_nosing_a_b-5.gif | 10/2/2014 2:32 PM | GIF image | 2 KB |
| alum_nosing_a_b-16a.gif | 10/2/2014 2:32 PM | GIF image | 2 KB |
| alum_nosing_a_b-31a.gif | 10/2/2014 2:32 PM | GIF image | 2 KB |
| anchoring.gif | 10/2/2014 2:32 PM | GIF image | 29 KB |
| b-3.jpg | 10/2/2014 2:32 PM | JPEG image | 3 KB |
| back_to_top.jpg | 10/2/2014 2:32 PM | JPEG image | 2 KB |
| backs.gif | 10/2/2014 2:32 PM | GIF image | 15 KB |
| bemy.css | 10/2/2014 2:32 PM | Cascading Style S... | 7 KB |
| button_cad.gif | 10/2/2014 2:32 PM | GIF image | 1 KB |
| button_dwg.gif | 10/2/2014 2:32 PM | GIF image | 1 KB |
| cast_iron_b-16.jpg | 10/2/2014 2:32 PM | JPEG image | 16 KB |
| cast_iron_cast_aluminum.jpg | 10/2/2014 2:32 PM | JPEG image | 21 KB |
| curb_bar_cb-15a.gif | 10/2/2014 2:32 PM | GIF image | 5 KB |
| curb_bar_cb-25a.gif | 10/2/2014 2:32 PM | GIF image | 5 KB |
| noses.gif | 10/2/2014 2:32 PM | GIF image | 15 KB |
| nosings_b-1.gif | 10/2/2014 2:32 PM | GIF image | 2 KB |
| nosings_b-1sp.gif | 10/2/2014 2:32 PM | GIF image | 3 KB |
| nosings_b-2.gif | 10/2/2014 2:32 PM | GIF image | 3 KB |
| nosings_b-16.gif | 10/2/2014 2:32 PM | GIF image | 3 KB |
| nosings_b-16a.gif | 10/2/2014 2:32 PM | GIF image | 3 KB |
| nosings_b-100.gif | 10/2/2014 2:32 PM | GIF image | 3 KB |
| nosings_b-110.gif | 10/2/2014 2:32 PM | GIF image | 2 KB |
| nosings_b-120.gif | 10/2/2014 2:32 PM | GIF image | 3 KB |
| pic_products.jpg | 10/2/2014 2:32 PM | JPEG image | 37 KB |
| CAT - Success Story.pdf | 10/21/2013 1:53 PM | Adobe Acrobat D... | 223 KB |
| CAT Aurora, IL Projects II.ppt | 10/24/2013 7:51 PM | Microsoft PowerP... | 9,556 KB |
| CAT Project References.pdf | 10/21/2013 1:58 PM | Adobe Acrobat D... | 89 KB |
| IMG_0894.MOV | 10/25/2013 6:36 AM | QuickTime Movie | 724 KB |
| Kobelco - Success Story.pdf | 10/21/2013 1:56 PM | Adobe Acrobat D... | 131 KB |
| 123header.jpg | 10/2/2014 3:04 PM | JPEG image | 5 KB |
| Grey-Diamond-Plate.jpg | 10/2/2014 3:04 PM | JPEG image | 18 KB |
| Grey-Diamond-Plate_LIGHT.jpg | 10/2/2014 3:04 PM | JPEG image | 4 KB |
| LINE_2.gif | 10/2/2014 3:04 PM | GIF image | 1 KB |
| logo_non_ani.jpg | 10/2/2014 3:04 PM | JPEG image | 6 KB |
| redbut.jpg | 10/2/2014 3:04 PM | JPEG image | 1 KB |

NON-CERTIFIED COPY

| | | | |
|---|---|---|---|
| 330R_08.pdf | 6/30/2016 6:11 PM | Adobe Acrobat D... | 819 KB |
| ACI 2243r_95 Expansion joint.pdf | 11/11/2013 10:54 ... | Adobe Acrobat D... | 887 KB |
| ACI 302IR_04.pdf | 11/11/2013 10:56 ... | Adobe Acrobat D... | 971 KB |
| ACI-330_Design_Guide_for_Concrete_Parking_Lots.pdf | 6/30/2016 5:53 PM | Adobe Acrobat D... | 652 KB |
| Barry Pattern & Foundry - BarryCraft - Cast Abrasive Nosings & Treads.htm | 10/2/2014 2:32 PM | HTML Document | 29 KB |
| Baton Rouge.png | 7/29/2016 1:22 PM | PNG image | 1,998 KB |
| CAT Aurora, IL Projects II.ppt | 10/24/2013 7:51 PM | Microsoft PowerP... | 9,556 KB |
| Concrete Slab Surface Defect Repairs.pdf | 9/23/2014 2:49 PM | Adobe Acrobat D... | 4,381 KB |
| IMG_0084.MOV | 10/25/2013 6:36 AM | QuickTime Movie | 724 KB |
| Kenner.png | 7/29/2016 1:23 PM | PNG image | 1,740 KB |
| Multi-Fab - Curb Angles.htm | 10/2/2014 3:04 PM | HTML Document | 41 KB |
| nzs.3101.1.2006.pdf | 10/17/2013 10:23 ... | Adobe Acrobat D... | 5,905 KB |
| nzs.3101.2.2006.pdf | 10/17/2013 10:22 ... | Adobe Acrobat D... | 8,202 KB |
| Page 9_330R-08.pdf | 7/27/2013 11:36 AM | Adobe Acrobat D... | 97 KB |
| URS 31020-93139.pdf | 6/27/2016 10:35 AM | Adobe Acrobat D... | 328,781 KB |

NON-CERTIFIED COPY

# Exponent

NON-CERTIFIED COPY



NON-CERTIFIED COPY

EXHIBIT

BAILEY
EXHIBIT NO. 28
K. DONNELLY



NON-CERTIFIED COPY

BAILEY
EXHIBIT NO. 29
K. DONNELLY



NON-CERTIFIED COPY

BAILEY
EXHIBIT NO. 34
K. DONNELLY

NON-CERTIFIED COPY



BAILEY
EXHIBIT NO. 46
K. DONNELLY



NON-CERTIFIED COPY