



POSTED

NOV 20 2017

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| | * | |
| URS CORPORATION | * | STATE OF LOUISIANA |
| ARCHITECTURE, P.C., URS | | |
| CORPORATION, L. O'NEAL | | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | |

COST OK Amt.

NOV 16 2017

BY _____

DY CLERK OF COURT

---

**DEFENDANTS' PROPOSED FINDINGS OF FACT,
PROPOSED CONCLUSIONS OF LAW AND
PROPOSED REASONS FOR JUDGMENT REGARDING
MOTION TO EXCLUDE TESTIMONY OF JAMES BAILEY**

---

**MAY IT PLEASE THE COURT:**

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), respectfully submit these Proposed Findings of Fact, Proposed

Conclusions of Law, and Proposed Reasons for Judgment.

I.    PROPOSED FINDINGS OF FACT:

1.    Dr. James Bailey is a civil engineer. (See Deposition of James Bailey,
      dated 9/22/16, at pp. 15-16, attached as Exhibit A).

2.    Dr. Bailey's primary area of expertise is wind hazard assessments.
      (Exhibit A, Deposition of Bailey at pp. 26-27, 37-38).

3.    In other words, Dr. Bailey's primary area of expertise as a civil engineer
      is determining the risk of properties to hurricanes, tornadoes, and
      flooding. (Exhibit A, Deposition of Bailey at p. 26).



1

NON-CERTIFIED COPY

4.  Dr. Bailey has never designed concrete pavement for heavy cleated equipment. (Exhibit A, Deposition of Bailey at p. 23).

5.  Dr. Bailey has never been qualified as an expert in any case in any court to testify to the design of concrete pavement for heavy cleated equipment. (Exhibit A, Deposition of Bailey at p. 45).

6.  Not one of Dr. Bailey's many publications or presentations deals with the standard of care for the design of concrete paved areas for heavy cleated equipment. (Exhibit A, Deposition of Bailey at pp. 34, 38).

7.  Because he had never made a design of concrete pavement for heavy cleated equipment, Dr. Bailey conducted a review of codes, standards, guidelines and other publications that address concrete pavement design for heavy cleated equipment. (Exhibit A, Depo Bailey at pp. 23-24; see also Expert Report of Bailey, attached as Exhibit B, Deposition Exhibit 1, at p. 6).

8.  Dr. Bailey's review could not identify any specification in the entire United States related directly to the design of concrete surfaces under tracked vehicles. (Exhibit A, Deposition of Bailey at p. 106).

9.  Dr. Bailey admits the use of heavy cleated equipment on concrete is not an ordinary use, which poses a unique challenge. (Exhibit A, Deposition of Bailey at p. 146).

10. Dr. Bailey relies on American Concrete Institution (ACI) guides as the standard of care in this case. (Exhibit A, Deposition of Bailey at pp. 75, 108-09).

11. However, Dr. Bailey admits that the ACI guides on which he relies do not directly relate to the design of concrete surfaces under cleated vehicles. (Exhibit A, Deposition of Bailey at p. 106-07).

2

NON-CERTIFIED COPY

12. The very guides on which Dr. Bailey relies, ACI 330R-01 and ACI 330R-08, specifically state that these guides are not a standard or a specification. (Exhibit A, Deposition of Bailey at p. 109).

13. ACI 330R-01 and ACI 330R-08 do not even address parking areas for heavy cleated equipment. (Exhibit A, Deposition of Bailey at p. 107).

14. ACI 330R-01 and ACI 330R-08 also require a designer to know the number of trips for each vehicle type to design concrete pavement thickness. (Exhibit A, Deposition of Bailey at p. 109).

15. Dr. Bailey asked H&E, prior to his report, the amount of truck traffic per day at the site because the ACI guides depend on the amount of trucks per day. (Exhibit A, Deposition of Bailey at pp. 161-62).

16. H&E provided Dr. Bailey with no such information, so Dr. Bailey relied on 700 trucks per day frequency of traffic for his calculation of pavement thickness required by these ACI guidelines. (Exhibit A, Deposition of Bailey at p. 117).

17. Dr. Bailey has no idea whether 700 trucks travel over the concrete pavement at Baton Rouge or Kenner every day. (Exhibit A, Deposition of Bailey at p. 117, 126-27).

18. Designs for roads and bridges rely on flowing traffic, which does not occur in a parking lot.   Thus, Dr. Bailey improperly proposes to overdesign a parking lot.

19. Dr. Bailey agrees that experience is important for designing concrete pavement other than just looking at an ACI guide. (Exhibit A, Deposition of Bailey at pp. 111-12).

NON-CERTIFIED COPY

20. Dr. Bailey admits he has no such experience designing concrete pavement for heavy cleated equipment. (Exhibit A, Deposition of Bailey at p. 143).

21. Dr. Bailey also agrees that it is important to determine the correct cause of any pavement failure. (Exhibit A, Deposition of Bailey at p. 144-45).

22. Dr. Bailey admits that in order to determine the correct cause of the pavement failures, one must determine whether the problems were caused by improper maintenance or improper construction. (Exhibit A, Deposition of Bailey at p. 146).

23. Dr. Bailey's final report in this case nowhere mentions anything about lack of maintenance as a cause of any of the concrete problems in this case. (Exhibit A, Deposition of Bailey at p. 85).

24. Dr. Bailey's final report nowhere mentions anything about construction deficiencies as a cause of any of the concrete problems in this case. (Exhibit A, Deposition of Bailey at pp. 84-85).

25. To investigate potential improper construction, Dr. Bailey wanted to do some testing at the Baton Rouge site and the Kenner site. (Exhibit A, Deposition of Bailey at pp. 68-69, 84).

26. Dr. Bailey proposed that coring testing be done at both sites. (Exhibit A, Deposition of Bailey at pp. 68-69).

27. Dr. Bailey thought it was prudent to do coring testing which could determine construction deficiencies. (Exhibit A, Deposition of Bailey at p. 69).

28. But no coring testing was done when Dr. Bailey rendered his final report and opinion in this case. (Exhibit A, Deposition of Bailey at pp. 68-69).

4

NON-CERTIFIED COPY

29. Even after his final report, Dr. Bailey specifically requested that H&E do coring testing. (Exhibit A, Deposition of Bailey at p. 69).

30. Dr. Bailey's request was rejected by counsel for H&E. (Exhibit A, Deposition of Bailey at p.69).

31. Dr. Bailey admits that his objective was to consider all relevant data. (Exhibit A, Deposition of Bailey at p. 86).

32. But at the time of Dr. Bailey's final report, opinion, and deposition, he did not know:

    a) If the foundation was actually laid as designed;

    b) If the joints were actually constructed as designed;

    c) If the reinforcement in the concrete was installed as designed;

    d) If the dowel bars were actually installed as designed. (Exhibit A, Deposition of Bailey at pp. 88-89).

33. Dr. Bailey admits that if any of these items above were not constructed as designed, that could affect the problems Dr. Bailey observed at the Baton Rouge site and the Kenner site. (Exhibit A, Deposition of Bailey at p. 90).

34. Accordingly, Dr. Bailey could not eliminate construction deficiencies as causes of the concrete problems at the Baton Rouge site or the Kenner site. (Exhibit A, Deposition of Bailey at p. 85).

35. Dr. Bailey also admits he could not eliminate lack of maintenance by H&E as a cause of the concrete problems at Baton Rouge or Kenner. (Exhibit A, Deposition of Bailey at p.86).

36. When Dr. Bailey observed both sites, he observed sealant was damaged at some of the expansion joints which had not been repaired. (Exhibit A, Deposition of Bailey at p. 94).

5

NON-CERTIFIED COPY

37. Dr. Bailey saw none of the spalling at the joints repaired. (Exhibit A, Deposition of Bailey at p. 94).

38. Dr. Bailey admits that, left unrepaired by H&E, these unrepaired joints could allow water infiltration which can eventually affect the foundation under the pavement. (Exhibit A, Deposition of Bailey at pp. 94-95).

39. Dr. Bailey admits he has not determined if the foundation has been affected (Exhibit A, Deposition of Bailey at p. 95).

40. Dr. Bailey took photographs of both sites during his observations. (Exhibit A, Deposition of Bailey at p. 48).

41. Some of his pictures show grass or weeds growing out of the expansion joints. (Exhibit A, Bailey Deposition at pp. 196, 202, 211, see also photographs attached as Exhibit C, which were Deposition Exhibits 28, 29, 34, 46).

42. Dr. Bailey admits that this is improper maintenance of the concrete. (Exhibit A, Deposition of Bailey at p. 196).

43. Dr. Bailey's pictures show a hole in the concrete at the expansion joint which allows water to get into the foundation. (Exhibit A, Bailey Deposition at p. 198, see also photograph attached as Exhibit D, which was Deposition Exhibit 30).

44. This hole was not repaired by H&E. (Exhibit A, Deposition of Bailey at p. 198).

45. Dr. Bailey's pictures show rocks or aggregate in the joints which cause spalling at the joints. (Exhibit A, Bailey Deposition at pp. 194, 198-200, see also photographs attached as Exhibit E, which were Deposition Exhibit 24, 32).

NON-CERTIFIED COPY

46. Dr. Bailey admits these rocks and aggregate should be cleaned as part of proper maintenance. (Exhibit A, Deposition of Bailey at p. 200).

47. Yet Dr. Bailey's final report and opinion do not mention lack of proper maintenance. (Exhibit B, Expert Report of Bailey, Deposition Exhibit 1; see also Exhibit A, Deposition of Bailey at p. 85).

48. Dr. Bailey also submitted a letter after his final report in which he references a cost versus time model used to add costs to a change order. (Exhibit A, Deposition of Bailey at pp. 155-56, see also letter attached as Exhibit F, which was Deposition Exhibit 8).

49. Dr. Bailey admits he did not make that calculation. (Exhibit A, Deposition of Bailey at p. 156).

50. Mr. Matt Vail made the calculation. (Exhibit A, Deposition of Bailey at p. 156).

51. Dr. Bailey admits he has never used the cost versus time model before. (Exhibit A, Deposition of Bailey at p. 157).

52. Dr. Bailey has never given an expert opinion on the cost versus time model. (Exhibit A, Deposition of Bailey at p. 157).

53. Dr. Bailey's expert report in this case was his first exposure to this model. (Exhibit A, Deposition of Bailey at p. 156).

II.    PROPOSED CONCLUSIONS OF LAW:

1. In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), the Supreme Court explained that courts must perform a "gatekeeping role" to ensure that expert testimony is both reliable and relevant. *Id.* at 597. This gatekeeping role is critical because "the expert's testimony can be quite misleading and prejudicial if this gatekeeping role is not properly satisfied" and thus "a flexible approach and a careful evaluation of the

7

NON-CERTIFIED COPY

methodology surrounding the testimony and its conclusions is required." *Exxon Pipeline Co. v. Hill*, 99-0073, p. 7 (La. App. 1 Cir. 06/23/00), 763 So. 2d 144, 151.

2. In performing this gatekeeping function, courts generally employ a two-part analysis. Courts first determine whether the proffered testimony is reliable, which requires courts to assess whether the reasoning or methodology underlying the testimony is scientifically valid. Courts then determine whether the proffered testimony is relevant to a fact at issue in the case. *See Black v. Food Lion, Inc.*, 171 F.3d 308 (5th Cir. 1999). Louisiana has adopted the *Daubert* test. *State v. Foret*, 628 So. 2d 1116, 1123 (La. 1993).

3. *Daubert* established a list of four questions meant to establish reliability: (1) does the methodology test the technique or theory "to see if they can be falsified;" (2) has the technique or theory been published and peer reviewed; (3) what is the rate of error of the methodology; and (4) has the technique or theory been generally accepted in the relevant scientific community. *Daubert*, 509 U.S. at 593-94. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the United States Supreme Court extended the *Daubert* analysis to experts purporting to testify on the basis of "experience." *Id.* at 151.

4. In *Cheairs v. State*, 03-0680 (La. 12/03/03), 861 So. 2d 536, the Louisiana Supreme Court recognized that *Daubert* does not address all of the issues pertinent to the decision of whether to admit expert testimony and therefore adopted a three-prong inquiry (previously set forth in *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548 (11th Cir. 1998)), which provides that the admission of expert testimony is proper only if all three

8

NON-CERTIFIED COPY

of the following things are true: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *Id.*, pp. 9-10, 861 So. 2d at 542.

5. An architect or engineer is required to exercise that degree of professional care and skill customarily employed by other architects or engineers in a similar community under similar circumstances.  Expert testimony is required to establish that an architect or engineer did not exercise the requisite standard of care. *Milke v. Ratcliff Animal Hosp., Inc. ex rel. Ratcliff*, 48,130, p. 15 (La. App. 2 Cir. 7/10/13), 120 So. 3d 343, 351 ("an expert is needed to establish whether the protocols asserted [by the plaintiff] are required by the local standard of care."); *Charles Carter & Co. v. City of Baton Rouge*, 344 So. 2d 431, 433 (La. App. 1 Cir. 1977) ("It is well established in Louisiana jurisprudence that expert testimony is needed to establish the lack of care and resulting negligence on the part of architects and engineers."); *City of Alexandria v. Ratcliffe Const. Co., LLC*, 11-1200, p. 4 (La. App. 3 Cir. 2/8/12), 95 So. 3d 1076, 1079 ("Failure to submit expert testimony to prove the standard of care is a 'fatal omission.'") (quoting *Greenhouse v. C.F. Kenner Associates Ltd. Partnership*, 98-496, p. 5 (La. App. 4 Cir. 11/10/98), 723 So. 2d 1004, 1008, and *Carter v. Deitz*, 556 So. 2d 842, 843 (La. App. 4 Cir. 1990)).

6. An engineer with experience in one field does not necessarily qualify him/her as an expert in another field. *Reynolds Metals Co. v. Schofield*, 98-

9

NON-CERTIFIED COPY

0460, p. 2 (La. App. 1 Cir 4/1/99), 733 So. 2d 671, 672-73; *Sittig v. Louisville Ladder Group LLC.* 136 F. Supp. 2d 610, 619 (W.D. La. 2001) (the law "requires that the expert be qualified in the relevant field.").

7. Courts applying *Daubert* have held that "the exclusion of alternative causes is necessary for a reliable causation opinion." *Lee Green v. LA. Dep't of Pub. Safety & Corr.*, No. 2:06 CV 1018, 2010 U.S. Dist. LEXIS 39182, at *14 (W.D. La. Apr. 20, 2010) (citing *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000)). As the United States Supreme Court noted in *Daubert*, it is crucial to see if an expert's technique or theory for arriving at an opinion "can be falsified." 509 U.S. at 593-94. Accordingly, "the inadequate treatment of other potential causes necessarily undermines the reliability of an expert's opinion." *Lee Green*, 2010 U.S. Dist. LEXIS 39182, at *14-15. *See also Brown v. Parker-Hannifin Corp.*, 919 F.2d 308, 312 (5th Cir. 1990) (when an alternative cause is not excluded, an expert's opinion on causation "amounts to speculation and is of no assistance to the jury"); *see also Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987).

III. PROPOSED REASONS FOR JUDGMENT:

1. Dr. Bailey is not qualified to give an opinion on the standard of care for civil engineers who design concrete pavement yards and it would mislead the jury if he were to provide such an opinion in this case.

2. Dr. Bailey's primary area of expertise is wind hazard assessments.

3. Dr. Bailey has never designed concrete pavement for heavy cleated equipment.

4. None of Dr. Bailey's publications or presentations deal with such a design.

5. Dr. Bailey does not have the experience in the relevant field to give an opinion on the design of concrete pavement for heavy cleated equipment.

10

NON-CERTIFIED COPY

6.  Dr. Bailey could not identify any specification in the United States related directly to the design of concrete surfaces under cleated vehicles.

7.  Dr. Bailey's methodology of relying on an ACI guide has not been shown to either be published or generally accepted as the standard of care for design of concrete payment for heavy cleated equipment.

8.  Dr. Bailey admits use of heavy cleated equipment on concrete poses a unique challenge.

9.  The very ACI guides on which Dr. Bailey relies for his opinion do not directly relate to design of concrete surfaces for heavy cleated vehicles.

10. Dr. Bailey admits the ACI guides on which he relies specifically state they are not a standard.

11. Although he acknowledges it is important to consider all relevant data to determine the correct cause of any pavement failure, Dr. Bailey admits that he could not eliminate the other potential causes of lack of proper maintenance or improper construction.

12. Dr. Bailey had evidence of improper maintenance, which he chose to ignore.

13. Dr. Bailey sought evidence to investigate construction deficiencies which he deemed prudent, but was denied such evidence.

14. Dr. Bailey picked only one potential cause of the concrete problems which was advantageous to H&E.

15. Dr. Bailey also admits he has no experience or expertise with the cost versus time model used to add costs to change orders.

16. Dr. Bailey simply signed off on the use of this model made by another person.

11

NON-CERTIFIED COPY

In conclusion, Dr. Bailey is not qualified in the relevant field, his methodology is flawed, and his testimony is unreliable, which amounts to speculation which will not assist and would mislead the jury.  The Motion to Exclude his testimony is granted and Dr. Bailey is not allowed to testify as an expert in this case.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210
**Attorneys for Defendants,**
**URS Corporation Architecture, P.C.;**
**URS Corporation; L. O'Neal Johnson**
**and Thomas E. Ryan, III**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served upon all counsel of record via e-mail and/or United States Mail, postage prepaid and properly addressed, this 16th day of November, 2017.



Kellen J. Mathews

NON-CERTIFIED COPY

**POSTED**

NOV 20 2017

H&E EQUIPMENT SERVICES          *      SUIT NO. 626,308      DIV.: D

                                *      19ᵀᴴ JUDICIAL DISTRICT COURT
VERSUS                          *
                                *      PARISH OF EAST BATON ROUGE
URS CORPORATION                 *
ARCHITECTURE, P.C., URS         *      STATE OF LOUISIANA
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS E. RYAN,
III

COST OK Amt. 450
56205
NOV 16 2017
BY
DY CLERK OF COURT

---

### DEFENDANTS' PROPOSED FINDINGS OF FACT,
### PROPOSED CONCLUSIONS OF LAW AND
### PROPOSED REASONS FOR JUDGMENT REGARDING
### MOTION TO EXCLUDE TESTIMONY OF WALLACE C. DRENNAN III

---

**MAY IT PLEASE THE COURT:**

Defendants, URS CORPORATION ARCHITECTURE, P.C. ("URS Architecture"),

URS CORPORATION ("URS Corporation"), L. O'NEAL JOHNSON ("Johnson") AND

THOMAS E. RYAN, III, ("Ryan") (all collectively referred to hereinafter as

"Defendants"), respectfully submit these Proposed Findings of Fact, Proposed

Conclusions of Law, and Proposed Reasons for Judgment.

I.      PROPOSED FINDINGS OF FACT:



1.  Wallace C. Drennan III is a general contractor. (See Deposition of Wallace
    Drennan dated 9/21/16 at pp. 18-19, attached as Exhibit A).

2.  Mr. Drennan's company has constructed many streets for public entities.
    (Exhibit A, Drennan Depo at p. 100).

3.  The streets constructed by Mr. Drennan's company are for rubber tired
    vehicles. (Exhibit A, Drennan Depo at p. 100).

4.  Mr. Drennan has never constructed a concrete paved area for heavy
    cleated equipment. (Exhibit A, Drennan Depo at p.100).

NON-CERTIFIED COPY

5. Mr. Drennan attended Tulane University and the University of Alabama, but did not obtain a college degree. (Exhibit A, Drennan Depo at p. 12).

6. Mr. Drennan is not an engineer. (Exhibit A, Drennan Depo at p. 21).

7. Mr. Drennan is not licensed in any state as an engineer. (Exhibit A, Drennan Depo at p. 21).

8. Before this case, Mr. Drennan had never given an engineering opinion. (Exhibit A, Drennan Depo at p. 22).

9. Mr. Drennan has never designed concrete pavement. (Exhibit A, Drennan Depo at pp. 56-57).

10. Mr. Drennan is not aware of any industry standard for heavy cleated equipment on concrete. (Exhibit A, Drennan Depo at pp. 84-85).

11. Mr. Drennan could not define the standard of care for design of the concrete pavement at the Baton Rouge site. (Exhibit A, Drennan Depo at p. 71).

12. Mr. Drennan did not even know what a "standard of care" was. (Exhibit A, Drennan Depo at pp. 69-71).

13. Mr. Drennan agreed the standard for a design depends on the engineer who does the design. (Exhibit A, Drennan Depo at p. 102).

14. Mr. Drennan agreed that engineers have their own special specifications. (Exhibit A, Drennan Depo at p. 102).

15. Mr. Drennan agreed that engineers can design based on their own experience as an engineer. (Exhibit A, Drennan Depo at pp. 102-103).

16. Mr. Drennan's company is a customer of H&E Equipment. (Exhibit A, Drennan Depo at p. 134).

17. Mr. Drennan's company buys approximately $200,000 per year of excavators from H&E. (Exhibit A, Drennan Depo at p. 134).

NON-CERTIFIED COPY

18. Mr. Drennan was retained in this case by Ms. Mince, counsel for H&E Equipment in this case. (Exhibit A, Drennan Depo at p. 19).

19. Ms. Mince has been handling Mr. Drennan's construction litigation since 2005 or 2006. (Exhibit A, Drennan Depo at pp. 19-20).

20. Mr. Drennan has never been qualified as an expert before. (Exhibit A, Drennan Depo at p. 19).

21. For his opinion in this case, Mr. Drennan relies on:

    a) Louisiana Department of Transportation & Development (hereinafter "LDOTD") Standard Plans and Specifications for Roads and Bridges

    b) City of Baton Rouge Department of Public Works Standard Plans

    c) Geotechnical Reports for Baton Rouge and Kenner. (Drennan Report, p. 1-3, attached as Exhibit B).

22. Mr. Drennan admits that these LDOTD Plans and Specifications do not contain anything that deals with heavy cleated equipment. (Exhibit A, Drennan Depo at pp. 191-192).

23. Mr. Drennan admits these LDOTD Plans and Specifications are not design guidelines. (Exhibit A, Drennan Depo at p. 193).

24. Mr. Drennan admits these LDOTD Plans and Specifications do not tell anyone how to design the work. (Exhibit A, Drennan Depo at p. 193-94).

25. Mr. Drennan admits these LDOTD Plans and Specifications are construction guidelines. (Exhibit A, Drennan Depo at p. 193).

26. Mr. Drennan admits the City of Baton Rouge Standard Plans are for roads and bridges. (Exhibit A, Drennan Depo at p. 38).

27. Mr. Drennan admits the City of Baton Rouge Standard Plans do not contain any reference to heavy cleated equipment. (City of Baton Rouge,

3

NON-CERTIFIED COPY

Parish of East Baton Rouge Parish Department of Public Works Engineering Division Standard plans dated 1-18-08).

28. Mr. Drennan does not agree with everything recommended in the Geotechnical reports. (Exhibit A, Drennan Depo at p. 50).

29. Mr. Drennan admits that he did not investigate the thickness of the concrete pavement at the Baton Rouge site or the Kenner site to see if it had been constructed according to the design plans. (Exhibit A, Drennan Depo at pp. 76, 81).

30. Mr. Drennan admits he did not investigate the base material under the concrete pavement at the Baton Rouge site or the Kenner site to see if it had been constructed according to the design plans. (Exhibit A, Drennan Depo at p. 25).

31. Mr. Drennan did not see any coring testing done at the Baton Rouge site or the Kenner site to be able to investigate whether the concrete pavement was installed according to the design plans. (Exhibit A, Drennan Depo at p. 76).

32. Mr. Drennan wondered why coring testing had not been done at the Baton Rouge site or the Kenner site because it is usually done by the owner to check whether the concrete pavement was laid according to the design plans. (Exhibit A, Drennan Depo at pp. 135-136).

33. Mr. Drennan did not see the concrete mixes at the Baton Rouge site or the Kenner site to investigate whether the concrete provided by the contractors was according to the design plans. (Exhibit A, Drennan Depo at pp. 77, 139).

34. Mr. Drennan asked for the concrete mix information, but it was not given to him to review. (Exhibit A, Drennan Depo at p. 77).

4

NON-CERTIFIED COPY

35. Mr. Drennan did not investigate whether there was excessive slump when the concrete at the Baton Rouge site or the Kenner site was laid by the contractor. (Exhibit A, Drennan Depo at p. 77).

36. Mr. Drennan had requested that information but it was not provided to him for review. (Exhibit A, Drennan Depo at p. 77).

37. In essence, Mr. Drennan never determined what was actually installed under the surface level of the concrete pavement at the Baton Rouge site or the Kenner site. (Exhibit A, Drennan Depo at p. 94).

38. Mr. Drennan admits that heavy cleated equipment, like bulldozers, damages concrete pavement. (Exhibit A, Drennan Depo at p. 163).

39. Mr. Drennan agrees that it is difficult to prevent damage to concrete pavement when bulldozers with metal cleats use it. (Exhibit A, Drennan Depo at p. 179).

40. Mr. Drennan agrees that the life of concrete pavement depends on periodic maintenance of the pavement. (Exhibit A, Drennan Depo at p. 51).

41. Mr. Drennan agrees that proper maintenance includes cleaning and resealing joints, sealing cracks, and immediate repairs of the damaged areas. (Exhibit A, Drennan Depo at p. 55).

42. Mr. Drennan admits that when he visited the Baton Rouge and Kenner sites, he saw many areas that had not been repaired. (Exhibit A, Drennan Depo at p. 55).

43. Mr. Drennan took pictures of the concrete pavement when he visited the Baton Rouge and Kenner sites before he did his report in this case. (Exhibit A, Drennan Depo at pp. 25-26).

5

NON-CERTIFIED COPY

44. Mr. Drennan's pictures show spalling at the joints which had not been sealed or repaired. (Exhibit A, Drennan Depo at pp. 157-159; see also pictures taken by Mr. Drennan attached as Exhibit C, which was Deposition Exhibit 9).

45. Mr. Drennan's pictures show exposed rebar and dowels that were not installed in the concrete pursuant to the plans. (Exhibit A, Drennan Depo at pp. 164-165, 170-172; see also pictures taken by Mr. Drennan attached as Exhibit D, which were Deposition Exhibits 11 and 14).

46. Mr. Drennan's pictures show grass growing out of the joints covered with dirt, rocks and gravel, which he admits is not proper maintenance. (Exhibit A, Drennan Depo at pp. 167-168, 173, see also, pictures taken by Mr. Drennan attached as Exhibit E, which was Deposition Exhibit 13).

47. Mr. Drennan's pictures show track marks at the joints in the concrete that cause spalling at the joints. (Exhibit A, Drennan Depo at p. 175; see also picture taken by Mr. Drennan attached as Exhibit F, which was Deposition Exhibit 16).

48. Mr. Drennan's report, which was required to be provided in this case, is completely absent of any reference to any investigation or consideration given to construction deficiencies or lack of proper maintenance as reasonable causes for the present condition of the concrete pavement at Baton Rouge or Kenner. (Exhibit B, Drennan Report).

49. Mr. Drennan admits that approximately 25% of the concrete at Baton Rouge has no damage, and that approximately 25% to 50% of the concrete at Kenner has no damage. (Exhibit A, Drennan Depo at pp. 27-28).

NON-CERTIFIED COPY

50. Mr. Drennan recommends replacement of the entire concrete pavement in the equipment yards at Baton Rouge and Kenner regardless of whether an area is damaged. (Exhibit A, Drennan Depo at p. 116; see also pictures taken by Dr. Bailey attached as Exhibit G, which were Bailey Deposition exhibits 13 and 17).

51. Mr. Drennan admits that H&E has been able to use all the concrete pavement yards at Baton Rouge and Kenner since installed in 2012. (Exhibit A, Drennan Depo at p. 103).

52. Mr. Drennan's estimate to replace all the concrete does not include anything that would prevent spalling at the joints from the heavy cleated equipment. (Exhibit A, Drennan Depo at p. 114).

II.   PROPOSED CONCLUSIONS OF LAW:

1. In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), the Supreme Court explained that courts must perform a "gatekeeping role" to ensure that expert testimony is both reliable and relevant. *Id.* at 597. This gatekeeping role is critical because "the expert's testimony can be quite misleading and prejudicial if this gatekeeping role is not properly satisfied" and thus "a flexible approach and a careful evaluation of the methodology surrounding the testimony and its conclusions is required." *Exxon Pipeline Co. v. Hill*, 99-0073, p. 7 (La. App. 1 Cir. 06/23/00), 763 So. 2d 144, 151.

2. In performing this gatekeeping function, courts generally employ a two-part analysis. Courts first determine whether the proffered testimony is reliable, which requires courts to assess whether the reasoning or methodology underlying the testimony is scientifically valid. Courts then determine whether the proffered testimony is relevant to a fact at issue in

7

NON-CERTIFIED COPY

the case. *See Black v. Food Lion, Inc.*, 171 F.3d 308 (5th Cir. 1999). Louisiana

has adopted the *Daubert* test. *State v. Foret*, 628 So. 2d 1116, 1123 (La.

1993).

3. *Daubert* established a list of four questions meant to establish reliability:

(1) does the methodology test the technique or theory "to see if they can

be falsified;" (2) has the technique or theory been published and peer

reviewed; (3) what is the rate of error of the methodology; and (4) has the

technique or theory been generally accepted in the relevant scientific

community. *Daubert*, 509 U.S. at 593-94. In *Kumho Tire Co. v. Carmichael*,

526 U.S. 137 (1999), the United States Supreme Court extended the *Daubert*

analysis to experts purporting to testify on the basis of "experience." *Id.* at

151.

4. In *Cheairs v. State*, 03-0680 (La. 12/03/03), 861 So. 2d 536, the Louisiana

Supreme Court recognized that *Daubert* does not address all of the issues

pertinent to the decision of whether to admit expert testimony and

therefore adopted a three-prong inquiry (previously set forth in *City of

Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548 (11th Cir. 1998)), which

provides that the admission of expert testimony is proper only if all three

of the following things are true: (1) the expert is qualified to testify

competently regarding the matters he intends to address; (2) the

methodology by which the expert reaches his conclusions is sufficiently

reliable as determined by the sort of inquiry mandated in *Daubert*; and (3)

the testimony assists the trier of fact, through the application of scientific,

technical, or specialized expertise, to understand the evidence or to

determine a fact in issue. *Id.*, pp. 9-10, 861 So. 2d at 542.

NON-CERTIFIED COPY

5.  An architect or engineer is required to exercise that degree of professional
    care and skill customarily employed by other architects or engineers in a
    similar community under similar circumstances.   Expert testimony is
    required to establish that an architect or engineer did not exercise the
    requisite standard of care. *Milke v. Ratcliff Animal Hosp., Inc. ex rel. Ratcliff*,
    48,130, p. 15 (La. App. 2 Cir. 7/10/13), 120 So. 3d 343, 351 ("an expert is
    needed to establish whether the protocols asserted [by the plaintiff] are
    required by the local standard of care."); *Charles Carter & Co. v. City of
    Baton* Rouge, 344 So. 2d 431, 433 (La. App. 1 Cir. 1977) ("It is well
    established in Louisiana jurisprudence that expert testimony is needed to
    establish the lack of care and resulting negligence on the part of architects
    and engineers."); *City of Alexandria v. Ratcliffe Const. Co., LLC*, 11-1200, p. 4
    (La. App. 3 Cir. 2/8/12), 95 So. 3d 1076, 1079 ("Failure to submit expert
    testimony to prove the standard of care is a 'fatal omission.'") (quoting
    *Greenhouse v. C.F. Kenner Associates Ltd. Partnership*, 98-496, p. 5 (La. App. 4
    Cir. 11/10/98), 723 So. 2d 1004, 1008, and *Carter v. Deitz*, 556 So. 2d 842, 843
    (La. App. 4 Cir. 1990)).

6.  Courts applying *Daubert* have held that "the exclusion of alternative
    causes is necessary for a reliable causation opinion." *Lee Green v. LA. Dep't
    of Pub. Safety & Corr.*, No. 2:06 CV 1018, 2010 U.S. Dist. LEXIS 39182, at *14
    (W.D. La. Apr. 20, 2010) (citing *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753
    (5th Cir. 2000)).  As the United States Supreme Court noted in *Daubert*, it is
    crucial to see if an expert's technique or theory for arriving at an opinion
    "can be falsified."   509 U.S. at 593-94.   Accordingly, "the inadequate
    treatment of other potential causes necessarily undermines the reliability
    of an expert's opinion." *Lee Green*, 2010 U.S. Dist. LEXIS 39182, at *14-15.

9

NON-CERTIFIED COPY

*See also Brown v. Parker-Hannifin Corp.,* 919 F.2d 308, 312 (5th Cir. 1990) (when an alternative cause is not excluded, an expert's opinion on causation "amounts to speculation and is of no assistance to the jury"); *see also Viterbo v. Dow Chem. Co.,* 826 F.2d 420, 424 (5th Cir. 1987).

III.    PROPOSED REASONS FOR JUDGMENT:

1.  Mr. Drennan is not a civil engineer.

2.  Mr. Drennan is not qualified to give an opinion on the standard of care for the civil engineers who designed the concrete pavement yards at Baton Rouge and Kenner and it would mislead the jury if he were to provide such an opinion in this case.

3.  Mr. Drennan has never given such an opinion.

4.  Mr. Drennan has never designed concrete pavement and admits he is not aware of any industry standard for design of concrete pavement for heavy cleated equipment.

5.  In addition, Mr. Drennan's opinions are not reliable.

6.  Mr. Drennan's methodology of relying on LDOTD plans and specifications, Baton Rouge specifications and the Geotechnical report has not been shown to be either published or generally accepted as the standard of care for design of concrete pavement for heavy tracked cleated equipment.

7.  Mr. Drennan admits these plans and specifications are not design guidelines and admits that they are construction guidelines for roads and bridges that do not contain any reference to use for heavy cleated equipment on concrete pavement.

NON-CERTIFIED COPY

8.  Designs for roads and bridges rely on flowing traffic, which does not occur in a parking lot.   Thus, Mr. Drennan improperly proposes to overdesign a parking lot.

9.  Mr. Drennan does not agree with all of the Geotechnical reports he relied on.

10. Finally, Mr. Drennan did not exclude reasonable alternative causes for the damage to the concrete pavement.   He was not able to investigate construction deficiencies.   He did not receive coring or concrete mix or concrete pour information he requested to be able to determine if the concrete was constructed as designed.   He took pictures of admitted improper maintenance of the concrete. Yet his report did not mention or consider improper construction or improper maintenance as alternative causes.

11. Mr. Drennan's opinion that the entire concrete pavement at Baton Rouge and Kenner needs to be replaced is contradicted by his admission that only 50%-75% is damaged and his acknowledgment H&E has continued to use all of it since installed in 2012.

12. Mr. Drennan does not appear to be objective in rendering his opinion.  His opinion appears to be deliberately focused only on design flaws favorable to H&E with no consideration given to eliminating other reasonable alternative causes.

13. Mr. Drennan's lack of independence is also evidenced by the fact that his company is an ongoing customer of H&E and he was retained by H&E's attorney in this case, who has been his company's attorney since 2005 or 2006.

NON-CERTIFIED COPY

In conclusion, Mr. Drennan is not qualified to testify to the standard of care of a civil engineer. In addition, his methodology is flawed and his testimony is unreliable, which amounts to speculation which will not assist the jury and would mislead the jury. The Motion to Exclude his testimony is granted and Mr. Drennan is not allowed to testify as an expert in this case.

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (Bar #5819), TA
Ron Sholes (Bar # 14436)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210
**Attorneys for Defendants,**
**URS Corporation Architecture, P.C.;**
**URS Corporation; L. O'Neal Johnson**
**and Thomas E. Ryan, III**

FILED
EAST BATON ROUGE PARISH, LA
2017 NOV 16   PM 1:44
DEPUTY CLERK OF COURT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served upon all counsel of record via e-mail and/or United States Mail, postage prepaid and properly addressed, this 16th day of November, 2017.



Kellen J. Mathews

12

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURTPARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

DOCKET NO.: 626,308                                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____        _____
                                                    DEPUTY CLERK

## JUDGMENT

This matter came on for hearing before the Honorable Janice G. Clark on November 9,

2017 on the Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of

Wallace C. Drennan and Motion in Limine to Strike Expert Reports and to Exclude Proposed

Testimony of James R. ("Bob") Bailey filed by Defendants URS Corporation Architecture, P.C.,

URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

> **PRESENT:** Loretta G. Mince and Rebecca Sha, for Plaintiff H&E Equipment
> Services, Inc.; and
>
> Philip A. Franco and Kellen J. Mathews, for Defendants URS Corporation Architecture,
> P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

At the conclusion of the hearing, and with the agreement of the parties, the Court ordered

that Proposed Findings of Fact and Conclusions of Law be submitted within five days and that

the Court's ruling would be issued in due course following those submissions. The Court now

renders Judgment as follows:

Considering the motion and memoranda submitted by the parties, the argument of

counsel, and the evidence presented at the hearing, and for the reasons set forth in the Court's

Findings and Fact and Conclusions of Law rendered herewith,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants'

Motions are DENIED.

Baton Rouge, Louisiana, this 7 day of November, 2017.

_Janice Clark_
JUDGE JANICE G. CLARK

I hereby certify that on this day a notice of the
above judgement was mailed by me, with sufficient
postage affixed, to _Mince, Chestwood,_
_Franco, Wittman, Kurtz,_
_Laperouse, Carlisle,_ Done and signed on _12-11-17_
_Mathews, Sha_          _E. Knight_
                                    Deputy Clerk of Court

**FILED**

NOV 21 2017

_Megan Carty_
DEPUTY CLERK OF COURT

1089598v.2

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____     _____
                                                    **DEPUTY CLERK**

POSTED

NOV 2 1 2017

SECTION: "D"

COST OK $ 131.00
#71819
NOV 2 1 2017
DEPUTY CLERK OF COURT

### PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff, H&E Equipment Services, Inc. ("H&E) respectfully submits these Proposed
Findings of Facts and Conclusions of Law in connection with the hearing held on November 9,
2017 on the Motions in Limine to Exclude Plaintiff's Experts Wallace C. Drennan and James R.
Bailey filed by Defendants URS Corporation Architecture, P.C., URS Corporation, L. O'Neal
Johnson, and Thomas E. Ryan, III (together, "URS").[1]

### OVERVIEW

H&E contracted with URS to furnish professional design and construction administration
services to H&E in connection with the construction of its new headquarters building and
dealership facility in Baton Rouge. H&E also contracted with URS to provide professional
design and construction administration services to H&E in connection with the renovation and
additions to H&E's facilities located in Kenner, Louisiana and Belle Chasse, Louisiana.

H&E filed this suit claiming that the design and construction services provided by URS
and its subcontractors and employees were defective. According to H&E, the largest sustained
resulted from URS's faulty design of the pavement in the Baton Rouge and Kenner facilities.
Shortly after completion of the Baton Rouge and Kenner project, major portions of the concrete
parking and staging areas for H&E's industrial equipment at both facilities experienced
substantial cracking, spalling, and deterioration. H&E contends that URS's designs for the
pavement were grossly deficient and did not comply with state, local and industry requirements

---

[1] At the conclusion of the hearing on Defendants' Motions on November 9, 2017, and with the agreement of the
parties, the Court ordered that Proposed Findings of Fact and Conclusions of Law be submitted within five days, and
that the Court's ruling would be issued in due course following those submissions.

1245611v.1

and the recommendations of consultants commissioned by URS.  H&E contends that the removal and replacement of the pavement at the Baton Rouge and Kenner facilities is necessary to correct the defects.

In addition to the pavement design, H&E contends that each of the three construction projects for which URS was responsible—H&E facilities in Baton Rouge, in Kenner, and in Belle Chasse—was riddled with problems arising from the construction documents that URS, or its subcontractors, prepared.  For each project, H&E claims that URS omitted from the construction documents essential measurements or necessary components.  H&E claims that these omissions resulted in costly change orders.

At the trial of this matter, H&E seeks to offer the testimony of two experts, Dr. James "Bob" Bailey and Wallace Drennan.  Dr. Bailey, an engineer with a Ph. D. in Civil Engineering who is licensed in nine states (including Louisiana), is offered as an expert in the area of civil engineering and pavement analysis. Additionally, with respect to H&E's claim that URS's errors and omissions in the drawings resulted in increased costs, Dr. Bailey is offered as an expert on increased costs attributable to changes in the scope of work made during construction.  Mr. Drennan, a general contractor with more than 30 years experience in construction, including in particular, the installation of more than 200,000 cubic yards of concrete pavement, is offered as an expert in the construction of Portland Cement Concrete Pavement and construction estimating.

H&E submits that the testimony of Dr. Bailey and Mr. Drennan will assist the trier of fact to determine the issues in this case, including whether URS was negligent or grossly negligent in its performance of design and construction administration services for H&E, whether H&E sustained damages as a result of URS's conduct, and the amount of those damages.

URS has filed motions in limine to exclude Dr. Bailey and Mr. Drennan.  A hearing was held on November 9, 2017 on the motions filed by Defendants URS.  Live testimony of Mr. Wallace C. Drennan, Jr. and Dr. James R. Bailey was presented at the hearing.

2

1245611v.1

NON-CERTIFIED COPY

## FINDINGS OF FACT

Based upon Dr. Bailey's and Mr. Drennan's live testimony, as well as the pleadings and exhibits submitted by the parties, the Court makes the following findings of fact regarding Dr. Bailey and Mr. Drennan in accordance with Article 1425(f) of the Louisiana Code of Civil Procedure.

### (A) James R. Bailey, Ph.D.

1. Dr. Bailey obtained his bachelor degree in civil engineering from Texas Tech University in 1982. He also obtained his master's degree in civil engineering from Texas Tech University in 1984. He then obtained his Ph.D. in civil engineering from Texas Tech University in 1989.

2. Dr. Bailey took and passed the Fundamentals of Engineering Exam and Principles and Practice of Engineering Exam. These exams are prerequisites to becoming a Professional Engineer. Dr. Bailey's specialty was structures, including geotech and transportation.

3. Dr. Bailey is a licensed engineer in nine states, including Louisiana.

4. Dr. Bailey currently serves as Senior Managing Engineer for Exponent Failure Analysis Associates.

5. Dr. Bailey has performed assessments of industrial and commercial facilities involving reinforced concrete designs in Louisiana and in other states, including recent work related to an industrial facility in Donaldsonville, Louisiana where heavy equipment is operated on a reinforced concrete slab.

6. As reflected in Dr. Bailey's curriculum vitae, he has offered expert testimony in numerous state and federal courts.

7. Dr. Bailey offers opinions on behalf of H&E relating to whether the design of pavement reflected in URS's drawings was defective, whether the pavement failures experienced at H&E's facilities were likely caused by deficiencies in URS's designs, and the standard of care of an engineer as applied to the facts of this case.

8. In formulating his opinions, Dr. Bailey reviewed drawings and specifications for the design of pavement promulgated by the American Concrete Institute, the Louisiana Department of Transportation and Development ("LDOTD"), the Department of Public Works for the City of Baton Rouge, and the Jefferson Parish Department of Engineering. Dr. Bailey also reviewed the geotechnical reports commissioned by URS.

3

1245611v.1

NON-CERTIFIED COPY

9. Dr. Bailey also performed four site visits from 2013-2016 of the H&E facilities in Kenner and Baton Rouge.

10. Dr. Bailey analyzed whether the design as reflected in URS's drawings complied with the applicable governmental and industry requirements.

11. Dr. Bailey also considered whether the deficiencies in the URS designs amount to a deviation and/or a gross deviation from the standard of care of engineers.

12. Dr. Bailey further reviewed whether the design defects he identified in URS's drawings were consistent with the random cracking and other pavement failures that were observed and reported at H&E's facilities.

13. Additionally, with respect to H&E's claim that URS's errors and omissions in the drawings resulted in increased costs, Dr. Bailey submitted an opinion regarding increased costs attributable to changes in the scope of work made during construction.

14. In connection with this opinion, Dr. Bailey relied on his professional experience. He further consulted with his colleague, Matt Vale, at Exponent to validate his opinion.

**(B) Wallace C. Drennan, Jr.**

1. Mr. Wallace C. Drennan, Jr. is the president of Wallace C. Drennan, Inc., a general contracting company in Louisiana.

2. Mr. Drennan began working full time for Wallace C. Drennan, Inc. in the early 1980's as a laborer in a concrete crew. Mr. Drennan later worked as an equipment operator, and operated slip-form concrete machines. Mr. Drennan also attended pavement school.

3. Mr. Drennan has worked in other positions within the company as well, including performing estimating.

4. Mr. Drennan became the president of Wallace C. Drennan, Inc. in the early 1990's.

5. Mr. Drennan has worked on a variety of concrete pavement projects, including roadways, sidewalks, and parking lots. Mr. Drennan has poured and/or overseen the construction of concrete for various owners, including the State of Louisiana, the City of New Orleans, Jefferson Parish, the Corps of Engineer, the Sewerage & Water Board, and several private entities. Mr. Drennan estimated that he has been involved in pouring over 200,000 cubic yards of concrete.

6. Mr. Drennan was one of a handful of contractors who assisted the LDOTD in revising section 601 of the Standard Specifications for Roads and Bridges pertaining to Portland Cement Concrete Pavement. He also served on a committee of contractors, engineers, and current and

4

NON-CERTIFIED COPY

retired City personnel to revise the City of New Orleans' standard specifications, including the City's specifications for concrete pavement.

7.    In the course of his work, Mr. Drennan has reviewed hundreds of sets of construction plans.  He has also observed first-hand the failure of concrete pavement which was not constructed with proper expansion and contraction joints.

8.    Mr. Drennan has prepared more than 100 construction estimates that included the pouring of concrete pavement.

9.    Mr. Drennan submitted opinions on behalf of Plaintiff, H&E Equipment Services, Inc. on whether the design of the pavement at H&E's Baton Rouge and Kenner facilities deviated from relevant governmental and industry specifications and requirements, whether the failures he observed in the pavement at H&E's facilities were consistent with the deviations he identified, and the cost to cure the deficiencies in the pavement.

10.    In formulating his opinions, Mr. Drennan referred to drawings and specifications promulgated by the LDOTD, the Department of Public Works for the City of Baton Rouge, the Jefferson Parish Department of Engineering, and the American Concrete Institute ("ACI").  Mr. Drennan also reviewed the geotechnical reports prepared for the projects at issue.

11.    Mr. Drennan testified that LDOTD drawings and specifications are regularly referred to in construction plans and specifications, and that they, along with other government and industry specifications, were referenced in the plans and specifications prepared by URS and the geotechnical reports commissioned by URS.

12.    Mr. Drennan also performed three site visits to H&E facilities in Kenner and Baton Rouge, Louisiana to perform visual inspections of the pavement.

13.    Mr. Drennan analyzed whether the design reflected in URS's drawings complied with the above mentioned governmental and industry specifications.

14.    Mr. Drennan further considered whether the deficiencies he identified in URS's drawings were consistent with the random cracking and other concrete pavement failures that were observed and reported at H&E's facilities.

15.    Mr. Drennan calculated the cost to replace the pavement at the Kenner and Baton Rouge facilities with pavement that met the minimum requirements of the LDOTD standards assuming two different pavement thicknesses.

5

NON-CERTIFIED COPY

## CONCLUSIONS OF LAW

Based upon Mr. Drennan and Dr. Bailey's testimony as well as the pleadings and exhibits submitted by the parties, the Court makes the following conclusions of law regarding Mr. Drennan and Dr. Bailey in accordance with Article 1425(f) of the Louisiana Code of Civil Procedure.

1. La. Code Evid. art. 702 provides:

   > If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

2. An expert's opinion is properly admitted if:

   > (1) the expert is qualified to testify competently regarding the matters he intends to address;
   >
   > (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and
   >
   > (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Cheairs v. State ex rel. Dep't of Transp. & Dev.*, 2003-0680 (La. 12/3/03); 861 So. 2d 536, 542.

3. The "determination of the admissibility of expert testimony under La. Code of Civ. Proc. art. 702 'turns upon whether it would assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Cheairs*, 861 So.2d at 541-42.

4. "Generally, the test for determining an expert's competency is the expert's knowledge of the subject about which he is called upon to express an opinion." *State v. Ferguson*, 2009–1422, (La. App. 4 Cir. 12/15/10); 54 So.3d 152, 166.

5. "Experience alone is normally sufficient to qualify a witness as an expert." *Cheairs*, 861 So.2d at 554.

6. Under Articles 702-705 of the Louisiana Code of Evidence, Dr. Bailey may testify at trial on whether the design of pavement reflected in URS's drawings was defective, the standard of care of an engineer as applied to the facts of this case, and the increased cost attributable to changes in the scope of work.

7. Under Article 702 of the Louisiana Code of Evidence, Dr. Bailey is qualified as an expert in these areas based upon his education, training, knowledge, and work experience.

8. Dr. Bailey is competent to testify on the above subject matters. Dr. Bailey has over 35 years of experience in engineering. Dr. Bailey has a Ph.D. in civil engineering and passed the

6

1245611v.1

NON-CERTIFIED COPY

Fundamentals of Engineering Exam and the Principles and Practice of Engineering Exam where his specialty was structures, including geotech and transportation.

9.      Dr. Bailey is also a licensed engineer in nine states, including in Louisiana.  Dr. Bailey also has work experience performing assessments of industrial and commercial facilities involving reinforced concrete in Louisiana and other states.

10.     As a licensed civil engineer with experience with reinforced concrete, Dr. Bailey is competent to opine as to the standard of care and whether the deficiencies in URS's design amount to a deviation and/or a gross deviation from the standard of care.

11.     Dr. Bailey is also competent to testify as to the increased costs attributable to changes in the scope of work.  His opinion on this topic is based on his own professional experience, and his opinion was validated by his colleague at Exponent.

12.     Under Article 703 of the Louisiana Code of Evidence, Dr. Bailey's opinion is reliable. Based upon his testimony, he reviewed URS's designs and performed multiple site visits.  In forming his opinions, Dr. Bailey referred to standard specifications and requirements promulgated state and local governments on pavement as well as industry specifications.  The same specifications were referred to in URS's drawings and geotechnical reports commissioned by URS. The standards used by Dr. Bailey are reliable.

13.     Dr. Bailey's testimony will assist the trier of fact, through his specialized expertise based upon his training as a civil engineer and work experience as a licensed engineer, to determine whether URS's pavement designs were in fact defective.

14.     Dr. Bailey's testimony on standard of care of an engineer will assist the trier of fact, through his training and work as a licensed civil engineer, to determine whether URS breached their standard of care and whether URS's breach constituted a gross deviation from the standard of care.

15.     Finally, Dr. Bailey's testimony on the increased costs attributable to changes in a scope of work will assist the trier of fact, through his specialized understanding of the cost versus time model, to determine the extent of damages, if any, that H&E suffered as a result of URS's changes in the scope of other design work.

16.     Under Articles 702-705 of the Louisiana Code of Evidence, Mr. Drennan may testify at trial on whether the design of the pavement at H&E's Baton Rouge and Kenner facilities deviated from relevant governmental and industry specifications and requirements and whether

7

NON-CERTIFIED COPY

the failures he observed in the pavement at H&E's facilities were consistent with the deviations he identified. Mr. Drennan may further testify at trial regarding the cost to repair the pavement at H&E's Kenner and Baton Rouge facilities.

17.    Under Article 702 of the Louisiana Code of Evidence, Mr. Drennan is qualified as an expert in these areas based upon his knowledge and work experience. *See Cheairs*, 861 So.2d at 554.

18.    Mr. Drennan is competent to testify as to the above subject matters. Mr. Drennan has over 30 years of experience with concrete pavement, including pouring concrete pavement, overseeing the pouring of concrete pavement, managing projects with concrete pavement, and estimating projects with concrete pavement. Further, Mr. Drennan has also participated in the revision of standards for concrete pavement including standards promulgated by the LDOTD and City of New Orleans. Finally, in the course of his work, Mr. Drennan has observed firsthand the failure of pavement from a number of causes, including failure that occurs when it the pavement does not have properly designed contraction and expansion joints.

19.    Under Article 703 of the Louisiana Code of Evidence, Mr. Drennan's opinion is reliable. Based upon Mr. Drennan's testimony, he reviewed URS's designs and performed multiple site visits. In forming his opinions, Mr. Drennan referred to standard specifications used by state and local governments as well as industry standards for pavement construction. The same standards were referred to in URS's plans and specifications and the geotechnical reports. The standards used by Mr. Drennan are reliable.

20.    Mr. Drennan's testimony will assist the trier of fact in determining (1) whether URS's pavement designs were defective, (2) whether the cracking and other pavement failures were likely caused by the defective designs, and (3) the cost to repair the pavement at H&E's Kenner and Baton Rouge facilities.

Respectfully submitted,

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
Rebecca Sha, La. Bar No. 35317
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*

FILED

NOV 21 2017

DEPUTY CLERK OF COURT

2:08pm

8

1245611v.1

NON-CERTIFIED COPY

**C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by facsimile, email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 16 day of November, 2017.

_____
Loretta G. Mince

**FILED**

NOV 2 1 2017

DEPUTY CLERK OF COURT

9

1245611v.1

NON-CERTIFIED COPY

EBR CLERK OF COURT Fax 2253893392    Nov 16 2017 09:16am P001/001



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

NUMBER C626308  Division D                          Date:   16-NOV-2017
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LORETTA G MINCE
       CORRERO FISHMAN HAYGOOD ET AL
       201 ST CHARLES AVE 46TH FL
       NEW ORLEANS LA 70170-4600

Item(s) Received: PLAINTIFFS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Total Amount Due (includes all applicable fees below) $ 131.00

The Clerk of Court's office has received, by facsimile transmission dated 11/16/17, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)        A transmission fee of five dollars
13:841(A)(2)(a)  First page of each pleading, six dollars
13:841(A)(2)(b)  Each subsequent page, four dollars
13:841(A)(2)(c)  Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)  Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
### UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
### SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
### IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.



Deputy Clerk of Court for
Doug Welborn, Clerk of Court

5249 - LTR / FAX RECT

✱ ✱

NON-CERTIFIED COPY

CIVIL EVIDENCE

NUMBER C 260308   DIV. D

H & E Equipment SRVCS   POSTE

URS Corp Architecture

DEC 13 20??

DATE FILED IN EVIDENCE: 11-9-17   BY COURT REPORTER: Lori Achee

LIST EXHIBITS:

PLTF-1   Letter from WCD to Lori Mince   July 28, 20?

PLTF-2   Dr. Bailey's, PHD, P.E. Report

D-1   Guide for Design and construction of concrete
Parking Lots

EVID-17-001456

INFORMATION BELOW THIS LINE SHALL BE FILLED IN BY A DEPUTY CLERK FROM THE CIVIL SUIT RECORD DEPARTMENT AT THE TIME THE EVIDENCE IS CHECKED IN.

D        ED TO CIVIL SUIT RECORDS BY: _____

(Signature)

_____

(Print Name)

ECEIVED IN CIVIL SUIT RECORDS: December 7, 2017

BY DEPUTY CLERK Megan Batiste

EBR4463193

NON-CERTIFIED COPY

8 Rev. 8/9

CIVIL EVIDENCE

NUMBER _C 260308_                           DIV. ___ D

**POSTED**

H & E Equipment SRVCS

DEC 13 2017   PLAINTIFF

URS Corp Architecture

DEFENDANT

DATE FILED IN EVIDENCE: 11-9-17          BY COURT REPORTER: _Lori Achee_

LIST EXHIBITS:

PLTF-1  Letter from WCD to Lori Mince   July 28, 2016

PLTF-2   Dr. Bailey's, PHD, P.E. Report

D-1   Guide for Design and construction of concrete
                                    Parking lots

EVID-17-001456

INFORMATION BELOW THIS LINE SHALL BE FILLED IN BY A DEPUTY CLERK FROM THE CIVIL SUIT RECORDS DEPARTMENT AT THE TIME THE EVIDENCE IS CHECKED IN.

DELIVERED TO CIVIL SUIT RECORDS BY: _____

_(Signature)_

_____

_(Print Name)_

DATE RECEIVED IN CIVIL SUIT RECORDS: _December 7, 2017_

BY DEPUTY CLERK: _Megan Batiste_

EBR4463194

28 Rev. 8/99

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | PARISH OF EAST BATON ROUGE |
| | * | COST OK $_____ ✓ |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * | STATE OF LOUISIANA    JAN 1 0 2018 |
| | * | DEPUTY CLERK OF COURT |

## DEFENDANTS' NOTICE OF INTENT TO SEEK SUPERVISORY WRIT

TO:    Honorable Janice G. Clark
        District Judge, 19th Judicial District Court
        Parish of East Baton Rouge
        300 North Boulevard
        Baton Rouge, LA  70802

        H&E Equipment Services, Inc.
        Through its Counsel of Record
        Brent B. Barriere
        Loretta G. Mince
        Rebecca Sha
        Fishman Haygood LLP
        201 St. Charles Avenue – 46th Floor
        New Orleans, LA 70170

Pursuant to Rule 4-2 of the Uniform Rules of Louisiana Courts of Appeal, defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"), hereby give notice of their intention to apply to the Court of Appeal, First Circuit, for a supervisory writ seeking review of this Court's December 7, 2017 Judgment, notice of which is dated December 11, 2017, in which the Court DENIED Defendants' Motion In Limine to Strike Expert Report and to Exclude Proposed Testimony of Mr. Wallace C. Drennan, III and



EBR453342

1

REC'D C.P.

JAN 1 2 2018

NON-CERTIFIED COPY

DENIED Defendants' Motion In Limine to Strike Expert Report and to Exclude
Proposed Testimony of Dr. James R. "Bob" Bailey.

In accordance with La. Ct. App. Unif. R. 4-3, Defendants request that this Court
set a return date of January 10, 2018 by which the application is to be filed in the Court
of Appeal.

January 10, 2018.

Respectfully submitted,

ADAMS AND REESE LLP



Philip A. Franco (La. #5819)
Phil.Franco@arlaw.com
Don S. McKinney (La. #26685)
Don.McKinney@arlaw.com
Jeffrey E. Richardson (La. #23273)
Jeff.Richardson@arlaw.com
Kellen J. Mathews (La. #31860)
Kellen.Mathews@arlaw.com
ADAMS AND REESE, LLP
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax:  (504) 566-0210

*Attorneys for Defendants-Applicants*
*URS Corporation Architecture, P.C., URS*
*Corporation, L. O'Neal Johnson and*
*Thomas Ryan, III*

2

NON-CERTIFIED COPY

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served

on all counsel of record by electronic mail and/or U.S. Mail, postage prepaid and

properly addressed, this 10th day of January, 2018.

_____

Kellen J. Mathews

FILED
EAST BATON ROUGE PARISH, LA
2018 JAN 10  AM 10:10

DEPUTY CLERK OF COURT

3

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES      *      SUIT NO. 626,308   DIV.: D

VERSUS      *      19TH JUDICIAL DISTRICT COURT

URS CORPORATION      *      PARISH OF EAST BATON ROUGE
ARCHITECTURE, P.C., URS
CORPORATION, L. O'NEAL      *      STATE OF LOUISIANA
JOHNSON AND THOMAS E.
RYAN, III

---

## ORDER

---

Considering the Notice Of Intent to Seek a Supervisory Writ filed on behalf of

defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson

and Thomas E. Ryan, III, this Court hereby sets a return date of January 10, 2018, by

which the application for a supervisory writ is to be filed in the Court of Appeal.

Baton Rouge, Louisiana, January _10_, 2018.

_Janice Clark_
Hon. Janice Clark
Judge, 19th JDC

I hereby certify that on this day a notice of the
above judgement was mailed by me, with sufficient
postage affixed, to Chetwood, Franco, Whitmana,
Carlisle, Mathews.
Done and signed on _1-11-18_
_(signature)_
Deputy Clerk of Court

FILED
EAST BATON ROUGE PARISH, LA
2018 JAN 10 AM 10: 10
_(signature)_
DEPUTY CLERK OF COURT

1

NON-CERTIFIED COPY

## FISHMAN HAYGOOD, L.L.P.

201 ST. CHARLES AVENUE
46TH FLOOR
NEW ORLEANS, LA 70170
PHONE: (504) 586-5252
FAX: (504) 586-5250

# FAX

**TO:**   Clerk, 19th JDC                **FAX NUMBER:** 225-389-3392
          Parish of East Baton Rouge

**FROM:** Loretta G. Mince              **DIRECT DIAL NO:** 504-586-5273

**DATE:** January 25, 2018             **FILE NO.** 3107-04

We are sending 4 pages (including this page)

If there are any problems, please contact Carla at 586-5246.

         Re:   *H&E Equipment Services, Inc. v URS Corporation Architecture, P.C., et al*
               19th JDC, Doc. No. 626,308, Sec. "D"

Dear Clerk:

         Attached please find a Motion to Set Trial Date and Incorporated Memorandum in
Support and Order to be filed on behalf of H&E Equipment Services, Inc. Please confirm *via*
facsimile the cost for **fax and filing** the attached document. As required, the original document
will be forwarded for filing within seven (7) days along with a check to cover the fees for filing
by fax.

         Thanking you in advance for your assistance.

                                                    Respectfully,

                                                    *Carla Cooper Mayer*

                                                    Carla Cooper Mayer
                                                    Legal Assistant Loretta G. Mince

cc:     Philip A. Franco, Esq. (*via* Philip.franco@arlaw.com)

859269v.1

NON-CERTIFIED COPY

EBR454209G

```
** Transmit Conf.Report **
```

P.1
EBR CLERK OF COURT    Fax 2253893392                  Jan 26 2018 02:02pm

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915045865250 | Normal | 26:02:02pm | 0'26" | 1 | # O K | |



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

NUMBER C626308  Division D                              Date:    25-JAN-2018
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:    LORETTA G MINCE
       CORRERO FISHMAN HAYGOOD ET AL
       201 ST CHARLES AVE 46TH FL
       NEW ORLEANS LA 70170-4600

Item(s) Received: MOTION TO SET TRIAL DATE

Total Amount Due (includes all applicable fees below) $ 63.00

The Clerk of Court's office has received, by facsimile transmission dated 1/25/18, documents in the above referenced case. In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)       A transmission fee of five dollars
13:841(A)(2)(a)    First page of each pleading, six dollars
13:841(A)(2)(b)    Each subsequent page, four dollars
13:841(A)(2)(c)    Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)    Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT**
**UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.**
**SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.**
**IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Antonequia Butler*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT



NON-CERTIFIED COPY



# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

NUMBER C626308  Division D                          Date:   25-JAN-2018
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:   LORETTA G MINCE
       CORRERO FISHMAN HAYGOOD ET AL
       201 ST CHARLES AVE 46TH FL
       NEW ORLEANS LA 70170-4600

Item(s) Received: MOTION TO SET TRIAL DATE

Total Amount Due (includes all applicable fees below) $ <u>63.00</u>

The Clerk of Court's office has received, by facsimile transmission dated <u>1/25/18</u>, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)      A transmission fee of five dollars
13:841(A)(2)(a)   First page of each pleading, six dollars
13:841(A)(2)(b)   Each subsequent page, four dollars
13:841(A)(2)(c)   Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)   Issuing document without notice of service, fifteen dollars (Receipt generation fee)

<u>NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT
UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.</u>

<u>SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING.
SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.</u>

<u>IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED.
IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.</u>

*Antoyequia Butler*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT





# DOUG WELBORN
## CLERK OF COURT

PARISH OF EAST BATON ROUGE

Suit Accounting Dept.

P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

NUMBER C626308  Division D                                    Date:   25-JAN-2018
H&E EQUIPMENT SERVICES INC
VS
URS CORPORATION ARCHITECTURE PC ET AL

To:     LORETTA G MINCE
        CORRERO FISHMAN HAYGOOD ET AL
        201 ST CHARLES AVE 46TH FL
        NEW ORLEANS LA 70170-4600

Item(s) Received: MOTION TO SET TRIAL DATE

Total Amount Due (includes all applicable fees below) $ 63.00

The Clerk of Court's office has received, by facsimile transmission dated 1/25/18, documents in the above referenced case.  In accordance with R.S. 13:850 (B), within seven days, exclusive of holidays, the party filing the document shall forward to the clerk the original signed document, applicable fees and a transmission fee.  The fax transmission fee is also required of forma pauperis filings and filing by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3)        A transmission fee of five dollars
13:841(A)(2)(a)     First page of each pleading, six dollars
13:841(A)(2)(b)     Each subsequent page, four dollars
13:841(A)(2)(c)     Paper exhibits, attachments, transcripts and depositions – per page, two dollars
13:841(A)(4)(b)     Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENTS.

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Antonequia Butler*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

5249 – LTR / FAX RECT

REC'D OF

FEB 28 2018



NON-CERTIFIED COPY

COST OK $ *63.00*

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

JAN 29 2018

*#71995*
DEPUTY CLERK OF COURT

DOCKET NO.: 626,308                                     SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

POSTED
JAN 31 2018

FILED: _____           _____
                                          DEPUTY CLERK

## MOTION TO SET TRIAL DATE AND
## INCORPORATED MEMORANDUM IN SUPPORT

Plaintiff H&E Equipment Services, Inc. respectfully moves this Court to set a new trial

date for the following reasons:

1.

This case was previously set for trial on August 16, 2017.

2.

On August 14, 2017, the Court of Appeal, First Circuit granted a writ application filed by

Defendants URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and

Thomas E. Ryan, III and remanded the Court to conduct hearing on Defendants' motion in

limine relating to Plaintiff's experts. As a result, the Court passed the matter for trial on August

16, 2017.

3.

On November 9, 2017, the Court conducted a hearing on Defendants' motion in limine

relating to Plaintiff's experts and rendered a judgment on December 7, 2017.

4.

Accordingly, Plaintiff moves this Court to set a new trial date. Plaintiff anticipates that

this matter can be tried before a jury in five (5) days.

**WHEREFORE**, Plaintiff H&E Equipment Services, Inc. respectfully requests that this

Honorable Court grant its Motion to Set Trial Date and set this matter for a jury trial.

EBR454246

FAX COPY FILED 1/25/18    RECORD...
ORIGINAL FILED 1/29/18    FEB 2...

1280952v.1

NON-CERTIFIED COPY

Respectfully submitted,

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
Rebecca Sha, La. Bar No. 35317
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by facsimile, email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 25 day of January, 2017.

Loretta G. Mince

1280952v.1

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____          _____
                                                                      DEPUTY CLERK

## ORDER ON MOTION TO SET TRIAL DATE

Considering Plaintiff H&E Equipment Services, Inc.'s Motion to Set Trial Date,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the motion be **GRANTED**;

This Court hereby sets a five (5) day jury trial in this matter to commence on
_July 17_____ 2018 at **9:30**__o'clock A.M./P.M, *which the*
*Court may Extend.*

Baton Rouge, Louisiana, this ___7___ day of ___Feb___ 2018.

_____
JUDGE 19TH JUDICIAL DISTRICT COURT
THE HONORABLE JANICE CLARK

3

NON-CERTIFIED COPY



**Attorneys at Law**
Alabama
Florida
Georgia
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

**Kellen J. Mathews**
Direct: 225.378.3243
E-Fax: 225.336.5115
kellen.mathews@arlaw.com

January 30, 2018

<u>**VIA HAND DELIVERY**</u>

Honorable Doug Welborn
Clerk of Court, 19th Judicial District Court
East Baton Rouge Parish
300 North Boulevard
Baton Rouge, LA 70801

RE:    H&E Equipment Services v. URS Corporation, et al
        19th JDC No. 626308(D)
        Our File No. 25240-3

Dear Mr. Welborn:

Enclosed please find the Opposition to Plaintiff's Motion to Set Trial Date, which we are filing into the record on behalf of URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III (collectively referenced herein as "Defendants"). This pleading is being filed via hand delivery on this date, with the original and two copies. Per your staff, there are enough funds in the suit to cover the costs of the filing fee.

Thank you and please don't hesitate to contact us if you have any questions.

Sincerely,

**ADAMS AND REESE, LLP**

REC'D C.F

FEB 21 2018

Mandy B. Jones
Legal Secretary to Kellen J. Mathews



mbj
cl.

NON-CERTIFIED COPY

H&E EQUIPMENT SERVICES          *     SUIT NO. 626,308     DIV.: D

**VERSUS**                            POSTED 9TH JUDICIAL DISTRICT COURT

URS CORPORATION                  JAN 3 1 2018 PARISH OF EAST BATON ROUGE
ARCHITECTURE, P.C., URS
CORPORATION, L. O'NEAL                STATE OF LOUISIANA
JOHNSON AND THOMAS E. RYAN,                           COST OK $
III
                                              JAN 2019 2018
                                         DEPUTY CLERK OF COURT

_____

### OPPOSITON TO PLAINTIFF'S MOTION TO SET TRIAL DATE
_____

**NOW INTO COURT,** through undersigned counsel, come URS CORPORATION

ARCHITECTURE, P.C. ("URS Architecture"), URS CORPORATION ("URS Corporation"), L.

O'NEAL JOHNSON ("Johnson") AND THOMAS E. RYAN, III, ("Ryan") (all collectively

referred to hereinafter as "Defendants"), who respectfully submit this Opposition to the Motion

to Set Trial Date filed by Plaintiff, H&E Equipment Services, Inc., as follows:

Defendants currently have, pending before this Court, a Motion to Set Trial Date which

was filed on August 18, 2017. In light of this pending motion, Plaintiff's motion is superfluous,

unnecessary, and subject to mootness pending this Court's action on Defendants' prior-filed

motion. As evidenced by the August 18, 2017 Motion to Set Trial Date, Defendants desire a trial

date in this matter, but, in addition to a request that their prior-filed motion be granted and

Plaintiff's motion be denied as moot, Defendants submit this opposition to contest the length of

trial that Plaintiffs' suggest will be required in this matter.

As Defendants' advised the Court in the August 18, 2017 Motion to Set Trial Date,

"Defendants anticipate that this matter can be tried before the jury in 7 days." Def. Mot. to Set

Tr. Date at ¶3. Plaintiff, in its Motion to Set Trial Date, which was filed 5 months after

Defendants' motion, Plaintiff indicates that "this matter can be tried before a jury in five (5)

days." Pltff. Mot. to Set Tr. Date at ¶4. However, unless the Court grants Defendants' pending

Motion in Limine to exclude evidence as to liability and damages relative to the Kenner facility,

evidence will necessarily be presented regarding that site thereby extending the duration of the

trial. As set forth in the memoranda supporting Defendants' motion, based on this Court's ruling

granting Defendants' motion for summary judgment as to the Kenner facility, evidence as to the

EBR4542398

REC'D C.P.

1

FEB 2 1 2018

NON-CERTIFIED COPY

Kenner facility should be excluded as irrelevant, prejudicial, potentially confusing to the jury, and serving only to further extend the trial.  Thus, at this time, without a ruling on the motion in limine excluding evidence as to the Kenner location at trial, Defendants submit that 7 days are required to present the case to the jury.

Respectfully submitted,

**ADAMS AND REESE LLP**

Philip A. Franco (Bar #5819), TA
Ron Sholes (Bar # 14436)
Jeffrey E. Richardson (Bar # 23273)
Don S. McKinney (Bar # 26685)
Kellen J. Mathews (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana  70139
Telephone: (504) 581-3234
Fax: (504) 566-0210
**Attorneys for Defendants,**
**URS Corporation Architecture, P.C.;**
**URS Corporation; L. O'Neal Johnson**
**and Thomas E. Ryan, III**



NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was served upon all counsel of record via e-mail and/or United States Mail, postage prepaid and properly addressed, this 30th day of January, 2018.

_____
Kellen J. Mathews



NON-CERTIFIED COPY

2414-14-000005

# ANSWER AND RECONVENTIONAL DEMAND CITATION

**H&E EQUIPMENT SERVICES INC**
**(Plaintiff)**

**vs.**

**URS CORPORATION ARCHITECTURE PC**
**ET AL)**
**(Defendant)**

**NUMBER  C626308 Division D**

**19ᵗʰ JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:    H&E EQUIPMENT SERVICES INC**
**THRU EDWARD J PAEROUSE II**
**451 FLORIDA ST., 8ᵀᴴ FLOOR**
**BATON ROUGE, LA 70801**

GREETINGS:

The defendant has filed an ANSWER, AFFIRMATIVE DEFENSES AND RECONVENTIONAL DEMAND ON BEHALF OF DEFENDANTS.  A certified copy is attached.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

If you do not do what the Reconventional Demand asks or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 15-JAN-2014.

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

*Also attached are the following documents:

## SERVICE INFORMATION:

Received on the _22_ day of _Jan._, 20_14_ and on the _22_ day of _Jan._, 20_14_, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _451 Florida St. 8th Floor._

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _EBR_, this _23_ day of _Jan._, 20_14_.

SERVICE:    $_____
MILEAGE    $_____
TOTAL:    $_____

_S. Deroin # 1006_
Deputy Sheriff
Parish of East Baton Rouge
**ANSWER AND RECONVENTIONAL DEMAND CITATION - 2414**

FILED

JAN 27 2014

_____
DEPUTY CLERK OF COURT



EBR2185667

NON CERTIFIED COPY

19TH JUDICIAL DISTRICT COURT

THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NUMBER 626308    DIV. D

H + E Equipment

VERSUS

URS - Corp.

### JURY ORDER

CONSIDERING the above and foregoing application, in accordance with R.S. 13:3049, C.C.P. 1734 and C.C.P. 1734.1,

IT IS ORDERED that movers for the jury trial deposit of $150.00 cash as "Juror filing fees" and $2,000.00 cash for the first day and $400.00 cash for each day the trial is estimated to last, for a minimum **4** day jury trial.

IT IS FURTHER ORDERED that said cash deposits shall be filed with the Clerk of Court with 30 days hereof.  The receipt for the deposit shall be presented to the Court immediately thereafter.  If the deposit is not timely made, any other party shall have an additional ten days to make the required deposit.  Failure to post cash deposits shall constitute a waiver of a trial by jury.

Baton Rouge, Louisiana, this _20_ day of _Feb_, 2018.

**FILED**

FEB 20 2018

DEPUTY CLERK OF COURT

JANICE CLARK, JUDGE

REC'D C.R.

FEB 28 2018

NON-CERTIFIED COPY

EBR4575039

# ADAMS AND REESE LLP

®

**Attorneys at Law**
Alabama
Florida
Georgia
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

March 8, 2018

POSTED

MAR 09 2018



Kellen J. Mathews
Direct: 225.378.3243
E-Fax: 225.336.5115
kellen.mathews@arlaw.com

**By Hand Delivery**
Honorable Doug Welborn
Clerk of Court, 19th Judicial District Court
East Baton Rouge Parish
300 North Boulevard
Baton Rouge, LA 70801

RE:   H&E Equipment Services v. URS Corporation, et al
      19th JDC No. 626308(D)
      Our File No. 25240-3

CK Amt 641.°°
                75524

MAR 09 2016

BY

Dear Mr. Welborn:

Please issue trial subpoenas on behalf of Defendant, URS Corporation, for the following witnesses to appear for trial in the above matter commencing on July 17, 2018, at 9:30 a.m. before Judge Janice Clark, Division D, Room 10A, Baton Rouge, LA:

1436714

1.   Stephan Dorsey              Or        5227 Riverbend Boulevard
     Milton Womack, Inc.                   Baton Rouge, LA 70820
     8400 Jefferson Highway
     Baton Rouge, LA 70809

1436715

2.   Andre M. Rodrigue           Or        5134 Riverbend Boulevard
     Stantec Consulting Services           Baton Rouge, LA 70820
     500 Main Street
     Baton Rouge, LA 70801

EBR4656312

450 Laurel Street, Suite 1900 | Baton Rouge, Louisiana  70801 | 225.336.5200 | Fax 225.336.5220
www.adamsandreese.com

NON-CERTIFIED COPY

*1436717*

3.     Brad Reese
        6737 General Haig
        New Orleans, LA 70124

If you have any questions, please do not hesitate to contact me at 378-3243.

Sincerely,

**ADAMS AND REESE, LLP**

Kellen J. Mathews

/tdw

NON-CERTIFIED COPY

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
### 300 North Boulevard
### Baton Rouge, LA 70801
### Phone (225)389-3960

NO.    C626308 Division D            13-MAR-2018

TO:    ORLEANS PARISH SHERIFFS OFFICE
       CIVIL DEPARTMENT
       421 LOYOLA AVE
       NEW ORLEANS, LA 70112

Please find attached ONE CIVIL SUBPOENA to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X    note the enclosed check for payment of service;

     send us your bill for service;

     note that this is a pauper suit and no funds are available; or

     note that this is a government suit and no funds are necessary.

Thank You,

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

Requesting Attorney:  **KELLEN J MATHEWS**

REPLY:                              DATE:_____

_____

_____

_____

_____

_____

                    By:_____

                    Deputy Sheriff, Parish of _____

Letter to Out Of Parish Sheriff - 5213



NON-CERTIFIED COPY

6801-18-000240

# CIVIL SUBPOENA

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC ET AL**
(Defendant)

**NUMBER**     C626308 Division D

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:     ANDRE M RODRIGUE
        STANTEC CONSULTING SERVICES
        500 MAIN STREET
        BATON ROUGE, LA.  70801
OR      5134 RIVERBEND BLVD.

        BATON ROUGE, LA.  70820

       You must come to Court at 300 North Boulevard, Baton Rouge, Louisiana, on **JULY 17, 2018**, at **9:30** o'clock **AM**, Courtroom No. 10-A, Judge **JANICE CLARK**.

       You must remain in Court until discharged by the Judge. You must testify to the truth, to the best of your knowledge, in this case, under DIRECT/CROSS examination. (Ordered by **KELLEN J MATHEWS**, Attorney.)

       **IF YOU DO NOT APPEAR, YOU WILL BE VIOLATING THE LAW AND MAY BE SUBJECT TO PENALTIES.**

       Ordered by the Court on **13-MAR-2018**, Baton Rouge, Louisiana.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20___, and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:**  Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:     $_____
MILEAGE      $_____          _____
TOTAL:       $_____                    Deputy Sheriff



NON-CERTIFIED COPY

EBR4662751

6701-18-000118

# CIVIL SUBPOENA

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**NUMBER**    **C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:    BRAD REESE
         6737 GENERAL HAIG
         NEW ORLEANS, LA.  70124**

You must come to Court at 300 North Boulevard, Baton Rouge, Louisiana, on **JULY 17, 2018**, at **9:30** o'clock **AM**, Courtroom No. **10-A**, Judge **JANICE CLARK**.

You must remain in Court until discharged by the Judge. You must testify to the truth, to the best of your knowledge, in this case, under DIRECT/CROSS examination. (Ordered by **KELLEN J MATHEWS**, Attorney.)

IF YOU DO NOT APPEAR, YOU WILL BE VIOLATING THE LAW AND MAY BE SUBJECT TO PENALTIES.

Ordered by the Court on **13-MAR-2018**, Baton Rouge, Louisiana.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20____.

SERVICE:     $_____
MILEAGE     $_____      _____
TOTAL:       $_____              Deputy Sheriff

**CIVIL SUBPOENA – OOP - 6701**



NON-CERTIFIED COPY

EBR4662754

6801-18-000239

# CIVIL SUBPOENA

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC ET AL**
(Defendant)

**NUMBER    C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    STEPHAN DORSEY
      MILTON WOMACK, INC.
      8400 JEFFERSON HIGHWAY
      BATON ROUGE, LA.   70809
      OR
      5227 RIVERBEND BLVD.
      BATON ROUGE, LA.  70820

You must come to Court at 300 North Boulevard, Baton Rouge, Louisiana, on **JULY 17, 2018**, at **9:30** o'clock **AM**, Courtroom No. **10-A**, Judge **JANICE CLARK**.

You must remain in Court until discharged by the Judge. You must testify to the truth, to the best of your knowledge, in this case, under DIRECT/CROSS examination. (Ordered by **KELLEN J MATHEWS**, Attorney.)

IF YOU DO NOT APPEAR, YOU WILL BE VIOLATING THE LAW AND MAY BE SUBJECT TO PENALTIES.

Ordered by the Court on **13-MAR-2018**, Baton Rouge, Louisiana.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:    $_____
MILEAGE    $_____        _____
TOTAL:    $_____              Deputy Sheriff

EBR4662746

NON-CERTIFIED COPY

6801-18-000239

205

# CIVIL SUBPOENA

| | |
|---|---|
| **H&E EQUIPMENT SERVICES INC**<br>(Plaintiff) | **NUMBER**    C626308 Division D |
| | **19th JUDICIAL DISTRICT COURT** |
| **vs.** | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION ARCHITECTURE PC ET AL**<br>(Defendant) | **STATE OF LOUISIANA** |

**TO:**    STEPHAN DORSEY
      MILTON WOMACK, INC.
      8400 JEFFERSON HIGHWAY
      BATON ROUGE, LA.   70809
      OR
      5227 RIVERBEND BLVD.
      BATON ROUGE, LA.  70820

You must come to Court at 300 North Boulevard, Baton Rouge, Louisiana, on **JULY 17, 2018**, at **9:30** o'clock **AM**, Courtroom No. **10-A**, Judge **JANICE CLARK**.

You must remain in Court until discharged by the Judge. You must testify to the truth, to the best of your knowledge, in this case, under DIRECT/CROSS examination.  (Ordered by **KELLEN J MATHEWS**, Attorney.)

IF YOU DO NOT APPEAR, YOU WILL BE VIOLATING THE LAW AND MAY BE SUBJECT TO PENALTIES.

Ordered by the Court on **13-MAR-2018**, Baton Rouge, Louisiana.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.

| | |
|---|---|
| SERVICE: | $ _____ |
| MILEAGE | $ _____ |
| TOTAL: | $ _____ |

_____
Deputy Sheriff

I made service on the named party

by tendering a copy of this document on this day

MAR 15 2018

to *Mark Gallegos*

*B James* 0293

Deputy Sheriff, Parish of East Baton Rouge, LA

EBR4501448

EBR4662746

NON-CERTIFIED COPY

6801-18-000240

# CIVIL SUBPOENA

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**NUMBER**    C626308 Division D

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **ANDRE M RODRIGUE
STANTEC CONSULTING SERVICES
500 MAIN STREET
BATON ROUGE, LA.  70801**
OR    **5134 RIVERBEND BLVD.**

**BATON ROUGE, LA.  70820**

You must come to Court at 300 North Boulevard, Baton Rouge, Louisiana, on **JULY 17, 2018**, at 9:30 o'clock **AM**, Courtroom No. 10-A, Judge **JANICE CLARK**.

You must remain in Court until discharged by the Judge. You must testify to the truth, to the best of your knowledge, in this case, under DIRECT/CROSS examination. (Ordered by **KELLEN J MATHEWS**, Attorney.)

IF YOU DO NOT APPEAR, YOU WILL BE VIOLATING THE LAW AND MAY BE SUBJECT TO PENALTIES.

Ordered by the Court on **13-MAR-2018**, Baton Rouge, Louisiana.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20___ and on the _____ day of _____, 20___, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____ by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20___.

SERVICE:      $_____
MILEAGE      $_____      _____
TOTAL:        $_____            Deputy Sheriff

Tendering a copy of this document to

_Janice_

**MAR 2 0 2018**

_Dy. S. Derosin_
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

EBR4504882

EBR4662751

NON-CERTIFIED COPY

# ADAMS AND REESE LLP

**Attorneys at Law**
Alabama
Florida
Georgia
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

**Kellen J. Mathews**
Direct: 225.378.3243
E-Fax: 225.336.5115
kellen.mathews@arlaw.com

March 27, 2018

POSTED

MAR 29 2018

**By Hand Delivery**
Honorable Doug Welborn
Clerk of Court, 19th Judicial District Court
East Baton Rouge Parish
300 North Boulevard
Baton Rouge, LA 70801
**Attn: Megan Carter**

COST OKS $400.00
MAR 27 2018
DEPUTY CLERK OF COURT

RE:    H&E Equipment Services v. URS Corporation, et al
       19th JDC No. 626308(D)
       Our File No. 25240-3

Dear Megan:

   Per your telephone conversation with Theresa Wilson of my office on March 27th, enclosed is our check in the amount of $400.00, which represents the balance owed for the jury bond in the above matter.   Plaintiff posted a cash jury bond in the amount of $3,200 on July 7, 2017, for a 4 day jury trial.  However, Judge Clark has set a new jury trial date of July 17, 2018, for 5 days, therefore, an additional $400.00 is due for the jury bond.

   If you have any questions, please do not hesitate to contact me at 378-3243.

   Sincerely,

   ADAMS AND REESE, LLP

   Kellen J. Mathews

/tdw

EBR4651573

NON-CERTIFIED COPY

Rec'd
2/28/18

**19ᵀᴴ JUDICIAL DISTRICT COURT**
**PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**

**16-FEB-2018**

TO:    KELLEN J MATHEWS
       ATTORNEY AT LAW
       450 LAUREL ST STE 1900
       BATON ROUGE, LA 70801

**H&E EQUIPMENT SRVCS VS URS CORP ARCHITECTURE ETAL**

**CASE NUMBER:** C626308

**JUDGE:** JANICE CLARK

**DIVISION:** Division D **ROOM:** 10A

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE

AFOREMENTIONED CASE ON 17-JUL-2018 AT

09:30:00 AM FOR JURY TRIAL.

COMMENTS: 5 DAY JURY TRIAL (WHICH THE COURT MAY EXTEND).  SPECIAL
JURY CHARGES AND VERDICT FORMS DUE JULY 1, 2018.  JURY ORDER ENCLOSED.

                          EILEEN KNIGHT
                          JUDICIAL ASSISTANT TO JUDGE
                          JANICE CLARK

NOTIFIED:
ATY - ROY CLIFTON CHEATWOOD
ATY - PHILIP ANTHONY FRANCO
ATY - ANNE DERBES WITTMANN
ATY - M DAVID KURTZ
ATY - LORETTA G MINCE
ATY - EDWARD J LAPEROUSE
JDG - JANICE CLARK
ATY - LAURA E CARLISLE
ATY - KELLEN J MATHEWS
ATY - REBECCA SHA

Form 4501

NON-CERTIFIED COPY

FishmanHaygood

Fishman Haygood LLP
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
fishmanhaygood.com

REBECCA SHA
ASSOCIATE
(504) 556-5530
RSHA@FISHMANHAYGOOD.COM

POSTED
MAY 0 4 2018

April 30, 2018

3102004
COST OK Amt. 190

MAY 0 1 2018
BY 720 72/18
DY CLERK OF COURT

*VIA FEDERAL EXPRESS*

The Honorable Doug Welborn
Clerk of Court, 19th JDC
300 North Blvd.
Baton Rouge, Louisiana 70801

Re:    *H&E Equipment Services, Inc. v URS Corporation Architecture, P.C., et al*
       Docket No. 626308, Sec. "D"

Dear Mr. Welborn:

Please re-issue *trial subpoenas* on behalf of H&E Equipment Services through undersigned counsel for the following two witnesses to appear for a trial commencing on July 17, 2018 at 9:30 a.m. at 19th Judicial District Court, Parish of East Baton Rouge, 222 St. Louis Street, Judge Janice Clark, Division D, Room 10A, Baton Rouge, LA 70802:

1.    Timothy Gaines          1453547
      1140 Fairwinds Avenue
      Zachary, LA 70791

2.    Murray McCullough       1453548
      17622 Gray Moss Avenue
      Baton Rouge, LA 70817

REC'D C.P.
MAY 0 4 2018

Enclosed is our check in the amount of $190.00 for the issuance and service of the trial subpoenas by the sheriff. Please feel free to call me should you have any questions.

Sincerely,

Rebecca Sha

RS/dob
Enclosures
cc:    Lori Mince (via email)
       Brent Barriere (via email)
       Alysson Mills (via email)

EBR471467

1320484v.1

NON-CERTIFIED COPY

6801-18-000435

# CIVIL SUBPOENA

| | |
|---|---|
| **H&E EQUIPMENT SERVICES INC** <br> (Plaintiff) | **NUMBER    C626308 Division D** |
| | **19th JUDICIAL DISTRICT COURT** |
| **vs.** | **PARISH OF EAST BATON ROUGE** |
| **URS CORPORATION ARCHITECTURE PC ET AL** <br> (Defendant) | **STATE OF LOUISIANA** |

**TO:    MURRAY MCCULLOUGH**
**17622 GRAY MOSS AVE.**
**BATON ROUGE, LA.  70817**

You must come to Court at 300 North Boulevard, Baton Rouge, Louisiana, on **JULY 17, 2018**, at **9:30** o'clock **AM**, Courtroom No. **10-A**, Judge **JANICE CLARK**.

You must remain in Court until discharged by the Judge. You must testify to the truth, to the best of your knowledge, in this case, under DIRECT/CROSS examination.  (Ordered by **REBECCA SHA**, Attorney.)

IF YOU DO NOT APPEAR, YOU WILL BE VIOLATING THE LAW AND MAY BE SUBJECT TO PENALTIES.

Ordered by the Court on **07-MAY-2018**, Baton Rouge, Louisiana.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

| | |
|---|---|
| SERVICE: $_____ | |
| MILEAGE $_____ | _____ |
| TOTAL: $_____ | Deputy Sheriff |

NON-CERTIFIED COPY

EBR4768707

6801-18-000434

# CIVIL SUBPOENA

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC ET AL**
(Defendant)

**NUMBER    C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:    TIMOTHY GAINES**
**1140 FAIRWINDS AVE.**
**ZACHARY, LA.   70791**

You must come to Court at 300 North Boulevard, Baton Rouge, Louisiana, on **JULY 17, 2018**, at **9:30** o'clock **AM**, Courtroom No. **10-A**, Judge **JANICE CLARK**.

You must remain in Court until discharged by the Judge. You must testify to the truth, to the best of your knowledge, in this case, under DIRECT/CROSS examination.  (Ordered by **REBECCA SHA**, Attorney.)

IF YOU DO NOT APPEAR, YOU WILL BE VIOLATING THE LAW AND MAY BE SUBJECT TO PENALTIES.

Ordered by the Court on **07-MAY-2018**, Baton Rouge, Louisiana.

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____.

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:**  Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:      $_____
MILEAGE      $_____                _____
TOTAL:          $_____                          Deputy Sheriff



NON-CERTIFIED COPY
EBR4768705

6801-18-000435

# CIVIL SUBPOENA

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE PC ET AL**
(Defendant)

**NUMBER    C626308 Division D**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **MURRAY MCCULLOUGH**
**17622 GRAY MOSS AVE.**
**BATON ROUGE, LA.  70817**

You must come to Court at 300 North Boulevard, Baton Rouge, Louisiana, on **JULY 17, 2018**, at **9:30** o'clock **AM**, Courtroom No. **10-A**, Judge **JANICE CLARK**.

You must remain in Court until discharged by the Judge. You must testify to the truth, to the best of your knowledge, in this case, under DIRECT/CROSS examination.  (Ordered by **REBECCA SHA**, Attorney.)

IF YOU DO NOT APPEAR, YOU WILL BE VIOLATING THE LAW AND MAY BE SUBJECT TO PENALTIES.

Ordered by the Court on **07-MAY-2018**, Baton Rouge, Louisiana.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _9_ day of _May_, 20 _18_ and on the _9_ day of _May_, 20 _18_, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _17622 Gray Moss Ave_.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _9_ day of _May_, 20 _18_.

SERVICE:     $_____
MILEAGE     $_____          _Thomas Wahl_
TOTAL:     $_____                Deputy Sheriff

EBR4614483

EBR4768707

NON-CERTIFIED COPY

6801-18-000434

# CIVIL SUBPOENA

**H&E EQUIPMENT SERVICES INC**
(Plaintiff)

**vs.**

**URS CORPORATION ARCHITECTURE PC
ET AL**
(Defendant)

**NUMBER**    C626308 Division D

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:    TIMOTHY GAINES
1140 FAIRWINDS AVE.
ZACHARY, LA.  70791**

You must come to Court at 300 North Boulevard, Baton Rouge, Louisiana, on **JULY 17, 2018**, at **9:30** o'clock **AM**, Courtroom No. **10-A**, Judge **JANICE CLARK**.

You must remain in Court until discharged by the Judge. You must testify to the truth, to the best of your knowledge, in this case, under DIRECT/CROSS examination.  (Ordered by **REBECCA SHA**, Attorney.)

IF YOU DO NOT APPEAR, YOU WILL BE VIOLATING THE LAW AND MAY BE SUBJECT TO PENALTIES.

Ordered by the Court on **07-MAY-2018**, Baton Rouge, Louisiana.



Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the ___9___ day of ___May___, 20_18_ and on the ___10___ day of ___May___, 20_18_, served on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____

**DOMICILIARY SERVICE:**  On the within named ___Timothy Gaines___, by leaving the same at his domicile in this parish in the hands of ___Hollin Gaines, wife___, a person of suitable age and discretion residing in the said domicile at 1140 Fairwinds

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this ___10___ day of ___May___, 20_18_ _10:55_

SERVICE:    $_____
MILEAGE    $_____
TOTAL:    $_____

2173
Deputy Sheriff




NON-CERTIFIED COPY

EBR4768705

FishmanHaygood

Fishman Haygood LLP
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
fishmanhaygood.com

REBECCA SHA
ASSOCIATE
(504) 556-5530
RSHA@FISHMANHAYGOOD.COM

May 10, 2018

3107-04

*VIA U. S. MAIL*

The Honorable Doug Welborn
Clerk of Court, 19th JDC
300 North Blvd.
Baton Rouge, Louisiana 70801

POSTED

MAY 18 2018

Re:    *H&E Equipment Services, Inc. v URS Corporation Architecture, P.C., et al*
       Docket No. 626,308, Sec. "D"

Dear Mr. Welborn:

    Please find enclosed Motion to Withdraw Counsel filed on behalf of Plaintiff, H&E
Equipment Services, Inc.  I have also enclosed a self-addressed stamped envelope for return of a
stamped copy of the motion for our file.

    Your courtesy in this matter is appreciated.

Sincerely,

Rebecca Sha

RS/dob
Enclosure
cc:    Philip A. Franco (w/encs.) (via email)
       Kellen Matthews (w/encs.) (via email)
       Theresa Dries Wilson (w/encs.) (via email)
       Lori Mince (via email)
       Brent Barriere (via email)
       Alysson Mills (via email)

EBR4763855

REC'D C.P.

MAY 21 2018

RECEIVED

MAY 24 2018

1322665v.1

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURTPARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION,
L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III

COST OK $ _____
MAY 1 7 2018
DEPUTY CLERK OF COURT

FILED: _____        _____
                                              DEPUTY CLERK

**MOTION AND ORDER TO WITHDRAW COUNSEL**

**NOW INTO COURT** comes Plaintiff, H&E Equipment Services, Inc. and respectfully

moves this Court for an order permitting Rebecca Sha to withdraw as counsel of record for

Plaintiff, H&E Equipment Services, Inc.

**WHEREFORE**, Plaintiff prays that this Court grant its motion.

Respectfully submitted,

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
Rebecca Sha, La. Bar No. 35317
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*

EBR4763856

FILED
EAST BATON ROUGE PARISH LA
2018 MAY 17  AM 10: 14
DEPUTY CLERK OF COURT

1320610v.1

REC'D C.P.

MAY 21 2018

NON-CERTIFIED COPY

**C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing has been served upon all counsel

of record by facsimile, email and/or by placing same in the United States mail, postage prepaid

and properly addressed, this day, May 10, 2018.

_____

FILED
EAST BATON ROUGE PARISH LA
2018 MAY 17 AM 10:14
_____
DEPUTY CLERK OF COURT

1320610v.1

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURTPARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                              SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION,
L. O'NEAL JOHNSON, AND THOMAS E. RYAN, III

FILED: _____        _____
                                              DEPUTY CLERK

### PROPOSED ORDER

**CONSIDERING** the foregoing Motion to Withdraw Counsel by Plaintiff H&E
Equipment Services, Inc. ("H&E"),

IT IS ORDERED that for the reasons stated above Rebecca Sha is permitted to withdraw
as counsel for the plaintiff, H&E EQUIPMENT SERVICES, INC., in the above numbered and
entitled proceeding and that her name be erased from the records of this proceeding.

Baton Rouge, Louisiana, this 22 day of May, 2018.

_____
JUDGE JANICE CLARK

FILED
EAST BATON ROUGE PARISH, LA
2018 MAY 17 AM 10: 14
DEPUTY CLERK OF COURT

1320610v.1

NON-CERTIFIED COPY

# ADAMS AND REESE LLP

**Attorneys at Law**
Alabama
Florida
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

**Kellen J. Mathews**
Direct: 225.378.3243
E-Fax: 225.336.5115
kellen.mathews@arlaw.com

May 15, 2018

**_VIA HAND DELIVERY_**
Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, LA  70802

Re:    *H&E Equipment Services, Inc. v. URS Corp. Architecture, PC, et al.*
No. 626,308, Div. D, 19th Judicial District Court
Our File No.: 23067-1

Dear Sir or Madam:

Enclosed are the original and three copies of the following pleading, which we request be filed with the Court today on behalf of Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III, in the above referenced matter.

1. *ExParte Motion to Substitute Counsel of Record; and*
2. *Order.*

A firm check is enclosed for the associated filing fees.  We ask that you please return a conformed copy to us with our courier, and allow him to walk the pleading through for signature by the judge.  Please contact me should you have any questions or need additional information.

With kind regards, we remain

Respectfully submitted,

**ADAMS AND REESE LLP**

Kathleen Mills Jones
Legal Secretary for Kellen J. Mathews

cc:    Anne Derbes Wittmann



450 Laurel Street, Suite 1900 | Baton Rouge, Louisiana  70801 | 225.336.5200 | Fax 225.336.5220
www.adamsandreese.com

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308        DIV. "D" |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| | * | |
| URS CORPORATION | * | |
| ARCHITECTURE, P.C., URS | | PARISH OF EAST BATON ROUGE |
| CORPORATION, L. O'NEAL | * | |
| JOHNSON AND THOMAS E. RYAN, | | |
| III | | STATE OF LOUISIANA |

## EX PARTE MOTION TO SUBSTITUTE COUNSEL OF RECORD

NOW INTO COURT through undersigned counsel come, Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants"), and file this Ex Parte Motion to Substitute Counsel of Record and, in support hereof, represent as follows:

1.

Defendants have been represented in this proceeding by Philip A. Franco (Trial Attorney), Ron Sholes, Jeffrey E. Richardson, Don S. McKinney, and Kellen J. Mathews of the law firm of Adams and Reese LLP, 4500 One Shell Square, New Orleans, Louisiana 70139.

2.

At this time, Defendants request that Philip A. Franco (Trial Attorney), Ron Sholes, Jeffrey E. Richardson, Don S. McKinney, and Kellen J. Mathews of the law firm of Adams and Reese LLP, 4500 One Shell Square, New Orleans, Louisiana 70139 be permitted to withdraw as its counsel of record herein.



3.

Defendants represent that Christoffer C. Friend (La. Bar Roll No. 1888), Meghan E. Smith (La. Bar Roll No. 34097), and Tony M. Clayton (La. Bar Roll No. 21191) are attorneys in good standing and admitted to practice before this Court.

1

NON-CERTIFIED COPY

4.

Defendants request that Christoffer C. Friend and Meghan E. Smith with the law firm of Jones Walker LLP, 201 St. Charles Avenue, New Orleans, Louisiana 70170-5100 and Tony M. Clayton with the law firm Clayton Fruge & Ward, 3741 LA Hwy. 1 South, Port Allen, LA 70767, be substituted in place of Philip A. Franco (Trial Attorney), Ron Sholes, Jeffrey E. Richardson, Don S. McKinney, and Kellen J. Mathews and the law firm of Adams and Reese LLP, (and all other attorneys with that firm) as Defendants counsel of record herein.

5.

Defendants further requests that Christoffer C. Friend be designated as the trial attorney in this matter.

6.

This withdrawal and substitution is not being requested for the purpose of delay.

WHEREFORE, Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III, pray that the Court grant this Motion and enter an Order allowing Philip A. Franco (Trial Attorney), Ron Sholes, Jeffrey E. Richardson, Don S. McKinney, and Kellen J. Mathews and the law firm of Adams and Reese LLP, who withdraw as counsel of record in this proceeding and substituting Christoffer C. Friend (Trial Attorney) and Meghan E. Smith of the law firm of Jones Walker LLP, and Tony M. Clayton of the law firm Clayton, Fruge & Ward as Defendants' counsel of record in the above-captioned matter in place of Philip A. Franco (Trial Attorney), Ron Sholes, Jeffrey E. Richardson, Don S. McKinney, and Kellen J. Mathews and the law firm of Adams and Reese LLP.

NON-CERTIFIED COPY

Respectfully submitted,

ADAMS AND REESE, LLP

Philip A. Franco (#5819), TA
Ron Sholes (#14436)
Jeffrey E. Richardson (#23273)
Don S. McKinney (#26685)
Kellen J. Mathews (#31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210
Email: philip.franco@arlaw.com
Email: ron.sholes@arlaw.com
Email: jeffrey.richardson@arlaw.com
Email: don.mckinney@arlaw.com
Email: kellen.mathews@arlaw.com

And

Christoffer C. Friend, T.A. (#1888)
Meghan E. Smith (#34097)
JONES WALKER LLP
201 St. Charles Avenue, Suite 4700
New Orleans, Louisiana 70130
Telephone: (504) 582-8000
Facsimile: (504) 589-8322
Email: cfriend@joneswalker.com
Email: msmith@joneswalker.com

Tony M. Clayton (#21691)    (MES)
CLAYTON, FRUGE & WARD
3741 Louisiana Hwy. 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
Email: tclaytonlaw@aol.com

*ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III*



NON-CERTIFIED COPY

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid or via email, this the _15TH_ day of May, 2018.

_Kellen J. Mathews_



NON-CERTIFIED COPY

4

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308      DIV. "D" |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| | * | |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | |
| | | STATE OF LOUISIANA |

## ORDER

Considering the foregoing Ex Parte Motion of Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III, to Substitute Counsel of Record:

**IT IS HEREBY ORDERED** that the Motion to Withdraw and Substitute Counsel of Record is **GRANTED**;

**IT IS FURTHER ORDERED** that Philip A. Franco, Ron Sholes, Jeffrey E. Richardson, Don S. McKinney, and Kellen J. Mathews and the law firm of Adams and Reese LLP, 4500 One Shell Square, New Orleans, Louisiana 70139 are permitted to withdraw as Defendants' counsel of record in the above-captioned matter;

**IT IS FURTHER ORDERED** that Christoffer C. Friend (La. Bar Roll No. 1888) and Meghan E. Smith (La. Bar Roll No 34097) and the law firm of Jones Walker LLP, and Tony M. Clayton (La. Bar Roll No. 21191) and the law firm Clayton, Fruge & Ward, are hereby substituted as counsel of record for Defendants in the above-captioned mater and that Christoffer C. Friend be designated as Trial Counsel in this matter.

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, this /1 day of _____, 2018.

HONORABLE JANICE CLARK, JUDGE
19TH JUDICIAL DISTRICT COURT

NON-CERTIFIED COPY

5



STATE

MAY 17 2018

BY _____
DY CLERK OF COURT

Office Of The Clerk

# Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

**Rodd Naquin**
**Clerk of Court**

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

### Notice of Judgment and Disposition

May 14, 2018

Docket Number:  2018 - CW - 0021

H&E Equipment Services, Inc.
        versus
URS Corporation Architecture, P.C., URS Corporation, L.
O'Neal Johnson and Thomas E. Ryan, II

POSTED

MAY 24 2018

TO:  Brent B. Barriere
201 St. Charles Avenue
46th Floor
New Orleans, LA
70170-4600

Philip Anthony Franco
ADAMS AND REESE, LLP
701 Poydras Street, Ste. 450
New Orleans, LA 70139
philip.franco@arlaw.com

Kellen J. Mathews
450 Laurel Street
Suite 1900
Baton Rouge, LA 70801
kellen.mathews@arlaw.com

Don S. McKinney
ADAMS AND REESE, LLP
4500 One Shell Square
701 Poydras Street
New Orleans, LA 70139
don.mckinney@arlaw.com

Alysson L. Mills
201 St. Charles Ave.
Suite 4600
New Orleans, LA 70170
amills@fishmanhaygood.com

Loretta G. Mince
FISHMAN HAYGOOD PHELi
201 St. Charles Ave., Ste. 46
New Orleans, LA
70170-4600
lmince@fishmanhaygood.cor

Jeffrey Edward Richardson  E
701 Poydras St.
Suite 4500
New Orleans, LA 70139
jeff.richardson@arlaw.com

Hon. Janice G. Clark
300 North Boulevard
Suite 10101
Baton Rouge, LA 70801

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

_Elizabeth D. Nauta_

RODD NAQUIN
CLERK OF COURT

EBR4783617

NON-CERTIFIED COPY

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

H&E EQUIPMENT SERVICES, INC.                    NO.  2018 CW 0021

VERSUS

URS CORPORATION
ARCHITECTURE, P.C., URS
CORPORATION, L. O'NEAL                    **MAY 14 2018**
JOHNSON AND THOMAS RYAN, III

In Re:   URS Corporation Architecture, P.C., URS Corporation,
         L. O'Neal Johnson and Thomas Ryan, III, applying for
         supervisory writs, 19th Judicial District Court,
         Parish of East Baton Rouge, No. 626308.

BEFORE:   **HIGGINBOTHAM, HOLDRIDGE AND PENZATO, JJ.**

    **WRIT GRANTED IN PART WITH ORDER DENIED IN PART.** The
district court's December 7, 2017, judgment denying the
Relators' Motion in Limine to Strike Reports and to Exclude
Proposed Testimony of Wallace C. Drennan, III, and denying the
Relators' Motion in Limine to Strike Reports and to Exclude
Proposed Testimony of Dr. James R. "Bob" Bailey is vacated. The
district court failed to comply with the requirements of La.
Code Civ. P. art. 1425(F)(3) and (F)(4) in denying the motions
in limine filed by Relators, in which they sought to exclude the
testimony of two potential experts. Such failure to comply with
these requirements constitutes legal error. See **Robertson v.
Doug Ashy Building Materials, Inc.,** 2010-1552 (La. App. 1st Cir.
10/4/11), 77 So.3d 339, 359, writs denied, 2011-2468, 2430 (La.
1/13/12), 77 So.3d 972, 973. This matter is remanded to the
district court for compliance with La. Code Civ. P. art. 1425(F)
within 10 days from this action. This writ is denied in all
other respects.

GH
AHP
TMH

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT

A TRUE COPY

NON-CERTIFIED COPY



| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308        DIV. "D" |
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| | * | |
| **URS CORPORATION** | * | **PARISH OF EAST BATON ROUGE** |
| **ARCHITECTURE, P.C., URS** | | |
| **CORPORATION, L. O'NEAL** | * | **STATE OF LOUISIANA** |
| **JOHNSON AND THOMAS E.** | * | |
| **RYAN, III** | | |

COST OK $ _____

MAY 3 0 2018

DEPUTY CLERK OF COURT

### DEFENDANTS' MOTION TO CONTINUE TRIAL AND REQUEST SETTLEMENT CONFERENCE,
### INCORPORATED MEMORANDUM IN SUPPORT,
### AND INCORPORATED MOTION FOR EXPEDITED HEARING

NOW INTO COURT through undersigned counsel come, Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants"), and file this Motion to Continue the trial in this matter, currently set for July 17, 2018, and represent as follows:

1.

Defendants recently made the decision to change counsel in this case, something H&E Equipment Services ("H&E") has done several times during the course of this matter. As H&E knows, being able to select and be represented by counsel of one's choosing is not only important to a client, but a basic tenet of constitutional law.[1] Defendants changed counsel in this matter from the law firm of Adams and Reese, LLP ("Adams") to dual representation by Jones Walker LLP ("Jones") and Clayton, Fruge, & Ward ("Clayton").

2.

---

[1] The United States Supreme Court has recognized that there is a presumption in favor of a party's right to choose counsel. *Wheat v. United States*, 486 U.S. 153, 158, 160, 108 S.Ct. 1692,1696, 1697–1698, 100 L.Ed.2d 140 (1988). The Fifth Circuit Court of Appeals found that depriving a party of his choice of counsel is a penalty that must not be imposed without careful consideration. *FDIC v. United States Fire Insurance Company*, 50 F.3d 1304, 1313 (5th Cir.1995). In civil matters as well as criminal matters, the right to counsel includes the right to legal representation of one's choice. *McCuin v. Texas Power*, 714 F.2d 1255, 1257. This right is "one of constitutional dimensions and should be freely exercised without impingement." The right to counsel of choice is not absolute. *Id.* at 1262, 1263. This **13 right can be overridden only if it can be proven that there is a compelling reason to do so. *Id.*
Disaster Restoration Dry Cleaning, L.L.C. v. Pellerin Laundry Mach. Sales Co., 2005-0715 (La. 4/17/06), 927 So. 2d 1094, 1101. *Also see McCuin*, supra, at 1262-1263. "Subject to these general limitations, the right to counsel in criminal cases is expressly guaranteed by the sixth amendment; the right to counsel in civil cases is no less fundamental and springs from both statutory authority and from the constitutional right to due process of law.[24] Therefore, disqualification of counsel "is an extreme remedy that will not be imposed *1263 lightly." *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1025 n. 6 (5th Cir.), *cert. denied*, 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981)."

NON-CERTIFIED COPY

For the past two months, former and current counsel for Defendants have diligently worked to transfer the file for this case from Adams to Jones and Clayton, but have encountered numerous logistical and technical delays in that process.

3.

Due to the difficulties in transitioning the file, enrollment of URS's new counsel was delayed until May 17, 2018. This has led to a delay in allowing URS's new counsel access to file materials necessary for trial preparation and to mount a defense on behalf of URS, including an assessment of dispositive motions. It has also led to a delay in allowing URS's new counsel the opportunity to consider settlement of this matter prior to incurring the expenses of a trial.

4.

Further, Tony Clayton, counsel with the Clayton firm who will be actively involved in the preparation and trial of this case, has previously scheduled trials which conflict with the trial of this matter. These trials are:

1. July 10
   **Jury SELECTION**, 1st fixing
   **Leon Keith Latiolais, et al v. Union Pacific Railroad Company, et al**
   Suit No.: 14-3381, Div. "B", 27th JDC, St. Landry Parish

2. July 17 – July 20
   **Jury TRIAL**, 1st fixing
   **Leon Keith Latiolais, et al v. Union Pacific Railroad Company, et al**
   Suit No.: 14-3381, Div. "B", 27th JDC, St. Landry Parish

5.

Further, there do not appear to be pre-trial hearing dates or a pre-trial conference scheduled in this matter.

6.

Defendants request a brief continuance of the trial of this matter for 120 days in order to allow its new counsel to review the file, prepare for trial, and consider settlement.

7.

This brief continuance will not prejudice H&E, as trial will still be held by the end of 2018 and could even result in an earlier disposition by mediation and/or settlement. In fact, Defendants

2

NON-CERTIFIED COPY

ask this Court to schedule a settlement conference in August/September 2018, which will provide sufficient time to allow defendants to adequately prepare for settlement discussions.

8.

Because the trial of this matter is set for less than two months from filing of this Motion, Defendants ask this Court for an expedited hearing on this Motion.

9.

Defendants have conferred with counsel for H&E who opposes this Motion.

WHEREFORE, Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III, pray that this Court set this Motion to Continue for hearing, on an expedited basis, and that the court grant the continuance as prayed for.



Marjorie McKeithen, (#21767)
Christoffer C. Friend (#1888)
Meghan E. Smith (#34097)
JONES WALKER LLP
201 St. Charles Avenue, Suite 4700
New Orleans, Louisiana 70130
Telephone: (504) 582-8000
Facsimile: (504) 589-8322
Email:  cfriend@joneswalker.com
Email:  msmith@joneswalker.com

Tony M. Clayton, T.A. (#21191)
CLAYTON, FRUGE & WARD
3741 Louisiana Hwy. 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
Email: tclaytonlaw@aol.com

*ATTORNEYS    FOR    DEFENDANTS,    URS CORPORATION    ARCHITECTURE,    P.C.;    URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III*

NON-CERTIFIED COPY

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid or via email, this the _____ day of May, 2018.

_____

**TONY CLAYTON**



NON-CERTIFIED COPY

4

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308        DIV. "D" |
|---|---|---|
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| | * | |
| URS CORPORATION | * | PARISH OF EAST BATON ROUGE |
| ARCHITECTURE, P.C., URS | * | |
| CORPORATION, L. O'NEAL | * | STATE OF LOUISIANA |
| JOHNSON AND THOMAS E. | | |
| RYAN, III | | |

---

### ORDER

Considering the foregoing Motion of Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III, to Continue and for Expedited Hearing:

**IT IS HEREBY ORDERED** that the Motion to Continue be set, on an expedited basis, for the _11_ day of _June_, 2018 at _1:00_ o'clock p.m. in Baton Rouge, Louisiana.

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, this _1st_ day of _June_, 2018.

_Janice Clark_

**HONORABLE JANICE CLARK**
**JUDGE, 19TH JUDICIAL DISTRICT COURT**



NON-CERTIFIED COPY

# FISHMAN HAYGOOD PHELPS WALMSLEY WILLIS & SWANSON, L.L.P.

201 ST. CHARLES AVENUE
46TH FLOOR
NEW ORLEANS, LA  70170-4600
PHONE: (504) 586-5252
FAX:  (504) 586-5250

**TO:**   Clerk of Court                    **FAX NUMBER:**   (225) 389-3392
          East Baton Rouge Parish

**FROM:** Alysson Mills                     **DIRECT DIAL NO:** (504) 586-5253

**DATE:** June 6, 2018                      **FILE NO:**  3107-04

We are sending **4** pages (including this page)
If there are any problems, please contact **Carla** at (504) 586-5246

---

## MESSAGE:

Re:   *H&E Equipment Services, Inc. v URS Corporation Architecture, P.C., et al*
      19th JDC, Docket No. 626308, Div. "D"

Attached please find a Memorandum in Opposition to Motion to Continue Trial and Request Settlement Conference. Please confirm *via* facsimile the cost for filing.  The original documents will be delivered by U.S. Mail within 7 days of this filing.

Thanking you in advance for your assistance.

Respectfully submitted

Carla Cooper Mayer
Legal Assistant to
Lori Mince

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH
Filed Jun 06, 2018 12:35 PM
Deputy Clerk of Court

C-626308
D

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____    _____
                                        DEPUTY CLERK

**MEMORANDUM IN OPPOSITION TO MOTION
TO CONTINUE TRIAL AND REQUEST SETTLEMENT CONFERENCE**

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this Memorandum in Opposition to the Motion to Continue Trial and Request Settlement Conference filed by Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"). For the reasons stated, H&E opposes a continuance.

**INTRODUCTION**

H&E filed its complaint in November 2013, over four years ago. The case was previously set for trial on August 16, 2017, but on August 14, 2017, was continued. The current trial date, July 17, 2018, was set in February.

The parties ought to be prepared to proceed on July 17, 2018, as planned. Last week, however, less than two months before trial, URS asked this Court to continue trial *again*. URS hired new counsel in April, and it contends its new counsel has not had an opportunity to adequately prepare "to mount a defense on behalf of URS, including an assessment of dispositive motions."

No one disputes URS's right to counsel of its choice, which necessarily includes a right to change counsel. But a change of counsel does not, by itself, warrant a continuance of trial. URS is correct that H&E changed counsel during the course of this litigation—but it did so in June 2016, not at the end of a four-year long litigation, not on the eve of trial.

1330407v.1

NON-CERTIFIED COPY

## ARGUMENT

"A trial court has 'wide discretion' in deciding whether to grant or deny a motion for continuance." *Square Deal Siding Co. v. Thaller*, 2008-0757 (La. App. 4 Cir. 12/30/08); 3 So. 3d 71, 77 (citations omitted); *see also* La. Code Civ. P. art. 1601. "In deciding such a motion, the trial court must balance the mover's diligence and good faith and the opponent's right to have the case heard as soon as is practicable, as well as the need for orderly and prompt administration of justice." *Davis v. Mayberry*, 2000-1266 (La. App. 4 Cir. 11/28/01); 802 So. 2d 974, 978, *writ denied*, 2001-3402 (La. 3/28/02); 811 So. 2d 943 (citing *Gilcrease v. Bacarisse*, 26,318 (La. App. 2d Cir. 12/7/94); 647 So. 2d 1219). "**Fairness to *both* parties and the need for orderly administration of justice are proper considerations in deciding whether to grant or deny a continuance.**" *Gilcrease*, 647 So. 2d at 1223 (citing *Austin v. Bearden*, 566 So.2d 1003 (La. App. 3d Cir.), *writ denied*, 568 So.2d 1086 (1990)).

For the following reasons, a continuance would be unfair:

**First, H&E will be prejudiced by another continuance.** H&E looked forward to trial on August 16, 2017 and was understandably disappointed when at the last minute trial had to be continued, at considerable expense to the parties and the Court. By July 17, 2018, H&E already will have waited an additional eleven months for a trial for which it was prepared to proceed last summer. Further delay is unfair to H&E. H&E has a right to have its case heard as soon as practicable. *Davis*, 802 So. 2d at 978.

**Second, URS's new counsel will have had ample opportunity to prepare.** Trial is July 17, 2018 therefore URS's new counsel will have had four-and-a-half months to prepare. URS's contention that its new counsel has had "difficulties in transitioning the file" is conclusory. URS hired its new counsel in April and concedes that its new counsel has worked with its prior counsel for at least "the past two months." URS offers no evidentiary support for alleged "logistical and technical delays in that process." URS has not carried its burden of proving a continuance is warranted. *See, e.g., Succession of Feingerts*, 2017-0265 (La. App. 4 Cir. 12/21/17); 234 So. 3d 1081, 1085, *writ denied*, 2018-0147 (La. 3/23/18); 239 So. 3d 297 ("The discharge or withdrawal of an attorney is not by itself grounds for the postponing of another party's access to the courts. The unrepresented party bears the burden of showing additional reasons for a continuance."); *Suarez v. Acosta*, 15-750 (La. App. 5 Cir. 3/16/16); 194 So. 3d 626, 632 ("Because the discharge of one's lawyer is not, by itself, grounds for the

2

NON-CERTIFIED COPY

postponing of another party's access to the courts for a decision in a pending action, the client bears the burden of showing other circumstances that would justify a continuance.").

URS's situation is strikingly different than that of a party whose counsel has *withdrawn*, leaving them without representation on the eve of trial. "Often, when a litigant's lawyer withdraws at or near trial, that litigant may be entitled to a continuance to employ another attorney." *Richey v. Richey*, 97-838 (La. App. 3 Cir. 12/10/97); 704 So. 2d 343, 344. But even in cases in which a party's counsel has withdrawn, thirty days is sufficient time to retain new counsel for an anticipated trial date. *E.g.*, *Notoco Indus., Inc. v. Powell*, 2001-1817 (La. App. 1 Cir. 11/8/02); 835 So. 2d 835, 837 (affirming denial of motion to continue where defendant had thirty days to retain new counsel). *See also Richey*, 704 So. 2d at 344 (affirming denial of motion to continue where defendant had two months to retain new counsel); *Politz v. Politz*, 49,242 (La. App. 2 Cir. 9/10/14); 149 So. 3d 805, 814 (affirming denial of motion to continue where defendant had six weeks to retain new counsel).

Here, by contrast, URS's prior counsel did not abandon it on the eve of trial; instead, URS elected to change counsel in April, which has given its new counsel ample time to prepare for trial on July 17, 2018. *See, e.g.*, *Domino v. Matthews*, 508 So. 2d 167, 169 (La. App. 4 Cir. 1987) (affirming denial of motion to continue where plaintiff's new counsel had six weeks to prepare). The Louisiana Code of Civil Procedure does not entitle URS to a continuance merely because URS contends its new counsel needs *more* than four-and-a-half months to prepare.

**Finally, Mr. Clayton's absence at trial is not grounds for a continuance.** URS retained two new law firms and several new lawyers to represent it at trial. Everyone, apparently, except Mr. Clayton, is available for trial. It is of course not unlikely that Mr. Clayton's only conflicts may resolve, such that he also is available for trial. Regardless, URS will have at least three lawyers, currently enrolled, to represent it at trial on July 17, 2018. Mr. Clayton's schedule, respectfully, is not grounds for a continuance.

<u>CONCLUSION</u>

Because, for the reasons stated, trial of this case should not be further delayed, URS's motion should be denied.

1330407v.1

NON-CERTIFIED COPY

Respectfully submitted,

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

*Attorneys for H&E Equipment Services, Inc.*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing has been served upon the following:

Marjorie McKeithen
Christoffer C. Friend
Meghan E. Smith
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
cfriend@joneswalker.com
msmith@joneswalker.com

Tony M. Clayton
Clayton, Fruge & Ward
3741 Louisiana Highway 1 South
Port Allen, Louisiana 70767
tclaytonlaw@aol.com
*Counsel for Defendants*

by facsimile, email, and/or by placing same in the United States mail, postage prepaid and properly addressed, this 6th day of June, 2018.

1330407v.1

NON-CERTIFIED COPY

Received                                    Jun 8 2018 01:43pm
06/08/2018 13:41 FAX 5045935001                 JONES WALKER

EAST BATON ROUGE PARISH   C-626308
Filed Jun 08, 2018 2:17 PM           D
Deputy Clerk of Court



JONES
WALKER

201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
www.joneswalker.com

# FACSIMILE

**From:** Scott M. Sigl

**Date:** June 8, 2018

**Direct Dial:** 504-582-8395

**Reference:** H&E v. URS Corporation,
19th JDC No.626,308
JW File: 169000-00

Number of pages being transmitted including the cover page:   10

| TO | Fax No. | Phone No. |
|---|---|---|
| Honorable Doug Welborn<br>19th JDC - Parish of East Baton Rouge | (225) 389-3392 | (225) 389-3967 |

**Message/Document(s) faxed:**

Please see attached Reply in Support of URS Corporation's Motion to Continue Trial.

*Please fax costs to (504) 589-8395*

**Please call us if all pages are not received 504-582-8395.**

ORIGINAL DOCUMENTS:  Will follow by ☒ mail ☐ courier – OR - ☐ Will not follow unless requested.

---

JONES WALKER LLP

Alabama   Arizona   District of Columbia · Florida   Georgia   Louisiana   Mississippi   New York   Texas

NON-CERTIFIED COPY



# JONES WALKER

201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
504-582-8000
Fax 504-582-8583
www.joneswalker.com

Scott M. Sigl
*Paralegal/Case Manager*
Direct Dial: 504-582-8195
Direct Fax: 504-589-8395
ssigl@joneswalker.com

June 8, 2018

***Via Facsimile (225) 389-3392, Original to Follow by U.S. Mail***

Honorable Doug Welborn
19th JDC
300 North Boulevard
Baton Rouge, LA 70801

   Re: *II & E Equipment Services vs. URS Corporation Architecture, P.C., URS
     Corporation, L. O'Neal Johnson and Thomas E. Ryan, III
     19th JDC No. 626, 308, Div. D
     JW File: 169000-00*

Dear Mr. Welborn:

   Please accept for fax filing, pursuant to LSA-R.S. 13-850:

    *1) URS Corporation's Reply in Support of its Motion to Continue Trial.*

   I would appreciate your fax filing the pleading into the record for this matter. Upon receiving your receipt of transaction, we will effectuate the delivery of the original pleading to the clerk's office, along with all applicable fees.

---

JONES WALKER LLP

Alabama   Arizona   District of Columbia   Florida   Georgia   Louisiana   Mississippi   New York   Texas

NON-CERTIFIED COPY

June 8, 2018
Page 2

With kindest regards, I remain,

Sincerely,

Scott M. Sigl
Paralegal/Case Manager

SMS
Enclosure

cc: Judge Janice Clark (via email & By Hand delivery)
    All Counsel of Record (via email only)

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH
Filed Jun 08, 2018 2:17 PM
Deputy Clerk of Court

C-626308
D

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV. "D" |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * * * * | PARISH OF EAST BATON ROUGE<br>STATE OF LOUISIANA |

## AFFIDAVIT OF MEGHAN E. SMITH IN SUPPORT OF URS CORPORATION'S MOTION TO CONTINUE TRIAL

Meghan E. Smith, being duly sworn, deposes and states as follows:

1) I am over eighteen years of age and am competent to give this affidavit, which is based upon my personal information and knowledge.

2) I am currently Special Counsel with Jones Walker LLP and was retained to represent URS Corporation in the above-captioned matter in April 2018.

3) I received a portion of the electronic file from former counsel for URS Corporation, Philip Franco, via hand delivery on April 18, 2018. This file contained pleadings and documents. I received a second portion of the electronic file from former counsel for URS containing discovery productions on April 19, 2018. I received a third portion of the electronic file from former counsel for URS on April 20, 2018.

4) I was informed of technological issues regarding access, organization, and identification of documents within the electronic file by my legal assistant and promptly informed former counsel for URS on April 27, 2018.

5) IT Departments at Adams & Reese and Jones Walker worked diligently together to obtain proper load files for the electronic documents (necessary to allow documents to be reviewed by new counsel). The final load file was obtained on or about May 9, 2018.

6) Upon review of the electronic file, it became apparent that former counsel for URS also had additional hard copy files that had not been transferred to Jones Walker. I visited the offices of Adams & Reese on May 25, 2018 to inspect the physical files retained by former counsel for URS and identified approximately 18 banker's boxes worth of documents and files that would need to be copied and transferred to Jones Walker for efficient handling of the matter.

EXHIBIT A

NON-CERTIFIED COPY

7)   Approximately seven of those boxes arrived at Jones Walker on Tuesday May 29, 2018 (Monday the 28th was Memorial Day).

8)   The remainder of the boxes were ready for pick up from Adams & Reese on June 1, 2018 and were picked up by courier services on June 4, 2018.

9)   Because of the foregoing delays, copies of these file materials have just begun to be delivered to co-counsel at Clayton, Fruge & Ward and will continue to be delivered in an expedited manner.

MEGHAN E. SMITH

Sworn to and subscribed before me,
Notary Public, this ___8th___ day of
June, 2018.

NOTARY PUBLIC

Expiry upon death
#18888

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH C-626308
Filed Jun 25, 2018 10:53 AM
Deputy Clerk of Court
FAX Received Jun 08, 2018



# JONES WALKER

201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
504-582-8000
Fax 504-582-8583
www.joneswalker.com

Scott M. Sigl
*Paralegal/Case Manager*
Direct Dial: 504-582-8395
Direct Fax: 504-589-8395
ssigl@joneswalker.com

June 8, 2018

**Via First Class Mail**

Honorable Doug Welborn
19th JDC
300 North Boulevard
Baton Rouge, LA 70801

Re:    *H & E Equipment Services vs. URS Corporation Architecture, P.C., URS
       Corporation, L. O'Neal Johnson and Thomas E. Ryan, III*
       *19th JDC No. 626, 308, Div. D*
       *JW File: 169000-00*

Dear Mr. Welborn:

Please find enclosed an original and one (1) copy of *URS Corporation's Reply in Support
of its Motion to Continue Trial,*   which was fax filed on June 8, 2018.  Please file the original into
the matter and return a conformed copy to us in our self-addressed, stamped envelope.

Please also find our firm's check in the amount of $36.00 to cover the cost of the filing fees
in this matter.  Should you have any questions, please do not hesitate to call.

With kindest regards, I remain,

Sincerely,

Scott M. Sigl
Paralegal/Case Manager

SMS
Enclosure

---

JONES WALKER LLP

ALABAMA  •  ARIZONA  •  DISTRICT OF COLUMBIA  •  FLORIDA  •  GEORGIA  •  LOUISIANA  •  MISSISSIPPI  •  NEW YORK  •  TEXAS

NON-CERTIFIED COPY



# Doug Welborn
Clerk of Court
19th Judicial District
Parish of East Baton Rouge

P.O. Box 1991

Baton Rouge, La 70821-1991

Telephone: (225) 389-3982

Fax: (225) 389-3392

www.ebrclerkofcourt.org

## FAX RECEIPT

FROM: SUIT ACCOUNTING DEPARTMENT                    Date: JUNE 08, 2018

FAX NUMBER: (225) 389-3392                          Suit No.: C-626308

To: MARJORIE MCKEITHEN                              Section: D

H&E EQUIPMENT SRVCS VS URS CORP ARCHITECTURE ETAL

Total Amount Due (Includes all applicable fees below) $36.00

| | |
|---|---|
| 901-COVER LETTER | 3 PAGES |
| 3000-ANSWER-CV | 5 PAGES |
| 5011-EXHIBIT-CV | 2 PAGES |

The Clerk's office received the above mentioned documents by facsimile transmission dated 06/08/2018, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE
RECEIVED IN THIS OFFICE.

SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE
ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).

IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S)
TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING
CLERK OF THE PREVIOUS FAX FILING.

*Kay Lewis*

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Suit Accounting Dept. Form #5 Rev. 09/26/14

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308 DIV. "D" |
|---|---|---|
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| | * | |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * | PARISH OF EAST BATON ROUGE |
| | * | STATE OF LOUISIANA |
| | * | |

## AFFIDAVIT OF MEGHAN E. SMITH IN SUPPORT OF URS CORPORATION'S MOTION TO CONTINUE TRIAL

Meghan E. Smith, being duly sworn, deposes and states as follows:

1) I am over eighteen years of age and am competent to give this affidavit, which is based upon my personal information and knowledge.

2) I am currently Special Counsel with Jones Walker LLP and was retained to represent URS Corporation in the above-captioned matter in April 2018.

3) I received a portion of the electronic file from former counsel for URS Corporation, Philip Franco, via hand delivery on April 18, 2018. This file contained pleadings and documents. I received a second portion of the electronic file from former counsel for URS containing discovery productions on April 19, 2018. I received a third portion of the electronic file from former counsel for URS on April 20, 2018.

4) I was informed of technological issues regarding access, organization, and identification of documents within the electronic file by my legal assistant and promptly informed former counsel for URS on April 27, 2018.

5) IT Departments at Adams & Reese and Jones Walker worked diligently together to obtain proper load files for the electronic documents (necessary to allow documents to be reviewed by new counsel). The final load file was obtained on or about May 9, 2018.

6) Upon review of the electronic file, it became apparent that former counsel for URS also had additional hard copy files that had not been transferred to Jones Walker. I visited the offices of Adams & Reese on May 25, 2018 to inspect the physical files retained by former counsel for URS and identified approximately 18 banker's boxes worth of documents and files that would need to be copied and transferred to Jones Walker for efficient handling of the matter.

EXHIBIT A

NON-CERTIFIED COPY

7)  Approximately seven of those boxes arrived at Jones Walker on Tuesday May 29, 2018 (Monday the 28th was Memorial Day).

8)  The remainder of the boxes were ready for pick up from Adams & Reese on June 1, 2018 and were picked up by courier services on June 4, 2018.

9)  Because of the foregoing delays, copies of these file materials have just begun to be delivered to co-counsel at Clayton, Fruge & Ward and will continue to be delivered in an expedited manner.

_____
MEGHAN E. SMITH

Sworn to and subscribed before me,
Notary Public, this __8TH__ day of
June, 2018.

_____
NOTARY PUBLIC

Expiry upon death
#1888

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH
Filed Jun 25, 2018 10:53 AM
Deputy Clerk of Court
FAX Received Jun 08, 2018

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308     DIV. "D"** |
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| | * | |
| **URS CORPORATION** | * | **PARISH OF EAST BATON ROUGE** |
| **ARCHITECTURE, P.C., URS** | * | |
| **CORPORATION, L. O'NEAL** | * | **STATE OF LOUISIANA** |
| **JOHNSON AND THOMAS E.** | | |
| **RYAN, III** | | |

---

**URS CORPORATION'S**
**REPLY IN SUPPORT OF ITS MOTION TO CONTINUE TRIAL**

NOW INTO COURT through undersigned counsel come, Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants"), and file this reply in support of its Motion to Continue the trial in this matter, currently set for July 17, 2018.

**I.    URS's Counsel Have Acted in Good Faith and are Diligently Learning This Complex Case.**

H&E repeats the proposition that URS's new counsel will have had four and a half months to prepare for trial throughout its Opposition to URS's Motion to Continue Trial. This contention is simply not correct. URS retained its current counsel in mid-April and undersigned counsel, Meghan E. Smith, has executed an Affidavit attached to this reply memorandum outlining the timing of the file transfer from URS's former counsel, Adams and Reese, to its new counsel at Jones Walker.[1] While the electronic files began transferring in mid-April (almost immediately after retention) there were issues with ability to access the files that were not resolved for several weeks.[2] The majority of the hard copy files arrived at Jones Walker on Monday, June 4th.[3] In addition to the transition difficulties, which appear to be resolved at this time, this case is also quite complex and detailed. For instance, there have been approximately twenty-five (25) depositions taken of fact witnesses, experts, and corporate representatives. Approximately 175,000 pages of documents have been produced by H&E, URS, and third parties. H&E has alleged millions of dollars worth of damages and the parties will present multiple technical experts to assist the jury

---

[1] See attached Affidavit of Meghan Smith attached as Exhibit A.
[2] Id. at ¶ ¶ 3-5.
[3] Id. at ¶ 8.

NON-CERTIFIED COPY

in deciding the facts of what caused those alleged damages. There will likely be hundreds of exhibits and a dozen witnesses that may be used and/or called at the trial of this matter. H&E has offered no evidence that URS's new counsel have not acted in good faith or are otherwise not diligently attempting to learn the facts and theories of this complex case as quickly as possible in order to faithfully represent their client at trial.

## II.   H&E has not Articulated Why a Short Continuance of the Trial Will Result in Prejudice or Hardship

H&E offers a conclusory statement that it "will be prejudiced by another continuance," and that it was "looking forward to trial last summer."[4] However, it offers no evidence that a short continuance as proposed by URS (not to exceed 120 days) will result in any prejudice or hardship. By H&E's own account, this case has been pending since November 2013. It offers no reason or evidence why the continued accrual of judicial interest for an additional 120 days is insufficient to offset the short delay between the July 17, 2018 trial date and a trial date that occurs this fall. URS and H&E are both large, sophisticated corporations with national operations and experienced legal departments. Neither URS nor H&E wants litigation to drag out unnecessarily. A short continuance in this matter will not harm H&E and will ensure that URS does not have an argument on appeal that its counsel was not afforded time to prepare.

## III.   The Law Cited by H&E Supports URS's Motion to Continue Trial in This Matter

In its Opposition to URS's Motion to Continue, H&E acknowledges that this Court has "wide discretion" in considering a motion for continuance.[5] H&E cites the *Davis v. Mayberry* case for the proposition that the Court "must balance the mover's diligence and good faith and the opponent's right to have the case heard as soon as practicable." 2000-1266 (La. App. 4 Cir. 11/28/01); 802 So. 2d 974, 978. It is worth noting that in the *Davis v. Mayberry* case, the trial court's denial of the motion to continue was reversed on appeal, because there had been no showing that "a continuance would cause any significant hardship or injustice," similar to H&E's lack of showing here. 802 So.2d at 979-980. H&E goes on to cite *Gilcrease v. Bacarisse* for the proposition that "[f]airness to both parties and the need for orderly administration of justice are

---

[4] Opposition at 2.
[5] Opposition at 1.

NON-CERTIFIED COPY

proper considerations in deciding whether to grant or deny a continuance." In the *Gilcrease* case, the party moving for the continuance had retained five different counsel throughout eight years of litigation, and at the time she requested the continuance, she had been without counsel for a year and a half. URS has swiftly replaced its counsel and is not seeking an indefinite continuance of this case, unlike the movant in *Gilcrease*. Here, the balance of a short continuance of a very complex case to allow new counsel to prepare should be weighed against the minor consequences of a delay to H&E. It would also make sense, as requested by URS, to use the short continuance to hold a meaningful settlement conference.

H&E cites several additional cases in its Opposition in which continuances were denied; however, all of them are distinguishable from this matter. First, none of the cases cited by H&E remotely rivals the complexities and technical nature of the current matter. Second, many of the movants in the cases had previously been granted multiple continuances. Finally, some movants waited until the day of trial to request a continuance and several requested continuances without date. All of these cases are inapplicable to the current circumstances as summarized in the table below:

| Case cited by H&E | Proposition Offered | Distinguishable Facts |
|---|---|---|
| *Succession of Feingerts*, 2017-0265 (La. App. 4 Cir. 12/21/17); 234 So.3d 1081 | "The discharge or withdrawal of an attorney is not by itself grounds for the postponing of another party's access to the courts."[6] | The matter had been previously continued three times on the basis of the movant's inability to retain counsel. The movant failed to prove that he had diligently pursued retention of counsel. |
| *Domino v. Matthews*, 508 So.2d 167 (La. App. 4 Cir. 1987) | "affirming denial of motion to continue where plaintiff's new counsel had six weeks to prepare."[7] | This case was a one day bench trial related to a car accident where the plaintiff sustained $650 worth of damage to his car and incurred $650 worth of medical bills. The plaintiff also waited until the day of trial to move for a continuance. |
| *Notoco Indus. V. Powell*, 2001-1817 (La. App. 1 Cir. 11/8/02); 835 So.2d 835. | "affirming denial of motion to continue where defendant has thirty days to retain new counsel."[8] | Movant appeared for the trial without representation and moved for a continuance. Movant failed to demonstrate that he diligently tried to obtain counsel or even reached out to opposing counsel to notify them of his circumstances prior to the trial. |

---

[6] Opposition at 2.
[7] Opposition at 3.
[8] Opposition at 3.

NON-CERTIFIED COPY

| | | |
|---|---|---|
| *Suarez v. Acosta,* No. 15-CA-750 (La. App. 5 Cir. 3/16/16); 194 So.3d 626. | "because the discharge of one's lawyer is not, by itself, grounds for the postponing of another party's access to the courts…the client bears the burden of showing other circumstances would justify a continuance."[9] | This case was a bench trial in a paternity suit. The movant showed up for trial and moved for a continuance. Despite retaining counsel thirty days prior to the hearing, movant only met with counsel on the say prior to trial. |
| *Richey v. Richey,* 97-838 (La. App. 3 Cir. 12/10/97); 704 So.2d 343. | "affirming denial of motion to continue where defendant had two months to retain new counsel."[10] | This case was an action for child support. Movant's attorney withdrew two months prior to the trial. Movant moved for continuance six days prior to trial. Twelve continuances had already been granted in the matter and movant made no showing why she failed to obtain counsel. |
| *Politz v. Politz,* 49,242 (La. App. 2 Cir. 9/10/14); 149 So.3d 805 | "affirming denial of motion to continue where defendant had six weeks to retain new counsel."[11] | This was an action for a community property partition that had been pending for ten years. The Movant herself was an attorney. The Court of Appeals opined that granting the continuance would delay the trial indefinitely. |

## IV.    CONCLUSION

URS's Motion to Continue Trial should be granted to allow its new counsel to prepare for trial and, if possible, resolve the case. H&E's Opposition to a continuance is understandable, but ultimately unpersuasive in these circumstances because there will be no significant hardship or prejudice when the requested continuance is short and will result in a resolution of this case by the end of 2018.

Marjorie McKeithen, (#21767)
Christoffer C. Friend (#1888)
Meghan E. Smith (#34097)
JONES WALKER LLP
201 St. Charles Avenue, Suite 4700
New Orleans, Louisiana 70130
Telephone: (504) 582-8000
Facsimile: (504) 589-8322
Email: cfriend@joneswalker.com
Email: msmith@joneswalker.com

*and*

---

[9] Opposition at 2-3.
[10] Opposition at 3.
[11] Opposition at 3.

NON-CERTIFIED COPY

Tony M. Clayton, T.A. (#21191)
CLAYTON, FRUGE & WARD
3741 Louisiana Hwy. 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
Email: tclaytonlaw@aol.com

***ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.; URS
CORPORATION; L. O'NEAL RYAN AND THOMAS
E. RYAN, III***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all

counsel of record via United States mail, properly addressed, and first class postage prepaid or via

email, this the ___8ᵗʰ___ day of ~~May~~ June, 2018.

_____

NON-CERTIFIED COPY

5

06/08/2018 13:42 FAX   504-582-8015     JONES WALKER                    ☐004/010

EAST BATON ROUGE PARISH    **C-626308**
Filed Jun 08, 2018 2:17 PM      **D**
Deputy Clerk of Court

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV. "D" |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION | * | PARISH OF EAST BATON ROUGE |
| ARCHITECTURE, P.C., URS | * | |
| CORPORATION, L. O'NEAL | * | STATE OF LOUISIANA |
| JOHNSON AND THOMAS E. | | |
| RYAN, III | | |

---

## URS CORPORATION'S
## REPLY IN SUPPORT OF ITS MOTION TO CONTINUE TRIAL

NOW INTO COURT through undersigned counsel come, Defendants, URS Corporation

Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively

referred to as "Defendants"), and file this reply in support of its Motion to Continue the trial in this

matter, currently set for July 17, 2018.

I.      **URS's Counsel Have Acted in Good Faith and are Diligently Learning This**
        **Complex Case.**

H&E repeats the proposition that URS's new counsel will have had four and a half months

to prepare for trial throughout its Opposition to URS's Motion to Continue Trial. This contention

is simply not correct. URS retained its current counsel in mid-April and undersigned counsel,

Meghan E. Smith, has executed an Affidavit attached to this reply memorandum outlining the

timing of the file transfer from URS's former counsel, Adams and Reese, to its new counsel at

Jones Walker.[1] While the electronic files began transferring in mid-April (almost immediately

after retention) there were issues with ability to access the files that were not resolved for several

weeks.[2] The majority of the hard copy files arrived at Jones Walker on Monday, June 4th.[3] In

addition to the transition difficulties, which appear to be resolved at this time, this case is also quite

complex and detailed. For instance, there have been approximately twenty-five (25) depositions

taken of fact witnesses, experts, and corporate representatives. Approximately 175,000 pages of

documents have been produced by H&E, URS, and third parties. H&E has alleged millions of

dollars worth of damages and the parties will present multiple technical experts to assist the jury

---

[1] See attached Affidavit of Meghan Smith attached as Exhibit A.
[2] Id. at ¶¶ 3-5.
[3] Id. at ¶ 8.

NON-CERTIFIED COPY

in deciding the facts of what caused those alleged damages. There will likely be hundreds of exhibits and a dozen witnesses that may be used and/or called at the trial of this matter. H&E has offered no evidence that URS's new counsel have not acted in good faith or are otherwise not diligently attempting to learn the facts and theories of this complex case as quickly as possible in order to faithfully represent their client at trial.

## II.   H&E has not Articulated Why a Short Continuance of the Trial Will Result in Prejudice or Hardship

H&E offers a conclusory statement that it "will be prejudiced by another continuance," and that it was "looking forward to trial last summer."[4] However, it offers no evidence that a short continuance as proposed by URS (not to exceed 120 days) will result in any prejudice or hardship. By H&E's own account, this case has been pending since November 2013. It offers no reason or evidence why the continued accrual of judicial interest for an additional 120 days is insufficient to offset the short delay between the July 17, 2018 trial date and a trial date that occurs this fall. URS and H&E are both large, sophisticated corporations with national operations and experienced legal departments. Neither URS nor H&E wants litigation to drag out unnecessarily. A short continuance in this matter will not harm H&E and will ensure that URS does not have an argument on appeal that its counsel was not afforded time to prepare.

## III.   The Law Cited by H&E Supports URS's Motion to Continue Trial in This Matter

In its Opposition to URS's Motion to Continue, H&E acknowledges that this Court has "wide discretion" in considering a motion for continuance.[5] H&E cites the *Davis v. Mayberry* case for the proposition that the Court "must balance the mover's diligence and good faith and the opponent's right to have the case heard as soon as practicable." 2000-1266 (La. App. 4 Cir. 11/28/01); 802 So. 2d 974, 978. It is worth noting that in the *Davis v. Mayberry* case, the trial court's denial of the motion to continue was reversed on appeal, because there had been no showing that "a continuance would cause any significant hardship or injustice," similar to H&E's lack of showing here. 802 So.2d at 979-980. H&E goes on to cite *Gilcrease v. Bacarisse* for the proposition that "[f]airness to both parties and the need for orderly administration of justice are

---

[4] Opposition at 2.
[5] Opposition at 1.

NON-CERTIFIED COPY

proper considerations in deciding whether to grant or deny a continuance." In the *Gilcrease* case, the party moving for the continuance had retained five different counsel throughout eight years of litigation, and at the time she requested the continuance, she had been without counsel for a year and a half. URS has swiftly replaced its counsel and is not seeking an indefinite continuance of this case, unlike the movant in *Gilcrease*. Here, the balance of a short continuance of a very complex case to allow new counsel to prepare should be weighed against the minor consequences of a delay to H&E. It would also make sense, as requested by URS, to use the short continuance to hold a meaningful settlement conference.

    H&E cites several additional cases in its Opposition in which continuances were denied; however, all of them are distinguishable from this matter. First, none of the cases cited by H&E remotely rivals the complexities and technical nature of the current matter. Second, many of the movants in the cases had previously been granted multiple continuances. Finally, some movants waited until the day of trial to request a continuance and several requested continuances without date. All of these cases are inapplicable to the current circumstances as summarized in the table below:

| Case cited by H&E | Proposition Offered | Distinguishable Facts |
| --- | --- | --- |
| *Succession of Feingerts*, 2017-0265 (La. App. 4 Cir. 12/21/17); 234 So.3d 1081 | "The discharge or withdrawal of an attorney is not by itself grounds for the postponing of another party's access to the courts."[6] | The matter had been previously continued three times on the basis of the movant's inability to retain counsel. The movant failed to prove that he had diligently pursued retention of counsel. |
| *Domino v. Matthews*, 508 So.2d 167 (La. App. 4 Cir. 1987) | "affirming denial of motion to continue where plaintiff's new counsel had six weeks to prepare."[7] | This case was a one day bench trial related to a car accident where the plaintiff sustained $650 worth of damage to his car and incurred $650 worth of medical bills. The plaintiff also waited until the day of trial to move for a continuance. |
| *Notoco Indus. V. Powell*, 2001-1817 (La. App. 1 Cir. 11/8/02); 835 So.2d 835. | "affirming denial of motion to continue where defendant has thirty days to retain new counsel."[8] | Movant appeared for the trial without representation and moved for a continuance. Movant failed to demonstrate that he diligently tried to obtain counsel or even reached out to opposing counsel to notify them of his circumstances prior to the trial. |

---

[6] Opposition at 2.
[7] Opposition at 3.
[8] Opposition at 3.

NON-CERTIFIED COPY

| | | |
|---|---|---|
| *Suarez v. Acosta*, No. 15-CA-750 (La. App. 5 Cir. 3/16/16); 194 So.3d 626. | "because the discharge of one's lawyer is not, by itself, grounds for the postponing of another party's access to the courts…the client bears the burden of showing other circumstances would justify a continuance."[9] | This case was a bench trial in a paternity suit. The movant showed up for trial and moved for a continuance. Despite retaining counsel thirty days prior to the hearing, movant only met with counsel the day prior to trial. |
| *Richey v. Richey*, 97-838 (La. App. 3 Cir. 12/10/97); 704 So.2d 343. | "affirming denial of motion to continue where defendant had two months to retain new counsel."[10] | This case was an action for child support. Movant's attorney withdrew two months prior to the trial. Movant moved for continuance six days prior to trial. Twelve continuances had already been granted in the matter and movant made no showing why she failed to obtain counsel. |
| *Politz v. Politz*, 49,242 (La. App. 2 Cir. 9/10/14); 149 So.3d 805 | "affirming denial of motion to continue where defendant had six weeks to retain new counsel."[11] | This was an action for a community property partition that had been pending for ten years. The Movant herself was an attorney. The Court of Appeals opined that granting the continuance would delay the trial indefinitely. |

## IV.  CONCLUSION

URS's Motion to Continue Trial should be granted to allow its new counsel to prepare for trial and, if possible, resolve the case. H&E's Opposition to a continuance is understandable, but ultimately unpersuasive in these circumstances because there will be no significant hardship or prejudice when the requested continuance is short and will result in a resolution of this case by the end of 2018.

Marjorie McKeithen, (#21767)
Christoffer C. Friend (#1888)
Meghan E. Smith (#34097)
JONES WALKER LLP
201 St. Charles Avenue, Suite 4700
New Orleans, Louisiana 70130
Telephone: (504) 582-8000
Facsimile: (504) 589-8322
Email: cfriend@joneswalker.com
Email: msmith@joneswalker.com

*and*

---

[9] Opposition at 2-3.
[10] Opposition at 3.
[11] Opposition at 3.

NON-CERTIFIED COPY

Tony M. Clayton, T.A. (#21191)
CLAYTON, FRUGE & WARD
3741 Louisiana Hwy. 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
Email: tclaytonlaw@aol.com

*ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.; URS
CORPORATION; L. O'NEAL RYAN AND THOMAS
E. RYAN, III*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all

counsel of record via United States mail, properly addressed, and first class postage prepaid or via

email, this the 8ᵗʰ day of ~~May~~ June, 2018.

_____

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH
C-626308
Filed Jun 11, 2018 10:09 AM
Deputy Clerk of Court
FAX Received Jun 06, 2018

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____          _____
                                              DEPUTY CLERK

**MEMORANDUM IN OPPOSITION TO MOTION
TO CONTINUE TRIAL AND REQUEST SETTLEMENT CONFERENCE**

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this Memorandum in Opposition to the Motion to Continue Trial and Request Settlement Conference filed by Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"). For the reasons stated, H&E opposes a continuance.

**INTRODUCTION**

H&E filed its complaint in November 2013, over four years ago. The case was previously set for trial on August 16, 2017, but on August 14, 2017, was continued. The current trial date, July 17, 2018, was set in February.

The parties ought to be prepared to proceed on July 17, 2018, as planned. Last week, however, less than two months before trial, URS asked this Court to continue trial *again*. URS hired new counsel in April, and it contends its new counsel has not had an opportunity to adequately prepare "to mount a defense on behalf of URS, including an assessment of dispositive motions."

No one disputes URS's right to counsel of its choice, which necessarily includes a right to change counsel. But a change of counsel does not, by itself, warrant a continuance of trial. URS is correct that H&E changed counsel during the course of this litigation—but it did so in June 2016, not at the end of a four-year long litigation, not on the eve of trial.

1330407v.1

NON-CERTIFIED COPY

## ARGUMENT

"A trial court has 'wide discretion' in deciding whether to grant or deny a motion for continuance." *Square Deal Siding Co. v. Thaller*, 2008-0757 (La. App. 4 Cir. 12/30/08); 3 So. 3d 71, 77 (citations omitted); *see also* La. Code Civ. P. art. 1601. "In deciding such a motion, the trial court must balance the mover's diligence and good faith and the opponent's right to have the case heard as soon as is practicable, as well as the need for orderly and prompt administration of justice." *Davis v. Mayberry*, 2000-1266 (La. App. 4 Cir. 11/28/01); 802 So. 2d 974, 978, *writ denied*, 2001-3402 (La. 3/28/02); 811 So. 2d 943 (citing *Gilcrease v. Bacarisse*, 26,318 (La. App. 2d Cir. 12/7/94); 647 So. 2d 1219). **"Fairness to *both* parties and the need for orderly administration of justice are proper considerations in deciding whether to grant or deny a continuance."** *Gilcrease*, 647 So. 2d at 1223 (citing *Austin v. Bearden*, 566 So.2d 1003 (La. App. 3d Cir.), *writ denied*, 568 So.2d 1086 (1990)).

For the following reasons, a continuance would be unfair:

**First, H&E will be prejudiced by another continuance.**  H&E looked forward to trial on August 16, 2017 and was understandably disappointed when at the last minute trial had to be continued, at considerable expense to the parties and the Court.  By July 17, 2018, H&E already will have waited an additional eleven months for a trial for which it was prepared to proceed last summer.  Further delay is unfair to H&E.  H&E has a right to have its case heard as soon as practicable.  *Davis*, 802 So. 2d at 978.

**Second, URS's new counsel will have had ample opportunity to prepare.**  Trial is July 17, 2018 therefore URS's new counsel will have had four-and-a-half months to prepare. URS's contention that its new counsel has had "difficulties in transitioning the file" is conclusory.  URS hired its new counsel in April and concedes that its new counsel has worked with its prior counsel for at least "the past two months."  URS offers no evidentiary support for alleged "logistical and technical delays in that process."  URS has not carried its burden of proving a continuance is warranted.  *See, e.g., Succession of Feingerts*, 2017-0265 (La. App. 4 Cir. 12/21/17); 234 So. 3d 1081, 1085, *writ denied*, 2018-0147 (La. 3/23/18); 239 So. 3d 297 ("The discharge or withdrawal of an attorney is not by itself grounds for the postponing of another party's access to the courts.  The unrepresented party bears the burden of showing additional reasons for a continuance."); *Suarez v. Acosta*, 15-750 (La. App. 5 Cir. 3/16/16); 194 So. 3d 626, 632 ("Because the discharge of one's lawyer is not, by itself, grounds for the

2

NON-CERTIFIED COPY

postponing of another party's access to the courts for a decision in a pending action, the client bears the burden of showing other circumstances that would justify a continuance.").

URS's situation is strikingly different than that of a party whose counsel has *withdrawn*, leaving them without representation on the eve of trial. "Often, when a litigant's lawyer withdraws at or near trial, that litigant may be entitled to a continuance to employ another attorney." *Richey v. Richey*, 97-838 (La. App. 3 Cir. 12/10/97); 704 So. 2d 343, 344. But even in cases in which a party's counsel has withdrawn, thirty days is sufficient time to retain new counsel for an anticipated trial date. *E.g., Notoco Indus., Inc. v. Powell*, 2001-1817 (La. App. 1 Cir. 11/8/02); 835 So. 2d 835, 837 (affirming denial of motion to continue where defendant had thirty days to retain new counsel). *See also Richey*, 704 So. 2d at 344 (affirming denial of motion to continue where defendant had two months to retain new counsel); *Politz v. Politz*, 49,242 (La. App. 2 Cir. 9/10/14); 149 So. 3d 805, 814 (affirming denial of motion to continue where defendant had six weeks to retain new counsel).

Here, by contrast, URS's prior counsel did not abandon it on the eve of trial; instead, URS elected to change counsel in April, which has given its new counsel ample time to prepare for trial on July 17, 2018. *See, e.g., Domino v. Matthews*, 508 So. 2d 167, 169 (La. App. 4 Cir. 1987) (affirming denial of motion to continue where plaintiff's new counsel had six weeks to prepare). The Louisiana Code of Civil Procedure does not entitle URS to a continuance merely because URS contends its new counsel needs *more* than four-and-a-half months to prepare.

**Finally, Mr. Clayton's absence at trial is not grounds for a continuance.** URS retained two new law firms and several new lawyers to represent it at trial. Everyone, apparently, except Mr. Clayton, is available for trial. It is of course not unlikely that Mr. Clayton's only conflicts may resolve, such that he also is available for trial. Regardless, URS will have at least three lawyers, currently enrolled, to represent it at trial on July 17, 2018. Mr. Clayton's schedule, respectfully, is not grounds for a continuance.

## CONCLUSION

Because, for the reasons stated, trial of this case should not be further delayed, URS's motion should be denied.

1330407v.1

NON-CERTIFIED COPY

Respectfully submitted,

_Alysson Mills_

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile:  (504) 586-5250

*Attorneys for H&E Equipment Services, Inc.*

# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing has been served upon the following:

Marjorie McKeithen
Christoffer C. Friend
Meghan E. Smith
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
cfriend@joneswalker.com
msmith@joneswalker.com

Tony M. Clayton
Clayton, Fruge & Ward
3741 Louisiana Highway 1 South
Port Allen, Louisiana 70767
tclaytonlaw@aol.com
*Counsel for Defendants*

by facsimile, email, and/or by placing same in the United States mail, postage prepaid and properly addressed, this 6th day of June, 2018.

_Alysson Mills_

1330407v.1

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH
Filed Jun 11, 2018 10:09 AM
Deputy Clerk of Court
FAX Received Jun 06, 2018

C-626308
D

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                                   SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____          _____
                                                    DEPUTY CLERK

**MEMORANDUM IN OPPOSITION TO MOTION
TO CONTINUE TRIAL AND REQUEST SETTLEMENT CONFERENCE**

**MAY IT PLEASE THE COURT**:

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this Memorandum in Opposition to the Motion to Continue Trial and Request Settlement Conference filed by Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively, "URS"). For the reasons stated, H&E opposes a continuance.

**INTRODUCTION**

H&E filed its complaint in November 2013, over four years ago. The case was previously set for trial on August 16, 2017, but on August 14, 2017, was continued. The current trial date, July 17, 2018, was set in February.

The parties ought to be prepared to proceed on July 17, 2018, as planned. Last week, however, less than two months before trial, URS asked this Court to continue trial *again*. URS hired new counsel in April, and it contends its new counsel has not had an opportunity to adequately prepare "to mount a defense on behalf of URS, including an assessment of dispositive motions."

No one disputes URS's right to counsel of its choice, which necessarily includes a right to change counsel. But a change of counsel does not, by itself, warrant a continuance of trial. URS is correct that H&E changed counsel during the course of this litigation—but it did so in June 2016, not at the end of a four-year long litigation, not on the eve of trial.

NON-CERTIFIED COPY

## ARGUMENT

"A trial court has 'wide discretion' in deciding whether to grant or deny a motion for continuance." *Square Deal Siding Co. v. Thaller*, 2008-0757 (La. App. 4 Cir. 12/30/08); 3 So. 3d 71, 77 (citations omitted); *see also* La. Code Civ. P. art. 1601. "In deciding such a motion, the trial court must balance the mover's diligence and good faith and the opponent's right to have the case heard as soon as is practicable, as well as the need for orderly and prompt administration of justice." *Davis v. Mayberry*, 2000-1266 (La. App. 4 Cir. 11/28/01); 802 So. 2d 974, 978, *writ denied*, 2001-3402 (La. 3/28/02); 811 So. 2d 943 (citing *Gilcrease v. Bacarisse*, 26,318 (La. App. 2d Cir. 12/7/94); 647 So. 2d 1219). **"Fairness to *both* parties and the need for orderly administration of justice are proper considerations in deciding whether to grant or deny a continuance."** *Gilcrease*, 647 So. 2d at 1223 (citing *Austin v. Bearden*, 566 So.2d 1003 (La. App. 3d Cir.), *writ denied*, 568 So.2d 1086 (1990)).

For the following reasons, a continuance would be unfair:

**First, H&E will be prejudiced by another continuance.** H&E looked forward to trial on August 16, 2017 and was understandably disappointed when at the last minute trial had to be continued, at considerable expense to the parties and the Court. By July 17, 2018, H&E already will have waited an additional eleven months for a trial for which it was prepared to proceed last summer. Further delay is unfair to H&E. H&E has a right to have its case heard as soon as practicable. *Davis*, 802 So. 2d at 978.

**Second, URS's new counsel will have had ample opportunity to prepare.** Trial is July 17, 2018 therefore URS's new counsel will have had four-and-a-half months to prepare. URS's contention that its new counsel has had "difficulties in transitioning the file" is conclusory. URS hired its new counsel in April and concedes that its new counsel has worked with its prior counsel for at least "the past two months." URS offers no evidentiary support for alleged "logistical and technical delays in that process." URS has not carried its burden of proving a continuance is warranted. *See, e.g.*, *Succession of Feingerts*, 2017-0265 (La. App. 4 Cir. 12/21/17); 234 So. 3d 1081, 1085, *writ denied*, 2018-0147 (La. 3/23/18); 239 So. 3d 297 ("The discharge or withdrawal of an attorney is not by itself grounds for the postponing of another party's access to the courts. The unrepresented party bears the burden of showing additional reasons for a continuance."); *Suarez v. Acosta*, 15-750 (La. App. 5 Cir. 3/16/16); 194 So. 3d 626, 632 ("Because the discharge of one's lawyer is not, by itself, grounds for the

2

NON-CERTIFIED COPY

postponing of another party's access to the courts for a decision in a pending action, the client bears the burden of showing other circumstances that would justify a continuance.").

URS's situation is strikingly different than that of a party whose counsel has *withdrawn*, leaving them without representation on the eve of trial. "Often, when a litigant's lawyer withdraws at or near trial, that litigant may be entitled to a continuance to employ another attorney." *Richey v. Richey*, 97-838 (La. App. 3 Cir. 12/10/97); 704 So. 2d 343, 344. But even in cases in which a party's counsel has withdrawn, thirty days is sufficient time to retain new counsel for an anticipated trial date. *E.g.*, *Notoco Indus., Inc. v. Powell*, 2001-1817 (La. App. 1 Cir. 11/8/02); 835 So. 2d 835, 837 (affirming denial of motion to continue where defendant had thirty days to retain new counsel). *See also Richey*, 704 So. 2d at 344 (affirming denial of motion to continue where defendant had two months to retain new counsel); *Politz v. Politz*, 49,242 (La. App. 2 Cir. 9/10/14); 149 So. 3d 805, 814 (affirming denial of motion to continue where defendant had six weeks to retain new counsel).

Here, by contrast, URS's prior counsel did not abandon it on the eve of trial; instead, URS elected to change counsel in April, which has given its new counsel ample time to prepare for trial on July 17, 2018. *See, e.g., Domino v. Matthews*, 508 So. 2d 167, 169 (La. App. 4 Cir. 1987) (affirming denial of motion to continue where plaintiff's new counsel had six weeks to prepare). The Louisiana Code of Civil Procedure does not entitle URS to a continuance merely because URS contends its new counsel needs *more* than four-and-a-half months to prepare.

**Finally, Mr. Clayton's absence at trial is not grounds for a continuance.** URS retained two new law firms and several new lawyers to represent it at trial. Everyone, apparently, except Mr. Clayton, is available for trial. It is of course not unlikely that Mr. Clayton's only conflicts may resolve, such that he also is available for trial. Regardless, URS will have at least three lawyers, currently enrolled, to represent it at trial on July 17, 2018. Mr. Clayton's schedule, respectfully, is not grounds for a continuance.

## CONCLUSION

Because, for the reasons stated, trial of this case should not be further delayed, URS's motion should be denied.

1330407v.1

NON-CERTIFIED COPY

Respectfully submitted,

*Alysson Mills*

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

*Attorneys for H&E Equipment Services, Inc.*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing has been served upon the following:

Marjorie McKeithen
Christoffer C. Friend
Meghan E. Smith
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
cfriend@joneswalker.com
msmith@joneswalker.com

Tony M. Clayton
Clayton, Fruge & Ward
3741 Louisiana Highway 1 South
Port Allen, Louisiana 70767
tclaytonlaw@aol.com
*Counsel for Defendants*

by facsimile, email, and/or by placing same in the United States mail, postage prepaid and properly addressed, this 6th day of June, 2018.

*Alysson Mills*

1330407v.1

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH
Filed Jun 28, 2018 9:23 AM
Deputy Clerk of Court

C-626308
D



# JONES WALKER

201 ST. CHARLES AVENUE
NEW ORLEANS, LOUISIANA 70170-5100
www.joneswalker.com

# FACSIMILE

**From:**   Scott M. Sigl

**Direct Dial:**   504-582-8395

**Date:**   June 28, 2018

**Reference:**   H&E v. URS – 19th JDC 626,308
JW: 169000-00

Number of pages being transmitted including the cover page: *28*

| TO | Fax No. | Phone No. |
|---|---|---|
| Honorable Doug Welborn | (225) 389-3392 | |

**Message/Document(s) faxed:** Unopposed Motion for New Trial

Please call us if all pages are not received 504-582-8395.

ORIGINAL DOCUMENTS: Will follow by ☒ mail ☐ courier – OR – ☐ Will not follow unless requested.

JONES WALKER LLP

ALABAMA  ARIZONA  DISTRICT OF COLUMBIA  FLORIDA  GEORGIA  LOUISIANA  MISSISSIPPI  NEW YORK  TEXAS

NON-CERTIFIED COPY



201 St Charles Avenue
New Orleans, Louisiana 70170-5100
504-582-8000
Fax 504-582-8583
www.joneswalker.com

Scott M. Sigl
*Paralegal/Case Manager*
Direct Dial: 504-582-8395
Direct Fax: 504-589-8395
ssigl@joneswalker.com

June 28, 2018

**_Via Facsimile (225) 389-3392, Original to Follow by U.S. Mail_**

Honorable Doug Welborn
19th JDC
300 North Boulevard
Baton Rouge, LA 70801

Re:  *H & E Equipment Services vs. URS Corporation Architecture, P.C., URS*
      *Corporation, L. O'Neal Johnson and Thomas E. Ryan, III*
      *19th JDC No. 626, 308, Div. D*
      *JW File: 169000-00*

Dear Mr. Welborn:

Please accept for fax filing, pursuant to LSA-R.S. 13-850:

1) *URS Corporation's Unopposed Motion for New Trial, Amendment of Judgment,*
   *and/or Revision of Judgment and Incorporated Memorandum in Support.*

I would appreciate your fax filing the pleading into the record for this matter. Upon receiving your receipt of transaction, we will effectuate the delivery of the original pleading to the clerk's office, along with all applicable fees.

NON-CERTIFIED COPY

June 28, 2018
Page 2


      With kindest regards, I remain,


                Sincerely,

                Scott M. Sigl
                Paralegal/Case Manager

SMS
Enclosure

cc: Judge Janice Clark (via email)
    All Counsel of Record (via email only)

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH
Filed Jun 28, 2018 9:23 AM
Deputy Clerk of Court

C-626308
D

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

H&E EQUIPMENT SERVICES, INC.                    NO.  2018 CW 0021

VERSUS

URS CORPORATION
ARCHITECTURE, P.C., URS
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS RYAN, III          **MAY 1 4 2018**

In Re:    URS Corporation Architecture, P.C., URS Corporation,
          L. O'Neal Johnson and Thomas Ryan, III, applying for
          supervisory writs, 19th Judicial District Court,
          Parish of East Baton Rouge, No. 626308.

BEFORE:   HIGGINBOTHAM, HOLDRIDGE AND PENZATO, JJ.

        **WRIT GRANTED IN PART WITH ORDER DENIED IN PART.**  The
district court's December 7, 2017, judgment denying the
Relators' Motion in Limine to Strike Reports and to Exclude
Proposed Testimony of Wallace C. Drennan, III, and denying the
Relators' Motion in Limine to Strike Reports and to Exclude
Proposed Testimony of Dr. James R. "Bob" Bailey is vacated.  The
district court failed to comply with the requirements of La.
Code Civ. P. art. 1425(F)(3) and (F)(4) in denying the motions
in limine filed by Relators, in which they sought to exclude the
testimony of two potential experts.  Such failure to comply with
these requirements constitutes legal error.  See **Robertson v.
Doug Ashy Building Materials**, Inc., 2010-1552 (La. App. 1st Cir.
10/4/11), 77 So.3d 339, 359, underline{writs denied}, 2011-2468, 2430 (La.
1/13/12), 77 So.3d 972, 973.  This matter is remanded to the
district court for compliance with La. Code Civ. P. art. 1425(F)
within 10 days from this action.  This writ is denied in all
other respects.

                         GH
                         AHP
                         TMH

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
  FOR THE COURT

                                        **EXHIBIT 1**

NON-CERTIFIED COPY

# FishmanHaygood

Fishman Haygood LLP
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
fishmanhaygood.com

Alysson L. Mills
(504) 586-5253 Direct
amills@fishmanhaygood.com

June 1, 2018
*Via Federal Express*

The Honorable Janice G. Clark
District Court Judge, Division "D"
19th JDC, Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, Louisiana 70802

Re:    *H&E Equipment Services, Inc. v URS Corporation Architecture, P.C., et al*
       Docket No. 626308, Sec. "D"

Dear Judge Clark:

As requested by the Court's minute entry dated May 21, 2018, enclosed please find a proposed judgment.

Respectfully,

Alysson L. Mills

cc:    Brent Barriere, bbarriere@fishmanhaygood.com
       Lori Mince, lmince@fishmanhaygood.com
       Christoffer Friend, cfriend@joneswalker.com
       Phil Franco, philip.franco@arlaw.com
       Kellen Matthews, kellen.mathews.arlaw.com

1160711v.1                                          **EXHIBIT 2**

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

DOCKET NO.: 626,308                                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE. P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____        _____
                                        DEPUTY CLERK

## JUDGMENT

This matter came on for hearing before the Honorable Janice G. Clark on November 9,

2017 on the Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of

Wallace C. Drennan and Motion in Limine to Strike Expert Reports and to Exclude Proposed

Testimony of James R. ("Bob") Bailey filed by Defendants URS Corporation Architecture, P.C.,

URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

**PRESENT:** Loretta G. Mince and Rebecca Sha, for Plaintiff H&E Equipment
Services, Inc.; and

Philip A. Franco and Kellen J. Mathews, for Defendants URS Corporation Architecture,
P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

Considering the motion and memoranda submitted by the parties, the argument of

counsel, and the evidence presented at the hearing, and for the reasons set forth in the Court's

minute entry dated May 21, 2018, which states as follows:

> Findings of fact and conclusions of law, the Court finds that H&E sells
> and services industrial equipment contracted with URS which provides
> architectural engineering and related services. In this case, plaintiff seeks
> damages from defendant arising from defendant's design and construction
> management work on three of plaintiff's facilities located in Baton Rouge,
> Kenner, and Belle Chase respectively. At issue is whether or not defendants
> designed and constructed management was grossly defective or deficient. The
> Plaintiff contends that shortly after construction the pavement at these facilities
> began cracking and was visibly deteriorating. The Court finds as a matter of fact
> that the condition of the construction was attributable to the design provided by
> defendant. The Court further finds that defendant's designs for the pavement did
> not comply with State Local industry requirements and that remediation would
> involve removal and replacement of the pavement at the Baton Rouge and Kenner
> facilities to correct the resulting defects. The Court further finds that the
> construction documents provided by defendant or its subcontract were not
> prepared properly and in some were omitted essential measurements as necessary
> components. The Court further finds that Dr. James Bailey, a civil engineer,

NON-CERTIFIED COPY

licensed in multiple states is qualified by education, experience and scope to testify that such testimony will aid and assist trier of fact in sorting out issues. The Court further finds that Mr. Wallace Drennan has been in constructive pavement field for over 30 years by his training and experience as the requisite expertise to opine about the condition and causes of the failure of the concrete which testimony would be helpful to the trier of fact. In arriving at his opinion, Dr. Bailey reviewed the drawings and specifications of the design pavement promulgated by the American Concrete Institute and the Louisiana Department of Transportation and Development and other governmental agencies as well as Geo Technical Report. Mr. Drennan poured over 200,000 cubic yards of concrete and has worked with the LDOTD in establishing standards of specification for roads and bridges pertaining to concrete pavement. The Court further finds that he's reviewed hundreds of sets of construction plans and he observed the failure to subject concrete pavement first hand. The Court finds that he is in a position to give an opinion as to whether the failures he observed were consistent with deviation he identifies as well as cost of replacement pavement. Consequently, the Court found that both experts were competent to testify in the above and foregoing subject matters. Specifically, Dr. Bailey may testify with respect to the standard of care of an engineer and may opine as to whether or not defendant breached that standard of care and whether that breach constituted gross deviation from the standard. He may also testify on the costs and the scope of work and whether the resulting increase was due to defendant's failure. Mr. Drennan can testify as to whether the design at H&E's facilities deviated from governmental industries specifications and requirements and whether the failure he observed in the pavement were consistent with the deviations identified. He is, therefore, competent in this Court's opinion in those subject matters. Accordingly, the Court renders judgment herein denying the Motion in Limine to Strike Reports and to Exclude Proposed Testimony of Wallace Drennan and denying the Motion in Limine to Strike Reports and to Exclude Testimony of Dr. James Bailey. The Court will enter such judgment upon filing with the Clerk and circulation of counsel. Notify Counsel.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants'

Motions are DENIED.

Baton Rouge, Louisiana, this _____ day of June 2018.


_____
JUDGE JANICE G. CLARK

1327738v.1

NON-CERTIFIED COPY

## RULE 9.5 CERTIFICATE

I certify that on May 25, 2018, this proposed judgment and written reasons was sent via email to:

Christoffer Friend
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
cfriend@joneswalker.com
*Counsel for Defendants*

Philip Franco
Kellen J. Mathews
701 Poydras Street, Suite 450
New Orleans, Louisiana 70139
philip.franco@arlaw.com
kellen.mathews.arlaw.com
*Counsel for Defendants*

and that:

Counsel provided no objections.

DATED: June 1, 2018

Alysson L. Mills

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                              SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____        _____
                                             DEPUTY CLERK


PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff, H&E Equipment Services, Inc. ("H&E) respectfully submits these Proposed
Findings of Facts and Conclusions of Law in connection with the hearing held on November 9,
2017 on the Motions in Limine to Exclude Plaintiff's Experts Wallace C. Drennan and James R.
Bailey filed by Defendants URS Corporation Architecture, P.C., URS Corporation, L. O'Neal
Johnson, and Thomas E. Ryan, III (together, "URS").[1]

OVERVIEW

H&E contracted with URS to furnish professional design and construction administration
services to H&E in connection with the construction of its new headquarters building and
dealership facility in Baton Rouge. H&E also contracted with URS to provide professional
design and construction administration services to H&E in connection with the renovation and
additions to H&E's facilities located in Kenner, Louisiana and Belle Chasse, Louisiana.

H&E filed this suit claiming that the design and construction services provided by URS
and its subcontractors and employees were defective. According to H&E, the largest sustained
resulted from URS's faulty design of the pavement in the Baton Rouge and Kenner facilities.
Shortly after completion of the Baton Rouge and Kenner project, major portions of the concrete
parking and staging areas for H&E's industrial equipment at both facilities experienced
substantial cracking, spalling, and deterioration. H&E contends that URS's designs for the
pavement were grossly deficient and did not comply with state, local and industry requirements

[1] At the conclusion of the hearing on Defendants' Motions on November 9, 2017, and with the agreement of the
parties, the Court ordered that Proposed Findings of Fact and Conclusions of Law be submitted within five days, and
that the Court's ruling would be issued in due course following those submissions.

1245611v.1

**EXHIBIT 3**

NON-CERTIFIED COPY

and the recommendations of consultants commissioned by URS. H&E contends that the removal and replacement of the pavement at the Baton Rouge and Kenner facilities is necessary to correct the defects.

In addition to the pavement design, H&E contends that each of the three construction projects for which URS was responsible—H&E facilities in Baton Rouge, in Kenner, and in Belle Chasse—was riddled with problems arising from the construction documents that URS, or its subcontractors, prepared. For each project, H&E claims that URS omitted from the construction documents essential measurements or necessary components. H&E claims that these omissions resulted in costly change orders.

At the trial of this matter, H&E seeks to offer the testimony of two experts, Dr. James "Bob" Bailey and Wallace Drennan. Dr. Bailey, an engineer with a Ph. D. in Civil Engineering who is licensed in nine states (including Louisiana), is offered as an expert in the area of civil engineering and pavement analysis. Additionally, with respect to H&E's claim that URS's errors and omissions in the drawings resulted in increased costs, Dr. Bailey is offered as an expert on increased costs attributable to changes in the scope of work made during construction. Mr. Drennan, a general contractor with more than 30 years experience in construction, including in particular, the installation of more than 200,000 cubic yards of concrete pavement, is offered as an expert in the construction of Portland Cement Concrete Pavement and construction estimating.

H&E submits that the testimony of Dr. Bailey and Mr. Drennan will assist the trier of fact to determine the issues in this case, including whether URS was negligent or grossly negligent in its performance of design and construction administration services for H&E, whether H&E sustained damages as a result of URS's conduct, and the amount of those damages.

URS has filed motions in limine to exclude Dr. Bailey and Mr. Drennan. A hearing was held on November 9, 2017 on the motions filed by Defendants URS. Live testimony of Mr. Wallace C. Drennan, Jr. and Dr. James R. Bailey was presented at the hearing.

2

124561v.1

NON-CERTIFIED COPY

## FINDINGS OF FACT

Based upon Dr. Bailey's and Mr. Drennan's live testimony, as well as the pleadings and exhibits submitted by the parties, the Court makes the following findings of fact regarding Dr. Bailey and Mr. Drennan in accordance with Article 1425(f) of the Louisiana Code of Civil Procedure.

**(A) James R. Bailey, Ph.D.**

1. Dr. Bailey obtained his bachelor degree in civil engineering from Texas Tech University in 1982. He also obtained his master's degree in civil engineering from Texas Tech University in 1984. He then obtained his Ph.D. in civil engineering from Texas Tech University in 1989.

2. Dr. Bailey took and passed the Fundamentals of Engineering Exam and Principles and Practice of Engineering Exam. These exams are prerequisites to becoming a Professional Engineer. Dr. Bailey's specialty was structures, including geotech and transportation.

3. Dr. Bailey is a licensed engineer in nine states, including Louisiana.

4. Dr. Bailey currently serves as Senior Managing Engineer for Exponent Failure Analysis Associates.

5. Dr. Bailey has performed assessments of industrial and commercial facilities involving reinforced concrete designs in Louisiana and in other states, including recent work related to an industrial facility in Donaldsonville, Louisiana where heavy equipment is operated on a reinforced concrete slab.

6. As reflected in Dr. Bailey's curriculum vitae, he has offered expert testimony in numerous state and federal courts.

7. Dr. Bailey offers opinions on behalf of H&E relating to whether the design of pavement reflected in URS's drawings was defective, whether the pavement failures experienced at H&E's facilities were likely caused by deficiencies in URS's designs, and the standard of care of an engineer as applied to the facts of this case.

8. In formulating his opinions, Dr. Bailey reviewed drawings and specifications for the design of pavement promulgated by the American Concrete Institute, the Louisiana Department of Transportation and Development ("LDOTD"), the Department of Public Works for the City of Baton Rouge, and the Jefferson Parish Department of Engineering. Dr. Bailey also reviewed the geotechnical reports commissioned by URS.

3

NON-CERTIFIED COPY

9. Dr. Bailey also performed four site visits from 2013-2016 of the H&E facilities in Kenner and Baton Rouge.

10. Dr. Bailey analyzed whether the design as reflected in URS's drawings complied with the applicable governmental and industry requirements.

11. Dr. Bailey also considered whether the deficiencies in the URS designs amount to a deviation and/or a gross deviation from the standard of care of engineers.

12. Dr. Bailey further reviewed whether the design defects he identified in URS's drawings were consistent with the random cracking and other pavement failures that were observed and reported at H&E's facilities.

13. Additionally, with respect to H&E's claim that URS's errors and omissions in the drawings resulted in increased costs, Dr. Bailey submitted an opinion regarding increased costs attributable to changes in the scope of work made during construction.

14. In connection with this opinion, Dr. Bailey relied on his professional experience. He further consulted with his colleague, Matt Vale, at Exponent to validate his opinion.

**(B) Wallace C. Drennan, Jr.**

1.      Mr. Wallace C. Drennan, Jr. is the president of Wallace C. Drennan, Inc., a general contracting company in Louisiana.

2.      Mr. Drennan began working full time for Wallace C. Drennan, Inc. in the early 1980's as a laborer in a concrete crew. Mr. Drennan later worked as an equipment operator, and operated slip-form concrete machines. Mr. Drennan also attended pavement school.

3.      Mr. Drennan has worked in other positions within the company as well, including performing estimating.

4.      Mr. Drennan became the president of Wallace C. Drennan, Inc. in the early 1990's.

5.      Mr. Drennan has worked on a variety of concrete pavement projects, including roadways, sidewalks, and parking lots. Mr. Drennan has poured and/or overseen the construction of concrete for various owners, including the State of Louisiana, the City of New Orleans, Jefferson Parish, the Corps of Engineer, the Sewerage & Water Board, and several private entities. Mr. Drennan estimated that he has been involved in pouring over 200,000 cubic yards of concrete.

6.      Mr. Drennan was one of a handful of contractors who assisted the LDOTD in revising section 601 of the Standard Specifications for Roads and Bridges pertaining to Portland Cement Concrete Pavement. He also served on a committee of contractors, engineers, and current and

4

1245611v.1

NON-CERTIFIED COPY

retired City personnel to revise the City of New Orleans' standard specifications, including the City's specifications for concrete pavement.

7.      In the course of his work, Mr. Drennan has reviewed hundreds of sets of construction plans.  He has also observed first-hand the failure of concrete pavement which was not constructed with proper expansion and contraction joints.

8.      Mr. Drennan has prepared more than 100 construction estimates that included the pouring of concrete pavement.

9.      Mr. Drennan submitted opinions on behalf of Plaintiff, H&E Equipment Services, Inc. on whether the design of the pavement at H&E's Baton Rouge and Kenner facilities deviated from relevant governmental and industry specifications and requirements, whether the failures he observed in the pavement at H&E's facilities were consistent with the deviations he identified, and the cost to cure the deficiencies in the pavement.

10.     In formulating his opinions, Mr. Drennan referred to drawings and specifications promulgated by the LDOTD, the Department of Public Works for the City of Baton Rouge, the Jefferson Parish Department of Engineering, and the American Concrete Institute ("ACI").  Mr. Drennan also reviewed the geotechnical reports prepared for the projects at issue.

11.     Mr. Drennan testified that LDOTD drawings and specifications are regularly referred to in construction plans and specifications, and that they, along with other government and industry specifications, were referenced in the plans and specifications prepared by URS and the geotechnical reports commissioned by URS.

12.     Mr. Drennan also performed three site visits to H&E facilities in Kenner and Baton Rouge, Louisiana to perform visual inspections of the pavement.

13.     Mr. Drennan analyzed whether the design reflected in URS's drawings complied with the above mentioned governmental and industry specifications.

14.     Mr. Drennan further considered whether the deficiencies he identified in URS's drawings were consistent with the random cracking and other concrete pavement failures that were observed and reported at H&E's facilities.

15.     Mr. Drennan calculated the cost to replace the pavement at the Kenner and Baton Rouge facilities with pavement that met the minimum requirements of the LDOTD standards assuming two different pavement thicknesses.

5

1245611v.1

NON-CERTIFIED COPY

## CONCLUSIONS OF LAW

Based upon Mr. Drennan and Dr. Bailey's testimony as well as the pleadings and exhibits submitted by the parties, the Court makes the following conclusions of law regarding Mr. Drennan and Dr. Bailey in accordance with Article 1425(f) of the Louisiana Code of Civil Procedure.

1.  La. Code Evid. art. 702 provides:

    If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

2.  An expert's opinion is properly admitted if:

    (1) the expert is qualified to testify competently regarding the matters he intends to address;

    (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and

    (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Cheairs v. State ex rel. Dep't of Transp. & Dev.*, 2003-0680 (La. 12/3/03); 861 So. 2d 536, 542.

3.  The "determination of the admissibility of expert testimony under La. Code of Civ. Proc. art. 702 'turns upon whether it would assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Cheairs*, 861 So.2d at 541-42.

4.  "Generally, the test for determining an expert's competency is the expert's knowledge of the subject about which he is called upon to express an opinion." *State v. Ferguson*, 2009-1422, (La. App. 4 Cir. 12/15/10); 54 So.3d 152, 166.

5.  "Experience alone is normally sufficient to qualify a witness as an expert." *Cheairs*, 861 So.2d at 554.

6.  Under Articles 702-705 of the Louisiana Code of Evidence, Dr. Bailey may testify at trial on whether the design of pavement reflected in URS's drawings was defective, the standard of care of an engineer as applied to the facts of this case, and the increased cost attributable to changes in the scope of work.

7.  Under Article 702 of the Louisiana Code of Evidence, Dr. Bailey is qualified as an expert in these areas based upon his education, training, knowledge, and work experience.

8.  Dr. Bailey is competent to testify on the above subject matters. Dr. Bailey has over 35 years of experience in engineering. Dr. Bailey has a Ph.D. in civil engineering and passed the

6

1245611v.1

NON-CERTIFIED COPY

Fundamentals of Engineering Exam and the Principles and Practice of Engineering Exam where his specialty was structures, including geotech and transportation.

9.      Dr. Bailey is also a licensed engineer in nine states, including in Louisiana! Dr. Bailey also has work experience performing assessments of industrial and commercial facilities involving reinforced concrete in Louisiana and other states.

10.     As a licensed civil engineer with experience with reinforced concrete, Dr. Bailey is competent to opine as to the standard of care and whether the deficiencies in URS's design amount to a deviation and/or a gross deviation from the standard of care.

11.     Dr. Bailey is also competent to testify as to the increased costs attributable to changes in the scope of work. His opinion on this topic is based on his own professional experience, and his opinion was validated by his colleague at Exponent.

12.     Under Article 703 of the Louisiana Code of Evidence, Dr. Bailey's opinion is reliable. Based upon his testimony, he reviewed URS's designs and performed multiple site visits. In forming his opinions, Dr. Bailey referred to standard specifications and requirements promulgated state and local governments on pavement as well as industry specifications. The same specifications were referred to in URS's drawings and geotechnical reports commissioned by URS. The standards used by Dr. Bailey are reliable.

13.     Dr. Bailey's testimony will assist the trier of fact, through his specialized expertise based upon his training as a civil engineer and work experience as a licensed engineer, to determine whether URS's pavement designs were in fact defective.

14.     Dr. Bailey's testimony on standard of care of an engineer will assist the trier of fact, through his training and work as a licensed civil engineer, to determine whether URS breached their standard of care and whether URS's breach constituted a gross deviation from the standard of care.

15.     Finally, Dr. Bailey's testimony on the increased costs attributable to changes in a scope of work will assist the trier of fact, through his specialized understanding of the cost versus time model, to determine the extent of damages, if any, that H&E suffered as a result of URS's changes in the scope of other design work.

16.     Under Articles 702-705 of the Louisiana Code of Evidence, Mr. Drennan may testify at trial on whether the design of the pavement at H&E's Baton Rouge and Kenner facilities deviated from relevant governmental and industry specifications and requirements and whether

1245611v.1

NON-CERTIFIED COPY

the failures he observed in the pavement at H&E's facilities were consistent with the deviations he identified. Mr. Drennan may further testify at trial regarding the cost to repair the pavement at H&E's Kenner and Baton Rouge facilities.

17.  Under Article 702 of the Louisiana Code of Evidence, Mr. Drennan is qualified as an expert in these areas based upon his knowledge and work experience. *See Cheairs*, 861 So.2d at 554.

18.  Mr. Drennan is competent to testify as to the above subject matters. Mr. Drennan has over 30 years of experience with concrete pavement, including pouring concrete pavement, overseeing the pouring of concrete pavement, managing projects with concrete pavement, and estimating projects with concrete pavement. Further, Mr. Drennan has also participated in the revision of standards for concrete pavement including standards promulgated by the LDOTD and City of New Orleans. Finally, in the course of his work, Mr. Drennan has observed firsthand the failure of pavement from a number of causes, including failure that occurs when it the pavement does not have properly designed contraction and expansion joints.

19.  Under Article 703 of the Louisiana Code of Evidence, Mr. Drennan's opinion is reliable. Based upon Mr. Drennan's testimony, he reviewed URS's designs and performed multiple site visits. In forming his opinions, Mr. Drennan referred to standard specifications used by state and local governments as well as industry standards for pavement construction. The same standards were referred to in URS's plans and specifications and the geotechnical reports. The standards used by Mr. Drennan are reliable.

20.  Mr. Drennan's testimony will assist the trier of fact in determining (1) whether URS's pavement designs were defective, (2) whether the cracking and other pavement failures were likely caused by the defective designs, and (3) the cost to repair the pavement at H&E's Kenner and Baton Rouge facilities.

Respectfully submitted,

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
Rebecca Sha, La. Bar No. 35317
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*

8

1245611v.1

NON-CERTIFIED COPY

# CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by facsimile, email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 16 day of November, 2017.

_____
Loretta G. Mince

9

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

DOCKET NO.: 626,308                                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____        _____
                                              DEPUTY CLERK

## JUDGMENT

This matter came on for hearing before the Honorable Janice G. Clark on November 9,

2017 on the Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of

Wallace C. Drennan and Motion in Limine to Strike Expert Reports and to Exclude Proposed

Testimony of James R. ("Bob") Bailey filed by Defendants URS Corporation Architecture, P.C.,

URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

**PRESENT:** Loretta G. Mince and Rebecca Sha, for Plaintiff H&E Equipment
Services, Inc.; and

Philip A. Franco and Kellen J. Mathews, for Defendants URS Corporation Architecture,
P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

At the conclusion of the hearing, and with the agreement of the parties, the Court ordered

that Proposed Findings of Fact and Conclusions of Law be submitted within five days and that

the Court's ruling would be issued in due course following those submissions. The Court now

renders Judgment as follows:

Considering the motion and memoranda submitted by the parties, the argument of

counsel, and the evidence presented at the hearing, and for the reasons set forth in the Court's

Findings and Fact and Conclusions of Law rendered herewith,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants'

Motions are DENIED.

Baton Rouge, Louisiana, this _____ day of November, 2017.

_____
                                JUDGE JANICE G. CLARK

1089598v.2

NON-CERTIFIED COPY

19ᵀᴴ JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

DOCKET NO.: 626,308                                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____          _____
                                          DEPUTY CLERK

### AMENDED JUDGMENT

This matter came on for hearing before the Honorable Janice G. Clark on November 9,

2017 on the Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of

Wallace C. Drennan and Motion in Limine to Strike Expert Reports and to Exclude Proposed

Testimony of James R. ("Bob") Bailey filed by Defendants URS Corporation Architecture, P.C.,

URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

**PRESENT:** Loretta G. Mince and Rebecca Sha, for Plaintiff H&E Equipment Services,
Inc.; and

Philip A. Franco and Kellen J. Mathews, for Defendants URS Corporation Architecture,
P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

Considering the motion and memoranda submitted by the parties, the argument of counsel,

and the evidence presented at the hearing, the Court issues the following findings of fact,

conclusions of law, and reasons for judgment:

The Court finds that H&E sells and services industrial equipment contracted
with URS which provides architectural engineering and related services. In this
case, plaintiff seeks damages from defendant arising from defendant's design and
construction management work on three of plaintiff's facilities located in Baton
Rouge, Kenner, and Belle Chase respectively. At issue is whether or not defendants
designed and constructed management was grossly defective or deficient. The
Plaintiff contends that shortly after construction the pavement at these facilities
began cracking and was visibly deteriorating. The Court further finds that Dr.
James Bailey, a civil engineer, licensed in multiple states is qualified by education,
experience and scope to testify that such testimony will aid and assist trier of fact
in sorting out issues. The Court further finds that Mr. Wallace Drennan has been
in constructive pavement field for over 30 years by his training and experience as
the requisite expertise to opine about the condition and causes of the failure of the
concrete which testimony would be helpful to the trier of fact. In arriving at his
opinion, Dr. Bailey reviewed the drawings and specifications of the design

1327738v.1

**EXHIBIT 4**

NON-CERTIFIED COPY

pavement promulgated by the American Concrete Institute and the Louisiana Department of Transportation and Development and other governmental agencies as well as Geo Technical Report. Mr. Drennan poured over 200,000 cubic yards of concrete and has worked with the LDOTD in establishing standards of specification for roads and bridges pertaining to concrete pavement. The Court further finds that he's reviewed hundreds of sets of construction plans and he observed the failure to subject concrete pavement first hand. The Court finds that he is in a position to give an opinion as to whether the failures he observed were consistent with deviation he identifies as well as cost of replacement pavement. Consequently, the Court found that both experts were competent to testify in the above and foregoing subject matters. Specifically, Dr. Bailey may testify with respect to the standard of care of an engineer and may opine as to whether or not defendant breached that standard of care and whether that breach constituted gross deviation from the standard. He may also testify on the costs and the scope of work and whether the resulting increase was due to defendant's failure. Mr. Drennan can testify as to whether the design at H&E's facilities deviated from governmental industries specifications and requirements and whether the failure he observed in the pavement were consistent with the deviations identified. He is, therefore, competent in this Court's opinion in those subject matters. Accordingly, the Court renders judgment herein denying the Motion in Limine to Strike Reports and to Exclude Proposed Testimony of Wallace Drennan and denying the Motion in Limine to Strike Reports and to Exclude Testimony of Dr. James Bailey.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants' Motions are DENIED.

Baton Rouge, Louisiana, this _____ day of June 2018.

_____
JUDGE JANICE G. CLARK

1327738v.1

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH
Filed Jun 28, 2018 9:23 AM
Deputy Clerk of Court

C-626308
D

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308        DIV. "D" |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION | * | PARISH OF EAST BATON ROUGE |
| ARCHITECTURE, P.C., URS | * | |
| CORPORATION, L. O'NEAL | * | STATE OF LOUISIANA |
| JOHNSON AND THOMAS E. | * | |
| RYAN, III | | |

---

### URS CORPORATION'S UNOPPOSED MOTION FOR NEW TRIAL, AMENDMENT OF JUDGMENT, AND/OR REVISION OF JUDGMENT AND INCORPORATED MEMORANDUM IN SUPPORT

NOW INTO COURT through undersigned counsel come, Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants"), to move this Court to grant a new trial on Defendants' Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of Wallace C. Drennan and Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of James R. ("Bob") Bailey and enter a judgment that makes the required statements under Louisiana Code of Civil Procedure article 1425 as instructed by the First Circuit but does not grant relief beyond that sought in the Motions in Limine. Counsel for H&E have been contacted and supplied with the proposed Amended Judgment and **do not intend to oppose the relief requested**.

1.

The Court held a hearing on Defendants' Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of Wallace C. Drennan and Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of James R. ("Bob") Bailey on November 9, 2017. Following the hearing, the Court took the matter under advisement and requested that the parties submit proposed findings of facts and conclusions of law within five days of the hearing. Both H&E and Defendants complied with the Court's request. The Court signed a judgment on December 7, 2017 denying Defendants' Motions. This Judgment did not include findings of facts, conclusions of law, or reasons for judgment as required under Louisiana Code of Civil Procedure article 1425(F)(3) and F(4). Defendants applied for a supervisory writ from the December 7, 2017 judgment to the Louisiana First Circuit Court of Appeals.

NON-CERTIFIED COPY

2.

On May 14, 2018, the First Circuit granted Defendants' Application for Supervisory Writ in part, to instruct the trial Court to enter a judgment complying with the requirements of Louisiana Code Civil Procedure Article 1425(F)(3) and (F)(4).[1] On May 21, 2018, the Court issued a minute entry instructing the parties to submit a written judgment memorializing the Court's findings provided in the minute entry.

3.

On June 1, 2018, H&E submitted a proposed judgment to the Court, complying with the Court's directive to submit a judgment including the minute entry in its entirety as the required findings of fact, conclusions of law, and reasons for judgment required by La. C. C. P. art. 1425. Upon information and belief, the Court signed the judgment on June 19th.[2]

4.

This judgment states:

"Findings of fact and conclusions of law, the Court finds that H&E sells and services industrial equipment contracted with URS which provides architectural engineering and related services. In this case, plaintiff seeks damages from defendant arising from defendant's design and construction management work on three of plaintiff's facilities located in Baton Rouge, Kenner, and Belle Chase respectively. At issue is whether or not defendants designed and constructed management was grossly defective or deficient. The Plaintiff contends that shortly after construction the pavement at these facilities began cracking and was visibly deteriorating. The Court finds as a matter of fact that the condition of the construction was attributable to the design provided by defendant. The Court further finds that defendant's designs for the pavement did not comply with State Local industry requirements and that remediation would involve removal and replacement of the pavement at the Baton Rouge and Kenner facilities to correct the resulting defects. The Court further finds that the construction documents provided by defendant or its subcontract were not prepared properly and in some were omitted essential measurements as necessary components. The Court further finds that Dr. James Bailey, a civil engineer, licensed in multiple states is qualified by education, experience and scope to testify that such testimony will aid and assist trier of fact in sorting out issues. The Court further finds that Mr. Wallace Drennan has been in constructive pavement field for over 30 years by his training and experience as the requisite expertise to opine about the condition and causes of the failure of the concrete which testimony would be helpful to the trier of fact. In arriving at his opinion, Dr. Bailey reviewed the drawings and specifications of the

---

[1] *See* Exhibit 1.

[2] Defendants have not received a copy of the signed judgment and have been unable to confirm with the Court when the judgment was mailed to the parties. The judgment is also unlisted and otherwise unavailable on the electronic docket available through the 19th Judicial District Court's Clerk of Court. Time delays for the filing of a Motion for New trial do not commence until the mailing of the notice of the judgment (La C.C.P. art. 1974), however, Defendants file this current motion on June 28th in an abundance of caution. *See* Exhibit 2.

NON-CERTIFIED COPY

design pavement promulgated by the American Concrete Institute and the Louisiana Department of Transportation and Development and other governmental agencies as well as Geo Technical Report. Mr. Drennan poured over 200,000 cubic yards of concrete and has worked with the LDOTD in establishing standards of specification for roads and bridges pertaining to concrete pavement. The Court further finds that he's reviewed hundreds of sets of construction plans and he observed the failure to subject concrete pavement first hand. The Court finds that he is in a position to give an opinion as to whether the failures he observed were consistent with deviation he identifies as well as cost of replacement pavement. Consequently, the Court found that both experts were competent to testify in the above and foregoing subject matters. Specifically, Dr. Bailey may testify with respect to the standard of care of an engineer and may opine as to whether or not defendant breached that standard of care and whether that breach constituted gross deviation from the standard. He may also testify on the costs and the scope of work and whether the resulting increase was due to defendant's failure. Mr. Drennan can testify as to whether the design at H&E's facilities deviated from governmental industries specifications and requirements and whether the failure he observed in the pavement were consistent with the deviations identified. He is, therefore, competent in this Court's opinion in those subject matters. Accordingly, the Court renders judgment herein denying the Motion in Limine to Strike Reports and to Exclude Proposed Testimony of Wallace Drennan and denying the Motion in Limine to Strike Reports and to Exclude Testimony of Dr. James Bailey. The Court will enter such judgment upon filing with the Clerk and circulation of counsel. Notify Counsel."

5.

While the Motions heard by the Court on November 9, 2017 were Motions in Limine seeking to exclude the proffered expert testimony offered by H&E witnesses Wallace C. Drennan and James R. Bailey, the Court's judgment appears to address far more than then the relief sought, including findings of facts reserved for the jury after presentation of both parties' evidence and conclusions of law that were not before the Court via any properly noticed motion.[3] The Court's minute entry, memorialized in its judgment, states, in relevant part:

The Court finds as a matter of fact that the condition of the construction was attributable to the design provided by defendant. The Court further finds that defendant's designs for the pavement did not comply with State Local industry requirements and that remediation would involve removal and replacement of the pavement at the Baton Rouge and Kenner facilities to correct the resulting defects. The Court further finds that the construction documents provided by defendant or its subcontract were not prepared properly and in some were omitted essential measurements as necessary components.

---

[1]  See Rodgers v. State Farm Mut. Auto. Ins., 15-0868 (La. 06/30/15); 168 So. 3d 375, 376. In Rodgers, the Louisiana Supreme Court analyzed a scenario where an insurance company defendant moved for summary judgment and requested a ruling that the plaintiff's claim was not covered. The plaintiff did not file any cross-motion. The lower court not only denied the defendant's MSJ, but took it a step further and concluded that there actually *was* coverage. The Louisiana Supreme Court held that the ruling was improper to the extent it granted affirmative relief that was never requested in a motion filed by the plaintiff:

NON-CERTIFIED COPY

It appears that the inclusion of these seeming "findings of fact" and "conclusions of law" are the result of the Court incorporating H&E's background allegations submitted alongside H&E's proposed findings that were limited to the motions in limine.[4] Therefore, URS requests amendment of the Court's judgment to eliminate the inclusion of what may be construed as ultimate findings of fact and conclusions of law—issues well beyond the purview of questions of fact and law presented by URS's Motions in Limine.

H&E cannot reasonably oppose this motion. The inclusion of its summary allegations into this Court's judgment cannot definitively establish any findings of fact and conclusions of law. H&E knows this. Indeed, the findings of fact and conclusions of law submitted by H&E in its proposed judgment were appropriately limited to the Court's gatekeeping function: namely, whether "the testimony of Dr. Bailey and Mr. Drennan will **assist the trier of fact** to determine the issues in this case, including **whether** URS was negligent or grossly negligent in its performance of design and construction administration for H&E, **whether** H&E sustained damages as a result of URS's conduct, and the amount of those damages."[5]

Furthermore, H&E cannot reasonably dispute that the jury is the trier of fact of the merits of this case, and the questions of whether URS was negligent, whether that negligence led to damage to H&E, and the amount of those damages, if any, are all issues for the jury to decide. Similarly, the only questions of law before the Court in the motions in limine were questions of the admissibility of expert testimony under Louisiana Code of Evidence 702, *Daubert v. Merrel Dow Pharmaceuticals Inc.,* 509 U.S. 579 (1993), and *State v. Foret,* 628 So.2d 1116 (La. 1993) and any conclusion of law that go beyond this question were not before the Court on November 9, 2017.

6.

The portions of the Judgment that make findings of fact and conclusions of law beyond the issues raised in the motions in limine are contrary to the law and evidence. While there are limited instances where a Court may move *sua sponte* to determine questions of law, there is no such

---

[4]    Exhibit 3 at pp. 1-2.
[5]    Exhibit 3 at p. 2 (*emphasis added*).

NON-CERTIFIED COPY

circumstance in this case.[6] And it is inappropriate for the Court to hear expert testimony from only one party (H&E) and accept that evidence as fact. Indeed, Defendants have not yet presented any expert testimony to the trier of fact to defend against the allegations of H&E because the trial of the merits of this matter has not yet commenced. Therefore, Defendants are entitled to a new trial under the peremptory grounds started in Louisiana Code of Civil Procedure article 1972(1) and the discretionary grounds in article 1973.

7.

Since a judgment resolving Defendants' Motion in Limine may not include findings of fact and conclusions of law regarding the merits of Plaintiffs' claims in connection with Defendants' Motions in Limine to exclude evidence. Therefore, Defendants are entitled to a new trial and a judgment that makes the required statements under Louisiana Code of Civil Procedure article 1425 as instructed by the First Circuit but goes no further.

Specifically, Defendants request that the Court's judgment be amended to delete the language underlined and bolded below:

> "Findings of fact and conclusions of law, the Court finds that H&E sells and services industrial equipment contracted with URS which provides architectural engineering and related services. In this case, plaintiff seeks damages from defendant arising from defendant's design and construction management work on three of plaintiff's facilities located in Baton Rouge, Kenner, and Belle Chase respectively. At issue is whether or not defendants designed and constructed management was grossly defective or deficient. The Plaintiff contends that shortly after construction the pavement at these facilities began cracking and was visibly deteriorating. **The Court finds as a matter of fact that the condition of the construction was attributable to the design provided by defendant. The Court further finds that defendant's designs for the pavement did not comply with State Local industry requirements and that remediation would involve removal and replacement of the pavement at the Baton Rouge and Kenner facilities to correct the resulting defects. The Court further finds that the construction documents provided by defendant or its subcontract were not prepared properly and in some were omitted essential measurements as necessary components.** The Court further finds that Dr. James Bailey, a civil engineer, licensed in multiple states is qualified by education, experience and scope to testify that such testimony will aid and assist trier of fact in sorting out issues. The Court further finds that Mr. Wallace Drennan has been in constructive pavement field for over 30 years by his training and experience as the requisite expertise to opine about the condition and causes of the failure of the concrete which testimony would be helpful to the trier of fact. In arriving at his opinion, Dr. Bailey reviewed the drawings and specifications of the design pavement promulgated by the American Concrete Institute and the Louisiana Department of Transportation and Development and other governmental agencies as well as Geo

---

[6] *See, e.g.,* La. C. C. P. art. 927(B): The nonjoinder of a party, peremption, res judicata, the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, or discharge in bankruptcy, may be noticed by either the trial or appellate court on its own motion.

NON-CERTIFIED COPY

Technical Report. Mr. Drennan poured over 200,000 cubic yards of concrete and has worked with the LDOTD in establishing standards of specification for roads and bridges pertaining to concrete pavement. The Court further finds that he's reviewed hundreds of sets of construction plans and he observed the failure to subject concrete pavement first hand. The Court finds that he is in a position to give an opinion as to whether the failures he observed were consistent with deviation he identifies as well as cost of replacement pavement. Consequently, the Court found that both experts were competent to testify in the above and foregoing subject matters. Specifically, Dr. Bailey may testify with respect to the standard of care of an engineer and may opine as to whether or not defendant breached that standard of care and whether that breach constituted gross deviation from the standard. He may also testify on the costs and the scope of work and whether the resulting increase was due to defendant's failure. Mr. Drennan can testify as to whether the design at H&E's facilities deviated from governmental industries specifications and requirements and whether the failure he observed in the pavement were consistent with the deviations identified. He is, therefore, competent in this Court's opinion in those subject matters. Accordingly, the Court renders judgment herein denying the Motion in Limine to Strike Reports and to Exclude Proposed Testimony of Wallace Drennan and denying the Motion in Limine to Strike Reports and to Exclude Testimony of Dr. James Bailey. The Court will enter such judgment upon filing with the Clerk and circulation of counsel. Notify Counsel."[7]

**8.**

In the alternative, Defendants seek the relief sought herein by means of an amendment of the judgment under Louisiana Code of Civil Procedure article 1951 to the extent that article allows the relief requested herein. Defendants request a new judgment deleting the underlined and bolded language emphasized in paragraph 7 of this motion and memorandum in support.

**9.**

Defendants have conferred with Plaintiff regarding the instant motion. Plaintiff has advised that it will not oppose the entry of the Amended Judgment submitted with the motion as Exhibit 4.

Respectfully Submitted,

Marjorie McKeithen, (#21767)
Christoffer C. Friend (#1888)
Meghan E. Smith (#34097)
JONES WALKER LLP
201 St. Charles Avenue, Suite 4700
New Orleans, Louisiana 70130
Telephone: (504) 582-8000
Facsimile: (504) 589-8322
Email: cfriend@joneswalker.com
Email: msmith@joneswalker.com

---

[7]  A proposed Judgment is attached as Exhibit 4 for the Court's reference.

6

NON-CERTIFIED COPY

*and*

Tony M. Clayton, T.A. (#21191)
CLAYTON, FRUGE & WARD
3741 Louisiana Hwy. 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
Email: tclaytonlaw@aol.com

***ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.; URS
CORPORATION; L. O'NEAL RYAN AND THOMAS
E. RYAN, III***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all

counsel of record via United States mail, properly addressed, and first class postage prepaid or via

email, this the 28th day of June, 2018.

NON-CERTIFIED COPY

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV. "D" |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III | * * * | PARISH OF EAST BATON ROUGE STATE OF LOUISIANA |

## RULE TO SHOW CAUSE

*Considering the Unopposed Motion for New Trial, Amendment of Judgment, and/or Revisions of Judgment and Incorporated Memorandum in Support of URS Corporation Architecture, P.C.; URS Corporation; L. O'Neal Ryan and Thomas E. Ryan, III:*

**IT IS ORDERED** that the Plaintiff herein appear on the ___ day of _____ 2018, at _____ a.m./p.m. and show cause why Defendant, URS Corporation Architecture, P.C.; URS Corporation; L. O'Neal Ryan and Thomas E. Ryan, III's Unopposed Motion for New Trial, Amendment of Judgment, and/or Revisions of Judgment and Incorporated Memorandum in Support of URS Corporation Architecture, P.C.; URS Corporation; L. O'Neal Ryan and Thomas E. Ryan, III should not be granted.

Baton Rouge, Louisiana this ___ day of _____ 2018.

_____
Honorable Janice Clark
Judge, 19th Judicial District Court

**Please Serve:** (Service will be effected via Article 1313)

**All Known Counsel of Record**

8

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH

C-626308

Filed Jul 03, 2018 9:12 AM
Deputy Clerk of Court
FAX Received Jun 29, 2018

21/D



# JONES WALKER

201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
504-582-8000
Fax 504-582-8583
www.joneswalker.com

Scott M. Sigl
*Paralegal/Case Manager*
Direct Dial: 504-582-8395
Direct Fax: 504-589-8395
ssigl@joneswalker.com

June 28, 2018

<u>*Via Facsimile (225) 389-3392, Original to Follow by U.S. Mail*</u>

Honorable Doug Welborn
19th JDC
300 North Boulevard
Baton Rouge, LA 70801

> Re:  *H & E Equipment Services vs. URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson and Thomas E. Ryan, III*
> *19th JDC No. 626, 308, Div. D*
> *JW File: 169000-00*

Dear Mr. Welborn:

Please accept for fax filing, pursuant to LSA-R.S. 13-850:

> *1)  URS Corporation's Unopposed Motion for New Trial, Amendment of Judgment, and/or Revision of Judgment and Incorporated Memorandum in Support.*

I would appreciate your fax filing the pleading into the record for this matter. Upon receiving your receipt of transaction, we will effectuate the delivery of the original pleading to the clerk's office, along with all applicable fees.

---

JONES WALKER LLP

Alabama   Arizona   District of Columbia   Florida   Georgia   Louisiana   Mississippi   New York   Texas

NON-CERTIFIED COPY

June 28, 2018
Page 2


With kindest regards, I remain,


                                    Sincerely,


                                    Scott M. Sigl
                                    Paralegal/Case Manager

SMS
Enclosure

cc: Judge Janice Clark (via email)
    All Counsel of Record (via email only)

NON-CERTIFIED COPY



# Doug Welborn

Clerk of Court
19th Judicial District
Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

FROM: SUIT ACCOUNTING DEPARTMENT

FAX NUMBER: (225) 389-3392

To: MARJORIE MCKEITHEN

Date: JUNE 28, 2018

Suit No.: C-626308

Section: D

H&E EQUIPMENT SRVCS VS URS CORP ARCHITECTURE ETAL

Total Amount Due (Includes all applicable fees below) $185.00

| | |
|---|---|
| 901-COVER LETTER | 3 PAGES |
| 4000-MTN & ORD FOR NEW TRIAL-CIV | 8 PAGES |
| 5011-EXHIBIT-CV | 17 PAGES |

The Clerk's office received the above mentioned documents by facsimile transmission dated 06-28-18, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

#### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

#### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).

#### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Kay Lewis*

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Suit Accounting Dept. Form #6 Rev. 03/26/14

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH C-626308
Filed Jun 29, 2018 9:35 AM    21/D
Deputy Clerk of Court

## FISHMAN HAYGOOD, L.L.P.

201 St. Charles Avenue
46th Floor
New Orleans, LA 70170
Phone: (504) 586-5252
Fax: (504) 586-5250

# Fax

**TO:**   Clerk, 19th JDC                    **FAX NUMBER:** 225-389-3392
           Parish of East Baton Rouge

**FROM:** Loretta G. Mince                   **DIRECT DIAL NO:** 504-586-5273

**DATE:** June 29, 2018                      **FILE NO.** 3107-04

We are sending 37 pages (including this page)

If there are any problems, please contact Rhonda 586-5297.

Re:   *H&E Equipment Services, Inc. v URS Corporation Architecture, P.C., et al*
      19th JDC, Doc. No. 626,308, Sec. "D"

Dear Clerk:

   Attached please find Plaintiff's Proposed Jury Instructions and Proposed Jury
Interrogatories on behalf of H&E Equipment Services, Inc. Please confirm *via* facsimile the cost
for **fax and filing** the attached document. As required, the original document will be forwarded
for filing within seven (7) days along with a check to cover the fees for filing by fax.

   Thanking you in advance for your assistance.

                                            Respectfully,


                                            Rhonda Sylvera
                                            Legal Assistant


cc:   Meghan Smith (*via* msmith@joneswalker.com)


859269v.1

NON-CERTIFIED COPY

FishmanHaygood

Fishman Haygood LLP
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
fishmanhaygood.com

LORETTA G. MINCE
PARTNER
(504) 586-5273
LMINCE@FISHMANHAYGOOD.COM

June 29, 2018

File No. 3107-04

*Via* **Email & Federal Express:**

The Honorable Janice Clark
19th Judicial District Court
Parish of East Baton Rouge
300 North Blvd., Suite 10101
Baton Rouge, Louisiana 70801
ajsabine@brgov.com

     Re:   *H&E Equipment Services, Inc. v. URS Corporation Architecture, P.C., et al*
           19th JDC for the Parish of East Baton Rouge, Docket No. 626308, Sec. "D"

Dear Judge Clark:

    Enclosed please find Proposed Jury Charges and Jury Interrogatories on be... lf of H&E
Equipment Services, Inc.

                        Respectfully,

                        Lori Mince

LGM/ccm
cc: Meghan Smith, Esq. (*via* msmith@joneswalker.com)

1

1338575v.1

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH    C-626308
Filed Jul 02, 2018 4:34 PM    21/D
Deputy Clerk of Court

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308      DIV. "D"** |
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| | * | |
| **URS CORPORATION** | * | **PARISH OF EAST BATON ROUGE** |
| **ARCHITECTURE, P.C., URS** | | |
| **CORPORATION, L. O'NEAL** | * | **STATE OF LOUISIANA** |
| **JOHNSON AND THOMAS E.** | | |
| **RYAN, III** | | |

---

## MEMORANDUM IN SUPPORT OF DEFENDANTS' RE-URGED MOTION TO CONTINUE TRIAL AND MOTION FOR EXPEDITED HEARING

As the Court is aware, Defendants' have recently changed counsel in this case, something H&E Equipment Services ("H&E") has done several times during the course of this matter. Since coming on board, Defendants' new counsel, Jones Walker LLP ("Jones") and Clayton, Fruge & Ward ("Clayton"), have rigorously engaged in reviewing the file, meeting with witnesses, and preparing for trial. On June 11, 2018, after a hearing on Defendants' Original Motion to Continue the trial in this matter, the Court deferred its ruling until the parties could engage in a settlement conference. On June 26, 2018, Defendants participated in the conference in good faith, but a deal could not be reached. Defendants now re-urge their motion to continue the trial in this matter for a short period not to exceed 120 days, to allow its new counsel to adequately prepare for trial.

## I. THE PREVIOUS MOTION AND THE SETTLEMENT CONFERENCE

As soon as new counsel for Defendants were enrolled in the case and appreciated the breadth of the material at issue in the matter, they moved for a continuance of the July 17th trial.[1] Among the grounds for continuance, Defendants cited unavoidable delays associated with transferring the file from former counsel, scheduling conflicts, the sheer scope of the facts and law at issue (as this case has been pending for over four years, involves dozens of witnesses and over 175,000 pages of discovery, and puts millions in dispute), and the fact that H&E would not be prejudiced by a short continuance.

As part of their Motion, Defendants also suggested that a settlement conference may be useful in the matter once counsel had reviewed the file, in August or September of 2018. The Court

---

[1] See Original Motion to Continue attached as Exhibit __.

NON-CERTIFIED COPY

set a hearing on the Original Motion to Continue on June 11, 2018. At the hearing each side offered short oral argument and the Court deferred ruling on the Motion to Continue until the parties could participate in a settlement conference. The Court scheduled said settlement conference for June 26, 2018.

Between the June 11, 2018 hearing and the June 26, 2018 settlement conference, Defendants and counsel for Defendants rigorously engaged in preparation for the settlement conference while simultaneously attempting to meet with witnesses and otherwise review the file and prepare for trial. However, the latter is no small feat. As indicated above, this case is complex: there have been approximately twenty-five depositions taken of fact witnesses, experts, and corporate representatives; 175,000 pages of documents have been produced; and H&E asserts millions of dollars in damages.

Defendants also prepared for the settlement conference in good faith, bringing additional settlement authority and a Los Angeles-based representative of URS to what it hoped would be a productive attempt to resolve the case. Despite Defendants' good faith efforts, the parties were unable to reach a compromise, as plaintiffs continue to overvalue their case, particularly in light of 1) this Court's ruling that the 2009 contract applies to the Kenner site (which includes a limitation of liability provision), and 2) the fact that plaintiffs have enjoyed uninterrupted use of the sites for nearly six years.

## II. A CONTINUANCE IS NOT PREJUDICIAL TO H&E AND IS NECESSARY TO ENSURE DEFENDANTS' RIGHTS TO DUE PROCESS

### A. The law cited by H&E in opposition actually supports URS's Motion.

In its Opposition to Defendants' Original Motion to Continue, H&E acknowledges that this Court has "wide discretion" in considering a motion for continuance.[2] H&E cites the *Davis v. Mayberry* case for the proposition that the Court "must balance the mover's diligence and good faith and the opponent's right to have the case heard as soon as practicable." 2000-1266 (La. App. 4 Cir. 11/28/01); 802 So. 2d 974, 978. It is worth noting that in the *Davis v. Mayberry* case, the trial court's denial of the motion to continue was reversed on appeal, because there had been no

---

[2] Opposition at 1.

NON-CERTIFIED COPY

showing that "a continuance would cause any significant hardship or injustice," similar to H&E's lack of showing here. 802 So.2d at 979-980.

H&E then cites *Gilcrease v. Bacarisse* for the proposition that "[f]airness to both parties and the need for orderly administration of justice are proper considerations in deciding whether to grant or deny a continuance." In the *Gilcrease* case, the party moving for the continuance had retained five different counsel throughout eight years of litigation, and at the time she requested the continuance, she had been without counsel for a year and a half. URS has only replaced its counsel once, did so as expeditiously as possible, and is not seeking an indefinite continuance of this case, unlike the movant in *Gilcrease*. Here, the balance of a short continuance of a very complex case to allow new counsel to prepare should be weighed against the minor consequences of a delay to H&E. It would also make sense, as requested by URS, to use the short continuance to hold a meaningful settlement conference.

H&E cites several additional cases in its Opposition in which continuances were denied; however, all of them are distinguishable from this matter. First, none of the cases cited by H&E remotely rivals the complexities and technical nature of the current matter. Second, many of the movants in the cases had previously been granted multiple continuances. Finally, some movants waited until the day of trial to request a continuance and several requested continuances without date. All of these cases are inapplicable to the current circumstances as summarized in the table below:

| Case cited by H&E | Proposition Offered | Distinguishable Facts |
| --- | --- | --- |
| *Succession of Feingerts*, 2017-0265 (La. App. 4 Cir. 12/21/17); 234 So.3d 1081 | "The discharge or withdrawal of an attorney is not by itself grounds for the postponing of another party's access to the courts."[3] | The matter had been previously continued three times on the basis of the movant's inability to retain counsel. The movant failed to prove that he had diligently pursued retention of counsel. |
| *Domino v. Matthews*, 508 So.2d 167 (La. App. 4 Cir. 1987) | "affirming denial of motion to continue where plaintiff's new counsel had six weeks to prepare."[4] | This case was a one day bench trial related to a car accident where the plaintiff sustained $650 worth of damage to his car and incurred $650 worth of medical bills. The plaintiff also waited until the day of trial to move for a continuance. |

---

[3] Opposition at 2.
[4] Opposition at 3.

NON-CERTIFIED COPY

| | | |
|---|---|---|
| *Notoco Indus. V. Powell,* 2001-1817 (La. App. 1 Cir. 11/8/02); 835 So.2d 835. | "affirming denial of motion to continue where defendant has thirty days to retain new counsel."[5] | Movant appeared for the trial without representation and moved for a continuance. Movant failed to demonstrate that he diligently tried to obtain counsel or even reached out to opposing counsel to notify them of his circumstances prior to the trial. |
| *Suarez v. Acosta,* No. 15-CA-750 (La. App. 5 Cir. 3/16/16); 194 So.3d 626. | "because the discharge of one's lawyer is not, by itself, grounds for the postponing of another party's access to the courts…the client bears the burden of showing other circumstances would justify a continuance."[6] | This case was a bench trial in a paternity suit. The movant showed up for trial and moved for a continuance. Despite retaining counsel thirty days prior to the hearing, movant only met with counsel on the day prior to trial. |
| *Richey v. Richey,* 97-838 (La. App. 3 Cir. 12/10/97); 704 So.2d 343. | "affirming denial of motion to continue where defendant had two months to retain new counsel."[7] | This case was an action for child support. Movant's attorney withdrew two months prior to the trial. Movant moved for continuance six days prior to trial. Twelve continuances had already been granted in the matter and movant made no showing why she failed to obtain counsel. |
| *Politz v. Politz,* 49,242 (La. App. 2 Cir. 9/10/14); 149 So.3d 805 | "affirming denial of motion to continue where defendant had six weeks to retain new counsel."[8] | This was an action for a community property partition that had been pending for ten years. The Movant herself was an attorney. The Court of Appeals opined that granting the continuance would delay the trial indefinitely. |

**B. Defendants' right to select counsel of their choosing is an exercise of their due process rights.**

Contrary to any such assertion by plaintiffs, Defendants' decision to hire new counsel was not done to delay the trial of this matter, but was a decision made after careful consideration. Shortly before the trial last year, the in-house counsel assigned to this matter parted from the Company and this very complex file (with years on it) was assigned to new in-house counsel (also just two months' new to the Company). After engaging with outside counsel for approximately 6 months on the matter (much of which was waiting for the Daubert to be re-heard), it was concluded that Defendants needed different counsel to resolve this dispute in line with the Company's objectives. w

---

[5] Opposition at 3.
[6] Opposition at 2-3.
[7] Opposition at 3.
[8] Opposition at 3.

NON-CERTIFIED COPY

Since retained, Defendants' new counsel have been diligently reviewing file materials and learning this complex case in order to provide a competent and zealous defense. The Louisiana Supreme Court has recognized that parties' rights to choose counsel should not be deprived without careful consideration:

> In The United States Supreme Court has recognized that there is a presumption in favor of a party's right to choose counsel. *Wheat v. United States,* 486 U.S. 153, 158, 160, 108 S.Ct. 1692, 1696, 1697–1698, 100 L.Ed.2d 140 (1988). The Fifth Circuit Court of Appeals found that depriving a party of his choice of counsel is a penalty that must not be imposed without careful consideration. *FDIC v. United States Fire Insurance Company,* 50 F.3d 1304, 1313 (5th Cir.1995). In civil matters as well as criminal matters, the right to counsel includes the right to legal representation of one's choice. *McCuin v. Texas Power,* 714 F.2d 1255, 1257 [(5th Cir. 1983)]. This right is "one of constitutional dimensions and should be freely exercised without impingement." The right to counsel of choice is not absolute. *Id.* at 1262, 1263. This right can be overridden only if it can be proven that there is a compelling reason to do so. *Id.*

*Disaster Restoration Dry Cleaning, L.L.C. v. Pellerin Laundry Mach. Sales Co.,* 2005-0715 (La. 4/17/06), 927 So. 2d 1094, 1101.

In *McCuin, supra,* at 1262-1263, the U.S. Court of Appeals for the Fifth Circuit articulated that "the right to counsel in civil cases is no less fundamental [than the right to counsel in criminal cases] and springs from both statutory authority and from the constitutional right to due process of law.[24] Therefore, disqualification of counsel 'is an extreme remedy that will not be imposed ... lightly.' *Duncan v. Merrill Lynch, Pierce, Fenner & Smith,* 646 F.2d 1020, 1025 n. 6 (5th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981)."

Here, a refusal to grant the continuance will effectively disqualify Defendants' selected counsel. And H&E has provided no "compelling reason" to effectively deprive Defendants of their choice of counsel by denying a short continuance in order to allow new counsel adequate time to prepare for trial. H&E simply will suffer no additional prejudice by the requested continuance of 120 days.

### C. H&E cannot articulate why a short continuance of the trial will result in prejudice or hardship.

In its opposition to Defendants' Original Motion to Continue, H&E offers a conclusory statement that it "will be prejudiced by another continuance," and that it was "looking forward to

NON-CERTIFIED COPY

trial last summer."[9] However, it offers no evidence that a short continuance will result in any prejudice or hardship. By H&E's own account, this case has been pending since November 2013. Yet, it claims hardship of if it must wait an additional 120 days for trial. This seems implausible. URS and H&E are both large, sophisticated corporations with national operations and experienced legal departments. Neither URS nor H&E wants litigation to drag out unnecessarily. A short continuance in this matter will not harm H&E and will ensure that URS does not have an argument on appeal that its counsel was not afforded time to prepare.

It is also worth pointing out that H&E has enjoyed continued use of its pavements and structures that are the subject of this lawsuit for nearly six years. There is no irreparable harm waiting a few more months for a jury to decide the issues in this matter. Indeed, the Louisiana judicial system allows for the collection of judicial interest specifically to compensate litigants for the time it takes to obtain a resolution to their claims. This means H&E will be compensated, should it prevail at trial, for any delay to resolution of its dispute.

## III. COUNSEL FOR DEFENDANTS ARE ACTING IN GOOD FAITH AND A CONTINUANCE WILL PROMOTE ANY POSSIBLE SETTLEMENT OF THIS MATTER

From the time of Defendants' Original Motion to Continue, new counsel have been candid and forthcoming with the Court regarding the difficulties involved in preparing for trial on July 17th. Counsel's original estimate that it would take until August or September 2018 to engage in a productive settlement conference are still true. Defendants have not dismissed the possibility of resolving this case without the need for a jury trial. However, with the July 17th trial date looming and perhaps upon the belief that Defendants' counsel will be ineffective at trial given their late joinder to the case, H&E has become emboldened to draw its bottom line ever higher in settlement discussions. A continuance is not only necessary for all of the reasons discussed in Section II, but is necessary to obtain any amicable resolution of this case.

---

[9] Opposition at 2.

NON-CERTIFIED COPY

## IV. CONCLUSION

Defendants have shown good cause why a short (not to exceed 120 days) continuance is necessary and fair in this matter. The Court should grant the motion and reset the trial for the fall of 2018.

Respectfully submitted,

Tony M. Clayton, T.A. (#21191)
CLAYTON, FRUGE & WARD
3741 Louisiana Hwy. 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
Email: tclaytonlaw@aol.com

and

Marjorie McKeithen, (#21767)
Christoffer C. Friend (#1888)
Meghan E. Smith (#34097)
JONES WALKER LLP
201 St. Charles Avenue, Suite 4700
New Orleans, Louisiana 70130
Telephone: (504) 582-8000
Facsimile: (504) 589-8322
Email:  cfriend@joneswalker.com
Email:  msmith@joneswalker.com

***ATTORNEYS FOR DEFENDANTS, URS CORPORATION ARCHITECTURE, P.C.; URS CORPORATION; L. O'NEAL RYAN AND THOMAS E. RYAN, III***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid or via email, this the _____ day of July, 2018.

**TONY CLAYTON**

9

NON-CERTIFIED COPY



# CLAYTON | FRUGÉ | WARD

TONY CLAYTON†
RICHARD J. WARD, III
MICHAEL C. HENDRY

July 2, 2018

MICHAEL P. FRUGÉ
RANDALL "BLUE" GAY
BRILLIANT P. CLAYTON

**_VIA HAND DELIVERY_**
Honorable Doug Welborn
19th Judicial District Court Clerk
Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, Louisiana 70802

> EAST BATON ROUGE PARISH **C-626308**
> Filed Jul 02, 2018 4:34 PM **21/D**
> Deputy Clerk of Court

**Re:** *H&E Equipment Services v. URS Corporation Architecture, P.C., et al.*
Suit No.: 626308, Division: "D", 19th JDC, East Baton Rouge Parish

Dear Mr. Welborn:

Enclosed, please find for filing an original of Defendants' Re-Urged Motion to Continue Trial and Motion for Expedited Hearing along with Memorandum in Support related to the above-captioned matter. Please file the original into the record of this matter and return the file-stamped copy to my courier for my records.

Pursuant to your office, the filing of this motion is $90.00. Please find our firm's check in the amount of $122.00, representing the filing fee as well as the deficient balance in said suit.

Thank you for your assistance in this matter.

Very truly yours,

A.M. "Tony" Clayton

AMC/rft
Enclosures

cc:   Ms. Meghan E. Smith
      Mr. Christoffer C. Friend
      Mr. Tony Clayton (w/o enclosures)

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH
Filed Jul 02, 2018 4:34 PM
Deputy Clerk of Court

C-626308
21/D

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV. "D" |
|---|---|---|
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| | * | |
| **URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL JOHNSON AND THOMAS E. RYAN, III** | * | **PARISH OF EAST BATON ROUGE** |
| | * | **STATE OF LOUISIANA** |

---

### DEFENDANTS' RE-URGED MOTION TO CONTINUE TRIAL AND MOTION FOR EXPEDITED HEARING

NOW INTO COURT through undersigned counsel come, Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants"), and file this Re-urged Motion to Continue the trial in this matter, currently set for July 17, 2018, and request expedited consideration of the same as soon as the Court can reasonably schedule it. In light of the impending trial date, Defendants submit that good cause exists to hear this motion on an expedited basis,

For the reasons in the accompanying memorandum in support and to protect Defendants due process rights, this Court should grant Defendants' requests, set an expedited hearing on this re-urged motion, and continue the trial currently set for July 17, 2018.

Tony M. Clayton, T.A. (#21191)
CLAYTON, FRUGE & WARD
3741 Louisiana Hwy. 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
Email: tclaytonlaw@aol.com

And

NON-CERTIFIED COPY

Marjorie McKeithen, (#21767)
Christoffer C. Friend (#1888)
Meghan E. Smith (#34097)
JONES WALKER LLP
201 St. Charles Avenue, Suite 4700
New Orleans, Louisiana 70130
Telephone: (504) 582-8000
Facsimile: (504) 589-8322
Email:  cfriend@joneswalker.com
Email:  msmith@joneswalker.com

***ATTORNEYS     FOR     DEFENDANTS,     URS
CORPORATION ARCHITECTURE, P.C.;  URS
CORPORATION; L. O'NEAL RYAN AND THOMAS
E. RYAN, III***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all

counsel of record via United States mail, properly addressed, and first class postage prepaid or via

email, this the _____ day of July, 2018.

_____
                    **TONY CLAYTON**

NON-CERTIFIED COPY

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308    DIV. "D"** |
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| | * | |
| **URS CORPORATION** | * | **PARISH OF EAST BATON ROUGE** |
| **ARCHITECTURE, P.C., URS** | | |
| **CORPORATION, L. O'NEAL** | * | **STATE OF LOUISIANA** |
| **JOHNSON AND THOMAS E.** | | |
| **RYAN, III** | | |

## ORDER

Considering the foregoing Motion of Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III, to Continue and for Expedited Hearing:

**IT IS HEREBY ORDERED** that the Motion to Continue be set, on an expedited basis, for the _____ day of _____, 2018 at ___ o'clock ___. in Baton Rouge, Louisiana.

**THUS DONE AND SIGNED** in Baton Rouge, Louisiana, this _____ day of _____, 2018.

_____
**HONORABLE JANICE CLARK**
**JUDGE, 19TH JUDICIAL DISTRICT COURT**

NON-CERTIFIED COPY

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

H&E EQUIPMENT SERVICES, INC.                    NO.  2018 CW 0021

VERSUS

URS CORPORATION
ARCHITECTURE, P.C., URS
CORPORATION, L. O'NEAL
JOHNSON AND THOMAS RYAN, III                    **MAY 1 4 2018**

---

In Re:    URS Corporation Architecture, P.C., URS Corporation,
          L. O'Neal Johnson and Thomas Ryan, III, applying for
          supervisory writs, 19th Judicial District Court,
          Parish of East Baton Rouge, No. 626308.

---

BEFORE:    HIGGINBOTHAM, HOLDRIDGE AND PENZATO, JJ.

      **WRIT GRANTED IN PART WITH ORDER DENIED IN PART.** The
district court's December 7, 2017, judgment denying the
Relators' Motion in Limine to Strike Reports and to Exclude
Proposed Testimony of Wallace C. Drennan, III, and denying the
Relators' Motion in Limine to Strike Reports and to Exclude
Proposed Testimony of Dr. James R. "Bob" Bailey is vacated. The
district court failed to comply with the requirements of La.
Code Civ. P. art. 1425(F)(3) and (F)(4) in denying the motions
in limine filed by Relators, in which they sought to exclude the
testimony of two potential experts. Such failure to comply with
these requirements constitutes legal error. See **Robertson v.
Doug Ashy Building Materials, Inc.**, 2010-1552 (La. App. 1st Cir.
10/4/11), 77 So.3d 339, 359, writs denied, 2011-2468, 2430 (La.
1/13/12), 77 So.3d 972, 973. This matter is remanded to the
district court for compliance with La. Code Civ. P. art. 1425(F)
within 10 days from this action. This writ is denied in all
other respects.

GH
AHP
TMH

COURT OF APPEAL, FIRST CIRCUIT


_____
DEPUTY CLERK OF COURT
   FOR THE COURT

NON-CERTIFIED COPY

EXHIBIT 1

FishmanHaygood

Fishman Haygood LLP
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
fishmanhaygood.com

Alysson L. Mills
(504) 586-5253 Direct
amills@fishmanhaygood.com

June 1, 2018
*Via Federal Express*

The Honorable Janice G. Clark
District Court Judge, Division "D"
19th JDC, Parish of East Baton Rouge
300 North Boulevard
Baton Rouge, Louisiana 70802

Re:   *H&E Equipment Services, Inc. v URS Corporation Architecture, P.C., et al*
      Docket No. 626308, Sec. "D"

Dear Judge Clark:

As requested by the Court's minute entry dated May 21, 2018, enclosed please find a proposed judgment.

Respectfully,

*[signature]*

Alysson L. Mills

cc:   Brent Barriere, bbarriere@fishmanhaygood.com.
      Lori Mince, lmince@fishmanhaygood.com
      Christoffer Friend, cfriend@joneswalker.com
      Phil Franco, philip.franco@arlaw.com
      Kellen Matthews, kellen.mathews@arlaw.com

1160711v.1

**EXHIBIT 2**

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

DOCKET NO.: 626,308                                          SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____        _____
                                                 DEPUTY CLERK

## JUDGMENT

This matter came on for hearing before the Honorable Janice G. Clark on November 9, 2017 on the Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of Wallace C. Drennan and Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of James R. ("Bob") Bailey filed by Defendants URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

> **PRESENT:** Loretta G. Mince and Rebecca Sha, for Plaintiff H&E Equipment Services, Inc.; and
>
> Philip A. Franco and Kellen J. Mathews, for Defendants URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

Considering the motion and memoranda submitted by the parties, the argument of counsel, and the evidence presented at the hearing, and for the reasons set forth in the Court's minute entry dated May 21, 2018, which states as follows:

> Findings of fact and conclusions of law, the Court finds that H&E sells and services industrial equipment contracted with URS which provides architectural engineering and related services. In this case, plaintiff seeks damages from defendant arising from defendant's design and construction management work on three of plaintiff's facilities located in Baton Rouge, Kenner, and Belle Chase respectively. At issue is whether or not defendants designed and constructed management was grossly defective or deficient. The Plaintiff contends that shortly after construction the pavement at these facilities began cracking and was visibly deteriorating. The Court finds as a matter of fact that the condition of the construction was attributable to the design provided by defendant. The Court further finds that defendant's designs for the pavement did not comply with State Local industry requirements and that remediation would involve removal and replacement of the pavement at the Baton Rouge and Kenner facilities to correct the resulting defects. The Court further finds that the construction documents provided by defendant or its subcontract were not prepared properly and in some were omitted essential measurements as necessary components. The Court further finds that Dr. James Bailey, a civil engineer,

1327738v.1

NON-CERTIFIED COPY

licensed in multiple states is qualified by education, experience and scope to testify that such testimony will aid and assist trier of fact in sorting out issues. The Court further finds that Mr. Wallace Drennan has been in constructive pavement field for over 30 years by his training and experience as the requisite expertise to opine about the condition and causes of the failure of the concrete which testimony would be helpful to the trier of fact. In arriving at his opinion, Dr. Bailey reviewed the drawings and specifications of the design pavement promulgated by the American Concrete Institute and the Louisiana Department of Transportation and Development and other governmental agencies as well as Geo Technical Report. Mr. Drennan poured over 200,000 cubic yards of concrete and has worked with the LDOTD in establishing standards of specification for roads and bridges pertaining to concrete pavement. The Court further finds that he's reviewed hundreds of sets of construction plans and he observed the failure to subject concrete pavement first hand. The Court finds that he is in a position to give an opinion as to whether the failures he observed were consistent with deviation he identifies as well as cost of replacement pavement. Consequently, the Court found that both experts were competent to testify in the above and foregoing subject matters. Specifically, Dr. Bailey may testify with respect to the standard of care of an engineer and may opine as to whether or not defendant breached that standard of care and whether that breach constituted gross deviation from the standard. He may also testify on the costs and the scope of work and whether the resulting increase was due to defendant's failure. Mr. Drennan can testify as to whether the design at H&E's facilities deviated from governmental industries specifications and requirements and whether the failure he observed in the pavement were consistent with the deviations identified. He is, therefore, competent in this Court's opinion in those subject matters. Accordingly, the Court renders judgment herein denying the Motion in Limine to Strike Reports and to Exclude Proposed Testimony of Wallace Drennan and denying the Motion in Limine to Strike Reports and to Exclude Testimony of Dr. James Bailey. The Court will enter such judgment upon filing with the Clerk and circulation of counsel. Notify Counsel.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants'

Motions are DENIED.

Baton Rouge, Louisiana, this _____ day of June 2018.

_____
JUDGE JANICE G. CLARK

NON-CERTIFIED COPY

## RULE 9.5 CERTIFICATE

I certify that on May 25, 2018, this proposed judgment and written reasons was sent via email to:

Christoffer Friend
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
cfriend@joneswalker.com
*Counsel for Defendants*

Philip Franco
Kellen J. Mathews
701 Poydras Street, Suite 450
New Orleans, Louisiana 70139
philip.franco@arlaw.com
kellen.mathews.arlaw.com
*Counsel for Defendants*

and that:

Counsel provided no objections.

DATED: June 1, 2018

*Alysson Mills*

Alysson L. Mills

1327738v.1

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                                  SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____          _____
                                                 **DEPUTY CLERK**

## PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff, H&E Equipment Services, Inc. ("H&E) respectfully submits these Proposed Findings of Facts and Conclusions of Law in connection with the hearing held on November 9, 2017 on the Motions in Limine to Exclude Plaintiff's Experts Wallace C. Drennan and James R. Bailey filed by Defendants URS Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (together, "URS").[1]

### OVERVIEW

H&E contracted with URS to furnish professional design and construction administration services to H&E in connection with the construction of its new headquarters building and dealership facility in Baton Rouge. H&E also contracted with URS to provide professional design and construction administration services to H&E in connection with the renovation and additions to H&E's facilities located in Kenner, Louisiana and Belle Chasse, Louisiana.

H&E filed this suit claiming that the design and construction services provided by URS and its subcontractors and employees were defective. According to H&E, the largest sustained resulted from URS's faulty design of the pavement in the Baton Rouge and Kenner facilities. Shortly after completion of the Baton Rouge and Kenner project, major portions of the concrete parking and staging areas for H&E's industrial equipment at both facilities experienced substantial cracking, spalling, and deterioration. H&E contends that URS's designs for the pavement were grossly deficient and did not comply with state, local and industry requirements

---

[1] At the conclusion of the hearing on Defendants' Motions on November 9, 2017, and with the agreement of the parties, the Court ordered that Proposed Findings of Fact and Conclusions of Law be submitted within five days, and that the Court's ruling would be issued in due course following those submissions.

NON-CERTIFIED COPY

**EXHIBIT 3**

and the recommendations of consultants commissioned by URS. H&E contends that the removal and replacement of the pavement at the Baton Rouge and Kenner facilities is necessary to correct the defects.

In addition to the pavement design, H&E contends that each of the three construction projects for which URS was responsible—H&E facilities in Baton Rouge, in Kenner, and in Belle Chasse—was riddled with problems arising from the construction documents that URS, or its subcontractors, prepared. For each project, H&E claims that URS omitted from the construction documents essential measurements or necessary components. H&E claims that these omissions resulted in costly change orders.

At the trial of this matter, H&E seeks to offer the testimony of two experts, Dr. James "Bob" Bailey and Wallace Drennan. Dr. Bailey, an engineer with a Ph. D. in Civil Engineering who is licensed in nine states (including Louisiana), is offered as an expert in the area of civil engineering and pavement analysis. Additionally, with respect to H&E's claim that URS's errors and omissions in the drawings resulted in increased costs, Dr. Bailey is offered as an expert on increased costs attributable to changes in the scope of work made during construction. Mr. Drennan, a general contractor with more than 30 years experience in construction, including in particular, the installation of more than 200,000 cubic yards of concrete pavement, is offered as an expert in the construction of Portland Cement Concrete Pavement and construction estimating.

H&E submits that the testimony of Dr. Bailey and Mr. Drennan will assist the trier of fact to determine the issues in this case, including whether URS was negligent or grossly negligent in its performance of design and construction administration services for H&E, whether H&E sustained damages as a result of URS's conduct, and the amount of those damages.

URS has filed motions in limine to exclude Dr. Bailey and Mr. Drennan. A hearing was held on November 9, 2017 on the motions filed by Defendants URS. Live testimony of Mr. Wallace C. Drennan, Jr. and Dr. James R. Bailey was presented at the hearing.

2

NON-CERTIFIED COPY

## FINDINGS OF FACT

Based upon Dr. Bailey's and Mr. Drennan's live testimony, as well as the pleadings and exhibits submitted by the parties, the Court makes the following findings of fact regarding Dr. Bailey and Mr. Drennan in accordance with Article 1425(f) of the Louisiana Code of Civil Procedure.

**(A) James R. Bailey, Ph.D.**

1. Dr. Bailey obtained his bachelor degree in civil engineering from Texas Tech University in 1982. He also obtained his master's degree in civil engineering from Texas Tech University in 1984. He then obtained his Ph.D. in civil engineering from Texas Tech University in 1989.

2. Dr. Bailey took and passed the Fundamentals of Engineering Exam and Principles and Practice of Engineering Exam. These exams are prerequisites to becoming a Professional Engineer. Dr. Bailey's specialty was structures, including geotech and transportation.

3. Dr. Bailey is a licensed engineer in nine states, including Louisiana.

4. Dr. Bailey currently serves as Senior Managing Engineer for Exponent Failure Analysis Associates.

5. Dr. Bailey has performed assessments of industrial and commercial facilities involving reinforced concrete designs in Louisiana and in other states, including recent work related to an industrial facility in Donaldsonville, Louisiana where heavy equipment is operated on a reinforced concrete slab.

6. As reflected in Dr. Bailey's curriculum vitae, he has offered expert testimony in numerous state and federal courts.

7. Dr. Bailey offers opinions on behalf of H&E relating to whether the design of pavement reflected in URS's drawings was defective, whether the pavement failures experienced at H&E's facilities were likely caused by deficiencies in URS's designs, and the standard of care of an engineer as applied to the facts of this case.

8. In formulating his opinions, Dr. Bailey reviewed drawings and specifications for the design of pavement promulgated by the American Concrete Institute, the Louisiana Department of Transportation and Development ("LDOTD"), the Department of Public Works for the City of Baton Rouge, and the Jefferson Parish Department of Engineering. Dr. Bailey also reviewed the geotechnical reports commissioned by URS.

3

1245611v.1

NON-CERTIFIED COPY

9. Dr. Bailey also performed four site visits from 2013-2016 of the H&E facilities in Kenner and Baton Rouge.

10. Dr. Bailey analyzed whether the design as reflected in URS's drawings complied with the applicable governmental and industry requirements.

11. Dr. Bailey also considered whether the deficiencies in the URS designs amount to a deviation and/or a gross deviation from the standard of care of engineers.

12. Dr. Bailey further reviewed whether the design defects he identified in URS's drawings were consistent with the random cracking and other pavement failures that were observed and reported at H&E's facilities.

13. Additionally, with respect to H&E's claim that URS's errors and omissions in the drawings resulted in increased costs, Dr. Bailey submitted an opinion regarding increased costs attributable to changes in the scope of work made during construction.

14. In connection with this opinion, Dr. Bailey relied on his professional experience. He further consulted with his colleague, Matt Vale, at Exponent to validate his opinion.

**(B) Wallace C. Drennan, Jr.**

1.    Mr. Wallace C. Drennan, Jr. is the president of Wallace C. Drennan, Inc., a general contracting company in Louisiana.

2.    Mr. Drennan began working full time for Wallace C. Drennan, Inc. in the early 1980's as a laborer in a concrete crew. Mr. Drennan later worked as an equipment operator, and operated slip-form concrete machines. Mr. Drennan also attended pavement school.

3.    Mr. Drennan has worked in other positions within the company as well, including performing estimating.

4.    Mr. Drennan became the president of Wallace C. Drennan, Inc. in the early 1990's.

5.    Mr. Drennan has worked on a variety of concrete pavement projects, including roadways, sidewalks, and parking lots. Mr. Drennan has poured and/or overseen the construction of concrete for various owners, including the State of Louisiana, the City of New Orleans, Jefferson Parish, the Corps of Engineer, the Sewerage & Water Board, and several private entities. Mr. Drennan estimated that he has been involved in pouring over 200,000 cubic yards of concrete.

6.    Mr. Drennan was one of a handful of contractors who assisted the LDOTD in revising section 601 of the Standard Specifications for Roads and Bridges pertaining to Portland Cement Concrete Pavement. He also served on a committee of contractors, engineers, and current and

4

1245611v.1

NON-CERTIFIED COPY

retired City personnel to revise the City of New Orleans' standard specifications, including the City's specifications for concrete pavement.

7.     In the course of his work, Mr. Drennan has reviewed hundreds of sets of construction plans.   He has also observed first-hand the failure of concrete pavement which was not constructed with proper expansion and contraction joints.

8.     Mr. Drennan has prepared more than 100 construction estimates that included the pouring of concrete pavement.

9.     Mr. Drennan submitted opinions on behalf of Plaintiff, H&E Equipment Services, Inc. on whether the design of the pavement at H&E's Baton Rouge and Kenner facilities deviated from relevant governmental and industry specifications and requirements, whether the failures he observed in the pavement at H&E's facilities were consistent with the deviations he identified, and the cost to cure the deficiencies in the pavement.

10.    In formulating his opinions, Mr. Drennan referred to drawings and specifications promulgated by the LDOTD, the Department of Public Works for the City of Baton Rouge, the Jefferson Parish Department of Engineering, and the American Concrete Institute ("ACI").   Mr. Drennan also reviewed the geotechnical reports prepared for the projects at issue.

11.    Mr. Drennan testified that LDOTD drawings and specifications are regularly referred to in construction plans and specifications, and that they, along with other government and industry specifications, were referenced in the plans and specifications prepared by URS and the geotechnical reports commissioned by URS.

12.    Mr. Drennan also performed three site visits to H&E facilities in Kenner and Baton Rouge, Louisiana to perform visual inspections of the pavement.

13.     Mr. Drennan analyzed whether the design reflected in URS's drawings complied with the above mentioned governmental and industry specifications.

14.    Mr. Drennan further considered whether the deficiencies he identified in URS's drawings were consistent with the random cracking and other concrete pavement failures that were observed and reported at H&E's facilities.

15.    Mr. Drennan calculated the cost to replace the pavement at the Kenner and Baton Rouge facilities with pavement that met the minimum requirements of the LDOTD standards assuming two different pavement thicknesses.

5

NON-CERTIFIED COPY

## CONCLUSIONS OF LAW

Based upon Mr. Drennan and Dr. Bailey's testimony as well as the pleadings and exhibits submitted by the parties, the Court makes the following conclusions of law regarding Mr. Drennan and Dr. Bailey in accordance with Article 1425(f) of the Louisiana Code of Civil Procedure.

1.  La. Code Evid. art. 702 provides:

    If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

2.  An expert's opinion is properly admitted if:

    (1) the expert is qualified to testify competently regarding the matters he intends to address;

    (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and

    (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Cheairs v. State ex rel. Dep't of Transp. & Dev.*, 2003-0680 (La. 12/3/03); 861 So. 2d 536, 542.

3.  The "determination of the admissibility of expert testimony under La. Code of Civ. Proc. art. 702 'turns upon whether it would assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Cheairs*, 861 So.2d at 541-42.

4.  "Generally, the test for determining an expert's competency is the expert's knowledge of the subject about which he is called upon to express an opinion." *State v. Ferguson*, 2009–1422, (La. App. 4 Cir. 12/15/10); 54 So.3d 152, 166.

5.  "Experience alone is normally sufficient to qualify a witness as an expert." *Cheairs*, 861 So.2d at 554.

6.  Under Articles 702-705 of the Louisiana Code of Evidence, Dr. Bailey may testify at trial on whether the design of pavement reflected in URS's drawings was defective, the standard of care of an engineer as applied to the facts of this case, and the increased cost attributable to changes in the scope of work.

7.  Under Article 702 of the Louisiana Code of Evidence, Dr. Bailey is qualified as an expert in these areas based upon his education, training, knowledge, and work experience.

8.  Dr. Bailey is competent to testify on the above subject matters. Dr. Bailey has over 35 years of experience in engineering. Dr. Bailey has a Ph.D. in civil engineering and passed the

6

NON-CERTIFIED COPY

Fundamentals of Engineering Exam and the Principles and Practice of Engineering Exam where his specialty was structures, including geotech and transportation.

9.    Dr. Bailey is also a licensed engineer in nine states, including in Louisiana. Dr. Bailey also has work experience performing assessments of industrial and commercial facilities involving reinforced concrete in Louisiana and other states.

10.    As a licensed civil engineer with experience with reinforced concrete, Dr. Bailey is competent to opine as to the standard of care and whether the deficiencies in URS's design amount to a deviation and/or a gross deviation from the standard of care.

11.    Dr. Bailey is also competent to testify as to the increased costs attributable to changes in the scope of work. His opinion on this topic is based on his own professional experience, and his opinion was validated by his colleague at Exponent.

12.    Under Article 703 of the Louisiana Code of Evidence, Dr. Bailey's opinion is reliable. Based upon his testimony, he reviewed URS's designs and performed multiple site visits. In forming his opinions, Dr. Bailey referred to standard specifications and requirements promulgated state and local governments on pavement as well as industry specifications. The same specifications were referred to in URS's drawings and geotechnical reports commissioned by URS. The standards used by Dr. Bailey are reliable.

13.    Dr. Bailey's testimony will assist the trier of fact, through his specialized expertise based upon his training as a civil engineer and work experience as a licensed engineer, to determine whether URS's pavement designs were in fact defective.

14.    Dr. Bailey's testimony on standard of care of an engineer will assist the trier of fact, through his training and work as a licensed civil engineer, to determine whether URS breached their standard of care and whether URS's breach constituted a gross deviation from the standard of care.

15.    Finally, Dr. Bailey's testimony on the increased costs attributable to changes in a scope of work will assist the trier of fact, through his specialized understanding of the cost versus time model, to determine the extent of damages, if any, that H&E suffered as a result of URS's changes in the scope of other design work.

16.    Under Articles 702-705 of the Louisiana Code of Evidence, Mr. Drennan may testify at trial on whether the design of the pavement at H&E's Baton Rouge and Kenner facilities deviated from relevant governmental and industry specifications and requirements and whether

1245611v.1

NON-CERTIFIED COPY

the failures he observed in the pavement at H&E's facilities were consistent with the deviations he identified. Mr. Drennan may further testify at trial regarding the cost to repair the pavement at H&E's Kenner and Baton Rouge facilities.

17.    Under Article 702 of the Louisiana Code of Evidence, Mr. Drennan is qualified as an expert in these areas based upon his knowledge and work experience. *See Cheairs*, 861 So.2d at 554.

18.    Mr. Drennan is competent to testify as to the above subject matters. Mr. Drennan has over 30 years of experience with concrete pavement, including pouring concrete pavement, overseeing the pouring of concrete pavement, managing projects with concrete pavement, and estimating projects with concrete pavement. Further, Mr. Drennan has also participated in the revision of standards for concrete pavement including standards promulgated by the LDOTD and City of New Orleans. Finally, in the course of his work, Mr. Drennan has observed firsthand the failure of pavement from a number of causes, including failure that occurs when it the pavement does not have properly designed contraction and expansion joints.

19.    Under Article 703 of the Louisiana Code of Evidence, Mr. Drennan's opinion is reliable. Based upon Mr. Drennan's testimony, he reviewed URS's designs and performed multiple site visits. In forming his opinions, Mr. Drennan referred to standard specifications used by state and local governments as well as industry standards for pavement construction. The same standards were referred to in URS's plans and specifications and the geotechnical reports. The standards used by Mr. Drennan are reliable.

20.    Mr. Drennan's testimony will assist the trier of fact in determining (1) whether URS's pavement designs were defective, (2) whether the cracking and other pavement failures were likely caused by the defective designs, and (3) the cost to repair the pavement at H&E's Kenner and Baton Rouge facilities.

Respectfully submitted,

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
Rebecca Sha, La. Bar No. 35317
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
*Attorneys for H&E Equipment Services, Inc.*

8

NON-CERTIFIED COPY

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by facsimile, email and/or by placing same in the United States mail, postage prepaid and properly addressed, this 16 day of November, 2017.

_____
Loretta G. Mince

1245611v.1

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURTPARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

DOCKET NO.: 626,308                                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____        _____
                                                    DEPUTY CLERK

## JUDGMENT

This matter came on for hearing before the Honorable Janice G. Clark on November 9,

2017 on the Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of

Wallace C. Drennan and Motion in Limine to Strike Expert Reports and to Exclude Proposed

Testimony of James R. ("Bob") Bailey filed by Defendants URS Corporation Architecture, P.C.,

URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

**PRESENT:** Loretta G. Mince and Rebecca Sha, for Plaintiff H&E Equipment
Services, Inc.; and

Philip A. Franco and Kellen J. Mathews, for Defendants URS Corporation Architecture,
P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

At the conclusion of the hearing, and with the agreement of the parties, the Court ordered

that Proposed Findings of Fact and Conclusions of Law be submitted within five days and that

the Court's ruling would be issued in due course following those submissions. The Court now

renders Judgment as follows:

Considering the motion and memoranda submitted by the parties, the argument of

counsel, and the evidence presented at the hearing, and for the reasons set forth in the Court's

Findings and Fact and Conclusions of Law rendered herewith,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants'

Motions are DENIED.

Baton Rouge, Louisiana, this _____ day of November, 2017.

_____
JUDGE JANICE G. CLARK

1089598v.2

NON-CERTIFIED COPY

19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

DOCKET NO.: 626,308                                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____        _____
                                                          DEPUTY CLERK

### AMENDED JUDGMENT

This matter came on for hearing before the Honorable Janice G. Clark on November 9,

2017 on the Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of

Wallace C. Drennan and Motion in Limine to Strike Expert Reports and to Exclude Proposed

Testimony of James R. ("Bob") Bailey filed by Defendants URS Corporation Architecture, P.C.,

URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

> **PRESENT:**   Loretta G. Mince and Rebecca Sha, for Plaintiff H&E Equipment Services,
> Inc.; and
>
> Philip A. Franco and Kellen J. Mathews, for Defendants URS Corporation Architecture,
> P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III.

Considering the motion and memoranda submitted by the parties, the argument of counsel,

and the evidence presented at the hearing, the Court issues the following findings of fact,

conclusions of law, and reasons for judgment:

> The Court finds that H&E sells and services industrial equipment contracted
> with URS which provides architectural engineering and related services. In this
> case, plaintiff seeks damages from defendant arising from defendant's design and
> construction management work on three of plaintiff's facilities located in Baton
> Rouge, Kenner, and Belle Chase respectively. At issue is whether or not defendants
> designed and constructed management was grossly defective or deficient. The
> Plaintiff contends that shortly after construction the pavement at these facilities
> began cracking and was visibly deteriorating. The Court further finds that Dr.
> James Bailey, a civil engineer, licensed in multiple states is qualified by education,
> experience and scope to testify that such testimony will aid and assist trier of fact
> in sorting out issues. The Court further finds that Mr. Wallace Drennan has been
> in constructive pavement field for over 30 years by his training and experience as
> the requisite expertise to opine about the condition and causes of the failure of the
> concrete which testimony would be helpful to the trier of fact. In arriving at his
> opinion, Dr. Bailey reviewed the drawings and specifications of the design

1327738v.1



**EXHIBIT 4**

pavement promulgated by the American Concrete Institute and the Louisiana Department of Transportation and Development and other governmental agencies as well as Geo Technical Report. Mr. Drennan poured over 200,000 cubic yards of concrete and has worked with the LDOTD in establishing standards of specification for roads and bridges pertaining to concrete pavement. The Court further finds that he's reviewed hundreds of sets of construction plans and he observed the failure to subject concrete pavement first hand. The Court finds that he is in a position to give an opinion as to whether the failures he observed were consistent with deviation he identifies as well as cost of replacement pavement. Consequently, the Court found that both experts were competent to testify in the above and foregoing subject matters. Specifically, Dr. Bailey may testify with respect to the standard of care of an engineer and may opine as to whether or not defendant breached that standard of care and whether that breach constituted gross deviation from the standard. He may also testify on the costs and the scope of work and whether the resulting increase was due to defendant's failure. Mr. Drennan can testify as to whether the design at H&E's facilities deviated from governmental industries specifications and requirements and whether the failure he observed in the pavement were consistent with the deviations identified. He is, therefore, competent in this Court's opinion in those subject matters. Accordingly, the Court renders judgment herein denying the Motion in Limine to Strike Reports and to Exclude Proposed Testimony of Wallace Drennan and denying the Motion in Limine to Strike Reports and to Exclude Testimony of Dr. James Bailey.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants' Motions are DENIED.

Baton Rouge, Louisiana, this _____ day of June 2018.

_____
JUDGE JANICE G. CLARK

1327738v.1

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH
Filed Jul 03, 2018 9:12 AM
Deputy Clerk of Court
FAX Received Jun 29, 2018

C-626308
21/D

| | | |
|---|---|---|
| **H&E EQUIPMENT SERVICES** | * | **SUIT NO. 626,308        DIV. "D"** |
| **VERSUS** | * | **19TH JUDICIAL DISTRICT COURT** |
| | * | |
| **URS CORPORATION** | * | **PARISH OF EAST BATON ROUGE** |
| **ARCHITECTURE, P.C., URS** | * | |
| **CORPORATION, L. O'NEAL** | * | **STATE OF LOUISIANA** |
| **JOHNSON AND THOMAS E.** | | |
| **RYAN, III** | | |

---

### URS CORPORATION'S UNOPPOSED MOTION FOR NEW TRIAL, AMENDMENT OF JUDGMENT, AND/OR REVISION OF JUDGMENT AND INCORPORATED MEMORANDUM IN SUPPORT

NOW INTO COURT through undersigned counsel come, Defendants, URS Corporation Architecture, P. C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III (collectively referred to as "Defendants"), to move this Court to grant a new trial on Defendants' Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of Wallace C. Drennan and Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of James R. ("Bob") Bailey and enter a judgment that makes the required statements under Louisiana Code of Civil Procedure article 1425 as instructed by the First Circuit but does not grant relief beyond that sought in the Motions in Limine. Counsel for H&E have been contacted and supplied with the proposed Amended Judgment and **do not intend to oppose the relief requested.**

1.

The Court held a hearing on Defendants' Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of Wallace C. Drennan and Motion in Limine to Strike Expert Reports and to Exclude Proposed Testimony of James R. ("Bob") Bailey on November 9, 2017. Following the hearing, the Court took the matter under advisement and requested that the parties submit proposed findings of facts and conclusions of law within five days of the hearing. Both H&E and Defendants complied with the Court's request. The Court signed a judgment on December 7, 2017 denying Defendants' Motions. This Judgment did not include findings of facts, conclusions of law, or reasons for judgment as required under Louisiana Code of Civil Procedure article 1425(F)(3) and F(4). Defendants applied for a supervisory writ from the December 7, 2017 judgment to the Louisiana First Circuit Court of Appeals.

NON-CERTIFIED COPY

## 2.

On May 14, 2018, the First Circuit granted Defendants' Application for Supervisory Writ in part, to instruct the trial Court to enter a judgment complying with the requirements of Louisiana Code Civil Procedure Article 1425(F)(3) and (F)(4).[1] On May 21, 2018, the Court issued a minute entry instructing the parties to submit a written judgment memorializing the Court's findings provided in the minute entry.

## 3.

On June 1, 2018, H&E submitted a proposed judgment to the Court, complying with the Court's directive to submit a judgment including the minute entry in its entirety as the required findings of fact, conclusions of law, and reasons for judgment required by La. C. C. P. art. 1425. Upon information and belief, the Court signed the judgment on June 19th.[2]

## 4.

This judgment states:

> "Findings of fact and conclusions of law, the Court finds that H&E sells and services industrial equipment contracted with URS which provides architectural engineering and related services. In this case, plaintiff seeks damages from defendant arising from defendant's design and construction management work on three of plaintiff's facilities located in Baton Rouge, Kenner, and Belle Chase respectively. At issue is whether or not defendants designed and constructed management was grossly defective or deficient. The Plaintiff contends that shortly after construction the pavement at these facilities began cracking and was visibly deteriorating. The Court finds as a matter of fact that the condition of the construction was attributable to the design provided by defendant. The Court further finds that defendant's designs for the pavement did not comply with State Local industry requirements and that remediation would involve removal and replacement of the pavement at the Baton Rouge and Kenner facilities to correct the resulting defects. The Court further finds that the construction documents provided by defendant or its subcontract were not prepared properly and in some were omitted essential measurements as necessary components. The Court further finds that Dr. James Bailey, a civil engineer, licensed in multiple states is qualified by education, experience and scope to testify that such testimony will aid and assist trier of fact in sorting out issues. The Court further finds that Mr. Wallace Drennan has been in constructive pavement field for over 30 years by his training and experience as the requisite expertise to opine about the condition and causes of the failure of the concrete which testimony would be helpful to the trier of fact. In arriving at his opinion, Dr. Bailey reviewed the drawings and specifications of the

---

[1] *See* Exhibit 1.

[2] Defendants have not received a copy of the signed judgment and have been unable to confirm with the Court when the judgment was mailed to the parties. The judgment is also unlisted and otherwise unavailable on the electronic docket available through the 19th Judicial District Court's Clerk of Court. Time delays for the filing of a Motion for New trial do not commence until the mailing of the notice of the judgment (La C.C.P. art. 1974), however, Defendants file this current motion on June 28th in an abundance of caution. *See* Exhibit 2.

2

NON-CERTIFIED COPY

design pavement promulgated by the American Concrete Institute and the Louisiana Department of Transportation and Development and other governmental agencies as well as Geo Technical Report. Mr. Drennan poured over 200,000 cubic yards of concrete and has worked with the LDOTD in establishing standards of specification for roads and bridges pertaining to concrete pavement. The Court further finds that he's reviewed hundreds of sets of construction plans and he observed the failure to subject concrete pavement first hand. The Court finds that he is in a position to give an opinion as to whether the failures he observed were consistent with deviation he identifies as well as cost of replacement pavement. Consequently, the Court found that both experts were competent to testify in the above and foregoing subject matters. Specifically, Dr. Bailey may testify with respect to the standard of care of an engineer and may opine as to whether or not defendant breached that standard of care and whether that breach constituted gross deviation from the standard. He may also testify on the costs and the scope of work and whether the resulting increase was due to defendant's failure. Mr. Drennan can testify as to whether the design at H&E's facilities deviated from governmental industries specifications and requirements and whether the failure he observed in the pavement were consistent with the deviations identified. He is, therefore, competent in this Court's opinion in those subject matters. Accordingly, the Court renders judgment herein denying the Motion in Limine to Strike Reports and to Exclude Proposed Testimony of Wallace Drennan and denying the Motion in Limine to Strike Reports and to Exclude Testimony of Dr. James Bailey. The Court will enter such judgment upon filing with the Clerk and circulation of counsel. Notify Counsel."

5.

While the Motions heard by the Court on November 9, 2017 were Motions in Limine seeking to exclude the proffered expert testimony offered by H&E witnesses Wallace C. Drennan and James R. Bailey, the Court's judgment appears to address far more than then the relief sought, including findings of facts reserved for the jury after presentation of both parties' evidence and conclusions of law that were not before the Court via any properly noticed motion.[3] The Court's minute entry, memorialized in its judgment, states, in relevant part:

> The Court finds as a matter of fact that the condition of the construction was attributable to the design provided by defendant. The Court further finds that defendant's designs for the pavement did not comply with State Local industry requirements and that remediation would involve removal and replacement of the pavement at the Baton Rouge and Kenner facilities to correct the resulting defects. The Court further finds that the construction documents provided by defendant or its subcontract were not prepared properly and in some were omitted essential measurements as necessary components.

---

[3]    *See Rodgers v. State Farm Mut. Auto. Ins.*, 15-0868 (La. 06/30/15); 168 So. 3d 375, 376. In *Rodgers*, the Louisiana Supreme Court analyzed a scenario where an insurance company defendant moved for summary judgment and requested a ruling that the plaintiff's claim was not covered. The plaintiff did not file any cross-motion. The lower court not only denied the defendant's MSJ, but took it a step further and concluded that there actually *was* coverage. The Louisiana Supreme Court held that the ruling was improper to the extent it granted affirmative relief that was never requested in a motion filed by the plaintiff:

NON-CERTIFIED COPY

It appears that the inclusion of these seeming "findings of fact" and "conclusions of law" are the result of the Court incorporating H&E's background allegations submitted alongside H&E's proposed findings that were limited to the motions in limine.[4] Therefore, URS requests amendment of the Court's judgment to eliminate the inclusion of what may be construed as ultimate findings of fact and conclusions of law—issues well beyond the purview of questions of fact and law presented by URS's Motions in Limine.

H&E cannot reasonably oppose this motion. The inclusion of its summary allegations into this Court's judgment cannot definitively establish any findings of fact and conclusions of law. H&E knows this. Indeed, the findings of fact and conclusions of law submitted by H&E in its proposed judgment were appropriately limited to the Court's gatekeeping function: namely, whether "the testimony of Dr. Bailey and Mr. Drennan will **assist the trier of fact** to determine the issues in this case, including **whether** URS was negligent or grossly negligent in its performance of design and construction administration for H&E, **whether** H&E sustained damages as a result of URS's conduct, and the amount of those damages."[5]

Furthermore, H&E cannot reasonably dispute that the jury is the trier of fact of the merits of this case, and the questions of whether URS was negligent, whether that negligence led to damage to H&E, and the amount of those damages, if any, are all issues for the jury to decide. Similarly, the only questions of law before the Court in the motions in limine were questions of the admissibility of expert testimony under Louisiana Code of Evidence 702, *Daubert v. Merrel Dow Pharmaceuticals Inc.,* 509 U.S. 579 (1993), and *State v. Foret,* 628 So.2d 1116 (La. 1993) and any conclusion of law that go beyond this question were not before the Court on November 9, 2017.

6.

The portions of the Judgment that make findings of fact and conclusions of law beyond the issues raised in the motions in limine are contrary to the law and evidence. While there are limited instances where a Court may move *sua sponte* to determine questions of law, there is no such

---

[4]    Exhibit 3 at pp. 1-2.
[5]    Exhibit 3 at p. 2 (*emphasis added*).

NON-CERTIFIED COPY

circumstance in this case.[6] And it is inappropriate for the Court to hear expert testimony from only one party (H&E) and accept that evidence as fact. Indeed, Defendants have not yet presented any expert testimony to the trier of fact to defend against the allegations of H&E because the trial of the merits of this matter has not yet commenced. Therefore, Defendants are entitled to a new trial under the peremptory grounds started in Louisiana Code of Civil Procedure article 1972(1) and the discretionary grounds in article 1973.

### 7.

Since a judgment resolving Defendants' Motion in Limine may not include findings of fact and conclusions of law regarding the merits of Plaintiffs' claims in connection with Defendants' Motions in Limine to exclude evidence. Therefore, Defendants are entitled to a new trial and a judgment that makes the required statements under Louisiana Code of Civil Procedure article 1425 as instructed by the First Circuit but goes no further.

Specifically, Defendants request that the Court's judgment be amended to delete the language underlined and bolded below:

"Findings of fact and conclusions of law, the Court finds that H&E sells and services industrial equipment contracted with URS which provides architectural engineering and related services. In this case, plaintiff seeks damages from defendant arising from defendant's design and construction management work on three of plaintiff's facilities located in Baton Rouge, Kenner, and Belle Chase respectively. At issue is whether or not defendants designed and constructed management was grossly defective or deficient. The Plaintiff contends that shortly after construction the pavement at these facilities began cracking and was visibly deteriorating. **The Court finds as a matter of fact that the condition of the construction was attributable to the design provided by defendant. The Court further finds that defendant's designs for the pavement did not comply with State Local industry requirements and that remediation would involve removal and replacement of the pavement at the Baton Rouge and Kenner facilities to correct the resulting defects. The Court further finds that the construction documents provided by defendant or its subcontract were not prepared properly and in some were omitted essential measurements as necessary components.** The Court further finds that Dr. James Bailey, a civil engineer, licensed in multiple states is qualified by education, experience and scope to testify that such testimony will aid and assist trier of fact in sorting out issues. The Court further finds that Mr. Wallace Drennan has been in constructive pavement field for over 30 years by his training and experience as the requisite expertise to opine about the condition and causes of the failure of the concrete which testimony would be helpful to the trier of fact. In arriving at his opinion, Dr. Bailey reviewed the drawings and specifications of the design pavement promulgated by the American Concrete Institute and the Louisiana Department of Transportation and Development and other governmental agencies as well as Geo

---

[6]   *See*, e.g., La. C. C. P. art. 927(B): The nonjoinder of a party, peremption, res judicata, the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, or discharge in bankruptcy, may be noticed by either the trial or appellate court on its own motion.

NON-CERTIFIED COPY

Technical Report. Mr. Drennan poured over 200,000 cubic yards of concrete and has worked with the LDOTD in establishing standards of specification for roads and bridges pertaining to concrete pavement. The Court further finds that he's reviewed hundreds of sets of construction plans and he observed the failure to subject concrete pavement first hand. The Court finds that he is in a position to give an opinion as to whether the failures he observed were consistent with deviation he identifies as well as cost of replacement pavement. Consequently, the Court found that both experts were competent to testify in the above and foregoing subject matters. Specifically, Dr. Bailey may testify with respect to the standard of care of an engineer and may opine as to whether or not defendant breached that standard of care and whether that breach constituted gross deviation from the standard. He may also testify on the costs and the scope of work and whether the resulting increase was due to defendant's failure. Mr. Drennan can testify as to whether the design at H&E's facilities deviated from governmental industries specifications and requirements and whether the failure he observed in the pavement were consistent with the deviations identified. He is, therefore, competent in this Court's opinion in those subject matters. Accordingly, the Court renders judgment herein denying the Motion in Limine to Strike Reports and to Exclude Proposed Testimony of Wallace Drennan and denying the Motion in Limine to Strike Reports and to Exclude Testimony of Dr. James Bailey. The Court will enter such judgment upon filing with the Clerk and circulation of counsel. Notify Counsel."[7]

**8.**

In the alternative, Defendants seek the relief sought herein by means of an amendment of the judgment under Louisiana Code of Civil Procedure article 1951 to the extent that article allows the relief requested herein. Defendants request a new judgment deleting the underlined and bolded language emphasized in paragraph 7 of this motion and memorandum in support.

**9.**

Defendants have conferred with Plaintiff regarding the instant motion. Plaintiff has advised that it will not oppose the entry of the Amended Judgment submitted with the motion as Exhibit 4.

Respectfully Submitted,

Marjorie McKeithen, (#21767)
Christoffer C/Friend (#1888)
Meghan E. Smith (#34097)
JONES WALKER LLP
201 St. Charles Avenue, Suite 4700
New Orleans, Louisiana 70130
Telephone: (504) 582-8000
Facsimile: (504) 589-8322
Email: cfriend@joneswalker.com
Email: msmith@joneswalker.com

---

[7]    A proposed Judgment is attached as Exhibit 4 for the Court's reference.

NON-CERTIFIED COPY

*and*

Tony M. Clayton, T.A. (#21191)
CLAYTON, FRUGE & WARD
3741 Louisiana Hwy. 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
Email: tclaytonlaw@aol.com

***ATTORNEYS   FOR   DEFENDANTS,   URS
CORPORATION   ARCHITECTURE,   P.C.;   URS
CORPORATION; L. O'NEAL RYAN AND THOMAS
E. RYAN, III***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid or via email, this the 28th day of June, 2018.

NON-CERTIFIED COPY

| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308        DIV. "D" |
| VERSUS | * | 19TH JUDICIAL DISTRICT COURT |
| | * | |
| URS CORPORATION | * | PARISH OF EAST BATON ROUGE |
| ARCHITECTURE, P.C., URS | * | |
| CORPORATION, L. O'NEAL | * | STATE OF LOUISIANA |
| JOHNSON AND THOMAS E. | | |
| RYAN, III | | |

---

## RULE TO SHOW CAUSE

Considering the Unopposed Motion for New Trial, Amendment of Judgment, and/or Revisions of Judgment and Incorporated Memorandum in Support of URS Corporation Architecture, P.C.; URS Corporation; L. O'Neal Ryan and Thomas E. Ryan, III:

**IT IS ORDERED** that the Plaintiff herein appear on the 16 day of July 2018, at 1:00 a.m./p.m. and show cause why Defendant, URS Corporation Architecture, P.C.; URS Corporation; L. O'Neal Ryan and Thomas E. Ryan, III's Unopposed Motion for New Trial, Amendment of Judgment, and/or Revisions of Judgment and Incorporated Memorandum in Support of URS Corporation Architecture, P.C.; URS Corporation; L. O'Neal Ryan and Thomas E. Ryan, III should not be granted.

Baton Rouge, Louisiana this 6 day of July 2018.

Janice Clark

Honorable Janice Clark
Judge, 19th Judicial District Court

**Please Serve:** **(Service will be effected via Article 1313)**

**All Known Counsel of Record**

8

NON-CERTIFIED COPY

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH    C-626308
Filed Jul 09 2018 11:28 AM Case 3:13-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 191 of 388
Deputy Clerk of Court                                page  3

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DOCKET NO.: 626,308                                    SECTION: "D"

H&E EQUIPMENT SERVICES, INC

VERSUS

URS CORPORATION ARCHITECTURE, P.C., URS CORPORATION, L. O'NEAL
JOHNSON, AND THOMAS E. RYAN, III

FILED: _____          _____

                                                    DEPUTY CLERK

## MEMORANDUM IN OPPOSITION TO RE-URGED MOTION TO CONTINUE TRIAL

**MAY IT PLEASE THE COURT:**

Plaintiff, H&E Equipment Services, Inc. ("H&E"), respectfully submits this
Memorandum in Opposition to the Re-Urged Motion to Continue Trial filed by Defendants, URS
Corporation Architecture, P.C., URS Corporation, L. O'Neal Johnson, and Thomas E. Ryan, III
(collectively, "URS"). For the reasons stated, H&E opposes a continuance.

### INTRODUCTION

H&E filed its complaint in November 2013, over four years ago. The case was
previously set for trial on August 16, 2017. In advance of that trial, URS filed three separate writ
applications challenging various rulings made by the Court. On August 14, 2017, the First
Circuit granted one of the three writ applications filed by URS,[1] holding that this Court's ruling
denying URS's motion to exclude the testimony of Dr. Bob Bailey and Dr. Wallace Drennan did
not contain all of the information required by Louisiana Code of Civil Procedure article 1425(F).
Although this technical error could have been corrected without upsetting the trial date, this
Court granted a continuance at URS's request.

The current trial date, July 17, 2018, was set in February, after both URS and H&E filed
separate motions requesting a trial date. The parties ought to be prepared to proceed on July 17,
2018, as planned.

URS's motion is based on the fact that it retained new counsel on or about April 3, 2018.
Importantly, at the time URS made the decision to retain new counsel, the trial date had already

---

[1] The other two applications were refused.

1332064v.2

NON-CERTIFIED COPY

been set, and URS was on actual notice that the case would be proceeding to trial on July 17, 2018. Moreover, given that the retention of new counsel by URS occurred more than 3 months ago, there has been more than adequate time to prepare.[2]

## ARGUMENT

"A trial court has 'wide discretion' in deciding whether to grant or deny a motion for continuance." *Square Deal Siding Co. v. Thaller*, 2008-0757 (La. App. 4 Cir. 12/30/08); 3 So. 3d 71, 77 (citations omitted); *see also* La. Code Civ. P. art. 1601. "In deciding such a motion, the trial court must balance the mover's diligence and good faith and the opponent's right to have the case heard as soon as is practicable, as well as the need for orderly and prompt administration of justice." *Davis v. Mayberry*, 2000-1266 (La. App. 4 Cir. 11/28/01); 802 So. 2d 974, 978, *writ denied*, 2001-3402 (La. 3/28/02); 811 So. 2d 943 (citing *Gilcrease v. Bacarisse*, 26,318 (La. App. 2d Cir. 12/7/94); 647 So. 2d 1219). "Fairness to *both* parties and the need for orderly administration of justice are proper considerations in deciding whether to grant or deny a continuance." *Gilcrease*, 647 So. 2d at 1223 (citing *Austin v. Bearden*, 566 So.2d 1003 (La. App. 3d Cir.), *writ denied*, 568 So.2d 1086 (1990)).

As set forth in H&E's opposition to URS's prior motion to continue the trial date, H&E was prepared to go to trial on August 16, 2017 and was understandably disappointed when at the last minute trial was continued, *at considerable expense to the parties and the Court*. By July 17, 2018, H&E already will have waited an additional eleven months for a trial for which it was prepared to proceed last summer. And counsel for H&E has spent considerable time during the last 30 days conferring with witnesses, reviewing exhibits, and otherwise preparing (again) for the trial currently scheduled to begin on July 17, 2018. Further delay is unfair to H&E. H&E has a right to have its case heard as soon as practicable, and should not be required to incur the expense of preparing for trial a second time in vain.

In addition, as noted above, URS's new counsel was retained on or before April 4, 2018, and will have had ample opportunity to prepare. URS's contention that preparing for trial "is no small feat" is conclusory. As noted above, a party seeking a continuance must show that its own the diligence and good faith outweighs the opponent's right to have the case heard as soon as is practicable. Here, URS offers no detailed explanation, much less any explanation evidentiary support, to establish that it has been unable to adequately prepare for trial despite its diligence.

---

[2] URS previously sought a continuance on the alternative basis that one of its trial attorneys, Tony Clayton, had a conflict. URS does not reference this conflict in its re-urged motion.

2

NON-CERTIFIED COPY

URS has not carried its burden of proving a continuance is warranted. *See, e.g., Succession of Feingerts*, 2017-0265 (La. App. 4 Cir. 12/21/17); 234 So. 3d 1081, 1085, *writ denied*, 2018-0147 (La. 3/23/18); 239 So. 3d 297 ("The discharge or withdrawal of an attorney is not by itself grounds for the postponing of another party's access to the courts. The unrepresented party bears the burden of showing additional reasons for a continuance."); *Suarez v. Acosta*, 15-750 (La. App. 5 Cir. 3/16/16); 194 So. 3d 626, 632 ("Because the discharge of one's lawyer is not, by itself, grounds for the postponing of another party's access to the courts for a decision in a pending action, the client bears the burden of showing other circumstances that would justify a continuance.").

URS's situation is strikingly different than that of a party whose counsel has *withdrawn*, leaving them without representation on the eve of trial. "Often, when a litigant's lawyer withdraws at or near trial, that litigant may be entitled to a continuance to employ another attorney." *Richey v. Richey*, 97-838 (La. App. 3 Cir. 12/10/97); 704 So. 2d 343, 344. But even in cases in which a party's counsel has withdrawn, thirty days is sufficient time to retain new counsel for an anticipated trial date. *E.g., Notoco Indus., Inc. v. Powell*, 2001-1817 (La. App. 1 Cir. 11/8/02); 835 So. 2d 835, 837 (affirming denial of motion to continue where defendant had thirty days to retain new counsel). *See also Richey*, 704 So. 2d at 344 (affirming denial of motion to continue where defendant had two months to retain new counsel); *Politz v. Politz*, 49,242 (La. App. 2 Cir. 9/10/14); 149 So. 3d 805, 814 (affirming denial of motion to continue where defendant had six weeks to retain new counsel).

Here, by contrast, URS's prior counsel did not abandon it on the eve of trial; instead, URS elected to change counsel more than three months ago, which has given its new counsel ample time to prepare for trial on July 17, 2018. *See, e.g., Domino v. Matthews*, 508 So. 2d 167, 169 (La. App. 4 Cir. 1987) (affirming denial of motion to continue where plaintiff's new counsel had six weeks to prepare). The Louisiana Code of Civil Procedure does not entitle URS to a continuance merely because URS contends its new counsel needs more time to prepare.

## CONCLUSION

Because, for the reasons stated, trial of this case should not be further delayed, URS's motion should be denied.

3

NON-CERTIFIED COPY

Respectfully submitted,

[signature]

Brent B. Barriere, La. Bar No. 2818
Loretta G. Mince, La. Bar No. 25796
Alysson L. Mills, La. Bar No. 32904
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250

*Attorneys for H&E Equipment Services, Inc.*

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing has been served upon the following:

Marjorie McKeithen
Christoffer C. Friend
Meghan E. Smith
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
cfriend@joneswalker.com
msmith@joneswalker.com

Tony M. Clayton
Clayton, Fruge & Ward
3741 Louisiana Highway 1 South
Port Allen, Louisiana 70767
tclaytonlaw@aol.com
*Counsel for Defendants*

by facsimile, email, and/or by placing same in the United States mail, postage prepaid and properly addressed, this 7th day of July, 2018.

[signature]

4

1332064v.2

NON-CERTIFIED COPY

EAST BATON ROUGE PARISH   C-626308
Filed Jul 09, 2018 11:28 AM
Deputy Clerk of Court

Jul. 09, 2018  04:04PM  Fishman Haygood  5045865250                    page 1

Jul   9 2018 04:19pm

# FISHMAN HAYGOOD, L.L.P.

201 ST. CHARLES AVENUE
46TH FLOOR
NEW ORLEANS, LA 70170
PHONE: (504) 586-5252
FAX: (504) 586-5250

**TO:**    Clerk, 19th JDC                **FAX NUMBER:** 225-389-3392
Parish of East Baton Rouge

**FROM:** Loretta Mince                   **DIRECT DIAL NO:** 504-556-5530

**DATE:** July 9, 2018                    **FILE NO.** 3107-04

**PAGES** (including this page) _____6_____

If there are any problems, please contact Dianne at 504-556-5522.

---

Re:    *H&E Equipment Services, Inc. v URS Corporation Architecture, P.C., et al*
19th JDC, Doc. No. 626,308, Sec. "D"

Attached please find Plaintiff's Memorandum in Opposition to the Re-Urged Motion to Continue Trial for fax filing in the captioned litigation.

Please also confirm *via* facsimile the cost for **fax and filing fees.** We will send the original documents for filing within seven (7) days and our check to cover the fax filing fee.

1219514v.1

NON-CERTIFIED COPY

# FishmanHaygood

Fishman Haygood LLP
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
fishmanhaygood.com

REBECCA SHA
(504) 556-5530
RSHA@FISHMANHAYGOOD.COM

July 9, 2018

File No. 3107-04

*Via* **Facsimile**

The Honorable Doug Welborn
Clerk of Court, 19th JDC
300 North Blvd.
Baton Rouge, Louisiana 70801

Re:   *H&E Equipment Services, Inc. v URS Corporation Architecture, P.C., et al*
Docket No. 626308, Sec. "D"

Dear Mr. Welborn:

Enclosed please find a Memorandum in Opposition to the Re-Urged Motion to Continue
Trial filed by Defendants, URS Corporation Architecture, P.C., URS Corporation, L. O'Neal
Johnson, and Thomas E. Ryan, III for fax filing in the captioned matter.

Respectfully,

Loretta G. Mince

LGM/dob
Enclosure
cc:   A.M. "Tony" Clayton (via email w/encs.)
      Ms. Meghan E. Smith (via email w/encs.)
      Christoffer C. Friend  (via email w/encs.)
      Brent Barriere (via email w/encs.)

1340599v.1

NON-CERTIFIED COPY

6004-13-006570

# NOTICE OF SERVICE

**H&E EQUIPMENT SERVICES, INC.**
(Plaintiff)

vs.

**URS CORPORATION ARCHITECTURE, P.C., ET AL**
(Defendant)

**NUMBER  C626308 Division D**

**19ᵗʰ JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **LOUISIANA ATTORNEY GENERAL**
   **CONSUMER PROTECTION DIVISION**
   **LIVINGSOTN BUILDING**
   **1885 THIRD STREET**
   **BATON ROUGE, LA  70802**

GREETINGS:

   You are hereby served with PETITION FOR DAMAGES; REQUEST FOR NOTICE;

INTERROGATORIES'; REQUEST FOR PRODUCTION OF DOCUMENTS'.   Certified copy(s) is(are)

attached hereto, as requested by **EDWARD J LAPEROUSE**, Attorney.

   This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **26-NOV-2013**.



*Deanna J. Mahan*
_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _37_ day of _Nov_, 20_13_ and on the _02_ day of _Dec_, 20_13_, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _1040 to Cheri Monroe_

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _03_ day of _Dec_, 20_13_.

SERVICE:    $_____
MILEAGE    $_____
TOTAL:    $_____

_H Chandler_
_____
Deputy Sheriff

**NOTICE OF SERVICE –6004**

**FILED**
DEC 0 3 2013
_Nichelle_
**DEPUTY CLERK OF COURT**

EBR2099804

EBR2131505

NON-CERTIFIED COPY



COST OK Amt. _____

JUL 03 2017

BY _____

DY CLERK OF COURT

| | | |
|---|---|---|
| H&E EQUIPMENT SERVICES | * | SUIT NO. 626,308    DIV.: D |
| | * | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF EAST BATON ROUGE |
| URS CORPORATION | * | STATE OF LOUISIANA |
| ARCHITECTURE, P.C., URS | * | |
| CORPORATION, L. O'NEAL | * | |
| JOHNSON AND THOMAS E. RYAN, | * | |
| III | | |

## REPLY MEMORANDUM IN SUPPORT OF MOTIONS IN LIMINE TO STRIKE EXPERT REPORTS AND TO EXCLUDE PROPOSED TESTIMONY OF JAMES R. ("BOB") BAILEY AND WALLACE C. DRENNAN, III

**MAY IT PLEASE THE COURT:**

Defendants respectfully submit this Reply Memorandum in Support of their

Motions in Limine to Strike Expert Reports and to Exclude Proposed Testimony of

James R. ("Bob") Bailey and Wallace C. Drennan, III, as follows:

## SUMMARY

H&E Equipment Services, Inc.'s ("H&E") proffered experts ignored other

reasonable, alleged causes for the alleged degradation of pavement (i.e., cracking and

spalling) at their Baton Rouge and Kenner facilities.   Having failed to consider no

potential causes beyond the purported design defects, these experts' opinions

necessarily consist of only rank speculation, and will be of no assistance to a jury and

should be excluded.  Additionally, Mr. Drennan is not an engineer, and thus, consistent

with Louisiana jurisprudence, is unqualified to provide an opinion with respect to the

standard of care of an engineer.  Although Mr. Bailey is a civil engineer, review of his

pertinent experience makes plain that Mr. Bailey lacks expertise in the precise area of

the design of pavement for heavy-tracked equipment, and thus he also is unqualified to

opine on the relevant standard of care.

1

NON-CERTIFIED COPY

Finally, contrary to H&E's assertion that the Court may defer ruling on these motions (and the issues set forth therein) until trial, La. Code Civ. Proc. Art. 1425(F)(2) clearly requires that motions in limine like the instant motions must be heard and decided at least 30 days prior to trial.   For the reasons set forth in Defendants Memorandum in Support and this Reply Memorandum in support of its motions in limine, Defendants respectfully request a decision on or before July 17, 2017 granting these motions and excluding H&E's proffered experts' opinions and testimony.

<u>**ARGUMENT**</u>

1. **La. Code Civ. Proc. Art. 1425(F)(2) mandates Daubert motions must be heard and decided not later than 30 days prior to the trial.**

At the outset, Defendants must briefly address a glaring misstatement of the law by H&E where it suggests that "the Court does not need to rule on URS's motions in limine immediately and may defer its ruling to the trial on the merits."[1]   In support, H&E cites inapplicable cases that pre-date the passage of Act No. 787 of the 2008 Louisiana legislature, which enacted Art. 1425(F), which was designed to "to provide for a pre-trial hearing regarding the qualifications and admissibility of testimony of an expert witness; to provide procedures for conducting the hearing and appealing the decision of the judge; and to provide for related matters."[2]   The operative language is found in Art. 1425(F)(2), which provides that "[t]he court shall hold a contradictory hearing and ***<u>shall rule on the motion not later than thirty days prior to the trial</u>***"[3] ***(emphasis added).***

The law could not be any clearer.   The use of the mandatory "shall" in Article 1425(F)(2) means that a ruling on Daubert motions **<u>must be rendered</u>** at least 30 days

---

[1] Pltff. Opp. to Mot. in Lim. at p. 10.
[2] **Exhibit "A"**- 2008 La. Acts No. 787.
[3] In addition to the requirement that's a decision be rendered at least 30 days before trial, Article 1425(F)(3) requires that if the court takes the matter under advisement that it must "provide written findings of fact, conclusions of law, and reasons for judgment not later than five days after the hearing" **(emphasis added)**.

2

NON-CERTIFIED COPY

before trial.   Accordingly, H&E's reliance on outdated cases in its suggestion to the contrary is inappropriate and intentionally misleading.

> **2.  H&E's proffered experts failed to consider reasonable alternative causes, and thus their opinions are unreliable and should be excluded.**

H&E deliberately mischaracterizes Defendants' argument with respect to H&E's proffered experts' failure to consider reasonable, alternative causes.   H&E asserts Defendants argue that experts "must rule out <u>all</u> possible causes in order for his opinion to be reliable and accepted into evidence."[4]  Nowhere do Defendants argue that H&E's proffered experts needed to rule out *all* alternative causes.   Rather, Defendants take the position that where "other theories explain the [purported] failure equally well," as is the case here, "without some basis to establish that one of his theories is the most likely cause of the failure on this occasion, [an expert's] testimony amounts to speculation and is of no assistance to the jury." *Brown v. Parker-Hannifin Corp.*, 919 F.2d 308, 312 (5th Cir. 1990).   And in such circumstances, it would be proper for this Court to exclude such testimony. *Id*.

The lone case cited by H&E, in support of its position that its experts need not rule out alternative causes, *Breitenbach v. Stroud*, 2006-0918 (La. App. 1 Cir 2/9/07), 959 So.2d 926, is wholly inapposite to the instant matter.   In that medical malpractice case, plaintiff moved to exclude defendant's expert "because [the doctor] did not physically examine plaintiff, but rather based his opinions on plaintiff's medical records, his 'findings' were not admissible under Daubert." *Id*. at 935.   There, the Court simply rejected plaintiff's extreme position that that in order for a doctor to be qualified as an expert he needed to have actually treated the patient and made a differential diagnosis. *Id*. at 936-937.   Accordingly, the Court found no error by the trial court in admitting the

---

4   Pltff. Opp. to Mot. in Lim. at  p. 7 (emphasis added).

NON-CERTIFIED COPY

doctor's testimony. *Id.*

Nonetheless, one parallel can be drawn between this matter and *Breitenbach* with respect to the data reviewed to form expert opinions. In *Breitenbach,* the defendant's expert doctor had reviewed all of the relevant medical records and test results with respect to plaintiff's condition. *Id.* Conversely, here, both Mssrs. Drennan and Bailey concede their opinions have been rendered *without* core samples, which are usually obtained to determine the thickness and composition of concrete pavement by drilling into the concrete with a hollow steel tube called a core drill to collect a sample. Without this testing, H&E's proffered experts are without the data necessary to determine the construction and composition of the pavement at the Baton Rouge and Kenner sites.[5] Thus, unlike the doctor in *Breitenbach,* Mr. Drennan and Mr. Bailey did not possess and thus have not even considered data necessary to their offered opinions. Had the doctor in *Breitenbach* rendered his opinion without the benefit of the MRI results, for example, it is unlikely that the Court would have allowed his expert testimony under *Daubert.*

Next, H&E attempts to resuscitate its proffered experts by asserting that, unlike the experts in the cases cited by Defendants, their experts "clearly considered other possible causes but did not find them to be the reason for the pavement problems."[6] This statement is belied by H&E's proffered experts' own deposition testimony. As noted above, H&E's proffered experts admittedly did not have the data to assess the construction or maintenance of the pavement at the Baton Rouge and Kenner sites—as to ruling out construction defects, they had no core sampling[7] and no mix design information[8], and, as to the maintenance, Mr. Drennan and Mr. Bailey have done

---

[5]  Dep. of Drennan at p. 76, l. 13 – p.78, l.6; Dep. of Bailey at p. 68-69.
[6]  Pltff. Opp. to Mot. in Lim at p. 9.
[7]  Dep. of Drennan at p. 25, l.l. 1-21; Dep of Bailey at p. 68-69.
[8]  Dep. of Drennan p. 77, l.l.6-10.

NON-CERTIFIED COPY

nothing to determine what, if any, maintenance H&E performed.[9]  Here, H&E takes the

intellectually dishonest position that its proffered experts considered and rejected

alternate causes of the cracking and spalling despite the fact that they did not have the

data needed to determine the actual construction of the pavement or what maintenance

was performed.  This is simply not how reliable opinions are formed.  Without the data

to consider alternative causes, and thus no real consideration of these causes, H&E's

proffered experts' methodology is flawed and their testimony is unreliable and should

be excluded.  *See, e.g. Lee Green v. LA. Dep't of Pub. Safety & Corr.*, No. 2:06 CV 1018, 2010

U.S. Dist. LEXIS 39182, at *17.

Based on the foregoing, H&E must not be permitted to submit the inherently

unreliable opinion testimony of Mssrs. Drennan and Bailey which is based on

incomplete data and thus speculation.

### 3.  Mr. Drennan is not qualified to offer expert opinions in this matter.

H&E provides no authority to refute the fact that because Mr. Drennan is not a

civil engineer, he is ill-equipped to opine on the requisite standard of care. *See, e.g.,*

*Maldonado v. Kiewit La. Co.*, 2012-1868 (La. App. 1 Cir 05/30/14), 152 So.3d 909, 933-34.

Nor does H&E dispute that, pursuant to the Master Agreement, the standard of care in

this case must be established by an engineer.[10]

Instead, H&E insists that Mr. Drennan is qualified as an expert because he is able

to "offer testimony regarding governmental requirements and the consequences of

failure to follow those requirements based on his extensive experience."[11]  But the only

reason that purported "requirements" could have relevance to this case is if they

establish the applicable standard of care.  Mr. Drennan's testimony does not establish as

---

[9]  Dep, of Drennan at p. 51, l.l. 12-19; Dep. of Bailey at p. 85, l.l. 20-22.
[10] August 13, 2009, Short Form Master Agreement for Professional Services at p. 1.
[11] Pltff. Opp. to Mot. in Lim. at p. 7.

NON-CERTIFIED COPY

much, and his erroneous and misplaced reliance on these "requirements" belies H&E's assertion that Mr. Drennan is qualified an expert here.    The three government publications relied on by Mr. Drennan have no relevance here.  These publications, *by their own terms*, apply to roads and bridges only, not paved surfaces for the use and storage of heavy-tracked equipment.[12]    It goes without saying that roads and bridges are not parking lots.  First, there is a drastic difference between the high volume of traffic contemplated in the publications cited by Mr. Drennan, which are for public roads and bridges, and the much lower volume of traffic on H&E's private equipment yards.  Likewise, the traffic that traverses roads and bridges consists of rubber-tired vehicles, whereas the traffic at H&E's Baton Rouge and Kenner locations consists of heavy-tracked equipment with hardened steel cleats, which can place extreme point loads on the pavement.  Stated simply, standards for roads and bridges would not be directly applicable to the design of pavement for heavy-tracked equipment.  As such, Mr. Drennan's reliance on said publications further demonstrates he is not qualified to provide expert testimony with respect to the design of paved surfaces where heavy-tracked equipment is used and stored.

H&E's responds that Mr. Drennan "routinely performs large paving, sewerage and drainage contracts for public and private entities."[13]   But this only reinforces Defendants' point that Mr. Drennan's experience is with roads and bridges, which, as noted above, would be designed for different vehicles and different traffic volume than that which H&E's business required.   Thus, despite his experience with respect to

---

[12] **Exhibit "B"**- LADOTD Standard Plans CP-01, sheet nos. 1, 2 and 3 (The caption on page 1 of these LADOTD plans reads "Roadway Showing Joints," thus signaling their intended application); **Exhibit "C"**- LADOTD Standard Specifications for Roads and Bridges 2006 Edition, Section 601 PCCP (The title of the document referenced is "Standard Specifications for <u>Roads and Bridges</u>…," thus signaling the document's intended application) (emphasis added); and **Exhibit "D"**- DPW Engineering Division Standard Plans dated, January 18, 2008, 502-01, sheet nos. 1, 2 and 3 (On p.1 of these drawings, the DPW plans read "Plan View of Roadway Showing Joints," thus signaling that these plans were intended for use with respect to roadways).

[13] Pltff. Opp. to Mot. in Lim. at p. 6.

6

NON-CERTIFIED COPY

paving roads and bridges, Mr. Drennan lacks expertise relative to pavement design for use with heavy-tracked equipment, and is thus unable to provide testimony to assist the trier of fact in this matter.  As such, Mr. Drennan should be precluded from testifying at the trial of this matter and his reports should be stricken.

In support, H&E cites *Mount Mariah Baptist Church v. Pannell's Associated Elec.,* 36361 (La. App. 2 Cir 12/20/02), 835 So.2d 880, 889, but that case does not help H&E's argument here.  In that case, there is no indication that any challenge was made to the qualifications of the contractor who opined on design issues.  The appellate court did not address issues relative to the contractor's qualifications, only noting his testimony in the context of a summary of trial testimony. *Id.* at 889.  As such, *Mount Mariah* cannot be stretched to stand for the proposition for a contractor may be qualified as an expert on design issues (which are plainly in the province of a civil engineer).  Thus, it is unremarkable that the contractor was permitted to testify.  Had the Court in *Mount Mariah* been presented with the arguments that Defendants have set forth here, ***which it ostensibly was not***, the court could have properly excluded that contractor as well.[14]

### 4. Mr. Bailey is not qualified to provide opinions regarding the design of pavement for heavy-tracked equipment.

Unlike Mr. Drennan, Mr. Bailey is at least an engineer.  But he has no expertise in the design of pavement for heavy-tracked equipment.  Mr. Bailey's own curriculum vitae states that his primary area of expertise is "determining the risk exposure of residential, commercial, and industrial properties to hazards associated with hurricanes, tornadoes, and flooding."[15]  Nowhere does his curriculum vitae indicate

---

[14] *Id.* at 889. Incidentally, it is worth noting, that in *Mount Mariah, supra,* the contractor in the project at issue was named as a defendant, and that the trial court made a finding of construction defects, which, again supports the notion that construction defects should have been strongly considered in this case

[15] Expert Report of James R. "Bob" Bailey at p.30.

NON-CERTIFIED COPY

that he has specialized knowledge in the design of pavement for heavy-tracked equipment.

Additionally, Mr. Bailey confirmed in his deposition that he has no experience designing concrete pavements for heavy-tracked equipment.[16]  Tellingly, H&E touts, in the most generalized terms, Mr. Bailey's "involve[ment] in evaluating the pavement design at multiple industrial facilities."[17]    But his own deposition testimony demonstrates that he lacks relevant experience.  Indeed, in the portion of Mr. Bailey's deposition that H&E cites in support of this statement, Mr. Bailey describes his review of the design drawings which included revising paved areas where trucks made deliveries at a hospital facility, but he clearly indicates that these designs did not include consideration of heavy-tracked equipment.[18]  In addition to this one project which involved rubber-tired trucks, not heavy-tracked equipment, H&E references one graduate school research project where Mr. Bailey served in a support role nearly 30 years ago at an air base.[19]  In summary, Mr. Bailey's stated area of expertise is risk assessment relative to catastrophic storms, and his purported relevant experience consist of review of pavement designs for rubber-tired vehicles, and, roughly 30 years ago, he assisting on a research project relative to pavement design.  Bailey does not, however, have experience in the area at issue in this matter, i.e., design of pavement for the use and storage of heavy-tracked equipment.[20]

Under these circumstances, the law is clear that an expert is unqualified. *Reynolds Metals Co. v. Schofield*, 98-0460 (La. App. 1 Cir 04/01/99), 733 So.2d 671, could

---

[16] Bailey Dep. at p. 23, l.l.4-8.

[17] Pltff. Opp. to Mot. in Lim. at p. 6.

[18] Bailey Dep. at p. 24, l.6-23; p. 24, l.24- p. 25, l.2 (**Q:** And you didn't look at it from the viewpoint of these -- any heavy-tracked equipment utilizing the concrete area? **A.** Not exactly, no).

[19] Bailey Dep. p. 25; *see also* Expert Report of James R. "Bob" Bailey at p.31.

[20] Mr. Bailey's lack of experience in the area of pavement design for heavy-tracked equipment is further underscored by his reliance on the LADOTD drawings relied upon by Mr. Drennan. As noted above, these publications were intended for use with roads and bridges, which are a wholly different application than the pavement for heavy-tracked equipment at H&E's facilities.

8

NON-CERTIFIED COPY

not be any more on point.  Like the chemical engineer in *Reynolds*, Mr. Bailey possesses credentials as a civil engineer that could very well qualify him to testify in a number of areas, but he lacks the experience in the specific area of concrete pavement design for heavy-tracked equipment and should thus be precluded from providing opinion.  *See, Id.* at 673.

H&E also has failed to cite cases demonstrating Mr. Bailey is qualified to provide expert testimony with respect to the standard of care applicable to design of pavement for heavy-tracked equipment.   The main case cited by H&E in support of the proposition that "Courts do not require an expert to have narrow specializations and have found experts qualified based upon a broad range of experiences and expertise" is *Cheairs v. State, 03*-0680 (La. 12/03/03), 861 So.2d 536. [21]   In *Cheairs, supra,* the Court found that the expert , was qualified to testify only with respect to the standards in the Manual of Uniform Traffic Control Devices (MUTCD), and not generally with respect to establishing the applicable standard of care. *Cheairs, supra,* 861 So.2d. at 545.  Moreover, the Court supported the decision to allow the accident reconstructionist's testimony by noting that "engineering judgment is not regularly employed in the type of situation that resulted in plaintiff's injuries herein" and that in this case, which involved decisions regarding traffic control, such decisions were more often than not made by non-engineers. *Id.* at 543-544.  Stated otherwise, the Court found no error in allowing the reconstructionist to testify as to standards regarding a function that a non-engineer could perform, and not with respect to the standard of care applicable to an engineer.

Unlike the scenario in *Cheairs*, the decisions relative to the design of the pavement for heavy-tracked equipment are not such that they can be made by any person following guidelines, they require the proper experience, which for the reasons

---

[21] Pltff. Opp. to Mot. in Lim. at p.4.

9

NON-CERTIFIED COPY

set forth above Mr. Bailey clearly lacks.  In the other cases cited by H&E, the courts each reached the unremarkable conclusion that persons with expertise in highly related fields could provide expert testimony.[22]  In neither *Precht* nor *Darbonne* did the expert have the dearth of applicable experience that Mr. Bailey has relative to the design of pavement for heavy-tracked equipment.

5. **The supplemental report by Mr. Bailey should be excluded as it is untimely and irrelevant.**

H&E's Opposition fails to even address Defendants' position that Mr. Vail, not Mr. Bailey, actually performed the underlying analysis[23] in the "supplemental" report, and the argument that the opinions contained in the "supplemental" report were so far afield that it cannot be reasonably characterized as a supplement to Mr. Bailey's report. The latter is an independent reason to exclude the supplemental report.

To that point, H&E does not dispute that Mr. Bailey's original report is devoid of any reference to "change orders" or "cost" and that this untimely report is nothing more than an attempt by H&E to correct its mistake in failing to obtain an expert opinion in support of its argument that any change order items would have been a cost to H&E had they been included in the plans initially.  Here, instead of seeking leave to identify an additional expert well after the deadline to do so had passed, H&E brazenly circumvented this Court's authority by simply issuing this untimely report, as well as conducting untimely testing without requesting leave.  H&E is well-aware of the proper

---

[22] *Precht v. Case Corp.*, 1999-1296 (La. App. 3 Cir. 2/16/00); 756 So.2d 488 (the Court found that the engineer's *experience designing tractor equipment* for individuals was sufficient to allow him to testify to *engineering principals as they pertained to safety and tractors*); *Darbonne v. Wal-Mart Stores, Inc.*, 2000-551 (La. App. 3 Cir. 11/2/00); 774 So.2d 1022, 1028 (In a case involving a battery explosion, the Court allowed testimony by an expert who "had considerable experience with automotive batteries" had been "formally educated in mechanical engineering and explosions", and importantly he had provided "previous testimony as an expert witness includes cases involving explosions and fires caused by automotive batteries").

[23] Bailey Dep. at p. 156, L.L. 8-12.

10

NON-CERTIFIED COPY

procedure for seeking to conduct discovery activities after the deadline for doing so.[24]

Despite H&E's self-serving statements to the contrary, H&E's use of the untimely report is prejudicial to Defendants where Mr. Bailey has acknowledged that the opinions in this report were based on calculations performed by Mr. Vail, who was not disclosed as an expert and whom Defendants have not had the chance to depose. Moreover, with this untimely supplemental report, H&E has sought to inject opinions that are far afield from those that Mr. Bailey timely offered, thus undercutting the very thrust of La. Code Civ. Proc. Art. 1425 relative to disclosure of expert opinions prior to trial.

Accordingly, the proper result is to exclude the results of this untimely, unauthorized testing at trial.

## CONCLUSION

H&E's proffered experts have provided nothing more than speculative opinions where they failed to consider plausible alternative causes of the damages at the Baton Rouge and Kenner H&E sites. Moreover, H&E has failed to provide any support for its proffered experts' expertise and as such their opinions and testimony should be excluded at the trial of this matter. For the reasons set forth herein and in Defendants' original memorandum in support, the motions in limine should be granted and Mr. Drennan and Mr. Bailey's reports should be stricken and both should be barred from testifying at the trial of this matter.

---

[24] This was illustrated by H&E's June 1, 2016 Motion for Leave to Supplement Expert Disclosures wherein it sought to add Mr. Drennan as an expert.

NON-CERTIFIED COPY

Respectfully submitted,

**ADAMS AND REESE, LLP**

_____

Philip A. Franco    (Bar #5819), TA
Ron Sholes          (Bar #14436)
Kellen J. Mathews   (Bar #31860)
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210

**ATTORNEYS FOR DEFENDANTS, URS
CORPORATION ARCHITECTURE, P.C.;
URS CORPORATION; L. O'NEAL RYAN
AND THOMAS E. RYAN, III**



FILED
EAST BATON ROUGE PARISH, LA
2017 JUL -3 PH 3: 37
DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via United States mail, properly addressed, and first class postage prepaid and/or via email, this the 3rd day of July, 2017.

_____
Kellen J. Matthews

FILED
EAST BATON ROUGE PARISH, LA
2017 JUL -3 PM 3: 37

DEPUTY CLERK OF COURT

NON-CERTIFIED COPY

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/12/2018**

C-626308
21/D
07/12/2018

"The Court has before it a Motion to Continue the Trial filed on behalf of URS , and the Court notes for the record that this is a Reurged Motion to Continue the Trial in this matter.  The Court has previously denied a Motion to Continue the Trial .  The Court has before it a matter of protracted litigation having been vociferously litigated for the last several years.  The Court has conducted many hearings, conferences, settlement and otherwise.  It is firmly of the opinion that the parties hereto are unable to resolve their dispute absent a full Trial on the Merits.  The Court has reviewed the jurisprudence cited in support of the Motion for New Trial and finds no mandatory grounds upon which this Court would be constrained to grant the Motion to Continue the Trial.  The Court further notes for the record that this matter has been set for several months, and it portends a five-day Jury Trial, a big hole in the Court's docket.  Because of the length of time and the complexity of the issues, this matter has received quite a bit of attention, and so the Court conducted this hearing with a view toward trying to ascertain some discretionary grounds upon which the Motion to Continue would be warranted.  Having done so and having looked at this matter for the last 48 hours, the Court finds no compelling reason to justify use of its discretion.  Consequently, the Court denies the Motion to Continue the Trial.  Notify Counsel electronically or by fax."

(Lori Achee, Thursday, July 12, 2018)

Case 3:18-cv-00690-BAJ-RLB   Document 4-16   07/16/18   Page 212 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/11/2018**

C-626308
21/D
07/11/2018

This matter came before the Court for Motion to Continue Trial. Present in Court: Lori Mince and Brent Barriere, counsel for plaintiff; Megan Smith, counsel for URS. The matter was argued by counsel and submitted to the Court.
Whereupon, the Court took this matter under advisement.
(Lori Achee, Wednesday, July 11, 2018)

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 213 of 388

C-626308
21/D
06/26/2018

This matter came before the Court for Settlement Conference.  Present in Court: Brent Barrier and Loretta, counsel for plaintiffs; Megan Smith, counsel for URS.  A settlement conference was held in this matter, and the parties were unable to reach an agreement in this matter.

(Lori Achee, Tuesday, June 26, 2018)

Case 3:18-cv-00690-BAJ-RLB     Document 4-16     07/16/18     Page 214 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: CLARK, JANICE Session: 6/11/2018**

C-626308
21/D
06/11/2018

This matter came before the Court for Motion to Continue Trial filed on behalf of URS. Present in Court: Brent Barriere, counsel for H&E; Tony Clayton and Megan Smith, counsel for URS.  Settlement conference set for June 26, 2018 at 9:00 a.m.  The Court will defer the Motion to Continue at this time until a settlement conference can be held in this matter. Counsel notified in Open Court.  The matters that were set on the docket for June 26, 2018 will be heard on June 27, 2018 in the following cases: No. 635,296, No. 642,907, and No. 633, 229.  Notify Counsel.
(Lori Achee, Monday, June 11, 2018)

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 5/30/2018**

C-626308
21/D
05/30/2018

MOTION TO CONTINUE AND REQUEST SETTLEMENT CONFERENCE

C-626308
21/D
05/22/2018                     ORDER TO WITHDRAW COUNSEL SIGNED

C-626308
21/D
05/21/2018

"Findings of fact and conclusions of law, the Court finds that H&E sells and services industrial equipment contracted with URS which provides architectural engineering and related services.  In this case, plaintiff seeks damages from defendant arising from defendant?s design and construction management work on three of plaintiff?s facilities located in Baton Rouge, Kenner, and Belle Chase respectively.  At issue is whether or not defendants designed and constructed management was grossly defective or deficient.  The Plaintiff contends that shortly after construction the pavement at these facilities began cracking and was visibly deteriorating.  The Court finds as a matter of fact that the condition of the construction was attributable to the design provided by defendant.  The Court further finds that defendant?s designs for the pavement did not comply with State Local industry requirements and that remediation would involve removal and replacement of the pavement at the Baton Rouge and Kenner facilities to correct the resulting defects.  The Court further finds that the construction documents provided by defendant or its subcontract were not prepared properly and in some were omitted essential measurements as necessary components. The Court further finds that Dr. James Bailey, a civil engineer, licensed in multiple states is qualified by education, experience and scope to testify that such testimony will aid and assist trier of fact in sorting out issues.  The Court further finds that Mr. Wallace Drennan has been in constructive pavement field for over 30 years by his training and experience as the requisite expertise to opine about the condition and causes of the failure of the concrete which testimony would be helpful to the trier of fact.  In arriving at his opinion, Dr. Bailey reviewed the drawings and specifications of the design pavement promulgated by the American Concrete Institute and the Louisiana Department of Transportation and Development and other governmental agencies as well as Geo Technical Report.  Mr. Drennan poured over 200,000 cubic yards of concrete and has worked with the LDOTD in establishing standards of specification for roads and bridges pertaining to concrete pavement.  The Court further finds that he?s reviewed hundreds of sets of construction plans and he observed the failure to subject concrete pavement first hand.  The Court finds that he is in a position to give an opinion as to whether the failures he observed were consistent with deviation he identifies as well as cost of replacement pavement. Consequently, the Court found that both experts were competent to testify in the above and foregoing subject matters.  Specifically, Dr. Bailey may testify with respect to the standard of care of an engineer and may opine as to whether or not defendant breached that standard of care and whether that breach constituted gross deviation from the standard.  He may also testify on the costs and the scope of work and whether the resulting increase was due to defendant?s failure.  Mr. Drennan can testify as to whether the design at H&E?s facilities deviated from governmental industries specifications and requirements and whether the failure he observed in the pavement were consistent with the deviations identified.  He is, therefore, competent in this Court?s opinion in those subject matters.  Accordingly, the Court renders judgment herein denying the Motion in Limine to Strike Reports and to Exclude Proposed Testimony of Wallace Drennan and denying the Motion in Limine to Strike Reports and to Exclude Testimony of Dr. James Bailey.  The Court will enter such judgment upon filing with the Clerk and circulation of counsel.  Notify Counsel."

(Lori Achee, Monday, May 21, 2018)

East Baton Rouge Parish Clerk of Court
Judge: DOC MINUTE Session: 5/17/2018

C-626308
21/D
05/17/2018

MOTION TO SUBSTITUTE COUNSEL OF RECORD

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 219 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 3/27/2018**

C-626308
21/D
03/27/2018

                    LETTER WITH CHECK FOR ADDITIONAL DAY OF JURY BOND PAYMENT

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 220 of 388

C-626308
21/D
02/20/2018

JURY ORDER FROM JUDGES OFFICE SIGNED ON THIS DATE

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 2/7/2018**

C-626308
21/D
02/07/2018

MOTION TO SET TRIAL DATE SIGNED AND SET JULY 17, 2018 AT 9:30 A.M., FOR A
5 DAY JURY TRIAL, WHICH THE COURT MAY EXTEND.

C-626308
21/D
01/29/2018

MOTION TO SET TRIAL DATE

7/16/2018     9:02:09AM

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 1/25/2018**

C-626308
21/D
01/25/2018

MOTION TO SET TRIAL DATE

7/16/2018      9:02:09AM      **East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 1/25/2018**

C-626308
21/D
01/25/2018

MOTION TO SET TRIAL DATE

C-626308
21/D
01/10/2018

CONSIDERING THE NOTICE OF INTENT TO SEEK A SUPERVISORY WRIT FILED ON BEHALF OF DEFENDANTS, URS CORP. ARCHITECTURE, URS CORP., L. O'NEAL JOHNSON AND THOMAS E.RYAN, III, THIS COURT HEREBY SETS A RETURN DATE OFJANUARY 10, 2018, BY WHICH THE APLICATION FOR A SUPERVISORY WRIT IS TO BE FILED IN THE COURTOFAPPEAL.

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18   Page 226 of 388
**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 12/7/2017**

C-626308
21/D
12/07/2017

ORDER ON HEARING ON NOVEMBER 9, 2017 ON MOTION IN LIMINE TO STRIKE
EXPERT REPORTS FILE AS IS ON THIE DATE

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18   Page 227 of 388
**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 12/7/2017**

C-626308
21/D
12/07/2017

JUDGMENT ON HEARING HELD NOV. 9, 2017 SIGNED; SEE DECREE.

C-626308
21/D
11/21/2017

PLAINTIFFS PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

C-626308
21/D
11/16/2017

DEFENDANTS PROPOSED FINDINGS OF FACT, PROPOSED CONCLUSIONS OF
LAW AND PROPOSED REASONS FOR JUDGMENT REGARDING MOTION TO
EXCLUDE TESTIMONY OF WALLACE C DRENNNAN III

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 11/16/2017**

C-626308
21/D
11/16/2017

PLAINTIFFS PROPOSED FININGS OF FACT AND CONCLUSIONS OF LAW

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 11/16/2017**

C-626308
21/D
11/16/2017

PLAINTIFFS PROPOSED FININGS OF FACT AND CONCLUSIONS OF LAW

C-626308
21/D
11/16/2017

DEFENDANTS PROPOSED FINDINGS OF FACT, PROPOSED CONCLUSIONS OF
LAW AND PROPOSED REASONS FOR JUDGMENT REGARDING MOTION TO
EXCLUDE TESTIMONY OF JAMES BAILEY

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 233 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: CLARK, JANICE Session: 11/9/2017**

C-626308
21/D
11/09/2017

This matter came before the Court for Defendants? Motion to Set Trial Date; All Motions other motions filed.  Present in Court: Loretta Mince and Rebecca Sha, counsel for H & E Equipment Services; Philip Franco and Kellen Matthews, counsel for defendants. Motion in Limine regarding the experts were argued by counsel.  Documentary evidence was introduced.  Testimony was heard, and the matter was submitted to the Court. Whereupon, the Court allowed counsel to submit proposed findings of fact, conclusions of law together with a proposed judgment within five days hereof.
(Lori Achee, Thursday, November 9, 2017)

C-626308
21/D
10/16/2017

SUPPLEMENTAL MEMO IN SUPPORT OF MOTION TO EXCLUDE PROPOSED
TESTIMONY OF WALLACE DRENNAN

C-626308
21/D
10/16/2017

SUPPLEMENTAL MEMO IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF
JAMES BAILEY

Case 3:18-cv-00690-BAJ-RLB   Document 4-16   07/16/18   Page 236 of 388

C-626308
21/D
09/27/2017                  RULE TO SHOW CAUSE SIGNED AND SET NOV. 6, 2017.

C-626308
21/D
09/11/2017

DEFENDANTS' MOTION TO SET TRIAL DATE SIGNED AND SET FOR HEARING NOV. 6, 2017.

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 9/8/2017**

C-626308
21/D
09/08/2017

EX PARTE MOTION TO SET HEARING ON MOTION TO SET TRIAL DATE

Case 3:18-cv-00690-BAJ-RLB     Document 4-16     07/16/18     Page 239 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 8/24/2017**

C-626308
21/D
08/24/2017

JUDGMENT ON MOTION FOR SUMMARY JUDGMENT HELD FEB. 13, 2017 SIGNED
THIS DATE; SEE DECREE.

C-626308
21/D
08/18/2017

MOTION TO SET TRIAL DATE

C-626308
21/D
08/14/2017

REPLY MEMO IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE
REGARDING DEFENDANTS LIABILITY FOR AND DAMAGES AT KENNER FACILITY

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18   Page 242 of 388

C-626308               REPLY MEMO IN SUPPORT OF MOTION IN LIMINE TO EXLCUDE EXPERT OPINIONS
21/D                   NOT CONTAINED IN THAT EXPERTS REPORT
08/14/2017

C-626308
21/D
08/10/2017

OPPOSITION TO MOTION IN LIMINE TO EXCLUDE EXPERT OPINIONS NOT
CONTAINED IN THAT EXPERTS REPORT

East Baton Rouge Parish Clerk of Court
**Judge: DOC MINUTE Session: 8/10/2017**

C-626308
21/D
08/10/2017

OPPOSITION TO MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING
DEFENDANTS LIABILITY FOR AND DAMAGES AT KENNER FACILITY

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 8/8/2017**

C-626308
21/D
08/08/2017

OPPOSITION TO MOTION IN LIMINE TO EXCLUDED EXPERT OPINIONS NOT
CONTAINED IN THAT EXPERT'S REPORT

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18   Page 246 of 388

C-626308
21/D
08/08/2017

OPPOSITION TO MOTION IN LIMINE TO EXCLUDED EXPERT OPINIONS NOT
CONTAINED IN THAT EXPERT'S REPORT

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 8/3/2017**

C-626308
21/D
08/03/2017

MOTION IN LIMINE TO EXCLUDE EVIDENCE SIGNED ON THIS DATE ( SET FOR
AUGUST 16, 2017 AT 9:30 AM)

7/16/2018     9:02:09AM

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 8/3/2017**

C-626308
21/D
08/03/2017

MOTION IN LIMINE TO EXCLDE EXPERT OPINIONS SIGNED ON THIS DATE  ( SET
FOR AUGUST 16, 2017 AT 9:30AM)

C-626308
21/D
08/02/2017

MOTION TO ENROLL ADDITIONAL COUNSEL SIGNED

C-626308
21/D
08/01/2017

PLAINTIFF PROPOSED JURY INSTRUCTION AND JURY INTERROGATORIES

C-626308
21/D
08/01/2017

MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING DEFENDANTS LIABILITY
FOR AND DAMAGES AT KENNER FACILITY

C-626308
21/D
08/01/2017

PLAINTIFF PROPOSED JURY INSTRUCTION AND JURY INTERROGATORIES

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 8/1/2017**

C-626308
21/D
08/01/2017

MOTION IN LIMINE TO EXCLUDE EXPERT OPINIONS NOT CONTAINED IN THAT
EXPERTS REPORT

C-626308
21/D
07/31/2017

ORLENAS PARISH (1) CIVIL SUBPOENA

Case 3:18-cv-00690-BAJ-RLB   Document 4-16   07/16/18   Page 255 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/28/2017**

C-626308
21/D
07/28/2017

"This matter was previously before the Court on a Motion for Summary Judgment.  This matter was briefed and argued, and the Court hereby finds that whether the unpaid services are a direct result of URS's failure to properly perform the services contracted for or to properly remedy any such defects are genuine issues of material fact, which preclude Summary Judgment.  The Court hereby denies the Motion for Summary Judgment.  Notify Counsel telephonically and by fax."

(Lori Achee, Friday, July 28, 2017)

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18   Page 256 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/26/2017**

C-626308
21/D
07/26/2017

MOTION IN LIMINE SIGNED AND SET FOR HEARING AUGUST 16, 2017.

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/26/2017**

C-626308
21/D
07/26/2017

NOTICE OF MAILING ON MOTION IN LIMINE OBO H& E

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 258 of 388
**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/19/2017**

C-626308
21/D
07/19/2017

JUDGMENT ON HEARING JULY 6, 2017, SIGNED THIS DATE; SEE DECREE.

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 259 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: CLARK, JANICE Session: 7/13/2017**

C-626308
21/D
07/13/2017

This matter came before the Court for Defendant?s Motion to Stay Further Proceedings.
Present in Court: Loretta Mince, counsel for H&E Services; Kellen Mathews, counsel for URS Corporation Architecture.  The matter was argued by counsel, and the matter was submitted to the Court.
Whereupon, the Court denied the motion.  Judgment to be signed accordingly.
(Lori Achee, Thursday, July 13, 2017)

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/12/2017**

C-626308
21/D
07/12/2017                          MEMORANDUM IN OPPOSITION

C-626308
21/D
07/12/2017

PERRY ENTERPRISE ANSWER

C-626308
21/D
07/10/2017

DEFENDANT'S NOTICES OF INTENT TO SEEK SUPERVISORY WRITS (1) WHICH
DENIED DEFENDANTS' MOTION TO CONTINUE THE AUGUST 16, 2017 TRIAL DATE;
(2) WHICH DENIED DEFENDANTS' MOTION IN LIMINE TO STRIKE EXPERT
REPORTS AND TO EXCLUDE PROPOSED TESTIMONY OF WALLACE DRENNAN, III;
(3) WHICH DENIED DEFENDANTS' MOTION IN LIMINE TO STRIKE EXPERT REPORT
AND TO EXCLUDE PROPOSED TESTIMONY OF JAMES BAILEY

C-626308
21/D
07/10/2017

DEFENDANTS NOTICE OF INTENT TO SEEK SUPERVISORY WRIT SIGNED ON THIS DATE

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/10/2017**

C-626308
21/D
07/10/2017

JUDGMENT OF MOTION TO CONTINUE TRIAL, MOTION IN LIMINE TO STRIKE
ANDEXCLUDED PROPOSED TESTIMONY OF WALLACE C. DRENNAN, III AND
MOTION IN LIMINE TO STRIKED AND EXCLUDE PROPOSED TESTIMONY OF JAMES
R. BAILEY

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18   Page 265 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/10/2017**

C-626308
21/D
07/10/2017

ORDER ON DEFENDANTS' MOTION FOR EXPEDITED CONSIDERATION IS GRANTED
AND DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS SHALL BE HEARD
JULY 13, 2017.

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/10/2017**

C-626308
21/D
07/10/2017

JUDGMENT OF MOTION TO CONTINUE TRIAL, MOTION IN LIMINE TO STRIKE
ANDEXCLUDED PROPOSED TESTIMONY OF WALLACE C. DRENNAN, III AND
MOTION IN LIMINE TO STRIKED AND EXCLUDE PROPOSED TESTIMONY OF JAMES
R. BAILEY

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 267 of 388

C-626308
21/D
07/07/2017

DEFENDANTS NOTICE OF INTENT TO SEEK SUPERVISORY WRIT

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 268 of 388

C-626308
21/D
07/07/2017

DEFENDANTS NOTICE OF INTENT TO SEEK SUPERVISORY WRIT

7/16/2018     9:02:09AM        **East Baton Rouge Parish Clerk of Court**
                              **Judge: DOC MINUTE Session: 7/7/2017**

C-626308                       MOTION FOR EXPEDITED CONSIDERATION OF MOTION TO STAY FURTHER
21/D                           PROCEEDINGS
07/07/2017

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 270 of 388

C-626308
21/D
07/07/2017

DEFENDANTS NOTICE OF INTENT TO SEEK SUPERVISORY WRIT

Case 3:18-cv-00690-BAJ-RLB   Document 4-16   07/16/18   Page 271 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: CLARK, JANICE Session: 7/6/2017**

C-626308
21/D
07/06/2017

This matter came before the Court for Motion to Continue Trial filed on behalf of defendants; Motion in Limine filed on behalf of defendants.  Present in Court: Loretta Mince, counsel for H&E Equipment Services; Philip Franco and Kellen Mathews, counsel for defendants.

In regards to the Motion to Continue Trial, the matter was argued by counsel and submitted to the Court.

Whereupon, the Court denied the motion.  Judgment to be signed accordingly.  Three days to take writs.

In regards to the Motions in Limine, documentary evidence in the suit record was introduced by reference.  The matters were argued by counsel and submitted to the Court.

Whereupon, the Court denied the motions.  Judgment to be signed accordingly.  Five days to take writs.

The Court allowed counsel for defendants to file a Motion to Stay.

(Lori Achee, Thursday, July 6, 2017)

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/3/2017**

C-626308
21/D
07/03/2017

REPLY MEMORANDUM IN SUPPORT OF MOTIONS IN LIMINE, ETC

Case 3:18-cv-00690-BAJ-RLB     Document 4-16     07/16/18     Page 273 of 388

C-626308
21/D
07/03/2017

REPLY MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE TRIAL

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/28/2017**

C-626308
21/D
06/28/2017

MEMORANDUM IN OPPOSITION

C-626308
21/D
06/28/2017

MEMORANDUM IN OPPOSITION

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/28/2017**

C-626308
21/D
06/28/2017

MEMO IN OPPOSITION

C-626308
21/D
06/28/2017

MEMO IN OPPOSITION

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/21/2017**

C-626308
21/D
06/21/2017

MOTION IN LIMINE SIGNED AND SET FOR HEARING JULY 6, 2017

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/15/2017**

C-626308
21/D
06/15/2017

MOTION TO CONTINUE TRIAL AND INCORPORATED MEMORANDUM IN SUPPORT
WITH REQUEST FOR EXPEDITED HEARING SIGNED ON THIS DATE SET FOR JULY
6, 2017, AT 9:30 AM

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18   Page 280 of 388

C-626308
21/D
05/24/2017

JURY ORDER FROM JUDGES OFFICE SIGNED ON THIS DATE

C-626308
21/D
04/25/2017

This matter came before the Court for Settlement Conference.  Present in Court: Loretta Mince, counsel for plaintiff; Phillip Franco, counsel for URS Corporation Architecture, PC. Counsel agreed that this matter will be stayed for 14 days in District Court pending a stipulation in this matter.
(Lori Achee, Tuesday, April 25, 2017)

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18   Page 282 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 4/7/2017**

C-626308
21/D
04/07/2017

NOTICE OF INTENT TO SEEK SUPERVISORY WRIT OBO DEFENDANTS SET
RETURN DATE OF APRIL 10, 2017.

East Baton Rouge Parish Clerk of Court
Judge: DOC MINUTE Session: 4/6/2017

C-626308
21/D
04/06/2017

NOTICE OF INTENT TO SEEK SUP WRIT

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18   Page 284 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 4/5/2017**

C-626308
21/D
04/05/2017

JUDGMENT ON MOTION FOR SUMMARY JUDGMENT UNSIGNED ON THIS DATE

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 4/5/2017**

C-626308
21/D
04/05/2017

JUDGMENT ON MOTION FOR SUMMARY JUDGMENT HEARD FEB. 13, 2017 ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SIGNED THIS DATE; SEE DECREE.

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 3/9/2017**

C-626308
21/D
03/09/2017

"The Court finds that the 2009 Agreement applies only to the Kenner Project. Accordingly, the Court will signed Judgment in conformity upon presentation by counsel after circulation and filing with the Clerk of Court. Thereafter, counsel will have five days to take writs."
(Lori Achee, Thursday, March 9, 2017)

C-626308
21/D
02/13/2017

This matter came before the Court for Motion for Summary Judgment filed on behalf of URS; Defendants? Motion for Protective Order, etc. and Motion to Set Trial Date, etc.; Defendants? Motion for Summary Judgment.  Present in Court: Loretta Mince and Brent Barriere, counsel for H&E Equipment Services; Philip Franco, R. Showles, and Kellen Mathews, counsel for URS Corporation Architecture, P.C., L. Johnson, and Thomas Ryan, II.

In regards to Defendants? Motion for Protective Order, etc. and Motion to Set Trial Date, the matter was argued by counsel, and the matter was submitted to the Court.

Whereupon, the Court took this matter under advisement.

In regards Motion for Summary Judgment, the matter was argued by counsel, and the matter was submitted to the Court.

Whereupon, the Court took this matter under advisement.

In regards Motion for Summary Judgment on the Contract, the matter was argued by counsel, and the matter was submitted to the Court.

Whereupon, the Court took this matter under advisement.

The Court ex proprio motu set this matter for a settlement conference on _____ with the parties or full authority.  The Court will order that ten days before the conference position papers be filed with the Court.

(Lori Achee, Monday, February 13, 2017)

C-626308
21/D
02/08/2017

REPLY BRIEF IN SUPPORT

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 2/8/2017**

C-626308
21/D
02/08/2017

REPLY MEMO IN SUPPORT

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 290 of 388
**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 1/30/2017**

C-626308
21/D
01/30/2017

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT ON RECONVENTIONAL
DEMAND

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 291 of 388

C-626308
21/D                        OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
01/30/2017

C-626308
21/D
01/30/2017

RESPONSE TO STATEMENT OF DISPUTED MATERIAL FACTS SUBMITTED IN
SUPPORT OF URS'S MOTION FOR SUMMARY JUDGMENT

C-626308
21/D
01/30/2017

RESPONSE TO STATEMENT OF DISPUTED MATERIAL FACTS SUBMITTED IN
SUPPORT OF URS'S MOTION FOR SUMMARY JUDGMENT ON RECONVENTIONAL
DEMAND

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 12/29/2016**

C-626308
21/D
12/29/2016

MOTION FOR SUMMARY JUDGMENT SIGNED AND SET 2/13/17

C-626308
21/D
11/21/2016

MOTION FOR SUMMARY JUDGMENT OBO URS CORP. SIGNED AND SET 2/13/17

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18   Page 296 of 388

C-626308
21/D
11/11/2016

DEFENDANTS' MOTION FOR PROTECTIVE ORDER & TO QUASH SUBPOENA
DUCES TECUM T6O ENFORCE THIS COURT'S AMENDED CASE MANAGEMENT
ORDER  AND MOTION TO SET TRIAL DATE AND REMAINING DEADLINES SIGNED
AND SET 12/8/16

Case 3:18-cv-00690-BAJ-RLB   Document 4-16   07/16/18   Page 297 of 388

C-626308
21/D
11/11/2016

MOTION TO SET TRIAL DATE AND REMAINING DEADLINES SIGNED ON THIS DATE
SET FOR DECEMBER 8,2016 AT 9:30 AM

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 11/11/2016**

C-626308
21/D
11/11/2016

DEFENDANTS MOTION FOR EXPEDITED CONSIDERATION OF MOTION FOR
PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENA DUCES TECUM TO
ENFORCE THE COURT'S AMENDED CASE MANAGEMENT ORDER SIGNED ON
THIS DATE , SET FOR DECEMBER 8, 2016 AT 9:30 AM

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 10/27/2016**

C-626308
21/D
10/27/2016

SUPPLEMENTAL

East Baton Rouge Parish Clerk of Court
**Judge: DOC MINUTE Session: 10/27/2016**

C-626308
21/D
10/27/2016

MOTION FOR EXPEDITED CONSIDERATION OF MOTION FOR PROTECTIVE ORDER
AND MOTION TO QUASH SUBPOENA DUCES TECUM TO ENFORCE THIS COURTS
AMENDED CASE MANAGEMENT ORDER

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 10/3/2016**

C-626308
21/D
10/03/2016

NOTICE OF DEPOSITION

C-626308
21/D
10/03/2016

NOTICE OF DEPOSITION

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 9/28/2016**

C-626308
21/D
09/28/2016

NOTICE OF DEPOSITION

7/16/2018     9:02:09AM

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 9/28/2016**

C-626308
21/D
09/28/2016

NOTICE OF DEPOSITION

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 9/27/2016**

C-626308
21/D
09/27/2016

NOTICE OF DEPOSITION

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 9/27/2016**

C-626308
21/D
09/27/2016

NOTICE OF DEPOSITION

C-626308
21/D
09/23/2016

NOTICE OF DEPOSITION

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 9/23/2016**

C-626308
21/D
09/23/2016

NOTICE OF DEPOSITION

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 9/23/2016**

C-626308
21/D
09/23/2016

NOTICE OF DEPOSITION

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 9/23/2016**

C-626308
21/D
09/23/2016

NOTICE OF DEPOSITION

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 9/13/2016**

C-626308
21/D
09/13/2016

NOTICE OF DEPOSITION

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 9/13/2016**

C-626308
21/D
09/13/2016

NOTICE OF DEPOSITION

C-626308
21/D
08/25/2016

JUDGMENT ON HEARING ON JULY 25, 2016, SIGNED THIS DATE; SEE DECREE.

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 314 of 388

C-626308
21/D
08/22/2016

This matter came before the Court for Motion fo Leave filed on behalf of H&E.  Mover or respondent was neither present nor represented by counsel.  Therefore, this matter was passed without date.
(Lori Achee, August 22, 2016)

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/28/2016**

C-626308
21/D
07/28/2016

MOTION TO ENROLL ADDITIONAL COUNSEL SIGNED

C-626308
21/D
07/27/2016

NOTICE OF DEPOSITION

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/27/2016**

C-626308
21/D
07/27/2016

NOTICE OF DEPOSITION

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 318 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: CLARK, JANICE Session: 7/25/2016**

C-626308
21/D
07/25/2016

This matter came before the Court for Motion for Leave filed on behalf of defendants.
Present in Court: Lorretta Mince, counsel for plaintiff; Kellen Mathews and Ron Sholes, counsel for defendants.  The matter was argued by counsel, and the matter was submitted to the Court.
Whereupon, the Court allowed the modification and allowed counsel for plaintiff to name additional experts.
(Lori Achee, Monday, July 25, 2016)

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/20/2016**

C-626308
21/D
07/20/2016

MOTION TO ENROLL

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/20/2016**

C-626308
21/D
07/20/2016

MOTION TO ENROLL

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/15/2016**

C-626308
21/D
07/15/2016

1 DEPOSITION SUBPOENA... ORLEANS PARISH...WEL

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/14/2016**

C-626308
21/D
07/14/2016                    ORDER TO WITHDRAW AS COUNSEL SIGNED

C-626308
21/D
07/13/2016

SUPPLEMENTAL MEMO

C-626308
21/D
07/13/2016

SUPPLEMENTAL MEMO

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 325 of 388

C-626308
21/D
07/12/2016

MOTION FOR LEAVE SIGNED AND SET 7/25/16.

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/11/2016**

C-626308
21/D
07/11/2016

DEFENDANTS MOTION FOR EXPEDITED CONSIDERATION

Case 3:18-cv-00690-BAJ-RLB   Document 4-16   07/16/18   Page 327 of 388

C-626308                    MOTION FOR LEAVE SIGNED AND SET 8/22/16
21/D
07/06/2016

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/6/2016**

C-626308
21/D
07/06/2016

ORDER TO ENROLL ADDITIONAL COUNSEL SIGNED

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 329 of 388

C-626308
21/D
07/06/2016

EX PARTE MOTION TO WITHDRAW

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/6/2016**

C-626308
21/D
07/06/2016

EX PARTE MOTION TO WITHDRAW

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/30/2016**

C-626308
21/D
06/30/2016

MOTION TO ENROLL

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/30/2016**

C-626308
21/D
06/30/2016

MOTION FOR LEAVE

C-626308
21/D
06/30/2016

MOTION FOR LEAVE

C-626308
21/D
06/30/2016

MOTION TO ENROLL

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 5/26/2016**

C-626308
21/D
05/26/2016

DEAR JUDGE CLARK........LDS

C-626308
21/D
05/16/2016

JUDGMENT ON HEARING HELD APRIL 18, 2016, SIGNED THIS DATE; SEE DECREE.

7/16/2018     9:02:09AM

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 5/16/2016**

C-626308
21/D
05/16/2016

WITNESS LIST

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 5/16/2016**

C-626308
21/D
05/16/2016

WITNESS LIST

C-626308
21/D
05/12/2016

JUDGMENT ON HEARING HELD JANUARY 4, 2016 ON MOTION TO COMPEL FILED
BY DEFENDANTS SIGNED THIS DATE; SEE DECREE.

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 5/11/2016**

C-626308
21/D
05/11/2016

LETTER TO JUDGE
FILE COPY INTO RECORD

C-626308
21/D
05/10/2016

JUDGMENT ON MOTION TO COMPEL FILED BY PLAINTIFF AND HEARD 1/4/16,
SIGNED THIS DATE; SEE DECREE.

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 5/9/2016**

C-626308
21/D
05/09/2016

DEAR JUDGE CLARK........LDS

Case 3:18-cv-00690-BAJ-RLB     Document 4-16     07/16/18     Page 343 of 388

C-626308
21/D
05/04/2016

JUDGMENT

C-626308
21/D
05/04/2016

JUDGMENT

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 345 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: CLARK, JANICE Session: 4/18/2016**

C-626308
21/D
04/18/2016

This matter came before the Court for Motion to Appoint Special Master.  Present in Court: Anne Wittmann, counsel for plaintiff; Kellen Mathews, counsel for defendants. The matter was argued by counsel, and the matter was submitted to the Court. Whereupon, the Court denied the motion.
(Lori Achee, Monday, April 18, 2016)

C-626308
21/D
04/14/2016

OPPOSITION

C-626308
21/D
04/06/2016

MOTION TO APPOINT SPECIAL MASTER SIGNED AND SET 4/18/16

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 4/4/2016**

C-626308
21/D
04/04/2016

TO APPOINT SPECIAL MASTER

Case 3:18-cv-00690-BAJ-RLB   Document 4-16   07/16/18   Page 349 of 388

C-626308
21/D
03/14/2016

JOINT MOTION TO CONTINUE CASE DEADLINES

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 3/14/2016**

C-626308
21/D
03/14/2016

CASE MANAGEMENT ORDER SIGNED

C-626308
21/D
01/20/2016

CASE MANAGEMENT SCHEDULE FROM JUDGES OFFICE SIGNED ON THIS DATE

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 1/15/2016**

C-626308
21/D
01/15/2016

ACTION TAKEN

C-626308
21/D
01/14/2016

FOR STATUS CONFERENCE

C-626308
21/D
01/05/2016

REPLY BRIEF

7/16/2018     9:02:09AM

**East Baton Rouge Parish Clerk of Court**
**Judge: CLARK, JANICE Session: 1/4/2016**

C-626308
21/D
01/04/2016

This matter came before the Court for Motion to Compel filed on behalf of defendants;
Motion to Compel filed on behalf of plaintiffs.  Present in Court: Anne Wittmann and
Laura Carlisle, counsel for H & E Equipment; Phil Franco and Kellen Mathews, counsel
for URS Corporation Architecture, PC, URS Corporation, L. Johnson, and Thomas Ryan,
II.

In regards to the Motion to Compel filed on behalf of defendant, the matter was argued by
counsel, and the matter was submitted to the Court.

Whereupon, the Court ordered that all interrogatories be supplemented in full within 15
days hereof.  Thereafter, the Court will revisit this matter.

In regards to the Motion to Compel filed on behalf of plaintiffs, the matter was argued by
counsel, and the matter was submitted to the Court.

Whereupon, the Court ordered that all interrogatories be supplemented in full within 15
days hereof.  Thereafter, the Court will revisit the matter.

(Lori Achee, Monday, January 4, 2015)

C-626308
21/D
12/30/2015

REPLY MEMORANDUM

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 12/29/2015**

C-626308
21/D
12/29/2015

REPLY BRIEF

7/16/2018    9:02:09AM    **East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 12/29/2015**

C-626308
21/D
12/29/2015

REPLY BRIEF

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 12/23/2015**

C-626308
21/D
12/23/2015                    OPPOSITION

C-626308
21/D
12/14/2015

MOTION TO COMPEL SIGNED AND SET 1/4/16.

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 11/25/2015**

C-626308
21/D
11/25/2015                    MOTION TO COMPEL

C-626308
21/D
11/05/2015

MOTION SIGNED AND SET 1/4/16.

7/16/2018    9:02:09AM

**East Baton Rouge Parish Clerk of Court**
**Judge: CLARK, JANICE Session: 8/31/2015**

C-626308
21/D
08/31/2015

This matter came before the Court for Motion for Partial Summary Judgment filed on behalf of URS.  Present in Court: Anne Wittmann and Laura Carlisle, counsel for plaintiffs; Phil Franco, Kellen Matthews and Ron Shoules, counsel for defendants. Counsel informed the Court that they agreed to certain invoices totally 37,947, and the Motion for Partial Summary Judgment is held in abeyance.

(Lori Achee, Monday, August 31, 2015)

C-626308
21/D
08/27/2015                    REPLY BRIEF

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 365 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 8/21/2015**

C-626308
21/D
08/21/2015

OPPOSITION....

C-626308
21/D
08/21/2015                    OPPOSITION

C-626308
21/D
07/28/2015

MOTION FOR PARTIAL SUMMARY JUDGMENT SIGNED AND SET FOR 8/31/15.

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/15/2015**

C-626308
21/D
07/15/2015

JOINT PROTECTIVE ORDER SIGNED THIS DATE.

C-626308
21/D
07/13/2015

                    JOINT PROTECTIVE ORDER

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/9/2015**

C-626308
21/D
07/09/2015

JOINT PROTECTIVE ORDER

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 7/9/2015**

C-626308
21/D
07/09/2015

Judgment on hearing held June 15, 2015, signed this date; see decree.

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/26/2015**

C-626308
21/D
06/26/2015

3CC GIVEN

C-626308
21/D
06/22/2015

SUR-REPLY MEMORANDUM

7/16/2018      9:02:09AM        **East Baton Rouge Parish Clerk of Court**
                                **Judge: DOC MINUTE Session: 6/18/2015**

C-626308
21/D                            SUR-REPLY/ SUPPLEMENTAL MEMORANDUM
06/18/2015

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 375 of 388

C-626308
21/D
06/17/2015

REPLY BRIEF

7/16/2018     9:02:09AM        **East Baton Rouge Parish Clerk of Court**
                               **Judge: DOC MINUTE Session: 6/17/2015**

C-626308                 REPLY/SUPPLEMENTAL OPPOSITION
21/D
06/17/2015

**East Baton Rouge Parish Clerk of Court**
**Judge: CLARK, JANICE Session: 6/15/2015**

C-626308
21/D
06/15/2015

This matter came before the Court for Motion to Compel filed on behalf of plaintiff; Motion for Summary Judgment filed on behalf of Defendants; Motion to Compel Discovery filed on behalf of defendants.  Present in Court: Anne Wittmann, counsel for plaintiffs; Kellen Matthews and Ron Sholes, counsel for URS Corporation Architecture, PC, URS Corporation, L. Johnson, and Thomas Ryan, II.

In regards to the Motion for Summary Judgment, documentary evidence in the suit record was introduced by reference.  The matter was argued by counsel, and the matter was submitted to the Court.

Whereupon, the Court took this matter under advisement.

In regards to the Motion to Compel filed on behalf of URS, the Court recessed the matter pending a stipulation in this matter. Counsel returned to inform the Court that the parties made a stipulation with regards the Motions to Compel filed in this matter.  Said particulars to be embodied in the judgment.  Judgment to be signed accordingly.

In regards to the Motion to Compel filed on behalf of H&E, the matter was argued by counsel, and the matter was submitted to the Court.

Whereupon, the Court will read briefs in this matter, and, thereafter rule in this matter.

(Lori Achee, Monday, June 15, 2015)

7/16/2018      9:02:09AM

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/12/2015**

C-626308
21/D
06/12/2015

TO STATEMENT OF UNDISPUTED FACTS

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/11/2015**

C-626308
21/D                                    REPLY BRIEF
06/11/2015

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 380 of 388
**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/11/2015**

C-626308          REPLY
21/D
06/11/2015

7/16/2018     9:02:09AM

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/5/2015**

C-626308
21/D
06/05/2015

OPPOSITION TO MOTION TO COMPEL

C-626308
21/D
06/05/2015

OPPOSITION TO MOTION TO COMPEL

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/5/2015**

C-626308
21/D
06/05/2015

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

7/16/2018    9:02:09AM

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 6/5/2015**

C-626308
21/D
06/05/2015

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 385 of 388

C-626308
21/D
05/13/2015

MOTION TO COMPEL DISCOVERY RESPONSES SIGNED ON THIS DATE SET FOR
JUNE 15, 2015 AT 1:00 PM

Case 3:18-cv-00690-BAJ-RLB   Document 4-16   07/16/18   Page 386 of 388

C-626308
21/D
04/08/2015

MOTION FOR SUMMARY JUDGMENT SIGNED ON  THIS DATE SET FOR JUNE 15,
2015 AT 1:00 PM

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 387 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 4/1/2015**

C-626308
21/D
04/01/2015

MOTION TO COMPEL SIGNED ON THIS DATE SET FOR JUNE 15, 2015 AT 1:00 PM

Case 3:18-cv-00690-BAJ-RLB    Document 4-16    07/16/18    Page 388 of 388

**East Baton Rouge Parish Clerk of Court**
**Judge: DOC MINUTE Session: 4/14/2014**

C-626308
21/D
04/14/2014

MOTION TO SUBSTITUTE COUNSEL OF RECORD SIGNED ON THIS DATE