UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | CIVIL ACTION |
| VERSUS | |
| URS CORPORATION ARCHITECTURE, P.C., ET AL. | NO. 18-690-BAJ-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 21, 2018.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| H&E EQUIPMENT SERVICES, INC. | CIVIL ACTION |
| VERSUS | |
| URS CORPORATION ARCHITECTURE, P.C., ET AL. | NO. 18-690-BAJ-RLB |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 10) filed on July 20, 2018. The Motion is Opposed. (R. Doc. 25). Plaintiff filed a Reply (R. Doc. 33) and Defendants filed a Sur-Reply (R. Doc. 34).

**I.     Background**

Plaintiff initiated this suit with the filing of its Petition for Damages on November 20, 2013 in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. (R. Doc. 24 at 1). Plaintiff suggests that it contracted with Defendant URS, employer of Defendants Johnson and Ryan, for design and construction administration services of facilities in Baton Rouge, Kenner, and Belle Chasse, Louisiana. (R. Doc. 10-1 at 2). Plaintiff alleges that it filed suit against the named Defendants in 2013 as a result of "grossly defective work" at the three facilities. (R. Doc. 10-1 at 2). Plaintiff alleges that Defendants Johnson and Ryan acted as architects, employed by URS, for the work at the three facilities. (R. Doc. 10-1). Litigation ensued over the course of the next four or more years, with trial in state court originally set to begin in August 2017, but was continued and reset to begin on July 17, 2018. (R. Doc. 10-1 at 4).

Defendants removed the case to this Court on July 16, 2018, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, and alleging that correspondence received from Plaintiff between

July 10 and July 13, 2018 represent the first time Defendants were on notice that the case was or had become removable. (R. Doc. 25 at 3).

## II. Law and Analysis

### A. Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Furthermore, "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

### B.  Analysis

#### 1.  Timeliness of Removal

There is no question that this action was removed more than one year after commencement of the litigation. This suit was originally filed on November 20, 2013, and it was removed to federal court on July 16, 2018, four years and 8 months later. Accordingly, for Defendants' removal to be timely, the Court would have to conclude that Plaintiff "acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Plaintiff argues that the "evidence developed in discovery confirmed that URS was liable for any wrongful acts and damages attributable to Johnson and Ryan." (R. Doc. 10-1 at 4). Plaintiff suggests that it has valid claims against Johnson and Ryan, and that the fact that it did not suggest

3

dismissal as to Johnson and Ryan until more than four years after commencement (as opposed to shortly after one year from commencement) is evidence of a lack of bad faith on Plaintiff's part. (R. Doc. 10-1 at 15). Plaintiff also suggests that Defendants' removal is a procedural tactic to delay the trial on the merits. (R. Doc. 10-1 at 5).

Defendants deny the underlying motive to their removal is to delay trial and respond that the July 10 correspondence "unequivocally disclosed… Plaintiff has no intention of actually pursuing any judgment against" Johnson and Ryan. (R. Doc. 25 at 1). Defendants note that Plaintiff's offer to dismiss Johnson and Ryan was unsolicited, and not in connection with any settlement discussions. (R. Doc. 25 at 9).

"The determination of bad faith is left to the discretion of the district court, but the 'exception to the bar of removal after one year is limited in scope.'" *Bryson v. Wells Fargo Bank, N.A.*, 2016 WL 1305846, at *4 (E.D. Tex. Mar. 31, 2016) (citing H.R. Rep. No. 112-10, at 15).

Here, given the timing of Plaintiff's proposed dismissal, the Plaintiff's proffered reason for proposing dismissal – uncontroverted by Defendants with any evidence to the contrary – Plaintiff's prosecution of its case against the non-diverse defendants, and the absence of any actual dismissal of Johnson and Ryan, the Court does not find Plaintiff to be in bad faith. Voluntary dismissal by the Plaintiff, or a voluntary *offer* of dismissal by the Plaintiff, does not necessarily equate to a finding of bad faith given the facts of this case. "Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003).  Further, "[g]iven that doubts in favor of removal must be resolved in favor of remand, the estoppel doctrine requires a 'transparent attempt to circumvent federal jurisdiction.'" *Williams v. Mor-Tem Risk Mgmt. Servs., Inc.*, 2012 WL 1014752, at *5 (W.D. La. Mar. 22, 2012).

4

The Court finds it persuasive that Plaintiff has persisted in its claims against Johnson and Ryan for years, and only proposed dismissal of Johnson and Ryan more than 4.5 years after commencement of the litigation, as opposed to shortly after the expiration of the one-year period provided in 28 U.S.C. § 1446(c).

Furthermore, there is no evidence presented outside of the offer of dismissal itself, to indicate Plaintiff included the non-diverse defendants only with the intent to avoid federal jurisdiction. *See, e.g., Brown v. Home Depot U.S.A., Inc.*, 2017 WL 4316104, at *2 (W.D. Tex. Sept. 28, 2017) ("The burden of showing the plaintiff acted in bad faith is borne by the party seeking removal."). Plaintiff offers an explanation for the delay in offering dismissal, stating that "evidence developed in discovery confirmed that URS was liable for any wrongful acts and damages attributable to Johnson and Ryan," and that "proceeding to verdict against both URS and Johnson and Ryan complicated the jury verdict form, and counsel recognized that Johnson and Ryan… did not relish the prospect of a verdict that would expressly and individually cast them in judgment for professional malpractice." (R. Doc. 10-1 at 4). There is nothing before the Court to contradict Plaintiff's assertions regarding discovery in this matter, or that Plaintiff improperly sat on that knowledge until after the one-year period had expired.

The Court also notes that Plaintiff actively litigated its case against the non-diverse defendants and there is nothing in the record to demonstrate that those claims lacked merit.[1] Plaintiff reiterates that it has "valid claims against Johnson and Ryan." (R. Doc. 10-1 at 15). Plaintiff notes that, unlike a situation where it can be proven decisively that a non-diverse defendant had no involvement in the facts underlying the cause of action, Johnson and Ryan "are licensed architects who served as the principal architect and lead team member, respectively, on

---

[1] The parties must be careful, however, not to conflate the bad faith standard with the standard for improper joinder. The Court is not holding that an otherwise valid claim could not also be pursued or maintained in bad faith.

5

the three H&E projects at issue in this case, and there is ample evidence to support H&E's claims that they failed to exercise the requisite care and skill in performing their obligations to H&E." (R. Doc. 10-1 at 7).

The Court also notes that the record demonstrates that Plaintiff has actively litigated its causes of action against challenges by these defendants and "the state court has already denied the various dispositive motions filed by the defendants, including Johnson and Ryan." (R. Doc. 10-1). This is not disputed.  In their briefing, the also Defendants concede that discovery was directed to all of the defendants and that Plaintiff took the depositions of both Johnson and Ryan. (R. Doc. 25 at 17).  This is easily distinguishable from cases cited by the defense, such as *Massey v. 21st Century Centennial Ins. Co.*, 2017 WL 3261419, Civ. Action No. 2:17-cv-01922 (S.D. W.Va. July 31, 2017).  There, plaintiff failed to serve the non-diverse defendant and "did not engage in a mere scintilla of litigation" after nearly two years. *Id.* at *4.

Courts in this circuit have remanded cases similar to the instant case.  *See Fruge v. Burlington Res. Oil & Gas Co. L P,* No. 14-02382, 2015 WL 4131353, at *3 (W.D. La. Mar. 30, 2015) (granting remand where record indicated that the plaintiffs pursued claims against non-diverse defendants and did not dismiss those non-diverse defendants until over two years after the commencement of the lawsuit), *aff'd*, 2015 WL 4134992 (W.D. La. July 7, 2015); *Leigh van Hoose, Jr., Insurance Agency, Inc. v. State Farm*, No. 15-2877, 2015 WL 6128783, at *4 (E.D. La. Oct. 16, 2015) (granting remand and noting that the record does not present "the egregious, clear pattern of forum manipulation required under *Tedford*" and that it is clear that Plaintiff had potentially viable meritorious causes of action against the non-diverse defendants and pursued those causes of action for several years).[2]

---

[2] In *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427-28 (5th Cir. 2003), the court relied on the fact that "Tedford signed and post-dated the Notice of Nonsuit of Dr. DeLuca prior to the expiration of the one-year period, but did not

6

An offer to dismiss non-diverse defendants more than 4.5 years after commencement combined with active pursuit of the litigation against those defendants, based on the proffered reasons of litigation strategy, jury confusion, and unnecessary duplication of recovery as determined through the course of discovery, particularly where there was no actual dismissal, does not rise to a finding that Plaintiff made a "transparent attempt" to avoid federal jurisdiction for the intervening years or otherwise acted in bad faith. Defendants' removal is untimely under 28 U.S.C. § 1446(c)(1). It is, therefore, unnecessary to address the remainder of the arguments.

### 2. Sanctions

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993). To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

Plaintiff requests the Court award sanctions pursuant to 28 U.S.C. § 1447(c). (R. Doc. 10-1 at 16-17). In support of this request, Plaintiff suggests that Defendants' removal "was made for the sole and improper purpose of forcing a continuance of the trial of this matter before the state court

---

file the document with the court or notify Warner-Lambert until after the one-year anniversary of the filing of the complaint."

on July 17, 2018." (R. Doc. 10-1 at 17). Defendants disagree, arguing that it was Plaintiff's own actions that formed the basis of removal, and noting that courts have held removal proper on the eve of trial. (R. Doc. 25 at 20).

Although removing Defendants have not met their burden of establishing the propriety of removal, the Court concludes that Defendants had an objectively reasonable basis for removal. Defendants pled and argued the existence of certain factual events forming the basis of their position regarding the application of the bad faith exception to the one-year time limit for removal under 28 U.S.C. §1446(c). While the Court ultimately disagrees with Defendants' position, the Court does not find that Defendants' removal was objectively unreasonable. Therefore, sanctions are not appropriate.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 10) be **GRANTED** and this case **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

**IT IS FURTHER RECOMMENDED** that the parties bear their own costs.

Signed in Baton Rouge, Louisiana, on December 21, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

8