UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

H&E EQUIPMENT SERVICES, INC.    CIVIL ACTION

VERSUS

URS CORPORATION
ARCHITECTURE PC    NO.: 18-00690-BAJ-RLB

## RULING AND ORDER

### I. INTRODUCTION

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 35)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses the **Motion to Remand (Doc. 10)** filed by Plaintiff H&E Equipment Services, Inc. ("Plaintiff"). The Magistrate Judge recommended that the Motion to Remand be granted the because one-year limitation on removal under 28 U.S.C. §1446(c) had expired. (Doc. 35 at p. 17).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 24 at p. 1).

For the reasons stated herein, the Magistrate Judge's **Report and Recommendation (Doc. 35)** is **ADOPTED** as the Court's opinion herein. Accordingly, Plaintiff's **Motion to Remand (Doc. 10)** is **GRANTED**.

1

CC 19th JDC - Certified

## II. OBJECTIONS

As noted, Defendant URS Corporation Architecture PC ("URS") filed two objections to the Report and Recommendation. (Doc. 36) URS asserts that the Magistrate Judge erroneously concluded that the doctrines of improper joinder and bad faith forum manipulation do not allow this action to remain in federal court. The Court notes that URS has requested oral argument on its objections, asserting that bad faith forum manipulation is a matter of first impression in this district. (Doc. 37) Because the Court has conducted a thorough review of the law regarding this issue, the Court finds oral argument unnecessary.

As brief background, Plaintiff alleges that it contracted with URS, employer of Neal Johnson ("Johnson") and Thomas Ryan ("Ryan"), for design and construction administration services. (Petition for Damages at p. 2) Plaintiff alleges that Defendants performed grossly defective work at three facilities in Louisiana. (*Id.*) Plaintiff brought claims for breaches of contract and professional duty, negligence, and unfair trade practices. (*Id.* at p. 1) The presence of Johnson and Ryan in the lawsuit precluded a finding of diversity jurisdiction.

### A. Improper Joinder

URS argues that it is entitled to remove this action to federal court based on the improper joinder of Johnson and Ryan. As the Magistrate Judge highlighted, both parties appear to conflate the bad-faith exception in 1446(c)'s one-year removal limitation with the improper joinder standard. (Doc. 35 at p. 6). The Court has found no authority from the United States Court of Appeals for the Fifth Circuit ruling that

improper joinder allows a defendant to overcome 28 U.S.C. §1446(c)(1)'s one-year removal limitation. *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *6 (E.D. La. July 26, 2017) (finding that "not every plaintiff who misconstrues joinder rules is acting in bad faith to prevent removal") (quoting *Flores-Duenas v. Briones*, No. 13-660, 2013 WL 6504537, at *33 (D.N.M. Dec. 1, 2013). Accordingly, the Court finds no need to address Defendant's improper joinder arguments.

## B. Bad Faith Forum Manipulation

URS argues that it is entitled to remove this action to federal court based on bad faith. 28 U.S.C. §1446(c)(1) provides that bad faith is an exception to the one-year limitation on removal. Courts within the Fifth Circuit have not articulated a clear standard for what constitutes bad faith. *Rantz*, 2017 WL 3188415, at *5. Generally speaking, however, bad faith exists when a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the URS from exercising its rights. *Id. See also Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003) ("[The plaintiff's] forum manipulation justifies application of an equitable exception" to the one-year limitation on removal").

After thorough review of the record, the Court concurs with the Magistrate Judge's conclusion that the record does not indicate that Plaintiff engaged in bad faith forum manipulation. Again, URS points to the fact that Plaintiff, prior to trial, offered to dismiss Johnson and Ryan from this action as long as URS agreed not to remove the action to federal court. (Doc. 36-2 at p. 1). URS asserts that Plaintiff intentionally made this offer after the one-year time frame for removal had expired.

3

While, on its face, this could indicate forum manipulation, Plaintiff offers several reasonable explanations for its offer.

First, Plaintiff claims that evidence developed in discovery confirmed that URS was liable for any wrongful acts and damages attributable to Ryan and Johnson. (Doc. 10-1 at p. 4). URS rails against this assertion, stressing that Plaintiff asserted that Johnson and Ryan were acting within the course and scope of their employment in their 2013 Petition for Damages and that URS admitted this in its answer. (Doc. 36-1 at p. 7). While this may be true, it is reasonable for Plaintiff to have waited until discovery confirmed the allegation in its complaint. Plaintiff also claims that proceeding against Johnson and Ryan complicated the jury verdict form and that a verdict against Johnson and Ryan would "cast them in judgment for professional malpractice." (Doc. 10-1 at p. 4). While URS describes these explanations as "contrived," the Court finds nothing in the record to contradict them. (Doc. 36-1 at p. 10). Moreover, they do not prove that Plaintiff initially joined Johnson and Ryan solely for the purpose of avoiding federal jurisdiction. Finally, Plaintiff asserts that its request to have the action remain in state court stemmed from a desire to avoid delaying the trial, which was scheduled for the week after Plaintiff made the request. (Doc. 36-1 at p. 3). Given that the action had been pending for over four years and that the trial was imminent, the Court again finds Plaintiff's explanation to be reasonable. Plaintiff's explanations, coupled with the fact that Plaintiff did not propose dismissing Ryan and Johnson until four and a half years after the commencement of litigation, persuade the Court that Plaintiff did not act in bad faith.

URS appears to argue that the Court should utilize the test for bad faith articulated in *Aguayo v. AMCO Ins. Co.*, in which the District Court of New Mexico inquired whether (1) a plaintiff actively litigated against the removal spoiler in state court and (2) whether plaintiff would not have named the removal spoiler, or would have dropped the spoiler, before the one year mark but for plaintiff's desire to avoid federal jurisdiction. 59 F.Supp.3d 1225, 1283 (D.N.M. 2014). While the *Aguayo* standard has not explicitly been adopted by the Fifth Circuit, the Court concludes even under *Aguayo*, Plaintiff is entitled to remand. As the Magistrate Judge indicated, Plaintiff actively litigated against Johnson and Ryan. (Doc. 35 at p. 7). Plaintiff asserted claims against both Defendants based on their roles as lead architects in the construction projects that allegedly went awry. (Exhibit 2 at p. 4) Moreover, Plaintiff deposed both Defendants. (Doc. 38-1) The depositions evidence detailed questions about both Defendants' involvement in the projects and the subsequent alleged defects that were discovered. Finally, aside from Plaintiff's offer to dismiss Ryan and Johnson prior to trial, there is no indication that it would not have named them but for its desire to avoid federal jurisdiction. As noted above, Plaintiff kept Johnson and Ryan in the lawsuit for roughly four and a half years, well-beyond the one-year removal limitation.

### III. CONCLUSION

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation, (Doc. 35)**, is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand (Doc. 10)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties bear their own costs.

**IT IS FURTHER ORDERED** that the **Motion for Oral Argument on Objection to Report and Recommendations (Doc. 37)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 28th day of March, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA